IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILYCARE, INC., an Oregon )
non-profit corporation, )
                    )
         Plaintiff, )  Case No. 6:18-cv-00296-MO
                    )
    v. )
                    )
OREGON HEALTH AUTHORITY, an )
agency of the State of Oregon, )
and PATRICK ALLEN, both )
individually and in his )
official capacity as director )
of the Oregon Health Authority,)
                    )
         Defendants. )
------------------------------)
PATRICK ALLEN, in his official )
capacity as director of Oregon )
Health Authority, an agency of )
the State of Oregon, )
                    )
         Plaintiff, )  Case No. 3:18-cv-00212-MO
                    )
    v. )
                    )  March 1, 2018
FAMILYCARE, INC., an Oregon )
non-profit corporation, )
                    )
         Defendant. )  Portland, Oregon
_____ )

**Rule 16 Conference**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT CHIEF JUDGE

APPEARANCES


FOR FAMILYCARE, INC:        Mr. Stephen F. English
                           Mr. Thomas R. Johnson
                           Ms. Alletta S. Brenner
                           Mr. Brian P. Samuelson
                           Perkins Coie, LLP
                           1120 N.W. Couch Street, 10th Floor
                           Portland, OR 97209-4128


FOR OREGON HEALTH
AUTHORITY and PATRICK
ALLEN:                     Ms. Laura R. Salerno Owens
                           Mr. Matthew A. Levin
                           Ms. Brittany Simpson
                           Markowitz Herbold PC
                           1211 S.W. Fifth Avenue, Suite 3000
                           Portland, OR 97204


                           Ms. Carla Scott
                           Oregon Department of Justice
                           100 S.W. Market Street
                           Portland, OR 97201


COURT REPORTER:            Bonita J. Shumway, CSR, RMR, CRR
                           United States District Courthouse
                           1000 S.W. Third Ave., Room 301
                           Portland, OR  97204
                           (503) 326-8188

(P R O C E E D I N G S)

THE CLERK:  We are here today for a Rule 16 in Case No. 6:18-cv-296-MO, FamilyCare, Inc. versus Oregon Health Authority, et al. and Case No. 3:18-cv-212-MO, Allen versus FamilyCare, Inc.

Counsel, can you please state your name for the record, starting with plaintiff.

MR. ENGLISH:  Stephen English on behalf of plaintiffs, Your Honor.

MR. SAMUELSON:  Brian Samuelson on behalf of FamilyCare.

MS. BRENNER:  Alletta Brenner on behalf of FamilyCare.

MR. JOHNSON:  Tom Johnson for FamilyCare.

MR. LEVIN:  Matt Levin on behalf of OHA and Mr. Allen.

MS. SALERNO OWENS:  Laura Salerno Owens on behalf of OHA and Mr. Allen.

MS. SCOTT:  Carla Scott on behalf of OHA.

MS. SIMPSON:  Brittany Simpson on behalf of OHA and Mr. Allen.

THE COURT:  Thank you all for being here.  I have one written proposed case schedule from plaintiffs, and I understand that at least part of it is -- I won't say disputed, but disagreed with.  So can you help me with what -- I guess

"plaintiffs" is an ambiguous term here.

MR. ENGLISH:  It's my schedule, Your Honor.

THE COURT:  All right.  So you have your schedule.

Which parts of it are you in disagreement with?

MS. SALERNO OWENS:  So, Your Honor, did you receive the schedule that OHA submitted?

THE COURT:  No.  I guess that's why I'm asking the question.  I had only one schedule that I saw.

MS. SALERNO OWENS:  May I bring up to you the schedule my office submitted?

THE COURT:  Yes.

MS. SALERNO OWENS:  (Handing.)

THE COURT:  All right.  Give me just a minute, then, since I haven't seen this.

MS. SALERNO OWENS:  And, Your Honor, there's a cover letter which explains the changes.  Essentially it's six weeks earlier and explains the reasons.  Thank you.

THE COURT:  If you don't mind sitting tight for a minute, and I'll look through this.  Thank you.

(There is a pause in the proceedings.)

THE COURT:  All right.  Thank you very much.

Let me tell you my concerns about OHA's proposed schedule, since probably the main driver of the decision here is how much of a gap do we really have in what can be accomplished.  If the gap is minor, then I'll accommodate

Mr. English's schedule.  If the gap is major, then I'll have to at least hear more than I now know about whether to accommodate that schedule or not.

The schedule OHA has proposed has one troubling spot in it for me, at least, and I think for the parties also.  And I see this come up -- I see it come up often enough that I feel like I ought to consider amending my trial management order to explain this better than I now do.

What you currently have is a dispositive motions deadline for July 20th of this year, and that's not precisely, but close to the point in time where the two schedules really begin to diverge, but I think if I chose to use that schedule, probably doable to get to dispositive motions by then, or at least by late summer.

But then what happens is a problem I think for all of us.  You have dispositive motions, response, reply -- so fully briefed August 24th -- and then a hearing September 6th.  So that's, I guess, problem number one in two ways.  One is that it gives me two weeks to get ready.  Now, clearly this is the most important case on my docket.  I don't have anything else that's even remotely as important to me as your case.  All right?

But I do have other cases, and it will be a challenge -- it's always a challenge to get ready in two weeks from the end of briefing to a hearing.  And part of that is

just the nature of the work here.  I've said recently at an FBA event that parties should probably understand that I don't really begin working on your case until it's fully briefed.  So it's not like I read the opening briefs, you know, in July, and then the middle briefs in early August, and the last briefs.  I don't begin reading it in this schedule until August 24th, at the earliest.

And then the other problem is that that spans a time when I'm gone.  So it will be extra difficult.

Probably the more fundamental issue is that let's say we do have a hearing on the 6th, or close to it, and let's even posit that I do what I typically do, which is rule from the bench that day, so that on the 6th or the 10th or something like that, you actually have your answer to dispositive motions.  I don't know about this case, but in the vast majority of cases, knowing that answer to dispositive motions has a big impact on what you want to do with exhibits and motions in limine and jury instructions and the like.  And here we've flipped that so that you'd actually be filing those things before you knew that answer.

So typically I try to build in something like a month or a couple weeks at least between when I think you'll know the answer to summary judgment and when you first have to start filing things in advance of a pretrial conference.  And that means if we did that here, if I moved the 6th to something a

little bit later, and then I gave -- actually, as I think about my September schedule, really there's no way to have the hearing until late September, which now means that these pretrial conference-related filings, which are the large block you currently have due on August 31st, now those are really coming due in October, late October probably. If you have a dispositive -- if you have the reply coming on August 24th, then a hearing mid September, it would be parties to file and exchange exhibits and the like starting in early October, at the earliest.

If that's what we did to accommodate -- to work around when you've suggested dispositive motions could come due at the close of discovery, then we'd, at best, be having a trial, you know, in December. We'd have filings throughout October, a pretrial conference in November, a trial in December. At that point, the gap that I mentioned a minute ago ends up not being worth quibbling about.

So unless I've missed something, unless there's more wiggle room here, I'd actually be inclined to do something a little bit of a hybrid between the two, because as I think Mr. Johnson started writing down and noticing, at a minimum, FamilyCare's proposal has the same problem. It's not a complete flip, but, you know, you don't have any time built in between the hearing on dispositive motions and when a bunch of things come due. You have everything two weeks.

So I'd be inclined to advance the early deadlines the way OHA has proposed so that you get to a dispositive motion filing of July 20th and a reply on the 24th. But then things would have to slow down, take a little bit of time to hold the hearing so that I can get ready for the hearing. I try to build a little bit of time for me to receive the replies.

Are there going to be cross motions in this case, do you think, or not?

MR. JOHNSON: I think there likely would be, Your Honor.

MR. LEVIN: Yes, Your Honor.

THE COURT: All right. So a little bit of time to build that in and then hold a hearing, make it a goal to rule from the bench if possible -- I wouldn't force the issue, but if possible -- and then give you some time to absorb those rulings and then start filing exhibit lists, witness lists, motions in limine, jury instructions and the like, hold a pretrial conference and a trial.

Probably at that point we'd be looking at a trial in January of '19. And that would probably mean, Mr. English -- a schedule like that would probably mean that some very important events would have to occur related to the PTC either in your absence or some other way and have you more just available for trial.

MR. ENGLISH: I actually, as you would suspect, am

not going to be doing most of the legwork on this stuff up through trial, but I simply need to -- in fairness to the client, Vesta, I've got to protect my October 22nd trial date, and then I just want a little bit of time between the trials so I can actually make sure I properly prepare for the next one. And that's it, Your Honor.  Everything else --

THE COURT:  So OHA raises another issue that's worth mentioning now, and that is that if we go to this work today to adopt a schedule that's sort of a hybrid, and Judge Hernandez delays the Vesta trial, then that's just going to be your problem at that point.

MR. ENGLISH:  I understand that, Your Honor.  And if we lock in January, then that allows me to protect October for the Vesta.

THE COURT:  And you'd have to just try to persuade Judge Hernandez to leapfrog January if it came to that.

MR. ENGLISH:  I'm sorry?

THE COURT:  If it came to that, in October Vesta had to be moved, you'd just have to try to persuade him to leapfrog January into March or something.

MR. ENGLISH:  And I'd also have to convince my client not to fire me.  So I'm protecting that date, Your Honor.

THE COURT:  So that's a daily job for a trial lawyer. They don't teach that in law school, but there ought to be a class on that.

MS. SALERNO OWENS:  Well, Your Honor, in that vein --

THE COURT:  About getting fired?

MS. SALERNO OWENS:  Yes, Your Honor, exactly.

I wonder if it might be possible, still accommodating Mr. English's schedule, to perhaps, if it works for the Court, an early December trial date?  The reason being, Your Honor, that this is involving rate setting for all of Medicaid, affects tens of thousands of Oregonians, and it would great if we had resolution in 2018, because if this drags on into 2019, that creates some issues.

THE COURT:  Let's do this.  Let me create -- for me, I don't think I'm going to be able to come up with the precise schedule here today, but I can get the dates that are hearing dates, and then I can have deadline dates, you know, whenever it works.

So for trial, I assume, Mr. English, that your team is available -- of course you've suggested the 21st.  Are you available -- is that a Tuesday?  That's a Monday.  All right.  So we could start on Monday.  We typically start on Tuesday.  And you're available all the Tuesdays in January or just the 21st?  Mr. Johnson?

MR. JOHNSON:  I just wanted to address Ms. Owens' point if I may, Your Honor.

THE COURT:  Yes.

MR. JOHNSON:  So as the human being that is

responsible in many ways for -- I mean, there will be a long period of time where Steve is unavailable because he's working on the Vesta trial, getting it ready to try.  An early December date means that -- the Vesta trial is a three-week trial, so that comes to basically -- I had a conversation yesterday with Ms. Markley, who is in this role in that case.  That trial will end likely the week of Thanksgiving.  If we had an early December trial date, after Steve has been basically absent from this case for a couple months -- which is fine, and we can definitely manage, but then that would mean within five days we would get him fully up to speed to try this case, which is as complex as that case.

THE COURT:  Well, let me ask this.  What is the regulatory schedule you're trying to influence here with this case?

MS. SALERNO OWENS:  By December 31, Your Honor, that's when the rates are signed by the CCOs.  And so we would like to have the issue resolved in 2018.

And because Thanksgiving is early this year, Your Honor, it would be two weeks, not five days.

THE COURT:  So just hang on a second there.  I'll get to you.

What happens to that regulatory schedule if there is a January trial?  There's zero consequence at all in 2018, or is there an amendment?

MS. SALERNO OWENS:  There's not -- Your Honor, it's not a -- there's not an amendment.  The issue is just from the State's perspective, this has been an issue of uncertainty.  It's been clouding the relationships with the other CCOs.  They would like to resolve it.  It's actually been pending in some ways since 2015.  And so if it's at all possible, we would like to resolve it in 2018, Your Honor.

THE COURT:  Sure.  I would, too.  But let me ask what happens, what is the effect on the ground if it's January?  I mean, I'm asking whether that means that you can't really implement the consequence of this lawsuit until 2019, or is there some more difficult, more onerous way to implement it in 2018?

MS. SALERNO OWENS:  I understand.  May I consult with my client?

THE COURT:  Yes.

(There is a pause in the proceedings.)

MS. SALERNO OWENS:  Thank you, Your Honor.

So it's not going to necessarily impact how the rates are set, in terms of amendments.  It's more of the general cloud of uncertainty around this entire process, which has been there for almost four years now.

THE COURT:  So, once again, starting then with you, Mr. Johnson, or your team, just so I have sort of on the table the maximum number of dates you're available, are you available

to start every Monday or Tuesday of January, or just the 21st for some reason?

MR. JOHNSON:  I believe that we are available any time in January.  When we put out this proposal, we chose January 21st to try to give people some semblance of a holiday.  But I think we are available any time in January.

THE COURT:  And although you have given me your reasons for opposing it, you're also available -- that is, conflict-free available, not -- you have your other problems -- in December?

MR. JOHNSON:  That's my understanding, Your Honor.

And in terms of the rate setting, by statute the rates have to come out in -- I think on October 1st.  And so the rate-setting process for next year begins within the next few months.  So it won't --

THE COURT:  I thought you were suggesting we should try it in September.

MR. JOHNSON:  No.  I'm saying trying it in October or December is not going to have any impact on the 2019 rates.  That process, based on the discovery we have, starts around now.  By statute, it goes out in October.

THE COURT:  Same question.  Just for schedule, not for the problems the schedule creates as a practical matter, but for whether you have conflicts, is your team available pretty much all of December and all of January?

MS. SALERNO OWENS:  Yes, Your Honor.

THE COURT:  Thank you.

And then for a hearing on summary judgment, I assume that OHA is available -- I know you're available September 6th. Are there other dates in late September-early October that you'd like me to cross out as unavailable for a hearing on summary judgment?

MS. SALERNO OWENS:  No, Your Honor.

THE COURT:  Same question for mid September to mid October.  Are there dates you'd like to cross out for a -- for now we'll call it a multiple-hour -- half day at least -- hearing on summary judgment?

MR. JOHNSON:  No, Your Honor.

THE COURT:  And I take it from your earlier answer on trials, that whenever, from late December into January that I set this, a week earlier you're available for a pretrial conference, right?

MR. JOHNSON:  Yes, Your Honor.

MS. SALERNO OWENS:  Yes, Your Honor.

THE COURT:  All right.  Then I'm not going to set the dates out specifically here because I just got this, and although it's very helpful to have read it, I need to take some more time to compare the two, and I don't want to make you sit here while I do that at some length.

But I'm going to give you a schedule, and it will be

along the lines that I've discussed a moment ago. We'll have a rapid -- well, a more rapid than what FamilyCare has proposed advancement of the case to summary judgment, and that will end up being filed by mid to late summer and heard mid September to early October, which for me is a bit of a crunch, but I'm going to do that. But then it's going to -- it's going to result from the time we have a summary judgment hearing, almost certainly in a trial in January, a pretrial conference either late December or early January. And those are the major hearing dates we'll look at, and the schedule will work sort of in there in a different way.

Yes, sir?

MR. JOHNSON: Your Honor, could we also today get a date -- we have, as you may imagine -- this case has been going on for a little while.

THE COURT: I've heard that.

MR. JOHNSON: So discovery issues -- we generally have resolved everything. There are some lingering discovery issues that we have. We're going to try to resolve those in the next week, but I was hoping we could get a date in April, early April for a hearing on -- maybe an hour for a hearing on discovery issues, and then we'll see if in the next week we could resolve some of those issues, and then the parties can pretty much, I think, work out a briefing schedule based on the date we have.

THE COURT:  Yes, you can do that in early January -- excuse me, early April.

MS. SALERNO OWENS:  Your Honor, there is one issue that I think we might need to resolve prior to early April, which is about depositions.  As you know, under the federal rules, it's generally ten depositions, seven hours, which OHA is fine with.  FamilyCare has expressed interest to taking more depositions.  And so because -- with the schedule, we want to get the depositions started before the hearing in April.  How should we bring that to the Court's attention?

THE COURT:  Well, the hearing in April is to resolve document discovery issues?  That's your contemplation?

MR. JOHNSON:  And potentially deposition issues if they exist.

THE COURT:  If we -- if you assume a dispositive motion deadline of something like July 20th, then when would you be taking the depositions?

MS. SALERNO OWENS:  We likely would start taking the depositions I think as soon as April.  There's quite a few depositions -- Well, Your Honor, it depends.  Right now FamilyCare has noticed nearly 40 -- told us they want to take nearly 40 depositions.  So if we have to prepare nearly 40 witnesses, we have to get it all in before --

THE COURT:  So the dispute is you're going to oppose 40 depositions and want me to rule on that dispute?

MS. SALERNO OWENS:  Yes, Your Honor.  We'd like to limit it to ten.

THE COURT:  And normally we'd do that in this hearing in April, but you're concerned that you need to take some of them early?

MS. SALERNO OWENS:  That's right, Your Honor, because depending on how the ruling comes out, if we can only get ten, then we may not take certain depositions, but if we do more than ten, and then if we have to prepare our witnesses, if we prepare 40 witnesses, we're going to have to stagger that out.

THE COURT:  Well, I think the best I'm going to be able to do, knowing what I know about my March schedule, is an early April hearing, and you'll just have to do your best on depositions, and I'll give you an answer in early April.

My suggestion would be take the early depositions on the assumption that they're going to be the most important ones that you can do early, on the chance that you won't get any more than that, you won't get as many as you hoped for later.

MS. SALERNO OWENS:  Thank you, Your Honor.

THE COURT:  That's just, you know, a calculation you'll have to make yourselves.

So first, before I hear you -- Ms. Scheele, can you suggest a time in early April?

THE CLERK:  How long are we looking at?  Thirty minutes or an hour?

THE COURT:  An hour.

THE CLERK:  We could do April 6th, 10:00 to 11:00.

THE COURT:  Will April 6th, from 10:00 to 11:00, work for the discovery dispute resolution hearing we just discussed?

MR. JOHNSON:  Yes, Your Honor.

MS. SALERNO OWENS:  Yes, Your Honor.

Also, we are planning on filing dispositive motions, both sides, by March 15th.  So could we schedule a time to hear those motions?

THE COURT:  Dispositive motions?

MS. SALERNO OWENS:  I'm sorry, Your Honor, motion to dismiss.

THE COURT:  I was getting excited there.

MS. SALERNO OWENS:  So were we, Your Honor.  We thought it would dispose of everything.

THE COURT:  Motions to dismiss entire cases or claims or what?

MS. SALERNO OWENS:  I think, yeah, we're moving probably against every claim.

THE COURT:  All right.  So tell me the schedule.  So that's not on your proposed schedule that I saw, right?

MS. SALERNO OWENS:  Right, Your Honor.  That is the -- the answer motion is due March 15th, but we did not have a hearing date scheduled for that.

THE COURT:  So you expect by March 15th you would

file motions to dismiss, and a response and reply puts us at early April at the best.  So let's just do about two weeks after the discovery hearing.

So mid to late April, Ms. Scheele.

THE CLERK:  Another hour?

THE COURT:  Do 57 minutes.  You guys can round it up on your billing.

THE CLERK:  We can do April 20th.

THE COURT:  Time?

THE CLERK:  At 11:00.

THE COURT:  11:00 to 12:00 on April 20th.  Will that work for both sides?

MR. JOHNSON:  Yes, Your Honor.

MS. SALERNO OWENS:  Yes, Your Honor.  Thank you.

THE COURT:  We'll hold the discovery hearing on the 6th, the MTD hearing on the 20th.  I'll give you a further schedule in some detail.

The only remaining piece here -- Well, there's two remaining pieces, I guess.  One is that you've each given me sort of an omnibus deadline for things that in the trial management order are typically filed serially.  And that's the exhibit lists, witness statements, et cetera.  Actually, I think OHA has put them all on August 31st, and FamilyCare, I think, has divided them up into at least three different dates. So that would -- that serial schedule works.

So I'm just curious if OHA is -- has an interest in filing them all in one day or just -- you just didn't consider the possibility of serially or what?

MS. SALERNO OWENS:  We did think about it, Your Honor, and the thought was that we didn't want people necessarily to hold back on filing things in the first round. We wanted to be sure everything got filed at once, and then give a larger gap of time between -- a three-week gap, I believe, to file oppositions or objections.  The thought was to get everything in the first filing.

That being said, Your Honor, we are open, if the Court thinks it's a better practice, to do serial filings.

THE COURT:  So you want both sides to file their own -- essentially their own proposals for witnesses, jury instructions and the like, and then their cross oppositions after they've had a chance to review every one?

MS. SALERNO OWENS:  Correct, to give longer time for both sides to look at everything that's been filed.

THE COURT:  I'm certainly willing to give that a try.

Any thoughts about that from FamilyCare?

MR. ENGLISH:  Two comments, Your Honor.  First, if I can go back to that one point that I was about to stand up and make earlier, I think that expert reports should have a gap between -- from the time discovery -- fact discovery ends and when they are due, because typically experts need all of the

information, or at least some of the information.  And I note that under Family -- excuse me, under OHA's, they're the same day.  So I think that's an issue that I would -- based on my experience in these situations, would call the Court's attention to.  There has to be some time frame, number one.

Number two, I think we're flexible, but what we did in our outline was to try to follow your pretrial organizational serial status.  So I don't know if we got the dates exact, but we serially put them in the same order that you have.

THE COURT:  There really are two different ways to do it, and I've done it this way a lot.  And I don't have feedback from the parties, so I'm entertaining it now.  The one way to do it is to have everybody file their own, and then everybody has a chance to review the other side's complete set of filings, and then file the next round.

And what my trial management order contemplates is a real difference in the way plaintiffs and defendants think about a case, so that plaintiffs file their own, and that gives defendants a chance to see exhibits and witnesses and decide, okay, well, then in light of that, who am I going to call and what am I going to put in.

But particularly in a case like this, the consolidated case, where the concept of being a plaintiff and a defendant is a little, you know, unusual, my trial management

proposal might not be as helpful to the parties.

Any thoughts on that from FamilyCare?

MR. ENGLISH:  I'll defer to --

THE COURT:  Mr. Johnson?

MR. JOHNSON:  Well, Your Honor, we will be filing a Rule 12 motion against their complaint, so they may not be here at that time.

But what we did here was we were thinking this is a complicated case.  If we file these, we may potentially, with the defendants in that case, which is a larger -- a lot more breadth in that case, if we file our pretrial documents first, they'll get a chance to look at it and maybe they won't have all of the witnesses that they would have if we all filed it at the same time.  That was our --

THE COURT:  And you view yourselves in the consolidated set of cases as plaintiffs?

MR. JOHNSON:  That's the way we view it, Your Honor.

THE COURT:  And you agree?

MS. SCOTT:  Your Honor, speaking for Oregon Health Authority in the case in which it's a plaintiff, we do not believe that case will be going to trial.  It presents a pure legal question of preemption.  So I don't think any of these dates affects the case where we're a plaintiff.

THE COURT:  All right.  I'll take a look at that, and I will create a gap between completion of discovery and

exchange of experts, and we'll have some sort of serial filing. And I don't know if it will be the OHA or the FamilyCare proposal for how to do the serial filing.

The OHA proposal just has exchange of experts and then rebuttal experts, and so I assume both sides have experts and rebuttal experts, it's not just that defendants will merely have rebuttal experts?

MS. SALERNO OWENS:  That's correct, Your Honor.

THE COURT:  All right.  And then the last thing I'll probably do, unless the parties think you need it earlier, is I'll probably have the joint ADR, and more particularly the pretrial order simply come due two weeks after you get a ruling from me on summary judgment.

Any problem with that for plaintiff?

MR. JOHNSON:  No, Your Honor.

THE COURT:  For defendant?

MS. SALERNO OWENS:  No, Your Honor.

THE COURT:  Well, it's been helpful to me.  I don't think I have other questions.

Anything else you want to raise for plaintiff before I adjourn and then just issue a minute order later with the schedule in it?

MR. JOHNSON:  No, Your Honor.

THE COURT:  Let's see.  You promised me your young associates would have something to say to me today.  Are they

just going to recite a poem or what?

MR. ENGLISH:  You preempted it, actually.
Ms. Brenner was prepared to talk about the schedule.

THE COURT:  I apologize.  Next time I'll ask you what they're here to do.

MR. ENGLISH:  It's not my fault this time.

THE COURT:  I hate telling war stories, but I'll tell you one short one.  A good friend of mine was in a hearing, a young lawyer, and the judge made a ruling.  He had one piece of the hearing to handle, and the judge made a kind of an initial ruling that would have axed out his participation in the trial. And he asked for a sidebar, and he went up to the judge and just said, "If you rule this way, I will have no role to play in this trial."  The judge completely reversed himself.  You might keep that in mind.

All right.  I'll get back to you on the schedule.

Anything else from defendants about the schedule?

MS. SALERNO OWENS:  No, Your Honor.  Thank you.

THE COURT:  Thank you for your help, and I'll send a minute order out shortly.

We'll be adjourned.

THE CLERK:  Court is in recess.

(Proceedings concluded.)

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


*/s/Bonita J. Shumway*                    *March 2, 2018*
_____        _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter

**MR. ENGLISH: [10]** 3/7 4/1 8/24 9/11 9/16 9/20 20/20 22/2 24/1 24/5

**MR. JOHNSON: [18]** 3/13 8/8 10/21 10/24 13/2 13/10 13/17 14/12 14/17 15/12 15/16 16/12 18/4 19/12 22/4 22/16 23/14 23/22

**MR. LEVIN: [2]** 3/14 8/10

**MR. SAMUELSON: [1]** 3/9

**MS. BRENNER: [1]** 3/11

**MS. SALERNO OWENS: [30]**

**MS. SCOTT: [2]** 3/18 22/18

**MS. SIMPSON: [1]** 3/19

**THE CLERK: [7]** 3/1 17/23 18/1 19/4 19/7 19/9 24/21

**THE COURT: [60]**

**'**

**'19 [1]** 8/20

**-**

**--o0o [1]** 25/2

**/**

**/s/Bonita [1]** 25/9

**1**

**100 [1]** 2/16
**1000 [1]** 2/21
**10:00 [2]** 18/2 18/3
**10th [2]** 2/6 6/13
**1120 [1]** 2/6
**11:00 [4]** 18/2 18/3 19/10 19/11
**12 [1]** 22/6
**1211 [1]** 2/13
**12:00 [1]** 19/11
**15th [3]** 18/8 18/23 18/25
**16 [2]** 1/20 3/2
**1st [1]** 13/13

**2**

**2015 [1]** 12/6
**2018 [7]** 1/15 10/9 11/18 11/24 12/7 12/13 25/9
**2019 [3]** 10/9 12/11 13/19
**20th [6]** 5/10 8/3 16/16 19/8 19/11 19/16
**21st [4]** 10/17 10/21 13/1 13/5
**22nd [1]** 9/3
**24th [4]** 5/17 6/6 7/7 8/3

**3**

**3000 [1]** 2/13
**301 [1]** 2/21
**31 [1]** 11/16
**31st [2]** 7/5 19/23
**326-8188 [1]** 2/22
**3:18-cv-00212-MO [1]** 1/13
**3:18-cv-212-MO [1]** 3/4

**4**

**40 [5]** 16/21 16/22 16/22 16/25 17/10
**4128 [1]** 2/7

**5**

**503 [1]** 2/22

**57 [1]** 19/6

**6**

**6:18-cv-00296-MO [1]** 1/4
**6:18-cv-296-MO [1]** 3/3
**6th [8]** 5/17 6/11 6/13 6/25 14/4 18/2 18/3 19/16

**8**

**8188 [1]** 2/22

**9**

**97201 [1]** 2/16
**97204 [2]** 2/13 2/21
**97209-4128 [1]** 2/7

**A**

**able [2]** 10/12 17/12
**about [15]** 4/22 5/2 6/15 7/1 7/17 10/2 16/5 17/12 19/2 20/4 20/20 20/22 21/19 24/3 24/17
**above [1]** 25/6
**above-entitled [1]** 25/6
**absence [1]** 8/23
**absent [1]** 11/8
**absorb [1]** 8/15
**accommodate [3]** 4/25 5/2 7/11
**accommodating [1]** 10/4
**accomplished [1]** 4/25
**actually [9]** 6/14 6/19 7/1 7/19 8/25 9/5 12/5 19/22 24/2
**address [1]** 10/22
**adjourn [1]** 23/21
**adjourned [1]** 24/21
**adopt [1]** 9/9
**ADR [1]** 23/11
**advance [2]** 6/24 8/1

## A

**advancement [1]** 15/3
**affects [2]** 10/8 22/23
**after [4]** 11/8 19/3 20/16 23/12
**again [1]** 12/23
**against [2]** 18/19 22/6
**agency [2]** 1/7 1/12
**ago [2]** 7/16 15/1
**agree [1]** 22/18
**al [1]** 3/4
**all [25]** 3/22 4/3 4/13 4/21 5/15 5/21 8/12 10/7 10/18 10/20 11/24 12/6 13/25 13/25 14/20 16/23 18/20 19/23 20/2 20/25 22/13 22/13 22/24 23/9 24/16
**ALLEN [7]** 1/7 1/11 2/11 3/4 3/16 3/18 3/21
**Alletta [2]** 2/5 3/12
**allows [1]** 9/13
**almost [2]** 12/22 15/7
**along [1]** 15/1
**also [5]** 5/5 9/21 13/8 15/13 18/7
**although [2]** 13/7 14/22
**always [1]** 5/24
**am [3]** 8/25 21/21 21/22
**ambiguous [1]** 4/1
**amending [1]** 5/7
**amendment [2]** 11/25 12/2
**amendments [1]** 12/20
**another [2]** 9/7 19/5
**answer [7]** 6/14 6/16 6/20 6/23 14/14 17/14 18/23
**any [9]** 7/23 13/3 13/6 13/19 17/17 20/20 22/2 22/22 23/14
**anything [3]** 5/20 23/20 24/17
**apologize [1]** 24/4
**APPEARANCES [1]** 2/2
**April [17]** 15/20 15/21 16/2 16/4 16/9 16/11 16/19 17/4 17/13 17/14 17/23 18/2 18/3 19/2 19/4 19/8 19/11
**April 20th [2]** 19/8 19/11
**April 6th [2]** 18/2 18/3
**are [23]** 3/2 4/4 7/4 7/5 8/7 10/13 10/17 11/17 12/20 12/25 13/3 13/6 14/5 14/10 15/9 15/18 17/24 18/7 19/21 20/11 20/25 21/11 23/25
**around [3]** 7/12 12/21 13/20
**as [20]** 1/8 1/11 5/21 5/21 7/1 7/20 8/25 10/25 11/11 11/12 13/23 14/6 15/14 16/5 16/19 16/19 17/18 17/18 22/1 22/16
**ask [3]** 11/13 12/8 24/4
**asked [1]** 24/12
**asking [2]** 4/7 12/10
**associates [1]** 23/25
**assume [4]** 10/16 14/3 16/15 23/5
**assumption [1]** 17/16
**at [32]**
**attention [2]** 16/10 21/5
**August [6]** 5/17 6/5 6/6 7/5 7/7 19/23
**August 24th [3]** 5/17

**August 31st [2]** 7/5 19/23
**AUTHORITY [6]** 1/6 1/9 1/12 2/10 3/4 22/20
**available [14]** 8/23 10/17 10/18 10/20 12/25 12/25 13/3 13/6 13/8 13/9 13/24 14/4 14/4 14/16
**Ave [1]** 2/21
**Avenue [1]** 2/13
**axed [1]** 24/11

## B

**back [3]** 20/6 20/22 24/16
**based [3]** 13/20 15/24 21/3
**basically [2]** 11/5 11/8
**be [32]**
**because [8]** 7/20 10/9 11/2 11/19 14/21 16/8 17/6 20/25
**been [8]** 11/8 12/3 12/4 12/5 12/21 15/14 20/18 23/18
**before [6]** 1/22 6/20 16/9 16/23 17/22 23/20
**begin [3]** 5/12 6/3 6/6
**begins [1]** 13/14
**behalf [7]** 3/8 3/10 3/12 3/15 3/17 3/19 3/20
**being [7]** 3/22 7/17 10/6 10/25 15/4 20/11 21/24
**believe [3]** 13/3 20/9 22/21
**below [1]** 25/4
**bench [2]** 6/13 8/14
**best [4]** 7/13 17/11 17/13 19/2

**B**

**better [2]** 5/8 20/12
**between [7]** 6/22 7/20 7/24 9/4 20/8 20/24 22/25
**big [1]** 6/17
**billing [1]** 19/7
**bit [7]** 7/1 7/20 8/4 8/6 8/12 9/4 15/5
**block [1]** 7/4
**Bonita [3]** 2/20 25/9 25/10
**both [6]** 1/7 18/8 19/12 20/13 20/18 23/5
**breadth [1]** 22/11
**Brenner [3]** 2/5 3/12 24/3
**Brian [2]** 2/5 3/10
**briefed [2]** 5/17 6/3
**briefing [2]** 5/25 15/24
**briefs [3]** 6/4 6/5 6/5
**bring [2]** 4/9 16/10
**Brittany [2]** 2/12 3/20
**build [3]** 6/21 8/6 8/13
**built [1]** 7/23
**bunch [1]** 7/24
**but [28]**

**C**

**calculation [1]** 17/20
**call [3]** 14/11 21/4 21/21
**came [2]** 9/16 9/18
**can [16]** 3/6 3/25 4/24 8/5 9/5 10/13 10/14 11/9 15/23 16/1 17/7 17/17 17/22 19/6 19/8 20/22
**can't [1]** 12/10
**capacity [2]** 1/8 1/11
**Carla [2]** 2/15 3/19

**case [26]**
**cases [4]** 5/23 6/16 18/16 22/16
**cause [1]** 25/6
**CCOs [2]** 11/17 12/4
**certain [1]** 17/8
**certainly [2]** 15/8 20/19
**certified [1]** 25/7
**certify [1]** 25/4
**cetera [1]** 19/22
**challenge [2]** 5/24 5/24
**chance [5]** 17/17 20/16 21/15 21/20 22/12
**changes [1]** 4/16
**CHIEF [1]** 1/23
**chose [2]** 5/12 13/4
**claim [1]** 18/19
**claims [1]** 18/16
**class [1]** 9/25
**clearly [1]** 5/19
**client [3]** 9/3 9/21 12/15
**close [3]** 5/11 6/11 7/13
**cloud [1]** 12/21
**clouding [1]** 12/4
**Coie [1]** 2/6
**come [7]** 5/6 5/6 7/12 7/25 10/12 13/13 23/12
**comes [2]** 11/5 17/7
**coming [2]** 7/6 7/7
**comments [1]** 20/21
**compare [1]** 14/23
**complaint [1]** 22/6
**complete [2]** 7/23 21/15
**completely [1]** 24/14
**completion [1]** 22/25
**complex [1]** 11/12
**complicated [1]** 22/9
**concept [1]** 21/24
**concerned [1]** 17/4

**concerns [1]** 4/22
**concluded [1]** 24/23
**conference [7]** 1/20 6/24 7/4 7/15 8/18 14/17 15/8
**conference-related [1]** 7/4
**conflict [1]** 13/9
**conflict-free [1]** 13/9
**conflicts [1]** 13/24
**conformed [1]** 25/7
**consequence [2]** 11/24 12/11
**consider [2]** 5/7 20/2
**consolidated [2]** 21/24 22/16
**consult [1]** 12/14
**contemplates [1]** 21/17
**contemplation [1]** 16/12
**conversation [1]** 11/5
**convince [1]** 9/21
**corporation [2]** 1/3 1/16
**correct [3]** 20/17 23/8 25/5
**Couch [1]** 2/6
**could [7]** 7/12 10/19 15/13 15/20 15/23 18/2 18/8
**Counsel [1]** 3/6
**couple [2]** 6/22 11/9
**course [1]** 10/17
**COURT [7]** 1/1 1/23 2/20 10/5 20/12 24/22 25/11
**Court's [2]** 16/10 21/4
**Courthouse [1]** 2/20
**cover [1]** 4/15
**create [2]** 10/11 22/25
**creates [2]** 10/10 13/23

**cross [4]** 8/7 14/6 14/10 20/15
**CRR [2]** 2/20 25/10
**crunch [1]** 15/5
**CSR [2]** 2/20 25/10
**curious [1]** 20/1
**currently [2]** 5/9 7/5
**cv [4]** 1/4 1/13 3/3 3/4

**D**

**daily [1]** 9/23
**date [10]** 9/3 9/22 10/6 11/4 11/8 15/14 15/20 15/25 18/24 25/10
**dates [11]** 10/13 10/14 10/14 12/25 14/5 14/10 14/21 15/10 19/24 21/9 22/23
**day [4]** 6/13 14/11 20/2 21/3
**days [2]** 11/10 11/20
**deadline [4]** 5/10 10/14 16/16 19/20
**deadlines [1]** 8/1
**December [11]** 7/14 7/16 10/6 11/3 11/8 11/16 13/10 13/19 13/25 14/15 15/9
**December 31 [1]** 11/16
**decide [1]** 21/20
**decision [1]** 4/23
**defendant [3]** 1/17 21/25 23/16
**defendants [6]** 1/10 21/18 21/20 22/10 23/6 24/17
**defer [1]** 22/3
**definitely [1]** 11/10
**delays [1]** 9/10
**Department [1]** 2/15

**depends [1]** 16/20
**deposition [1]** 16/13
**depositions [12]** 16/5 16/6 16/8 16/9 16/17 16/19 16/20 16/22 16/25 17/8 17/14 17/15
**detail [1]** 19/17
**did [7]** 4/5 6/25 7/11 18/23 20/4 21/6 22/8
**didn't [2]** 20/2 20/5
**difference [1]** 21/18
**different [3]** 15/11 19/24 21/11
**difficult [2]** 6/9 12/12
**director [2]** 1/8 1/11
**disagreed [1]** 3/25
**disagreement [1]** 4/4
**discovery [12]** 7/13 13/20 15/17 15/18 15/22 16/12 18/4 19/3 19/15 20/24 20/24 22/25
**discussed [2]** 15/1 18/4
**dismiss [3]** 18/12 18/16 19/1
**dispose [1]** 18/15
**dispositive [12]** 5/9 5/13 5/16 6/14 6/16 7/7 7/12 7/24 8/2 16/15 18/7 18/10
**dispute [3]** 16/24 16/25 18/4
**disputed [1]** 3/24
**DISTRICT [4]** 1/1 1/2 1/23 2/20
**diverge [1]** 5/12
**divided [1]** 19/24
**do [29]**
**doable [1]** 5/13
**docket [1]** 5/20

**document [1]** 16/12
**documents [1]** 22/11
**doing [1]** 9/1
**don't [14]** 4/18 5/20 6/2 6/6 6/15 7/23 9/24 10/12 14/23 21/8 21/12 22/22 23/2 23/18
**done [1]** 21/12
**down [2]** 7/21 8/4
**drags [1]** 10/9
**driver [1]** 4/23
**due [7]** 7/5 7/6 7/12 7/25 18/23 20/25 23/12

**E**

**each [1]** 19/19
**earlier [5]** 4/17 14/14 14/16 20/23 23/10
**earliest [2]** 6/7 7/10
**early [21]** 6/5 7/9 8/1 10/6 11/3 11/7 11/19 14/5 15/5 15/9 15/21 16/1 16/2 16/4 17/5 17/13 17/14 17/15 17/17 17/23 19/2
**effect [1]** 12/9
**either [2]** 8/22 15/8
**else [4]** 5/20 9/6 23/20 24/17
**end [3]** 5/25 11/7 15/3
**ends [2]** 7/17 20/24
**English [4]** 2/4 3/8 8/20 10/16
**English's [2]** 5/1 10/5
**enough [1]** 5/6
**entertaining [1]** 21/13
**entire [2]** 12/21 18/16
**entitled [1]** 25/6
**essentially [2]** 4/16 20/14
**et [2]** 3/4 19/22
**et cetera [1]** 19/22

## E

**even [2]**  5/21 6/11
**event [1]**  6/2
**events [1]**  8/22
**every [3]**  13/1 18/19 20/16
**everybody [2]**  21/14 21/14
**everything [7]**  7/25 9/6 15/18 18/15 20/7 20/10 20/18
**exact [1]**  21/9
**exactly [1]**  10/3
**exchange [3]**  7/9 23/1 23/4
**excited [1]**  18/13
**excuse [2]**  16/2 21/2
**exhibit [2]**  8/16 19/22
**exhibits [3]**  6/17 7/9 21/20
**exist [1]**  16/14
**expect [1]**  18/25
**experience [1]**  21/4
**expert [1]**  20/23
**experts [7]**  20/25 23/1 23/4 23/5 23/5 23/6 23/7
**explain [1]**  5/8
**explains [2]**  4/16 4/17
**expressed [1]**  16/7
**extra [1]**  6/9

## F

**fact [1]**  20/24
**fairness [1]**  9/2
**Family [1]**  21/2
**FAMILYCARE [15]**  1/3 1/15 2/4 3/3 3/5 3/11 3/13 3/14 15/2 16/7 16/21 19/23 20/20 22/2 23/2

**FamilyCare's [1]**  22/25
**fault [1]**  24/6
**FBA [1]**  6/1
**federal [1]**  16/5
**feedback [1]**  21/12
**feel [1]**  5/6
**few [2]**  13/15 16/19
**Fifth [1]**  2/13
**file [9]**  7/8 19/1 20/9 20/13 21/14 21/16 21/19 22/9 22/11
**filed [5]**  15/4 19/21 20/7 20/18 22/13
**filing [11]**  6/19 6/24 8/3 8/16 18/7 20/2 20/6 20/10 22/5 23/1 23/3
**filings [4]**  7/4 7/14 20/12 21/16
**fine [2]**  11/9 16/7
**fire [1]**  9/22
**fired [1]**  10/2
**first [6]**  6/23 17/22 20/6 20/10 20/21 22/11
**five [2]**  11/10 11/20
**flexible [1]**  21/6
**flip [1]**  7/23
**flipped [1]**  6/19
**Floor [1]**  2/6
**follow [1]**  21/7
**force [1]**  8/14
**foregoing [1]**  25/4
**four [1]**  12/22
**frame [1]**  21/5
**free [1]**  13/9
**friend [1]**  24/8
**fully [3]**  5/16 6/3 11/11
**fundamental [1]**  6/10
**further [1]**  19/16

## G

**gap [8]**  4/24 4/25 5/1 7/16 20/8 20/8 20/23

**gave [1]**  7/1
**general [1]**  12/20
**generally [2]**  15/17 16/6
**get [19]**  5/13 5/19 5/24 8/2 8/5 10/13 11/11 11/21 15/13 15/20 16/9 16/23 17/7 17/17 17/18 20/10 22/12 23/12 24/16
**getting [3]**  10/2 11/3 18/13
**give [9]**  4/13 8/15 13/5 14/25 17/14 19/16 20/8 20/17 20/19
**given [2]**  13/7 19/19
**gives [2]**  5/19 21/19
**go [2]**  9/8 20/22
**goal [1]**  8/13
**goes [1]**  13/21
**going [21]**  8/7 9/1 9/10 10/12 12/19 13/19 14/20 14/25 15/5 15/6 15/6 15/14 15/19 16/24 17/10 17/11 17/16 21/21 21/22 22/21 24/1
**gone [1]**  6/9
**good [1]**  24/8
**got [4]**  9/3 14/21 20/7 21/8
**great [1]**  10/8
**ground [1]**  12/9
**guess [4]**  3/25 4/7 5/18 19/19
**guys [1]**  19/6

## H

**had [7]**  4/8 9/18 10/9 11/5 11/7 20/16 24/9
**half [1]**  14/11
**Handing [1]**  4/12

**handle [1]** 24/10
**hang [1]** 11/21
**happens [3]** 5/15 11/23 12/9
**has [18]** 5/4 5/4 6/17 7/22 8/2 11/8 12/3 12/21 15/2 15/14 16/7 16/21 19/23 19/24 20/1 21/5 21/15 23/4
**hate [1]** 24/7
**have [61]**
**haven't [1]** 4/14
**having [1]** 7/13
**he [3]** 24/9 24/12 24/12
**he's [1]** 11/2
**HEALTH [6]** 1/6 1/9 1/12 2/10 3/3 22/19
**hear [3]** 5/2 17/22 18/8
**heard [2]** 15/4 15/16
**hearing [28]**
**help [2]** 3/25 24/19
**helpful [3]** 14/22 22/1 23/18
**Herbold [1]** 2/12
**here [16]** 3/2 3/22 4/1 4/23 6/1 6/18 6/25 7/19 10/13 11/14 14/21 14/24 19/18 22/6 22/8 24/5
**Hernandez [2]** 9/9 9/16
**him [2]** 9/19 11/11
**himself [1]** 24/14
**his [3]** 1/8 1/11 24/11
**hold [5]** 8/4 8/13 8/17 19/15 20/6
**holiday [1]** 13/5
**Honor [48]**
**HONORABLE [1]** 1/22
**hoped [1]** 17/18
**hoping [1]** 15/20

**hour [5]** 14/11 15/21 17/25 18/1 19/5
**hours [1]** 16/6
**how [6]** 4/24 12/19 16/9 17/7 17/24 23/3
**human [1]** 10/25
**hybrid [2]** 7/20 9/9

**I**

**I'd [3]** 7/19 8/1 9/21
**I'll [14]** 4/19 4/25 5/1 11/21 17/14 19/16 22/3 22/24 23/9 23/11 24/4 24/7 24/16 24/19
**I'm [15]** 4/7 6/9 9/17 9/22 10/12 12/10 13/18 14/20 14/25 15/5 17/11 18/11 20/1 20/19 21/13
**I've [6]** 6/1 7/18 9/3 15/1 15/16 21/12
**if [42]**
**imagine [1]** 15/14
**impact [3]** 6/17 12/19 13/19
**implement [2]** 12/11 12/12
**important [4]** 5/20 5/21 8/21 17/16
**in [95]**
**in before [1]** 16/23
**INC [5]** 1/3 1/15 2/4 3/3 3/5
**inclined [2]** 7/19 8/1
**individually [1]** 1/8
**influence [1]** 11/14
**information [2]** 21/1 21/1
**initial [1]** 24/10
**instructions [3]** 6/18 8/17 20/15
**interest [2]** 16/7 20/1
**into [4]** 9/20 10/9 14/15

19/24

**involving [1]** 10/7
**is [56]**
**issue [9]** 6/10 8/14 9/7 11/18 12/2 12/3 16/3 21/3 23/21
**issues [7]** 10/10 15/17 15/19 15/22 15/23 16/12 16/13
**it [50]**
**it's [22]** 4/2 4/16 5/24 6/3 6/4 7/22 12/1 12/4 12/5 12/6 12/9 12/19 12/20 14/22 15/6 15/6 16/6 20/12 22/20 23/6 23/18 24/6

**J**

**January [16]** 8/20 9/13 9/16 9/20 10/20 11/24 12/9 13/1 13/4 13/5 13/6 13/25 14/15 15/8 15/9 16/1
**January 21st [1]** 13/5
**job [1]** 9/23
**Johnson [6]** 2/4 3/14 7/21 10/21 12/24 22/4
**joint [1]** 23/11
**judge [7]** 1/23 9/9 9/16 24/9 24/10 24/12 24/14
**judgment [7]** 6/23 14/3 14/7 14/12 15/3 15/7 23/13
**July [4]** 5/10 6/4 8/3 16/16
**July 20th [3]** 5/10 8/3 16/16
**jury [3]** 6/18 8/17 20/14
**just [27]**
**Justice [1]** 2/15

**K**

**kind [1]** 24/10
**knew [1]** 6/20
**know [14]** 5/2 6/4 6/15 6/22 7/14 7/23 10/14 14/4 16/5 17/12 17/20 21/8 21/25 23/2
**knowing [2]** 6/16 17/12

**L**

**large [1]** 7/4
**larger [2]** 20/8 22/10
**last [2]** 6/5 23/9
**late [8]** 5/14 7/3 7/6 14/5 14/15 15/4 15/9 19/4
**later [3]** 7/1 17/18 23/21
**Laura [2]** 2/11 3/17
**law [1]** 9/24
**lawsuit [1]** 12/11
**lawyer [2]** 9/23 24/9
**leapfrog [2]** 9/16 9/19
**least [8]** 3/24 5/2 5/5 5/14 6/22 14/11 19/24 21/1
**legal [1]** 22/22
**legwork [1]** 9/1
**length [1]** 14/24
**let [4]** 4/22 10/11 11/13 12/8
**let's [5]** 6/10 6/11 10/11 19/2 23/24
**letter [1]** 4/16
**Levin [2]** 2/11 3/15
**light [1]** 21/21
**like [17]** 5/7 6/4 6/14 6/18 6/21 7/9 8/17 8/21 11/18 12/5 12/6 14/6 14/10 16/16 17/1 20/15 21/23

**likely [3]** 8/9 11/7 16/18
**limine [2]** 6/18 8/17
**limit [1]** 17/2
**lines [1]** 15/1
**lingering [1]** 15/18
**lists [3]** 8/16 8/16 19/22
**little [8]** 7/1 7/20 8/4 8/6 8/12 9/4 15/15 21/25
**LLP [1]** 2/6
**lock [1]** 9/13
**long [2]** 11/1 17/24
**longer [1]** 20/17
**look [5]** 4/19 15/10 20/18 22/12 22/24
**looking [2]** 8/19 17/24
**lot [2]** 21/12 22/10

**M**

**made [2]** 24/9 24/10
**main [1]** 4/23
**major [2]** 5/1 15/9
**majority [1]** 6/16
**make [5]** 8/13 9/5 14/23 17/21 20/23
**manage [1]** 11/10
**management [4]** 5/7 19/21 21/17 21/25
**many [2]** 11/1 17/18
**March [7]** 1/15 9/20 17/12 18/8 18/23 18/25 25/9
**March 15th [3]** 18/8 18/23 18/25
**Market [1]** 2/16
**Markley [1]** 11/6
**Markowitz [1]** 2/12
**Matt [1]** 3/15
**matter [1]** 13/23
**Matthew [1]** 2/11
**maximum [1]** 12/25

**may [7]** 4/9 10/23 12/14 15/14 17/8 22/6 22/9
**maybe [2]** 15/21 22/12
**me [25]** 3/25 4/13 4/22 5/5 5/19 5/21 8/6 9/13 9/22 10/11 10/11 11/13 12/8 13/7 14/6 15/5 16/2 16/25 18/20 19/19 21/2 23/13 23/18 23/24 23/25
**mean [5]** 8/20 8/21 11/1 11/10 12/10
**means [4]** 6/25 7/3 11/4 12/10
**Medicaid [1]** 10/7
**mentioned [1]** 7/16
**mentioning [1]** 9/8
**merely [1]** 23/6
**MICHAEL [1]** 1/22
**mid [6]** 7/8 14/9 14/9 15/4 15/4 19/4
**middle [1]** 6/5
**might [4]** 10/4 16/4 22/1 24/15
**mind [2]** 4/18 24/15
**mine [1]** 24/8
**minimum [1]** 7/21
**minor [1]** 4/25
**minute [5]** 4/13 4/19 7/16 23/21 24/20
**minutes [2]** 17/25 19/6
**missed [1]** 7/18
**MO [4]** 1/4 1/13 3/3 3/4
**moment [1]** 15/1
**Monday [3]** 10/18 10/19 13/1
**month [1]** 6/21
**months [2]** 11/9 13/15
**more [14]** 5/2 6/10 7/18 8/23 12/12 12/12 12/20 14/23 15/2 16/7 17/8

**more... [3]** 17/18 22/10 23/11
**MOSMAN [1]** 1/22
**most [3]** 5/20 9/1 17/16
**motion [5]** 8/2 16/16 18/11 18/23 22/6
**motions [15]** 5/9 5/13 5/16 6/15 6/16 6/18 7/12 7/24 8/7 8/17 18/7 18/9 18/10 18/16 19/1
**moved [2]** 6/25 9/19
**moving [1]** 18/18
**Mr [4]** 2/4 2/4 2/5 2/11
**Mr. [11]** 3/16 3/18 3/21 5/1 7/21 8/20 10/5 10/16 10/21 12/24 22/4
**Mr. Allen [3]** 3/16 3/18 3/21
**Mr. English [2]** 8/20 10/16
**Mr. English's [2]** 5/1 10/5
**Mr. Johnson [4]** 7/21 10/21 12/24 22/4
**Ms [4]** 2/5 2/11 2/12 2/15
**Ms. [5]** 10/22 11/6 17/22 19/4 24/3
**Ms. Brenner [1]** 24/3
**Ms. Markley [1]** 11/6
**Ms. Owens' [1]** 10/22
**Ms. Scheele [2]** 17/22 19/4
**MTD [1]** 19/16
**much [4]** 4/21 4/24 13/25 15/24
**multiple [1]** 14/11
**multiple-hour [1]** 14/11
**my [16]** 4/2 4/10 4/22 5/7 5/20 7/2 9/3 9/21

**N**

**N.W [1]** 2/6
**name [1]** 3/6
**nature [1]** 6/1
**nearly [3]** 16/21 16/22 16/22
**necessarily [2]** 12/19 20/6
**need [6]** 9/2 14/22 16/4 17/4 20/25 23/10
**next [7]** 9/5 13/14 13/14 15/20 15/22 21/16 24/4
**no [14]** 1/4 1/13 3/3 3/4 4/7 7/2 13/18 14/8 14/13 23/15 23/17 23/23 24/13 24/18
**non [2]** 1/3 1/16
**non-profit [2]** 1/3 1/16
**normally [1]** 17/3
**not [26]**
**note [1]** 21/1
**noticed [1]** 16/21
**noticed nearly [1]** 16/21
**noticing [1]** 7/21
**November [1]** 7/15
**now [11]** 5/2 5/8 5/19 7/3 7/5 9/8 12/22 13/21 14/11 16/20 21/13
**number [4]** 5/18 12/25 21/5 21/6

**O**

**o0o [1]** 25/2
**objections [1]** 20/9
**occur [1]** 8/22
**October [13]** 7/6 7/6 7/9 7/15 9/3 9/13 9/18 13/13 13/18 13/21 14/5 14/10 15/5
**October 1st [1]** 13/13
**October 22nd [1]** 9/3
**office [1]** 4/10
**official [3]** 1/8 1/11 25/11
**often [1]** 5/6
**OHA [14]** 3/15 3/18 3/19 3/20 4/6 5/4 8/2 9/7 14/4 16/6 19/23 20/1 23/2 23/4
**OHA's [2]** 4/22 21/2
**okay [1]** 21/21
**omnibus [1]** 19/20
**on [53]**
**once [2]** 12/23 20/7
**one [16]** 3/22 4/8 5/4 5/18 5/18 9/5 16/3 19/19 20/2 20/16 20/22 21/5 21/13 24/8 24/8 24/9
**onerous [1]** 12/12
**ones [1]** 17/16
**only [3]** 4/8 17/7 19/18
**open [1]** 20/11
**opening [1]** 6/4
**oppose [1]** 16/24
**opposing [1]** 13/8
**oppositions [2]** 20/9 20/15
**or [31]**
**order [7]** 5/7 19/21 21/9 21/17 23/12 23/21 24/20
**OREGON [13]** 1/2 1/3 1/6 1/7 1/9 1/11 1/12 1/15 1/17 2/10 2/15 3/3 22/19
**Oregonians [1]** 10/8
**organizational [1]** 21/8

**O**

**original [1]** 25/6
**other [8]** 5/23 6/8 8/23 12/4 13/9 14/5 21/15 23/19
**ought [2]** 5/7 9/24
**our [4]** 17/9 21/7 22/11 22/14
**out [11]** 13/4 13/13 13/21 14/6 14/10 14/21 15/24 17/7 17/10 24/11 24/20
**outline [1]** 21/7
**Owens [2]** 2/11 3/17
**Owens' [1]** 10/22
**own [4]** 20/14 20/14 21/14 21/19

**P**

**part [2]** 3/24 5/25
**participation [1]** 24/11
**particularly [2]** 21/23 23/11
**parties [7]** 5/5 6/2 7/8 15/23 21/13 22/1 23/10
**parts [1]** 4/4
**PATRICK [3]** 1/7 1/11 2/10
**pause [2]** 4/20 12/17
**PC [1]** 2/12
**pending [1]** 12/5
**people [2]** 13/5 20/5
**perhaps [1]** 10/5
**period [1]** 11/2
**Perkins [1]** 2/6
**perspective [1]** 12/3
**persuade [2]** 9/15 9/19
**piece [2]** 19/18 24/9
**pieces [1]** 19/19
**plaintiff [8]** 1/4 1/13 3/7 21/24 22/20 22/23

**plaintiffs [6]** 3/9 3/23 4/1 21/18 21/19 22/16
**planning [1]** 18/7
**play [1]** 24/13
**please [1]** 3/6
**poem [1]** 24/1
**point [6]** 5/11 7/16 8/19 9/11 10/23 20/22
**Portland [5]** 1/17 2/7 2/13 2/16 2/21
**posit [1]** 6/12
**possibility [1]** 20/3
**possible [4]** 8/14 8/15 10/4 12/6
**potentially [2]** 16/13 22/9
**practical [1]** 13/23
**practice [1]** 20/12
**precise [1]** 10/12
**precisely [1]** 5/10
**preempted [1]** 24/2
**preemption [1]** 22/22
**prepare [4]** 9/5 16/22 17/9 17/10
**prepared [1]** 24/3
**presents [1]** 22/21
**pretrial [9]** 6/24 7/4 7/15 8/18 14/16 15/8 21/7 22/11 23/12
**pretty [2]** 13/25 15/24
**prior [1]** 16/4
**probably [11]** 4/23 5/13 6/2 6/10 7/6 8/19 8/20 8/21 18/19 23/10 23/11
**problem [6]** 5/15 5/18 6/8 7/22 9/11 23/14
**problems [2]** 13/9 13/23
**proceedings [5]** 1/21 4/20 12/17 24/23 25/5

**process [3]** 12/21 13/14 13/20
**profit [2]** 1/3 1/16
**promised [1]** 23/24
**properly [1]** 9/5
**proposal [5]** 7/22 13/4 22/1 23/3 23/4
**proposals [1]** 20/14
**proposed [6]** 3/23 4/22 5/4 8/2 15/2 18/21
**protect [2]** 9/3 9/13
**protecting [1]** 9/22
**PTC [1]** 8/22
**pure [1]** 22/21
**put [4]** 13/4 19/23 21/9 21/22
**puts [1]** 19/1

**Q**

**question [4]** 4/8 13/22 14/9 22/22
**questions [1]** 23/19
**quibbling [1]** 7/17
**quite [1]** 16/19

**R**

**raise [1]** 23/20
**raises [1]** 9/7
**rapid [2]** 15/2 15/2
**rate [3]** 10/7 13/12 13/14
**rate-setting [1]** 13/14
**rates [4]** 11/17 12/19 13/13 13/19
**read [2]** 6/4 14/22
**reading [1]** 6/6
**ready [4]** 5/19 5/24 8/5 11/3
**real [1]** 21/18
**really [7]** 4/24 5/11 6/3 7/2 7/5 12/10 21/11
**reason [2]** 10/6 13/2

**R**

**reasons [2]** 4/17 13/8
**rebuttal [3]** 23/5 23/6 23/7
**receive [2]** 4/5 8/6
**recently [1]** 6/1
**recess [1]** 24/22
**recite [1]** 24/1
**record [2]** 3/7 25/5
**regulatory [2]** 11/14 11/23
**related [2]** 7/4 8/22
**relationships [1]** 12/4
**remaining [2]** 19/18 19/19
**remotely [1]** 5/21
**replies [1]** 8/6
**reply [4]** 5/16 7/7 8/3 19/1
**REPORTER [2]** 2/20 25/11
**reports [1]** 20/23
**resolution [2]** 10/9 18/4
**resolve [6]** 12/5 12/7 15/19 15/23 16/4 16/11
**resolved [2]** 11/18 15/18
**response [2]** 5/16 19/1
**responsible [1]** 11/1
**result [1]** 15/6
**reversed [1]** 24/14
**review [2]** 20/16 21/15
**right [16]** 4/3 4/13 4/21 5/22 8/12 10/18 14/17 14/20 16/20 17/6 18/20 18/21 18/22 22/24 23/9 24/16
**RMR [2]** 2/20 25/10
**role [2]** 11/6 24/13
**room [2]** 2/21 7/19

**round [3]** 19/6 20/6 21/16
**rule [7]** 1/20 3/2 6/12 8/13 16/25 22/6 24/13
**rules [1]** 16/6
**ruling [4]** 17/7 23/12 24/9 24/11
**rulings [1]** 8/16

**S**

**S.W [3]** 2/13 2/16 2/21
**said [3]** 6/1 20/11 24/13
**Salerno [2]** 2/11 3/17
**same [6]** 7/22 13/22 14/9 21/2 21/9 22/14
**Samuelson [2]** 2/5 3/10
**saw [2]** 4/8 18/21
**say [3]** 3/24 6/10 23/25
**saying [1]** 13/18
**schedule [35]**
**scheduled [1]** 18/24
**schedules [1]** 5/11
**Scheele [2]** 17/22 19/4
**school [1]** 9/24
**Scott [2]** 2/15 3/19
**second [1]** 11/21
**see [5]** 5/6 5/6 15/22 21/20 23/24
**seen [1]** 4/14
**semblance [1]** 13/5
**send [1]** 24/19
**September [9]** 5/17 7/2 7/3 7/8 13/17 14/4 14/5 14/9 15/4
**September 6th [2]** 5/17 14/4
**September-early [1]** 14/5
**serial [5]** 19/25 20/12 21/8 23/1 23/3

**serially [3]** 19/21 20/3 21/9
**set [5]** 12/20 14/16 14/20 21/15 22/16
**setting [3]** 10/7 13/12 13/14
**seven [1]** 16/6
**short [1]** 24/8
**shortly [1]** 24/20
**should [4]** 6/2 13/16 16/10 20/23
**Shumway [3]** 2/20 25/9 25/10
**side's [1]** 21/15
**sidebar [1]** 24/12
**sides [5]** 18/8 19/12 20/13 20/18 23/5
**signature [2]** 25/7 25/7
**signed [1]** 11/17
**signing [1]** 25/4
**simply [2]** 9/2 23/12
**Simpson [2]** 2/12 3/20
**since [3]** 4/14 4/23 12/6
**sir [1]** 15/12
**sit [1]** 14/23
**sitting [1]** 4/18
**situations [1]** 21/4
**six [1]** 4/16
**slow [1]** 8/4
**so [53]**
**some [17]** 8/15 8/21 8/23 10/10 12/5 12/12 13/2 13/5 14/22 14/24 15/18 15/23 17/4 19/17 21/1 21/5 23/1
**something [8]** 6/13 6/21 6/25 7/18 7/19 9/20 16/16 23/25
**soon [1]** 16/19
**sorry [2]** 9/17 18/11
**sort [5]** 9/9 12/24 15/10

sort... [2]  19/20 23/1
spans [1]  6/8
speaking [1]  22/19
specifically [1]  14/21
speed [1]  11/11
spot [1]  5/4
stagger [1]  17/10
stand [1]  20/22
start [6]  6/23 8/16 10/19 10/19 13/1 16/18
started [2]  7/21 16/9
starting [3]  3/7 7/9 12/23
starts [1]  13/20
state [3]  1/7 1/12 3/6
State's [1]  12/3
statements [1]  19/22
STATES [3]  1/1 1/23 2/20
status [1]  21/8
statute [2]  13/12 13/21
Stephen [2]  2/4 3/8
Steve [2]  11/2 11/8
still [1]  10/4
stories [1]  24/7
Street [2]  2/6 2/16
stuff [1]  9/1
submitted [2]  4/6 4/10
suggest [1]  17/23
suggested [2]  7/12 10/17
suggesting [1]  13/16
suggestion [1]  17/15
Suite [1]  2/13
summary [7]  6/23 14/3 14/7 14/12 15/3 15/7 23/13
summer [2]  5/14 15/4
sure [3]  9/5 12/8 20/7
suspect [1]  8/25

table [1]  12/24
take [8]  8/4 14/14 14/22 16/21 17/4 17/8 17/15 22/24
taking [3]  16/7 16/17 16/18
talk [1]  24/3
teach [1]  9/24
team [3]  10/16 12/24 13/24
tell [3]  4/22 18/20 24/7
telling [1]  24/7
ten [4]  16/6 17/2 17/7 17/9
tens [1]  10/8
term [1]  4/1
terms [2]  12/20 13/12
than [5]  5/2 5/8 15/2 17/9 17/18
Thank [10]  3/22 4/17 4/19 4/21 12/18 14/2 17/19 19/14 24/18 24/19
Thanksgiving [2]  11/7 11/19
that [117]
that's [22]  4/7 5/10 5/18 5/21 7/11 9/6 9/7 9/9 9/10 9/23 10/18 11/17 13/11 16/12 17/6 17/20 18/21 19/21 20/18 21/3 22/17 23/8
their [6]  20/13 20/14 20/15 21/14 21/19 22/6
them [5]  17/5 19/23 19/24 20/2 21/9
then [37]
there [19]  4/20 8/7 8/9 9/24 11/1 11/21 11/23 11/25 12/12 12/17

12/22 14/5 14/10 15/11 15/18 16/3 18/13 21/5 21/11
there's [8]  4/15 7/2 7/18 11/24 12/1 12/2 16/19 19/18
these [4]  7/3 21/4 22/9 22/22
they [9]  9/24 12/4 16/14 16/21 20/25 22/6 22/12 22/13 23/25
they'll [1]  22/12
they're [3]  17/16 21/2 24/5
they've [1]  20/16
thing [1]  23/9
things [6]  6/20 6/24 7/25 8/3 19/20 20/6
think [26]
thinking [1]  22/8
thinks [1]  20/12
Third [1]  2/21
Thirty [1]  17/24
this [34]
Thomas [1]  2/4
those [7]  6/19 7/5 8/15 15/9 15/19 15/23 18/9
thought [4]  13/16 18/15 20/5 20/9
thoughts [2]  20/20 22/2
thousands [1]  10/8
three [3]  11/4 19/24 20/8
three-week [2]  11/4 20/8
through [2]  4/19 9/2
throughout [1]  7/14
tight [1]  4/18
time [24]  5/11 6/8 7/23 8/4 8/6 8/12 8/15 9/4 11/2 13/4 13/6 14/23

## T

**time... [12]**  15/7 17/23 18/8 19/9 20/8 20/17 20/24 21/5 22/7 22/14 24/4 24/6

**today [5]**  3/2 9/8 10/13 15/13 23/25

**told [1]**  16/21

**Tom [1]**  3/14

**too [1]**  12/8

**transcript [3]**  1/21 25/5 25/6

**trial [25]**  5/7 7/14 7/15 8/18 8/19 8/24 9/2 9/3 9/10 9/23 10/6 10/16 11/3 11/4 11/4 11/6 11/8 11/24 15/8 19/20 21/17 21/25 22/21 24/11 24/14

**trials [2]**  9/4 14/15

**troubling [1]**  5/4

**try [11]**  6/21 8/5 9/15 9/19 11/3 11/11 13/5 13/17 15/19 20/19 21/7

**trying [2]**  11/14 13/18

**Tuesday [3]**  10/18 10/19 13/1

**Tuesdays [1]**  10/20

**two [14]**  5/11 5/18 5/19 5/24 7/20 7/25 11/20 14/23 19/2 19/18 20/21 21/6 21/11 23/12

**typically [5]**  6/12 6/21 10/19 19/21 20/25

## U

**unavailable [2]**  11/2 14/6

**uncertainty [2]**  12/3 12/21

**under [3]**  16/5 21/2

**understand [4]**  3/24 6/2 9/12 12/14

**understanding [1]**  13/11

**UNITED [3]**  1/1 1/23 2/20

**unless [3]**  7/18 7/18 23/10

**until [4]**  6/3 6/6 7/3 12/11

**unusual [1]**  21/25

**up [12]**  4/9 5/6 5/6 7/17 9/1 10/12 11/11 15/4 19/6 19/24 20/22 24/12

**us [3]**  5/16 16/21 19/1

**use [1]**  5/12

## V

**vast [1]**  6/15

**vein [1]**  10/1

**versus [2]**  3/3 3/4

**very [3]**  4/21 8/21 14/22

**Vesta [6]**  9/3 9/10 9/14 9/18 11/3 11/4

**view [2]**  22/15 22/17

## W

**want [9]**  6/17 9/4 14/23 16/8 16/21 16/25 20/5 20/13 23/20

**wanted [2]**  10/22 20/7

**war [1]**  24/7

**was [10]**  15/20 18/13 20/5 20/9 20/22 21/7 22/8 22/14 24/3 24/8

**was our [1]**  22/14

**way [10]**  7/2 8/2 8/23 12/12 15/11 21/12 21/13 21/18 22/17 24/13

**ways [4]**  5/18 11/1 12/6 21/11

**we [66]**

**we'd [5]**  7/13 7/14 8/19 17/1 17/3

**we'll [7]**  14/11 15/1 15/10 15/22 19/15 23/1 24/21

**we're [5]**  15/19 17/10 18/18 21/6 22/23

**we've [1]**  6/19

**week [6]**  11/4 11/7 14/16 15/20 15/22 20/8

**weeks [8]**  4/16 5/19 5/24 6/22 7/25 11/20 19/2 23/12

**well [10]**  10/1 11/13 15/2 16/11 16/20 17/11 19/18 21/21 22/5 23/18

**went [1]**  24/12

**were [3]**  13/16 18/14 22/8

**what [21]**  3/25 4/24 5/9 5/15 6/12 6/17 7/11 11/13 11/23 12/8 12/9 15/2 17/12 18/17 20/3 21/6 21/17 21/22 22/8 24/1 24/4

**when [9]**  6/9 6/22 6/23 7/12 7/24 11/17 13/4 16/16 20/25

**whenever [2]**  10/14 14/15

**where [4]**  5/11 11/2 21/24 22/23

**whether [3]**  5/2 12/10 13/24

**which [13]**  4/4 4/16 6/12 7/3 7/4 11/9 11/11 12/21 15/5 16/5 16/6 22/10 22/20

**while [2]**  14/24 15/15

**W**

**who [2]** 11/6 21/21
**why [1]** 4/7
**wiggle [1]** 7/19
**will [15]** 5/23 6/9 11/1 11/6 14/25 15/3 15/10 18/3 19/11 22/5 22/21 22/25 23/2 23/6 24/13
**willing [1]** 20/19
**within [2]** 11/10 13/14
**without [1]** 25/6
**witness [2]** 8/16 19/22
**witnesses [6]** 16/23 17/9 17/10 20/14 21/20 22/13
**won't [5]** 3/24 13/15 17/17 17/18 22/12
**wonder [1]** 10/4
**work [7]** 6/1 7/11 9/8 15/10 15/24 18/3 19/12
**working [2]** 6/3 11/2
**works [3]** 10/5 10/15 19/25
**worth [2]** 7/17 9/7
**would [26]**
**wouldn't [1]** 8/14
**writing [1]** 7/21
**written [1]** 3/23

**Y**

**yeah [1]** 18/18
**year [3]** 5/10 11/19 13/14
**years [1]** 12/22
**Yes [15]** 4/11 8/11 10/3 10/24 12/16 14/1 14/18 14/19 15/12 16/1 17/1 18/5 18/6 19/13 19/14
**yesterday [1]** 11/5
**you [83]**
**you'd [5]** 6/19 9/15

**you'll [3]** 6/22 17/13 17/21
**you're [8]** 10/20 11/14 12/25 13/8 14/4 14/16 16/24 17/4
**you've [3]** 7/12 10/17 19/19
**young [2]** 23/24 24/9
**your [68]**
**yourselves [2]** 17/21 22/15

**Z**

**zero [1]** 11/24