**Frank V. Langfitt**, OSB No. 731770
frank.langfitt@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Intervenor Eastern Oregon
Coordinated Care Organization, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>    Plaintiff,<br><br>  v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Defendant.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff, | No. 3:18-cv-00212-MO Lead<br>No. 3:18-cv-00296-MO<br><br>RESPONSE OF EASTERN OREGON COORDINATED CARE ORGANIZATION, LLC TO FAMILYCARE, INC.'s OMNIBUS DISCOVERY MOTIONS (MOTION TO COMPEL DE-DESIGNATION OF AEO AND CONFIDENTIAL DOCUMENTS) |

Page 1 - Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

v.

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and
PATRICK ALLEN, both individually and
in his official capacity as director of the
Oregon Health Authority,

                    Defendants.

Non-Party, Eastern Oregon Coordinated Care Organization, LLC ("Eastern

Oregon"), is an Oregon non-profit limited liability company and is a certified Coordinated Care

Organization ("CCO").  When Case No. 3:18-cv-00296-MO was in state court before removal,

the court entered an order allowing Eastern Oregon and other CCOs to intervene for the limited

purpose of entering an appropriate form of protective order and for hearing the CCOs' objections

to defendant Oregon Health Authority's ("OHA") production of documents.  *See* Declaration of

Frank Langfitt, ¶3, Ex. 1.  (Hereinafter "Langfitt Decl.")  FamilyCare, Inc., ("FamilyCare") now

has filed Omnibus Discovery Motions including a motion to compel de-designation of AEO and

confidential documents of CCOs.  Consistent with the intervention permitted in state court,

Eastern Oregon appears to challenge that part of FamilyCare's Omnibus Discovery Motions.

Eastern Oregon asks this Court to deny FamilyCare's Motion to Compel De-Designation of AEO

and Confidential Documents, and uphold the Protective Order previously entered when this was

in state court.

## I. INTRODUCTION

As a CCO, Eastern Oregon contracts with the State of Oregon, through defendant

OHA, to coordinate health services for Medicaid-eligible individuals insured under the Oregon

Health Plan ("OHP") in 12 counties in Eastern Oregon.  Plaintiff FamilyCare operates a CCO in

Page 2 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare,
            Inc.'s Omnibus Discovery Motions

4839-7649-5968.1                MILLER NASH GRAHAM & DUNN LLP
                                ATTORNEYS AT LAW
                              TELEPHONE: 503.224.5858
                             3400 U.S. BANCORP TOWER
                               111 S.W. FIFTH AVENUE
                             PORTLAND, OREGON  97204

the Tri-County Region of Multnomah, Clackamas and Washington Counties.

Eastern Oregon is not a party to FamilyCare's disputes with OHA. When this case was in state court, FamilyCare sought discovery from OHA of Eastern Oregon's financial information, as well as the financial information of other Oregon CCOs. In 2017, over the course of several months involving several hearings before circuit court Judge Sean E. Armstrong, FamilyCare, OHA, Eastern Oregon and other CCOs negotiated the Protective Order that is the subject of FamilyCare's motion to De-Designate. (Dkt. No. 30). When the negotiating parties were unable to agree on all of the terms of the Protective Order, Judge Armstrong determined the final terms, and entered the Order on November 1, 2017. *See* Declaration of Frank Langfitt, ¶ 4, Ex. 3 (herein after "Langfitt Declaration").[1]

For the first time, by letter dated March 6, 2018, FamilyCare advised Eastern Oregon and other CCOs that FamilyCare believed that OHA had over designated many of OHA's documents, containing CCO confidential information, as "Attorney Eyes Only" ("AEO"). A copy of FamilyCare's letter is attached as Exhibit 5 to the Langfitt Declaration. Eastern Oregon responded by Mr. Langfitt's letter of March 15, 2018, (Langfitt Declaration, Ex. 6). Eastern Oregon notified FamilyCare that it had not complied with the Protective Order of November 1, 2017, nor had it provided enough information for Eastern Oregon to address FamilyCare's concerns.

FamilyCare then filed its Motion to De-Designate on March 16, 2018.

---

[1] The existing State Court Protective Order should remain in effect unless or until it is dissolved or modified by this Court. 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.")

Page 3 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

4839-7649-5968.1    MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## II. THE STATE COURT PROTECTIVE ORDER

Health Share of Oregon ("Health Share"), a separate CCO, has detailed the history of the negotiations leading up to the state court Protective Order (the "SPO") and the entry of that order. While the state court case was pending, FamilyCare served Health Share with two document subpoenas so its history is a little different from Eastern Oregon's.

Eastern Oregon, as well as most of the other CCOs, became involved when it was notified by OHA that FamilyCare's requests for production of documents in the state case involved information Eastern Oregon had provided to OHA in the belief that the information was confidential. *See* Declaration of Mark Danburg-Wyld, ¶3. ("Hereinafter "Danburg-Wyld Decl.") The CCOs coordinated their responses to FamilyCare's document requests, sought to intervene in the state court proceeding for the purpose of protecting their confidential information, and participated in the negotiations for the protective order. *See* Langfitt Declaration ¶¶ 2 &3, Exs. 1 & 2. The SPO was signed by Judge Armstrong on November 1, 2017, and subsequently entered. Langfitt Declaration ¶4, Exs. 3. Pursuant to the soon-to-be-entered protective order, Eastern Oregon's attorney notified OHA and FamilyCare of its designations of confidential information and AEO designations. Langfitt Declaration ¶ 5, Ex. 4. In response to subsequent requests for production to OHA made by FamilyCare, Eastern Oregon again sent similar letters to OHA and FamilyCare on January 1, 2018 and March 2, 2018. Langfitt Declaration, ¶ 6.

On March 6, 2018, almost 19 weeks after Eastern Oregon notified FamilyCare of Eastern Oregon's designations, FamilyCare wrote to Eastern Oregon and the other CCOs complaining that there had been over designations of confidentiality and AEO by OHA, and purportedly initiating the conferral process required by the SPO. (Langfitt Declaration ¶ 7,

Page 4 -     Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Ex. 5.) FamilyCare failed to follow the procedure set forth in the SPO, and it did not identify any specific documents that permitted Eastern Oregon to address FamilyCare's allegations. On March 15, 2018, Eastern Oregon's attorney responded to FamilyCare raising these and other issues. (Langfitt Declaration ¶ 8, Ex. 6.) Even though FamilyCare was invited by Eastern Oregon's attorney to discuss the issues, without any further communication, FamilyCare filed its Motion. (Langfitt Declaration ¶ 8.)

## III. FAMILYCARE'S MOTION AS IT PERTAINS TO THE DOCUMENTS DESIGNATED BY EASTERN OREGON SHOULD BE DENIED

Eastern Oregon incorporates and refers to the arguments presented by Health Share in its response to FamilyCare's Motion to Compel De-Designation of AEO and confidential documents (Dkt No. ___).

Eastern Oregon submits the declarations of Mark Danburg-Wyld and Frank Langfitt filed contemporaneously with this motion. Mr. Danburg-Wyld's declaration establishes the factual basis for Eastern Oregon's claims of confidentiality. *See* Danburg-Wyld Decl., ¶¶ 3-19.

The public policy of the state of Oregon is to protect trade secrets, even if trade secrets are disclosed to a state agency such as OHA. Oregon Public Records Law ("OPRL"), ORS 192.501(2). ORS 192.502(9) categorically exempts from disclosure "public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon Law." As recognized by the Oregon Department of Justice,[2] this categorical exemption applies to and prohibits the disclosure of trade secrets as defined under the

---

[2] August 8, 2007, Karen Kirsch, available at http://www.doj.state.or.us/public_records/orders/kirsch_07122007.pdf ("If information falls within [the USTA], its 'misappropriation' by disclosure is prohibited, ORS 646.463, and the records would be exempt from disclosure under the Public Records Law by ORS 192.502(9).").

Page 5 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

4839-7649-5968.1    MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Uniform Trade Secrets Act ("UTSA").

The OPRL and UTSA define trade secrets similarly. Under the OPRL, trade secrets include, without limitation:

> any formula, plan, pattern, process, tool, mechanism, compound, procedure, production data, or compilation of information which is not patented, which is known only to certain individuals within an organization and which is used in a business it conducts, having actual or potential commercial value, and which gives its user an opportunity to obtain a business advantage over competitors who do not know or use it.

The UTSA, on the other hand, defines trade secrets to mean:

> information, including a drawing, cost data, customer list, formula, pattern, compilation, program, device, method, technique or process that:
>
> > (a) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
> >
> > (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.'

The declaration of Mr. Danburg-Wyld describes the type of Eastern Oregon's information that is confidential and constitutes trade secrets. He describes the efforts made to keep the information confidential and the competitive harm that would befall Eastern Oregon if this information did not receive the highest protections.

In addition to the arguments presented by Health Share, Eastern Oregon submits the following:

1.    AEO designations were designed to protect the information of Eastern Oregon and the other CCOs from misuse by FamilyCare and its experts in the Oregon rate-setting process for 2021 rates. SPO ¶ 10, (Langfitt Declaration ¶ 4, Ex. 3). After this hard

Page 6 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

4839-7649-5968.1    MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

fought protection was provided by Judge Armstrong in the SPO, FamilyCare now seeks to make an end run in this court and terminate the protections.

2.    The fact that FamilyCare may have gone out of business does not alter the need for the protective order and the AEO designations.  Contrary to FamilyCare's assurances about going out of business, it is clear that it has future plans because it is spending enormous resources pursuing this litigation against OHA.  Like a Zombie, FamilyCare can rise from the dead and combat the CCOs with their own confidential information.

3.    The potential movement of FamilyCare personnel to other CCOs in the industry shows the need for continuing the confidential and AEO designations.  If one believes that FamilyCare really is out of business forever, then the personnel who would have access to CCO confidential documents probably will end up with other CCOs.  In fact, FamilyCare's supporting Declaration of William Murray (Dkt. No. 31) shows that only five years ago, Mr. Murray was the Chief Executive Officer of another Oregon Medicaid managed care organization.  This kind of high level migration supports the need for confidentiality and AEO designations.

4.    If FamilyCare's motion to de-designate AEO and confidential documents is allowed, then the other active CCOs and various medical provider groups would have access to Eastern Oregon's confidential business plans and compensation arrangements.  This also would publicize Eastern Oregon's pharmacy rates with its pharmacy benefit manager, which are subject to strict confidentiality provisions in their contract.  *See* Danburg-Wyld Decl., ¶ 15.

5.    As Mr. Danburg-Wyld describes, the CCOs are approaching new contract negotiations with OHA.  (Danburg-Wyld Decl., ¶ 4.)  This is not an abstract need for

Page 7 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

4839-7649-5968.1                MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

confidentiality and protection; the danger to Eastern Oregon and the other CCOs is real and eminent.

## CONCLUSION

For the reasons stated above, Eastern Oregon respectfully requests the court to deny FamilyCare's motion to compel de-designation of AEO and confidential documents that is part of FamilyCare's discovery motions.

DATED this 30th day of March, 2018.

MILLER NASH GRAHAM & DUNN LLP

*s/ Frank V. Langfitt*

Frank V. Langfitt
OSB No. 731770
frank.langfitt@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

*Attorneys for Intervenor Eastern Oregon Coordinated Care Organization, LLC*

Page 8 -    Response of Eastern Oregon Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions

4839-7649-5968.1    MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

I hereby certify that I served the foregoing Response of Eastern Oregon

Coordinated Care Organization, LLC's to FamilyCare, Inc.'s Omnibus Discovery Motions on:

Stephen F. English
Thomas R. Johnson
Brian P. Samuelson
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
E-mail: senglish@perkinscoie.com
E-mail: trjohnson@perkinscoie.com
E-mail: bsamuelson@perkinscoie.com

Matthew P. Gordon
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
E-mail: mcurtice@perkinscoie.com
E-mail: mgordon@perkinscoie.com

*Attorneys for Plaintiff*

Brian M. Parrott
Brian M. Parrott, LLC
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
E-mail: brian@bparrott-law.com

*Attorney for Primary Health of Josephine County, LLC*

Joel A. Parker
Jeffrey Hern
Schwabe Williamson & Wyatt, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204
E-mail: jparker@schwabe.com
E-mail: jhern@schwabe.com
*Attorneys for Trillium Community Health Plan, Inc.*

Renee Stineman
Carla Scott
Elleanor Chin
Department of Justice
Special Litigation Unit
100 SW Market Street
Portland, Oregon 97201
E-mail: renee.stineman@doj.state.or.us
E-mail: carla.a.scott@doj.state.or.us
E-mail: elleanor.chin@doj.state.or.us

Matthew A. Levin
Markowitz Herbold PC
1211 SW 5th Avenue, Suite 3000
Portland, Oregon 97204
E-mail: MattLevin@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority*

Elizabeth C. Knight
Michael D. Crew
Dunn Carney Allen Higgins & Tongue
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
E-mail: eknight@dunncarney.com
E-mail: mcrew@dunncarney.com

*Attorneys for AllCare CCO, Inc.*

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy, Suite 900
Portland, Oregon 97209
E-mail: dpl@aterwynne.com

*Attorney for Columbia Pacific CCO, LLC and Jackson Care Connect*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Anna Sortun
Tonkon Torp, LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon  97204
E-mail: anna.sortun@tonkon.com

*Attorney for Joint Intervenors Cascade Health Alliance, LLC and Umpqua Health Alliance, LLC*

W. Chris Jenkins
Samaritan Health Services
2300 NW Walnut Blvd.
Corvallis, Oregon  97330
E-mail: wjenkins@samhealth.org

*Attorney for Intercommunity Health Network – Coordinated Care Organization*

Arden J. Olson
Harrang Long Gary Rudnick PC 360 East
10th Avenue, Suite 300
Eugene, Oregon  97401
E-mail: arden.j.olson@harrang.com

*Attorney for Willamette Valley Community Health, LLC*

Gregory A. Chaimov
Christopher F. McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400
Portland Oregon  97201
E-mail: gregchaimov@dwt.com
E-mail: chrismccracken@dwt.com

*Attorneys for Non-Party Health Share of Oregon*

Eric A. Lindenauer
Garvey Schubert Baer
121 SW Morrison Street, 11th Floor
Portland, Oregon  97204
E-mail: elindenauer@gsblaw.com

*Attorney for PacificSource Community Solutions*

Peter F. Stoloff
Peter F. Stoloff PC
5285 Meadows Road, Suite 235 Lake Oswego, Oregon  97035
E-mail: pstoloff@peterstoloff-law.com

*Attorney for Yamhill Community Care Organization*

by the following indicated method or methods on the date set forth below:

☒    **CM/ECF system transmission.**

DATED this 30th day of March, 2018.

*s/ Frank V. Langfitt*
Frank V. Langfitt, OSB No. 731770
frank.langfitt@millernash.com

*Of Attorneys for Eastern Oregon Coordinated Care Organization, LLC*

Page 2 -    Certificate of Service

4836-7850-2496.2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204