## Langfitt, Frank

| | |
|---|---|
| **From:** | Switzler, Cindy J. |
| **Sent:** | Thursday, March 15, 2018 2:41 PM |
| **To:** | Thomas R. Johnson |
| **Cc:** | mattlevin@markowitzherbold.com; Langfitt, Frank; Switzler, Cindy J. |
| **Subject:** | FamilyCare, Inc. v. Oregon Health Authority |
| **Attachments:** | 2018-03-15 Lt Johnson at Perkins, 4821-3035-6831 v.1.pdf |

Good afternoon:

Attached is a letter sent on behalf of Frank Langfitt.  Thank you.

**Cindy J. Switzler**
Legal Assistant to Frank Langfitt, Seth Row, Nicholas Pyle, and Erica Clausen

**Miller Nash Graham & Dunn LLP**
3400 U.S. Bancorp Tower | 111 S.W. Fifth Avenue | Portland, Oregon 97204
*Direct:* 503.205.2491 | *Office:* 503.224.5858 | *Fax:* 503.224.0155
E-Mail | Web | Social | Blogs

*Please consider the environment before printing this e-mail.*

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the e-mail. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

1

Exhibit 6
Page 1 of 8



U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 3100
Portland, Oregon 97204

o.nc 503.224.5858
503.224.0155

**Frank V. Langfitt**
Admitted in Oregon
frank.langfitt@millernash.com
503.205.2425 direct line

March 15, 2018

**VIA U.S. MAIL & E-MAIL**
*trjohnson@perkinscoie.com*

Mr. Thomas R. Johnson
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, Oregon  97209-4128

Subject:    FamilyCare, Inc. v. Oregon Health Authority ("OHA")
            U.S. District Court Case No. 6:18-cv-00296-MO

Dear Tom:

As counsel for Eastern Oregon CCO ("Eastern Oregon"), I am writing to respond to your letter of March 6, 2018.  Your letter raises several issues, which I will attempt to address below.  The failure to address every issue or potential issue raised in your letter should not be taken as a concession by Eastern Oregon to such issues.

(1)    Designations Under the Existing Protective Order

It appears that FamilyCare is dissatisfied with the existing Protective Order, which was the product of arduous negotiations and final approval by Judge Armstrong.  The categories of confidential documents and Attorney Eyes Only ("AEO") documents were part of the negotiations and, in Eastern Oregon's case, have been known to FamilyCare since before November 1, 2017.  A copy of Eastern Oregon's designations is enclosed.  As FamilyCare knows, many of the CCOs designated categories of documents to protect their confidential information because a CCO does not know how OHA has kept or sorted the data, and whether the data is reproduced in other OHA documents.

FamilyCare apparently has access to Eastern Oregon's confidential information for purposes of the litigation, and your letter does not state what FamilyCare's problem is with regard to Eastern Oregon's data.  FamilyCare does not identify any document handling issues that were not foreseen under the terms of the

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

MILLERNASH.COM

4835-4894-1919.1

**Exhibit 6**
**Page 2 of 8**



MILLER
NASH GRAHAM
& DUNN LLP
ATTORNEYS AT LAW

Mr. Thomas R. Johnson
March 15, 2018
Page 2

negotiated Protective Order. FamilyCare does not explain how it is adversely affected in the preparation of its case.

Finally, it would appear that it is too late for FamilyCare to complain about the CCO designations that have been known to FamilyCare for over four months.

(2)    The Conferral Process Required in the Existing Protective Order.

Paragraph 5d addresses erroneous document designations. Each CCO is entitled to a letter from FamilyCare regarding claims of erroneous designation of documents by that CCO. In the present case, FamilyCare sent a form letter to all of the CCOs, without identifying any specific documents designated by a particular CCO, including Eastern Oregon.

The manner in which FamilyCare has identified documents in your letter of March 6, does nothing to permit Eastern Oregon to respond to FamilyCare. The letter contains almost seven pages of Bates Numbered documents, which are meaningless to Eastern Oregon. Eastern Oregon does not have access to the Bates Numbered documents. If FamilyCare can provide Eastern Oregon with specific documents about which FamilyCare has complaints, then Eastern Oregon can respond. Eastern Oregon does not believe that providing copies of all the Bates Numbered documents would be appropriate since this, presumably, would expose the confidential documents of other CCOs to Eastern Oregon in violation of the Protective Order.

(3)    FamilyCare's Dispute is with OHA.

It seems that FamilyCare's real dispute is with OHA's labeling of the documents OHA has produced. Eastern Oregon suggests that FamilyCare ask OHA to identify CCO-specific documents designated as confidential or AEO and then each CCO can respond to FamilyCare's issues, if any issues remain.

(4)    FamilyCare's Withdrawal from the Market Does Not Solve the Confidentiality Issues

FamilyCare may believe that since it has withdrawn from the Oregon markets, confidentiality is not required for other CCOs' confidential information. Actually, the withdrawal may exacerbate the problem since FamilyCare's employees may end up employed by competitors of Eastern Oregon or by a new entity that may compete with Eastern Oregon. Confidentiality and AEO designations still are necessary for

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

MILLERNASH.COM

4835-4894-1919.1

Exhibit 6
Page 3 of 8



Mr. Thomas R. Johnson
March 15, 2018
Page 3

FamilyCare's experts as Judge Armstrong concluded when he approved the existing Protective Order.

      (4)     Reservation of Rights.

By responding to FamilyCare's letter within 10 days of March 6, as required by the Protective Order, Eastern Oregon is not waiving its position that FamilyCare has failed to comply with the terms of the Protective Order, and Eastern Oregon reserves all of its rights to assert FamilyCare's noncompliance.

Since it also appears that FamilyCare is attempting to abrogate or renegotiate the parties' Protective Order, Eastern Oregon reserves its rights to argue that FamilyCare is not entitled to any of Eastern Oregon's information provided to OHA on any grounds, including that Eastern Oregon's provider rates, contracts and financial information, are not relevant to FamilyCare's rate-setting process in the Portland Metropolitan area.

Should you wish to discuss these matters, please let me know, and we can arrange a mutually convenient time to do so.

Very truly yours,

Frank V. Langfitt

Enclosure
cc:    Matt Levin (via e-mail)

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

MILLERNASH.COM

4835-4894-1919.1

**Exhibit 6**
**Page 4 of 8**



MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW

U.S. Bancorp Tower
111 S.W Fifth Avenue, Suite 3400
Portland, Oregon 9720'

‹ .. _503.224.5858
r· 503.224.0155

**Frank V. Langfitt**
frank.langfitt@millernash.com
503.205.2425 direct line

October 25, 2017

**VIA E-MAIL**
*elleanor.chin@doj.state.or.us*          *dallasdeluca@mhgm.com*

Ms. Elleanor H. Chin                      Mr. Dallas DeLuca
DOJ Trial Division Civil Litigation Section   Markowitz Herbold PC
100 SW Market Street                      1211 SW 5th Avenue, Suite 3000
Portland, Oregon  97201                   Portland, Oregon  97204

Subject:    *FamilyCare, Inc. v. Oregon Health Authority*
            Marion County Circuit Court Case No. 17CV09226

Dear Ms. Chin and Mr. DeLuca:

        With this correspondence, I am providing Eastern Oregon CCO's ("Eastern Oregon") designations of confidential documents.  I have used the spreadsheet provided by Ms. Chin with 13 categories of documents.  Also, I have added a 14th category for OHA or Optumas documents that have incorporated confidential information into new documents.

        The form of applicable Protective Order will be the form entered as a result of the Court hearing of October 19, 2017.

        Please let me know if you have questions or concerns about Eastern Oregon's designations.  Thank you.

                                    Very truly yours,

                                    Frank V. Langfitt

Attachment
cc:  All Counsel (via e-mail)

Portland, OR
Seattle, WA
Vancouver, WA
Long Beach, CA

4823-9217-7746.1

**Exhibit 6**
**Page 5 of 8**

**FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED**

REVISED September 22, 2017

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| 1. CCO Rate of Growth Tool | YES | NO | | . | Produce all, including all tabs and hidden tabs. | Designate all Attorney Eyes Only (AEO) |
| 2. Exhibit L – all | YES | | | | Produce all | AEO designations for reports L13, L14, L15, l16, L17, L17.1, L17.2, L18, L18.1, L19 & Scratch Sheet |
| 3. Supplement Rate Templates | YES[1] | NO | | | Produce all | Designate all AEO |
| 4. Claims and Encounter data submissions to the state | YES | NO | | | Produce all | Designate all AEO |
| 5. State enrollment data including premiums paid | YES | NO | | | Okay to Produce. | Designate all AEO |
| 6. MLR Template | YES | NO | | | Produce all | Designate all AEO |
| 7. Audited Financials | YES | ?? | | | Already public | |
| 8. Actuarial Opinions | YES | NO | | . | Produce to the extent opinions | Designate all AEO |

[1] FCI specifies this category extends to "all bid template files and subsequent versions of bid template files submitted for rate development using 2013-2015 base data, including all narrative information

JUSTICE-#8495850-v2-FamilyCare_9226_DISC_Ind_CCO_Disc_Worksheet 4819-4025-9665 v.1.docx

Page 1

4819-4025-9665.1

Exhibit 6
Page 6 of 8

FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED

REVISED September 22, 2017   CCO - Eastern Oregon CCO (October 23, 2017)

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| | | | | | have been expressed | |
| 9.  SNRG Reconciliation | YES | NO | | | Produce | Designate all AEO |
| 10.  SB 231 Primary Care template | YES | NO | | | Produce | Designate all AEO |
| 11.  Any records or detail data that would identify prescription drug prices or rates | YES[2] | NO | | | Produce | Designate all AEO |
| 12.  Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers | YES[3] | NO | | | Produce | Designate all AEO |
| 13.  [additional category not described by CCOs] – identified by plaintiffs on 9/20 "Regional Rate Models and | YES | Need CCO position on this category | | | Blinded version okay to produce without PO. | Non-blinded version and files regarding Professional Reimbursement to be |

[2] FCI is NOT seeking "provider-level information", i.e., not seeking information about particular rates of payment to particular providers
[3] See comment on No.11

JUSTICE-#8495850-v2-FamilyCare_9226_DISC_Ind_CCO_Disc_Worksheet 4819-4025-9665 v.1.docx

Page 2

4819-4025-9665.1

**Exhibit 6**
**Page 7 of 8**

FAMILYCARE, INC. V. OHA – CCO INFORMATION REQUESTED

REVISED September 22, 2017    CCO – Eastern Oregon CCO (October 24, 2017)

| Description of Information (B. Parrott 9/11/2017) | FCI has REQ. 9/20/17 | Agreement with FCI's counsel 9/21/17 | Information Requested should not be produced AT ALL | Information could be produced under FC's proposed PO 9/11/17 | Under another form of PO (Form of PO to be entered pursuant to Court Order of 10/19/2017) | Notes |
|---|---|---|---|---|---|---|
| supporting exhibits for the Southwestern, Northwestern and Eastern Oregon Regions" | | | | | | Designate all AEO |
| 14. OHA/Optumas materials/exhibits developed that are specific to Eastern Oregon CCO | | | | | Produce to the extent related to rate setting. | All materials/exhibits that include, incorporate or comment upon the AEO designated documents described above, including payment rate development summaries, redetermination factors, and PMPM and risk score summaries be designated all AEO |

JUSTICE-#8495850-v2-FamilyCare_9226_DISC_Ind_CCO_Disc_Worksheet 4819-4025-9665 v.1.docx

4819-4025-9665.1

Exhibit 6
Page 8 of 8