**Ellen F. Rosenblum**
Attorney General
**Renee Stineman, OSB #994610**
Attorney-in Charge
Renee.Stineman@doj.state.or.uw
**Carla A. Scott, OSB #054725**
Senior Assistant Attorney General
Carla.A.Scott@doj.state.or.us
DEPARTMENT OF JUSTICE
100 SW Market Street
Portland, OR  97201
Telephone: (971) 673-1880
Fax:  (971) 673-5000

      Attorneys for Patrick Allen, in his official capacity
      as Director of Oregon Health Authority, an agency
      of the State of Oregon

**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

      Special Assistant Attorneys General for Oregon Health
      Authority, an agency of the State of Oregon, and Patrick
      Allen, both individually and in his official capacity as
      director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | Case No. 3:18-cv-00212-MO (Leading) Case No. 6:18-cv-00296-MO(Trailing) |
| Plaintiff, | **OREGON HEALTH** |

---

**Page 1 -**   **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

**AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,

Defendants.

Defendants Oregon Health Authority and Patrick Allen, in his official capacity as Director of Oregon Health Authority (collectively, "OHA") answer plaintiff's Fourth Amended Complaint as follows:

## PARTIES

1.

With respect to paragraph 1, OHA admits that FamilyCare, Inc. ("FamilyCare") was at all relevant times an Oregon non-profit corporation with a principal place of business in Portland, Oregon. OHA admits that, as a certified Coordinated Care Organization ("CCO"), FamilyCare contracted with the State of Oregon by and through OHA to provide services for the Oregon Health Plan ("OHP"). OHA is without sufficient knowledge or information to form a belief as to the remaining allegations in paragraph 1, and therefore denies these allegations.

2.

OHA admits that it is an agency of the State of Oregon that is responsible for administering Oregon's Medicaid program, with a principal place of business in Salem, Oregon. OHA denies the remainder of the allegations in paragraph 2.

Page 2 -    **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

3.

OHA admits that Patrick Allen is the director of the Oregon Health Authority, and that Lynne Saxton was a former director of the Oregon Health Authority. OHA denies the remainder of the allegations in paragraph 3.

4.

OHA denies the allegations in paragraph 4.

**JURISDICTION AND VENUE**

5.

FamilyCare's allegations in paragraph 5 are legal conclusions for which no response is required.

**GENERAL ALLEGATIONS**

6.

OHA denies the allegations contained in heading "I." With respect to the allegations in paragraph 6, OHA admits that the Centers for Medicare and Medicaid Services ("CMS") works with states with respect to, among other things, the Medicaid program. FamilyCare's remaining allegations are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

7.

FamilyCare's allegations in paragraph 7 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

8.

FamilyCare's allegations in paragraph 8 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

9.

With respect to the allegations in paragraph 9, OHA admits that in 2012, CMS approved an amendment and extension of Oregon's Section 1115 Demonstration Project and that CMS extended the waiver for five years from January 12, 2017 through June 30, 2022. OHA neither

**Page 3 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

admits nor denies the allegations regarding a letter dated January 12, 2017, for the reason that the document speaks for itself.  OHA denies the remaining allegations in paragraph 9.

10.

OHA denies the allegations in paragraph 10.

11.

FamilyCare's allegations in paragraph 11 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

12.

FamilyCare's allegations in paragraph 12 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

13.

OHA denies the allegations in paragraph 13.

14.

OHA denies the allegations in heading "II."  With respect to paragraph 14, OHA neither admits nor denies the allegations regarding documents, for the reason that the documents speak for themselves.  OHA denies the remaining allegations in paragraph 14.

15.

With respect to paragraph 15, OHA neither admits nor denies the allegations regarding quotes from a document, for the reason that the document has not been identified, and, if it exists, the document speaks for itself.  OHA denies the remaining allegations in paragraph 15.

16.

With respect to paragraph 16, OHA neither admits nor denies the allegations regarding quotes from a document, for the reason that the document has not been identified, and, if it exists, the document speaks for itself.  OHA denies the remaining allegations in paragraph 16.

17.

FamilyCare's allegations in the first two sentences of paragraph 17 regarding ORS 414.620 and 414.625 are legal conclusions for which no response is required.  To the extent a

**Page 4 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

response is required, OHA denies the allegations in paragraph 17. OHA denies the remaining allegations in paragraph 17.

18.

OHA denies the allegations in paragraph 18.

19.

OHA denies the allegations in heading "III." With respect to paragraph 19, OHA admits that FamilyCare and OHA entered into a contract on January 1, 2014. FamilyCare's remaining allegations interpreting the contract's provisions are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. To the extent the allegations purport to quote the terms of the contract, OHA neither admits nor denies them for the reason the contract speaks for itself. OHA denies the remaining allegations in paragraph 19.

20.

With respect to paragraph 20, OHA admits that OHA presented a 2015 contract amendment to FamilyCare on December 24, 2014. OHA admits that OHA contracted with Optumas, an outside actuarial consulting firm, to re-examine and redevelop 2015 capitation rates and to develop the 2016 capitation rates. OHA denies the remaining allegations in paragraph 20.

21.

With respect to paragraph 21, OHA admits that FamilyCare requested certain rate review tools and trend models. OHA neither admits nor denies that Exhibit 1 is a true and correct copy of a letter from Keely West to Kelly Knivila on August 25, 2015, for the reason the document speaks for itself. OHA denies the remaining allegations in paragraph 21.

22.

OHA denies the allegations in paragraph 22.

23.

With respect to paragraph 23, OHA admits that FamilyCare submitted a Request for Production of Documents as part of its 2015 lawsuit. OHA denies the remaining allegations in paragraph 23.

**Page 5 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

24.

With respect to paragraph 24, OHA admits that in August 2015, OHA presented the 2015 capitation rates that had been redeveloped by Optumas. OHA neither admits nor denies the allegations regarding quotes from a document, for the reason that the document has not been identified, and, if it exists, the document speaks for itself. OHA denies the remaining allegations in paragraph 24.

25.

OHA denies the allegations in paragraph 25.

26.

OHA admits the allegations in paragraph 26.

27.

With respect to paragraph 27, OHA admits that FamilyCare filed suit against OHA again on March 29, 2016. OHA neither admits nor denies the allegations contained in the complaint, for the reason that the document speaks for itself. OHA denies the remainder of the allegations in paragraph 27.

28.

With respect to paragraph 28, OHA admits that OHA notified FamilyCare in April 2016 of its intent to terminate FamilyCare's contract. OHA denies the remaining allegations in paragraph 28.

29.

With respect to paragraph 29, OHA admits that FamilyCare and OHA signed a settlement agreement on May 22, 2016 (the "Settlement Agreement"). OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 29.

///

///

///

**Page 6 -    OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

30.

With respect to paragraph 30, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 30.

31.

With respect to paragraph 31, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 31.

32.

With respect to paragraph 32, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 32.

33.

OHA denies the allegations in heading "IV." With respect to paragraph 33, OHA admits OHA released the 2017 capitation rates for Oregon's CCOs in or about October 2016. OHA admits the allegations in the fourth sentence of paragraph 33. OHA neither admits nor denies the allegations regarding the contents of the certification, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 33.

34.

With respect to paragraph 34, OHA denies that OHA stated it would release the contract amendment and the rates concurrently in 2017. OHA admits that the version of the contract amendment OHA sent FamilyCare did not initially include Exhibit K. OHA denies the remaining allegations in paragraph 34.

35.

OHA denies the allegations in paragraph 35.

///

///

**Page 7 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

36.

With respect to paragraph 36, OHA neither admits nor denies the allegations regarding the terms of an August 23, 2016 CMS letter, for the reason the document speaks for itself. OHA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36, and therefore denies these allegations.

37.

OHA denies the allegations in heading "V." With respect to paragraph 37, FamilyCare's allegations interpreting the parties' Settlement Agreement and "[f]ederal law" are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 37.

38.

With respect to paragraph 38, OHA admits that on December 30, 2016, OHA and FamilyCare signed an agreement entitled the "Dispute Resolution Agreement." OHA neither admits nor denies the allegations regarding the terms of that agreement for the reason the document speaks for itself. FamilyCare's remaining allegations are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

39.

With respect to paragraph 39, OHA admits that on December 30, 2016 FamilyCare signed the contract amendment. OHA admits that OHA sent an email to FamilyCare on December 31, 2016 that speaks for itself. OHA denies the remaining allegations in paragraph 39.

40.

With respect to paragraph 40, OHA neither admits nor denies the allegations regarding the terms of the Dispute Resolution Agreement, for the reason the document speaks for itself. FamilyCare's remaining allegations characterizing the Dispute Resolution Agreement are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 40.

**Page 8 -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

41.

With respect to paragraph 41, OHA admits that a meeting between OHA and FamilyCare representatives occurred on January 17, 2017.  OHA denies the remaining allegations in paragraph 41.

42.

OHA denies the allegations in paragraph 42.

43.

OHA denies the allegations in paragraph 43.

44.

With respect to paragraph 44, OHA neither admits nor denies the allegations regarding the February 21, 2017 letter, for the reason the document speaks for itself.  OHA denies the remaining allegations in paragraph 44.

45.

OHA denies the allegations in paragraph 45.

46.

OHA denies the allegations in heading "VI."  With respect to paragraph 46, OHA denies the allegations in paragraph 46.

47.

With respect to paragraph 47, OHA neither admits nor denies the allegations regarding the emails, for the reason those documents speak for themselves.  OHA denies the remaining allegations in paragraph 47.

48.

With respect to paragraph 48, OHA admits that representatives of OHA and FamilyCare participated in a meeting on January 17, 2017 at the offices of FamilyCare's counsel.  OHA admits that actuaries and executives from both OHA and FamilyCare attended the meeting. OHA admits OHA appeared with counsel from the Oregon Department of Justice, an actuary from Optumas, and Mark Fairbanks of OHA.  OHA admits that FamilyCare's counsel made a

**Page 9 -   OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

PowerPoint presentation, and DOJ requested a copy of FamilyCare's slide deck. OHA admits that FamilyCare emailed an electronic copy of the slide deck to counsel for OHA. OHA neither admits nor denies the allegations regarding the contents of the emails, for the reason those documents speak for themselves. OHA admits that OHA officials requested time to consider FamilyCare's counsel's presentation, and that FamilyCare's counsel provided OHA a private room. OHA denies the remaining allegations in paragraph 48.

49.

With respect to paragraph 49, OHA neither admits nor denies the allegations regarding the contents of an email, for the reason that document speaks for itself. OHA admits that Ms. Darby forwarded the slide deck to Ms. Crowell. OHA denies the remaining allegations in paragraph 49.

50.

With respect to paragraph 50, OHA denies the first and second paragraphs. OHA neither admits nor denies the allegations regarding the contents of the referenced emails, for the reason those documents speak for themselves. OHA denies the remaining allegations in paragraph 50.

51.

With respect to paragraph 51, OHA neither admits nor denies the allegations regarding the contents of the referenced documents, for the reason those documents speak for themselves. OHA denies the remaining allegations in paragraph 51.

52.

OHA denies the allegations in paragraph 52.

53.

With respect to paragraph 53, OHA admits the first sentence. OHA admits that FamilyCare sent OHA a public records request that contained financial data. OHA denies the remaining allegations of paragraph 53.

///

///

**Page 10 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

54.

With respect to paragraph 54, OHA neither admits nor denies the allegations regarding the contents of the referenced email, for the reason that document speaks for itself. OHA denies the remaining allegations in paragraph 54.

55.

With respect to paragraph 55, OHA neither admits nor denies the allegations regarding the contents of the January 26, 2017 document, for the reason that document speaks for itself. OHA denies the remaining allegations in paragraph 55.

56.

With respect to paragraph 56, OHA neither admits nor denies the allegations regarding the contents of the August 7, 2017 letter, for the reason that document speaks for itself. OHA admits that on August 8, 2017, Governor Brown announced that Ms. Saxton had tendered her resignation, effective August 31, 2017. OHA denies the remaining allegations in paragraph 56.

57.

With respect to paragraph 57, OHA admits that OHA issued a news release on April 11, 2017, that the release is no longer on its website, and that the document speaks for itself. OHA neither admits nor denies the allegations and partial quotes regarding the contents of certain unidentified documents for lack of information, and because any documents speak for themselves. OHA denies the remaining allegations in paragraph 57.

58.

With respect to paragraph 58, OHA neither admits nor denies the allegations and partial quotes regarding the contents of certain unidentified documents for lack of information, and because any documents speak for themselves. OHA denies the remaining allegations in paragraph 58

59.

OHA denies the allegations contained in heading "VIII." With respect to paragraph 59, OHA admits that Allen became OHA's acting director on September 1, 2017, and that at the

**Page 11 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

time, the 2018 rate setting process was well underway.  OHA denies the remaining allegations in paragraph 59.

60.

With respect to paragraph 60, OHA neither admits nor denies the allegations and partial quotes regarding the contents of documents for lack of information, and because any documents speak for themselves.  OHA admits that on October 31, 2017, OHA informed the CCOs that Lewis & Ellis would perform an actuarial review and Manatt, Phelps, & Phillips LLP would perform a regulatory review of the 2018 rate-setting process.  OHA denies the remaining allegations in paragraph 60.

61.

With respect to paragraph 61, OHA admits the first sentence.  OHA neither admits nor denies the allegations and partial quote regarding the contents of one or more documents for lack of information, and because any documents speak for themselves.   OHA denies the remainder of the allegations in paragraph 61.

62.

OHA denies the allegations in paragraph 62.

63.

With respect to paragraph 63, OHA neither admits nor denies the allegations and partial quotes regarding the contents of the Settlement Agreement because the document speaks for itself.  OHA denies the remaining allegations in paragraph 63.

64.

OHA is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 64 and therefore denies these allegations.  OHA denies the remaining allegations in paragraph 64.

65.

With respect to paragraph 65, OHA admits that on or about December 4, 2017, OHA released reports from Lewis & Ellis and Manatt, Phelps, & Phillips.  OHA neither admits nor

**Page 12 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

denies the allegations and partial quotes regarding the contents of those reports because the documents speak for themselves.  OHA denies the remaining allegations in paragraph 65.

66.

With respect to paragraph 66, OHA neither admits nor denies the allegations, paraphrasing and partial quotes regarding the contents of an "announcement," for lack of information and because the unidentified document or documents speak for themselves.  OHA denies the remaining allegations in paragraph 66.

67.

OHA denies the allegations in paragraph 67.

68.

With respect to paragraph 68, OHA neither admits nor denies the allegations,paraphrasing, and partial quotes regarding the contents of a November 29, 2017 Oregon Secretary of State audit report, for the reason the document speaks for itself.  OHA denies the remaining allegations in paragraph 68.

69.

OHA denies the allegations in paragraph 69

70.

With respect to paragraph 70, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's intentions and beliefs, and therefore denies these allegations.  OHA denies the remaining allegations in paragraph 70.

71.

FamilyCare's allegations in paragraph 71 regarding ORS 414.652 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  OHA denies the remaining allegations in paragraph 71.

72.

OHA denies the allegations in paragraph 72.

///

**Page 13 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

73.

With respect to paragraph 73, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's motivations, and therefore denies these allegations. OHA denies the remaining allegations in paragraph 74.

74.

With respect to paragraph 74, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's motivations, and therefore denies these allegations. OHA admits that on December 22, 2017, FamilyCare signed a one-month rate amendment for January 2018. OHA admits that on December 22, 2017 FamilyCare and OHA entered into a personal services contract. OHA denies the remaining allegations in paragraph 74.

75.

With respect to paragraph 75, OHA admits that OHA sent FamilyCare an email on December 29, 2017. OHA neither admits nor denies the allegations, paraphrasing and partial quotes regarding the contents of that email because it speaks for itself. OHA denies the remaining allegations in paragraph 75.

76.

With respect to paragraph 76, OHA is without sufficient knowledge or information to form a belief as to the allegations, and therefore denies them. OHA denies the remaining allegations in paragraph 76.

77.

With respect to paragraph 77, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding the following: Recovery Works' operations, FamilyCare's motivations, and Recovery Works' motivations. OHA therefore denies these allegations. OHA neither admits nor denies the allegations paraphrasing an unidentified public statement allegedly made by Recovery Works' managing partner, for lack of information, and because such statement speaks for itself. OHA denies the remaining allegations in paragraph 77.

///

78.

With respect to paragraph 78, OHA admits that on January 23, 2018, in advance of a meeting later that week, OHA sent all CCOs a "CY18 Rate Update." OHA neither admits nor denies the allegations regarding the contents of the Rate Update because the document speaks for itself. OHA denies the remaining allegations in paragraph 78.

79.

OHA denies the allegations in paragraph 79.

80.

OHA denies the allegations in paragraph 80.

## FIRST CLAIM FOR RELIEF

### (Defendants Patrick Allen and Lynne Saxton)

### (Deprivation of Civil Rights)

81.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

82.

FamilyCare's allegations in paragraph 82 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

83.

FamilyCare's allegations in paragraph 83 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

84.

The first and third sentences of FamilyCare's allegations in paragraph 84 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 84.

///

///

**Page 15 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH
AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

85.

FamilyCare's allegations in paragraph 85 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

86.

FamilyCare's allegations in paragraph 86 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

87.

FamilyCare's allegations in paragraph 87 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

88.

FamilyCare's allegations in paragraph 88 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

89.

FamilyCare's allegations in paragraph 89 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

90.

As to the allegations directed at OHA, FamilyCare's allegations in paragraph 90 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 90.

91.

FamilyCare's allegations in paragraph 91 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

92.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 92.

///

///

**Page 16 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

93.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 93.

## SECOND CLAIM FOR RELIEF

## (Breach of Settlement Agreement - Specific Performance)

94.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

95.

FamilyCare's allegations in paragraph 95 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

96.

OHA denies the allegations in paragraph 96.

97.

With respect to paragraph 97, OHA admits that FamilyCare has represented that it began reimbursing certain primary care providers at a $65 per unit conversion factor at some point in time.  OHA admits that FamilyCare told OHA about the increase in reimbursements to primary care providers.   OHA denies the remaining allegations in paragraph 97.

98.

With respect to paragraph 98, OHA neither admits nor denies the allegations, paraphrasing and partial quotes regarding uncited, unattributed statements allegedly made by OHA, for lack of information and for the reason that the statements would speak for themselves. OHA denies the remaining allegations in paragraph 98.

99.

OHA denies the allegations in paragraph 99.

100.

OHA denies the allegations in paragraph 100.

**Page 17 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

101.

FamilyCare's allegations in paragraph 101 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

102.

With respect to paragraph 102, OHA denies the last sentence. The remaining allegations are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 102.

103.

OHA denies the allegations in paragraph 103.

104.

OHA denies the allegations in paragraph 104.

105.

OHA denies the allegations in paragraph 105.

106.

OHA denies the allegations in paragraph 106.

107.

OHA denies the allegations in paragraph 107.

108.

FamilyCare's allegations in paragraph 108 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

109.

OHA denies the allegations in paragraph 109.

110.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 110.

///

///

**Page 18 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

111.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

112.

FamilyCare's allegations in paragraph 112 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

113.

FamilyCare's allegations in paragraph 113 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

114.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 114.

## FOURTH CLAIM FOR RELIEF

### (Judicial Review of 2017 Rate Amendment Under ORS 183.480(3) and ORS 183.484)

115.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

116.

FamilyCare's allegations in paragraph 116 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

117.

FamilyCare's allegations in paragraph 117 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

///

///

**Page 19 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

118.

FamilyCare's allegations in paragraph 118 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

119.

FamilyCare's allegations in paragraph 119 regarding actuarial soundness and ORS 183.484(5)(c) are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 119.

120.

FamilyCare's allegations in paragraph 120 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

121.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 121.

## FIFTH CLAIM FOR RELIEF

### (Breach of Settlement Agreement—Damages)

122.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

123.

FamilyCare's allegations in paragraph 123 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

124.

FamilyCare's allegations in paragraph 124 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

///

///

**Page 20 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

125.

FamilyCare's allegations in paragraph 125 regarding actuarial soundness and breach of contract are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 125.

126.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 126.

## SIXTH CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing, Settlement Agreement— Damages)**

127.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

128.

With respect to paragraph 128, the Court dismissed the Sixth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

129.

With respect to paragraph 129, the Court dismissed the Sixth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

130.

With respect to paragraph 130, the Court dismissed the Sixth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

///

///

**Page 21 -** **OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

131.

With respect to paragraph 131, the Court dismissed the Sixth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

## SEVENTH CLAIM FOR RELIEF

### (Breach of Dispute Resolution Agreement—Damages)

132.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

133.

FamilyCare's allegations in paragraph 133 regarding contract obligations and good faith are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 133.

134.

FamilyCare's allegations in paragraph 134 regarding contract obligations and good faith are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 131.

135.

OHA is without sufficient knowledge or information to form a belief as to FamilyCare's allegations in paragraph 135 and therefore denies these allegations.

136.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 136.

///

///

///

///

**Page 22 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## EIGHTH CLAIM FOR RELIEF

## (Breach of the Implied Covenant of Good Faith and Fair Dealing, Dispute Resolution

## Agreement—Damages)

137.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

138.

FamilyCare's allegations in paragraph 138 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

139.

FamilyCare's allegations in paragraph 139 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

140.

OHA is without sufficient knowledge or information to form a belief as to FamilyCare's allegations in paragraph 140 and therefore denies these allegations.

141.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 141.

## NINTH CLAIM FOR RELIEF

## (Intentional Interference with Business Relations—Damages)

142.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

143.

FamilyCare's allegations in paragraph 143 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations. OHA denies the remaining allegations in paragraph 143.

**Page 23 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

144.

OHA denies the allegations in paragraph 144.

145.

FamilyCare's allegations in paragraph 145 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

146.

FamilyCare's allegations in paragraph 146 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

147.

OHA is without sufficient knowledge or information to form a belief as to FamilyCare's allegations in paragraph 147 and therefore denies these allegations.

148.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 148.

**TENTH CLAIM FOR RELIEF**

**(Breach of Contract)**

149.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

150.

With respect to paragraph 150, the Court dismissed the Tenth Claim for Relief with prejudice.  No response is necessary.  To the extent a response is required, OHA denies the allegations.

151.

With respect to paragraph 150, the Court dismissed the Tenth Claim for Relief with prejudice.  No response is necessary.  To the extent a response is required, OHA denies the allegations.

152.

With respect to paragraph 150, the Court dismissed the Tenth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

153.

With respect to paragraph 150, the Court dismissed the Tenth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

154.

With respect to paragraph 150, the Court dismissed the Tenth Claim for Relief with prejudice. No response is necessary. To the extent a response is required, OHA denies the allegations.

## ELEVENTH CLAIM FOR RELIEF

### (Judicial Review of 2018 Rate Amendment Under ORS 183.480(3) and ORS 183.484)

155.

With respect to paragraph 155, OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

156.

FamilyCare's allegations in paragraph 156 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

157.

With respect to paragraph 157, OHA admits that FamilyCare signed a one-month contract extension on or about December 22, 2017. FamilyCare's remaining allegations in paragraph 157 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

///

///

**Page 25 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

158.

FamilyCare's allegations in paragraph 158 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

159.

FamilyCare's allegations in paragraph 159 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

160.

OHA denies that plaintiff is entitled to any relief in this action, and denies the remainder of the allegations in paragraph 160.

## GENERAL DENIAL

161.

OHA hereby denies every allegation in the Fourth Amended Complaint that is not specifically admitted above.

## AFFIRMATIVE DEFENSES

OHA alleges the following affirmative defenses without assuming the burden of any matter that would otherwise rest with FamilyCare, and reserves the right to revise, amend, and supplement these affirmative defenses as discovery continues or the facts warrant. Further, OHA will not provide affirmative defenses to claims for relief dismissed with prejudice by order of this Court.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

162.

FamilyCare has failed to state a claim upon which relief can be granted.

///

///

///

///

**Page 26 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

163.

FamilyCare is estopped from seeking relief in its Seventh and Eighth Claims for Relief because FamilyCare requested that OHA's actuary not attend the second dispute resolution meeting and OHA followed and justifiably relied on FamilyCare's request.

164.

FamilyCare is estopped from seeking relief in its Fourth and Eleventh Claims for Relief because FamilyCare and OHA agreed in the Settlement Agreement that:

i.    OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval;

ii.   OHA must establish to the satisfaction of CMS that the rates are actuarially sound;

iii.  OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year;

iv.   CMS approves CCO contracts and the rates contained therein that CMS finds to be actuarially sound and developed in accordance with Actuarially Sound Principles, based on the information provided to it by OHA and its actuaries;

and OHA justifiably relied on those statements.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

165.

FamilyCare is precluded from seeking relief in its Seventh and Eighth Claims for Relief under the doctrine of waiver because FamilyCare intentionally relinquished its rights under the Dispute Resolution Agreement when it requested that OHA's actuary not attend the second dispute resolution agreement meeting and filed suit before the completion of that agreement.

///

**Page 27 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## FOURTH AFFIRMATIVE DEFENSE

### (Release)

166.

FamilyCare's First, Fourth, and Eleventh Claims for Relief are barred in whole or in part because the Settlement Agreement included a release of claims.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

167.

FamilyCare's First Claim for Relief is barred in whole or in part by the doctrine of unclean hands because FamilyCare engaged in bad faith conduct, including implementing its own communication plans designed to denigrate OHA.

## SIXTH AFFIRMATIVE DEFENSE

### (Mootness)

168.

FamilyCare's Fourth Claim for Relief is moot because CMS approved FamilyCare's 2017 rates and determined that those rates are actuarially sound.

169.

FamilyCare's claims for injunctive and prospective relief are moot because FamilyCare is no longer operating as a CCO.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

170.

FamilyCare's Fourth and Eleventh Claims for Relief, and other claims to the extent they seek relief for rates that are allegedly actuarially unsound, are barred because the Court lacks subject matter jurisdiction to determine whether rates are actuarially unsound.

///

///

**Page 28 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## EIGHTH AFFIRMATIVE DEFENSE

### (Claims Preempted by Federal Law)

171.

FamilyCare's Fourth and Eleventh Claims for Relief, and other claims to the extent they seek relief for rates that are allegedly actuarially unsound, are preempted by Title XIX of the Social Security Act and related statutes and regulations.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

172.

FamilyCare's Fourth and Eleventh Claims for Relief, and other claims to the extent they seek relief for rates that are allegedly actuarially unsound, are barred in whole or in part because FamilyCare failed to exhaust its administrative remedies under federal law.

## TENTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

173.

FamilyCare's claims are barred in whole or in part by the doctrine of sovereign immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

174.

FamilyCare's claims are barred in whole or in part because they are based upon the performance of or failure to perform a discretionary function or duty, and thus defendants are immune from liability.

///

///

///

///

**Page 29 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH
AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## TWELFTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

175.

FamilyCare's First and Ninth Claims for Relief are barred in whole or in part because they are based upon statements that affect the public interest and were published to others who were authorized to act on them, *e.g.* legislators, or were made in the course of litigation, and thus are immune from liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Absolute Privilege)

176.

FamilyCare's First and Ninth Claims for Relief are barred in whole or in part because they are based upon the conduct of public officials in performance of their official duties and in the course of litigation, and thus are immune from liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

177.

FamilyCare's Seventh and Eighth Claims for Relief are barred in part by the doctrine of accord and satisfaction.  FamilyCare and OHA reached an accord regarding the attendance of actuaries at the second dispute resolution meeting.  Upon request by FamilyCare's counsel, Stephen English, the parties agreed that actuaries would not attend this second meeting.

178.

OHA satisfied the accord by appearing at the meeting without actuaries.

179.

Alternatively, FamilyCare and OHA reached an accord regarding the timing of the second dispute resolution meeting.  After this meeting was scheduled for February 6, FamilyCare requested that it be rescheduled for a later date.

///

**Page 30 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

180.

OHA satisfied the accord by tendering performance, *i.e.* attempting to schedule a second meeting in early March.

181.

FamilyCare's claims are therefore partially barred by accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Substituted Contract)

182.

FamilyCare's Seventh and Eighth Claims for Relief are barred in part by substituted contract.  FamilyCare and OHA entered a substituted contract under which actuaries were not required to attend the second dispute resolution meeting.

183.

OHA performed by appearing at the second dispute resolution meeting without actuaries.

184.

Alternatively, FamilyCare and OHA entered into a substituted contract that permitted the second dispute resolution meeting to take place in early March.

185.

OHA tendered performance, *i.e.* attempted to schedule a second meeting in early March.

186.

FamilyCare's claims are therefore partially barred by substituted contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unenforceable for Indefiniteness)

187.

FamilyCare's Seventh and Eighth Claims for Relief are barred because the Dispute Resolution Agreement is unenforceable because the terms FamilyCare is seeking to enforce, among others, are not sufficiently definite to determine the parties' intent.

///

**Page 31 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Material Breach)**

188.

FamilyCare's Seventh and Eighth Claims for Relief are barred, in whole or in part, because FamilyCare materially breached the Dispute Resolution Agreement by, among other things, failing to limit its information requests to information that was reasonably necessary to evaluate rates, failing to work cooperatively toward adequate protections for the disclosure of confidential information, failing to present a "specific alternative proposal" regarding rate-setting, and failing to perform the Agreement in good faith.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy a Condition Precedent)**

189.

FamilyCare's Seventh and Eighth Claims for Relief are barred, in whole or in part, because of FamilyCare's failure to satisfy a condition precedent.  FamilyCare failed to satisfy its precedent obligations under the Dispute Resolution Agreement, including, but not limited to failing to limit its information requests to information that was reasonably necessary to evaluate rates, failing to work cooperatively toward adequate protections for the disclosure of confidential information, and failing to present a "specific alternative proposal" regarding rate-setting.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Limitation of Liability)**

190.

OHA's liabilities on all claims are limited to the extent of the limitation of liability provisions set forth in Exhibit D, § 11 of the parties' Health Plan Services Contract, signed on December 6, 2013.

///

///

///

**Page 32 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

191.

FamilyCare failed to properly mitigate its economic damages because it failed to undertake all reasonable efforts to decrease expenses and increase revenue to offset the difference between its capitation rates and its budget.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Damage Limitation)

192.

Under the Oregon Tort Claims Act, ORS 30.273, FamilyCare's damages for its tort claims are limited to $115,800.

193.

FamilyCare's alleged damages for breach of the Settlement Agreement are limited to the Settlement Credit.

194.

FamilyCare may not recover damages for its claims under the Oregon Administrative Procedures Act (ORS 183.310 *et seq.*), pursuant to ORS 183.486.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Nonprofit Status)

195.

Plaintiff's damages are not cognizable in whole or in part because of its status as a tax-exempt, charitable, public benefit nonprofit CCO governed by state and federal statutes regarding CCOs, tax-exempt, charitable, public benefit nonprofit organizations and Medicaid.

## PRAYER FOR RELIEF

Wherefore, OHA prays that plaintiff take nothing.

///

///

**Page 33 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## OREGON HEALTH AUTHORITY'S COUNTERCLAIMS

Oregon Health Authority ("OHA") for its counterclaims against FamilyCare, Inc. ("FamilyCare") alleges as follows.

## FIRST COUNTERCLAIM

**(Declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the Settlement Agreement does not prevent OHA from recouping overpayments to FamilyCare)**

196.

OHA is the agency of the State of Oregon responsible for administration of the Oregon Health Plan (OHP). OHA contracts with coordinated care organizations (CCOs), including formerly with FamilyCare, for the provision and coordination of health services to OHP members.

197.

OHA and FamilyCare were, at all material times, parties to a five-year CCO Contract #143114, as amended and restated at various times (the "Contract"). Pursuant to the Contract, in consideration for FamilyCare's provision of services, OHA agreed to pay FamilyCare a monthly capitation rate for each OHP member enrolled under the Contract. As provided by the Contract, the capitation rates changed annually, and the new rates were implemented through one or more amendments to the Contract in the ordinary course each year. The Contract became effective on January 1, 2014, and expired January 31, 2018.

198.

In 2015, FamilyCare filed two lawsuits challenging its original and then re-developed capitation rates for 2015. The parties resolved those lawsuits in a settlement agreement dated May 16, 2016 (the "Settlement Agreement").

199.

All CCO contracts, including FamilyCare's, provide different capitation rates for different eligibility categories of OHP members (the "Category of Aid"). OHA has learned that, in years 2014, 2015, 2016, 2017 and 2018, all CCOs under contracts with OHA, including

**Page 34 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

FamilyCare, were overpaid at an incorrect, more expensive Category of Aid for OHP members who were eligible for Medicare coverage in addition to coverage under the OHP (the "Dual Eligible Overpayment"). CCOs receive a lower capitation rate for their dual eligible members, because dual eligible members are in a different Category of Aid.  OHA is now working with all CCOs to recoup overpayments made to them as a result of the Dual Eligible Overpayment.

200.

In addition, OHA expects that some CCOs, including FamilyCare, will owe monies to OHA under various other provisions of their respective contracts, including, for example, Minimum Medical Loss Ratio requirements, CCO Risk Corridor obligations, and others.  OHA is now working with all CCOs, including FamilyCare, to determine the CCOs' respective repayment or rebate obligations, although some of this work is scheduled to occur as late as 2019.

201.

The Contract expressly authorizes OHA to recoup from FamilyCare the monies owed by CCOs described in the preceding two paragraphs.  Exhibit C, Part 9, Section 5.d is one such provision of the Contract authorizing recoupment:

> "Any payments received by Contractor from OHA under this Contract, and any other payments received by Contractor from OHA, or any other source to which Contractor is not entitled under the terms of this Contract shall be considered an overpayment and may be recovered by OHA from Contractor."

202.

FamilyCare has told OHA and its counsel that the Settlement Agreement prevents OHA from recouping any overpayments paid to it in 2015 and 2016 because of the Dual Eligible Overpayment.  Through counsel, FamilyCare has indicated that it will likely file a lawsuit against OHA if OHA attempts to recoup such overpayments from FamilyCare.  OHA also reasonably expects that FamilyCare will contend that the Settlement Agreement prevents OHA from recouping any other amounts, including additional overpayments, that OHA is entitled to recoup from FamilyCare under the Contract.

**Page 35 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

203.

Nothing in the Settlement Agreement prevents OHA from recouping the overpayments described in this counterclaim from FamilyCare.

204.

The Settlement Agreement provides, among other things, that: (a) FamilyCare would sign an amendment (Amendment No. 6) retroactively accepting redeveloped 2015 rates in exchange for a settlement credit (the Settlement Credit); (b) OHA would execute an amendment (Amendment No. 8) slightly increasing FamilyCare's 2016 rates; (c) OHA shall not use rates paid to FamilyCare for 2016 or the Settlement Credit to limit "the amount that can be paid to FamilyCare in future rate years"; and (d) OHA would release and waive all claims it then had (known or unknown) against FamilyCare relating to or arising from FamilyCare's prior refusal to sign Amendment No. 6. The Settlement Agreement expressly provides that it "does not limit OHA's ability to . . . take . . . action under the Contract, for any issue or matter not related to FamilyCare's refusal to sign Amendment No. 6."

205.

Correcting the Category of Aid a CCO receives for an OHP member does not alter the capitation rates in the CCO's contract. The Dual Eligible Overpayment does not alter the 2015 rates and 2016 rates for which the Settlement Agreement provided. Similarly, the other amounts OHA may recoup from FamilyCare under the Contract, as described above, do not alter the 2015 rates or 2016 rates for which the Settlement Agreement provided.

206.

OHA brings this action to obtain clarity and finality regarding the effect Settlement Agreement on OHA's right to recover overpayments made to FamilyCare for which OHA is entitled to recoup from FamilyCare pursuant to the Contract.

207.

This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367 and 2201(a) because: (1) the claim forms part of the same case or controversy as the claims

**Page 36 - OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

alleged in the complaint; and (2) there is a substantial controversy, between OHA and FamilyCare, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the effect of the Settlement Agreement on OHA's rights under the Contract.

208.

The Court has personal jurisdiction over FamilyCare because it resides within and has sufficient contacts with the state of Oregon.

209.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2). FamilyCare has its principal place of business in Multnomah County, within the District of Oregon, and a substantial part of the events giving rise to this claim occurred in Marion County, also within the District of Oregon.

210.

For the reasons set forth above, OHA is entitled to judgment declaring that: (1) the Settlement Agreement does not preclude OHA from recouping amounts overpaid to FamilyCare because of the Dual Eligible Overpayment; and (2) the Settlement Agreement does not preclude OHA from recouping other amounts that FamilyCare owes OHA under the Contract.

**PRAYER FOR RELIEF**

Wherefore, OHA prays that the Court:

a.  Declare that the Settlement Agreement:

1)  does not preclude OHA from recouping amounts overpaid to FamilyCare because of the Dual Eligible Overpayment; and

2)  does not preclude OHA from recouping other amounts that FamilyCare owes OHA under the Contract; and

///

///

**Page 37 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

b.  Award such additional relief as justice may require.

DATED this 25th day of June, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:  */s/ Matthew A. Levin*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for
Oregon Health Authority, an agency of the
State of Oregon, and Patrick Allen, both
individually and in his official capacity as
director of the Oregon Health Authority*

Renee Stineman, OSB #994610
Attorney-in Charge
Renee.Stineman@doj.state.or.uw
Carla A. Scott, OSB #054725
Senior Assistant Attorney General
Carla.A.Scott@doj.state.or.us

*Attorneys for Patrick Allen, in his official
capacity as Director of Oregon Health
Authority, an agency of the State of Oregon*

742209

**Page 38 -  OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S, IN HIS
OFFICIAL CAPACITY AS DIRECTOR OF OREGON HEALTH
AUTHORITY, ANSWER TO FOURTH AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**