Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>　　　　　　　Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART OREGON HEALTH AUTHORITY'S MOTIONS TO DISMISS<br><br><br>ORAL ARGUMENT REQUESTED |

FAMILYCARE, INC.'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

140477315.1

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT .................................................................................................. 1

    A.  The issue of FamilyCare's reasonable contractual expectations was
        not properly before the Court. .................................................................... 1

    B.  The complaint states a claim that FamilyCare reasonable expected
        actuarial sound capitation rates. ................................................................. 4

    C.  At minimum, the Court should reinstate FamilyCare's claim based
        on OHA's failure to set rates that were reasonable, unbiased, and
        free of errors. ............................................................................................. 7

III. CONCLUSION ............................................................................................... 9

i-   TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140477315.1

# TABLE OF AUTHORITIES

**Page**

CASES

*Arnett v. Bank of Am., N.A.*,
    874 F. Supp. 2d 1021 (D. Or. 2012) ...................................................................................3

*Best v. U.S. Nat. Bank of Or.*,
    739 P.2d 554 (Or. 1987) .....................................................................................................7

*Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*,
    No. 2:16-CV-01641-SRB, 2017 WL 5714727 (D. Ariz. July 25, 2017)..................................2

*Eaton Veterinary Pharm. Inc. v. Diamondback Drugs of Delaware LLC*,
    No. 2:14-CV-1208-HRH, 2014 WL 6471427 (D. Ariz. Nov. 18, 2014)...................................3

*Fleshman v. Wells Fargo Bank*,
    27 F. Supp. 3d 1127 (D. Or. 2014) ...................................................................................5, 6

*Gregory Funding LLC v. Saksoft, Inc.*,
    No. 3:16-cv-480-SI, 2016 WL 4480693 (D. Or. Aug. 24, 2016) ............................................7

*Remington v. Mathson*,
    No. CV09-4547 NJV, 2010 WL 1233803 (N.D. Cal. Mar. 26, 2010) .....................................2

*Ri Ky Roofing & Sheet Metal, LLC v. DTL Builders, Inc.*,
    No. 6:17-CV-01251-JR, 2018 WL 2336756 (D. Or. May 23, 2018) .......................................7

*Sharemaster v. U.S. Sec. & Exch. Comm'n*,
    847 F.3d 1059 (9th Cir. 2017) ..........................................................................................2

*U.S. Nat. Bank of Or. v. Boge*,
    814 P.2d 1082 (Or. 1991) ................................................................................................8, 9

*Werschky v. Moore*,
    706 P.2d 572 (Or. Ct. App. 1985)..................................................................................4, 5, 6

STATUTES

42 U.S.C. § 1396b(m)(2)(a)............................................................................................................5

REGULATIONS

42 C.F.R. Part 438........................................................................................................................4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140477315.1

## I.  INTRODUCTION

By focusing largely on new arguments about the merits of FamilyCare's breach of contract claim, Defendants' opposition to FamilyCare's motion for reconsideration further demonstrates that Defendants did not present this issue to the Court in their motion to dismiss. Even if the Court were to entertain these arguments, it should reject them because they lack merit. As detailed in the motion for reconsideration and further explained below, the implied covenant of good faith and fair dealing prohibits OHA from exercising its discretion under the contract by setting rates that are unsound, erroneous, biased, *or* unreasonable.  Moreover, FamilyCare alleges that OHA breached the contract by failing to pay FamilyCare amounts owned under the contract--an independent theory that Defendants concede was not raised in the motion to dismiss or addressed in the Court's order.  As such, the Court should rescind its order and deny Defendants' motion to dismiss FamilyCare's Tenth Claim for Relief.

## II.  ARGUMENT

### A.  The issue of FamilyCare's reasonable contractual expectations was not properly before the Court.

Defendants begin by half-heartedly suggesting that their motion to dismiss challenged the merits of FamilyCare's claim that it had a reasonable contractual expectation of actuarially sound capitation rates.  *See* Oregon Health Authority and Patrick Allen's Opposition to FamilyCare, Inc.'s Motion for Reconsideration ("Opp'n") at 1-2.  But the most they can muster is citation to a few scattered passages that merely confirm that the motion challenged whether the Medicaid Act operated to deprive FamilyCare of a right of action, not whether FamilyCare's allegations were sufficient to state a claim for under any available right of action.  *See id.* at 1 (quoting Motion to Dismiss at 1) ("OHA framed the relevant question as 'does FamilyCare have the authority to sue OHA because it believes that its contracts contain actuarially unsound rates?'").  As detailed in FamilyCare's motion for reconsideration, the motion to dismiss said nothing about whether

1-  FAMILYCARE, INC.'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

140477315.1

FamilyCare adequately pled a claim for breach of the implied covenant of good faith and fair dealing. *See* Motion for Reconsideration ("Mot.") at 3-4, 8-9.

Knowing that their motion did not properly raise the issue, Defendants argue that it matters not because their reply brief did. Defendants cite a handful of cases for the unremarkable proposition that a "a movant is permitted to reply to arguments raised in an opposition brief."[1] Opp'n at 2. But they cannot point to a single case granting a motion—much less a dispositive motion—based on a theory raised only in reply. Indeed, it is hornbook law that "it is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial, § 12:107. The passing reference to the implied covenant claim in FamilyCare's response brief hardly invited Defendants to shift gears by offering an entirely new theory for dismissal of that claim. *See also* Mot. at 4, 9 n. 3.

Defendants also contend that they did not waive their challenge to FamilyCare's implied covenant claim by failing to raise it in their opening brief and that FamilyCare was not prejudiced because it could have moved to strike the reply or file a sur-reply. But the fact that Defendants have not forever waived all defenses to the implied covenant claim does not mean that the issue was properly presented in their motion. Nor does the fact that FamilyCare could have sought permission to file a sur-reply or to strike the new arguments from Defendants' reply

---

[1] Defendants do not discuss any of the cases they cite, which is unsurprising as none suggest that the merits of FamilyCare's implied covenant claim was properly before the court. *See Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1070 (9th Cir. 2017) (considering pro se appellant's argument because it had been addressed in the parties' briefing and the decision below, and squarely addressed in respondent's brief on appeal); *Collaborative Continuing Educ. Council, Inc. v. Starks Realty Grp., Inc.*, No. 2:16-CV-01641-SRB, 2017 WL 5714727, at *1 (D. Ariz. July 25, 2017) (denying plaintiff's motion to strike reply to arguments raised in defendant's response brief, but permitting plaintiff to respond via sur-reply); *Remington v. Mathson*, No. CV09-4547 NJV, 2010 WL 1233803, at *2 (N.D. Cal. Mar. 26, 2010) (considering abstention argument addressed in plaintiff's opposition brief).

2- FAMILYCARE, INC.'S REPLY IN SUPPORT OF
   MOTION FOR RECONSIDERATION

140477315.1

somehow mean that Defendants' new arguments were proper. If that were the rule, then any movant could sandbag its opponent in reply on every motion.

Moreover, Defendants' suggestion that the issue was squarely addressed at oral argument is as tenuous as their claim that it was raised in the motion. Indeed, just as in the motion, the parties at oral argument made passing references to the existence (or lack thereof) of a contract right of action, but neither party spoke to the content of that claim, i.e. whether it was objectively reasonable for FamilyCare to expect that OHA's annual rate amendments would be "reasonable, unbiased, actuarially sound, and free of errors in underlying data and methodology," as alleged in the complaint. *See* Declaration of Harry B. Wilson, Dkt. 118, Ex. 1 (oral argument excerpts). And when counsel for FamilyCare sought to address defense counsel's suggestion that FamilyCare had no contractual right to actuarial sound rates, the Court asked counsel to instead address the preemption issue that had been squarely raised in the briefing and argument. *See id.* at 29:3-17. This is a far cry from the facts in the lone unreported decision cited by Defendants. *See Eaton Veterinary Pharm. Inc. v. Diamondback Drugs of Delaware LLC*, No. 2:14-CV-1208-HRH, 2014 WL 6471427, at *3 (D. Ariz. Nov. 18, 2014) ("In order for the court to consider an argument raised for the first time in a reply brief, the opposing party must be given an opportunity to respond to the new argument. In response to an inquiry by the court at oral argument, counsel for plaintiff stated that he was prepared to address defendant's new contention and did so. Thus, the court will consider defendant's new argument.").

Because dismissal of FamilyCare's implied covenant claim on grounds not raised in Defendants' motion to dismiss would be manifestly unjust, the Court should grant FamilyCare's motion for reconsideration and reinstate the claim. At minimum, the Court should consider the arguments on the merits that FamilyCare had no occasion to present before.

3-    FAMILYCARE, INC.'S REPLY IN SUPPORT OF
       MOTION FOR RECONSIDERATION

140477315.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**B.**    **The complaint states a claim that FamilyCare reasonable expected actuarial sound capitation rates.**

Defendants do not—and cannot—dispute that under Oregon law, "[d]etermination of the parties' reasonable expectations raises a question of fact and may include evidence from outside the terms of the contract." *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1034-35 (D. Or. 2012). Nor do they address the ample evidence establishing (or at minimum raising a disputed question of fact regarding) the reasonableness of FamilyCare's expectation that the rates set by OHA each year pursuant to the parties' five-year contract would in fact be actuarially sound. *See* Mot. at 13-17. Defendants concede, as they must, that by entering the Section 1115 waiver permitting Oregon to establish its CCO system, the state agreed that its contracts with CCOs would comply with the requirements of 42 C.F.R. Part 438. They concede that when FamilyCare agreed to enter a long-term contract giving OHA the discretion to amend the compensation term on an annual basis, the state's commitment to comply with the applicable regulations informed FamilyCare's expectation of how OHA would exercise its discretion. They concede that the regulations set forth requirements for the content and performance of contracts, including that capitation rates set and paid for each individual CCO would be adequate and actuarially sound. And they concede that OHA's statements and conduct further contributed to FamilyCare's expectation that the annual rate amendments would be actuarially sound.

Despite these numerous concessions, Defendants claim that the Court can decide as a matter of law that FamilyCare could not have reasonably expected that OHA would set actuarially sound rates. None of the arguments advanced by Defendants has merit.

First, Defendants apparently contend that because actuarial soundness of capitation rates is mandated by federal law, FamilyCare's "claim does not sound in contract." Opp'n at 4. But unlike the plaintiffs in the cases Defendants cite, FamilyCare does not allege that the regulations created an independent tort duty owed to FamilyCare. Rather, FamilyCare contends that the detailed regulatory scheme governing states' contracts with CCOs (among other things)

4-    FAMILYCARE, INC.'S REPLY IN SUPPORT OF
        MOTION FOR RECONSIDERATION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

informed FamilyCare's expectation that the annual, discretionary rate adjustments contemplated by the contract would in fact be actuarially sound.  The cases cited by Defendants are inapposite.

Defendants first cite *Werschky v. Moore*, 706 P.2d 572 (Or. Ct. App. 1985), a case involving a legal malpractice claim.  *Id.* at 573.  After the claim had been dismissed on statute of limitations grounds, the plaintiff repleaded the tort claim as a breach of contract claim to avoid the two-year statute of limitations.  *Id.* The trial court determined that the repleaded claim sounded in tort and thus was also barred by statute of limitations.  *Id.*  The appeals court agreed that because the plaintiff merely alleged that the defendant had breached "a general standard of skill and care" in the trade, the claim sounded in tort, not contract.  *Id.* at 574.

Unlike the plaintiff if *Werschky*, FamilyCare does not claim that OHA acted tortiously by breaching a general standard of care.  Rather, FamilyCare alleges that a number of factors contributed to FamilyCare's reasonable expectation regarding OHA's performance under the contract.  *Werschky*, which did not even involve a claim for breach of the implied covenant of good faith and fair dealing, is inapposite.

Defendants next point to *Fleshman v. Wells Fargo Bank*, 27 F. Supp. 3d 1127 (D. Or. 2014).  There, the plaintiffs argued that Wells Fargo was subject to "several duties and standards of care not explicitly described in the loan agreements," which duties were "actionable under the applicable loan agreements and under tort theory."  *Id.* at 1133.  Specifically, plaintiffs claimed that Wells Fargo owed duties imposed by three statutes and the National Mortgage Settlement pursuant to a severability clause and a provision stating that the contract was subject to "requirements and limitations of Applicable Law." [2]  *Id.*  The court found that the generic severability clause and "applicable law" provisions did not "incorporate" the statutes in question

---

[2] The court described the severability clause in question as stating that the contract was "governed by federal law and the law of the jurisdiction in which the property is located" and that "in the event that any provision . . . conflicts with 'applicable law,' such conflict does not affect other provisions" of the contract.  *Id.* at 1133.

5-  FAMILYCARE, INC.'S REPLY IN SUPPORT OF
    MOTION FOR RECONSIDERATION

140477315.1

into the contract and that the plaintiffs were not "entitled to relief under the statutes" in any event. *Id.* at 1134-35.

In contrast to the plaintiffs in *Fleshman*, FamilyCare does not contend that 42 U.S.C. § 1396b(m)(2)(a) is a term of the contract or that the statute provides a cause of action permitting FamilyCare to directly enforce the statute on its terms. Rather, FamilyCare contends that when it elected to enter a long-term contract that contemplated annual rate modifications, it reasonably looked to the federal regulations governing states' dealings with CCOs (among other things) in forming an expectation of how OHA would exercise its discretion in setting FamilyCare's capitation rates. Neither *Fleshman* nor *Werschky* suggest that FamilyCare cannot state an implied covenant claim in this situation.

Second, and relatedly, Defendants contend that the contract does not "incorporate by reference" a "freestanding contract right to actuarially sound rates" and that "federal Medicaid law does not provide FamilyCare with a private right of action." Opp'n at 5. But, again, FamilyCare does not argue otherwise. Instead, FamilyCare merely notes that the Contract's requirement that none of its provisions (including annual rate amendments) be "in conflict with applicable Medicaid or CHIP statutes or regulations" contributed to FamilyCare's expectation that the annual rate amendments would in fact be actuarially sound.[3] *See* Mot. at 14. Defendants suggest without explanation that this contract requirement somehow "forecloses" FamilyCare's claim, but the Court has already rejected Defendants' argument that judicial review of the actuarial soundness of rates set by OHA conflicts with federal Medicaid statutes and regulations. *See* Opinion and Order on Motions to Dismiss [Dkt. 106] at 20-23.

---

[3] Although not directly relevant to this motion, Defendants are wrong to suggest that FamilyCare did not avail itself of the provision in question. *See* Opp'n at 5. FamilyCare notified OHA in writing on multiple occasions—including in the complaint itself—that the capitation rates did not comply with Medicaid statutes and regulations, yet OHA repeatedly failed to amend the Contract to confirm to those provisions.

6-    FAMILYCARE, INC.'S REPLY IN SUPPORT OF
       MOTION FOR RECONSIDERATION

140477315.1

Third, Defendants claim that the Contract's "total consideration" clause bars FamilyCare's implied covenant claim. Opp'n at 6. In doing so, Defendants once again ignore the authority and argument presented in FamilyCare's motion. As explained, the Oregon Supreme Court and courts applying Oregon law have made clear that where a contract gives a party discretion with respect to its conduct in performance of the contract, the implied covenant of good faith and fair dealing operates to ensure that the exercise of discretion conforms with the reasonable expectations of the parties. *See* Mot. at 11-12 (discussing *Best v. U.S. Nat. Bank of Or.*, 739 P.2d 554 (Or. 1987), *Gregory Funding LLC v. Saksoft, Inc.*, No. 3:16-cv-480-SI, 2016 WL 4480693 (D. Or. Aug. 24, 2016), and *Ri Ky Roofing & Sheet Metal, LLC v. DTL Builders, Inc.*, No. 6:17-CV-01251-JR, 2018 WL 2336756 (D. Or. May 23, 2018)). Because the five-year Contract gave OHA some discretion in setting the annual rate amendments that dictated FamilyCare's compensation, the implied covenant operated to safeguard FamilyCare's reasonable expectation that those annual rate amendments would be actuarially sound. *See* Mot. at 12-17. That FamilyCare signed the annual rate amendments under protest and with an express reservation of rights did not somehow operate to relinquish FamilyCare's right to challenge OHA's improper use of its discretion under the Contract, and Defendants cannot point to any authority that suggests otherwise.

**C.     At minimum, the Court should reinstate FamilyCare's claim based on OHA's failure to set rates that were reasonable, unbiased, and free of errors.**

Finally, Defendants assert that FamilyCare's motion for reconsideration "argues for the first time" that FamilyCare has an implied contractual right to rates that are reasonable, unbiased, and free from errors in the underlying data. Opp'n at 6. To the contrary, FamilyCare's complaint expressly sets forth that claim, *see* Third Amended Complain ("TAC") ¶ 148,[4] and it is Defendants' opposition to this motion that "argues for the first time" that FamilyCare has no

---

[4] FamilyCare has since filed its Fourth Amended Complaint, but the motion to dismiss at issue here was directed against FamilyCare's Third Amended Complaint.

7-   FAMILYCARE, INC.'S REPLY IN SUPPORT OF
     MOTION FOR RECONSIDERATION

140477315.1

such right.  Because this issue was not addressed in the briefing or oral argument on the motion to dismiss, the Court should rescind its order as to at least this aspect of FamilyCare's claim. Although Defendants' new arguments should be disregarded, they are meritless in any event.

Defendants claim that the complaint "asserted no theories for a contractual right to rates that were 'reasonable,' 'unbiased,' and 'free of errors' independent from a right to actuarially sound rates.  Opp'n at 7.  But FamilyCare's complaint is replete with allegations regarding the errors in, unreasonableness of, and bias against FamilyCare in the setting of capitation rates.  *See, e.g.*, TAC ¶ 68 ("In addition to its concerns with the soundness of OHA's rate-setting methodology, FamilyCare has also long identified errors in the data used to develop its capitation rates.  The rates presented to FamilyCare for 2019 appeared, like the rates offered for prior years, to be riddled with errors that materially impacted what would be paid to FamilyCare and other CCOs . . . ."); *see also id.* at ¶¶ 21, 25, 34, 36, 44, 60, 69-72, 79-80.  Although some of these deficiencies may have also contributed to the rates being actuarially unsound within the meaning of the Medicaid Act and accompanying regulations, FamilyCare's expectation that OHA would use its discretion to set rates without any bias against FamilyCare, without permitting known errors to infect the rates, and without setting rates that were unreasonably low is independent of FamilyCare's expectation that the rates would be actuarially sound.   Contrary to Defendants' bald assertion, there is nothing "threadbare" about FamilyCare's theory in this regard.

Defendants also contend that any error in dismissing FamilyCare's claim was harmless because the implied covenant of good faith and fair dealing "does not protect against subjective 'bias.'"  Opp'n at 7.  In support, Defendants quote a portion of a sentence from *U.S. Nat. Bank of Or. v. Boge*, 814 P.2d 1082, 1092 (Or. 1991).  *See* Opp'n at 7.  But the omitted portion of that sentence is critical, as it states that the obligation of good faith does not "provide a remedy for an unpleasantly motivated act *that is expressly permitted by contract or statute*."  *Boge*, 814 P.2d at 1092 (emphasis added).  The contract here does not expressly permit OHA to exercise its

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

discretion to set rates that are biased, erroneous, or unreasonable, and FamilyCare reasonably expected that OHA would not.[5]

Defendants also fail to mention the portion of *Boge* making clear that under Oregon law, the implied covenant of good faith and fair dealing protects against a party's "exercise of discretion in a manner not reasonably contemplated by the parties." 814 P.2d at 1092. As detailed above, the issue here is whether in entering a long-term contract granting OHA some discretion to redevelop rates on an annual basis, it was reasonable for FamilyCare to expect that OHA would act reasonably, without bias, and without permitting known errors to infect the rate-setting process. At minimum, there are disputed questions of fact as to the reasonable of FamilyCare's expectation.

Finally, Defendants concede that dismissal of the Tenth Claim for Relief was improper in light of FamilyCare's independent theory that OHA breached the contract by failing to pay FamilyCare amounts owed under the contract due to data and methodological errors impacting FamilyCare's payments. This theory in no way turns on FamilyCare's reasonable contract expectations, and it was wholly unaddressed in the briefing, argument, and order on the motion to dismiss. Reinstatement of FamilyCare's breach of contract claim is warranted on this basis alone.

For these reasons, even if the Court is inclined to entertain arguments that were unaddressed in the motion to dismiss briefing and argument, it should nevertheless grant FamilyCare's motion for reconsideration and reinstate FamilyCare's Tenth Claim for Relief.

## III.    CONCLUSION

The Court should grant FamilyCare's motion for reconsideration.

---

[5] Defendants also suggest that FamilyCare's expectation was unreasonable because OHA's actuary's explanatory report is not itself part of the contract. *See* Opp'n at 7. But as explained in FamilyCare's motion, this is immaterial because the annually redeveled rates themselves are a term of the contract, and FamilyCare's claim relates to its expectation as to the adequacy of those rates. *See* Mot. at 17-18.

9- FAMILYCARE, INC.'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

140477315.1

DATED:  July 11, 2018                    **PERKINS COIE LLP**


By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Brian Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Matthew Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Nicholas Hesterberg, *pro hac vice*
    NHesterberg@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

10- FAMILYCARE, INC.'S REPLY IN SUPPORT OF
    MOTION FOR RECONSIDERATION

140477315.1