IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILY CARE, INC., an Oregon
non-profit corporation

               Plaintiff(s),

v.

OREGON HEALTH AUTHORITY, an agency of
the state of Oregon, et al.

               Defendant(s).

No. 6:18-cv-00296-MO

AMENDED
TRIAL MANAGEMENT ORDER

**MOSMAN, J.,**

1.     First Pretrial Conference:  November 30, 2018, at 2:00PM to 4:00PM in Courtroom #16.

2.     Second Pretrial Conference:  January 4, 2019, at 10:00AM to 12:00PM in Courtroom #16.

3.     13-day Jury Trial:  January 15, 2019, at 9:00 a.m. in Courtroom #16.

4.     <u>Pretrial Material Filing Deadlines</u>:

     a.     **October 29, 2018:**

          (1)     Plaintiff's and defendant's motions in limine and *Daubert* motions;

          (2)     Plaintiff's and defendant's trial memoranda.

     b.     **November 12, 2018:**

          (1)     Responses to motions in limine and *Daubert* motions.

     c.     **November 19, 2018:**

PAGE 1 -AMENDED TRIAL MANAGEMENT ORDER

     (1)     Replies in support of motions in limine and *Daubert* motions.

d.     **November 27, 2018:**

     (1)     Joint jury instructions and verdict form;

     (2)     Requested voir dire.

e.     **December 6, 2018:**

     (1)     Plaintiff's exhibit lists and judge's copies of exhibits;

     (2)     Plaintiff's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

     (3)     Any itemized list(s) of special damages;

     (4)     Objections to jury instructions and verdict form;

     (5)     Defendant's exhibit lists and judge's copies of exhibits;

     (6)     Defendant's lay witness statements and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

     (7)     Plaintiff's deposition designations;

     (8)     Defendant's deposition designations.

f.     **December 11, 2018:**

     (1)     Plaintiff's rebuttal exhibits;

     (2)     Plaintiff's rebuttal lay witnesses and expert reports pursuant to Fed. R. Civ. P. 26, if not previously provided under Rule 26 due to an agreement between the parties or by court order;

     (3)     Plaintiff's and defendant's objections to the other party's exhibits, witnesses, and/or deposition designations in three separate documents.

PAGE 2 - SECOND AMENDED TRIAL MANAGEMENT ORDER

///

g.    **December 18, 2018:**

(1)    Plaintiff's and defendant's responses to objections to exhibits, witnesses and deposition designations in three separate documents.

5.    Procedures:  The original of all trial documents shall be electronically filed with the court and copies served on the court and all parties.  Both the original and the judge's copies of all trial documents shall be three-hole punched and placed into binders with clearly marked index tabs.  Each item listed should be a separately captioned and stapled document; do not staple different items together.  Failure to comply with the court's deadlines, procedures or instructions may result in the preclusion of such evidence from trial and/or other sanctions as appropriate.

a.    <u>Proposed Joint Jury Instructions and Verdict Form</u>:  The parties shall submit a complete set of joint jury instructions and a single joint verdict form.  The parties shall designate those instructions agreed upon.  If the parties disagree as to the form or content of any instruction, then an alternative proposed instruction may be submitted along with a brief analysis (which should include any relevant legal authority), as to why one instruction should be given over the other.  **A failure to provide a brief analysis of the objection will be viewed as failure to object.**  The same procedure should be followed relative to each question proposed in the verdict form.

Generally, I give the following 9th Circuit Model Jury Instructions during preliminary instructions: (1) Duty of the Jury; (2) Claims and Defenses; (3) Burden of Proof; (4) What is Evidence; (5) What is Not Evidence; (6) Direct and Circumstantial Evidence; (7) Ruling on Objections; (8) Impeachment Evidence; (9) Credibility of Witnesses; (10) Expert Opinion; (11) Deposition in Lieu of Live Testimony; (12) Conduct of the Jury; (13) No Transcript Available to the Jury; (14) Taking Notes; (15) Bench Conferences and Recesses; and (16) Outline of Trial.  The parties should not submit these instructions in their joint jury instructions.  If a party has an objection

PAGE 3 -AMENDED TRIAL MANAGEMENT ORDER

to the model version of these instructions, the party must provide a brief analysis of the objection

with its objections to the joint jury instructions.  If an instruction does not apply to the case, the party

must so indicate.

Generally, I give the following 9th Circuit Model instructions at the conclusion of trial: (1)

Introduction; (2) Burden of Proof; (3) What is Evidence; (4) What is Not Evidence; (5) Evidence for

a Limited Purpose; (6) Direct and Circumstantial Evidence; (7) Credibility of Witnesses; (8) Duty to

Deliberate; (9) Communication with the Court; and (10) Return of Verdict. The parties should not

submit these instructions in their joint jury instructions.  If a party has an objection to the model

version of these instructions, the party must provide a brief analysis of the objection with its

objections to the joint jury instructions.  If an instruction does not apply to the case, the parties must

so indicate.

Counsel need only submit proposed jury instructions specific to the issues in the pending

case, including a "Claims and Defenses" instruction that contains a short and plain statement of the

jury's principal task and that describes the central issue or issues to be decided.  The 9th Circuit

Model Jury Instructions or Oregon State Bar UCJI model instructions should be used.

The parties shall submit the instructions in the order in which they would like the instructions

read to the jury. If more than ten instructions specific to the issues in the case are submitted, the

parties must include an index.  Local Rule 51 provides that each instruction shall be on a separate

sheet of paper with authority in support of each principle.  Parties shall file a copy of the proposed

jury instructions on CM/ECF. In addition, parties shall email a copy of the proposed jury instructions

in MS Word or WordPerfect format to Chambers_Mosman@ord.uscourts.gov.

b.       Exhibits and Exhibit Lists:  Plaintiff's exhibits should be numbered and listed starting

with "1".  Defendant's exhibits should be numbered and listed starting with "501".  The case number

should be printed on each exhibit sticker.  If there are multiple parties or more than 500 exhibits per

PAGE 4 - SECOND AMENDED TRIAL MANAGEMENT ORDER

party, contact chambers by email at Chambers_Mosman@ord.uscourts.gov for number assignments.

Photographs, charts, and the like will be individually numbered unless they are of a specific set, in

which case they will be given a lead number, with sequential destinations 50a, 50b, etc. Exhibit lists

must be complete and reflect all exhibits presented at trial.

Copies of each numbered, copyable exhibit shall be supplied to the court and opposing

counsel. Copies of exhibits to use with JERS that are formatted as set forth in the previously

docketed JERS order [11] must be submitted to the Court at the second pretrial conference. Original

exhibits shall be submitted at the time of trial in compliance with the Pretrial Conference Order.

Both the original and the judge's copies of exhibits shall be three-hole punched and placed into

binders with clearly marked index tabs. All staples and clips shall be removed from the copies of the

exhibits which are placed in the three-ring binders.

Parties must seek leave of court to file supplemental exhibits after the exhibit deadline set

forth above. Any proposed supplemental exhibits must be separately captioned and include a

supplemental or revised exhibit list.

Impeachment exhibits will be marked, sealed and delivered only to the court; each exhibit

should be listed on your exhibit list as "Impeachment Exhibit."

Even if exhibits are preadmitted at the pretrial conference, the exhibits must be "used" or

"referenced" in order to be submitted to the jury during deliberations. All exhibits used at trial and

submitted to the jury must comply with the previously issued JERS order.

    c.    <u>Witnesses</u>:

    (1)    <u>Lay Witness</u>: List all parties, corporate representatives and other witnesses to

be called, showing names and occupations, together with a statement setting forth the complete

substance, not just the subject of the testimony. For example, do not say, "The witness will testify

about the accident." Say, "The witness will testify that the defendant ran the red light and was going

PAGE 5 - AMENDED TRIAL MANAGEMENT ORDER

an estimated 30 miles per hour." Testimony at trial will be limited to subject matter identified in the witness statements, absent a showing of just cause for the omission, balanced against any prejudice to the opposing party. Please give a time estimate for the direct testimony of each witness. At the end of each day of trial, I may ask the party presenting evidence to inform the jury about whether we are on schedule. Names and statements of impeachment witnesses may be sealed and delivered only to the court.

(2)    Expert Witnesses:  Supply a written narrative statement or report of each expert, whether for the case in chief or rebuttal, setting forth qualifications, the substance of any opinions to be expressed in detail, and the facts and data upon which the opinions are based. As with lay witnesses, any subject not covered by the narrative will not be allowed at trial absent a showing of just cause for the omission, balanced against any prejudice to the opposing party.

The requirement for filing expert witness statements for purposes of trial does not replace or supersede a party's obligation to produce pertinent expert disclosure during the discovery phase of proceedings under Fed. R. Civ. P. 26.

(3)    Witnesses with Disabilities:  **10 days prior to trial**, designate all witnesses, parties or counsel who will be present at trial and who need accommodation for any disability; designate the specific requested accommodation by emailing Chambers_Mosman@ord.uscourts.gov.

d.    Depositions:  Deposition transcripts which are intended solely for possible impeachment purposes need not be filed with the court. Depositions offered in lieu of live testimony must be submitted to the court with those portions sought to be admitted highlighted. Both the originals and court copies must be so highlighted. Should more than one party wish to utilize the same deposition in lieu of live testimony, a single deposition must be submitted jointly by the parties: each party should select a different color and should designate, on the single copy, those portions of the depositions it intends to use.

PAGE 6 - SECOND AMENDED TRIAL MANAGEMENT ORDER

Deposition transcripts used in lieu of live testimony are generally not considered "exhibits" because they are read to the jury and are not sent to the jury during deliberations. Such depositions should be numbered and accompanied by a deposition list. If a party seeks to introduce a deposition transcript as an exhibit to go to the jury during deliberations, that transcript must be marked and included within the exhibit book.

e.    Itemized list of special damages:  Specify damages sought and how such damages will be proven -- i.e. through which exhibits and/or witness testimony.

f.    Trial Memoranda:  Provide a brief summary of all material factual and legal contentions along with the elements of each claim and/or defense.  Trial memoranda are limited to 35 pages without prior approval.

g.    Motions in Limine:  All motions in limine and responses thereto shall be filed in a single document not to exceed 35 pages without leave of court. Separate motions shall be designated as subparts of the single document.

h.    Proposed voir dire questions: During voir dire, I will ask the potential jurors their names and place and length of residence.  I will also ask them to describe their (1) educational background; (2) military service; (3) occupation(s); (4) family and/or household; (5) hobbies; (6) interests; and (7) volunteer work.  In addition, I will ask the jurors to describe their prior experience with the legal system, which may include serving on a jury or being a party or witness in a lawsuit.

I may ask the potential jurors several questions specific to the case.  Each party may submit no more than 12 voir dire questions specific to the case.  If requested, I will consider granting each party a maximum of 10 minutes to ask the party's own questions.  If any voir dire is undertaken by counsel, it will be restricted to those areas approved by me and within the accepted proposed voir dire questions.

i.    Objections to Witnesses or Exhibits:  Objections to witnesses and/or exhibits must be

PAGE 7 -AMENDED TRIAL MANAGEMENT ORDER

specific and complete and must identify the exhibit or witness.  Responses to objections must be sufficiently specific to enable the court to provide a ruling.[1]

6.      During the first pretrial conference, be prepared to discuss the following:

     (a)      Motions in limine and *Daubert* Motions.

7.      During the second pretrial conference, bring JERS exhibits on thumb drives and be prepared to discuss the following:

     (a)      Objections to witnesses, depositions and exhibits.

     (b)      Voir dire questions.

     (c)      Peremptory challenge procedure.

     (d)      Jury instructions.

     (e)      Verdict form.

     (f)      Settlement and/or mediation efforts.

     (g)      Anticipated timetable.

     (h)      Courtroom presentations:  graphics or exhibits during opening statement; demonstrative evidence (e.g., maps, summaries, models, computer animations, etc.); and equipment needs (e.g., lectern, digital projector, or DVD player).

8.      No exhibits or testimony will be received in evidence at trial nor the filing of amended pleadings or supplemental jury instructions allowed unless presented in accordance with this order. Late submissions will not be accepted absent a strong showing of good cause.

///

---

[1] Example:  Plaintiff objects to exhibit 301 (plaintiff's employment application) on grounds of relevance.  Plaintiff has stipulated to the effective date of her employment.  Response: Defendant offers this exhibit solely for the limited purpose of establishing that when she applied, plaintiff requested a swing shift assignment.  This evidence constitutes impeachment of plaintiff's anticipated direct testimony that her transfer from a day to night shift constituted an adverse action.

PAGE 8 - SECOND AMENDED TRIAL MANAGEMENT ORDER

9.      Please refer to the Trial Court Guidelines for U. S. District Court of Oregon, on the court's

WEB site: http://ord-pdx-web/index.php/attorneys/tutorials-and-practice-tips/trial-court-guidelines

IT IS SO ORDERED.

DATED this 12th day of July, 2018.


/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge