Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>          Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM<br><br>ORAL ARGUMENT REQUESTED |

FAMILYCARE, INC.'S MOTION TO DISMISS
OHA'S COUNTERCLAIM

**TABLE OF CONTENTS**

**Page**

CERTIFICATION ............................................................................................................. 1

MOTION.......................................................................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION ............................................................. 1

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD............................................................................................ 1

III.    OHA'S ALLEGATIONS........................................................................................ 3

IV.    ARGUMENT ........................................................................................................ 4

        A.     Declaratory Judgment actions should be dismissed unless they involve a substantial, immediate, and real controversy. ............................ 4

        B.     The Court should dismiss the Counterclaim because it presents no substantial, immediate, or real controversy. .............................................. 6

CONCLUSION................................................................................................................. 7

i-   TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Aetna Life Ins. Co. v. Haworth*,
  300 U.S. 227 (1937)..................................................................................................5, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................2

*Brown v. HSBC Bank USA, Nat. Ass'n*,
  No. 3:13-CV-317-MO, 2013 WL 5603292 (D. Or. Oct. 11, 2013)............................5

*G.P.P., Inc. v. Guardian Prot. Prod., Inc.*,
  No. 1:15-CV-00321-SKO, 2017 WL 220305 (E.D. Cal. Jan. 18, 2017), *on
  reconsideration in part,* No. 1:15-CV-00321-SKO, 2017 WL 698335 (E.D.
  Cal. Feb. 21, 2017)......................................................................................................4

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) ................................................................................5, 6

*Knapp v. Depuy Synthes Sales Inc.*,
  983 F. Supp. 2d 1171 (E.D. Cal. 2013)..................................................................4, 5

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 ...........................................................................................................5, 6

*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998) ......................................................................................2

*Rich v. Wells Fargo Bank, NA*,
  No. 1:14-CV-00393-PA, 2014 WL 5324303 (D. Or. Oct. 17, 2014) .....................5, 6

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667, 70 S.Ct. 876 (1950)..............................................................................6

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001), *amended on other grounds*, 275 F.3d 1187 (9th
  Cir. 2001) ....................................................................................................................2

ii-   TABLE OF AUTHORITIES

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

**TABLE OF AUTHORITIES**
**(continued)**

**PAGE(S)**

*State Farm Fire & Cas. Co. v. Meritage Homeowners' Ass'n.*,
  No. 3:14-CV-01623-JE, 2015 WL 1490307 (D. Or. Apr. 1, 2015)..........................................5

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ...........................................................................................3

**STATUTES**

28 U.S.C. § 2201...............................................................................................................5

28 U.S.C. § 2201(a) ...............................................................................................1, 4, 5, 6

**RULES**

Fed. R. Civ. P. 8(a)(2).......................................................................................................2

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 2

LR 7-1(a)(1) ......................................................................................................................1

**OTHER AUTHORITIES**

U.S. Constitution Art. III ...................................................................................................5

U.S. Constitution Art. III § 2 ..............................................................................................5

iii-  TABLE OF AUTHORITIES

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

## CERTIFICATION

Pursuant to LR 7-1(a)(1), counsel for FamilyCare, Inc. ("FamilyCare") conferred with counsel for the Oregon Health Authority ("OHA") on July 13, 2018, who indicated that OHA is opposed to this motion.

## MOTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, FamilyCare moves this Court to dismiss the purported "First Counterclaim" ("Counterclaim") of OHA, dated June 25, 2018, because the Counterclaim fails to state a claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("the Act") upon which relief can be granted.

## MEMORANDUM IN SUPPORT OF MOTION

## I.      INTRODUCTION

For its Counterclaim against FamilyCare, OHA recites a number of allegations describing negotiations between the parties regarding OHA's efforts to recoup portions of the Medicaid capitation payments made by OHA to FamilyCare for the 2015 and 2016 rate years.  OHA makes no allegations of specific calculations of such recoupments.  Nor does it allege that it has made any demand for these recoupments.  Nor does it allege that FamilyCare has rejected or refused to pay any such calculated recoupments.  It only alleges that OHA and FamilyCare have a different interpretation of the effect of a previous agreement on OHA's potential demand. OHA does not allege that it has provided to FamilyCare its reasons for interpreting the previous agreement differently.  While this difference of opinion does exist, its existence is not sufficient to create an actual case or controversy within the meaning of the Act.  Simply put, the Counterclaim is at best premature. Accordingly, the Counterclaim should be dismissed.

## II.     LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

1-    FAMILYCARE, INC.'S MOTION TO DISMISS
      OHA'S COUNTERCLAIM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (internal citations omitted); *see also* Rule 8(a)(2).

To survive a motion to dismiss, a plaintiff must do more than assert "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556. A plaintiff must allege "factual content" demonstrating "more than a sheer possibility" of actionable conduct; thus, the complaint must include more than "facts that are merely consistent with a defendant's liability[.]" *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). But a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 556 U.S. at 678 (assumption of truth does not apply to "legal conclusion[s] couched as a factual allegation"); *see also, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001),

2-  FAMILYCARE, INC.'S MOTION TO DISMISS
    OHA'S COUNTERCLAIM

LEGAL140539805.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## III.    OHA'S ALLEGATIONS

The pertinent Counterclaim allegations are as follows:

197.

OHA and FamilyCare were, at all material times, parties to a five-year CCO Contract #143114, as amended and restated at various times (the "Contract"). Pursuant to the Contract, in consideration for FamilyCare's provision of services, OHA agreed to pay FamilyCare a monthly capitation rate for each OHP member enrolled under the Contract.  As provided by the Contract, the capitation rates changed annually, and the new rates were implemented through one or more amendments to the Contract in the ordinary course each year.  The Contract became effective on January 1, 2014, and expired January 31, 2018.

198.

In 2015, FamilyCare filed two lawsuits challenging its original and then re-developed capitation rates for 2015.  The parties resolved those lawsuits in a settlement agreement dated May 16, 2016 (the "Settlement Agreement").

199.

All CCO contracts, including FamilyCare's, provide different capitation rates for different eligibility categories of OHP members (the "Category of Aid").  OHA has learned that, in years 2014, 2015, 2016, 2017 and 2018, all CCOs under contracts with OHA, including FamilyCare, were overpaid at an incorrect, more expensive Category of Aid for OHP members who were eligible for Medicare coverage in addition to coverage under the OHP (the "Dual Eligible Overpayment").  CCOs receive a lower capitation rate for their dual eligible members, because dual eligible members are in a different Category of Aid. OHA is now working with all CCOs to recoup overpayments made to them as a result of the Dual Eligible Overpayment.

200.

In addition, OHA expects that some CCOs, including FamilyCare, will owe monies to OHA under various other provisions of their respective contracts, including, for example, Minimum Medical Loss Ratio requirements, CCO Risk Corridor obligations, and others. OHA is now working with all CCOs, including FamilyCare, to determine the CCOs' respective repayment or rebate obligations, although some of this work is scheduled to occur as late as 2019.

201.

The Contract expressly authorizes OHA to recoup from FamilyCare the monies owed by CCOs described in the preceding two paragraphs.  Exhibit C, Part 9, Section 5.d is one such provision of the Contract authorizing recoupment:

3-    FAMILYCARE, INC.'S MOTION TO DISMISS
      OHA'S COUNTERCLAIM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

> "Any payments received by Contractor from OHA under this Contract, and any other payments received by Contractor from OHA, or any other source to which Contractor is not entitled under the terms of this Contract shall be considered an overpayment and may be recovered by OHA from Contractor."

202.

FamilyCare has told OHA and its counsel that the Settlement Agreement prevents OHA from recouping any overpayments paid to it in 2015 and 2016 because of the Dual Eligible Overpayment.  Through counsel, FamilyCare has indicated that it will likely file a lawsuit against OHA if OHA attempts to recoup such overpayments from FamilyCare.  OHA also reasonably expects that FamilyCare will contend that the Settlement Agreement prevents OHA from recouping any other amounts, including additional overpayments, that OHA is entitled to recoup from FamilyCare under the Contract.

The Counterclaim then goes on (paras. 203-205) to express why OHA believes its interpretation of the situation is the correct one.  It then concludes by claiming (para. 206) that "OHA brings this action to obtain clarity and finality regarding the effect Settlement Agreement [sic] on OHA's right to recover overpayments made to FamilyCare for which OHA is entitled to recoup from FamilyCare pursuant to the Contract."

## IV.    ARGUMENT

### A.    Declaratory Judgment actions should be dismissed unless they involve a substantial, immediate, and real controversy.

Ninth Circuit case law regarding the Act is laid out well in *G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2017 WL 220305, at *37 (E.D. Cal. Jan. 18, 2017), *on reconsideration in part,* No. 1:15-CV-00321-SKO, 2017 WL 698335 (E.D. Cal. Feb. 21, 2017). It explains:

> The federal Declaratory Judgment Act provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "The Ninth Circuit has recognized that the Declaratory Judgment Act was enacted to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication without having to wait until he is sued by his adversary."  *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1176 (E.D. Cal. 2013) (citation omitted).  "The Declaratory Judgment Act embraces

4-    FAMILYCARE, INC.'S MOTION TO DISMISS
OHA'S COUNTERCLAIM

LEGAL140539805.2

both constitutional and prudential concerns." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998). "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution and must fulfill statutory jurisdictional prerequisites." *Knapp*, 983 F. Supp. 2d at 1176 (citing *Dizol*, 133 F.3d at 1222–23). As to the actual case or controversy requirement, the Supreme Court stated that the dispute must "be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (citation omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

This Court has several times dismissed a Declaratory Judgment Action after finding that no case or controversy within the meaning of the Act, existed. For example, in *Rich v. Wells Fargo Bank, NA*, No. 1:14-CV-00393-PA, 2014 WL 5324303 (D. Or. Oct. 17, 2014), the Court found that no controversy was sufficiently immediate to warrant the issuance of declaratory relief. *Id.* at *1. As the Court explained:

While the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, permits federal courts to hear suits for declaratory judgment, there must be an actual controversy between the parties. This requirement is akin to the Article III case or controversy requirement: the dispute must "'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' "*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)) (alteration in original). In essence, declaratory judgment is only proper where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Id.*

*Id.*; *see also Brown v. HSBC Bank USA, Nat. Ass'n,* No. 3:13-CV-317-MO, 2013 WL 5603292, at *2 (D. Or. Oct. 11, 2013) (same result and reasoning). The Court reached a similar conclusion in *State Farm Fire & Cas. Co. v. Meritage Homeowners' Ass'n.*, No. 3:14-CV-01623-JE, 2015 WL 1490307 (D. Or. Apr. 1, 2015), explaining:

5- FAMILYCARE, INC.'S MOTION TO DISMISS OHA'S COUNTERCLAIM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

An action seeking federal declaratory relief must present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution, *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461 (1937), and must satisfy statutory jurisdictional requirements. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir.1998) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672, 70 S.Ct. 876, 879 (1950)). The authority granted under the Act is permissive, not mandatory, *Id*. at 1223; and "[i]f the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate." *Id*. at 1222.

*Id.* at *5.

### B.      The Court should dismiss the Counterclaim because it presents no substantial, immediate, or real controversy.

OHA's Counterclaim fails under the standards required for a claim under the Act. There is no ripe, actual, substantial case or controversy here. There is no dispute that is "definite and concrete" or "real and substantial". There are only allegations of parties taking contrary positions at mid-point in their discussions. OHA alleges no calculated nor demanded payment of portions of the Medicaid capitation payments made by OHA to FamilyCare for the 2015 and 2016 rate years. OHA alleges no rejection by FamilyCare of any calculation of recoupment amounts, nor refusal by FamilyCare to pay any such amounts. Absent a demand by OHA for recoupment and a refusal by OHA to pay, declaratory judgment would merely be "an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc.*, 549 U.S. at 127. *Cf. Rich v. Wells Fargo Bank, NA*, No. 1:14-CV-00393-PA, 2014 WL 5324303 , at *1-*2 (D. Or. Oct. 17, 2014) (dispute over validity of lien did not present real and immediate controversy where foreclosure on the lien was not yet pending).

Notably, during the parties' ongoing discussions, OHA has not stated the basis for recoupment that is alleged in the Counterclaim. This is particularly significant because OHA previously interpreted the settlement agreement in a way completely contrary to what it is now, when that position served to benefit OHA, stating:

The Settlement Agreement completely resolved all disputes— *whether known or unknown*—that either party could have brought based on facts related to

6-    FAMILYCARE, INC.'S MOTION TO DISMISS
      OHA'S COUNTERCLAIM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL140539805.2

development of the 2015 and 2016 rates. Under the express terms of the Settlement Agreement, FamilyCare specifically waived and released its right to now challenge in any way the rate methodology that OHA developed in 2015:

> "This Agreement is intended to ***resolve all claims that either Party brought or could have brought against the other Party, as of the date of this Settlement Agreement, relating to FamilyCare's 2015 and 2016 capitation*** rates and the implementation or execution of the Contract amendments incorporating those rates ("the Dispute")."
> [sic]

Defendant's [OHA] Opposition to Plaintiff's Motion to Compel, August 11, 2017 (Ex. A hereto) at 3, quoting the parties' May 22, 2016 Settlement Agreement at 3 (emphasis in original Motion to Compel).

The parties may have a disagreement as to the interpretation and impact of contractual language, but that does not preclude them from continuing their negotiations and potentially reaching a compromise agreement. Presumably, the first step to such a discussion would be OHA providing FamilyCare with its recoupment calculations, not the filing of a Counterclaim to ask the Court to jump into the middle of negotiations.

## CONCLUSION

For the foregoing reasons, OHA's purported "First Counterclaim" should be dismissed.

7- FAMILYCARE, INC.'S MOTION TO DISMISS
OHA'S COUNTERCLAIM

LEGAL140539805.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  July 16, 2018

**PERKINS COIE LLP**

By: *s/ Stephen F. English*

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

8- FAMILYCARE, INC.'S MOTION TO DISMISS
OHA'S COUNTERCLAIM

LEGAL140539805.2