**PETER R. MERSEREAU,** OSB No. 732028
pmersereau@mershanlaw.com
**BETH F. PLASS,** OSB No. 122031
bplass@mershanlaw.com
MERSEREAU SHANNON LLP
111 SW Columbia Street, Suite 1100
Portland, Oregon 97201-5865
Telephone: 503.226.6400
Facsimile: 503.226.0383

      Of Attorneys for Defendant
      Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON**,<br><br>        Defendants. | Case Nos.  6:18-cv-00296-MO<br><br>DECLARATION OF PETER R. MERSEREAU IN SUPPORT OF DEFENDANT LYNNE SAXTON'S MOTIONS FOR EXTENSION OF CASE MANAGEMENT AND DISCOVERY DEADLINES |

I, Peter R. Mersereau, declare:

1.     I am one of the attorneys representing defendant Lynne Saxton in the captioned matter, and I make this declaration on personal knowledge and in support of Ms. Saxton's motions to extend certain case management and discovery deadlines in this case.

2.     With the filing of plaintiff's fourth amended complaint on June 18, 2018, Ms. Saxton became an individual defendant in this matter for the first time.  By that point, the

PAGE 1 -     DECLARATION OF PETER R. MERSEREAU

captioned litigation had been pending for roughly 16 months, and three prior complaints had been filed – apparently without plaintiff perceiving the need to join Ms. Saxton as an individual defendant thereto.

3.  I waived service on Ms. Saxton's behalf on June 22, 2018, pursuant to FRCP Rule 4(d).  Pursuant to said rule, Ms. Saxton's answer to the fourth amended complaint is due on or before August 20, 2018.

4.  Shortly after I accepted service, FamilyCare served Ms. Saxton with a comprehensive first set of discovery requests consisting of requests for production, interrogatories and requests for admissions.  Under the operative discovery rules, the current deadline for Ms. Saxton's response to those discovery requests is July 30, 2018.

5.  At the time plaintiff's fourth amended complaint was filed, this court had already established certain case management deadlines.  The current deadline for the filing of dispositive motions is July 20, 2018, and the discovery cutoff deadline is July 31, 2018.  For the following reasons, Ms. Saxton requests relief from the response deadlines identified above.

6.  In its complaint, plaintiff seeks damages in the amount of $50,000,000 against Ms. Saxton in her individual capacity.  In various particulars, plaintiff alleges that Ms. Saxton violated its civil rights by retaliating against it on account of its alleged protected conduct and protected speech.  These are serious and fact-intensive claims that require a thorough understanding of the relationship between FamilyCare and OHA during the previous three years, as well as Ms. Saxton's role as OHA's executive director during 2015-2017.  To date, I am advised that the parties' document productions relevant to that transactional history totals in excess of one million pages.  In addition, numerous and lengthy depositions have been taken of

PAGE 2 -    DECLARATION OF PETER R. MERSEREAU

FamilyCare and OHA personnel to date, and others remain to be scheduled over the next month or so.

7.      In order to defend against the claims against Ms. Saxton, analyze and file appropriate motions against the fourth amended complaint, and otherwise adequately represent her in this case, I need the requested additional time to evaluate the discovery in place, and conduct any necessary additional discovery on her behalf.  To that end, Ms. Saxton requests 120 day extensions, respectively, of the current dispositive motion filing and discovery cutoff deadlines.  This would impose a new dispositive motion filing deadline applicable to Ms. Saxton of November 19, 2018, and a new discovery cutoff deadline of November 28, 2018.

8.      For the same reasons, I require additional time to respond to FamilyCare's first set of discovery requests served upon Ms. Saxton.  I am advised that OHA and FamilyCare have already responded to mutual discovery requests addressing many of the same topics addressed in the requests served upon Ms. Saxton.  Additional time is required to review and correlate these earlier discovery responses.  To this end, Ms. Saxton requests a 30 day extension, which would create a new response deadline of August 29, 2018.

9.      I conferred with counsel for OHA and FamilyCare respecting the foregoing requests.  OHA does not oppose Ms. Saxton's requests for extensions, provided the adjustments to the case management schedule apply only to her.  For its part, FamilyCare advises that it would only agree to extending the dispositive motion filing and discovery cutoff deadlines to August 24, 2018, but no further.  In addition, FamilyCare's counsel advised that it would agree to an extension of the deadline for Ms. Saxton's response to the first set of discovery requests to August 14, 2018, but no later.  In my view, FamilyCare's opposition to Ms. Saxton's requests for

PAGE 3 -        DECLARATION OF PETER R. MERSEREAU

extensions is neither reasonable nor supported by the record in this case.

10.     For the above reasons, Ms. Saxton requests that her motions for extensions of time be granted.  These motions are not made for the purposes of delay, as should be evident.  If the court believes a discovery conference involving all counsel respecting these matters would be helpful, Ms. Saxton welcomes it.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

DATED: July 19, 2018.

MERSEREAU SHANNON LLP

_____*s/ Peter R. Mersereau*_____
**PETER R. MERSEREAU,** OSB No. 732028
pmersereau@mershanlaw.com
503.226.6400
Of Attorneys for Defendant
Lynne Saxton

PAGE 4 -     DECLARATION OF PETER R. MERSEREAU