**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

     Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | *EXPEDITED HEARING REQUESTED* |
| Defendants. | |

**Page 1 -** **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

## LR 7-1(a) CERTIFICATION

Counsel for defendant Oregon Health Authority ("OHA") certifies that OHA and FamilyCare made a good faith effort through telephone conferences to resolve this dispute and have been unable to do so.  The parties also conferred regarding expedited consideration and FamilyCare does not oppose expedited consideration.

## MOTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(c), OHA moves the Court for an order forbidding inquiry into topics 20-22, 24-27, 30-32, part of 34 (as to Varsha Chauhan, BethAnne Darby, Courtney Crowell, and Mark Fairbanks), 35-37, and 41-55 of FamilyCare's Notice of Videotaped Deposition of Oregon Health Authority.[1] (Ex. 1 to Decl. of Laura Salerno Owens).  This motion is supported by the attached declaration of Laura Salerno Owens and the following memorandum of law.

## INTRODUCTION

On July 3, 2018, less than a month before the close of discovery, FamilyCare noticed OHA's Rule 30(b)(6) deposition on a staggering 55 topics.  Most of FamilyCare's 55 topics are so overbroad that it would be impossible for OHA to adequately prepare its witnesses.  In addition, many of the 55 topics are not relevant to any parties' claims or defenses or proportional to the needs of the case.  Finally, more than a dozen of the topics seek information protected from disclosure by the attorney work-product doctrine.  OHA respectfully requests the Court grant its motion for a protective order.

---

[1] FamilyCare issued an amended Notice on July 19 that combines 16 topics into three topics and eliminates one topic. (Ex. 6 to Decl. of Laura Salerno Owens.)  This motion refers to topics by the numbers used in FamilyCare's July 3 Notice.

**Page 2 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

**RELEVANT FACTS**

**I.    Scope of FamilyCare's Claims.**

In its Fourth Amended Complaint, FamilyCare asserts nine claims related, directly or indirectly, to OHA's capitation rates for FamilyCare.[2]  Among its claims are that OHA and Allen retaliated against FamilyCare based on FamilyCare's exercise of its First Amendment rights, OHA implemented a tortious "smear campaign" against FamilyCare, and OHA breached a settlement agreement reached between FamilyCare and OHA in 2016 and a dispute resolution agreement between FamilyCare and OHA in 2017.  FamilyCare also brings two Oregon Administrative Procedures Act claims, alleging that OHA's rate-setting process in 2017 and 2018 was based on an erroneous interpretation of the law and is unsupported by substantial evidence.

**II.    FamilyCare's Notice of Deposition to OHA.**

FamilyCare and OHA began discussing appropriate topics for the organizational deposition of OHA on or about January 12, 2018.  FamilyCare provided OHA with a list of eleven proposed deposition topics on January 12, 2018.  (Salerno Owens Decl., Ex. 2.)  OHA provided its objections and proposed limitations to those eleven topics by letter on April 20, 2018.  (Salerno Owens Decl., Ex. 3.)  FamilyCare responded by letter on May 2, 2018, and added seven more proposed topics.  (Salerno Owens Decl., Ex. 4.)  To date, FamilyCare has taken seven depositions, including OHA's current director, CFO, and the head of its actuarial unit.  In addition, depositions are scheduled for OHA's former director and outside actuary, Optumas, among others.

On July 3, 2018, with less than a month before the close of discovery, FamilyCare served its Rule 30(b)(6) notice.  (Salerno Owens Decl., Ex. 1)  Without additional conferral, FamilyCare added 37 new topics to the topics FamilyCare had

---

[2]  FamilyCare's Fourth Amended Complaint contains eleven claims; the Court, however, has dismissed claims 6 and 10 with prejudice.

**Page 3 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION
FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF
VIDEOTAPED DEPOSITION OF OREGON HEALTH
AUTHORITY**

previously identified, bringing the total to 55 topics.  After additional conferral, FamilyCare served a new notice on July 19, 2018 that reworded some topics, combined 16 topics into three topics, and eliminated a topic.

Most of FamilyCare's 55 topics are overbroad, unlimited in scope, and not proportional to the needs of the case.  More than a dozen demand that corporate designees be prepared to testify about attorney work-product.

## STANDARDS

Discovery must be both relevant and proportional.  Pursuant to Rule 26(c)(1), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  Fed. R. Civ. P. 26(c)(1)(D).  Rule 26 also requires discovery be both relevant to a party or parties' claims and defenses and "proportional to the needs of the case," considering factors including "the parties' relative access to relevant information, the parties' resources," and "whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The Court may limit discovery that exceeds that scope or that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

## ARGUMENT

I.    **The Court should issue a protective order because FamilyCare's Rule 30(b)(6) topics are overly broad and ambiguous.**

FamilyCare's Rule 30(b)(6) topics 20-22, 24-27, 30-32, part of 34 (as to Varsha Chauhan, BethAnne Darby, Courtney Crowell, and Mark Fairbanks), and 35-37 suffer the same, fatal flaws: they are overly broad, ambiguous, and disproportionate to the needs

**Page 4 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION
FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF
VIDEOTAPED DEPOSITION OF OREGON HEALTH
AUTHORITY**

of this case.[3]  Individually and in the aggregate they fail to comply with Rule 26(b), defining the scope of discovery, and Rule 30(b)(6), defining the procedures for an organizational deposition.  The Court should, therefore, enter a protective order limiting their scope or prohibiting inquiry altogether.

Rule 30(b)(6) allows a party to depose organizations by issuing a deposition notice that "describe[s] with reasonable particularity the matters for examination."  The Rule "places substantial responsibilities and burdens on the responding corporate party" and, as such, "the requesting party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."  *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 395 (D. Or. 2017) (emphasis in original) (quoting *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524 (D. Kan. 2006) (internal quotation marks omitted).  In addition, Rule 30(b)(6) cannot be used to "burden[] the responding party with production and preparation of a witness on every facet of the litigation."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11–1846 LHK, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012).  That is because overbroad notices present the receiving parties with "an impossible task."  *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).  On the one hand, each party "must designate persons knowledgeable in the areas of inquiry listed in the notice" to avoid sanctions by the court.  *Id.*  But, on the other hand, when a party "cannot identify the outer limits of inquiry noticed, compliant designation is not feasible."  *Id.*  The task of adequately preparing an organizational witness "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."  *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. C 11–1846 LHK, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012).

---

[3] In the interest of clarity and brevity, OHA attaches as Exhibit 5 a chart outlining each topic and OHA's explanation for moving against it.  (Salerno Owens Decl., Ex. 5.)

**Page 5 -** **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

Most of FamilyCare's topics are completely devoid of "outer limits" and those with some semblance of boundaries extend well beyond the scope of relevance to the claims at issue in this case. For example, topic 27 asks OHA to produce a witness to testify to "OHA's policies and practices relating to actual or potential conflicts of interest." (Salerno Owens Decl., Ex. 1 at 8.) This topic seeks *all* of OHA's policies and practices relating to conflicts of interest, contains no limitation as to time or subject matter, and defines neither "policies and practices" nor "potential conflicts of interest." Such a topic wholly fails to meet Rule 30(b)(6)'s requirement of "painstaking specificity." *Adidas Am., Inc.*, 324 F.R.D. at 395.

Similarly, topic 30 requests a witness be prepared to discuss "OHA's Quarterly Legislative Reports concerning the Oregon Medicaid Program from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response." (Salerno Owens Decl., Ex. 1 at 8.) The reports mentioned cover countless subjects unrelated to this litigation. Moreover, the scope of feedback received by OHA on the reports encompasses potentially unlimited numbers of casual conversations, telephone calls, emails, and letters. It would be impossible to prepare a witness to testify on such an unlimited and overbroad topic.

## II.    The Court should issue a protective order because FamilyCare's Rule 30(b)(6) topics are not proportionate to the needs to the case.

FamilyCare's Rule 30(b)(6) topics 20-22, 24-27, 30-32, and 34-37 are not proportionate to the needs of the case. Whether a request meets proportionality standard depends not only on the nature of the information sought, but also on the method of discovery used. Even though the information requested in a 30(b)(6) topic might be discoverable via document demands or interrogatories, it may not be appropriate for an organizational deposition. *See Updike v. Clackamas Cnty.*, No. 3:15-cv-00723-SI, 2016

Page 6 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION
            FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF
            VIDEOTAPED DEPOSITION OF OREGON HEALTH
            AUTHORITY

WL 111424, at *4 (D. Or. Jan. 11, 2016).  For example, *Updike* involved the provision of deaf and hard-of-hearing services at the Clackamas County jail.  The Court concluded that a request for the *entire county's* policies "regarding auxiliary aids and services, reasonable accommodations, and/or other measures taken to comply with the ADA, the Rehabilitation Act, and/or other federal and state disability discrimination laws concerning deaf and hard of hearing (HOH) citizens since January 1, 2013" was inappropriate.  *Id.*  While the policies could be obtained pursuant to Rule 34, "to prepare and provide one or more designated witnesses to testify at deposition about that broad subject matter . . . is unduly burdensome and inappropriate under Rule 30(b)(6)."  *Id.*

Just as in *Updike*, FamilyCare's topics are not proportionate to the needs of the case.  For example, topic 20 requests a witness to testify to "OHA's process and efforts to review, approve, and pay bills submitted by Optumas to the State for work performed under its contract."  (Salerno Owens Decl., Ex. 1 at 7.)  Similar to the request for the *entire county's* policies in *Updike*, FamilyCare asks for *all processes and efforts* to review, approve, and pay bills submitted by Optumas.  The scope of this request is not proportionate to FamilyCare's needs to prepare its case and defend against OHA's counterclaim.

Moreover, topics 20-22 are not proportionate because they request OHA's testimony regarding its contracts with, oversight of, and payments to Optumas, a third-party actuary.  Optumas is not a party to this case and OHA's contracts with, oversight of, and payments to Optumas are, at best, tangentially related to the claims and defenses in this case.  Moreover, FamilyCare has already received voluminous document production directly from Optumas.  It has also received thousands of additional documents regarding Optumas from OHA.  OHA's employees, including both its director and the head of its Actuarial Services Unit, have testified in deposition about Optumas' contracts and OHA's management of Optumas.  And, FamilyCare has depositions of Optumas scheduled for later this month.  Given the extensive discovery regarding

**Page 7 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

Optumas, it is not proportionate to the needs of this case to require OHA to produce a witness to offer additional, likely duplicative, testimony regarding Optumas.

**III.    The Court should issue a protective order because FamilyCare's Rule 30(b)(6) topics seek irrelevant information.**

Parties may only discover information relevant to a claim or defense.  Fed. R. Civ. P. 26(b)(1).  FamilyCare's Rule 30(b)(6) witness topics 20-22, 24-27, 30-32, and 34-37, seek irrelevant information, in whole or in part.  For example, topic 30 asks a witness to testify to "OHA's Quarterly Legislative Reports concerning the Oregon Medicaid Program from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response."  (Salerno Owens Decl., Ex. 1 at 8.)  But, OHA's quarterly reports are not at issue in this case: None of FamilyCare's claims are based on the contents of those reports.  OHA has not raised any defenses based on the reports.  Testimony regarding the preparation and internal review of those reports will not support or detract from any claim or defense.  The Court should issue a protective order to forbid inquiry into irrelevant topics.

**IV.    The Court should issue a protective order because FamilyCare's Rule 30(b)(6) topics are duplicative and cumulative.**

Many of FamilyCare's topics are needlessly cumulative of other discovery already taken in this case.  For example, topics 24 and 25 seek discovery regarding OHA's goals around primary care and in-patient hospital visits.  Those subjects have already been extensively covered in depositions.  Furthermore, OHA's policies regarding primary care and hospital visits are described in documents produced in discovery.  As another example, topic 27, concerning alleged conflicts of interest, has been thoroughly addressed in depositions.  Topics 30 and 31, regarding various published reports, have been addressed in document discovery.  "It is not appropriate . . . to use a 30(b)(6) deposition as a catch-all technique to reexamine at the end of discovery the universe of

**Page 8 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

information an adversary has produced during the discovery period." *Prasad v. George Washington Univ.*, 323 F.R.D. 88 (D.D.C. 2017).

### V.    The Court should issue a protective order because FamilyCare's Rule 30(b)(6) topics seek attorney work-product and are overbroad.

FamilyCare's topics 41-55 seek to discover "[a]ll facts and evidence supporting" a variety of OHA's affirmative defenses in its Answer. "A Rule 30(b)(6) deposition is an overbroad, inefficient, and unreasonable means of discovering an opponent's factual and legal basis for its claims." *Trustees of Boston Univ. v. Everlight Elecs. Co.*, No. 12-CV-11935-PBS, 2014 WL 5786492, at *4 (D. Mass. Sept. 24, 2014). Accordingly, the Court should forbid inquiry into those topics.

Furthermore, Rule 30(b)(6) topics that seek "all facts" regarding a party's legal claims and defenses also potentially invade that party's work product. OHA's counsel drafted OHA's affirmative defenses. Accordingly,

> asking a 30(b)(6) witness, usually a non-lawyer, to answer this type of questions after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers.

*Fid. Mgmt. & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011). Indeed, because FamilyCare's topics seek to discover the factual basis for OHA's counsel's legal conclusions, the topics would necessarily require the witness to learn and testify about counsel's legal strategy and intended lines of proof. Such discovery is not permitted by the Rules. Fed. R. Civ. P. 26(b)(1) (only allowing discovery into non-privileged subjects). Rule 30(b)(6) depositions "are designed to discover facts, not contentions or legal theories[.]" *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002); *see also Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir.

**Page 9 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY**

1985) ("the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product"). Accordingly, the Court should issue a protective order forbidding inquiry on topics 41-55.

**CONCLUSION**

For the foregoing reasons, the Court should grant OHA's motion for a protective order.

DATED this 19th day of July, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

FAMIOR\757612

**Page 10 -  DEFENDANT OREGON HEALTH AUTHORITY'S MOTION
         FOR PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF
         VIDEOTAPED DEPOSITION OF OREGON HEALTH
         AUTHORITY**