

**Matthew A. Levin | Lawyer**
MattLevin@MarkowitzHerbold.com

April 20, 2018

**Via Email and U.S. Mail**

Nathan Morales
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209

   Re:   **Patrick Allen, in his official capacity as Director of Oregon Health
         Authority v. FamilyCare, Inc.
         US District Court of Oregon (Portland Division) Case No. 3:18-cv-
         00212-MO (leading)
         US District Court of Oregon (Portland Division) Case No. 6:18-cv-
         00296-MO (trailing)**

Dear Nathan:

I write to confer about the scope of FamilyCare's proposed FRCP 30(b)(6) topics. Several of FamilyCare's topics are overbroad and we would like to clarify what FamilyCare intends with its topics and narrow the scope of many of them.  FRCP 30(b)(6) requires the notice "must describe with reasonable particularity the matters for examination."  An organization must be able to identify the "outer limits" of the topics.  *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).  Our concerns are outlined below by topic.

Topics for Oregon Health Authority

   1.   OHA's process and methodology for setting capitation rates for the Coordinated Care Organizations that contract with OHA to serve Oregon Health Plan members.

OHA Response to Topic 1:  OHA objects to this topic as overbroad as to timeframe.  The parties previously agreed the timeframe at issue in this case

Ex. 3 - Salerno Owens Decl.
Page 1 of 5

Nathan Morales
April 20, 2018
Page 2

begins January 1, 2015. OHA proposes the scope of this topic is narrowed to January 1, 2015 – February 2018. FamilyCare has only alleged claims related to the process and methodology for setting capitation rates for 2015 through 2018.

2. The actuarial review of Oregon's Medicaid capitation rate development methodology dated November 30, 2017 that was prepared by Lewis and Ellis on (sic).

OHA Response to Topic 2: OHA does not object to this topic. Because third party trade secrets are implicated by this topic, OHA will likely need to designate its testimony on this topic Attorneys' Eyes Only.

3. The regulatory review of Oregon's Medicaid capitation rate development methodology November 30, 2017 that was prepared by Manatt, Phelps and Phillips.

OHA Response to Topic 3: OHA does not object to this topic. Because third party trade secrets are implicated by this topic, OHA will likely need to designate its testimony on this topic Attorneys' Eyes Only.

4. All OHA "communications plans" related to the Oregon Health Plan, rate-setting, and any coordinated care organizations in Oregon, including but not limited to FamilyCare.

OHA Response to Topic 4: OHA objects to this topic as overbroad as to scope. First, the language "including but not limited to" is improper. See, e.g., *Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 125 (D. D.C. 2005). OHA requests the scope of this topic is limited to FamilyCare. The term "rate-setting" is also overbroad. OHA oversees rate-setting for a variety of organizations beyond CCOs. OHA proposes "rate-setting" is limited to capitation rate setting for Coordinated Care Organizations. OHA also proposes the timeframe is limited to January 1, 2015 – February 2018.

5. OHA's settlement agreement with FamilyCare entered into on May 22, 2016.

OHA Response to Topic 5: OHA does not object to this topic. Because third party trade secrets are implicated by this topic, OHA will likely need to designate its testimony on this topic Attorneys' Eyes Only.

Nathan Morales
April 20, 2018
Page 3

6.  OHA's Dispute Resolution Agreement with FamilyCare, executed on December 30, 2016.

OHA Response to Topic 6:  OHA does not object to this topic, however, OHA's witness will only be prepared to testify about "[I]nformation known or reasonably available to the organization."

7.  OHA's lobbying efforts in the Oregon legislature in connection to Oregon's Medicaid program and any of the individual coordinated care organizations that contract with OHA as part of that program.

OHA Response to Topic 7:  OHA objects to this topic on the grounds it is overbroad as to timeframe and scope, and is vague and ambiguous.  OHA requests FamilyCare define "lobbying efforts."  OHA communicates with the legislature on a variety of issues, including providing such things as fiscal impact statements, reports to Legislative Committees, and providing testimony regarding legislative proposals.  OHA does not consider this sort of activity lobbying.  Furthermore, the Oregon legislature addresses legislation, budgets, and proposals related to "Oregon's Medicaid program" that deal with issues that go far beyond anything alleged by FamilyCare in its complaint.  In addition, OHA does not understand the topic as it relates to "any of the individual coordinated care organizations that contract with OHA as part of this program."  OHA proposes limiting this topic to communications between OHA and the legislature regarding legislation related to CCO contracts.  Finally, OHA proposes the timeframe for this topic is limited to January 1, 2015 – February 2018.

8.  The 3.4% rate of growth target in Oregon's Section 1115(a) waiver with CMS and all budgetary, policy, and rate-setting decisions made by OHA in connection with that target.

OHA Response to Topic 8:  OHA objects to this topic on the grounds it is overbroad as to timeframe, scope and is vague and ambiguous.  "All budgetary, policy, and rate-setting decisions made by OHA in connection with that target" could include a wide range of topics outlined in the 385 page Special Terms and Conditions OHA must comply with from rate-setting, to complaints and grievances, to training activities under the Transformation Center.  Virtually every decision affecting the financial performance of the Medicaid program relates to that target.  OHA proposes limiting this topic to OHA's policy and rate setting decisions related to any 3.4% growth target in Oregon's Section 1115(a) waiver for capitation rates for CCO's.

Nathan Morales
April 20, 2018
Page 4

9.  Other policy decisions made by OHA as part of its rate-setting processes for calendar years 2015-2018.

OHA Response to Topic 9:  OHA objects to this topic on the grounds it is overbroad as to timeframe, scope and is vague and ambiguous.  "Other policy decisions" is as improper as "including but not limited to."  OHA proposes narrowing the scope of this topic to policy decisions made by OHA as part of its rate-setting processes for calendar years 2015-2018.  As with previous topics, OHA proposes "rate-setting" is limited to capitation rate setting for Coordinated Care Organizations.

10. OHA's treatment of sub-capitated entities and payment arrangements, including but not limited to, in its Medicaid rate-setting process and associated policies.

OHA Response to Topic 10:  OHA objects to this topic on the grounds it is overbroad as to timeframe, scope and is vague and ambiguous.  OHA requests FamilyCare explain what it means by "treatment of sub-capitated entities and payment arrangements."  OHA also objects to the phrase "including but not limited to."  OHA requests FamilyCare more specifically limit the scope of this topic.  OHA further objects to the extent "associated policies" is overbroad.  OHA requests that FamilyCare explain what is meant by associated policies.  As explained above, OHA policies for Medicaid are far reaching and go beyond the specific allegations made by FamilyCare.  OHA proposes this topic is limited to OHA's treatment of sub-capitated entities and payment arrangements in its capitation rate setting for Coordinated Care Organizations limited to the timeframe proposed in Topic 1.

11. OHA's communications with CMS.

OHA Response to Topic 11:  OHA objects to this topic on the grounds it is overbroad as to timeframe, scope and is vague and ambiguous.  OHA communicates with CMS on issues that go far beyond the scope of discovery in this matter.  OHA requests that FamilyCare narrow the scope of this topic to communications relating to CMS's certification of OHA's rates.

Let's plan to discuss these topics next week after you have had a chance to review OHA's objections with your client.  If we are unable to reach an

Nathan Morales
April 20, 2018
Page 5

agreement on the proper scope for these topics, OHA will seek a protective
order.

Very truly yours,

Matthew A. Levin
Special Assistant Attorney General

FAMIOR\721081