1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
PATRICK ALLEN, in his          )
official capacity as DIRECTOR )
OF OREGON HEALTH AUTHORITY,    )
an agency of the State of      )
Oregon,                        )
                               )
            Plaintiff,         )
                               )
v.                             ) No. 3:18-cv-00212-MO
                               )     (Leading)
FAMILYCARE, INC., an Oregon    ) No. 6:18-cv-00296-MO
non-profit corporation,        )     (Trailing)
                               )
            Defendant.         )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ ) Videotaped Deposition
FAMILYCARE, INC., an Oregon    ) Upon Oral Examination
non-profit corporation,        )          of
                               ) BENJAMIN J. DIEDERICH
            Plaintiff,         )
                               )
v.                             )
                               )
OREGON HEALTH AUTHORITY, an    )
agency of the State of         )
Oregon, and PATRICK ALLEN,     )
both individually and in his   )
official capacity as director )
of the Oregon Health           )
Authority,                     )
                               )
            Defendants.        )
                               )
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

9:13 a.m.

July 10, 2018

1201 Third Avenue, Suite 4900

Seattle, Washington
Kristin L. Mattsen, CCR, RPR

Benjamin Diederich, 7/10/2018    Allen, et al v. FamilyCare, Inc.

2

                         APPEARANCES

FOR THE PLAINTIFF/DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY:
          MATTHEW A. LEVIN
          Special Assistant Attorney General
          MARKOWITZ HERBOLD PC
          1211 Southwest Fifth Avenue
          Suite 3000
          Portland, Oregon 97204
          MattLevin@MarkowitzHerbold.com

FOR THE DEFENDANT/PLAINTIFF FAMILYCARE, INC.:
          AMANDA J. BEANE
          Attorney at Law
          PERKINS COIE
          1201 Third Avenue
          Suite 4900
          Seattle, Washington 98101-3099
          ABeane@perkinscoie.com

FOR THE WITNESS:
          DANIEL J. VELLOTH
          Attorney at Law
          WILLIAMS KASTNER
          601 Union Street
          Suite 4100
          Seattle, Washington 98101
          dvelloth@williamskastner.com

THE COURT REPORTER:
          KRISTIN L. MATTSEN, CCR, RPR
          SCHMITT REPORTING & VIDEO, INC.
          400 Columbia Street
          Suite 140
          Vancouver, Washington 98660
          info@schmittreporting.com

THE VIDEOGRAPHER:
          LUCAS CHEADLE, CLVS
          SCHMITT REPORTING & VIDEO, INC.
          info@schmittreporting.com

ALSO PRESENT:
          R. GREGORY KIPPER
          AARON MAKI (Present until indicated)

          Schmitt Reporting & Video, Inc.
     (360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Benjamin Diederich, 7/10/2018    Allen, et al v. FamilyCare, Inc.

110

an actuary uses an Actuarial Standard of Practice to perform their work in calculating -- or in developing rates for states.

A.    Generally, I think the title somewhat says it all.  An ASOP is a guide.  It's a standard.  It's not necessarily an explicit recipe or formula for how to do actuarial work, but it is a professional publication of how certain actuarial problems should be handled and what level of sort of standard-analysis approaches should be considered when performing work.

Q.    If work is performed by an actuary in Medicaid rate setting that is not in compliance with ASOP No. 49, would that mean the work is necessarily wrong?

MS. BEANE:  Objection.  Vague.

THE WITNESS:  Could you clarify the question.

Q.    (BY MR. LEVIN)  Sure.

A.    I mean, when you certify a rate, you certify that your rate development is compliant with ASOP 49.  That is one of the things that you are certifying for when you submit your documents to CMS.

Q.    So in order for an actuary to certify that their rate development was appropriate --

A.    Correct.

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Benjamin Diederich, 7/10/2018   Allen, et al v. FamilyCare, Inc.

111

Q.   Not appropriate?   Is that the right word?

A.   "Appropriate" is the right word, yeah.

Q.   In order for an actuary to certify that its rate-development work was appropriate, the actuary is, among other things, certifying that its work was in compliance with ASOP No. 49?

A.   Correct.

Q.   Okay.  Have you ever seen anything from Optumas's work in Oregon that indicated to you that its work wasn't in compliance with ASOP 49?

A.   No.

MS. BEANE:  Objection.  Foundation.

THE WITNESS:  No.

Q.   (BY MR. LEVIN)  Let's turn to page 1 of -- what number?

A.   140.

Q.   -- which, unfortunately, is better identified by the Bates number at the lower right-hand corner; so it's OHA_LIT_00415799.

I want to make sure I understand all the layers that apply to actuaries.  So I've got an effective date for this particular ASOP of August 1st, 2015.  Has there been a new ASOP 49 since August 1st, 2015?

A.   I don't believe so.

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Benjamin Diederich, 7/10/2018    Allen, et al v. FamilyCare, Inc.

127

A.  Yes.

Q.  If CMS approves the rates for 2018, that will mean those rates are actuarially sound also; correct?

A.  Yes.  Oh.

Q.  Before CM- -- oh.

A.  No, not technically.

Q.  Why?

A.  Actuarial soundness is the certifying actuary's responsibility, not CMS's approval.

Q.  That was my next question.

A.  Okay.

Q.  So before CMS certifies -- or approves the rates for 2018, because they have been actuarially certified, that means, by definition, they are actuarially sound; correct?

A.  Yes.

Q.  Same with 2017 and 2016?

A.  Correct.

Q.  Next page, page 5.  The definition of "Base Data" from ASOP No. 49 says that "The actuary should use base data sources," and then it lists "a" through "f" of those sources.

Do you understand that Optumas used all of those sources in creating the base data for the rate-setting process?

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Page 231

C E R T I F I C A T E

STATE OF WASHINGTON   )
                      )  SS.
COUNTY OF KING        )

I, the undersigned Washington Certified Court Reporter, pursuant to RCW 5.28.010 authorized to administer oaths and affirmations in and for the State of Washington, do hereby certify:

That the annexed and foregoing deposition consisting of pages 1 through 230 of the testimony of each witness named herein was taken stenographically before me and reduced to typed format under my direction;

I further certify that according to CR 30(e) the witness was given the opportunity to examine, read and sign the deposition after the same was transcribed, unless indicated in the record that the review was waived;

I further certify that all objections made at the time of said examination to my qualifications or the manner of taking the deposition or to the conduct of any party have been noted by me upon each said deposition;

I further certify that I am not a relative or employee of any such attorney or counsel, and that I am not financially interested in the said action or the outcome thereof;

I further certify that each witness before examination was by me duly sworn to testify the truth, the whole truth and nothing but the truth;

I further certify that the deposition, as transcribed, is a full, true and correct transcript of the testimony, including questions and answers, and all objections, motions, exceptions of counsel made and taken at the time of the foregoing examination and was prepared pursuant to Washington Administrative Code 308-14-135, the transcript preparation format guidelines;

I further certify that I am sealing the deposition in an envelope with the title of the above cause and the name of the witness visible, and I am delivering the same to the appropriate authority;

Electronically signed by Kristin Mattsen (201-382-384-3983)                    99b7a0b8-5903-4e55-a333-9b25dcd79bc4

Page 232

I further advise you that as a matter of firm policy, the Stenographic notes of this transcript will be destroyed three years from the date appearing on this Certificate unless notice is received otherwise from any party or counsel hereto on or before said date;

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 12th day of July, 2018.

Kristin L. Mattsen, CCR, RPR
Washington State Certified
Court Reporter
License No. 3280

Electronically signed by Kristin Mattsen (201-382-384-3983)

99b7a0b8-5903-4e55-a333-9b25dcd79bc4