**75th OREGON LEGISLATIVE ASSEMBLY - 2009 Regular Session**  **MEASURE:**  **SB 311A**
**STAFF MEASURE SUMMARY**  **CARRIER:**  **Sen. Prozanski**
**Senate Committee on Judiciary**

**REVENUE: No revenue impact**
**FISCAL:  Fiscal statement issued**

| | |
|---|---|
| **Action:** | Do Pass as Amended and Be Printed Engrossed |
| **Vote:** | 4 - 1 - 0 |
| **Yeas:** | Bonamici, Boquist, Dingfelder, Prozanski |
| **Nays:** | Whitsett |
| **Exc.:** | 0 |
| **Prepared By:** | Anna Braun, Counsel |
| **Meeting Dates:** | 1/22, 2/11 |

**WHAT THE MEASURE DOES:**   Increases the per claim damage limits recoverable under the Oregon Tort Claims Act (OTCA) from the current $200,000 to $1.5 million for the state of Oregon and Oregon Health Science University (OHSU), and to $500,000 for all other public entities. Increases the per occurrence damage limits under the Oregon Tort Claims Act from the current $500,000 to $3 million for the state of Oregon and OHSU, and to $1 million for all other public entities. Increases the state of Oregon and OHSU per claim limits by $100,000 per year until 2015. Increases the state of Oregon and OHSU per occurrence limits by $200,000 per year until 2015.  Increases the per claim limits for all other government entities by $33,333 per year until 2015. Increases the per occurrence limits for all other government entities by $66,666 per year until 2015.  Increases all property damage limits from the current $50,000 per claim to $100,000 per claim and $500,000 per occurrence.

Applies (after 2015) an escalator based on the Portland-Salem OR-WA Consumer Price Index for All Urban Consumers up to three percent each year. Escalator for property damage begins in 2010.  Removes the distinction between economic and non-economic damages. Creates a Tort Claims Task Force to revisit the issue of tort liability of public bodies to convene in the year 2014. Allows direct appeal to the Supreme Court for challenges to the constitutionality of the damage limits.

Applies to causes of action against the state of Oregon and OHSU from December 28, 2007. Declares emergency. Effective July 1, 2009.

**ISSUES DISCUSSED:**
- Product of the Oregon Tort Claims Act Task Force
- Cost to government because of uncertainty of liability limits

**EFFECT OF COMMITTEE AMENDMENT:**  Adds special districts and other nonprofit organizations in to the definition of local public body for purposes of the act. Clarifies the direct appeal language. Applies the cap to all torts covered by the OTCA including wrongful death and other statutory torts. Adds language clarifying retroactivity.

**BACKGROUND:**  This bill is the product of the Oregon Tort Claims Task Force.  The Task Force was convened to address the result of the case Clarke v. OHSU which held that in an "as applied" challenge, the caps of the Oregon Tort Claims Act were constitutionally inadequate. As a result of the Clarke case, governmental entities were concerned about the increased insurance costs because of the inability to forecast risk with certainty.

Prior to the Clarke case, the OTCA provided a tort limit to governmental entities of $100,000 for special, or economic damages, and $100,000 for general, or non-economic damages. Non-economic damages are those damages that are not easily quantified, like pain and suffering. The court in Clarke held because employees of OHSU were able to be sued at common law, unlike the State, the Remedies Clause of the Oregon Constitution required that an adequate remedy be available. The Supreme Court looked at the specific situation of the Clarke case and said that a $200,000 remedy was not adequate in a case where economic damages were pled as over $12 million and non-economic damages were pled as $5 million.

2/12/2009 4:17:00 PM
*This summary has not been adopted or officially endorsed by action of the committee.*
Committee Services Form – 2009 Regular Session

**75th OREGON LEGISLATIVE ASSEMBLY - 2009 Regular Session**  **MEASURE:**  **SB 311 B**
**STAFF MEASURE SUMMARY**  **CARRIER:**  **Rep. Barker**
**House Committee on Judiciary**

**REVENUE: No revenue impact**
**FISCAL:  Fiscal statement issued**

| | | |
|---|---|---|
| **Action:** | | Do Pass as Amended and Be Printed Engrossed |
| **Vote:** | | 10 - 0 - 0 |
| | **Yeas:** | Barton, Cameron, Garrett, Krieger, Olson, Shields, Smith J., Stiegler, Whisnant, Barker |
| | **Nays:** | 0 |
| | **Exc.:** | 0 |
| **Prepared By:** | | Anna Braun, Counsel |
| **Meeting Dates:** | | 3/25 |

**WHAT THE MEASURE DOES:**  Increases the per claim damage limits recoverable under the Oregon Tort Claims Act (OTCA) from the current $200,000 to $1.5 million for the state of Oregon, Oregon Health Science University (OHSU), the State Accident Insurance Fund (SAIF) and the Oregon Utility Notification Center. Increases the per claim damage limit to $500,000 for all other public entities. Increases the per occurrence damage limits under the Oregon Tort Claims Act from the current $500,000 to $3 million for the State of Oregon, OHSU, SAIF and the Oregon Utility Notification Center and to $1 million for all other public entities. Increases the State of Oregon, OHSU, SAIF and Oregon Utility Notification Center per claim limits by $100,000 per year until 2015. Increases the State of Oregon, OHSU, SAIF, and Oregon Utility Notification Center per occurrence limits by $200,000 per year until 2015.  Increases the per claim limits for all other government entities by $33,333 per year until 2015. Increases the per occurrence limits for all other government entities by $66,666 per year until 2015.  Increases all property damage limits from the current $50,000 per claim to $100,000 per claim and $500,000 per occurrence.  Applies (after 2015) an escalator based on the Portland-Salem OR-WA Consumer Price Index for All Urban Consumers up to three percent each year. Begins escalator for property damage in 2010.  Removes the distinction between economic and non-economic damages. Creates a Tort Claims Task Force to revisit the issue of tort liability of public bodies to convene in the year 2014.  Allows direct appeal to the Supreme Court for challenges to the constitutionality of the damage limits.  Applies to causes of action against the State of Oregon, OHSU, SAIF and the Oregon Utility Notification Center from December 28, 2007.  Declares emergency. Effective July 1, 2009.

**ISSUES DISCUSSED:**
- Impact of removing the distinction between economic and non-economic damages
- Effect on county government budgets

**EFFECT OF COMMITTEE AMENDMENT:** Adds the State Accident Insurance Fund and the Oregon Utility Notification Center to the higher cap limit. Clarifies language regarding OHSU to ensure it retains the ability to hire its own counsel and is responsible for its own insurance. Modified language in Section 2 subsection (4) to conform with existing law.

**BACKGROUND:**  This bill is the product of the Oregon Tort Claims Task Force.  The Task Force was convened to address the result of the case Clarke v. OHSU, which held that in an "as applied" challenge, the caps of the Oregon Tort Claims Act were constitutionally inadequate. As a result of the Clarke case, governmental entities were concerned about the increased insurance costs because of the inability to forecast risk with certainty.

Prior to the Clarke case, the OTCA provided a tort limit to governmental entities of $100,000 for special, or economic damages, and $100,000 for general, or non-economic damages. Non-economic damages are those damages that are not easily quantified, like pain and suffering. The court in Clarke held because employees of OHSU were able to be sued at common law, unlike the State, the Remedies Clause of the Oregon Constitution required that an adequate remedy be available. The Supreme Court looked at the specific situation of the Clarke case and said that a $200,000 remedy was not adequate in a case where economic damages were pled as over $12 million and non-economic damages were pled as $5 million.

3/30/2009 3:27:00 PM
*This summary has not been adopted or officially endorsed by action of the committee.*
Committee Services Form – 2009 Regular Session