## PerkinsCoie

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

☎ +1.503.727.2000
🖷 +1.503.727.2222
PerkinsCoie.com

February 9, 2017

Stephen F. English
SEnglish@perkinscoie.com
D. +1.503.727.2003

**VIA EMAIL TO THEODORE.FALK@DOJ.STATE.OR.US**

Theodore C. Falk
Attorney-in-Charge
Health and Human Services Section
Oregon Department of Justice

Re:    **February 8, 2017 Response to Request for Disclosure of Public Records**

Dear Ted:

Thank you for your February 8 letter responding to FamilyCare's third request for disclosure of public records. Your letter states that OHA cannot agree that the information requested is not confidential and that OHA will contact all the CCOs about FamilyCare's discrete requests to further evaluate the issue, a process that will take approximately three weeks. OHA and FamilyCare both anticipated that Confidential Information may be involved in the Dispute Resolution Process. In fact, FamilyCare's prior disputes with OHA have centered around this same information and the ability to receive it. Consistent with the expectation set for the Dispute Resolution Process, we will work cooperatively towards an agreement for the protection of any Confidential Information. Further, requests that include responsive documents that do not contain Confidential Information should be produced expediently and without involving third parties.

In the interest of keeping the Dispute Resolution Process moving forward, I propose an alternative, based on two principles: (1) Not all of the information requested implicates the other CCOs; and (2) Regardless of whether OHA takes the position that some of the data requested is Confidential Information, the Dispute Resolution Agreement contemplates that such information would be produced to FamilyCare in any event, just subject to protection.

In keeping with those two principles, I propose that OHA produce the information requested in FamilyCare's Request No. 5 of February 6, 2017, specifically about the 2017 Reimbursement Review adjustments to FamilyCare's costs data as soon as possible to facilitate a meaningful discussion about it at our next meeting. I also propose that we immediately begin the process of cooperatively working toward an agreement to protect any Confidential Information.

123045-0001/134413574.4

Perkins Coie LLP

Ex. 5 to Stineman Decl.
Page 1 of 3

FCI0020134

Theodore Falk
February 9, 2017
Page 2

FamilyCare's Request No. 5 in my February 6, 2017, letter relates to a policy decision made by OHA about the 2017 Reimbursement Review adjustments and the implementation of that decision by Optumas. That request sought:

> **Data underlying the "2017 Reimbursement Review" identified in Appendix VIII to the Optumas 2017 Rate Certification and the reimbursement adjustments made in connection with that policy.**

While some of that data and some of those adjustments might implicate other CCOs, information related to the adjustment to FamilyCare's costs should not. As a result, please provide us with that data as soon as possible, as well as any other data requested that OHA has determined is not Confidential Information. If you disagree, please so inform us what data you are concluding is "Confidential Information," and help me understand why.

Under the terms of the Dispute Resolution Agreement, a determination that data is Confidential Information does not end the issue. Rather, as the subsequent sentence of paragraph 6 makes clear, it merely triggers an obligation for the parties to "work cooperatively toward an agreement for protection of Confidential Information . . . ." In other words, the Dispute Resolution Agreement contemplates that OHA will produce information that "FamilyCare's actuary believes is relevant and necessary to evaluate actuarial rates," regardless of whether OHA deems it confidential. The issue is how that information will be protected when it is produced, not whether it will be produced.

As we stated earlier, we will agree to restrict anything OHA deems to be Confidential Information to attorneys and FamilyCare's actuary and consultants. I understand OHA to take the position that it needs a mediator involved to make such agreements effective. If that is indeed OHA's position, then we are happy to involve a mediator to ensure that OHA's concerns are satisfied, and we will begin reaching out to mediators immediately. If my suggestions are not satisfactory, please propose an alternative. But please understand that an alternative that includes OHA not producing the requested information is unacceptable and would violate the Dispute Resolution Agreement.

We also write to correct the statement that at the January 17 dispute resolution conference "it emerged Ben Diederich had not had the opportunity to familiarize himself with all the documents OHA provided to FamilyCare during the rate development process for 2017." At the January 17 meeting, Mr. Diederich explained what additional data he needed to evaluate the actuarial soundness of the 2017 capitation rates developed by OHA. Contrary to the statement in your letter, Mr. Diederich has had full access to all documents that OHA provided to FamilyCare. There is no need for OHA to divert its attention away from addressing FamilyCare's public records requests to reproduce documents we have already received.

Perkins Coie LLP

Ex. 5 to Stineman Decl.
Page 2 of 3

FCI0020135

Finally, the Dispute Resolution Agreement requires the parties to have their second meeting no later than February 16, 2017. We are available on February 15 or 16. Please let us know which works best for you by close of business, Monday, February 13, 2017, or sooner. At that meeting, I propose:

1. Per the Dispute Resolution Agreement, OHA agreed to provide an explanation "as to why [it] believes the rates are sound in light of CMS approvals[.]" That has not yet happened. Please have your actuarial team and/or Optumas present this information at our next meeting.

2. If OHA provides us with the information requested related to the 2017 Reimbursement Review adjustments to FamilyCare's costs quickly enough that Ben Diederich has time to evaluate the information in advance of the meeting, we may be in a position to present Mr. Diederich's conclusions.

3. If we have not done so by the time of the meeting, we should plan on resolving the terms of the "agreement for protection of Confidential Information."

Very truly yours,

Stephen F. English

SFE

Cc:
Keely L. West, Oregon Health Authority
Renee Stineman, Oregon Department of Justice
Misha Isaak, Office of Governor Kate Brown
Ellen F. Rosenblum, Attorney General of Oregon
Jeff Heatherington, President & CEO, FamilyCare, Inc.
William H. Murray, COO, FamilyCare, Inc.
Stephen F. English, Perkins Coie LLP
Thomas R. Johnson, Perkins Coie LLP
Melanie K. Curtice, Perkins Coie LLP
Matthew Gordon, Perkins Coie LLP
Meredith M. Price, Perkins Coie LLP

Perkins Coie LLP

FCI0020136