Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>      Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S OPPOSITION TO OREGON HEALTH AUTHORITY'S MOTION TO AMEND PROTECTIVE ORDERS |

140702480.1    FAMILYCARE'S OPPOSITION TO OHA'S MOTION TO AMEND PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ..................................................................................................... 2

    A.    OHA has not demonstrated that all "confidential" and "attorneys' eyes only" information is relevant to the DOJ investigations or to any other undefined "law enforcement" matter. .................................................................. 2

        1.    OHA must show that material from this case is relevant to the collateral proceedings. .................................................................. 2

        2.    OHA fails to make the required showing. ................................................ 2

    B.    The DOJ has already subpoenaed FamilyCare for documents produced in this case, and OHA's proposed amendment would improperly subvert the procedure governing the resolution of any disputes arising under the subpoena. .......................................................................................................... 5

    C.    OHA's proposed amendment is overbroad and vague and ambiguous. ................ 6

CONCLUSION.................................................................................................................. 8

i-    FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1 MOTION TO AMEND PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Charles O. Bradley Tr. v. Zenith Capital LLC*,
No. C-04-2239 JSW(EMC), 2006 WL 798991, at \*2 (N.D. Cal. Mar. 24,
2006) ........................................................................................................................5

*Darby v. Safeco Ins. Co. of Am.*,
No. CV-12-00287-PHX-PGR, 2012 WL 5512576 (D. Ariz. Nov. 14, 2012) ...........................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1121 (9th Cir. 2003) .......................................................................................2, 5

*Harvey Prop. Mgmt. Co., Inc. v. Travelers Indem. Co.*,
No. 2:12-CV-01536-SLG, 2015 WL 13021470 (D. Ariz. Mar. 17, 2015)...............................2

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
No. 07-MD-01819 CW, 2011 WL 5193479 (N.D. Cal. Nov. 1, 2011) ...............................2, 7

*Kelly v. Provident Life & Accident Ins. Co.*,
No. 04-CV-0807-WQHJMA, 2008 WL 5132851 (S.D. Cal. Dec. 5, 2008).........................4, 6

*PCT Int'l Inc. v. Holland Elecs. LLC*,
No. CV-12-01797-PHX-JAT, 2014 WL 2510204 (D. Ariz. June 4, 2014)......................2, 3, 5

**STATUTES**

ORS 128.680................................................................................................................6

ORS 128.690................................................................................................................6

**RULES**

ORPC 1.7 ....................................................................................................................5

ii-    FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1 MOTION TO AMEND PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## I.    INTRODUCTION

The Oregon Health Authority and Patrick Allen (collectively "OHA") seek *carte blanche* authority to evade both Protective Orders entered in this litigation by empowering the Oregon Department of Justice ("DOJ") to "use or disclose" information produced in this case, including material previously identified as confidential, for any, as yet undefined, "legitimate civil and criminal law enforcement purposes".  Motion at 2.  Without providing the Court with any assurance of relevance of any and all materials in this action, OHA points specifically to open DOJ investigations of "Optumas' billing practices" and "FamilyCare's and related entities' compliance with legal requirements applicable to charitable organizations."  *Id*.  That request alone is legally deficient for the reasons explained below.  But OHA does not stop there.  It wants DOJ to have the ability to "use or disclose" information produced in this case for any future "legitimate civil [or] law enforcement purpose[]", totally undefined and without limitation.  It would be within DOJ's absolute discretion to determine whether a law enforcement purpose is "legitimate" and one that would benefit from a document dump from this litigation.  Nor is any limitation offered as to who might receive such material.  While theoretically the recipient of the material would somehow be bound by the Protective Orders, there would be virtually no mechanism for FamilyCare or other providers of confidential information to monitor such activity or enforce compliance with those Orders.

Moreover, where material is desired by a law enforcement agency for purposes of an open investigation, there are methods readily available for them to seek to obtain such information, as the Charitable Activities Section has done in the charities investigation.

Accordingly, OHA's motion to amend the Protective Orders should be denied.

1-    FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1  MOTION TO AMEND PROTECTIVE ORDERS

## II.    ARGUMENT

**A.    OHA has not demonstrated that *all* "confidential" and "attorneys' eyes only" information is relevant to the DOJ investigations or to any other undefined "law enforcement" matter.**

**1.    OHA must show that material from this case is relevant to the collateral proceedings.**

A court should not grant a request to modify a protective order to allow disclosure of confidential documents for use in collateral proceedings automatically.  *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011) ("[A] court should not grant a collateral litigant's request for such a modification automatically.") (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1121, 1131 (9th Cir. 2003).)  Rather, the Ninth Circuit has instructed that a district court must "'satisfy itself that the protected discovery is sufficiently *relevant* to the collateral [proceeding] that a substantial amount of duplicative discovery will be avoided by modifying the protective order." *Harvey Prop. Mgmt. Co., Inc. v. Travelers Indem. Co.*, No. 2:12-CV-01536-SLG, 2015 WL 13021470, at *2 (D. Ariz. Mar. 17, 2015) (emphasis added) (quoting *Foltz*, 331 F.3d at 1132.); *see also*, *PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2014 WL 2510204, at *5 (D. Ariz. June 4, 2014) (the Ninth Circuit "does not require modification of a protective order merely because duplicative discovery would otherwise occur.")  In determining relevance, a court should consider the "overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *PCT Intl' Inc.*, 2014 WL 2510204, at *2. Further, the party seeking such modification "bears the burden of showing that the [protected information] are relevant . . . ." *Id.*, at *3.

**2.    OHA fails to make the required showing.**

OHA is requesting that the court allow the DOJ access to *all* "confidential" and "attorneys' eyes only" documents without any meaningful showing that *all* such documents are relevant to the present DOJ investigations.  OHA does not discuss the subject matter of the

2- FAMILYCARE'S OPPOSITION TO OHA'S
MOTION TO AMEND PROTECTIVE ORDERS

140702480.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

underlying DOJ investigations beyond broad, abstract descriptions of their general nature, nor does OHA explain how the issues in the present litigation so overlap with those in the DOJ investigations to justify the DOJ's access to *all* protected documents.  Similarly, OHA fails to identify, with any meaningful specificity, any single document or category of documents and explain how such documents would be pertinent to the DOJ investigations.  This is not particularly surprising, as, especially with respect to the charities division investigation, only a small proportion of the discovery in this case has been directed towards the governance of the Charities.  Indeed, none of OHA's hundreds of requests for production directly seek documents related to the governance of the charities.

Instead of making a specific showing of relevance, OHA's effective argument appears to be that because Optimus and FamilyCare, Inc. are players in the Action and have produced documents, it necessarily follows that all the protected information that has been produced—without regard for the identity of the party or non-party that produced the information, the subject matter of the information, the time-frame in which the information was created, or any other apparent consideration—is relevant to the DOJ investigations.  Not only is this argument illogical in the abstract, OHA is itself unconvinced and repeatedly equivocates as to the degree to which its proposed amendment would, *in fact*, assist the DOJ investigations.  (*See* Defendant Oregon Health Authority and Patrick Allen's Motion to Amend Protective Order ["Mot."], Dkt. No. 137 at 4 ("In both investigations, DOJ *may* need to use information, documents, and deposition transcripts produced in this litigation to carry out its law enforcement obligations.") (emphasis added); *id*., ("The parties and third-parties to this litigation, including Optumas, have produced voluminous documents that *can* assist DOJ's investigation.") (emphasis added); *id*., ("DOJ *may* also need to use information, documents, and deposition transcripts that FamilyCare

3-    FAMILYCARE'S OPPOSITION TO OHA'S
MOTION TO AMEND PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

has produced and marked 'confidential' or 'attorneys' eyes only' to conduct its investigation . . . .") (emphasis added).[1]

Moreover, OHA's proposed amendment does not limit DOJ's use of documents to the two identified investigations, but, rather, would authorize the DOJ to use documents for any other unidentified "civil and criminal law enforcement purpose[]."  (Mot. at 2.)  While OHA has certainly failed to demonstrate the relevance of all protected information to the specific DOJ investigations it identified, *it has not even tried* to demonstrate the relevance of *all* protected information to non-existent, hypothetical "civil and criminal law enforcement" matters.  Further, Courts consistently deny the inclusion of "sharing provisions" of this type, where, as here, collateral litigation is merely hypothetical.  *See Kelly v. Provident Life & Accident Ins. Co.*, No. 04-CV-0807-WQHJMA, 2008 WL 5132851, at *3 (S.D. Cal. Dec. 5, 2008) (denying request for inclusion in protective order a "sharing provision" allowing the plaintiff to share confidential documents with plaintiffs in unidentified collateral matters); *see also*, *Darby v. Safeco Ins. Co. of Am.*, No. CV-12-00287-PHX-PGR, 2012 WL 5512576, at *2 (D. Ariz. Nov. 14, 2012) (same). One concern animating these decisions is that allowing a "sharing provision" in that posture would subvert the court's role in ensuring a base-level of relevance, as the court cannot meaningfully assess the factual and legal overlap of a litigation on its docket with a case that does not exist.  *See Kelly*, 2008 WL 5132851, at *3 ("[N]ot only have the collateral litigants not even been specifically identified, but such litigants would, under Plaintiff's proposal, not be required to make any showing of relevance.")  This concern is certainly implicated by OHA's

---

[1]  OHA attempts a false equivalence between this motion and FamilyCare's pending motion to de-designate certain Optumas documents, so that they may be provided to federal law enforcement.  By its motion to de-designate, FamilyCare is following the provisions of the Protective Orders by asserting that particular documents are not, in fact, confidential.  By contrast, OHA seeks an amendment to the Protective Orders giving DOJ carte blanche authority to share any and all produced material for any undefined "legitimate" law enforcement purpose.

4- FAMILYCARE'S OPPOSITION TO OHA'S MOTION TO AMEND PROTECTIVE ORDERS

140702480.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

broad proposed amendment, which would necessarily constitute—at least as to any unidentified, hypothetical "law enforcement" matters—a blind disclosure without any showing of relevance.[2]

> **B.    The DOJ has already subpoenaed FamilyCare for documents produced in this case, and OHA's proposed amendment would improperly subvert the procedure governing the resolution of any disputes arising under the subpoena.**

In determining whether to amend a protective order to allow the disclosure of "confidential" and "attorneys' eyes only" to non-parties in collateral matters a court should refrain from ruling as to whether the sought information is ultimately discoverable by the parties in the collateral matter. *See PCT Int'l Inc.*, WL 2510204, at *2 ("[I]f the court modifies the protective order to permit the discovery, responsibility shifts to the court overseeing the collateral litigation to determine whether the collateral litigants may ultimately obtain the materials in discovery."); *see also*, *Foltz*, 331 F.3d at 1133 (9th Cir. 2003) ("[O]nce the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits.")  Such deference to the rules governing the collateral matter "prevent the subversion of limitations on discovery in the collateral proceedings" and preserve the proper role of the collateral institution. *Charles O. Bradley Tr. v. Zenith Capital LLC*, No. C-04-2239 JSW(EMC), 2006 WL 798991, at *2 (N.D. Cal. Mar. 24, 2006) (quoting *Foltz*, 331 F.3d at 1133.)

OHA's proposed amendment would completely subvert the procedure governing the DOJ's ability to obtain evidence in support of investigations into charitable organizations. *See*

---

[2]  Indeed, it appears, from this Motion and generally, that the DOJ is in the midst of a conflict of interest between its involvement in this litigation and its investigation of alleged Optumas billing fraud.  In this litigation, DOJ purports to defend vigorously the actions of OHA, which, necessarily, requires building up Optumas's credibility as an actuarial firm and as witnesses.  After all, Optumas had a central role in the setting of reimbursement rates.  At the same time, DOJ purports to undertake a vigorous investigation of FamilyCare's allegations of Optumas's alleged billing fraud, arising from the subject matter of this lawsuit.  If those allegations are found to be substantiated, that would severely impair Optumas's credibility as an actuarial firm and as witnesses in this action.  See ORPC 1.7  To date, DOJ continues to follow along both contradictory paths.  But granting this Motion would only exacerbate that situation.

5-   FAMILYCARE'S OPPOSITION TO OHA'S MOTION TO AMEND PROTECTIVE ORDERS
140702480.1

*generally*, ORS 128.680; ORS 128.690.  As alluded above, the DOJ issued an Order to Appear and Produce Documents to FamilyCare on July 13, 2018, seeking certain documents and deposition testimony propounded in this action.  (Declaration of [Brian Samuelson] ISO Opposition to OHA's Motion to Amend Protective Orders ["Brian Samuelson Decl."]), ¶ 2, Ex. 1.)  Under Oregon Revised Statute 128.690, such an order is enforced in a court of competent jurisdiction, and any "person aggrieved by the order" may apply to such court for an order "alter[ing], amend[ing], revis[ing], suspend[ing], or postpon[ing] all or any part of its [the order's] provisions."  ORS 128.690.  By requesting the whole-sale disclosure to the DOJ of all "confidential" and "attorneys' eyes only" information, OHA would have this Court usurp the established procedure governing subpoenas of this type, bypass the limitations on discovery recognized in that body of law, and prejudice FamilyCare by disabling it from negotiating, resolving, and, if necessary, litigating its objections to the subpoena.  *See Kelly*, 2008 WL 5132851, at * 3 (proposed "sharing provision" would bypass "require[ment] [that] the collateral courts [] resolve any disputes which may arise with respect to discoverability of the materials in the collateral cases.")  Instead of blindly deciding that DOJ may have access to *all* protected information, which would be the effect of granting OHA's motion, this Court should defer to the administrative procedures governing the DOJ's pending Order and allow any disputes between FamilyCare and DOJ to be resolved in the proper forum according to the proper procedure.

### C.    OHA's proposed amendment is overbroad and vague and ambiguous.

OHA's proposed amendment is also overbroad and vague and ambiguous to a degree that makes its implementation susceptible to abuse.  As to breadth, and as alluded above, the proposed amendment, by its terms, would appear to encompass *all* documents regardless of the subject matter of the underlying documents or the time period during which the underlying documents were created.  Further, the proposed amendment is not reined in by specifically-identified collateral investigations and/or matters for which the "use or disclos[ure]" of

6-   FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1  MOTION TO AMEND PROTECTIVE ORDERS

documents would be relevant, but, instead, would authorize access to documents for use in any matter that in the DOJ's discretion would be a "legitimate . . . law enforcement" matter.  Such broad language would grant DOJ unfettered access to the protected information produced in this case, and, in effect, nullify the protective orders.

Further, OHA's broad amendment would likely have ramifications on non-parties who have relied upon the provisions of the orders.  For instance, OHA agreed in the protective orders to consult with and reasonably accommodate non-party coordinated care organizations (CCOs) when determining whether to apply "confidential" and "attorneys' eyes only" designations.  (*See* Declaration of Harry Wilson ISO Motion to Amend Protective Orders, Ex. 1 [Dkt. No. 138-1] [November 1, 2017 protective order], ¶ 5.)  Under OHA's amendment, however, all such documents would be subject to disclosure and use by the DOJ.  FamilyCare and the non-party's CCOs reliance upon the protective order further weighs against granting OHA's motion.  *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *6 (N.D. Cal. Nov. 1, 2011) ("Furthermore, the reliance interests of Defendants and third-party witness Kyocera are significant.  They relied upon the protective order in releasing sensitive, confidential information, and the order made clear that a party seeking to file certain confidential information with the Court would have to move for a sealing order.")

This overbreadth is exacerbated by the hopelessly vague and ambiguous language used in the amendment.  Most significantly, OHA's proposed amendment would authorize the DOJ to use protected information for "legitimate civil and criminal law enforcement purposes."  The amendment does not, however, define what exactly is meant by "legitimate" nor "civil and criminal law enforcement purposes," leaving no guidance to FamilyCare, and others who have engaged in discovery to this case, as to what they can expect to be disclosed and for what purposes.  Such ambiguity also places the DOJ in the unfair position of being able to argue that

7-  FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1  MOTION TO AMEND PROTECTIVE ORDERS

any of its uses are "legitimate" and/or for "law enforcement purposes," without any meaningful opportunity for FamilyCare or others to challenge such claims.

The amendment is further vague and ambiguous as to the phrase "use or disclose." The amendment does not clarify what this phrase means or whether the DOJ would otherwise remain bound by the protective orders in their "use or disclos[ure]." Adding to the confusion is OHA's assertion that granting its motion would allow the DOJ to "carry out its law enforcement obligations without removing FamilyCare's designations," (Mot., at 2.) This assertion suggests that the documents would somehow still be protected even though the language in the proposed amendment does not incorporate any restrictions on the DOJ's "use" or "disclos[ure]," and, by its terms, would not appear to bar the public disclosure of documents as long such disclosure would be for undefined "law enforcement purposes."

## CONCLUSION

For the foregoing reasons, FamilyCare respectfully requests that OHA's motion be denied in its entirety.

8- FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1 MOTION TO AMEND PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  July 27, 2018                                **PERKINS COIE LLP**

By: *s/ Stephen F. English*

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

9-    FAMILYCARE'S OPPOSITION TO OHA'S
140702480.1  MOTION TO AMEND PROTECTIVE ORDERS