Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>          Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION FOR EXTENSION OF CASE MANAGEMENT AND DISCOVERY DEADLINES |

FAMILYCARE'S OPPOSITION TO LYNNE
SAXTON'S MOTION FOR EXTENSION

LEGAL140654087. 4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## MEMORANDUM IN OPPOSITION

FamilyCare, Inc. ("FamilyCare") respectfully requests that this Court deny Defendant Lynne Saxton's Motions for Extension of Case Management and Discovery Deadlines ("Motions"), wherein she requests an additional 120 days to conduct discovery and file dispositive motions, and an additional 30 days to respond to FamilyCare's pending discovery requests. For the reasons set out below, this Court should instead extend the deadlines for Ms. Saxton to conduct additional discovery and to file any dispositive motions to August 24, 2018, and extend the deadline to respond to FamilyCare's pending discovery requests to August 17, 2018.

## BACKGROUND

As this Court is aware, FamilyCare alleges that Defendants, including Ms. Saxton, engaged individually and collectively in a variety of misconduct with the intent and effect of harming FamilyCare and forcing it out of the market. Although FamilyCare's now-superseded Second and Third Amended Complaints did not name Mr. Saxton as a defendant, they did allege extensive misconduct by her during her tenure as director of Defendant Oregon Health Authority ("OHA"), including her role in developing and implementing the smear campaign against FamilyCare which ultimately led to her resignation. *See* Third Amended Complaint ¶¶ 48, 50-52, 55-59; Second Amended Complaint ¶¶ 47, 49-51, 54-58. As a result, OHA and FamilyCare have already conducted extensive discovery regarding Ms. Saxton's actions in connection with FamilyCare. Indeed, Ms. Saxton was noticed as a deponent in this case as of August 2017. *See* Declaration of Tom Johnson in support of FamilyCare's Opposition to Lynne Saxton's Motion for Extension ("Johnson Declaration"), ¶ 6, Exh. 4.

On April 25, 2018, FamilyCare moved for leave to file a Fourth Amended Complaint to add Ms. Saxton as a defendant and to modify its Section 1983 claim to clarify that Defendants' actions were taken in retaliation for FamilyCare's exercise of its First Amendment rights. Dkt.

1- FAMILYCARE'S OPPOSITION TO LYNNE SAXTON'S MOTIONS FOR EXTENSION

LEGAL140654087. 4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

85, FamilyCare's Motion for Leave to File Fourth Amended Complaint.  On May 17, 2018, while that motion was still pending, FamilyCare was advised that Ms. Saxton was retaining separate counsel to defend her in this litigation.  *See* Johnson Declaration, ¶ 2.  The Court granted FamilyCare's motion on June 14, 2018, *see* Dkt. 111, and counsel for Ms. Saxton accepted service of the Fourth Amended Complaint on June 22, 2018. *See* Declaration of Peter R. Mersereau in Support of Defendant Lynne Saxton's Motions for Extension of Case Management and Discovery Deadlines ("Mersereau Declaration"), ¶ 3.

Pursuant to this Court's current scheduling order, briefing on dispositive motions is scheduled to close in August, with oral argument on those motions set for September 21, 2018. *See* Dkt. 12.  Thereafter, the parties will engage in extensive pre-trial preparation, including, but not limited to, preparing objections to jury instructions and the verdict form, exhibit lists, expert reports, deposition designations, and motions in limine. *See id.*  The pre-trial conference is scheduled for January 7, 2019, and trial is currently set to begin on January 15, 2019.

## ARGUMENT

FamilyCare does not oppose a reasonable extension of time to allow Ms. Saxton to conduct further discovery and prepare any dispositive motion.  To that end, FamilyCare has previously agreed to an extension until August 24, 2018 for Ms. Saxton to conduct additional discovery and file dispositive motions, and an extension until August 17, 2018 for Ms. Saxton to respond to FamilyCare's pending discovery requests. *See* Johnson Declaration ¶ 3, Exh. 1.  The respective 120-day and 30-day extensions proposed by Ms. Saxton, however, are both unworkable and unnecessary under the circumstances of this case, and threaten this Court's current scheduling order.

2- FAMILYCARE'S OPPOSITION TO LYNNE
   SAXTON'S MOTIONS FOR EXTENSION

LEGAL140654087. 4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### A.      Ms. Saxton fails to establish good cause for the lengthy discovery and dispositive motion deadline extensions she requests.

FamilyCare has asserted a single claim against Ms. Saxton: that she retaliated against FamilyCare for exercising its First Amendment rights in violation of 42 U.S.C. § 1983. Although Ms. Saxton was not named as a defendant in FamilyCare's prior complaint, much of the discovery conducted in this case to date has involved her actions towards FamilyCare in her role as the former director of OHA.  The parties have exchanged exhaustive discovery regarding Ms. Saxton's conduct towards FamilyCare, and OHA had every incentive to develop exculpatory evidence related to that conduct.  Simply put, there is no earth left for Ms. Saxton to scorch. Indeed, Ms. Saxton fails to identify *any* specific discovery that is needed for her defense, or why it would take an additional 120 days to obtain it.  Rather, counsel for Ms. Saxton cites the desire to "conduct any necessary additional discovery on her behalf," without describing any concrete discovery needs.  Mersereau Declaration, ¶ 7.  Such broad statements do not provide "good cause" for an extension of this magnitude.  *See* Fed R. Civ. P. 6(b)(1) (permitting courts to grant extensions of time for "good cause"); Fed R. Civ. P. 16(b)(4) (a court's scheduling order may be modified "only for good cause and with the judge's consent").

FamilyCare acknowledges that the volume of existing discovery in this case is substantial, and that Ms. Saxton's request for an extension is partly based on counsel's desire to review and evaluate that discovery.  However, Ms. Saxton's request must be considered in view of the fact that Ms. Saxton was in the process of retaining counsel on or before May 17, 2018. *See* Johnson Declaration, ¶ 2.  Taking into account FamilyCare's agreement to extend the discovery and dispositive motion deadlines until August 24, 2018, FamilyCare's proposal will have given Ms. Saxton more than three months since retaining counsel to conduct any additional discovery and prepare any dispositive motion.  A request for a further extension of these deadlines to late November is not supported by good cause and would result in prejudice to FamilyCare, particularly in light of this Court's current scheduling order, which calls for pre-trial

3-   FAMILYCARE'S OPPOSITION TO LYNNE
      SAXTON'S MOTIONS FOR EXTENSION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

preparation at that time. *Cf. Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 402–03 (D.N.M. 2018) (concluding that good cause existed for a one-week extension for employer to review potential discovery for production because the requested relief was short, the employer had to review thousands of documents, and the employer represented to the court that it had begun reviewing the documents immediately upon receipt). Moreover, if granted, the extensions requested by Ms. Saxton would strain this Court's existing scheduling order and jeopardize the January 15, 2019 trial date.

**B.      The Court should provide a modest extension for Ms. Saxton's response to FamilyCare's targeted discovery requests.**

Ms. Saxton's request for a lengthy extension of the current deadline to respond to FamilyCare's pending discovery requests is similarly unworkable. FamilyCare's discovery requests—which comprise two requests for production, ten requests for admissions, and twelve interrogatories, *see* Johnson Declaration, Exh. 2—are neither comprehensive nor burdensome, and seek only minimal discovery. The discovery sought is almost exclusively of documents and information related to Ms. Saxton's use of her cell phone during the time periods relevant to this lawsuit as well as her failure to preserve such evidence, *i.e.*, information that should be readily available to Ms. Saxton. Furthermore, discovery related to the potential spoliation of evidence could be significant to FamilyCare's response to OHA's currently pending motion for summary judgment. *See, e.g.*, *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 107 (2d Cir. 2001) (explaining that an inference of spoliation can allow a plaintiff to survive a motion for summary judgment). If this Court were to grant Ms. Saxton's proposed extension (extending the deadline to respond to FamilyCare's discovery requests to August 29, 2018), Ms. Saxton's responses would be due *after* the close of briefing on OHA's motion for summary judgment, potentially resulting in a decision based on an incomplete factual record. In short, an extension of time to respond to the discovery requests beyond FamilyCare's proposed deadline of August 17, 2018 would pose a significant risk of prejudice to FamilyCare.

4-  FAMILYCARE'S OPPOSITION TO LYNNE
     SAXTON'S MOTIONS FOR EXTENSION

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**C.    Ms. Saxton's requested extension is particularly inappropriate given the delay in requesting it.**

Finally, Ms. Saxton could, and should, have filed her Motions sooner.  As Ms. Saxton acknowledges, by the time FamilyCare filed its Fourth Amended Complaint on June 18, 2018, this Court had already established certain case management deadlines, including the deadline for filing dispositive motions and the discovery cutoff deadline. *See* Mersereau Declaration, ¶ 5. However, and despite having been involved as of May 17, counsel for Ms. Saxton first raised the issue of the proposed extension in an email to FamilyCare nearly two months later, and did not file the Motions until July 19, 2018. *See* Johnson Declaration ¶ 5, Exh. 3.  Had Ms. Saxton raised the issue sooner, the parties would have had additional time to confer regarding appropriate extensions and any other necessary adjustments to the case schedule.  This unjustified delay is another reason to deny Ms. Saxton's request for the lengthy extensions she seeks.

## CONCLUSION

For the foregoing reasons, FamilyCare requests that this Court deny Ms. Saxton's Motions and instead order the extensions proposed by FamilyCare.

5-    FAMILYCARE'S OPPOSITION TO LYNNE SAXTON'S MOTIONS FOR EXTENSION

LEGAL140654087. 4

DATED:  July 27, 2018                    **PERKINS COIE LLP**


By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Brian Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Matthew Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Nicholas Hesterberg, *pro hac vice*
    NHesterberg@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

6-  FAMILYCARE'S OPPOSITION TO LYNNE
    SAXTON'S MOTIONS FOR EXTENSION