**Subject:**     RE: USDC No: 3:18-cv-00212-MO / USDC No: 6:18-cv-00296-MO -- FamilyCare, Inc. v. Allen et al. -- discovery and dispositive motion scheduling matters

**From:** English, Stephen F. (POR)
**Sent:** Thursday, July 19, 2018 4:32 PM
**To:** Chambers_Mosman@ord.uscourts.gov
**Cc:** mattlevin@markowitzherbold.com; laurasalerno@markowitzherbold.com; annajoyce@markowitzherbold.com; brittanysimpson@markowitzherbold.com; gregscott@markowitzherbold.com; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; pmersereau@mershanlaw.com; bplass@mershanlaw.com
**Subject:** USDC No: 3:18-cv-00212-MO / USDC No: 6:18-cv-00296-MO -- FamilyCare, Inc. v. Allen et al. -- discovery and dispositive motion scheduling matters

Dear Judge Mosman:

We write to bring several scheduling matters to the Court's attention.

1.     Oregon Health Authority has advised FamilyCare that OHA intends to file a motion for summary judgment on July 20, 2018, which is the scheduled deadline for dispositive motions under the case management schedule.  Notwithstanding the best efforts of counsel and all parties, the logistics of coordinating schedules for dozens of witnesses and attorneys has proved challenging, particularly given the added complication of preexisting summer vacation plans for many of those involved and in one case, a witness being gone on maternity leave.  Accordingly, although the end of discovery is currently scheduled for July 31, 2018, the scheduling for some 8-10 depositions has dribbled into early August.  FamilyCare would like to complete fact discovery before responding to OHA's motion for summary judgment.

OHA and FamilyCare have conferred. The hearing date for summary judgment is currently scheduled for September 21, 2018. OHA will agree to allow FamilyCare to file its response to OHA's motion for summary judgment by August 24, 2018, provided that the Court is able to keep the September 21, 2018 hearing date. If the Court can keep the hearing date, OHA will file its reply by September 12, 2018.  Under this proposed schedule, briefing on the motion for summary judgment would be complete 9 days before the scheduled hearing date of September 21, 2018.  Please advise whether this schedule is acceptable.

2.     With respect to FamilyCare's own contemplated motion for summary judgment, FamilyCare believes that several of the issues pertinent to matters on which it is considering moving are directly impacted by discovery that is still ongoing.  OHA and FamilyCare have conferred. OHA opposes moving the dispositive motion deadline. OHA's position is that the parties have taken extensive discovery and FamilyCare has sufficient evidence to file its dispositive motions by the current deadline. If the Court is inclined to grant an extension, OHA believes the extension should be until August 10 at the latest, which is seven days after FamilyCare's Rule 30(b)(6) deposition of OHA.  Regardless, OHA requests that no change to the deadlines result in a delay to the currently scheduled trial date.

FamilyCare seeks the Court's permission to expand the summary judgment filing deadline to August 24, 2018.  Briefing would thereafter take place on a normal briefing schedule, with a hearing date contemplated for some time in October.  Would the Court approve this briefing schedule?

1

Exhibit 1
Page 1 of 2

3.      Counsel for Lynne Saxton has requested extensions – specific only to Ms. Saxton – of the July 31, 2018 discovery cutoff and the July 20, 2018 dispositive motion deadline.  Ms. Saxton's position is that, because she was joined as an individual defendant on a $50m claim only a few weeks ago, she should be entitled to a reasonable amount of time to conduct discovery of the claims against her and to file any appropriate motions warranted by that discovery.  Accordingly, she has requested an 120-day extension of the dispositive motion and discovery deadlines.  She also requests a 30-day extension to respond to certain discovery requests that FamilyCare recently propounded.

OHA does not oppose the 120-day extension requests and takes no position on the 30-day extension request.  While FamilyCare agrees that Ms. Saxton should be permitted a reasonable extension to conduct her own discovery and prepare any appropriate dispositive motion, FamilyCare believes 120 days is too long.  FamilyCare has offered to agree to an extension until August 24, 2018 for Ms. Saxton to conduct any discovery and move for summary judgment.  FamilyCare has also offered to agree to an extension until August 17, 2018 for Ms. Saxton to respond to FamilyCare's currently pending discovery requests.  Counsel for Ms. Saxton may write separately to further clarify her position to the Court.

4.      Finally, OHA and FamilyCare observe that the current expert report deadline of September 28, 2018 is well after the proposed dispositive motion extensions described above.  Although the parties have conferred regarding OHA's intended motion, FamilyCare has not seen a copy, and thus there is at least some possibility that FamilyCare may need certain conclusions from its expert(s) in order to defend against summary judgment.  FamilyCare is not requesting anything at this time regarding the expert report deadline, but is merely flagging this issue in case there is the urgent need to return to the Court for subsequent discussions.

Thank you for your time and consideration.

Best regards,

Steve

**Stephen F. English | Perkins Coie LLP**
**PARTNER**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2003
F. +1.503.727.2222
C. +1.503.799.3307
E. SEnglish@perkinscoie.com

Exhibit 1
Page 2 of 2