Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Matthew P. Gordon, pro hac vice
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Alletta S. Brenner, OSB No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>                Plaintiff,<br><br>        v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                Defendant. | No. 3:18−cv−00212−MO (LEAD)<br>No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT LYNNE SAXTON |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>                Defendants. | |

Exhibit 2
Page 1 of 30

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, FamilyCare, Inc. ("FamilyCare") hereby requests that Defendant Lynne Saxton respond to the following interrogatories and requests for admission separately, in writing and under oath, and produce the documents described herein for inspection and copying at the offices of Plaintiff's counsel, Perkins Coie LLP, 1120 NW Couch Street, Tenth Floor, Portland, Oregon, 97209, or at such other location as may be determined by agreement, within thirty (30) days.  Please respond to each interrogatory, request for production, and request for admission in accordance with the instructions and definitions set forth below.

## DEFINITIONS

1.    "Ms.  Saxton," "You," and/or "Your" means Lynne Saxton and any past or present agents, representatives, accountants, attorneys, employees, including current and former employees, or any other person or entity that has information deemed to be in Ms. Saxton's possession, custody, or control.

2.    "OHA" means Oregon Health Authority and any past or present agents, representatives, accountants, attorneys, employees, including current and former employees, or any other person or entity that has information deemed to be in Oregon Health Authority's possession, custody, or control.

3.    "Optumas" means Optumas and/or Schramm Health Partners, L.L.C., and any past and present agents, representatives, accountants, attorneys, employees, including former employees, or any other person or entity that has documents deemed to be in its possession, custody, or control, and including such entity under its prior names and in any form of a domestic or foreign limited liability corporation, partnership, or corporation.

4.    "FamilyCare" means FamilyCare, Inc.

5.    "Cell phone" means a wireless telephone for use on a cellular or internet network.

Exhibit 2
Page 2 of 30

6.    "Text message" means a written electronic communication sent or received by a cell phone, including but not limited to multimedia messages (MMS) and messages sent using the Short Message Service (SMS).

7.    "Communications Plan" means the document referenced in paragraph 46 of FamilyCare's Fourth Amended Complaint.

8.    "Communicate(d)" or "Communication(s)" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, but is not limited, to all conversations or discussions, whether such communication or discussion occurred face-to-face or by means of letter, telephone, telegraph, telecopier, telex, facsimile, electronic mail ("email"), text message or other media.

9.    "Related to," "relating to," "concerning," or any variation of these phrases, means directly or indirectly supporting, evidencing, describing, mentioning, referring to, constituting, contradicting, comprising, regarding, or having a logical or factual connection with the subject matter in question.

10.    "Document" means all items that are considered to be "documents" or tangible things within the meaning of Fed. R. Civ. P. 34, including communications, and refers to the original and all copies of written, printed, typed, recorded, computer generated or graphic matter, or other instrument(s) or device(s) which contain information or from which information can be retrieved, including, without limitation, any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer applications, memoranda, correspondence, studies, working papers, letters, emails, telegrams, invoices, personal diaries, handwritten notes of any kind including Post-it® notes, reports, records, books forms, indexes, transcriptions and recordings, magnetic tapes, video tapes, wire recordings, disks and printed cards, data sets and sheets, data processing cards, personal calendars, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations,

Exhibit 2
Page 3 of 30

estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The terms "document" and "documents" include, without limitation, originals and all file copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any documents is not in your possession, custody, or control, a copy of that document should be produced. A draft or non-identical copy is a separate document within the meaning of this term.

11.    "Identify," or "describe" means the following:

(a) When used in connection with natural persons, "identify" or "describe" means to give, to the extent known, the person's full name, present or last known address, the present or last known place of employment, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

(b) When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.).

(c) When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the person(s) and/or entity(ies) engaged in the act.

(d) When used in connection to a document, "identify" means to provide information sufficient to locate that document, including, but not limited to, the following: the date appearing on such document, or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label on such document; a general

Exhibit 2
Page 4 of 30

description of such document (e.g., letter, memorandum, email, drawing, etc.); the title or heading; the number of pages of which such document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; and if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it.

12. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

13. The use of the word "including" shall be construed to mean "without limitation."

14. The use of the singular shall be deemed to include the plural, and vice-versa.

### INTERROGATORY INSTRUCTIONS

1. When responding to a particular interrogatory, set forth immediately before each answer or objection the entire interrogatory with respect to which that answer or objection is given. Each interrogatory shall be answered separately and fully in writing under oath, unless objected to, in which event the reasons for the objection shall be stated in lieu of an answer. The answers are to be signed by the person making them and the objections signed by the attorney making them. An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact.

2. Your response to these interrogatories shall include such factual information known by you, including information known by employees, agents, attorneys, accountants, or other representatives acting on your behalf.

3. When requested to describe in detail the factual basis of any averment or denial, please identify each occurrence, incident, or the fact upon which you rely to support such

Exhibit 2
Page 5 of 30

averment or denial, including the date, place, and substance of each occurrence, incidence or fact, and identify each person present or who participated and the source of your knowledge.

4.    (a)    If you refuse to answer any interrogatory in whole or in part, describe the basis for your refusal to answer in sufficient detail so as to permit the Court to adjudicate the validity of the refusal.

(b)    If any information called for is withheld because of a claim of privilege, state the nature of the privilege and the facts that are asserted to support the claim of privilege.

5.    If any matter referred to in answer to any interrogatory is evidenced by, represented by, reflected by, recorded in or otherwise referred to in any document or oral communication, identify such document or oral communication in your answer to that interrogatory.

6.    In lieu of identifying a particular document when such identification is requested, a copy of such document may, at Ms. Saxton's option, be attached to the response to these Interrogatories; provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such copy of the document must be separately provided in the response to these Interrogatories.

7.    If any document or record which refers to or relates to anything about which these interrogatories requests has been destroyed, identify the document, the date of destruction and the name of the person who ordered or authorized the destruction.

8.    These interrogatories are for purposes of discovery only.  FamilyCare does not waive any objections to the introduction of evidence at trial on subjects covered by these Interrogatories.

9.    These interrogatories are continuing in nature and require supplemental answers if the responding party obtains further information after these Interrogatories have been answered. In addition, the responding party has an affirmative duty to disclose all information of which it

Exhibit 2
Page 6 of 30

has knowledge by way of supplementation should the responding party learn that any answer to any interrogatory is incorrect, incomplete, or misleading up to and through the trial of this matter, including verdict.  Demand for supplementation is hereby made.

## REQUEST FOR PRODUCTION INSTRUCTIONS

1.      You are to produce all documents that are in your possession, custody, or control or in the possession, custody, or control of Your representatives, including persons consulted concerning any factual matters or matters of opinion related to any of the facts or issues involved in this case; such persons shall include attorneys with whom You consulted unless you claim such documents are privileged or otherwise protected, but see infra Instruction H. These Requests for Production of Documents extend to correspondence and electronic communications sent from or received at a personal physical address or personal email address.

2.      Unless otherwise specified, the time period covered by these Requests for Production of Documents is January 1, 2015, to the present.  However, if a document prepared prior to January 1, 2015, or subsequent to the date of these Requests for Production of Documents refers to events during the period January 1, 2015, through the present, and/or is necessary for a correct or complete understanding of any document covered by these Requests for Production of Documents, the document shall be produced. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if it is otherwise responsive to these Requests for Production of Documents and no evidence exists to conclusively establish that this document was prepared prior to January 1, 2015.

3.      Each document request, and the portions thereof, is to be responded to separately, but responses to one document request, or portion thereof, may be incorporated by reference in responses to other document requests, or portions thereof.

Exhibit 2
Page 7 of 30

4.      All documents produced pursuant to these Requests for Production of Documents shall be produced either in separate groups of documents responsive to each separate document request or in the form and order in which they were kept by you before being produced.

5.      Each request for documents, whether memoranda, reports, letters, minutes, emails, or other documents of any description, requires the production of each document in its entirety, including all pages and attachments or exhibits, without redaction or expurgation.

6.      If a document was prepared in several copies or if additional copies were thereafter made, and if such copies were not identical or are no longer identical by reason of any notation or modification of any kind whatsoever located on either the front or the back of such document, then each non-identical copy is a separate document and must be separately identified and produced.

7.      If you claim any document request herein is ambiguous, describe in what way the request is ambiguous, state the meaning applied to the request, and respond to the request as interpreted.

8.      If you claim any form of privilege, whether based on statute or otherwise, as a ground for not producing requested documents, please furnish a log providing the following information with respect to each withheld document:

i.      the date of the document;

ii.      for each individual who prepared, produced, reproduced, or received the document for which the privilege is claimed, state the person's name, current (or last known) business and residence addresses, current (or last known) business and residential telephone numbers, current (or last known) title or position, and occupation;

iii.      describe the document in sufficient detail to identify it without revealing the information for which the privilege is claimed; and

iv.      state every fact or basis upon which you claim any such privilege.

Exhibit 2
Page 8 of 30

9.      These document requests are continuing and, to the extent required by the Federal Rules of Civil Procedure, you must immediately produce any responsive documents or information after any such document(s) or information comes within your possession, custody, or control throughout the pendency of this action.

10.      Documents shall be produced in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary for any given document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for documents requiring different resolution or page size to make them readable. Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship. In addition, each TIFF document shall also be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum) appropriate unitization of the documents, including beginning and ending production numbers for (a) each document set, and (b) each attachment within each document set. The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in placed of extracted text at the document level. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents that are not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

11.      For documents produced in TIFF format that originated in electronic form, metadata shall be included with the data load files described above, and shall include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author;

Exhibit 2
Page 9 of 30

custodian of the document (that is, the custodian from whom the document was collected or, if collected from a shared drive or server, the name of the shared driver or server); MD5 hash value; and confidentiality designation ("Confidential" or "Attorneys' Eyes Only"), if any. In addition, for email documents, the data load files shall also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files must be named or foldered in such a manner that all records can be imported without modification of any path or file name information.

## REQUEST FOR ADMISSION INSTRUCTIONS

1.      Answer each request for admission separately and fully.  In responding to these requests for admission, you are requested to furnish all information available to you, including, but not limited to, information in the possession of your employees, agents, attorneys, accountants, or other representatives acting on your behalf.  If you cannot answer any request for admission fully and completely after exercising reasonable effort and due diligence to secure any information requested, please:

a.      state and answer the request to the fullest extent possible;

b.      state the facts upon which you rely to support your assertion that you are unable to answer the request fully and completely;

c.      state what knowledge, information, or belief you have concerning the unanswered portion of the request; and

d.      state what actions you have taken to locate the information necessary to answer each request.

Exhibit 2
Page 10 of 30

2.      If you do not have personal knowledge sufficient to fully respond to a request for admission, you should so state, and make a reasonable and good-faith effort to obtain the information by inquiring of other persons, organizations or natural persons.

3.      If you object to any request for admission, in whole or in part, state the reasons for any objection(s) and answer that part of the request to which you do not object.  If you object to any request for admission as overbroad, respond to the request as narrowed to conform to the objection.  If the answer to a request for admission is "none," "unknown," or "not applicable," such statement should be written in the answer.

4.      If you assert a claim of attorney-client privilege or attorney work product with respect to any of the requests for admission contained herein:

a.      state the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of the claim; and

b.      state the numbered request for admission to which the privileged information is responsive.

5.      Unless otherwise specified, no request for admission shall be viewed as limiting the scope of any other request for admission.

6.      The obligation to respond to these requests for admission is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these requests for admission you discover additional information that will make your responses to these requests for admission more complete or correct, supplement or correct your responses as soon as reasonably possible.

Exhibit 2
Page 11 of 30

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all cell phones you have had or used from January 1, 2015 to present, including the associated phone number(s), manufacturer, model number, serial number, and cellular network provider, and indicate the purpose for which the phone was primarily used (e.g., work, personal, or both).

**RESPONSE:**

**INTERROGATORY NO. 2:**  For any cell phone identified in your answer to Interrogatory No. 1, state whether the cell phone was synched with or backed up to any computer or cloud-based account, such as iTunes, and identify all computers or cloud-based accounts to which the cell phone was synched or backed up.

**RESPONSE:**

**INTERROGATORY NO. 3:**  For each cell phone identified in your answer to Interrogatory No. 1, state whether data on the cell phone has been collected for this litigation, including through imaging of the cell phone, and if so, when such collection or imaging occurred.

**RESPONSE:**

**INTERROGATORY NO. 4:**  For each text message identified in the charts attached as Exhibit A, explain why the text message is not available, including whether you deleted the message, whether it was deleted pursuant to an automated process (and, if so, the nature of the process), or whether the message is unavailable for some other reason.

**RESPONSE:**

Exhibit 2
Page 12 of 30

**INTERROGATORY NO. 5:**  Describe in detail your efforts, if any, to recover any of the text messages identified in the charts attached as Exhibit A.

**RESPONSE:**

**INTERROGATORY NO. 6:**  Describe in detail your efforts, if any, to preserve and/or collect text messages of potential relevance to this litigation.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Identify each current or former employee of OHA with whom you communicated regarding the preservation, collection, deletion, or destruction of text messages of potential relevance to this litigation.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Identify each person (excluding those already identified in your response to Interrogatory No. 7) with whom you communicated regarding the preservation, collection, deletion, or destruction of text messages of potential relevance to this litigation.

**RESPONSE:**

**INTERROGATORY NO. 9:**  For each text message identified in the charts attached as Exhibit A, state the nature of the text message conversation.

**RESPONSE:**

**INTERROGATORY NO. 10:**  Identify each current or former employee of OHA or Optumas to whom you sent one or more text messages, or from whom you received one or more text messages, from January 1, 2015 to present.

Exhibit 2
Page 13 of 30

**RESPONSE:**


**INTERROGATORY NO. 11:**  Identify each person to whom you sent one or more text messages, or from whom you received one or more text messages, related to FamilyCare or this litigation.

**RESPONSE:**


**INTERROGATORY NO. 12:**  Identify the date (or if the precise date is unknown, the approximate date) on which you came to believe that litigation between OHA and FamilyCare related to the adequacy of the 2017 Medicaid capitation rates set by OHA might occur.

**RESPONSE:**


## REQUESTS FOR PRODUCTION


**REQUEST FOR PRODUCTION NO. 1:**   All documents reviewed or relied upon in responding to the Interrogatories herein.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**   All documents, including but not limited to cellular provider billing statements, reflecting phone calls or text messages to or from the phones identified in response to Interrogatory No. 1.

**RESPONSE:**

Exhibit 2
Page 14 of 30

**REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**  Admit that Governor Kate Brown asked you to resign because of your involvement in the Communications Plan.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 2:**  Admit that OHA staff acting at your direction created multiple versions of the Communication Plan.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 3:**  Admit that the Communications Plan was created prior to the initiation of this litigation in February 2017.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 4:**  Admit that as of October 6, 2016, litigation with FamilyCare related to the adequacy of the Medicaid capitation rates set and paid by OHA was reasonably foreseeable to you.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 5:**  Admit that you knew on or before October 6, 2016 that litigation with FamilyCare related to the adequacy of the Medicaid capitation rates set and paid by OHA to FamilyCare might occur.

**RESPONSE:**


Exhibit 2
Page 15 of 30

**REQUEST FOR ADMISSION NO. 6:**  Admit that you did not take efforts to preserve text messages of potential relevance to this litigation from any cell phone identified in your answer to Interrogatory No. 1 or any other OHA-issued electronic device.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 7:**  Admit that you deleted text messages of potential relevance to this litigation from one or more of the cell phones identified in your answer to Interrogatory No. 1 and/or other OHA-issued electronic devices.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 8:**  Admit that you communicated with one or more current or former employees of OHA, excluding counsel, regarding the deletion or destruction of text messages.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**  Admit that none of the text messages identified in the charts attached as Exhibit A is presently available on any cell phone or other electronic device in your possession, custody, or control.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**  Admit that you did not take efforts to recover any of the text messages identified in the charts attached as Exhibit A.

**RESPONSE:**

Exhibit 2
Page 16 of 30

DATED:  June 29, 2018                         **PERKINS COIE LLP**


By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Matthew P. Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Brian P. Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    Alletta S. Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Perkins Coie LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

*Attorneys for Plaintiff FamilyCare, Inc.*

Exhibit 2
Page 17 of 30

# EXHIBIT A

Exhibit 2
Page 18 of 30

## 2016 SMS Messages

| Date | Time | Party | Source |
|------|------|-------|--------|
| 10/13/2016 | 10/13/2016 07:35(UTC-7) | **From:** +15039303614<br><br>**To:** +15035575223 Varsha Chauhan<br><br>**To:** +15035073792 Mark R. Fairbanks | iPhoneRecentsLog |
| 10/13/2016 | 10/13/2016 12:26(UTC-7) | **From:** +15039303614<br><br>**To:** +15414714106 Cynthia Ackerman | iPhoneRecentsLog |
| 10/13/2016 | 10/13/2016 16:37(UTC-7) | **From:** +15039303614<br><br>**To:** +15036027414 Leslie Clement<br><br>**To:** +19716731586 Lori Coyner | iPhoneRecentsLog |
| 10/25/2016 | 10/25/2016 07:15(UTC-7) | **From:** +14055502277 Keely West<br><br>**To:** +15039104123 Austin Jones<br><br>**To:** +15416192841 Theresa Souza<br><br>**To:** +19717196272 | iPhoneRecentsLog |
| 12/1/2016 | 12/1/2016 15:43(UTC-8) | **From:** +19714076676 (blocked number) | iPhoneRecentsLog |

CONFIDENTIAL

OHA_LIT_01086923

Exhibit 2
Page 19 of 30

## 2016 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 10/23/2016 | 10/23/2016 18:40(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 10/24/2016 | 10/24/2016 19:16(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 10/24/2016 | 10/24/2016 19:38(UTC-7) | +15039303614 (owner) +19717181406 Varsha Chauhan | +19717181406 Varsha Chauhan | iMessage: +15039303614 |
| 10/24/2016 | 10/24/2016 20:27(UTC-7) | +15039303614 +19717181406 Varsha Chauhan +15037987100 BethAnne Darby +15035073792 Mark R. Fairbanks | | iPhoneRecentsLog |
| 10/24/2016 | 10/24/2016 20:28(UTC-7) | +15039303614 (owner) +15037987100 BethAnne Darby | +15037987100 BethAnne Darby | iMessage: +15039303614 |
| 10/24/2016 | 10/24/2016 20:32(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 10/24/2016 | 10/24/2016 21:31(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 11/22/2016 | 11/22/2016 16:12(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 11/22/2016 | 11/22/2016 16:38(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 11/22/2016 | 11/22/2016 16:56(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 11/23/2016 | 11/23/2016 09:08(UTC-8) | +15039303614 (owner) +15037987100 BethAnne Darby | +15037987100 BethAnne Darby | iMessage: +15039303614 |

CONFIDENTIAL

OHA_LIT_01086924

Exhibit 2
Page 20 of 30

## 2016 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 11/23/2016 | 11/23/2016 17:27(UTC-8) | +15039303614 (owner) +15037987100 BethAnne Darby | +15037987100 BethAnne Darby | iMessage: +15039303614 |
| 12/5/2016 | 12/5/2016 14:20(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 12/10/2016 | 12/10/2016 11:17(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 12/14/2016 | 12/14/2016 19:49(UTC-8) | +15035591279 Paulette Pyle | | iPhoneRecentsLog |

CONFIDENTIAL

OHA_LIT_01086925

Exhibit 2
Page 21 of 30

## 2017 SMS Messages

| Date | Time | Party | Source |
|------|------|-------|--------|
| 1/24/2017 | 1/24/2017 09:37(UTC-8) | **From:** +15039303614<br><br>**To:** +15035434046 Betsy Johnson | iPhoneRecentsLog |
| 2/1/2017 | 2/1/2017 13:20(UTC-8) | **From:** +15418919123 Bill Guest | iPhoneRecentsLog |
| 4/21/2017 | 4/21/2017 10:17(UTC-7) | **From:** +15033510838 Sean Kolmer | iPhoneRecentsLog |
| 8/7/2017 | 8/7/2017 21:22(UTC-7) | **From:** +15039303614<br><br>**To:** +15417877440 Cynthia Ackerman | iPhoneRecentsLog |
| 8/21/2017 | 8/21/2017 12:45(UTC-7) | **From:** +15035073792 Mark R. Fairbanks<br><br>**To:** +15416192841 Theresa Souza | iPhoneRecentsLog |
| 8/23/2017 | 8/23/2017 16:38(UTC-7) | **From:** +15036027414 Leslie Clement<br><br>**To:** +15035073792 Mark R. Fairbanks<br><br>**To:** +15416192841 Theresa Souza | iPhoneRecentsLog |

CONFIDENTIAL

OHA_LIT_01086926

Exhibit 2

## 2017 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 1/19/2017 | 1/19/2017 12:34(UTC-8) | +15039303614 (owner) +15033857654 Janell Evans | +15033857654 Janell Evans | iMessage: +15039303614 |
| 1/19/2017 | 1/19/2017 12:36(UTC-8) | +15039303614 +15035073792 Mark R. Fairbanks +15033857654 Janell Evans | | iPhoneRecentsLog |
| 1/26/2017 | 1/26/2017 11:41(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 1/26/2017 | 1/26/2017 15:01(UTC-8) | +15039472343 Theresa Souza | | iPhoneRecentsLog |
| 2/7/2017 | 2/7/2017 17:17(UTC-8) | +15039303614 (owner) +19717181406 Varsha Chauhan | +19717181406 Varsha Chauhan | iMessage: +15039303614 |
| 2/7/2017 | 2/7/2017 17:23(UTC-8) | +15039303614 (owner) +15035073792 Mark R. Fairbanks | +15035073792 Mark R. Fairbanks | iMessage: +15039303614 |
| 2/14/2017 | 2/14/2017 08:01(UTC-8) | +15039303614 (owner) +15037793455 Pat Allen | +15037793455 | iMessage: +15039303614 |
| 2/14/2017 | 2/14/2017 16:20(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 2/17/2017 | 2/17/2017 10:34(UTC-8) | +15039303614 +15035699888 Theresa Souza +15035693160 Lori Coyner | | iPhoneRecentsLog |
| 3/3/2017 | 3/3/2017 16:59(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 3/3/2017 | 3/3/2017 16:59(UTC-8) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |

CONFIDENTIAL

OHA_LIT_01086927

Exhibit 2
Page 23 of 30

## 2017 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 3/4/2017 | 3/4/2017 21:05(UTC-8) | +15039303614 +15414193161 Rep Buehler | | iPhoneRecentsLog |
| 3/22/2017 | 3/22/2017 08:32(UTC-7) | +15039303614 +15416800801 Brent Eichman | | iPhoneRecentsLog |
| 4/22/2017 | 4/22/2017 16:34(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 4/22/2017 | 4/22/2017 16:44(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 4/25/2017 | 4/25/2017 18:35(UTC-7) | +15039303614 (owner) +15035699888 Theresa Souza | +15035699888 Theresa Souza | iMessage: +15039303614 |
| 4/25/2017 | 4/25/2017 21:27(UTC-7) | +15039303614 +15035693160 Lori Coyner +15035699888 Theresa Souza +19713048433 Jeremy Vandehey | | iPhoneRecentsLog |
| 4/28/2017 | 4/28/2017 13:44(UTC-7) | +15039303614 (owner) +15035699888 Theresa Souza | +15035699888 Theresa Souza | iMessage: +15039303614 |
| 4/28/2017 | 4/28/2017 13:44(UTC-7) | +15035699888 Theresa Souza +15036027414 Leslie Clement | | iPhoneRecentsLog |
| 5/10/2017 | 5/10/2017 15:52(UTC-7) | +15039303614 (owner) +15035699888 Theresa Souza | +15035699888 Theresa Souza | iMessage: +15039303614 |
| 5/10/2017 | 5/10/2017 16:24(UTC-7) | +15039303614 (owner) +19713048433 Jeremy Vandehey | +19713048433 Jeremy Vandehey | iMessage: +15039303614 |
| 5/10/2017 | 5/10/2017 19:27(UTC-7) | +15417602115 Sen Gelser | | iPhoneRecentsLog |

CONFIDENTIAL

OHA_LIT_01086928

Exhibit 2
Page 24 of 30

## 2017 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 5/16/2017 | 5/16/2017 06:43(UTC-7) | +15039303614 +15035073792 Mark R. Fairbanks +15035699888 Theresa Souza | | iPhoneRecentsLog |
| 5/17/2017 | 5/17/2017 16:18(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 5/18/2017 | 5/18/2017 18:19(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 5/21/2017 | 5/21/2017 21:29(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 5/21/2017 | 5/21/2017 21:38(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 5/31/2017 | 5/31/2017 09:14(UTC-7) | +15039303614 (owner) +15033857654 Janell Evans | +15033857654 Janell Evans | iMessage: +15039303614 |
| 5/31/2017 | 5/31/2017 09:46(UTC-7) | +15039303614 (owner) +15035073792 Mark R. Fairbanks | +15035073792 Mark R. Fairbanks | iMessage: +15039303614 |
| 6/1/2017 | 6/1/2017 18:05(UTC-7) | +15033857654 Janell Evans | | iPhoneRecentsLog |
| 6/2/2017 | 6/2/2017 11:50(UTC-7) | +15039303614 (owner) +15035699888 Theresa Souza | +15035699888 Theresa Souza | iMessage: +15039303614 |
| 6/5/2017 | 6/5/2017 22:15(UTC-7) | +15039303614 (owner) +15037987100 BethAnne Darby | +15037987100 BethAnne Darby | iMessage: +15039303614 |
| 6/8/2017 | 6/8/2017 07:12(UTC-7) | +15039303614 +15419538307 Rep Hayden | | iPhoneRecentsLog |
| 6/22/2017 | 6/22/2017 11:02(UTC-7) | +15039303614 (owner) +15038812427 Berri Leslie | +15038812427 Berri Leslie | iMessage: +15039303614 |

CONFIDENTIAL

OHA_LIT_01086929

Exhibit 2
Page 25 of 30

## 2017 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 6/22/2017 | 6/22/2017 11:04(UTC-7) | +15039303614 (owner) +15038812427 Berri Leslie | +15038812427 Berri Leslie | iMessage: +15039303614 |
| 6/27/2017 | 6/27/2017 09:08(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 6/27/2017 | 6/27/2017 11:47(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 6/27/2017 | 6/27/2017 12:00(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 6/29/2017 | 6/29/2017 17:00(UTC-7) | +15039303614 REDACTED BethAnne Darby personal cell | | iPhoneRecentsLog |
| 7/7/2017 | 7/7/2017 20:54(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 7/9/2017 | 7/9/2017 18:06(UTC-7) | +15414095893 Rhonda Busek | | iPhoneRecentsLog |
| 7/12/2017 | 7/12/2017 12:16(UTC-7) | +15419906010 Kim Scott | | iPhoneRecentsLog |
| 7/20/2017 | 7/20/2017 15:04(UTC-7) | +15039303614 (owner) +15035598403 Jeston Black | +15035598403 Jeston Black | iMessage: +15039303614 |
| 7/20/2017 | 7/20/2017 15:09(UTC-7) | +15034217684 Robb Cowie +15035598403 Jeston Black | | iPhoneRecentsLog |
| 8/8/2017 | 8/8/2017 11:39(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 8/8/2017 | 8/8/2017 12:34(UTC-7) | +15039303614 (owner) +15037987100 BethAnne Darby | +15037987100 BethAnne Darby | iMessage: +15039303614 |

CONFIDENTIAL

OHA_LIT_01086930

Exhibit 2
Page 26 of 30

## 2017 Texts

| Timestamp: Date | Timestamp: Time | Participants | From | Source |
|---|---|---|---|---|
| 8/9/2017 | 8/9/2017 10:05(UTC-7) | lorbounds@comcast.net Lorissa M Bounds | | iPhoneRecentsLog |
| 8/11/2017 | 8/11/2017 07:37(UTC-7) | +15039329663 Kayla Jones | | iPhoneRecentsLog |
| 8/16/2017 | 8/16/2017 08:32(UTC-7) | +15039303614 +15037987100 BethAnne Darby +15035073792 Mark R. Fairbanks | | iPhoneRecentsLog |
| 8/16/2017 | 8/16/2017 13:04(UTC-7) | +15038812427 Berri Leslie | | iPhoneRecentsLog |
| 8/17/2017 | 8/17/2017 07:25(UTC-7) | +15039303614 +15038194577 Jill Eiland | | iPhoneRecentsLog |
| 8/20/2017 | 8/20/2017 21:42(UTC-7) | +15039303614 +17752248983 Phil Greenhill | | iPhoneRecentsLog |
| 8/23/2017 | 8/23/2017 13:04(UTC-7) | +15039303614 (owner) +19717181406 Varsha Chauhan | +19717181406 Varsha Chauhan | iMessage: +15039303614 |
| 8/24/2017 | 8/24/2017 16:17(UTC-7) | +15039303614 (owner) +15034217684 Robb Cowie | +15034217684 Robb Cowie | iMessage: +15039303614 |
| 8/28/2017 | 8/28/2017 10:08(UTC-7) | +15035699888 Theresa Souza | | iPhoneRecentsLog |
| 8/29/2017 | 8/29/2017 13:52(UTC-7) | +15039303614 +15412009459 Jennifer Lind | | iPhoneRecentsLog |
| 8/30/2017 | 8/30/2017 15:19(UTC-7) | +15039303614 REDACTED Mark Fairbanks personal cell | | iPhoneRecentsLog |
| 8/30/2017 | 8/30/2017 19:43(UTC-7) | +15039303614 +15034217684 Robb Cowie | | iPhoneRecentsLog |
| 8/31/2017 | 8/31/2017 07:46(UTC-7) | +15035073792 Mark R. Fairbanks | | iPhoneRecentsLog |

CONFIDENTIAL

OHA_LIT_01086931

Exhibit 2
Page 27 of 30

**CERTIFICATE OF SERVICE**

I hereby certify that on the June 29, 2018 I caused the foregoing *First Interrogatories,*

*Requests for Production, and Requests for Admission to Lynne Saxton* to be served on the

following parties at the following addresses:

David B. Markowitz
Matthew A. Levin
Renée E. Rothauge
Dallas DeLuca
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Ave, Ste 3000
Portland, OR  97204
DavidMarkowitz@MarkowitzHerbold.com
MattLevin@MarkowitzHerbold.com
ReneeRothauge@Markowitzherbold.com
DallasDeLuca@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority and Patrick Allen*

☒     By Messenger

☒     By E-Mail

Peter R. Mersereau
Beth Plass
Mersereau Shannon LLP
111 SW Columbia St, Ste 1100
Portland, OR  97201
PMersereau@mershanlaw.com
Bplass@mershanlaw.com

*Attorneys for Lynne Saxton*

Elizabeth C. Knight
Michael D. Crew
Dunn Carney Allen
851 SW 6th Ave Ste 1500
Portland OR 97204
eknight@dunncarney.com
mcrew@dunncarney.com

*Attorneys for AllCare CCO, Inc.*

Anna Sortun
Tonkon Torp LLP
888 SW 5th Ave Ste 1600
Portland OR 97204
anna.sortun@tonkon.com

*Attorney for Cascade Health Alliance, LLC, Western Oregon Advanced Health, LLC, and Umpqua Health Alliance*

Exhibit 2
Page 28 of 30

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy Ste 900
Portland OR 97209
dpl@aterwynne.com

*Attorney for Columbia Pacific CCO, LLC and
Jackson Care Connect*

Gregory A. Chaimov
Christopher McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Ave, Suite 2400
Portland, OR 97201-5610
gregorychaimov@dwt.com

*Attorneys for Health Share of Oregon*

Eric A Lindenauer
Garvey Schubert Barer
121 SW Morrison St 11th Fl
Portland OR 97204
elindenauer@gsblaw.com

*Attorney for PacificSource Community Solutions*

Arden J. Olson
Lorelei A. Craig
Harrang Long Gary Rudnick PC
360 E 10th Ave Ste 300
Eugene OR 97401
arden.j.olson@harrang.com
lorelei.craig@harrang.com

*Attorney for Willamette Valley Community
Health, LLC*

Frank V. Langfitt III
Miller Nash Graham & Dunn LLP
111 SW 5th Ave Ste 3400
Portland OR 97204
frank.langfitt@millernash.com

*Attorney for Eastern Oregon Coordinated
Care Organization, LLC*

W. Chris Jenkins
Tyler G. Jacobsen
Samaritan Health Services
2300 NW Walnut Blvd
Corvallis OR 97330
wjenkins@samhealth.org
tjacobsen@samhealth.org

*Attorney for Intercommunity Health
Network - Coordinated Care Organization*

Joel A. Parker
Jeffrey D. Hern
Schwabe Williamson & Wyatt PC
1211 SW 5th Ave Ste 1900
Portland OR 97204
jparker@schwabe.com
jhern@schwabe.com

*Attorneys for Trillium Community Health
Plan, Inc*

Peter F. Stoloff
Peter F Stoloff PC
5285 Meadows Rd Ste 235
Lake Oswego OR 97035
pstoloff@peterstoloff-law.com

*Attorney for Yamhill Community Care
Organization*

Exhibit 2
Page 29 of 30

Brian M. Parrott
Brian M. Parrott LLC
851 SW 6th Ave Ste 1500
Portland OR  97204
brian@bparrott-law.com

B. Scott Whipple
Whipple Law Office LLC
1675 SW Marlow Ave Ste 201
Portland OR  97225
scott@whipplelawoffice.com

*Attorney for PrimaryHealth of Josephine County, LLC*

*Attorney for Asian Health and Service Center*

☒     United States Mail, First Class

☒     By E-Mail


Dated at Portland, Oregon, on June 29, 2018



*/s Stephen F. English*
Stephen F. English

Exhibit 2
Page 30 of 30