Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>　　　　　　　Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S OPPOSITION TO OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE FAMILYCARE'S NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY |

FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## I.    INTRODUCTION

There can be no dispute that the instant litigation is broad and complex.  Indeed, as Defendant Oregon Health Authority ("OHA") recently acknowledged, the dispute "span[s] several years of the parties' contracting history, [including] three separate agreements, conduct by two different OHA directors, and rate-setting calculations over four different rate years."  Dkt. 136 at 2.  Nevertheless, OHA seeks a protective order forbidding any inquiry into 15 of the 38 topics of FamilyCare Inc.'s ("FamilyCare") Rule 30(b)(6) deposition notice, claiming that the topics are overbroad and disproportionate to the needs of the case.[1]  But OHA's general, conclusory claims are insufficient to carry OHA's burden of showing particularized harm necessary to establish good cause for a protective order.  OHA's motion should be denied.

## II.    BACKGROUND

On January 12, 2018, FamilyCare initiated discussion regarding the organizational deposition of OHA by providing a list of proposed deposition topics.  (Salerno Owens Decl., Ex. 2.)  Over three months later--after FamilyCare had filed a Third Amended Complaint significantly expanding the scope of the litigation--OHA responded with objections to the topics in FamilyCare's initial list.  (Salerno Owens Decl., Ex. 3.)  Two weeks later, FamilyCare replied to explain its position and add seven new topics.  (Salerno Owens Decl., Ex. 4).

---

[1] Without explanation, OHA's motion refers to the 55 topics identified in FamilyCare's July 3 notice rather than the 38 topics included in FamilyCare's revised notice, which was emailed to counsel for OHA on July 18 and formally served the following day.  (*See* Declaration of Matthew Gordon in Support of FamilyCare's Opposition to OHA's Motion for a Protective Order ("Gordon Decl."), Ex. 2 (July 18 email); *see also* Declaration of Laura Salerno Owens in Support of OHA's Motion for Protective Order ("Salerno Owens Decl."), Dkt. 144, Ex. 6.)  As explained below, FamilyCare's July 3 notice was the subject of multiple conferrals resulting in FamilyCare's narrowing and elimination of many of the 55 topics.  Nevertheless, to avoid any confusion occasioned by OHA's reference to topic numbers in the superseded July 3 notice, FamilyCare refers to those topic numbers herein.  FamilyCare also attaches as Exhibit 5 a chart specifying the text of each of the original and revised topics at issue, and further explanation of the rationale for the requests.  (Gordon Decl., Ex. 5).

1-  FAMILYCARE'S OPPOSITION TO OHA'S
    MOTION FOR PROTECTIVE ORDER

On July 3, 2018--after the Court had permitted FamilyCare to amend its complaint to add a new theory of liability and a new defendant, and after OHA had answered FamilyCare's complaint by asserting 22 affirmative defenses and a counterclaim--FamilyCare served its Rule 30(b)(6) notice.  (Salerno Owens Decl., Ex. 1.)  The notice revised many of FamilyCare's original proposed topics in accordance with OHA's objections and the parties' conferrals, and it added new topics based upon the enlarged scope of the case, including the numerous affirmative defenses and the counterclaim filed by OHA.  (*See id.*)   The parties conferred regarding various discovery issues on July 12, at which time OHA stated its objections to several of the noticed topics.  (Gordon Decl. ¶ 1.).  On the evening of Sunday, July 15, counsel for OHA emailed objections to other of the noticed topics.  (Gordon Decl., Ex. 1.)  The parties conferred regarding the topics on July 17, and in a good faith effort to address OHA's concerns, FamilyCare provided OHA with a significantly narrowed and revised list of 38 topics on July 18.  (Gordon Decl., ¶ 4, Ex. 2.)  FamilyCare formally served the narrowed list of topics on July 19, and OHA filed the instant motion the same day.  (Salerno Owens Decl., Ex. 6).

## III.    LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure promote a 'broad and liberal' policy of discovery 'for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'" *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 659 (D. Or. 2015) (quoting *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012)); *see also* Fed. R. Civ. P. 26(b) (permitting discovery into "any matter, not privileged, that is relevant to the claim or defense of any party"). Depositions pursuant to Fed. R. Civ. P. 30(b)(6) play an important role in promoting this policy by ensuring access to an organization's information and curbing "a technique known as 'bandying,' in which each witness in turn disclaims knowledge of facts that are known to other persons in the organization and thereby to the organization itself." *Adidas Am., Inc. v. TRB Acquisitions LLC,* 324 F.R.D. 389, 394 (D. Or. 2017).

2-   FAMILYCARE'S OPPOSITION TO OHA'S
     MOTION FOR PROTECTIVE ORDER

In light of the general standard for liberal discovery and the recognized importance of Rule 30(b)(6) depositions, "[a]s a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006); *see also DR Sys., Inc. v. Eastman Kodak Co.*, No. 08CV669-H (BLM), 2009 WL 2973008, *3 (S.D. Cal. Sept. 14, 2009) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)) ("[C]ourts should not bar a deposition 'absent extraordinary circumstances' as such prohibition will 'likely be in error.'"). A party seeking a protective order bears the burden of establishing good cause by "demonstrating a particular need for the protections sought." *Caesars*, 237 F.R.D. at 432 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). "Rule 26(c) requires more than 'broad allegations of harm, unsubstantiated by specific examples or articulated reasoning.'" *Id.* (quoting *Cipollone*, 785 F.2d at 1121). The movant must point to specific facts "as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Frideres v. Schlitz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993) (citing *Brittain v. Stroh Brewery Company*, 136 F.R.D. 408 (M.D.N.C. 1991)). A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c). *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

## IV.    ARGUMENT

### A.    The topics are of appropriate scope and sufficiently clear.

OHA contends that 14 of the topics are "overly broad, ambiguous, and disproportionate to the needs of the case." But even OHA's cherry-picked examples demonstrate that FamilyCare's topics are proper.

Rule 30(b)(6) requires a deposition notice to "describe with reasonable particularity the matters for examination." The purpose of this requirement is to ensure that the organization is on sufficient notice as to the areas of examination. *See Loop AI Labs Inc. v. Gatti*, No. 15-cv-

3-    FAMILYCARE'S OPPOSITION TO OHA'S
      MOTION FOR PROTECTIVE ORDER

00798-HSH(DMR), 2016 WL 913377, at *3 (N.D. Cal. Mar. 10, 2016) (finding that topics "are sufficiently 'particular'" because they "are not phrased so broadly or vaguely that [party] will be unable to prepare its representative(s) to respond to questions on these subjects"). So long as the topics seek relevant information, define the scope of inquiry, and make compliant designation feasible, they are proper.

OHA points to two examples of purportedly improper topics, but both are appropriate. The first topic--"OHA's policies and practices relating to actual or potential conflicts of interest"--seeks information that is highly relevant to FamilyCare's claim that conflicts of interest contributed to OHA's bias against FamilyCare, including its claims that FamilyCare was an "outlier" amongst CCOs. For example, OHA's smear campaign portrayed FamilyCare's competitor, Health Share, as the truly inclusive and better COO, which is particularly notable due to the family relationships between employees of OHA and Health Share (and Health Share's subcapitated entities). Questions of bias are also relevant to OHA's portrayal of reports prepared by Manatt and Lewis & Ellis as "independent" and free from conflicts of interest. Moreover, contrary to OHA's suggestion, the topic by definition has "outer limits" as it seeks information only about OHA's official "policies and practices," not about every individual conflict of interest at the organization. If OHA has one or more established policies or practices regarding how the organization identifies or addresses conflicts of interest, then it is not unreasonable to require a witness be prepared to speak to those policies or practices. And if OHA has no such policies or practices, the organizational witness can readily confirm the same.

OHA also challenges a topic seeking information regarding OHA's Quarterly Legislative Reports. But the preparation and content of these reports are at the heart of FamilyCare's claim that OHA engaged in a smear campaign against FamilyCare. The reports are also central to OHA's administration of the state's Medicaid program more generally. OHA complains that the topic is overbroad, but FamilyCare seeks testimony only about the four "quarterly" reports

4-  FAMILYCARE'S OPPOSITION TO OHA'S
    MOTION FOR PROTECTIVE ORDER

submitted by OHA from 2015 to present, and thus sets appropriate "outer limits." OHA should not be permitted to avoid questioning on this important topic.

B.    The topics are proportionate to the needs of the case.

OHA claims that 14 of the topics are not proportionate to the needs of the case, but the lone decision and the examples OHA cites confirm the opposite.

Proportionality is necessarily a case-specific inquiry that turns on the scope of the claims and the amount in controversy. *See* Fed. R. Civ. P. 26(b)(1) (proportionality is based on factors including the importance of the issues at stake in the action, the amount in controversy, and the importance of the discovery). Where a case is complex and far-reaching, as here, courts permit wide-ranging 30(b)(6) depositions. *See, e.g., Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSH(DMR), 2016 WL 913377, at *1 (N.D. Cal. Mar. 10, 2016) (finding that notice containing 60 "extremely broad and far reaching topics" was not improper given breadth of case).

OHA cites to *Updike v. Clackamas Cnty*, No. 3:15-cv-00723-SI, 2016 WL 111424 (D. Or. Jan. 11, 2016), but that decision does not help OHA's case. *Updike* involved a challenge regarding deaf and hard-of-hearing services at the Clackamas County jail. Because the case involved a narrow dispute about the provision of specific services at a specific facility, the court found that questions regarding the *entire county's* policies for compliance with federal and state disability discrimination laws was disproportionate to the needs of the case. Id. at *4. The topic at issue was inappropriate not because it asked about all measures taken to comply with applicable law, but rather because it asked questions about the entire county's measures, which was not proportionate to a case involving only the conditions at one specific jail. *See id.* Here, FamilyCare's claims involve the conduct of OHA as a whole, and the topics are directed to OHA as a whole--not the entire state. As such, topics inquiring about the agency's policies and practices are entirely appropriate.

5-    FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR PROTECTIVE ORDER

Nor are the specific topics identified by OHA overbroad or otherwise disproportionate to the needs of the case.  OHA points to topic 20, asserting without explanation that FamilyCare's request for "*all processes and efforts* to review, approve, and pay bills for Optumas" is not proportionate.  *See* Mot. at 7 (emphasis in original).  But OHA has failed in the conferral process and in this motion to articulate *any burden* in preparing a witness to speak to this issue.  To be sure, it seems likely that a single person in OHA's finance department could testify to these processes and efforts or furnish the information to a designated organizational witness.  This is a far cry from the topic at issue in *Updike*, which would have presumably required information from officials throughout the county, not just the single jail implicated in the case.

OHA also contends that topics 20-22 are improper because Optumas is not a party in the case and OHA's relationship with Optumas is "tangentially related" to FamilyCare's claims.  Not so.  As OHA's own motion for summary judgment makes clear, Optumas' role in the rate-setting process, including its independence or lack thereof, is a key issue in the case.  *See* Dkt. 149 at 27-30.  And as discussed below, OHA's claim that the topics are "likely duplicative" of other discovery is no basis to preclude FamilyCare from receiving organizational testimony from OHA.

**C.      The topics seek relevant information.**

OHA devotes all of a paragraph to its claim that 14 of FamilyCare's deposition topics "seek irrelevant information." Mot. at 8.  The lone example provided demonstrates that this claim lacks merit.  OHA contends that its Quarterly Legislative Reports "are not at issue in the case" and that "[n]one of FamilyCare's claims are based on the contents of those reports."  But this is patently false:  as OHA's own summary judgment motion acknowledges, "FamilyCare alleges that OHA implemented a 'smear campaign' by developing a communications plan and releasing a Quarterly Legislative Report." Dkt. 149 at 16.  Indeed, the Quarterly Legislative Reports did exactly that by using OHA-selected financial data to erroneously portray FamilyCare as an outlier only concerned with its profits.  The content and preparation of the Reports is thus

6- FAMILYCARE'S OPPOSITION TO OHA'S
   MOTION FOR PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

highly relevant to FamilyCare's intentional interference with business relations and First Amendment retaliation claims, among others.  So too do the remainder of the topics seek information that is relevant and discoverable pursuant to the "'broad and liberal' policy of discovery" under the Federal Rules.  *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 659 (D. Or. 2015) (quoting *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012)).

### D.    The topics are not duplicative and cumulative.

OHA contends that questioning on "many" of the 30(b)(6) topics would be cumulative and duplicative because the subjects have "already been extensively covered in depositions" and are "described in documents produced in discovery."  Mot. at 8.  But it is widely recognized that 30(b)(6) testimony is by definition not duplicative of other discovery because the testimony is on behalf of the organization and is binding on the organization.  *See, e.g., Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012) ("The testimony of an individual, then, is distinct from the testimony of an entity.  Accordingly, and with good reason, courts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents—usually former or current employees of the entity whose Rule 30(b)(6) deposition is sought—have already testified about the topics noticed in the Rule 30(b)(6) deposition notice.") (collecting cases); *see also Kelly v. Provident Life & Acc. Ins. Co.*, No. 04CV807-AJB BGS, 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) ("Plaintiff is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable in this phase of the case. Therefore, any testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity."); *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 125–26 (D.D.C. 2005) ("By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery. . . . [T]he fact that

7- FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR PROTECTIVE ORDER

information has been provided to plaintiff concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition.").

Moreover, FamilyCare's need for organizational testimony on the topics at issue is especially acute due to the failure of OHA's fact witnesses to provide key information in response to FamilyCare's questioning. For example, when asked about OHA's actuarial support of Optumas in the rate-setting process, OHA Director Patrick Allen disavowed knowledge of the details and identified Chelsea Guest, head of OHA's Actuarial Services Unit, as the person with knowledge on the topic. (Deposition of Patrick Allen at 179:11-180:4, Gordon Decl., Ex. 3.) However, when asked about her own unit's review of Optumas's work, Ms. Guest disavowed specific knowledge of "the things that they [the Actuarial Services Unit's staff] do specifically to review," denied knowing which analyses or models the staff reviews, and could identify only a portion of the models and data the staff even had access to. (Deposition of Chelsea Guest at 113:23-114:20, Gordon Decl., Ex. 4.) FamilyCare's inability to obtain this vital information from OHA's fact witnesses is precisely why Rule 30(b)(6) testimony is necessary. *See Adidas,* 324 F.R.D. at 394; *see also* Notes of Advisory Committee on 1970 Amendment to Rule 30 (explaining that creation of Rule 30(b)(6) "will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it").

E.    **Topics seeking the factual information supporting OHA's affirmative defenses and counterclaim are proper**

OHA seeks to prevent questioning regarding the factual basis for its affirmative defenses and counterclaim on the grounds that the requests seek attorney work-product and are overbroad. But 30(b)(6) deposition topics identical to the topic in question--which seeks "the factual information and source of such information supporting" OHA's affirmative defenses and

8-   FAMILYCARE'S OPPOSITION TO OHA'S
     MOTION FOR PROTECTIVE ORDER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

counterclaim--are widely recognized to be appropriate.[2]  And the necessity of 30(b)(6) questioning is particularly acute here given that OHA asserted its affirmative defenses and counterclaim with just over a month before the discovery cutoff, thus leaving FamilyCare limited means to explore the factual basis for OHA's defenses and counterclaim.

After a year had a half of litigation, OHA first answered FamilyCare's complaint on June 26, 2018.  *See* Dkt. 115.  The answer sets forth 22 affirmative defenses and a 14-paragraph counterclaim.  By way of example, OHA alleges that FamilyCare and OHA reached an accord regarding the dispute resolution process, which was satisfied by OHA.  *See id.* at ¶¶ 177-181 (Fourteenth Affirmative Defense - Accord and Satisfaction).  With little other opportunity to understand and test the factual underpinnings of this and the remainder of OHA's defenses and counterclaim, FamilyCare seeks to inquire about these underlying facts, not about "counsel's legal strategy and intended lines of proof."  Mot. at 9.

As courts have recognized, 30(b)(6) deposition topics that seek the factual information supporting a claim or defense by definition seek information that is "clearly relevant and discoverable within the meaning of Rule 26(b)."  *See U.S. E.E.O.C. v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 434 (D. Nev. 2006).  Because facts cannot themselves constitute work product, a 30(b)(6) deposition topic seeking the factual information underpinning a claim or defense "do[es] not inherently call for information protected by either the attorney-client privilege or work product doctrine."  *Id.*  And because these factual underpinnings are "clearly relevant and discoverable," they are appropriate subjects of a 30(b)(6) deposition.  *See id.* at 434-35 (denying motion to quash topic seeking "[t]he factual information and source of such information supporting Defendants' defense and affirmative defenses as reflected in the

---

[2] OHA's motion inaccurately refers to the 14 topics in FamilyCare's July 3, 2018 notice, which sought discovery regarding "[a]ll facts and evidence supporting" OHA's affirmative defenses and counterclaim.  (Mot. at 9.)  However, the operative notice includes a single topic directed to "the factual information and source of such information supporting" the affirmative defenses and counterclaim.  (Salerno Owens Decl., Ex. 6 at Topic 38.)

9-  FAMILYCARE'S OPPOSITION TO OHA'S
     MOTION FOR PROTECTIVE ORDER

pleadings and discovery responses"); *see also Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("TIG was not asked to disclose its work product but was rather required to produce a witness capable of providing facts in support of the allegations within its answer. . . . TIG's corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying underlying facts . . . . It matters not that the witnesses understanding was gleaned from documents protected as work product, as the facts within those documents are not subject to protection.").

OHA contends that question on the topic could "potentially invade" OHA's work product, Mot. at 9, but this is insufficient to establish good cause for a protective order.  Indeed, as the court recognized in *Caesars*, the "risk of inadvertent disclosure of privileged or protected information . . . is adequately addressed by the presence of counsel who may instruct the witness not to answer improperly phrased questions which would reveal attorney-client privileged information."  237 F.R.D. at 434; *see also Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 281 (D. Neb. 1989) (risk of disclosure of protected material outweighed by need for discovery).  Nor has OHA made any showing whatsoever that FamilyCare's topic is overbroad or unduly burdensome.  *See E.E.O.C.*, 237 F.R.D. at 435 (finding that "defendant has not met its burden of establishing the areas of examination are so burdensome to justify a denial of EEOC's choice of discovery methods").   As such, and lacking any other means to explore the factual basis of OHA's defenses and counterclaim, the Court should permit FamilyCare's 30(b)(6) questioning.

## CONCLUSION

For the foregoing reasons, the Court should deny OHA's motion for a protective order.

10-  FAMILYCARE'S OPPOSITION TO OHA'S
     MOTION FOR PROTECTIVE ORDER

DATED:  July 27, 2018

**PERKINS COIE LLP**

By: *s/ Stephen F. English*

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

11- FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR PROTECTIVE ORDER