| | |
|---|---|
| **From:** | Harry Wilson |
| **To:** | Samuelson, Brian P. (POR); Brittany M. Simpson; Laura Salerno Owens; Anna Joyce; Katherine M. Acosta; Greg Scott |
| **Cc:** | Gordon, Matthew P. (SEA); Beane, Amanda J. (SEA); Hesterberg, Nicholas H. (Nick) (SEA); Morales, Nathan (POR) |
| **Subject:** | RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses |
| **Date:** | Sunday, July 15, 2018 6:23:42 PM |
| **Attachments:** | Conferral Letter to Nathan Morales from Matthew Levin re FamilyCare's 30(b)(6) topics.PDF |

Matt,

As we discussed during our conferral call last Thursday, OHA continues to have objections to several of FamilyCare's Rule 30(b)(6) topics 1-18. OHA outlined many of its initial objections in Matt Levin's April 20, 2018 letter to Nathan Morales (attached) and Matt Levin's July 3, 2018 email to Amanda Beane. For the purposes of conferral regarding OHA's potential motion for a protective order, OHA raises the objections below with respect to some of FamilyCare's topics 1-18 in its Notice of Videotaped Deposition of Oregon Health Authority dated July 3, 2018. We conferred on topics 19 – 55 last Thursday. If we are unable to resolve the objections below (regarding some of topics 1-18) and discussed last Thursday (regarding topics 19 – 55), we will move for a protective order on Tuesday, July 17. We raise these objections while reserving OHA's right to make additional objections during or before the deposition.

Topic 1: OHA continues to object that this topic is overbroad as to timeframe. Although the topics concerns the 2017 and 2018 rate years, the language "including to the extent such development is informed by historical processes, practices, or policies adopted prior to development of the 2017 capitation rates, or changes in processes, practices or policies used in development of the 2017 capitation rates from those used in rate development prior to the 2017" is overbroad and potentially includes processes, practices, and policies from any timeframe if they differ from those used in 2017 and 2018. OHA proposes that the topic should be narrowed to no earlier than January 1, 2015, as proposed in OHA's letter from Matt Levin to Nathan Morales on April 20, 2018. In addition, the language "generally accepted actuarial principles and practices" is ambiguous and potentially overbroad. OHA proposes the language should be changed to Actuarial Standards of Practice 49.

Topic 4: OHA continues to object that this topic is overbroad. The topic covers communications plans for subject areas without limitations to the claims and defenses in this lawsuit. For example, communications plans related to the Oregon Health Plan could include subjects such as the coverage of various prescriptions drugs and medical procedures, immunizations, procedural issues and more. "Rate-setting" is also overbroad as it potentially concerns work for organizations other than CCOs. OHA has issued approximately 150 news releases in the first half of 2018 alone. OHA proposes that this topic is limited to FamilyCare.

Topic 7: OHA continues to object that this topic is overbroad. The phrases "Oregon's Medicaid Program" and "individual Coordinated Care Organizations that contract with OHA" are unlimited and encompass countless subjects that are irrelevant to the claims and defenses in this litigation. OHA proposes that this topic be limited to FamilyCare and CCO contracts. OHA also objects that the topic is ambiguous as to "defined under ORS 171.725." The definition in ORS 171.725 and the subsequent statutes are subject to exceptions set forth in ORS 171.735. The topic does not make clear whether

Exhibit 1
Page 1 of 4

and to what extent subsequent exceptions are to apply. If FamilyCare intends none to apply, then the topic is overbroad as it encompasses the ordinary activities of state officials acting in their official capacities.

Topic 8: OHA continues to object that this topic is overbroad.  OHA also objects that the topic is ambiguous. "[A]ll budgetary, policy, and rate-setting decisions made by OHA in connection with that target" could include a wide range of topics outlined in the 385-page Special Terms and Conditions OHA must comply with from rate-setting, to complaints and grievances, to training activities under the Transformation Center. Virtually every decision affecting the financial performance of the Medicaid program relates to that target. OHA proposes limiting this topic to OHA's policy and rate-setting decisions related to any 3.4% growth target in Oregon's Section 1115(a) waiver for capitation rates for CCOs.

Topic 9: OHA objects to this topic as overbroad and ambiguous. "All policy or discretionary decisions" is undefined, vague, and ambiguous. The limiting clause "that had any material impact on the rates" is also undefined, vague, ambiguous. "Material" is subject to multiple meanings depending on perspective. Furthermore, OHA does not analyze how every individual decision related to developing rates impacts the final rates, making it impossible to determine whether particular decisions had a "material impact" on rates. OHA proposes this topic is limited to the policy decisions discussed in OHA's 2018 Base Data and Reimbursement Review, OHA_LIT_00650244.

Topic 10: OHA continues to object to this topic as overbroad and ambiguous. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The phrase "associated policies" is vague, ambiguous, and overbroad. OHA policies for Medicaid are far reaching and go beyond the specific allegations made by FamilyCare. OHA proposes this topic is limited to OHA's treatment of sub-capitated entities and payment arrangements in its capitation rate setting for Coordinated Care Organizations limited to January 1, 2015 to present.

Topic 11: OHA continues to object to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The topic also encompasses all communications related to "Oregon's Medicaid program." OHA communicates with CMS on issues related to the Medicaid program that go far beyond the scope of discovery in this matter. The same is true with respect to "marketing and enrollment," "regulations and other guidance concerning rate-setting," the "Section 1115 Medicaid Demonstration waiver," and "the 3.4% rate of growth."  OHA proposes narrowing this topic to OHA's communications with CMS related to CMS's certification of OHA's capitation rates for CCOs.

Topic 12: OHA objects to this topic as overbroad. The topic encompasses all "provision of information" related to "Oregon's Medicaid program." Oregon's Medicaid program includes countless subjects unrelated to the claims and defenses in this litigation. OHA proposes this topic be limited to OHA's provision of information to the Oregon legislature about the 2017 and 2018 capitation rates.

Topic 15: OHA objects to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. Furthermore, OHA's enrollment

Exhibit 1
Page 2 of 4

and eligibility data constitutes an enormous rage of data and the range of subjects that this topic could cover are countless. In addition, use of the phrase "including but not limited to" fails to identify the topics for deposition with reasonable particularity. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("the language 'including but not limited to' is overbroad when identifying a 30(b)(6) topic"). OHA proposes this topic be limited to enrollment and eligibility redeterminations.

Topic 16: OHA objects to this topic as overbroad. "[A]ny enrollment and/or eligibility errors" is overbroad. Enrollment and eligibility data is continually in the process of being validated and such data can be corrected and supplemented at any time after the data is created. To the extent this topic seeks testimony regarding the 2018 redetermination adjustment, as discussed on page 13 of the 2018 CCO Rate Development Actuarial Certification, it should be narrowed to describe that subject with reasonable particularity.

Topic 18: OHA objects to this topic as overbroad and ambiguous. "The 2018 Medicaid capitation rate amendment" and the "one-month version of that amendment" are undefined and it is unclear what FamilyCare is referring to. Furthermore, "OHA's policy and discretionary decisions relating to those agreements" is vague, ambiguous, and overbroad. Such language encompasses any decision at all related to the undefined "agreements" and therefore fails to describe the topic of deposition with reasonable particularity. OHA proposes FamilyCare more precisely define the agreements are remove the overbroad language regarding "policy and discretionary decisions relating to those agreements."

We are available to confer between 1:00 and 3:00 tomorrow on FamilyCare's Rule 30(b)(6) notice. We will be separately emailing you and your team on other issues.

Harry

---

**From:** Samuelson, Brian P. (Perkins Coie) [mailto:BSamuelson@perkinscoie.com]
**Sent:** Friday, July 13, 2018 12:37 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Beane, Amanda J. (Perkins Coie) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (Perkins Coie) <NHesterberg@perkinscoie.com>
**Subject:** FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Harry,

One of the items on my list from yesterday's conferral call was to identify a few examples of documents referencing the types of analyses or studies we'd like to ask the OHA 30(b)(6) witness

Exhibit 1
Page 3 of 4

about under Topic 38.  Please see:

- OHA_LIT_00174583
- OHA_LIT_00085803
- OHA_LIT_00090018

Thanks,
Brian

**Brian Samuelson** | **Perkins Coie LLP**
ASSOCIATE
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
F. +1.503.346.2170
E. BSamuelson@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 1
Page 4 of 4