| | |
|---|---|
| **From:** | Samuelson, Brian P. (POR) |
| **To:** | harrywilson@markowitzherbold.com; BrittanySimpson@MarkowitzHerbold.com; LauraSalerno@MarkowitzHerbold.com; Anna Joyce; KatherineAcosta@markowitzherbold.com; gregscott@markowitzherbold.com |
| **Cc:** | Gordon, Matthew P. (SEA); Beane, Amanda J. (SEA); Hesterberg, Nicholas H. (Nick) (SEA); Morales, Nathan (POR) |
| **Subject:** | RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses |
| **Date:** | Wednesday, July 18, 2018 5:40:43 PM |
| **Attachments:** | OHA 30b6 topics   clean.docx  OHA 30b6 topics   redlined.pdf |

Harry,

Attached are a redlined and clean version of FamilyCare's revised Rule 30(b)(6) topics for OHA. Yesterday we discussed limiting certain topics to those subjects "relating to any issue raised in this litigation." Our understanding is that such subjects would necessarily include anything related to FamilyCare, but we have clarified the wording to make that understanding explicit. (See, e.g., Topic 4). We have also done a little bit of cleanup on Topics 8 and 15 compared to our discussion yesterday.

Brian

**Brian Samuelson** | **Perkins Coie LLP**
ASSOCIATE
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
F. +1.503.346.2170
E. BSamuelson@perkinscoie.com

---

**From:** Harry Wilson [mailto:harrywilson@markowitzherbold.com]
**Sent:** Sunday, July 15, 2018 6:23 PM
**To:** Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (SEA) <NHesterberg@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>
**Subject:** RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Matt,

As we discussed during our conferral call last Thursday, OHA continues to have objections to several of FamilyCare's Rule 30(b)(6) topics 1-18. OHA outlined many of its initial objections in Matt Levin's April 20, 2018 letter to Nathan Morales (attached) and Matt Levin's July 3, 2018 email to Amanda Beane. For the purposes of conferral regarding OHA's potential motion for a protective order, OHA raises the objections below with respect to some of FamilyCare's topics 1-18 in its Notice of Videotaped Deposition of Oregon Health Authority dated July 3, 2018. We conferred on topics 19 – 55 last Thursday. If we are unable to resolve the objections below (regarding some of topics 1-18)

Exhibit 2
Page 1 of 32

and discussed last Thursday (regarding topics 19 – 55), we will move for a protective order on Tuesday, July 17. We raise these objections while reserving OHA's right to make additional objections during or before the deposition.

Topic 1: OHA continues to object that this topic is overbroad as to timeframe. Although the topics concerns the 2017 and 2018 rate years, the language "including to the extent such development is informed by historical processes, practices, or policies adopted prior to development of the 2017 capitation rates, or changes in processes, practices or policies used in development of the 2017 capitation rates from those used in rate development prior to the 2017" is overbroad and potentially includes processes, practices, and policies from any timeframe if they differ from those used in 2017 and 2018. OHA proposes that the topic should be narrowed to no earlier than January 1, 2015, as proposed in OHA's letter from Matt Levin to Nathan Morales on April 20, 2018. In addition, the language "generally accepted actuarial principles and practices" is ambiguous and potentially overbroad. OHA proposes the language should be changed to Actuarial Standards of Practice 49.

Topic 4: OHA continues to object that this topic is overbroad. The topic covers communications plans for subject areas without limitations to the claims and defenses in this lawsuit. For example, communications plans related to the Oregon Health Plan could include subjects such as the coverage of various prescriptions drugs and medical procedures, immunizations, procedural issues and more. "Rate-setting" is also overbroad as it potentially concerns work for organizations other than CCOs. OHA has issued approximately 150 news releases in the first half of 2018 alone. OHA proposes that this topic is limited to FamilyCare.

Topic 7: OHA continues to object that this topic is overbroad. The phrases "Oregon's Medicaid Program" and "individual Coordinated Care Organizations that contract with OHA" are unlimited and encompass countless subjects that are irrelevant to the claims and defenses in this litigation. OHA proposes that this topic be limited to FamilyCare and CCO contracts. OHA also objects that the topic is ambiguous as to "defined under ORS 171.725." The definition in ORS 171.725 and the subsequent statutes are subject to exceptions set forth in ORS 171.735. The topic does not make clear whether and to what extent subsequent exceptions are to apply. If FamilyCare intends none to apply, then the topic is overbroad as it encompasses the ordinary activities of state officials acting in their official capacities.

Topic 8: OHA continues to object that this topic is overbroad.  OHA also objects that the topic is ambiguous. "[A]ll budgetary, policy, and rate-setting decisions made by OHA in connection with that target" could include a wide range of topics outlined in the 385-page Special Terms and Conditions OHA must comply with from rate-setting, to complaints and grievances, to training activities under the Transformation Center. Virtually every decision affecting the financial performance of the Medicaid program relates to that target. OHA proposes limiting this topic to OHA's policy and rate-setting decisions related to any 3.4% growth target in Oregon's Section 1115(a) waiver for capitation rates for CCOs.

Topic 9: OHA objects to this topic as overbroad and ambiguous. "All policy or discretionary decisions" is undefined, vague, and ambiguous. The limiting clause "that had any material impact on the rates" is also undefined, vague, ambiguous. "Material" is subject to multiple meanings

Exhibit 2
Page 2 of 32

depending on perspective. Furthermore, OHA does not analyze how every individual decision related to developing rates impacts the final rates, making it impossible to determine whether particular decisions had a "material impact" on rates. OHA proposes this topic is limited to the policy decisions discussed in OHA's 2018 Base Data and Reimbursement Review, OHA_LIT_00650244.

Topic 10: OHA continues to object to this topic as overbroad and ambiguous. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The phrase "associated policies" is vague, ambiguous, and overbroad. OHA policies for Medicaid are far reaching and go beyond the specific allegations made by FamilyCare. OHA proposes this topic is limited to OHA's treatment of sub-capitated entities and payment arrangements in its capitation rate setting for Coordinated Care Organizations limited to January 1, 2015 to present.

Topic 11: OHA continues to object to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The topic also encompasses all communications related to "Oregon's Medicaid program." OHA communicates with CMS on issues related to the Medicaid program that go far beyond the scope of discovery in this matter. The same is true with respect to "marketing and enrollment," "regulations and other guidance concerning rate-setting," the "Section 1115 Medicaid Demonstration waiver," and "the 3.4% rate of growth."  OHA proposes narrowing this topic to OHA's communications with CMS related to CMS's certification of OHA's capitation rates for CCOs.

Topic 12: OHA objects to this topic as overbroad. The topic encompasses all "provision of information" related to "Oregon's Medicaid program." Oregon's Medicaid program includes countless subjects unrelated to the claims and defenses in this litigation. OHA proposes this topic be limited to OHA's provision of information to the Oregon legislature about the 2017 and 2018 capitation rates.

Topic 15: OHA objects to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. Furthermore, OHA's enrollment and eligibility data constitutes an enormous rage of data and the range of subjects that this topic could cover are countless. In addition, use of the phrase "including but not limited to" fails to identify the topics for deposition with reasonable particularity. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("the language 'including but not limited to' is overbroad when identifying a 30(b)(6) topic"). OHA proposes this topic be limited to enrollment and eligibility redeterminations.

Topic 16: OHA objects to this topic as overbroad. "[A]ny enrollment and/or eligibility errors" is overbroad. Enrollment and eligibility data is continually in the process of being validated and such data can be corrected and supplemented at any time after the data is created. To the extent this topic seeks testimony regarding the 2018 redetermination adjustment, as discussed on page 13 of the 2018 CCO Rate Development Actuarial Certification, it should be narrowed to describe that subject with reasonable particularity.

Topic 18: OHA objects to this topic as overbroad and ambiguous. "The 2018 Medicaid capitation rate amendment" and the "one-month version of that amendment" are undefined and it is unclear what

Exhibit 2
Page 3 of 32

FamilyCare is referring to. Furthermore, "OHA's policy and discretionary decisions relating to those agreements" is vague, ambiguous, and overbroad. Such language encompasses any decision at all related to the undefined "agreements" and therefore fails to describe the topic of deposition with reasonable particularity. OHA proposes FamilyCare more precisely define the agreements are remove the overbroad language regarding "policy and discretionary decisions relating to those agreements."

We are available to confer between 1:00 and 3:00 tomorrow on FamilyCare's Rule 30(b)(6) notice. We will be separately emailing you and your team on other issues.

Harry

**From:** Samuelson, Brian P. (Perkins Coie) [mailto:BSamuelson@perkinscoie.com]
**Sent:** Friday, July 13, 2018 12:37 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Beane, Amanda J. (Perkins Coie) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (Perkins Coie) <NHesterberg@perkinscoie.com>
**Subject:** FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Harry,

One of the items on my list from yesterday's conferral call was to identify a few examples of documents referencing the types of analyses or studies we'd like to ask the OHA 30(b)(6) witness about under Topic 38.  Please see:

- OHA_LIT_00174583
- OHA_LIT_00085803
- OHA_LIT_00090018

Thanks,
Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
F. +1.503.346.2170
E. BSamuelson@perkinscoie.com

Exhibit 2
Page 4 of 32

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 2
Page 5 of 32

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

*Attorneys for FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>    Plaintiff,<br><br>  v.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Defendant. | No. 3:18−cv−00212−MO (LEAD)<br>No. 6:18−cv−00296−MO<br><br>NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY<br><br>FRCP 30(b)(6) |
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br><br><br>  v. | |

1-    NOTICE OF VIDEOTAPED DEPOSITION OF
  OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 2
Page 6 of 32

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and
PATRICK ALLEN, both individually and in
his official capacity as director of the Oregon
Health Authority,

                    Defendants.

k        **TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), FamilyCare, Inc. will take the sworn deposition of one or more representatives of the Oregon Health Authority ("OHA"), at 9:00 am, on July 19 and 20, 2018, at the offices of Markowitz Herbold PC, 1211 S.W. Fifth Avenue, Suite 3000, Portland, OR 97204. The deposition will be taken before an officer authorized by law to administer oaths. The testimony will be recorded by stenographic means and videotaped. The examination shall continue from day to day thereafter until completed.

Pursuant to FRCP 30(b)(6), OHA shall designate at least three days before the deposition the name or names of one or more officers, directors, managing agents, or other persons who consent to testify on Oregon Health Authority's behalf and setting forth, for each person that OHA designates, the matters on which such person will testify from the subjects listed below. Pursuant to the Rule, such persons "must testify about information known or reasonably available to," Oregon Health Authority.

For the purposes of the deposition topics below, "OHA" means the Oregon Health Authority and Schramm Health Partners (dba "Optumas"), to the extent such information is reasonably available to OHA. "Rate setting" or "rate development" includes all aspects of the rate-setting process, including the process and requirements for setting capitation rates in accordance with standards specified by CMS and generally accepted actuarial principles and practices.

## DEPOSITION TOPICS

The matters on which OHA must testify are as follows:

2-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 7 of 32

Topic 1: OHA's development of the capitation rates for rate years 2017 and 2018 for the Coordinated Care Organizations that contract with OHA to serve Oregon Health Plan members, ~~including to the extent such development is informed by historical processes, practices or policies adopted prior to development of the 2017 capitation rates, or changes in processes, practices or policies used in development of the 2017 capitation rates from those used in rate development prior to 2017~~from January 1, 2015.  "Development of the capitation rates" includes all aspects of the rate-setting process, including the process and requirements for setting capitation rates in accordance with standards specified by CMS and generally accepted actuarial principles and practices

Topic 2: The actuarial review of Oregon's Medicaid capitation rate development methodology dated November 30, 2017 that was prepared by Lewis and Ellis.

Topic 3: The regulatory review of Oregon's Medicaid capitation rate development methodology dated November 30, 2017 that was prepared by Manatt, Phelps and Phillips.

Topic 4: All of OHA's written "communications plans" from January 1, 2015 to present, ~~related to the Oregon Health Plan, rate-setting, and any Coordinated Care Organizations in Oregon, including, but not limited to, FamilyCare~~relating to FamilyCare or any issue raised in this litigation.

Topic 5: Information known or reasonably available to OHA concerning its settlement agreement with FamilyCare entered into on May 22, 2016, including but not limited to, the terms of that agreement, the parties' reasonable contractual expectations, and OHA's performance of its contractual obligations under the agreement.

3-  NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 8 of 32

Topic 6: Information known or reasonably available to OHA concerning its Dispute Resolution Agreement with FamilyCare, executed on December 30, 2016, including but not limited to, the terms of that agreement, the parties' reasonable contractual expectations, and OHA's performance of its contractual obligations under the agreement.

Topic 7: OHA's ~~"lobbying"~~ efforts ~~(as defined under ORS 171.725)~~ from January 1, 2015 to present related FamilyCare or to any issues raised in this litigation to: influence, or attempt to influence, legislative action through oral or written communication with legislative officials; solicit executive officials or other persons to influence or attempt to influence legislative action; or attempt to obtain the goodwill of legislative officials, ~~in the Oregon legislature in connection with Oregon's Medicaid program and the individual Coordinated Care Organizations that contract with OHA as part of Oregon's Medicaid program~~.

Topic 8: For January 1, 2015 to present, the calculation of the 3.4% rate of growth target and the calculation and reporting of trend reduction targets under~~in~~ Oregon's Section 1115(a) waiver with CMS, and how they relate to, are used in, or effect Medicaid rate setting, and the impact on federal funding resulting from failure to meet trend reduction targets. ~~as it relates to the administration of Oregon's Medicaid program; all budgetary, policy, and rate-setting decisions made by OHA in connection with that target; which includes, but is not limited to, the setting of Oregon's Medicaid capitation rates, the availability of state and federal funds to pay those rates, the policies that inform the rate-setting process, and the performance of the Coordinated Care Organizations that serve Oregon's Medicaid program.~~

Topic 9: All policy or discretionary decisions made by OHA related to the rates for 2017 and 2018 rate years (including, to the extent such rate setting is informed by historical processes,

4-    NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 9 of 32

practices or policies, policies or discretionary decisions developed during rate setting for 2015 or 2016, or that were materially different than prior years), in connection with OHA's setting of Medicaid capitation rates that had any material impact on the rates for Coordinated Care Organizations for those rate years, including, but not limited to, OHA's policy or discretionary decisions relating to the calculation of an individual Coordinated Care Organizations "implied rate of growth" and OHA's decision to use a particular dataset or methodology in creating those rates.

Topic 10: OHA's treatment of sub-capitated entities and payment arrangements, related to its capitation rate setting for Coordinated Care Organizations from January 1, 2015 to present. including but not limited to, in its Medicaid rate-setting process and associated policies. For purposes of this topic, "sub-capitated entities and payment arrangements" refers to OHA's policies and practices relating to Coordinated Care Organizations that contract with OHA and are sub-capitated in structure, and includes subcapitation arrangements between entities that are related by virtue of common ownership and/or control.

Topic 11: OHA's communications with CMS in connection with: Oregon's Medicaid program; any Coordinated Care Organization that contracts with the Oregon Health Authority to serve members of the Oregon Health Plan; the capitation rates for rate years 2015 to present; concerns about quality of care at FamilyCare or Health Share; under or over payments to CCOs; marketing and enrollment; the Medical Loss Ratio (MLR) and its role in rate-setting; the minimum MLR imposed by OHA on Coordinated Care Organizations and the remittance for any MLR reporting period when the MLR for the MLR reporting period did not meet the minimum MLR; regulations or other guidance concerning rate-setting; the 3.4% target rate of growth; and

5-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 10 of 32

~~Oregon's Section 1115 Medicaid Demonstration waiver.~~relating to FamilyCare or any issue relating to this litigation.

Topic 12: OHA's provision of information to the Oregon legislature about Oregon's Medicaid program, either through public testimony or in-person meetings, from January 1, 2015 to present related to any issue in this litigation~~, including, but not limited to information relating to: OHA policy decisions about the program, its funding and administration, the performance of the program overall, and the performance of the Coordinated Care Organizations that contract with OHA to serve Oregon Health Plan members~~.

Topic 13: OHA's decision to hire, and to continue to retain, Schramm Health Partners (dba "Optumas") to perform work related to the development of Oregon's Medicaid capitation rates and for other purposes.

Topic 14: OHA's internal processes for requesting, receiving, compiling, and maintaining data collected from Coordinated Care Organizations for the setting of Oregon's Medicaid Capitation Rates for rate years 2017 and 2018, (including to the extent such rate setting is informed by historical practices or policies, processes developed during rate setting for 2015 or 2016, or that are materially different than prior years).

Topic 15: OHA's policy, procedure and practices related to ~~internal collection, processing and management of~~ enrollment and eligibility ~~data~~ for the Oregon Health Plan from January 1, 2015 to present~~, including, but not limited to: assignment of OHP members to CCOs; the tracking of enrollment and eligibility changes over time; reconciliation of enrollment and eligibility data over time; OHA's processes for performing enrollment and eligibility re-determinations, and OHA's internal management of assigning, tracking, reconciling, correcting~~

6-  NOTICE OF VIDEOTAPED DEPOSITION OF
    OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 11 of 32

~~and adjusting the Program Eligibility Resource Code (PERC) for each individual Medicaid~~
~~recipient in the Oregon Health Plan~~.

Topic 16: The impact of any enrollment and/or eligibility errors on the Medicaid
capitations rates paid to Oregon Coordinated Care Organizations for rate years 2015 to present,
and any actions considered or planned to re-determine rates or otherwise compensate those
Organizations for amounts they may have been underpaid as a result of those errors.

Topic 17: OHA's process and methodology for determining the "Preliminary Rate
Redetermination Analysis" provided to Oregon Coordinated Care Organizations on December
29, 2017, including but not limited to, data and materials considered by OHA in reaching its
conclusions stated in the Preliminary Redetermination Analysis.

Topic 18: The Health Plan Services Contract -- Coordinated Care Organization Contract
between Oregon Health Authority and FamilyCare, Inc. effective January 1, 2017 and all
amendments thereto, and the Personal/Professional Services Contract (contract no. 156471)
between the Oregon Health Authority and FamilyCare ~~The 2018 Medicaid capitation rate~~
~~amendment, the one-month version of that amendment, and the personal services agreement that~~
~~FamilyCare entered into with OHA in December 2017,~~ including but not limited to, the terms of
these agreements, OHA's policy and discretionary decisions relating to these agreements and
OHA's communications with FamilyCare regarding these agreements.

~~Topic 19: The terms of OHA's contracts with Optumas.~~

Topic 19~~20~~: OHA's process and efforts to review, approve, and pay bills submitted by
Optumas to the State for work performed under its contract, and ~~.~~

7-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 12 of 32

Topic 21: OHA's oversight and supervision of Optumas's performance of its contractual obligations to OHA, including but not limited to its compliance with federal law governing the development of Medicaid capitation rates.

Topic 20: All communications made and actions taken related to Stephen English's June 4, 2018 letter to David Markowitz regarding Optumas Billing Irregularities.

Topic 21: OHA's efforts to collect, preserve, and recover electronic communications, including text messages and instant-message conversations (whether via Skype or a different platform), of relevance or potential relevance to this litigation.

Topic 22: OHA's goals, policies and programs relating to the provision of primary care medical services to Oregon Health Plan members, the impacts of greater investment in primary care, and OHA's analysis, if any, of the effect of such investments by any individual Coordinated Care Organization on other types of medical expenditures by that organization.

Topic 23: OHA's goals, policies and programs relating to reducing the amount of inpatient hospital and emergency room services utilized by Oregon Health Plan members, and OHA's analysis, if any, of the utilization of such services by the members of any individual Coordinated Care Organization on other types of medical expenditures by that organization.

Topic 24: OHA's goals, policies and programs relating to the concept of the "global budget" as defined in ORS 414.025(11).

Topic 25: OHA's policies and practices relating to actual or potential conflicts of interest.

8-  NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 2
Page 13 of 32

Topic 26~~8~~: OHA's development and implementation of all public relations strategies and plans ~~in connection with Oregon's Medicaid program or any Coordinated Care Organization, including but not limited to OHA's communications with any newspaper reporter regarding Oregon's Medicaid program or any Coordinated Care Organization~~relating to any issue in this litigation.

~~Topic 29: The information on which OHA relied in setting Medicaid capitation rates for Coordinated Care Organizations for rate years 2017 and 2018, (including, to the extent such rate setting is informed by historical practices or policies, information relied on in rate setting for 2015 or 2016, or information that was materially different than prior years).~~

Topic 27~~30~~: OHA's Quarterly Legislative Reports concerning the Oregon Medicaid Program from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response.

Topic 28~~31~~: OHA's annual Primary Care Spending Reports from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response.

Topic 29~~32~~: OHA's quality metrics measurements and the performance of individual Coordinated Care Organizations under those metrics since 2015.

9-    NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 14 of 32

Topic 30: Any analyses OHA has conducted from January 1, 2015 to present relating to FamilyCare's business model and business practices in relation to whether the Medicaid Capitation rates account for all reasonable, appropriate, and attainable costs.

Topic 31: The circumstances of Lynne Saxton's resignation and Patrick Allen's appointment, including the reason Lynne Saxton, Varsha Chauhan, BethAnne Darby, Courtney Crowell, and Mark Fairbanks left the Oregon Health Authority.

Topic 32: Any analyses OHA has conducted from January 1, 2015 to present regarding the profits of any Coordinated Care Organization, including related party profits.

Topic 33: Any analyses OHA has conducted from January 1, 2015 to present regarding any over or under payments made from OHA to any Coordinated Care Organization, and OHA's communications with CMS regarding any such over or under payments.

Topic 34: OHA's process for review and analysis of CCO financial submissions to OHA. "Financial submissions" include but not are not limited to Exhibit L documents and Minimum Medical Loss Ratio templates.

Topic 35: Any analyses or study OHA has conducted from January 1, 2015 to present regarding CCO members with HIV/AIDS and/or other high-risk members at any CCO (including any comparison of care for such members between CCOs), and OHA's communications with CCOs or CMS about such members or member care.

Topic 36: Any issue resolution process referred to on OHA's "Medicaid Issues Resolution" webpage, available at https://www.oregon.gov/oha/HSD/OHP/Pages/Medicaid-

10- NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 15 of 32

Issues-Resolution.aspx ~~OHA has created to ensure that OHA leadership is aware of, understands the scope of, and implements effective resolutions to ongoing and emerging issues~~.

Topic 347~~0~~: OHA's policy for determining whether CCO financial information, including but not limited to financial submissions to OHA such as Exhibit L documents and Minimum Medical Loss Ratio templates, should be treated as proprietary or trade secret information that is withheld from public disclosure.

Topic 384~~1~~: The factual information and source of such information supporting OHA's affirmative defenses and counterclaim in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018, paragraphs 162-210.  ~~All facts and evidence supporting OHA's contention that it is entitled to recoup any money it previously paid FamilyCare, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

~~Topic 42: All facts and evidence supporting OHA's contention that FamilyCare is estopped from seeking relief in its Fourth, Seventh, Eighth, and Eleventh Claims for Relief, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

~~Topic 43:  All facts and evidence supporting OHA's contention that FamilyCare is precluded from seeking relief in its Seventh and Eighth Claims for Relief under the doctrine of waiver, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

11- NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 16 of 32

Topic 44:  All facts and evidence supporting OHA's contention that FamilyCare's First, Fourth, and Eleventh Claims for Relief are barred in whole or in part because the Settlement Agreement included a release of claims, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 45:  All facts and evidence supporting OHA's contention that FamilyCare's First Claim for Relief is bared in whole or in part by the doctrine of unclean hands, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 46: All facts and evidence supporting OHA's contention that FamilyCare's Fourth Claim for Relief and its claims for injunctive and prospective relief are moot, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 47:  All facts and evidence supporting OHA's contention that FamilyCare's Fourth and Eleventh Claims for Relief, and other claims to the extent they seek relief for rates that are allegedly actuarially unsound, are barred in whole or in part because FamilyCare failed to exhaust its administrative remedies under federal law, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 48: All facts and evidence supporting OHA's contention that FamilyCare's claims are barred in whole or in part by the doctrines of sovereign immunity; discretionary immunity; qualified privilege; and absolute privilege, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

12-    NOTICE OF VIDEOTAPED DEPOSITION OF
       OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 17 of 32

Topic 49: All facts and evidence supporting OHA's contention that FamilyCare's Seventh and Eighth Claims for Relief are barred in part by the doctrine of accord and satisfaction, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 50: All facts and evidence supporting OHA's contention that FamilyCare's Seventh and Eighth Claims for Relief are barred in part by substituted contract, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 51: All facts and evidence supporting OHA's contentions that FamilyCare's Seventh and Eighth Claims for Relief are barred in whole or in part because: (a) the Dispute Resolution Agreement is unenforceable because the terms FamilyCare is seeking to enforce, among others, are not sufficiently definite to determine the parties' intent; (b) FamilyCare materially breached the Dispute Resolution Agreement; and (c) FamilyCare failed to satisfy a condition precedent under the Dispute Resolution Agreement, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

Topic 52: All facts and evidence supporting OHA's contention that its liabilities on all of FamilyCare's claims are limited to the extent of the limitation of liability provisions set forth in Exhibit D, § 11 of the parties' Health Plan Services Contract, signed December 6, 2013, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.

13-  NOTICE OF VIDEOTAPED DEPOSITION OF
     OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 18 of 32

~~Topic 53: All facts and evidence supporting OHA's contention that FamilyCare failed to properly mitigate its economic damages, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

~~Topic 54: All facts and evidence supporting OHA's contentions that FamilyCare's damages for its tort claims are limited to $115,800 under ORS 30.273; FamilyCare's damages for breach of the Settlement Agreement are limited to the Settlement Credit; and FamilyCare may not recover damages for its claims under the Oregon Administrative Procedures Act, pursuant to ORS 183.486, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

~~Topic 55: All facts and evidence supporting OHA's contention that FamilyCare's damages are not cognizable in whole or in part because of FamilyCare's status as a tax-exempt, charitable, public benefit nonprofit CCO governed by state and federal statutes regarding CCOs, tax-exempt, charitable, public benefit nonprofit organizations and Medicaid, as asserted in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018.~~

14-  NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 19 of 32

DATED: June __, 2018                    **PERKINS COIE LLP**

By: *s/*
_____
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Alletta S. Brenner
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for FamilyCare, Inc.*

15-    NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 20 of 32

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I served the foregoing **NOTICE OF**

**VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY** on the following:

David B. Markowitz
Matthew A. Levin
Renée E. Rothauge
Dallas DeLuca
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
DavidMarkowitz@MarkowitzHerbold.com
MattLevin@MarkowitzHerbold.com
ReneeRothauge@Markowitzherbold.com
DallasDeLuca@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority*

| X | by **email** |
| X | by **mail** |

DATED:  June ___, 2018

**PERKINS COIE LLP**


By: *s/* _____

Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for FamilyCare, Inc.*

1- CERTIFICATE OF SERVICE

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 21 of 32

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
Matthew P. Gordon, *pro hac vice*
MGordon@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| PATRICK ALLEN, in his official Capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | No. 3:18−cv−00212−MO (LEAD) No. 6:18−cv−00296−MO |
| Plaintiff, | NOTICE OF VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY |
| v. | |
| FAMILYCARE, INC., an Oregon non-profit corporation, | FRCP 30(b)(6) |
| Defendant. | |
| FAMILYCARE, INC., an Oregon non-profit corporation, | |
| Plaintiff, | |
| v. | |

1-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 22 of 32

OREGON HEALTH AUTHORITY, an
agency of the State of Oregon, and
PATRICK ALLEN, both individually and in
his official capacity as director of the Oregon
Health Authority,

Defendants.

**TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), FamilyCare, Inc. will

take the sworn deposition of one or more representatives of the Oregon Health Authority

("OHA"), at 9:00 am, on July 19 and 20, 2018, at the offices of Markowitz Herbold PC, 1211

S.W. Fifth Avenue, Suite 3000, Portland, OR 97204. The deposition will be taken before an

officer authorized by law to administer oaths.  The testimony will be recorded by stenographic

means and videotaped.  The examination shall continue from day to day thereafter until

completed.

Pursuant to FRCP 30(b)(6), OHA shall designate at least three days before the deposition

the name or names of one or more officers, directors, managing agents, or other persons who

consent to testify on Oregon Health Authority's behalf and setting forth, for each person that

OHA designates, the matters on which such person will testify from the subjects listed below.

Pursuant to the Rule, such persons "must testify about information known or reasonably

available to," Oregon Health Authority.

For the purposes of the deposition topics below, "OHA" means the Oregon Health

Authority and Schramm Health Partners (dba "Optumas"), to the extent such information is

reasonably available to OHA.  "Rate setting" or "rate development" includes all aspects of the

rate-setting process, including the process and requirements for setting capitation rates in

accordance with standards specified by CMS and generally accepted actuarial principles and

practices.

**DEPOSITION TOPICS**

The matters on which OHA must testify are as follows:

2-    NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 23 of 32

Topic 1: OHA's development of the capitation rates for rate years 2017 and 2018 for the Coordinated Care Organizations that contract with OHA to serve Oregon Health Plan members, from January 1, 2015.   "Development of the capitation rates" includes all aspects of the rate-setting process, including the process and requirements for setting capitation rates in accordance with standards specified by CMS and generally accepted actuarial principles and practices

Topic 2: The actuarial review of Oregon's Medicaid capitation rate development methodology dated November 30, 2017 that was prepared by Lewis and Ellis.

Topic 3: The regulatory review of Oregon's Medicaid capitation rate development methodology dated November 30, 2017 that was prepared by Manatt, Phelps and Phillips.

Topic 4: All of OHA's written "communications plans" from January 1, 2015 to present, relating to FamilyCare or any issue raised in this litigation.

Topic 5: Information known or reasonably available to OHA concerning its settlement agreement with FamilyCare entered into on May 22, 2016, including but not limited to, the terms of that agreement, the parties' reasonable contractual expectations, and OHA's performance of its contractual obligations under the agreement.

Topic 6: Information known or reasonably available to OHA concerning its Dispute Resolution Agreement with FamilyCare, executed on December 30, 2016, including but not limited to, the terms of that agreement, the parties' reasonable contractual expectations, and OHA's performance of its contractual obligations under the agreement.

Topic 7: OHA's efforts from January 1, 2015 to present related FamilyCare or to any issues raised in this litigation to: influence, or attempt to influence, legislative action through oral

3-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 24 of 32

or written communication with legislative officials; solicit executive officials or other persons to influence or attempt to influence legislative action; or attempt to obtain the goodwill of legislative officials.

Topic 8: For January 1, 2015 to present, the calculation of the 3.4% rate of growth target and the calculation and reporting of trend reduction targets under Oregon's Section 1115(a) waiver with CMS, and how they relate to, are used in, or effect Medicaid rate setting, and the impact on federal funding resulting from failure to meet trend reduction targets.

Topic 9: All policy or discretionary decisions made by OHA related to the rates for 2017 and 2018 rate years (including, to the extent such rate setting is informed by historical processes, practices or policies, policies or discretionary decisions developed during rate setting for 2015 or 2016, or that were materially different than prior years), in connection with OHA's setting of Medicaid capitation rates that had any material impact on the rates for Coordinated Care Organizations for those rate years, including, but not limited to, OHA's policy or discretionary decisions relating to the calculation of an individual Coordinated Care Organizations "implied rate of growth" and OHA's decision to use a particular dataset or methodology in creating those rates.

Topic 10: OHA's treatment of sub-capitated entities and payment arrangements related to its capitation rate setting for Coordinated Care Organizations from January 1, 2015 to present. For purposes of this topic, "sub-capitated entities and payment arrangements" refers to OHA's policies and practices relating to Coordinated Care Organizations that contract with OHA and are sub-capitated in structure, and includes subcapitation arrangements between entities that are related by virtue of common ownership and/or control.

4-  NOTICE OF VIDEOTAPED DEPOSITION OF
    OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 25 of 32

Topic 11: OHA's communications with CMS relating to FamilyCare or any issue relating to this litigation.

Topic 12: OHA's provision of information to the Oregon legislature about Oregon's Medicaid program, either through public testimony or in-person meetings, from January 1, 2015 to present related to any issue in this litigation.

Topic 13: OHA's decision to hire, and to continue to retain, Schramm Health Partners (dba "Optumas") to perform work related to the development of Oregon's Medicaid capitation rates and for other purposes.

Topic 14: OHA's internal processes for requesting, receiving, compiling, and maintaining data collected from Coordinated Care Organizations for the setting of Oregon's Medicaid Capitation Rates for rate years 2017 and 2018, (including to the extent such rate setting is informed by historical practices or policies, processes developed during rate setting for 2015 or 2016, or that are materially different than prior years).

Topic 15: OHA's policy, procedure and practices related to enrollment and eligibility for the Oregon Health Plan from January 1, 2015 to present.

Topic 16: The impact of any enrollment and/or eligibility errors on the Medicaid capitations rates paid to Oregon Coordinated Care Organizations for rate years 2015 to present, and any actions considered or planned to re-determine rates or otherwise compensate those Organizations for amounts they may have been underpaid as a result of those errors.

Topic 17: OHA's process and methodology for determining the "Preliminary Rate Redetermination Analysis" provided to Oregon Coordinated Care Organizations on December

5- NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 26 of 32

29, 2017, including but not limited to, data and materials considered by OHA in reaching its conclusions stated in the Preliminary Redetermination Analysis.

Topic 18: The Health Plan Services Contract -- Coordinated Care Organization Contract between Oregon Health Authority and FamilyCare, Inc. effective January 1, 2017 and all amendments thereto, and the Personal/Professional Services Contract (contract no. 156471) between the Oregon Health Authority and FamilyCare including but not limited to, the terms of these agreements, OHA's policy and discretionary decisions relating to these agreements and OHA's communications with FamilyCare regarding these agreements.

Topic 19: OHA's process and efforts to review, approve, and pay bills submitted by Optumas to the State for work performed under its contract, and OHA's oversight and supervision of Optumas's performance of its contractual obligations to OHA, including but not limited to its compliance with federal law governing the development of Medicaid capitation rates.

Topic 20: All communications made and actions taken related to Stephen English's June 4, 2018 letter to David Markowitz regarding Optumas Billing Irregularities.

Topic 21: OHA's efforts to collect, preserve, and recover electronic communications, including text messages and instant-message conversations (whether via Skype or a different platform), of relevance or potential relevance to this litigation.

Topic 22: OHA's goals, policies and programs relating to the provision of primary care medical services to Oregon Health Plan members, the impacts of greater investment in primary

6-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 27 of 32

care, and OHA's analysis, if any, of the effect of such investments by any individual Coordinated Care Organization on other types of medical expenditures by that organization.

Topic 23: OHA's goals, policies and programs relating to reducing the amount of inpatient hospital and emergency room services utilized by Oregon Health Plan members, and OHA's analysis, if any, of the utilization of such services by the members of any individual Coordinated Care Organization on other types of medical expenditures by that organization.

Topic 24: OHA's goals, policies and programs relating to the concept of the "global budget" as defined in ORS 414.025(11).

Topic 25: OHA's policies and practices relating to actual or potential conflicts of interest.

Topic 26: OHA's development and implementation of all public relations strategies and plans relating to any issue in this litigation.

Topic 27: OHA's Quarterly Legislative Reports concerning the Oregon Medicaid Program from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response.

Topic 28: OHA's annual Primary Care Spending Reports from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response.

7-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 28 of 32

Topic 29: OHA's quality metrics measurements and the performance of individual Coordinated Care Organizations under those metrics since 2015.

Topic 30: Any analyses OHA has conducted from January 1, 2015 to present relating to FamilyCare's business model and business practices in relation to whether the Medicaid Capitation rates account for all reasonable, appropriate, and attainable costs.

Topic 31:  The circumstances of Lynne Saxton's resignation and Patrick Allen's appointment, including the reason Lynne Saxton, Varsha Chauhan, BethAnne Darby, Courtney Crowell, and Mark Fairbanks left the Oregon Health Authority.

Topic 32: Any analyses OHA has conducted from January 1, 2015 to present regarding the profits of any Coordinated Care Organization, including related party profits.

Topic 33: Any analyses OHA has conducted from January 1, 2015 to present regarding any over or under payments made from OHA to any Coordinated Care Organization, and OHA's communications with CMS regarding any such over or under payments.

Topic 34: OHA's process for review and analysis of CCO financial submissions to OHA. "Financial submissions" include but not are not limited to Exhibit L documents and Minimum Medical Loss Ratio templates.

Topic 35: Any analyses or study OHA has conducted from January 1, 2015 to present regarding CCO members with HIV/AIDS and/or other high-risk members at any CCO (including any comparison of care for such members between CCOs), and OHA's communications with CCOs or CMS about such members or member care.

8-    NOTICE OF VIDEOTAPED DEPOSITION OF
      OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 29 of 32

Topic 36:  Any issue resolution process referred to on OHA's "Medicaid Issues Resolution" webpage, available at https://www.oregon.gov/oha/HSD/OHP/Pages/Medicaid-Issues-Resolution.aspx.

Topic 37: OHA's policy for determining whether CCO financial information, including but not limited to financial submissions to OHA such as Exhibit L documents and Minimum Medical Loss Ratio templates, should be treated as proprietary or trade secret information that is withheld from public disclosure.

Topic 38: The factual information and source of such information supporting OHA's affirmative defenses and counterclaim in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018, paragraphs 162-210.

9-    NOTICE OF VIDEOTAPED DEPOSITION OF
OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 30 of 32

DATED: June 18, 2018                          **PERKINS COIE LLP**


By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Douglas R. Pahl, OSB No. 950476
    DPahl@perkinscoie.com
    Matthew P. Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Alletta S. Brenner
    ABrenner@perkinscoie.com
    Brian Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    Perkins Coie LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    *Attorneys for FamilyCare, Inc.*

10-  NOTICE OF VIDEOTAPED DEPOSITION OF
     OREGON HEALTH AUTHORITY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 2
Page 31 of 32

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2018, I served the foregoing **NOTICE OF**

**VIDEOTAPED DEPOSITION OF OREGON HEALTH AUTHORITY** on the following:

David B. Markowitz
Matthew A. Levin
Renée E. Rothauge
Dallas DeLuca
Harry B. Wilson
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
DavidMarkowitz@MarkowitzHerbold.com
MattLevin@MarkowitzHerbold.com
ReneeRothauge@Markowitzherbold.com
DallasDeLuca@MarkowitzHerbold.com
HarryWilson@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com
Docket@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority*

| X | by **email** |
| X | by **mail** |

DATED:  June ___, 2018

**PERKINS COIE LLP**

By: *s/* _____

Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

*Attorneys for FamilyCare, Inc.*

1- CERTIFICATE OF SERVICE

Exhibit 2
Page 32 of 32