**Topics Chart: Amended Notice of Videotaped Deposition of Oregon Health Authority**

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 20 and 21 | 19 | "OHA's process and efforts to review, approve, and pay bills submitted by Optumas to the State for work performed under its contract."<br><br>"OHA's oversight and supervision of Optumas's performance of its contractual obligations to OHA, including but not limited to its compliance with federal law governing the development of Medicaid capitation rates." | OHA's process and efforts to review, approve, and pay bills submitted by Optumas to the State for work performed under its contract, and OHA's oversight and supervision of Optumas's performance of its contractual obligations to OHA, including but not limited to its compliance with federal law governing the development of Medicaid capitation rates. | Optumas played an important role in developing the rates at issue in the litigation, including the issuance of the federally-required Actuarial Certification Report on the rates.  OHA may argue that any deficiencies in the rate-setting process were due not to its own conduct, but to Optumas's.  FamilyCare must be able to probe OHA's relationship with and oversight of Optumas, which goes to the core issue of the reasonableness of OHA's rate setting procedures.  As explained in FamilyCare's opposition brief, this topic is appropriate and proportional to the needs of the case. |
| 22 | 20 | "All communications made and actions taken related to Stephen English's June 4, 2018 letter to David Markowitz regarding Optumas Billing Irregularities." | Same | As explained above, Optumas plays an important role in the case, and OHA's action or inaction in response to the billing irregularities identified by FamilyCare is highly relevant to questions of bias, credibility, and deficiencies in Optumas's rate-setting work.  To the extent the answers to specific questions on this topic would require OHA to divulge privileged information, FamilyCare would expect counsel to instruct the witness not to answer. |

140675614.1

Exhibit 5
Page 1 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 24 | 22 | "OHA's goals, policies and programs relating to the provision of primary care medical services to Oregon Health Plan members, the impacts of greater investment in primary care, and OHA's analysis, if any, of the effect of such investments by any individual Coordinated Care Organization on other types of medical expenditures by that organization." | Same | The provision of primary care services--including FamilyCare's decision to emphasize primary care services in accordance with OHA statements and directives, is a central issue in the case. *See, e.g.*, Fourth Amended Complaint ¶¶ 15-16.  It is not unreasonable or unduly burdensome to request organizational testimony regarding OHA's goals, policies, programs, and analyses on this discrete topic. |
| 25 | 23 | "OHA's goals, policies and programs relating to reducing the amount of inpatient hospital and emergency room services utilized by Oregon Health Plan members, and OHA's analysis, if any, of the utilization of such services by the members of any individual Coordinated Care Organization on other types of medical expenditures by that organization." | Same | FamilyCare seeks organizational testimony on this discrete topic for the reasons identified above regarding Request No. 22 (previously Request No. 24).  OHA has made no effort to explain how testimony on this discrete topic lacks "outer bounds" or is otherwise improper. |
| 26 | 24 | "OHA's goals, policies and programs relating to the concept of the "global budget" as defined in ORS 414.025(11)." | Same | The "global budget" concept is a critical element of capitation rate setting.  The concept itself is defined by statute and thus is neither "ambiguous" or without "outer bounds." |

140675614.1

Exhibit 5
Page 2 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 27 | 25 | "OHA's policies and practices relating to actual or potential conflicts of interest." | Same | As explained in FamilyCare's opposition brief, this topic seeks information relevant to the issue of bias towards Health Share of Oregon and against FamilyCare, examples of which include the smear campaign's plan to highlight Health Share as the more inclusive and better CCO; and family relationships between employees of OHA and employees of CCOs other than FamilyCare, including Health Share and its subcapitated entities; and OHA's portrayal of reports prepared by Manatt and Lewis & Ellis as "independent" and free from conflicts of interest.  The topic is limited to OHA's policies and practices, making it not overbroad, ambiguous, or otherwise improper.  *See* Opp'n at 4 |
| 30 | 27 | "OHA's Quarterly Legislative Reports concerning the Oregon Medicaid Program from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response." | Same | As explained in FamilyCare's opposition brief, this topic seeks information related to only the four "quarterly" reports prepared during the identified timeline, all of which contain highly relevant information regarding the administration of Oregon's Medicaid program, including disparaging remarks levied against FamilyCare.  *See* Opp'n at 4-5, 6-7.  The topic is appropriately limited in time and scope. |

140675614.1

Exhibit 5

Page 3 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 31 | 28 | "OHA's annual Primary Care Spending Reports from 2015 to present, including but not limited to: OHA's preparation and internal review of the contents of those reports, the factual basis for that content, those reports dissemination to the legislature and general public, and feedback received by OHA in response." | Same | This topic seeks information related to three annual reports that contain highly relevant information regarding primary care spending, which, as noted above, is a key issue in the case. The topic is appropriately limited in time and scope. |
| 32 | 29 | "OHA's quality metrics measurements and the performance of individual Coordinated Care Organizations under those metrics since 2015." | Same | FamilyCare's performance vis-à-vis other Coordinated Care Organizations under OHA's quality metrics measurements is relevant to issues including the quality of FamilyCare's services and the reasonableness of the low capitation rates FamilyCare received. FamilyCare's performance is also relevant to OHA's false claims in the smear campaign and otherwise that FamilyCare was "only concerned about profits." The topic is appropriately limited in time and scope. |

140675614.1

Exhibit 5
Page 4 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 34 | 31 | "The circumstances of Lynne Saxton's resignation and Patrick Allen's appointment, including the reason Lynne Saxton, Varsha Chauhan, BethAnne Darby, Courtney Crowell, and Mark Fairbanks left the Oregon Health Authority." | Same | FamilyCare contends that the former OHA employees in question left OHA because of their participation in efforts to disparage FamilyCare and set inadequate capitation rates for FamilyCare. The topic is appropriately clear and is limited to the named employees in question. Moreover, neither current Director Pat Allen nor other OHA employees deposed to date have testified to the reasons why these individuals have left OHA, despite the Governor's directive to Pat Allen to assess OHA's staff. |
| 35 | 32 | "Any analyses OHA has conducted from January 1, 2015 to present regarding the profits of any Coordinated Care Organization, including related party profits." | Same | FamilyCare contends that the capitation rates set by OHA were improper and actuarially unsound due in part to OHA's treatment of related party profits, which impacted, among other things, FamilyCare's capitation rates as compared to those of Health Share of Oregon. This topic also relates to OHA's smear campaign, which portrayed FamilyCare as an "outlier" that was only concerned about profits, including via inaccurate and misleading comparisons of CCO profits contained in the Quarterly Legislative Reports and other CCO financial comparisons prepared and released by OHA. The topic is appropriately narrow as it seeks testimony regarding only analyses conducted by OHA on this issue since 2015. |

140675614.1

Exhibit 5
Page 5 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 36 | 33 | "Any analyses OHA has conducted from January 1, 2015 to present regarding any over or under payments made from OHA to any Coordinated Care Organization, and OHA's communications with CMS regarding any such over or under payments." | Same | This topic seeks highly relevant information that goes to the heart of OHA's counterclaim for recoupment of amounts purportedly overpaid to FamilyCare.  The requested testimony is also relevant to how rates were set in the first place by OHA and Optumas, including the use of incorrect or inaccurate data in the rate-setting process, as set forth in FamilyCare's Fourth Amended Complaint. The topic is appropriately narrow as it seeks testimony regarding only analyses and communications with CMS on this issue since 2015. |
| 37 | 34 | "OHA's process for review and analysis of CCO financial submissions to OHA. "Financial submissions" include but not are not limited to Exhibit L documents and Minimum Medical Loss Ratio templates." | Same | Capitation-rate setting is based largely on data furnished via a CCO's financial submissions to OHA. This narrow topic seeks testimony regarding OHA's process for reviewing and analyzing these submissions.  The term "financial submissions" is not ambiguous or unclear to OHA as it is comprised of the financial documents submitted by CCOs pursuant to their contracts with OHA or in response to requests by OHA, including the examples identified in the topic itself. |

140675614.1

Exhibit 5

Page 6 of 7

| 3-Jul | 19-Jul | Text of Topic (July 3) | Text of Revised Topic (July 19) | Basis for Topic |
|---|---|---|---|---|
| 41-55 | 38 | Topics calling for "all facts and evidence" supporting OHA's affirmative defenses and counterclaims. These are topics 41-55 in the July 3 Notice; they are combined into a single topic, topic 38, in the July 19 Notice. | "The factual information and source of such information supporting OHA's affirmative defenses and counterclaim in OHA's Answer to Fourth Amended Complaint, Affirmative Defenses, and Counterclaim dated June 25, 2018, paragraphs 162-210." | As detailed in FamilyCare's opposition brief, this topic is appropriate and represents one of FamilyCare's only opportunities to understand the factual basis for the affirmative defenses and counterclaim first asserted by OHA on June 25, 2018.  *See* Opp'n at 8-10. |

140675614.1

Exhibit 5
Page 7 of 7