**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | |
| Defendants. | |

**DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH
AUTHORITY'S FIRST COUNTERCLAIM**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT.................................................................................................................. 1

I.      Standard for motion to dismiss for failure to state a claim.................................. 1

II.     OHA'S counterclaim plainly states a claim for declaratory judgment. ............... 2

      A.      To plead a claim for declaratory judgment, OHA must allege an actual
            controversy with FamilyCare that is ripe for adjudication. ................................... 2

      B.      OHA seeks declaratory judgment to resolve a live, actual dispute with
            FamilyCare regarding whether the Settlement Agreement prevents
            OHA from recouping Dual Eligible Overpayments from FamilyCare................... 3

      C.      The motion to dismiss fails to establish that OHA's counterclaim is
            unripe. ................................................................................................................... 4

III.    CONCLUSION........................................................................................................ 7

## TABLE OF AUTHORITIES

Page

Cases

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009)...................................................................................................1

*Daniels–Hall v. Nat'l Educ. Ass'n*
  629 F.3d 992 (9th Cir. 2010) ...................................................................................1

*In re Easysaver Rewards Litig.*
  737 F. Supp. 2d 1159 (S.D. Cal. 2010)...................................................................2

*McGraw-Edison Co. v. Preformed Line Products Co.*
  362 F.2d 339 (9th. Cir. 1966) ..................................................................................2

*Moss v. United States Secret Serv.*
  572 F.3d 962 (9th Cir. 2009) ...................................................................................1

*Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*
  815 F.2d 562 (9th Cir. 1987) ................................................................................3, 6

*Principal Life Ins. Co. v. Robinson*
  394 F.3d 665 (9th Cir. 2005) ................................................................................2, 6

*Rich v. Wells Fargo Bank, NA*
  No. 1:14-CV-00393-PA, 2014 WL 5324303 (D. Or. Oct. 17, 2014) .....................6

*Scheuer v. Rhodes*
  416 U.S. 232 (1974)..................................................................................................1

*State Farm Fire & Cas. Co. v. Meritage Homeowners' Ass'n*
  No. 3:14-CV-01623-JE, 2015 WL 1490307 (D. Or. Apr. 1, 2015)........................6

*Westlands Water Dist. v. U.S., Dep't of Interior, Bureau of Reclamation*
  805 F. Supp. 1503 (E.D. Cal. 1992),
  *aff'd sub nom. Westlands Water Dist. v. Firebaugh Canal*
  10 F.3d 667 (9th Cir. 1993) .....................................................................................2

Statutes and Other Authorities

28 U.S.C. § 2201(a) .........................................................................................................2

**INTRODUCTION**

FamilyCare Inc.'s ("FamilyCare") motion to dismiss Oregon Health Authority's ("OHA") counterclaim for lack of ripeness should be denied.  In years 2014 through 2018, all CCOs under contracts with OHA, including FamilyCare, received funds to which they were not entitled, for care of members who were eligible for Medicare coverage in addition to Medicaid coverage under the OHP (the "Dual Eligible Overpayments"). All CCO contracts, including FamilyCare's, expressly authorize OHA to recoup these types of overpayments. Nonetheless, FamilyCare has indicated that it would likely file a lawsuit against OHA if OHA attempts to recoup *any* overpayments from FamilyCare on the basis that the parties' May 2016 settlement agreement ("Settlement Agreement") prevents OHA from recouping any amount.

The counterclaim plainly presents a live dispute that has a direct, present impact on the parties' ongoing conduct—namely, whether the Settlement Agreement completely prevents OHA from recouping any amount whatsoever in overpayments made in error to FamilyCare for years 2015 and 2016.  Put simply, the counterclaim alleges that OHA wants to take action *now* that FamilyCare says OHA may not legally take *now*, and a decision from this Court will resolve this concrete and present dispute with finality.

**ARGUMENT**

I.  **Standard for motion to dismiss for failure to state a claim.**

On a motion to dismiss for failure to state a claim, the Court must review the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true.  *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).  A claim has facial plausibility when it pleads "factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Page 1 -  DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

**II.    OHA'S counterclaim plainly states a claim for declaratory judgment.**

    **A.    To plead a claim for declaratory judgment, OHA must allege an actual controversy with FamilyCare that is ripe for adjudication.**

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a).  "The purpose of the Declaratory Judgment Act is to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof *without having to wait until his adversary should decide to bring suit*, and to act at his peril in the interim."  *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th. Cir. 1966) (internal quotation marks omitted; emphasis added).  The requirement that a case or controversy exist under the Declaratory Judgment Act is identical to Article III's constitutional case or controversy requirement— namely, "whether there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 671 (9th Cir. 2005) (internal citation omitted).

Moreover, it is well-established that declaratory judgment is a proper vehicle for seeking interpretation of a contract.  *See, e.g., Westlands Water Dist. v. U.S., Dep't of Interior, Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992), *aff'd sub nom. Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667 (9th Cir. 1993) ("A party to a written contract may properly seek an interpretation by means of a declaratory judgment."); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1175 (S.D. Cal. 2010) (accord).

The Ninth Circuit has held that a district court should exercise its discretion to enter a declaratory judgment when the requested relief will settle a dispute over the meaning of a contract and serve a useful purpose in clarifying the parties' ongoing legal relations.  *See Principal*, 394 F.3d at 671 (remanding for district court to resolve dispute over a rent recalculation provision because dispute was not abstract or hypothetical but was rather "a typical contract dispute" under which the parties' interests were clearly adverse and a decision from the

**Page 2 -    DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

court would be useful to the parties); *see also Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 566 (9th Cir. 1987) (holding that basketball league could seek declaratory judgment as to legality of sanctions under league constitution against team for moving territories before issuing sanctions).

**B.      OHA seeks declaratory judgment to resolve a live, actual dispute with FamilyCare regarding whether the Settlement Agreement prevents OHA from recouping Dual Eligible Overpayments from FamilyCare.**

OHA's counterclaim for declaratory judgment presents a live dispute that has a direct, present impact on the parties' ongoing legal relations, and a decision from this Court will resolve the dispute with finality.

By way of background, the counterclaim alleges that all CCO contracts, including FamilyCare's, provide different capitation rates for different eligibility categories of Oregon Health Plan ("OHP") members ("Categories of Aid").  ECF# 115 at ¶ 199.  In years 2014, 2015, 2016, 2017 and 2018, all CCOs under contracts with OHA, including FamilyCare, were overpaid at an incorrect, more expensive Category of Aid for OHP members who were eligible for Medicare coverage in addition to Medicaid coverage under the OHP (the "Dual Eligible Overpayments").  *Id.*  CCOs receive a lower capitation rate for their dual eligible members, because dual eligible members are in a different Category of Aid.  *Id.*  All CCO contracts, including FamilyCare's, expressly authorize OHA to recoup these types of overpayments from the CCOs:

> "Any payments received by Contractor from OHA under this Contract, and any other payments received by Contractor from OHA, or any other source to which Contractor is not entitled under the terms of this Contract shall be considered an overpayment and may be recovered by OHA from Contractor."

*Id.* at ¶ 201.  OHA is now working to recoup Dual Eligible Overpayments from all CCOs, including FamilyCare.  *Id.* at ¶ 199.

But FamilyCare has told OHA that the Settlement Agreement categorically prevents OHA from recouping *any* Dual Eligible Overpayments for 2015 and 2016 from FamilyCare.  *See*

**Page 3 -   DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

*id.* at ¶ 202 (alleging that "FamilyCare has told OHA and its counsel that the Settlement Agreement prevents OHA from recouping *any* overpayments paid to in 2015 and 2016 because of the Dual Eligible Overpayment" (emphasis added)).  And the counterclaim specifically alleges that "[t]hrough counsel, FamilyCare has indicated that it would likely file a lawsuit against OHA if OHA attempts to recoup such overpayments from FamilyCare."  *Id.*  FamilyCare's own position, that there is no permissible recoupment of any amount, has rendered this dispute ripe for decision.  These allegations present the epitome of a justiciable controversy.

## C.      The motion to dismiss fails to establish that OHA's counterclaim is unripe.

In trying to argue that the counterclaim is premature, FamilyCare: (1) ignores material allegations in the counterclaim; (2) inserts "facts" outside those pleaded and mischaracterizes the actual allegations; and (3) relies on inapposite cases.

Notably, FamilyCare does not address the allegation (which must be taken as true for purposes of FamilyCare's motion) that its counsel communicated to OHA's counsel that FamilyCare would likely file a lawsuit if OHA attempted to collect Dual Eligible Recoupments for 2015 and 2016.  ECF# 115 at ¶ 202.  Instead, FamilyCare contends that the counterclaim is premature because it does not allege: (1) "specific calculations"; (2) that OHA has made a demand for payment; or (3) that FamilyCare has refused such demand.  ECF# 130 at pp. 1 & 6.

The absence of such allegations, however, does not make the counterclaim unripe.  The counterclaim makes clear that FamilyCare has told OHA that it may not make *any* demand for *any* amount for repayment of Dual Eligible Overpayments because any such demand is barred by the Settlement Agreement.  ECF# 115 at ¶ 202.  The *amount* of the Dual Eligible Recoupments is entirely irrelevant to the concrete and present dispute of whether the Settlement Agreement precludes recoupments for Dual Eligible Overpayments for 2015 and 2016 *at all*.

///

///

///

///

**Page 4 -   DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S
            OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON
            HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

FamilyCare's motion to dismiss also inserts facts that are not pleaded[1] and mischaracterizes the plain allegations in the counterclaim. For example, FamilyCare contends that the counterclaim "recites a number of allegations describing negotiations between the parties" and contains only "allegations of parties taking contrary positions at mid-point in their discussions." ECF# 130 at pp. 5 & 10. But the counterclaim does not in any way allege that there are any ongoing "negotiations" or that the parties are at any "mid-point in their discussions."

Even if there were any ongoing negotiations or discussions, FamilyCare's argument would only serve to further show *why* OHA needs this Court to declare the effect of the Settlement Agreement on OHA's contract right to recoup Dual Eligible Overpayments. A declaratory judgment will serve a useful purpose in clarifying the legal relations between the parties with respect to their ongoing conduct. *See* ECF# 115 at ¶ 206 ("OHA brings this action to obtain clarity and finality regarding the effect Settlement Agreement on OHA's right to recover overpayments made to FamilyCare for which OHA is entitled to recoup from FamilyCare pursuant to the Contract."). It is reasonable to infer from the well-pleaded allegations, that OHA seeks a declaration regarding the effect of the Settlement Agreement so that FamilyCare cannot use its contrary interpretation as leverage during the recoupment process

---

[1] FamilyCare cites other facts not present in the counterclaim regarding OHA's *correct* position in state court proceedings regarding the effect of the Settlement Agreement on claims that relate to FamilyCare's 2015 and 2016 capitation rates. *See* ECF# 130 at pp. 6-7 (asserting that OHA has contended in response to a motion to compel that the Settlement Agreement precludes FamilyCare from challenging the methodology that OHA used to develop 2015 capitation rates). While true, these facts are not present in the counterclaim and it was inappropriate for FamilyCare to include them in its motion to dismiss for failure to state a claim.

In any event, as explained in the counterclaim and in OHA's pending motion for summary judgment, the Settlement Agreement precludes only claims that relate to FamilyCare's *capitation rates* for 2015 and 2016. The Settlement Agreement does not preclude the Dual Eligible Recoupments for 2015 and 2016 because such recoupments *have no bearing* on FamilyCare's (or any other CCOs') *capitation rates*. *See* ECF# 115 at ¶ 205 (alleging that "Correcting the Category of Aid a CCO receives for an OHP member does not alter the capitation rates in the CCOs' contract" and that "[t]he Dual Eligible Overpayment does not alter the 2015 and 2016 rates for which the Settlement Agreement provided"); ECF# 149 at pp. 37-40 (providing admissible, direct evidence of same).

**Page 5 -   DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

and also to avoid unnecessary work if that FamilyCare's interpretation of that agreement turns out to be correct.

Finally, the cases FamilyCare cites are inapposite. FamilyCare cites *Rich v. Wells Fargo Bank, NA*, No. 1:14-CV-00393-PA, 2014 WL 5324303 at *1-2 (D. Or. Oct. 17, 2014), and other similar cases, for the proposition that the counterclaim is not ripe. But *Rich* is expressly limited to the foreclosure context. *See id.* ("In the foreclosure context, courts in this district have held that in the absence of a pending foreclosure proceeding, there is no case or controversy, and declaratory relief is inappropriate."). OHA's counterclaim is not in the foreclosure context. Instead, it presents the type of typical contract dispute that the Ninth Circuit has held district courts should exercise their discretion to adjudicate where a declaratory judgment will be useful to the parties' ongoing adverse legal relations. *See Principal*, 394 F.3d at 671; *Nat'l Basketball Ass'n*, 815 F.2d at 566.

*State Farm Fire & Cas. Co. v. Meritage Homeowners' Ass'n,* No. 3:14-CV-01623-JE, 2015 WL 1490307 (D. Or. Apr. 1, 2015), also does not help FamilyCare. There, the court dismissed the declaratory judgment claim because it simply sought confirmation of an arbitration award that had already been resolved by the court's order confirming the award and the claim did not allege that the defendant had contested, disregarded, or threatened to seek to set aside the arbitrator's decision. *Id.* at **1, 4. Here, as noted above, OHA's counterclaim alleges that FamilyCare contests OHA's right to recoup any Dual Eligible Overpayments for 2015 and 2016 and that FamilyCare has communicated that it would likely sue OHA if it attempted such recoupments.

///

///

///

///

///

///

**Page 6 -    DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**

## III.    CONCLUSION

For the reasons set forth above, OHA respectfully asks that the Court deny FamilyCare's motion to dismiss.

DATED this 30th day of July 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    */s/ Matthew A. Levin*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

764257

**Page 7 -    DEFENDANTS OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM**