**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

    Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DATABASE** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | **Oral Argument Requested** |
| Defendants. | |

**Page 1 -**  **OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DATABASE**

## L.R. 7-1 COMPLIANCE

Pursuant to Local Rule 7-1, counsel for Oregon Health Authority ("OHA") certifies that the parties made a good faith effort to resolve the dispute and have been unable to do so.

## MOTIONS

Pursuant to Federal Rule of Civil Procedure 37(a)(1), OHA moves the Court to compel FamilyCare to produce its database of claims made by FamilyCare's providers from January 1, 2015 to present.

## MEMORANDUM IN SUPPORT OF MOTION

I.    **This Court should compel FamilyCare to produce its claims database because this database is necessary to assess FamilyCare's allegations that OHA relied on "erroneous" data in setting the rates.**

Throughout its complaint, FamilyCare asserts that OHA relied on "erroneous" data riddled with "mistakes" and "errors" to arrive at actuarially unsound rates.  (Dkt. 111 (Fourth Amended Complaint ("Compl.")) ¶¶ 4, 59, 67-71, 73, 75, 78, 79, 83, 84, 119, 120, 151, 152, 153).  FamilyCare bases these allegations, in part, on alleged discrepancies between data maintained by OHA and the data maintained by FamilyCare through its third-party vendor. (*Compare* Compl. ¶ 24 (complaining of discrepancies in enrollment data) *with* Levin Decl., Ex. 1 (January 2017 FamilyCare External Quality Review Report) at 21 (identifying FamilyCare's database as the source of the discrepancies in enrollment data)).  But FamilyCare refuses to produce the data.  OHA must be given access to FamilyCare's purportedly superior dataset to evaluate FamilyCare's allegations that the data used by OHA were "erroneous."

A.    **Background**

In its Fourth Amended Complaint, FamilyCare alleges that OHA used error-ridden data to arrive at actuarially unsound rates.  (Compl. ¶¶ 4, 59, 67-71, 73, 75, 78, 79, 83, 84, 119, 120, 151, 152, 153).  On FamilyCare's behalf, a third-party vendor compiles data from FamilyCare's

**Page 2 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION
           OF DATABASE**

healthcare providers and intermediary clearinghouses. (Levin Decl., Ex. 1 at 14).[1]  The data within this database includes "encounter data," "claims data," and "enrollment data."  (*Id.* at 14, 21).  Encounter data is data regarding providers' encounters with enrollees.  (*Id.* at 13).  Claims data is data used by FamilyCare in authorizing payments for claims.  (*Id.* at 15).  Enrollment data is data containing the demographic and eligibility information for individual Oregon Health Plan members.  (*Id.* at 21-22).  FamilyCare accesses this database to make authorization decisions regarding individual claims.  (*Id.* at 14).  This database constitutes the world of data submitted by healthcare providers to FamilyCare so that FamilyCare can decide whether to approve or deny individual claims.  (*Id.*).  FamilyCare also receives an updated copy of the entire database every night, which FamilyCare uses to update its own internal data. (*Id.* at 14-15).  As part of the rate-setting process, FamilyCare's third party vendor submits encounter data to OHA.  (*Id.* at 14-15).

On January 12, 2018, OHA served FamilyCare with requests for production seeking the data contained within this database.  In particular, OHA requested all documents related to preapprovals, denials, authorizations, appeals, or referrals of FamilyCare's members' claims. (Levin Decl., Ex. 2 (Def's Fifth Req for Prod of Documents to Plaintiff) at RFPs 162, 167, 168). OHA also requested production of enrollment data and payments to and from providers.  (*Id.* at RFPs 164-66).  After lodging boilerplate objections, FamilyCare agreed to produce documents responsive to each of these requests.  (Levin Decl., Ex. 3 (Plaintiff's Response to Fifth Set of Reqs for Production) at RFPs 162-68).  In later conferrals, FamilyCare changed its position and has refused to produce the database or even disclose the fields contained within the database so that OHA can determine what data FamilyCare is withholding.  (Levin Decl. at ¶ 2).

---

[1] For the avoidance of doubt, in this motion, OHA seeks all data contained within the "Community Integration Manager" system maintained by FamilyCare's third-party vendor, on FamilyCare's behalf.

**Page 3 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION
              OF DATABASE**

**B.**    **OHA is entitled to review FamilyCare's database to determine for itself the source of FamilyCare's alleged data errors.**

FamilyCare asserts OHA relied on "erroneous" data riddled with "mistakes" and "errors" when computing the actuarial rates.  If FamilyCare has a source of data that it claims is *not* "erroneous," OHA is entitled to receive that data in discovery to evaluate and defend against FamilyCare's claims.  One source of "erroneous data" that FamilyCare identifies in its Complaint is a discrepancy between "certain figures provided by OHA regarding enrollment in the Oregon Health Plan" and "FamilyCare's *own* enrollment data."  (Compl. ¶ 24) (emphasis added).  Federal law requires states to conduct annual external quality reviews of CCOs.  (*See* Levin Decl., Ex. 1 at 6.)  These third-party reviews include assessment of the performance of each CCO's information systems, data processing, and reporting procedures.  (*Id.*)  FamilyCare's 2016 external quality review identified discrepancies between enrollment data maintained by a third-party vendor on FamilyCare's behalf and OHA's data.  (*See* Levin Decl., Ex. 1 at 21 (stating that "some information in [FamilyCare's third-party vendor's data] . . . does not always match the raw 834 data received from OHA")).  FamilyCare told the third-party reviewer that its own vendor's data was the source of the discrepancy.  (Levin Decl., Ex. 1 at 21 ("FamilyCare indicated they have concerns with the quality of the enrollment data stored in [the vendor's database]")).  FamilyCare alleges a discrepancy in the Complaint as a basis for liability, and further alleges in the Complaint that it has access to its own, different, data.  OHA is entitled to review the underlying database and evaluate for itself the source of any discrepancy.

Also, the external quality review stated that FamilyCare did not submit any zero-dollar or low-dollar value claims to OHA on behalf of FamilyCare.  (*See* Levin Decl., Ex. 1 at 20).  OHA needs access to the complete database, which is apparently the only record of those zero-dollar

**Page 4 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DATABASE**

and low-dollar value claims, to see if the costs associated with these claims created the "errors" and "mistakes" in data.

Further, FamilyCare's actual medical expenditures as shown in its financial disclosures differ from the expenditures shown in the encounter data used by OHA in the rate-setting process. (Hallum Decl. at ¶ 3). FamilyCare maintains its own database of encounter data, and now alleges that the data maintained by OHA is "riddled with errors." FamilyCare alleges throughout its Complaint that OHA failed to provide capitation rates necessary to cover the cost of its medical expenditures. (*See, e.g.*, Compl. ¶¶ 97, 98, 100). Again, access to the full database is important to understanding why FamilyCare's financial disclosures differ from the encounter data used by OHA. (Hallum Decl. at ¶ 4).

Finally, the external quality review in 2016 showed that FamilyCare failed to develop the processes necessary to "ensure the completeness, accuracy and truthfulness" of the encounter data its vendor submitted to OHA. (*See* Levin Decl., Ex. 1 at 20). Thus, FamilyCare may be the source of the "erroneous" data that FamilyCare alleges in its complaint. OHA is entitled to review the full database to assess the accuracy of data submitted to OHA and evaluate discrepancies between data within the database and other data held by OHA.

**C.      This Court's earlier denial of a similar motion to compel is not dispositive.**

Although this Court denied a similar motion to compel earlier in this litigation, recent developments underscore OHA's current need for this information. Since this Court's denial of OHA's previous motion, FamilyCare has amended its Complaint to add a First Amendment claim against OHA, which doubles down on FamilyCare's allegations regarding data errors. In that claim, FamilyCare alleges that OHA retaliated against FamilyCare by "refusing to correct known errors in data." (Compl. ¶ 84). As discussed above, the only "known error[]" that FamilyCare describes in its Complaint is a discrepancy between OHA's enrollment data and

**Page 5 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION
             OF DATABASE**

FamilyCare's "own" enrollment data, which is contained in the database. (Compl. ¶ 84). Thus, even if the burden of producing FamilyCare's database outweighed its relevance in defending against FamilyCare's earlier, generalized attacks on the rate-setting process, the database is crucial now because FamilyCare asserts a freestanding cause of action based on OHA's alleged failure to resolve discrepancies between the database and the data used in the rate-setting process.

Further, this Court denied OHA's initial motion *before* OHA filed its responsive pleading. In doing so, this Court made clear that the denial was without prejudice to any future motion made after OHA filed its responsive pleading. (Levin Decl., Ex. 4 (Trans of 4/6/18 Hearing) at 10:11-15 ("in the absence of counterclaims or defenses, it does limit sort of the circumference of what's potentially relevant just to the claims in the complaint. And that may have an impact that would be different if we were examining this -- the same discovery issues later.")). OHA has now filed its responsive pleading and denied FamilyCare's allegations regarding data errors generally, and errors in the enrollment data in particular. (Dkt. 115 (Answer to Fourth Amended Compl) ¶¶ 4, 24, 59, 67, 68, 69, 70). Thus, OHA must be given access to FamilyCare's claims database to assess FamilyCare's attacks on the quality of OHA's data, which is now even more of a disputed issue between the parties.

Finally, in resisting discovery of its database, FamilyCare relied on a declaration from its COO declaring that the only data contained in the database that was not already disclosed to OHA was irrelevant information "such as additional demographic information about providers." (Dkt. 34 ¶ 5). Subsequent discovery has revealed this statement to be false. FamilyCare's database contains additional information such as member enrollment data, encounter data not

**Page 6 -  OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DATABASE**

submitted to OHA, and additional claims data that is relevant to assessing FamilyCare's allegations that the data relied upon by OHA was erroneous.  (Levin Decl., Ex. 1 at 20-21).

### CONCLUSION

This Court should grant OHA's motion to compel.

DATED this 31st day of July, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:     */s/ Laura Salerno Owens*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

763675

**Page 7 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DATABASE**