Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON<br><br>　　　　　　Defendants. | No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER (ECF 145)<br><br>ORAL ARGUMENT REQUESTED |

FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ......................................................................................... 1

II.    LEGAL STANDARD.................................................................................... 1

III.   ARGUMENT ................................................................................................ 3

    a.    The General Ledger does not contain the type of information OHA
       appears to be seeking. ...................................................................... 3

    b.    OHA incorrectly states and underestimates the information the Trial
       Balances provide. .............................................................................. 4

    c.    In addition to the Trial Balances, FamilyCare produced extensive
       accounting documents sufficient to show FamilyCare's money
       management. ...................................................................................... 6

IV.    CONCLUSION........................................................................................... 10

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

i-    TABLE OF CONTENTS

140678968.6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Acosta v. Austin Elec. Servs. LLC*,
    324 F.R.D. 210 (D. Ariz. 2017) ................................................................................2

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    No. CV 14-2464 RSWL (SSx), 2014 WL 12561077, at *2 (C.D. Cal. Dec. 4,
    2013) .........................................................................................................................2

*Bricklayers & Allied Craftworkers Local 2, Albany, New York Pension Fund ex
    rel O'Sick v. Focus One Const. Corp.*,
    No. CIV 10:8-CV-33 GLS/RFT, 2009 WL 1347176, at *2 (N.D.N.Y. May 13,
    2009) .........................................................................................................................2

*Frieri v. Sysco Corp.*,
    No. 3:16-CV-01432-JLS-NLS, 2017 WL 3387713 (S.D. Cal. Aug. 4, 2017) ..........................1

*S. New Eng. Tel. Co. v. Glb. NAPs, Inc.*,
    251 F.R.D. 82 (D. Conn. 2008)................................................................................2

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987) ...................................................................................1

RULES

Fed. R. Civ. P. 26.........................................................................................................1, 10

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

ii-    TABLE OF AUTHORITIES

140678968

## I.    INTRODUCTION

The parties have engaged in extensive discovery in this litigation.  Specifically, Plaintiff, FamilyCare Inc. ("FamilyCare") has provided approximately 6,448 responsive financial documents to defendants Oregon Health Authority and Patrick Allen (collectively "OHA").  Nonetheless, OHA asserts they require FamilyCare's General Ledger to analyze its complete financial circumstances.  This assertion is unfounded.  The General Ledger does not contain information that would yield any meaningful data regarding provider payments or detailed financial transactions.  Moreover, FamilyCare has already provided OHA with sufficient documents for OHA to address FamilyCare's lawsuit and evaluate FamilyCare's claim for damages.  OHA's Motion should be denied.

## II.    LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the parties' relative access to relevant information. . ." Fed. R. Civ. P. 26(b)(1).  While the standard of what is discoverable is liberal, it is not without limit.  *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987) (affirming denial of motion to compel where discovery requests were "unnecessarily burdensome and overly broad.").  A court "must limit the frequency or extent of discovery otherwise allowed" if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(C).  OHA's request for production of the General Ledger is the sort of "wasteful discovery" disallowed under Rule 26.  *Frieri v. Sysco Corp.*, No. 3:16-CV-01432-JLS-NLS, 2017 WL 3387713, at *9 (S.D. Cal. Aug. 4, 2017) ("Discovery and Rule 26 is intended to provide parties with efficient access to what is needed and to prove a

1-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

140678968

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

claim or defense, but eliminate unnecessary or wasteful discovery.") (internal quotations omitted).

Here, OHA's Motion should be denied because production of the General Ledger is unreasonably cumulative and duplicative of previous requests, and FamilyCare and OHA already provided the information contained therein.  FamilyCare has already produced voluminous financial documents in this litigation.  As detailed in Part III *infra*, these documents are sufficient for OHA's analysis, and production of FamilyCare's General Ledger is unnecessary.  *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, No. CV 14-2464 RSWL (SSx), 2014 WL 12561077, at *2 (C.D. Cal. Dec. 4, 2013) (denying motion to compel production of a general ledger, explaining that "the documents ordered produced above [documentation underlying defendant's revenue and expense statements] should be sufficient" for plaintiff to calculate profitability of infringing products in copyright case).

The cases cited by OHA regarding disclosure of general ledgers are distinguishable from the circumstances here.  OHA relies on a number of cases where a party failed to comply with a previous discovery order, or where a party was seeking production of a number of financial documents as well as a general ledger.  *See S. New Eng. Tel. Co. v. Glb. NAPs, Inc.*, 251 F.R.D. 82, 86–87 (D. Conn. 2008) (defendant had failed over the course of two years to comply with the district court's discovery order); *Bricklayers & Allied Craftworkers Local 2, Albany, New York Pension Fund ex rel O'Sick v. Focus One Const. Corp.*, No. CIV 10:8-CV-33 GLS/RFT, 2009 WL 1347176, at *2 (N.D.N.Y. May 13, 2009) (defendants failed to comply with the court's Discovery Order to produce a number of financial records including a general ledger); *Acosta v. Austin Elec. Servs. LLC*, 324 F.R.D. 210, 212 (D. Ariz. 2017) (defendants mischaracterize court's prior order in apparent attempt to not produce general ledger).  Here, where FamilyCare has fulfilled its obligations in producing a substantial number of financial documents, and where

2-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

the financial documents produced are sufficient for OHA's analysis, production of the General Ledger would be unreasonable surplusage.

Finally, the fact that OHA waited until nearly the last week of discovery to file this Motion further demonstrates that the Motion should be denied. The first complaint in this action was filed on February 27, 2017. FamilyCare has produced approximately 93,865 documents. Before being removed to Federal Court, the parties were set to go to trial in February, 2018, nearly six months ago. Despite this, OHA has waited until eleven days before the close of discovery (where the discovery deadline had already been extended) to file this Motion.

## III.    ARGUMENT

### a.    The General Ledger does not contain the type of information OHA appears to be seeking.

The General Ledger only provides high-level aggregated data. It does not provide claim provider payment detail in the account activity. These types of transactions, along with others (Payroll, Fixed Assets, etc.) are summarized from the sub-ledger systems and posted in aggregate to the General Ledger. Providing the General Ledger would not yield any meaningful data regarding provider payments. *See* Declaration of Anthony Jackson in Support of FamilyCare's Response to OHA's Motion to Compel Production of General Ledger ("Jackson Decl."), ¶ 4.

OHA asserts (Mot. at 5) that Bill Guest, FamilyCare's Vice President of Provider Network Services, testified in his deposition that "the General Ledger is the only source for crucial information regarding bonus payments of physicians." However, OHA omits a crucial part of Mr. Guest's testimony. Mere seconds later, in the same answer OHA quoted in their motion, Mr. Guest explains that he lacked knowledge related to the General Ledger:

> Q. So, in order to determine whether FamilyCare made bonus payments that you didn't specifically approve of, you would have to look at the General Ledger to know whether that happened?
>
> A. Yes. **I don't know what subaccounts they use with their chart of accounts looked like. I don't know. I see the word "bonus" here on two of these, but not all of them, to do a**

3-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

> **search for them. I have no idea how their system -- I did not have an account or access to the General Ledger system.**

*See* Declaration of Laura Segal in Support of FamilyCare's Response to OHA's Motion to Compel Production of General Ledger ("Segal Decl."), Ex. 1 at 255:3–12. (emphasis added)

Mr. Guest's responses show that he did not have access to the General Ledger, and was not fully aware of its contents.

On the other hand, when Anthony Jackson, FamilyCare's Controller, was asked if the General Ledger could be used to "figure out what the cash flows looked like into different asset accounts" he responded, "[n]ot in a meaningful way.  So investments are booked to the General Ledger in a summarized transaction.  It wouldn't -- that wouldn't help you."  Segal Decl., Ex. 2 at 61:14–20.  Therefore, OHA's reliance on Mr. Guest's testimony that the General Ledger is the only complete source for information is unfounded.  By contrast, numerous other financial records previously produced to OHA are more than sufficient for OHA to make the analyses they say they need.

### b.  OHA incorrectly states and underestimates the information the Trial Balances provide.

OHA argues that they need information regarding FamilyCare's expenses and how those expenses were categorized to analyze the precise nature of FamilyCare's costs.  *See* Declaration of Serena Morones in Support of Patrick Allen and Oregon Health Authority's Motion to Compel Production of General Ledger ("Morones Declaration"), ¶ 3.  OHA acknowledges that FamilyCare produced its Trial Balances, but does not correctly explain what these balances include.

The first sentence of Paragraph I.B.1 of the Motion incorrectly implies that the Trial Balance does not include all accounts (*i.e.*, the reference to "broad categories of accounts").  However, the Trial Balance provides a comprehensive summary of all of FamilyCare's operating costs as of December 31 of each year and includes in detail all of FamilyCare's expenses, how FamilyCare categorizes those expenses, and how those expenses vary over time.  Jackson Decl.,

4- FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

¶ 5. The FamilyCare Trial Balance exhibit (Exhibit 2 to OHA's Motion) is itself six pages long and lists some 245 different accounts. *Id.*, ¶ 6. This level of accounting detail is more than sufficient to determine whether FamilyCare's costs are "reasonable, appropriate and attainable." *Id.*

Paragraph I.B.1 of the Motion cites three accounts on the Trial Balance and states that the "trial balance does not provide any information on how those huge sums were divided and allocated." This statement is incorrect and ignores the basic accounting principal of double entry accounting. Double-entry bookkeeping is a system so named because every entry to an account requires a corresponding and opposite entry to a different account. *Id.* at ¶ 7. The accounts cited by OHA in this paragraph are "balance sheet" accounts, the first two of which are simply bank accounts that FamilyCare maintains ("FCI Claims 4502" is the bank account used for claims payments and "FCI General 7711" is the bank account used for other payments); and the third account cited is FamilyCare's accounts payable account, which is the balance of any unpaid bills/invoices that FamilyCare has received as of the date of the Trial Balance. *Id.* Under double entry accounting principal, any amounts that run through these accounts must be "offset" by a corresponding amount to another account on the Trial Balance. *Id.*

The suggestion that the Trial Balance "does not provide any information on how those huge sums were divided and allocated" is not correct. In fact, the Trial Balance includes all information about "how the huge sums were divided and allocated." The money that flows in and out of the cash accounts, like the two mentioned by OHA in this paragraph, must be reflected somewhere else on the Trial Balance. For example, amounts paid for employee payroll would be disbursed from a cash account (as an accounting "credit" to cash) and then reflected as payroll expense (as an accounting "debit"). *Id.*

Paragraph I.B.2 of the Motion references the Morones Declaration, in which she states, "determining the reason for FamilyCare going out of business requires looking at the company's

5- FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

expense structure, including how expenses were categorized and how expenses in each category, or to a particular vendor, varied over time." As noted above, the Trial Balances that FamilyCare has produced include all expenses and exactly how FamilyCare has categorized its expenses. *Id.* The multiple Trial Balances supplied by FamilyCare demonstrate how expenses in each category varied over time. Ms. Morones goes on to assert a need for individual transaction level detail to determine if costs were reasonable. This would be like needing to know how many pens, pencils, reams of paper, tape, etc. were purchased in assessing whether or not office supplies are "reasonable." Moreover, the best source of information in assessing reasonableness is already at OHA's fingertips: the wealth of information OHA has regarding the expenses of FamilyCare's peer CCOs, to which OHA might compare FamilyCare's expenses. Jackson Decl., ¶ 8. The Trial Balance provides exactly what OHA needs to analyze FamilyCare's expense structure and determine whether or not its costs were reasonable and the variance over time.

### c. In addition to the Trial Balances, FamilyCare produced extensive accounting documents sufficient to show FamilyCare's money management.

OHA misleadingly implies in its Motion that FamilyCare only provided its Trial Balances. *See* Mot. at 3, 4. In fact, FamilyCare has produced voluminous documents related to its financials. The documents provided by FamilyCare are more than sufficient to provide the information sought by OHA as specified in its Motion, which are to determine whether FamilyCare's costs were reasonable and necessary to the continued operations of the company.

Below, FamilyCare highlights some, but certainly not all, of the financial documents previously provided to OHA, along with an explanation as to why it provides sufficient information for OHA to fully explore the claims and defenses in this litigation.

6- FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

140678968

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

1.    <u>FamilyCare Financial Reporting Packet, provided to OHA on a quarterly and annual basis</u>.

The reports contained in FamilyCare's Financial Reporting Packets, specifically Reports L12–L19, provide great detail regarding member services costs.  Exhibit L templates include the annual rate setting reports as identified below and summary and detail individual provider payment information.  Jackson Decl., ¶ 10; *see, e.g.,* FCI0599790 and attached spreadsheet (2017 Exhibit L report).[1]  Exhibit L templates include quarterly comparative financial information about FamilyCare's enrollment, revenues, expenses, high cost claims and transactions by category of service.  Jackson Decl., ¶ 10.

| Rate Setting Report Contents: | |
| --- | --- |
| Report L12 | Enrollment Validation |
| Report L13 | Medical Costs |
| Report L14 | IBNR |
| Report L15 | Sub-Capitation |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider |
| Report L17 | Incentive Programs |
| Report L17.1 | Quality Pool Payment Breakdown |
| Report L17.2 | Other Incentive Payment Breakdown |
| Report L18 | Other Payment Arrangements |
| Report L18.1 | Other Payments Breakdown |
| Report L19 | Financial Overview and Reconciliation of Costs |

As part of the rate setting process, Reports L12–L19 provide member service costs which OHA determined was sufficient, when coupled with the encounter data described below. for development of CCO capitation rates.  Jackson Decl., ¶ 15.  OHA should find that same information sufficient to determine if the rates offered were sufficient to cover "reasonable operating costs" without additional information from the General Ledger.

---

[1] Due to the volume of documents, FamilyCare has not attached the documents cited in FamilyCare's Response to OHA's Motion (which are in OHA's possession).  Instead, FamilyCare cites to samples of certain types of document by Bates number.  FamilyCare will provide the cited documents to the Court upon request.

7-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER

140678968

The Exhibit L reporting template, specifically Report L16, includes a breakout of providers and the expense related to sub-capitation, quality pool bonus settlements, other payment amounts. Report L16 and the rate setting exhibits are annual-only reports. *See* Jackson Decl., ¶ 16; FCI0599790 and attached spreadsheet (2017 Exhibit L report). Indeed, OHA used this data to develop FamilyCare's capitation rates because the data conclusively states all member service costs including a breakout of providers payments, the expenses related to sub-capitation, and quality pool bonus settlements. Jackson Decl., ¶ 16. OHA's motion insinuates that the General Ledger is needed to identify primary care physician bonus payments. Mot. at 5. Report L16 specifically outlines a break-out of all quality bonus pool settlements to providers. Jackson Decl., ¶ 16.

2.      *Encounter Data.*  OHA asserts they require the General Ledger to review and analyze trends in costs, and to determine if each cost was a reasonable cost necessary to the continued operations of the company. Morones Declaration, ¶ 3. FamilyCare's CCO contract required it to provide OHA its encounter data during the contract year as claims were submitted and processed. Jackson Decl., ¶ 13. Encounter data is the claim information FamilyCare submitted to OHA for medical services provided for each member. Simply put, it provides a record of the services given to FamilyCare's members as well as provider billed amounts, amounts paid out to providers, and other supplemental information. *Id.* Encounter data is the detail claim information submitted to OHA as claims information is processed. It provides a record of services given to our members, including member, provider, billed amounts, paid amounts, etc. This would have been provided to OHA during the contact year as claims were submitted and processed. *Id.* It is simply implausible to conclude that FamilyCare's encounter data provides financial information sufficient for rate formation, but not to determine that the rates offered to FamilyCare were adequate to cover reasonable operating costs

8-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
      TO DEFENDANTS PATRICK ALLEN AND
      OREGON HEALTH AUTHORITY'S MOTION TO
      COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

3. *Provider fee-for-service and quality bonus payments.*   Weekly check run files provide a record of the services given to FamilyCare's members as well as provider billed amounts, amounts paid out to providers, and other supplemental information. *Id.*, ¶ 12. FamilyCare has provided supplemental detail of provider fee-for-service and quality/bonus payments for 2015-2017. *See e.g.*, FCI0656430 and attached spreadsheet (sample weekly check run file); FCI0538198–201 (2016 Surplus Pool Payment Detail); FCI0538176 and attached spreadsheet ("2016 Individual Payout Calculation Sheets"); FCI0538197 (2016 Quality Bonus Payment Detail); FCI0538198–200 (2016 Surplus Pool Payment Detail); FCI0564448–49 (2017 surplus pool reporting sample); FCI0564450–51 (same); FCI0564440–41 (same).

4. *Independent Audit Reports for 2013 - 2016 and supporting documents.*   As a general matter, OHA alleges that FamilyCare failed to provide detailed financial information to show a complete record of FamilyCare's financial transactions.   Mot. at 3.   This is false. FamilyCare produced annual audit reports by their independent auditor, Perkins & Co. *See, e.g.*, FCI0518332–358 (2013 annual audit report); FCI0052947–973 (2014 annual audit report); FCI0665709–736 (2015 annual audit report); FCI0666270–298 (2016 annual audit report).   These reports provided an unqualified audit opinion that reads as follows:

> "In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of FamilyCare, Inc. and Subsidiaries as of [DATE], and the results of their operations and their cash flows for the years then ended in accordance with accounting principles generally accepted in the United States of America.,"

*See, e.g.*, FCI0666272.   This opinion underscores the point that FamilyCare's financial information has no material errors.   And if OHA were to find the independent audit reports insufficient, FamilyCare also provided approximately 1,882 emails and attachments between FamilyCare and Perkins & Co, identifiable by searching the domain: @perkinsaccounting.   As such, OHA has all the financial information that FamilyCare had originally provided to its

9-   FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANTS PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL PRODUCTION OF GENERAL LEDGER

140678968

independent auditor.  It is inconceivable that FamilyCare failed to provide sufficient financial information in light of these extensive productions.

Finally, identifying trends in costs can be analyzed without the General Ledger by using data analytics.  Using year-end Trial Balances, internal financial reports, and independent auditor reports, a person can:

- o  Analyze trends in costs from period to period by using individual account variance analysis;
- o  Analyze trends in costs from period to period by using a percentage of revenue analysis; and
- o  Compare costs to related peer entities that have reported financial data to the OHA.

Jackson Decl., ¶ 17

The General Ledger does not offer OHA pertinent information it does not already have. The "discovery sought is unreasonably cumulative [and] duplicative, [and] can be obtained from" materials already in OHA's possession.  Fed. R. Civ. P. 26(b)(2)(C)(i).

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny OHA's Motion to Compel the General Ledger.

10-  FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANTS PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

DATED:  August 3, 2018                    **PERKINS COIE LLP**

By: *s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Brian Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Matthew Gordon, pro hac vice
    MGordon@perkinscoie.com
    Nicholas Hesterberg, pro hac vice
    NHesterberg@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

11-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
    TO DEFENDANTS PATRICK ALLEN AND
    OREGON HEALTH AUTHORITY'S MOTION TO
    COMPEL PRODUCTION OF GENERAL LEDGER

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968