Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>            Defendants. | No. 6:18−cv−00296−MO<br><br><br>DECLARATION OF ANTHONY JACKSON IN SUPPORT OF FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF GENERAL LEDGER |

DECLARATION OF ANTHONY JACKSON

140718709

I, Anthony Jackson, state as follows:

1.      I am the Controller of FamilyCare, Inc. ("FamilyCare"), parent company to FamilyCare Health Plans, Inc., and party to the above-captioned cases.  I have personal knowledge of the matters stated herein and am competent to testify thereto.

2.      In my role as Controller, I am responsible for accounting operations and financial reporting.  This includes oversight of the general ledger, accounts payable, accounts receivable, payroll and preparation of internal and external financial statements.

3.      I have read Defendants Patrick Allen's and Oregon Health Authority's Motion to Compel Production of General Ledger, and the accompanying Declaration of Serena Morones, and I make this Declaration in support of FamilyCare's opposition to that Motion.

4.      FamilyCare's General Ledger does not have provider claim payment detail in the account activity.  These types of transactions, along with others (Payroll, Fixed Assets, etc.) are summarized from the sub-ledger systems and posted in aggregate to the General Ledger.  The General Ledger itself would not yield any meaningful data regarding provider payments.  The General Ledger only provides high-level aggregated data, and thus would not contain any information more detailed than that already provided by FamilyCare.  It does not provide specific provider claim payment detail.

5.      FamilyCare's Trial Balances provide a comprehensive summary of FamilyCare's operating costs as of December 31 of each year.  It details all of FamilyCare's expenses, how FamilyCare categorizes those expenses, and how those expenses vary over time.  Thus, the Trial Balance provides the information OHA and Mr. Allen say they need to analyze the company's expense structure and determine whether or not fees were reasonable, and the variance, over time.

6.      The first sentence of Paragraph I.B.1 of the Motion implies that the Trial Balance does not include all accounts (i.e. the reference to "broad categories of accounts").  This is

1-   DECLARATION OF ANTHONY JACKSON

incorrect. The Trial Balance includes all accounts used by FamilyCare. The FamilyCare Trial Balance exhibit (Exhibit 2 to OHA's Motion) is itself 6 pages long and lists 245 different accounts. This level of accounting detail is more than sufficient to determine whether FamilyCare's costs are "reasonable, appropriate and attainable".

7.    Paragraph I.B.1 of the Motion also cites three accounts on the Trial Balance and states that the "trial balance does not provide any information on how those huge sums were divided and allocated". This statement is incorrect and ignores the basic accounting principle of double entry accounting. Double-entry bookkeeping, in accounting, is a system of bookkeeping so named because every entry to an account requires a corresponding and opposite entry to a different account. The accounts cited by OHA in this paragraph are "balance sheet" accounts, the first two of which are simply bank accounts that FamilyCare maintains ("FCI Claims 4502" is the bank account used for claims payments and "FCI General 7711" is the bank account used for other payments); and the third account cited is FamilyCare's accounts payable account, which is simply the balance of any unpaid bills/invoices that FamilyCare has received as of the date of the Trial Balance. Under the double entry accounting principle, any amounts that run through these accounts have to be "offset" by a corresponding amount to another entry on the Trial Balance. The suggestion that the Trial Balance "does not provide any information on how those huge sums were divided and allocated" is not correct. In fact, the Trial Balance includes all of the information about "how the huge sums were divided and allocated". The money that flows in and out of the cash accounts, like the two mentioned by OHA in this paragraph, has to be reflected somewhere else on the Trial Balance. For example, amounts paid for employee payroll would be disbursed from a cash account (as an accounting "credit" to cash) and then reflected as payroll expense (as an accounting "debit").

8.    Paragraph I.B.2 of the Motion references the Serena Morones declaration, in which she states, "determining the reason for FamilyCare going out of business requires looking

2-    DECLARATION OF ANTHONY JACKSON

140718709

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

at the company's expense structure, including how expenses were categorized and how expenses in each category, or to a particular vendor, varied over time".  As noted above, the Trial Balances include all of FamilyCare's expenses and exactly how FamilyCare categorized those expenses. The multiple Trial Balances supplied by FamilyCare demonstrate how expenses in each category have varied over time.  Similarly, Ms. Morones goes on to assert a need for individual transaction level detail to determine if costs were reasonable.  This would be like needing to know how many pens, pencils, reams of paper, tape, etc. were purchased in assessing whether or not office supplies are "reasonable".  Perhaps the best source of information in assessing reasonableness is the information available to OHA comparing FamilyCare's expenses to its peer CCOs.

9.    In addition to the Trial Balance, other FamilyCare financial information is sufficient to do the analysis OHA says it needs to do.

10.    Specifically, there is the FamilyCare, Inc., Financial Reporting Packet, provided to OHA on a quarterly and annual basis.  Exhibit L templates to the Packets include the annual rate setting reports as identified below, which in turn include summary and detail individual provider payment information.  Exhibit L templates also include quarterly comparative financial information about FamilyCare's enrollment, revenues, expenses, high cost claims and transactions by category of service.

| Rate Setting Report Contents: | |
| --- | --- |
| Report L12 | Enrollment Validation |
| Report L13 | Medical Costs |
| Report L14 | IBNR |
| Report L15 | Sub-Capitation |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider |
| Report L17 | Incentive Programs |
| Report L17.1 | Quality Pool Payment Breakdown |
| Report L17.2 | Other Incentive Payment Breakdown |
| Report L18 | Other Payment Arrangements |
| Report L18.1 | Other Payments Breakdown |
| Report L19 | Financial Overview and Reconciliation of Costs |

3-    DECLARATION OF ANTHONY JACKSON

140718709

11.     FamilyCare's annual audited financial statements and annual disclosures of functional expenses outline FamilyCare's costs for its accounts.

12.     Additional source documents would include monthly internal financial statements, supplemental detail of provider fee-for-service (weekly check run files) and quality/bonus payments.  Weekly check run files provide a record of the services given to FamilyCare's members as well as provider billed amounts, amounts paid out to providers, and other supplemental information.

13.     Additionally, there is FamilyCare's encounter data, which provides claim level payment detail, as required under FamilyCare's CCO contract.  Encounter data is the claim information submitted to OHA of medical services provided for each member.  Simply put, it provides a record of the services given to FamilyCare's members as well as provider billed amounts, amounts paid out to providers, and other supplemental information.  Encounter data is the detail claim information submitted to OHA as claims information is processed.  This would have been provided to OHA during the contact year as claims were submitted and processed.

14.     In addition to the information included in the encounter data, the reports contained in FamilyCare's Financial Reporting Packets specifically, Reports L12-L19 provide even more detail regarding member services costs.

15.     Reports L12-L19 provide member service costs information that OHA determined was sufficient for development of CCO capitation rates.  To my knowledge, OHA has never requested a review of FamilyCare's General Ledger in developing or setting capitation rates.

16.     Capitation and provider bonus payments are provided in the Exhibit L reporting template, specifically Report L16, which includes a break-out of providers and the expense related to sub-capitation, quality pool bonus settlements, other payment amounts.  Report L16 and the rate setting exhibits are annual only reports.

4-     DECLARATION OF ANTHONY JACKSON

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

17.    Identifying trends in costs can be analyzed without the General Ledger by using data analytics.  For example, a person can use year-end Trial Balances, internal financial reports, and independent auditor reports to:

- o    Analyze trends in costs from period to period by using individual account variance analysis;

- o    Analyze trends in costs from period to period by using a percentage of revenue analysis; and

- o    Compare costs to related peer entities that have reported financial data to the OHA.

18.    FamilyCare's independent auditor for years 2013-2016 provided an unqualified audit opinion stating that the financial statements presented to them when conducting the audit presented "fairly, in all material respects, the financial position of FamilyCare, Inc. and Subsidiaries as of [DATE], and the results of their operations and their cash flows".

*I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.*

DATED: August 3 , 2018

_____

Anthony Jackson

5-    DECLARATION OF ANTHONY JACKSON

140718709

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222