**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | **Oral Argument Requested** |
| Defendants. | |

**L.R. 7-1 COMPLIANCE**

Pursuant to Local Rule 7-1, counsel for Oregon Health Authority ("OHA") certifies that

on July 24, 2018, it sent a letter to counsel for FamilyCare setting out in detail the concerns

**Page 1 -  OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

raised in this motion.  In that letter, OHA requested to further confer by telephone.  FamilyCare never responded.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 16(b)(4) and 37(a)(1), OHA moves the Court for an order reopening discovery for the limited purpose of compelling FamilyCare to produce text messages, instant messages, and any other responsive electronic communications it has not yet produced.

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    This Court should compel FamilyCare to produce electronic communications it has wrongfully withheld.**

**A.    Background.**

OHA first requested electronic communications, including text messages, from FamilyCare over a year ago, on June 8, 2017, in its First Request for Production.  Declaration of Laura Salerno Owens ("Salerno Owens Decl."), Ex. 1.  In that request, OHA defined documents to include "electronic data (including e-mails, text messages, blog posts, website postings, and postings on social media)" and "other data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices into reasonably usable form." (id. at  Ex. 1.)  FamilyCare did not object to this definition of documents and agreed to produce documents responsive to OHA's requests.  (Salerno Owens Decl., Ex. 8.)  OHA's Second Request for Production defined documents to include "electronic information *of any kind*."  (Salerno Owens Decl., Ex. 2 at 5. (emphasis added)).  This definition survived through all later document requests, and FamilyCare has never objected to any OHA request for electronic information.  (Salerno Owens Decl., Exs. 3-14.)  But FamilyCare has produced text messages from only four custodians (William Murray, Art Suchorzewski, Jeff Heatherington, and Jack Coleman), and only 2,090 text messages in total from those custodians. (Salerno Owens Decl., ¶ 3.)

**Page 2 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

This production suffers from notable deficiencies.  For one, FamilyCare has failed to produce text messages from all relevant custodians.  FamilyCare produced text messages from only four relevant custodians.  (Salerno Owens Decl., ¶ 3.)  Missing from FamilyCare's text message collection were messages from the following relevant custodians from whom FamilyCare collected other documents:

- Bill Guest – Vice President, Provider Network Services

- Heather Raeburn - Manager, Government Relations

- Kevin Clancy - Vice President, Finance

- Cindy Becker - Vice President, Public Affairs

- Cheri Pfannes - Vice President, Corporate Compliance & Quality

- Lisa Jones - Executive Office Administrator & Assistant Corporate Secretary[1]

FamilyCare has produced only 51 individual text messages from FamilyCare's CEO, Jeff Heatherington ("Heatherington").  (Salerno Owens Decl. ¶ 4.)  OHA knows this production to be deficient because it collected and produced a responsive, text message exchange between Heatherington and OHA Director Patrick Allen that appears nowhere in FamilyCare's production.  (Salerno Owens Decl. ¶ 5.)

FamilyCare's deficient production may stem from a deficient collection.  For instance, the text messages from Jack Coleman ("Coleman") were not collected from his phone; rather, they were messages Coleman forwarded to his email account.  (Salerno Owens Decl. ¶ 6.)

What is more, FamilyCare has not supplemented its already deficient production with new evidence during discovery.  FamilyCare has not produced any text messages after January 2018.  (Salerno Owens Decl., ¶ 7.)  In a conferral on this issue, FamilyCare contended that it

---

[1] As part of a defensibility report regarding technology-assisted review, FamilyCare's counsel provided OHA with a list of 13 custodians for whom FamilyCare had "collected, reviewed and produced documents."  (Salerno Owens Decl., Ex. 15 at 1 & nn. 1-2 (TAR report).

**Page 3 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

need not produce electronic communications for 2018 because the company is no longer in business and it does not need to collect messages from former employees. (Salerno Owens Decl. ¶ 7.)

On July 24, 2018, OHA sent FamilyCare a letter seeking to clarify FamilyCare's process for collecting and producing text messages. In this letter, OHA asked FamilyCare to respond to the following questions:

- With respect to former employees, what efforts were taken to preserve the cellular data of FamilyCare employees before their employment ended?

- What instructions have FamilyCare custodians received about retention and non-deletion of text messages since commencement of the first lawsuit filed May 27, 2015?

- What has FamilyCare done to retain the electronic devices (e.g., phones, i-pads, etc.) that contained text messages?

- Is there a date range being applied that limits the production of responsive text messages?

- What criteria prevented the exchange between Jeff Heatherington and Pat Allen referenced above from being produced by FamilyCare?

- From which custodians has FamilyCare collected text messages?

- What criteria are being used to determine whether text messages are responsive?

- Are search terms being used? If so, what are the terms?

OHA also requested in writing to confer regarding the deficiencies in FamilyCare's production. FamilyCare provided no response to the letter. (Salerno Owens Decl., Ex. 16.)

Equally troubling, on July 27, 2018, Ross McDonald, a former employee in FamilyCare's health analytics department, testified that FamilyCare officials used an instant messaging system to communicate with each other. (Salerno Owens Decl., Ex. 17 at 2-3.) FamilyCare has not produced any documents from that instant messaging system. Those instant messages fit into the definitions of "electronic information," "electronic data," and a "data compilation" with "information" available in a "reasonably usable form," and therefore were covered by OHA's requests for production. (Salerno Owens Decl., Exs. 1-7.) As this Court well knows, discovery was to have concluded by July 31, 2018, but depositions are still ongoing.

**Page 4 -  OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**B.      This Court should compel FamilyCare to produce text messages and instant messages.**

This Court should compel FamilyCare to produce text messages and instant messages that it has inexplicably withheld.  The Federal Rules explicitly permit discovery of "electronically stored information."  FRCP 34(a)(1)(A).  In any event, FamilyCare waived any objection to the scope of OHA's requests by failing to object to the collection of electronic communications.  FamilyCare's production of text messages is entirely deficient in the following respects:

- FamilyCare only produced text messages from four custodians, producing no text messages from numerous relevant custodians, including its Vice President of Provider Network Services, Government Relations Manager, Vice President of Finance, Vice President of Public Affairs, and Vice President of Corporate Compliance and Quality;

- FamilyCare did not produce all responsive text messages.  For example, FamilyCare did not produce a responsive text message between FamilyCare's CEO, Jeff Heatherington, and OHA's director, Patrick Allen;

- FamilyCare refused to even collect relevant and responsive documents from this year; and

- FamilyCare has failed to even collect relevant and responsive instant messages.

In sum, FamilyCare has not collected text messages from every relevant custodian, has not supplemented its production with responsive messages from this year, and has not even produced all responsive text messages from the four custodians it *did* collect messages from.  FamilyCare's instant message production is non-existent.

Additionally, FamilyCare's explanation for its unwillingness to collect and produce electronic communications from 2018—that it is no longer in business—is implausible.  Documents from 2018 are critical to assessing the claims and defenses in this case.  In its Fourth Amended Complaint FamilyCare alleges that "[d]efendants have continued targeting FamilyCare *even after* FamilyCare was forced to close its Medicaid business."  (Dkt. 111, 4th Amd. Compl. ¶ 84 (emphasis added).)  Despite shuttering its Medicaid business, FamilyCare alleges that it intends to "offer vital services to vulnerable Oregonians in the future."  (Dkt. 111, 4th Amd.

**Page 5 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Compl. ¶ 4.) Accordingly, FamilyCare seeks eight different kinds of prospective relief, including an injunction barring Allen from prohibiting FamilyCare "from entering a bid for future Medicaid contracts with OHA." (Dkt. 111, 4th Amd. Compl. Prayer.) Further, FamilyCare continued operating through January 2018, and asserts various forms of damages associated with its shut down and wind up in 2018, including the complete loss of its enterprise value. (Dkt. 111, 4th Amd. Compl. ¶¶ 76-77, 80.) Finally, FamilyCare asserts that OHA's conduct in offering a rate redetermination at the end of January 2018 was itself a form of anti-FamilyCare retaliation. (Dkt. 111, 4th Amd. Compl. ¶¶ 78, 84.) OHA is entitled to discovery on all of these post-2017 claims, which would include text messages occurring after January 2018.

This Court should reopen discovery for the limited purpose of compelling production of FamilyCare's electronic communications. A district court should consider the following factors when considering a motion to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

These factors militate in favor of reopening discovery. Trial is five months away. FamilyCare would not suffer any prejudice. OHA brings this motion about a week after the discovery deadline. Depositions are still ongoing, and this Court recently granted FamilyCare's motion for an extended summary judgment schedule to accommodate depositions that FamilyCare canceled or entirely failed to schedule within the discovery period. (Dkt. 183.)

Moreover, OHA was diligent in attempting to obtain electronic communications. (Salerno Owens Decl., Exs. 1-7.) Since June 2017, OHA has requested electronic information in every request for production, and FamilyCare did not object to production of this information. (id., Ex. 1-14.) Further, OHA's discovery efforts in this case have been stymied by FamilyCare's serial amendments to its Complaint. (First Amd. Compl. 6/13/17, Second Amd. Compl. 9/12/17, Third Amd. Compl. 2/15/18, 4th Amd. Compl. (Dkt. 111).) As this Court noted

**Page 6 -   OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

in ruling on previous motions to compel, FamilyCare's amendments limited the scope of discovery by limiting OHA's ability to file and seek discovery on affirmative defenses and counterclaims. (Salerno Owens Decl., Ex. 18) (noting that "the absence of counterclaims or defenses . . . limit[s] sort of the circumference of what's potentially relevant just to the claims in the complaint. And that may have an impact that would be different if we were examining this -- the same discovery issues later.").) (id. at 3.) On June 26, 2018, OHA filed its answer and counterclaim. (Dkt. 116.) Two weeks later, on July 11, counsel for OHA sent counsel for FamilyCare a letter asking when OHA could anticipate receiving a supplemental production of documents relevant to OHA's defenses and counterclaim. (Salerno Owens Decl., Ex. 19.) On July 18, counsel for FamilyCare notified OHA that FamilyCare would not be supplementing its document production. (Salerno Owens Decl., Ex. 20.) On July 24, 2018, less than a week later and prior to the discovery cutoff, OHA's counsel sent a follow-up letter regarding the status of FamilyCare's deficient text message production. (Salerno Owens Decl., Ex. 16.) OHA requested a conferral regarding FamilyCare's production of text messages and received no response. (id.) OHA did not even learn of the existence of the instant message system until four days before the discovery cut-off. (Salerno Owens Decl., Ex. 17, at 2-3.)

Finally, FamilyCare is withholding relevant electronic messages. For instance, FamilyCare failed to produce a text message discussion between FamilyCare's CEO and OHA's Director in October 2017, while FamilyCare contested the soundness of the proposed 2018 rates. (Salerno Owens Decl., ¶ 5.) Thus, this Court should reopen discovery and compel production of the relevant electronic messages that FamilyCare inexplicably withheld.

## CONCLUSION

This Court should grant OHA's motion and reopen discovery for the limited purpose of

// // //

// // //

// // //

**Page 7 -  OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

compeling FamilyCare to produce text messages, instant messages, and any other responsive electronic communications it has not yet produced.

DATED this 8th day of August, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Laura Salerno Owens*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

765299

**Page 8 -    OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**