IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | Case No. 17CV09226<br>Honorable Sean E. Armstrong<br><br>DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF<br><br><br><br>**ORS 20.140 - State fees deferred at filing** |

TO:    FamilyCare, Inc., by and through attorney Stephen F, English, attorney for plaintiff, Perkins Coie LLP, 1120 NW Couch St., 10th Fl, Portland, OR  97209

Defendant requests that plaintiff respond to the following Request for Production of Documents and items pursuant to ORCP 36(B) and 43, and that the responses be served on defendant within 30 days after service of this Request at the offices of the Oregon Department of Justice, 100 SW Market Street, Portland OR 97201.

**DEFINITIONS**

1.    The term "documents" includes, but is not limited to, any and all notes (handwritten or typed), memoranda, communications, correspondence and other writings, drawings, graphs, charts, photographs, phonorecords, audio tapes, digital recordings, videotapes, computerized records, electronic data (including e-mails, text messages, blog posts, website postings, and postings on social media), drafts, and other data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices into reasonably usable form.

Page 1 -    DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

SALERNO OWENS DECLARATION
EXHIBIT 1
1 of 13

2.    The term "Complaint" shall mean and refer to plaintiff's Complaint in the present action, along with any amendments thereto.

3.    The term "person" includes not only natural persons, but corporations, unincorporated associations, or any other entity, as well as predecessors, successors, parents, subsidiaries, assigns, employees and agents of the foregoing, and shall be comprehensive, whether used in the plural or singular form.

4.    The term "plaintiff," "you," "your," or "FamilyCare" shall mean FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists and public relations agents.

5.    The term "defendant" or "OHA" shall mean the Oregon Health Authority.

6.    The phrase "evidencing, reflecting, or relating to" shall mean in any way, directly or indirectly concerning, constituting, considering, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, canceling, derived from, based upon or negating.

7.    The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents or objects which might otherwise be construed to be outside its scope.

8.    When used herein, "identify" means to describe with particularity.  When referring to a person, "identify" means to state the person's full name, address, telephone and any other contact information.  When referring to a document, "identify" means to describe the document by author, date, content and identifying mark (such as Bates number).  When referring to a statute, policy, or rule, "identify" means to state the statute, policy or rule by number or title. For anything else, "identify" means to provide sufficient information to allow the reader to understand the response and follow up on the information.

Page 2 -    DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
2 of 13

9. The term "CCO" means coordinated care organization as that term applies to the Oregon Health Plan.

10. The term "CMS" means the United States Department of Health and Human Services' Centers for Medicare & Medicaid Services, along with any of its divisions or offices and any of the employees, attorneys or agents of CMS or any of its divisions or offices, including without limitation, the Office of the Actuary.

11. The term "Settlement Agreement" refers to the settlement agreement between OHA and FamilyCare dated May 22, 2016.

12. The term "Settlement Credit" refers to the settlement credit described in the Settlement Agreement.

13. The term "cost template" means any document prepared by the CCOs reporting financial costs and anticipated trends, using a template form prepared by OHA, which the CCOs submitted to OHA for use in the development of 2016 CCO rates and 2017 CCO rates.

14. The term "Contract" refers to the five-year Coordinated Care Organization Contract #143114 between OHA and FamilyCare, as amended and restated at various times (collectively, the Contract).

15. The term "2017 CCO Rates" means the capitated payment rates set forth in any contract between a CCO and OHA in effect during any period of time between January 1, 2017 and December 31, 2017.

16. The Term "2016 CCO Rates" means the capitated payment rates set forth in any contract between a CCO and OHA in effect during any period of time between January 1, 2016 and December 31, 2016.

17. The term "2017 FamilyCare Rates" means the capitated payment rates set forth in the Contract and in effect during any period of time between January 1, 2017 and December 31, 2017.

Page 3 -   DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
3 of 13

18.     The term "2016 FamilyCare Rates" means the capitated payment rates set forth in the Contract and in effect during any period of time between January 1, 2016 and December 31, 2016.

**INSTRUCTIONS**

1.     This request for documents is continuing in character so as to require plaintiffs to file supplementary documents if plaintiff obtains further or different information before trial.

2.     To the extent any object or document is furnished in response to any numbered request, it may be omitted from the response to any subsequent request.  All requests made herein shall be construed to include any supplemental documents or objects responsive to these requests which are later discovered or created by you and which are required to be produced by Rule 43(a) of the Oregon Rules of Civil Procedure.

3.     If a document responsive to this Request exists or existed in your custody, possession or control, but is no longer in your custody, possession or control, set forth, if possible, (i) its date and general type or category (e.g., letter, contract, memorandum, etc.); (ii) the identity of the author, addressee, and any copies; (iii) its subject matter and substance; (iv) the circumstances under which the document left plaintiff's custody, possession or control; and (v) the person authorizing its disposal or removal from custody, possession or control.

4.     Where a request literally would require production of only a part of a document or object, defendant requests that the entire document or object be provided.

5.     Each paragraph and subparagraph herein should be construed independently and not with reference to any other paragraph or subparagraph for the purpose of limitation.

6.     Unless otherwise specified, the documents or objects to be produced are those dated, prepared, created or in effect, in whole or in part, at any time from January 1, 2012 to the present which are within the possession, custody or control of plaintiffs, their attorneys, agents, employees or family members.

Page 4 -   DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
4 of 13

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  All documents evidencing, reflecting, or relating to the parties' intended meaning of the provision in the Settlement Agreement that states:  "Other than application of the terms of the Section 1115 Demonstration Project to aggregate state expenditures, OHA shall not use rates paid to FamilyCare for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years."  This request includes but is not limited to all drafts, notes, emails, memoranda, text messages, written or prepared by FamilyCare, its actuaries, or its attorneys in the course of settlement discussions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All documents evidencing, reflecting, or relating to FamilyCare's opinion, position or allegations that OHA used rates paid to FamilyCare for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in 2017.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All documents evidencing, reflecting, relating to or identifying the method(s) or manner(s) in which OHA allegedly use of rates paid to FamilyCare for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in 2017, including, but not limited to, any document listing the various ways in which FamilyCare alleges OHA breached the Settlement Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All documents evidencing, reflecting, or relating to any action taken or inaction by OHA in furtherance of its alleged use of rates paid to FamilyCare for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in 2017.

**RESPONSE:**

RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
5 of 13

**REQUEST FOR PRODUCTION NO. 5:**  All documents evidencing, reflecting, or relating to allegations in paragraph 58 of the Complaint stating that: "OHA's selective us e of actuarially unsound methods is an impermissible use of the rates paid to FamilyCare in 2016 and is, therefore, a violation of the Agreement."

        **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All documents evidencing, reflecting, or relating to all damages and other harm FamilyCare will allegedly suffer from the 2017 Amendment.

        **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All documents evidencing, reflecting, or relating to any opinions or analysis by FamilyCare, Milliman, or any other actuary or other consultant employed or contracted by FamilyCare, as to whether the 2016 FamilyCare Rates are actuarially sound and/or were developed in accordance with the requirements set forth in 42 CFR Part 438.

        **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**  All documents evidencing, reflecting, or relating to any opinions or analysis by FamilyCare, Milliman, or any other actuary or other consultant employed or contracted by FamilyCare, as to whether the 2017 FamilyCare Rates, are actuarially sound and/or were developed in accordance with the requirements set forth in 42 CFR Part 438.

        **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**  All documents evidencing, reflecting, or relating to allegations in paragraph 37 of the Complaint stating that: "Federal law also required the 2017 Amendment . . . [to] provide for all reasonable, appropriate and attainable costs."

        **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**  All documents evidencing, reflecting, or relating to allegations in paragraph 70 of the Complaint that the 2017 FamilyCare Rates were established "in contravention with Oregon law, federal law, and federal regulation."

        **RESPONSE:**

Page 6 -   DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
        RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
6 of 13

**REQUEST FOR PRODUCTION NO. 11:**  All documents evidencing, reflecting, or relating to FamilyCare's opinion, position or allegations as to whether capitation rates developed using a regional method are actuarially sound, consistent with state and federal laws, or consistent with the Contract.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**  All documents evidencing, reflecting, or relating to FamilyCare's allegations in paragraphs 56 of the Complaint that OHA "has used a variety of actuarially unsound methods to give FamilyCare lower capitation rates for 2017 as compared to other CCOs."  This request includes, but is not limited to, all documents identifying the various alleged actuarially unsound methods employed by OHA.

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**  All documents evidencing, reflecting, or relating to FamilyCare's allegations in paragraph 3 of the Complaint stating that: "rate reductions have caused FamilyCare to sustain operating losses, which will eventually put FamilyCare out of business and harm the vulnerable population it serves."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**  All documents evidencing, reflecting, or relating to FamilyCare's allegations in paragraph 13 of the Complaint stating that: "OHA has targeted FamilyCare as one of the CCOs to be eliminated" and/or the allegations in paragraph 61 of the Complaint stating that "the 2017 rates were designed to put FamilyCare out of business."

   **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**  All documents evidencing, reflecting, or relating to FamilyCare's allegations in paragraphs 17 and 18 of the Complaint stating that: "OHA's conduct and actions have contradicted this global budget concept in that OHA is not allowing certain CCOs, including FamilyCare, to operate within a sustainable fixed global budget. . . . In addition,

Page 7 -   DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
7 of 13

OHA has misapplied to the fixed global budget model by approving global budgets for FamilyCare that were insufficient for FamilyCare to cover its operating costs in 2015 and 2016."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**  All documents evidencing, reflecting, or relating to allegations in paragraph 55 of the Complaint stating that: "OHA then used the information gathered by Optumas to target FamilyCare for the Clawback and/or to cap FamilyCare's 2017 rates for primary care services at an amount below FamilyCare's reimbursement rate."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**  All documents evidencing, reflecting, or relating to annual profits, surplus or losses realized by FamilyCare from 2014 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**  All documents evidencing, reflecting, or relating to financial projections, cost trend projections, or utilization trend projections related to FamilyCare.  This request includes all such projections generated between January 1, 2014 and the present, and also includes but is not limited to any worksheets, spreadsheets, or workbooks used to generate or support such estimates.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**  All documents evidencing, reflecting, or relating to FamilyCare's audited financial statements covering any portion of the time period of January 1, 2014 to the present, including but not limited to workbooks used to generate those financial statements.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**  All documents evidencing, reflecting, or relating to any savings realized for Oregon's healthcare system in 2014, 2015, 2016 or 2017 as a result of any increase in spending by FamilyCare on primary and preventative care services.

**RESPONSE:**

Page 8 -   DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
8 of 13

**REQUEST FOR PRODUCTION NO. 21:** All documents evidencing, reflecting, or relating to any savings realized for Oregon's healthcare system in 2014, 2015, 2016 or 2017 as a result of any increase in provider care rates paid by FamilyCare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All documents evidencing, reflecting, or relating to FamilyCare's rate or growth for each of the calendar years 2014, 2015, 2016 and 2017 and whether FamilyCare's annual rate of growth for each of those years was greater or less than 3.4%.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All documents evidencing, reflecting, or relating to FamilyCare allegations in paragraph 34 of the Complaint stating that: "On or about November 1, 2016, OHA sent FamilyCare an incomplete contract amendment for 2017. The contract amendment for 2017 omits several attachments, including, but not limited to, FamilyCare's transformation plan attachment to Exhibit K." This request includes, but is not limited to, all documents evidencing, reflecting, or relating to the identification of all attachments the contract amendment for 2017 allegedly omits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All documents evidencing, reflecting, or relating to the drafting of FamilyCare's transformation plan attached to Exhibit K of the 2017 Amendment. This request includes, but is not limited to, all documents identifying the source or drafter of the transformation plan as well as the dates the document was originated, finalized and transmitted by FamilyCare to OHA for attachment to Exhibit K of the 2017 Amendment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All documents evidencing, reflecting, or relating to FamlyCare's allegations in paragraph 39 of the Complaint stating that: "On December 30, 2016, although FamilyCare notified OHA that FamilyCare still did not have a full contract to review,

Page 9 -  DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
9 of 13

FamilyCare signed an incomplete version of the 2017 Amendment . . . ."  This request includes, but is not limited to, all documents evidencing, reflecting, or relating to the allegation that FamilyCare notified OHA that FamilyCare did not have a complete contract to review, as well as a copy of the version of the 2017 Amendment FamilyCare signed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  All documents evidencing, reflecting, or relating to FamilyCare allegations in paragraph 59 of the Complaint stating that: "OHA baited FamilyCare into signing and executing an incomplete 2017 Agreement on December 30, 2016, with an empty promise that OHA would provide FamilyCare with the data it had been requesting for months. . . .  OHA withheld certain attachments to FamilyCare's contract amendment for 2017 so that FamilyCare will be forced to sign the contract amendment without having a meaningful opportunity to negotiate contract terms."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**  All documents evidencing, reflecting, or relating to the parties' respective intent in entering into the Dispute Resolution Agreement with regard as to the nature of information that would be exchanged, when and under what circumstances.  This request includes, but is not limited to, all drafts, notes, emails, memoranda, text messages, written or prepared by FamilyCare, its actuaries, or its attorneys in the course of discussions related to formation of that agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**  All documents evidencing, reflecting, or relating to any requests FamilyCare made to CMS for documents or information under the Freedom of Information Act, including but not limited to any responses or related correspondence FamilyCare received from CMS.

**RESPONSE:**

Page 10 -  DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
10 of 13

**REQUEST FOR PRODUCTION NO. 29:**  All documents evidencing, reflecting, or relating to the following statement in your March 31, 2016 press release:  "Contrary to OHA's statements that FamilyCare's prior proposal is inconsistent with CMS-approved rates, FamilyCare received confirmation from PricewaterhouseCoopers that the proposal is 'consistent with the approved rate ranges' as required by CMS's February 24, 2016 letter to OHA."  This request includes but is not limited to all communications between you and PriceWaterhouseCoopers regarding the 2016 CCO Rates.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** All documents evidencing, reflecting, or relating to communications regarding the 2016 CCO Rates or the 2017 CCO Rates between CMS and FamilyCare (as reflected in the Definitions above, "FamilyCare" includes, among others, its actuaries, its lobbyist(s), or any other person or entity acting or advocating on FamilyCare's behalf).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  All documents evidencing, reflecting, or relating to communications regarding the 2016 CCO Rates or the 2017 CCO Rates between members of the Oregon Legislature and FamilyCare (as reflected in the Definitions above, "FamilyCare" includes, among others, its actuaries, its lobbyist(s), or any other person or entity acting or advocating on FamilyCare's behalf).  This request includes but is not limited to email communications that were conducted through email addresses other than the legislator's state email addresses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**  All documents evidencing, reflecting, or relating to communications regarding the 2016 CCO Rates or the 2017 CCO Rates between members of the executive branch of the Oregon state government and FamilyCare (as reflected in the Definitions

Page 11 -  DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
11 of 13

above, "FamilyCare" includes, among others, its actuaries, its lobbyist(s), or any other person or entity acting or advocating on FamilyCare's behalf).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**  All documents evidencing, reflecting, or relating to communications regarding the 2016 CCO Rates or the 2017 CCO Rates between the news media or any journalist and FamilyCare, (as reflected in the Definitions above, "FamilyCare" includes, among others, its actuaries, its lobbyist(s), or any other person or entity acting or advocating on FamilyCare's behalf).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**  All documents evidencing, reflecting, or relating to communications plans, lobbying efforts, proposed legislation, strategies for press releases, that relate to the 2016 CCO Rates or the 2017 CCO Rates.

**RESPONSE:**

DATED June __8__, 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Renee Stineman_
RENEE STINEMAN #994610
Attorney-in-Charge
CARLA A. SCOTT #054725
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Plaintiff

Page 12 -  DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF
RS7/rh2/8278462-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
12 of 13

**CERTIFICATE OF SERVICE**

I certify that on June __8__, 2017, I served the foregoing DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF upon the parties hereto by the method indicated below, and addressed to the following:

Stephen F. English                           ___ HAND DELIVERY
Courtney Rian Peck                          _x_ MAIL DELIVERY
Meredith M. Price                            ___ OVERNIGHT MAIL
Thomas Russell Johnson                  ___ SERVED BY E-FILING
Perkins Coie LLP
1120 NW Couch 10th Flr
Portland, OR  97209
  *Of Attorneys for Plaintiff*


        *s/ Renee Stineman*
RENEE STINEMAN #994610
Attorney-in-Charge
CARLA A. SCOTT #054725
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Plaintiff

Page 1 -   CERTIFICATE OF SERVICE
            RS7/rh2/8084159-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

SALERNO OWENS DECLARATION
EXHIBIT 1
13 of 13