IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | No. 17CV09226<br><br>**DEFENDANT'S SECOND REQUEST FOR PRODUCTION TO PLAINTIFF** |

TO:    FamilyCare, Inc., by and through attorney Stephen F, English, attorney for plaintiff, Perkins Coie LLP, 1120 NW Couch St., 10th Floor, Portland, OR 97209

Defendant requests that plaintiff respond to the following Request for Production of Documents and items pursuant to ORCP 36(B) and 43, and that the responses be served on defendant within 30 days after service of this Request at the offices of Markowitz Herbold PC, Special Assistant Attorneys General, 1211 SW Fifth Avenue, Suite 3000, Portland, Oregon 97204.

## INSTRUCTIONS

1.    Electronically Stored Information.  Electronically Stored Information includes all documents that exist in electronic format.  Format for production of documents:

a.    Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software.  (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text

files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

b. All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions.  All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document.  A single PDF of all scanned hard copy documents is not acceptable.

c. Emails should be produced in single-page TIFF format.  Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

d. Excel documents should be produced in native format with all metadata preserved.  Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

e. PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

f. All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

g. All logs should be produced in native format.

h.  Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

i.  All files shall be labeled with a Bates or control number.

j.  Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

k.  All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

l.  Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM).  Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

m.  Defendants reserve the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

2.  <u>Possession, custody, or control</u>.  This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody, or control.

3.      Excerpts and redactions.  Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reasons why the document was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

4.      Privilege log.  If documents are withheld or redacted due to privilege include a privilege log that (1) states the reason(s) you are refusing to produce the document and (2) describes the author(s), recipient(s), date and subject matter of the document in enough detail so that a determination can be made about the applicability of the claim of privilege or other reason for refusing to produce the document.

5.      File organization.  File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

6.      Usual course of business.  If responsive documents are kept together in the usual course of business, they are to be produced in that order, to fairly reveal and not to distort the order of your filing and record keeping system.  Documents attached to each other should not be separated.  File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.  The file folders must be produced intact with the documents produced therefrom.

7.      Equally available/produced by another party.  The fact that a document is equally available to another party, or produced by another party, does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

8.    Date of production.  All requests call for production of documents prepared, received, or dated at any time on or after January 1, 2015 to the present and including the date of production, unless specifically stated otherwise.

9.    Continuing requests.  These requests are continuing and you must immediately produce additional responsive documents as may be later located or acquired by you.

10.    Interpretation.

a.    Words in the singular include their plural meaning, and vice versa.

b.    The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

c.    References to persons and other entities include their agents, employees, representatives, and attorneys.

## DEFINITIONS

"Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

b.    "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, voice mails, text messages, social media posts, correspondence, notes, and electronic mail, whether as a sender, recipient, cc, or bcc.

c.    "Second Amended Complaint" means plaintiff's Second Amended Complaint.

d.    "Plaintiff," "You," "Your," or "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

e.    "Defendants" or "OHA" means the Oregon Health Authority.

f.      "Settlement Agreement" means the settlement agreement between OHA and FamilyCare dated May 22, 2016.

g.      "Dispute Resolution Agreement" means the letter agreement executed by Renee Stineman and Stephen English on December 30, 2016.

h.      "Relating to" or "relate to" means concerning, referring to, pertaining to, consisting of, containing, describing, evidencing, constituting, reflecting, bearing upon or having any logical or factual connection with the subject matter dealt with or alluded to in the subparagraphs of these requests.

i.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

j.      "Any" should be construed to include "all," and "all" should be understood to include "any."

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 35:**  All documents related to Your allegations that OHA interfered with Your business relationships as described in Your Second Amended Complaint, including but not limited to paragraphs 107 through 113.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**  All documents related to provider groups enrolling with Your competitors as described in Your Second Amended Complaint, including but not limited to paragraph 112.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**  All communications between You and anyone regarding provider groups enrolling with Your competitors as described in Your Second Amended Complaint, including but not limited to paragraph 112.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**  All of Your contracts with health care providers mentioned in Your Second Amended Complaint, including but not limited to paragraph 108.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**  All documents related to the Settlement Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**  All documents related to Your expectation that OHA would not reduce Your rates to recover amounts paid to You before the proposed 2017 rates were issued as described in Your Second Amended Complaint, including but not limited paragraph 94.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**  All documents related to the Dispute Resolution Agreement.

**REQUEST FOR PRODUCTION NO. 42:**  All communications between You and anyone regarding the Settlement Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**  All documents related to OHA's alleged failure to fulfill its obligations under the Dispute Resolution Agreement as described in Your Second Amended Complaint, including but not limited to paragraph 98.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**  All documents related to Your fulfillment of Your obligations under the Dispute Resolution Agreement as described in Your Second Amended Complaint, including but not limited to paragraph 99.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** All communications between You and anyone regarding the Dispute Resolution Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** All documents related to the expenses You incurred in connection with the Dispute Resolution Agreement, as described in Your Second Amended Complaint, including but not limited to paragraphs 100 and 105.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** All documents related to Your allegations that OHA "duped" You into signing the Dispute Resolution Agreement as described in Your Second Amended Complaint, including but not limited to paragraph 98.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** All documents related to any damages You allege You have incurred in Your Second Amended Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** All documents related to OHA's alleged interference with FamilyCare's employees, as described in Your Second Amended Complaint, including but not limited to paragraph 108.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** All documents related to OHA's alleged interference with Oregon Health Plan members as described in Your Second Amended Complaint, including but not limited to paragraph 108.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** All communications between FamilyCare and the State of Oregon, including but not limited to communications between their respective agents, officers, executives, employees, and representatives from January 1,

2012 through the present, with the sole exception of communications between their litigation counsel.

**RESPONSE:**

DATED this 11th day of October, 2017.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:   *s/ Harry B. Wilson*
_____
David B. Markowitz, OSB No. 742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB No. 003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB No. 903712
ReneeRothauge@Markowitzherbold.com
Dallas DeLuca, OSB No. 072992
DallasDeLuca@MarkowitzHerbold.com
Harry B. Wilson, OSB No. 077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB No. 076230
LauraSalernoOwens@MarkowitzHerbold.com
*Special Assistant Attorneys General for Defendant*

FAMIOR\663833_3

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2017, I have made service of the foregoing **DEFENDANT'S SECOND REQUEST FOR PRODUCTION TO PLAINTIFF** on the parties listed below in the manner indicated:

| | | |
|---|---|---|
| Stephen F. English | ☒ | U.S. Mail |
| Thomas R. Johnson | ☐ | Facsimile |
| Courtney Peck | ☐ | Hand Delivery |
| Perkins Coie, LLP | ☐ | Overnight Courier |
| 1120 NW Couch Street, Tenth Floor | ☒ | Email:   SEnglish@perkinscoie.com |
| Portland, OR 97209-4128 | | TRJohnson@perkinscoie.com |
| Attorneys for Plaintiff | | ABrenner@perkinscoie.com |
| | | BSsamuelson@perkinscoie.com |
| | ☐ | Odyssey File & ServeTM |

| | | |
|---|---|---|
| Melanie K. Curtice (admitted pro hac vice) | ☒ | U.S. Mail |
| Matthew P. Gordon (admitted pro hac vice) | ☐ | Facsimile |
| Perkins Coie LLP | ☐ | Hand Delivery |
| 1201 Third Avenue, Suite 4900 | ☐ | Overnight Courier |
| Seattle, WA  98101 | ☒ | Email:   MCurtice@perkinscoie.com |
| Attorneys for Plaintiff | | MGordon@perkinscoie.com |
| | ☐ | Odyssey File & ServeTM |

DATED this 11th day of October, 2017.

_s/ Harry B. Wilson_
Harry B. Wilson, OSB #077214
*Special Assistant Attorney General for Defendant*