**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

> Special Assistant Attorneys General for Oregon Health
> Authority, an agency of the State of Oregon, and Patrick
> Allen, both individually and in his official capacity as
> director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as
DIRECTOR OF OREGON HEALTH
AUTHORITY, an agency of the State of
Oregon,

                                    Plaintiff,

        v.

FAMILYCARE, INC., an Oregon non-profit
corporation,

                                    Defendant.

FAMILYCARE, INC., an Oregon non-profit
corporation,

                                    Plaintiff,

        vs.

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO(Trailing)

**DEFENDANT OREGON HEALTH
AUTHORITY'S SIXTH REQUEST
FOR PRODUCTION OF
DOCUMENTS TO PLAINTIFF
FAMILYCARE, INC.**

**Page 1 -   DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR
              PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SALERNO OWENS DECLARATION
EXHIBIT 6
Page 1 of 17

capacity as director of the Oregon Health
Authority,

                                                    Defendants.

TO:    FamilyCare, Inc., by and through its attorneys, Stephen F. English, Thomas R. Johnson, Alletta Brenner, Brian P. Samuelson and Douglas R. Pahl, Perkins Coie LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209.

Defendant Oregon Health Authority ("OHA") requests that plaintiff FamilyCare, Inc. ("FamilyCare") respond to the following Request for Production of Documents and items pursuant to FRCP 34 and that the responses be served on OHA within 30 days after service of this Request at the offices of Markowitz Herbold PC, Special Assistant Attorneys General, 1211 SW Fifth Avenue, Suite 3000, Portland, Oregon 97204.

## INSTRUCTIONS

1.    Electronically Stored Information.  Electronically Stored Information includes all documents that exist in electronic format.  Format for production of documents:

a.    Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software. (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives, and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

b.    All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions.  All scanned documents should be kept as they are in the regular course of business

**Page 2 -    DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SALEMOWENS DECLARATION
EXHIBIT 6
Page 2 of 17

or in the alternative provide information identifying the custodian for each document. A single PDF of all scanned hard copy documents is not acceptable.

c.      Emails should be produced in single-page TIFF format. Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.), and any electronic attachments.

d.      Excel documents should be produced in native format with all metadata preserved. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

e.      PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

f.      All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

g.      All logs should be produced in native format.

h.      Audio, video, or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

i.      All files shall be labeled with a Bates or control number.

j.      Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

k.      All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

l.      Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys

**Page 3 -   DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SALERNO OWENS DECLARATION
EXHIBIT 6
Page 3 of 17

Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath. Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM). Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

      m.     OHA reserves the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

      2.     <u>Possession, custody, or control</u>. This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody, or control.

      3.     <u>Excerpts and redactions</u>. Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reasons why the document was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

      4.     <u>Privilege log.</u> If documents are withheld or redacted due to privilege, include a privilege log at the close of discovery that (1) states the reason(s) you are refusing to produce the document, and (2) describes the author(s), recipient(s), date, and subject matter of the document in enough detail so that a determination can be made about the applicability of the claim of privilege or other reason for refusing to produce the document.

      5.     <u>File organization</u>. File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

      6.     <u>Usual course of business</u>. If responsive documents are kept together in the usual course of business, they are to be produced in that order, to fairly reveal and not to distort the order of your filing and record keeping system. Documents attached to each other should not be

**Page 4 -  DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

separated. File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request. The file folders must be produced intact with the documents produced therefrom.

7. Equally available/produced by another party. The fact that a document is equally available to another party, or produced by another party, does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

8. Date of production. All requests call for production of documents prepared, received, or dated at any time on or after January 1, 2015 to the present and including the date of production, unless specifically stated otherwise.

9. Continuing requests. These requests are continuing and you must immediately produce additional responsive documents as may be later located or acquired by you.

10. Interpretation.

a. Words in the singular include their plural meaning, and vice versa.

b. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

c. References to persons and other entities include their agents, employees, representatives, and attorneys.

## DEFINITIONS

a. "Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

b. "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, voice mails, text messages, social media posts, correspondence, notes, and electronic mail, whether as a sender, recipient, cc, or bcc.

c. "Plaintiff," "You," "Your," or "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

**Page 5 -** **DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

d.      "OHA" means the Oregon Health Authority and its employees, officers, executives, managers, and agents.

e.      "Third Amended Complaint" means Plaintiff's Third Amended Complaint.

f.      "Heatherington Foundation" means the Heatherington Foundation for Innovation and Education in Health Care, and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

g.      "FamilyCare Health" means FamilyCare Health Plans, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

h.      "Lawsuit" means the consolidated cases *Patrick Allen v. FamilyCare, Inc.*, United States District Court for the District of Oregon Case No. 3:18-cv-00212-MO (leading) and *FamilyCare, Inc. v. Oregon Health Authority and Patrick Allen*, United States District Court for the District of Oregon Case No. 6:18-cv-00296-MO (trailing).

i.      "CCO" means coordinate care organization as that term applies to the Oregon Health Plan.

j.      "2018 Rate Amendment" means the 2018 contract amendment presented to FamilyCare by OHA on October 31, 2017, or any iteration of that amendment.

k.      "30-Day Contract Extension" means the contract amendment signed by FamilyCare and OHA on December 22, 2017, which allowed FamilyCare to continue to serve members of the Oregon Health Plan from January 1, 2018 through January 31, 2018.

l.      "Personal Services Contract" means the $5 million personal services contract, which was signed in connection with the 30-Day Contract Extension.

m.      "Control" means possessing the direct or indirect power to manage or set the policies for an individual, corporation, limited liability company, partnership, association, joint stock company, trust, unincorporated organization, nonprofit, or a similar entity or combination of entity, whether by owning voting securities, by contract other than a commercial contract for

**Page 6 -   DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

good or nonmanagement services, or otherwise, unless the power is a the result of an official position or corporate office.

n.      "Relating to" or "related to" means concerning, referring to, pertaining to, consisting of, containing, describing, evidencing, constituting, reflecting, bearing upon or having any logical or factual connection with the subject matter dealt with or alluded to in the subparagraphs of these requests.

o.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

p.      "Any" should be construed to include "all," and "all" should be understood to include "any."

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 182:**  All versions of Your employee handbooks from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 183:**  All documents reflecting severance payments You provided to or agreed upon with any of Your employees from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 184:**  All documents reflecting severance agreements You provided to or agreed upon with any of Your employees from January 1, 2015 through the present.

**RESPONSE:**

**Page 7 -   DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SKLERNO OWENS DECLARATION
EXHIBIT 6
Page 7 of 17

**REQUEST FOR PRODUCTION NO. 185:** All documents related to any damages You allege You have incurred in Your Third Amended Complaint, including but not limited to all calculations of Your damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 186:** All documents related to Your expectation that OHA would present annual rate amendments that were reasonable, unbiased, actuarially sound, and free of errors in underlying data and methodology as described in Your Third Amended Complaint, including but not limited to paragraphs 148 through 151.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 187:** All documents related to legal fees You have incurred on lawsuits and preparation for lawsuits from January 1, 2015 through the present, including but not limited to all bills for legal fees for this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 188:** All of Your employee organizational charts from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 189:** All of Your employee directories, including but not limited to telephone and email directories from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 190:** All documents related to Your negotiation or renegotiation of provider contracts from January 1, 2015 through the present.

**Page 8 -  DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 191:**  All documents related to Your premium deficiency reserves from January 1, 2015 through the present, including but not limited to any calculations of Your premium deficiency reserves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 192:**  All documents related to work You have done with executive trainers, including but not limited to Karen Carnahan or Carnahan, Smith, and Gunter, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 193:**  All documents related to presentations or materials provided to You or presented to You by Karen Carnahan or Carnahan, Smith, and Gunter, Inc., including but not limited to all PowerPoint presentations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 194:**  All documents related to payments of any kind from You to Karen Carnahan or Carnahan, Smith, and Gunter, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 195:**  All documents related Your donations to the Asian Health and Service Center from January 1, 2015 through the present, including but not limited to copies of all donation checks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 196:**  All documents related to incentive payments You paid to the Asian Health and Service Center from January 1, 2015 through the

**Page 9 -   DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SKLERANG OWENS DECLARATION
EXHIBIT 6
Page 9 of 17

present, including but not limited to all contracts between You and the Asian Health and Service Center related to incentive payments, the reason incentive payments were paid to the Asian Health and Service Center, and copies of all incentive payments.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 197:** All documents related to any contracts between You and the Asian Health and Service Center, including but not limited to all contracts with the Asian Health and Service Center to provide welcome call and care coordination for Oregon Health Plan members.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 198:** All of Your board meeting minutes, including all versions whether or not approved, from January 1, 2015 through the present, including but not limited to board meeting minutes for the Heatherington Foundation and FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 199:** All of Your board committee meeting minutes, including all versions whether or not approved, from January 1, 2015 through the present, including but not limited to board committee meeting minutes for the Heatherington Foundation and FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 200:** All documents related to Your decision to shut down FamilyCare Health, including but not limited to all communications with Your board members related to FamilyCare Health's closure.

**RESPONSE:**

SKLERNO WEBB DECLARATION
EXHIBIT 6
Page 10 of 17

**REQUEST FOR PRODUCTION NO. 201:** All documents related to Your decision to shut down FamilyCare, including but not limited to all communications with FamilyCare board members related to FamilyCare's closure.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 202:** All communications between You and the Department of Consumer and Business Services from January 1, 2015 through the present, including but not limited to all communications related to the closure of FamilyCare or FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 203:** All communications between You and The Centers for Medicare and Medicaid Services from January 1, 2015 through the present, including but not limited to all communications related to the closure of FamilyCare or FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 204:** All documents related to the sale or potential sale of FamilyCare Health, including but not limited to all negotiations with anyone related to the sale of FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 205:** All documents related to the Personal Services Contract, including but not limited to all documents related to Your negotiations with OHA related to the Personal Services Contract and all documents related to Your decision to sign or accept the Personal Services Contract.

**RESPONSE:**

**Page 11 - DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SALERNO OWENS DECLARATION
EXHIBIT 6
Page 11 of 17

**REQUEST FOR PRODUCTION NO. 206:** All documents related to the 30-Day Contract Extension, including but not limited to all documents related to Your negotiations with OHA related to the 30-Day Contract Extension and all documents related to Your decision to sign or accept the 30-Day Contract Extension.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 207:** All documents related to Your alleged losses or damages relating to or arising from the 30-Day Contract Extension.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 208:** All documents related to Your alleged losses or damages relating to or arising from the rates You received from OHA from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 209:** All documents related to communications between Jack Coleman and either Nick Budnick or any other journalist related to OHA, FamilyCare, or the allegations in the Lawsuit from January 1, 2105 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 210:** All documents related to Your decision not to accept the 2018 Rate Amendment, including but not limited to all documents related to negotiations with OHA related to the 2018 Rate Amendment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 211:** All documents related to Your intent to start, operate, or consult for another CCO or return FamilyCare to business in the future.

**Page 12 - DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 212:** All documents related to Your surplus pool of payments made to providers, including but not limited to any payments to providers related to the surplus pool from January 1, 2105 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 213:** All documents related to business You have done with either any of Your board members or businesses Controlled by Your board members, from January 1, 2015 through the present, including but not limited to all documents related to payments to either any board members or businesses Controlled by Your board members.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 214:** All documents related to Your involvement or relationship with Heatherington Insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 215:** All documents related to any requirements, guidance or advice You received from anyone related to Your desired levels of surpluses from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 216:** All documents related to any requirements, guidance, or advice You have received from anyone related to Your desired levels of reserves from January 1, 2015 through the present, including but not limited to premium deficiency reserves.

**Page 13 - DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 217:**  All documents related to any requirements, guidance, or advice You have received from anyone related to FamilyCare Health's desired levels of surpluses from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 218:**  All documents related to any requirements, guidance, or advice You have received from anyone related to FamilyCare Health's desired levels of reserves from January 1, 2015 through the present, including but not limited to premium deficiency reserves.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 219:**  All documents related to how Your business model resulted in costs savings for the Oregon health care system, including but not limited to any studies You commissioned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 220:**  All of Your general ledgers from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 221:**  All of FamilyCare Health's general ledgers from January 1, 2015 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 222:**  All documents related to Your intercompany chargebacks or intercompany transactions from January 1, 2015 through the

**Page 14 - DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SKLERNO OWENS DECLARATION
EXHIBIT 6
Page 14 of 17

present, including but not limited to all documents related to intercompany transactions or intercompany chargebacks between FamilyCare and FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 223:** All documents related to loans from You to FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 224:** All documents related to any monetary support You provided to FamilyCare Health.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 225:** All documents related to the number of people served by FamilyCare Health.

**RESPONSE:**

DATED this 23rd day of March, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By: _____
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
*Special Assistant Attorneys General for*
*Oregon Health Authority, an agency of*

**Page 15 - DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

SALERNO OWENS DECLARATION
EXHIBIT 6
Page 15 of 17

*the State of Oregon, and Patrick Allen,*
*both individually and in his official*
*capacity as director of the Oregon Health*
*Authority*

FAMIOR\699817_2

SALERNO OWENS DECLARATION
EXHIBIT 6
Page 16 of 17

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2018, I have made service of the foregoing **DEFENDANT OREGON HEALTH AUTHORITY'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.** on the party/ies listed below in the manner indicated:

Stephen F. English
Thomas R. Johnson
Alletta Brenner
Brian P. Samuelson
Douglas R. Pahl
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
    *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   SEnglish@perkinscoie.com
              TRJohnson@perkinscoie.com
              ABrenner@perkinscoie.com
              BSamuelson@perkinscoie.com
              DPahl@perkinscoie.com
☐ CM/ECF System

Matthew P. Gordon (*admitted pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
    *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   MGordon@perkinscoie.com
☐ CM/ECF System

DATED this 23rd day of March, 2018.

_____
Harry B. Wilson, OSB #077214
*Special Assistant Attorney General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

**CERTIFICATE OF SERVICE**