

**MARKOWITZ HERBOLD PC**

**Laura Salerno Owens | Lawyer**
LauraSalerno@MarkowitzHerbold.com

July 24, 2018

**Via Email Only**

Amanda Beane
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101

Re:    **FamilyCare, Inc. v. Oregon Health Authority, et al.**
       **US District Court of Oregon (Portland Division)**
       **Case No. 6:18-cv-00296-MO**

Dear Amanda:

We write to raise issues with FamilyCare's production (or lack thereof) of text messages.  We also want to set a time to meet and confer on these issues so OHA can determine whether it needs to file a motion for sanctions based on FamilyCare's apparent failure to preserve relevant information.

FamilyCare's paucity of text message production suggests that FamilyCare has not taken reasonable efforts to comply with its discovery obligations or that FamilyCare custodians have spoilated evidence:

- FamilyCare has only produced 23 files containing 2,090 individual text messages (only 4 of those files containing 51 individual text messages are from FamilyCare's CEO Jeff Heatherington).  By contrast, OHA has collected and reviewed tens of thousands of text messages.  OHA has produced 4,778 individual text messages.
- OHA has produced a text message exchange with FamilyCare custodian Jeff Heatherington that FamilyCare has not produced.  See text exchange with Jeff Heatherington and Pat Allen at Bates OHA_LIT_01134688-OHA_LIT_01134712.

SALERNO OWENS DECLARATION
EXHIBIT 16
Page 1 of 3

P 503.295.3085  F 503.323.9105 | MarkowitzHerbold.com | 1211 SW Fifth Avenue, Suite 3000  Portland, OR 97204

Amanda Beane
July 24, 2018
Page 2

- FamilyCare has only produced text messages from four custodians: William Murray, Art Suchorzewski, Jeff Heatherington, and Jack Coleman.[1]  By contrast, OHA has produced text messages from 18 custodians, including 7 former employees.
- FamilyCare has not produced a text message between Ms. Saxton and FamilyCare custodian William Guest, FamilyCare's Vice President of Provider Network Services, which FamilyCare is now complaining about not receiving from OHA.
- FamilyCare has not produced any text messages from any FamilyCare custodian after January 6, 2018.

During our July 19, 2018 meet and confer, FamilyCare's lawyer stated that the reason messages have not been produced after January 2018 is because FamilyCare is no longer in business.  Whether FamilyCare is in business has no impact on FamilyCare's obligation to preserve evidence related to this lawsuit. The initial complaint was filed February 27, 2017, well before FamilyCare closed its doors and custodians became "former employees."  Accordingly, provide us a copy of the litigation hold notice that was circulated to FamilyCare employees notifying them of their duty to preserve evidence so we can better understand what steps FamilyCare took to prevent spoliation of evidence by its employees. Since FamilyCare purports in its July 9, 2018 letter that in "October 2016" OHA "had reason to anticipate FamilyCare's claim," we expect FamilyCare would have implemented preservation efforts at that time as well.

Additionally, following our July 19, 2018 meet and confer, we need additional information regarding FamilyCare's collection and production of text messages. To avoid ambiguity, by the close of business on July 27, 2018, provide us responses to the following questions in writing:

- From which custodians has FamilyCare collected text messages?
- What criteria is being used to determine whether text messages are responsive?
- Are search terms being used?  If so, what are the terms?

---

[1] Jack Coleman's text messages were not collected from his phone.  He forwarded text messages to his email account and those emails were produced, but the format of that production causes us to wonder whether his actual phone data was collected.

Amanda Beane
July 24, 2018
Page 3

- With respect to former employees, what efforts were taken to preserve the cellular data of FamilyCare employees before their employment ended?
- What instructions have FamilyCare custodians received about retention and non-deletion of text messages since commencement of the first lawsuit filed May 27, 2015.
- What has FamilyCare done to retain the electronic devices (*e.g.*, phones, i-pads, etc.) that contained text messages?
- Is there a date range being applied that limits the production of responsive text messages?
- What criteria prevented the exchange between Jeff Heatherington and Pat Allen referenced above from being produced by FamilyCare?

Because of these serious concerns we want to meet and confer on these issues. We are available on Monday, July 30 between 12:00 PM and 5:00 PM.

Very truly yours,

Laura Salerno Owens

cc:    Stephen F. English, Thomas R. Johnson, Brian P. Samuelson, Douglas R. Pahl, Alletta Brenner, Perkins Coie LLP (Portland)
Matthew P. Gordon, Nick H. Hesterberg, Perkins Coie LLP (Seattle)
Peter R. Mersereau, Beth Plass, Mersereau Shannon LLP

762100