Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON<br><br>Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM<br><br><br>ORAL ARGUMENT REQUEST |

1- FAMILYCARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OREGON HEALTH AUTHORITY'S FIRST COUNTERCLAIM

140814956. 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## INTRODUCTION

Defendant Oregon Health Authority ("OHA") filed this declaratory action under the notion that FamilyCare will *likely* file a lawsuit against OHA *if* OHA attempts to recoup any overpayments paid to it in 2015 and 2016. Def.'s Countercl. ¶ 202 (emphasis added).  OHA also states that it *reasonably expects* that FamilyCare will contend that the parties' 2016 Settlement Agreement prevents OHA from recouping any other amounts.  *Id.*  This conditional verbiage shows that OHA fails to present a live dispute that has a direct, present impact on the parties' ongoing conduct:  none of the events cited by OHA are definite nor certain.  Nor does OHA allege that FamilyCare refuses to pay these potential recoupments, because FamilyCare has made no such statement.  As such, OHA's counterclaim presents a purely a hypothetical disagreement not ripe for resolution.

## ARGUMENT

OHA alleges its claims are ripe because OHA wants to take action *now* that FamilyCare says it may not legally take.  However, OHA has not alleged that it has taken any steps to begin recouping these funds.  In fact, OHA simply alleges that it *expects* that some CCOs, including FamilyCare, will owe monies to OHA.  *Id.* (emphasis added).  OHA states it may not move forward with the recoupment process until as late as 2019.  Def.'s Countercl.  *Id.* at ¶ 200.

The decision to grant a declaratory judgment action remains a matter committed to the sound discretion of the trial court.  *Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992), *aff'd sub nom. Westlands Water Dis. V. Firebaugh Canal*, 10 F. 3d 667 (9th Cir. 1993) (*citing Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989)).  Declaratory judgment is the proper vehicle for seeking interpretation of a contract only if the parties have adverse legal interests of sufficient immediacy and reality.  *See Principal Life Ins. Co. v. Robinson*, 394 F. 3d 665, 671 (9th Cir. 2005).  "[T]he central concern [of the ripeness inquiry] is whether the case involve[s] uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Mosier v. Phoenix Life Ins. Co.,*

2-  FAMILYCARE, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS OREGON HEALTH
AUTHORITY'S FIRST COUNTERCLAIM

140814956. 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*No.* SACV12227PSGEX, 2013 WL 12132065, at *4 (C.D. Cal. Jan. 15, 2013) (quoting *Richardson v. Honolulu,* 124 F.3d 1150, 1160 (9th Cir. 1997) (edits in original)).

OHA cites *Principal Life* to support their proposition that the district court should "clarify the parties ongoing legal relations." Def.'s Resp., 2. Their reliance on *Principal Life* is misplaced. In *Principal Life*, both parties' adversarial positions had been clear for twenty years and memorialized in a document. On the other hand, here, OHA and FamilyCare do not have a well-settled, memorialized dispute. OHA simply alleges that it expects to recoup, and if it does, it expects FamilyCare to file a lawsuit. The parties have had, at best, preliminary discussions regarding what arguments FamilyCare may make if OHA proceeds with recoupment.

Moreover, *Principal Life* expressly requires sufficient immediacy and real controversy when entering a declaratory judgment. 394 F.3d at 671. Upon learning the definitive recoupment amount, it remains entirely possible that FamilyCare will cooperate with recoupment when and if it becomes due in 2019, despite initial contrary positions.

OHA asserts that *Rich v. Wells Fargo Bank*, No. 1:14-CV-00393-PA, 2014 WL 5324303 (D. Or. Oct. 17, 2014) is inapposite because it solely applies to foreclosure cases. While it is correct that *Rich* deals with a foreclosure proceeding, the logic is instructive because it reads that the foreclosure suit was not "pending or contemplated," just as no suit here is imminent. *Id*. at *2.

OHA's argument that *State Farm Fire & Cas. Co. v. Meritage Homeowners' Ass'n.*, No. 3:14-CV-01623-JE, 2015 WL 1490307, at *5 (D. Or. Apr. 1, 2015) is not pertinent here is also unavailing. In *State Farm*, this Court specifically stated that where a complaint sought relief "*in the event*" that the HOA made a claim for the payment of fees and costs, it failed to present an actual case or controversy sufficiently immediate to warrant a claim for declaratory relief. *Id*. at *5. Here, OHA is seeking the interpretation of the contract *in the event* FamilyCare will owe monies to OHA, because FamilyCare *will likely* file a lawsuit against OHA *if* OHA attempts to

3- FAMILYCARE, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS OREGON HEALTH
AUTHORITY'S FIRST COUNTERCLAIM

140814956. 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

recoup any overpayments paid to it in 2015 and 2016.  As in *State Farm*, OHA's request is at best based on a "hypothetical set of facts" and seeks what would amount to an impermissible advisory opinion.  *Id.*

## CONCLUSION

For the foregoing reasons, OHA's counterclaim for declaratory relief should be dismissed.

DATED:  August 13, 2018

**PERKINS COIE LLP**

By: *s/ Stephen F. English*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

4-  FAMILYCARE, INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS OREGON HEALTH
AUTHORITY'S FIRST COUNTERCLAIM

140814956. 1