Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON<br><br>                              Defendants. | No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>ORAL ARGUMENT REQUESTED |

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

140678968

## L.R. 7-1 COMPLIANCE

Oregon Health Authority says an attempt was made to resolve the dispute because counsel for OHA sent a letter on July 24, 2018, raising questions regarding FamilyCare's production of text messages. While FamilyCare was working on a response, and without further attempts to confer by OHA, OHA filed this motion. FamilyCare sent a substantive letter responding to OHA's questions regarding text messages on August 15, 2018, and offering to meet and confer. (Declaration of Amanda Beane in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ("Beane Decl.") Ex. A.) OHA declined. (Beane Decl. Ex. B.) OHA's motion raised for the first time questions regarding FamilyCare's production of instant messages ("IMs"). (Beane Decl. ¶ 2.)

## I.    INTRODUCTION

OHA moves to compel the production of text messages and IMs from FamilyCare on the basis that since FamilyCare has not produced many, there must be more. As OHA has been told, however, FamilyCare has produced all responsive text messages and IMs. There are not more because FamilyCare employees rarely texted for work, and, to the extent they sometimes used IMs, most of the messages are not responsive. FamilyCare has collected text messages from all agreed-upon custodians who may have possessed potentially-responsive messages and whose messages were under FamilyCare's possession, custody, or control. In addition, every IM at FamilyCare is archived and IMs were included in custodian collections.

OHA's motion is an obvious attempt at deflecting the Court's attention from serial and intentional message deletions admitted to by OHA's former director Lynne Saxton. Indeed, OHA started questioning FamilyCare's production of text messages only after it became apparent that OHA itself has a serious spoliation issue on its hands with respect to text messages: Lynne Saxton testified that she deleted her text messages *every day*, including *after* receiving a litigation hold related to this matter. (Beane Decl. Ex. C (Saxton Depo.) at 66:1-5 ("I removed texts from my screen on a daily basis as a matter of standard business practice throughout my

1-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

140896076.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

tenure which would be from the last week in January 2015 to August 31, 2017."); *id.* Ex. D. This motion was filed by OHA three days after Saxton's deposition was held.  Moreover, OHA concedes that there are nearly 80 text messages involving Lynne Saxton which are not recoverable and cannot be ruled out as non-responsive.  (Beane Decl. Ex. E).  Many of Saxton's deleted text messages were between her and other OHA custodians, who also do not have the missing text messages.  (*Id.*)  OHA has offered no explanation for why multiple custodians are missing the same messages.  (*Id.*)  OHA's motion is nothing more than a smoke screen to attempt to cover its own issues, which is why it filed the motion without conferring with FamilyCare and continues to refuse to confer after FamilyCare provided information sufficient for it to withdraw this motion.[1]  OHA has had plenty of opportunity to ask FamilyCare's custodians about their text messages and instant messages during depositions if OHA were truly concerned about FamilyCare's production of those communications, but it has not done so. (Declaration of Courtney Peck in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ¶ 2-4.)

## II.    ARGUMENT

### A.    The Number of Text Messages and IMs that FamilyCare has Produced is Reflective of FamilyCare's Relative Size and Business Practices.

OHA's primary complaint in its motion to compel is that it expected to see more text messages and IMs than FamilyCare has produced.  FamilyCare, however, is not withholding responsive communications.  They simply do not exist.  To place this issue in context, FamilyCare and OHA agreed near the beginning of discovery that FamilyCare's custodian list included only 15 individuals.  (Declaration of Jessica Hasen in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ("Hasen Decl.") ¶ 2.)  OHA, on the other hand, has 75 agreed-upon custodians.  (*Id.*)  Similarly, FamilyCare has produced less than half

---

[1] FamilyCare anticipates filing a spoliation motion on these topics.

2-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

140896076.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the number of responsive documents that OHA has produced. (*Id.*) Finally, unlike many of the OHA custodians, who had state- or work-issued cell phones and used text messaging and IMs for work purposes with some frequency, only two of FamilyCare's custodians had work-issued cell phones, and only a handful of the 15 custodians corresponded via text message or IM regarding matters relevant to this dispute. (Declaration of Lee McDonald in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ("McDonald Decl.") ¶¶ 2, 6-7.) In short, this Court does not need to reopen discovery for purposes of compelling FamilyCare to produce additional responsive text messages and IMs because none exist.

### B. Reopening discovery for the purposes that OHA requests is not likely to lead to the discovery of additional relevant evidence.

#### 1. FamilyCare has produced its custodians' responsive text messages within FamilyCare's custody, possession, and control.

FamilyCare has collected, reviewed, and produced its custodians' responsive text messages, to the extent that those messages were in FamilyCare's custody, possession, and control. As noted above, only two custodians had FamilyCare-issued cell phones. (McDonald Decl. ¶ 2.) For those two phones, *all* text messages have been periodically collected. (*Id.* ¶¶ 3-4.) In addition, a small number of current employees who do not have FamilyCare-issued cell phones occasionally—although rarely—text on their personal phone for work-related reasons. (Hasen Decl. ¶ 3.) Those texts have been collected, as well. (*Id.*) Despite that the remaining custodians have phones that are not under FamilyCare's possession, custody, or control, counsel for FamilyCare has confirmed where it could that those custodians did not have responsive texts. (Declaration of Alletta Brenner in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ¶¶ 2-4; Declaration of Nicholas Hesterberg in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ¶ 2; Declaration of Cheri Pfannes in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ¶ 2; Declaration

3- FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
140896076.2 TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

of Anthony Jackson in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ¶ 2.)

After FamilyCare collected text messages from the few custodians who did have them, it initially searched those messages using the search parameters (i.e., date range and search terms) that the parties agreed to use. (Hasen Decl. ¶ 4.) However, in an abundance of caution, all text messages collected from FamilyCare were later reviewed for responsiveness. (*Id.*) In total, FamilyCare has produced over 100 text message conversations. (*Id.* ¶ 5.) At least 20 of those are dated after January 2018 and were produced to OHA on either July 13 or July 31, 2018. (*Id.*)

Moving past OHA's speculation regarding text messages that it believes should exist, OHA has provided only three specific examples for why it believes that FamilyCare's production of text messages is deficient. First, OHA contends that FamilyCare's collection from one custodian, Jack Coleman, was deficient because FamilyCare did not pull text messages directly from Mr. Coleman's phone but, instead, produced text messages that were forwarded to his email account. (Motion to Compel at 3.) Mr. Coleman did not have a FamilyCare-issued phone and was using his personal phone to occasionally send work-related messages. (McDonald Decl. ¶ 5.) His phone was thus not in FamilyCare's custody, possession, or control, and FamilyCare worked with him to obtain all potentially responsive text messages. (*Id.*) Despite being in a different format than the other text messages that FamilyCare has collected, there is no reason to believe that the collection from Mr. Coleman's phone was deficient.

The second example is one text message conversation between FamilyCare CEO Jeff Heatherington and OHA Director Pat Allen—a conversation that OHA itself produced in discovery. (Motion to Compel at 3.) Mr. Heatherington has a Family-Care issued cell phone and uses it on occasion to send text messages for work. (Declaration of Jeff Heatherington in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel ("Heatherington Decl.") ¶ 2.) He has twice provided his phone to Lee McDonald, FamilyCare's Senior Network

4- FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
140896076.2 TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Administrator, for the purpose of allowing Mr. McDonald to collect all text messages from it. (McDonald Decl. ¶ 3.)  Following that collection, FamilyCare reviewed and produced responsive, nonprivileged text messages.  (Hasen Decl. ¶¶ 3 & 4.)  Although Mr. Heatherington does not have a practice of deleting text messages from his phone, he is unable to locate his conversation with Mr. Allen and believes he may have inadvertently deleted it.  (Heatherington Decl. ¶¶ 2 & 3.)  But one missing text message conversation—a conversation that has been recovered from Mr. Allen—does not justify a motion to compel.

Third, OHA contends that FamilyCare refuses to supplement its production with responsive text messages after January 2018.  (Motion to Compel at 5-7.)  Not so.  As noted above, FamilyCare has produced at least 20 responsive text message conversations that occurred in or after January 2018.  OHA's argument otherwise is thus demonstrably false.[2]

As explained above, there is no evidence that any potentially-responsive text messages are being withheld.  Nor is there any evidence that FamilyCare's collection or production of its custodians' text messages is deficient.  OHA's motion to compel additional text messages should therefore be denied.

---

[2] In its Motion to Compel, OHA refers to a letter that it sent to FamilyCare's counsel on July 11, 2018, requesting supplemental production relevant to OHA's recently filed defenses and counterclaims.  (Motion to Compel at 7.)  FamilyCare did not refuse to supplement its production, as OHA implies.  (*See id.* ("On July 18, counsel for FamilyCare notified OHA that FamilyCare would not be supplementing its production.").)  Instead, FamilyCare notified OHA that: "Based upon our review, and in particular our confirmation of the breadth of our prior productions, we do not believe that supplementation of our written responses or production of additional documents is warranted."  (Beane Decl. Ex. F.)  FamilyCare's counsel, however, invited OHA to identify specific documents or categories of documents that OHA believed were relevant to its counterclaims and defenses that FamilyCare had not produced.  (*Id.*)  OHA responded by reciting its affirmative defenses and acknowledging that many of its document requests had already asked for documents related to those defenses.  (*Id.*)  In other words, OHA did not clarify the issue for FamilyCare and, in fact, dropped the issue after its email of July 26, 2018.  (Beane Decl. ¶ 8.)

5-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
140896076.2  TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## 2.    FamilyCare has produced its custodians' responsive IMs.

OHA next argues, for the first time, that FamilyCare's production of IMs is deficient. (Motion to Compel at 4.)  Again, OHA is incorrect—a fact FamilyCare would have explained to OHA had it conferred on this issue before filing this motion, and that FamilyCare did explain after the motion was filed.  As the sole support for its argument, OHA mischaracterizes testimony from Ross McDonald, a former employee in FamilyCare's health analytics department.  (*See id.* (representing that Mr. McDonald "testified that FamilyCare officials used an instant messaging system to communicate with each other").)  What Mr. McDonald actually stated is that he and members of his health analytics team, as well as a few members of the engineering team, used an instant messaging tool called "MatterMost."  (Declaration of Laura Salerno Owens in Support of OHA's Motion to Compel, Ex. 17 (McDonald Depo.) at 89:6-90:1.)  He further testified that other FamilyCare officials, including Kevin Clancy, Bill Murray, and Jeff Heatherington, did not have the MatterMost instant messaging tool.  (*Id.* at 90:2-10.)  In any event, all MatterMost messages are sent to the individual users' emails, which are archived for 10 years, and which were collected for each FamilyCare custodian.  (McDonald Decl. ¶ 7 & 8.)  MatterMost messages were therefore included in FamilyCare's document review.  They weren't produced because they simply did not hit on the agreed-upon search terms or were not responsive to OHA's document requests.

FamilyCare did produce IMs from a different messaging system, however.  Specifically, some FamilyCare employees occasionally used an IM tool called Barracuda IM Server. (McDonald Decl. ¶ 6.)  Similar to the MatterMost messages, Barracuda IMs were collected for each FamilyCare custodian.  (*Id.*)  In total, FamilyCare collected 3,390 Barracuda IM conversations.  (Hasen Decl. ¶ 7.)  Only 29 of those conversations hit on the parties' agreed-upon search terms and date ranges and, ultimately, six conversations were produced.  (*Id.*)

MatterMost and the Barracuda IM Server were the only two IM tools used at FamilyCare during the relevant time period.  (McDonald Decl. ¶ 8.)  As described above, FamilyCare

6-    FAMILYCARE, INC.'S RESPONSE IN OPPOSITION
TO DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

140896076.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

collected IMs sent using both of those tools as part of its collection of the FamilyCare custodians' PST files.  Upon review, however, very few IMs were responsive to OHA's document requests.  This Court therefore need not reopen discovery for purposes of compelling FamilyCare to produce IMs.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny OHA's Motion to Compel Production of Documents.

DATED:  August 22, 2018

**PERKINS COIE LLP**

By: *s/ Stephen F. English*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

FAMILYCARE, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

140896076.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222