PERKINSCOIE

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T +1.206.359.8000
F +1.206.359.9000
PerkinsCoie.com

Amanda J. Beane
ABeane@perkinscoie.com
D.  +1.206.359.3965
F.  +1.206.359.4965

July 9, 2018

**VIA EMAIL AND U.S. MAIL**

Matthew A. Levin
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Ave., Ste 3000
Portland, Or 97204
MattLevin@MarkowitzHerbold.com
LauraSalerno@MarkowitzHerbold.com

Re:    *FamilyCare, Inc. v. Oregon Health Authority*

Dear Matt and Laura:

We are writing to follow up on the issue of text messages that have been deleted by OHA custodians or are otherwise missing.  In the absence of the production of these texts, our next step will be a motion seeking sanctions due to evidence spoliation.

In February, you notified us that certain potentially-responsive text messages of Lynne Saxton were missing.  On April 30, 2018, you provided some additional information regarding these messages and promised us matrices containing their metadata.  We asked follow-up questions by email on May 8, and, between May 8-May 11, repeatedly inquired about the promised metadata.  On the morning of May 14, you abruptly cancelled a meet and confer regarding the issue scheduled for that same day, claiming that further conversations could not continue until Ms. Saxton obtained personal counsel.  While we disagreed with your position, we followed up on June 6 (having still not received the metadata) and again on June 8.  We finally received the matrices with metadata on June 13.

As we understand it, the matrices provide metadata for 84 deleted or missing text messages for which Lynne Saxton has been identified as the custodian and which you could not rule out as non-responsive.  The text messages also involve **14** other OHA custodians, as well as 19 people who are not OHA custodians.  You have confirmed that the 84 text messages on the matrices are not recoverable from *any* of these 14 custodians and we presume they are also not recoverable from the non-custodians involved.  A full list of the names identified in the matrices, and whether they are a custodian, is set forth below (you have identified two phone numbers without names; these are not listed).

140484952.2
Perkins Coie LLP

Exhibit E
Page 1 of 4

Matthew A. Levin
Laura Salerno Owens
July 9, 2018
Page 2

| Name | Custodian |
|------|-----------|
| Austin Jones | No |
| Berri Leslie | No |
| Bethanne Darby | Yes |
| Betsy Johnson | No |
| Bill Guest | No |
| Brent Eichman | No |
| Cynthia Ackerman | No |
| Janell Evans | Yes |
| Jennifer Lind | No |
| Jeremy Vandehey | Yes |
| Jeston Black | Yes |
| Jill Eiland | No |
| Kayla Jones | Yes |
| Keely West | No |
| Kim Scott | No |
| Leslie Clement | Yes |
| Lori Coyner | Yes |
| Lorissa Bounds | No |
| Lynne Saxton | Yes |
| Mark Fairbanks | Yes |
| Pat Allen | Yes |
| Paulette Pyle | No |
| Phil Greenhill | No |
| Rep. Buehler | No |
| Rep. Hayden | No |
| Rhonda Busek | Yes |
| Robb Cowie | Yes |
| Sean Kolmer | No |
| Sen. Gelser | No |
| Theresa Souza | Yes |
| Varsha Chauhan | Yes |

Since receiving the metadata on June 13, we have repeatedly asked you for additional information about the text messages, both by email and in two telephone conferrals (on June 14 and again on June 21). In both conferrals, you were unable to answer any substantive questions, saying you had no knowledge regarding the investigation into the text messages. You have

140484952.2
Perkins Coie LLP

Matthew A. Levin
Laura Salerno Owens
July 9, 2018
Page 3

answered some of our questions by email, such as basic information about the type of phone Ms. Saxton has or information about how you determined some missing or deleted text messages were likely non-responsive.

However, despite our repeated requests, you have not explained why these text messages are missing from multiple custodians in the first place. The answer to our Request for Admission No. 22 provides part of the story: you admit "that Ms. Saxton deleted some text messages from the cellular phones issued to her by OHA." This admission, plus the persistent silence in the face of our requests strongly suggests that these messages have been affirmatively deleted not only by Ms. Saxton, but by 14 other custodians and possibly non-custodians as well.

In any event, and regardless of the explanation, it is clear that OHA has lost information that it should have been preserved in anticipation or conduct of litigation and failed to take reasonable steps to preserve the information. *See* FRCP 37(e). We also assume from your failure to produce this information that the information cannot be restored or replaced by other means, such as iCloud or computer backups. *See id.* This is particularly troubling because the bulk of the text messages are dated after October 2016, which is to say, after OHA had reason to anticipate FamilyCare's claim. Indeed, the DOJ issued a litigation preservation notice on December 21, 2016, and most of the missing or deleted text messages are from 2017.

Setting aside their litigation-related preservation obligations, Ms. Saxton and other OHA custodians also had the obligation to preserve these text messages pursuant to ORS 192.005 *et seq.*, which governs the record retention obligations of Oregon state agencies. The text messages in question would appear to be within this body of law's broad definition of "public record" for purposes of an agency's retention obligations. See ORS 192.005(5)(a)(A)–(C) (defining "Public Record" to include "any information . . . prepared, owned, used or retained by a state agency or political subdivision . . . [that] [r]elates to an activity, transaction or function of a state agency or political subdivision; and [i]s necessary to satisfy the fiscal, legal, administrative or historical policies, requirements or needs of the state agency or political subdivision.") (emphasis added). Further, the Oregon Department of Administrative Services promulgated a model statewide record retention policy in 2016 which treats text messages as subject to retention when such messages relate to official state business. *See* "Public Records Management," Department of Administrative Services, *available at*, https://www.oregon.gov/das/Policies/107-001-020.pdf ("If, notwithstanding this Policy, text message is used to communicate information (not otherwise documented) relating to official state business or primary business of the employee's work, such discussion is to be immediately converted and saved in a separate public record format (e.g., by forwarding the relevant text messages to an employee's official e-mail)."). Indeed, OHA's own record retention policies incorporate a substantially similar rule, requiring that all text messages not used for routine communications or logistical information and not otherwise documented as a public record be "immediately converted from the messaging format

140484952.2
Perkins Coie LLP

Matthew A. Levin
Laura Salerno Owens
July 9, 2018
Page 4


to a separate public record format and stored in accordance with agency retention schedules."
See "Records Retention and Management Policy," Policy Number DHS|OHA-010-018 (last
updated Sept. 1, 2016).

If you have any explanation for the missing text messages (which, to date, you have not offered),
we look forward to receiving it as soon as possible.  If you have back-ups to these text messages,
please notify us and produce those back-ups right away.  Barring a satisfactory explanation and
recovery of the texts in full, we will pursue appropriate relief from the Court.

Very truly yours,

Amanda J. Beane