**Subject:**          RE: FamilyCare, Inc. v. Oregon Health Authority, et al.

**From:** Brittany M. Simpson [mailto:brittanysimpson@markowitzherbold.com]
**Sent:** Thursday, July 26, 2018 4:39 PM
**To:** Hesterberg, Nicholas H. (Nick) (SEA) <NHesterberg@perkinscoie.com>; Joanna Stalheim <joannastalheim@markowitzherbold.com>; English, Stephen F. (POR) <SEnglish@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Pahl, Douglas (POR) <DPahl@perkinscoie.com>; Brenner, Alletta S.(POR) <ABrenner@perkinscoie.com>; Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>; PMersereau@mershanlaw.com
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Matt Levin <mattlevin@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>
**Subject:** RE: FamilyCare, Inc. v. Oregon Health Authority, et al.

Nick,

We write to follow up on your email below and to request additional conferral on several topics.

**Supplemental Production**
With respect to FamilyCare's position below that it does not need to supplement its responses or its production, we disagree. Many of OHA's RFPs seek documents that are relevant to our affirmative defenses. For example, Requests 39 and 42, among others, relate to OHA's fourth affirmative defense, release.  Requests 58, 60, 99, 107-08, 130, 133, and 209, among others, relate to OHA's fifth affirmative defense, unclean hands.  Requests 53 and 211, among others, relate to OHA's sixth affirmative defense, mootness. We expect FamilyCare to produce documents responsive to these requests. If FamilyCare will not, we intend to raise this issue with the Court.

**FamilyCare Database**
In the Fourth Amended Complaint, FamilyCare alleges that it has its own "enrollment data." (Compl. 24.)  FamilyCare also alleges that it was unable to "reconcile" its enrollment data with OHA's data. And FamilyCare repeatedly alleges that OHA's enrollment and encounter data contained errors. (E.g., Compl. 4, 67-69.)  As OHA's Answer makes clear, OHA denies many of those allegations. To prepare its case and rebut FamilyCare's allegations, OHA needs access to FamilyCare's claims and enrollment database.  We've request this data in RFPs 162-68

We're aware that the Court has previously denied OHA's motion to compel this database. However, OHA's Answer put FamilyCare's allegations at issue. At the hearing, the Court indicated that subsequent pleadings could change the Court's rulings: "in the absence of counterclaims or defenses, it does limit sort of the circumference of what's potentially relevant just to the claims in the complaint. And that may have an impact that would be different if we were examining this -- the same discovery issues later."  Accordingly, we intend to raise this issue with the Court again if FamilyCare will not produce its complete claims and enrollment database.

**Heatherington Foundation**
On April 9, the Heatherington Foundation served us with responses to our subpoena. The Foundation refused to produce any documents. Two months later, Jeff Heatherington testified in his deposition that FamilyCare intended to transfer $75 to $95 million to the Foundation. He also testified that the Foundation could potentially start a new CCO. Heatherington's testimony makes the Foundation's documents relevant. Heatherington's testimony shows that he had an incentive to close FamilyCare and thus challenges FamilyCare's allegation that OHA and Pat Allen caused FamilyCare

1

to shut down and "suffer a near-total loss of its enterprise value." Heatherington's testimony that the Foundation could start a new CCO also makes the Foundation's documents relevant to OHA's mootness affirmative defense. If the Heatherington Foundation continues to resist the subpoena, we will move to compel.

**Revised Topic 7 of FamilyCare's Rule 30(b)(6) notice**

FamilyCare served us with an amended notice of Rule 30(b)(6) deposition on July 20. Topic 7 of that amended notice is overbroad, unduly burdensome, ambiguous, and not proportional to the needs of the case. The terms "influence" and "attempt to influence" are vague, ambiguous, and undefined. They are open to subjective interpretation and could refer to everything from written advocacy to casual conversation. The concluding clause "or attempt to obtain the goodwill of legislative officials" is dramatically overbroad. This clause could conceivably capture acts as minor having coffee with a legislator. "Goodwill" is ambiguous and undefined and it is impossible to prepare a witness on such a nebulous and undefined topic. We request FamilyCare provide a revised topic. If FamilyCare does not, we will raise this issue with the Court.

Please provide a time tomorrow to confer on these issues.

Best,


**Brittany M. Simpson** | Lawyer
**Markowitz Herbold PC**
1211 SW Fifth Avenue, Suite 3000 | Portland, OR  97204-3730
**T** (503) 295-3085 | Web

CONFIDENTIALITY NOTICE: The information contained in this transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.


**From:** Hesterberg, Nicholas H. (Nick) (Perkins Coie) [mailto:NHesterberg@perkinscoie.com]
**Sent:** Wednesday, July 18, 2018 12:31 PM
**To:** Joanna Stalheim; English, Stephen F. (Perkins Coie); Gordon, Matthew P. (Perkins Coie); Johnson, Thomas R., Jr. (Perkins Coie); Pahl, Douglas (Perkins Coie); Brenner, Alletta S. (Perkins Coie); Samuelson, Brian P. (Perkins Coie); Beane, Amanda J. (Perkins Coie); Morales, Nathan (Perkins Coie); PMersereau@mershanlaw.com
**Cc:** Harry Wilson; Matt Levin; Laura Salerno Owens; Anna Joyce; Brittany M. Simpson
**Subject:** RE: FamilyCare, Inc. v. Oregon Health Authority, et al.

Harry,

We have reviewed FamilyCare's responses to the requests for production identified in your July 11 letter and have evaluated FamilyCare's prior document productions in light of OHA's Answer to FamilyCare's Fourth Amended Complaint, Affirmative Defenses and Counterclaim. Based upon our review, and in particular our confirmation of the breadth of our prior productions, we do not believe that supplementation of our written responses or production of additional documents is warranted. If you believe that FamilyCare's productions do not contain specific documents or categories of documents that are relevant to OHA's defenses or counterclaim, please advise.

Thanks,
Nick

**Nick Hesterberg** | **Perkins Coie LLP**
D. +1.206.359.3087

**From:** Hesterberg, Nicholas H. (Nick) (SEA)
**Sent:** Friday, July 13, 2018 12:03 PM
**To:** 'Joanna Stalheim' <joannastalheim@markowitzherbold.com>; English, Stephen F. (POR) <SEnglish@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Pahl, Douglas (POR) <DPahl@perkinscoie.com>; Brenner, Alletta S.(POR) <ABrenner@perkinscoie.com>; Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>; PMersereau@mershanlaw.com
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Matt Levin <mattlevin@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>
**Subject:** RE: FamilyCare, Inc. v. Oregon Health Authority, et al.

Harry,

We are considering your request to supplement responses to OHA's requests for production and will have a response for you early next week.

Best,
Nick

**Nick Hesterberg** | **Perkins Coie LLP**
D. +1.206.359.3087

**From:** Joanna Stalheim [mailto:joannastalheim@markowitzherbold.com]
**Sent:** Wednesday, July 11, 2018 9:57 AM
**To:** English, Stephen F. (POR) <SEnglish@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Pahl, Douglas (POR) <DPahl@perkinscoie.com>; Brenner, Alletta S.(POR) <ABrenner@perkinscoie.com>; Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (SEA) <NHesterberg@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>; PMersereau@mershanlaw.com
**Cc:** Harry Wilson <harrywilson@markowitzherbold.com>; Matt Levin <mattlevin@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>
**Subject:** FamilyCare, Inc. v. Oregon Health Authority, et al.

Good morning,

Attached is a letter from Harry Wilson re Requests for Production.

Thank you.

**Joanna Stalheim** | Legal Assistant
**Markowitz Herbold PC**
1211 SW Fifth Avenue, Suite 3000 | Portland, OR  97204-3730
**T** (503) 295-3085 | Web

**CONFIDENTIALITY NOTICE:** The information contained in this transmission is confidential. It may also be subject to the attorney-client privilege or be privileged work product or proprietary information. This information is intended for the exclusive use of the addressee(s). If you are not the intended recipient, you are hereby notified that any use, disclosure, dissemination, distribution (other than to the addressee(s)), copying or taking of any action because of this information is strictly prohibited.

Exhibit F
Page 3 of 4

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit F
Page 4 of 4