5/27/2015 4:41:45 PM
15CV13782

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | No. 15CV13782<br><br>COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>Amount Claimed: No less than $23,841,402<br><br>Fee Source: ORS 21.160(e) |

Plaintiff FamilyCare, Inc. ("FamilyCare") alleges:

**NATURE OF ACTION**

1.

The Oregon Legislature along with the Oregon Governor established Coordinated Care Organizations ("CCOs") to achieve the triple aim of better health, better health care and lower per capita costs. *See* ORS 414.625. Since September 2012, a total of 16 CCOs have entered into contracts with Oregon Health Authority ("OHA" or the "Agency") to provide managed and coordinated care, including physical, mental and dental health services, to Medicaid-eligible members throughout the state. In exchange for these services, the CCOs receive capitation payments that are established by OHA. Because the United States Department of Health and Human Services' Centers for Medicare & Medicaid Services

Page 1  -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

("CMS") funds a portion of the capitation payments, the payments must conform with federal law and regulations. FamilyCare is one of those CCOs. FamilyCare is bringing this action against OHA because the Agency has failed to establish capitation rates on an "actuarially sound basis" as required by the Medicaid Act and its implementing regulations, 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6(c)(3). OHA's failure to comply with federal law constitutes a breach of its contract with FamilyCare, and in refusing to commit to reissue new rates and make them apply retroactively, OHA is proceeding without probable cause pursuant to ORS 183.480(3). Moreover, OHA has been unjustly enriched by FamilyCare's provision of medical services to OHA because the rates that OHA is paying FamilyCare for those services are lower than the rates would be if they were actuarially sound. OHA also has tortiously breached (1) its duty to act in good faith toward FamilyCare and (2) its statutory duty to adopt actuarially sound rates.

FamilyCare asks the Court to award it damages based on OHA's breach of contract and on OHA's tortious actions, to award it the reasonable amount of the benefit it conferred on OHA, to reform the FamilyCare-OHA contract and to order OHA to establish capitation payment rates that are actuarially sound and made retroactive to January 1, 2015.

**PARTIES**

2.

FamilyCare is an Oregon non-profit corporation with its principal place of business located at 825 NE Multnomah Street, Suite 1400, Portland, Multnomah County, Oregon. FamilyCare is certified as a CCO and has contracted with the State of Oregon, by and through OHA, to provide services for the Oregon Health Plan ("OHP"), the state's Medicaid program. FamilyCare has contracted with the State of Oregon to provide health care services to Oregon's Medicaid population since April 1985. Currently, FamilyCare provides integrated physical, mental and dental health services to more than 132,000 OHP members in the Tri-County area and in Marion County.

Page 2  -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Exhibit 8
Page 2 of 27

3.

OHA was created by the Oregon Legislature in 2009 to organize most of the state's health-related programs into a single agency. OHA is the single state agency responsible for administering Oregon's Medicaid program. OHA administers the Medicaid program though its Division of Medical Assistance Programs, which was previously a division of the Oregon Department of Human Services. Also contained within OHA is the Actuarial Services Unit ("ASU").

**JURISDICTION AND VENUE**

4.

Jurisdiction and venue are proper over FamilyCare's contract claims under the Court's general jurisdictional powers, because the parties reside in the State of Oregon and because they have consented to the jurisdiction and venue of the Circuit Court of Marion County in the contract on which this action is based. Jurisdiction and venue are proper over FamilyCare's equitable and tort claims under the Court's general jurisdictional powers, because the parties reside in the State of Oregon and OHA resides in Marion County.

5.

This Court also has jurisdiction pursuant to ORS 183.480(3) to review an agency action when an agency is proceeding without probable cause or a party will suffer substantial and irreparable harm if interlocutory relief is not granted. Venue further is proper pursuant to ORS 183.484(1) and ORS 14.060.

**GENERAL ALLEGATIONS**

**A.      The Medicaid Act Requires "Actuarially Sound" CCO Capitation Rates.**

6.

In the Social Security Amendments of 1965, Congress established Title XIX of the Social Security Act, commonly referred to as the "Medicaid Act." The Medicaid Act established a program that supplies federal funds to states that agree to maintain a medical

Page 3 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 3 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

assistance program for the benefit of aged, blind or permanently disabled individuals and for the benefit of families with dependent children. *See* 42 USC § 1396, *et seq*. The Medicaid program is a cooperative program that is financed jointly by the federal and state governments. *See* 42 CFR § 430.0. Currently, in Oregon, 63% to 74% of every dollar spent on Medicaid services by the state comes from the federal government.[1]

7.

The Medicaid program is voluntary, but once a state chooses to join it must follow the requirements set forth in the Medicaid Act and its implementing regulations to receive matching federal funds. *See Wilder v. Va. Hosp. Ass'n*, 496 US 498, 502, 110 S Ct 2510, 110 L Ed 2d 455 (1990).

8.

One of those requirements is that the state must reimburse managed care organizations, including CCOs, in a manner that is actuarially sound. Specifically, Title XIX provides CMS with the authority for requiring actuarial soundness by stating that no payment shall be made to a managed care organization (or CCO) for Medicaid services to enrollees unless the services are provided in accordance with a contract between the state and the managed care organization "under which prepaid payments * * * are made on an actuarially sound basis." 42 USC § 1396b(m)(2)(A)(iii).

9.

CMS also has adopted regulations further governing the requirement that rates be "actuarially sound." CMS has defined "actuarially sound capitation rates" as meaning capitation rates that "(A) Have been developed in accordance with generally accepted actuarial principles and practices; (B) Are appropriate for the populations to be covered, and the services to be furnished under the contract; and (C) Have been certified, as meeting the

---

[1] *See* http://aspe.hhs.gov/health/reports/2014/FMAP2015/fmap15.cfm.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 4    -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 4 of 27

requirements of this paragraph (c), by actuaries who meet the qualification standards established by the American Academy of Actuaries and follow the practice standards established by the Actuarial Standards Board." 42 CFR § 438.6(c)(1)(i).

10.

The regulations further explain that, "[i]n setting actuarially sound capitation rates," a state must apply certain elements or explain why those elements do not apply, and the state must provide specific documentation including an actuarial certification of the capitation rates. *See* 42 CFR § 438.6(c)(3), (4). For example, elements that the state must apply include: (1) "[b]ase utilization and cost data that are derived from the Medicaid population, or if not, are adjusted to make them comparable to the Medicaid population;" (2) "[a]djustments made to smooth data[2] and adjustment to account for factors such as medical trend inflation, incomplete data, MCO, PIHP, or PAHP administration * * * and utilization;" (3) "[r]ate cells specific to the enrolled population[] by * * * [l]ocality/region * * *;" and (4) "other payment mechanisms and utilization and cost assumptions that are appropriate for individuals with chronic illness, disability, ongoing health care needs, or catastrophic claims, using risk adjustment, risk sharing, or other appropriate cost-neutral methods." 42 CFR § 438.6(c)(3)(i)-(iv).

11.

The regulations further require that all managed care contracts must "[c]omply with all applicable Federal and State laws and regulations" and must "[m]eet all the requirements of this section." 42 CFR § 438.6(f).

---

[2] The regulations define "adjustments to smooth data" as "adjustments made, by cost-neutral methods, across rate cells, to compensate for distortions in costs, utilization, or the number of eligibles." 42 CFR § 438.6(c)(1)(ii).

Page 5   -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480

Exhibit 8
Page 5 of 27

**B.      FamilyCare's 2014 Contract with OHA.**

12.

Since 1985, FamilyCare has contracted with OHA, or its predecessor agency, to provide health care services to Oregonians enrolled in the OHP.

13.

As relevant here, FamilyCare and the state, acting by and through OHA, entered into an Oregon Health Plan Health Plan Services Contract, Coordinated Care Organization, Contract #143114, effective January 1, 2014, and as amended by Amendment Numbers 1, 2 and 3 (collectively the "2014 Contract").

14.

Pursuant to the 2014 Contract, FamilyCare was entitled to enroll Medicaid-eligible members from all zip codes in the Tri-County area (Multnomah, Washington and Clackamas Counties) and certain zip codes in Marion County.  In consideration for FamilyCare's provision of services, OHA agreed to pay FamilyCare a monthly capitation rate or case rate for each OHP member enrolled under the 2014 Contract (the "CCO Payment Rates"), in addition to certain other payments (including a Hospital reimbursement adjustment and Hospital Administrative Allowance).  *See* 2014 Contract at Exhibit C, Sections 1(a), (d).

15.

The CCO Payment Rates set forth in Exhibit C to the 2014 Contract applied only to services provided before January 1, 2015.  The contract expressly states that the parties "intend to amend this Contract to supply Capitation Rates and an Actuarial Report for dates" starting on January 1, 2015, and that each of the parties would give the other 120 days' advance notice if the party did not intend to enter into a Rate Amendment.  *See* 2014 Contract at Exhibit C, Section 11.  Neither party provided such notice to the other party.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 6   -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 6 of 27

16.

The 2014 Contract also included provisions governing amendments to the contract or CCO Payment Rates. Specifically, OHA was required to send FamilyCare any necessary contract amendments "no later than 15 days before the proposed effective date of the amendment" and rate changes were to be presented no less than 30 days before they became effective. *See* 2014 Contract at Exhibit D, Section 20(c).

**C.    The 2015 Contract and Changes to CCO Payment Rates.**

17.

Although the CCO Payment Rates were set to expire by January 1, 2015, OHA waited until December 12, 2014 to present FamilyCare with proposed rate changes for calendar year 2015 (the "2015 CCO Payment Rates"). Five days later, on December 17, 2014, OHA provided FamilyCare with the actuary's report ("2015 Actuary Report") prepared by ASU that purportedly certified that the 2015 CCO Payment Rates were actuarially sound.

18.

On December 24, 2014, OHA provided FamilyCare with the contract to be effective January 1, 2015, the Oregon Health Plan Amended and Restated Health Plan Services Contract, Coordinate Care Organization, Contract #143114-4 (the "2015 Contract"). FamilyCare therefore only had one week to review and consider the 2015 Contract before its effective date.

19.

Because OHA did not timely provide FamilyCare with the proposed 2015 CCO Payment Rates or amended contract as required by the 2014 Contract, FamilyCare did not have a meaningful opportunity to review those changes before they became effective. Nonetheless, FamilyCare identified a number of obvious problems with the 2015 Actuary Report that called into question whether the 2015 CCO Payment Rates structure and methodology complied with federal law. FamilyCare gave immediate notice of those

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 7   -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 7 of 27

problems to OHA in writing and orally before the end of 2014. Those problems include, but are not limited to, the following:

a. OHA exclusively utilized and relied on encounter data from a single year, 2013, for each individual plan and then simply rolled that data forward to 2015 for each plan. This methodology failed to account for base utilization and cost data derived from the Medicaid population, as required by 42 CFR § 438.6(c), and instead considered data for each plan individually and in isolation from the rest of the Medicaid population;

b. OHA failed to make adjustments to smooth the data, as required by 42 CFR § 438.6(c), to account for distortions in base data that would not be expected to occur in future periods. OHA's exclusive reliance on 2013 base data and its failure to smooth data for the 2015 rates are especially problematic because of the expanded enrollment population as a result of the Patient Protection and Affordable Care Act, 42 USC § 18001, *et seq.* ("ACA"). For example, in FamilyCare's case, it had approximately only 4,500 ACA members in 2013, yet its encounter data for those members was further subdivided into smaller categories and then used to set rates for FamilyCare's ACA members who exceeded 50,000 members as of October 2014. By relying on the single year of base data for a population not representative of the current population of enrolled members, and by failing to smooth the data, OHA allowed for significant anomalies in 2013 data to be exacerbated across the larger population;

c. OHA did not develop the 2015 rates on a locality or regional basis, as required by 42 CFR § 438.6(c), but instead developed the rates on an individual basis in isolation of other plans. This methodology has resulted in unexplained variations in individual plan rates across Oregon as well as among plans operating in the same geographic region. For example, in certain cases, within a single geographic service

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 8  -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

area, one CCO plan has the highest rate for an eligibility category while another CCO plan in the same geographic area has the lowest rate for that same eligibility category;

d.    OHA failed to accurately document its projection of expenditures under the 2014 Contract as compared to those projected under the proposed 2015 Contract. 42 CFR § 438.6(c)(4)(iii). The 2015 Actuary Report contained mathematical errors and used outdated enrollment instead of current or projected enrollment to project expenditures, which was misleading. In addition, the 2015 capitation rates as reflected in the 2015 Actuary Report could not be validated. For example, the report stated that, comparing the January 2015 rates to the October 2014 rates, the statewide weighted average rate increased by 3.2% and that FamilyCare's rates increased by 2%. FamilyCare was unable to validate those calculations and instead determined a significant overall decrease in both rate categories; and

e.    The errors made by OHA in establishing 2015 CCO Payment Rates had a disproportionately adverse impact on FamilyCare as compared to other CCOs. OHA has no rational basis for establishing rates that so disproportionately impact FamilyCare as compared to other CCOs.

20.

On December 29, 2014, FamilyCare's Chief Operating Officer emailed OHA to advise the Agency that FamilyCare had identified issues with regard to the rates contained in the 2015 Contract and the 2015 Actuary Report and to ask whether OHA required FamilyCare to execute the 2015 Contract while those issues remain outstanding. Rhonda Busek, the Interim Director of DMAP, responded on December 30 by stating that FamilyCare needed to sign the 2015 Contract or it could not continue to receive payment for services rendered beginning January 1, 2015. Ms. Busek also stated that OHA was "open to meeting" with FamilyCare to discuss its questions about the rates, but that OHA would not meet with FamilyCare before FamilyCare was required to sign the 2015 Contract.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 9  -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 9 of 27

21.

Having no reasonable choice but to sign the 2015 Contract, FamilyCare executed it and returned the signed version to OHA on December 31, 2014. In the transmittal letter accompanying the signed 2015 Contract, FamilyCare explained its specific concerns regarding the 2015 CCO Payment Rates and put OHA on notice that FamilyCare was signing the 2015 Contract "under duress."

22.

After signing the 2015 Contract, FamilyCare continued to press OHA to engage in discussions with FamilyCare about the 2015 Actuary Report and rate structure and methodology and demanded that the Agency address and resolve FamilyCare's concerns about the rates.

23.

On March 4, 2015, OHA, through its agent Optumas (a health care consulting firm engaged by OHA to address the rate issues), gave a presentation to the CCOs concerning the 2015 CCO Payment Rates and the methodology used by OHA to establish those rates. At that meeting, OHA and its agent Optumas admitted that the methodology used by the OHA actuary when establishing the 2015 CCO Payment Rates would need to be changed to conform to actuarial soundness principles.

24.

OHA, through Optumas, presented to the CCOs three alternative "options" for revising the rate methodology. With Option 1, OHA proposed to update the rate ranges with 2014 enrollment information but make no change in the unlawful rate methodology for 2015. OHA proposed that if the CCOs selected Option 1, CCOs would see "slight increases" but no decreases. Options 2 and 3 both involved having Optumas or another outside actuary revise the unlawful rate methodology and certify actuarial soundness. OHA warned CCOs that

Page 10 -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 10 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

doing so would have an "unknown" impact on CCO rates in the middle of the 2015 contract year. OHA asked each CCO to respond with its preferred "option" by a date certain.

25.

On information and belief, OHA was aware that Option 1 was not an actuarially sound method of establishing the 2015 CCO Payment Rates. OHA asked CCOs to "choose" their preferred method for establishing rates, regardless of that method's actuarial soundness. OHA's direction pitted CCOs who were receiving high 2015 CCO Payment Rates against FamilyCare and other CCOs who were receiving low 2015 CCO Payment Rates.

26.

Section VI, D of the 2015 Contract requires OHA to ensure that the 2015 Contract, including the 2015 CCO Payment Rates, complies with federal law. Specifically, the 2015 Contract states:

> "If Contractor believes that any provision of this Contract or OHA's interpretation thereof is in conflict with federal or State statutes or regulations, Contractor shall notify OHA in writing immediately.
>
> "If any provision of this Contract is in conflict with applicable federal Medicaid or CHIP statutes or regulations that CMS has not waived for the OHP, the Parties shall amend this Contract to conform to the provision of those laws or regulations."

On March 9, 2015, FamilyCare again notified OHA that its 2015 Contract did not comply with federal law.

27.

Specifically, FamilyCare notified OHA that the 2015 CCO Payment Rates are not "made on an actuarially sound basis" as required by the Medicaid Act and its implementing regulations, which have not been waived by CMS. FamilyCare demanded that OHA establish actuarially sound rates that conform to federal law and provide FamilyCare with an amendment to the 2015 Contract containing those new rates and applying them retroactively to January 1, 2015.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 11 -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 11 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

28.

More than a month passed and although OHA had admitted that the 2015 CCO Payment Rates were not made on an actuarially sound basis, OHA did not provide FamilyCare with any amendments to the 2015 Contract and did not recalculate the 2015 CCO Payment Rates to make them conform to federal law.

29.

On April 20, 2015, pursuant to Exhibit D, Sections 10.c and 24.b of the 2015 Contract, FamilyCare gave notice to OHA that OHA was in material breach and default of its obligations under the 2015 Contract by failing to amend the rates as required by Section IV, D. FamilyCare also gave notice to OHA that it was in material breach and default of its agreement that it "has developed actuarially set Adjusted Per Capita Costs (Capitation Rates) to reimburse plans for providing the Covered Services" as represented in Exhibit C, Section 8 of the 2015 Contract (Global Payment Rate Methodology).

30.

On April 20, 2015, pursuant to Exhibit D, Sections 10.c and 24.a of the 2014 Contract, FamilyCare also gave notice to OHA that OHA was in material breach and default of its obligations under the 2014 Contract by failing to present proposed amendments to FamilyCare at least 15 days before the proposed effective date and by failing to present proposed rate changes no less than 30 days in advance of the proposed effective date.

31.

More than 30 calendar days have passed, and OHA has not cured any of the material breaches identified in paragraphs 29 and 30 above.

32.

On April 30, 2015, pursuant to ORS 30.275, FamilyCare tendered a Tort Claim Notice ("Notice") to the Oregon Department of Administrative Services and the Oregon Department of Human Services. The Notice informed these entities that FamilyCare intends

Page 12 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

to bring an action against OHA asserting tort claims for (a) bad faith arising out of OHA's breach of its duty to act toward FamilyCare with good faith and fair dealing; and (b) negligence arising out of OHA's duty failure to adopt rates on an "actuarially sound" basis as required by the Medicaid Act and its implementing regulations, 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6(c)(3).

33.

On March 12, 2015, OHA received a list of 103 questions from CMS regarding the 2015 CCO Payment Rates. The questions raised many of the same questions that FamilyCare had raised. On May 1, 2015, OHA responded to the questions. OHA's responses were incomplete or misleading.

34.

Under the current 2015 CCO Payment Rates, OHA is paying CCOs at a level significantly lower on a statewide basis than the rates CCOs were promised they would be paid. OHA's rate decrease unfairly and disproportionately affects FamilyCare for no justifiable reasons. Based on FamilyCare's preliminary calculations, the 2015 COO Payment Rates represent a decrease of 2.1% for all CCOs on a statewide basis; by contrast, FamilyCare's rates under the 2015 Contract decreased by 9.2% overall. This decrease in rates results in a loss to FamilyCare of more than $4,770,000 per month when compared to 2014 rates. Moreover, although FamilyCare's members represent only 13% of the total CCO beneficiary population, FamilyCare's rate decrease represents more than 50% of the total statewide CCO rate decrease.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

35.

FamilyCare realleges and incorporates paragraphs 1 through 34 above as though fully stated herein.

Page 13 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 13 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

36.

The 2015 Contract is a valid and binding contract between OHA and FamilyCare.

37.

FamilyCare performed all conditions and obligations required by the 2015 Contract.

38.

OHA has committed a material breach of the 2015 Contract by (a) failing to amend the 2015 CCO Payment Rates, which conflict with federal law and regulations that CMS has not waived, as required by Section IV, D of the 2015 Contract and (b) failing to comply with its agreement that it developed actuarially set Adjusted Per Capita Costs (Capitation Rates) to reimburse plans for providing the Covered Services, as represented in Exhibit C, Section 8 of the 2015 Contract.

39.

OHA has failed to cure these material breaches within 30 calendar days after FamilyCare provided written notice to OHA of those breaches in compliance with Exhibit D, Sections 10.c and 24 of the 2015 Contract.

40.

As a direct and proximate result of OHA's breach, FamilyCare has suffered losses in an amount equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound. These amounts are to be proven at trial, but FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract. OHA's breach is ongoing, and FamilyCare will continue to suffer these losses until the rates are revised to be actuarially sound. FamilyCare is entitled to recover those damages plus applicable prejudgment interest thereon at the statutory rate.

Page 14 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

41.

FamilyCare realleges and incorporates paragraphs 1 through 34 above as though fully stated herein.

42.

The 2015 Contract is a contract that includes an implied covenant of good faith and fair dealing under Oregon law.

43.

OHA breached the implied covenant of good faith and fair dealing and the reasonable expectation of the parties by failing to initially establish 2015 CCO Payment Rates that were actuarially sound and that comply with federal law and regulations, by failing to amend the 2015 Contract to apply revised rates that are actuarially sound and by failing to agree to apply any revised rates retroactively to January 1, 2015.

44.

As a result of OHA's breach, FamilyCare suffered losses in an amount equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound. These amounts are to be proven at trial, but FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract. OHA's breach is ongoing, and FamilyCare will continue to suffer these losses until the rates are revised to be actuarially sound. FamilyCare is entitled to recover those damages plus applicable prejudgment interest thereon at the statutory rate.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 15 -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 15 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480

## THIRD CLAIM FOR RELIEF

## (Reformation of Contract)

45.

FamilyCare realleges and incorporates paragraphs 1 through 34 above as though fully stated herein.

46.

In the 2015 Contract, OHA represented that it developed "actuarially set" capitation payment rates, effective January 1, 2015, to reimburse FamilyCare for providing the services described in the 2015 Contract. *See* 2015 Contract at Exhibit C, Section 8.

47.

The parties intended those capitation rates—the 2015 CCO Payment Rates—to be made on an actuarially sound basis and to comply with federal law and regulations.

48.

The 2015 CCO Payment Rates set forth in the 2015 Contract and established by OHA are not actuarially sound and do not comply with federal law and regulations.

49.

Among other things, OHA has engaged in inequitable conduct in connection with the 2015 Contract by, among other things: (a) establishing 2015 capitation payment rates that OHA knew or should have known were not made on an actuarially sound basis or in accordance with federal law or regulations; (b) failing to give FamilyCare timely notice of the rate changes and proposed contract amendments in the manner required by the 2014 Contract, which deprived FamilyCare of a reasonable opportunity to review those changes before they took effect; and (c) insisting that FamilyCare sign the 2015 Contract in order to be paid for services starting on January 1, 2015 even though FamilyCare did not receive the proposed 2015 Contract until December 24, 2014.

Page 16 -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 16 of 27

50.

FamilyCare has not engaged in gross negligence.

51.

The 2015 Contract, including the 2015 CCO Payment Rates, should be reformed so that the rates comport with the parties' antecedent agreement in the 2015 Contract and are actuarially sound as required by federal law and regulations. Those rates should be made retroactive to January 1, 2015.

52.

In addition, FamilyCare is entitled to an order directing OHA to pay FamilyCare a monetary amount equal to the difference between the amount paid by OHA to FamilyCare based on the rates currently set forth in the 2015 Contract and the amount that FamilyCare should have been paid had the rates been actuarially sound as required by federal law and regulations, plus prejudgment interest thereon.

**FOURTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

53.

FamilyCare repeats and realleges paragraphs 1 through 34 above as though fully stated herein.

54.

42 USC § 1396b(m)(2)(A)(iii) requires that services provided by Medicaid managed care organizations, including CCOs such as FamilyCare, for the benefit of individuals eligible for benefits are "in accordance with a contract between the State and the entity under which prepaid payments to the entity are made on an actuarially sound basis." *See also* 42 CFR § 438.6(c)(3).

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 17 -   COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 17 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

55.

FamilyCare has conferred a benefit on OHA by providing physical, mental and dental health care services to individuals eligible for Medicaid benefits in Oregon pursuant to contracts with OHA.

56.

OHA knew or should have known that FamilyCare reasonably expected to receive prepaid payments that are made on an actuarially sound basis in exchange for FamilyCare's provision of health care services to individuals eligible to receive Medicaid benefits in Oregon.

57.

OHA has not paid FamilyCare for those services pursuant to capitation rates established on an actuarially sound basis. Instead, it has paid FamilyCare using capitation rates that are actuarially unsound. OHA is paying FamilyCare pursuant to rates that result in a loss to FamilyCare of no less than $4,770,000 per month when compared to OHA's 2014 capitation rates paid to FamilyCare.

58.

The amount for which FamilyCare seeks reimbursements, which is equal to the difference between (1) the amount that FamilyCare has been paid by OHA for its provision of health care services to Oregon's Medicaid population pursuant to the rates sets forth in 2015 Contract and (2) the amount that FamilyCare would have been paid had the rates been made on an actuarially sound basis, is reasonable.

59.

OHA would be unjustly enriched if it were allowed to retain the benefit of FamilyCare's provision of health care services to Oregon's Medicaid population while having paid FamilyCare actuarially unsound capitation rates that are lower than actuarially sound rates.

Page 18  -  COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 18 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480

60.

FamilyCare is entitled to recover the reasonable amount of the benefit it conferred upon OHA in an amount equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound. These amounts are to be proven at trial, but FamilyCare has estimated the amount to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract. FamilyCare will continue to suffer these damages, and OHA will continue to be unjustly enriched in this amount, until the rates are revised to be actuarially sound.

**FIFTH CLAIM FOR RELIEF**

**(ORS 183.480(3))**

61.

FamilyCare repeats and realleges paragraphs 1 through 34 above as though fully stated herein.

62.

The Court is authorized pursuant to ORS 183.480(3) to review an agency action, in the absence of a final order, when the agency is proceeding without probable cause or the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

63.

On March 13, 2015, OHA admitted to FamilyCare in writing that it has not issued a final order relating to its review of the 2015 CCO rate setting process.

64.

As the single state Medicaid agency responsible for the administration of the Oregon Medicaid program and as an agency contracting with CCOs, including FamilyCare, to pay

Page 19 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 19 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

those CCOs fixed monthly rates per OHP enrollee for the CCOs' provision of health services, OHA must develop capitation rates that are actuarially sound. 42 CFR § 438.6(c).

65.

In developing the 2015 CCO Payment Rates, OHA did not apply the requirements set forth in 42 CFR § 438.6(c)(3) or explain why those requirements are not applicable, and OHA did not establish rates that are actuarially sound.

66.

OHA's establishment of the 2015 CCO Payment Rates was done without probable cause and in violation of 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6(c).

67.

Additionally, FamilyCare will suffer irreparable harm if interlocutory relief is not granted requiring OHA to establish 2015 CCO Payment Rates that are actuarially sound. Under the 2015 rates, FamilyCare receives approximately $4,770,000 less per month than it was paid under the 2014 capitation rates. If FamilyCare continues to suffer these losses, it will have to take funds out of its insurance reserves in order to cover those losses, which will cause FamilyCare to fall out of compliance with the reserve requirements imposed on it by OHA. 2015 Contract at Exhibit L; OAR 410-141-3345.

68.

Pursuant to ORS 183.497, FamilyCare requests an award of attorney fees and costs incurred in this matter.

## SIXTH CLAIM FOR RELIEF

### (Tortious Breach of Good Faith and Fair Dealing)

69.

FamilyCare realleges and incorporates paragraphs 1 through 34 above as though fully stated herein.

Page 20 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and
            Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of
            Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 20 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

70.

OHA and FamilyCare are in a special relationship because of OHA's vastly superior bargaining power in connection with the 2015 Contract. OHA is the single state agency responsible for the administration of the Oregon Medicaid program. Approximately 92% of FamilyCare's revenue is derived from its operations as a CCO. FamilyCare does not have the option of refusing to contract with OHA if it wants to continue in existence. Moreover, OHA has for years insisted that all CCOs sign what are in effect (for rate purposes) one-year agreements that provide OHA with contractual authority to establish rates for the next year without giving CCOs, like FamilyCare, the opportunity to reject or negotiate the rates. OHA and FamilyCare also are in a special relationship because of the high degree of reliance FamilyCare necessarily must place on OHA in connection with the establishment of actuarially sound rates, which, by law, OHA must establish in an actuarially sound manner.

71.

OHA has a duty to act in good faith toward FamilyCare in connection with the 2015 Contract and in establishing the 2015 CCO Payment Rates.

72.

OHA breached that duty by (a) failing to establish rates that are actuarially sound and comply with federal law and regulations; (b) failing to give FamilyCare timely notice of the rate changes and contract amendment so that FamilyCare would have had a reasonable opportunity to review them before the changes became effective; and (c) failing to amend or recalculate the 2015 CCO Payment Rates in an actuarially sound manner and agree to make them retroactive to January 1, 2015.

73.

FamilyCare has suffered significant damages as a result of OHA's breach of its duty to act in good faith in connection with the 2015 Contract and in establishing the 2015 CCO Payment Rates.

Page 21 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 21 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

74.

It was reasonably foreseeable that FamilyCare would suffer significant damages as a result of OHA's tortious breach of its duty to act in good faith in connection with the 2015 Contract and in establishing the 2015 CCO Payment Rates.

75.

FamilyCare is entitled to monetary damages arising from OHA's tortious breach in an amount equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound. These amounts are to be proven at trial, but FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract. OHA's tortious breach is ongoing and FamilyCare will continue to suffer these losses until the rates are revised to be actuarially sound.

76.

FamilyCare has given OHA proper and timely notice of OHA's tortious conduct and of FamilyCare's tort claim in accordance with the Oregon Tort Claims Act, ORS 30.275.

**SEVENTH CLAIM FOR RELIEF**

**(Negligence)**

77.

FamilyCare realleges and incorporates paragraphs 1 through 34 above as though fully stated herein.

78.

Pursuant to 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6(c)(3), OHA has a statutory duty to establish capitation rates that are made on an "actuarially sound basis."

Page 22 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 22 of 27

79.

Despite the statutory duty established by the Medicaid Act and detailed in its implementing regulations, OHA has not set capitation rates for FamilyCare on an actuarially sound basis. OHA acted negligently when it adopted capitation rates for FamilyCare under the 2015 Contract, which are fundamentally unsound from an actuarial perspective, and when it adopted such rates by not using actuarially sound methodology as required by federal law.

80.

OHA acknowledged that the capitation rates in the 2015 Contract were established negligently and not on an actuarially sound basis when it proposed a number of possible options to fix the rates.

81.

OHA's negligence in setting capitation rates for FamilyCare in the 2015 Contract on an actuarially sound basis breaches OHA's statutory duty owed to FamilyCare established by the Medicare Act and its implementing regulations, 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6(c)(3).

82.

OHA's breach of its duty to adopt capitation rates on an actuarially sound basis has resulted in FamilyCare accruing significant damages on an ongoing basis. FamilyCare is entitled to monetary damages arising from OHA's tortious breach in an amount equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound. These amounts are to be proven at trial, but FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract. OHA's tortious breach is ongoing and FamilyCare will continue to suffer these losses until the rates are revised to be actuarially sound.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 23 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 23 of 27

83.

FamilyCare has given OHA proper and timely notice of OHA's tortious conduct and of FamilyCare's tort claim in accordance with the Oregon Tort Claims Act, ORS 30.275.

**PRAYER FOR RELIEF**

WHEREFORE, FamilyCare prays for an order and judgment as follows:

**A.    On FamilyCare's First Claim for Relief:**

1.    For damages in an amount to be proven at trial and equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound, plus prejudgment and postjudgment interest. FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract;

2.    For its costs and disbursements incurred herein; and

3.    For such other relief the Court deems just and proper.

**B.    On FamilyCare's Second Claim for Relief:**

1.    For damages in an amount to be proven at trial and equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound, plus prejudgment and postjudgment interest. FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract;

2.    For its costs and disbursements incurred herein; and

3.    For such other relief the Court deems just and proper.

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 24 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 24 of 27

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

**C.    On FamilyCare's Third Claim for Relief:**

1.    For an order reforming the 2015 Contract, including the 2015 CCO Payment Rates, so that the rates are actuarially sound and established in accordance with federal law and regulations and made retroactive to January 1, 2015;

2.    For an order directing OHA to pay FamilyCare a monetary amount equal to the difference between the amount paid by OHA to FamilyCare based on the rates currently set forth in the 2015 Contract and the amount that FamilyCare should have been paid had the rates been actuarially sound as required by federal law and regulations, plus prejudgment interest thereon;

3.    For postjudgment interest;

4.    For its costs and disbursement incurred herein; and

5.    For such other relief the Court deems just and proper.

**D.    On FamilyCare's Fourth Claim for Relief:**

1.    For the reasonable amount of the benefit it conferred upon OHA to be proven at trial and equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound, plus prejudgment and postjudgment interest. FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract;

2.    For its costs and disbursements incurred herein; and

3.    For such other relief the Court deems just and proper.

**E.    On FamilyCare's Fifth Claim for Relief:**

1.    For an order compelling OHA to establish 2015 capitation rates that are actuarially sound and to make those rates applicable retroactive to January 1, 2015;

Page 25 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 25 of 27

2.      For an order directing OHA to pay FamilyCare a monetary amount equal to the difference between the amount paid by OHA to FamilyCare based on the rates currently set forth in the 2015 Contract and the amount that FamilyCare should have been paid had the rates been actuarially sound as required by federal law and regulations, plus prejudgment interest thereon;

3.      For an order awarding prejudgment interest, attorney fees, costs and disbursements incurred by FamilyCare herein; and

4.      For such other relief the Court deems just and proper.

**F.      On FamilyCare's Sixth Claim for Relief:**

1.      For damages in an amount to be proven at trial and equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound, plus prejudgment and postjudgment interest.  FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract;

2.      For its costs and disbursements incurred herein; and

3.      For such other relief the Court deems just and proper.

**G.      On FamilyCare's Seventh Claim for Relief:**

1.      For damages in an amount to be proven at trial and equal to the difference between (1) the rates paid to FamilyCare pursuant to the 2015 Contract and (2) the rates that would be paid to FamilyCare if they were actuarially sound, plus prejudgment and postjudgment interest.  FamilyCare has estimated these damages to equal no less than $4,770,000 per month since January 1, 2015, or $23,841,402 through May 22, 2015, based on a comparison of the 2015 rates and those rates paid to FamilyCare pursuant to the 2014 Contract;

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380    Fax (503) 220-2480

Page 26 -    COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 26 of 27

2. For its costs and disbursements incurred herein; and

3. For such other relief the Court deems just and proper.

DATED: May 27, 2015.

STOEL RIVES LLP

/s/ Reilley D. Keating
JEREMY D. SACKS, OSB No. 994262
jeremy.sacks@stoel.com
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com

Attorneys for Plaintiff

Trial Attorney: Jeremy D. Sacks

STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Main (503) 224-3380   Fax (503) 220-2480

Page 27 - COMPLAINT (Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Reformation; Unjust Enrichment; ORS 183.480(3); Tortious Breach of Good Faith and Fair Dealing; Negligence)

79101661.1 0026097-00036

Exhibit 8
Page 27 of 27