# PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

+1.503.727.2000
+1.503.727.2222
PerkinsCoie.com

December 30, 2016

Stephen F. English
SEnglish@perkinscoie.com
D.  +1.503.727.2003

Renee Stineman
Attorney-in-Charge, Special Litigation Unit
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301

Re:    FamilyCare v. OHA: Dispute Resolution Agreement

Dear Renee:

Thank you again for taking the time to meet with us last week. FamilyCare, Inc. ("FamilyCare") would like to have a binding agreement in place on the next steps and protocol for resolution of its disputes (the "Dispute Resolution") with the Oregon Health Authority ("OHA") regarding the rates under the 2017 amendment to FamilyCare's CCO Contract (the "2017 Amendment" to the "Contract").

The following is the protocol for the Dispute Resolution:

1.  FamilyCare and OHA (together, the "parties") agree that FamilyCare will sign the 2017 Amendment before December 31, 2016, but that by so signing, FamilyCare will not waive any rights to contest—or any grounds for contesting—the 2017 rates and that, should the Dispute Resolution process prove unsuccessful, FamilyCare may challenge its 2017 rates and if necessary, seek retroactive changes to those rates. Similarly, by signing the 2017 Amendment, OHA will not waive any rights with respect to the Contract or any claims or allegations brought by FamilyCare. OHA will present the 2017 Amendment to the Centers for Medicare and Medicaid Services ("CMS") for approval. OHA may represent to CMS that the 2017 Amendment is binding under state law.

2.  The parties intend to conduct a free and open discussion between them regarding the appropriate application of actuarial rates including such issues as appropriateness of the methodology, whether geographic areas come in to play with respect to methodology, the actuarial soundness of the rates, an explanation by OHA as to why OHA believes the rates are sound in light of CMS approvals, and any alternative actuarially sound methodology proposed by FamilyCare.

3.  Actuaries for OHA and actuaries for FamilyCare should be present at any such meeting and in the same room so that there can be an actuary-to-actuary discussion with appropriate questions posed by counsel for OHA or counsel for FamilyCare. Each of the

123045-0001/134026738.2

Perkins Coie LLP

Renee Stineman
December 30, 2016
Page 2

parties will designate in advance the actuaries who will be present for the duration of the Dispute Resolution.

4. The Dispute Resolution will begin at the first date reasonably available for both parties and their actuaries and attorneys. Subsequent meetings will be scheduled at the first dates reasonably available for both parties and their actuaries and attorneys.

5. The parties commit to participating in good faith in at least three substantive Dispute Resolution discussions starting during the next 30 days with the first discussion occurring no later than January 17, 2017 and the second discussion occurring no later than 30 days following that date. If the parties have not resolved the dispute after engaging in those Dispute Resolution discussions, the parties may agree to negotiate and enter into a formal Mediation Agreement to move the Dispute Resolution into a mediation. The parties agree that they will work cooperatively to select a mediator as quickly as possible. (In this regard, someone such as former Chief Justice Paul DeMuniz or former judge Janice Wilson would be a strong selection). FamilyCare will pay the cost of the mediator.

6. The parties agree that they will work cooperatively and provide information that either OHA's actuary or FamilyCare's actuary believes is relevant and necessary to evaluate actuarial rates, subject to protection of confidential information such as trade secrets, personal or private health information, or other information not subject to disclosure under Oregon's public records law ("Confidential Information"). If the parties conclude that the Dispute Resolution requires review of Confidential Information, the parties will cooperatively work toward an agreement for protection of Confidential Information (by, for example, providing Confidential Information to an independent third-party expert).

7. The Dispute Resolution can take place at a mutually agreeable location. Perkins Coie will make available its office as necessary to accommodate both parties.

8. The Dispute Resolution protocol would include a presentation by FamilyCare through a combination of its actuary and counsel to outline and demonstrate why the actuarial methodology is unsound and to provide a specific alternative proposal based on a methodology within the limits of OHA's waiver, a response by OHA through a combination of its actuary and counsel, and a mutual attempt to understand and if possible resolve the differences. OHA understands and agrees that if it does not provide the information that FamilyCare's actuary believes is relevant and necessary to establish actuarial rates, then FamilyCare's ability to provide a specific alternative proposal will be limited.

9. FamilyCare believes that:

2017.08.10 Updated FamilyCare Comm Request 0038 08/10/2017

OHA_LIT_00208847
Exhibit 15
Page 2 of 5

Renee Stineman
December 30, 2016
Page 3

- The proposed 2017 rates violate the settlement agreement between OHA and FamilyCare. Under the agreement, OHA covenanted that it would "not use rates paid to FamilyCare under the 2016 contract or the settlement credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years," unless required by the Section 1115 Demonstration Project ("Waiver").

  OHA's proposal to reduce FamilyCare's payments by at least $34 million in 2017 because of the reimbursement amount FamilyCare has paid to primary care providers since November 2014 is a clawback of the settlement credit and a claim by OHA to recover amounts paid to FamilyCare before the proposed 2017 rates were issued. The clawback not only violates the Agreement, but is a retroactive rate amendment in violation of Oregon law, and the Waiver does not require OHA to implement the clawback.

- The proposed 2017 rates further violate the settlement agreement, as well as the Contract and federal law, because they are not actuarially sound for two reasons.

  First, actuarial soundness requires that rates be sufficient to cover the CCO's expected expenses. But the 2017 rates are insufficient to cover FamilyCare's proposed expenses for the upcoming year.

  Second, actuarial soundness requires that rates be developed using actuarially sound methodologies. While the precise details of the methodology utilized by OHA remain unclear, OHA's proposal to pay significantly different rates for the two CCOs serving the same population in the TriCounty region indicates that its methodology is unsound. Problems with the methodology include, but are not necessarily limited to, the inconsistent application of various methods, including selectively and inconsistently switching between cost-relativity and risk-scoring methods across different categories and changing the basis for rate components between statewide data, regional data, and plan-specific data.

  At bottom, OHA's justification for the difference in rates between the two TriCounty CCOs does not make sense. OHA states that the 16% difference in the proposed 2017 rates for FamilyCare and Health Share results from a higher-risk profile among Health Share's members. But that seems implausible, given that the two CCOs serve the same geographic area, that both have significant numbers of members, and that those members are, for the most part, randomly assigned between the two CCOs.

10. The parties:

123045-0001/134026738.2
Perkins Coie LLP

2017.08.10 Updated FamilyCare Comm Request 0039 08/10/2017

OHA_LIT_00208848
Exhibit 15
Page 3 of 5

Renee Stineman
December 30, 2016
Page 4

      a. Agree that the Dispute Resolution will be conducted with the actuaries present, counsel for the parties present, and top level executives of FamilyCare and OHA.

      b. Agree that any Dispute Resolution and face-to-face discussions will be conducted at the highest level of professionalism and courtesy, all with the goal toward accomplishing a prompt resolution satisfactory to both parties.

11. You have requested identification of claims, which will be made in the FamilyCare lawsuit. Specifically, the complaint alleges claims for specific performance, for declaratory relief, and for judicial review under ORS 183.480(3), as follows:

- The first claim is for specific performance of the settlement agreement. As discussed above, the proposed 2017 rates violate the settlement agreement because OHA's proposal to reduce FamilyCare's payments by at least $34 million in 2017 is a clawback of the settlement credit.

- The second claim is for a declaration enjoining OHA from implementing the clawback or from using actuarially unsound methods based on the rates paid to FamilyCare in 2016 to limit the amounts paid to FamilyCare in 2017.

- The third claim seeks an order compelling OHA to comply with the settlement agreement.

- In addition to the violations of the settlement agreement's prohibition on using 2016 or prior rates as a basis for limiting future rates to FamilyCare, the complaint also alleges that the 2017 rates further violate the settlement agreement and federal law because they are actuarially unsound, and that the 2017 Amendment violates the prohibitions on multiple amendments and on retroactive amendments.

12. The parties agree that the following obligations will survive termination of the Dispute Resolution:

      a. All written and oral communications relating to the Dispute Resolution between December 23, 2016 through conclusion of any mediation will be considered settlement communications governed by Oregon Evidence Code Rule 408 (ORS 40.190).

      b. The parties will not subpoena or otherwise examine or seek to compel discovery of any internal communications (including but not limited to communications with a

123045-0001/134026738.2
Perkins Coie LLP

2017.08.10 Updated FamilyCare Comm Request 0040 08/10/2017

OHA_LIT_00208849
Exhibit 15
Page 4 of 5

Renee Stineman
December 30, 2016
Page 5

party's officers, board members, or expert advisers) regarding the Dispute Resolution between December 23, 2016 through conclusion of any mediation.

I hope this letter is sufficient in detail to allow you to determine whether a Dispute Resolution with FamilyCare would make sense from OHA's perspective. From the perspective of FamilyCare we are willing to make a good faith effort to resolve our differences and, all things considered, would prefer not moving forward with the lawsuit if we can reach an agreement. Thank you for your consideration.

If the foregoing is acceptable, please confirm OHA's acceptance by your signature below.

Very truly yours,

Stephen F. English

Accepted:

Renee Stineman

cc:     Theodore Falk; Jeff Wahl; Carla Scott; Jeff Heatherington; Bill Murray; Tom Johnson; Melanie Curtice; Matt Gordon

123045-0001/134026738.2
Perkins Coie LLP

2017.08.10 Updated FamilyCare Comm Request 0041 08/10/2017

OHA_LIT_00208850
Exhibit 15
Page 5 of 5