IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>    Plaintiff,<br><br>     vs.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Defendant.<br><br>FAMILYCARE, INC., an Oregon non-profit corporation<br><br>    Plaintiff,<br><br>     vs.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,<br><br>    Defendants. | Case No. 3:18-cv-00212-MO (Leading)<br>Case No. 6:18-cv-00296-MO (Trailing)<br><br>VOLUME I<br><br>VIDEOTAPED FRCP 30(b)(6) DEPOSITION OF<br><br>WILLIAM MURRAY<br><br>Taken in Behalf of Defendants<br><br>July 16, 2018<br><br>1120 N.W. Couch Street, 10th Floor Portland, OR 97209 |

Teresa L. Dunn,

Court Reporter

CSR, CCR, RPR

Exhibit 99<br>Page 1 of 6

William Murray, 7/16/2018          Allen v. FamilyCare, Inc.

45

MR. MARKOWITZ:  I don't have to do that.

MR. JOHNSON:  Yeah, I think you do.

Q.   (By Mr. Markowitz) Go ahead.

A.   Could you repeat the question?

Q.   Does FamilyCare contend that there is any contract obligation on the part of OHA or its actuaries to consider FamilyCare's expenses as a part of the rate-making process?

MR. JOHNSON:  Object to the form of the question, calls for a legal conclusion, same objections as before.

THE WITNESS:  I believe that the CMS requirements require the rates to consider three years of base data in developing the rates, which would include FamilyCare's expenses.

Q.   (By Mr. Markowitz) Who made the decision to close FamilyCare's Medicaid business?

A.   That decision was made following a meeting with Patrick Allen where a 24-hour deadline was given to sign the contract or not sign.

Given that ultimatum FamilyCare was unable to sign at the rates and with the information that FamilyCare had been provided at that time to be able to sign the contract.

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Exhibit 99
Page 2 of 6

William Murray, 7/16/2018          Allen v. FamilyCare, Inc.

61

Q.    Does FamilyCare have a plan to reopen its Medicaid and Medicare business?

A.    FamilyCare does not have a plan because it does not understand what the requirements would be to have a plan or to develop a plan.

Q.    Why don't you -- why doesn't FamilyCare understand the requirements for starting a new contract?

A.    Because OHA has announced that they are looking at what's called CCO 2.0 which will be a whole different set of -- potentially different set of requirements to be able to contract.

And there is no open procurement process now by which FamilyCare could submit an application today to reenter that line of business.

Q.    And perhaps it's too obvious, but I will ask it anyway.

FamilyCare's Medicaid business and Medicare business is wholly dependent on the existence of contracts with OHA and CMS?

A.    I'm not sure I understand your question. The way FamilyCare enters both of those lines of business is through a contract with either CMS or OHA.

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Exhibit 99
Page 3 of 6

William Murray, 7/16/2018              Allen v. FamilyCare, Inc.

95

than having an OHA Medicaid contract?

A.    There have not been any specific discussions about what that would be.

Up to this point in time we have been focused on, you know, wrap-up of the two contracts.

Q.    Did -- did FamilyCare have goodwill value separate and apart from the value generated through its OHA Medicaid contract?

A.    Once again, I'm not the valuation expert and we have those coming, but -- working -- but generally my understanding is that the company itself has goodwill value.

And that's what we are asking our experts about, not a specific contract, per se. It's really the contracts -- or the loss of the contracts' impact on the company's goodwill.

Q.    What damages does FamilyCare assert in this case other than the loss of its goodwill?

A.    So FamilyCare has asserted with regards to the rates -- the differential in the rates between what FamilyCare believes need to be actuarially sound rates and the rates that were being paid.  So there's the pure rate differential.

William Murray, 7/16/2018          Allen v. FamilyCare, Inc.

96

And then there are the other -- once again, I'm not an attorney, but the other legal assertions with regards to the enterprise value and the other damages that result from the actions of OHA.

Q.   Well, enterprise value and goodwill and rate differential.  Are there other damages that are being asserted?

A.   Well, I think the whole -- FamilyCare believes it should be treated equally and fairly or it should have been treated equally and fairly.

And to the extent there are other claims, those are legal determinations, but FamilyCare's desire is to be treated equally and fairly and if it wasn't that there are damages related to the treatment of FamilyCare.

Q.   Well, my question is does FamilyCare assert in this case any damages for which it wants relief other than compensation for its lost enterprise value and goodwill and, secondly, the rate differential between the rates it was offered and the rates it should have been offered?

A.   I know in some of the documents that

William Murray, 7/16/2018          Allen v. FamilyCare, Inc.

142

C E R T I F I C A T E

        I, Teresa L. Dunn, a Certified Shorthand Reporter for Oregon, do hereby certify that, pursuant to stipulation of counsel for the respective parties hereinbefore set forth, WILLIAM MURRAY personally appeared before me at the time and place set forth in the caption hereof; that at said time and place I reported in Stenotype all testimony adduced and other oral proceedings had in the foregoing matter; that thereafter my notes were reduced to typewriting under my direction; and that the foregoing transcript, pages 1 to 141, both inclusive, constitutes a full, true and accurate record of all such testimony adduced and oral proceedings had, and of the whole thereof. Witness my hand and CSR stamp at Vancouver, Washington, this 18th day of July, 2018.

_____
TERESA L. DUNN
Certified Shorthand Reporter
Certificate No. 00-0367
Commission Expires:  6/30/20

Exhibit 99
Page 6 of 6