# AMENDED AND RESTATED ARTICLES OF INCORPORATION

# OF

# FAMILYCARE, INC.

Adopted September 22, 2013

## ARTICLE I

## Name

The name of this Corporation is FamilyCare, Inc. (the "Corporation") and its duration shall be perpetual.

## ARTICLE II

## Type of Nonprofit Corporation

This Corporation is a public benefit corporation.

## ARTICLE III

## Purposes, Limitations and Powers

1.    **Purposes.** To operate exclusively to promote social welfare within the meaning of Section 501(c)(4) of the Internal Revenue Code of 1986, as amended (the "Code"), or any successor provision, including, to provide cooperative and comprehensive programs of health care to the community. To further these purposes, the objectives of the Corporation shall include, but not be limited to:

1.1    To establish, maintain and operate a preferred provider organization or other similar health care delivery system for the purpose of contracting for provision of comprehensive quality health care services to the community, and for the promotion and expansion of alternative delivery systems of comprehensive health care;

1.2    To contract with providers, whether individually or on a group basis, and in any form, and to contract for or conduct any other activities which may be incidental, necessary or in the pursuit of its other purposes;

1.3    To contract with the State of Oregon and others for the provision of health care;

1.4    To promote and encourage the improvement of health care and personal health education in the community; and

1.5    To support such other charitable, scientific or educational activities as the Corporation may direct.

1 - AMENDED AND RESTATED ARTICLES OF INCORPORATION

71962311.1 0026097-00001

Exhibit 110
Page 1 of 6

2.    **Limitations**.

2.1    The Corporation shall have no capital stock, and no part of its net earnings shall inure to the benefit of any Director or officer of the Corporation, or of any private individual.

2.2    No Director, officer, or any private individual shall be entitled to share in the distribution of any of the corporate assets upon dissolution of the Corporation, or upon the winding up of its affairs.

2.3    The Corporation shall not participate in, or intervene in (including the publication or distribution of statements) any political campaign on behalf of (or in opposition to) any candidate for public office as a significant or primary activity of the Corporation.

2.4    Notwithstanding any other provisions of these Articles, the Corporation shall not conduct or carry on activities not permitted to be conducted or carried on by an organization exempt under Section 501(c)(4) of the Code, or any successor provision.

3.    **Powers.**  In general, and subject to such limitations and conditions as are or may be prescribed by law, or in the Corporation's Articles of Incorporation or Bylaws, the Corporation shall have all powers which now or hereafter are conferred by law upon a corporation organized for the purposes set forth above, or are necessary or incidental to the powers so conferred, or are conducive to the attainment of the Corporation's purpose.

## ARTICLE IV

### Principal Office

The principal office address of the Corporation is 825 NE Multnomah, Suite 300, Portland, Oregon 97232.

## ARTICLE V

### Members

The Corporation will have Members.  The number, qualification, terms, criteria and procedures for admission to Membership, and the rights and obligations of Members shall be set forth in the Corporation's Bylaws.

## ARTICLE VI

### Board of Directors

2 – AMENDED AND RESTATED ARTICLES OF INCORPORATION

71962311.1 0026097-00001

Exhibit 110
Page 2 of 6

The number, qualifications, terms of office, manner of election, time and place of meeting, and powers or duties of Directors shall be prescribed by the Bylaws of the Corporation.

## ARTICLE VII

### Dissolution

1.      The Corporation may be dissolved as provided in ORS Chapter 65, and as the same may be hereafter amended, by the Members.

2.      Upon dissolution, all the remaining assets of the Corporation shall be distributed by the Members for similar purposes to ~~the Oregon Osteopathic Foundation and/or the College of Osteopathic Medicine of the Pacific Northwest, each a public benefit organization that qualifies for tax-exemption under the provisions of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended~~ The Heatherington Foundation for Innovation and Education in Health Care, Inc. In the event that ~~Oregon Osteopathic Foundation and the College of Osteopathic Medicine of the Pacific Northwest~~ The Heatherington Foundation for Innovation and Education in Health Care, Inc. is no longer in existence at that time, then all the remaining assets of the Corporation shall be distributed to another public benefit organization, associated with osteopathic medicine, that qualifies for tax exemption under the provisions of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended or is otherwise organized for a public or charitable purpose, as the Members shall determine.

## ARTICLE VIII

### Amendment of Articles

Any amendment of the Articles of the Corporation shall require a two-thirds (2/3) vote of all Members at a duly called meeting.

## ARTICLE IX

### Limitation of Liability

The personal liability to the Corporation of any Director or uncompensated officer for monetary damages for that person's conduct as a Director or officer is hereby eliminated; provided, however, that such Director or officer shall remain liable for any breach of such Director's or officer's duty of loyalty to the Corporation, acts or omissions by such Director or officer which are not in good faith or which involve intentional misconduct or knowing violations of law, unlawful distributions, transactions from which the Director or officer derived an improper personal benefit, and any act or omission in violation of ORS 65.361 to 65.367, as in effect on the date of these Articles.

4 – AMENDED AND RESTATED ARTICLES OF INCORPORATION

719623 11.1 0026097-00001

Exhibit 110
Page 3 of 6

# ARTICLE X

## Indemnification

1.        Indemnity for Action by Third Party. The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative, or investigative (other than an action by or in the right of the Corporation) by reason of the fact that he or she is or was a Director, officer, employee, or agent of the Corporation against expenses (including attorneys' fees), judgments, fines, and amounts paid in settlement actually and reasonably incurred by him or her in connection with such action, suit, or proceeding if he or she acted in good faith and in a manner he or she reasonably believed to be in the best interests of the Corporation.

A Director's conduct with respect to an employee benefit plan for a purpose the Director reasonable believed to be in the best interest of the participants and beneficiaries of the plan is conduct that satisfies the requirements for indemnification contained herein.

However, no indemnification shall be made in respect of any claim, issue, or matter charging improper personal benefit to such person in which such person was adjudged liable on the basis that personal benefit was improperly received by such person unless and only to the extent that the court in which such action or suit was brought shall determine upon application, that despite the adjunction of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expense which such court shall deem proper.

2.        Indemnity for Actions by or in the Right of the Corporation. To the extent of any uninsured liability, the Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action or suit by or in the right of the Corporation to procure a judgment in its favor by reason of the fact that he or she is or was a Director, officer, employee, or agent of the Corporation, against expenses (including attorneys' fees) actually and reasonably incurred by him or her in connection with the defense or settlement of such action or suit if he or she acted in good faith and in a manner he or she reasonably believed to be in the best interests of the Corporation.

However, no indemnification shall be made in respect of any claim, issue, or matter as to which such person shall have been adjudged to be liable to the Corporation unless and only to the extent that the court in which such action or suit was brought shall determine upon application that, despite the adjunction of liability, but in view of all circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expense which such court shall deem proper.

The above notwithstanding, the Corporation shall indemnify a Director, officer, employee, or agent who was wholly successful, on the merits or otherwise, in the defense of any proceeding to which the person was a party because of being a Director, officer, employee, or agent of the Corporation against reasonable expenses actually

5 – AMENDED AND RESTATED ARTICLES OF INCORPORATION

719623 11.1 0026097-00001

Exhibit 110
Page 4 of 6

incurred by the person in connection with the proceeding.

3.      Resolution to Indemnify.  Any indemnification under this Article (unless ordered by a court or required by statute) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification of the Director, officer, employee, or agent is proper in the circumstances because he or she has met the applicable standard of conduct set forth in this Article.  Such determination shall be made:

3.1     By the Board of Directors by a majority vote of a quorum consisting of Directors who were not parties to such action, suit or proceeding; or

3.2     If such a quorum cannot be obtained, by a majority vote of a committee duly designated by the Board of Directors consisting solely of two or more Directors not at the time parties to the proceeding; or

3.3     By special legal counsel selected by the Board of Directors or its committee or if a quorum of the Board cannot be obtained and a committee cannot be designated, the special legal counsel shall be elected by a majority vote of the full Board of Directors including Directors who are parties to the proceeding.

Authorization of indemnification and evaluation as to reasonableness of expenses shall be made in the same manner as the determination that indemnification is permissible, except that if the determination is made by a special legal counsel, authorization of indemnification and evaluation as to reasonableness of expenses shall be made by those entitled to select legal counsel.

4.      Advance by Corporation of Expenses for Defense.  The Corporation may pay for or reimburse the reasonable expenses incurred by a Director or officer who is a party to a proceeding in advance of final disposition of the proceeding if:

4.1     The Director or officer furnishes the Corporation with a written affirmation of his or her good faith belief that he or she has met the standard of conduct set forth in this Article; and

4.2     The Director or officer furnishes the Corporation a written undertaking, executed personally or in the Director or officer's behalf, to repay the advance if it is ultimately determined that the Director or officer did not meet the standard of conduct.  The undertaking must be an unlimited general obligation of the Director or officer, but need not be secured and may be accepted without reference to financial ability to make repayment.  Any authorization of payments hereunder shall be pursuant to the provisions of Article X, Section 3.

5.      Additional Right of Indemnity.  The indemnification provided by this Article shall not be deemed exclusive or any other rights to which those indemnified may be entitled under any Bylaws, agreement, vote of disinterested Directors or otherwise, both as to action in his or her official capacity and as to action in another

5 – AMENDED AND RESTATED ARTICLES OF INCORPORATION
71962311.1 0026097-00001

Exhibit 110
Page 5 of 6

capacity while holding such office, and shall continue as to a person who has ceased to be a Director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of such a person.

The Corporation shall have the power to make or agree to make any further indemnification, including advancement of expenses of any employee or agent who is not a Director or officer pursuant to the same criteria set forth in this Article for Directors and officers.

Pursuant to the procedures set forth in Article X, Section 3, the Corporation may pay or reimburse expenses incurred by a Director, officer, employee or agent who is not a Director or officer pursuant to the same criteria set forth in this Article for Directors and officers.

Pursuant to the procedures set forth in Article X, Section 3, the Corporation may pay or reimburse expenses incurred by a Director, officer, employee, or agent in connection with that person's appearance as a witness in a proceeding at a time when that person has not been made a named defendant or respondent to a proceeding.

6.     Errors and Omissions Insurance. The Corporation may purchase and maintain insurance on behalf of an individual against liability asserted against or incurred by the individual; who is or was a Director, officer, employee, or agent of the Corporation or who, while a Director, officer, employee, or agent of the Corporation is or was serving at the request of the Corporation as a Director, officer, partner, trustee, employee, or agent of another foreign or domestic business or non-profit Corporation, partnership, joint venture, trust, employee benefit plan or other enterprise. The Corporation may purchase and maintain the insurance even though the Corporation has no power to indemnify the individual against the same liability pursuant to the other provisions of Article X.