8/11/2017 5:07:34 PM
17CV09226

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | Case No. 17CV09226<br>Honorable Sean E. Armstrong<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL<br><br><br>**ORS 20.140 - State fees deferred at filing** |

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 1 of 19

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ...................................................................................................... 1

        A.      Limiting Discovery to the Time Period of January 1, 2016 to the Present
                Will Enable FamilyCare to Discover Information Relevant to the Alleged
                Claims and Defenses ............................................................................... 1

        B.      Documents that Pre-existed the Negotiation of the Settlement Agreement
                Cannot be Legally or Factually Relevant to the Alleged Claims and
                Defenses ................................................................................................... 2

                1.      The Settlement Agreement Releases Any and All Claims that
                        FamilyCare Could Have Brought Against OHA Based on Facts
                        that Pre-date its Effective Date (May 22, 2016) ........................ 3

                2.      Documents that Pre-Date Negotiation of the Settlement Agreement
                        Cannot be Relevant to FamilyCare's Allegation that OHA Reduced
                        its 2017 Rates to Recoup Monies Paid Under that Settlement Term .......... 5

        C.      Prior Productions to FamilyCare I and FamilyCare II are Not Relevant to
                this Lawsuit (FC III), Because They Predate the Relevant Time Period ............... 5

        D.      Even were the Documents FamilyCare Demands Were Marginally
                Relevant To the Allegations FamilyCare has Pled, the Burden of
                Producing them Is Disproportionate to Any Possible Benefit ............................... 6

III.    CONCLUSION .................................................................................................... 7

Page i

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 2 of 19

## I.    INTRODUCTION

FamilyCare demands OHA collect, process, review, and produce to it hundreds of thousands of documents that have no bearing on its claims in this case.  OHA should not be compelled to undertake the tremendous cost entailed in this unnecessary effort. FamilyCare asserts that it is entitled to documents going back to 2015.  As noted in OHA's pending Rule 21 and summary judgment motions, FamilyCare's alleged claims for relief all fail as a matter of law regardless of what discovery might yield.  OHA has nevertheless agreed to engage in discovery while dispositive motions are pending, and has agreed to collect and produce documents for the time period of January 1, 2016 to the present.  As explained below, documents that pre-date January 1, 2016 cannot possibly be factually or legally relevant to any claim or defense in this lawsuit.

## II.    ARGUMENT

### A.    Limiting Discovery to the Time Period of January 1, 2016 to the Present Will Enable FamilyCare to Discover Information Relevant to the Alleged Claims and Defenses

Discovery is limited to documents and information relevant to the claims and defenses in the parties' pleadings.  ORCP 36.  To the extent any discovery is appropriate or necessary (and it is not), at most, the relevant time period for discovery is that which includes material reflecting the parties' collective intent regarding the meaning of an express term in the parties 2016 settlement agreement (the Settlement Agreement) and OHA's development of the rates to be paid to Coordinated Care Organizations (CCOs) for calendar year 2017 (the 2017 CCO Rates).

The amended complaint alleges four claims for relief regarding OHA's development of FamilyCare's 2017 rates:  (1) a claim for specific performance to enforce a term in the parties' settlement agreement providing that OHA would not use the settlement credit or the 2016 rates as a basis for limiting FamilyCare's 2017 (or other future) rates; (2) a claim for declaratory judgment regarding the parties' rights under that settlement term; (3) a damages claim for breach of that settlement term; and (4) a petition for judicial review under Oregon's Administrative

Page 1 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 3 of 19

Procedures Act (APA) of the 2017 rate amendment alleging that FamilyCare's 2017 rates are actuarially unsound and therefore violate various federal and state laws.

These claims focus on the meaning of the settlement term[1] and the rate development process for the 2017 rates. The parties began negotiating the settlement agreement in April 2016, and OHA began its process to develop the 2017 rates around that time as well. Declaration of Renee Stineman (Stineman Decl.) ¶ 5; Declaration of Mark Fairbanks (Fairbanks Decl.) ¶ 7. OHA's proposed time scope of discovery from January 1, 2016 forward includes the relevant time frame with a generous margin. To the extent that OHA used or relied on documents that pre-existed that time period in developing the 2017 rates, such documents will be collected and produced because they were used in 2016 to develop the 2017 rates. OHA has provided FamilyCare with the actual model used to set the 2017 rates (including summary and analysis provided in February of 2017), and has agreed to search for and produce: (1) documents relating to the development of the 2017 rates (which occurred in 2016); (2) all non-privileged documents regarding negotiation and drafting of the Settlement Agreement; as well as (3) documents relevant to whether OHA complied with the settlement term at issue. Stineman Decl. ¶ 6; Declaration of Elleanor Chin (Chin Decl. ¶¶ 4-6).

**B.    Documents that Pre-existed the Negotiation of the Settlement Agreement Cannot be Legally or Factually Relevant to the Alleged Claims and Defenses**

FamilyCare asserts that is entitled to discovery of documents created in 2015 for two reasons: (1) "the methodology on which OHA relied in setting its 2017 rates—and on which it continues to rely today—was actually developed during 2015"; and (2) "a key theme running

---

[1] As noted in OHA's pending Rule 21 motion, the meaning of that settlement term is a question of law. FamilyCare's reading is implausible and does not entitle it to engage in overbroad, burdensome discovery for no legitimate purpose. For context, counsel for OHA estimates the number of documents with search term hits in the date range OHA does not dispute (January 1, 2016 to present) will exceed 500,000. Chin Decl. ¶ 10. Preliminary estimates for costs to OHA for data processing (conversion to various formats used for different phases of discovery), data hosting, and contractor review exceed $300,000. *Id.* at ¶ 11. Expanding the scope of discovery to include documents from 2015 could add 200,000 to 400,000 (or more) additional documents. *Id.* at ¶ 12.

Page 2 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 4 of 19

through several of FamilyCare's claims is that OHA has been targeting FamilyCare for years[.]" Pltffs' Mot to Compel at 2. As explained below, neither of these reasons entitle FamilyCare to discovery prior to 2016.

      **1.**     **The Settlement Agreement Releases Any and All Claims that FamilyCare Could Have Brought Against OHA Based on Facts that Pre-date its Effective Date (May 22, 2016)**

FamilyCare cannot get discovery on a claim that it cannot assert. FamilyCare ignores that it permanently and unambiguously waived and released any right to challenge the rate methodology that OHA developed in 2015. The Settlement Agreement completely resolved all disputes— *whether known or unknown—*that either party could have brought based on facts related to development of the 2015 and 2016 rates. Under the express terms of the Settlement Agreement, FamilyCare specifically waived and released its right to now challenge *in any way* the rate methodology that OHA developed in 2015:

> "This Agreement is intended to ***resolve all claims that either Party brought or could have brought against the other Party, as of the date of this Settlement Agreement, relating to FamilyCare's 2015 and 2016 capitation rates*** and the implementation or execution of the Contract amendments incorporating those rates ("the Dispute")."
>
> . . .
>
> "<u>FamilyCare Release</u>. Except with respect to the obligations to OHA under this Settlement Agreement, FamilyCare, for itself and for each of its employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors, affiliates, insurers and their respective assigns and legal representatives, whether former or current, ***hereby releases and discharges the State of Oregon*** including OHA and all of its affiliated agencies or divisions and each of OHA's and its affiliated agencies or divisions' employees, officers, directors, successors, predecessors, affiliates, insurers and their respective assigns and legal representatives, whether former or current, ***from any and all claims, whether raised or not, that relate to the Dispute; it being a specific intent and purpose that this global release and discharge shall extend to any and all claims, whether now known or unknown and whether specifically mentioned or not, which may exist or might be claimed to exist through and including the Effective Date and that relate to the Dispute; and FamilyCare expressly waives any and all claims or rights to assert that any matter, cause, or thing of any kind or nature whatsoever has***

Page 3 -   DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 5 of 19

***been, through oversight or error, either intentionally or unintentionally omitted to the extent such claims or rights relate to the Dispute***."

Am. Compl., Ex. 2 at pp. 3 & 9 (emphasis added).

Oregon courts routinely enforce such releases and waivers of rights in settlement agreements. *See e.g., Wieck v. Hostetter,* 274 Or App 457, 472 (2015); *In re Marriage of McInnis*, 199 Or App 223 (2005); *Rucker v. Rucker*, 257 Or App 544 (2013). Releases and settlements are favored by the law, because certainty and judicial economy are served when parties can negotiate settlement of their disputes with confidence that their settlement agreements will be upheld and enforced by the courts. *Knutson v. Yamhill Cty*., 130 Or App 173, 177–78 (1994).

Here, there is no dispute that OHA used the 2015 Rate Methodology to calculate FamilyCare's 2015 and 2016 rates. *See* Pltffs' Mot to Compel at 2; Stineman Decl. Ex. 1. And the 2015 Rate Methodology directly relates to the claims that were resolved with finality by the Settlement Agreement. Stineman Decl. Ex. 1; Am. Compl., Ex. 2. FamilyCare has permanently and unambiguously waived and released any right to challenge the 2015 Rate Methodology.

Simply put, FamilyCare cannot now sue over 2017 rates to challenge the lawfulness of the 2015 Rate Methodology.[2] FamilyCare is, therefore, not entitled to discovery regarding development of that methodology. OHA has explicitly agreed to produce material used to develop 2017 rates, regardless of that material's own creation date. Chin Decl. ¶¶ 4-6. Thus, to the extent FamilyCare's demand for documents predating 2016 is not a back-door attempt to relitigate settled matters, they will obtain the discovery relevant to the claims pled in this suit.

---

[2] As explained in OHA's pending motion for summary judgment, FamilyCare's claims all fail as a matter of law to the extent they rely on a challenge to the rate methodology that OHA developed in 2015.

Page 4 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 6 of 19

**2.    Documents that Pre-Date Negotiation of the Settlement Agreement Cannot be Relevant to FamilyCare's Allegation that OHA Reduced its 2017 Rates to Recoup Monies Paid Under that Settlement Term**

FamilyCare's second asserted ground for needing discovery of facts prior to 2016—that it needs discovery to prove its key theme that OHA has been targeting FamilyCare for years—is also without merit. First, as a matter of basic logic, documents that pre-date the negotiation of the Settlement Agreement cannot be relevant to the alleged breach of the Settlement Agreement. Unless OHA is capable of time travel, OHA cannot possibly have breached the Settlement Agreement before it existed. Second, OHA's motives are legally irrelevant to FamilyCare's APA claim alleging that its 2017 rates are actuarially unsound in violation of various federal and state laws.

**C.    Prior Productions to FamilyCare I and FamilyCare II are Not Relevant to this Lawsuit (FC III), Because They Predate the Relevant Time Period**

FamilyCare spends several pages in its motion to compel countering a position that OHA has never asserted in the parties' conferral discussions, and does not assert now—that OHA's prior productions are sufficient to satisfy its discovery obligations in this case. As counsel for OHA explained on numerous occasions during the parties' conferrals, ***OHA is not relying on those productions to satisfy its production obligations in this case***. This Court thus need not evaluate the sufficiency of those prior productions. Moreover, those documents pre-date the relevant time period for the claims alleged in FamilyCare's amended complaint; for the reasons discussed above, such documents cannot be factually or legally relevant in this case.

OHA's counsel directed FamilyCare's current counsel (Perkins Coie) to past productions only to explain that to the extent FamilyCare is interested in documents that predate any issues now before the Court on FamilyCare's current complaint, FamilyCare already has numerous such documents, produced to its prior counsel (Stoel Rives). OHA provided extensive discovery in FC I and II, and responded to multiple public records requests relating to the development of the 2015 and 2016 rates, producing approximately 130,000 documents in total. *See* Stineman

Page 5 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 7 of 19

Decl. ¶ 4. FamilyCare has yet to point to any of those documents as examples of their relevance to the claims alleged in their current complaint.

OHA agrees that discovery in those cases were not completed because those cases were resolved by the Settlement Agreement.  OHA does not contend that they are in any way responsive to FamilyCare's discovery needs in this case.  As noted above and in OHA's pending motion for summary judgment, the Settlement Agreement precludes FamilyCare from bringing any claims (whether then known or not) against OHA based on facts that pre-date May 22, 2016.

**D.    Even were the Documents FamilyCare Demands Were Marginally Relevant To the Allegations FamilyCare has Pled, the Burden of Producing them Is Disproportionate to Any Possible Benefit**

FamilyCare's vague allegations relating to "motive" and pre-2016 documents are irrelevant as a matter of law, for the reasons set forth above.  Moreover, the nature and extent of the documents in this case already requires OHA to collect over a million documents to respond to discovery. Expanding the scope as plaintiffs demands would capture hundreds of thousands additional documents, which OHA would incur costs for processing, hosting, reviewing for privilege and trade secrets, and producing. *See* Declaration of Elleanor Chin. OHA is in the process of reviewing over 200,000 documents, identified based on counsel's agreements on information custodians and search terms for the period of 2016 to the present, and is also in the process of collecting additional documents per the parties' agreements.  OHA estimates at least twice that many will require some review to determine potential responsiveness (for a total of between 600,000 and 800,000[3] documents in the date range that OHA does NOT dispute). Without reaching the issue of documents belonging to individuals with no involvement in the 2017 rate setting, the date range alone would add at least 200,000 additional documents.

---

[3]These numbers are *after* some automated reduction of duplicate copies.

Page 6 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 8 of 19

## III.    CONCLUSION

For the foregoing reasons, OHA respectfully asks this Court to deny FamilyCare's motion to compel.

DATED August __11__, 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_____s/ Renee Stineman_____
RENEE STINEMAN #994610
Attorney-in-Charge
CARLA A. SCOTT #054725
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Of Attorneys for Plaintiff

Page 7 -    DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429846-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 9 of 19

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>Defendant. | Case No. 17CV09226<br>Honorable Sean E. Armstrong<br><br>DECLARATION OF RENEE STINEMAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL<br><br><br>**ORS 20.140 - State fees deferred at filing** |

I, Renee Stineman, declare:

1.     I am one of the attorneys representing Oregon Health Authority (OHA) in this case. I make this declaration based on my personal knowledge.

2.     I have participated in email communications and telephone conferrals with Perkins Coie, LLP, counsel for Plaintiff FamilyCare, Inc., regarding discovery in this matter.

3.     I was also counsel of record for OHA in two prior lawsuits brought by FamilyCare against OHA in 2016 challenging its 2015 rates: *FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court Case No. 15CV13782 (FC I) and *FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court Case No. 16CV10253 (FC II). I also represented OHA regarding FamilyCare's threatened claims challenging its 2016 rates.

4.     Attached hereto as Exhibit 1 is a true and correct copy of a letter from FamilyCare's counsel addressed to OHA and its counsel communicating FamilyCare's concern

Page 1 -   DECLARATION OF RENEE STINEMAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429848-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 10 of 19

that the rate methodology that OHA used to redevelop the 2015 rates (the 2015 Rate Methodology) was not actuarially sound as required by federal law.

5.    OHA produced approximately 130,000 documents to FamilyCare in discovery, or in response to public record requests in 2016, prior to the resolution of the parties' disputes pursuant to the Settlement Agreement executed in May 2016.

6.    The parties began negotiating the Settlement Agreement in April 2016.

7.    In or about February of 2017, OHA provided FamilyCare with the actual model used to set the 2017 rates (including summary and analysis prepared by OHA's actuaries).

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED August __11__, 2017.

RENEE STINEMAN
Attorney-in-Charge

Page 2 -    DECLARATION OF RENEE STINEMAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8429848-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 11 of 19



STOEL
RIVES
LLP

ATTORNEYS AT LAW

900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204
main 503.224.3380
fax 503.220.2480
www.stoel.com

REILLEY D. KEATING
*Direct (503) 294-9823*
reilley.keating@stoel.com

October 16, 2015

**BY OVERNIGHT MAIL AND EMAIL**

Lynne Saxton
Oregon Health Authority
500 Summer Street, NE E-20
Salem, Oregon 97301-1097
lynne.saxton@state.or.us

**BY EMAIL AND HAND DELIVERY**

Renee Stineman
Sarah Weston
Assistant Attorney General
Special Litigation Unit
Oregon Department of Justice
1515 SW 5th Ave, Suite 410
Portland, OR 97201
renee.stineman@doj.state.or.us
Sarah.Weston@doj.state.or.us

RE:  Petition for Reconsideration of Email Dated August 19, 2015 re "2015 Final Rate Package, Effective 1/1/2015 – FamilyCare"

Dear Director Saxton, Renee, and Sarah:

This Petition for Reconsideration is being filed on behalf of FamilyCare, Inc. ("FamilyCare"). On August 19, 2015, Tricia MacInnes of the Oregon Health Authority ("OHA"), acting on Lori Coyner's behalf, sent an email to FamilyCare ("FamliyCare") with the subject "2015 Final Rate Package, Effective 1/1/2015-FamilyCare" (the "August 19 email"). A copy of the August 19 email (without its attachments) is attached as Exhibit 1. The email stated that it included the "final re-determined 2015 capitation rates and case rates based on a January 1, 2015 effective date" and attached a number of documents reflecting the revised rates.

Several weeks later, on August 31, 2015, OHA's David Fischer sent another email to FamilyCare attaching a proposed Amendment Number 6 to Health Plan Services Contract, Coordinated Care Organization Contract 143114 Between the State of Oregon Oregon Health Authority and FamilyCare, Inc. ("proposed amendment"). The proposed amendment contained

80377720.1 0026097-00036

Alaska  California  Idaho
Minnesota  Oregon  Utah  Washington
and  Washington, D.C.

Exhibit 112

Exhibit 1 to Declaration of Renee Stineman, Page 12 of 19



Lynne Saxton
Renee Stineman
Sarah Weston
October 16, 2015
Page 2

rate sheets effective for FamilyCare's covered services for the rate period of January 1 to December 31, 2015. The rates in the rate sheets attached to the proposed amendment are different than the rates attached to the August 19 email.

The Oregon Administrative Procedures Act ("APA") defines "final order" as "final agency action expressed in writing" and expressly "does not include any tentative or preliminary agency declaration or statement that (A) [p]recedes final agency action; or (B) [d]oes not preclude further agency consideration of the subject matter of the statement or declaration. ORS 183.310(6)(b). We understand from Renee's email sent earlier today that OHA "tend[s] to agree" that the August 19 email is "likely not a final order" but that "the email communicated the final redeveloped rates" and so OHA was not "comfortable withdrawing it." We agree that the August 19 email does not constitute a "final order," but we believe that the rates communicated with the email also do not constitute a "final order." It is our understanding that those rates were revised again, as reflected in the proposed amendment OHA sent to FamilyCare on August 31.

In all events, FamilyCare is concerned that neither the methodology applied or rates established by OHA and communicated with the August 19 email are actuarially sound, as required by 42 USC § 1396b(m)(2)(A)(iii) and 42 CFR § 438.6, and OHA has refused to provide FamilyCare with all of the data that OHA considered when it established the rates. Accordingly, out of an abundance of caution and pursuant to ORS 183.484, FamilyCare petitions OHA to reconsider and withdraw the August 19 email and the rates contained therein to the extent the email and the rates constitute a final order.

Very truly yours,

Reilley Keating

Enclosure

cc:    Jeremy Sacks
       Kelly Knivila
       Jeff Wahl (*via email*)
       Carla Scott (*via email*)

80377720.1 0026097-00036

Exhibit 112

Exhibit 1 to Declaration of Renee Stineman, Page 132 of 194

| From: | MacInnes Tricia <tricia.macinnes@state.or.us> |
|---|---|
| Sent: | Wednesday, August 19, 2015 11:12 AM |
| To: | Kevin Clancy; William (Bill) Murray |
| Cc: | Barry Jordan; GUEST Chelsea A; Rohrer David L; Fritsche Jeffrey P; Coyner Lori A; Fairbanks Mark R; Zachary Aters |
| Subject: | 2015 Final Rate Package, Effective 1/1/2015 - FamilyCare |
| Attachments: | SNRG Rate Summary - Family Care 2015.08.14.xlsx; 9. FamilyCare Payment Rate Exhibit.xlsx; MAT Model FamilyCare 2015.08.15.xlsx; 1. OR CY15 Rates - Regional Rate Model (TriCounty) FINAL  2015.08.17.xlsx; 4. OR CY15 Rates - MH Only Rate Model (TriCounty).xlsx; 6. TriCounty Payment Rate Summary by COS.xlsx; 3. A & D Residential Adjustment Presentation.xlsx; 3. ACT SE Model Presentation.xlsx; 3. Breakthrough Therapy Rate Exhibit.xlsx; 3. CANS Rate Exhibit.xlsx; 3. Child's Wrap Exhibit.xlsx; 3. NEMT Rate Exhibit.xlsx; 5. Dental 2015 Rate Model 2015 Final 2015.06.24.xlsx; 10. Bariatric Case Rate Exhibit 2015.08.15.xlsx |

*Sent on Behalf of Lori Coyner*

Dear FamilyCare,

Attached are the final re-determined 2015 capitation rates and case rates based on a January 1, 2015 effective date. OHA met with CMS twice over the last few weeks and jointly agreed on moving forward with a January 1, 2015 effective date using the revised methodology. Due to this decision, Optumas and OHA revisited the trend for all rate groups and specifically revisited the ACA rates. We will walk you through the changes in more detail during your individual meetings and at the rates workgroup meeting on Wednesday.

The package includes the following:
1. 2015 Regional Rate Model (CCO-A & CCO-B)
2. CCO-specific 2015 Maternity Case Rate Model and Summary
3. Models & Summaries for the following 2015 Rate Add-ons:
    o A&D Residential
    o ACT/SE
    o Breakthrough Therapies
    o CANS
    o Children's Wrap Around
    o NEMT
4. 2015 Regional Mental Health Only Model (CCO-E & CCO-G)
5. 2015 Dental Rate Model
6. Regional and Statewide Category of Service Summary
7. 2015 Special Needs Rate Group Summary
9. 2015 Payment Rate Exhibit
10. 2015 Bariatric Case Rate Summary

**Additional Considerations:**
- **Health Insurer Fee:** The applicable fee for the Medicaid portion of business is built into these final rates.
- **NEMT Integration in October 1, 2015:** CCOs who will start covering Non-emergent Medical Transportation (NEMT) October 2015 will have a NEMT adjustment for the full 2015 calendar year rates. The adjustment loaded reflects that the service will only be covered for the last quarter of 2015. An exhibit is provided if applicable.

1

Please let us know if you have any questions. We appreciate your partnership through this process and look forward to continuing the work for 2016.

Thanks,
Lori

Lori Coyner, MA
Director of Health Analytics
500 Summer Street NE
Salem, OR 97301
(503) 569-3160 cell
lori.a.coyner@state.or.us



CONFIDENTIALITY NOTICE
This e-mail may contain information that is privileged, confidential, or otherwise exempt from disclosure under applicable law. If you are not the addressee or it appears from the context or otherwise that you have received this e-mail in error, please advise me immediately by reply e-mail, keep the contents confidential, and immediately delete the message and any attachments from your system.

2

EXHIBIT 1
Page 2 of 2
Exhibit 112
Exhibit 1 to Declaration of Renee Stineman, Page 54 of 9

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon,<br><br>    Defendant. | Case No. 17CV09226<br>Honorable Sean E. Armstrong<br><br>DECLARATION OF ELLEANOR CHIN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL<br><br>**ORS 20.140 - State fees deferred at filing** |

I, Elleanor Chin, declare:

1.    I am a Senior Assistant Attorney General in the Trial Division at the Oregon Department of Justice.

2.    My role in this case is to assist the attorneys of record representing Defendants Oregon Health Authority (OHA), in this matter on issues related to discovery.

3.    I have corresponded with and participated with other Department of Justice attorneys in multiple telephone conferral conferences relating to discovery with attorneys from Perkins Coie LLP, counsel of record for Plaintiff FamilyCare, Inc., including but not limited to telephone discussions on July 13, 2017, July 19, 2017 and July 28, 2017.

4.    OHA has agreed to search for and produce the following general categories of documents:

a)    documents relating to the rate development period at issue in FamilyCare's amended complaint;

Page 1 -    DECLARATION OF ELLEANOR CHIN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8436180-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 16 of 19

b) non-privileged documents regarding negotiation and drafting of the 2016 Settlement Agreement between FamilyCare and OHA; and

c) documents relevant to whether OHA complied with the settlement term at issue.

5. The scope of discovery as to which counsel has agreed so far requires OHA to collect electronic mail and documents sent, received, and created by over twenty separate individuals ("custodians"), including current and former OHA employees and executives, OHA's legal counsel, and OHA's actuaries.

6. OHA has agreed to use approximately seventy different search terms (words, word combinations, or phrases) suggested by FamilyCare's counsel to identify potentially responsive documents for review.

7. OHA has retained a third party litigation services provider to handle the data processing, searching, and hosting of the data necessary to manage the discovery in this case.

8. OHA's collection, processing, search, and review of the data subject to the agreed scope of discovery in this matter is ongoing. OHA has identified an initial universe of documents, dated after the January 1, 2016, with FamilyCare's search terms, from some of the key decisions makers.

9. In order to protect OHA's attorney client privilege, satisfy its discovery obligations, and satisfy obligation to third parties, OHA must review documents for responsiveness, privilege, and third party trade secrets, using a combination of qualified contractors and technology developed and tested in the litigation support industry.

10. At this time documents definitely identified for review include over 200,000 items, out of approximately 1.5 million documents collected. These numbers reflect some automated reduction of duplicates, but the number will increase as counsel works with the litigation service provider to process, search and review the remaining data. Based on the

Page 2 -   DECLARATION OF ELLEANOR CHIN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8436180-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 17 of 19

volumes collected to date and preliminary application of search terms, I estimate the documents with search term hits in the date range OHA does not dispute will exceed 500,000.

11.    Preliminary estimates for costs to OHA for data processing (conversion to various formats used for different phases of discovery), data hosting, and contractor review exceed $300,000.

12.    Expanding the scope of discovery to include documents predating the 2016 cut off date OHA asserts is appropriate for the claims at issue will greatly increase the volume of documents requiring processing, hosting in a database, and individualized or technology assisted review. Without reaching the issue of documents belonging to individuals with no involvement in the 2017 rate setting, the date range alone could add 200,000 to 400,000 additional documents.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED August //, 2017.

ELLEANOR H. CHIN

Page 3 -    DECLARATION OF ELLEANOR CHIN IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
RS7/rh2/8436180-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 18 of 19

**CERTIFICATE OF SERVICE**

I certify that on August __11__, 2017, I served the foregoing DEFENDANT'S

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND DECLARATIONS IN

SUPPORT upon the parties hereto by the method indicated below, and addressed to the

following:

Stephen F. English                          ___ HAND DELIVERY
Courtney Rian Peck                          _X_ MAIL DELIVERY
Meredith M. Price                           ___ OVERNIGHT MAIL
Thomas Russell Johnson                      _X_ SERVED BY E-FILING
Perkins Coie LLP
1120 NW Couch 10th Flr
Portland, OR  97209
    *Of Attorneys for Plaintiff*

    *s/ Renee Stineman*
RENEE STINEMAN #994610
Attorney-in-Charge
CARLA A. SCOTT #054725
Senior Assistant Attorney General
ELLEANOR H. CHIN #061484
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880/Fax (971) 673-5000
Renee.Stineman@doj.state.or.us
Carla.A.Scott@doj.state.or.us
Elleanor.Chin@doj.state.or.us
Of Attorneys for Plaintiff

Page 1 -   CERTIFICATE OF SERVICE
      RS7/rh2/8084159-v3

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 112
Page 19 of 19