| Form | Charitable Activities Section | For Accounting Periods Beginning in: |
|---|---|---|
| **CT-12** **For Oregon Charities** | **Oregon Department of Justice** 100 SW Market Street    VOICE  (971) 673-1880 Portland, OR 97201-5702    TTY    (800) 735-2900 Email: charitable.activities@doj.state.or.us    FAX  (971) 673-1882 Website: http://www.doj.state.or.us | **2016** |

## Section I.    General Information

1.

    #13876

    FamilyCare, Inc.

    825 NE Multnomah, Suite 1400

    Portland, OR  97232

    503-222-3205

**Cross Through Incorrect Items and Correct Here:**
(See instructions for change of name or accounting period.)

Registration #:

Organization Name:

Address:

City, State, Zip:

Phone:

Email:

Period Beginning:

Period Ending:

**RECEIVED**

**NOV 1 3 2017**

DEPARTMENT OF JUSTICE
PORTLAND LEGAL

Fax:

Amended Report? ☐

2. Did a certified public accountant audit your financial records? - If yes, attach a copy of the auditor's report, financial statements, accompanying notes, schedules, or other documents supplementing the report or financial statements.     [X] Yes   ☐ No

3. Is the organization a party to a contract involving person-to-person, advertising, vending machine or telephone fund-raising in Oregon?     ☐ Yes  [X] No
If yes, write the name of the fund-raising firm(s) who conducts the campaign(s): _____

4. Has the organization or any of its officers, directors, trustees, or key employees ever signed a voluntary agreement with any government agency, such as a state attorney general, secretary of state, or local district attorney, or been a party to legal action in any court or administrative agency regarding charitable solicitation, administration, management, or fiduciary practices? If yes, attach explanation of each such agreement or action.  See instructions.     ☐ Yes  [X] No

5. During this reporting period, did the organization amend its articles of incorporation, bylaws, or trust documents, OR did the organization receive a determination letter from the Internal Revenue Service relating to its tax-exempt status? If yes, attach a copy of the amended document or letter.     ☐ Yes  [X] No

6. Is the organization ceasing operations and is this the final report? (If yes, see instructions on how to close your registration.)     ☐ Yes  [X] No

7. Provide contact information for the person responsible for retaining the organization's records.

| Name | Position | Phone | Mailing Address & Email Address |
|---|---|---|---|
| Anthony Jackson | Controller | 503-222-3205 | 825 NE Multnomah, STE 1400, Portland, OR 97232 Finance@familycareinc.org |

8. List of Officers, Directors, Trustees and Key Employees - List each person who held one of these positions at any time during the year even if they did not receive compensation.  Attach additional sheets if necessary.  If an attached IRS form includes substantially the same compensation information, the phrase "See IRS Form" may be entered in lieu of completing that section. **(Oregon law requires a minimum of three directors for nonprofit corporations.)**

| (A) Name, mailing address, daytime phone number and email address | (B) Title & average weekly hours devoted to position | (C) Compensation (enter $0 if position unpaid) |
|---|---|---|
| Name: See Federal Form 990, Part VII<br>Address:<br>Phone:<br>Email: | | |
| Name:<br>Address:<br>Phone:<br>Email: | | |
| Name:<br>Address:<br>Phone:<br>Email: | | |

**Form Continued on Reverse Side**

THO
6J4460 2.000

## Section II. Fee Calculation

9. **Total Revenue.**
(From Line 12 (current year) on Form 990; Line 9 on Form 990-EZ; Part I, Line 12a on Form 990-PF; Line 9 on Form 1041; or see the CT-12 instructions if no federal tax return was prepared or a Form 990-N was filed. **Attach explanation if Total Revenue is $0.**)

| 9. | 497,631,270 |
|----|-------------|

10. **Revenue Fee**
(See chart below. Minimum fee is $20, even if total revenue is a negative amount.)

| Amount on Line 9 | | | Revenue Fee |
|---|---|---|---|
| $0 | – | $24,999 | $20 |
| $25,000 | – | $49,999 | $50 |
| $50,000 | – | $99,999 | $90 |
| $100,000 | – | $249,999 | $150 |
| $250,000 | – | $499,999 | $200 |
| $500,000 | – | $999,999 | $300 |
| $1,000,000 | or | more | $400 |

| 10. | 400 |
|----|-----|

11. **Net Assets or Fund Balances at End of the Reporting Period.**
(From Line 22 (end of year) on Form 990, Line 21 on Form 990-EZ, or Part II, Line 6 on Form 990-PF; or see the CT-12 instructions to calculate.)

| 11. | 136,041,298 |
|----|-------------|

12. **Net Fixed Assets Used to Conduct Charitable Activities**
(Generally, from Part X, Line 10c on Form 990, Line 23B on Form 990-EZ or Part II, Line 14b on Form 990-PF; or see the CT-12 instructions to calculate. See the Ct-12 instructions if organization owns income-producing assets.)

| 12. | 6,908,471 |
|----|-----------|

13. **Amount Subject to Net Assets or Fund Balances Fee**
(Line 11 minus Line 12. If Line 11 minus Line 12 is less than $50,000, write $0.)

| 13. | 129,132,827 |
|----|-------------|

14. **Net Assets or Fund Balances Fee.**
(Line 13 multiplied by .0001. If the fee is less than $5, enter $0. **Not to exceed $2,000.** Round cents to the nearest whole dollar.)

| 14. | 2,000 |
|----|-------|

15. **Are you filing this report late?** ☐ Yes ☒ No
(If yes, the late fee is a minimum of $20. You may owe more depending on how late the report is. See Instruction 15 for additional information or contact the Charitable Activities Section at (971) 673-1880 to obtain late fee amount.)

| 15. | |
|----|--|

16. **Total Amount Due.**
(Add Lines 10, 14, and 15. Make check payable to the Oregon Department of Justice.)

| 16. | 2,400 |
|----|-------|

17. Attach a copy of the organization's federal 990 or other return and all supporting schedules and attachments that were filed with the IRS, except that Form 990 & 990EZ filers do not need to attach a copy of their Schedule B. Also, if the organization did not file with the IRS or filed a 990-N, but had Total Revenue of $50,000 or more, or Net Assets or Fund Balances of $100,000 or more, see the instructions as the organization may be required to complete certain IRS forms for Oregon purposes only. If the attached return was not filed with the IRS, then mark any such return as "For Oregon Purposes Only." If your organization files IRS Form 990-N (e-Postcard) please attach a copy or confirmation of its filing

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including all accompanying forms, schedules, and attachments, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature of officer

Jeffrey Heatherington
Officer's name (printed)

Date: 11-6-17

Title: President

Address: 825 NE Multnomah, Suite 1400, Portland, OR 97232

Phone: 503-222-3205

**Paid Preparer's Use Only**

Preparer's signature

Date: 11/3/17

Phone: 503-221-0336

Perkins & Co., PC
Preparer's name (printed)

Address: 1211 SW Fifth Ave., Suite 1000
Portland, OR 97204

1062
6J4461 2.000

** PUBLIC DISCLOSURE COPY **

OMB No. 1545-0047

Form **990**

# Return of Organization Exempt From Income Tax

Under section 501(c), 527, or 4947(a)(1) of the Internal Revenue Code (except private foundations)

▶ Do not enter social security numbers on this form as it may be made public.

▶ Information about Form 990 and its instructions is at *www.irs.gov/form990*.

**2016**

Open to Public Inspection

Department of the Treasury
Internal Revenue Service

**A** For the 2016 calendar year, or tax year beginning _____ and ending _____

| **B** Check if applicable: | **C** Name of organization | | **D** Employer identification number |
|---|---|---|---|
| ☐ Address change | FAMILYCARE, INC. | | |
| ☐ Name change | Doing business as | | 93-0878074 |
| ☐ Initial return | Number and street (or P.O. box if mail is not delivered to street address) | Room/suite | **E** Telephone number |
| ☐ Final return/terminated | 825 NE MULTNOMAH, SUITE 1400 | | 503-222-3205 |
| ☐ Amended return | City or town, state or province, country, and ZIP or foreign postal code | | **G** Gross receipts $ 735,649,234. |
| ☐ Application pending | PORTLAND, OR 97232 | | **H(a)** Is this a group return |

**F** Name and address of principal officer: JEFFREY HEATHERINGTON
SAME AS C ABOVE

**H(a)** Is this a group return for subordinates? ☐ Yes ☒ No
**H(b)** Are all subordinates included? ☐ Yes ☐ No
If "No," attach a list. (see instructions)

**I** Tax-exempt status: ☐ 501(c)(3) ☒ 501(c) ( 4 )◀ (insert no.) ☐ 4947(a)(1) or ☐ 527

**J** Website: ▶ WWW.FAMILYCAREINC.ORG

**H(c)** Group exemption number ▶

**K** Form of organization: ☒ Corporation ☐ Trust ☐ Association ☐ Other ▶ | **L** Year of formation: 1984 | **M** State of legal domicile: OR

## Part I | Summary

| | | | |
|---|---|---|---|
| **Activities & Governance** | **1** | Briefly describe the organization's mission or most significant activities: TO PROVIDE COMMUNITY HEALTH CARE. | |
| | **2** | Check this box ▶ ☐ if the organization discontinued its operations or disposed of more than 25% of its net assets. | |
| | **3** | Number of voting members of the governing body (Part VI, line 1a) | **3** | 13 |
| | **4** | Number of independent voting members of the governing body (Part VI, line 1b) | **4** | 10 |
| | **5** | Total number of individuals employed in calendar year 2016 (Part V, line 2a) | **5** | 386 |
| | **6** | Total number of volunteers (estimate if necessary) RECEIVED | **6** | 0 |
| | **7 a** | Total unrelated business revenue from Part VIII, column (C), line 12 | **7a** | 0. |
| | **b** | Net unrelated business taxable income from Form 990-T, line 34 NOV 1 3 2017 | **7b** | 0. |

| **Revenue** | | | Prior Year | Current Year |
|---|---|---|---|---|
| | **8** | Contributions and grants (Part VIII, line 1h) | 0. | 23,000. |
| | **9** | Program service revenue (Part VIII, line 2g) DEPARTMENT OF JUSTICE PORTLAND LEGAL | 543,777,686. | 495,159,924. |
| | **10** | Investment income (Part VIII, column (A), lines 3, 4, and 7d) | 3,032,761. | 2,421,455. |
| | **11** | Other revenue (Part VIII, column (A), lines 5, 6d, 8c, 9c, 10c, and 11e) | 24,800,000. | 26,891. |
| | **12** | Total revenue - add lines 8 through 11 (must equal Part VIII, column (A), line 12) | 571,610,447. | 497,631,270. |

| **Expenses** | | | | |
|---|---|---|---|---|
| | **13** | Grants and similar amounts paid (Part IX, column (A), lines 1-3) | 4,014,947. | 978,110. |
| | **14** | Benefits paid to or for members (Part IX, column (A), line 4) | 0. | 0. |
| | **15** | Salaries, other compensation, employee benefits (Part IX, column (A), lines 5-10) | 16,013,386. | 22,991,240. |
| | **16a** | Professional fundraising fees (Part IX, column (A), line 11e) | 0. | 0. |
| | **b** | Total fundraising expenses (Part IX, column (D), line 25) ▶ 0. | | |
| | **17** | Other expenses (Part IX, column (A), lines 11a-11d, 11f-24e) | 477,255,749. | 494,567,816. |
| | **18** | Total expenses. Add lines 13-17 (must equal Part IX, column (A), line 25) | 497,284,082. | 518,537,166. |
| | **19** | Revenue less expenses. Subtract line 18 from line 12 | 74,326,365. | -20,905,896. |

| **Net Assets or Fund Balances** | | | Beginning of Current Year | End of Year |
|---|---|---|---|---|
| | **20** | Total assets (Part X, line 16) | 319,177,877. | 272,139,883. |
| | **21** | Total liabilities (Part X, line 26) | 151,138,753. | 136,098,585. |
| | **22** | Net assets or fund balances. Subtract line 21 from line 20 | 168,039,124. | 136,041,298. |

## Part II | Signature Block

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than officer) is based on all information of which preparer has any knowledge.

| Sign Here | ▶ Signature of officer | Date |
|---|---|---|
| | ▶ JEFFREY HEATHERINGTON, PRESIDENT, CEO | |
| | Type or print name and title | |

| | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| Paid Preparer Use Only | CYNTHIA P. BARTHOLOMEW | CYNTHIA P. BARTHOLOM | 11/03/17 | | P01313965 |
| | Firm's name ▶ PERKINS & COMPANY, PC | | | Firm's EIN ▶ | 93-0928924 |
| | Firm's address ▶ 1211 SW FIFTH AVE., SUITE 1000 PORTLAND, OR 97204-3710 | | | Phone no. 503-221-0336 | |

May the IRS discuss this return with the preparer shown above? (see instructions) ☒ Yes ☐ No

632001 11-11-16    LHA **For Paperwork Reduction Act Notice, see the separate instructions.**

Form **990** (2016)

Form 990 (2016)          FAMILYCARE, INC.                                      93-0878074   Page **2**

**Part III** | Statement of Program Service Accomplishments

Check if Schedule O contains a response or note to any line in this Part III ........................................................ ☐

**1**  Briefly describe the organization's mission:

TO PROVIDE PROGRAMS OF COOPERATIVE AND COMPREHENSIVE HEALTHCARE TO THE
COMMUNITY.

**2**  Did the organization undertake any significant program services during the year which were not listed on the
prior Form 990 or 990-EZ? ........................................................................................................................ ☐ Yes  ☒ No
If "Yes," describe these new services on Schedule O.

**3**  Did the organization cease conducting, or make significant changes in how it conducts, any program services? ............... ☐ Yes  ☒ No
If "Yes," describe these changes on Schedule O.

**4**  Describe the organization's program service accomplishments for each of its three largest program services, as measured by expenses.
Section 501(c)(3) and 501(c)(4) organizations are required to report the amount of grants and allocations to others, the total expenses, and
revenue, if any, for each program service reported.

**4a**  (Code: _____ ) (Expenses $ 472,651,148. including grants of $ 978,110. ) (Revenue $ 495,186,815. )
PROVIDE COMPREHENSIVE AND COOPERATIVE HEALTH CARE TO MEMBERS ACCORDING
TO THE TERMS OF A CONTRACT WITH THE OREGON HEALTH PLAN/MEDICAID.
APPROXIMATELY 119,184 SERVED MONTHLY.

**4b**  (Code: _____ ) (Expenses $ _____ including grants of $ _____ ) (Revenue $ _____ )

**4c**  (Code: _____ ) (Expenses $ _____ including grants of $ _____ ) (Revenue $ _____ )

**4d**  Other program services (Describe in Schedule O.)
(Expenses $                         including grants of $                   ) (Revenue $                   )

**4e**  Total program service expenses ▶ 472,651,148.

Form **990** (2016)

632002  11-11-16

14021103 756026 54010            2016.04030 FAMILYCARE, INC.                    54010__1

Reply Ex. 13
Page 4 of 74

Form 990 (2016)      FAMILYCARE, INC.            93-0878074    Page **3**

| **Part IV** | **Checklist of Required Schedules** | | Yes | No |
|---|---|---|---|---|
| 1 | Is the organization described in section 501(c)(3) or 4947(a)(1) (other than a private foundation)? If "Yes," complete Schedule A | 1 | | X |
| 2 | Is the organization required to complete Schedule B, Schedule of Contributors? | 2 | X | |
| 3 | Did the organization engage in direct or indirect political campaign activities on behalf of or in opposition to candidates for public office? If "Yes," complete Schedule C, Part I | 3 | X | |
| 4 | **Section 501(c)(3) organizations.** Did the organization engage in lobbying activities, or have a section 501(h) election in effect during the tax year? If "Yes," complete Schedule C, Part II | 4 | | |
| 5 | Is the organization a section 501(c)(4), 501(c)(5), or 501(c)(6) organization that receives membership dues, assessments, or similar amounts as defined in Revenue Procedure 98-19? If "Yes," complete Schedule C, Part III | 5 | | X |
| 6 | Did the organization maintain any donor advised funds or any similar funds or accounts for which donors have the right to provide advice on the distribution or investment of amounts in such funds or accounts? If "Yes," complete Schedule D, Part I | 6 | | X |
| 7 | Did the organization receive or hold a conservation easement, including easements to preserve open space, the environment, historic land areas, or historic structures? If "Yes," complete Schedule D, Part II | 7 | | X |
| 8 | Did the organization maintain collections of works of art, historical treasures, or other similar assets? If "Yes," complete Schedule D, Part III | 8 | | X |
| 9 | Did the organization report an amount in Part X, line 21, for escrow or custodial account liability, serve as a custodian for amounts not listed in Part X; or provide credit counseling, debt management, credit repair, or debt negotiation services? If "Yes," complete Schedule D, Part IV | 9 | | X |
| 10 | Did the organization, directly or through a related organization, hold assets in temporarily restricted endowments, permanent endowments, or quasi-endowments? If "Yes," complete Schedule D, Part V | 10 | | X |
| 11 | If the organization's answer to any of the following questions is "Yes," then complete Schedule D, Parts VI, VII, VIII, IX, or X as applicable. | | | |
| a | Did the organization report an amount for land, buildings, and equipment in Part X, line 10? If "Yes," complete Schedule D, Part VI | 11a | X | |
| b | Did the organization report an amount for investments - other securities in Part X, line 12 that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part VII | 11b | | X |
| c | Did the organization report an amount for investments - program related in Part X, line 13 that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part VIII | 11c | | X |
| d | Did the organization report an amount for other assets in Part X, line 15 that is 5% or more of its total assets reported in Part X, line 16? If "Yes," complete Schedule D, Part IX | 11d | X | |
| e | Did the organization report an amount for other liabilities in Part X, line 25? If "Yes," complete Schedule D, Part X | 11e | X | |
| f | Did the organization's separate or consolidated financial statements for the tax year include a footnote that addresses the organization's liability for uncertain tax positions under FIN 48 (ASC 740)? If "Yes," complete Schedule D, Part X | 11f | | X |
| 12a | Did the organization obtain separate, independent audited financial statements for the tax year? If "Yes," complete Schedule D, Parts XI and XII | 12a | | X |
| b | Was the organization included in consolidated, independent audited financial statements for the tax year? If "Yes," and if the organization answered "No" to line 12a, then completing Schedule D, Parts XI and XII is optional | 12b | X | |
| 13 | Is the organization a school described in section 170(b)(1)(A)(ii)? If "Yes," complete Schedule E | 13 | | X |
| 14a | Did the organization maintain an office, employees, or agents outside of the United States? | 14a | | X |
| b | Did the organization have aggregate revenues or expenses of more than $10,000 from grantmaking, fundraising, business, investment, and program service activities outside the United States, or aggregate foreign investments valued at $100,000 or more? If "Yes," complete Schedule F, Parts I and IV | 14b | | X |
| 15 | Did the organization report on Part IX, column (A), line 3, more than $5,000 of grants or other assistance to or for any foreign organization? If "Yes," complete Schedule F, Parts II and IV | 15 | | X |
| 16 | Did the organization report on Part IX, column (A), line 3, more than $5,000 of aggregate grants or other assistance to or for foreign individuals? If "Yes," complete Schedule F, Parts III and IV | 16 | | X |
| 17 | Did the organization report a total of more than $15,000 of expenses for professional fundraising services on Part IX, column (A), lines 6 and 11e? If "Yes," complete Schedule G, Part I | 17 | | X |
| 18 | Did the organization report more than $15,000 total of fundraising event gross income and contributions on Part VIII, lines 1c and 8a? If "Yes," complete Schedule G, Part II | 18 | | X |
| 19 | Did the organization report more than $15,000 of gross income from gaming activities on Part VIII, line 9a? If "Yes," complete Schedule G, Part III | 19 | | X |

Form **990** (2016)

632003 11-11-16

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

Reply Ex. 13
Page 5 of 74

Form 990 (2016)       FAMILYCARE, INC.                           93-0878074    Page **4**

| **Part IV** | **Checklist of Required Schedules** *(continued)* | | Yes | No |
|---|---|---|---|---|
| **20a** | Did the organization operate one or more hospital facilities? *If "Yes," complete Schedule H* | **20a** | | X |
| **b** | If "Yes" to line 20a, did the organization attach a copy of its audited financial statements to this return? | **20b** | | |
| **21** | Did the organization report more than $5,000 of grants or other assistance to any domestic organization or domestic government on Part IX, column (A), line 1? *If "Yes," complete Schedule I, Parts I and II* | **21** | X | |
| **22** | Did the organization report more than $5,000 of grants or other assistance to or for domestic individuals on Part IX, column (A), line 2? *If "Yes," complete Schedule I, Parts I and III* | **22** | | X |
| **23** | Did the organization answer "Yes" to Part VII, Section A, line 3, 4, or 5 about compensation of the organization's current and former officers, directors, trustees, key employees, and highest compensated employees? *If "Yes," complete Schedule J* | **23** | X | |
| **24a** | Did the organization have a tax-exempt bond issue with an outstanding principal amount of more than $100,000 as of the last day of the year, that was issued after December 31, 2002? *If "Yes," answer lines 24b through 24d and complete Schedule K. If "No", go to line 25a* | **24a** | | X |
| **b** | Did the organization invest any proceeds of tax-exempt bonds beyond a temporary period exception? | **24b** | | |
| **c** | Did the organization maintain an escrow account other than a refunding escrow at any time during the year to defease any tax-exempt bonds? | **24c** | | |
| **d** | Did the organization act as an "on behalf of" issuer for bonds outstanding at any time during the year? | **24d** | | |
| **25a** | **Section 501(c)(3), 501(c)(4), and 501(c)(29) organizations.** Did the organization engage in an excess benefit transaction with a disqualified person during the year? *If "Yes," complete Schedule L, Part I* | **25a** | | X |
| **b** | Is the organization aware that it engaged in an excess benefit transaction with a disqualified person in a prior year, and that the transaction has not been reported on any of the organization's prior Forms 990 or 990-EZ? *If "Yes," complete Schedule L, Part I* | **25b** | | X |
| **26** | Did the organization report any amount on Part X, line 5, 6, or 22 for receivables from or payables to any current or former officers, directors, trustees, key employees, highest compensated employees, or disqualified persons? *If "Yes," complete Schedule L, Part II* | **26** | | X |
| **27** | Did the organization provide a grant or other assistance to an officer, director, trustee, key employee, substantial contributor or employee thereof, a grant selection committee member, or to a 35% controlled entity or family member of any of these persons? *If "Yes," complete Schedule L, Part III* | **27** | | X |
| **28** | Was the organization a party to a business transaction with one of the following parties (see Schedule L, Part IV instructions for applicable filing thresholds, conditions, and exceptions): | | | |
| **a** | A current or former officer, director, trustee, or key employee? *If "Yes," complete Schedule L, Part IV* | **28a** | | X |
| **b** | A family member of a current or former officer, director, trustee, or key employee? *If "Yes," complete Schedule L, Part IV* | **28b** | | X |
| **c** | An entity of which a current or former officer, director, trustee, or key employee (or a family member thereof) was an officer, director, trustee, or direct or indirect owner? *If "Yes," complete Schedule L, Part IV* | **28c** | X | |
| **29** | Did the organization receive more than $25,000 in non-cash contributions? *If "Yes," complete Schedule M* | **29** | | X |
| **30** | Did the organization receive contributions of art, historical treasures, or other similar assets, or qualified conservation contributions? *If "Yes," complete Schedule M* | **30** | | X |
| **31** | Did the organization liquidate, terminate, or dissolve and cease operations? *If "Yes," complete Schedule N, Part I* | **31** | | X |
| **32** | Did the organization sell, exchange, dispose of, or transfer more than 25% of its net assets? *If "Yes," complete Schedule N, Part II* | **32** | | X |
| **33** | Did the organization own 100% of an entity disregarded as separate from the organization under Regulations sections 301.7701-2 and 301.7701-3? *If "Yes," complete Schedule R, Part I* | **33** | | X |
| **34** | Was the organization related to any tax-exempt or taxable entity? *If "Yes," complete Schedule R, Part II, III, or IV, and Part V, line 1* | **34** | X | |
| **35a** | Did the organization have a controlled entity within the meaning of section 512(b)(13)? | **35a** | | X |
| **b** | If "Yes" to line 35a, did the organization receive any payment from or engage in any transaction with a controlled entity within the meaning of section 512(b)(13)? *If "Yes," complete Schedule R, Part V, line 2* | **35b** | | |
| **36** | **Section 501(c)(3) organizations.** Did the organization make any transfers to an exempt non-charitable related organization? *If "Yes," complete Schedule R, Part V, line 2* | **36** | | |
| **37** | Did the organization conduct more than 5% of its activities through an entity that is not a related organization and that is treated as a partnership for federal income tax purposes? *If "Yes," complete Schedule R, Part VI* | **37** | | X |
| **38** | Did the organization complete Schedule O and provide explanations in Schedule O for Part VI, lines 11b and 19? **Note.** All Form 990 filers are required to complete Schedule O | **38** | X | |

Form **990** (2016)

632004 11-11-16

4

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

Reply Ex. 13
Page 6 of 74

Form 990 (2016)    FAMILYCARE, INC.    93-0878074    Page **5**

| Part V | Statements Regarding Other IRS Filings and Tax Compliance |
|---|---|

Check if Schedule O contains a response or note to any line in this Part V ......................................................... ☐

| | | | Yes | No |
|---|---|---|---|---|
| **1a** Enter the number reported in Box 3 of Form 1096. Enter -0- if not applicable ............................... | **1a** | 1470 | | |
| **b** Enter the number of Forms W-2G included in line 1a. Enter -0- if not applicable ............................. | **1b** | 0 | | |
| **c** Did the organization comply with backup withholding rules for reportable payments to vendors and reportable gaming (gambling) winnings to prize winners? ......................................................... | | | **1c** X | |
| **2a** Enter the number of employees reported on Form W-3, Transmittal of Wage and Tax Statements, filed for the calendar year ending with or within the year covered by this return ........................... | **2a** | 386 | | |
| **b** If at least one is reported on line 2a, did the organization file all required federal employment tax returns? ............................ | | | **2b** X | |
| Note. If the sum of lines 1a and 2a is greater than 250, you may be required to *e-file* (see instructions) ................................. | | | | |
| **3a** Did the organization have unrelated business gross income of $1,000 or more during the year? ............................ | | | **3a** | X |
| **b** If "Yes," has it filed a Form 990-T for this year? *If "No," to line 3b, provide an explanation in Schedule O* ...................... | | | **3b** | |
| **4a** At any time during the calendar year, did the organization have an interest in, or a signature or other authority over, a financial account in a foreign country (such as a bank account, securities account, or other financial account)? ..................... | | | **4a** | X |
| **b** If "Yes," enter the name of the foreign country: ▶ _____ | | | | |
| See instructions for filing requirements for FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR). | | | | |
| **5a** Was the organization a party to a prohibited tax shelter transaction at any time during the tax year? ............................ | | | **5a** | X |
| **b** Did any taxable party notify the organization that it was or is a party to a prohibited tax shelter transaction? ...................... | | | **5b** | X |
| **c** If "Yes," to line 5a or 5b, did the organization file Form 8886-T? ......................................................... | | | **5c** | |
| **6a** Does the organization have annual gross receipts that are normally greater than $100,000, and did the organization solicit any contributions that were not tax deductible as charitable contributions? ............................ | | | **6a** X | |
| **b** If "Yes," did the organization include with every solicitation an express statement that such contributions or gifts were not tax deductible? ......................................................... | | | **6b** X | |
| **7** Organizations that may receive deductible contributions under section 170(c). | | | | |
| **a** Did the organization receive a payment in excess of $75 made partly as a contribution and partly for goods and services provided to the payor? | **7a** | | | |
| **b** If "Yes," did the organization notify the donor of the value of the goods or services provided? ............................ | **7b** | | | |
| **c** Did the organization sell, exchange, or otherwise dispose of tangible personal property for which it was required to file Form 8282? ......................................................... | **7c** | | | |
| **d** If "Yes," indicate the number of Forms 8282 filed during the year ............................ | **7d** | | | |
| **e** Did the organization receive any funds, directly or indirectly, to pay premiums on a personal benefit contract? ...................... | **7e** | | | |
| **f** Did the organization, during the year, pay premiums, directly or indirectly, on a personal benefit contract? ............................ | **7f** | | | |
| **g** If the organization received a contribution of qualified intellectual property, did the organization file Form 8899 as required? | **7g** | | | |
| **h** If the organization received a contribution of cars, boats, airplanes, or other vehicles, did the organization file a Form 1098-C? | **7h** | | | |
| **8** Sponsoring organizations maintaining donor advised funds. Did a donor advised fund maintained by the sponsoring organization have excess business holdings at any time during the year? ............................ | **8** | | | |
| **9** Sponsoring organizations maintaining donor advised funds. | | | | |
| **a** Did the sponsoring organization make any taxable distributions under section 4966? ............................ | **9a** | | | |
| **b** Did the sponsoring organization make a distribution to a donor, donor advisor, or related person? ............................ | **9b** | | | |
| **10** Section 501(c)(7) organizations. Enter: | | | | |
| **a** Initiation fees and capital contributions included on Part VIII, line 12 ............................ | **10a** | | | |
| **b** Gross receipts, included on Form 990, Part VIII, line 12, for public use of club facilities ................ | **10b** | | | |
| **11** Section 501(c)(12) organizations. Enter: | | | | |
| **a** Gross income from members or shareholders ......................................................... | **11a** | | | |
| **b** Gross income from other sources (Do not net amounts due or paid to other sources against amounts due or received from them.) ......................................................... | **11b** | | | |
| **12a** Section 4947(a)(1) non-exempt charitable trusts. Is the organization filing Form 990 in lieu of Form 1041? | **12a** | | | |
| **b** If "Yes," enter the amount of tax-exempt interest received or accrued during the year ................ | **12b** | | | |
| **13** Section 501(c)(29) qualified nonprofit health insurance issuers. | | | | |
| **a** Is the organization licensed to issue qualified health plans in more than one state? ............................ | **13a** | | | |
| Note. See the instructions for additional information the organization must report on Schedule O. | | | | |
| **b** Enter the amount of reserves the organization is required to maintain by the states in which the organization is licensed to issue qualified health plans ............................ | **13b** | | | |
| **c** Enter the amount of reserves on hand ......................................................... | **13c** | | | |
| **14a** Did the organization receive any payments for indoor tanning services during the tax year? ............................ | | | **14a** | X |
| **b** If "Yes," has it filed a Form 720 to report these payments? *If "No," provide an explanation in Schedule O* ...................... | | | **14b** | |

Form **990** (2016)

632005 11-11-16

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

Form 990 (2016)    FAMILYCARE, INC.    93-0878074    Page **6**

**Part VI** | **Governance, Management, and Disclosure** *For each "Yes" response to lines 2 through 7b below, and for a "No" response to line 8a, 8b, or 10b below, describe the circumstances, processes, or changes in Schedule O. See instructions.*

Check if Schedule O contains a response or note to any line in this Part VI ............................................................ [X]

### Section A. Governing Body and Management

| | | | Yes | No |
|---|---|---|---|---|
| **1a** Enter the number of voting members of the governing body at the end of the tax year ............... **1a** | 13 | | | |
| If there are material differences in voting rights among members of the governing body, or if the governing body delegated broad authority to an executive committee or similar committee, explain in Schedule O. | | | | |
| **b** Enter the number of voting members included in line 1a, above, who are independent ............... **1b** | 10 | | | |
| **2** Did any officer, director, trustee, or key employee have a family relationship or a business relationship with any other officer, director, trustee, or key employee? ....................................................................... | | **2** | X | |
| **3** Did the organization delegate control over management duties customarily performed by or under the direct supervision of officers, directors, or trustees, or key employees to a management company or other person? .......................... | | **3** | | X |
| **4** Did the organization make any significant changes to its governing documents since the prior Form 990 was filed? .............. | | **4** | | X |
| **5** Did the organization become aware during the year of a significant diversion of the organization's assets? ........................ | | **5** | | X |
| **6** Did the organization have members or stockholders? ................................................................................... | | **6** | | X |
| **7a** Did the organization have members, stockholders, or other persons who had the power to elect or appoint one or more members of the governing body? .......................................................................... | | **7a** | | X |
| **b** Are any governance decisions of the organization reserved to (or subject to approval by) members, stockholders, or persons other than the governing body? ........................................................................... | | **7b** | | X |
| **8** Did the organization contemporaneously document the meetings held or written actions undertaken during the year by the following: | | | | |
| **a** The governing body? ................................................................................................................. | | **8a** | X | |
| **b** Each committee with authority to act on behalf of the governing body? ................................................. | | **8b** | X | |
| **9** Is there any officer, director, trustee, or key employee listed in Part VII, Section A, who cannot be reached at the organization's mailing address? *If "Yes," provide the names and addresses in Schedule O* ................................. | | **9** | | X |

### Section B. Policies *(This Section B requests information about policies not required by the Internal Revenue Code.)*

| | | Yes | No |
|---|---|---|---|
| **10a** Did the organization have local chapters, branches, or affiliates? ............................................... | **10a** | | X |
| **b** If "Yes," did the organization have written policies and procedures governing the activities of such chapters, affiliates, and branches to ensure their operations are consistent with the organization's exempt purposes? .................. | **10b** | | |
| **11a** Has the organization provided a complete copy of this Form 990 to all members of its governing body before filing the form? | **11a** | X | |
| **b** Describe in Schedule O the process, if any, used by the organization to review this Form 990. | | | |
| **12a** Did the organization have a written conflict of interest policy? *If "No," go to line 13* ............................... | **12a** | X | |
| **b** Were officers, directors, or trustees, and key employees required to disclose annually interests that could give rise to conflicts? .......... | **12b** | X | |
| **c** Did the organization regularly and consistently monitor and enforce compliance with the policy? *If "Yes," describe in Schedule O how this was done* .......................................................................... | **12c** | X | |
| **13** Did the organization have a written whistleblower policy? .......................................................... | **13** | X | |
| **14** Did the organization have a written document retention and destruction policy? ................................. | **14** | X | |
| **15** Did the process for determining compensation of the following persons include a review and approval by independent persons, comparability data, and contemporaneous substantiation of the deliberation and decision? | | | |
| **a** The organization's CEO, Executive Director, or top management official ........................................ | **15a** | X | |
| **b** Other officers or key employees of the organization ............................................................. | **15b** | X | |
| If "Yes" to line 15a or 15b, describe the process in Schedule O (see instructions). | | | |
| **16a** Did the organization invest in, contribute assets to, or participate in a joint venture or similar arrangement with a taxable entity during the year? ............................................................................ | **16a** | | X |
| **b** If "Yes," did the organization follow a written policy or procedure requiring the organization to evaluate its participation in joint venture arrangements under applicable federal tax law, and take steps to safeguard the organization's exempt status with respect to such arrangements? .......................................................... | **16b** | | |

### Section C. Disclosure

**17** List the states with which a copy of this Form 990 is required to be filed ▶ OR

**18** Section 6104 requires an organization to make its Forms 1023 (or 1024 if applicable), 990, and 990-T (Section 501(c)(3)s only) available for public inspection. Indicate how you made these available. Check all that apply.

☐ Own website    ☐ Another's website    [X] Upon request    ☐ Other *(explain in Schedule O)*

**19** Describe in Schedule O whether (and if so, how) the organization made its governing documents, conflict of interest policy, and financial statements available to the public during the tax year.

**20** State the name, address, and telephone number of the person who possesses the organization's books and records: ▶ _____
ANTHONY JACKSON - 503-222-3205
825 NE MULTNOMAH, SUITE 1400, PORTLAND, OR 97232

632006 11-11-16    Form **990** (2016)

6

14021103 756026 54010    2016.04030 FAMILYCARE, INC.    54010__1

Form 990 (2016)  FAMILYCARE, INC.                                      93-0878074  Page **7**

| **Part VII** | Compensation of Officers, Directors, Trustees, Key Employees, Highest Compensated Employees, and Independent Contractors |
|---|---|

Check if Schedule O contains a response or note to any line in this Part VII ............................................................. ☐

**Section A.  Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees**

**1a** Complete this table for all persons required to be listed. Report compensation for the calendar year ending with or within the organization's tax year.

• List all of the organization's **current** officers, directors, trustees (whether individuals or organizations), regardless of amount of compensation. Enter -0- in columns (D), (E), and (F) if no compensation was paid.

• List all of the organization's **current** key employees, if any. See instructions for definition of "key employee."

• List the organization's five **current** highest compensated employees (other than an officer, director, trustee, or key employee) who received report-able compensation (Box 5 of Form W-2 and/or Box 7 of Form 1099-MISC) of more than $100,000 from the organization and any related organizations.

• List all of the organization's **former** officers, key employees, and highest compensated employees who received more than $100,000 of reportable compensation from the organization and any related organizations.

• List all of the organization's **former directors or trustees** that received, in the capacity as a former director or trustee of the organization, more than $10,000 of reportable compensation from the organization and any related organizations.

List persons in the following order: individual trustees or directors; institutional trustees; officers; key employees; highest compensated employees; and former such persons.

☐ Check this box if neither the organization nor any related organization compensated any current officer, director, or trustee.

| (A) Name and Title | (B) Average hours per week (list any hours for related organizations below line) | (C) Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D) Reportable compensation from the organization (W-2/1099-MISC) | (E) Reportable compensation from related organizations (W-2/1099-MISC) | (F) Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| (1)  JEFFREY HEATHERINGTON<br>PRESIDENT, CEO AND DIRECTOR | 39.00<br>1.00 | X | | X | | | | 627,702. | 0. | 26,740. |
| (2)  ROBIN RICHARDSON, D.O.<br>CHAIR AND DIRECTOR | 1.00 | X | | X | | | | 8,250. | 0. | 0. |
| (3)  JANET TESCH<br>VICE CHAIR (PART YEAR) AND DIRECTOR | 1.00 | X | | X | | | | 3,500. | 0. | 0. |
| (4)  MATT DASKALOS<br>VICE CHAIR (PART YEAR) AND DIRECTOR | 1.00 | X | | X | | | | 2,250. | 0. | 0. |
| (5)  PATRICIA PARKER<br>SECRETARY & DIRECTOR | 1.00 | X | | X | | | | 3,250. | 0. | 0. |
| (6)  JEFFREY PAWLOWSKI<br>TREASURER AND DIRECTOR | 1.00 | X | | X | | | | 6,750. | 0. | 0. |
| (7)  KAREN CARNAHAN<br>DIRECTOR | 1.00 | X | | | | | | 1,750. | 0. | 0. |
| (8)  RICHARD BARSOTTI<br>DIRECTOR | 1.00 | X | | | | | | 4,339. | 0. | 0. |
| (9)  ROBERT CARUS<br>DIRECTOR | 1.00 | X | | | | | | 4,750. | 0. | 0. |
| (10) JOE HROMCO<br>DIRECTOR | 1.00 | X | | | | | | 3,750. | 0. | 0. |
| (11) MICHAEL RILEY<br>DIRECTOR | 1.00 | X | | | | | | 4,589. | 0. | 0. |
| (12) CARL ERICKSON<br>DIRECTOR | 1.00 | X | | | | | | 3,500. | 0. | 0. |
| (13) EVERETT NEWCOMB<br>DIRECTOR | 1.00 | X | | | | | | 1,000. | 0. | 0. |
| (14) ROYAL E HARRIS<br>DIRECTOR | 1.00 | X | | | | | | 4,089. | 0. | 0. |
| (15) PAIGE JACKSON<br>VP | 40.00 | | | X | | | | 200,340. | 0. | 11,544. |
| (16) WILLIAM MURRAY<br>COO | 40.00 | | | | X | | | 398,291. | 0. | 28,189. |
| (17) KEVIN CLANCY<br>VP FINANCE | 40.00 | | | | X | | | 290,891. | 0. | 29,125. |

632007 11-11-16                                                                   Form **990** (2016)

7

14021103 756026 54010              2016.04030 FAMILYCARE, INC.              54010__1

Form 990 (2016)  FAMILYCARE, INC.                                93-0878074   Page **8**

## Part VII  Section A. Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees *(continued)*

| (A) Name and title | (B) Average hours per week (list any hours for related organizations below line) | (C) Position (do not check more than one box, unless person is both an officer and a director/trustee) | | | | | | (D) Reportable compensation from the organization (W-2/1099-MISC) | (E) Reportable compensation from related organizations (W-2/1099-MISC) | (F) Estimated amount of other compensation from the organization and related organizations |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Individual trustee or director | Institutional trustee | Officer | Key employee | Highest compensated employee | Former | | | |
| (18) OSCAR CLARK <br> VP COMMUNITY & HEALTH SERV | 40.00 | | | | X | | | 236,628. | 0. | 14,833. |
| (19) CHRISTOPHER DIAZ <br> VP INFORMATION TECHNOLOGY | 40.00 | | | | X | | | 257,045. | 0. | 24,402. |
| (20) CHERI PFANNES <br> VP CORPORATE COMPLIANCE | 40.00 | | | | X | | | 152,786. | 0. | 5,361. |
| (22) CHONG LEE <br> MEDICAL DIRECTOR | 40.00 | | | | | X | | 246,258. | 0. | 7,388. |
| (22) JOSEPH BADOLATO <br> DIRECTOR | 40.00 | | | | | X | | 268,480. | 0. | 28,434. |
| (23) BENNETT GARNER <br> DIRECTOR | 40.00 | | | | | X | | 293,789. | 0. | 25,156. |
| (24) ANNA JIMENEZ <br> DIRECTOR | 40.00 | | | | | X | | 254,046. | 0. | 20,497. |
| (25) ALEXANDER BULOCHNIK <br> MANAGER | 40.00 | | | | | X | | 183,451. | 0. | 18,529. |

| | | | | |
|---|---|---|---|---|
| **1b Sub-total** ........................................ ▶ | 3,461,474. | 0. | 240,198. |
| **c Total from continuation sheets to Part VII, Section A** ........... ▶ | 0. | 0. | 0. |
| **d Total (add lines 1b and 1c)** ................................... ▶ | 3,461,474. | 0. | 240,198. |

**2** Total number of individuals (including but not limited to those listed above) who received more than $100,000 of reportable compensation from the organization ▶   **36**

| | | Yes | No |
|---|---|---|---|
| **3** | Did the organization list any **former** officer, director, or trustee, key employee, or highest compensated employee on line 1a? *If "Yes," complete Schedule J for such individual* ........................................ **3** | | X |
| **4** | For any individual listed on line 1a, is the sum of reportable compensation and other compensation from the organization and related organizations greater than $150,000? *If "Yes," complete Schedule J for such individual* ............ **4** | X | |
| **5** | Did any person listed on line 1a receive or accrue compensation from any unrelated organization or individual for services rendered to the organization? *If "Yes," complete Schedule J for such person* ........................ **5** | | X |

### Section B. Independent Contractors

**1** Complete this table for your five highest compensated independent contractors that received more than $100,000 of compensation from the organization. Report compensation for the calendar year ending with or within the organization's tax year.

| (A) Name and business address | (B) Description of services | (C) Compensation |
|---|---|---|
| PERFORMANCE HEALTH TECHNOLOGY LTD <br> 3993 FAIRVIEW INDUSTRIAL DR SE, SALEM, OR 9 | CLAIMS PROCESSING | 4,014,450. |
| TRIZETTO CORPORATION <br> 9655 MAROON CIR, ENGLEWOOD, CO 80112 | CLAIMS PROCESSING | 3,669,684. |
| LINGUAVA INTERPRETERS, 7931 NE HALSEY SUITE 305, PORTLAND, OR 97213 | LANGUAGE SUPPORT | 992,196. |
| MCKESSON CORPORATION <br> 22423 NETWORK PLACE, CHICAGO, IL 60673 | CONSULTING | 761,475. |
| STOEL RIVES LLP, 760 SW NINTH AVE, SUITE 3000, PORTLAND, OR 97205 | LEGAL SERVICES | 745,064. |

**2** Total number of independent contractors (including but not limited to those listed above) who received more than $100,000 of compensation from the organization ▶   **24**

Form **990** (2016)

632008  11-11-16

8

Form 990 (2016)          FAMILYCARE, INC.                                    93-0878074    Page **9**

| **Part VIII** | Statement of Revenue |
|---|---|

Check if Schedule O contains a response or note to any line in this Part VIII ............................ ☐

| | | | | (A)<br>Total revenue | (B)<br>Related or<br>exempt function<br>revenue | (C)<br>Unrelated<br>business<br>revenue | (D)<br>Revenue excluded<br>from tax under<br>sections<br>512 - 514 |
|---|---|---|---|---|---|---|---|
| **Contributions, Gifts, Grants and Other Similar Amounts** | **1 a** Federated campaigns ............... | 1a | | | | | |
| | **b** Membership dues ................. | 1b | | | | | |
| | **c** Fundraising events ............... | 1c | | | | | |
| | **d** Related organizations .............. | 1d | | | | | |
| | **e** Government grants (contributions) | 1e | 23,000. | | | | |
| | **f** All other contributions, gifts, grants, and similar amounts not included above ..... | 1f | | | | | |
| | **g** Noncash contributions included in lines 1a-1f: $ _____ | | | | | | |
| | **h** **Total.** Add lines 1a-1f ....................... ▶ | | | 23,000. | | | |
| **Program Service Revenue** | | | **Business Code** | | | | |
| | **2 a** MEDICAID PREMIUMS | | 624100 | 494,768,060. | 494,768,060. | | |
| | **b** _____ | | | | | | |
| | **c** _____ | | | | | | |
| | **d** _____ | | | | | | |
| | **e** _____ | | | | | | |
| | **f** All other program service revenue .............. | | 624100 | 391,864. | 391,864. | | |
| | **g** **Total.** Add lines 2a-2f ....................... ▶ | | | 495,159,924. | | | |
| **Other Revenue** | **3** Investment income (including dividends, interest, and other similar amounts) ................... ▶ | | | 3,526,297. | | | 3,526,297. |
| | **4** Income from investment of tax-exempt bond proceeds ▶ | | | | | | |
| | **5** Royalties ................................. ▶ | | | | | | |
| | | (i) Real | (ii) Personal | | | | |
| | **6 a** Gross rents ............ | | | | | | |
| | **b** Less: rental expenses ........ | | | | | | |
| | **c** Rental income or (loss) ..... | | | | | | |
| | **d** Net rental income or (loss) ............... ▶ | | | | | | |
| | **7 a** Gross amount from sales of assets other than inventory | (i) Securities<br>236,913,122. | (ii) Other | | | | |
| | **b** Less: cost or other basis and sales expenses ........ | 238,017,964. | | | | | |
| | **c** Gain or (loss) ............ | -1,104,842. | | | | | |
| | **d** Net gain or (loss) ....................... ▶ | | | -1,104,842. | | | -1,104,842. |
| | **8 a** Gross income from fundraising events (not including $ _____ of contributions reported on line 1c). See Part IV, line 18 .............. **a** | | | | | | |
| | **b** Less: direct expenses ............ **b** | | | | | | |
| | **c** Net income or (loss) from fundraising events ......... ▶ | | | | | | |
| | **9 a** Gross income from gaming activities. See Part IV, line 19 .............. **a** | | | | | | |
| | **b** Less: direct expenses ............ **b** | | | | | | |
| | **c** Net income or (loss) from gaming activities ......... ▶ | | | | | | |
| | **10 a** Gross sales of inventory, less returns and allowances .............. **a** | | | | | | |
| | **b** Less: cost of goods sold ......... **b** | | | | | | |
| | **c** Net income or (loss) from sales of inventory ......... ▶ | | | | | | |
| | | Miscellaneous Revenue | **Business Code** | | | | |
| | **11 a** SETTLEMENT CREDIT | | 624100 | 26,891. | 26,891. | | |
| | **b** _____ | | | | | | |
| | **c** _____ | | | | | | |
| | **d** All other revenue .............. | | | | | | |
| | **e** **Total.** Add lines 11a-11d ..................... ▶ | | | 26,891. | | | |
| | **12** **Total revenue.** See instructions. ........... ▶ | | | 497,631,270. | 495,186,815. | 0. | 2,421,455. |

632009 11-11-16

Form **990** (2016)

14021103 756026 54010          2016.04030 FAMILYCARE, INC.                54010__1

Reply Ex. 13
Page 11 of 74

Form 990 (2016)  FAMILYCARE, INC.                           93-0878074  Page **10**

**Part IX | Statement of Functional Expenses**

Section 501(c)(3) and 501(c)(4) organizations must complete all columns. All other organizations must complete column (A).

Check if Schedule O contains a response or note to any line in this Part IX .................................................. [X]

| Do not include amounts reported on lines 6b, 7b, 8b, 9b, and 10b of Part VIII. | (A)<br>Total expenses | (B)<br>Program service expenses | (C)<br>Management and general expenses | (D)<br>Fundraising expenses |
|---|---|---|---|---|
| **1** Grants and other assistance to domestic organizations and domestic governments. See Part IV, line 21 | 978,110. | 978,110. | | |
| **2** Grants and other assistance to domestic individuals. See Part IV, line 22 | | | | |
| **3** Grants and other assistance to foreign organizations, foreign governments, and foreign individuals. See Part IV, lines 15 and 16 | | | | |
| **4** Benefits paid to or for members | | | | |
| **5** Compensation of current officers, directors, trustees, and key employees | 2,355,642. | 575,969. | 1,779,673. | |
| **6** Compensation not included above, to disqualified persons (as defined under section 4958(f)(1)) and persons described in section 4958(c)(3)(B) | | | | |
| **7** Other salaries and wages | 14,745,789. | 12,091,547. | 2,654,242. | |
| **8** Pension plan accruals and contributions (include section 401(k) and 403(b) employer contributions) | 553,001. | 453,461. | 99,540. | |
| **9** Other employee benefits | 3,131,589. | 2,567,903. | 563,686. | |
| **10** Payroll taxes | 2,205,219. | 1,808,280. | 396,939. | |
| **11** Fees for services (non-employees): | | | | |
| **a** Management | | | | |
| **b** Legal | 880,200. | | 880,200. | |
| **c** Accounting | 168,483. | | 168,483. | |
| **d** Lobbying | | | | |
| **e** Professional fundraising services. See Part IV, line 17 | | | | |
| **f** Investment management fees | 14,670. | | 14,670. | |
| **g** Other. (If line 11g amount exceeds 10% of line 25, column (A) amount, list line 11g expenses on Sch O.) | 8,749,509. | | 8,749,509. | |
| **12** Advertising and promotion | 60,129. | | 60,129. | |
| **13** Office expenses | 1,139,105. | | 1,139,105. | |
| **14** Information technology | | | | |
| **15** Royalties | | | | |
| **16** Occupancy | 1,754,935. | | 1,754,935. | |
| **17** Travel | 278,498. | | 278,498. | |
| **18** Payments of travel or entertainment expenses for any federal, state, or local public officials | | | | |
| **19** Conferences, conventions, and meetings | | | | |
| **20** Interest | 40,071. | | 40,071. | |
| **21** Payments to affiliates | | | | |
| **22** Depreciation, depletion, and amortization | 1,085,487. | | 1,085,487. | |
| **23** Insurance | 274,129. | | 274,129. | |
| **24** Other expenses. Itemize expenses not covered above. (List miscellaneous expenses in line 24e. If line 24e amount exceeds 10% of line 25, column (A) amount, list line 24e expenses on Schedule O.) | | | | |
| **a** PHYSICIAN SERVICES | 107,309,726. | 107,309,726. | | |
| **b** INPATIENT HOSPITAL | 90,857,482. | 90,857,482. | | |
| **c** OTHER MEDICAL AND HOSPI | 86,906,222. | 86,906,222. | | |
| **d** OTHER PROFESSIONAL SERV | 86,379,338. | 86,379,338. | | |
| **e** All other expenses      SEE SCH O | 108,669,832. | 82,723,110. | 25,946,722. | |
| **25** Total functional expenses. Add lines 1 through 24e | 518,537,166. | 472,651,148. | 45,886,018. | 0. |
| **26** Joint costs. Complete this line only if the organization reported in column (B) joint costs from a combined educational campaign and fundraising solicitation. Check here ▶ [ ] if following SOP 98-2 (ASC 958-720) | | | | |

632010 11-11-16

Form **990** (2016)

14021103 756026 54010          2016.04030 FAMILYCARE, INC.               54010__1

Form 990 (2016)  FAMILYCARE, INC.  93-0878074  Page **11**

| Part X | Balance Sheet |
|---|---|

Check if Schedule O contains a response or note to any line in this Part X .................................................. ☐

| | | | (A) Beginning of year | | (B) End of year |
|---|---|---|---|---|---|
| **Assets** | 1 | Cash - non-interest-bearing ......................................... | 74,433,042. | 1 | 68,751,728. |
| | 2 | Savings and temporary cash investments ......................... | 64,471,558. | 2 | 59,644,788. |
| | 3 | Pledges and grants receivable, net ................................ | | 3 | |
| | 4 | Accounts receivable, net ............................................. | 18,233,538. | 4 | 16,225,384. |
| | 5 | Loans and other receivables from current and former officers, directors, trustees, key employees, and highest compensated employees. Complete Part II of Schedule L .................................. | | 5 | |
| | 6 | Loans and other receivables from other disqualified persons (as defined under section 4958(f)(1)), persons described in section 4958(c)(3)(B), and contributing employers and sponsoring organizations of section 501(c)(9) voluntary employees' beneficiary organizations (see instr). Complete Part II of Sch L ..... | | 6 | |
| | 7 | Notes and loans receivable, net ................................... | | 7 | |
| | 8 | Inventories for sale or use ........................................... | | 8 | |
| | 9 | Prepaid expenses and deferred charges ......................... | | 9 | |
| | 10a | Land, buildings, and equipment: cost or other basis. Complete Part VI of Schedule D  **10a** 11,078,690. | | | |
| | b | Less: accumulated depreciation  **10b** 4,170,219. | 3,598,917. | 10c | 6,908,471. |
| | 11 | Investments - publicly traded securities ......................... | 125,027,416. | 11 | 103,162,090. |
| | 12 | Investments - other securities. See Part IV, line 11 .......... | | 12 | |
| | 13 | Investments - program-related. See Part IV, line 11 ......... | | 13 | |
| | 14 | Intangible assets ...................................................... | | 14 | |
| | 15 | Other assets. See Part IV, line 11 ................................ | 33,413,406. | 15 | 17,447,422. |
| | 16 | **Total assets.** Add lines 1 through 15 (must equal line 34) ... | 319,177,877. | 16 | 272,139,883. |
| **Liabilities** | 17 | Accounts payable and accrued expenses ....................... | 150,704,329. | 17 | 135,611,400. |
| | 18 | Grants payable ........................................................ | | 18 | |
| | 19 | Deferred revenue ..................................................... | | 19 | |
| | 20 | Tax-exempt bond liabilities ......................................... | | 20 | |
| | 21 | Escrow or custodial account liability. Complete Part IV of Schedule D ........... | | 21 | |
| | 22 | Loans and other payables to current and former officers, directors, trustees, key employees, highest compensated employees, and disqualified persons. Complete Part II of Schedule L ................ | | 22 | |
| | 23 | Secured mortgages and notes payable to unrelated third parties ................ | | 23 | |
| | 24 | Unsecured notes and loans payable to unrelated third parties ..................... | | 24 | |
| | 25 | Other liabilities (including federal income tax, payables to related third parties, and other liabilities not included on lines 17-24). Complete Part X of Schedule D ................ | 434,424. | 25 | 487,185. |
| | 26 | **Total liabilities.** Add lines 17 through 25 ...................... | 151,138,753. | 26 | 136,098,585. |
| **Net Assets or Fund Balances** | | Organizations that follow SFAS 117 (ASC 958), check here ▶ ☒ and complete lines 27 through 29, and lines 33 and 34. | | | |
| | 27 | Unrestricted net assets ............................................. | 168,039,124. | 27 | 136,033,298. |
| | 28 | Temporarily restricted net assets ................................. | 0. | 28 | 8,000. |
| | 29 | Permanently restricted net assets ................................ | | 29 | |
| | | Organizations that do not follow SFAS 117 (ASC 958), check here ▶ ☐ and complete lines 30 through 34. | | | |
| | 30 | Capital stock or trust principal, or current funds ............... | | 30 | |
| | 31 | Paid-in or capital surplus, or land, building, or equipment fund ................. | | 31 | |
| | 32 | Retained earnings, endowment, accumulated income, or other funds .......... | | 32 | |
| | 33 | Total net assets or fund balances ................................. | 168,039,124. | 33 | 136,041,298. |
| | 34 | Total liabilities and net assets/fund balances .................. | 319,177,877. | 34 | 272,139,883. |

Form **990** (2016)

632011 11-11-16

14021103 756026 54010         2016.04030 FAMILYCARE, INC.              54010__1

Reply Ex. 13
Page 13 of 74

Form 990 (2016)　　　　FAMILYCARE, INC.　　　　　　　　93-0878074　Page **12**

## Part XI | Reconciliation of Net Assets

Check if Schedule O contains a response or note to any line in this Part XI ................................ [X]

| | | |
|---|---|---:|
| 1 | Total revenue (must equal Part VIII, column (A), line 12) | **1** 497,631,270. |
| 2 | Total expenses (must equal Part IX, column (A), line 25) | **2** 518,537,166. |
| 3 | Revenue less expenses. Subtract line 2 from line 1 | **3** -20,905,896. |
| 4 | Net assets or fund balances at beginning of year (must equal Part X, line 33, column (A)) | **4** 168,039,124. |
| 5 | Net unrealized gains (losses) on investments | **5** 2,160,324. |
| 6 | Donated services and use of facilities | **6** |
| 7 | Investment expenses | **7** |
| 8 | Prior period adjustments | **8** |
| 9 | Other changes in net assets or fund balances (explain in Schedule O) | **9** -13,252,254. |
| 10 | Net assets or fund balances at end of year. Combine lines 3 through 9 (must equal Part X, line 33, column (B)) | **10** 136,041,298. |

## Part XII | Financial Statements and Reporting

Check if Schedule O contains a response or note to any line in this Part XII ................................ [X]

| | | Yes | No |
|---|---|:---:|:---:|
| 1 | Accounting method used to prepare the Form 990: ☐ Cash [X] Accrual ☐ Other _____ | | |
| | If the organization changed its method of accounting from a prior year or checked "Other," explain in Schedule O. | | |
| 2a | Were the organization's financial statements compiled or reviewed by an independent accountant? | **2a** | X |
| | If "Yes," check a box below to indicate whether the financial statements for the year were compiled or reviewed on a separate basis, consolidated basis, or both: ☐ Separate basis ☐ Consolidated basis ☐ Both consolidated and separate basis | | |
| b | Were the organization's financial statements audited by an independent accountant? | **2b** X | |
| | If "Yes," check a box below to indicate whether the financial statements for the year were audited on a separate basis, consolidated basis, or both: ☐ Separate basis [X] Consolidated basis ☐ Both consolidated and separate basis | | |
| c | If "Yes" to line 2a or 2b, does the organization have a committee that assumes responsibility for oversight of the audit, review, or compilation of its financial statements and selection of an independent accountant? | **2c** X | |
| | If the organization changed either its oversight process or selection process during the tax year, explain in Schedule O. | | |
| 3a | As a result of a federal award, was the organization required to undergo an audit or audits as set forth in the Single Audit Act and OMB Circular A-133? | **3a** | X |
| b | If "Yes," did the organization undergo the required audit or audits? If the organization did not undergo the required audit or audits, explain why in Schedule O and describe any steps taken to undergo such audits | **3b** | |

Form **990** (2016)

632012 11-11-16

12

14021103 756026 54010　　　2016.04030 FAMILYCARE, INC.　　　54010__1

** PUBLIC DISCLOSURE COPY **

**Schedule B**
(Form 990, 990-EZ,
or 990-PF)
Department of the Treasury
Internal Revenue Service

### Schedule of Contributors

▶ Attach to Form 990, Form 990-EZ, or Form 990-PF.
▶ Information about Schedule B (Form 990, 990-EZ, or 990-PF) and
its instructions is at *www.irs.gov/form990* .

OMB No. 1545-0047

**2016**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

**Organization type** (check one):

**Filers of:**        **Section:**

Form 990 or 990-EZ    [X] 501(c)( 4 ) (enter number) organization

                 [ ] 4947(a)(1) nonexempt charitable trust **not** treated as a private foundation

                 [ ] 527 political organization

Form 990-PF           [ ] 501(c)(3) exempt private foundation

                 [ ] 4947(a)(1) nonexempt charitable trust treated as a private foundation

                 [ ] 501(c)(3) taxable private foundation

*RECEIVED*

*NOV 1 3 2017*

*DEPARTMENT OF JUSTICE*
*PORTLAND LEGAL*

Check if your organization is covered by the **General Rule** or a **Special Rule.**
**Note:** Only a section 501(c)(7), (8), or (10) organization can check boxes for both the General Rule and a Special Rule. See instructions.

**General Rule**

[X] For an organization filing Form 990, 990-EZ, or 990-PF that received, during the year, contributions totaling $5,000 or more (in money or property) from any one contributor. Complete Parts I and II. See instructions for determining a contributor's total contributions.

**Special Rules**

[ ] For an organization described in section 501(c)(3) filing Form 990 or 990-EZ that met the 33 1/3% support test of the regulations under sections 509(a)(1) and 170(b)(1)(A)(vi), that checked Schedule A (Form 990 or 990-EZ), Part II, line 13, 16a, or 16b, and that received from any one contributor, during the year, total contributions of the greater of **(1)** $5,000 or **(2)** 2% of the amount on (i) Form 990, Part VIII, line 1h, or (ii) Form 990-EZ, line 1. Complete Parts I and II.

[ ] For an organization described in section 501(c)(7), (8), or (10) filing Form 990 or 990-EZ that received from any one contributor, during the year, total contributions of more than $1,000 *exclusively* for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. Complete Parts I, II, and III.

[ ] For an organization described in section 501(c)(7), (8), or (10) filing Form 990 or 990-EZ that received from any one contributor, during the year, contributions *exclusively* for religious, charitable, etc., purposes, but no such contributions totaled more than $1,000. If this box is checked, enter here the total contributions that were received during the year for an *exclusively* religious, charitable, etc., purpose. Don't complete any of the parts unless the **General Rule** applies to this organization because it received *nonexclusively* religious, charitable, etc., contributions totaling $5,000 or more during the year .......................................... ▶ $ _____

**Caution:** An organization that isn't covered by the General Rule and/or the Special Rules doesn't file Schedule B (Form 990, 990-EZ, or 990-PF), but it **must** answer "No" on Part IV, line 2, of its Form 990; or check the box on line H of its Form 990-EZ or on its Form 990-PF, Part I, line 2, to certify that it doesn't meet the filing requirements of Schedule B (Form 990, 990-EZ, or 990-PF).

**LHA  For Paperwork Reduction Act Notice, see the Instructions for Form 990, 990-EZ, or 990-PF.    Schedule B (Form 990, 990-EZ, or 990-PF) (2016)**

623451 10-18-16

Schedule B (Form 990, 990-EZ, or 990-PF) (2016)    Page **2**

| Name of organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

**Part I**    **Contributors** (See instructions). Use duplicate copies of Part I if additional space is needed.

| (a) No. | (b) Name, address, and ZIP + 4 | (c) Total contributions | (d) Type of contribution |
|---|---|---|---|
| 1 | | $ 23,000. | Person [X] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |
| | | $ | Person [ ] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |
| | | $ | Person [ ] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |
| | | $ | Person [ ] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |
| | | $ | Person [ ] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |
| | | $ | Person [ ] Payroll [ ] Noncash [ ] (Complete Part II for noncash contributions.) |

623452 10-18-16    Schedule B (Form 990, 990-EZ, or 990-PF) (2016)

14

14021103 756026 54010       2016.04030 FAMILYCARE, INC.       54010__1

Reply Ex. 13
Page 16 of 74

Schedule B (Form 990, 990-EZ, or 990-PF) (2016)

Page **3**

| Name of organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

**Part II**　**Noncash Property** (See instructions). Use duplicate copies of Part II if additional space is needed.

| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
|---|---|---|---|
| | | $ | |
| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
| | | $ | |
| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
| | | $ | |
| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
| | | $ | |
| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
| | | $ | |
| (a) No. from Part I | (b) Description of noncash property given | (c) FMV (or estimate) (See instructions) | (d) Date received |
| | | $ | |

623453 10-18-16

Schedule B (Form 990, 990-EZ, or 990-PF) (2016)

14021103 756026 54010            2016.04030 FAMILYCARE, INC.            54010__1

Schedule B (Form 990, 990-EZ, or 990-PF) (2016)                                                    Page **4**

| Name of organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

**Part III** | *Exclusively* religious, charitable, etc., contributions to organizations described in section 501(c)(7), (8), or (10) that total more than $1,000 for the year from any one contributor. Complete columns **(a)** through **(e)** and the following line entry. For organizations completing Part III, enter the total of exclusively religious, charitable, etc., contributions of $1,000 or less for the year. (Enter this info. once.) ▶ $_____

Use duplicate copies of Part III if additional space is needed.

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |

**(e) Transfer of gift**

| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
|---|---|
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |

**(e) Transfer of gift**

| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
|---|---|
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |

**(e) Transfer of gift**

| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
|---|---|
| | |

| (a) No. from Part I | (b) Purpose of gift | (c) Use of gift | (d) Description of how gift is held |
|---|---|---|---|
| | | | |

**(e) Transfer of gift**

| Transferee's name, address, and ZIP + 4 | Relationship of transferor to transferee |
|---|---|
| | |

623454 10-18-16                                                           Schedule B (Form 990, 990-EZ, or 990-PF) (2016)

16

14021103 756026 54010              2016.04030 FAMILYCARE, INC.              54010__1

Reply Ex. 13
Page 18 of 74

| SCHEDULE C<br>(Form 990 or 990-EZ)<br><br>Department of the Treasury<br>Internal Revenue Service | **Political Campaign and Lobbying Activities**<br>For Organizations Exempt From Income Tax Under section 501(c) and section 527<br>▶ Complete if the organization is described below. ▶ Attach to Form 990 or Form 990-EZ.<br>▶ Information about Schedule C (Form 990 or 990-EZ) and its instructions is at *www.irs.gov/form990*. | OMB No. 1545-0047<br>**2016**<br>**Open to Public Inspection** |
|---|---|---|

**If the organization answered "Yes," on Form 990, Part IV, line 3, or Form 990-EZ, Part V, line 46 (Political Campaign Activities), then**
- Section 501(c)(3) organizations: Complete Parts I-A and B. Do not complete Part I-C.
- Section 501(c) (other than section 501(c)(3)) organizations: Complete Parts I-A and C below. Do not complete Part I-B.
- Section 527 organizations: Complete Part I-A only.

**If the organization answered "Yes," on Form 990, Part IV, line 4, or Form 990-EZ, Part VI, line 47 (Lobbying Activities), then**
- Section 501(c)(3) organizations that have filed Form 5768 (election under section 501(h)): Complete Part II-A. Do not complete Part II-B.
- Section 501(c)(3) organizations that have NOT filed Form 5768 (election under section 501(h)): Complete Part II-B. Do not complete Part II-A.

**If the organization answered "Yes," on Form 990, Part IV, line 5 (Proxy Tax) (see separate instructions) or Form 990-EZ, Part V, line 35c (Proxy Tax) (see separate instructions), then**
- Section 501(c)(4), (5), or (6) organizations: Complete Part III.

| Name of organization<br><br>FAMILYCARE, INC. | Employer identification number<br>93-0878074 |
|---|---|

| **Part I-A** | **Complete if the organization is exempt under section 501(c) or is a section 527 organization.** |
|---|---|

1  Provide a description of the organization's direct and indirect political campaign activities in Part IV.
2  Political campaign activity expenditures ........................................... ▶ $ _____ 95,250.
3  Volunteer hours for political campaign activities ........................................... _____ 0.

| **Part I-B** | **Complete if the organization is exempt under section 501(c)(3).** |
|---|---|

1  Enter the amount of any excise tax incurred by the organization under section 4955 .................... ▶ $ _____
2  Enter the amount of any excise tax incurred by organization managers under section 4955 ............. ▶ $ _____
3  If the organization incurred a section 4955 tax, did it file Form 4720 for this year? ......................... ☐ Yes ☐ No
4a Was a correction made? ................................................................ ☐ Yes ☐ No
 b If "Yes," describe in Part IV.

| **Part I-C** | **Complete if the organization is exempt under section 501(c), except section 501(c)(3).** |
|---|---|

1  Enter the amount directly expended by the filing organization for section 527 exempt function activities ........... ▶ $ _____ 0.
2  Enter the amount of the filing organization's funds contributed to other organizations for section 527 exempt function activities ...................... ▶ $ _____ 0.
3  Total exempt function expenditures. Add lines 1 and 2. Enter here and on Form 1120-POL, line 17b .................................................... ▶ $ _____
4  Did the filing organization file **Form 1120-POL** for this year? ............................. ☐ Yes ☐ No
5  Enter the names, addresses and employer identification number (EIN) of all section 527 political organizations to which the filing organization made payments. For each organization listed, enter the amount paid from the filing organization's funds. Also enter the amount of political contributions received that were promptly and directly delivered to a separate political organization, such as a separate segregated fund or a political action committee (PAC). If additional space is needed, provide information in Part IV.

| **(a)** Name | **(b)** Address | **(c)** EIN | **(d)** Amount paid from filing organization's funds. If none, enter -0-. | **(e)** Amount of political contributions received and promptly and directly delivered to a separate political organization. If none, enter -0-. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

For Paperwork Reduction Act Notice, see the Instructions for Form 990 or 990-EZ.    Schedule C (Form 990 or 990-EZ) 2016
LHA

632041 11-10-16

17
14021103 756026 54010           2016.04030 FAMILYCARE, INC.           54010__1

Schedule C (Form 990 or 990-EZ) 2016 FAMILYCARE, INC.                                      93-0878074 Page **2**

| **Part II-A** | **Complete if the organization is exempt under section 501(c)(3) and filed Form 5768 (election under section 501(h)).** |

**A** Check ▶ ☐ if the filing organization belongs to an affiliated group (and list in Part IV each affiliated group member's name, address, EIN, expenses, and share of excess lobbying expenditures).

**B** Check ▶ ☐ if the filing organization checked box A and "limited control" provisions apply.

| Limits on Lobbying Expenditures<br>(The term "expenditures" means amounts paid or incurred.) | **(a)** Filing organization's totals | **(b)** Affiliated group totals |
|---|---|---|
| **1a** Total lobbying expenditures to influence public opinion (grass roots lobbying) | | |
| **b** Total lobbying expenditures to influence a legislative body (direct lobbying) | | |
| **c** Total lobbying expenditures (add lines 1a and 1b) | | |
| **d** Other exempt purpose expenditures | | |
| **e** Total exempt purpose expenditures (add lines 1c and 1d) | | |
| **f** Lobbying nontaxable amount. Enter the amount from the following table in both columns. | | |

| If the amount on line 1e, column (a) or (b) is: | The lobbying nontaxable amount is: |
|---|---|
| Not over $500,000 | 20% of the amount on line 1e. |
| Over $500,000 but not over $1,000,000 | $100,000 plus 15% of the excess over $500,000. |
| Over $1,000,000 but not over $1,500,000 | $175,000 plus 10% of the excess over $1,000,000. |
| Over $1,500,000 but not over $17,000,000 | $225,000 plus 5% of the excess over $1,500,000. |
| Over $17,000,000 | $1,000,000. |

**g** Grassroots nontaxable amount (enter 25% of line 1f)

**h** Subtract line 1g from line 1a. If zero or less, enter -0-

**i** Subtract line 1f from line 1c. If zero or less, enter -0-

**j** If there is an amount other than zero on either line 1h or line 1i, did the organization file Form 4720 reporting section 4911 tax for this year? ☐ Yes ☐ No

**4-Year Averaging Period Under section 501(h)**
(Some organizations that made a section 501(h) election do not have to complete all of the five columns below.
See the separate instructions for lines 2a through 2f.)

**Lobbying Expenditures During 4-Year Averaging Period**

| Calendar year<br>(or fiscal year beginning in) | **(a)** 2013 | **(b)** 2014 | **(c)** 2015 | **(d)** 2016 | **(e)** Total |
|---|---|---|---|---|---|
| **2a** Lobbying nontaxable amount | | | | | |
| **b** Lobbying ceiling amount<br>(150% of line 2a, column(e)) | | | | | |
| **c** Total lobbying expenditures | | | | | |
| **d** Grassroots nontaxable amount | | | | | |
| **e** Grassroots ceiling amount<br>(150% of line 2d, column (e)) | | | | | |
| **f** Grassroots lobbying expenditures | | | | | |

Schedule C (Form 990 or 990-EZ) 2016

632042 11-10-16

18

14021103 756026 54010          2016.04030 FAMILYCARE, INC.                    54010__1

Schedule C (Form 990 or 990-EZ) 2016 FAMILYCARE, INC.      93-0878074   Page **3**

**Part II-B**   **Complete if the organization is exempt under section 501(c)(3) and has NOT filed Form 5768 (election under section 501(h)).**

| | | (a) | | (b) |
|---|---|---|---|---|
| *For each "Yes," response on lines 1a through 1i below, provide in Part IV a detailed description of the lobbying activity.* | | Yes | No | Amount |
| **1** | During the year, did the filing organization attempt to influence foreign, national, state or local legislation, including any attempt to influence public opinion on a legislative matter or referendum, through the use of: | | | |
| **a** | Volunteers? | | | |
| **b** | Paid staff or management (include compensation in expenses reported on lines 1c through 1i)? | | | |
| **c** | Media advertisements? | | | |
| **d** | Mailings to members, legislators, or the public? | | | |
| **e** | Publications, or published or broadcast statements? | | | |
| **f** | Grants to other organizations for lobbying purposes? | | | |
| **g** | Direct contact with legislators, their staffs, government officials, or a legislative body? | | | |
| **h** | Rallies, demonstrations, seminars, conventions, speeches, lectures, or any similar means? | | | |
| **i** | Other activities? | | | |
| **j** | Total. Add lines 1c through 1i | | | |
| **2a** | Did the activities in line 1 cause the organization to be not described in section 501(c)(3)? | | | |
| **b** | If "Yes," enter the amount of any tax incurred under section 4912 | | | |
| **c** | If "Yes," enter the amount of any tax incurred by organization managers under section 4912 | | | |
| **d** | If the filing organization incurred a section 4912 tax, did it file Form 4720 for this year? | | | |

**Part III-A**   **Complete if the organization is exempt under section 501(c)(4), section 501(c)(5), or section 501(c)(6).**

| | | | Yes | No |
|---|---|---|---|---|
| **1** | Were substantially all (90% or more) dues received nondeductible by members? | **1** | | |
| **2** | Did the organization make only in-house lobbying expenditures of $2,000 or less? | **2** | | |
| **3** | Did the organization agree to carry over lobbying and political campaign activity expenditures from the prior year? | **3** | | |

**Part III-B**   **Complete if the organization is exempt under section 501(c)(4), section 501(c)(5), or section 501(c)(6) and if either (a) BOTH Part III-A, lines 1 and 2, are answered "No," OR (b) Part III-A, line 3, is answered "Yes."**

| | | | |
|---|---|---|---|
| **1** | Dues, assessments and similar amounts from members | **1** | |
| **2** | Section 162(e) nondeductible lobbying and political expenditures **(do not include amounts of political expenses for which the section 527(f) tax was paid).** | | |
| **a** | Current year | **2a** | |
| **b** | Carryover from last year | **2b** | |
| **c** | Total | **2c** | |
| **3** | Aggregate amount reported in section 6033(e)(1)(A) notices of nondeductible section 162(e) dues | **3** | |
| **4** | If notices were sent and the amount on line 2c exceeds the amount on line 3, what portion of the excess does the organization agree to carryover to the reasonable estimate of nondeductible lobbying and political expenditure next year? | **4** | |
| **5** | Taxable amount of lobbying and political expenditures (see instructions) | **5** | |

**Part IV**   **Supplemental Information**

Provide the descriptions required for Part I-A, line 1; Part I-B, line 4; Part I-C, line 5; Part II-A (affiliated group list); Part II-A, lines 1 and 2 (see instructions); and Part II-B, line 1. Also, complete this part for any additional information.

PART I-A, LINE 1:

MONETARY DONATIONS TO SUPPORT CANDIDATES FOR ELECTIVE PUBLIC OFFICE

Schedule C (Form 990 or 990-EZ) 2016

632043 11-10-16

14021103 756026 54010      2016.04030 FAMILYCARE, INC.      54010__1

Reply Ex. 13
Page 21 of 74

## SCHEDULE D
(Form 990)

Department of the Treasury
Internal Revenue Service

# Supplemental Financial Statements

▶ Complete if the organization answered "Yes" on Form 990,
Part IV, line 6, 7, 8, 9, 10, 11a, 11b, 11c, 11d, 11e, 11f, 12a, or 12b.
▶ Attach to Form 990.
▶ Information about Schedule D (Form 990) and its instructions is at *www.irs.gov/form990.*

OMB No. 1545-0047

## 2016

Open to Public
Inspection

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

### Part I   Organizations Maintaining Donor Advised Funds or Other Similar Funds or Accounts. Complete if the organization answered "Yes" on Form 990, Part IV, line 6.

| | | (a) Donor advised funds | (b) Funds and other accounts |
|---|---|---|---|
| 1 | Total number at end of year | | |
| 2 | Aggregate value of contributions to (during year) | | |
| 3 | Aggregate value of grants from (during year) | | |
| 4 | Aggregate value at end of year | | |

5   Did the organization inform all donors and donor advisors in writing that the assets held in donor advised funds
are the organization's property, subject to the organization's exclusive legal control? ☐ Yes ☐ No

6   Did the organization inform all grantees, donors, and donor advisors in writing that grant funds can be used only
for charitable purposes and not for the benefit of the donor or donor advisor, or for any other purpose conferring
impermissible private benefit? ☐ Yes ☐ No

### Part II   Conservation Easements. Complete if the organization answered "Yes" on Form 990, Part IV, line 7.

1   Purpose(s) of conservation easements held by the organization (check all that apply).

☐ Preservation of land for public use (e.g., recreation or education)    ☐ Preservation of a historically important land area

☐ Protection of natural habitat    ☐ Preservation of a certified historic structure

☐ Preservation of open space

2   Complete lines 2a through 2d if the organization held a qualified conservation contribution in the form of a conservation easement on the last day of the tax year.

| | | Held at the End of the Tax Year |
|---|---|---|
| a | Total number of conservation easements | 2a |
| b | Total acreage restricted by conservation easements | 2b |
| c | Number of conservation easements on a certified historic structure included in (a) | 2c |
| d | Number of conservation easements included in (c) acquired after 8/17/06, and not on a historic structure listed in the National Register | 2d |

3   Number of conservation easements modified, transferred, released, extinguished, or terminated by the organization during the tax
year ▶ _____

4   Number of states where property subject to conservation easement is located ▶ _____

5   Does the organization have a written policy regarding the periodic monitoring, inspection, handling of
violations, and enforcement of the conservation easements it holds? ☐ Yes ☐ No

6   Staff and volunteer hours devoted to monitoring, inspecting, handling of violations, and enforcing conservation easements during the year
▶ _____

7   Amount of expenses incurred in monitoring, inspecting, handling of violations, and enforcing conservation easements during the year
▶ $ _____

8   Does each conservation easement reported on line 2(d) above satisfy the requirements of section 170(h)(4)(B)(i)
and section 170(h)(4)(B)(ii)? ☐ Yes ☐ No

9   In Part XIII, describe how the organization reports conservation easements in its revenue and expense statement, and balance sheet, and
include, if applicable, the text of the footnote to the organization's financial statements that describes the organization's accounting for
conservation easements.

### Part III   Organizations Maintaining Collections of Art, Historical Treasures, or Other Similar Assets.
Complete if the organization answered "Yes" on Form 990, Part IV, line 8.

1a   If the organization elected, as permitted under SFAS 116 (ASC 958), not to report in its revenue statement and balance sheet works of art,
historical treasures, or other similar assets held for public exhibition, education, or research in furtherance of public service, provide, in Part XIII,
the text of the footnote to its financial statements that describes these items.

  b   If the organization elected, as permitted under SFAS 116 (ASC 958), to report in its revenue statement and balance sheet works of art, historical
treasures, or other similar assets held for public exhibition, education, or research in furtherance of public service, provide the following amounts
relating to these items:

    (i)   Revenue included on Form 990, Part VIII, line 1    ▶ $ _____

    (ii)   Assets included in Form 990, Part X    ▶ $ _____

2   If the organization received or held works of art, historical treasures, or other similar assets for financial gain, provide
the following amounts required to be reported under SFAS 116 (ASC 958) relating to these items:

  a   Revenue included on Form 990, Part VIII, line 1    ▶ $ _____

  b   Assets included in Form 990, Part X    ▶ $ _____

LHA   **For Paperwork Reduction Act Notice, see the Instructions for Form 990.**      Schedule D (Form 990) 2016

632051 08-29-16

Schedule D (Form 990) 2016    FAMILYCARE, INC.    93-0878074   Page **2**

| Part III | Organizations Maintaining Collections of Art, Historical Treasures, or Other Similar Assets *(continued)* |
| --- | --- |

**3** Using the organization's acquisition, accession, and other records, check any of the following that are a significant use of its collection items (check all that apply):

a ☐ Public exhibition        d ☐ Loan or exchange programs

b ☐ Scholarly research        e ☐ Other _____

c ☐ Preservation for future generations

**4** Provide a description of the organization's collections and explain how they further the organization's exempt purpose in Part XIII.

**5** During the year, did the organization solicit or receive donations of art, historical treasures, or other similar assets
to be sold to raise funds rather than to be maintained as part of the organization's collection? ........................ ☐ Yes ☐ No

| Part IV | Escrow and Custodial Arrangements. Complete if the organization answered "Yes" on Form 990, Part IV, line 9, or reported an amount on Form 990, Part X, line 21. |
| --- | --- |

**1a** Is the organization an agent, trustee, custodian or other intermediary for contributions or other assets not included
on Form 990, Part X? ....................................................................................... ☐ Yes ☐ No

**b** If "Yes," explain the arrangement in Part XIII and complete the following table:

|  |  | Amount |
| --- | --- | --- |
| **c** Beginning balance ................................................ | **1c** |  |
| **d** Additions during the year ...................................... | **1d** |  |
| **e** Distributions during the year ................................. | **1e** |  |
| **f** Ending balance .................................................... | **1f** |  |

**2a** Did the organization include an amount on Form 990, Part X, line 21, for escrow or custodial account liability? .......... ☐ Yes ☐ No

**b** If "Yes," explain the arrangement in Part XIII. Check here if the explanation has been provided on Part XIII ................. ☐

| Part V | Endowment Funds. Complete if the organization answered "Yes" on Form 990, Part IV, line 10. |
| --- | --- |

|  | (a) Current year | (b) Prior year | (c) Two years back | (d) Three years back | (e) Four years back |
| --- | --- | --- | --- | --- | --- |
| **1a** Beginning of year balance .............. |  |  |  |  |  |
| **b** Contributions .............................. |  |  |  |  |  |
| **c** Net investment earnings, gains, and losses |  |  |  |  |  |
| **d** Grants or scholarships ................... |  |  |  |  |  |
| **e** Other expenditures for facilities and programs ............................. |  |  |  |  |  |
| **f** Administrative expenses ................. |  |  |  |  |  |
| **g** End of year balance ...................... |  |  |  |  |  |

**2** Provide the estimated percentage of the current year end balance (line 1g, column (a)) held as:

**a** Board designated or quasi-endowment ▶ _____ %

**b** Permanent endowment ▶ _____ %

**c** Temporarily restricted endowment ▶ _____ %

The percentages on lines 2a, 2b, and 2c should equal 100%.

**3a** Are there endowment funds not in the possession of the organization that are held and administered for the organization
by:

|  |  | Yes | No |
| --- | --- | --- | --- |
| (i) unrelated organizations .................................................................. | **3a(i)** |  |  |
| (ii) related organizations ................................................................... | **3a(ii)** |  |  |
| **b** If "Yes" on line 3a(ii), are the related organizations listed as required on Schedule R? ......................... | **3b** |  |  |

**4** Describe in Part XIII the intended uses of the organization's endowment funds.

| Part VI | Land, Buildings, and Equipment. |
| --- | --- |

Complete if the organization answered "Yes" on Form 990, Part IV, line 11a. See Form 990, Part X, line 10.

| Description of property | (a) Cost or other basis (investment) | (b) Cost or other basis (other) | (c) Accumulated depreciation | (d) Book value |
| --- | --- | --- | --- | --- |
| **1a** Land ........................................ |  |  |  |  |
| **b** Buildings .................................. |  |  |  |  |
| **c** Leasehold improvements ............... |  | 967,195. | 235,044. | 732,151. |
| **d** Equipment ................................ |  | 5,523,728. | 3,894,365. | 1,629,363. |
| **e** Other ....................................... |  | 4,587,767. | 40,810. | 4,546,957. |
| **Total.** Add lines 1a through 1e. *(Column (d) must equal Form 990, Part X, column (B), line 10c.)* ...... ▶ |  |  |  | 6,908,471. |

Schedule D (Form 990) 2016

632052 08-29-16

14021103 756026 54010        2016.04030 FAMILYCARE, INC.        54010__1

Schedule D (Form 990) 2016    FAMILYCARE, INC.      93-0878074   Page **3**

| **Part VII** | **Investments - Other Securities.** | | |
|---|---|---|---|

Complete if the organization answered "Yes" on Form 990, Part IV, line 11b. See Form 990, Part X, line 12.

| (a) Description of security or category (including name of security) | (b) Book value | (c) Method of valuation: Cost or end-of-year market value |
|---|---|---|
| (1) Financial derivatives | | |
| (2) Closely-held equity interests | | |
| (3) Other | | |
| (A) | | |
| (B) | | |
| (C) | | |
| (D) | | |
| (E) | | |
| (F) | | |
| (G) | | |
| (H) | | |
| Total. (Col. (b) must equal Form 990, Part X, col. (B) line 12.) ▶ | | |

| **Part VIII** | **Investments - Program Related.** | | |
|---|---|---|---|

Complete if the organization answered "Yes" on Form 990, Part IV, line 11c. See Form 990, Part X, line 13.

| (a) Description of investment | (b) Book value | (c) Method of valuation: Cost or end-of-year market value |
|---|---|---|
| (1) | | |
| (2) | | |
| (3) | | |
| (4) | | |
| (5) | | |
| (6) | | |
| (7) | | |
| (8) | | |
| (9) | | |
| Total. (Col. (b) must equal Form 990, Part X, col. (B) line 13.) ▶ | | |

| **Part IX** | **Other Assets.** | |
|---|---|---|

Complete if the organization answered "Yes" on Form 990, Part IV, line 11d. See Form 990, Part X, line 15.

| (a) Description | (b) Book value |
|---|---|
| (1) OTHER CURRENT ASSETS, NET | 4,807,726. |
| (2) OTHER ASSETS, NET | 228,384. |
| (3) DUE FROM AFFILIATES | 376,520. |
| (4) INVESTMENT IN FAMILYCARE HEALTH PLANS | 12,034,792. |
| (5) | |
| (6) | |
| (7) | |
| (8) | |
| (9) | |
| Total. (Column (b) must equal Form 990, Part X, col. (B) line 15.) ▶ | 17,447,422. |

| **Part X** | **Other Liabilities.** | |
|---|---|---|

Complete if the organization answered "Yes" on Form 990, Part IV, line 11e or 11f. See Form 990, Part X, line 25.

| 1. (a) Description of liability | (b) Book value |
|---|---|
| (1) Federal income taxes | |
| (2) CAPITAL LEASE OBLIGATION | 487,185. |
| (3) | |
| (4) | |
| (5) | |
| (6) | |
| (7) | |
| (8) | |
| (9) | |
| Total. (Column (b) must equal Form 990, Part X, col. (B) line 25.) ▶ | 487,185. |

2. Liability for uncertain tax positions. In Part XIII, provide the text of the footnote to the organization's financial statements that reports the organization's liability for uncertain tax positions under FIN 48 (ASC 740). Check here if the text of the footnote has been provided in Part XIII ☐

Schedule D (Form 990) 2016

632053 08-29-16

22

14021103 756026 54010      2016.04030 FAMILYCARE, INC.      54010__1

Schedule D (Form 990) 2016      FAMILYCARE, INC.                               93-0878074  Page **4**

| **Part XI** | **Reconciliation of Revenue per Audited Financial Statements With Revenue per Return.** | | | |
|---|---|---|---|---|
| | Complete if the organization answered "Yes" on Form 990, Part IV, line 12a. | | | |
| **1** | Total revenue, gains, and other support per audited financial statements | | **1** | |
| **2** | Amounts included on line 1 but not on Form 990, Part VIII, line 12: | | | |
| **a** | Net unrealized gains (losses) on investments | **2a** | | |
| **b** | Donated services and use of facilities | **2b** | | |
| **c** | Recoveries of prior year grants | **2c** | | |
| **d** | Other (Describe in Part XIII.) | **2d** | | |
| **e** | Add lines **2a** through **2d** | | **2e** | |
| **3** | Subtract line **2e** from line **1** | | **3** | |
| **4** | Amounts included on Form 990, Part VIII, line 12, but not on line 1: | | | |
| **a** | Investment expenses not included on Form 990, Part VIII, line 7b | **4a** | | |
| **b** | Other (Describe in Part XIII.) | **4b** | | |
| **c** | Add lines **4a** and **4b** | | **4c** | |
| **5** | Total revenue. Add lines **3** and **4c.** *(This must equal Form 990, Part I, line 12.)* | | **5** | |

| **Part XII** | **Reconciliation of Expenses per Audited Financial Statements With Expenses per Return.** | | | |
|---|---|---|---|---|
| | Complete if the organization answered "Yes" on Form 990, Part IV, line 12a. | | | |
| **1** | Total expenses and losses per audited financial statements | | **1** | |
| **2** | Amounts included on line 1 but not on Form 990, Part IX, line 25: | | | |
| **a** | Donated services and use of facilities | **2a** | | |
| **b** | Prior year adjustments | **2b** | | |
| **c** | Other losses | **2c** | | |
| **d** | Other (Describe in Part XIII.) | **2d** | | |
| **e** | Add lines **2a** through **2d** | | **2e** | |
| **3** | Subtract line **2e** from line **1** | | **3** | |
| **4** | Amounts included on Form 990, Part IX, line 25, but not on line 1: | | | |
| **a** | Investment expenses not included on Form 990, Part VIII, line 7b | **4a** | | |
| **b** | Other (Describe in Part XIII.) | **4b** | | |
| **c** | Add lines **4a** and **4b** | | **4c** | |
| **5** | Total expenses. Add lines **3** and **4c.** *(This must equal Form 990, Part I, line 18.)* | | **5** | |

| **Part XIII** | **Supplemental Information.** |
|---|---|

Provide the descriptions required for Part II, lines 3, 5, and 9; Part III, lines 1a and 4; Part IV, lines 1b and 2b; Part V, line 4; Part X, line 2; Part XI, lines 2d and 4b; and Part XII, lines 2d and 4b. Also complete this part to provide any additional information.

632054  08-29-16                                                      Schedule D (Form 990) 2016

14021103  756026  54010              2016.04030 FAMILYCARE, INC.                    54010__1

Reply Ex. 13
Page 25 of 74

**SCHEDULE I**
**(Form 990)**

Department of the Treasury
Internal Revenue Service

# Grants and Other Assistance to Organizations, Governments, and Individuals in the United States
Complete if the organization answered "Yes" on Form 990, Part IV, line 21 or 22.
▶ Attach to Form 990.
▶ Information about Schedule I (Form 990) and its instructions is at *www.irs.gov/form990.*

OMB No. 1545-0047

**2016**

**Open to Public Inspection**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

**Part I**  General Information on Grants and Assistance

1  Does the organization maintain records to substantiate the amount of the grants or assistance, the grantees' eligibility for the grants or assistance, and the selection criteria used to award the grants or assistance? ...................................................... ☒ Yes  ☐ No

2  Describe in Part IV the organization's procedures for monitoring the use of grant funds in the United States.

**Part II**  Grants and Other Assistance to Domestic Organizations and Domestic Governments. Complete if the organization answered "Yes" on Form 990, Part IV, line 21, for any recipient that received more than $5,000. Part II can be duplicated if additional space is needed.

| 1 (a) Name and address of organization or government | (b) EIN | (c) IRC section (if applicable) | (d) Amount of cash grant | (e) Amount of non-cash assistance | (f) Method of valuation (book, FMV, appraisal, other) | (g) Description of noncash assistance | (h) Purpose of grant or assistance |
|---|---|---|---|---|---|---|---|
| AMERICAN OSTEOPATHIC<br>142 EAST ONTARIO ST, #1450<br>CHICAGO, IL 60611 | 36-2170786 | 501(C)(3) | 65,000. | 0. | | | GENERAL SUPPORT AND SPONSORSHIP |
| ASIAN HEALTH & SERVICE CENTER<br>3430 SE POWELL BLVD<br>PORTLAND, OR 97202 | 93-1192100 | 501(C)(3) | 18,000. | 0. | | | SPONSORSHIP |
| CASCADE AIDS PROJECT<br>208 SW 5TH AVE, SUITE 800<br>PORTLAND, OR 97204 | 93-0903383 | 501(C)(3) | 10,500. | 0. | | | SPONSORSHIP |
| CITY CLUB OF PORTLAND<br>901 SW WASHINGTON ST<br>PORTLAND, OR 97205 | 93-0140220 | 501(C)(3) | 6,000. | 0. | | | SPONSORSHIP |
| COMPASSION AND CHOICES<br>4155 E JEWELL AVE #200<br>DENVER, CO 80222 | 84-1328829 | 501(C)(3) | 10,000. | 0. | | | GENERAL SUPPORT |
| LUND REPORT<br>PO BOX 82841<br>PORTLAND, OR 97282 | 26-3019179 | 501(C)(3) | 11,575. | 0. | | | SPONSORSHIP |

2  Enter total number of section 501(c)(3) and government organizations listed in the line 1 table ..................................... ▶ 14.

3  Enter total number of other organizations listed in the line 1 table ......................................... ▶ 4.

LHA  **For Paperwork Reduction Act Notice, see the Instructions for Form 990.**     Schedule I (Form 990) (2016)

632101 11-01-16

24

Reply Ex. 13
Page 26 of 74

Schedule I (Form 990)    **FAMILYCARE, INC.**                                                                93-0878074        Page 1

**Part II**  Continuation of Grants and Other Assistance to Governments and Organizations in the United States (Schedule I (Form 990), Part II.)

| (a) Name and address of organization or government | (b) EIN | (c) IRC section if applicable | (d) Amount of cash grant | (e) Amount of non-cash assistance | (f) Method of valuation (book, FMV, appraisal, other) | (g) Description of non-cash assistance | (h) Purpose of grant or assistance |
|---|---|---|---|---|---|---|---|
| NORTHWEST OSTEOPATHIC MEDICAL FOUNDATION - 1327 SE TACOMA #326 - PORTLAND, OR 97202 | 93-0882138 | 501(C)(3) | 10,000. | 0. | | | EDUCATION GRANT |
| OREGON SYMPHONY ASSOCIATION 921 SW WASHINGTON ST #200 PORTLAND, OR 97205 | 93-0446527 | 501(C)(3) | 110,000. | 0. | | | GENERAL SUPPORT |
| OSTEOPATHIC PHYSICIANS & SURGEONS 4380 SW MACADAM AVE, SUITE 185 PORTLAND, OR 97239-6426 | 93-6025596 | 501(C)(6) | 104,000. | 0. | | | OSTEOPATHIC SUPPORT, EDUCATION GRANT |
| PLANNED PARENTHOOD ADVOCATES OF OREGON - PO BOX 12267 - PORTLAND, OR 97212 | 93-1040482 | 501(C)(4) | 6,000. | 0. | | | SPONSORSHIP FOR 2016 COURAGEOUS VOICE BREAKFAST |
| PORTLAND BUSINESS JOURNAL PO BOX 36919 CHARLOTTE, NC 28236 | | N/A | 10,000. | 0. | | | SPONSORSHIP FOR THE BUSINESS JOURNAL'S HEALTH CARE OF THE FUTURE EVENT. |
| SKANNER FOUNDATION PO BOX 5455 PORTLAND, OR 97228 | 93-1109980 | 501(C)(3) | 30,000. | 0. | | | SPONSORSHIP |
| UNITED WAY OF THE COLUMBIA-WILLAMETTE - 619 SW 11TH AVE #300 - PORTLAND, OR 97205 | 93-0582124 | 501(C)(3) | 255,000. | 0. | | | GENERAL SUPPORT |
| UPSTREAM PUBLIC HEALTH 240 N BROADWAY #214 PORTLAND, OR 97227 | 42-1579435 | 501(C)(3) | 25,000. | 0. | | | GENERAL SUPPORT |
| VIRGINIA GARCIA MEMORIAL FOUNDATION - PO BOX 486 - CORNELIUS, OR 97113 | 93-0717997 | 501(C)(3) | 10,000. | 0. | | | GENERAL SUPPORT |

Schedule I (Form 990)

632241
04-01-16

25

Schedule I (Form 990)    FAMILYCARE, INC.                                   93-0878074    Page 1

**Part II** Continuation of Grants and Other Assistance to Governments and Organizations in the United States (Schedule I (Form 990), Part II.)

| (a) Name and address of organization or government | (b) EIN | (c) IRC section if applicable | (d) Amount of cash grant | (e) Amount of non-cash assistance | (f) Method of valuation (book, FMV, appraisal, other) | (g) Description of non-cash assistance | (h) Purpose of grant or assistance |
|---|---|---|---|---|---|---|---|
| WESTERN UNIVERSITY OF HEALTH SERVICES - 200 MULLINS DR - LEBANON, OR 97355 | 95-3127273 | 501(C)(3) | 150,000. | 0. | | | EDUCATION GRANT |
| WILSON STRATEGIC COMMUNICATIONS 3500 188TH ST SW, STE 590 LYNNWOOD, WA 98037 | 20-1502691 | N/A | 10,000. | 0. | | | SPONSORSHIP FOR THE 2016 OREGON STATE OF REFORM HEALTH POLICY CONFERENCE |
| WOMEN OF VISION/WORLD VISION 316 NW 187TH AVE HILLSBORO, OR 97006 | 95-1922279 | 501(C)(3) | 27,500. | 0. | | | GENERAL SUPPORT |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Schedule I (Form 990)

632241
04-01-16

26

Schedule I (Form 990) (2016)    FAMILYCARE, INC.    93-0878074    Page **2**

**Part III**  **Grants and Other Assistance to Domestic Individuals.** Complete if the organization answered "Yes" on Form 990, Part IV, line 22.
Part III can be duplicated if additional space is needed.

| **(a)** Type of grant or assistance | **(b)** Number of recipients | **(c)** Amount of cash grant | **(d)** Amount of non-cash assistance | **(e)** Method of valuation (book, FMV, appraisal, other) | **(f)** Description of noncash assistance |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Part IV**  **Supplemental Information.** Provide the information required in Part I, line 2; Part III, column (b); and any other additional information.

PART I, LINE 2:

GRANT RECIPIENTS SUBMIT PERIODIC REPORTS AS DEFINED BY THEIR AGREEMENTS.

REPORTS INCLUDE INVOICES CONTAINING SERVICES RENDERED AND PERIOD COVERED.

632102  11-01-16    27    Schedule I (Form 990) (2016)

| SCHEDULE J | **Compensation Information** | OMB No. 1545-0047 |
|---|---|---|
| **(Form 990)** | For certain Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees | **2016** |
| | ▶ Complete if the organization answered "Yes" on Form 990, Part IV, line 23. | |
| Department of the Treasury Internal Revenue Service | ▶ Attach to Form 990. ▶ Information about Schedule J (Form 990) and its instructions is at *www.irs.gov/form990.* | **Open to Public Inspection** |

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

| Part I | Questions Regarding Compensation |
|---|---|

|  |  | Yes | No |
|---|---|---|---|
| **1a** Check the appropriate box(es) if the organization provided any of the following to or for a person listed on Form 990, Part VII, Section A, line 1a. Complete Part III to provide any relevant information regarding these items. | | | |

☐ First-class or charter travel      ☐ Housing allowance or residence for personal use
☐ Travel for companions      ☐ Payments for business use of personal residence
☐ Tax indemnification and gross-up payments      ☐ Health or social club dues or initiation fees
☐ Discretionary spending account      ☐ Personal services (such as, maid, chauffeur, chef)

|  |  | Yes | No |
|---|---|---|---|
| **b** If any of the boxes on line 1a are checked, did the organization follow a written policy regarding payment or reimbursement or provision of all of the expenses described above? If "No," complete Part III to explain | **1b** | | |
| **2** Did the organization require substantiation prior to reimbursing or allowing expenses incurred by all directors, trustees, and officers, including the CEO/Executive Director, regarding the items checked on line 1a? | **2** | | |

**3** Indicate which, if any, of the following the filing organization used to establish the compensation of the organization's CEO/Executive Director. Check all that apply. Do not check any boxes for methods used by a related organization to establish compensation of the CEO/Executive Director, but explain in Part III.

☐ Compensation committee      ☒ Written employment contract
☐ Independent compensation consultant      ☐ Compensation survey or study
☐ Form 990 of other organizations      ☒ Approval by the board or compensation committee

|  |  | Yes | No |
|---|---|---|---|
| **4** During the year, did any person listed on Form 990, Part VII, Section A, line 1a, with respect to the filing organization or a related organization: | | | |
| **a** Receive a severance payment or change-of-control payment? | **4a** | | X |
| **b** Participate in, or receive payment from, a supplemental nonqualified retirement plan? | **4b** | | X |
| **c** Participate in, or receive payment from, an equity-based compensation arrangement? | **4c** | | X |
| If "Yes" to any of lines 4a-c, list the persons and provide the applicable amounts for each item in Part III. | | | |
| **Only section 501(c)(3), 501(c)(4), and 501(c)(29) organizations must complete lines 5-9.** | | | |
| **5** For persons listed on Form 990, Part VII, Section A, line 1a, did the organization pay or accrue any compensation contingent on the revenues of: | | | |
| **a** The organization? | **5a** | | X |
| **b** Any related organization? | **5b** | | X |
| If "Yes" on line 5a or 5b, describe in Part III. | | | |
| **6** For persons listed on Form 990, Part VII, Section A, line 1a, did the organization pay or accrue any compensation contingent on the net earnings of: | | | |
| **a** The organization? | **6a** | | X |
| **b** Any related organization? | **6b** | | X |
| If "Yes" on line 6a or 6b, describe in Part III. | | | |
| **7** For persons listed on Form 990, Part VII, Section A, line 1a, did the organization provide any nonfixed payments not described on lines 5 and 6? If "Yes," describe in Part III | **7** | | X |
| **8** Were any amounts reported on Form 990, Part VII, paid or accrued pursuant to a contract that was subject to the initial contract exception described in Regulations section 53.4958-4(a)(3)? If "Yes," describe in Part III | **8** | | X |
| **9** If "Yes" on line 8, did the organization also follow the rebuttable presumption procedure described in Regulations section 53.4958-6(c)? | **9** | | |

LHA  **For Paperwork Reduction Act Notice, see the Instructions for Form 990.**      Schedule J (Form 990) 2016

632111 09-09-16

28

14021103 756026 54010      2016.04030 FAMILYCARE, INC.      54010__1

Reply Ex. 13
Page 30 of 74

Schedule J (Form 990) 2016    FAMILYCARE, INC.    93-0878074    Page **2**

**Part II** | **Officers, Directors, Trustees, Key Employees, and Highest Compensated Employees.** Use duplicate copies if additional space is needed.

For each individual whose compensation must be reported on Schedule J, report compensation from the organization on row (i) and from related organizations, described in the instructions, on row (ii). Do not list any individuals that aren't listed on Form 990, Part VII.

**Note:** The sum of columns (B)(i)-(iii) for each listed individual must equal the total amount of Form 990, Part VII, Section A, line 1a, applicable column (D) and (E) amounts for that individual.

| (A) Name and Title | | (B) Breakdown of W-2 and/or 1099-MISC compensation | | | (C) Retirement and other deferred compensation | (D) Nontaxable benefits | (E) Total of columns (B)(i)-(D) | (F) Compensation in column (B) reported as deferred on prior Form 990 |
|---|---|---|---|---|---|---|---|---|
| | | (i) Base compensation | (ii) Bonus & incentive compensation | (iii) Other reportable compensation | | | | |
| (1) JEFFREY HEATHERINGTON | (i) | 505,013. | 122,401. | 288. | 18,831. | 7,909. | 654,442. | 0. |
| PRESIDENT, CEO AND DIRECTOR | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (2) PAIGE JACKSON | (i) | 190,000. | 4,787. | 5,553. | 3,872. | 7,672. | 211,884. | 0. |
| VP | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (3) WILLIAM MURRAY | (i) | 351,106. | 40,450. | 6,735. | 11,949. | 16,240. | 426,480. | 0. |
| COO | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (4) KEVIN CLANCY | (i) | 262,019. | 28,693. | 179. | 8,727. | 20,398. | 320,016. | 0. |
| VP FINANCE | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (5) OSCAR CLARK | (i) | 212,760. | 23,865. | 3. | 7,099. | 7,734. | 251,461. | 0. |
| VP COMMUNITY & HEALTH SERV | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (6) CHRISTOPHER DIAZ | (i) | 229,689. | 22,511. | 4,845. | 7,711. | 16,691. | 281,447. | 0. |
| VP INFORMATION TECHNOLOGY | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (7) CHERI PFANNES | (i) | 138,346. | 14,369. | 71. | 4,583. | 778. | 158,147. | 0. |
| VP CORPORATE COMPLIANCE | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (8) CHONG LEE | (i) | 220,213. | 25,992. | 53. | 7,388. | 0. | 253,646. | 0. |
| MEDICAL DIRECTOR | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (9) JOSEPH BADOLATO | (i) | 244,352. | 19,913. | 4,215. | 8,055. | 20,379. | 296,914. | 0. |
| DIRECTOR | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (10) BENNETT GARNER | (i) | 284,255. | 4,995. | 4,539. | 8,814. | 16,342. | 318,945. | 0. |
| DIRECTOR | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (11) ANNA JIMENEZ | (i) | 247,651. | 2,387. | 4,008. | 4,220. | 16,277. | 274,543. | 0. |
| DIRECTOR | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| (12) ALEXANDER BULOCHNIK | (i) | 157,570. | 25,860. | 21. | 5,504. | 13,025. | 201,980. | 0. |
| MANAGER | (ii) | 0. | 0. | 0. | 0. | 0. | 0. | 0. |
| | (i) | | | | | | | |
| | (ii) | | | | | | | |
| | (i) | | | | | | | |
| | (ii) | | | | | | | |
| | (i) | | | | | | | |
| | (ii) | | | | | | | |
| | (i) | | | | | | | |
| | (ii) | | | | | | | |
| | (i) | | | | | | | |
| | (ii) | | | | | | | |

Schedule J (Form 990) 2016

632112 09-09-16

29

Schedule J (Form 990) 2016     FAMILYCARE, INC.                                                93-0878074     Page **3**

| Part III | Supplemental Information |

Provide the information, explanation, or descriptions required for Part I, lines 1a, 1b, 3, 4a, 4b, 4c, 5a, 5b, 6a, 6b, 7, and 8, and for Part II. Also complete this part for any additional information.

Schedule J (Form 990) 2016

632113 09-09-16

30

**SCHEDULE L**
(Form 990 or 990-EZ)

Department of the Treasury
Internal Revenue Service

# Transactions With Interested Persons

▶ Complete if the organization answered "Yes" on Form 990, Part IV, line 25a, 25b, 26, 27, 28a, 28b, or 28c, or Form 990-EZ, Part V, line 38a or 40b.
▶ Attach to Form 990 or Form 990-EZ.
▶ Information about Schedule L (Form 990 or 990-EZ) and its instructions is at *www.irs.gov/form990.*

OMB No. 1545-0047

**2016**

**Open To Public Inspection**

Name of the organization: **FAMILYCARE, INC.**

Employer identification number: **93-0878074**

**Part I** **Excess Benefit Transactions** (section 501(c)(3), section 501(c)(4), and 501(c)(29) organizations only).
Complete if the organization answered "Yes" on Form 990, Part IV, line 25a or 25b, or Form 990-EZ, Part V, line 40b.

| 1 (a) Name of disqualified person | (b) Relationship between disqualified person and organization | (c) Description of transaction | (d) Corrected? Yes | No |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2  Enter the amount of tax incurred by the organization managers or disqualified persons during the year under section 4958 ▶ $ _____
3  Enter the amount of tax, if any, on line 2, above, reimbursed by the organization ▶ $ _____

**Part II** **Loans to and/or From Interested Persons.**
Complete if the organization answered "Yes" on Form 990-EZ, Part V, line 38a or Form 990, Part IV, line 26; or if the organization reported an amount on Form 990, Part X, line 5, 6, or 22.

| (a) Name of interested person | (b) Relationship with organization | (c) Purpose of loan | (d) Loan to or from the organization? To | From | (e) Original principal amount | (f) Balance due | (g) In default? Yes | No | (h) Approved by board or committee? Yes | No | (i) Written agreement? Yes | No |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

Total ▶ $

**Part III** **Grants or Assistance Benefiting Interested Persons.**
Complete if the organization answered "Yes" on Form 990, Part IV, line 27.

| (a) Name of interested person | (b) Relationship between interested person and the organization | (c) Amount of assistance | (d) Type of assistance | (e) Purpose of assistance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**LHA  For Paperwork Reduction Act Notice, see the Instructions for Form 990 or 990-EZ.**    Schedule L (Form 990 or 990-EZ) 2016

632131 10-24-16

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

31

Schedule L (Form 990 or 990-EZ) 2016 FAMILYCARE, INC.                    93-0878074  Page **2**

### Part IV  Business Transactions Involving Interested Persons.

Complete if the organization answered "Yes" on Form 990, Part IV, line 28a, 28b, or 28c.

| (a) Name of interested person | (b) Relationship between interested person and the organization | (c) Amount of transaction | (d) Description of transaction | (e) Sharing of organization's revenues? Yes | No |
|---|---|---|---|---|---|
| CARNAHAN, SMITH, AND GUNTE | ENTITY MORE THAN 35 | 218,405. | EXPENSES PA | | X |
| RILEY RESEARCH ASSOCIATES | ENTITY MORE THAN 35 | 66,155. | EXPENSES PA | | X |
| WESTERN PSYCHOLOGICAL & CO | BOARD MEMBER JOSEPH | 3,694,315. | EXPENSES PA | | X |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### Part V  Supplemental Information

Provide additional information for responses to questions on Schedule L (see instructions).

SCH L, PART IV, BUSINESS TRANSACTIONS INVOLVING INTERESTED PERSONS:

(A) NAME OF PERSON: CARNAHAN, SMITH, AND GUNTER

(B) RELATIONSHIP BETWEEN INTERESTED PERSON AND ORGANIZATION:

ENTITY MORE THAN 35% OWNED BY KAREN CARNAHAN, BOARD MEMBER

(D) DESCRIPTION OF TRANSACTION: EXPENSES PAID TO PROFESSIONAL SERVICES

FIRM FOR LEADERSHIP TRAINING.


(A) NAME OF PERSON: RILEY RESEARCH ASSOCIATES

(B) RELATIONSHIP BETWEEN INTERESTED PERSON AND ORGANIZATION:

ENTITY MORE THAN 35% OWNED BY MICHAEL RILEY, BOARD MEMBER

(D) DESCRIPTION OF TRANSACTION: EXPENSES PAID TO PROFESSIONAL SERVICES

FIRM.


(A) NAME OF INTERESTED PERSON:

WESTERN PSYCHOLOGICAL & COUNSELING SERVICES, INC.

(B) RELATIONSHIP BETWEEN INTERESTED PERSON AND ORGANIZATION:

BOARD MEMBER JOSEPH HROMCO IS THE VICE PRESIDENT OF OPERATIONS

(D) DESCRIPTION OF TRANSACTION: EXPENSES PAID TO A PROVIDER CLINIC FOR

HEALTHCARE-RELATED SERVICES.

Schedule L (Form 990 or 990-EZ) 2016

Reply Ex. 13
Page 34 of 74

**SCHEDULE O**
(Form 990 or 990-EZ)

Department of the Treasury
Internal Revenue Service

# Supplemental Information to Form 990 or 990-EZ

Complete to provide information for responses to specific questions on
Form 990 or 990-EZ or to provide any additional information.
▶ Attach to Form 990 or 990-EZ.
▶ Information about Schedule O (Form 990 or 990-EZ) and its instructions is at *www.irs.gov/form990.*

OMB No. 1545-0047

**2016**

**Open to Public
Inspection**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

FORM 990, PART VI, SECTION A, LINE 2:

JEFFREY PAWLOWSKI, BOARD MEMBER, AND MICHAEL RILEY, BOARD MEMBER, HAVE A

BUSINESS RELATIONSHIP.


ROBERT CARUS, BOARD MEMBER, AND KAREN CARNAHAN, BOARD MEMBER, ALSO HAVE A

BUSINESS RELATIONSHIP.


BOARD MEMBERS MICHAEL RILEY, JOE HROMCO, AND KAREN CARNAHAN OWN OR CONTROL

ENTITIES THAT DO BUSINESS WITH FAMILYCARE, INC.


FORM 990, PART VI, SECTION B, LINE 11B:

A COPY OF FORM 990 IS PROVIDED TO ALL BOARD MEMBERS FOR REVIEW PRIOR TO

FILING.


FORM 990, PART VI, SECTION B, LINE 12C:

THE ORGANIZATION REGULARLY AND CONSISTENTLY MONITORS AND ENFORCES

COMPLIANCE WITH THE CONFLICT OF INTEREST POLICY BY REQUIRING THE OFFICERS,

DIRECTORS OR TRUSTEES, AND KEY EMPLOYEES TO DISCLOSE ANNUALLY INTERESTS

THAT COULD GIVE RISE TO CONFLICTS.


FORM 990, PART VI, SECTION B, LINE 15:

COMPENSATION METHODOLOGY:


CEO:   THE LEVEL AND ADEQUACY OF THE CEO TOTAL COMPENSATION IS DETERMINED

AND APPROVED BY THE BOARD OF DIRECTORS. THE CEO PERFORMS UNDER AN EXECUTIVE

EMPLOYMENT CONTRACT WHICH IS NEGOTIATED AND UPDATED BY THE BOARD.   ONLY

**LHA  For Paperwork Reduction Act Notice, see the Instructions for Form 990 or 990-EZ.**          Schedule O (Form 990 or 990-EZ) (2016)

632211 08-25-16

33

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

Schedule O (Form 990 or 990-EZ) (2016)                                                     Page 2

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

INDEPENDENT MEMBERS OF THE BOARD CONDUCT THE REVIEW AND MAKE DECISIONS

REGARDING THE CEO'S SALARY.  THE BOARD USES COMPARABILITY DATA IN

DETERMINING THE SALARY, AND ALL DELIBERATIONS AND DECISIONS ARE DOCUMENTED.


COO: THE LEVEL AND ADEQUACY OF THE COO TOTAL COMPENSATION IS DETERMINED BY

THE CEO, WITH INPUT AND ANALYSIS SUPPLIED BY THE VICE PRESIDENT OF HUMAN

RESOURCES.


HIGHLY COMPENSATED EXECUTIVES SUCH AS VICE PRESIDENT OF FINANCE, VICE

PRESIDENT COMMUNITY AND BUSINESS DEVELOPMENT, DIRECTOR OF GOVERNMENT

PROGRAMS, VICE PRESIDENT OF INTEGRATED SERVICES, DIRECTOR OF INFORMATION

SERVICES, AND OTHER EXECUTIVES ALL HAVE COMPENSATION DETERMINED AS

DESCRIBED BELOW.


GENERAL APPROACH TO COMPENSATION DETERMINATIONS:


IN THE FIRST QUARTER OF 2013, ALL COMPENSATION RANGES EXCLUDING THE CEO

WERE REVIEWED AND TESTED BY AN EXTERNAL COMPENSATION PROFESSIONAL.   HE

EXAMINED CURRENT SALARIES, COMPARABILITY, EXEMPTION STATUS, RANGES, AND

EQUITY IN ALL JOBS IN FAMILYCARE.  HIS FINDINGS WERE POSITIVE, WITH ONLY

RECOMMENDATIONS TO CORRECT THE NON-EXEMPT STATUS OF SEVERAL EMPLOYEES.


IN DETERMINING WAGE PLACEMENT OR SALARY, THE VICE PRESIDENT OF HUMAN

RESOURCES IS ACCOUNTABLE TO USE PUBLISHED, REPUTABLE DATA FOR COMPARISONS

OF JOB ACCOUNTABILITIES AND COMPENSATION RANGES.  FAMILYCARE ENGAGED AN

ORGANIZATION IN THE FIRST QUARTER OF 2013; THIS ORGANIZATION HAS A

PUBLISHED INVENTORY OF DETAILED INFORMATION ABOUT NATIONAL  JOBS THAT

INCLUDE JOB CONTENT, ACCOUNTABILITIES, USUAL REQUIREMENTS, NATIONAL,

Reply Ex. 13
Page 36 of 74

Schedule O (Form 990 or 990-EZ) (2016)                                                                Page **2**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

REGIONAL  AND SPECIFIC PORTLAND AREA RANGES.   THE VICE PRESIDENT OF HR

SETS ALL SALARIES AND RESPONDS TO ANY INQUIRIES RELATED TO FAIRNESS,

EQUITY, AND PROCESS.


FORM 990, PART VI, SECTION C, LINE 19:

FAMILYCARE, INC. MAKES ITS GOVERNING DOCUMENTS, CONFLICT OF INTEREST

POLICY, AND FINANCIAL STATEMENTS AVAILABLE TO THE PUBLIC UPON REQUEST.


FORM 990, PART IX, LINE 24E, ALL OTHER FUNCTIONAL EXPENSES:

MEDICAL AND HOSPITAL EXPENSES :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 57,305,184. |
| MANAGEMENT AND GENERAL EXPENSES | 0. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 57,305,184. |


EMERGENCY ROOM AND OUT-OF-AREA SERVICES :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 25,300,676. |
| MANAGEMENT AND GENERAL EXPENSES | 0. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 25,300,676. |


BAD DEBT :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 21,050,557. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 21,050,557. |


EQUIPMENT RENTAL & MAINTENANCE :

632212 08-25-16                                                          Schedule O (Form 990 or 990-EZ) (2016)
14021103 756026 54010               2016.04030 FAMILYCARE, INC.                    54010__1

Reply Ex. 13
Page 37 of 74

Schedule O (Form 990 or 990-EZ) (2016)                                      Page **2**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 4,390,361. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 4,390,361. |

BOOKS/SUBSCRIPTIONS/DUES :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 197,182. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 197,182. |

OTHER EMPLOYEE EXPENSES :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 157,473. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 157,473. |

MEALS:

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 131,553. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 131,553. |

CANDIDATE SUPPORT:

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 95,250. |
| MANAGEMENT AND GENERAL EXPENSES | 0. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 95,250. |

632212 08-25-16                                     Schedule O (Form 990 or 990-EZ) (2016)

14021103 756026 54010          2016.04030 FAMILYCARE, INC.         54010__1

Reply Ex. 13
Page 38 of 74

Schedule O (Form 990 or 990-EZ) (2016)                                                    Page **2**

| Name of the organization | Employer identification number |
|---|---|
| FAMILYCARE, INC. | 93-0878074 |

SUPPORT FOR PROPOSED LEGISLATION:

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 22,000. |
| MANAGEMENT AND GENERAL EXPENSES | 0. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 22,000. |

OTHER EXPENSES :

| | |
|---|---:|
| PROGRAM SERVICE EXPENSES | 0. |
| MANAGEMENT AND GENERAL EXPENSES | 19,596. |
| FUNDRAISING EXPENSES | 0. |
| TOTAL EXPENSES | 19,596. |
| TOTAL OTHER EXPENSES ON FORM 990, PART IX, LINE 24E, COL A | 108,669,832. |

FORM 990, PART XI, LINE 9, CHANGES IN NET ASSETS:

| | |
|---|---:|
| LOSS OF SUBSIDIARY | -13,252,254. |

FORM 990, PART XII, LINE 2C:

THE PROCESS FOR OVERSEEING THE AUDIT OF THE FINANCIAL STATEMENTS AND

SELECTING AN INDEPENDENT ACCOUNTANT HAS NOT CHANGED FROM THE PRIOR

YEAR.

632212 08-25-16                                              Schedule O (Form 990 or 990-EZ) (2016)

14021103 756026 54010            2016.04030 FAMILYCARE, INC.            54010__1

| SCHEDULE R (Form 990) | **Related Organizations and Unrelated Partnerships** ▶ Complete if the organization answered "Yes" on Form 990, Part IV, line 33, 34, 35b, 36, or 37. ▶ Attach to Form 990. | OMB No. 1545-0047 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ Information about Schedule R (Form 990) and its instructions is at *www.irs.gov/form990*. | **2016** Open to Public Inspection |

| Name of the organization  **FAMILYCARE, INC.** | Employer identification number **93-0878074** |
|---|---|

**Part I**  **Identification of Disregarded Entities.** Complete if the organization answered "Yes" on Form 990, Part IV, line 33.

| (a) Name, address, and EIN (if applicable) of disregarded entity | (b) Primary activity | (c) Legal domicile (state or foreign country) | (d) Total income | (e) End-of-year assets | (f) Direct controlling entity |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Part II**  **Identification of Related Tax-Exempt Organizations.** Complete if the organization answered "Yes" on Form 990, Part IV, line 34 because it had one or more related tax-exempt organizations during the tax year.

| (a) Name, address, and EIN of related organization | (b) Primary activity | (c) Legal domicile (state or foreign country) | (d) Exempt Code section | (e) Public charity status (if section 501(c)(3)) | (f) Direct controlling entity | (g) Section 512(b)(13) controlled entity? Yes | No |
|---|---|---|---|---|---|---|---|
| FAMILYCARE HEALTH PLANS, INC. - 91-1829317 825 NE MULTNOMAH, SUITE 1400 PORTLAND, OR 97232 | TO PROVIDE COMMUNITY HEALTH CARE | OREGON | 501(C)(4) | | | | X |
| HEATHERINGTON FOUNDATION FOR INNOVATION & EDUCATION IN HEALTHCARE FKA: FCMC , 825 NE MULTNOMAH, SUITE 1400, PORTLAND, OR 97232 | TO SUPPORT INNOVATION AND FUND HEALTHCARE EDUCATION | OREGON | 501(C)(3) | PF | | | X |
| | | | | | | | |
| | | | | | | | |

For Paperwork Reduction Act Notice, see the Instructions for Form 990.

632161 09-06-16   LHA

38

Schedule R (Form 990) 2016

Schedule R (Form 990) 2016     FAMILYCARE, INC.                                          93-0878074     Page **2**

**Part III** | **Identification of Related Organizations Taxable as a Partnership.** Complete if the organization answered "Yes" on Form 990, Part IV, line 34 because it had one or more related organizations treated as a partnership during the tax year.

| (a) Name, address, and EIN of related organization | (b) Primary activity | (c) Legal domicile (state or foreign country) | (d) Direct controlling entity | (e) Predominant income (related, unrelated, excluded from tax under sections 512-514) | (f) Share of total income | (g) Share of end-of-year assets | (h) Disproportionate allocations? | | (i) Code V-UBI amount in box 20 of Schedule K-1 (Form 1065) | (j) General or managing partner? | | (k) Percentage ownership |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Yes | No | | Yes | No | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |

**Part IV** | **Identification of Related Organizations Taxable as a Corporation or Trust.** Complete if the organization answered "Yes" on Form 990, Part IV, line 34 because it had one or more related organizations treated as a corporation or trust during the tax year.

| (a) Name, address, and EIN of related organization | (b) Primary activity | (c) Legal domicile (state or foreign country) | (d) Direct controlling entity | (e) Type of entity (C corp, S corp, or trust) | (f) Share of total income | (g) Share of end-of-year assets | (h) Percentage ownership | (i) Section 512(b)(13) controlled entity? | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Yes | No |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

632162 09-06-16                                                39                                          Schedule R (Form 990) 2016

Schedule R (Form 990) 2016   FAMILYCARE, INC.                                        93-0878074    Page **3**

**Part V**   **Transactions With Related Organizations.** Complete if the organization answered "Yes" on Form 990, Part IV, line 34, 35b, or 36.

| | | | Yes | No |
|---|---|---|---|---|
| **Note:** Complete line 1 if any entity is listed in Parts II, III, or IV of this schedule. | | | | |
| **1** During the tax year, did the organization engage in any of the following transactions with one or more related organizations listed in Parts II-IV? | | | | |
| **a** Receipt of **(i)** interest, **(ii)** annuities, **(iii)** royalties, or **(iv)** rent from a controlled entity | | 1a | | X |
| **b** Gift, grant, or capital contribution to related organization(s) | | 1b | X | |
| **c** Gift, grant, or capital contribution from related organization(s) | | 1c | | X |
| **d** Loans or loan guarantees to or for related organization(s) | | 1d | X | |
| **e** Loans or loan guarantees by related organization(s) | | 1e | | X |
| **f** Dividends from related organization(s) | | 1f | | X |
| **g** Sale of assets to related organization(s) | | 1g | | X |
| **h** Purchase of assets from related organization(s) | | 1h | | X |
| **i** Exchange of assets with related organization(s) | | 1i | | X |
| **j** Lease of facilities, equipment, or other assets to related organization(s) | | 1j | | X |
| **k** Lease of facilities, equipment, or other assets from related organization(s) | | 1k | | X |
| **l** Performance of services or membership or fundraising solicitations for related organization(s) | | 1l | | X |
| **m** Performance of services or membership or fundraising solicitations by related organization(s) | | 1m | | X |
| **n** Sharing of facilities, equipment, mailing lists, or other assets with related organization(s) | | 1n | | X |
| **o** Sharing of paid employees with related organization(s) | | 1o | | X |
| **p** Reimbursement paid to related organization(s) for expenses | | 1p | | X |
| **q** Reimbursement paid by related organization(s) for expenses | | 1q | | X |
| **r** Other transfer of cash or property to related organization(s) | | 1r | | X |
| **s** Other transfer of cash or property from related organization(s) | | 1s | | X |

**2**   If the answer to any of the above is "Yes," see the instructions for information on who must complete this line, including covered relationships and transaction thresholds.

| **(a)**<br>Name of related organization | **(b)**<br>Transaction type (a-s) | **(c)**<br>Amount involved | **(d)**<br>Method of determining amount involved |
|---|---|---|---|
| **(1)** FAMILYCARE HEALTH PLANS, INC. | D | 613,485. | CASH - U.S. CURRENCY |
| **(2)** FAMILYCARE HEALTH PLANS, INC. | B | 15,000,000. | CASH - U.S. CURRENCY |
| **(3)** | | | |
| **(4)** | | | |
| **(5)** | | | |
| **(6)** | | | |

632163 09-06-16                                              40                              Schedule R (Form 990) 2016

Schedule R (Form 990) 2016    FAMILYCARE, INC.                                93-0878074    Page 4

**Part VI**   **Unrelated Organizations Taxable as a Partnership.** Complete if the organization answered "Yes" on Form 990, Part IV, line 37.

Provide the following information for each entity taxed as a partnership through which the organization conducted more than five percent of its activities (measured by total assets or gross revenue) that was not a related organization. See instructions regarding exclusion for certain investment partnerships.

| (a)<br>Name, address, and EIN<br>of entity | (b)<br>Primary activity | (c)<br>Legal domicile<br>(state or foreign<br>country) | (d)<br>Predominant income<br>(related, unrelated,<br>excluded from tax under<br>sections 512-514) | (e)<br>Are all<br>partners sec.<br>501(c)(3)<br>orgs.?<br>Yes / No | (f)<br>Share of<br>total<br>income | (g)<br>Share of<br>end-of-year<br>assets | (h)<br>Dispropor-<br>tionate<br>allocations?<br>Yes / No | (i)<br>Code V-UBI<br>amount in box 20<br>of Schedule K-1<br>(Form 1065) | (j)<br>General or<br>managing<br>partner?<br>Yes / No | (k)<br>Percentage<br>ownership |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

Schedule R (Form 990) 2016

632164 09-06-16

41

Schedule R (Form 990) 2016    FAMILYCARE, INC.                    93-0878074 Page **5**
**Part VII** **Supplemental Information.**
      Provide additional information for responses to questions on Schedule R. See instructions.

PART II

FAMILYCARE, INC. IS RELATED TO FAMILYCARE HEALTH PLANS, INC. AND TO

HEATHERINGTON FOUNDATION FOR INNOVATION AND EDUCATION IN HEALTH CARE,

BOTH TAX-EXEMPT ORGANIZATIONS, BY VIRTUE HAVING BOARD MEMBERS IN

COMMON. ALL MEMBERS OF THE RELATED ORGANIZATIONS' BOARDS ALSO SERVE ON

FAMILYCARE, INC.'S BOARD OF DIRECTORS.

Reply Ex. 13
Page 44 of 74

| Form **8925** | **Report of Employer-Owned Life Insurance Contracts** | OMB No. 1545-2089 |
|---|---|---|

Form **8925**
(Rev. January 2010)
Department of the Treasury
Internal Revenue Service (99)

**Report of Employer-Owned Life Insurance Contracts**

▶**Attach to the policyholder's tax return - See instructions.**

OMB No. 1545-2089

Attachment
Sequence No. **160**

| Name(s) shown on return | Identifying number |
|---|---|
| **FAMILYCARE, INC.** | **93-0878074** |
| Name of policyholder, if different from above | Identifying number, if different from above |

Type of business
**HEALTHCARE**

| | | | |
|---|---|---|---|
| **1** | Enter the number of employees the policyholder had at the end of the tax year | **1** | 315. |
| **2** | Enter the number of employees included on line 1 who were insured at the end of the tax year under the policyholder's employer-owned life insurance contract(s) issued after August 17, 2006. See *Section 1035 exchanges* for an exception | **2** | 1. |
| **3** | Enter the total amount of employer-owned life insurance in force at the end of the tax year for employees who were insured under the contract(s) specified on line 2 | **3** | 202,165. |
| **4a** | Does the policyholder have a valid consent (see instructions) for each employee included on line 2? ☒ Yes ☐ No | | |
| **b** | If "No," enter the number of employees included on line 2 for whom the policyholder does not have a valid consent | **4b** | |

620591 04-01-16   LHA   **For Paperwork Reduction Act Notice, see instructions.**    Form **8925** (Rev. 1-2010)

43

14021103 756026 54010          2016.04030 FAMILYCARE, INC.          54010__1

Reply Ex. 13
Page 45 of 74

RECEIVED

NOV 1 3 2017

DEPARTMENT OF JUSTICE
PORTLAND LEGAL



**FamilyCare Health**

# FAMILYCARE, INC. AND SUBSIDIARIES

Consolidated Financial Statements
and Supplementary Information
December 31, 2016 and 2015
With Independent Auditor's Report



PERKINS & CO

# FAMILYCARE, INC. AND SUBSIDIARIES
## YEARS ENDED DECEMBER 31, 2016 AND 2015
### CONTENTS

|  | Page |
|---|---|
| **INDEPENDENT AUDITOR'S REPORT** | 1 |
| **FINANCIAL STATEMENTS:** | |
| Consolidated Statements of Financial Position | 2-3 |
| Consolidated Statements of Activities | 4 |
| Consolidated Statements of Changes in Net Assets | 5 |
| Consolidated Statements of Cash Flows | 6-7 |
| Notes to Consolidated Financial Statements | 8-21 |
| **SUPPLEMENTARY INFORMATION:** | |
| Independent Auditor's Report on Supplementary Information | 22 |
| Consolidating Statement of Financial Position | 23-24 |
| Consolidating Statement of Activities | 25 |
| Reconciliation of Activities under the Settlement Method | 26 |

FINAL TAX COPY


**PERKINS & CO**

+ 1211 SW Fifth Avenue, Suite 1000
+ Portland, Oregon 97204-3710

+ Telephone: 503.221.0336
+ Fax: 503.294.4378

+ www.perkinsaccounting.com

## INDEPENDENT AUDITOR'S REPORT

To the Board of Directors of
FamilyCare, Inc.

We have audited the accompanying consolidated financial statements of FamilyCare, Inc. and Subsidiaries (an Oregon nonprofit corporation) which comprise the consolidated statements of financial position as of December 31, 2016 and 2015, and the related consolidated statements of activities, changes in net assets, and cash flows for the years then ended, and the related notes to the consolidated financial statements.

### Management's Responsibility for the Consolidated Financial Statements

Management is responsible for the preparation and fair presentation of these consolidated financial statements in accordance with accounting principles generally accepted in the United States of America; this includes the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of financial statements that are free from material misstatement, whether due to fraud or error.

### Auditor's Responsibility

Our responsibility is to express an opinion on these consolidated financial statements based on our audits. We conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the consolidated financial statements are free of material misstatement.

An audit involves performing procedures to obtain audit evidence about the amounts and disclosures in the consolidated financial statements. The procedures selected depend on the auditor's judgment, including the assessment of the risks of material misstatement of the consolidated financial statements, whether due to fraud or error. In making those risk assessments, the auditor considers internal control relevant to the entity's preparation and fair presentation of the consolidated financial statements in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the entity's internal control. Accordingly, we express no such opinion. An audit also includes evaluating the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluating the overall presentation of the consolidated financial statements.

We believe that the audit evidence we have obtained is sufficient and appropriate to provide a basis for our audit opinion.

### Opinion

In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of FamilyCare, Inc. and Subsidiaries as of December 31, 2016 and 2015, and the results of their operations and their cash flows for the years then ended in accordance with accounting principles generally accepted in the United States of America.

*Perkins & Company, P.C.*

May 24, 2017

-1-

# FAMILYCARE, INC. AND SUBSIDIARIES
## CONSOLIDATED STATEMENTS OF FINANCIAL POSITION
### DECEMBER 31, 2016 AND 2015

|  | 2016 | 2015 |
|---|---|---|
| **ASSETS** | | |
| | | |
| **CURRENT ASSETS:** | | |
| Cash and cash equivalents | $ 70,567,968 | $ 83,178,183 |
| Restricted cash and cash equivalents | 4,196,631 | 128,046 |
| Short-term investments | 68,447,160 | 68,232,980 |
| Restricted short-term investments | 12,045,432 | 4,836,172 |
| Receivables from OHA | 15,662,629 | 18,013,594 |
| Reinsurance receivables | 832,432 | 367,109 |
| Receivable from CMS | 875,654 | 629,790 |
| Other current assets, net | 8,091,634 | 6,564,619 |
| Total current assets | 180,719,540 | 181,950,493 |
| | | |
| **LONG-TERM INVESTMENTS** | 106,534,296 | 145,537,063 |
| | | |
| **RESTRICTED LONG-TERM INVESTMENTS** | 2,038,834 | 13,180,935 |
| | | |
| **PROPERTY AND EQUIPMENT, NET** | 6,908,471 | 3,598,917 |
| | | |
| **OTHER ASSETS** | 228,384 | 195,537 |
| Total assets | $ 296,429,525 | $ 344,462,945 |

See notes to the consolidated financial statements.

-2-

# FAMILYCARE, INC. AND SUBSIDIARIES
## CONSOLIDATED STATEMENTS OF FINANCIAL POSITION (continued)
### DECEMBER 31, 2016 AND 2015

|  | 2016 | 2015 |
|---|---|---|
| **LIABILITIES AND NET ASSETS** | | |
| **CURRENT LIABILITIES:** | | |
| Claims payable and unpaid claims adjudication expenses | $ 47,644,933 | $ 47,584,390 |
| Premium deficiency reserve | 52,619,434 | 31,568,877 |
| Savings pool and quality bonus payable | 11,510,689 | 19,518,240 |
| Other policy liabilities | 21,061,069 | 19,185,378 |
| Accounts payable | 8,608,435 | 9,534,289 |
| Accrued liabilities | 3,466,401 | 33,556,474 |
| Current portion of capital lease obligation | 156,120 | 130,978 |
| Total current liabilities | 145,067,081 | 161,078,626 |
| **CAPITAL LEASE OBLIGATION, LESS CURRENT PORTION** | 331,065 | 434,424 |
| Total liabilities | 145,398,146 | 161,513,050 |
| **COMMITMENTS AND CONTINGENCIES (NOTES 8, 9 AND 12)** | | |
| **NET ASSETS:** | | |
| Unrestricted net assets: | | |
| Designated reserve related to OHA contract | 15,178,087 | 14,775,912 |
| Designated reserve related to the Insurance Division | 2,500,000 | 2,500,000 |
| Designated for OPSO | 100,000 | 100,000 |
| Undesignated | 133,245,292 | 165,573,983 |
| Total unrestricted net assets | 151,023,379 | 182,949,895 |
| Temporarily restricted net assets | 8,000 | - |
| Total net assets | 151,031,379 | 182,949,895 |
| Total liabilities and net assets | $ 296,429,525 | $ 344,462,945 |

See notes to the consolidated financial statements.

-3-

# FAMILYCARE, INC. AND SUBSIDIARIES
## CONSOLIDATED STATEMENTS OF ACTIVITIES
### YEARS ENDED DECEMBER 31, 2016 AND 2015

|  | 2016 | 2015 |
|---|---|---|
| **UNRESTRICTED NET ASSETS** | | |
| | | |
| **REVENUE** | | |
| Medicaid premiums, net | $ 494,768,060 | $ 543,323,390 |
| Medicare premiums, net | 47,271,350 | 39,280,679 |
| Other revenue | 391,864 | 454,796 |
| Total revenue | 542,431,274 | 583,058,865 |
| | | |
| **EXPENSES** | | |
| Medical and hospital | 506,88?,534 | 470,198,732 |
| Administrative | 50,3??,758 | 42,518,766 |
| Contributions to others | ?66,?35 | 2,701,830 |
| Change in premium deficiency reserve | ?1,050,557 | 31,568,877 |
| Total expenses | ?79,083,184 | 546,988,205 |
| | | |
| **NET ASSETS RELEASED FROM RESTRICTION** | 15,000 | 14,995 |
| | | |
| **CHANGE IN UNRESTRICTED NET ASSETS FROM OPERATIONS** | (36,636,910) | 36,085,655 |
| | | |
| **OTHER INCOME (EXPENSE)** | | |
| Settlement credit | - | 24,800,000 |
| Other income | 26,891 | - |
| Interest expense | (40,223) | (63,291) |
| Investment income (loss) | 4,723,726 | (1,768,235) |
| | 4,710,394 | 22,968,474 |
| | | |
| **INCREASE (DECREASE) IN UNRESTRICTED NET ASSETS** | (31,926,516) | 59,054,129 |
| | | |
| **TEMPORARILY RESTRICTED NET ASSETS** | | |
| | | |
| Grant revenue | 23,000 | - |
| Net assets released from restrictions | (15,000) | (14,995) |
| | | |
| **INCREASE (DECREASE) IN TEMPORARILY RESTRICTED NET ASSETS** | 8,000 | (14,995) |
| | | |
| **INCREASE (DECREASE) IN TOTAL NET ASSETS** | $ (31,918,516) | $ 59,039,134 |

See notes to the consolidated financial statements.

-4-

**FAMILYCARE, INC. AND SUBSIDIARIES**
CONSOLIDATED STATEMENTS OF CHANGES IN NET ASSETS
YEARS ENDED DECEMBER 31, 2016 AND 2015

| | Designated Reserve Related to OHA Contract | Designated Reserve Related to the Insurance Division | Designated for OPSO | Undesignated | Total Unrestricted Net Assets | Temporarily Restricted | Total Net Assets |
|---|---|---|---|---|---|---|---|
| **BALANCE AT JANUARY 1, 2015** | $ 14,174,213 | $ 2,500,000 | $ 100,000 | $ 107,121,553 | $ 123,895,766 | $ 14,995 | $ 123,910,761 |
| Change in net assets | - | - | - | 59,054,129 | 59,054,129 | (14,995) | 59,039,134 |
| Transfers | 601,699 | - | | (601,699) | - | - | - |
| **BALANCE AT DECEMBER 31, 2015** | 14,775,912 | 2,500,000 | 100,000 | 165,573,983 | 182,949,895 | - | 182,949,895 |
| Change in net assets | - | - | | (31,926,516) | (31,926,516) | 8,000 | (31,918,516) |
| Transfers | 402,175 | | | (402,175) | - | - | - |
| **BALANCE AT DECEMBER 31, 2016** | $ 15,178,087 | $ 2,500,000 | $ 100,000 | $ 133,245,292 | $ 151,023,379 | $ 8,000 | $ 151,031,379 |

FINAL TAX COPY

See notes to the consolidated financial statements.

-5-

# FAMILYCARE, INC. AND SUBSIDIARIES
## CONSOLIDATED STATEMENTS OF CASH FLOWS
### YEARS ENDED DECEMBER 31, 2016 AND 2015

| | 2016 | 2015 |
|---|---|---|
| **CASH FLOWS FROM OPERATING ACTIVITIES:** | | |
| Increase (decrease) in net assets | $ (31,918,516) | $ 59,039,134 |
| Adjustments to reconcile increase (decrease) in total net assets to net cash provided by operating activities: | | |
| Depreciation and amortization | 1,085,487 | 1,173,064 |
| Net realized and unrealized (gain) loss on investments | (481,555) | 5,717,017 |
| Changes in certain operating assets and liabilities: | | |
| Restricted cash and cash equivalents | (4,068,585) | 392,485 |
| Receivable from OHA | 2,350,965 | (14,064,184) |
| Reinsurance receivables | (461,323) | 320,692 |
| Receivable from CMS | (245,864) | 1,398,068 |
| Other current and long-term assets, net | (1,559,862) | (1,172,806) |
| Claims payable and unpaid claims adjudication expenses | 60,543 | 6,862,118 |
| Premium deficiency reserve | 21,050,557 | 31,568,877 |
| Savings pool and quality bonus payable | (8,007,551) | 11,734,539 |
| Other policy liabilities | 1,875,691 | (34,511,681) |
| Accounts payable | (925,854) | 7,118,313 |
| Accrued liabilities | (30,090,073) | 30,985,379 |
| Accrued contributions to others | - | (400,000) |
| Net cash provided by (used in) operating activities | (51,339,940) | 106,161,015 |
| | | |
| **CASH FLOWS FROM INVESTING ACTIVITIES:** | | |
| Proceeds from sale of investments | 171,604,427 | 61,474,192 |
| Proceeds from sale of restricted investments | 8,880,000 | 3,490,664 |
| Purchases of investments | (131,806,846) | (180,568,323) |
| Purchases of restricted investments | (5,474,598) | (10,072,507) |
| Purchases of property and equipment | (4,339,240) | (884,724) |
| Net cash provided by (used in) investing activities | 38,863,743 | (126,560,698) |
| | | |
| **CASH FLOWS FROM FINANCING ACTIVITIES:** | | |
| Repayment of capital lease obligation | (134,018) | (121,567) |
| Net cash used in financing activities | (134,018) | (121,567) |
| | | |
| **NET DECREASE IN CASH AND CASH EQUIVALENTS** | (12,610,215) | (20,521,250) |
| | | |
| **CASH AND CASH EQUIVALENTS AT BEGINNING OF YEAR** | 83,178,183 | 103,699,433 |
| | | |
| **CASH AND CASH EQUIVALENTS AT END OF YEAR** | $ 70,567,968 | $ 83,178,183 |

See notes to the consolidated financial statements.

-6-

FINAL TAX COPY

## FAMILYCARE, INC. AND SUBSIDIARIES
### CONSOLIDATED STATEMENTS OF CASH FLOWS (continued)
### YEARS ENDED DECEMBER 31, 2016 AND 2015

|  | 2016 | 2015 |
|---|---|---|
| **SUPPLEMENTAL DISCLOSURE OF** | | |
| **CASH FLOW INFORMATION:** | | |
| Cash paid during the year for: | | |
| Interest | $ 40,223 | $ 63,291 |
| Noncash investing and financing activities: | | |
| Equipment financed by capital lease | $ 449,480 | $ 77,249 |
| Forgiveness of capital lease obligation | $ 393,679 | $ - |

FINAL TAX COPY

See notes to the consolidated financial statements.

-7-

Reply Ex. 13
Page 54 of 74

## FAMILYCARE, INC. AND SUBSIDIARIES
### NOTES TO CONSOLIDATED FINANCIAL STATEMENTS
### DECEMBER 31, 2016 AND 2015

## NOTE 1 - ORGANIZATION

**Organization and Basis of Presentation** - The accompanying consolidated financial statements include the accounts and activities of FamilyCare, Inc. ("FamilyCare") and its subsidiaries, FamilyCare Health Plans, Inc. ("Health Plans") and the Heatherington Foundation for Innovation and Education in Healthcare (the "Foundation" or, collectively, "the Company"). All significant intercompany balances and activities have been eliminated in consolidation.

**Description of Business** - The Company provides cooperative and comprehensive healthcare programs to the communities it serves. The Company contracts with individual primary care providers and hospitals to provide medical services to its members.

Previously, FamilyCare was under contract with the Oregon Health Authority ("OHA") Division of Medical Assistance Programs ("DMAP") and with the OHA Addictions and Mental Health Division ("AMH") as a fully capitated health plan for Medicaid benefits. On August 1, 2012, FamilyCare converted its fully capitated health plan contracts to a single Coordinated Care Organization contract, providing physical, mental and dental coverage for Medicaid benefits in the Oregon counties of Multnomah, Clackamas, Washington and Marion (in part). FamilyCare's present service contract with OHA expires on December 31, 2018.

Health Plans also provides Medicare and Medicare Part D insurance coverage. Health Plans is certified by the Centers for Medicare and Medicaid Services ("CMS") to provide Medicare insurance coverage in the Oregon counties of Multnomah, Clackamas, Umatilla, Washington, Clatsop and Morrow. Effective January 1, 2017, Health Plans ceased providing services to the counties of Morrow and Umatilla. Also effective January 1, 2017, the contract with CMS has been renewed for the year ending December 31, 2017. In conjunction with Health Plans entering into the contracts with CMS, Health Plans is required to comply with certain additional regulatory requirements (see Note 9).

The Foundation was established in December 2014 through a contribution from FamilyCare as an organization to support innovation or improvements in the healthcare community and to fund education in healthcare. The Board of Directors of the Foundation is a subset of that of FamilyCare's, including the president. All of the 2016 and 2015 revenue of the Foundation was provided by FamilyCare. The Foundation donated $25,000 and $2,350,000 for these purposes for the years ended December 31, 2016 and 2015, respectively.

**Basis of Accounting** - The accompanying consolidated financial statements are prepared in conformity with accounting principles generally accepted in the United States of America ("GAAP") using the accrual method of accounting, which recognizes revenue and income when earned and expenses when incurred.

**Cash and Cash Equivalents** - The Company considers all cash on hand, amounts deposited with banks, money market instruments, and short-term, highly liquid investments with maturities at acquisition of three months or less to be cash and cash equivalents.

**Restricted Cash, Cash Equivalents and Investments** - FamilyCare's restricted cash, cash equivalents and investment requirements are governed by DMAP and the State of Oregon Department of Consumer and Business Services, Insurance Division (the "Insurance Division"). In addition, FamilyCare investments in the amount of $1,200,000 collateralize a standby letter of credit issued to secure the Company's performance under its facility lease and are restricted as to use. Health Plans' restricted cash, cash equivalents and investment requirements are governed by the Insurance Division. Restricted cash,

-8-

cash equivalents and investments consist of cash, money market funds, certificates of deposit and U.S. Treasury securities.

**Investments** - Investments in all equity and debt securities are measured at fair value in the accompanying consolidated statements of financial position. Investments with remaining maturities of one year or less at the consolidated statement of financial position date and that do not otherwise meet the definition of a cash equivalent are reported as short-term investments in the consolidated statements of financial position. Investments with remaining maturities of greater than one year at the consolidated statement of financial position date are reported as long-term investments in the consolidated statements of financial position. Realized and unrealized gains and losses and interest and dividend income are included in investment income in the accompanying consolidated statements of activities. Realized gains and losses on sales of investments are recognized on a trade-date basis and determined using the specific-identification method.

**Concentrations of Credit Risk** - The Company's financial instruments that are exposed to concentrations of credit risk consist primarily of cash and cash equivalents, investments, and accounts and other receivables.

Due to the Company's normal operating cash flow requirements, the Company typically has cash and short-term investments that exceed the Federal Deposit Insurance Corporation ("FDIC") coverage of $250,000. Cash and short-term investments other than non-interest-bearing cash balances may not be insured. Management believes that its credit risk with respect to cash and short-term investments is minimal due to the relative financial strength of the financial institutions which maintain the Company's bank balances and the short-term nature of its other short-term investments.

Credit risk related to investments varies depending on the nature of the investments. Management believes that its credit risk related to debt securities is limited due to the financial strength of the U.S. Government and supporting corporations securing such investments. Investment risk related to equity securities can vary depending on a variety of economic factors affecting the companies issuing such securities. Management believes that its investment risk related to equity securities is limited due to the diversity of such investments. Due to changes in economic conditions, interest rates, and the stock market in general, the fair value of the Company's debt and equity securities can be volatile. Consequently, the fair value of such investments can significantly change in the near term as a result of such volatility.

Credit risk related to accounts and other receivables, which total $23,910,858 and $23,467,281 at December 31, 2016 and 2015, respectively, is limited due to the nature of significant receivables. Premiums receivable from OHA represented 66% and 77% of accounts and other receivables at December 31, 2016 and 2015, respectively. Pharmacy rebates receivable represented 23% and 11% of accounts and other receivables at December 31, 2016 and 2015, respectively. Amounts receivable from CMS represented 4% and 3% of accounts and other receivables at December 31, 2016 and 2015, respectively.

During 2016, the Company generated 9% and 91% of its total revenues from Medicare and OHA government contracts, respectively. During 2015, the Company generated 7% and 93% of its total revenues from Medicare and OHA government contracts, respectively. If these contracts are not renewed, the Company's future results of operations and financial position could be materially affected.

-9-

**Receivables from OHA** - Receivables from OHA consist of uncollateralized amounts for maternity services performed (which are reimbursed at a fixed fee per-delivery) and quality incentive bonuses for which reimbursement had not yet been received from OHA as of December 31, 2016 and 2015. Maternity service receivables were approximately $2,667,000 and $2,840,000 as of December 31, 2016 and 2015, respectively. Quality incentive bonus receivables were approximately $12,991,000 and $15,174,000 as of December 31, 2016 and 2015, respectively.

**Reinsurance** - In the normal course of business, and as required by DMAP, the Company seeks to limit its loss on any single insured risk and to recover a portion of benefits paid by ceding reinsurance to its reinsurers, Physicians Insurance and PartnerRe America Insurance Company (collectively, "the reinsurers"), under excess coverage agreements. The Company cedes reinsurance premiums to the reinsurers on a per-member per-month basis. In return, the reinsurers generally assume 95% to 100% of the risk in excess of $250,000 to $275,000 per-member per-year for hospital and physician services. The reinsurers have no limit for claims of which they assume risk for on per-member per-policy year for Medicaid and Medicare members. Reinsurance agreements do not relieve the Company from its primary obligation to its members.

Amounts recoverable under reinsurance agreements are estimated in a manner consistent with the claim liability associated with each reinsurance policy. Reinsurance premiums are netted against premiums earned, and reinsurance recoveries are offset against claims incurred. Reinsurance premiums were approximately $2,758,000 and $3,032,000 for the years ended December 31, 2016 and 2015, respectively, and recoveries net of write-offs were approximately $1,700,000 and $1,324,000 for the years ended December 31, 2016 and 2015, respectively. Amounts receivable under reinsurance policies were $832,432 and $367,109 at December 31, 2016 and 2015, respectively. The Company believes that its credit risk related to estimated amounts receivable under reinsurance policies is minimal due to the financial strength of the reinsurers.

**Receivable from CMS** - Amounts receivable from CMS consist primarily of Part D low-income cost sharing and reinsurance subsidies based on higher than estimated Part D utilization and expected risk sharing adjustments based on the health condition of members.

**Property and Equipment** - Property and equipment acquisitions are recorded at cost and are depreciated over the estimated useful lives of the related assets, which is generally three to 10 years, using the straight-line method. Expenditures for additions, major replacements, and improvements are capitalized. Routine maintenance and repairs are charged to expense as incurred.

Property and equipment financed under capital leases are recorded at the present value of future minimum lease payments and amortized using the straight-line method over the shorter of their related lease terms or their estimated useful lives.

The Company periodically reviews the carrying value of its property and equipment to determine if impairment exists. If facts or circumstances support the possibility of impairment, the Company will prepare a projection of the undiscounted future operating cash flows. In cases when the Company does not expect to recover its carrying value, an impairment loss will be recognized.

**Internal-Use Software** - Costs incurred during the preliminary project stage shall be expensed as they are incurred, while costs incurred to develop internal-use computer software during the application development stage shall be capitalized. Training and maintenance costs during the post-implementation/operation stage shall be expensed as incurred.

-10-

**Claims Payable and Unpaid Claims Adjudication Expenses** - Claims incurred represent capitation and noncapitation payments to physicians, hospitals, and other healthcare providers for healthcare services rendered.

The liability for claims payable includes payments to be made on claims reported as of year-end and a provision for estimated incurred but not reported ("IBNR") claims. IBNR claims represent the estimated liability for members who have received service from healthcare providers, but for which the invoices for services rendered have not yet been received as of year-end. Such invoices are generally paid within one year of the consolidated statement of financial position date and, therefore, the obligation is classified as a current liability in the consolidated statements of financial position. IBNR claims are actuarially determined based on historical claims payment experience and other statistics related to the Company's current business nature and volume.

The Company believes that its claims payable is adequate to satisfy its ultimate claims liabilities; however, the IBNR claims liability included in the accompanying consolidated statements of financial position may vary significantly from actual claims amounts, either negatively or positively, and as such adjustments are deemed necessary, they are included in current activities. The establishment of a liability for estimated IBNR claims is an inherently uncertain process, and there can be no assurance that currently established reserves will prove adequate to cover actual ultimate expenses. Subsequent actual experience could result in reserves being too high or too low, which could negatively or positively impact the Company's activities in future periods.

The liability for unpaid claims adjudication expenses is accrued based on management's estimate of expenses necessary to process the claims payable described above.

**Savings Pool and Quality Bonus Payable** - FamilyCare contracts directly with physicians, hospitals, and other healthcare providers to provide healthcare services to members. Under the terms of the Company's contracts with certain capitated providers, FamilyCare retains a calculated percentage of fees in a savings pool reserve. Following the end of the Company's fiscal year, FamilyCare distributes funds from the savings pool reserve to qualifying providers in accordance with the terms of their provider contracts. Payments from the savings pool reserve are limited by payment of healthcare costs to providers and hospitals in excess of agreed-upon medical loss ratios, as stipulated in the contracts. Payments from the savings pool reserve are also limited by certain CMS and OHA regulations.

Certain provider contracts include a quality bonus incentive program, which allows the contract provider to receive incentive payments that are based on various quality measures outlined in those contracts. Data related to quality measure performance is supplied by the provider group, which is evaluated by the Company to determine the final payment related to the contract year.

**Net Assets** - The Company is required to report its consolidated financial position and activities according to three classes of net assets: unrestricted, temporarily restricted, and permanently restricted. In accordance with the Company's OHA contracts, the Company has designated certain amounts consisting of a primary reserve of $250,000 for each OHA contract, and an additional reserve calculated based on a percentage of the average fee for services and expenses during the period of the OHA contracts. Also, the Company has designated a reserve in accordance with the requirements of the Insurance Division. In addition, the Company has designated certain amounts for future contributions to the Osteopathic Physicians and Surgeons of Oregon, Inc. ("OPSO"). The Company may redesignate these net assets at its discretion.

-11-

From time to time, the Company may also report temporarily restricted net assets, which are subject to donor-imposed stipulations that will be met either by actions of the Company and/or the passage of time. Expirations of temporary restrictions on net assets are reported as net assets released from restrictions.

**Premium Deficiency Reserve** - The Company reassesses the profitability of its annual contracts with OHA and CMS for the provision of medical care to its members when current operating results or actuarial forecasts indicate probable future losses. In accordance with Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") Section No. 450, *Contingencies*, the Company records a premium deficiency reserve ("PDR") to recognize anticipated losses on contracts. A PDR shall be recognized if the sum of expected claim costs and claim adjustment expenses, unamortized acquisition costs, and maintenance costs exceeds related unearned premiums. Losses recognized as a premium deficiency result in a beneficial effect in subsequent periods as operating losses under these contracts are charged to the liability previously established. FamilyCare recognized premium deficiency liabilities of approximately $52,619,000 and $31,569,000, and corresponding losses, as of and for the years ended December 31, 2016 and 2015, respectively. No losses for Health Plans requiring a PDR were anticipated in 2016 or 2015.

**Revenue Recognition** - Premiums from OHA for maternity services are recognized as revenue during the period that such services are provided, whereas all other premiums from OHA and all premiums from Medicare are recognized as revenue during the period in which the Company is obligated to provide healthcare services to its members.

Other revenue primarily consists of amounts received from the State of Oregon relating to the Adult Mental Health Initiative designed to promote more effective utilization of facility based treatment centers.

Grant revenue is recorded when the conditions of the grant have been met or the terms of the grant are unconditional as to receipt of the award. Restricted revenues are reported as increases in temporarily restricted net assets depending on the nature of the restriction. Temporarily restricted net assets are reclassified to unrestricted net assets and reported in the statement of activities as net assets released from restriction, when the terms of restriction are met.

**Advertising** - The Company expenses advertising costs as incurred. Advertising expense amounted to approximately $255,000 and $719,000 in 2016 and 2015, respectively.

**Income Taxes** - FamilyCare and Health Plans are tax-exempt organizations pursuant to Internal Revenue Code ("IRC") Section 501(c)(4). The Foundation is a tax-exempt organization pursuant to IRC Section 501(c)(3). Only the Company's unrelated business income is subject to federal or state income taxes. It is management's belief that none of the Company's activities have generated material unrelated business income; therefore, no provision for income taxes has been made in the accompanying consolidated financial statements.

**Estimates** - The preparation of consolidated financial statements in conformity with accounting principles generally accepted in the United States of America requires management to make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the consolidated financial statements and the reported amounts of revenue, income, and expenses during the reporting period. Actual results could differ from those estimates.

-12-

Significant estimates and assumptions are used to calculate certain receivables, claims payable and unpaid claims adjudication expenses, premium deficiency and the savings pool and quality bonus payables. If future experience differs from these estimates and assumptions, the financial statements could be materially affected. Changes in such estimates are reflected in the consolidated financial statements in the year in which such estimates are updated.

**Reclassifications** - Certain reclassifications have been made to the 2015 consolidated financial statements in order to conform to the 2016 presentation.

**Recently Issued Accounting Standards** - In May 2014, the FASB issued Accounting Standards Update ("ASU") No. 2014-09, *Revenue from Contracts with Customers*. Under the new standard, recognition of revenue occurs when a customer obtains control of promised goods or services in an amount that reflects the consideration to which the entity expects to receive in exchange for those goods or services. In addition, the standard requires disclosure of the nature, amount, timing, and uncertainty of revenue and cash flows arising from contracts with customers. The new standard will be effective for fiscal years beginning after December 15, 2018. The Company has not yet evaluated the impact of adopting this standard.

In February 2016, the FASB issued ASU No. 2016-02, *Leases*. The new standard establishes a right-of-use ("ROU") model that requires a lessee to record a ROU asset and a lease liability on the balance sheet for all leases with terms longer than 12 months. Leases will be classified as either finance or operating, with classification affecting the pattern of expense recognition in the income statement. The new standard is effective for fiscal years beginning after December 15, 2019, with early adoption permitted. A modified retrospective transition approach is required for lessees for capital and operating leases existing at, or entered into after, the beginning of the earliest comparative period presented in the financial statements, with certain practical expedients available. The Company has not yet evaluated the impact of adopting this standard.

In June 2016, the FASB issued ASU No. 2016-03, *Financial Instruments – Credit Losses*, which introduces new guidance for credit losses on financial instruments within its scope. The new guidance introduces an approach based on expected losses to estimate credit losses on certain types of financial instruments, including, but not limited to, trade and other receivables and loans. The ASU is effective for fiscal years beginning after December 15, 2020, and interim periods beginning after December 15, 2021. Early adoption is permitted for all entities for fiscal years beginning after December 15, 2018, including interim periods within those fiscal years. The Company has not yet evaluated the impact of adopting this standard.

In November 2016, the FASB issued ASU No. 2016-18, *Statement of Cash Flows (Topic 320)*. ASU 2016-18 requires that a statement of cash flows explain the change during the period in the total of cash, cash equivalents, and amounts generally described as restricted cash or restricted cash equivalents. Amounts generally described as restricted cash and restricted cash equivalents should be included with cash and cash equivalents when reconciling the beginning-of-period and end-of-period total amounts shown on the statement of cash flows. ASU 2016-18 is effective for fiscal years beginning after December 15, 2018, and early adoption is permitted. The Company has not yet evaluated the impact of adopting this standard.

**Subsequent Events** - The Company has performed an evaluation of subsequent events in accordance with ASC No. 855, *Subsequent Events*, through May 24, 2017, which is the date these consolidated financial statements were available to be issued.

-13-

Reply Ex. 13
Page 60 of 74

**NOTE 2 - INVESTMENTS AND RESTRICTED INVESTMENTS**

Investments and restricted investments consisted of the following at December 31:

|  | 2016 | | 2015 | |
|---|---|---|---|---|
|  | Cost | Fair Value | Cost | Fair Value |
| Common stocks | $ 42,160,544 | $ 44,566,550 | $ 42,921,622 | $ 43,020,411 |
| Corporate bonds | 19,805,160 | 19,441,510 | 22,707,855 | 21,944,354 |
| Mutual funds | - | - | 14,043,947 | 12,194,160 |
| Municipal bonds | 1,713,422 | 1,704,466 | 1,459,588 | 1,454,888 |
| Agency bonds | 7,981,805 | 7,241,629 | 18,377,506 | 17,566,759 |
| U.S. Treasury securities | 119,232,343 | 116,111,567 | 139,435,367 | 135,606,578 |
|  | $ 190,893,274 | $189,065,722 | $ 238,945,885 | 231,787,150 |
| Less short-term investments | | 68,447,160 | | 68,232,980 |
| Less short-term restricted investments | | 12,045,432 | | 4,836,172 |
| Less long-term restricted investments | | 2,038,83 | | 13,180,935 |
| Long-term investments | | $ 106,53 | | $ 145,537,063 |

Investment income consisted of the following for the years ended December 31:

|  | 2016 | 2015 |
|---|---|---|
| Interest and dividend income | $ 4,242,171 | $ 3,948,782 |
| Change in net unrealized gain (loss) on investments | 1,659,655 | (6,028,236) |
| Net realized gain (loss) on sales of investments | (1,178,100) | 311,219 |
|  | $ 4,723,726 | $ (1,768,235) |

**NOTE 3 - FAIR VALUE MEASUREMENTS**

Assets and liabilities recorded at fair value in the statements of financial position are categorized based upon the level of judgment associated with the inputs used to measure their fair value. Level inputs, as defined by ASC No. 820, *Fair Value Measurements and Disclosures*, are as follows:

*Level 1:* Unadjusted quoted prices in active markets for identical assets and liabilities.

*Level 2:* Observable inputs other than those included in Level 1. For example, quoted market prices for similar assets or liabilities in active markets, or quoted market prices for identical assets or liabilities in inactive markets.

*Level 3:* Unobservable inputs reflecting management's own assumptions about the inputs used in pricing the asset or liability. Level 3 assets and liabilities include investments whose value is determined using pricing models, discounted cash flow methodologies, or similar techniques, as well as instruments for which the determination of fair values requires significant management judgment or estimation.

-14-

Fair values of assets measured on a recurring basis were as follows:

| | Fair Value as of December 31, 2016 | | | |
| --- | --- | --- | --- | --- |
| | Fair Value | Level 1 | Level 2 | Level 3 |
| Cash and cash equivalents: | | | | |
| Money Market Mutual Funds | $ 4,106,484 | $ 4,106,484 | $ - | $ - |
| Restricted cash equivalents and investments: | | | | |
| Money Market Mutual Funds | 4,196,631 | 4,196,631 | - | - |
| US Treasury Securities | 14,084,266 | 14,084,266 | - | - |
| | 18,280,897 | 18,280,897 | - | - |
| Investments: | | | | |
| Corporate Bonds | 19,441,510 | - | 19,441,510 | - |
| Municipal Bonds | 1,704,466 | - | 1,704,466 | - |
| Agency Bonds | 7,241,629 | 7,241,629 | - | - |
| US Treasury Securities | 102,027,301 | 102,027,301 | - | - |
| Common Stocks: | | | | |
| Mega Cap | 5,836,563 | 5,836,563 | - | - |
| Large Cap | 24,248,003 | 24,248,003 | - | - |
| Mid Cap | 11,439,627 | 11,439,627 | - | - |
| Small Cap | 3,006,323 | 3,006,323 | - | - |
| Micro Cap | 36,034 | 36,034 | - | - |
| | 174,981,456 | 153,835,480 | 21,145,976 | - |
| Total at fair value | $ 197,368,837 | $ 176,222,861 | $ 21,145,976 | $ - |

| | Fair Value as of December 31, 2015 | | | |
| --- | --- | --- | --- | --- |
| | Fair Value | Level 1 | Level 2 | Level 3 |
| Cash and cash equivalents: | | | | |
| Money Market Mutual Funds | $ 67,797,575 | $ 67,797,575 | $ - | $ - |
| Restricted cash equivalents and investments: | | | | |
| Money Market Mutual Funds | 128,048 | 128,048 | - | - |
| US Treasury Securities | 18,017,105 | 18,017,105 | - | - |
| | 18,145,153 | 18,145,153 | | |
| Investments: | | | | |
| Corporate Bonds | 21,944,354 | - | 21,944,354 | - |
| Municipal Bonds | 1,454,888 | - | 1,454,888 | - |
| Agency Bonds | 17,566,759 | 17,566,759 | - | - |
| Mutual Funds – Fixed Income | 12,194,160 | 12,194,160 | - | - |
| US Treasury Securities | 117,589,471 | 117,589,471 | - | - |
| Common Stocks: | | | | |
| Mega Cap | 3,273,343 | 3,273,343 | - | - |
| Large Cap | 27,379,949 | 27,379,949 | - | - |
| Mid Cap | 9,870,075 | 9,870,075 | - | - |
| Small Cap | 2,467,400 | 2,467,400 | - | - |
| Micro Cap | 29,644 | 29,644 | - | - |
| | 213,770,043 | 190,370,801 | 23,399,242 | - |
| Total at fair value | $ 299,712,771 | $ 276,313,529 | $ 23,399,242 | $ - |

FINAL TAX COPY

-15-

The Company's level 2 investments in corporate bonds are valued using observable market inputs obtained from pricing services. The pricing services prepare estimates of fair value measurements based on either trades executed for similar bonds or on implied yield curves using observable inputs.

The availability of observable inputs can vary from instrument to instrument and is affected by a variety of factors including the availability of published dealer quotations and interest rates on similar assets. The level of a fair value measurement within the fair value hierarchy is based on the lowest level of any input that is significant to the fair value measurement in its entirety. The categorization of a fair value measurement within the hierarchy is based upon the pricing transparency of the instrument and does not necessarily correspond to the Company's perceived risk of that instrument.

### NOTE 4 - OTHER ASSETS

Other assets consist of the following at December 31:

|  | 2016 | 2015 |
|---|---|---|
| Reinsurance experience refund receivable | $ 183,768 | $ 288,071 |
| Prepaid expenses | 1,551,491 | 2,107,831 |
| Pharmacy rebates receivable | 3,158,326 | 2,654,215 |
| Cash surrender value of life insurance | 202,165 | 193,268 |
| Accrued interest receivable | 740,384 | 849,033 |
| Accounts receivable, net | 4,899 | 31,827 |
| Other receivables | 178,985 | 635,911 |
|  | 8,320,018 | 6,760,156 |
| Less other current assets | 8,091,634 | 6,564,619 |
| Other assets | $ 228,384 | $ 195,537 |

### NOTE 5 - PROPERTY AND EQUIPMENT, NET

Property and equipment consisted of the following at December 31:

|  | 2016 | 2015 |
|---|---|---|
| Computer software | $ 1,276,672 | $ 979,312 |
| Computer equipment | 2,430,564 | 2,179,492 |
| Office furniture and equipment | 1,816,492 | 1,648,583 |
| Leasehold improvements | 967,195 | 912,205 |
| Equipment under capital leases | 526,728 | 698,928 |
|  | 7,017,651 | 6,418,520 |
| Less accumulated depreciation and amortization | 4,170,219 | 3,342,552 |
|  | 2,847,432 | 3,075,968 |
| Work in progress | 4,061,039 | 522,949 |
|  | $ 6,908,471 | $ 3,598,917 |

Depreciation and amortization expense amounted to $1,085,487 and $1,173,064 in 2016 and 2015, respectively. Work in progress as of December 31, 2016 primarily consisted of claims processing software and mobile application development. Work in progress as of December 31, 2015 consisted primarily of software and improvements to the leased space.

-16-

FINAL TAX COPY

**NOTE 6 - CLAIMS PAYABLE, UNPAID CLAIMS ADJUDICATION EXPENSES, AND SAVINGS POOL PAYABLE**

Claims payable at December 31, 2016 and 2015 includes estimates for IBNR claims based on actuarial analyses prepared by independent actuarial firms. Activity related to claims payable, unpaid claims adjudication expenses, and savings pool payable liabilities for the years ended December 31 was as follows:

|  | 2016 | 2015 |
|---|---|---|
| Balance at beginning of year | $   98,671,507 | $  48,505,973 |
| Claims incurred related to: |  |  |
| Current year | 512,270,903 | 471,360,022 |
| Prior year | (5,388,369) | (1,161,290) |
| Total incurred | 506,882,534 | 470,198,732 |
| Claims paid related to: |  |  |
| Current year | 465,515,198 | 377,114,058 |
| Prior year | 28,263,787 | 42,919,140 |
| Total paid | 493,778,985 | 420,033,198 |
| Balance at end of year | $ 111,775,056 | $ 98,671,507 |

Amounts incurred related to prior years vary from previously estimated liabilities as the claims are ultimately settled.

Amounts included in the consolidated statements of financial position at December 31 were as follows:

|  | 2016 | 2015 |
|---|---|---|
| Reported on the consolidated statements of financial position as: |  |  |
| Claims payable and unpaid claims adjudication expenses | $  100,264,367 | $  79,153,267 |
| Savings pool and quality bonus payable | 11,510,689 | 19,518,240 |
|  | $ 111,775,056 | $ 98,671,507 |

**NOTE 7 - OTHER POLICY LIABILITIES**

The contract with the OHA provides for a risk sharing mechanism in which the OHA and the Company share in both lower and higher expected adjusted expenses under the contract outside of a predetermined target amount. The target amount is based on certain members classified in special needs risk groups. As of December 31, 2016 and 2015, the Company has accrued approximately $5,329,000 and $6,700,000, respectively, related to this obligation.

Reply Ex. 13
Page 64 of 74

The Company's contract with the OHA also provides for a provision in which the Company is required to maintain a Medical Loss Ratio ("MLR") of at least 80% of a defined population of policy holders and requires the Company to refund any amounts by which it does not maintain that MLR. As of December 31, 2016 and 2015, the Company has accrued approximately $15,509,000 and $11,675,000, respectively, related to this obligation.

## NOTE 8 - LEASE COMMITMENTS

The Company leases office equipment under various lease arrangements classified as capital leases, which expire on various dates through February 2020. The total cost of the equipment under the arrangements was $526,728 and $698,928 at December 31, 2016 and 2015, respectively. The related accumulated amortization at December 31, 2016 and 2015, was $40,810 and $147,563, respectively. Amortization of assets held under capital leases is included within administrative expenses in the accompanying consolidated statements of activities.

The Company also leases equipment and office facilities under noncancelable operating lease agreements which expire on various dates through September 2024. The lease agreements for office facilities include escalation provisions and generally, the Company is required to pay its proportionate share of certain operating expenses and property taxes. Total rent expense under all these agreements was approximately $1,877,000 and $1,810,000 for the years ended December 31, 2016 and 2015, respectively.

As of December 31, 2016, the future minimum lease payments owed under such noncancelable lease agreements are as follows:

Years ending December 31:

| | Capital Lease Obligation | Operating Leases |
|---|---|---|
| 2017 | $ 181,104 | $ 1,779,312 |
| 2018 | 181,104 | 1,828,920 |
| 2019 | 167,498 | 1,313,026 |
| 2020 | 2,994 | 1,824,701 |
| 2021 | - | 1,877,604 |
| Thereafter | - | 5,452,806 |
| Total minimum lease payments | 532,700 | $ 14,076,369 |
| Less amount representing interest | 45,515 | |
| Present value of net minimum lease payments | $ 487,185 | |

## NOTE 9 - REGULATION

Health Plans is subject to various additional regulatory requirements as administered by the Insurance Division. Failure to meet minimum premium-to-surplus requirements as prescribed by the Insurance Division can initiate certain mandatory and possibly additional discretionary actions that, if undertaken, could have a direct material effect on the Company's consolidated financial statements. As of December 31, 2016 and 2015, management believes that Health Plans was in compliance with the Insurance Division's requirements.

-18-

Health Plans is licensed with the Insurance Division to operate as a commercial health insurance plan in the State of Oregon and is required to file audited statutory basis financial statements with the Insurance Division within five months of each calendar year-end. These statutory basis financial statements are prepared in conformity with accounting practices prescribed or permitted by the Insurance Division. Prescribed statutory accounting practices are those practices mandated by the National Association of Insurance Commissioners ("NAIC"), as well as state laws, regulations, and general administrative rules. In contrast, permitted statutory accounting practices are those practices for which a company has applied for and received specific permission from its state of domicile.

The NAIC requires insurance companies to calculate risk-based capital ("RBC") ratios, which serve as a benchmark for the regulation of insurance companies' solvency by state insurance regulators. The formulas for determining the amount of RBC specify various weighting factors that are applied to financial balances or various levels of activity based on a perceived degree of risk. Regulatory compliance is determined by a ratio of the enterprise's regulatory total adjusted capital to its authorized control level RBC. Enterprises below specific trigger points or ratios are classified within certain levels, each of which require specified corrective action, or may cause state regulators to take certain actions.

## NOTE 10 - RETIREMENT PLAN

The Company has a safe harbor 401(k) retirement plan (the "Retirement Plan") which covers substantially all employees of the Company and its subsidiaries who are at least 21 years of age and have completed six months of service.

The Retirement Plan requires the Company (including its subsidiaries) to make a contribution equal to 3% of each employee's compensation. This contribution is immediately 100% vested. The Company may also make additional discretionary contributions.

Total expense related to the retirement and profit sharing plans was approximately $624,000 and $490,000 for the years ended December 31, 2016 and 2015, respectively.

## NOTE 11 - RELATED PARTY TRANSACTIONS

During 2016 and 2015, the Company transacted business with professional service firms whose owners are also members of the Company's Board of Directors. Amounts paid to these firms were approximately $276,000 and $348,000 during the years ended December 31, 2016 and 2015, respectively.

The Company holds an insurance policy on the life of a key officer of the Company. The cash surrender value of the life insurance policy is approximately $202,000 and $193,000 at December 31, 2016 and 2015, respectively, and is included in other assets in the consolidated financial statements.

During 2016 and 2015, the Company transacted business with providers who are also members of the Company's Board of Directors. Amounts paid to these providers were approximately $10,241,000 and $8,316,000 during the years ended December 31, 2016 and 2015, respectively.

-19-

**NOTE 12 – COMMITMENTS AND CONTINGENCIES**

In the normal course of business, the Company is party to various legal proceedings, many of which involve claims related to healthcare coverage. The Company, like health maintenance organizations and other health insurers, generally excludes the coverage of certain healthcare services under its contracts. The Company, in the ordinary course of business, is subject to the claims of its enrollees arising out of decisions to restrict treatment or reimbursement for certain services. The loss of even one such claim, if it results in a significant punitive damage award, could have a material adverse effect on the Company. In addition, the risk of potential liability under punitive damage theories may significantly increase the difficulty of obtaining reasonable settlements of coverage claims.

At December 31, 2015, the Company was engaged in litigation with the OHA regarding OHA's rate setting methodology and OHA's proposed mid-year contract amendment which sought to reduce the 2015 capitation rates paid to the Company for Oregon Health Plan services retroactive to January 1, 2015. Subsequent to year end, the parties entered into a settlement agreement whereby the Company agreed to sign the retroactive 2015 contract amendment and the OHA agreed to provide the Company a settlement credit. The amount due to OHA under the 2015 contract amendment totaled $54,485,814 and has been recorded as a reduction to premium revenue in 2015. The settlement credit of $24,800,000 has been recorded as non-operating income in 2015. The settlement agreement resolved all issues in dispute regarding this matter between the parties.

Effective June 30, 2016, the Company entered into a master license and services agreement with a vendor for the development of a claims processing system. Costs associated with the development of this system have been capitalized in work in progress as of December 31, 2016. In addition, the agreement includes a non-cancelable five year commitment to use the vendor for enrollment, claims administration, billing, and similar services. Future minimum payments under this agreement are as follows:

| | |
|---|---|
| 2017 | $ 2,431,292 |
| 2018 | 3,040,519 |
| 2019 | 3,040,519 |
| 2020 | 3,040,519 |
| 2021 | 1,520,259 |
| Total minimum payments | 13,073,108 |

**NOTE 13 - FUNCTIONAL EXPENSES**

Expenses by major functional classification consist of the following at December 31:

| | 2016 | 2015 |
|---|---|---|
| Medical and hospital: | | |
| Inpatient hospital | $ 109,174,419 | $101,478,427 |
| Physicians services | 116,279,284 | 101,452,352 |
| Emergency room and out-of-area services | 30,923,392 | 30,758,383 |
| Other medical and hospital expenses | 250,505,439 | 236,509,570 |
| Total medical and hospital | 506,882,534 | 470,198,732 |

-20-

Reply Ex. 13
Page 67 of 74

|  | 2016 | 2015 |
|---|---:|---:|
| Administrative: | | |
| Compensation and benefits | $   23,622,924 | $ 20,010,130 |
| Professional services | 8,421,382 | 5,835,650 |
| Occupancy, depreciation and amortization | 2,840,422 | 2,867,925 |
| Repairs and maintenance | 2,547,883 | 1,356,193 |
| Claims processing | 5,698,295 | 4,878,727 |
| Other administrative expenses | 7,252,852 | 7,570,141 |
| Total administrative | 50,383,758 | 42,518,766 |
| | | |
| Contributions to others | 766,335 | 2,701,830 |
| Premium deficiency reserve | 21,050,557 | 31,568,877 |
| Total expenses | $ 579,083,184 | $546,988,205 |

**NOTE 14 - CONTRIBUTIONS TO OTHERS**

The Company makes donations for research, education, and other projects in the field of workforce development and utilization. The minimum amount for which the Company is obligated is recorded upon the Board of Directors' approval. Donations payable beyond one year are reported at the estimated present value of future cash flows. At December 31, 2016 and 2015, donations payable are $0 and $391,899, respectively, of which $0 and $391,899, respectively, is classified as current and included in accrued liabilities in the consolidated financial statements.

**NOTE 15 - AFFORDABLE CARE ACT**

The Company is exempt from the annual fee under Section 9010(c)(2) of the Federal Affordable Care Act (ACA) due to its nonprofit corporation status.

-21-

FINAL TAX COPY

**SUPPLEMENTARY INFORMATION**

FINAL TAX COPY

**PERKINS & CO**

+ 1211 SW Fifth Avenue, Suite 1000    + Telephone: 503.221.0336
+ Portland, Oregon 97204-3710    + Fax: 503.294.4378

+ www.perkinsaccounting.com

### INDEPENDENT AUDITOR'S REPORT ON
### SUPPLEMENTARY INFORMATION

To the Board of Directors of
FamilyCare, Inc.

Our audits of the financial statements included in the preceding section of this report were conducted for the purpose of forming an opinion on those statements as a whole. The accompanying consolidated statements of financial position and activities and the reconciliation of activities under the settlement method presented in the following section of this report are presented for purposes of additional analysis and are not a required part of the financial statements. Such information is the responsibility of management and was derived from, and relates directly to, the underlying accounting and other records used to prepare the financial statements. The information has been subjected to the auditing procedures applied in the audits of the financial statements and certain additional procedures, including comparing and reconciling such information directly to the underlying accounting and other records used to prepare the financial statements or to the financial statements themselves, and other additional procedures in accordance with auditing standards generally accepted in the United States of America. In our opinion, the information is fairly stated in all material respects in relation to the financial statements as a whole.

*Perkins & Company, P.C.*

May 24, 2017

-22-

**FAMILYCARE, INC. AND SUBSIDIARIES**
**CONSOLIDATING STATEMENT OF FINANCIAL POSITION**
**DECEMBER 31, 2016**
(See report of independent auditor's on supplementary information)

| | FamilyCare, Inc. | FamilyCare Health Plans, Inc. | Heatherington Foundation | Eliminating Entries | Consolidated |
|---|---|---|---|---|---|
| **ASSETS** | | | | | |
| **CURRENT ASSETS:** | | | | | |
| Cash and cash equivalents | $ 64,555,097 | $ 5,288,298 | $ 724,573 | $ - | $ 70,567,968 |
| Restricted cash and cash equivalents | 4,196,631 | - | - | - | 4,196,631 |
| Short-term investments | 47,599,356 | 10,050,474 | 10,797,330 | - | 68,447,160 |
| Restricted short-term investments | 12,045,432 | - | - | - | 12,045,432 |
| Receivables from OHA | 15,658,043 | 4,586 | - | - | 15,662,629 |
| Reinsurance receivables | 567,341 | 265,091 | - | - | 832,432 |
| Receivable from CMS | - | 875,654 | - | - | 875,654 |
| Due from affiliates | 376,520 | - | - | (376,520) | - |
| Other current assets, net | 4,807,726 | 3,157,016 | 126,892 | - | 8,091,634 |
| Total current assets | 149,806,146 | 19,641,119 | 11,648,795 | (376,520) | 180,719,540 |
| | | | | | |
| Long-term investments | 101,394,338 | 1,798,674 | 3,341,284 | - | 106,534,296 |
| Restricted long-term investments | 1,767,752 | 271,082 | - | - | 2,038,834 |
| Investment in FamilyCare Health Plans, Inc. | 12,034,792 | - | - | (12,034,792) | - |
| Property and equipment, net | 6,908,471 | - | - | - | 6,908,471 |
| Other assets | 228,384 | - | - | - | 228,384 |
| Total assets | $ 272,139,883 | $ 21,710,875 | 14,990,079 | $ (12,411,312) | $ 296,429,525 |

-23-

## FAMILYCARE, INC. AND SUBSIDIARIES
### CONSOLIDATING STATEMENT OF FINANCIAL POSITION (continued)
### DECEMBER 31, 2016
(See report of independent auditor's on supplementary information)

| | FamilyCare, Inc. | FamilyCare, Health Plans, Inc. | Heatherington Foundation | Eliminating Entries | Consolidated |
|---|---|---|---|---|---|
| **LIABILITIES AND NET ASSETS** | | | | | |
| **CURRENT LIABILITIES:** | | | | | |
| Claims payable and unpaid claims adjudication expenses | $ 39,366,420 | $ 8,278,513 | $ - | $ - | $ 47,644,933 |
| Premium deficiency reserve | 52,619,434 | - | - | - | 52,619,434 |
| Savings pool and quality bonus payable | 11,510,689 | - | - | - | 11,510,689 |
| Other policy liabilities | 20,838,330 | 222,739 | - | - | 21,061,069 |
| Due to affiliates | - | 376,520 | - | (376,520) | - |
| Accounts payable | 7,827,346 | 781,089 | - | - | 8,608,435 |
| Accrued liabilities | 3,449,181 | 17,220 | - | - | 3,466,401 |
| Current portion of capital lease obligation | 156,120 | - | - | - | 156,120 |
| Total current liabilities | 135,767,520 | 9,676,081 | - | (376,520) | 145,067,081 |
| **CAPITAL LEASE OBLIGATION, LESS CURRENT PORTION** | 331,065 | - | - | - | 331,065 |
| Total liabilities | 136,098,585 | 9,676,081 | - | (376,520) | 145,398,146 |
| **NET ASSETS:** | | | | | |
| Unrestricted net assets: | | | | | |
| Designated reserve related to DMAP contract | 15,178,087 | - | - | - | 15,178,087 |
| Designated reserve related to the Insurance Division | 2,500,000 | 2,500,000 | - | (2,500,000) | 2,500,000 |
| Designated for OPSO | 100,000 | - | - | - | 100,000 |
| Undesignated | 118,255,211 | 9,534,794 | 14,990,079 | (9,534,792) | 133,245,292 |
| Total unrestricted net assets | 136,033,298 | 12,034,794 | 14,990,079 | (12,034,792) | 151,023,379 |
| Temporarily restricted net assets | 8,000 | - | - | - | 8,000 |
| Total net assets | 136,041,298 | 12,034,794 | 14,990,079 | (12,034,792) | 151,031,379 |
| Total liabilities and net assets | $ 272,139,883 | $ 21,710,875 | $ 14,990,079 | $ (12,411,312) | $ 296,429,525 |

-24-

# FAMILYCARE, INC. AND SUBSIDIARIES
## CONSOLIDATING STATEMENT OF ACTIVITIES
### YEAR ENDED DECEMBER 31, 2016
(See report of independent auditor's on supplementary information)

| | FamilyCare, Inc. | FamilyCare, Health Plans, Inc. | Heatherington Foundation | Eliminating Entries | Consolidated |
|---|---|---|---|---|---|
| **UNRESTRICTED NET ASSETS** | | | | | |
| **REVENUE** | | | | | |
| Medicaid premiums, net | $ 494,768,060 | $ - | $ - | $ - | $ 494,768,060 |
| Medicare premiums, net | - | 47,271,350 | - | - | 47,271,350 |
| Other revenue | 391,864 | - | - | - | 391,864 |
| Total revenue | 495,159,924 | 47,271,350 | - | - | 542,431,274 |
| **EXPENSES** | | | | | |
| Medical and hospital | 454,058,628 | 52,823,906 | - | - | 506,882,534 |
| Administrative | 42,646,575 | 7,735,983 | 1,200 | - | 50,383,758 |
| Contributions to others | 741,335 | - | 25,000 | - | 766,335 |
| Premium deficiency reserve | 21,050,557 | - | - | - | 21,050,557 |
| Total expenses | 518,497,095 | 60,559,889 | 26,200 | - | 579,083,184 |
| **NET ASSETS RELEASED FROM RESTRICTION** | 15,000 | - | - | - | 15,000 |
| **CHANGE IN UNRESTRICTED NET ASSETS FROM OPERATIONS** | (23,322,171) | (13,288,539) | (26,200) | - | (36,636,910) |
| **OTHER INCOME (EXPENSE)** | | | | | |
| Other income | 26,891 | - | - | - | 26,891 |
| Interest expense | (40,071) | (152) | - | - | (40,223) |
| Investment income | 4,581,779 | 36,439 | 105,508 | - | 4,723,726 |
| | 4,568,599 | 36,287 | 105,508 | - | 4,710,394 |
| **LOSS FROM SUBSIDIARY** | (13,252,254) | - | - | 13,252,254 | - |
| **INCREASE (DECREASE) IN UNRESTRICTED NET ASSETS** | (32,005,826) | (13,252,252) | 79,308 | 13,252,254 | (31,926,516) |
| **TEMPORARILY RESTRICTED NET ASSETS** | | | | | |
| Grant revenue | 23,000 | - | - | - | 23,000 |
| Net assets released from restrictions | (15,000) | - | - | - | (15,000) |
| **INCREASE IN TEMPORARILY RESTRICTED NET ASSETS** | 8,000 | - | - | - | 8,000 |
| **INCREASE (DECREASE) IN TOTAL NET ASSETS** | $ (31,997,826) | $ (13,252,252) | $ 79,308 | $ 13,252,254 | $ (31,918,516) |

FINAL TAX COPY

-25-

Reply Ex. 13
Page 73 of 74

## FAMILYCARE, INC. AND SUBSIDIARIES
### RECONCILIATION OF ACTIVITIES UNDER THE SETTLEMENT METHOD
### YEAR ENDED DECEMBER 31, 2016
(See report of independent auditor's on supplementary information)

FamilyCare participates in an annual quality incentive bonus program as part of its contract with the Oregon Health Authority (OHA). The bonus amount earned is determined by measuring FamilyCare's performance on several healthcare measures tracked by OHA each year. The settlement of the quality bonus incentive occurs in June of the subsequent year, after OHA is able to evaluate the performance on each measure against the established benchmark or improvement target.

FamilyCare estimates its performance on these quality measures and evaluates the estimated results against OHA's established benchmark or improvement target for each measure. The estimated quality incentive bonus is recorded as a receivable from OHA and the revenue is included in Medicaid premiums.

Certain Coordinated Care Organizations (CCO) that participate in the quality incentive bonus program have elected to record the quality bonus revenue and, if applicable, quality bonus expense using a settlement method. Under this method, the quality bonus revenue and expense is recognized in the year the payment is received, rather than in the year earned.

Below is a summary of the impact to FamilyCare's revenue, had quality bonus revenue been recorded using a settlement method, rather than the accrual method:

| | 2016 | 2015 | 2014 | Total |
|---|---|---|---|---|
| **Revenue Recognized - Settlement Method:** | | | | |
| Quality incentive for the year ended December 31, 2014 | $ - | $ - | $ 4,354,150 | $ 4,354,150 |
| Quality incentive for the year ended December 31, 2015 | - | 17,157,018 | - | 17,157,018 |
| Quality incentive for the year ended December 31, 2016 | 19,225,001 | - | - | 19,225,001 |
| | 19,225,001 | 17,157,018 | 4,354,150 | 40,736,169 |
| | | | | |
| **Revenue Recognized - Accrual Method:** | | | | |
| Quality incentive for the year ended December 31, 2014 | - | - | 5,604,102 | 5,604,102 |
| Quality incentive for the year ended December 31, 2015 | - | 31,080,876 | - | 31,080,876 |
| Quality incentive for the year ended December 31, 2016 | 17,042,118 | - | - | 17,042,118 |
| | 17,042,118 | 31,080,876 | 5,604,102 | 53,727,095 |
| | | | | |
| **Net Revenue Variance in Methods** | $ 2,182,883 | $ (13,923,858) | $ (1,249,952) | $ (12,990,926) |

-26-

FINAL TAX COPY