Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>            Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL BRIEF IN OPPOSITION TO PATRICK ALLEN AND OREGON HEALTH AUTHORITY'S MOTION FOR SUMMARY JUDGMENT |

FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL
BRIEF IN OPPOSITION TO PATRICK ALLEN AND
OREGON HEALTH AUTHORITY'S MOTION FOR
SUMMARY JUDGMENT
141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## I.    INTRODUCTION

Pursuant to Local Rule 56-1(b), FamilyCare submits this surreply memorandum addressing the evidentiary objections raised in Defendants Patrick Allen and Oregon Health Authority's ("Defendants") Reply in Support of Motion for Summary Judgment (Dkt. 245, "Reply").  The evidentiary objections should be rejected due to Defendants' failure to satisfy the mandatory conferral requirements imposed by LR 56-1(b) and 7-1(a).  Alternatively, the Court should overrule the objections because they lack merit.

FamilyCare also submits for the Court's consideration evidence germane to issues raised in the parties' summary judgment briefing obtained in a deposition this week of Lewis & Ellis, the actuarial firm that OHA enlisted to review the 2018 rate-setting methodology.  That deposition revealed that Lewis & Ellis report's conclusions are based on faulty assumptions, undermining Defendants' claims regarding the report.  The deposition testimony also shows that the Centers for Medicare and Medicaid Services' ("CMS") review of rates is surface-level and does not conclusively establish that OHA's rates are actuarially sound.

## II.    ARGUMENT

### A.    Defendants' evidentiary objections should be overruled because Defendants failed to confer and the objections lack merit in any event.

Defendants' Reply challenges the admissibility of two pieces of evidence cited by FamilyCare in support of its claim for intentional interference with economic relations: one of FamilyCare's interrogatory responses (verified by William Murray) and certain testimony of FamilyCare's organizational deponent (also William Murray).  *See* Reply at 8, 9.  Defendants' objections should be overruled.

As an initial matter, the Court should disregard the objections due to Defendants' failure to follow the conferral requirement under the Local Rules.  Under Local Rule 56-1(b), when the party moving for summary judgment raises evidentiary objections in its reply brief, those objections "are subject to the certification requirement of LR 7-1(a)."  And if the party does not

1-  FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S MOTION FOR SUMMARY JUDGMENT
141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

satisfy that requirement, "[t]he Court may deny [the] motion."  LR 7-1(a)(3); see also *Ryan v. City of Bend*, No. 6:10-cv-06145-AA, 2013 WL 4083335, at *2 (D. Or. Aug. 9, 2013) ("Accordingly, because he failed to act in accordance with the requirements of LR 56-1 and LR 7-1, plaintiff's evidentiary objections are denied.").  Here, Defendants neither discussed its evidentiary objections with FamilyCare nor complied with the certification requirement of LR 7-1(a).  For that reason alone, the Court should deny OHA's attempt to exclude FamilyCare's evidence.  Alternatively, the Court should deny OHA's motion on the merits.

### 1.    FamilyCare's 30(b)(6) testimony is admissible.

FamilyCare's Opposition to Defendants' Motion for Summary Judgment (Dkt. 222, "Opposition") cites the testimony of its organizational deponent, among other evidence, in support of its contention that there are triable issues of fact regarding whether OHA's anti-FamilyCare communications plan interfered with FamilyCare's relationships with at least four providers.  *See* Opposition at 16-17 (citing Ex. 53, Dkt. 224-54).  In their Reply, Defendants contend that the witness's testimony regarding his conversations with providers is inadmissible hearsay.  *See* Reply at 9.  But because the testimony is being offered to show the state of mind of the providers when deciding to terminate their contracts with FamilyCare, the evidence is admissible under Federal Rule of Evidence 803.

The Federal Rules of Evidence generally prohibit the admission of hearsay evidence. Fed. R. Evid. 802.  But the rules also contain exceptions to that general rule.  Under Rule 803(3), statements "of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health)," are not excluded by the hearsay rule.

The 30(b)(6) testimony in question falls within that exception because it is being offered to show why the providers chose not to continue contracting with FamilyCare, i.e. as evidence of causation.  *Municipal Revenue Service, Inc. v. Xspand, Inc.*, 700 F. Supp. 2d 692 (M.D. Pa.

2-    FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL
      BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY
      AND PATRICK ALLEN'S MOTION FOR SUMMARY
      JUDGMENT
      141284759.1

2010) is instructive.  There, the plaintiff sued the defendant for, among other things, tortious interference with contractual relations.  Specifically, the plaintiff alleged that the defendant had improperly interfered with its contracts with various government entities.  *Id.* at 697.  The defendant moved for summary judgment on the issue of causation.  *Id.* at 703-04.  In response, the plaintiff submitted testimony from the defendant's employee concerning what the government entities had told him about why they decided to terminate their contracts with the plaintiff.  *Id.* at 704.  The defendant moved to strike that evidence as inadmissible hearsay.  *Id.* at 705.  But the court denied the defendant's motion, holding:

> Here, the government entities' motives are relevant in establishing whether or not [the defendant's] marketing strategy caused harm to [the plaintiff], and are only being offered to establish why the government entities chose not to employ [the plaintiff's] services.

*Id.*

As in *Municipal Revenue Service*, FamilyCare's 30(b)(6) testimony is admissible evidence that is relevant to the issue of causation on FamilyCare's intentional interference claim. FamilyCare offers the testimony as evidence of the providers' then existing state of mind, namely, their motives for not continuing to contract with FamilyCare.  Under those circumstances, the evidence is admissible under Rule 803(3), and Defendants' objection should be overruled.

### 2.    FamilyCare's interrogatory responses are admissible.

FamilyCare's Opposition also cites its response to Interrogatory No. 1, which explains the factual basis for its contention that Defendants' conduct interfered with FamilyCare's business relations, including by identifying four specific providers impacted by the Communications Plan.  *See* Opposition at 11 n. 50, 16 (citing Ex. 27, Dkt. 224-28).  OHA contends that the interrogatory response is "not admissible evidence at summary judgment" because the responses are based on "information and belief," not "personal knowledge."  *See*

3-    FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL
      BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY
      AND PATRICK ALLEN'S MOTION FOR SUMMARY
      JUDGMENT
      141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Reply at 8. But it is clear from the interrogatory responses and FamilyCare's 30(b)(6) testimony that William Murray (who both verified the responses and provided the testimony on behalf of FamilyCare) has personal knowledge on the issues in question. As such, OHA's objection is unfounded. *See Burwick v. Pilkerton*, 700 Fed. Appx. 214, 216 (4th Cir. 2017) (noting that although the plaintiff did not expressly attest that her interrogatory answers were based on personal knowledge, it was obvious from the answers that they were); *Shultz v. Wells Fargo Bank, Nat. Ass'n*, 970 F. Supp. 2d 1039, 1066 (D. Or. 2013) (stating that the threshold for personal knowledge is "particularly low" because "all justifiable inferences must be drawn in favor of the nonmoving party"). To the extent the interrogatory responses need be re-verified to confirm Mr. Murray's personal knowledge as to the factual basis of the response to Interrogatory No. 1, FamilyCare can do so. Indeed, if Defendants had conferred with FamilyCare as the Local Rules require, FamilyCare could have addressed Defendants' concern (and perhaps convinced Defendants that the concern was unfounded given the nature of the interrogatory response). In any event, Defendants' objection should be disregarded.

**B.      Newly obtained evidence contradicts OHA's claims regarding the Lewis & Ellis report, including its conclusions regarding the propriety and lack of bias in rate setting, and confirms the cursory nature of CMS review of rates.**

As the Court is aware, despite the parties' good faith efforts, scheduling issues have necessitated that several depositions take place after the discovery cutoff. *See* Declaration of Matthew Gordon ("Gordon Decl.") Ex. 1 (excerpts of July 31, 2018 hearing discussing ongoing discovery). One such scheduling challenge involved the deposition of Jacqueline Lee, the Lewis & Ellis actuary who authored the report discussed in the parties' summary judgment briefing and who was designated by Lewis & Ellis as its organizational deponent. Due in part to Ms. Lee's maternity leave, the deposition took place this Tuesday, September 11. Because Ms. Lee's testimony is directly relevant to issues raised in the parties' summary judgment briefing,

4- FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S MOTION FOR SUMMARY JUDGMENT
141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

FamilyCare respectfully submits the following excerpts of Ms. Lee's testimony for the Court's consideration.

The parties' summary judgment briefing includes disputes regarding the propriety of the rate-setting process, the character and scope of the report prepared by Lewis & Ellis in late 2017, and the import of CMS' review of capitation rates. In their Reply, Defendants submitted and relied upon the conclusions and opinions expressed in the Lewis & Ellis report for the proposition that capitation rates set by OHA were sound and generated in a way that was "consistent and unbiased across all CCOs." *See* Dkt. 245 at 21 (quoting 11/30/17 Lewis & Ellis Report, Reply Ex. 12 [Dkt. 246-12] at 21). But the author of the report, Ms. Lee, admitted in her deposition that the conclusions and opinions in the report, including that the rate setting was unbiased, were based on certain information and assumptions. Many of those assumptions are wrong. Among other things, Lee admitted that her conclusions and opinions about the lack of bias in the implementation of the reimbursement policy—i.e., the cuts to base data—were premised on:

- An assumption that the rate of growth OHA identified for each CCO was calculated on a risk-adjusted basis to control for the possibility that a particular CCO's rate of growth might be partially or entirely attributable to changes in the risk of its membership. *See* Ex. 2 (Deposition of Lewis & Ellis (Jacqueline Lee) ("L&E Dep.") at 173:14-174:25). The rates of growth were used to justify cuts to CCO base data, and Ms. Lee testified that, if that assumption was incorrect, she could not say whether the base data cuts were implemented in an unbiased manner. *See id.* at 174:22-25. In fact, as explained in FamilyCare's Opposition, OHA concedes that the rate of growth calculations were not risk adjusted. *See* Opposition at 25 (citing Ex. 26, OHA 30(b)(6) Dep. at 343:15-25, Dkt. 224-27).

- An assumption that Optumas provided Lewis & Ellis with accurate information about its calculation of the seven-percent threshold, which Optumas used to identify "outliers"

5- FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S MOTION FOR SUMMARY JUDGMENT

141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

for potential cuts in base data. *See* Ex. 2 (L&E Dep. at 281:21-282:8). Ms. Lee testified that the seven-percent figure was critical to Optumas's explanation of the implementation of the cuts to base data and very important to her conclusion about the lack of bias in that implementation, and that if that information was not accurate, her opinions and conclusions would be undermined. *Id.* at 281:21-282:8, 283:15-284:4. But in fact, the story Optumas told Ms. Lee about how it calculated the seven-percent threshold was different from the story Optumas later told in an explanation provided to CMS. *Id.* at 278:5-13, 279:7-281:17.

Moreover, Ms. Lee testified that her review and report had a limited scope, as FamilyCare contends in its Opposition. Ms. Lee evaluated only the rate-setting methodology, not whether the resulting rates were substantively actuarially sound. *Id.* at 130:1-10. And Ms. Lee's review of the methodology was circumscribed in that she did not evaluate whether the rates complied with either CMS's actuarial soundness regulations or CMS's rate-setting guidance. *See id.* at 96:23-97:3, 100:3-101:2. Even then, in her evaluation of whether the methodology complied with applicable actuarial standards of practice (ASOPs), Ms. Lee concluded that Optumas did not comply with ASOP 41 because the documentation was insufficient to allow another actuary to perform an objective appraisal of the reasonableness of the rate-setting methodology. *Id.* at 256:9-257:17. Ms. Lee was "extremely disappointed" in Optumas's documentation, which she described as "very careless." *Id.* at 312:11-22, 313:7-9.

Despite the limited scope of the review, OHA claims that the Lewis & Ellis report "*did* evaluate the actuarial soundness of OHA's decision to adjust base data." Reply at 19 (emphasis in original). Ms. Lee said otherwise. *See* Ex. 2 (L&E Dep. at 145:11-146:1) (Q: "So given that, any opinion rendered in your report would necessarily not include an opinion on whether the decision to truncate base data was actuarially sound, correct?" A: "I did not provide an opinion on the policy decision to truncate data."); *see also id.* at 142:15-18, 143:14-18. Indeed, regarding the cuts to base data implemented as part of the "reimbursement policy," Ms. Lee testified that

6-  FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL
    BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY
    AND PATRICK ALLEN'S MOTION FOR SUMMARY
    JUDGMENT

141284759.1

assessing the actuarial soundness of the lower rates resulting from the base data cuts would require an understanding of the impact of the cuts on final rates, yet she saw no evidence that Optumas undertook that analysis. *Id.* at 140:10-15, 269:10-16. So, contrary to OHA's contention, neither Ms. Lee—nor, apparently, Optumas—ever analyzed whether the decreased rates would be actuarially sound. Given the circumscribed nature of Ms. Lee's review and the faulty assumptions on which her conclusions and opinions were based, OHA's reliance on those conclusions and opinions is entirely misplaced.

Ms. Lee's testimony also undermines OHA's argument throughout this litigation that CMS's review of capitation rates "conclusively determine[s]" that the rates are actuarially sound. *See* Reply at 1. Lee testified that CMS's review of rates is "surface level" and may not identify problems that would be identified by a more significant audit-level investigation. Ex. 2 (L&E Dep. at 50:5-11, 50:18-23).

7- FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY AND PATRICK ALLEN'S MOTION FOR SUMMARY JUDGMENT

141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED:  September 14, 2018          **PERKINS COIE LLP**

By: */s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    Brian Samuelson, OSB No. 165476
    BSamuelson@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Matthew Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Nicholas Hesterberg, *pro hac vice*
    NHesterberg@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

   *Attorneys for Plaintiff FamilyCare, Inc.*

8-   FAMILYCARE, INC.'S SURREPLY AND SUPPLEMENTAL
BRIEF IN OPPOSITION TO OREGON HEALTH AUTHORITY
AND PATRICK ALLEN'S MOTION FOR SUMMARY
JUDGMENT
141284759.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222