Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>          Defendants. | No. 6:18−cv−00296−MO<br><br>PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS AND TO PERMIT SUPPLEMENTATION OF ACTUARIAL EXPERT REPORT<br><br>REQUEST FOR ORAL ARGUMENT |

PLAINTIFF FAMILYCARE, INC.'S MOTION TO
PERMIT ACCESS TO AEO DOCUMENTS AND
SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a)(1)(A), counsel for plaintiff FamilyCare, Inc. ("FamilyCare") has conferred in good faith with counsel for Oregon Health Authority ("OHA") and counsel for Health Share of Oregon, Inc. ("Health Share"), the non-party communicating on behalf of the non-party Coordinated Care Organizations ("CCOs") whose information is at issue. Counsel for FamilyCare has also conferred in good faith with counsel for Schramm Health Partners dba Optumas ("Optumas") about the issues that are the subject of this Motion. The conferring parties were unable to resolve the dispute.

## ORAL ARGUMENT REQUESTED

Oral argument is requested. FamilyCare estimates that thirty minutes will be required.

## MOTION

Pursuant to Paragraph 10 of the November 1, 2017 protective order entered in Marion County Circuit Court Case No. 17CV09226 ("CCO Protective Order"), FamilyCare moves for an Order authorizing two employees, Bill Murray and Art Suchorzewski, access to Attorneys' Eyes Only ("AEO") materials subject to the terms of the CCO Protective Order. Likewise, pursuant to Paragraph 10 of the January 17, 2018 protective order ("Optumas Protective Order" and together with the CCO Protective Order, the "Protective Orders"), FamilyCare moves for an Order authorizing Mr. Murray and Mr. Suchorzewski to access Optumas's AEO materials subject to the terms of the Optumas Protective Order. [1] FamilyCare further moves, pursuant to Local Rule 16-3, to permit FamilyCare to supplement its actuarial expert report for a period of two weeks from September 28, 2018, or the date of entry of an order for relief on FamilyCare's Motion, whichever is later.

---

[1] As the Court is aware, although the lawsuit was removed to federal court, the parties and the nonparty CCOs have continued to abide by the terms of the Protective Orders.

1- PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS AND SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## BACKGROUND

The Court is well-acquainted with the parties' disputes over and negotiations regarding FamilyCare's access to AEO documents. *See*, *e.g.*, ECF No. 30 (FamilyCare omnibus discovery motion, including motion to compel de-designation of AEO documents); ECF No. 104 (FamilyCare May 25, 2018 letter to the Court regarding the status of AEO de-designation efforts); ECF No. 196 (FamilyCare motion to compel de-designation of three specified Health Share documents). With expert reports due September 28, 2018 and other pre-trial deadlines looming, FamilyCare is seeking an expedited and universal solution to the fact that more than 19,000 documents remain designated as AEO.

To this end, FamilyCare requests, pursuant to Section 10 of the Protective Orders (which govern access to confidential and highly confidential information), that the Court approve the designation of Mr. Murray and Mr. Suchorzewski as "additional persons" who may agree to be bound by the provisions of the Protective Orders -- including a restriction on participating in rate-setting work for FamilyCare or any other CCO through the 2021 rate-setting process, and a restriction on assisting any entity that seeks to compete with Optumas for Oregon rate-setting work through 2021 -- and thereby be able to view AEO documents and information. Declaration of Matt Mertens ("Mertens Decl."), ¶¶ 2 and 3, Exs. 1 and 2.

## ARGUMENT

FamilyCare's ongoing inability to view AEO materials is having a profound negative impact on its trial preparation, most prominently in the context of working with its actuarial rate-setting expert. FamilyCare's fears about the deleterious effect of overdesignated AEO materials have unfortunately proven accurate. Among other barriers to FamilyCare's trial preparation, the AEO restrictions impeded FamilyCare's ability to work with its expert. It is for precisely this reason that FamilyCare moved in March to resolve the AEO overdesignation issue and has regularly discussed the issue with other CCOs for the past six months. FamilyCare, the other CCOs, and Optumas have been unable to reach a global resolution despite their best efforts.

2- PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS AND SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Considering the September 28, 2018 expert report deadline, FamilyCare needs a rapid, simple solution.

Fortunately, there is such a solution -- permit Mr. Murray and Mr. Suchorzewski to sign onto the Protective Orders, thereby accepting restrictions on their professional employment in exchange for having access to AEO materials in this litigation. As Health Share points out in its September 10, 2018 letter to this Court, the CCO Protective Order's provisions are the product of vigorous and extensive input from all stakeholders. Under Section 10, signatories to the CCO Protective Order agreed to receive AEO documents and information on the condition that, *inter alia*, such entities will not have any involvement with Oregon Medicaid program rate-setting through the rate-setting process for the 2021 rates. The CCOs have already decided that this restriction adequately protects their interests regarding AEO documents and information.

The Optumas Protective Order was likewise the product of vigorous negotiation and included unique provisions -- including allowing a firm or entity in direct competition with Optumas to nevertheless receive AEO information and compete with Optumas for rate-setting work, so long as any individual receiving AEO information is screened from the rate-setting work. FamilyCare is not in direct competition with Optumas; if the screening mechanism is appropriate even for direct competitors, there is no principled reason why Mr. Murray and Mr. Suchorzewski should be treated differently.

A.    **The Protective Orders specifically permit this procedure.**

Sections 9 and 10 of the Protective Orders explain who may access confidential and AEO information in this litigation. Section 9 sets out eight categories of people who have access to confidential documents and information (including parties to this action). Section 10 further restricts access to AEO documents and information to specific subcategories of people (excluding parties to this action), "*unless additional persons are stipulated by counsel or authorized by the court.*" (Emphasis added.) The Protective Orders specifically contemplates

3-   PLAINTIFF FAMILYCARE, INC.'S MOTION TO
     PERMIT ACCESS TO AEO DOCUMENTS AND
     SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

FamilyCare's proposed solution of having Mr. Murray and Mr. Suchorzewski agree to be bound by the Protective Orders and thus be able to view AEO documents and information.

**B.    FamilyCare will be prejudiced if at least some of its employees cannot see AEO documents.**

Given the technical nature of Medicaid rate-setting, FamilyCare's counsel needs to be able to discuss these documents with its client—the single best source of expertise and knowledge on these issues. *See Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 WL 256476, at *1–2 (N. D. Ill. Jan. 31, 2005) (granting motion to remove "Highly Confidential Attorneys' Eyes Only" designation from documents on basis that it was indiscriminately applied and noting that if designation was not removed, counsel would be severely hindered in discussing case with its client). This over-designation of documents hinders FamilyCare's ability to litigate this case. *See Arvco Container Corp. v. Weyerhaeuser Co*., No. 1:08-CV-548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009) ("[T]he indiscriminate use of 'attorney's eyes only' protective orders does pose a significant handicap on the restricted litigant. Discovery, trial preparation, and trial are made more difficult and expensive if an attorney cannot make complete disclosure of the facts to the litigant."). FamilyCare's litigation experts rely on AEO documents to formulate their opinions and draft their final reports, which are due on September 28.  FamilyCare's lack of access to over 19,000 AEO documents seriously hampers its trial preparation, including FamilyCare's ability to have meaningful review and discussion of its actuarial expert's report. Mertens Decl., ¶ 4.

For example, FamilyCare's actuarial expert has relied on Optumas and CCO-specific AEO information to prepare detailed models relating to several aspects of FamilyCare's rate-setting claims.  Mertens Decl., ¶ 5.  Because of the AEO restriction, FamilyCare's actuarial expert cannot show portions of the models to FamilyCare, so FamilyCare cannot ask questions or offer suggestions as to these portions. *Id.*  Mr. Murray and Mr. Suchorzewski have had to leave the room during discussions between FamilyCare's counsel and its actuarial expert, denying

4- PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS AND SUPPLEMENTATION OF EXPERT REPORT

141283805

them the opportunity to contribute their insights. *Id.* FamilyCare's actuarial expert cannot tell FamilyCare what certain inputs are for the models. *Id.* FamilyCare's actuarial expert cannot have detailed discussions with FamilyCare about certain conclusions in the expert's draft report. *Id.* OHA and its experts suffer from no such impediments, which profoundly disadvantages FamilyCare.

FamilyCare has sought other solutions to the AEO access problem for months. In response to OHA and Optumas's designation of over 19,000 documents as AEO, FamilyCare made an omnibus motion to address the over-designation. On April 6, 2018, the Court ordered the nonparty CCOs to re-review the AEO documents and to permit de-designation of documents "wherever appropriate." ECF No. 77. On April 11, 2018, FamilyCare organized an in-person meeting with the nonparty CCOs to discuss the AEO overdesignation problem. Mertens Decl., ¶ 6. On April 13, 2018, FamilyCare proposed, in considerable detail, a process by which to identify appropriately and inappropriately designated documents and to de-designate the latter. Mertens Decl., ¶ 7, Ex. 3. FamilyCare continued to communicate with the CCOs individually by letter, email, and in some cases by phone about the scope and impact of over-designation. Mertens Decl., ¶ 8, Exs. 4 and 5. Through this process, the nonparty CCOs agreed to the down-designation of only approximately 4,300 documents.[2] Mertens Decl., ¶ 9. FamilyCare then filed a targeted motion to de-designate three crucial documents that Health Share has designated AEO, but Health Share and multiple other CCOs have opposed that motion. FamilyCare then sought to negotiate a broader solution with Health Share and with Optumas, but has been unsuccessful. Finally, FamilyCare has tried in good faith to work with its experts notwithstanding its lack of access to AEO information, but as described above, the lack of access is proving unworkable.

---

[2] Although OHA down-designated approximately 4,300 documents, OHA and Optumas continued to produce documents on a rolling basis, some of which OHA and Optumas have designated AEO. Accordingly, the total number of AEO documents (approximately 19,000) has not materially changed.

5- PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS AND SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

At this point, FamilyCare needs a "just, speedy, and inexpensive determination" of the issue of FamilyCare's access to AEO documents and information. *See* FRCP 1. FamilyCare's inability to see over 19,000 AEO documents disadvantages FamilyCare as compared with OHA, and it is time-consuming and expensive for the parties and this Court to clash over which documents should be designated AEO. FamilyCare's proposal reframes the question of "Are these documents appropriately designated AEO?" as a much simpler question of "Under what conditions may a person have access to AEO-designated documents, irrespective of whether the documents are appropriately designated?" In the form of the Protective Orders, the parties, Optumas, and the nonparty CCOs have already agreed to the answer to this latter question.

## C.    Information claimed by CCOs and Optumas to be AEO has not been treated as such.

The financial information, models, and workbooks that the CCOs and Optumas seek to protect is, in fact, already in the possession of individuals not bound by the Protective Order or any other confidentiality agreement. Lori Coyner, OHA's former statewide Medicaid director, had unfettered access to CCO-specific financial information during her time at OHA--the same information that CCOs have designated AEO in this litigation. Yet, currently, Ms. Coyner consults for Oregon CCOs, and she testified that she can do so without limitation. Mertens Decl., ¶ 10, Ex. 6.

Likewise, on September 11, 2018, FamilyCare deposed Lewis & Ellis's corporate designee and learned that OHA supplied Lewis & Ellis with highly confidential CCO-specific financial information without imposing *any* restrictions on Lewis & Ellis's future employment. Mertens Decl., ¶ 10, Ex. 6. Yet for the independent actuary that FamilyCare retained, the CCOs insisted that prohibitions on working on rate-setting in Oregon on behalf of a CCO or working for a competitor of a CCO were necessary. Like Ms. Coyner, Lewis & Ellis is free to consult for any of the CCOs in Oregon on Medicaid rate-setting work without a temporal or other kind of restriction. Lewis & Ellis also received and reviewed information that Optumas claimed as its

6-    PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS AND SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

trade secrets, again without *any* of the restrictions on its ability to compete against Optumas in Oregon or elsewhere that Optumas insisted must be imposed on any actuarial expert that FamilyCare retained.  Mertens Decl., ¶ 11, Ex. 7.  Indeed, Lewis & Ellis, a competitor of Optumas, did compete with Optumas in Oregon after receiving the purported trade secrets.  *Id.*

Optumas and the CCOs have asserted that their purportedly "trade secret" information could be used for competitive advantage.  Their selective invocation of "trade secret" and their inconsistent insistence on restrictions for viewers of that information belie that assertion.  Even if Optumas's documents contained information that was trade secret at some point in time, Optumas freely shared this information with Lewis & Ellis, a direct competitor of Optumas who could advise any of the CCOs or their competitors. It is doubtful whether *any* of this information remains trade secret under Oregon law.  At a bare minimum, these facts emphasize that FamilyCare's proposal is more than adequate to address any concerns about competitive harm.  FamilyCare does not directly compete with Optumas.  Not permitting Mr. Murray and Mr. Suchorzewski to access AEO materials subject to the Optumas Protective Order, when Optumas provided these same materials to a direct competitor without restriction, would be inconsistent and unfair.

Moreover, Section 14 of the Protective Order requires the destruction or return of all information and documents subject to the Protective Order after this lawsuit concludes.  Mertens Decl., ¶ 2, Ex. 1, p. 9.  Trial is set for January 2019.  Not only will CCO-specific financial data from 2014-2017 have at most limited competitive value by 2021, at that point Mr. Murray and Mr. Suchorzewski will not have had access to the documents at issue for over a year, and perhaps two.

> **D.      The Court should provide FamilyCare a two-week extension to supplement its actuarial expert's report.**

If the Court grants FamilyCare's request to designate Mr. Murray and Mr. Suchorzewski as "additional persons" who may agree to be bound by the Protective Orders and view AEO

7-    PLAINTIFF FAMILYCARE, INC.'S MOTION TO
      PERMIT ACCESS TO AEO DOCUMENTS AND
      SUPPLEMENTATION OF EXPERT REPORT

141283805

documents and information, FamilyCare requests that the Court permit additional supplementation of FamilyCare's actuarial expert's report for a period of two weeks after the date of entry of the Order.

FamilyCare's request complies with Local Rule 16-3, which requires (1) a showing of good cause why the deadlines should be modified; (2) a showing of effective prior use of time; (3) recommend a new date for the deadline; and (4) show the impact of the proposed extension on other existing deadlines.

First, good cause would exist to allow two weeks to supplement the actuarial expert report; Mr. Murray and Mr. Suchorzewski are presently impeded in their discussions with FamilyCare's actuarial expert about the substance of and rationale underlying some of the conclusions of the expert report.

Second, FamilyCare has effectively used its time to attempt to resolve the AEO access issue. As explained above in Section B, FamilyCare has filed motions and letters with the Court to down-designate AEO documents, engaged in innumerable discussions with counsel for the CCOsabout AEO designations, tried to resolve the AEO access issue with counsel for Optumas, and tried to work with its experts within the strictures of the current limitations on access to AEO documents. It has become pellucid that, notwithstanding FamilyCare's efforts, FamilyCare cannot adequately work with its actuarial expert or engage in other pre-trial work without Mr. Murray and Mr. Suchorzewski having access to AEO documents.

Third, FamilyCare recommends that the Court permit FamilyCare to supplement its actuarial expert report for a period of two weeks from September 28, 2018, or the date of entry of an order for relief on FamilyCare's Motion, whichever is later.. While this is an extremely abridged timeline for Mr. Murray and Mr. Suchorzewski to meaningfully review many thousands of AEO documents, confer with FamilyCare's actuarial expert about their findings, and have the

8- PLAINTIFF FAMILYCARE, INC.'S MOTION TO
PERMIT ACCESS TO AEO DOCUMENTS AND
SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

expert incorporate Mr. Murray and Mr. Suchorzewski's findings into the expert report, FamilyCare is mindful of not encroaching on any other Court deadlines with this request.

Fourth, and as alluded to above, if FamilyCare's two-week request is granted, there will be no impact on other existing deadlines or schedules.

## CONCLUSION

For the reasons set forth above, FamilyCare respectfully requests that the Court authorize Mr. Murray and Mr. Suchorzewski as "additional persons" who may use and access AEO documents and information in this litigation, subject to the conditions and restrictions of the Protective Orders.  If the Court so orders, FamilyCare further requests that the Court permit the supplementation of FamilyCare's actuarial expert report for a period of two weeks from September 28, 2018, or the date of entry of an order for relief on FamilyCare's Motion, whichever is later.

9-  PLAINTIFF FAMILYCARE, INC.'S MOTION TO
    PERMIT ACCESS TO AEO DOCUMENTS AND
    SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  September 18, 2018                  **PERKINS COIE LLP**


By: */s/ Thomas R. Johnson*
     Stephen F. English, OSB No. 730843
     SEnglish@perkinscoie.com
     Thomas R. Johnson, OSB No. 010645
     TRJohnson@perkinscoie.com
     Alletta Brenner, OSB No. 142844
     ABrenner@perkinscoie.com
     Brian Samuelson, OSB No. 165476
     BSamuelson@perkinscoie.com
     PERKINS COIE LLP
     1120 N.W. Couch Street, 10th Floor
     Portland, OR  97209-4128
     Telephone:  503.727.2000
     Facsimile:  503.727.2222

     Matthew Gordon, *pro hac vice*
     MGordon@perkinscoie.com
     Nicholas Hesterberg, *pro hac vice*
     NHesterberg@perkinscoie.com
     PERKINS COIE LLP
     1201 Third Avenue, Suite 4900
     Seattle, WA 98101-3099
     Telephone:  206.359.8000
     Facsimile:  206.359.9000

   *Attorneys for Plaintiff FamilyCare, Inc.*

10-  PLAINTIFF FAMILYCARE, INC.'S MOTION TO
     PERMIT ACCESS TO AEO DOCUMENTS AND
     SUPPLEMENTATION OF EXPERT REPORT

141283805

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222