Verified Correct Copy of Original 1/17/2018.

STATE OF OREGON
Marion County Circuit Courts

JAN 17 2018

**FILED**

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 17CV09226 |
| Plaintiff, | JUDGE: SEA |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, | **PROTECTIVE ORDER FOR OPTUMAS DOCUMENTS** |
| Defendant, | |
| and | |
| ALLCARE CCO, INC., an Oregon corporation; CASCADE HEALTH ALLIANCE, LLC, an Oregon limited liability company; COLUMBIA PACIFIC CCO, LLC, an Oregon limited liability company; EASTERN OREGON COORDINATED CARE ORGANIZATION, LLC, an Oregon limited liability company; INTERCOMMUNITY HEALTH PLANS, INC., an Oregon corporation doing business as INTERCOMMUNITY HEALTH NETWORK — COORDINATED CARE ORGANIZATION; JACKSON COUNTY CCO, LLC, an Oregon limited liability company doing business as JACKSON CARE CONNECT; PACIFICSOURCE COMMUNITY | |

6381021v2/28355-0001

Exhibit 2
Page 1 of 12

Verified Correct Copy of Original 1/17/2018.

SOLUTIONS, an Oregon nonprofit; PRIMARYHEALTH OF JOSEPHINE COUNTY, LLC, an Oregon limited liability company; TRILLIUM COMMUNITY HEALTH PLAN, INC., an Oregon corporation; UMPQUA HEALTH ALLIANCE, LLC, an Oregon limited liability company; WESTERN OREGON ADVANCED HEALTH, LLC, an Oregon limited liability company; WILLAMETTE VALLEY COMMUNITY HEALTH, LLC, an Oregon limited liability company; AND, YAMHILL COMMUNITY CARE ORGANIZATION, INC., an Oregon corporation,

Joint Intervenors.

This action concerns information that may be considered confidential, trade secret, proprietary, commercially-sensitive information of the parties and third-parties, or protected health information as that term is defined in 45 CFR §160.103 and 164.501 (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials").

1. All documents, testimony, and other materials produced by the parties and any subpoenaed party and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this

2

6381021v2/28355-0001

Exhibit 2
Page 2 of 12

Verified Correct Copy of Original 1/17/2018.

case and shall not be used by any party or any person listed under paragraphs 9(b), (c), or (d) for any business, commercial, or competitive purpose.

3.    This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.    Producing parties, including third parties and subpoenaed parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.  The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5.    The parties acknowledge and agree that some amount of the information produced by the Oregon Health Authority in this litigation will contain information that  Schramm Health Partners LLC dba Optumas ("Optumas") may consider confidential or proprietary to it.  Thus, to ensure that Optumas has adequate opportunity to protect such information, the parties and

3

6381021v2/28355-0001

Exhibit 2
Page 3 of 12

Verified Correct Copy of Original 1/17/2018.

Optumas have agreed to the following protocol for information produced by the Oregon Health Authority:

a.    Optumas has received a copy of the Court's Order dated January 2, 2018 regarding production by OHA of documents in Optumas' possession. No later than January 17, 2018, Optumas may identify, in addition to any documents previously identified, in writing to both OHA and FamilyCare any documents or categories of documents that it believes are appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

b.    FamilyCare will provide Optumas with any future requests for production of documents it serves on the OHA, on the same date that it serves those requests on OHA. Within ten (10) days of FamilyCare's service of future document requests on OHA, Optumas may identify to both OHA and FamilyCare any documents or categories of documents that it believes are responsive to the requests and appropriate to be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.

c.    When producing documents to FamilyCare, OHA will abide by any such reasonable request from Optumas to designate a document or type of document as "Confidential" or "Attorneys' Eyes Only." All provisions of this Protective Order will apply to documents designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5.

d.    If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to Optumas (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously

4

6381021v2/28355-0001

Exhibit 2
Page 4 of 12

Verified Correct Copy of Original 1/17/2018.

designated, and Optumas will have five (5) business days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and Optumas are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. Optumas may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

6.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160. Upon approval by the court the party shall file the confidential materials under seal, marked as follows or in substantially similar form:

> CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

> *or*

> ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 10 OF THE PROTECTIVE ORDER.

7.    Any portion of a transcript of the deposition of any party or witness in this case in which "Confidential" or "Attorney Eyes Only" information or documents are discussed shall be designated "Confidential" or "Attorney Eyes

6381021v2/28355-0001

Exhibit 2
Page 5 of 12

Verified Correct Copy of Original 1/17/2018.

Only" accordingly. If the designation of the document under discussion as "Confidential" or "Attorney Eyes Only" is withdrawn or successfully challenged, the relevant portion of the transcript shall no longer be considered "Confidential" or "Attorney Eyes Only." If a portion of a transcript designated as "Confidential" or "Attorney Eyes Only" is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5.

8.    "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, expert reports or files, documents, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, expert reports or files, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9.    Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.    In-house counsel for the parties, and the administrative staff for each in house counsel.

6

6381021v2/28355-0001

Exhibit 2
Page 6 of 12

Verified Correct Copy of Original 1/17/2018.

c.    Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d.    Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 9(a), 9(d), 9(e), 9(f), 9(g) and 9(h), unless additional persons are stipulated by counsel or authorized by the court. Any person listed in paragraph 9(d) shall not be an employee of FamilyCare. In addition, any person listed in paragraph 9(d) who receives or reviews "Attorneys Eyes Only" documents or information provided by Optumas for production by OHA will not compete with or assist any entity who seeks to compete with Optumas to provide actuarial services to any governmental entity

7

6381021v2/28355-0001

Exhibit 2
Page 7 of 12

Verified Correct Copy of Original 1/17/2018.

involving Medicaid program rate setting in Oregon through the rate-setting process for 2021 rates, *OR IN ANY OTHER STATE FOR RATE SETTING OF 2019 RATES.* This prohibition applies to any person or member of a team who reviews or receives "Attorneys Eyes Only" documents or information, but would not preclude a firm or entity who employs that individual or team from competing with Optumas in rate-setting projects so long as the entity takes adequate steps to ensure that the individual who reviews or receives "Attorneys Eyes Only" documents or information or other members of the team with whom the individual works will not share any information learned as a result of the review of the "Attorneys Eyes Only" documents or information with other employees of the entity who will compete with Optumas. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 9(c) or 9(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, the parties present must exclude from the room any person, other than persons designated in paragraphs 9 and 10, as appropriate, for that portion of the deposition, hearing, pre-trial, dispute resolution, trial, or appellate proceeding, unless additional persons are stipulated by counsel for the designating party or as authorized by the court. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the

8

6381021v2/28355-0001

Exhibit 2
Page 8 of 12

Verified Correct Copy of Original 1/17/2018.

designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's or subpoenaed parties' designation must nevertheless abide by that designation until the matter is resolved by agreement or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's or subpoenaed party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by a party or subpoenaed party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any

9

Exhibit 2
Page 9 of 12

Verified Correct Copy of Original 1/17/2018.

proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

13. A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if a party or subpoenaed party discloses privileged information and/or protected trial preparation materials, there will be no waiver of privilege and/or protection. A party or subpoenaed party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other parties (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if a party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

14. Upon the request of the producing party or subpoenaed party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes

10

Exhibit 2
Page 10 of 12

Verified Correct Copy of Original 1/17/2018.

marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel. Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

15.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.    Nothing in this Protective Order shall prejudice any person or party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SEAN E. ARMSTRONG    1/17/18

Submitted by:

PERKINS COIE LLP

By:_____

11

6381021v2/28355-0001

Exhibit 2
Page 11 of 12

Verified Correct Copy of Original 1/17/2018.

## EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in FamilyCare, Inc. v. Oregon Health Authority,

Case No. 17CV09226, Marion County, Oregon, of the protective order governing

the delivery, publication, and disclosure of confidential documents and

information produced in this litigation. I have read a copy of the protective order

and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

1

6381021v2/28355-0001

Exhibit 2
Page 12 of 12