PERKINSCOie

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T  +1.503.727.2000
F  +1.503.727.2222
PerkinsCoie.com

April 13, 2018

Thomas R. Johnson
TRJohnson@perkinscoie.com
D.  +1.503.727.2176
F.  +1.503.346.2176

**VIA EMAIL AND MAIL**

Gregory Chaimov
Davis Wright Tremaine, LLP
Suite 2400
1300 SW Fifth Avenue
Portland, Oregon 97201-5610

Re:    **FamilyCare v. OHA: CCO Attorney's Eyes Only Designations**

Dear Greg:

Thank you for coming to our office this week to confer with us on these issues. FamilyCare appreciates the efforts of Health Share, and of the other CCOs, to remedy the over-designation of documents as Attorney's Eyes Only (AEO) and Confidential in this litigation.

For efficiency's sake, we are directing this correspondence to you as the informal representative for all the CCOs (with copies to the others).  However, per your request and in the interest of aiding progress on these issues, we will also follow up with each CCO individually, by email, with specific examples of the kinds of over-designation we have been observing.

As discussed, it is FamilyCare's position that few, if any, of the documents produced in this case warrant AEO designation, due in part to FamilyCare's exit from Oregon's Medicaid market in 2018, the staleness of the historical data in question, and the information asymmetries that already exist. Therefore, notwithstanding any agreement the parties may reach on the designation of documents, FamilyCare continues to reserve all rights as to whether such information qualifies as a trade secret under Oregon law and whether it should be marked AEO.

Nonetheless, in the interest of resolving these issues expediently, FamilyCare is willing to accept some degree of AEO designation, to the extent that it is appropriately limited, does not unreasonably hinder FamilyCare's ability to litigate its claims, and is not implemented in a way that ultimately shifts the burden of confidentiality review.  FamilyCare will agree to the use of AEO designation for the following documents and information:

1.  Detail claim or encounter data at the individual provider-patient specific level of service (e.g. encounter data submissions by CCOs to OHA as required under the CCO contract);

139407506.1
Perkins Coie LLP

Exhibit 3
Page 1 of 4

Gregory Chaimov
April 13, 2018
Page 2

2. Individual provider level contract payment or reimbursement terms, to the extent those terms are confidential (e.g. contract pricing term sheets between a CCO and an individual contracted provider);

3. Detailed financial information, to the extent that it is <u>both</u> competitively valuable and not otherwise publicly available, or available in a substantially similar format (e.g. Report L16 from the CCO Financial Reporting Template that contains a breakdown of alternative payment arrangements by provider);[1]

4. Portions of documents that reference the data identified above, *to the extent those references include similar levels of detail*.[2]

With respect to category 4 above (document containing information identified in categories 1-3), documents should be produced in redacted form (as well as in full and marked AEO), so that FamilyCare may review the other, non-AEO information contained within the same document. Likewise, document families that contain one or more AEO document should also be produced in redacted form (e.g. with a slipsheet for the AEO documents), to allow access to the other non-AEO documents in the same family without breaking the family.

As previously noted, FamilyCare does not object to marking documents as Confidential where appropriate (e.g. where the document contains Protected Health Information, or contains other confidential information that a CCO is legally obligated to protect from disclosure). That said, as noted in FamilyCare's motion, there appear to be over-designation problems in this category as well. To the extent this continues to be a problem, FamilyCare will likely need to revisit this issue as we move towards trial.

One of FamilyCare's biggest concerns is the way OHA appears to have been marking documents as AEO without reference to the information contained in the document (or lack thereof). As described in our meeting, FamilyCare has observed many instances where individual documents have been marked as AEO even when that designation was plainly inappropriate, for example, when a FamilyCare representative was included on the communication in question, or when the document expressly referenced the fact it is publicly available. FamilyCare has found numerous examples of important emails between OHA and Optumas regarding rate-setting issues where the email has been marked as AEO, even though there is no reference to any CCO in particular, and/or there is no actual data or information in the email.

FamilyCare is not in a position to tell OHA, or the CCOs, how to fix these issues. That said, it is apparent to us that OHA needs to be provided with more specific instructions about how

---

[1] Based on our review of AEO documents thus far, documents of this type appear to be relatively rare.

[2] Again, in our review thus far, documents of this type appear to be relatively rare, as in almost every case, this kind of information is referred to in a highly aggregated or summary manner.

Exhibit 3
Page 2 of 4

Gregory Chaimov
April 13, 2018
Page 3

documents should be marked. From FamilyCare's standpoint, this can only be achieved if the CCOs define what is AEO more narrowly. FamilyCare's proposal above attempts to achieve that objective.  In addition, FamilyCare strongly encourages the CCOs to supplement any further instructions to OHA with specific exemplars to assist its reviewers in understanding and distinguishing between information that is protectable and that which is not.

You also requested that FamilyCare provide examples of documents that it believes should not be designated, so that the CCOs can use that information to help inform their communications with OHA.  As noted in our meeting, FamilyCare has concerns about this request. While FamilyCare can provide some examples based on what it has reviewed thus far, those examples will be far from comprehensive. And, FamilyCare neither can, or will, assume responsibility for identifying all the myriad ways that OHA has over-designated documents in this case.  With these caveats, however, FamilyCare is willing to provide some further examples of over-designated documents, which it will soon do, as noted above.

Likewise, although FamilyCare cannot identify all the ways documents have been over-designated so far, we do note the following types of information that, in FamilyCare's view, should not be designated AEO:

- Claims, encounter and utilization data that is aggregated by category of service and/or category of aid;

- Documents that reference *topics* related to AEO information (e.g. rate of growth, expenditures for care, rate-setting), but do not contain any specific information that that *is* AEO (e.g. provider-specific information about what is paid in an individual case for certain services); and

- Information that is not confidential, including, but not limited to, information available in the public domain in substantially similar form (e.g. CCO financial statements, enrollment data, actuarial opinions, MLR information and information contained within various OHA publications, including but not limited to, Oregon's Primary Care Spending Report, Quality Metrics Reports and Oregon Medicaid Waiver reports).

Thank you again for your prompt attention to this matter.

Exhibit 3
Page 3 of 4

Gregory Chaimov
April 13, 2018
Page 4


Very truly yours,


Thomas R. Johnson

cc:    Brian M. Parrott, Brian M Parrott LLC (via email)

        Elizabeth C. Knight, Dunn Carney Allen (via email)

        Michael D. Crew, Dunn Carney Allen (via email)

        Anna Sortun, Tonkon Torp LLP (via email)

        Daniel P. Larsen, Ater Wynne LLP (via email)

        Frank V. Langfitt III. Miller Nash Graham & Dunn LLP (via email)

        Gregory A. Chaimov, Davis Wright Tremaine LLP (via email)

        Christopher McCracken, Davis Wright Tremaine LLP (via email)

        W. Chris Jenkins, Samaritan Health Services (via email)

        Tyler G. Jacobsen, Samaritan Health Services (via email)

        Eric A Lindenauer, Garvey Schubert Barer (via email)

        Joel A. Parker, Schwabe Williamson & Wyatt PC (via email)

        Jeffrey D. Hern, Schwabe Williamson & Wyatt PC (via email)

        Arden J. Olson, Harrang Long Gary Rudnick PC (via email)

        Peter F. Stoloff, Peter F Stoloff PC (via email)

139407506.1

Perkins Coie LLP

Exhibit 3
Page 4 of 4