**PERKINS**Coie

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T  +1.503.727.2000
F  +1.503.727.2222
PerkinsCoie.com

May 25, 2018

Alletta S. Brenner
ABrenner@perkinscoie.com
D.  +1.503.727.2076

**VIA E-FILE AND SERVE**

Judge Michael Mosman
Mark O. Hatfield United States Courthouse
Room 1615
1000 Southwest Third Avenue
Portland, Oregon 97204-2945

Re:    **Allen v. FamilyCare/FamilyCare v. OHA (3:18-cv-00212-MO, 6:18-cv-00296-MO))**
       **Update on Status of Confidentiality Designation Issues**

Dear Judge Mosman:

Pursuant to your order of April 26, FamilyCare has conferred with counsel for OHA and the
CCOs to prepare a joint status report on the issue of Attorney's Eyes Only (AEO) de-
designation. FamilyCare does not oppose the joint update prepared by OHA but is concerned that
it lacks the level of detail expected by the Court.  Therefore, FamilyCare writes separately to
supplement that report. As discussed below, FamilyCare has serious concerns about the slow
pace of progress since the last status conference, the lack of clarity about when this process will
be complete, and the parties' continuing disagreement about what can and should be designated
AEO in this case. For these reasons, FamilyCare respectfully asks that the Court require OHA to
complete its current review and de-designation of documents by June 8, and set a hearing to give
expedited consideration to FamilyCare's motion to compel the de-designation of certain specific
documents, which FamilyCare intends to file next week.

As the Court may recall, OHA has produced over twenty thousand documents marked as AEO
and over fifty thousand documents marked as Confidential in this case.  OHA has acknowledged
that many of these documents were over-designated, and de-designated or down-designated
approximately 5,000 documents in December 2017, and another 828 documents in March 2018.
Nonetheless, a substantial number of documents remained over-designated. On April 6, 2018 the
Court asked OHA and the CCOs to review their designations to correct the problem.

At the last status conference on this issue, on April 26, counsel for OHA and for the CCOs
acknowledged that a significant number documents remained over-designated, and described
how they were actively working to remedy the problem. Counsel for OHA represented that since
the April 6 hearing, OHA had identified another thousand AEO documents to be de-designated,
that they expected many more to be de-designated or down-designated in the next four to six
weeks, and that these changes in designation would be implemented by OHA "without any lag

Perkins Coie LLP

Exhibit 5
Page 1 of 3

Judge Michael Mosman
May 25, 2018
Page 2

time" and on a rolling basis throughout that period. FamilyCare understood this to mean that OHA had identified at least one thousand additional AEO documents to be de-designated at that time, that OHA would begin sending overlay files implementing those changes within a matter of days and that OHA would be changing the designations on thousands more documents in the weeks to follow.

Unfortunately, this has not occurred. While no documents were de-designated between April 6 and April 26, FamilyCare received overlay files changing the designation of only 301 additional documents until today, when OHA provided FamilyCare with files de-designating another AEO 900 documents. In other words, OHA did not de-designate the 1,000 documents it identified on April 26 "without any lag time," and overall, OHA has completed de-designation of only 200 more documents than those it identified on April 26. Although OHA and the CCOs have said that additional de-designations will be forthcoming, information has been provided in a partial, piecemeal fashion and without accompanying load files to implement those changes.[1]

OHA has not explained why progress has been so slow, how many additional documents it expects to de-designate, and when it expects those decisions to be implemented. Based on the information that has been provided, and the slow pace so far, it appears that OHA's process for reviewing and de-designating documents is highly inefficient. Although the parties have now agreed to a new process that will hopefully be more expedient, the timeline for when FamilyCare will see any meaningful reduction in the number of over-designated documents remains unclear.

Given the continuing and detrimental impact of over-designation on FamilyCare's ability to prepare for depositions, communicate fully with legal counsel, and supervise its experts, FamilyCare finds this incredibly slow pace and lack of progress to be unworkable. Therefore, to avoid any further prejudice and delay, FamilyCare respectfully asks the Court to impose a deadline of June 8 (the approximate timeline originally proposed by OHA at the April 26 status conference) for all review and de-designation to be complete.

In addition, FamilyCare seeks guidance from the Court on the boundaries of AEO designation in this case. As FamilyCare has continued to confer with the CCOs it has become apparent that at least some continue to fundamentally disagree with FamilyCare on the scope of what is AEO.[2] Per the Court's direction at the April 26 conference that concerns about specific documents should be addressed in a motion, FamilyCare intends to file a motion to compel regarding

---

[1] It appears that most de-designated documents are being downgraded from AEO to Confidential. Although relatively few documents have been de-designated thus far, FamilyCare is concerned, based on its preliminary review of de-designated documents, that the designation Confidential is being over-used, creating an additional and unnecessary burden for the parties and the Court as this case proceeds.

[2] OHA also states that it has confirmed the AEO designations of roughly 1,200 documents, meaning that it has confirmed the designation of about as many documents as it has de-designated.

139994043.2
Perkins Coie LLP

Exhibit 5
Page 2 of 3

Judge Michael Mosman
May 25, 2018
Page 3


specific documents designated by Health Share next week. Given the need for a quick resolution, and that these issues have been previously briefed by the parties, FamilyCare asks that the Court provide an expedited hearing on this motion and in so doing, provide needed guidance on this issue.

Thank you for your consideration of this matter.

Very truly yours,

Alletta S. Brenner

ASB
CC:    Matthew Levin, Markowitz Herbold (via email)
       Renee Rothauge, Markowitz Herbold (via email)
       Harry Wilson, Markowitz Herbold (via email)
       Laura Salerno Owens, Markowitz Herbold (via email)
       David B. Markowitz, Markowitz Herbold (via email)
       Brian M. Parrott, Brian M Parrott LLC (via email)
       Elizabeth C. Knight, Dunn Carney Allen (via email)
       Michael D. Crew, Dunn Carney Allen (via email)
       Anna Sortun, Tonkon Torp LLP (via email)
       Daniel P. Larsen, Ater Wynne LLP (via email)
       Frank V. Langfitt III. Miller Nash Graham & Dunn LLP (via email)
       Gregory A. Chaimov, Davis Wright Tremaine LLP (via email)
       Christopher McCracken, Davis Wright Tremaine LLP (via email)
       W. Chris Jenkins, Samaritan Health Services (via email)
       Tyler G. Jacobsen, Samaritan Health Services (via email)
       Eric A Lindenauer, Garvey Schubert Barer (via email)
       Joel A. Parker, Schwabe Williamson & Wyatt PC (via email)
       Jeffrey D. Hern, Schwabe Williamson & Wyatt PC (via email)
       Arden J. Olson, Harrang Long Gary Rudnick PC (via email)
       Peter F. Stoloff, Peter F Stoloff PC (via email)

139994043.2
Perkins Coie LLP

Exhibit 5
Page 3 of 3