**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | **Fed.R.Civ.P. 6(b)(1)(A)** |
| | **Expedited Consideration Requested** |
| Defendants. | |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a), counsel for defendants Oregon Health Authority

("OHA") and Patrick Allen ("Allen") certify that counsel for plaintiff has not responded to

counsel for defendants' request for consent to this motion.

**Page 1 -   DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS**

## MOTION

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), defendants OHA and Allen respectfully move to extend the time for OHA and Allen to respond to FamilyCare's motion for sanctions until October 29, 2018.

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 6 provides that a court may extend the time for a party to act for "good cause." Fed. R. Civ. P. 6(b)(1). Good cause exists to extend the deadline for OHA and Allen to respond to FamilyCare's motion for sanctions. FamilyCare bases its motion for sanctions on its belief that OHA has spoliated text messages. The issue of preservation and production of text messages by both parties has arisen frequently throughout this case. OHA acknowledged back in April 2018 that it had been unable to collect all of Lynne Saxton's text messages. OHA provided as much discovery about those missing text messages as it could, reducing the universe of potentially responsive missing texts to 15, and FamilyCare was able to depose Saxton about her text message retention.

FamilyCare, however, has persistently maintained that it has produced responsive text messages. As recently as August 22, 2018, in opposition to OHA's motion to compel Jeff Heatherington's text messages, FamilyCare asserted that it "has produced all responsive text messages[.]" (Dkt. #204.)

FamilyCare filed its motion for sanctions on September 24, 2018 at 5:05 p.m. (Dkt. #257.) A mere 45 minutes before it filed that motion, FamilyCare's counsel sent defendants' counsel a letter in which—for the first time—FamilyCare admitted that Jeff Heatherington could not account for 9 text messages. (Decl. of Matthew Levin at 2.) That admission, of course, comes well after the close of discovery and, more significantly, the deposition of Jeff Heatherington.

OHA hereby requests the additional time to respond to FamilyCare's motion so that it can assess Heatherington's belated admission of his destruction of evidence, including whether to file a counter motion for sanctions simultaneously with its opposition to FamilyCare's motion for sanctions. Additionally, FamilyCare's motion is lengthy and factually dense, and seeks a litany

**Page 2 -  DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS**

of sanctions, up to and including a mandatory adverse jury instruction and precluding OHA from presenting evidence central to one of FamilyCare's claims.  In light of the severity of those requested sanctions, OHA requests additional time to respond.

This extension will not displace any currently set hearings or deadlines.  To the contrary, October 29, 2018 is already the pre-existing deadline for pre-trial briefing and motions.

## CONCLUSION

Defendants OHA and Allen respectfully request that the Court extend their time to respond to October 29, 2018.

Dated this 1st day of October, 2018.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By:    *s/ Matthew A. Levin*
> David B. Markowitz, OSB #742046
> DavidMarkowitz@MarkowitzHerbold.com
> Matthew A. Levin, OSB #003054
> MattLevin@MarkowitzHerbold.com
> Renée E. Rothauge, OSB #903712
> ReneeRothauge@Markowitzherbold.com
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Laura Salerno Owens, OSB #076230
> LauraSalerno@MarkowitzHerbold.com
>
> > *Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*
>
> Carla A. Scott, OSB #054725
> carla.a.scott@doj.state.or.us
>
> > *Of Attorney for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority*

FAMIOR\789632

**Page 3 -    DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS**