**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tele: (503) 295-3085
Fax:  (503) 323-9105

> Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DECLARATION OF MATTHEW A. LEVIN IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | |
| Defendants. | |

I, Matthew A. Levin, declare:

1.    I am a Special Assistant Attorney General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as

**Page 1 -   DECLARATION OF MATTHEW A. LEVIN IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SANCTIONS**

director of the Oregon Health Authority.  The following statements are true and correct and, if called upon, I could competently testify to the facts averred herein.

2.      Attached as Exhibit 1 to this declaration is a true and correct copy of a September 24, 2018 letter from plaintiff's counsel, Amanda J. Beane.  The attached letter contained a second page which was marked "Confidential" and that page is not being submitted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 1st day of October, 2018.

*s/ Matthew A. Levin*
Matthew A. Levin
OSB #003054

FAMIOR\789807

**Page 2 -   DECLARATION OF MATTHEW A. LEVIN IN SUPPORT OF DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S
MOTION FOR SANCTIONS**

**PERKINS**COIE

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

**T** +1.206.359.8000
**F** +1.206.359.9000
PerkinsCoie.com

September 24, 2018

Amanda J. Beane
ABeane@perkinscoie.com
D.  +1.206.359.3965
F.  +1.206.359.4965

**VIA E-MAIL**

David Markowitz
Matthew A. Levin
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
MattLevin@MarkowitzHerbold.com

**Re:**    *FamilyCare, Inc. v. Oregon Health Authority*

Dear Dave and Matt:

I am writing regarding a supplement to our production in this case.  We have discovered two more responsive text messages, which are being produced soon.  We also discovered meta data in Mr. Heatherington's iPhone backup indicating 9 text messages which we have been unable to recover, and which we were unable to rule out as being nonresponsive to OHA discovery requests.  Specifically, there are 9 messages that Mr. Heatherington received in the 12 month time period between November 2016 and November 2017 that we have been unable to recover: two from Karen Mainzer, three from Scott Gallant, one from Bill Murray, one from Lisa Jones, and two from Arthur Suchorzewski.  Attached is a chart with the meta data associated with these text messages.

We believe there is no real prejudice to OHA with respect to these messages given the very small number at issue, the fact that, in general, even text messages responsive to OHA's requests are not substantive, and that it appears very unlikely that these text messages impact the litigation.

In other words, we believe this situation is quite different from the failure to preserve Ms. Saxton's text messages while she was the director of OHA and reasonably anticipated litigation with FamilyCare (including while being subject to a litigation hold), text messages that are critically important because they largely occurred with other OHA employees during the very time period in which OHA claims the communication plan was not being implemented, among other reasons.  We will be proceeding with our sanctions motion related to OHA's spoliation of evidence.

Very truly yours,

*Amanda J. Beane*

Amanda J. Beane
CC:    Peter R. Mersereau (via email)
       Beth Plass (via email)

141350849.1

Perkins Coie LLP