**Frank V. Langfitt**, OSB No. 731770
frank.langfitt@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

>     Attorneys for Defendant
>     Eastern Oregon Coordinated Care
>     Organization

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>              Plaintiff,<br><br>      v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>              Defendant. | CV No. 6:18-cv-00296-MO<br><br>NON-PARTY INTERVENOR EASTERN OREGON COORDINATED CARE ORGANIZATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS (DOC. 251)<br><br>**REQUEST FOR ORAL ARGUMENT** |

Page 1 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff
FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Non-party intervenor Eastern Oregon Coordinated Care Organization ("Eastern Oregon") submits the following memorandum in opposition to FamilyCare, Inc.'s Motion to Permit Access to AEO Documents ("Access Motion"). Eastern Oregon relies upon this memorandum, the Supplemental Declaration of Mark Danburg-Wyld ("Danburg-Wyld Sup. Decl."), the Declaration of Robert Judge ("Judge Decl."), and the Declaration of Frank Langfitt ("Langfitt Decl."), filed contemporaneously herewith. Eastern Oregon also relies upon Non-Party Health Share of Oregon's Opposition to FamilyCare's Motion to Permit Access to AEO Documents ("Health Share Opposition") (Doc. ____) and its accompanying filings, including the Declaration of Jacqueline Lee (Doc. ___) and the Declaration of Lori Coyner (Doc. ___). For the reasons set forth below, Eastern Oregon respectfully requests the court to deny FamilyCare's Motion.

## 1.    The FamilyCare Motion

FamilyCare's Access Motion is narrow, i.e., it seeks to permit two FamilyCare employees to view the CCO's AEO-designated documents. It does not seek to void the CCO's designations of AEO and confidentiality under the applicable Protective Order.

There also is pending FamilyCare's Motion to Compel Down-Designation of AEO Documents (Doc. 196) to which Eastern Oregon filed a response (Doc. 231). That Motion is directed to three specific Health Share documents, and is not a request to down-designate other Health Share documents or the AEO documents of any other CCO.

## 2.    The Persons for Whom FamilyCare Seeks Access

FamilyCare asks the court to permit two of its employees, Bill Murray and Art Suchorzewski, to access the CCOs' AEO documents, subject to the terms of the Protective

Page 2 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Order.[1]  Other than claiming that it needs to have employees be able to critique the work of its experts, FamilyCare does not explain why **these** two employees need to have access.  Eastern Oregon and other CCOs object to allowing these two identified employees to see the AEO documents or have access to the AEO information.  Eastern Oregon understands that Mr. Suchorzewski is, or was, FamilyCare's legislative affairs person, i.e., a lobbyist.  No reason has been given by FamilyCare why a legislative affairs person would have the actuarial expertise to provide comment on the work done by FamilyCare's experts.  Mr. Murray filed a declaration in earlier proceedings in this court (Doc. 31) in which he describes himself as FamilyCare's COO, and described his background, which included having served as a CEO at another Oregon Medicaid managed care organization.

It is obvious that once seen, the confidential and AEO information would remain with Messrs. Murray and Suchorzewski, and later, whether they work for FamilyCare or some other CCO, they would still have the information available in their minds for contract bidding, negotiations and rate setting.  Eastern Oregon, and any other CCO, is then left with trying to prove the negative—that these gentlemen did not use the information in subsequent contract negotiations, contract proposals or rate setting.

3.    **The AEO information is still of competitive value**

When FamilyCare sought to downgrade three Health Share documents (Doc. 196), Eastern Oregon joined Health Share's opposition.  (Doc. 231)  In support of that opposition, Eastern Oregon refiled the Declaration of Mark Danburg-Wyld (Doc. 232).  In his Supplemental Declaration, Mr. Danburg-Wyld confirms the continued, competitive value of

---

[1] The Protective Order is attached as Exhibit 2 to the Declaration of Matthew Mertens, filed by FamilyCare. (Doc. 252-1).

Page 3 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Eastern Oregon's confidential information.  (Doc. ___, ¶ 4-7).

As just an example, the manner in which providers are compensated and risk is shared continues from one contract period to another, and will be relevant to the upcoming contract period.  The rates paid to providers reflect numerous factors besides just dollars paid, and form the basis for future contract bidding, contract negotiations, and rate structures.

Another example concerns pharmacy benefits.  On behalf of Eastern Oregon, Moda Health Plan contracts with a pharmacy benefits manager under a contract that has a strong confidentiality provision that requires Moda Health Plan, and thus Eastern Oregon, to oppose third-party access to the terms, conditions, and pharmacy benefit rates.  (See Bridge Decl., Doc. ____).  What a health plan pays for pharmaceuticals is one of the most confidential treasures of the plan.  The formulas and discounts continue year-to-year, and will be relevant for future contract negotiations, bidding and rate setting.

What is important to understand is that the contract period for which FamilyCare seeks confidential and AEO information is the initial and current contract period, and therefore Eastern Oregon's information created for and developed during this initial contract period is extremely relevant to upcoming contract bids, negotiations, and rate setting.

FamilyCare's reliance upon *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 WL 256476 (N.D. Ill. Jan. 31, 2005) is misplaced.  In *Team Play* the AEO-disputed information consisted of sales invoices, purchase orders, sales orders and accounting information that was eight to nine years old as of the date of the court opinion, and plaintiff had been out of the industry for 6 years.  Down-designation was ordered only on the condition that plaintiff file a declaration of non-involvement in the industry and of no intent to reenter.  In the present dispute,

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the information is current, i.e., the present contract; it involves behind the scenes financial information and manners of doing business; and FamilyCare and its employees have not filed declarations of non-involvement and no intent to reenter the business. FamilyCare only has been out of the business less than nine months, and it appears to intend to reenter.

FamilyCare also relies upon *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125 (W.D. Mich. Feb. 9, 2009), which involved a Robinson-Patman price discrimination case. There, plaintiffs sought discovery of pricing information from defendant for the very product at issue. The court found that defendant had delayed seeking a protective order, and that its arguments for AEO document designations ranged from the weak to the frivolous, were completely insubstantial, and based on vague information asserted by the defendant. On the contrary, here, Eastern Oregon and the other CCOs quickly moved for a protective order that was granted by the state court judge. Eastern Oregon has provided particularized descriptions of the competitive harm it would suffer. The information sought is not the "price" to the consumer, but the "secret sauce" behind the price.

4.    **The alleged third party access to the CCOs' confidential information and AEO-designated information does not void the CCOs' designations or warrant granting FamilyCare's motion**

FamilyCare relies on deposition excerpts from two witnesses to argue that the information it seeks to disclose to Messrs. Murray and Suchorzewski is no longer confidential.[2] This argument fails for the following reasons:

/ / /

---

[2] FamilyCare has not sought a ruling to void the CCOs' AEO designations, but just to permit Mr. Murray and Mr. Suchorzewski to have access pursuant to the terms of the Protective Order.

Page 5 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1
MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

**(A)**     **Lewis & Ellis deposition.**

Eastern Oregon relies on the declaration of Jacqueline Lee, filed by Health Share (Doc. _____). Ms. Lee declares that the information to which her team had access would be treated as confidential and not revealed to third parties, or used for other purposes, under both professional standards and the terms of the contract between Lewis & Ellis and OHA.

**(B)**     **Coyner Transcript.**

FamilyCare's reliance on excerpts of the deposition of Lori Coyner also is misplaced. FamilyCare does not specifically identify what competitive information from Eastern Oregon was seen by Ms. Coyner during her employment at OHA that would undermine the AEO designations. FamilyCare does not point to any evidence that she has disclosed any confidential information.

Eastern Oregon relies on the Declaration of Lori Coyner, filed by Health Share (Doc. ____). Contrary to FamilyCare's argument, Ms. Coyner's access to CCO information involved summaries, and she does not remember specific detailed financial information of a CCO. Ms. Coyner further declares that she is subject to maintaining confidentiality. Finally, attached as Exhibit 1 to the Langfitt Decl. is a copy of a DHS/OHA Policy and Procedure Summary signed by Ms. Coyner which provides for confidentiality. Langfitt Decl. Ex. 1, ¶2.

FamilyCare ignores the prohibitions of ORS 244.040, which provide that a person who has ceased to be a public official may not attempt to further his or her personal gain through the use of confidential information gained in the course of or by reason of holding a position as a public official or his/her activities. ORS 244.040(5). FamilyCare does not show that

/ / /

Page 6 -     Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1      MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Ms. Coyner's present consulting work involves any data or any CCO data she saw when working for OHA.

**(C)     No waiver by Eastern Oregon.**

In general, FamilyCare's argument of waiver of confidentiality and of AEO designations does not stand up.  It is not the CCOs who permitted the alleged access to the information by Lewis & Ellis or Coyner, but it was OHA, if it happened at all.  Originally, FamilyCare sought access to the CCO information through a public records request to OHA, and OHA refused to divulge that information because of confidentiality under ORS 192.501(2), 192.502(9).

**(D)     The alleged volume of the AEO designated documents does not support FamilyCare's argument.**

FamilyCare asserts that there are approximately 19,000 AEO designated documents.  This number does not support FamilyCare's argument.  We do not know how many of these AEO documents are based on OHA's own confidentiality, and not the confidentiality of the CCOs.  We do not know how many iterations there are of the same document or information.  There are 13 CCOs whose information is being sought by FamilyCare.  On average, that is less than 1500 documents per CCO.

Eastern Oregon has tried to accommodate FamilyCare's claimed problems arising from the AEO designations, by clarifying its position, and continuing to seek protection for information specific to Eastern Oregon.  See Langfitt Decl., Ex. 2, ¶3.

/ / /

/ / /

/ / /

Page 7 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**(E)**    **The limited relevance, if any, of Eastern Oregon's financial information does not outweigh Eastern Oregon's interest in the confidentiality of its information.**

In its Opinion and Order of June 1, 2018 (Doc. 106), this Court concluded that FamilyCare had no independent right to actuarially sound rates; that FamilyCare had no protected property interests in receiving actuarially sound rates; and that there was nothing in FamilyCare's contract with OHA which gave FamilyCare a right, or reasonable expectation of a right, to actuarially sound rates.  In its Order of September 21, 2018 (Doc. 255), this Court granted OHA's motion for summary judgment on FamilyCare's APA claims for the same reasons.  FamilyCare's past rationale for access for non-party CCO financial information was based upon its claim that it was entitled to actuarially sound rates.  That foundation no longer exists.

FamilyCare has not explained why Eastern Oregon's information, based upon providers and a population in rural Oregon, has any relevance to FamilyCare's remaining retaliation and breach of contract claims.  FamilyCare's rates involve an urban population with urban providers.  Non-Portland area CCO information has little, or no, relationship to the Portland metropolitan setting.  However, under the expected CCO 2.0 RFP, bidding and contracting process, it appears that any CCO entity can compete for any territory, and this leaves Eastern Oregon open to competition from not only FamilyCare, but any other CCO.  The burden of violating Eastern Oregon's confidentiality outweighs and is not proportional to the relevance of the information sought by FamilyCare.

/ / /

/ / /

Page 8 -    Eastern Oregon Coordinated Care Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit Access to AEO Documents

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**6.     FamilyCare's restricted interpretation of the Protective Order wants the nine warrants denying its motion**

Paragraph 10 of the Protective Order prohibits the use of AEO-Designated Documents by a recipient to assist a CCO competitor in Medicaid program rate setting, including contract bids, in Oregon through the rate-setting process for 2021 rates.  It also prohibits a recipient from assisting any entity who seeks to compete with a CCO-related entity…in the rate region in which the related entity provides services through the rate setting process for 2018 rates or with the contract bidding during 2018.  *See* Protective Order, Declaration of Mathew Mertens, Ex. 1, p. 7 (Doc. 252-, p. 7).  FamilyCare argues that this prohibition on applies to <u>rate setting</u> and not the RFP, contract bid and contract negotiations under OHA's CCO 2.0 process.  When the Protective Order was entered, FamilyCare employees were prohibited from access to AEO documents, and the prohibitions were aimed at actuarial experts.  FamilyCare should not be allowed to take advantage of the timing of OHA's contract bidding process.  FamilyCare should not be allowed to add access for its own employees under its narrow interpretation of the Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4838-5248-6005.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**7.      Conclusion**

For the reasons stated above, Eastern Oregon requests the Court to deny

FamilyCare's Motion to Permit Access.


DATED this 2nd day of October, 2018.

                              MILLER NASH GRAHAM & DUNN LLP


                              *s/ Frank V. Langfitt*
                              Frank V. Langfitt, OSB No. 731770
                              frank.langfitt@millernash.com
                              Phone: 503.224.5858
                              Fax: 503.224.0155

                              Attorneys for Intervenor Eastern Oregon
                              Coordinated Care Organization LLC

4838-5248-6005.1                      MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Eastern Oregon Coordinated Care

Organization's Memorandum in Opposition to Plaintiff FamilyCare, Inc.'s Motion to Permit

Access to AEO Documents on:

Stephen F. English
Thomas R. Johnson
Brian P. Samuelson
1120 NW Couch Street, 10th Floor
Portland, Oregon 97209
E-mail: senglish@perkinscoie.com
E-mail: trjohnson@perkinscoie.com
E-mail: bsamuelson@perkinscoie.com

Matthew P. Gordon
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
E-mail: mcurtice@perkinscoie.com
E-mail: mgordon@perkinscoie.com

*Attorneys for Plaintiff*

Brian M. Parrott
Brian M. Parrott, LLC
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
E-mail: brian@bparrott-law.com

*Attorney for Primary Health of Josephine
County, LLC*

Joel A. Parker
Jeffrey Hern
Schwabe Williamson & Wyatt, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204
E-mail: jparker@schwabe.com
E-mail: jhern@schwabe.com
*Attorneys for Trillium Community Health
Plan, Inc.*

Renee Stineman
Carla Scott
Elleanor Chin
Department of Justice
Special Litigation Unit
100 SW Market Street
Portland, Oregon 97201
E-mail: renee.stineman@doj.state.or.us
E-mail: carla.a.scott@doj.state.or.us
E-mail: elleanor.chin@doj.state.or.us

Matthew A. Levin
Markowitz Herbold PC
1211 SW 5th Avenue, Suite 3000
Portland, Oregon 97204
E-mail: MattLevin@MarkowitzHerbold.com

*Attorneys for Oregon Health Authority*

Elizabeth C. Knight
Michael D. Crew
Dunn Carney Allen Higgins & Tongue
851 SW Sixth Avenue, Suite 1500
Portland, Oregon 97204
E-mail: eknight@dunncarney.com
E-mail: mcrew@dunncarney.com

*Attorneys for AllCare CCO, Inc.*

Daniel P. Larsen
Ater Wynne LLP
1331 NW Lovejoy, Suite 900
Portland, Oregon 97209
E-mail: dpl@aterwynne.com

*Attorney for Columbia Pacific CCO, LLC
and Jackson Care Connect*

Page 1 -     Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 503.224.5858 | F: 503.224.0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Anna Sortun
Tonkon Torp, LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204
E-mail: anna.sortun@tonkon.com

*Attorney for Joint Intervenors Cascade
Health Alliance, LLC and Umpqua
Health Alliance, LLC*

W. Chris Jenkins
Samaritan Health Services
2300 NW Walnut Blvd.
Corvallis, Oregon 97330
E-mail: wjenkins@samhealth.org

*Attorney for Intercommunity Health
Network – Coordinated Care
Organization*

Arden J. Olson
Harrang Long Gary Rudnick PC 360 East
10th Avenue, Suite 300
Eugene, Oregon 97401
E-mail: arden.j.olson@harrang.com

*Attorney for Willamette Valley Community
Health, LLC*

Gregory A. Chaimov
Christopher F. McCracken
Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400
Portland Oregon 97201
E-mail: gregchaimov@dwt.com
E-mail: chrismccracken@dwt.com

*Attorneys for Non-Party Health Share of
Oregon*

Eric A. Lindenauer
Garvey Schubert Baer
121 SW Morrison Street, 11th Floor
Portland, Oregon 97204
E-mail: elindenauer@gsblaw.com

*Attorney for PacificSource Community
Solutions*

Peter F. Stoloff
Peter F. Stoloff PC
5285 Meadows Road, Suite 235
Lake Oswego, Oregon 97035
E-mail: pstoloff@peterstoloff-law.com

*Attorney for Yamhill Community Care
Organization*

by the following indicated method or methods on the date set forth below:

☒     **CM/ECF system transmission.**

DATED this 2nd day of October, 2018.

*s/ Frank V. Langfitt*
Frank V. Langfitt, OSB No. 731770
frank.langfitt@millernash.com

Of Attorneys for Non-Party Moda Health
Plan, Inc.

Page 2 -    Certificate of Service

4850-1225-7379.3                    MILLER NASH GRAHAM & DUNN LLP
                                                      ATTORNEYS AT LAW
                                      T: 503.224.5858 | F: 503.224.0155
                                         3400 U.S. BANCORP TOWER
                                           111 S.W. FIFTH AVENUE
                                          PORTLAND, OREGON 97204