**GREGORY A. CHAIMOV, OSB #822180**
gregorychaimov@dwt.com
**CHRISTOPHER F. MCCRACKEN, OSB #894002**
christophermccracken@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Non-Party Health Share of Oregon

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>      v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON<br><br>          Defendants. | Case No. 6:18-cv-00296-MO<br><br>**NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

When this case was in state court, Judge Armstrong struck a careful balance.  FamilyCare had sought broad discovery from the Oregon Health Authority ("OHA") of sensitive, financial information of its competitor, Health Share of Oregon ("Health Share"), and the other Coordinated Care Organizations ("CCOs").  Health Share and the other CCOs had objected. Health Share and the CCOs argued then, and still maintain, that their financial information is not relevant to the question whether OHA's rates for *FamilyCare* are actuarially sound.  *See*, Neiman

Page 1 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Decl., dkt # 64, ¶ 5, p. 3.[1]  FamilyCare justified its request for broad discovery by promising "robust" protections in the protective order.[2]  Judge Armstrong agreed, and struck the current balance.  He allowed FamilyCare broad discovery of its competitors' sensitive, financial information, but he adopted FamilyCare's robust protections.  He protected Health Share and the other CCOs by restricting FamilyCare's ability to use that information to inflict competitive harm.  The November 1, 2017 Protective Order, which reflects that balance, prohibits FamilyCare employees from viewing documents marked "Attorneys Eyes Only" ("AEO").  OHA, FamilyCare, the CCOs, and many third parties have relied on that order for nearly a year.  Nothing has happened to warrant the sweeping change FamilyCare seeks in its motion.

To the contrary, recent events demonstrate that the AEO protections are more important now than ever.  FamilyCare has now made clear it intends to reenter the Medicaid market and compete with Health Share.  FamilyCare also seeks new, fresh information from Health Share by a direct subpoena to Health Share.  And, after the state court entered the protective order, FamilyCare issued a dozen document subpoenas to other third parties who relied on the protective order when producing documents.

Having obtained the benefit of broad discovery in state court, FamilyCare's Motion seeks to upset the balance by eliminating the protections FamilyCare had promised.  This Court should decline to do so.

### A.    FamilyCare proposes a sweeping change to the Protective Order.

FamilyCare proposes that its Chief Operating Officer, Bill Murray, and its Director of Government Affairs, Art Suchorzewski, be permitted to see *all* AEO documents produced in this case by *anyone*.  FamilyCare suggests this is a modest change because the two employees would

---

[1] "The determination of whether . . .  Medicaid capitation rates developed by OHA are actuarially sound is not a comparative exercise between Coordinated Care Organizations."

[2] Health Share recounts the history of these assurances from FamilyCare in Health Share's opposition to FamilyCare's "Omnibus" Motion.  Dkt # 59, p. 2-5.

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

sign the Protective Order.  Actually, the proposal would gut the protections currently afforded to Health Share and the other CCOs.  Mr. Murray is *the* individual at FamilyCare most capable of using AEO information to the disadvantage of Health Share, and the other CCOs.  *See* Soderberg Decl., ¶ 3, dkt. # 230.  As the Chief Operating Officer for FamilyCare he participates in OHA procurements, rate-setting, and provider contracting, the very activities where FamilyCare could use Health Share's AEO information to unfairly compete.  *See, e.g.*, # Dkt.198.  Mr. Murray is a key business decision-maker for FamilyCare.  He competes with Health Share every day in contracting with medical providers and contracting with the State.  Mr. Murray poses an even greater risk of unfair competition than FamilyCare's actuary expert.[3]

FamilyCare's proposed change to the Protective Order would also impact other third parties.  FamilyCare has issued a dozen document subpoenas in this case to third parties, including all of the key players in the Medicaid market in the Portland tri-county region. McCracken Decl. ¶ 2.  Many of those third parties responded to the subpoenas by producing documents designated "AEO" in reliance on the Protective Order, making the AEO protections more important than ever.

FamilyCare's proposed change to the Protective Order would also strip AEO protection from new types of commercially sensitive documents, documents just as sensitive as the three documents that are the subject of FamilyCare's Motion to Down-Designate, dkt. # 196, including documents that contain provider-specific information.  In state court, when the parties and CCOs were negotiating the Protective Order, FamilyCare assured the CCOs that FamilyCare was not seeking information about particular rates of pay to particular providers.[4]  Similarly,

---

[3] FamilyCare offers no evidence as to why Mr. Suchorzewski needs to see everyone's AEO documents.  Mr. Suchorzewski is FamilyCare's lobbyist.  He has worked for FamilyCare for less than two years.

[4] McCracken Decl. Ex. 1 (" . . . [FamilyCare would] like to clarify that we're not seeking provider-level information with regards to [items] 11 and 12 – i.e., we're not seeking information about particular rates of payments to providers.")

Page 3 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

FamilyCare's motion to down-designate expressly stated that FamilyCare did not seek to down-designate Report L16, an AEO document containing provider-specific information, or a triangulation report Health Share had prepared which contained information regarding Health Share's plan partners. Dkt. # 196-4. FamilyCare's new motion suddenly reverses course. Contrary to prior assurances, the motion seeks to effectively down-designate of all such documents.

### B.    FamilyCare intends to reenter the Medicaid market.

The AEO protections are more important than ever because it is now clear that FamilyCare intends to reenter the Medicaid market as soon as possible. FamilyCare's reentry will start in a few months. OHA has announced that its next procurement cycle will likely begin in January 2019, to award contracts starting in 2020. McCracken Decl., Ex. 2.

FamilyCare had repeatedly argued that the AEO protections should be eliminated because FamilyCare had withdrawn from the market and was no longer competing with Health Share or the other CCOs. Dkt. # 30, p. 14; Dkt. # 196, p. 7-9. That is no longer true. During recent negotiations to amend the Protective Order, FamilyCare refused to accept terms which would screen Mr. Murray and Mr. Suchorzewski from participating in the 2020 procurement.[5] FamilyCare intends to return to the market. If FamilyCare's motion is granted then, starting immediately, FamilyCare could use Health Share's AEO information to injure Health Share.

### C.    Possible Changes to the 2020 procurement do not warrant eliminating AEO protection.

FamilyCare's September 7 letter to the Court argues that that Mr. Murray and Mr. Suchorzewski should see everyone's AEO documents because OHA might structure its 2020 procurement as a Request for Applications ("RFA") and that this RFA structure is not

---

[5] FamilyCare took the position that Mr. Murray and Mr. Suchorzewski might be screened from *rate-setting* for 2020, but not other aspects of procurement process. McCracken Decl., ¶ 4. As discussed below in Section C, the non-rate-setting aspects of the 2020 procurement are as commercially sensitive as the rate-setting aspects.

Page 4 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO
        PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

competitive.  FamilyCare's letter cited no legal authority or evidence to support this proposition.  FamilyCare's motion did not raise the argument at all.  The argument is incorrect.

First, OHA has not made a final decision whether to conduct an RFA.  OHA has issued a Notice of Opportunity indicating it expects to issue an RFA in January 2019 for contracts effective 2020, but the notice is not binding, and the final decision to use an RFA process has not yet been made.  McCracken Decl., Ex. 2.

Second, assuming OHA uses an RFA process for 2020, that does not mean the process will not be a competitive process.  OHA has not released details about how it will decide which CCOs receive contracts or how OHA will divide the Medicaid markets among CCOs who apply.  OHA's regulations for RFAs do not prohibit a competitive process.  Nor do the regulations require that every applicant be awarded a contract.  By regulation, OHA "may award multiple contracts or make a single award or a limited number of awards" to applicants who meet OHA's needs.  OAR 410-141-3010(11)(c).  There could be winners and losers in an RFA process.  And all applicants will compete to meet the qualifications that must be satisfied to apply.

OHA has, however, announced that the 2020 procurement will focus on cost containment and efforts by the CCOs to use value-based payments.[6]  Health Share's cost containment information and value-based payment methods are the precise types of information which would benefit FamilyCare in the RFA process and are the precise types of information Heath Share has sought to protect as AEO.  Health Share's AEO documents contain narrative discussions of Health Share's value-based payment methods, which FamilyCare could copy or try to improve on.  Soderberg Decl., ¶ 8, dkt. # 230, p.3-4.  The more a CCO pays using value-based payments, the more likely the CCO is to attract OHA's business.  *Id*.  This includes attracting business through an RFA process.  Information about value-based payments is so commercially sensitive that Health Share does not share that information with its own contractors.  *Id*.

---

[6] *See* Draft CCO 2.0 Report at www.oregon.gov/oha/OHPB/Documents/

Page 5 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO
       PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Third, FamilyCare's argument about changes to the 2020 procurement ignores the fact that Health Share, FamilyCare, and the other CCOs also compete *outside* the procurement process. They also compete for the services of health care providers. Dkt. # 230, p. 2-3. *See*, dkt. # 62, p. 4-5, Soderberg Decl. of March 30, 2018, ¶ 16-21 (detailing Health Share's development of provider pay structures and provider networks, explaining how FamilyCare and Health Share compete for providers, and explaining how FamilyCare could use AEO information to unfairly disrupt Health Share's networks and relationships). FamilyCare's motion, if granted, would allow FamilyCare to use Health Share's AEO information to harm Health Share in the competition for providers.

### D.    A former OHA employee's access to OHA's information does not warrant eliminating AEO protection.

FamilyCare next argues that the AEO protection should be eliminated because a former OHA employee who now works as a consultant, Lori Coyner, had access to CCO information when she was previously employed by OHA. This argument fails for several reasons.

First, FamilyCare does not offer any proof that Ms. Coyner has revealed any proprietary information to anyone. She has not. Coyner Decl., ¶ 6. She has not used, and would not use any confidential information she acquired while at OHA. *Id.* Ms. Coyner knows she has a legal obligation that prohibits her from seeking personal gain by using of confidential information she gained in the course of her employment. *Id. See also*, ORS 244.040(5). Accordingly, her consulting work does not involve the use of data she saw when working for OHA. *Id.*, ¶ 10. Instead, her consulting work involves analyzing *publicly-available* information to advise CCOs. *Id.* And, as a consultant, she has always abided by her employer's policies and standard contractual obligations to protect any clients' confidential information. *Id.*, ¶ 7, 8.

Second, FamilyCare overstates the type of information Ms. Coyner has seen. When she worked for OHA in 2015 and 2016, she reviewed some financial information CCOs submitted to OHA for the period 2014 – 15, but most of the data she reviewed was summaries of information.

Page 6 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

*Id.*, ¶ 9. She does not remember any specific, detailed financial information of any CCO she may have reviewed while at OHA. *Id.*

FamilyCare misstates Ms. Coyner's deposition testimony in this regard. FamilyCare's September 7, letter suggests that while employed by OHA she saw CCO-specific claims data. She testified to the opposite. She saw summaries, but she did *not* review claims level data due to *confidentiality* concerns: "we [OHA] operate with confidentiality in mind that you – you know, if you don't need to see data at that level, then you know, it's – it's better not to have everyone have access." McCracken Decl., Ex. 3. Ms. Coyner knows she should not use one company's proprietary information to aid another company. She hasn't and she won't.

**E.    Lewis & Ellis's access to documents does not warrant eliminating AEO protection.**

FamilyCare next argues that it should have access to *all* AEO information because OHA provided an actuarial firm, Lewis & Ellis, *some* CCO-specific financial information without any restriction on Lewis & Ellis. FamilyCare fails to identify the information OHA provided Lewis & Ellis. And FamilyCare fails to offer any proof that Lewis & Ellis has released that information or used the information in any way other than to assist OHA.

The argument is also factually incorrect. The Declaration of Jaqueline Lee establishes that Lewis & Ellis was subject to *many restrictions* on disclosure and use of CCO information and has abided by those restrictions. Lewis & Ellis received the information subject to a confidentiality agreement prohibiting Lewis & Ellis from disclosing or using the information. Lee Decl., ¶ 3, Ex. 1. Lewis & Ellis is an established actuarial firm that often receives confidential information. It therefore protects that information as its routine business practice, just like law firms and accountants protect their clients' information. *Id.*, ¶ 4. Lewis & Ellis also abides by the Code of Professional Conduct for actuaries which prohibits actuaries from disclosing their client's confidential information or competing where there might be a conflict of interest. *Id.*, ¶ 5. Lewis & Ellis has abided by the agreement, its business practices, and the

Page 7 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Code of Professional Conduct with respect to the CCO information it received from OHA. *Id*. As Ms. Lee testifies, Lewis & Ellis has not, will not, and lawfully *cannot* disclose or use the information. *Id*.

### F.    The Information is not stale.  Nor has FamilyCare limited its discovery requests to older information.

FamilyCare's September 7 letter argues that if Mr. Murray and Mr. Suchorzewski agree to not assist FamilyCare in rate-setting until the 2021 rate development cycle then "CCO-specific financial information from 2014-2017 will have zero competitive value by that time."  This argument fails for two reasons.

First, Health Share's and the other CCOs' data, even if it is several years old, retains its competitive value.  Soderberg Decl., ¶ 11, dkt. # 230.  The details for the 2020 procurement are not yet known, but OHA is likely to look back at several years' worth of data.  *Id*.  Indeed, that is how actuarial projections are made:  looking at past data and projecting forward.  That process starts this January.

Second, FamilyCare does not limit its requests for CCO information to the "2014 – 2017" time period.  FamilyCare continues to seek fresh financial information from Health Share for 2018.  FamilyCare has subpoenaed documents directly from Health Share.  FamilyCare recently refused Health Share's suggestion that the subpoena not cover documents generated after January 1, 2018, stating "[o]ur client [FamilyCare] is not willing to agree to the date limiter of January 1, 2018."  McCracken Decl., Ex. 5.  FamilyCare has a long history of seeking Health Share's financial information.  FamilyCare started in 2015.  Chaimov Decl. ¶ 1-3, dkt. # 229. FamilyCare has continued to seek Health Share's data through the present date.  *Id.* FamilyCare's many document requests and subpoenas in this case reveal an insatiable appetite for its competitors' most sensitive information.  FamilyCare's history teaches that FamilyCare will not stop pursuing the freshest information from Health Share and others as this case progresses into 2019 and possibly beyond.

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

The information sought is not stale and FamilyCare continues to pursue the freshest information available. FamilyCare's suggestion that Mr. Murray and Mr. Suchorzewski would only see stale information lacks support.

### G. FamilyCare failed to provide evidence supporting its proposed sweeping change to the Protective Order.

FamilyCare offered no evidence to warrant upsetting the balance Judge Armstrong struck in the Protective Order. Neither Mr. Murray nor Mr. Suchorzewski offered any testimony explaining why they need to see *any* AEO document, let alone *all* AEO documents produced by *anyone* in this case. Nor has FamilyCare offered a declaration from its expert saying that the expert is prejudiced and cannot perform his or her analysis without Mr. Murray and Mr. Suchorzewski seeing everyone's AEO documents. FamilyCare's expert and team of lawyers have had access to the documents for nearly a year.

FamilyCare's only evidence is a declaration from attorney Mertens. Dkt. # 252. Mr. Mertens testifies that FamilyCare's actuarial expert cannot discuss "portions" of one model with FamilyCare's employees and that Mr. Murray and Mr. Suchorzewski "have had to leave the room" during certain discussions with the expert. *Id*. Nowhere, however, is there any evidence that FamilyCare's expert cannot do his or her job without sharing AEO information with the two employees. Nowhere does FamilyCare identify specific AEO documents the expert is relying on.

Inconveniences, such as not seeing "portions" of one document, or having to leave the room during a discussion, are the exact inconveniences that come with every protective order containing AEO protections. Those inconveniences are exactly what FamilyCare accepted when, last year in state court, it offered a robust protective order in exchange for broad discovery of CCO documents. Nothing has changed to tilt the balance in FamilyCare's favor. Nothing has changed to warrant giving all documents containing Health Share's AEO information to the Chief Operating Officer of Health Share's main competitor.

Page 9 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS

4852-6536-8180v.2 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## H.    FamilyCare's requested relief is overbroad.

The relief FamilyCare requests, access to *all* AEO documents from *everyone*, is not commensurate with its claim of prejudice in preparing one expert report. FamilyCare's expert does not rely on all AEO documents. FamilyCare has made no effort to identify particular documents its expert needs to discuss with Mr. Murray and Mr. Suchorzewski to prepare the report. This case is approaching two years of age. At this stage, the legal teams for FamilyCare and OHA have identified the key documents important enough to be used as deposition exhibits, trial exhibits, or to support expert testimony. If FamilyCare believes one of those documents is inappropriately designated as AEO, then the Protective Order allows FamilyCare to raise that issue with the CCOs, request that the designation be removed, and bring the document to the Court's attention if the parties cannot agree. These procedures are working. The CCOs have responded to multiple requests from FamilyCare to review OHA's documents and the CCOs have removed AEO designations from *thousands* of those documents. Health Share and the other CCOs remain committed to respond to other requests in the future. FamilyCare's motion does not come remotely close to showing prejudice sufficient to support employee access to *all* AEO documents produced by *all* parties and third parties.

## CONCLUSION

Health Share respectfully asks that this Court deny FamilyCare's motion.

DATED this 2nd day of October, 2018.

**DAVIS WRIGHT TREMAINE LLP**

By  *s/ Christopher F. McCracken*
Gregory A. Chaimov, OSB #822180
gregorychaimov@dwt.com
Christopher F. McCracken, OSB #894002
christophermccracken@dwt.com
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Non-Party Health Share of Oregon

Page 10 – NON-PARTY HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE'S MOTION TO
    PERMIT ACCESS TO AEO DOCUMENTS

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains, 2984 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

DATED this 2nd day of October, 2018.

**DAVIS WRIGHT TREMAINE LLP**


By  *s/ Christopher F. McCracken*
    Gregory A. Chaimov, OSB #822180
    gregorychaimov@dwt.com
    Christopher F. McCracken, OSB #894002
    christophermccracken@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    Attorneys for Non-Party Health Share of Oregon

4852-6536-8180v.2 0095765-000004
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax