## McCracken, Chris

| | |
|---|---|
| **From:** | Brian Parrott <brian@bparrott-law.com> |
| **Sent:** | Thursday, September 14, 2017 3:19 PM |
| **To:** | Samuelson, Brian P. (Perkins Coie); Dan Larsen; Johnson, Thomas R., Jr. (Perkins Coie) |
| **Cc:** | Anna Sortun; Arden Olson; Chris Jenkins; Elizabeth Knight; Hern, Jeffrey D.; Langfitt, Frank; Michael D. Crew; Parker, Joel; 'Peter Stoloff'; Stan Austin; gwen.griffith@tonkon.com; Megan.Reuther@tonkon.com; Eric Lindenauer; Peck, Courtney R. (Perkins Coie); Brenner, Alletta S. (Perkins Coie); Gordon, Matthew P. (Perkins Coie); MCurtice@perkinscoie.com; English, Stephen F. (Perkins Coie) |
| **Subject:** | RE: FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs |
| **Attachments:** | DRAFT Amended Stipulated Protective Order (cco edits).docx; DRAFT Amended Stipulated Protective Order (compare).pdf |

Brian,

I'm attaching a clean copy of the Proposed Amended Stipulated Protective Order and a pdf clearly showing the recommended changes.

From your original message on this matter of September 6, we understood that these Amendments were at least partially generated by your discussions with Health Share and that the intent was to extend the same protections offered to Health Share to the other CCOs. However, I didn't see the language in the Proposed Order regarding the expert actuary not being an employee of FamilyCare and not being engaged to assist FamilyCare with rate setting, including contract bids, through the 2020 contract. From the CCOs standpoint, that prohibition should be applied to all parties who are given access to information marked "Attorney's Eyes Only," not just the actuary. In addition, the actuary should not be employed by FamilyCare or any other CCO through the 2020 contract.

Finally, these changes and comments represent a plurality of the CCOs. Given the relatively short time-frame we've been working with, I have not had a chance to confirm all these changes with all the CCOs. While the intent of the CCOs is to come up with an order that can be acceptable to all, each CCO will make an independent decision of the appropriateness of the Order.

Thanks,
Brian

brian@bparrott-law.com • phone: 503.607.2715 • fax: 503.607.2701

**From:** Samuelson, Brian P. (Perkins Coie) [mailto:BSamuelson@perkinscoie.com]
**Sent:** Thursday, September 14, 2017 1:20 PM
**To:** Dan Larsen <Dpl@aterwynne.com>; Brian Parrott <brian@bparrott-law.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>
**Cc:** Anna Sortun <anna.sortun@tonkon.com>; Arden Olson <arden.j.olson@harrang.com>; Chris Jenkins <wjenkins@samhealth.org>; Elizabeth Knight <eknight@dunncarney.com>; 'Hern, Jeffrey D.' <JHern@SCHWABE.com>; Langfitt, Frank <Frank.Langfitt@MillerNash.com>; Michael D. Crew <MCrew@dunncarney.com>; Parker, Joel <JParker@SCHWABE.com>; 'Peter Stoloff' <pstoloff@peterstoloff-law.com>; Stan Austin <stan.austin@modahealth.com>; gwen.griffith@tonkon.com; Megan.Reuther@tonkon.com; Eric Lindenauer <ELindenauer@gsblaw.com>; Peck, Courtney R. (Perkins Coie) <CPeck@perkinscoie.com>; Brenner, Alletta S. (Perkins Coie) <ABrenner@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>;

**MCCRACKEN DECL., EXHIBIT 1**
**Page 1 of 2**

MCurtice@perkinscoie.com; English, Stephen F. (Perkins Coie) <SEnglish@perkinscoie.com>
**Subject:** RE: FamilyCare v. Oregon Health Authority - Proposal regarding participation of CCOs

Brian,

With, Dan's additions, I have the following list of documents that the CCOs believe should not be produced by the State:

1. CCO Rate of Growth Tool
2. Exhibit L – all
3. Supplement Rate Templates, including all bid template files and subsequent versions of bid template files submitted for rate development using 2013-2015 base data, including all narrative information.
4. Claims and Encounter data submissions to the state
5. State enrollment data including premiums paid
6. MLR Template
7. Audited Financials
8. Actuarial Opinions
9. SNRG Reconciliation
10. FB 231 Primary Care template
11. Any records or detail data that would identify prescription drug prices or rates
12. Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals or any other providers
13. Regional rate models and supporting exhibits for the Southwestern, Northwestern and Eastern Oregon regions.

We have discussed this list with our actuary, and our actuary's position is that all of the categories of documents on this list are relevant to our claims, although we'd like to clarify that we're not seeking provider-level information with regards to 11 and 12—i.e. we're not seeking information about particular rates of payments to particular providers.

At a very high level, we intend to prove that OHA has been setting FamilyCare's rates in an unfair and actuarially unsound way. We need data showing how rates were set for other CCOs to determine whether FamilyCare has been treated differently than the other CCOs. At a slightly more specific level, the agreement between OHA and CMS puts a limit on how much OHA can increase the state-wide capitation rate year-over-year. FamilyCare's share of that increase has gotten smaller and smaller, and OHA hasn't told FamilyCare why that is, or how its costs are out of line with expectation. We're asking for the data above in an effort to assess why the total budget was allocated in a way that is inadequate to FamilyCare—first across regions based on average regional experience, and then across CCOs within each region based on average risk score. The regional rate models, for example, will allow us to identify the utilization and unit cost profile for each region to assess how attainable the Tri-County adjusted base data is for FamilyCare.

We're happy to work with the CCOs to provide protections for information that they consider confidential or trade secrets, but, as set out in our response to the motion to intervene, we respectfully submit that the appropriate way to do that is for the CCOs to designate information they believe to be trade secrets as Attorney's Eyes Only under the terms of the proposed amended protective order, which I have re-attached. We believe this strikes the appropriate balance between allowing FamilyCare to litigate its case and protecting the CCOs' information.

Please let me know if you think it would be productive to have another conference call to discuss these issues before the hearing on September 21. We are generally available this week and early next week, so please let me know what is convenient for you folks and we will work around your schedule.

Warm regards,
Brian

**Brian Samuelson | Perkins Coie LLP**
ASSOCIATE
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
E. BSamuelson@perkinscoie.com

**MCCRACKEN DECL., EXHIBIT 1**
**Page 2 of 2**