Eric A. Lindenauer, OSB #833721
elindenauer@gsblaw.com
Matthew J. Yium, OSB #054377
myium@gsblaw.com
Garvey Schubert Barer, P.C.
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

       Attorneys for Intervenor
       PacificSource Community Solutions

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>           Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>           Defendants. | Case No. 6:18-cv-00296-MO<br><br>PACIFICSOURCE COMMUNITY SOLUTIONS' OPPOSITION TO FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS<br><br>(Oral Argument Requested) |

## INTRODUCTION

PacificSource Community Solutions ("PacificSource") strongly opposes allowing

FamilyCare, Inc.'s Chief Executive Officer, Bill Murray, and Director of Government Affairs,

Art Suchorzewski, access to PacificSource AEO documents. A FamilyCare expert has long had

access to the documents under the current Protective Order. Adding these FamilyCare executives would be an unwarranted expansion and vitiate meaningful protection for PacificSource and other CCOs. Moreover, FamilyCare fails to demonstrate relevance of documents outside the Tri-County regional rate setting area and, even if relevant, why access by these FamilyCare executives is necessary.

PacificSource joins in and incorporates by reference Health Share's opposition. PacificSource also incorporates by reference PacificSource's prior response to FamilyCare's Motion to De-Designate AEO and Confidential Documents [Dkt. 41] and its supporting declarations. In support of this Opposition, PacificSource submits the additional Declaration of Julie Farrow.

## ARGUMENT

**A.**  **Information of CCOs outside the Tri-County region is irrelevant to FamilyCare's claim and, even if relevant, FamilyCare has the necessary access.**

This Court's rulings have established that FamilyCare has no direct claim based on alleged denial of actuarially sound rates. Presumably, FamilyCare contends rate analysis remains relevant to claims OHA discriminated against FamilyCare by offering subpar rates as revenge for various FamilyCare actions. But rates and the confidential underlying information supporting rates of CCOs such as PacificSource outside the Tri-County rate setting region where FamilyCare operated are irrelevant to such analysis. Rates are set at the regional level, with all claims data coming from the region only. Regional claims are adjusted by risk score, which is normalized by the region's risk score and an A/B hospital adjustment, which is also normalized to the region. Trends displayed in the rate certification are at the regional level. Thus, each region's rates are set based on that region's information and independently of other regions.

CCO data outside the Portland Tri-County area is not relevant to the Portland Tri-County area's rates. Declaration of Julie Farrow, ¶ 2.

Assuming *arguendo* relevance, FamilyCare's actuarial expert has and has had full access under the existing Protective Order.  The existing Order was negotiated with FamilyCare and entered by Judge Armstrong while FamilyCare still had direct claims alleging entitlement to actuarially sound rates and in contemplation that FamilyCare would analyze and present evidence on actuarial soundness.  The expert access allowed was determined as sufficient to allow FamilyCare to investigate and present expert testimony on actuarial soundness without undue prejudice to the CCOs.  FamilyCare fails to meaningfully explain why access by Mr. Murray or Mr. Suchorzewski is now suddenly necessary to analyze whether rates provided other CCOs are justified by their underlying confidential data submitted to OHA.[1]  Nothing has changed.

> **B.    Allowing FamilyCare management access will severely prejudice PacificSource and the existing Protective Order is inadequate protection.**

As explained in prior briefing, PacificSource understands OHA will likely use a competitive procurement process for 2020 Coordinated Care Organization ("CCO") contracts. OHA has not revealed specifics of the process.  It is possible OHA may choose to contract with fewer CCOs within the State of Oregon.  It is also possible other entities including FamilyCare will seek to serve the geographic regions in the Columbia Gorge and Central Oregon currently served by PacificSource.  To the extent FamilyCare can obtain or extrapolate either provider rates and pricing or, as importantly, existence or non-existence of provider engagement strategies

---

[1] FamilyCare suggests there has been over-designation of AEO documents.  At OHA's request, PacificSource reviewed PacificSource-related documents OHA designated AEO and directed downgrade where appropriate.  FamilyCare has not attempted to confer with PacificSource regarding any alleged remaining "over-designation" despite a provision in the Protective Order requiring conferral before bringing the matter before the court.

or methodologies such as value based payment, FamilyCare could use that to PacificSource's disadvantage in a CCO competitive bidding process.  Farrow Decl., ¶ 4.

The PacificSource information will not be stale in 2020.  In many instances, PacificSource may have multiyear contracts with providers.  In other instances, provider engagement methodologies as well as rates are likely to remain relatively stable through 2020.  Farrow Decl., ¶ 5.

The PacificSource concerns with FamilyCare's Motion to Permit Access to AEO documents are not limited to potential future participation of FamilyCare management employees in rate setting.  Based on their executive positions in the FamilyCare organization, Mr. Murray and Mr. Suchorzewski will be involved in the upcoming OHA procurement process when FamilyCare participates.  If they become privy to confidential information relating to whether PacificSource does or does not use alternative payment models, risk sharing, quality based metrics or benchmarks, shared savings, value based payment or other types of strategic provider engagement methodologies, the information will provide FamilyCare a competitive advantage in a contracting process independent of any rate setting that may be addressed in the process.  Farrow Decl., ¶ 6.

FamilyCare has expressly stated its position the existing Protective Order would only prevent Murray and Suchorzewski from involvement in any "rate setting" aspect of the procurement process.  Regardless of whether they refrain from involvement in any rate setting aspects, they would likely use any knowledge they gain, including knowledge of value based or similar provider engagement methodologies or lack thereof, to advantage FamilyCare over other CCOs in a contracting process.

### C.    Prior access by Lori Coyner and Lewis & Ellis is irrelevant.

Other than fulfilling its obligation to supply OHA with the information, PacificSource had no role in providing confidential information to Ms. Coyner and Lewis & Ellis. PacificSource has not waived the protection to which its information is entitled by reason of any access they may have had.

Ms. Coyner was the former OHA Medical Director.  To the extent she ever reviewed underlying PacificSource information, it is unlikely that after leaving OHA Ms. Coyner retained any detailed recollection of the information.  In any event, under ORS 244.040, Ms. Coyner is prohibited from using any confidential information she recalls.

It is unclear whether Lewis & Ellis actuaries have even reviewed confidential CCO information.  To the extent they did, Lewis & Ellis actuaries are similarly restrained by the Actuary Code of Professional Conduct which can be found at http://www.actuary.org/pdf/prof/code_of_conduct.pdf.  Precepts 7 and 9 of the Code prohibit conflicts of interest and use of confidential information learned through an engagement.

In short, to the extent Ms. Coyner and Lewis & Ellis have accessed and retained confidential PacificSource information that is not a basis to now allow FamilyCare executives access.

### CONCLUSION

Allowing FamilyCare executives access to PacificSource AEO information is unwarranted and unnecessary.  Information outside the Tri-County area is irrelevant and even if relevant, FamilyCare's actuary expert has the necessary access.  Allowing FamilyCare executives access to AEO information will severely prejudice PacificSource and other CCOs in upcoming contracting efforts with OHA.

DATED this 2nd day of October, 2018.

Respectfully submitted,

GARVEY SCHUBERT BARER, P.C.

By  *s/ Eric A. Lindenauer*
     Eric A. Lindenauer, OSB #833721
     elindenauer@gsblaw.com
     Matthew J. Yium, OSB #054377
     myium@gsblaw.com
     Telephone:  (503) 228-3939
     Fax:  (503) 226-0259

     Attorneys for Intervenor PacificSource
     Community Solutions

GSB:9700634.1