IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FAMILYCARE, INC., an Oregon non-profit corporation,

        Plaintiff,

v.

OREGON HEALTH AUTHORITY, and agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,

        Defendants.

Case No. 6:18-cv-00296-MO

DECLARATION OF GREG SCOTT – PARALEGAL OF MARKOWITZ HERBOLD, PC

I, Greg Scott, declare under penalty of perjury as follows:

1. I am a paralegal at Markowitz Herbold PC which represents Oregon Health Authority ("OHA") and Patrick Allen.

2. I have personal knowledge of the matters discussed in this declaration and I have been directly involved in the supervision and production of materials in this case on behalf of OHA.

3. A copy of the Lewis & Ellis contract was produced in litigation by OHA. Exhibit 1 hereto. Exhibit A, Part 2, Special Provisions, Section 1(a) of the Lewis & Ellis contract provides, in part:

> (a) Contractor acknowledges that, in the course of performing its responsibilities under this Contract, it may be exposed to or acquire information that is confidential to Agency. For purposes of this Contract, except as set forth below, such confidential information includes all information that Agency provides to Contractor in connection with

1 | DECLARATION OF GREG SCOTT

performance of this Contract and all information as to personal facts and circumstances obtained by the Contractor on a recipient of Services ("Client") purchased under this Contract ("Confidential Information"). Contractor shall maintain the confidentiality of such Confidential Informational and protect it with at least the same degree of care it uses to protect its own confidential information, but in no event less than a reasonable degree of care.

4.      OHA also produced a copy of every document provided to Lewis & Ellis to FamilyCare in this litigation.  Those materials were produced on March 8, 2018 and are Bates stamped OHA_LIT_00570907-00573056 and OHA_LIT_00573062-00573077.

5.      Optumas did not designate any of the documents Bates stamped OHA_LIT_00570907-00573056 and OHA_LIT_00573062-00573077 as Attorneys' Eyes Only. However, ninety-six (96) documents in the same Bates range were marked Attorneys' Eyes Only at the request of the intervenor CCOs in this litigation.

6.      OHA also produced all work-product delivered to OHA by Optumas pursuant to the contract between OHA and Optumas.  These documents are Bates stamped with the Bates pre-fix "OPT."

7.      Optumas only requested OHA to designate seven (7) of the documents produced under the "OPT" pre-fix as Attorneys' Eyes Only.

I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT IT IS MADE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  I FURTHER UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT.

DATED this 2nd day of October, 2018.

By: _____

2 | DECLARATION OF GREG SCOTT