IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FAMILYCARE, INC., an Oregon non-profit corporation,

    Plaintiff,

v.

OREGON HEALTH AUTHORITY, and agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,

    Defendants.

Case No.  6:18-cv-00296-MO

DECLARATION OF KEVIN O'MALLEY

I, Kevin O'Malley, declare under penalty of perjury as follows:

1. I am an attorney representing Schramm Health Partners, LLC dba Optumas ("Optumas") in connection with *Family Care, Inc. v. Oregon Health Authority,* No. 3:18-cv-00212-MO filed in the Portland Division of the United States District Court for the District of Oregon.

2. On September 17, 2018, I placed a call to FamilyCare's attorney, Steve English, to discuss several letters submitted to the Court by FamilyCare and Health Share concerning a potential amendment to the general Protective Order in this case that would allow certain FamilyCare employees access to documents marked AEO by the intervenor CCOs. I was concerned that the proposed language being discussed by FamilyCare and Health Share was overly broad and would incidentally include documents that Optumas produced in this litigation pursuant to the separate Protective Order for Optumas Documents as AEO.  Mr. English

1 | DECLARATION OF KEVIN O'MALLEY

informed me that he was not the point of contact for this issue and that I should contact Amanda Beane, which I tried to do unsuccessfully.

3.     Later that day, after the close of business, I was contacted by Matt Gordon who informed me that FamilyCare did want Optumas to stipulate to allow two of FamilyCare's employees access to all of the documents Optumas produced in this litigation as AEO.  While I told him Optumas would consider the request, I reiterated Optumas' request that FamilyCare identify a specific list of the Optumas AEO documents these employees needed to see so that Optumas could try and work something out with FamilyCare.  Ex. 1, 10/18/18 email exchange between K. O'Malley to M.Gordon.

4.     The following afternoon, September 18, 2018, Mr. Gordon emailed me that FamilyCare intended to file a motion unless Optumas would stipulate to providing FamilyCare's employees access to AEO documents.  He asked for my response by close of business.  *Id.*

5.     Given that there are approximately 4,500 documents marked AEO by Optumas and Mr. Gordon was providing Optumas with less than 24 hours to consider its request, I informed FamilyCare that it should file its motion.  *Id.*

6.     I do not believe that FamilyCare's last minute efforts to reach out to Optumas qualify as good faith conferral under Local Rule 7-1 on an issue as important as determining whether FamilyCare employees can access approximately 4,500 documents marked AEO by Optumas.  Especially, when Optumas previously solicited FamilyCare to provide it a list of AEO documents as far back as the July 30, 2018 hearing before this Court, but FamilyCare took no action to provide any such list to Optumas.  Had FamilyCare provided a specific list of documents to Optumas, I believe Optumas and FamilyCare could have reached an agreement, or at least narrowed the dispute to a much smaller set of AEO documents.

2 | DECLARATION OF KEVIN O'MALLEY

I DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY

KNOWLEDGE AND BELIEF, AND THAT IT IS MADE UNDER PENALTY OF

PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  I FURTHER

UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT.

DATED this 28th day of September, 2018.

By: _____
Kevin O'Malley, Esq.
Attorney for Non-Party Schramm
Health Partners, LLC dba Optumas

3 | DECLARATION OF KEVIN O'MALLEY