| | |
|---|---|
| **From:** | Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com> |
| **Sent:** | Tuesday, September 18, 2018 5:26 PM |
| **To:** | O'Malley, Kevin E. |
| **Cc:** | Sonia A. Montalbano; Thompson, Christopher W.; Beane, Amanda J. (Perkins Coie); Samuelson, Brian P. (Perkins Coie); Mertens, Matthew (Perkins Coie) |
| **Subject:** | RE: Protective order |

Kevin,

As I explained on our call yesterday, your proposal to provide a list of documents is not workable given the volume of documents designated as AEO and the difficulty in identifying the universe of documents Mr. Murray and Mr. Suchorzewski need to see without the ability for them to have any input into that process. We've tried many different approaches to dealing with this issue, but none have proven workable, in large part because of the rampant over-designation of documents as AEO, which has prejudiced and continues to prejudice FamilyCare.

We believe our proposal, to allow Mr. Murray and Mr. Suchorzewski to view AEO documents if they agree to be bound by the same restrictions as other signatories to the protective order, to be a reasonable and logical solution that addresses the need for our client to see documents while protecting Optumas's interests. Indeed, the concerns expressed by Optumas that led to the entry of the protective order—that another actuary would use Optumas's "secret sauce" for competitive advantage—are less salient in these circumstances, given that neither of the FamilyCare employees is an actuary or works for an actuarial firm. And given that Optumas turned over many of these documents to a direct competitor, Lewis & Ellis, without *any* restrictions on Lewis & Ellis, suggests that Optumas's concerns were overstated in any event.

As to timing, you'll recall that we reached out to Chris Thompson in your office last week to discuss this issue but did not receive a return call.

-Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**From:** O'Malley, Kevin E. <kevin.omalley@gknet.com>
**Sent:** Tuesday, September 18, 2018 4:01 PM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>
**Cc:** Sonia A. Montalbano <Sonia@eoplaw.com>; Thompson, Christopher W. <chris.thompson@gknet.com>
**Subject:** RE: Protective order

Matt,
A few points of perspective. I reached out to your firm to confirm that despite some ambiguously broad language in the correspondence between your office and counsel for the CCO's, your request to allow Mr. Murray and Mr. Suchorzewski to have access to AEO documents was limited to CCO materials. I thought that was a reasonable assumption since the issue regarding Optumas documents was raised at the hearing in July and no one followed up on my offer to review a list of Optumas AEO documents that you wanted to show to Mr. Murray, as required by the Optumas Protective Order. In addition, we were not asked to participate in any of the negotiations apparently taking place regarding your effort to expand the scope of the pending motion that clearly only involves CCO documents.
I did appreciate you returning my call after business hours yesterday to say that you wanted to propose a broad stipulation to allow those Family Care employees to also have access to all Optumas AEO documents. I told you I would

1

**EX 1**

pass on your request to my client, and I have reached out to him today. At the same time, I reiterated my request that you send a list of the AEO documents which you consider necessary for these gentlemen to review to assist in your preparation for trial and we would try in good faith to work something out. I take it from your message below that you have rejected my proposal. And since you are providing us with less than 24 hours to consider your request, which covers about 4500 documents, you should go ahead and file your motion if you think that is appropriate.
Regards
Kevin


**From:** Gordon, Matthew P. (Perkins Coie) [mailto:MGordon@perkinscoie.com]
**Sent:** Tuesday, September 18, 2018 12:51 PM
**To:** O'Malley, Kevin E. <kevin.omalley@gknet.com>
**Cc:** Beane, Amanda J. (Perkins Coie) <ABeane@perkinscoie.com>; Samuelson, Brian P. (Perkins Coie) <BSamuelson@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Subject:** Protective order

Kevin,

Thank you for your time yesterday to confer about our proposed stipulation to add Mr. Murray and Mr. Suchorzewski as individuals who can see AEO documents subject to the restrictions in the Optumas protective order.

If your client is unwilling to so stipulate, we intend to file a motion with the court. Please let me know your client's position by COB today.

Thank you,
Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.
This message and any of the attached documents contain information from the law firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

EX 1