**Joel A. Parker,** OSB #001633
Email:  jparker@schwabe.com
**Jeffrey D. Hern,** OSB #043138
Email: jhern@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile:  503.796.2900

> *Of Attorneys for Trillium Community
> Health Plan, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>                    Plaintiff,<br>          v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON,**<br><br>                    Defendants. | No. 6:18-cv-00296-MO<br><br>**TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER IN HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**<br><br>ORAL ARGUMENT REQUESTED |

**JOINDER IN OPPOSITION**

Trillium Community Health Plan, Inc. ("Trillium") hereby joins and incorporates by

reference the arguments set forth in Health Share of Oregon's Opposition to FamilyCare, Inc.'s

Motion to Permit Access to Attorneys' Eyes Only ("AEO") Documents, including the supporting

Page 1 -    **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION
TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO
DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

declarations, (the "Health Share Opposition") filed on this same day, that asserts and explains at length why two FamilyCare employees, William Murray and Art Suchorzewski, should not be permitted to access all documents designated as AEO in this litigation.  Trillium also joins and incorporates by reference arguments set forth in other Coordinated Care Organizations' ("CCOs") joinders in the Health Share Opposition, filed on this same day, that support the opposition points as well as explain why the AEO documents of "out-of-region" CCOs, like Trillium, are not relevant to FamilyCare's remaining claims and should not be accessed by FamilyCare employees.  Finally, Trillium sets forth a few supplemental arguments regarding "out-of-region" CCOs for the Court's consideration of these issues.

This joinder is supported by the Court's file and records, as well as the accompanying declarations of Brandie Whitmire ("Whitmire Decl.") and Jeffrey Hern ("Hern Decl."), with exhibits thereto.

**SUPPLEMENTAL ARGUMENTS**

**A.    The "Out-of-Region" CCOs' AEO Documents Should Keep their Same Protections as Agreed to and Ordered in November 2017.**

In the prior state court proceedings, plaintiff FamilyCare, Inc. ("FamilyCare") served broad discovery requests on the Oregon Health Authority ("OHA") that, first in June 2017, sought confidential, proprietary, trade secret, and commercially sensitive documents and information regarding "***each and every***" CCO in the State of Oregon.  (*See, e.g.*, FamilyCare's First Requests for Prod. Nos. 19 and 31, June 1, 2017 – Ex. A to Hern Decl.)  These expansive requests implicated the highly sensitive and proprietary materials of fourteen (14)

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

"out-of-region" CCOs.[1]  Notably, FamilyCare never served a subpoena on these CCOs (like it had Health Share), but sought the proprietary materials through discovery requests to OHA.[2]  In response, the fourteen "out-of-region" CCOs moved to intervene in the state court proceedings in August 2017.  (*See generally* Non-Parties' Mot. to Intervene, Aug. 10, 2017 – Ex. B to Hern Decl.; Joint Intervenors' Mot. for Protective Order, Sept. 27, 2017 – Ex. C to Hern Decl.)  Intervention was the mechanism by which these CCOs would protect their documents and information from improper and harmful disclosure to FamilyCare.  (*Id.*)  The "out-of-region" CCOs also would—and have preserved their rights to—challenge the relevancy of their information to FamilyCare's claims.  (*Id.*)  Such relevancy arguments are rooted in the fact these fourteen CCOs did not cover the same Medicaid population—the Portland "Tri-County" region—as FamilyCare during the rate-setting periods at issue.  (*Id.*)  On September 27, 2018, the Oregon state court judge granted intervention to the "out-of-region" CCOs for the limited purpose of objecting to discovery requests and entering a protective order.  (Order Granting Intervention, J. Armstrong, Sept. 27, 2017 – Ex. D to Hern Decl.)

---

[1] As used herein, the term "out-of-region CCOs" refers to:  AllCare CCO, Inc.; Cascade Health Alliance, LLC; Columbia Pacific CCO, LLC; Eastern Oregon Coordinated Care Organization, LLC; Intercommunity Health Network – Coordinated Care Organization; Jackson Care Connect; PacificSource Community Solutions; PrimaryHealth of Josephine County, LLC; Trillium Community Health Plan, Inc.; Umpqua Health Alliance; Western Oregon Advanced Health, LLC; Willamette Valley Community Health, LLC; and, Yamhill Community Care Organization.

[2] Tellingly, FamilyCare previously sought the same or similar materials through Public Records Law requests in or around August 2015, but was rebuffed by OHA because the information is exempt from disclosure under trade secret and other Public Records Law Exemptions.  (*See* Letter from Keely West, OHA, to FamilyCare's counsel, Aug. 25, 2015 – Ex. E to Hern Decl.)

Page 3 -  **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

The Court and interested parties, including the "out-of-region" CCOs, then engaged in extensive negotiations and hearings on the terms of a protective order. Such proceedings culminated in the entry of a "CCO Protective Order" on November 1, 2017. (Ex. F to Hern Decl.) As evidenced by the terms of that Protective Order, FamilyCare "acknowledge[d] and agree[d]" that its discovery requests may seek confidential and proprietary information from the CCOs and that the CCOs should be "ensure[d]" an opportunity to protect such information. (*Id.,* at ¶ 5, p. 3, lns. 12-18.) The CCO Protective Order also prohibits FamilyCare employees from accessing AEO documents. (*Id.,* at ¶¶ 9, 10.) And FamilyCare expressly "agree[d]" that "any person who receives or reviews [AEO] documents or information will not assist … FamilyCare … with Medicaid program rate setting, including contract bids, in Oregon through the rate-setting process for 2021 rates." (*Id.,* at ¶ 10, p. 7, lns. 4-8.) Such critical protections, including prohibiting FamilyCare employees' access to AEO documents, were agreed to and ordered in November 2017 and should remain in place. (*See generally* Health Share Opp'n; Whitmire Decl.; Non-Parties' Mot. to Intervene; Joint Intervenors' Mot. for Protective Order.)

**B.    The "Out-of-Region" CCOs' Need for AEO Protections Has Not Changed Since November 2017.  The Scales Have Shifted, if Any Way, in Favor of AEO Protections Based on the Dismissal of Certain FamilyCare Claims and the Uncertainty Surrounding "CCO 2.0."**

Nearly one year later, FamilyCare seeks wholesale removal of long-standing agreements and protections in the CCO Protective Order entered November 1, 2017. With the present motion, FamilyCare requests two critical FamilyCare employees, William Murray and Art Suchorzewski, obtain access to *all* AEO documents from *every* CCO and others in 2018. (*See* FamilyCare's Mot. to Permit Access to AEO Documents [Dkt 251] ("FamilyCare AEO Access Mot."), Sept. 18, 2018.) This request would effectively remove all AEO protections for CCOs in

Page 4 -    **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

this case. (*See generally* Health Share Opp'n; Whitmire Decl.) The removal of the AEA protections purportedly would facilitate FamilyCare completing some unidentified portion of at least one expert report. (Hearing Tr.,75:21-76:1; 76:22-25, Sept. 21, 2018 – Ex. G to Hern Decl.) However, without more, FamilyCare has not advanced a compelling reason for the wholesale removal of critical confidentiality protections.

In its motion, FamilyCare also suggests that the need for AEO protections has been reduced due to changes in circumstances. Such arguments are unavailing. To the extent circumstances have changed, they weigh more in favor of AEO protections based on the disposition of certain FamilyCare claims and the uncertainty surrounding "CCO 2.0" and FamilyCare's participation in that process.

1.    **Based on Recent Rulings, the CCOs' Relevancy Arguments Now Weigh More in Favor of AEO Protections.**

As mentioned above, the "out-of-region" CCOs have long asserted that their documents and information are not relevant to FamilyCare's claims in this litigation. (*See* Non-Parties' Mot. to Intervene, at 5-6; Joint Intervenors' Mot. for Protective Order, at 7-9.) These CCOs reassert (through Health Share's Opposition and joinders) the same or similar relevancy arguments in opposition to FamilyCare's AEO Access Motion.

The relevancy arguments, in sum, have been that the "out-of-region" CCOs' financial and proprietary information is not relevant to FamilyCare's overarching claim that it did not receive "actuarially sound" rates from OHA where actuary soundness is determined by a review of the "population covered" under the CCO contract. *See* 42 C.F.R. § 438.4; 42 C.F.R. § 438.5; *see also* Non-Parties' Mot. to Intervene, at 5-6; Joint Intervenors' Mot. for Protective Order, at 7-9. Indeed, the fourteen "out-of-region" CCOs did not cover the same populations as FamilyCare

Page 5 -    **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

(*i.e.*, the Portland "Tri-County" Medicaid population and region) during the rate-setting periods at issue. (*Id.*) As such, the "out-of-region" CCOs' data and information has always lacked relevance to FamilyCare's overarching claim in this litigation.

Further, the CCOs' relevancy arguments are even more compelling now that this Court disposed at summary judgment of FamilyCare's claims challenging the actuarial soundness of OHA's 2017 and 2018 rates. (*See* Hearing Tr. 41:10-14 (granting summary judgment in OHA's favor on FamilyCare's Fourth and Eleventh Claims); FamilyCare's Fourth Am. Compl. [Dkt 111], ¶¶ 115-121; 155-160 (setting forth those disposed claims).) FamilyCare's need for other CCOs' proprietary data and information is significantly lessened, if not eliminated, by the disposition of those claims. This change in circumstances, if anything, weighs more in favor of maintaining the long-standing AEO protections.

### 2. The Uncertainty Surrounding "CCO 2.0" Weighs in Favor of AEO Protections.

FamilyCare also contends that OHA's upcoming procurement process, "CCC 2.0," reduces the need for AEO protections. The opposite is true. The uncertainty surrounding CCO 2.0, as well as FamilyCare's participation in that process,[3] weighs in favor of keeping the current AEO protections in place. Moreover, Trillium understands OHA will likely use a competitive procurement bidding process for 2020 CCO contracts. (Whitmire Decl. ¶ 5.) OHA has not revealed specifics of the process. (*Id.*) It is possible OHA may choose to contract with fewer CCOs within the State of Oregon. (*Id.*) It is also possible other entities will bid on serving the geographic regions in Southwestern Oregon currently served by Trillium. (*Id.*) To the extent a

---

[3] (*See* Health Share Opp'n, p. 4 (discussing FamilyCare's intention to reenter the Medicaid market).)

**TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

potential competitor, like FamilyCare, can obtain or extrapolate proprietary information from AEO documents, such a competitor could use that to Trillium's disadvantage in a CCO 2.0 bidding process. (*Id.*, at 4-8.) The uncertainty surrounding CCO 2.0 and FamilyCare's (including Mr. Murray's and Mr. Suchorzewski's) participation, thus, further supports maintaining the CCOs' AEO protections for the foreseeable future.

> **3.      FamilyCare's Purported "Assymetry" of Information Does Not Apply to Trillium and Other CCOs.**

Last, FamilyCare has argued for down-designation of certain AEO documents on the basis that Health Share allegedly possesses detailed information about FamilyCare, such that disclosure of the AEO documents would not create an "information asymmetry" that FamilyCare could exploit to gain an unfair advantage. (Family Care Mot. to Compel Down-Designation of AEO Documents [Dkt 196], Aug. 17, 2018, p. 8). This argument lacks merit as to Trillium and most other out-of-region CCO's. While Health Share purportedly may have obtained some information about FamilyCare when FamilyCare shut down at the end of 2017 and its members were transferred to other "in-region" CCO's, Trillium—an "out-of-region" CCO—did not take on any FamilyCare members, nor did it receive any FamilyCare information as part of FamilyCare's shutting down. FamilyCare's "lack of information asymmetry" argument is thus inapplicable to Trillium. Given FamilyCare's failure to identify a legitimate need for its employees to review AEO documents pertinent to Trillium or other out-of-region CCO's, there is no reason for the Court to modify the previously entered protective order as to such documents.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CONCLUSION

For the foregoing reasons, Trillium Community Health Plan, Inc. respectfully requests

that this Court deny FamilyCare's Motion to Permit Access to AEO Documents.

Dated this 2nd day of October, 2018.

Respectfully submitted by,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Jeffrey Hern
        Joel A. Parker, OSB #001633
        Email: jparker@schwabe.com
        Jeffrey Hern, OSB #043138
        Email:  jhern@schwabe.com
        Facsimile: 503.796.29

*Attorneys for Trillium Community Health Plan, Inc.*

Page 8 -    **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,601 words, including headings, footnotes, and quotations, but excluding the caption, signature block exhibits, and any certificates of counsel.

DATED this 2nd day of October, 2018.

Respectfully submitted by,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Jeffrey Hern
       Joel A. Parker, OSB #001633
       Email: jparker@schwabe.com
       Jeffrey Hern, OSB #043138
       Email:  jhern@schwabe.com
       Facsimile: 503.796.29

       *Attorneys for Trillium Community Health Plan, Inc.*

Page 9 -    **TRILLIUM'S JOINDER IN HEALTH SHARE'S OPPOSITION TO FAMILYCARE'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900