**Joel A. Parker,** OSB #001633
Email: jparker@schwabe.com
**Jeffrey D. Hern,** OSB #043138
Email: jhern@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile:  503.796.2900

> *Of Attorneys for Trillium Community*
> *Health Plan, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON,**<br><br>            Defendants. | No. 6:18-cv-00296-MO<br><br>**DECLARATION OF BRANDIE WHITMIRE IN SUPPORT OF TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER IN HEALTH SHARE OF OREGON'S OPPOSITION TO FAMILYCARE, INC.'S MOTION TO PERMIT ACCESS TO AEO DOCUMENTS** |

I, Brandie Whitmire, hereby declare as follows:

1.      I am the Director of Finance for Trillium Community Health Plan, Inc.

("Trillium").  In that capacity, I am responsible for various financial matters relating to

Trillium's Medicare Advantage and Medicaid (Oregon Health Plan) lines of business.  I make

this declaration in support of Trillium's Joinder in Health Share of Oregon's Opposition to

FamilyCare, Inc.'s Motion to Permit Access to AEO Documents.  I am over the age of 18 years,

Page 1 -    **DECLARATION OF BRANDIE WHITMIRE**

competent to make this declaration, and do so on the basis of my personal knowledge of the facts set forth herein, except when noted to the contrary.

2.      The documents and categories of documents which Trillium has identified and requested in this litigation as needing "Attorneys' Eyes Only" ("AEO") protections contain confidential, trade secret, proprietary, and/or commercially sensitive information of Trillium.[1] Such information is protected as such because access to the information would give a person significant knowledge of Trillium's financial status, its policies and programs intended to improve its performance as a Coordinated Care Organization ("CCO"), and contract and rate information pertaining to contractual relationships with contractors, providers, and suppliers. Such information, except as required by disclosures to Oregon Health Authority ("OHA") or other government agencies, is kept confidential by Trillium because it could provide a Trillium competitor with an advantage if known.  Such information also is only accessible by authorized Trillium staff who work in the finance department or have been approved by leadership.

3.      Attached hereto as "**Exhibit A**" is a true and correct copy of three letters from Trillium's counsel to FamilyCare's and OHA's counsel, dated November 10, 2017, January 19, 2018, and March 9, 2018.  The letter contain Trillium's requested AEO and Confidential designations in the format provided by OHA and pursuant to the Protective Order entered on November 1, 2017, in *FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17CV09226 (the "CCO Protective Order").

4.      I have reviewed and support Trillium's AEO and Confidential designations (along with a few clarifications previously provided) as proper—and still proper—in this matter to protect Trillium's confidential, trade secret, proprietary, and/or commercially sensitive documents and information.  Such designated materials, particularly AEO documents, contain—

---

[1] Such protections are also necessary for Trillium's related entities, including its parent company Centene Corporation ("Centene"), as well as Centene's other subsidiaries, like Trillium, that currently operate in numerous other states and utilize the same or similar confidential, trade secret, proprietary, and/or commercially sensitive Medicaid rate setting strategies and information.

or can be reverse engineered to reveal—highly confidential, trade secret, proprietary, and commercially sensitive information regarding, *inter alia*, Trillium's and its related entities' rate setting strategies, processes, and payment structures in Oregon and other states. Such materials—particularly AEO documents if accessed by FamilyCare employees like Bill Murray and Art Suchorzewski in the coming years—could be utilized in the rate setting process or contract bidding in the Oregon Medicaid market to unfairly advantage FamilyCare through at least 2021. Such materials similarly could be utilized to unfairly advantage other CCOs, new entrants in the market, or other third parties competing in the market.

5.      Trillium understands OHA will likely use a competitive procurement bidding process for 2020 Coordinated Care Organization ("CCO") contracts. OHA has not revealed specifics of the process. It is possible OHA may choose to contract with fewer CCOs within the State of Oregon. It is also possible other entities will bid on serving the geographic regions in Southwestern Oregon currently served by Trillium. To the extent a competitor can obtain or extrapolate either provider rates and pricing or methods of payment such as capitation, a competitor could use that to Trillium's disadvantage in a CCO competitive bidding process.

6.      The information that FamilyCare seeks to access will not be stale through at least 2021. In some instances, Trillium has multi-year contracts with providers. In other instances, provider pricing and payment methodologies remain relatively stable from year to year. Even where data is displayed in aggregate, it may be confidential, trade secret, proprietary, and/or commercially sensitive information. Trillium has only one or a few providers for certain services, in which case the aggregate data would allow a competitor to extrapolate provider pricing and payment methodologies.

7.      An additional reason that Trillium is concerned about disclosure is that some provider contracts (including, but not limited to, Trillium's contract with its pharmacy benefits manager) have confidentiality clauses, which prohibit Trillium from disclosing pricing.

8.      Trillium's concerns with FamilyCare's Motion to Permit Access to AEO Documents are not limited to potential future participation of FamilyCare management

Page 3 -    **DECLARATION OF BRANDIE WHITMIRE**

employees in rate setting.  Based on their positions in the FamilyCare organization, it is almost certain Mr. Murray and Mr. Suchorzewski will be involved in the upcoming OHA procurement process if FamilyCare participates.  If they become privy to AEO and confidential information relating to whether Trillium does or does not use alternative payment models, risk sharing, quality based metrics or benchmarks, shared savings, value based payment, or other specific provider engagement methodologies, the information will provide FamilyCare a competitive advantage in a bidding process independent of any rate setting that may be addressed in the process.

9.     Finally, the following provides a brief explanation of the rationale for the Trillium designations for certain categories of documents (as found in "Exhibit A" hereto):

(a)     CCO Rate of Growth Tool. The Rate of Growth Tool compares provider costs between years and addresses reasons for cost changes.  It contains information on which providers are capitated and which are not.  The document also explains reasons for cost changes.  These reasons could provide others with competitive information.  In addition, some of the Trillium provider contracts have confidentiality clauses.  Accordingly, the Trillium identified portions of the Rate of Growth Tool require protection as confidential, trade secret, proprietary, and commercially sensitive.

(b)     Exhibit L. Exhibit L is a Financial Reporting Template. The template contains information on provider rates and incentives, and capitated versus non-capitated providers.  Accordingly, the identified portions of Exhibit L contain confidential, trade secret, proprietary, and commercially sensitive information.

(c)     Supplemental Rate Templates. These documents have information which would reveal pricing under Trillium's contract with its pharmacy benefits manager.  As previously noted, the contract has a confidentiality clause.  Accordingly, the identified portions of the Supplemental Rate Templates contain confidential, trade secret, proprietary, and commercially sensitive information.

Page 4 -     **DECLARATION OF BRANDIE WHITMIRE**

(d)      Claims and Encounter Data. In addition to containing protected health information, this data would reveal provider pricing and capitation arrangements.  As previously discussed, this information is confidential, trade secret, proprietary, and commercially sensitive.

(e)      State Enrollment Data Including Premiums Paid.  Trillium has not sought protection for this data.

(f)      Medical Loss Ratio Template.  This document has information which would allow a competitor to determine provider rates and capitation arrangements. As previously discussed, this contains confidential, trade secret, proprietary, and commercially sensitive information.

(g)      Audited Financials. Trillium does not have separate audited financials and has not sought protection for this category.

(h)      Actuarial Opinions.  Trillium rescinds its prior request for protection in this category in the case of the publically reported Actuarial Statement of Opinion associated with the NAIC Health Annual Statements.  To the extent other actuarial opinions are expressed, they should be considered confidential as they can be based on internal provider payment data.

(i)      SNRG Reconciliation. This document has provider pricing and capitation arrangement information.  The document also has information on Trillium reinsurance premiums and pharmacy rebates under Trillium's contract with its pharmacy benefits manager containing a confidentiality provision.  As previously discussed, this information is confidential, trade secret, proprietary, and commercially sensitive.

(j)      Primary Care Template.  This document identifies instances in which Trillium has capitation arrangements.  It is confidential, trade secret, proprietary, and commercially sensitive.

(k)      Any records or detail that would identify prescription drug prices or rebates.  Drug pricing through Trillium's pharmacy benefits manager is confidential and the applicable contract imposes a confidentiality obligation.  As previously discussed, the information is confidential, trade secret, proprietary, and commercially sensitive.

Page 5 -    DECLARATION OF BRANDIE WHITMIRE

(l)     Any other records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals, or any other providers. As previously addressed, this information is confidential, trade secret, proprietary, and commercially sensitive.

(m)     Regional Rate Models and Supporting Exhibits for the Southwestern, Northwestern, and Eastern Oregon Regions. The non-blinded version for which Trillium seeks protection shows provider data which directly or through extrapolation would reveal provider rates and capitation arrangements. This information is confidential, trade secret, proprietary, and commercially sensitive.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 2nd day of October, 2018.

Brandie Whitmire