

**Schwabe**
WILLIAMSON & WYATT®

March 9, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Markowitz Herbold PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204

Alletta Brenner
Perkins Coie, LLP
1120 NW Couch Street, 10th Floor
Portland, OR   97209-4128

RE:    Trillium's Designations Regarding FamilyCare's Sixth RFP to OHA
       *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
       (Eugene Division), Case No. 6:18-cv-00296-MO
       *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
       No. 3:18-cv-00212-MO
       Our File No.:   126360-229340

Dear Counsel:

This law firm represents Trillium Community Health Plan, Inc. ("Trillium") with respect to the above-referenced matters.  We recently received Plaintiff FamilyCare Inc.'s Sixth Set of Requests for Production of Documents to Defendants Oregon Health Authority and Patrick Allen, dated February 27, 2018 ("FamilyCare's Sixth RFP").

Pursuant to paragraph 5.b. of the Protective Order signed by Judge Armstrong on November 1, 2017, and in response to FamilyCare's Sixth RFP, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents, categories of documents, and information designated as "Confidential" or "Attorneys' Eyes Only" in its prior correspondence to counsel dated November 10, 2017, and January 19, 2018.  Enclosed are copies.

To the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

**EXHIBIT A**
**Page 1 of 12**

Harry B. Wilson
Matthew A. Levin
Laura Salerno Owens
Alletta Brenner
March 9, 2018
Page 2

We understand that FamilyCare and OHA agree that the protective orders Judge Armstrong issued when this case was pending in state court, including the protective order referenced above, remain in effect.  If that understanding is incorrect, please notify us immediately so we may take appropriate action to protect Trillium's confidential and protected information.

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachments

cc:    CCO Counsel (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22495717.1

schwabe.com



January 19, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Brian P. Samuelson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

Hanna H. Porter
Gallagher & Kennedy
2575 East Camelback Road, Suite 1100
Phoenix, AZ  85016-9225

RE:     *FamilyCare, Inc. v. Oregon Health Authority*
        Marion County Circuit Court Case No. 17CV09226
        Our File No.:  126360-229340

Dear Counsel:

This law firms represents Trillium Community Health Plan, Inc. ("Trillium").  We recently received plaintiff FamilyCare Inc.'s Fifth Set of Requests for Production of Documents to defendant Oregon Health Authority ("OHA").  We also understand that certain Optumas documents responsive to prior requests are now planned for production and that FamilyCare seeks to serve, or has already served, subpoenas on third parties.  To the extent they are implicated in any forthcoming (or past) productions, and pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents and categories of documents and information previously identified to all parties on November 10, 2017.  Enclosed is a copy of Trillium's designations.

Additionally, to the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

Pacwest Center  |  1211 SW 5th  |  Suite 1900  |  Portland, OR  |  97204  |  **M** 503.222.9981  |  **F** 503.796.2900  |  schwabe.com

Brian P. Samuelson
Dallas DeLuca
Hanna H. Porter
January 19, 2018
Page 2

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:    Harry Wilson (*w/Attachments, via e-mail*)
       Laura Salerno Owens (*w/Attachments, via e-mail*)
       CCO Counsel (*w/Attachments, via e-mail*)
       Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22215487.1

EXHIBIT A
Page 4 of 12

schwabe.com



November 10, 2017

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL

Stephen F. English
Matthew P. Gordon
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Matthew A. Levin
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

RE:    Trillium Designations Pursuant to Protective Order
       *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:  126360-229340

Dear Counsel:

With respect to the above-referenced matter, this office hereby provides Trillium Community Health Plan, Inc.'s ("Trillium") response to and designations of confidential and protected documents and information in accordance with the Discovery Order entered October 27, 2017 (the "Discovery Order") and the Protective Order entered November 1, 2017 (the "Protective Order").  Attached hereto are summaries of Trillium's positions on these matters.  Specifically, we used and completed the worksheet previously provided by Oregon Health Authority's ("OHA") counsel with thirteen categories of documents and information.  We added a fourteenth category for OHA or Optumas documents that incorporate or contain confidential or protected information into new documents.  As you will see, the attachments indicate primarily which documents or categories of documents should be not be produced because they do not relate to rate setting process, and which, if produced over Trillium's objections or otherwise, should be designated and marked as "Attorneys Eyes Only" ("AEO") under the terms of the Protective Order.

Even though it has provided this information, Trillium maintains its prior positions that the documents and information within these categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims and due to their confidential, proprietary, and trade secret status and nature.  Trillium, without waiver, is

EXHIBIT A
Page 5 of 12

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 2

merely responding to and complying with the Discovery Order and the Protective Order at this time.

Trillium also does not know how OHA may have copied or transferred the confidential or protected information contained in its documents, or whether OHA created any new documents or materials containing such information. Therefore, Trillium requests any such copies, transferred information, or new documents, only be produced if designated and marked as AEO. Trillium is willing and available to work with OHA to facilitate discovery and answer any questions.

In addition, Trillium requests that OHA designate the following additional documents and categories of documents as AEO:

- Any documents, communications, datasets, and the like that include Personal Health Information (PHI), including but not limited to enrollment details and member level risk scores, for Trillium's past and present members.

- Any documents, communications, datasets, and the like that include Trillium's claim level details, regardless of format or source, including all Trillium 837, APAC (All Payer All Claims), supplemental, and any other formats of encounter data.

- All documents, communications, datasets, and the like relating to Trillium, that have been or require transfer between parties via a secure file transfer (SFTP).

- All documents, communications, datasets, and the like relating to Trillium, that have been sent or received via secure email.

- All documents, communications, datasets, and the like that include Trillium's description of payment arrangements, contracted entity names, transformation/innovation projects, and/or internal policies (including without limitation provider names for all inpatient and outpatient analyses for DRG hospitals).

- All documents, communications, datasets, and the like that include Trillium's specific units of encounter or service types, unit costs, and/or provider names, including, without limitation, the masked portions of any Tri-County Regional Rate Model.

- All documents, communications, datasets, and the like that include any form of Trillium's specific breakout of payment types, including but not limited to fee-for-service, sub-capitation, incentive, and/or other payment arrangements.

- All documents, communications, datasets, and the like related to Trillium's base data and/or financial reconciliations and triangulation.

schwabe.com

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 3

- All documents, communications, datasets, and the like that include Trillium's specific utilization patterns/rates, inclusive of Trillium's specific case rate models for maternity and bariatric case rates.

- All documents, communications, datasets, printouts, and the like that were provided and/or displayed during Trillium's specific rate setting meetings.

- All documents, communications, datasets, and the like generated and provided by the Trillium's consulting actuaries, inclusive of all documents on the actuary's letterhead.

Trillium also requests that the following documents be listed as confidential:

- All other documents, communications, datasets, and the like that were provided during Trillium's specific rate setting meetings that do not fall under the AEO designations above.

Please let us know if you should have any questions or concerns in these regards. Again, Trillium remains willing and available to assist or answer questions regarding any document production in this case. Thank you for your time and attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:     Renee Stineman (*w/Attachments, via e-mail*)
        Elleanor Chin (*w/Attachments, via e-mail*)
        Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\21672041.1

schwabe.com

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

--------------------------------------------------------------------------------------------------------------------------------------------

| Description of Information | DO NOT PRODUCE[1] | Produce Only if Subject to Amended Stipulated Protective Order | Comments |
|---|---|---|---|
| 1. CCO Rate of Growth Tool | | Designate and mark as "Attorney Eyes Only" ("AEO") | |
| 2. Exhibit L - All | | Designate and mark as AEO pursuant to attached spreadsheet. | Some already in public. |
| 3. Supplement Rate Templates | | Designate and mark as AEO. | |
| 4. Claims and Encounter Data Submissions to the State | | Designate and mark as AEO. | |
| 5. State Enrollment Data Including Premius Paid | | Designate and mark as AEO. | Some already in public. |
| 6. MLR Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |

---

[1] Consistent with its prior positions, Trillium maintains that the documents and information within these thirteen categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims in this action and due to their confidential, proprietary, and trade secret status and nature. Trillium asserts—but will not repeat and restate in this column—this position.

===========================================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order       11/10/2017
(CONFIDENTIAL)

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

---

| | | | |
|---|---|---|---|
| 7. Audited Financials | Do not produce – not related to rate setting process and publicly available. | If produced over Trillium's objections, designate and mark as AEO. | Already in public. Category excluded in Court's 10/27/17 Discovery Order. |
| 8. Actuarial Opinions | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Category excluded in Court's 10/27/17 Discovery Order. |
| 9. SNRG Reconciliation | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Portion of category excluded in Court's 10/27/17 Discovery Order. |
| 10. SB 231 Primary Care Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 11. Any records or detail data that would identify prescription drug prices or rates | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 12. Any records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals, or any other providers | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |
| 13. Supplemental correspondence and exchanges between Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

**EXHIBIT A**
**Page 9 of 12**

Trillium's Response to OHA's Worksheet and Provisions of Protective Order                   11/10/2017
(CONFIDENTIAL)

**Attachment**
**Page 2 of 5**

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

-------------------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| and OHA or its actuary related to the above categories | | | |
| 14. OHA/Optumas documents that include, incorporate, or comment on the above categories and are specific to or concern Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

**EXHIBIT A**

Trillium's Response to OHA's Worksheet and Provisions of Protective Order (CONFIDENTIAL)                                                      11/10/2017

**TRILLIUM'S RESPONSE AND DESIGNATIONS**

**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Exhibit L Financial Reporting Template | | | Designation/Notes |
|---|---|---|---|
| Instructions | | + | |
| L1 | General Information and Certification | + | |
| L2 | Members approaching or surpassing stop-loss deductible | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3 | Restricted Reserves | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.1 | Secondary Reserve Requirement Based on Enrollment Data | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.2 | Secondary Reserve Requirement Based on Historical Expenses | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.3 | Adjusted and Unadjusted Medical Loss Ratios | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L4 | Key Financial Indicators | * | Public |
| L5 | Quarterly Balance Sheet of Corporate Activity | * | Public |
| L6 Guidance | Quarterly Statement of Revenues and Expenses - Guidance | + | |
| L6 Corp | Quarterly Statement of Revenues, Expenses, and Changes in Net Assets - Corporate Total | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6 OHP | Quarterly Statement of Revenues & Expenses - OHP Line of Business | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6.1 Guidance | Quarterly Statement of Administrative and other Non-Benefit Costs - Guidance | + | |
| L6.1 OHP | Quarterly Statement of Administrative and other Non-Benefit Costs - OHP Line of Business | * | Designate and mark AEO |
| L6.2 OHP | Flexible Expenses - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.3 OHP | Case Management - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.4 OHP | Case Management Breakdown - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L7 | Cash Flow Analysis Corporate Activity/Indirect Method | * | Public |
| L8 Guidance | Corporate Relationship of Contractors | + | |
| L8 | Corporate Relationship of Contractors | | Designate and mark AEO |
| L9 | Audited Annual Balance Sheet of Corporate Activity | | Designate and mark AEO |
| L10 | Audited Annual Statement of Revenues, Expenses, & Changes in Net Assets | | Designate and mark AEO |
| L11 Guidance | Disclosure of Compensation - Where to Report - Guidance | + | |
| L11 | Disclosure of Compensation | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L12-L19 | Rate Setting Overview | + | |
| Report L6.3 | Non-Benefit Case Management Services | | Designate and mark AEO |
| Report L12 | Enrollment Validation | | Designate and mark AEO |
| Report L13 | Medical Costs | | Designate and mark AEO |
| Report L14 | IBNR | | Designate and mark AEO |
| Report L15 | Sub-Capitation | | Designate and mark AEO |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider | | Designate and mark AEO |
| Report L17 | Incentive Programs | | Designate and mark AEO |
| Report L17.1 | Quality Pool Payment Breakdown | | Designate and mark AEO |
| Report L17.2 | Other Incentive Payment Breakdown | | Designate and mark AEO |
| Report L18 | Other Payment Arrangements | | Designate and mark AEO |
| Report L18.1 | Other Payments Breakdown | | Designate and mark AEO |
| Report L19 | Financial Overview and Reconciliation of Costs | | Designate and mark AEO |
| Scratch Sheet | Additional Informtion that didn't fit anywhere else | | Designate and mark AEO |

Key
+      Not Proprietary/Confidential
*      Appears on OHA Website

| SB 231 PrimaryCare Template | | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Overview | | + | |
| Report 1a | Commercial Member Months/Commercial Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1b | Medicaid Coordinated Care Member Months/ Medicaid Coordinated Care Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1C | State of Oregon PEBB and OEBB Member Months/PEBB and OEBB Non Claims-Based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1D | Medicare Member Months/ Medicare Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

(CONFIDENTIAL)

**Attachment
Page 4 of 5**

**TRILLIUM'S RESPONSE AND DESIGNATIONS**

**EXHIBIT L**

*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Report 1 Summary | Summary of Reports 1a-1d | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Report 2 | Explanation of non claims-based expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 3 | FFS Data Issues | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 4 | Certification | + | |
| Scratch Sheet | | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

Key

+        Not Proprietary/Confidential

| Medical Loss Ratio Rebate Template | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|
| 2017 MLR Rebate | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Scratch sheet | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

**EXHIBIT A**
**Page 12 of 12**

(CONFIDENTIAL)

**Attachment**
**Page 5 of 5**