Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S OBJECTIONS AND RESPONSES TO LYNNE SAXTON'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

1- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 1 of 36

attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 5:**    All documents relating to any requests identified in your response to interrogatory number five.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 5 above.  FamilyCare further objects that this Request is duplicative of Oregon Health Authority's Requests for Production of Documents Nos. 11, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 6:**    Identify each occasion, by date, form of the communication, and recipient, each of your communications with the Oregon Legislature, the media, and CMS about Oregon's health program, as alleged in paragraph 83 in the complaint.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with the Oregon Legislature, the media, and CMS over an unidentified and unbounded time frame.  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the CMS, legislators and the Governor's office, and journalists and other members of the news media.  FamilyCare therefore also objects to this Interrogatory to the extent

14-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 2 of 36

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>Defendants. | No. 6:18−cv−00296−MO<br><br><br>FAMILYCARE, INC.'S OBJECTIONS AND RESPONSES TO LYNNE SAXTON'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

1- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 3 of 36

attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 5:**    All documents relating to any requests identified in your response to interrogatory number five.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 5 above.  FamilyCare further objects that this Request is duplicative of Oregon Health Authority's Requests for Production of Documents Nos. 11, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 6:**    Identify each occasion, by date, form of the communication, and recipient, each of your communications with the Oregon Legislature, the media, and CMS about Oregon's health program, as alleged in paragraph 83 in the complaint.

**RESPONSE:**   FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with the Oregon Legislature, the media, and CMS over an unidentified and unbounded time frame.  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the CMS, legislators and the Governor's office, and journalists and other members of the news media.  FamilyCare therefore also objects to this Interrogatory to the extent

14- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 4 of 36

that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., occasion, date, form, and subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that on many occasions it communicated with the Oregon Legislature, the media, and CMS. Pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in the attached Exhibit B, which reflects a list of communications on these topics that FamilyCare was able to identify after reasonable inquiry. FamilyCare further incorporates into its response all meetings, calls, and communications referenced or implied by the documents in Exhibit B, including in the attachments to those documents. FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 6:**    All documents relating to your communications with the Oregon Legislature, the media, and CMS relating to Oregon's health program.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 6 above. FamilyCare further objects to this Request as vague, ambiguous, unduly burdensome and overly broad, particularly because it asks for documents from an unbounded time frame and because documents "relating to Oregon's health program" conceivably include an enormous number of documents of no relevance to this case. FamilyCare further objects that this request is duplicative of OHA's Requests for Production Nos. 28, 30, 31, 32, 33, 34, 53, 58, 101, 102, 107, 128, 129, 133, and 209, in response to which FamilyCare has already produced

15-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 65
Page 5 of 36

that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., occasion, date, form, and subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that on many occasions it communicated with the Oregon Legislature, the media, and CMS.  Pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in the attached Exhibit B, which reflects a list of communications on these topics that FamilyCare was able to identify after reasonable inquiry.  FamilyCare further incorporates into its response all meetings, calls, and communications referenced or implied by the documents in Exhibit B, including in the attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 6:**    All documents relating to your communications with the Oregon Legislature, the media, and CMS relating to Oregon's health program.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 6 above.  FamilyCare further objects to this Request as vague, ambiguous, unduly burdensome and overly broad, particularly because it asks for documents from an unbounded time frame and because documents "relating to Oregon's health program" conceivably include an enormous number of documents of no relevance to this case.  FamilyCare further objects that this request is duplicative of OHA's Requests for Production Nos. 28, 30, 31, 32, 33, 34, 53, 58, 101, 102, 107, 128, 129, 133, and 209, in response to which FamilyCare has already produced

15-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 6 of 36

responsive documents.

**INTERROGATORY NO. 7:**    Identify the policy changes you proposed to increase transparency and improve the overall system and the dates you made such proposals, as alleged in paragraph 83 in the complaint.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with Defendants relating to all proposed "policy changes."  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the State of Oregon and Lynne Saxton.  FamilyCare therefore also objects to this Interrogatory to the extent that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., date, subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that its proposed policy changes included: adopting a policy of adherence to state and federal rate-setting regulations; increasing transparency in the rate-setting process, including allowing greater visibility and access to rate-setting data, methodology, and models; establishing timelines for the completion of OHA's work and public posting of required information; disclosure of CCO related party relationships, transactions and profits; replacing OHA's third-party actuary and holding a competitive bidding process for the work; removing OHA employees with biases

16- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 7 of 36

against FamilyCare; establishing clear policies and criteria for CCO contract renewals and/or terminations; increasing CCO reserve requirements and aligning reserve requirements with insurance division regulations; requiring reinvestment and disclosure of CCO reserves in excess of required levels; disclosing documentation submitted by OHA to the Centers for Medicare & Medicaid Services; identifying and providing explanations for discretionary decisions and policy decisions made in the rate-setting process; providing complete, accurate, and prompt responses to CCO inquiries regarding the rate-setting process; establishing mandated timeframes for OHA processing of OHP member applications and renewal applications; requiring rates to be certified at the rate-cell level; changes in the methodology for calculating risk scores; changes to OHA's regional rate-setting model; establishing an appeal process through a neutral third party; conducting a truly fulsome and independent review of OHA's rate-setting process utilizing third parties actuaries without conflicts of interest; requiring uniform standards for measuring and reporting to the public, legislature, and CMS, medical loss ratios, administrative costs, and earnings; requiring disclosure of specific requirements and outcomes that each CCO must meet to qualify for incentive payments the following year; making the Oregon Health Policy Board an independent oversight body of the OHA, separate and apart from the OHA; and changing policies related to the use of paid COA vs mapped COA, OHA's Base Data Policy and Reimbursement Policy, OHA's administrative costs policy, OHA's risk corridor policy for Hep-C pharmaceuticals, and OHA's ACT/SE services policy adjustment.

Moreover, pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in Exhibit A, which reflects a list of communications between FamilyCare and Defendants, including communications in which FamilyCare proposed policy

17- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 8 of 36

Subject to and notwithstanding these objections, FamilyCare responds that Lynne Saxton had a stated desire to reduce the number of CCOs in Oregon, and implemented a plan to reduce the number of CCOs by putting FamilyCare out of business. Saxton's decision and plan is further evidenced by Defendants' decision to set rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology; their refusal to correct known errors in data and methodology; and the development and implementation of a smear campaign against FamilyCare that included efforts to reduce or eliminate FamilyCare's OHP membership by highlighting Health Share (FamilyCare's only competitor) as the "truly inclusive CCO that provides greater access to Oregonians with high cost medical needs" and showcasing "FamilyCare as an outlier in the CCO system that is more concerned about the bottom line and increasing revenues that the health of Oregonians."

**REQUEST FOR PRODUCTION NO. 20:**  All documents relating to defendant Saxton's implementation of a policy decision and plan to put you out of business.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 20 above.  FamilyCare further objections that this request is unduly burdensome, overbroad, seeks documents within Defendants' custody or control, and is vague and ambiguous. FamilyCare further objects that this request is duplicative of OHA's Requests for Production, including OHA Requests Nos.  5, 7, 8, 10, 11, 12, 14, 15, 16, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 21:**  Explain in detail why you believe that defendant Saxton

38- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 9 of 36

implemented a policy decision and plan to put you out of business in retaliation for your exercise of your First Amendment rights.

**RESPONSE:** FamilyCare incorporates by reference its General Objections above. FamilyCare further objects that this Interrogatory is too vague and ambiguous to permit a response. Specifically, FamilyCare does not understand the specific facts about which this Interrogatory is inquiring when it asks FamilyCare to explain "why you believe" that Saxton retaliated against FamilyCare. To the extent this Interrogatory seeks all facts supporting FamilyCare's First Amendment retaliation claim against Saxton, it violates Local Rule 33-1, which forbids such Interrogatories, and impermissibly seeks attorney work product by asking FamilyCare to reveal the thoughts and impressions of its attorneys regarding which facts might be used to prove its claim.

Subject to and notwithstanding these objections, FamilyCare responds that Saxton retaliated against FamilyCare because FamilyCare exercised its First Amendment rights by, among other things, requesting information necessary to evaluate the Defendants' rate-setting decisions; notifying Defendants that the rates were incorrect and unsound and identifying errors in the data and methodology used to set the rates for FamilyCare and other CCOs; requesting that Defendants correct those errors and redress the harm they caused; communicating with the Oregon legislature, the media, and CMS about Oregon's Health Program; proposing policy changes to increase transparency and improve the overall system; raising concerns about OHA's compliance with state and federal law, it's use of taxpayer funds, and procedural and systemic irregularities in the administration of the agency; refusing to sign contract amendments with erroneous and unsound rates; and filing lawsuits against Defendants, including this suit. The

39- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Exhibit 65
Page 10 of 36

timing and other circumstances surrounding Defendants' treatment of FamilyCare, including Defendants' differential treatment of FamilyCare, suggests that that treatment was motivated by FamilyCare's engagement in these free speech activities.

**REQUEST FOR PRODUCTION NO. 21:**  All documents relating to a retaliatory motive on the part of defendant Saxton in implementing a policy decision and plan to put you out of business.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 21 above.  FamilyCare further objects that this Request is impermissibly broad, unduly burdensome, and too vague and ambiguous to permit a response because "documents relating to a retaliatory motive" is not defined.  FamilyCare also objects to this Request to the extent that it calls for the production of OHA documents equally or more readily available to Saxton.  FamilyCare further objects that this Request impermissibly seeks attorney work product because it requires FamilyCare to reveal the thoughts, impressions, and analysis of its attorneys regarding which documents might reflect a retaliatory motive sufficient to prove a claim for First Amendment retaliation.  Moreover, the Parties have engaged in extensive discovery in this case regarding communications between the parties and the rate setting process.  FamilyCare therefore objects that this Request is duplicative of OHA's Requests for Production, including OHA Requests for Production Nos.  5, 7, 8, 10, 11, 12, 14, 15, 16, 23, 24, 25, 26, 27, 30, 43-45, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

40- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 11 of 36

DATED:  September 10, 2018

**PERKINS COIE LLP**


By: *s/ Stephen F. English*
  Stephen F. English, OSB No. 730843
  SEnglish@perkinscoie.com
  Thomas R. Johnson, OSB No. 010645
  TRJohnson@perkinscoie.com
  Alletta Brenner, OSB No. 142844
  ABrenner@perkinscoie.com
  Brian Samuelson, OSB No. 165476
  BSamuelson@perkinscoie.com
  PERKINS COIE LLP
  1120 N.W. Couch Street, 10th Floor
  Portland, OR  97209-4128
  Telephone:  503.727.2000
  Facsimile:  503.727.2222

  Matthew Gordon, *pro hac vice*
  MGordon@perkinscoie.com
  Nicholas Hesterberg, *pro hac vice*
  NHesterberg@perkinscoie.com
  PERKINS COIE LLP
  1201 Third Avenue, Suite 4900
  Seattle, WA 98101-3099
  Telephone:  206.359.8000
  Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

41- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 12 of 36

**FamilyCare Responses to Lynne Saxton's First**
**Set of  Interrogatories - Exhibit A**

| No. | Bates No. |
|-----|-----------|
| 1 | OHA_LIT_00139782 |
| 2 | OHA_LIT_00166673 |
| 3 | OHA_LIT_00150661 |
| 4 | OHA_LIT_00328551 |
| 5 | OHA_LIT_00337737 |
| 6 | OHA_LIT_00146590 |
| 7 | OHA_LIT_00310490 |
| 8 | OHA_LIT_00193704 |
| 9 | OHA_LIT_00337445 |
| 10 | OHA_LIT_00150656 |
| 11 | OHA_LIT_00207020 |
| 12 | OHA_LIT_01092979 |
| 13 | OHA_LIT_00361302 |
| 14 | OHA_LIT_00379147 |
| 15 | FCI0265547 |
| 16 | OHA_LIT_00205862 |
| 17 | OHA_LIT_00318539 |
| 18 | OHA_LIT_00552304 |
| 19 | OHA_LIT_00146223 |
| 20 | OHA_LIT_00150449 |
| 21 | OHA_LIT_00161270 |
| 22 | OHA_LIT_00166614 |
| 23 | OHA_LIT_00389899 |
| 24 | OHA_LIT_00164863 |
| 25 | OHA_LIT_00964666 |
| 26 | OHA_LIT_00183134 |
| 27 | OHA_LIT_00226867 |
| 28 | OHA_LIT_00315243 |
| 29 | OHA_LIT_00315414 |
| 30 | OHA_LIT_00138084 |
| 31 | OHA_LIT_00314730 |
| 32 | OHA_LIT_00205862 |
| 33 | OHA_LIT_00315412 |
| 34 | OPT00077426 |
| 35 | OHA_LIT_00315409 |
| 36 | OHA_LIT_00315399 |
| 37 | OHA_LIT_00138925 |
| 38 | OHA_LIT_00206071 |
| 39 | OHA_LIT_00389886 |
| 40 | OHA_LIT_00310222 |
| 41 | OHA_LIT_01033110 |
| 42 | OHA_LIT_00309378 |
| 43 | OHA_LIT_00363392 |

Exhibit A
Page 1 of 8

Exhibit 65
Page 13 of 36

| 44 | OHA_LIT_00265930 |
|----|------------------|
| 45 | OHA_LIT_00313549 |
| 46 | OHA_LIT_00313937 |
| 47 | OHA_LIT_00226050 |
| 48 | OHA_LIT_00310205 |
| 49 | OHA_LIT_00205203 |
| 50 | OHA_LIT_00310199 |
| 51 | OHA_LIT_00310202 |
| 52 | OHA_LIT_00225976 |
| 53 | OHA_LIT_00355006 |
| 54 | OHA_LIT_00116198 |
| 55 | OHA_LIT_00141575 |
| 56 | OHA_LIT_00141571 |
| 57 | OHA_LIT_00024646 |
| 58 | OHA_LIT_00201689 |
| 59 | OHA_LIT_00160912 |
| 60 | OHA_LIT_00313341 |
| 61 | OHA_LIT_00313370 |
| 62 | OHA_LIT_00386332 |
| 63 | OHA_LIT_00225886 |
| 64 | OHA_LIT_00225892 |
| 65 | OHA_LIT_00450562 |
| 66 | OHA_LIT_00158692 |
| 67 | FCI0564592 |
| 68 | OHA_LIT_00934025 |
| 69 | OHA_LIT_00934422 |
| 70 | OHA_LIT_00934424 |
| 71 | OHA_LIT_00934331 |
| 72 | OHA_LIT_00934338 |
| 73 | OHA_LIT_00085953 |
| 74 | OHA_LIT_00934319 |
| 75 | OHA_LIT_00151299 |
| 76 | OHA_LIT_00151465 |
| 77 | OHA_LIT_00934306 |
| 78 | OHA_LIT_00088606 |
| 79 | OHA_LIT_00317783 |
| 80 | OHA_LIT_00146688 |
| 81 | OHA_LIT_00128428 |
| 82 | OHA_LIT_00020916 |
| 83 | OHA_LIT_00151248 |
| 84 | OHA_LIT_00934007 |
| 85 | OHA_LIT_00934153 |
| 86 | OHA_LIT_00934551 |
| 87 | OHA_LIT_00934274 |
| 88 | OHA_LIT_00934281 |
| 89 | OHA_LIT_00023147 |
| 90 | OHA_LIT_00934258 |

attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 5:**    All documents relating to any requests identified in your response to interrogatory number five.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 5 above.  FamilyCare further objects that this Request is duplicative of Oregon Health Authority's Requests for Production of Documents Nos. 11, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 6:**    Identify each occasion, by date, form of the communication, and recipient, each of your communications with the Oregon Legislature, the media, and CMS about Oregon's health program, as alleged in paragraph 83 in the complaint.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with the Oregon Legislature, the media, and CMS over an unidentified and unbounded time frame.  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the CMS, legislators and the Governor's office, and journalists and other members of the news media.  FamilyCare therefore also objects to this Interrogatory to the extent

14-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
     TO LYNNE SAXTON'S FIRST SET OF
     INTERROGATORIES AND FIRST REQUEST FOR
     PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 15 of 36

Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, pro hac vice
MGordon@perkinscoie.com
Nicholas Hesterberg, pro hac vice
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>    Defendants. | No. 6:18−cv−00296−MO<br><br><br>FAMILYCARE, INC.'S OBJECTIONS AND RESPONSES TO LYNNE SAXTON'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |

1-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
     TO LYNNE SAXTON'S FIRST SET OF
     INTERROGATORIES AND FIRST REQUEST FOR
     PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 16 of 36

attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 5:**    All documents relating to any requests identified in your response to interrogatory number five.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 5 above.  FamilyCare further objects that this Request is duplicative of Oregon Health Authority's Requests for Production of Documents Nos. 11, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 6:**    Identify each occasion, by date, form of the communication, and recipient, each of your communications with the Oregon Legislature, the media, and CMS about Oregon's health program, as alleged in paragraph 83 in the complaint.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with the Oregon Legislature, the media, and CMS over an unidentified and unbounded time frame.  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the CMS, legislators and the Governor's office, and journalists and other members of the news media.  FamilyCare therefore also objects to this Interrogatory to the extent

14- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
   TO LYNNE SAXTON'S FIRST SET OF
   INTERROGATORIES AND FIRST REQUEST FOR
   PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 17 of 36

that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., occasion, date, form, and subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that on many occasions it communicated with the Oregon Legislature, the media, and CMS. Pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in the attached Exhibit B, which reflects a list of communications on these topics that FamilyCare was able to identify after reasonable inquiry. FamilyCare further incorporates into its response all meetings, calls, and communications referenced or implied by the documents in Exhibit B, including in the attachments to those documents. FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 6:**    All documents relating to your communications with the Oregon Legislature, the media, and CMS relating to Oregon's health program.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 6 above. FamilyCare further objects to this Request as vague, ambiguous, unduly burdensome and overly broad, particularly because it asks for documents from an unbounded time frame and because documents "relating to Oregon's health program" conceivably include an enormous number of documents of no relevance to this case. FamilyCare further objects that this request is duplicative of OHA's Requests for Production Nos. 28, 30, 31, 32, 33, 34, 53, 58, 101, 102, 107, 128, 129, 133, and 209, in response to which FamilyCare has already produced

15- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 18 of 36

that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., occasion, date, form, and subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that on many occasions it communicated with the Oregon Legislature, the media, and CMS.  Pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in the attached Exhibit B, which reflects a list of communications on these topics that FamilyCare was able to identify after reasonable inquiry.  FamilyCare further incorporates into its response all meetings, calls, and communications referenced or implied by the documents in Exhibit B, including in the attachments to those documents.  FamilyCare reserves the right to supplement this list and to rely at trial or in other proceedings on documents and information in addition to the information provided herein.

**REQUEST FOR PRODUCTION NO. 6:**    All documents relating to your communications with the Oregon Legislature, the media, and CMS relating to Oregon's health program.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 6 above.  FamilyCare further objects to this Request as vague, ambiguous, unduly burdensome and overly broad, particularly because it asks for documents from an unbounded time frame and because documents "relating to Oregon's health program" conceivably include an enormous number of documents of no relevance to this case.  FamilyCare further objects that this request is duplicative of OHA's Requests for Production Nos. 28, 30, 31, 32, 33, 34, 53, 58, 101, 102, 107, 128, 129, 133, and 209, in response to which FamilyCare has already produced

15-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
     TO LYNNE SAXTON'S FIRST SET OF
     INTERROGATORIES AND FIRST REQUEST FOR
     PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 19 of 36

responsive documents.

**INTERROGATORY NO. 7:**     Identify the policy changes you proposed to increase transparency and improve the overall system and the dates you made such proposals, as alleged in paragraph 83 in the complaint.

**RESPONSE:**     FamilyCare incorporates by reference its General Objections above. FamilyCare further objects to this Interrogatory on the ground that it is vague, ambiguous, overbroad and unduly burdensome in that it purports to require FamilyCare to specifically identify each and every communication FamilyCare has ever had with Defendants relating to all proposed "policy changes."  Moreover, the parties have conducted exhaustive document discovery in this case, including extensive discovery on communications between FamilyCare and the State of Oregon and Lynne Saxton.  FamilyCare therefore also objects to this Interrogatory to the extent that it calls for FamilyCare to disclose attorney work product or to investigate, collect, or identify details about documents (e.g., date, subject matter) that are equally available and apparent to Saxton as to FamilyCare.

Subject to and without waiving the foregoing objections, FamilyCare responds that its proposed policy changes included: adopting a policy of adherence to state and federal rate-setting regulations; increasing transparency in the rate-setting process, including allowing greater visibility and access to rate-setting data, methodology, and models; establishing timelines for the completion of OHA's work and public posting of required information; disclosure of CCO related party relationships, transactions and profits; replacing OHA's third-party actuary and holding a competitive bidding process for the work; removing OHA employees with biases

16-  FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 20 of 36

against FamilyCare; establishing clear policies and criteria for CCO contract renewals and/or terminations; increasing CCO reserve requirements and aligning reserve requirements with insurance division regulations; requiring reinvestment and disclosure of CCO reserves in excess of required levels; disclosing documentation submitted by OHA to the Centers for Medicare & Medicaid Services; identifying and providing explanations for discretionary decisions and policy decisions made in the rate-setting process; providing complete, accurate, and prompt responses to CCO inquiries regarding the rate-setting process; establishing mandated timeframes for OHA processing of OHP member applications and renewal applications; requiring rates to be certified at the rate-cell level; changes in the methodology for calculating risk scores; changes to OHA's regional rate-setting model; establishing an appeal process through a neutral third party; conducting a truly fulsome and independent review of OHA's rate-setting process utilizing third parties actuaries without conflicts of interest; requiring uniform standards for measuring and reporting to the public, legislature, and CMS, medical loss ratios, administrative costs, and earnings; requiring disclosure of specific requirements and outcomes that each CCO must meet to qualify for incentive payments the following year; making the Oregon Health Policy Board an independent oversight body of the OHA, separate and apart from the OHA; and changing policies related to the use of paid COA vs mapped COA, OHA's Base Data Policy and Reimbursement Policy, OHA's administrative costs policy, OHA's risk corridor policy for Hep-C pharmaceuticals, and OHA's ACT/SE services policy adjustment.

Moreover, pursuant to Federal Rule of Civil Procedure 33(d), FamilyCare directs Saxton to the records identified in Exhibit A, which reflects a list of communications between FamilyCare and Defendants, including communications in which FamilyCare proposed policy

17- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 21 of 36

Subject to and notwithstanding these objections, FamilyCare responds that Lynne Saxton had a stated desire to reduce the number of CCOs in Oregon, and implemented a plan to reduce the number of CCOs by putting FamilyCare out of business. Saxton's decision and plan is further evidenced by Defendants' decision to set rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology; their refusal to correct known errors in data and methodology; and the development and implementation of a smear campaign against FamilyCare that included efforts to reduce or eliminate FamilyCare's OHP membership by highlighting Health Share (FamilyCare's only competitor) as the "truly inclusive CCO that provides greater access to Oregonians with high cost medical needs" and showcasing "FamilyCare as an outlier in the CCO system that is more concerned about the bottom line and increasing revenues that the health of Oregonians."

**REQUEST FOR PRODUCTION NO. 20:**  All documents relating to defendant Saxton's implementation of a policy decision and plan to put you out of business.

**RESPONSE:**    FamilyCare incorporates by reference its General Objections and objections to Interrogatory 20 above.  FamilyCare further objections that this request is unduly burdensome, overbroad, seeks documents within Defendants' custody or control, and is vague and ambiguous. FamilyCare further objects that this request is duplicative of OHA's Requests for Production, including OHA Requests Nos.  5, 7, 8, 10, 11, 12, 14, 15, 16, 30, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

**INTERROGATORY NO. 21:**  Explain in detail why you believe that defendant Saxton

38- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 22 of 36

implemented a policy decision and plan to put you out of business in retaliation for your exercise of your First Amendment rights.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections above.  FamilyCare further objects that this Interrogatory is too vague and ambiguous to permit a response. Specifically, FamilyCare does not understand the specific facts about which this Interrogatory is inquiring when it asks FamilyCare to explain "why you believe" that Saxton retaliated against FamilyCare.  To the extent this Interrogatory seeks all facts supporting FamilyCare's First Amendment retaliation claim against Saxton, it violates Local Rule 33-1, which forbids such Interrogatories, and impermissibly seeks attorney work product by asking FamilyCare to reveal the thoughts and impressions of its attorneys regarding which facts might be used to prove its claim.

Subject to and notwithstanding these objections, FamilyCare responds that Saxton retaliated against FamilyCare because FamilyCare exercised its First Amendment rights by, among other things, requesting information necessary to evaluate the Defendants' rate-setting decisions; notifying Defendants that the rates were incorrect and unsound and identifying errors in the data and methodology used to set the rates for FamilyCare and other CCOs; requesting that Defendants correct those errors and redress the harm they caused; communicating with the Oregon legislature, the media, and CMS about Oregon's Health Program; proposing policy changes to increase transparency and improve the overall system; raising concerns about OHA's compliance with state and federal law, it's use of taxpayer funds, and procedural and systemic irregularities in the administration of the agency; refusing to sign contract amendments with erroneous and unsound rates; and filing lawsuits against Defendants, including this suit.  The

39- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 23 of 36

timing and other circumstances surrounding Defendants' treatment of FamilyCare, including Defendants' differential treatment of FamilyCare, suggests that that treatment was motivated by FamilyCare's engagement in these free speech activities.

**REQUEST FOR PRODUCTION NO. 21:**  All documents relating to a retaliatory motive on the part of defendant Saxton in implementing a policy decision and plan to put you out of business.

**RESPONSE:**  FamilyCare incorporates by reference its General Objections and objections to Interrogatory 21 above.  FamilyCare further objects that this Request is impermissibly broad, unduly burdensome, and too vague and ambiguous to permit a response because "documents relating to a retaliatory motive" is not defined.  FamilyCare also objects to this Request to the extent that it calls for the production of OHA documents equally or more readily available to Saxton.  FamilyCare further objects that this Request impermissibly seeks attorney work product because it requires FamilyCare to reveal the thoughts, impressions, and analysis of its attorneys regarding which documents might reflect a retaliatory motive sufficient to prove a claim for First Amendment retaliation.  Moreover, the Parties have engaged in extensive discovery in this case regarding communications between the parties and the rate setting process.  FamilyCare therefore objects that this Request is duplicative of OHA's Requests for Production, including OHA Requests for Production Nos.  5, 7, 8, 10, 11, 12, 14, 15, 16, 23, 24, 25, 26, 27, 30, 43-45, 51, 59, 69-92, 99, 100, and 102, in response to which FamilyCare has already produced responsive documents.

40- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES TO LYNNE SAXTON'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 24 of 36

DATED:  September 10, 2018          **PERKINS COIE LLP**

By: *s/ Stephen F. English*
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

41- FAMILYCARE INC.'S OBJECTIONS AND RESPONSES
TO LYNNE SAXTON'S FIRST SET OF
INTERROGATORIES AND FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 65
Page 25 of 36

**FamilyCare Responses to Lynne Saxton's First Set of Interrogatories - Exhibit A**

| No. | Bates No. |
| --- | --- |
| 1 | OHA_LIT_00139782 |
| 2 | OHA_LIT_00166673 |
| 3 | OHA_LIT_00150661 |
| 4 | OHA_LIT_00328551 |
| 5 | OHA_LIT_00337737 |
| 6 | OHA_LIT_00146590 |
| 7 | OHA_LIT_00310490 |
| 8 | OHA_LIT_00193704 |
| 9 | OHA_LIT_00337445 |
| 10 | OHA_LIT_00150656 |
| 11 | OHA_LIT_00207020 |
| 12 | OHA_LIT_01092979 |
| 13 | OHA_LIT_00361302 |
| 14 | OHA_LIT_00379147 |
| 15 | FCI0265547 |
| 16 | OHA_LIT_00205862 |
| 17 | OHA_LIT_00318539 |
| 18 | OHA_LIT_00552304 |
| 19 | OHA_LIT_00146223 |
| 20 | OHA_LIT_00150449 |
| 21 | OHA_LIT_00161270 |
| 22 | OHA_LIT_00166614 |
| 23 | OHA_LIT_00389899 |
| 24 | OHA_LIT_00164863 |
| 25 | OHA_LIT_00964666 |
| 26 | OHA_LIT_00183134 |
| 27 | OHA_LIT_00226867 |
| 28 | OHA_LIT_00315243 |
| 29 | OHA_LIT_00315414 |
| 30 | OHA_LIT_00138084 |
| 31 | OHA_LIT_00314730 |
| 32 | OHA_LIT_00205862 |
| 33 | OHA_LIT_00315412 |
| 34 | OPT00077426 |
| 35 | OHA_LIT_00315409 |
| 36 | OHA_LIT_00315399 |
| 37 | OHA_LIT_00138925 |
| 38 | OHA_LIT_00206071 |
| 39 | OHA_LIT_00389886 |
| 40 | OHA_LIT_00310222 |
| 41 | OHA_LIT_01033110 |
| 42 | OHA_LIT_00309378 |
| 43 | OHA_LIT_00363392 |

Exhibit A
Page 1 of 8

Exhibit 65
Page 26 of 36

| | |
|---|---|
| 44 | OHA_LIT_00265930 |
| 45 | OHA_LIT_00313549 |
| 46 | OHA_LIT_00313937 |
| 47 | OHA_LIT_00226050 |
| 48 | OHA_LIT_00310205 |
| 49 | OHA_LIT_00205203 |
| 50 | OHA_LIT_00310199 |
| 51 | OHA_LIT_00310202 |
| 52 | OHA_LIT_00225976 |
| 53 | OHA_LIT_00355006 |
| 54 | OHA_LIT_00116198 |
| 55 | OHA_LIT_00141575 |
| 56 | OHA_LIT_00141571 |
| 57 | OHA_LIT_00024646 |
| 58 | OHA_LIT_00201689 |
| 59 | OHA_LIT_00160912 |
| 60 | OHA_LIT_00313341 |
| 61 | OHA_LIT_00313370 |
| 62 | OHA_LIT_00386332 |
| 63 | OHA_LIT_00225886 |
| 64 | OHA_LIT_00225892 |
| 65 | OHA_LIT_00450562 |
| 66 | OHA_LIT_00158692 |
| 67 | FCI0564592 |
| 68 | OHA_LIT_00934025 |
| 69 | OHA_LIT_00934422 |
| 70 | OHA_LIT_00934424 |
| 71 | OHA_LIT_00934331 |
| 72 | OHA_LIT_00934338 |
| 73 | OHA_LIT_00085953 |
| 74 | OHA_LIT_00934319 |
| 75 | OHA_LIT_00151299 |
| 76 | OHA_LIT_00151465 |
| 77 | OHA_LIT_00934306 |
| 78 | OHA_LIT_00088606 |
| 79 | OHA_LIT_00317783 |
| 80 | OHA_LIT_00146688 |
| 81 | OHA_LIT_00128428 |
| 82 | OHA_LIT_00020916 |
| 83 | OHA_LIT_00151248 |
| 84 | OHA_LIT_00934007 |
| 85 | OHA_LIT_00934153 |
| 86 | OHA_LIT_00934551 |
| 87 | OHA_LIT_00934274 |
| 88 | OHA_LIT_00934281 |
| 89 | OHA_LIT_00023147 |
| 90 | OHA_LIT_00934258 |

Exhibit A
Page 2 of 8

Exhibit 65
Page 27 of 36

| | |
|---|---|
| 91 | OHA_LIT_00026619 |
| 92 | OHA_LIT_00032528 |
| 93 | OHA_LIT_00184487 |
| 94 | OHA_LIT_00227534 |
| 95 | OHA_LIT_00032577 |
| 96 | OHA_LIT_01091671 |
| 97 | OHA_LIT_00933987 |
| 98 | OHA_LIT_00021361 |
| 99 | OHA_LIT_00232537 |
| 100 | OHA_LIT_00933981 |
| 101 | OHA_LIT_01091992 |
| 102 | OHA_LIT_00965744 |
| 103 | OHA_LIT_00015914 |
| 104 | OHA_LIT_00020782 |
| 105 | OHA_LIT_00934231 |
| 106 | OHA_LIT_00933971 |
| 107 | OHA_LIT_00934204 |
| 108 | OHA_LIT_00028219 |
| 109 | OHA_LIT_00934194 |
| 110 | OHA_LIT_00073749 |
| 111 | OHA_LIT_00933885 |
| 112 | OHA_LIT_01051436 |
| 113 | OHA_LIT_00933883 |
| 114 | OHA_LIT_00073746 |
| 115 | OHA_LIT_01051440 |
| 116 | FCI0005143 |
| 117 | OHA_LIT_00028084 |
| 118 | OHA_LIT_00933847 |
| 119 | OHA_LIT_00933848 |
| 120 | OHA_LIT_00151131 |
| 121 | OHA_LIT_00165366 |
| 122 | OHA_LIT_00028069 |
| 123 | OHA_LIT_00933919 |
| 124 | OHA_LIT_00129446 |
| 125 | OHA_LIT_00160149 |
| 126 | OHA_LIT_00972015 |
| 127 | OHA_LIT_00027876 |
| 128 | OHA_LIT_00032630 |
| 129 | OHA_LIT_00032636 |
| 130 | OHA_LIT_00022267 |
| 131 | OHA_LIT_00087046 |
| 132 | OHA_LIT_00966838 |
| 133 | OHA_LIT_00967523 |
| 134 | OHA_LIT_00009893 |
| 135 | OHA_LIT_00009893 |
| 136 | OHA_LIT_00009873 |
| 137 | OHA_LIT_00009880 |

Exhibit A
Page 3 of 8

Exhibit 65
Page 28 of 36

| | |
|---|---|
| 138 | OHA_LIT_00447865 |
| 139 | OHA_LIT_00447879 |
| 140 | OHA_LIT_00151128 |
| 141 | OHA_LIT_00027570 |
| 142 | OHA_LIT_00005375 |
| 143 | OHA_LIT_00022203 |
| 144 | OHA_LIT_00029982 |
| 145 | OHA-HC000158 |
| 146 | OHA_LIT_00447827 |
| 147 | OHA_LIT_00027551 |
| 148 | OHA_LIT_00005375 |
| 149 | OHA_LIT_00021462 |
| 150 | OHA_LIT_00447762 |
| 151 | OHA_LIT_00027543 |
| 152 | OHA_LIT_00027460 |
| 153 | OHA_LIT_00933701 |
| 154 | OHA_LIT_00933713 |
| 155 | OHA_LIT_00049698 |
| 156 | OHA_LIT_00967537 |
| 157 | OHA_LIT_00933686 |
| 158 | OHA_LIT_00933669 |
| 159 | OHA_LIT_00044646 |
| 160 | OHA_LIT_00207871 |
| 161 | OHA_LIT_00364048 |
| 162 | OHA_LIT_00364049 |
| 163 | OHA_LIT_00207853 |
| 164 | OHA_LIT_00933418 |
| 165 | OHA_LIT_00933517 |
| 166 | OHA_LIT_00085959 |
| 167 | OHA_LIT_00542243 |
| 168 | OHA_LIT_00542244 |
| 169 | OHA_LIT_00933394 |
| 170 | OHA_LIT_00441003 |
| 171 | OHA_LIT_00792877 |
| 172 | OHA_LIT_00792864 |
| 173 | OPT00020403 |
| 174 | OHA_LIT_00792845 |
| 175 | OHA_LIT_01229091 |
| 176 | OHA_LIT_00792809 |
| 177 | OHA_LIT_00793690 |
| 178 | OHA_LIT_00756937 |
| 179 | OHA_LIT_00759557 |
| 180 | OHA_LIT_00660855 |
| 181 | OHA_LIT_00756880 |
| 182 | OHA_LIT_00792700 |
| 183 | OHA_LIT_00578463 |
| 184 | OHA_LIT_00578458 |

Exhibit A
Page 4 of 8

Exhibit 65
Page 29 of 36

| | |
|---|---|
| 185 | OHA_LIT_01140224 |
| 186 | OHA_LIT_00764066 |
| 187 | OHA_LIT_00660801 |
| 188 | OHA_LIT_00756844 |
| 189 | OHA_LIT_00792440 |
| 190 | OHA_LIT_00660790 |
| 191 | OHA_LIT_00756838 |
| 192 | OHA_LIT_01060121 |
| 193 | OHA_LIT_00660782 |
| 194 | OHA_LIT_00660775 |
| 195 | OHA_LIT_00440232 |
| 196 | OHA_LIT_00660747 |
| 197 | OHA_LIT_00660744 |
| 198 | OHA_LIT_00746322 |
| 199 | OHA_LIT_00906720 |
| 200 | OHA_LIT_00690783 |
| 201 | OHA_LIT_00660724 |
| 202 | OHA_LIT_01001271 |
| 203 | OHA_LIT_00760302 |
| 204 | OHA_LIT_00660721 |
| 205 | OHA_LIT_01060109 |
| 206 | OHA_LIT_00660719 |
| 207 | OHA_LIT_01001012 |
| 208 | OHA_LIT_00660695 |
| 209 | OHA_LIT_00660689 |
| 210 | OHA_LIT_00660676 |
| 211 | OHA_LIT_00582906 |
| 212 | OHA_LIT_00660645 |
| 213 | OHA_LIT_00661697 |
| 214 | OHA_LIT_00894185 |
| 215 | OHA_LIT_00660634 |
| 216 | OHA_LIT_00622067 |
| 217 | OHA_LIT_00660623 |
| 218 | OHA_LIT_00578406 |
| 219 | FCI0516874 |
| 220 | OHA_LIT_00660621 |
| 221 | OHA_LIT_00756807 |
| 222 | OHA_LIT_00909430 |
| 223 | OHA_LIT_00578373 |
| 224 | OHA_LIT_00660597 |
| 225 | OHA_LIT_00661685 |
| 226 | OHA_LIT_00807665 |
| 227 | OHA_LIT_00920658 |
| 228 | OHA_LIT_00934941 |
| 229 | OHA_LIT_00695645 |
| 230 | OHA_LIT_00660512 |
| 231 | OHA_LIT_00695993 |

Exhibit A
Page 5 of 8

Exhibit 65
Page 30 of 36

| | |
|---|---|
| 232 | OHA_LIT_00660533 |
| 233 | OHA_LIT_00660504 |
| 234 | OHA_LIT_00711969 |
| 235 | OHA_LIT_00711972 |
| 236 | OHA_LIT_00582587 |
| 237 | OHA_LIT_00695356 |
| 238 | OHA_LIT_00814545 |
| 239 | OHA_LIT_00814535 |
| 240 | OHA_LIT_00614273 |
| 241 | OHA_LIT_00926974 |
| 242 | OHA_LIT_00756761 |
| 243 | OHA_LIT_00813880 |
| 244 | OHA_LIT_00660482 |
| 245 | FCI0388396 |
| 246 | OHA_LIT_00695436 |
| 247 | OHA_LIT_00695961 |
| 248 | OHA_LIT_00695963 |
| 249 | OHA_LIT_01097074 |
| 250 | OHA_LIT_00894184 |
| 251 | FCI0395429 |
| 252 | OHA_LIT_00805075 |
| 253 | OHA_LIT_00807307 |
| 254 | OHA_LIT_00690078 |
| 255 | OHA_LIT_00804675 |
| 256 | OHA_LIT_00660472 |
| 257 | OHA_LIT_00660460 |
| 258 | OHA_LIT_00660468 |
| 259 | OHA_LIT_00695881 |
| 260 | OHA_LIT_00695886 |
| 261 | FCI0388930 |
| 262 | FCI0388927 |
| 263 | OHA_LIT_00621168 |
| 264 | OHA_LIT_00660447 |
| 265 | OHA_LIT_00690627 |
| 266 | FCI0372746 |
| 267 | OHA_LIT_00660439 |
| 268 | OHA_LIT_00695830 |
| 269 | OHA_LIT_00656334 |
| 270 | OHA_LIT_00656532 |
| 271 | OHA_LIT_00690624 |
| 272 | OHA_LIT_00695801 |
| 273 | OHA_LIT_00656517 |
| 274 | OHA_LIT_00656521 |
| 275 | OHA_LIT_00656524 |
| 276 | OHA_LIT_00656527 |
| 277 | OHA_LIT_00656530 |

Exhibit A
Page 6 of 8

Exhibit 65
Page 31 of 36

| | |
|---|---|
| 278 | OHA_LIT_00749517 |
| 279 | OHA_LIT_01102127 |
| 280 | OHA_LIT_00690588 |
| 281 | OHA_LIT_00656493 |
| 282 | OHA_LIT_00690002 |
| 283 | OHA_LIT_00749479 |
| 284 | OHA_LIT_00779645 |
| 285 | OHA_LIT_00790755 |
| 286 | OHA_LIT_00807270 |
| 287 | OHA_LIT_00813799 |
| 288 | OHA_LIT_01136875 |
| 289 | OHA_LIT_01154826 |
| 290 | OHA_LIT_00689985 |
| 291 | OHA_LIT_00690580 |
| 292 | OHA_LIT_00749437 |
| 293 | OHA_LIT_00749449 |
| 294 | OHA_LIT_00749456 |
| 295 | OHA_LIT_00749460 |
| 296 | OHA_LIT_00807250 |
| 297 | OHA_LIT_00749359 |
| 298 | OHA_LIT_00749288 |
| 299 | OHA_LIT_00752211 |
| 300 | OHA_LIT_00659586 |
| 301 | OHA_LIT_00749280 |
| 302 | OHA_LIT_00749256 |
| 303 | OHA_LIT_00676316 |
| 304 | OHA_LIT_00749245 |
| 305 | OHA_LIT_00676080 |
| 306 | OHA_LIT_00772312 |
| 307 | OHA_LIT_00693015 |
| 308 | OHA_LIT_00748397 |
| 309 | OHA_LIT_00771897 |
| 310 | OHA_LIT_00592038 |
| 311 | OHA_LIT_00660399 |
| 312 | OHA_LIT_00722468 |
| 313 | OHA_LIT_0057832 |
| 314 | OHA_LIT_00578318 |
| 315 | OHA_LIT_00675507 |
| 316 | OHA_LIT_00675367 |
| 317 | OHA_LIT_00591941 |
| 318 | OHA_LIT_01266282 |
| 319 | OHA_LIT_00675221 |
| 320 | OHA_LIT_00675164 |
| 321 | OHA_LIT_01083381 |
| 322 | OHA_LIT_01219952 |
| 323 | OHA_LIT_01219837 |
| 324 | OHA_LIT_01219579 |

Exhibit A
Page 7 of 8

Exhibit 65
Page 32 of 36

| 325 | OHA_LIT_01219148 |
| 326 | OHA_LIT_01201214 |
| 327 | OHA_LIT_00005007 |
| 328 | OHA_LIT_00006542 |
| 329 | OHA_LIT_00116233 |
| 330 | OHA_LIT_00116234 |
| 331 | OHA_LIT_00145915 |
| 332 | OHA_LIT_00146006 |
| 333 | OHA_LIT_00333450 |
| 334 | OHA_LIT_00317764 |
| 335 | OHA_LIT_00337279 |
| 336 | OHA_LIT_00160988 |
| 337 | OHA_LIT_00972288 |
| 338 | OHA_LIT_00005007 |
| 339 | OHA_LIT_00934132 |
| 340 | OHA_LIT_00934122 |
| 341 | OHA_LIT_00934134 |
| 342 | OHA_LIT_00934115 |
| 343 | OHA_LIT_00934236 |
| 344 | OHA_LIT_00934103 |
| 345 | OHA_LIT_00690441 |
| 346 | OHA_LIT_00821104 |
| 347 | OHA_LIT_00810100 |
| 348 | OHA_LIT_00614519 |
| 349 | OHA_LIT_00083834 |
| 350 | OHA_LIT_00690905 |
| 351 | OHA_LIT_00679131 |
| 352 | FCI0372776 |
| 353 | FCI0372698 |

Exhibit A
Page 8 of 8

Exhibit 65
Page 33 of 36

**FamilyCare Responses to Lynne Saxton's First Set of Interrogatories - Exhibit B**

| No. | Bates No. |
|-----|-----------|
| 1 | OHA_LIT_00207020 |
| 2 | FCI0565014 |
| 3 | FCI0565015 |
| 4 | FCI0302211 |
| 5 | FCI0302212 |
| 6 | FCI0302215 |
| 7 | FCI0325247 |
| 8 | FCI0315248 |
| 9 | OHA_LIT_00379067 |
| 10 | FCI0565061 |
| 11 | OPT00056957 |
| 12 | OHA_LIT_0050249 |
| 13 | OHA_LIT_01091664 |
| 14 | OHA_LIT_00557984 |
| 15 | ALLISON00000219 |
| 16 | FCI0077442 |
| 17 | FCI0311132 |
| 18 | FCI0014478 |
| 19 | FCI0565047 |
| 20 | FCI0024657 |
| 21 | FCI0316038 |
| 22 | FCI0005143 |
| 23 | FCI0017978 |
| 24 | FCI0017980 |
| 25 | FCI0564977 |
| 26 | FCI0529266 |
| 27 | FCI0529268 |
| 28 | FCI0080811 |
| 29 | FCI0080812 |
| 30 | FCI0019107 |
| 31 | FCI0019108 |
| 32 | FCI0028322 |
| 33 | OHA_LIT_00537131 |
| 34 | FCI0564893 |
| 35 | FCI0037710 |
| 36 | FCI0020949 |
| 37 | FCI0029648 |
| 38 | FCI0029649 |
| 39 | FCI 0029652 |
| 40 | FCI0086205 |
| 41 | FCI0065811 |
| 42 | FCI0007451 |
| 43 | FCI0082977 |

| | |
|---|---|
| 44 | FCI0208828 |
| 45 | FCI0208904 |
| 46 | FCI0200881 |
| 47 | FCI0210319 |
| 48 | FCI0202410 |
| 49 | FCI0274950 |
| 50 | OHA_LIT_00614273 |
| 51 | FCI0566723 |
| 52 | OHA_LIT_00614279 |
| 53 | OHA_LIT_00614273 |
| 54 | OHA_LIT_00679131 |
| 55 | GARD00015689 |
| 56 | FCI0385314 |
| 57 | OHA_LIT_00690588 |
| 58 | OHA_LIT_00690441 |
| 59 | OHA_LIT_00905861 |
| 60 | OHA_LIT_00614519 |
| 61 | FCI0024668 |
| 62 | FCI0026980 |
| 63 | FCI0026996 |
| 64 | FCI0027275 |
| 65 | FCI0047313 |
| 66 | FCI0047727 |
| 67 | FCI0075322 |
| 68 | FCI0077723 |
| 69 | FCI0080811 |
| 70 | FCI0093386 |
| 71 | FCI0207327 |
| 72 | FCI0275947 |
| 73 | FCI0277107 |
| 74 | FCI0372634 |
| 75 | FCI0377572 |
| 76 | FCI0383733 |
| 77 | FCI0390942 |
| 78 | FCI0528763 |
| 79 | FCI0529259 |
| 80 | FCI0529266 |
| 81 | FCI0529279 |
| 82 | FCI0529282 |
| 83 | FCI0529289 |
| 84 | FCI0533956 |
| 85 | FCI0533963 |
| 86 | FCI0534353 |
| 87 | FCI0534361 |
| 88 | FCI0534599 |
| 89 | FCI0534698 |
| 90 | FCI0534710 |

Exhibit B
Page 2 of 19

Exhibit 65
Page 35 of 36

| | |
|---|---|
| 91 | FCI0535164 |
| 92 | FCI0535193 |
| 93 | FCI0542034 |
| 94 | FCI0544462 |
| 95 | FCI0544502 |
| 96 | FCI0544510 |
| 97 | FCI0549076 |
| 98 | FCI0550577 |
| 99 | FCI0564975 |
| 100 | FCI0564979 |
| 101 | FCI0564993 |
| 102 | FCI0565014 |
| 103 | FCI0565024 |
| 104 | FCI0565033 |
| 105 | FCI0565036 |
| 106 | FCI0565045 |
| 107 | FCI0565054 |
| 108 | FCI0565059 |
| 109 | FCI0565661 |
| 110 | FCI0565666 |
| 111 | FCI0565682 |
| 112 | FCI0565731 |
| 113 | FCI0565870 |
| 114 | FCI0566406 |
| 115 | FCI0566643 |
| 116 | FCI0567459 |
| 117 | FCI0616821 |
| 118 | FCI0642863 |
| 119 | FCI0644142 |
| 120 | FCI0644157 |
| 121 | FCI0644213 |
| 122 | FCI0644216 |
| 123 | FCI0644219 |
| 124 | FCI0644224 |
| 125 | FCI0644283 |
| 126 | FCI0645013 |
| 127 | FCI0645038 |
| 128 | FCI0645047 |
| 129 | FCI0645060 |
| 130 | FCI0645343 |
| 131 | FCI0645375 |
| 132 | FCI0646088 |
| 133 | FCI0646181 |
| 134 | FCI0646678 |
| 135 | FCI0651404 |
| 136 | FCI0658210 |
| 137 | FCI00662136 |