1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, ) ) ) | |
| Plaintiff, ) | Case No. 6:18-cv-00296-MO |
| ) v. ) ) | |
| OREGON HEALTH AUTHORITY, an ) agency of the State of Oregon, ) PATRICK ALLEN, both ) individually and in his ) official capacity as director ) of the Oregon Health Authority,) and LYNNE SAXTON, ) ) | September 21, 2018 |
| Defendants. ) _____) | Portland, Oregon |

Oral Argument

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT CHIEF JUDGE

Exhibit 66
Page 1 of 4

earlier the relationship between rulings at motions to dismiss and rulings on summary judgment, and so my ruling today on the admissibility of this evidence under 803(3) is a summary judgment ruling. It doesn't mean that the landscape for admissibility might alter between now and trial or at trial such that I'd have to come out differently. We'll see how that happens at trial, either at the pretrial conference or at trial itself.

Thank you for your briefing on the counterclaim for recoupment, along with FamilyCare's motion to dismiss that counterclaim. I agree that counterclaim is not currently ripe for resolution, and so I grant FamilyCare's motion to dismiss the counterclaim.

OHA has moved for summary judgment on essentially all of FamilyCare's damages. And I'm relying now on the list of those damages at page 36 of the motion for summary judgment, and page 40 of the response.

Candidly, the more accurate list, in my view, is at page 36, and there are two pieces of what's being sought in damages that in my view are out of the case. The first is goodwill as to Allen. So you've framed it on page 40 as just a claim for goodwill. But if your only claim for goodwill is against Mr. Allen, I've already kicked that out of the case on qualified immunity. That's gone as to Allen.

And then to the degree that you're seeking damages

Exhibit 66
Page 2 of 4

70

flowing from failure to receive actuarially sound rates per se, then that claim, because I've granted summary judgment, is also out of the case.

And on the rest of the damages described at page 36 or page 40, I deny OHA's motion for summary judgment.

FamilyCare also asserts that it shouldn't be cabined by that list. And I don't know what to make of that. I'm not ruling on that today. I think that's a real issue. In fact, you might be cabined by that list, but I'm not deciding that question today.

If you'll give me just a moment here. I used to be able to hold all this in my head at once, but --

I want to verify what I think is clear from the briefing, that FamilyCare is, for our trial purposes, dropping Claims 7 and 8. Is that correct?

MR. ENGLISH: We're checking, Your Honor. I believe so.

MR. JOHNSON: Yes, Your Honor.

THE COURT: All right. Then we're left with sort of upcoming issues and scheduling.

Mr. Chaimov, are you here for this reason, the down-designation issue?

MR. CHAIMOV: Yes, Your Honor.

THE COURT: I appreciate your patience.

So there are three items in question, but since that

Exhibit 66
Page 3 of 4

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


/s/Bonita J. Shumway                    September 24, 2018
_____         _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter

Exhibit 66
Page 4 of 4