Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
Brian Samuelson, OSB No. 165476
BSamuelson@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>　　　　　Defendants. | No. 6:18−cv−00296−MO<br><br>FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS<br><br>REQUEST FOR ORAL ARGUMENT |

FAMILYCARE, INC.'S MOTION FOR PARTIAL
RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT
ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE
ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a)(1)(A), counsel for plaintiff FamilyCare, Inc. ("FamilyCare") has conferred in good faith with counsel for Oregon Health Authority ("OHA"), counsel for Coordinated Care Organizations ("CCOs"), and counsel for Schramm Health Partners dba Optumas ("Optumas") about the issues that are the subject of this Motion. The conferring parties were unable to resolve the dispute. Counsel for the CCOs insisted that the issues be addressed through the provisions of the applicable protective order that apply to disputes about whether documents should be down-designated. Counsel for FamilyCare disagreed with that position but nevertheless sent a letter to counsel for OHA identifying the documents subject to this motion and asking OHA to provide to each CCO the documents on whose behalf OHA had marked them AEO.

## ORAL ARGUMENT REQUESTED

Oral argument is requested. FamilyCare estimates that thirty minutes will be required.

## MOTION

Pursuant to Federal Rules of Civil Procedure 26 and 37, FamilyCare moves this Court for partial reconsideration of its Order denying FamilyCare's Motion to Permit Access to AEO Documents Pursuant to Protective Orders and to Permit Supplementation of Actuarial Expert Report (ECF No. 251, "AEO Motion"). Specifically, FamilyCare moves the Court to allow employees William Murray and Art Suchorzewski to access a small percentage (17%) of the AEO documents pursuant to Section 10 of the Protective Orders entered in this case. This motion is supported by the points and authorities set forth in the AEO Motion, the points and authorities discussed below, and the Declaration of William Murray ("Murray Decl.") filed herewith.

1- FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**DISCUSSION**

On October 5, 2018, this Court denied FamilyCare's AEO motion, which sought to add Mr. Murray and Mr. Suchorzewski as additional persons to the Protective Orders entered in this case such that they could view all documents designated AEO.  (ECF No. 290.)  At the hearing, the Court explained that FamilyCare had not sufficiently specified the documents that FamilyCare sought to allow Mr. Murray and Mr. Suchorzewski to access or the reasons for accessing those documents, and the Court suggested that it might consider a more limited approach.  FamilyCare took the Court's guidance to heart and has identified a limited subset of AEO-designated documents, and now moves the Court to reconsider in part its Order and grant the motion to add Mr. Murray and Mr. Suchorzewski as "additional persons" who may agree to be bound by Section 10 of the Protective Orders for the purpose of reviewing those specific documents.

Of the approximately 19,400 documents designated AEO, 3,309, or 17% of the total, are the subject of this motion.  (*See* Murray Decl. ¶6  & Ex. A.)  These documents appear particularly relevant to various aspects of FamilyCare's claims of retaliation and breach of the Settlement Agreement.  (Murray Decl. ¶¶ 6-7.)  In particular, these documents were identified as being most likely to inform Mr. Murray's analysis of whether and how OHA treated FamilyCare differently.  (*Id.*)  That analysis is not one that can be performed by an outside expert alone; rather it requires the deep experience with and historical knowledge of the interactions among OHA and the CCOs.  (*Id.* ¶ 8.)  OHA's treatment of FamilyCare, and how that treatment compared to OHA's treatment of other CCOs, is key to FamilyCare's claims.  There are no outside experts with subject matter expertise on that historical background.  Thus, limiting the significant volume of AEO designated documents to outside experts and counsel who do not possess, and cannot reasonably gain, subject matter expertise on OHA's treatment of FamilyCare significantly disadvantages FamilyCare in trial preparation, including in working with its experts and in assisting counsel.  It is not reasonable or feasible for Mr. Murray to transfer his historical

2- FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

knowledge of FamilyCare, OHA, and the Oregon Health Plan, gained over years of experience and interactions with OHA. Such background is requisite knowledge and key to identifying disparate treatment of FamilyCare and the analyzing the impact on FamilyCare. (*Id*. ¶¶ 6-8.)

As a general matter, these categories of documents are important to address FamilyCare's claims of unfair treatment compared to that of other CCOs. (Murray Decl. ¶ 6.) FamilyCare contends in this case that OHA's directors retaliated against it for exercising its First Amendment rights, that OHA intentionally interfered with FamilyCare's business relationships, and that OHA breached the parties' Settlement Agreement. FamilyCare alleges that OHA and its directors took actions that disproportionately negatively impacted FamilyCare in the rate-setting process and that they took pains to portray FamilyCare as a financial and operational outlier—i.e., different than the other CCOs, and different in bad ways. For its part, OHA and its current and former director contend that they treated FamilyCare just like every other CCO and did not take such actions. As a result, OHA's treatment of FamilyCare vis-à-vis other CCOs is a core issue in this case. And to fully litigate this case and put OHA's assertions to the test, FamilyCare needs to be able to fully analyze both how it was treated and how OHA treated other CCOs.

The specific categories of documents are identified below and are discussed in more detail in Mr. Murray's declaration:

1. Documents containing information and/or discussion of raw and relative risk scores, and OHA/Optumas communications with CCOs related to risk scores.

2. Documents relating to the "rate of growth" calculations performed by OHA/Optumas and the reimbursement policy, as well as OHA/Optumas communications with CCOs relating to the rate of growth calculations and the reimbursement policy.

3. Portions of quarterly and annual financial submissions (Schedule Ls) for all CCOs, with specific exclusion of any portion of any submissions that contain

3- FAMILYCARE, INC.'S MOTION FOR PARTIAL
RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT
ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE
ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"trade secret" information, as well as communications with CCOs and Optumas related to these submissions.

4. CCO triangulation-related documents and discussions with CCOs and Optumas.

5. Optumas rate development documents shared among and discussed with the CCOs in other regions, but not shared or discussed with FamilyCare.

6. Regional rate models for all regions.

7. Documents containing information, comparison and/or discussion of FamilyCare's and/or other CCOs' financial and/or operational performance.

The documents are identified, by bates numbers, in Exhibit A to the Murray Declaration. While the total number of documents is not insignificant, that is largely because there are multiple versions of various documents that were developed, modified or updated over time, as well as multiple communications with multiple CCOs, and because, as recognized by counsel for HealthShare at the hearing on the AEO Motion, OHA was "generous" in its designations of documents as AEO. Given the large volume of AEO-designated documents and the inability of FamilyCare representatives to see more than the metadata for each document, this list represents the best estimate of the documents that are most relevant to FamilyCare's claims, and is only 17% of total AEO documents.

Moreover, as explained in more detail in the Murray Declaration, the information in these documents is not trade secret and would not cause competitive harm. (*See* Murray Decl. ¶¶ 6-7). Among other things, rate-setting in Oregon has not been, and is not expected to be, a competitive process. (*Id.* ¶¶ 12-15.) Instead, OHA has for the past five rate-years unilaterally set rates based on the most recent complete year of encounter data. (*Id.* ¶ 14.) Moreover, the upcoming procurement process is not, according to OHA, going to be competitive. (*Id.* ¶ 13.) And, in any event, FamilyCare is not currently in a position to re-enter the Medicaid market within the next few months. (*Id.* ¶ 11.)

4- FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

This is not a case where the client representative is superfluous or merely incidental. Far from it: this case requires extensive involvement from, and coordination with, client representatives—particularly Mr. Murray and Mr. Suchorzewski. In particular, to prosecute the claims of disparate treatment and breach of the settlement agreement, it is critical to evaluate how OHA/Optumas treated and manipulated data with the insight and historical knowledge that only Mr. Murray can bring. Accordingly, FamilyCare respectfully requests that he and Mr. Suchorzewski be allowed to be added as additional persons to the Protective Orders to access the specific AEO-designated documents identified in Exhibit A to the Murray Declaration.

## CONCLUSION

For the foregoing reasons, FamilyCare respectfully requests that this Court grant this Motion for Partial Reconsideration.

5- FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  October 15, 2018                    **PERKINS COIE LLP**


By: */s/ Stephen F. English*
    Stephen F. English, OSB No. 730843
    SEnglish@perkinscoie.com
    Thomas R. Johnson, OSB No. 010645
    TRJohnson@perkinscoie.com
    Alletta Brenner, OSB No. 142844
    ABrenner@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    Matthew Gordon, *pro hac vice*
    MGordon@perkinscoie.com
    Nicholas Hesterberg, *pro hac vice*
    NHesterberg@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

6- FAMILYCARE, INC.'S MOTION FOR PARTIAL
RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT
ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE
ORDERS