Eric A. Lindenauer, OSB #833721
elindenauer@gsblaw.com
Matthew J. Yium, OSB #054377
myium@gsblaw.com
Garvey Schubert Barer, P.C.
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259

      Attorneys for Intervenor
      PacificSource Community Solutions

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>          Defendants. | Case No. 6:18-cv-00296-MO<br><br>PACIFICSOURCE COMMUNITY SOLUTIONS' OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS<br><br>(Oral Argument Requested) |

**INTRODUCTION**

The FamilyCare, Inc.'s ("FamilyCare") Motion for Reconsideration is the most recent of

multiple attempts to negate AEO protection for CCO trade secret information.  If granted, the

PACIFICSOURCE COMMUNITY SOLUTIONS' OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS

motion it would as a practical matter obviate AEO protection because Mr. Murray and Mr. Suchorzewski are the very sort of FamilyCare executives who could use trade secret information to FamilyCare's competitive advantage and the disadvantage of the CCOs including PacificSource Community Solutions ("PacificSource").

Previously FamilyCare argued their access was necessary to assist FamilyCare's expert with trial preparation.  FamilyCare now continues with that alleged justification despite moving to continue trial indefinitely [Dkt. 312] until completion of appeals which may take months or years.  *See* Declaration of William Murray in Support of Motion for Partial Reconsideration [Dkt. 303], ¶ 5 ("My inability to view more than 19,000 documents marked "Attorneys Eyes Only" (AEO) is having a profound negative impact on FamilyCare's preparation for trial.").  Assuming FamilyCare's motion to postpone trial indefinitely [Dkt. 312] will be granted, there presently is no trial to prepare for.  And it is possible there will never be a trial or that its scope will be severely limited.  The inference FamilyCare in truth seeks management access for competitive purposes is strong given carve out of the current Motion for Partial Reconsideration from matters FamilyCare asks to be held in abeyance under FamilyCare's motion for indefinite continuance of the trial date.  *See* Joint Status Report and Motion to Vacate Trial Deadlines [Dkt. 312], p. 3.

FamilyCare's Motion for Reconsideration should be denied.  In support of this Opposition, PacificSource submits the Declaration of Julie Farrow.  PacificSource joins in the opposition arguments of the other opposing CCOs.

/ / /

/ / /

/ / /

**ARGUMENT**

**A.    FamilyCare failed to properly confer prior to filing its motion and its unilateral motion to extend response times does not cure this motion's deficiency.**

Paragraph 5.d of the Protective Order governing CCO documents provides:

> If FamilyCare believes a document has been erroneously designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this paragraph 5, FamilyCare will send a letter to the appropriate CCO(s) (with a copy to OHA) requesting re-designation and explaining its position why the document has been erroneously designated, and the CCO(s) will have ten (10) days from receipt of the letter to respond to such letter and explain why the designation is proper. If FamilyCare and the CCO(s) are unable to reach an agreement, both letters will be forwarded to the Court for hearing at an appropriate time considering the Court's schedule. CCO(s) may appear before the Court and speak in defense of the designation if the matter is brought before the Court.

FamilyCare previously contended it was not required to confer because it is not seeking to downgrade documents but only to add to the Protective Order individuals allowed to access AEO documents. That position is belied by the justification set forth for the current motion by FamilyCare that "[a]s explained in more detail in the Murray Declaration, the information in these documents is not trade secret and would not cause competitive harm." FamilyCare Motion, page 4. Allowing FamilyCare top executives to see these documents would be equivalent to a downgrade, which is truly what FamilyCare seeks.

On October 23, 2018, more than one week after filing the current motion, FamilyCare counsel provided PacificSource counsel with numerous AEO documents, requesting that counsel and/or PacificSource review them and indicate whether PacificSource will agree to remove them from AEO status. And on October 26, 2018, FamilyCare moved to extend the time for response to its motion even though no CCO requested additional time for response. The documents were provided and extension requested in apparent recognition of the deficiencies in the current motion. But FamilyCare's post-motion maneuvering does not cure the deficiencies in the current

motion.  The motion before the Court addresses documents only by category.  As discussed below, it is impossible to address in detail FamilyCare's contention documents are not trade secret without bringing specific documents before the Court.  And it appears the identified categories do contain trade secret documents.  Conferral must occur before and not after filing a discovery motion.

Although FamilyCare has still not followed the Protective Order by "explaining its position why the document[s] [have] been erroneously designated," PacificSource counsel will review the documents provided on October 23, 2018, and be prepared to discuss them with FamilyCare counsel within a reasonable time period.  The review and conferral process will be addressed by PacificSource separately from the response to the current motion which seeks to allow access to AEO documents by category and does not provide or address specific documents for discussion and decision by the Court.

**B.**    **Identification by "category" does not allow meaningful consideration of whether documents are trade secret.**

FamilyCare's current motion perpetuates the problem with its failure to properly confer prior to filing because the motion only purports to identify documents to which access will be allowed by descriptive category.  Without identification of specific documents, it is impossible to address in detail FamilyCare's contention the documents are not trade secret or would not cause competitive harm.  The general nature of the descriptions would leave Mr. Murray and Mr. Suchorzewski with unreasonable discretion to deem documents within a category they contend should not be protected.  Farrow Declaration, ¶ 3.  And it does appear the identified categories include trade secret information.

FamilyCare's contention the documents in listed categories are not trade secret is largely a rehash of arguments implicitly if not outright rejected by this Court and by Judge Armstrong in

connection with FamilyCare's multiple previous attempts to invade AEO protection.  As to PacificSource, FamilyCare fails to rebut the showing made of what constitutes trade secret information in March of 2018 in opposing a FamilyCare motion to de-designate AEO and confidential documents.  *See* Declaration of Julie Farrow Supporting PacificSource Community Solutions' Response to FamilyCare, Inc.'s Motion to De-Designate AEO and Confidential Documents [Dkt. 42].  FamilyCare fails to address PacificSource's longstanding confidentiality designations.

The FamilyCare contention the six described categories do not implicate trade secret or competitively sensitive information has the following flaws.

1.    ***Documents containing information and/or discussion of raw and relative risk scores, and OHA communication with CCOs related to risk scores.***

While aggregate risk scores in isolation are not trade secret, documents containing discussions of risk scores may well contain trade secret information.  Without identification of the specific documents and communications to which FamilyCare seeks access, it is impossible to determine what trade secret information they may contain, but it is quite possible trade secret information would be included.  In addition, aggregate risk scores could give FamilyCare a competitive advantage in the CCO 2.0 contracting process by providing information which would inform FamilyCare as to how to approach a proposal to enter a geographic region currently served by a different CCO.  Farrow Decl., ¶ 3.

2.    ***Documents relating to the "rate of growth" calculations and the reimbursement policy, as well as OHA communications with CCOs relating to the rate of growth calculations and the reimbursement policy.***

Rate of growth calculations and information beyond what is publicly available is trade secret and would provide FamilyCare with information on CCO business models and give FamilyCare a competitive advantage in CCO 2.0.  Farrow Decl., ¶ 3.

3.    *CCO triangulation-related documents and discussions.*

While triangulation amounts are aggregate, documents in this category reveal trade secret information on how CCOs pay providers, including, for example, whether they are capitated as opposed to paid fee-for-service.  Farrow Decl., ¶ 3.

4.    *Optumas rate development documents shared among CCOs in other regions, but not shared with FamilyCare.*

Without identification of specific documents, it is difficult to know what trade secret information they may contain.  There are regional rate models which OHA shares only with CCOs operating within a region and not with CCOs outside that region.  Broader access would give FamilyCare an advantage in CCO 2.0.  Farrow Decl., ¶ 3.

5.    *Unmasked regional rate model for all regions.*

The unmasked regional rate models contain trade secret information.  Although they contain aggregate data, it is possible to extrapolate provider reimbursement rates from the data.  And in some geographic areas there may be only one provider of a particular type so that the aggregate information would reveal a specific provider rate even without extrapolation.  Farrow Decl., ¶ 3.

6.    *Documents containing information, comparison and/or discussion of FamilyCare's and/or other CCOs' financial and/or operational performance.*

This description is so general that it is impossible to determine what FamilyCare would deem within this category.  As described, it may well contain trade secret information.  Farrow Decl., ¶ 3.

C.    **Significant portions of Exhibit L contain trade secret information.**

With respect to FamilyCare's efforts to review the CCOs' Exhibit L filings, the Declaration of Julie Farrow signed March 29, 2018, [Dkt. 42] explains what specific portions of Exhibit L are trade secret and confidential.  Mr. Murray's declaration contends trade secret

information will be redacted from what he sees but without a specific explanation of what information will be redacted, it is impossible to determine what information Mr. Murray may be provided that is trade secret. Farrow Decl., ¶ 4.

**D.    The documents sought would provide competitive advantage to FamilyCare in CCO 2.0.**

The contention in Mr. Murray's declaration, the CCO 2.0 process will not be in essence competitive is incorrect. The "qualification" criteria to be set forth in the forthcoming request for applications will likely create metrics that must be met to qualify and will create potential competition between CCOs to meet those metrics. The information sought by Mr. Murray would assist FamilyCare in efforts to enter new regions and compete with or disadvantage other CCOs seeking to service those regions. The information would also enable FamilyCare to determine which areas to seek to enter based on where it might achieve the greatest profit. Attached as Exhibit A to the Farrow Declaration is a timeline provided by OHA regarding the CCO 2.0 process. The description of the process demonstrates that CCOs may be evaluated based on criteria to be developed and that not all participating CCOs will be deemed qualified for contracts. Farrow Decl., ¶ 5.

**E.    Additional reasons to deny the current motion.**

In the interest of brevity, PacificSource will not fully reiterate all of its arguments made in response to the underlying motion FamilyCare seeks to have reconsidered. Nevertheless, those arguments remain valid, and PacificSource incorporates by reference prior briefing on the underlying motion:

1.    Information outside the Tri-County region is irrelevant to FamilyCare's claim OHA set low rates in revenge for FamilyCare's actions. And even if relevant, FamilyCare has any needed access through its expert. *See* PacificSource Community Solutions' Opposition to

FamilyCare, Inc.'s Motion to Permit Access to AEO Documents Pursuant to Protective Orders [Dkt. 276], pp. 2-3.

2.      Allowing FamilyCare executive access will severely prejudice PacificSource and the existing Protective Order is inadequate protection as it would only bar them from future involvement in "rate setting." *Id.* at pp. 3-4.

Moreover, FamilyCare's alleged justification for seeking executive access based on need to assist its expert with trial preparation rings hollow in light of the fact that, if it occurs at all, a trial may not occur for months or years if FamilyCare's motion for continuance is granted.

## CONCLUSION

The Court's ruling on the motion FamilyCare seeks to have reconsidered was correct. For the reasons discussed, and the reasons previously expressed in PacificSource's opposition to FamilyCare's prior motions seeking to invade AEO protection, FamilyCare's Motion for Reconsideration should be denied.

DATED this 29th day of October, 2018.

Respectfully submitted,

GARVEY SCHUBERT BARER, P.C.

By  *s/ Eric A. Lindenauer*
Eric A. Lindenauer, OSB #833721
elindenauer@gsblaw.com
Matthew J. Yium, OSB #054377
myium@gsblaw.com
Telephone:  (503) 228-3939
Fax:  (503) 226-0259

Attorneys for Intervenor PacificSource
Community Solutions

GSB:9748244.1