**PETER R. MERSEREAU,** OSB No. 732028
pmersereau@mershanlaw.com
**BETH F. PLASS,** OSB No. 122031
bplass@mershanlaw.com
MERSEREAU SHANNON LLP
111 SW Columbia Street, Suite 1100
Portland, Oregon 97201-5865
Telephone: 503.226.6400
Facsimile: 503.226.0383

      Of Attorneys for Defendant
Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON**,<br><br>    Defendants. | Case Nos.  6:18-cv-00296-MO<br><br><br>DEFENDANT LYNNE SAXTON'S RESPONSES TO PLAINTIFF FAMILYCARE, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION |

     Defendant Lynne Saxton ("Saxton") responds to plaintiff FamilyCare, Inc.'s

("FamilyCare") first set of discovery requests as follows:


**OVERVIEW**

     Discovery, investigation, and trial preparation are ongoing.  Saxton's responses to

FamilyCare's first set of discovery requests are made to the best of her present knowledge,

PAGE 1 -      DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
           FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

information, and belief.  The responses are made without prejudice to Saxton's right to produce evidence of any facts, information, or documents that are subsequently discovered, released, or otherwise made available to Saxton through investigation, discovery, research, or other preparation.  Saxton accordingly reserves the right to amend or supplement any and all information contained in these responses as additional facts are released, ascertained, analysis made, discovery is undertaken, and legal research is completed.  Saxton further reserves the right to amend or supplement these responses based on any evidence, documents, or other information she may have overlooked or omitted by oversight, neglect, mistake, or other inadvertence.

Saxton's objections and responses do not constitute an admission by her of the relevance, materiality, or admissibility into evidence of the subject matter, documents, or facts contained or referred to in any of the following responses.

## GENERAL OBJECTIONS

1.  Scope of Discovery.  Saxton objects to FamilyCare's discovery requests to the extent that FamilyCare seeks information not relevant to any party's claim or defense, and is not proportional to the needs of the case.  Saxton objects to the requests to the extent they are intended solely to cause delay and are wasteful of the parties' time and resources.  Saxton objects to the requests to the extent they are unduly burdensome, argumentative, vague, ambiguous, or overly broad.  To the extent Saxton responds to or produces documents requested in any individual request, she does not concede that the documents requested are relevant, proportional, material, competent, or admissible.  Nothing contained herein shall be construed as an admission

PAGE 2 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

by Saxton relative to the existence or non-existence of any information or documents or the truth or accuracy of any statement or characterization contained in any document request.  Saxton reserves the right to object to further discovery and to any subject matter covered by the requests.

2.    Attorney-client privilege.  Saxton objects to these discovery requests to the extent they seek information protected from disclosure by the attorney-client privilege or the attorney work product doctrine.  Any information provided pursuant to these discovery requests is provided without waiving, but on the contrary preserving and intending to preserve, any and all privileges, protections, or immunities.  Any incidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

3.    Possession, custody and control.  Saxton objects to the definitions, instructions, and discovery requests to the extent they seek to obtain information not within her possession, custody, or control.  Saxton responds to the discovery requests pursuant to her obligations under the Federal Rules of Civil Procedure and the District of Oregon's Local Rules of Civil Procedure.

4.    Definitions.  Saxton objects to FamilyCare's definitions on the grounds that they are overly broad, unduly burdensome, and purport to require Saxton to perform tasks beyond her obligations under the Federal Rules of Civil Procedure and the District of Oregon's Local Rules of Civil Procedure.  Saxton will respond pursuant to her obligations under said rules.

5.    Definition of "identify."  Saxton objects to the definition of the term "identify" on the grounds that the definition is unduly burdensome and overly broad and seeks information not relevant to the claims and defenses in the pending action nor reasonably calculated to lead to the

PAGE 3 -        DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
                FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
3 of 16

discovery of admissible evidence.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all cell phones you have had or used from January 1, 2015 to present, including the associated phone number(s), manufacturer, model number, serial number, and cellular network provider, and indicate the purpose for which the phone was primarily used (e.g., work, personal, or both).

**ANSWER:**    Saxton objects to this interrogatory to the extent it calls for information relating to cell phones she purchased and used during the relevant time frame for personal uses only and seeks information about cell phones after her employment at OHA.  Information relating to Saxton's personal cell phones is not relevant to the subject of this action and will not lead to the discovery of admissible evidence.  In addition, Saxton objects to this request to the extent it calls for information relating to her personal cell phones on the grounds it seeks private personal information that is protected from disclosure by state and federal law, and on the further ground that such information may be privileged.  With respect to the cell phones OHA provided to Saxton during her employment, she lacks sufficient knowledge to respond to this interrogatory.

**INTERROGATORY NO. 2:**    For any cell phone identified in your answer to Interrogatory No. 1, state whether the cell phone was synched with or backed up to any computer or cloud-based account, such as iTunes, and identify all computers or cloud-based accounts to which the cell phone was synched or backed up.

PAGE 4 -        DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
            FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

**ANSWER:**    Saxton incorporates herein her response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**    For each cell phone identified in your answer to Interrogatory No. 1, state whether data on the cell phone has been collected for this litigation, including through imaging of the cell phone, and if so, when such collection or imaging occurred.

**ANSWER:**    Saxton incorporates herein her response to Interrogatory No. 1.

**INTERROGATORY NO. 4:**    For each text message identified in the charts attached as Exhibit A, explain why the text message is not available, including whether you deleted the message, whether it was deleted pursuant to an automated process (and, if so, the nature of the process), or whether the message is unavailable for some other reason.

**ANSWER:**    Saxton objects to this interrogatory to the extent it seeks information subject to attorney-client privilege and/or attorney work product.  Since Saxton did not personally examine her state-issued cell phone subsequent to her resignation as stated in her response to interrogatory number 3, she does not know precisely which text messages on that phone are not currently available, or why.  During her employment with OHA, Saxton never intended to permanently delete any text messages on that phone.  It was her operative assumption, based on her understanding of the way information reflected in both emails and text messages were stored, that text messages (like emails) were recoverable after being removed from the screen.  Based on this assumption, Saxton regularly removed text messages from the screen by touching the "Delete" icon on the phone.

PAGE 5 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
5 of 16

**INTERROGATORY NO. 5:**    Describe in detail your efforts, if any, to recover any of the text messages identified in the charts attached as Exhibit A.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Subject to the general and specific objections, Saxton responds that she assisted OHA in its attempts to collect information relating to text messages on her state-issued cell phone by cross-referencing dates and times with her calendars and Robb Cowie's calendars.  Based on these efforts, Saxton provided OHA with her comments on the subject text messages, as reflected in Exhibit A to OHA's July 30, 2018 response to plaintiff's second interrogatories.  Saxton also directs plaintiff to documents previously produced, labeled OHA_LIT_01165554 - 01166284; OHA_LIT_01166285 - 01167242; OHA_LIT_01167243 - 01167973;  OHA_LIT_01167974 – 01169581; and OHA_LIT_01271681 – OHA_LIT_01272289.


**INTERROGATORY NO. 6:**    Describe in detail your efforts, if any, to preserve and/or collect text messages of potential relevance to this litigation.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Subject to the general and specific objections, Saxton responds to this interrogatory by incorporating her response to Interrogatory No. 5.  Saxton further responds that it was her operative assumption, based on her understanding of the way information reflected in both emails and text messages were stored, that text messages (like emails) were still preserved after being removed from the screen.

PAGE 6 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

**INTERROGATORY NO. 7:**    Identify each current or former employee of OHA with whom you communicated regarding the preservation, collection, deletion, or destruction of text messages of potential relevance to this litigation.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege and beyond the scope of her employment at OHA.   Subject to the general and specific objections, Saxton recalls that she received general information from Keely West regarding litigation hold protocols.

**INTERROGATORY NO. 8:**    Identify each person (excluding those already identified in your response to Interrogatory No. 7) with whom you communicated regarding the preservation, collection, deletion, or destruction of text messages of potential relevance to this litigation.

**ANSWER:**    Saxton incorporates herein her objections set forth in response to Interrogatory No. 7.  Subject to the general and specific objections, Saxton has no recollection of communicating with any other individuals on the subject matters set forth in this interrogatory.

**INTERROGATORY NO. 9:**    For each text message identified in the charts attached as Exhibit A, state the nature of the text message conversation.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Saxton further objects on the grounds this interrogatory is overly broad and unduly burdensome and not proportional to the

PAGE 7 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

needs of the case because some of the requested information is about text messages that are not relevant to the claims and defenses in this case and the burden of obtaining such information out-weighs its likely benefit.  Saxton further objects on the ground that the phrase "nature of the text message" is vague and ambiguous.  Subject to the general and specific objections, Saxton responds to this interrogatory by incorporating the information provided in Exhibit A and directing plaintiff to documents previously produced, labeled OHA_LIT_01165554 - 01166284; OHA_LIT_01166285 - 01167242; OHA_LIT_01167243 - 01167973;  OHA_LIT_01167974 – 01169581; and OHA_LIT_01271681 – OHA_LIT_01272289.

**INTERROGATORY NO. 10:**    Identify each current or former employee of OHA or Optumas to whom you sent one or more text messages, or from whom you received one or more text messages, from January 1, 2015 to present.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Saxton further objects on the grounds this interrogatory is overly broad and unduly burdensome and not proportional to the needs of the case because some of the requested information is about text messages that are not relevant to the claims and defenses in this case and the burden of obtaining such information out-weighs its likely benefit.    Subject to the general and specific objections, Saxton responds to this interrogatory by incorporating her response to Interrogatory No. 1.

///

///

PAGE 8 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
8 of 16

**INTERROGATORY NO. 11:**   Identify each person to whom you sent one or more text messages, or from whom you received one or more text messages, related to FamilyCare or this litigation.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Saxton further objects on the grounds this interrogatory is overly broad and unduly burdensome and not proportional to the needs of the case because some of the requested information is about text messages that are not relevant to the claims and defenses in this case and the burden of obtaining such information out-weighs its likely benefit.   Subject to the general and specific objections, Saxton responds to this interrogatory by incorporating her response to Interrogatory No. 1.  Saxton further responds to this interrogatory by directing plaintiff to the text messages OHA has produced in this action.

**INTERROGATORY NO. 12:**   Identify the date (or if the precise date is unknown, the approximate date) on which you came to believe that litigation between OHA and FamilyCare related to the adequacy of the 2017 Medicaid capitation rates set by OHA might occur.

**ANSWER:**    Saxton objects that this interrogatory seeks information that constitutes privileged attorney work product or is protected by the attorney-client privilege.  Saxton further objects that the terms "litigation" and "might occur" are vague and ambiguous, and that the interrogatory calls for speculation.  Subject to the general and specific objections, Saxton does not recall forming a belief on a particular or approximate date that litigation between OHA and FamilyCare related to the 2017 Medicaid capitation rates might occur.

PAGE 9 -        DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
9 of 16

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**    All documents reviewed or relied upon in responding to the Interrogatories herein.

**RESPONSE:**    Saxton objects to this request on the grounds it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence in this matter, and further, that it invades the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**    All documents, including but not limited to cellular provider billing statements, reflecting phone calls or text messages to or from the phones identified in response to Interrogatory No. 1.

**RESPONSE:**    For the reasons advanced in Saxton's response to interrogatory number 1, she objects to this request to the extent it calls for information relating to cell phones she purchased and used during the relevant time frame for personal uses only.  Such information relating to Saxton's personal cell phones is not relevant to the subject of this action and will not lead to the discovery of admissible evidence.  Saxton further objects to this request for information relating to her personal cell phones on the ground it seeks private personal information that is protected from disclosure by state and federal law.

By way of further response to this request, Saxton states that she does not possess responsive documents relating to the cell phones issued to her by OHA during the period of her employment.

///

PAGE 10 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**    Admit that Governor Kate Brown asked you to resign because of your involvement in the Communications Plan.

**RESPONSE:**    Denied.


**REQUEST FOR ADMISSION NO. 2:**    Admit that OHA staff acting at your direction created multiple versions of the Communication Plan.

**RESPONSE:**    Saxton objects to this request on the grounds it is vague and ambiguous as to the undefined terms "multiple" and "versions." Saxton objects to this request because there is no such document as the "Communications Plan" as defined in FamilyCare's request for admission. Subject to the foregoing objections and the general objections, because there is no such document as the "Communications Plan," Saxton denies this request.


**REQUEST FOR ADMISSION NO. 3:**    Admit that the Communications Plan was created prior to the initiation of this litigation in February 2017.

**RESPONSE:**    Saxton objects to this request because there is no such document as the "Communications Plan" as defined in FamilyCare's request for admission. Subject to the foregoing objections and the general objections, and because there is no such document as the "Communications Plan," Saxton denies this request.

///

///


PAGE 11 -     DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
                FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
11 of 16

**REQUEST FOR ADMISSION NO. 4:**    Admit that as of October 6, 2016, litigation with FamilyCare related to the adequacy of the Medicaid capitation rates set and paid by OHA was reasonably foreseeable to you.

**RESPONSE:**    Saxton objects to this request on the grounds it is vague and ambiguous as to the undefined terms "litigation with FamilyCare" and "reasonably foreseeable." Subject to the foregoing objections and the general objections, Saxton denies this request.

**REQUEST FOR ADMISSION NO. 5:**    Admit that you knew on or before October 6, 2016 that litigation with FamilyCare related to the adequacy of the Medicaid capitation rates set and paid by OHA to FamilyCare might occur.

**RESPONSE:**    Saxton objects to this request on the grounds it is vague and ambiguous as to the undefined terms "litigation with FamilyCare" and "might occur." Subject to the foregoing objections and the general objections, Saxton denies this request.

**REQUEST FOR ADMISSION NO. 6:**    Admit that you did not take efforts to preserve text messages of potential relevance to this litigation from any cell phone identified in your answer to Interrogatory No. 1 or any other OBA-issued electronic device.

**RESPONSE:**    Saxton objects to this request on the grounds it is vague and ambiguous as to the undefined term "potential relevance." Subject to the foregoing objection and the general objections, Saxton denies this request.

///

PAGE 12 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 7:**    Admit that you deleted text messages of potential relevance to this litigation from one or more of the cell phones identified in your answer to Interrogatory No. 1 and/or other OBA-issued electronic devices.

**RESPONSE:**    Saxton objects to this request on the grounds it is vague and ambiguous as to the undefined terms "deleted" and "potential relevance."  Subject to the foregoing objection and the general objections, Saxton denies this request.

**REQUEST FOR ADMISSION NO. 8:**    Admit that you communicated with one or more current or former employees of OBA, excluding counsel, regarding the deletion or destruction of text messages.

**RESPONSE:**    Denied.

**REQUEST FOR ADMISSION NO. 9:**    Admit that none of the text messages identified in the charts attached as Exhibit A is presently available on any cell phone or other electronic device in your possession, custody, or control.

**RESPONSE:**    Because the text messages identified in Exhibit A were on OHA issued phones which are not presently in Saxton's possession, custody, or control, admit.

**REQUEST FOR ADMISSION NO. 10:**    Admit that you did not take efforts to recover any of the text messages identified in the charts attached as Exhibit A.

**RESPONSE:**    Denied.

PAGE 13 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
13 of 16

DATED: August 31, 2018.

MERSEREAU SHANNON LLP


_____s/ Peter R. Mersereau_____
**PETER R. MERSEREAU,** OSB No. 732028
pmersereau@mershanlaw.com
**BETH F. PLASS,** OSB No. 122031
bplass@mershanlaw.com
503.226.6400
Of Attorneys for Defendant
Lynne Saxton

PAGE 14 -    DEFENDANT SAXTON'S RESPONSES TO FIRST SET OF INTERROGATORIES, REQUESTS
FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
14 of 16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have made service of the foregoing **DEFENDANT LYNNE SAXTON'S RESPONSES TO PLAINTIFF FAMILYCARE, INC.'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION** by sending a true and correct copy of same in the following manner:

     __X__   U.S. regular mail, first class postage prepaid;

     _____   Hand delivery;

     __X__   Electronic mailing;

     _____   Express and/or overnight service;

to the person listed below and addressed as follows:

| | |
|---|---|
| Amanda J. Beane<br>Matthew P. Gordon<br>Nicholas H. Hesterberg<br>Perkins Coie, LLP (Seattle)<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>abeane@perkinscoie.com<br>MGordon@perkinscoie.com<br>nhesterberg@perkinscoie.com<br><br>Of Attorneys for Plaintiff FamilyCare, Inc. | Stephen F. English<br>Alletta S. Brenner<br>Brian P. Samuelson<br>Douglas R. Pahl<br>Thomas R. Johnson<br>Perkins Coie, LLP (Portland)<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>senglish@perkinscoie.com<br>abrenner@perkinscoie.com<br>bsamuelson@perkinscoie.com<br>dpahl@perkinscoie.com<br>TRJohnson@perkinscoie.com<br><br>Of Attorneys for Plaintiff FamilyCare, Inc. |
| David B. Markowitz<br>Matthew A. Levin<br>Brittany M. Simpson<br>Dallas S. DeLuca<br>Harry B. Wilson<br>Laura R. Salerno Owens<br>Renee E. Rothauge<br>Anna M. Joyce<br>Katherine M. Acosta<br>Markowitz Herbold PC<br>1211 SW Fifth Avenue, Suite 3000<br>Portland, OR 97204<br>DavidMarkowitz@MHGM.com<br>MattLevin@MarkowitzHerbold.com | |

PAGE 1 -    CERTIFICATE OF SERVICE

MERSEREAU SHANNON LLP<br>111 SW COLUMBIA STREET, SUITE 1100<br>PORTLAND, OREGON 97201-5865<br>(503) 226-6400

brittanysimpson@markowitzherbold.com
dallasdeluca@mhgm.com
harrywilson@markowitzherbold.com
LauraSalerno@MarkowitzHerbold.com
ReneeRothauge@markowitzherbold.com
AnnaJoyce@MarkowitzHerbold.com
KatherineAcosta@MarkowitzHerbold.com

Of Attorneys for Defendants Oregon Health
Authority and Patrick Allen


        DATED:  August 31, 2018.

                MERSEREAU SHANNON LLP


                    *s/ Peter R. Mersereau*
                **PETER R. MERSEREAU,** OSB No. 732028
                pmersereau@mershanlaw.com
                **BETH F. PLASS,** OSB No. 122031
                bplass@mershanlaw.com
                503.226.6400
                    Of Attorneys for Defendant
                    Lynne Saxton


PAGE 2 -        CERTIFICATE OF SERVICE

MERSEREAU SHANNON LLP
111 SW COLUMBIA STREET, SUITE 1100
PORTLAND, OREGON 97201-5865
(503) 226-6400

Ex. 1 to Saxton Decl.
16 of 16