**GREGORY A. CHAIMOV, OSB #822180**
gregorychaimov@dwt.com
**CHRISTOPHER F. MCCRACKEN, OSB #894002**
christophermccracken@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

Attorneys for Non-Party Health Share of Oregon

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>PLAINTIFF,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>DEFENDANTS. | Case No. 6:18-cv-00296-MO<br><br>**NON-PARTY HEALTH SHARE OF OREGON'S MEMORANDUM IN OPPOSITION TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION TO PERMIT ACCESS TO AEO DOCUMENTS PURSUANT TO PROTECTIVE ORDERS**<br><br>ORAL ARGUMENT REQUESTED |

This Court should deny FamilyCare, Inc.'s ("FamilyCare") Motion for Partial

Reconsideration of Order Denying Motion to Permit Access to AEO Documents "("Motion") for

the following reasons:

1.    FamilyCare failed to confer in good faith to resolve the dispute before filing its

motion.

2.    FamilyCare has not presented any evidence supporting the extraordinary remedy

of reconsideration.

Page 1 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

3.      FamilyCare does not need its employees to review the commercially-sensitive information of FamilyCare's competitors to permit FamilyCare's experts and counsel to present FamilyCare's case.

4.      In light of the parties' planned stay of the trial, FamilyCare does not need its employees to review the commercially-sensitive information of FamilyCare's competitors now.

5.      Even if FamilyCare needed its employees to review the commercially-sensitive information of FamilyCare's competitors, the need is outweighed by the harm to FamilyCare's competitors.

**1.      FamilyCare failed to confer in good faith before filing its motion.**

Local Rule 7-1 requires a moving party to confer with the non-moving party about the "merits" of the planned motion, *i.e.,* the "specific issues" the planned motion will raise. *Altamont Summit Apartments LLC v. Wolff Properties LLC*, 2002 WL 31971832, \*5 (D. Or. 2002).  If the moving party does not provide this basic information about the scope and reasons supporting the motion, the non-moving party lacks the opportunity to try to resolve the dispute. As the timeline below shows that is, unfortunately, what happened here.[1]

Before filing its Motion, FamilyCare did not provide any information about the basis for the Motion, such as how the arguments or evidence would differ from FamilyCare's three previous motions on the subject, and FamilyCare described the documents that would be the subject of the Motion in such general terms that the rest of the state's coordinated care organizations ("CCOs") could not tell whether or not they had objections to FamilyCare's employees reviewing the documents:

Friday, October 5

The Court denies FamilyCare's Motions to Permit Access to AEO Documents Pursuant to Protective Orders.

---

[1] With exceptions noted in text, the timeline is based on the Declaration of Gregory A. Chaimov.

Page 2 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

<u>Monday, October 8, 11:05 a.m.</u>

FamilyCare informs the CCOs that, later that day, FamilyCare will file a motion to "either down-designate certain documents or to provide for access to the documents for Mr. Murray subject to the provisions of the protective order."

FamilyCare announces its availability to confer after 1:30 p.m., but provides no information about the planned motion other than a partial list of categories into which the documents would fall: "the documents generally fall into several categories, including documents related to risk scores, rate of growth calculations, CCOs' quarterly and annual financial submissions, triangulation-related documents, Optumas rate development documents shared with the CCOs, and regional rate models."

The CCOs respond, explaining they could not meaningfully confer on such short notice and without more information provided about the scope of or basis for the motion. The CCOs explain they do not possess the documents that would be the subject of the motion.

The CCOs ask FamilyCare to identify the documents, such as "triangulation-related" documents, that would be subject to the motion so the CCOs can evaluate whether the documents contain information the CCOs consider to be sufficiently commercially sensitive to warrant the AEO designation the Oregon Health Authority ("OHA") provided the documents and the level of concern with having Mr. Murray learn the information in the documents.

Specifically, Health Share informs FamilyCare:

> On behalf of Health Share, we are willing to make review of the documents a top priority.
>
> To do so, and to meaningfully confer, we need FamilyCare to identify the documents. We will also probably need copies because, as a non-party, we have not received the vast majority of the documents OHA produced. The descriptions in your email below are not enough to allow us to identify the subject of your motion. For example, "documents *related to* risk scores" covers a wide array of documents some of which may be AEO and some of which may not be AEO.

FamilyCare agrees to provide a list of the documents to which FamilyCare seeks access.

Page 3 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

4822-2485-8745v.1 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Tuesday, October 9

FamilyCare and the CCOs hold a telephone conference.  FamilyCare provides no additional information about the basis for the planned motion, but informs the CCOs the motion will involve about 4,000 documents.

The CCOs reiterate their need to review the documents FamilyCare wants down-designated or for Mr. Murray to review and renew their offer to review the documents promptly upon receipt.

FamilyCare provides only "a list identifying [by tab number] which of the Schedule L reports FamilyCare's motion would seek to access" and requests a response from CCOs by 3 p.m. the next day.

Wednesday, October 10

Health Share responds to FamilyCare's request for a response as follows:

> Thank you for the list.
>
> We consider FamilyCare's conferral about permitting FamilyCare employees to review the Exhibit L schedules not to comply with local rules.
>
> Health Share provided FamilyCare its position on the individual schedules in Exhibit L in Chris McCracken's May 4, 2018 emails to Ms. Brenner.  Please keep in mind that, as Chris noted last May, the Exhibit L reports "need to be reviewed individually because over the years the tab numbers have changed.  For example, the information originally on tab L8 in 2014 (Quarterly Statement of Reserves and Expenses and Changes in Net Assets) is now on [Tab L6]".
>
> Last May, Health Share down-designated schedules on the list, and does not propose to up-designate those schedules.  FamilyCare employees may review those schedules without needing to ask the court for permission.  As to the schedules that remain AEO:
>
> - The court has denied FamilyCare's motion to down-designate the schedules.
>
> - The court has denied FamilyCare's motion to permit FamilyCare employees to review the schedules as signatories to the protective order.

Page 4 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

4822-2485-8745v.1 0095765-000004

- FamilyCare has not provided new information for why FamilyCare employees need to review the schedules—or any other AEO information to which FamilyCare continues to seek access.

Under the circumstances, FamilyCare's threatened motion appears to be only a request to the court to reconsider its decision.

FamilyCare then provides the CCOs and Optumas a 305-page list of the Bates numbers of the documents FamilyCare wants down-designated or Mr. Murray to review. The CCOs respond they do not have access to the documents on the list and again ask FamilyCare to provide the documents for review.

FamilyCare provides no new information about why FamilyCare employees need to review the AEO information.

Monday, October 15

FamilyCare files its Motion. The Motion and supporting declaration of Mr. Murray, like the information provided as part of the conferral process, continue to describe the documents FamilyCare seeks in terms that do not permit the CCOs to tell whether the documents sought should or should not be AEO. Declaration of Larry Soderberg ("Soderberg Dec."), ¶9 ("Health Share does not know to what documents Mr. Murray refers by '[d]ocuments containing information, comparison and/or discussion of FamilyCare's and/or other CCOs' financial and/or operational performance.' Whether Health Share objects to Mr. Murray's reviewing the documents depends on whether the documents contain information from which FamilyCare could deduce how much Health Share and its partners paid to providers, including the nature and amounts of the value-based services Health Share was providing").

Monday, October 22, after 9 p.m.

Without explanation, FamilyCare provides most CCOs a link to 3,039 documents.

Tuesday, October 23, 3:19 p.m.

FamilyCare informs the CCOs the link provided the previous night links to the documents that FamilyCare seeks review by Mr. Murray and Mr. Suchorzewski.

Page 5 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

The CCOs ask FamilyCare to withdraw its Motion until the CCOs can review the documents to determine whether the documents contain information the CCOs consider to be sufficiently commercially sensitive to warrant AEO designations and, if so, the level of concern with having FamilyCare employees learn the information in the documents.

Wednesday, October 24

FamilyCare declines to withdraw its Motion, but offers the CCOs an extension of time to November 12 to respond to the Motion.

Thursday, October 25, 5 p.m.

After working for two days, Health Share completes loading the documents FamilyCare provided into a document management system and preparing the documents so that an evaluation can be made of the effort needed to review them.

Health Share, which has a staff only one-fifth of FamilyCare's former size, Soderberg Dec., ¶10; Murray Dec., ¶11, determines Health Share cannot review the documents by November 12 because FamilyCare continues to insist that, on the same timeline, Health Share (1) prepare for an organizational deposition on dozens of topics, and (2) review over 10,000 documents for potential production to FamilyCare in response to subpoena.

Under these circumstances, the Court should deny FamilyCare's Motion. Any other result would reward the behavior that occurred here. A party should not be allowed to file a motion and only then begin to make the effort necessary to determine the extent of the dispute between the parties.

**2. FamilyCare presents no evidence supporting the extraordinary remedy of reconsideration.**

Reconsideration is an "extraordinary remedy, to be used sparingly," *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotes omitted), and so to be granted only to "correct a clear error or prevent manifest injustice." *See Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). This is the standard this Court

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax
4822-2485-8745v.1 0095765-000004

applied when considering FamilyCare's motion to reconsider the order dismissing FamilyCare's tenth claim for relief. *See* Transcript of Proceedings, p. 20 (July 31, 2018).

FamilyCare makes no attempt to show that this Court clearly erred in its decisions on FamilyCare's Motions to Permit Access to AEO Documents Pursuant to Protective Orders nor does FamilyCare contend that this Court's ruling works a "manifest injustice" on it.

FamilyCare could not make the required showing because any injustice is of FamilyCare's own making. This is the fourth motion FamilyCare has brought in an effort to allow its employees to review information, which, if known by FamilyCare's employees, would allow FamilyCare to better compete with other CCOs. As explained below in the following sections of this Memorandum, FamilyCare does not need to review competitors' information. Nevertheless, the need FamilyCare claims has been known to FamilyCare for months. All of the evidence supporting this Motion was available to FamilyCare for presentation in its first, second, and third motions. No facts have changed making FamilyCare's need greater. FamilyCare has provided a more detailed explanation of its claimed need than in the previous motions, but that the detail could have been provided in the previous motions is another reason why reconsideration is inappropriate.

3.      **FamilyCare does not need its employees to review AEO information of FamilyCare's competitors to permit FamilyCare's experts and counsel to present FamilyCare's case.**

The most telling point of FamilyCare's Motion is the absence (again) of any testimony from the "experts" whom Mr. Murray says have a "critical" need for his "interpretation and knowledge" to be applied to competitors' information. Murray Dec., ¶8. Mr. Murray still does not explain what tasks experts and counsel cannot complete without Mr. Murray's review of competitors' information. All Mr. Murray says is that he "has knowledge" that "FamilyCare's experts and counsel" do not have, and without Mr. Murray's being able to review competitors' information "it is extremely difficult for [him] to assist FamilyCare's experts or counsel in

Page 7 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

assessing the consistency or inconsistency of FamilyCare's treatment compared to that of other CCOs." Murray Dec., ¶8. None of Mr. Murray's testimony addresses any difficulty FamilyCare's experts or counsel experience as a result of the lack of the assistance Mr. Murray wants to provide—such as the inability to "assess[] the consistency or inconsistency of FamilyCare's treatment."

Presumably, Mr. Murray did not testify about the inability of FamilyCare's expert actuaries to perform their analyses because FamilyCare's expert actuaries do not need Mr. Murray's help. David Neiman, a Member of the American Academy of Actuaries and a Fellow of the Society of Actuaries who meets the Qualification Standards of the American Academy of Actuaries to issue this opinion, has reviewed the Mr. Murray' s statements of need and concluded that an actuary competent to testify as an expert witness or to assist FamilyCare to prepare to present its case on allegedly unsound or disparately applied rate-making methods does not need Mr. Murray or any other FamilyCare employee to review the financial information of other CCOs in order for the actuary to provide expert testimony or analysis. Declaration of David A. Neiman, ¶2 - 3.

For the actuary to testify as an expert or to assist a client to prepare to present FamilyCare's case, the actuary needs only the scope of the assignment from the client, any of the client's data necessary to complete the assignment, and other relevant external information. In this particular case, it is not reasonable to claim that an actuarial expert witness qualified to perform the necessary review cannot form an expert opinion without Mr. Murray's review of other CCOs' data. Declaration of David A. Neiman, ¶3.

4. **In light of the parties' planned stay of proceedings, FamilyCare does not now need its employees to review the commercially-sensitive information of FamilyCare's competitors.**

The only stated reason for Mr. Murray and Mr. Suchorzewski to review AEO information is to enable them to better assist "in trial preparation, including * * * working with

Page 8 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

4822-2485-8745v.1 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

[FamilyCare's] experts and in assisting counsel." Motion, p. 2. As a result of the parties' plan to stay trial proceedings pending appeal, there will be no trial preparation needed for more than two years. *See* http://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2017.pdf (showing more than 24 months as median time for resolution of non-prisoner civil cases in Ninth Circuit). Thus, the claimed need for review of CCOs' commercially-sensitive information does not now exist.

The sole explanation given for why FamilyCare needs access to AEO information *now* is that the effort to obtain the information is "in progress and completing [the effort] now will be more efficient than waiting until after the determination of the appeals." Joint Status Report and Motion to Vacate Trial Deadlines, p. 4. What may be "efficient" for FamilyCare is, however, unfair to the CCOs.

FamilyCare offers no explanation of why obtaining access to AEO information in two years would be disadvantageous to FamilyCare. FamilyCare's lawyers and expert already possess the information FamilyCare wants its employees to review. The information consists of numbers and words on a page, which will not change over time. Mr. Murray will not lose the knowledge he wants to apply to the information. In addition, in two years the information FamilyCare seeks now for its employees may have less competitive value, thereby reducing the points of contention between FamilyCare and the other CCOs. Today, the information FamilyCare seeks could do substantial competitive harm to the CCOs. That may not be the case in two years, especially if FamilyCare does not reenter the market.

Until now, one could give FamilyCare the benefit of the doubt when FamilyCare claimed FamilyCare wanted CCOs' AEO information only for purposes of this case. That benefit is no longer available. The only events that will occur in the next two years for which FamilyCare might make use of the CCO's AEO information are continued competition between the CCOs for providers, and OHA's long-term procurement to coordinate care beginning in 2020—events from which FamilyCare declines to eliminate itself. Murray Dec., 11 ("FamilyCare wishes to

Page 9 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

reenter the Medicaid market in Oregon at some point, [but] has not made any decision about if or when it would do so").

**5.      Any need of FamilyCare for its employees to review the AEO information of FamilyCare's competitors is outweighed by the harm to FamilyCare's competitors.**

FamilyCare fails to present any new argument or new evidence that the information FamilyCare seeks should not be AEO.  Instead, FamilyCare continues to mischaracterize the documents FamilyCare seeks and of OHA's use of the information.  For example, Mr. Murray testifies, as he did in support of FamilyCare's Motion to Compel Down-Designation of AEO Documents, that "CCO triangulation-related documents and discussions * * * is not trade secret because all amounts in triangulation are aggregate amounts."  Murray Dec., ¶6c.  The statement is no more accurate than before.  As demonstrated by Exhibit 4 that was the subject of FamilyCare's Motion to Compel, documents that are "related to" or that "discuss" triangulation reports contain proprietary information, including information Health Share added to triangulation reports.  The last nine pages of Exhibit 4 to FamilyCare's Motion to Compel was a communication from Health Share to OHA explaining in detail sums spent under different payment structures.  From Health Share's explanation, FamilyCare could deduce how much Health Share and its partners paid to providers, including the nature and amounts of the value-based services Health Share was providing.  By learning how and how much Health Share pays providers to care for specific patients, FamilyCare could outbid Health Share and Health Share's plan partners for providers' services.  Soderberg Dec., ¶6.  This Court denied FamilyCare access to that document.  There is no reason to rule differently for other similar documents.

Mr. Murray's testimony is also only half true.  He says, for example, that "OHA has not communicated any intention to change th[e] methodology" of basing rates on data from the most recent calendar year.  Murray Dec., ¶15.  OHA may not have communicated the "intent," *i.e.,* the firm plan, to change, but has communicated that OHA is considering changing the methodology

Page 10 – HEALTH SHARE'S OPPOSITION TO MOTION FOR PARTIAL RECONSIDERATION

4822-2485-8745v.1 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

to look back two to three years. Use of three years' data for 2020 rates would mean that OHA would consider data from 2016 through 2018. Use of two years' data for 2020 rates would mean that OHA would consider data from 2017 and 2018. Soderberg Dec., ¶11. Thus, the data FamilyCare seeks has not been rendered stale by any action of OHA.

Finally, FamilyCare misses the point of the CCOs' concerns when contending that Mr. Murray will not divulge the AEO information he learns. The CCOs are not concerned only with FamilyCare employees telling others. The CCOs' main concern is that Mr. Murray cannot segregate his own mind. No matter how scrupulous he may be, he cannot help but base decisions for FamilyCare on information he learns about FamilyCare's competitors.

DATED this 29th day of October, 2018

DAVIS WRIGHT TREMAINE LLP


By s/ GREGORY A. CHAIMOV
    Gregory A. Chaimov, OSB #822180
    gregorychaimov@dwt.com
    Christopher F. McCracken, OSB #894002
    christophermccracken@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    Attorneys for Non-Party Health Share of Oregon


## CERTIFICATE OF COMPLIANCE WITH LR 7-2(b) and 26-3(b)

This brief complies with the applicable word-count limitation under LR 7-2(b) and 26-3(b) because it contains 3,000 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

4822-2485-8745v.1 0095765-000004

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax