**Joel A. Parker**, OSB #001633
Email:  jparker@schwabe.com
**Jeffrey D. Hern,** OSB #043138
Email: jhern@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW Fifth Avenue, Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile:  503.796.2900

*Of Attorneys for Trillium Community
Health Plan, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>  Plaintiff,<br> v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON**,<br><br>  Defendants. | No. 6:18-cv-00296-MO<br><br>**TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING ACCESS TO AEO DOCUMENTS** |

## JOINDERS IN OPPOSITIONS

Trillium Community Health Plan, Inc. ("Trillium") hereby joins and incorporates by reference the arguments set forth in other Coordinated Care Organizations' ("CCOs") responses and oppositions to FamilyCare, Inc.'s Motion for Partial Reconsideration of Order Denying Motion to Permit Access to AEO Documents Pursuant to Protective Orders (the "Motion for Reconsideration" or "Reconsideration Motion").  In particular, Trillium joins in Health Share of

Page 1 -   **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

Oregon's Opposition to the Motion for Reconsideration (the "Health Share Opposition"), including its supporting declarations, filed on this same day, that asserts and explains at length why Reconsideration Motion should be denied. (Dkt. Nos. 326, 327, 328, 330.) Trillium also joins and incorporates by reference arguments set forth in other CCOs' responses and oppositions that similarly oppose the Reconsideration Motion. (*See, e.g.,* Dkt. Nos. 315, 318.) Trillium also relies on its previous filings in opposition to FamilyCare, Inc.'s Motion to Permit Access to AEO Documents and to Permit Supplementation of Expert Report (the "AEO Access Motion"). (Dkt. Nos. 284, 286, 287.) Finally, Trillium sets forth supplemental arguments as to why FamilyCare's Motion for Reconsideration should be denied.

<u>**SUPPLEMENTAL ARGUMENTS IN OPPOSITION**</u>

## I.    INTRODUCTION

FamilyCare's Motion for Reconsideration is improper and should be denied for several reasons. First, FamilyCare's motion fails to show any valid basis for reconsideration of the Court's prior ruling. FamilyCare does not present any newly discovered evidence, identify any intervening change in controlling law, or even assert that the Court committed a "clear error" or that its prior decision was "manifestly unjust." Such deficiencies warrant denial of FamilyCare's motion. Second, FamilyCare failed to adequately confer prior to filing the Reconsideration Motion in violation of both Local Rule ("LR") 7-1(a) and the Protective Order regarding CCO discovery entered on November 1, 2017 (the "CCO Protective Order"). FamilyCare filed the motion without providing the actual documents at issue to the CCOs or explaining with adequate specificity why it needed employee access to over 3,000 newly identified AEO documents. These deficiencies also allow the Court to deny FamilyCare's motion. Third, in addition to the impropriety of the reconsideration request, FamilyCare fails to show grounds for allowing two of its senior executives to view over 3,000 AEO documents. In sum, the Court should deny FamilyCare's Motion for Reconsideration.

Page 2 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

## II.    RELEVANT PROCEDURAL HISTORY

FamilyCare filed the AEO Access Motion on September 18, 2018.  (Dkt. No. 251.)  The AEO Access Motion sought to allow William Murray, FamilyCare's Chief Operating Officer, and Art Suchorzewski, FamilyCare's Director of Government Affairs, access to *all* documents designated AEO in this litigation.  (*Id.*)  The Court denied the AEO Access Motion on October 5, 2018.  (Dkt. No. 290.)  FamilyCare moved for reconsideration of the Court's denial of the AEO Access Motion, not by directly challenging the underlying decision but instead attempting to reframe the prior motion by reducing the portion of AEO documents at issue. (Dkt. No. 302.)

## III.    ARGUMENT

### A.    FamilyCare's Motion for Reconsideration Is an Improper Attempt to Re-litigate a Decided Issue.

Given that the AEO Access Motion is the underlying basis for the Reconsideration Motion, it is important to begin with the relief requested in the AEO Access Motion.  The AEO Access Motion sought to allow two senior FamilyCare executives unfettered access to *all* documents (currently around 19,000) designated AEO in this litigation.  Courts have routinely recognized that an AEO designation is an appropriate means to mitigate the risk of harm through inadvertent disclosure of confidential proprietary information to competitors.  *See, e.g.*, *Mercexchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 623 (E.D. Va. 2006) ("[I]t is oftentimes impossible for an individual, even with the noblest of intentions, to delineate between ideas that they may advance as a result of their own creation, and those influenced by past exposure to confidential information."); *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D 214, 217 (N.D. Cal. 1992) ("[I]t would be naïve to think that these witnesses will erase these [proprietary documents] from their minds at the close of the case.").  Murray and Suchorzewski are FamilyCare executives, with Murray playing a significant role in FamilyCare's competitive decision-making.  (*See, e.g.,* Murray Decl. ¶ 2, Dkt. No. 303.)  Thus, despite FamilyCare's contentions that their requested relief would not change the AEO protection of these documents,

Page 3 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

allowing Murray and Suchorzewski to access AEO information would risk the very harm the CCO Protective Order was designed to protect. If Murray and Suchorzewski could access AEO documents without competitive harm, the documents would not be properly designated as AEO.

The practical effects of FamilyCare's proposed relief are critical because they highlight the conferral process which FamilyCare ignored and continues to ignore. The CCO Protective Order contains an express process for FamilyCare to resolve AEO-designation issues with respect to CCO-related discovery. In Paragraph 5(d), the CCO Protective Order requires FamilyCare to confer with counsel for the non-party CCOs to challenge and resolve AEO designations. As counsel for the CCOs noted in their oppositions to the AEO Access Motion, FamilyCare did not comply with this process because they styled their motion as a mere request for two "additional persons" to access AEO materials (even though that was effectively a request for removal of the AEO tier). But as noted above, allowing key FamilyCare executives to view commercially sensitive information would be appropriate only if the documents were not eligible for AEO protection in the first instance.[1] FamilyCare's AEO Access Motion failed to follow the CCO Protective Order before functionally challenging the designations of all AEO documents and failed to make a necessary showing to allow its key executives access to AEO information. Despite efforts to reframe matters, FamilyCare's Motion for Reconsideration now challenges this Court's denial of that underlying motion.

Application of the Ninth Circuit's standards for reconsideration of prior orders demonstrates why reconsideration is inappropriate. The Federal Rules of Civil Procedure do not expressly permit motions for reconsideration. *See Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2017 WL 7312687, at *2 (D. Or. July 24, 2017); *see also* Motion for Reconsideration, p.1 (stating the motion is brought pursuant to FRCP 26 and 37). Nonetheless, a

---

[1] As discussed in more detail in Section C, below, FamilyCare's conferral letter prior to filing the Reconsideration Motion concedes that it seeks a down-designation of the AEO documents. (*See* Hern Decl. ¶ 2, Ex. A.)

Page 4 -  **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\126360\229340\JED\24155247.4

motion for reconsideration is appropriate only if it falls within narrow circumstances meriting reconsideration. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed a clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006). Absent a valid basis for reconsideration, the law-of-the-case doctrine precludes re-litigation of an already-decided issue. *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

Here, FamilyCare shows no basis for reconsideration. The Reconsideration Motion instead attempts a second draft of the AEO Access Motion based on the Court's remarks at oral argument. FamilyCare could have, but chose not to, seek narrower relief in the AEO Access Motion. Its Motion for Reconsideration inappropriately seeks to assert arguments that it could have raised in its earlier motion. *See, e.g.*, *Puri v. Khalsa*, No. 3:10-CV-01532-MO, 2017 WL 6513055, at *1 (D. Or. Dec. 20, 2017); *Sam v. Deutsche Bank Nat'l Tr. Co.*, No. 03:13-cv-01521-MO, 2013 WL 6817888, at *2 (D. Or. Dec. 23, 2013). This defect is not a mere procedural formality. As FamilyCare is well aware, the law-of-the-case doctrine precludes re-litigation of the merits of a court's prior order. *Milgard Tempering, Inc.*, 902 F.2d at 715 (unless a movant shows a valid basis for reconsideration, departing from the principle of finality is an abuse of discretion). Thus, FamilyCare cannot simply refile its Reconsideration Motion as a new, stand-alone motion. Meeting the requirements for seeking reconsideration is a necessary condition for FamilyCare to allow Murray and Suchorzewski access to AEO documents—and FamilyCare has shown no appropriate basis for reconsideration. This Court should therefore deny the Reconsideration Motion.

/ / /

/ / /

Page 5 - **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

### B.    FamilyCare's Reconsideration Motion Does Not Comply with LR 7-1(a)(1).

The Court may also deny the Motion for failure to comply with LR 7-1(a)(1).  Under LR 7-1(a)(1), a party must confer in good faith prior to filing a motion.  This rule is intended "to encourage parties to resolve amicably disputes where possible, preserving judicial resources for those matters that require the court's intervention."  *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).  Where an attempt at conferral does not contain a "meaningful overture or invitation . . . to discuss" the dispute, conferral does not "comply with the letter or spirit of" LR 7-1.  *Bowers v. Experian Info. Sols., Inc.*, No. Civ-08-1436-AC, 2009 WL 2136632, at *3 (D. Or. July 15, 2009).  Even where conferral will not resolve all disputed issues, parties nonetheless must engage in meaningful conferral to clarify the issues in genuine dispute.  *Scottsdale Ins. Co. v. Horowitz*, No. 1:17-CV-00381-AA, 2017 WL 4182814, at *3 (D. Or. Sept. 21, 2017).  Failure to comply with LR 7-1(a) allows the court to deny the motion.  LR 7-1(a)(3).

Here, FamilyCare's conferral attempt included listing over 3,000 Bates numbered references to the documents newly at issue.  (Hern Decl. ¶¶ 2, 3, Ex. A.)  Counsel for the CCOs, including Trillium, did not have access to nearly all of these newly identified documents prior to FamilyCare filing the Motion for Reconsideration.[2]  (*Id.*, at ¶ 4.)  FamilyCare has failed to engage in any meaningful conferral because it provided no documents and no usable references to documents (as well as only generalized explanations of its position on and need for broad categories of documents).  Instead of allowing the parties and CCOs to narrow the issues required for judicial consideration, FamilyCare made another (albeit reduced) blanket request for its executives to access AEO documents without allowing the CCOs a meaningful opportunity to

---

[2] FamilyCare filed the Motion for Reconsideration on October 15, 2018.  FamilyCare did not provide Trillium with access to the roughly 3,000 documents until October 24, 2018.  (Hern Decl. ¶ 4.)  Based on some initial reviews and as of the date of this filing, it appears the documents consist of:  nearly 1,600 documents that are native Excel files; over 700 non-Excel documents that total nearly 4,800 images/pages; and over 900 documents that do not have images.  (*Id.*)

Page 6 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

consider the merits of FamilyCare's position. Such a "conferral" is tantamount to no conferral at all. Accordingly, FamilyCare failed to comply with LR 7-1(a)(1) before filing its Reconsideration Motion. The Court should therefore deny FamilyCare's Reconsideration Motion.

> **C.    FamilyCare's Reconsideration Motion Still Does Not Comply with the CCO Protective Order's Process for Challenging the AEO Designation of Documents.**

The CCO Protective Order remains binding on the parties and CCOs. 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). As explained above, the substance of FamilyCare's AEO Access Motion was an attempt at a wholesale removal of AEO protections in this case, by allowing two FamilyCare executives unfettered access to all AEO documents. The AEO tier would be essentially meaningless if it allowed key executives of one of the CCOs' competitors to review AEO documents. Moreover, FamilyCare's conferral letter sent to OHA and the CCOs prior to filing the Reconsideration Motion asserted that a list of documents had "been improperly designated as Attorney's Eyes Only." (*See* Hern Decl. ¶ 2, Ex. A.) The AEO documents challenged in FamilyCare's conferral letter appear to be the same documents FamilyCare seeks to allow Murray and Suchorzewski access to in the Reconsideration Motion. (*Id.*, at ¶ 3.) FamilyCare's conferral letter concedes the true nature of the Reconsideration Motion: FamilyCare seeks functional removal of the AEO designation of thousands of documents because it believes AEO protection is unwarranted.

Because FamilyCare seeks to functionally down-designate thousands of documents, FamilyCare therefore should have engaged in the conferral process required under Paragraph 5(d) of the CCO Protective Order, which requires FamilyCare to confer with CCO counsel regarding specific documents FamilyCare considers improperly designated and to explain "its position why the document had been erroneously designated." FamilyCare did not do so before filing the AEO Access Motion, and it has not done so now. (*See, e.g.,* Hern Decl. ¶ 2, Ex. A.)

Page 7 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\126360\229340\JED\24155247.4

Indeed, FamilyCare's purported conferral did not allow Trillium and the other CCOs to review the documents at issue or consider any specified basis for FamilyCare's position that AEO designation was inappropriate. FamilyCare's conduct violated Paragraph 5(d) of the CCO Protective Order. This failure to confer and violation of the CCO Protective Order equally merits denial of FamilyCare's Reconsideration Motion.

> **D.** **Even If the Court Reaches the Merits of FamilyCare's Reconsideration Motion Despite Its Impropriety and FamilyCare's Violation of the CCO Protective Order, FamilyCare Does Not Establish a Basis for Functionally Down-Designating the AEO Documents.**

FamilyCare fails to show that the risk of damaging its claims outweighs the material risk of competitive harm to Trillium and the other CCOs. Under *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992), a court considering an AEO designation must balance the risk of disclosing confidential information to competitors with the risk of damaging the claims or defenses of the party seeking access. As an initial matter, the 3,000-plus newly identified documents contain confidential, proprietary, and commercially sensitive information. Indeed, the Reconsideration Motion identifies 39 documents which Trillium specifically reviewed and, for every one, affirmed the AEO designations as proper in May 2018. (Hern Decl. ¶ 5.) To the best of Trillium's knowledge, the remaining documents contain such proprietary information which Trillium and the other CCOs maintain as highly confidential, including rate setting strategies, processes, and payment structures.[3] (Decl. of Brandie Whitmire in Support of FamilyCare's Motion for Access to AEO Documents ("Whitmire Decl."), Dkt. No. 286, ¶¶ 4–9; *see also* Hern Decl. ¶¶ 4, 5.) These documents are precisely the type of materials for which Rule 26(c)(1)(G) and the CCO Protective Order authorizes protection. Disclosure of the AEO documents to a competitor creates a material risk of harm to Trillium and the other CCOs by disclosing sensitive strategic information, which would advantage FamilyCare and disadvantage

---

[3] Trillium gained access to the documents FamilyCare seeks only several days after FamilyCare filed its Reconsideration Motion. (Hern Decl. ¶ 4.)

Page 8 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4

all competing CCOs.  (Whitmire Decl. ¶¶ 4–9.)  Nor does the lack of a current competitive relationship mean that the risk of competitive harm evaporates.  *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012) (holding that a risk of competitive harm existed where parties had a history of adversarial business relations and a likelihood of future adversarial negotiations).  Accordingly, the AEO documents at issue are protectable under Rule 26 and the CCO Protective Order, and their disclosure poses a material risk of competitive harm.  Moreover, Murray and Suchorzewski are competitive decision makers whose review of the documents would create a serious risk of inadvertent disclosure.  *Santella v. Grizzly Indus., Inc.*, 2012 WL 5399970, at *6 (D. Or. Nov. 5, 2012) (inadvertent disclosure is a serious risk when competitive decision makers review confidential and commercially sensitive documents).

FamilyCare's claimed risk to its ability to prosecute its case does not outweigh the risk of competitive harm.  FamilyCare fails to show a meaningful risk of damage to FamilyCare's claims due to Murray's inability to review the AEO documents.  Although FamilyCare asserts (without evidentiary support) its expert's inability to put the AEO documents in context, it is important to note what evidence FamilyCare chose *not* to put forward.  First, FamilyCare did not produce any testimony from its expert witnesses that suggests an inability to analyze the AEO documents sufficiently without Murray's and Suchorzewski's direct involvement.  And Murray's assertion that only he can explain these documents is implausible in light of the documents provided to CCO counsel.  These documents appear to lack critical identifying metadata, including the title of each document.  (Hern Decl. ¶ 4.)  It is unclear how Murray could conclude that he was the *only individual* who could interpret the AEO documents based purely on a review of such metadata, and without ever reviewing the actual documents at issue.  Second, FamilyCare did not produce any evidence stating that no outside expert could provide the "context" or "historical background" needed to analyze the documents, only that the outside expert or experts it hired purportedly lack such context.  Third, neither Murray nor FamilyCare

Page 9 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981

PDX\126360\229340\JED\24155247.4

state outright that FamilyCare does not intend to participate in the upcoming procurement and bidding process, only stating that FamilyCare has not yet decided whether to reenter the market and that FamilyCare is in a poor position to reenter the market.  FamilyCare and Murray leave open the possibility of FamilyCare's reentry into the market soon, contradicting their assertions regarding staleness due to FamilyCare's current non-participation in the market.  Finally, the Murray declaration is wholly insufficient to show a need for Suchorzewski to access the documents at issue.  Suchorzewski does not even provide a declaration explaining his basis for accessing the documents.  In sum, FamilyCare fails to establish a risk of material disadvantage to its ability to pursue its claims, much less one outweighing the serious risk of competitive harm.

## IV.    CONCLUSION

FamilyCare's Motion for Reconsideration is improper and otherwise insufficient. FamilyCare makes no showing of any basis for reconsideration.  FamilyCare—yet again—did not comply with the conferral process required under LR 7-1(a)(1) or the CCO Protective Order. Even if the Court reaches the merits of FamilyCare's Reconsideration Motion—and it should not—FamilyCare still fails to demonstrate a basis for disclosing all of the CCOs' highly confidential and proprietary commercial information to two executives of a major competitor. The Court should therefore deny FamilyCare's Reconsideration Motion.

Dated this 29th day of October, 2018.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    s/ Jeffrey Hern

Joel A. Parker, OSB #001633
Email:  jparker@schwabe.com
Jeffrey Hern, OSB #043138
Email:  jhern@schwabe.com
Facsimile: 503.796.2900

*Of Attorneys for Trillium Community Health Plan, Inc.*

Page 10 -    **TRILLIUM COMMUNITY HEALTH PLAN, INC.'S JOINDER AND RESPONSE TO FAMILYCARE, INC.'S MOTION FOR PARTIAL RECONSIDERATION**

PDX\126360\229340\JED\24155247.4