Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>　　　　　Defendants. | No. 6:18-cv-00296-MO<br><br>**JOINT MOTION TO STAY ACTION PENDING APPEAL**<br><br>ORAL ARGUMENT REQUESTED |

JOINT MOTION TO STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1(a)(1)(A), counsel for plaintiff FamilyCare, Inc. ("FamilyCare") has conferred in good faith with counsel for defendant Lynne Saxton, who confirmed that Saxton takes no position on this motion.[1]

## ORAL ARGUMENT REQUESTED

The parties request oral argument on this motion and will be prepared to discuss the motion at the hearing currently scheduled for November 2, 2018, to the extent that the Court's schedule allows.

## MOTION

FamilyCare, Defendant Oregon Health Authority ("OHA"), and Defendant Allen, in his official capacity, move the court for a stay of proceedings until the Ninth Circuit resolves the pending appeal in this matter.

## POINTS AND AUTHORITIES

## I.    INTRODUCTION

FamilyCare, OHA, and Allen, in his official capacity, respectfully request that the Court exercise its discretion to stay all further proceedings in this case, except for the motions and discovery issues set out in Section IV(B), below, pending resolution of Allen's interlocutory appeal from the Court's denial of qualified immunity on FamilyCare's First Amendment retaliation claim against Allen in his individual capacity.

## II.    PROCEDURAL BACKGROUND

The current operative complaint in this case is the Fourth Amended Complaint, which alleges ten claims against OHA and First Amendment retaliation against Saxton and Allen (the "First Amendment Claims").  (Dkt. 111.) OHA subsequently alleged a counterclaim against

---

[1] Counsel for FamilyCare also informed counsel for defendant Allen, in his individual capacity, of this motion.  Allen takes no position on this motion because his case is already on appeal.

1 -    JOINT MOTION TO STAY

141792607.3

FamilyCare.  (Dkt. 115.)  The parties filed multiple motions to dismiss and motions for summary judgment.  On September 21, 2018, this court ruled on several motions, and denied Allen's request to dismiss the First Amendment Claim against him based on qualified immunity.

On October 19, 2018, Allen, in his individual capacity only, filed a notice of appeal of the Court's ruling denying his request to dismiss the First Amendment Claim "based on qualified immunity and other grounds."  (Dkt. 306.)

Saxton recently filed a motion for summary judgment based in part on qualified immunity.  (Dkt. 253.)  That motion is currently set for oral argument on November 2, 2018.

Prior to Allen's notice of appeal, trial was set to begin on January 15, 2019 on the claims that remained in the case: (1) the First Amendment Claims (against Saxton, in her individual capacity, and Allen, in his individual and official capacity), (2) the breach of 2016 settlement agreement claims (against OHA), and (3) the intentional interference claim (against OHA). FamilyCare, OHA, and Allen, in his official capacity, now seek to stay this case pending Allen's appeal in his individual capacity.[2]

## III.   LEGAL STANDARD

District courts have broad discretion to stay proceedings as part of their inherent power to manage their dockets.  *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds by Ryan v. Gonzales*, 568 U.S. 57 (2013).  Thus, although the Court retains jurisdiction over the breach of settlement agreement and intentional interference claims against OHA and the First Amendment Claim against Allen, in his official capacity, it has the power to stay the entire case pending the resolution of the qualified immunity issues on appeal. *See Consumer Cellular, Inc. v. ConsumerAffairs.com*, No. 3:15-CV-1908-PK, 2016 WL 7238919, at *2 (D. Or. Sept. 26, 2016), *aff'd sub nom.* 2016 WL 7242547 (D. Or. Dec. 13, 2016).

---

[2] Concurrently with this motion, FamilyCare is filing a motion seeking certification of certain dismissed claims for immediate appeal under Rule 54(b).

2 -    JOINT MOTION TO STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In deciding whether to grant a stay, courts examine the following factors, which are not exhaustive:  (1) whether resolution by the Ninth Circuit of the issue addressed in the appealed order could materially affect this case and advance the ultimate termination of litigation; (2) whether a stay will promote economy of time and effort for the Court and the parties; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Id.* at *4.

## IV.    ANALYSIS

### A.    The enumerated factors weigh heavily towards a stay.

Here, the factors described above weigh strongly in favor of staying this case based on Allen's qualified immunity appeal.  With respect to the first and second factors, resolution of Allen's appeal will materially affect this case, advance the ultimate termination of litigation, and promote economy of time and effort by both the Court and the parties.  Absent a stay, the trial would move forward against OHA and Allen in his official capacity, without the claims against Allen in his individual capacity (and possibly Saxton[3]).  This would necessitate a separate, later trial against Allen (and possibly Saxton) if the Ninth Circuit affirms the Court's order denying his motions to dismiss and for summary judgment.  Given that the claims involve similar allegations, fact witnesses, expert witnesses, and exhibits, two lengthy trials would involve significant costs and massive inefficiency.  This inefficiency is further exacerbated by the fact that one or both sides may appeal the post-verdict judgment on the claims currently remaining in the case, as well as other rulings given to date.  Absent a stay, there would be a high possibility of multiple appeals and trials stretching over a period of many years.

---

[3] We will not know the disposition of Saxton's claim until the Court rules on her motion for summary judgment on qualified immunity (Dkt. 253), and, in the event that the Court denies the motion, Saxton either files a notice of appeal or the deadline for doing so elapses.

3 -     JOINT MOTION TO STAY

141792607.3

The third and fourth factors also weigh heavily in favor of a stay. Given that the parties are jointly requesting a stay, there is little risk of possible damage from granting the stay. There is, however, significant hardship to the parties if the Court were to require them to go forward. The parties and their witnesses would suffer the expense and disruption caused by preparing for and potentially participating in two lengthy and complex trials.

For these reasons, the fifth factor—the orderly course of justice—also favors a stay.

**B.    The parties agree that it would be more efficient to fully resolve certain issues prior to entry of the stay.**

There are certain key matters pending that would be much easier to resolve at this time, rather than after an appeal. The parties therefore request resolution of the following discrete issues be carved out of any entry of a stay:

1.    Briefing, oral argument (currently set for November 2, 2018), and a decision on Defendant Saxton's Motion for Summary Judgment (Dkt. 253);

2.    Briefing, oral argument, and a decision on FamilyCare's Motion for Sanctions Against OHA Due to Evidence Spoliation (Dkt. 257);

3.    Briefing, oral argument, a decision on FamilyCare's Motion for Partial Reconsideration of Order Denying Motion to Permit Access to AEO Documents (Dkt. 302);

4.    Discovery from third party Health Share of Oregon; and

5.    Resolution of additional requests (if any) for access to documents marked as Confidential or AEO, or for de-designation of Confidential and AEO documents.

## V.    CONCLUSION

For the foregoing reasons, FamilyCare, OHA, and Allen, in his official capacity, jointly request the Court to stay all further proceedings in this case, except for the motions and discovery issues set out in Section IV(B) above.

4 -     JOINT MOTION TO STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

141792607.3

DATED:  October 30, 2018

**ELLEN ROSENBLUM**
**ATTORNEY GENERAL**
**FOR THE STATE OF OREGON**

By: */s/ Harry B. Wilson*
David B. Markowitz, OSB No. 742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB No. 003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB No. 903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB No. 077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB No. 076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for*
*Defendants Oregon Health Authority,*
*an agency of the State of Oregon, and*
*Patrick Allen, in*
*his official capacity as director of the*
*Oregon Health Authority*

**PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

5 -    JOINT MOTION TO STAY

141792607.3