Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>    Defendants. | No. 6:18-cv-00296-MO<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT ON DISMISSED CLAIMS**<br><br>ORAL ARGUMENT REQUESTED<br><br>Pursuant to Fed. R. Civ. P. 54(b) |

MOTION FOR ENTRY OF FINAL JUDGMENT

LEGAL141785045.3

## LR 7-1 CERTIFICATION

Counsel for Plaintiff FamilyCare, Inc. ("FamilyCare") conferred with counsel for Defendants Oregon Health Authority ("OHA") and Patrick Allen, in his official capacity, and OHA and Allen do not oppose this motion.

## ORAL ARGUMENT REQUESTED

FamilyCare requests oral argument on this motion, and will be prepared to discuss the motion at the hearing currently scheduled for November 2, 2018, to the extent that the Court's schedule allows.

## MOTION

Pursuant to Fed. R. Civ. P. 54(b), FamilyCare moves the Court for entry of final judgment on Plaintiff's claims for (1) judicial review of the 2017 and 2018 rate amendments under ORS 183.480(3) and ORS 183.484 (the Fourth and Eleventh Claims in the Third and Fourth Amended Complaints, hereinafter the "APA Claims"), and (2) breach of the Health Plan Services Contract between FamilyCare and OHA (the Tenth Claim in the Third and Fourth Amended Complaints, hereinafter the "Breach of Contract Claim"). The Court dismissed the APA Claims at the hearing on OHA's summary judgment motion and motion to dismiss (*see* transcript of 9/21/18 hearing). The Court dismissed the Breach of Contract Claim in its order on OHA's motion to dismiss (Dkt. 106), and later denied a motion to reconsider its ruling (Dkt. 183). FamilyCare seeks to appeal these rulings to the Ninth Circuit concurrently with Allen's interlocutory appeal. The parties have jointly requested a stay of the action in light of Allen's appeal, and there is no just cause for delaying judgment on the claims.

## POINTS AND AUTHORITIES

## I.    INTRODUCTION

One of the defendants in this case, Patrick Allen, recently filed an interlocutory appeal of this Court's denial of his motions to dismiss and for summary judgment on the basis of qualified

1 -    MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL141785045.3

immunity.  Given that FamilyCare's case against Allen cannot proceed to trial until his appeal is resolved, sound judicial administration and equitable concerns weigh strongly towards allowing FamilyCare to simultaneously appeal this Court's dismissal of the APA and Breach of Contract Claims.  Allowing an appeal at this time will reduce the likelihood of multiple appeals and will ensure that the Court does not have to preside over—and the parties do not have to litigate—two complex trials involving similar questions of fact and law.

## II.     PROCEDURAL BACKGROUND

FamilyCare filed its initial complaint against OHA in this action in Marion County Circuit Court in February 2017.  In January 2018, OHA filed a separate action in federal court (the "Declaratory Relief Action") (Case No. 3:18-cv-00212-MO) asking the Court for a declaratory judgment establishing that federal law preempted FamilyCare from privately challenging its rates.  The parties later agreed that the Marion County case would be removed to federal court and consolidated with the Declaratory Relief Action.

After the case was removed, FamilyCare filed a Fourth Amended Complaint that added a claim for First Amendment retaliation against Saxton and Allen (the "First Amendment Claim"), and OHA alleged a counterclaim against FamilyCare seeking a declaratory judgment regarding OHA's right to seek recoupment of alleged overpayments to FamilyCare (Dkts. 111 & 115).

Over the course of the litigation, the parties filed multiple motions to dismiss and motions for summary judgment.  The Court dismissed FamilyCare's Breach of Contract Claim on a motion to dismiss, then allowed and ultimately denied a motion to reconsider that ruling, and subsequently dismissed the APA Claims on summary judgment (collectively the "Dismissals"). (Dkt. 106, 183, and transcript of 9/21/18 hearing.)  The Court also dismissed OHA's counterclaim, and OHA's Declaratory Relief Action, and denied several other dispositive motions, including a motion to dismiss and motion for summary judgment brought by Allen seeking dismissal of the First Amendment Claim on grounds including qualified immunity.

2 -     MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL141785045.3

OHA has appealed the dismissal of the Declaratory Relief Action, and that appeal is currently pending before the Ninth Circuit.  (Dkt. 306.)  Appendix A to this motion shows the current status of each claim alleged in these lawsuits.

On October 19, 2018, Allen, in his individual capacity only, filed a notice of appeal of the Court's ruling denying his motion to dismiss and motion for summary judgment on his First Amendment Claim "based on qualified immunity and other grounds."

Saxton recently filed a motion for summary judgment based in part on qualified immunity.  That motion is currently set for oral argument on November 2, 2018.

Prior to Allen's notice of appeal, trial was set to begin on January 15, 2019 on the claims that remained in the case: (1) First Amendment Claims (against Saxton and Allen, individually, and against Allen in his official capacity), (2) breach of the settlement agreement (against OHA), and (3) intentional interference with business relations (against OHA).

FamilyCare, OHA, and Allen, in his official capacity, are filing a joint motion to stay this action pending Allen's appeal.  The parties are seeking a stay regardless of the Court's ruling on this motion and any similar motion filed by defendants, for the reasons articulated in the joint motion to stay.

## III.   LEGAL STANDARD

When an action presents multiple claims for relief or multiple parties, Rule 54(b) allows the court to direct entry of final judgment as to one or more claims prior to the ultimate resolution of the action.  The aim of Rule 54(b) is to augment, not diminish, appeal opportunity.  *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902–03 (2015).  To grant a Rule 54(b) motion, a district court must determine that (1) there has been an ultimate disposition of an individual claim entered in the course of an action involving multiple claims, and (2) no just reason for delay exists.  *Mclean v. Pine Eagle Sch. Dist.*, No. 3:15-CV-654-SI, 2016 WL 5661925, at *2 (D. Or. Sept. 29, 2016).  "In order to determine whether there is any just reason

3 -   MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

for delay, the district court should consider both sound judicial administration and the equities involved." *Yeo v. Wash. Cty.*, No. 3:08–CV–01317–AC, 2011 WL 2460876, at *1 (D. Or. June 17, 2011) (quotation marks omitted). "With regard to sound judicial administration, it is proper to consider 'whether the claims under review [are] separable' and whether granting the 54(b) request might result in duplication of proceedings, e.g., multiple appellate decisions on the same issues of law or fact." *Id.* (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Rule 54(b) certification is proper if it will aid in "expeditious decision" of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991).

## IV.    ANALYSIS

FamilyCare respectfully requests that the Court enter a final judgment under Rule 54(b) on FamilyCare's Breach of Contract and APA Claims, so that FamilyCare can appeal the Dismissals.  There is no just reason for delay of the appeal of the Claims.[1]  Judicial economy and the equities involved weigh towards immediate appeal of these claims, which the Ninth Circuit could hear at the same time as it hears Allen's interlocutory appeal, any interlocutory appeal filed by Ms. Saxton, and the appeal currently pending before the Ninth Circuit on the separate Declaratory Relief Action.

As set out above, one of the key concerns regarding whether to certify a claim for appeal prior to trial is whether doing so will result in multiple, piecemeal appeals on the same issues of law and fact.  Here, the fact that the Ninth Circuit will hear Allen's appeal of this Court's decision on qualified immunity means that piecemeal appeals are already likely.  Given these

---

[1] This motion focuses on whether there is a "just reason for delay," because the "ultimate disposition" prong of Rule 54(b) is easily satisfied.  There is no question that the Court ultimately disposed of the Breach of Contract Claim on a motion to dismiss (Dkt. 106) and the APA Claims on summary judgment (*see* transcript of 9/21/18 hearing).  These rulings would have been appealable as of right upon entry of a final judgment. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) ("Under 28 U.S.C. § 1291, the court of appeals has jurisdiction over all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court.").

4 -    MOTION FOR ENTRY OF FINAL JUDGMENT

LEGAL141785045.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

new circumstances, considerations of sound judicial administration weigh in favor of certifying the Breach of Contract and APA Claims for appeal. FamilyCare intends to appeal the dismissal of the Breach of Contract Claim and APA Claims, whether via Rule 54(b) certification now, or through an appeal pursuant to 28 U.S.C. § 1291 after a trial on FamilyCare's remaining claims. This means that the Ninth Circuit will inevitably have to decide the legal sufficiency of these claims. *See McAdory v. M.N.S. & Assocs.*, No. 3:17-CV-00777-HZ, 2018 WL 4566250, at \*4 (D. Or. Sept. 23, 2018) (granting a 54(b) motion as to summary judgment in favor of a defendant because "Plaintiff will appeal the dismissal of [a specific defendant] either now or later. It is a question of when, not if. Granting the motion will expedite the inevitable"); *accord LeFever v. Ferguson*, No. 2:11-CV-935, 2013 WL 4605774, at \*2 (S.D. Ohio Aug. 29, 2013) (granting the plaintiff's 54(b) motion as to a dismissed claim because holding that it is "highly unlikely" that the need for appellate review would be mooted in the future). Additionally, these appeals involve relatively narrow legal questions, and, once decided, there is no risk that the Ninth Circuit will have to address them a second time. *See Steinle v. City & Cty. of San Francisco*, No. 16-CV-02859-JCS, 2017 WL 2021360, at \*4 (N.D. Cal. May 12, 2017) (granting Rule 54(b) motion because none of the parties would have reason to raise the issues that were the subject of the motion in a second appeal, and there was "little if any chance that [the Ninth Circuit] will have to revisit the same facts—spun only slightly differently—in a successive appeal.") (quotations omitted).

Moreover, considering the current pending appeals and the parties' joint request for a stay, entering final judgment on the Breach of Contract and APA Claims so that the Dismissals can be appealed promotes efficiency and *reduces* the likelihood of duplicate proceedings. If FamilyCare is required to wait until the end of a trial and entry of final judgment to appeal these Claims, and if its appeal is successful, a second trial on these claims would be warranted. Now, however, these issues can be decided alongside Allen's appeal on qualified immunity and OHA's

5 -    MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

appeal of its Declaratory Relief Action,[2] so that the parties have appellate rulings on multiple significant issues before proceeding to a single trial on the merits. Rule 54(b) certification will accordingly aid in the "expeditious decision" of this case. *See, e.g.*, *Texaco Inc.*, 939 F.2d at 797. Courts regularly favor Rule 54(b) certification when certification will reduce the likelihood of having multiple complex trials. *See, e.g.*, *Dean v. Cty. of Gage, Neb.*, 807 F.3d 931, 938 (8th Cir. 2015) (in affirming the trial court's grant of a Rule 54(b) motion, stating that the trial court properly considered the "complexity and difficulty" of this case and the avoidance of creating two fully developed and complex trial records); *LeFever*, 2013 WL 4605774, at *4-5(granting a Rule 54(b) motion and reasoning that, by certifying its decision now and preventing the possibility of sequential appeals, the court reduced the chance of having to convene two trials).

If the Court grants the parties' joint motion for stay, this will provide additional support for 54(b) certification of the APA and Breach of Contract Claims. Courts favor Rule 54(b) certification when trial is already substantially delayed. *See Eichler v. Sherbin*, No. 204-CV-1108-GEB-JFMP, 2008 WL 2019116 (E.D. Cal. May 7, 2008) (granting a defendant's Rule 54(b) motion to certify as final a summary judgment in the defendant's favor, because the co-defendants had filed an interlocutory appeal on the basis of qualified immunity, and the case could not proceed until the Ninth Circuit had ruled on the interlocutory appeal); *see also, e.g.*, *Mclean*, 2016 WL 5661925, at *3 (noting that "the remaining claims are ready for trial, but due to the Court's calendar, a trial on those claims is unlikely to occur" for approximately one year, which supported Rule 54(b) certification); *DC Comics v. Pac. Pictures Corp.*, 2012 WL 6086928, at *2 (CD. Cal. Dec. 5, 2012) (granting Rule 54(b) certification where "little [was] left for [the] Court to do while the various claims remain[ed] on appeal").

---

[2] Briefing has not yet started in the appeal of the Declaratory Relief Action, which addresses issues that are highly relevant to the dismissal of the APA and Breach of Contract Claims. *See* Case No. 18-35593. FamilyCare plans to request consolidation of the appeal of the Declaratory Relief Action with Allen's appeal and any additional appeals certified by the Court.

6 -    MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL141785045.3

## V.    CONCLUSION

For the foregoing reasons, FamilyCare respectfully requests that the Court enter final judgment on the APA and Breach of Contract Claims under Rule 54(b), so that FamilyCare can appeal the Dismissals.

Respectfully submitted,

DATED:  October 30, 2018                          **PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*
Thomas R. Johnson, OSB No. 010645
TRJohnson@perkinscoie.com
Stephen F. English, OSB No. 730843
SEnglish@perkinscoie.com
Alletta Brenner, OSB No. 142844
ABrenner@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Matthew Gordon, *pro hac vice*
MGordon@perkinscoie.com
Nicholas Hesterberg, *pro hac vice*
NHesterberg@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

7 -    MOTION FOR ENTRY OF FINAL JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL141785045.3