IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


**FAMILYCARE INC.,**

             Plaintiff,

    v.

**OREGON HEALTH AUTHORITY, et al.,**

             Defendants.

No. 6:18-cv-00296-MO

OPINION AND ORDER


**MOSMAN, J.,**

This matter comes before me on Plaintiff's Motion for Judgment on Dismissed Claims [336]. For the reasons below, I GRANT Plaintiff's motion.


## BACKGROUND

In my June 1, 2018, Opinion and Order [105], I granted in part and denied in part Defendant Oregon Health Authority's (OHA) Motion to Dismiss [79]. Specifically, I granted OHA's motion to dismiss Plaintiff's tenth claim and dismissed that claim with prejudice. I also granted OHA's claim to dismiss with prejudice Plaintiff's second, third, and fifth claims to the extent those claims were based on OHA's failure to provide actuarially sound rates.

Plaintiff's tenth claim alleged a breach of the Health Plan Services Contract ("the Contract") between Plaintiff and OHA. Plaintiff argued that the covenant of good faith and fair dealing in the Contract gave it the objectively reasonable contractual belief that OHA would set actuarially sound rates. In my June 1, 2018, Opinion and Order, I found that no provision in the Contract explicitly granted Plaintiff the right to actuarially sound rates. The Contract stated that OHA would "actuarially set" the rates, and that the actuarial methodology was described in a report on OHA's website, but the Contract clearly stated that the report was not part of the Contract. Further, I found that federal and state laws requiring "actuarial soundness" did not give Plaintiff a reasonable contractual expectation to actuarially sound rates. *Id.* at 25–26. Plaintiff subsequently moved for reconsideration of the dismissal of claim ten. I granted reconsideration of my ruling but declined to alter my prior order dismissing Plaintiff's claim 10 with prejudice.

Defendants OHA and Patrick Allen later filed a Motion for Summary Judgment [149], in which they moved for summary judgment on all of Plaintiff's claims as well as on their counterclaim for declaratory judgment.[1] In a hearing held on September 21, 2018, I granted summary judgment in favor of OHA on Plaintiff's claims four and eleven ("APA Claims"), but denied summary judgment on OHA's counterclaim and Plaintiff's remaining claims. I granted summary judgment on Plaintiff's APA claims because neither the federal Administrative Procedure Act (APA) nor the Oregon APA could provide Plaintiff with the remedy it sought. The remedy under the federal APA requires Plaintiff to seek review of the Center for Medicare

---

[1] OHA sought declaratory judgment that the 2015 Settlement Agreement did not bar it from seeking repayment from Plaintiff based on an overpayment due to a miscalculation in rates by OHA. OHA contended that specific language in the Contract allowed it to recover an overpayment regardless of the parties' settlement agreement. *Id.*

and Medicaid Service's approval of OHA's rate setting. The remedy under the Oregon APA would only result in a loss of funding to OHA. *Id.* Following my rulings, Plaintiff moved for entry of final judgment on claims four, ten, and eleven, so that it could appeal them to the Ninth Circuit.

## LEGAL STANDARD

When a case involves multiple claims for relief or multiple parties, Federal Rule of. Civil Procedure 54(b) allows a court to grant entry of final judgment on some—but not all—claims for relief "only if the court expressly determines that there is no just reason for delay." Claims certified under Rule 54(b) do not have to be separate and independent of any claims remaining in a case, but certification is scrutinized to "prevent piecemeal appeals in cases which should only be reviewed as single units." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).

In analyzing whether it is appropriate to certify a judgment for appeal under Rule 54(b), a court must first determine that it has issued a final judgment—a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 7. If the court has issued a final judgment on those claims, it must next determine "whether there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Determining if there is any just reason for delay requires a court to consider "judicial administrative interests" and the equities involved. *Curtiss-Wright*, 446 U.S. at 8. Factors to consider in making this determination include whether the dismissed claims are separable from the remaining claims and whether granting certification will result in an appellate court having to issue multiple decisions on the same issue of law or fact. *Id.* The presence of one of these factors is not dispositive but should go to the weight of the decision making. *Id.* 8 at n.2. To warrant Rule 54(b) certification, claims should be "truly separable." *See Wood*, 422 F.3d at 879–

80. Similarity of legal or factual issues weighs heavily against granting certification for appeal. *Id.*

## DISCUSSION

For Rule 54(b) certification to be appropriate, I must first determine that the judgments I have issued on the claims in question are final. Plaintiff's tenth claim has been considered twice and Plaintiff's fourth and eleventh claims have been fully briefed, resolved on the merits, and are final. Therefore, I find that the judgments issued on Plaintiff's fourth, tenth, and eleventh claims are ultimate dispositions of those claims. I turn next to whether any just reason for delaying certification for appeal exists in this action.

I.      Similarity of Facts

The Ninth Circuit has held that certification under Rule 54(b) is inappropriate when the dismissed claims are "closely related, factually and legally." *Wood*, 422 F.3d at 879–80. In *Wood*, an employee sued her former employer, alleging age discrimination and bringing claims for wrongful constructive discharge, age discrimination, and retaliation under both the federal law and Oregon law. *Id.* at 876–77. The claims for age discrimination and retaliation survived summary judgment and the district court granted 54(b) certification on the dismissed claims. *Id.* On appeal, a Ninth Circuit panel held that certification was not warranted because "certification in this case effectively severs trial on different theories of adverse treatment arising out of the same factual relationship." Therefore, the claims were not truly separable, as the dismissed and surviving claims were based on the same set of facts. *Id.* at 880–81.

The instant case is distinguishable from *Wood* because the facts necessary to prove the dismissed and remaining claims are unique. In *Wood*, the underlying facts were the same for all legal theories presented by the plaintiff. While the facts establishing the relationship and dispute

between the parties will overlap for any claim in the current case because they arise out of the same overarching business dispute, the dismissed claims rely upon facts surrounding the Contract while the remaining claims depend on facts surrounding intentional interference with a business relationship, chilling of speech, and breach of the parties' settlement agreement.

II.     Certification Serving to Streamline Litigation

Rule 54(b) certification is appropriate when dismissed claims are legally and factually severable from the remaining claims. *Cont'l Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). The district court in *Continental* granted partial summary judgment to the defendant based on an exculpatory clause in the parties' contract but left standing claims for fraud, breach of warranty, and passenger indemnification. *Id*. at 1522. After noting that Rule 54(b) certification is generally disfavored in cases where partial summary judgment at the district level does not eliminate parties and leaves a plaintiff open to full recovery, the Ninth Circuit held that:

> given the size and complexity of this case, [the court] could not condemn the district court's effort to carve out threshold claims and thus streamline further litigation. In these partial summary judgments, the district court effectively narrowed the issues, shortened any subsequent trial by months, and efficiently separated the legal from the factual questions. The matters disposed of by the partial summary judgments were sufficiently severable factually and legally from the remaining matters, and they completely extinguished the liability of the tire companies as to the airplane damage claim.

*Id*. at 1525.

Certification for appeal under Rule 54(b) is appropriate despite dismissed and remaining claims requiring proof of the same facts if it will streamline future litigation. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). *Texaco* involved two parties suing and

counterclaiming for breach of contract, fraud, declaratory judgment, specific performance, and negligent misrepresentation over a failed land deal and failed settlement talks. *Id.* at 796–97. The district court dismissed some of the claims at summary judgment and certified its judgment for appeal under 54(b). *Id.* The Ninth Circuit upheld the certification upon review, finding in relying heavily on *Continental* that "certain theories of recovery were eliminated, limiting the issues to be tried below." *Texaco*, 939 F.2d at 798.

Both *Continental* and *Texaco* involved multiple claims based on different and separable legal theories, and in both cases the dismissal of claims by the district court served to streamline future litigation. I must determine if certification in the current action would do the same. If my judgments on the claims I have dismissed are upheld, Plaintiff will not be required to prove a lack of actuarial soundness in OHA's rate setting. While the underlying story will remain constant for any claim in this case, the dismissed claims require proof of additional facts not required by other claims. Allowing appeal on the dismissed claims now will streamline future litigation because it will either limit the claims and evidence necessary for trial or prevent multiple trials.

There is an additional reason, on the facts of this case, that warrants entry of final judgment to allow appeal of the dismissed issues. Because I have already ruled on Defendants' claims of qualified immunity, which have already been appealed, the Ninth Circuit will, of necessity, hear two appeals in this case. The court will therefore already have been introduced to the issues and facts of the case through the qualified immunity claims. Thus, the normal rationale of avoiding piecemeal appeals loses some force here.

**CONCLUSION**

For the reasons stated above, I GRANT Plaintiff's Motion for Judgment on Dismissed

Claims [336].


IT IS SO ORDERED.

DATED this ___23___ day of January, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge