**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Heidee Stoller**, OSB No. 072835
HStoller@perkinscoie.com
**Matthew J. Mertens**, OSB No. 146288
MMertens@perkinscoie.com
**Alletta Brenner**, OSB No. 142844
ABrenner@perkinscoie.com
**Sasha A. Petrova**, OSB No. 154008
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

**Matthew Gordon**, *pro hac vice*
MGordon@perkinscoie.com
**David B. Robbins**, OSB No. 070630
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff *FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, **PATRICK ALLEN**, both individually and in his official capacity as director of the Oregon Health Authority, and **LYNNE SAXTON**,<br><br>    Defendants. | No. 6:18−cv−00296−MO<br><br>**FAMILYCARE, INC.'S RESPONSE TO DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO EXTEND STAY**<br><br>ORAL ARGUMENT REQUESTED |

FAMILYCARE, INC.'S RESPONSE TO
DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiff FamilyCare, Inc. ("FamilyCare") respectfully submits this Response to Oregon Health Authority's ("OHA") Motion to Extend Stay ("Motion") filed on Friday, July 3, 2020.

**INTRODUCTION**

FamilyCare does not dispute that the COVID-19 pandemic has created a crisis and remains fluid in its impact in Oregon.  Recognizing the obligations of OHA during these uncertain times, FamilyCare informed OHA that it would not oppose a stay of at least three-months with limited carveouts for tasks requiring minimal client involvement, including motion practice, supplementation of document production, and potential additional document production.  FamilyCare also agreed to work with OHA to revisit the issue with the Court after three months to consider whether, given the COVID-19 conditions at that time, a further stay is actually warranted.  FamilyCare's position is consistent with the approach adopted by the Governor and the Chief Judge of the U.S. District Court for the District of Oregon, who have issued short-term orders and guidance regarding work, travel, interpersonal contact, and court operations, and whose guidance is regularly updated to reflect current COVID-19 conditions.[1]

OHA rejected FamilyCare's proposal.  Instead, OHA held fast to seeking a blanket one-year stay that assumes that the pandemic will remain as is or worse, and that the government response will not permit OHA personnel to attend to unrelated but essential business.  Thus, OHA's position is based upon speculative prognostication as to both the severity of the pandemic and the State's unwillingness to devote necessary resources to essential governmental functions.

---

[1]    *See* Office of the Governor, Executive Order 20-30, https://www.oregon.gov/gov/admin/Pages/eo_20-30.aspx (last accessed July 17, 2020) (observing that "[i]t is important to continually evaluate the ongoing need for [COVID-19 related] orders" and expressing intent to "re-evaluate each of the orders at least once every 60 days, to decide whether it should be continued, modified, or rescinded"); U.S. Dist. Ct. of Or., Information Regarding Coronavirus Disease (COVID-19) and Court Operations, https://ord.uscourts.gov/ (last accessed July 17, 2020); *see also Juliana v. United States*, No. 6:15-CV-01517-AA, 2018 WL 9802138, at *1 (D. Or. Oct. 15, 2018) (courts may take judicial notice of public records and government documents available from reliable sources on the internet).

1-    FAMILYCARE, INC.'S RESPONSE TO DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In support of its argument, OHA offers a recital of demands on its time when the litigation was proceeding at full steam, with possible future demands on its time after the bulk of pre-trial activity is complete. But, even accepting OHA's speculation as true, it does not show that a blanket 12-month stay is appropriate: OHA does not and cannot demonstrate that its personnel will be similarly occupied in late 2020, let alone in 2021, nor that motion practice or additional document discovery would require anything more than minimal involvement of OHA personnel. OHA's motion is therefore overbroad and untethered to the actual state of the pandemic and the future needs of the agency.

One need look no further than the well-worn maxim that "justice delayed is justice denied" to understand that OHA's request would result in significant prejudice to FamilyCare. Plainly, FamilyCare would see both its prosecution hampered by the unnecessary passage of time, with corresponding degradation of available evidence and testimony, and a substantial and potentially unjustified delay in obtaining available remedies. By contrast, FamilyCare's proposal would allow the case to move forward with limited participation from OHA and allow this Court to revisit the issue based on the circumstances as they exist in three months.

## POINTS AND AUTHORITIES

### I.    Background

This case was filed in state court in early 2017, removed to this Court in early 2018, and scheduled for trial in January 2019. In October 2018, Defendant Patrick Allen filed a notice of appeal of this Court's ruling denying summary judgment based on qualified immunity. Ultimately, the parties identified several other issues for appeal, and on November 30, 2018, this Court granted a joint motion to stay the action pending appeal.[2]  (ECF 342.)

---

[2]    OHA's motion seeks an extension of the stay initially entered by this Court (ECF 342), and subsequently extended to July 3, 2020 (ECF 370), which by its terms does not apply to efforts to down-designate certain documents from "attorneys' eyes-only" status or to obtain discovery from Health Share. Accordingly, these tasks should continue regardless of this Court's ruling on the Motion.

2-    FAMILYCARE, INC.'S RESPONSE TO
      DEFENDANT OREGON HEALTH
      AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

On April 30, 2020, the Ninth Circuit ruled on the various appeals, holding that this Court properly dismissed OHA's declaratory judgment action and FamilyCare's Oregon Administrative Procedures Act claims but erred in dismissing FamilyCare's contract claim against OHA, in finding that Patrick Allen lacked qualified immunity, and in granting Lynne Saxton partial summary judgment on her immunity claims. *See generally Allen v. FamilyCare, Inc.*, --- Fed.Appx. ---, 2020 WL 2086538 (9th Cir., Apr. 30, 2020).

The Ninth Circuit issued its mandate remanding the case back to this Court on May 29, 2020, and the parties agreed to an extension of the stay through July 3, 2020 pending a judicial settlement conference before Judge McShane. (ECF 369.) The conference, which lasted two days, has not resolved the matter, and on the last day of the stipulated stay, OHA unilaterally moved to extend the stay for an additional year, ostensibly because some of its officials are presently too busy with the COVID-19 pandemic to meaningfully participate in the litigation at this time.

## II.    Legal Standard

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). In evaluating a request for a stay, courts weigh (1) the possible damage that might result from the granting of a stay, (2) the hardship or inequity a party may suffer without a stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). If there is "even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255). Ultimately, "the preferred state of litigation is progress, not stasis." *Ins. Company of the St. of Pa. v. City of*

3-    FAMILYCARE, INC.'S RESPONSE TO DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*San Diego*, No. 02-CV-0693 BEN (CAB), 2008 WL 11338457 at *2 (S.D. Calif., Mar. 14, 2008) (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000)).

### III.    Analysis

First, it would seem axiomatic that OHA, like most defendants in civil litigation, would obtain a litigation advantage by deferring the litigation's progress given its liability exposure and that of its former director as articulated by the Ninth Circuit's opinion. *See Allen v. FamilyCare, Inc.*, No. 18-35593, 2020 WL 2086538, at *4 (9th Cir. Apr. 30, 2020), *as amended* (May 7, 2020) (reversing partial grant of summary judgment to Saxton based on qualified immunity). That said, FamilyCare recognizes that Oregon is in the midst of a fluid and evolving pandemic. *See Elkhorn Baptist Church v. Brown*, 366 Or. 506, 509 (2020).  Despite its evolving nature, OHA asks for a one-year delay without a substantial showing that the delay is tailored to (1) the likely duration of the pandemic, (2) the scope of the officials' related duties, (3) the limitations on current and foreseeable resources OHA has to participate in routine litigation tasks, and (4) mitigate the prejudice to FamilyCare in this litigation which, remarkably, OHA fails to even acknowledge.

In response to OHA's motion, FamilyCare proposes a shorter but still meaningful stay that allows certain limited tasks to continue and gives this Court an opportunity to re-evaluate the necessity of continuing the stay based on the circumstances as they exist in three months. Declaration of Matthew Gordon in support of FamilyCare's Response to OHA's Motion to Extend Stay ("Gordon Decl.") ¶ 2.  FamilyCare's proposal is in keeping with the flexible response adopted by the leaders of this State and this Court, reflecting the evolving and fluid nature of the pandemic.  The hardship to OHA from this more limited stay is minimal, while the damage to FamilyCare from a stay of almost all activity for a year is substantial.

4-    FAMILYCARE, INC.'S RESPONSE TO
        DEFENDANT OREGON HEALTH
        AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

### A.     A year-long stay will prejudice FamilyCare

The first factor considered to determine whether to stay proceedings is the damage granting a stay may have on the nonmoving party. *See CMAX*, 300 F.2d at 268.

OHA completely ignores the harms attendant to a year-long delay in a case that has been pending for well over three years. Courts widely recognize the inherent prejudice arising from significant delay. *See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th. Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); *City of San Diego*, 2008 WL 11338457 at *4 ("With the passage of time, witnesses . . . memories will fade."); *Adams v. Nationstar Mortgage, LLC*, No. CV 15-9912-DMG (KSx), 2018 WL 702848 at *1 (C.D. Cal., Feb. 2, 2018) (length of 19-month stay "accentuated the danger that witnesses' memories will fade and that other key evidence will be lost").

If the stay is allowed, FamilyCare will plainly be prejudiced by witnesses dispersing, dying or suffering the memory decay that time necessarily entails, and by the loss of other evidence. *See City of San Diego*, 2008 WL 11338457 at *4 (noting that the passage of time will make witnesses "more difficult to locate"). Indeed, OHA has already suffered substantial attrition and dispersal of relevant witnesses. Of the 12 OHA staff members FamilyCare deposed, eight appear to have since left OHA. *See* Gordon Decl. ¶ 3. A full-year stay will only exacerbate the problem and hinder FamilyCare's efforts to adjudicate its case, particularly with respect to the outstanding discovery issues that FamilyCare seeks to address during the pendency of any stay.

Finally, FamilyCare's proposed accommodation provides OHA with relief without unduly prejudicing this Court's and FamilyCare's interests in timely resolution of the litigation. In contrast, the lengthy stay requested by OHA risks aggravating this Court's prospect of dealing with a backlog of cases caused by the COVID-19 outbreak. *See Rigby v. Crosscheck Services,*

5-     FAMILYCARE, INC.'S RESPONSE TO
DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*L.L.C.*, No. 19-CV-36-JDP, 2020 WL 1492893 (W.D. Wis., Mar. 27, 2020) at *1 ("Blanket extensions will create an overwhelming backlog that the court will not be able to address once the coronavirus emergency abates."). The parties and the Court should do what they can to avoid the manifest prejudice to the litigation and to justice that would be occasioned by such an extensive stay.

In short, FamilyCare has demonstrated a likelihood of prejudice should OHA's request for a year-long stay be granted.

**B.    OHA has not demonstrated the requisite hardship necessary to justify a complete cessation of all litigation activities for an entire year**

The second factor courts consider in evaluating a party's request for a stay is the hardship or inequity that the moving party may suffer if required to go forward with litigation. Whereas FamilyCare has demonstrated prejudice, OHA has not made a substantial factual showing that it will suffer the kind of hardship that would support the extensive stay it requests. *See Lockyer*, 398 F.3d at 1112 (requiring the moving party to "make out a clear case of hardship or inequity" if even a remote possibility of prejudice to the non-moving party exists).

OHA excerpts certain language from post-COVID-19 case law in order to support its argument that a stay is warranted due to hardship. But the cited cases plainly do not support the extraordinary relief OHA seeks as they are factually and procedurally inapposite. *See*, *e.g.*, *Libutan v. MGM Grand Hotel LLC*, No. 220CV00304RFBNJK, 2020 WL 1434440, at *1 (D. Nev. Mar. 24, 2020) (granting the parties' joint request for a *sixty-nine (69)-day* stay in an action filed in February 2020 and observing that "no prejudice to either party will result" due to the joint nature of the request); *Magassa v. Wolf*, No. 2:19-CV-02036-RSM, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020) (granting an *unopposed* motion to stay discovery pending resolution of motions to dismiss based on sovereign immunity and observing that a "brief stay of discovery is warranted" given "the early stage" of the case and the "nature of the arguments"

6-    FAMILYCARE, INC.'S RESPONSE TO
      DEFENDANT OREGON HEALTH
      AUTHORITY'S MOTION TO EXTEND STAY

raised in the motions); *DivX, LLC v. Netflix, Inc.*, No. CV191602PSGDFMX, 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020) (granting stay of patent infringement actions based on the "early stage of the proceedings" and the pendency of overlapping proceedings between the parties before the Patent Trial and Appeal Board); *Bryant v. Boyd*, No. 1:18-CV-117-SEP, 2020 WL 1493548, at *2 (E.D. Mo. Mar. 27, 2020) (granting stay of discovery based on defendants' continued inability to obtain discovery from plaintiff, which would "only [be] compound[ed]" by the COVID-19 pandemic).

Contrary to OHA's suggestion that all pandemic-related stay motions have been granted, numerous such motions have been denied. *See Assa'ad-Faltas v. Wal-Mart Stores East, L.P.*, No. 3:18-3563-TLW-SVH, 2020 WL 13223867 at *1 (D.S.C., Mar. 20, 2020) (denying motion to stay for 90-days requested in light of COVID-19); *Rigby*, 2020 WL 1492893 at *1 (denying joint motion to extend all pretrial deadlines by 60 days in light of COVID-19); *Knoth v. Keith*, No. 5:18-cv-49-DCB-MTP (S.D. Miss. Apr. 7. 2020) (denying a joint motion to stay because "a stay of all case deadlines is inappropriate" but explaining that extensions of specific case deadlines would be considered "given a showing of good cause by the parties"); *GREE, Inc. v. Supercell Oy*, No. 219CV00071JRGRSP, 2020 WL 2473553, at *1 (E.D. Tex., May 12, 2020) (denying 90-day continuance request as discovery had already concluded).

Here, OHA's motion is based upon its speculation about the duration of the pandemic, its possible future prevalence in Oregon, its possible future effect on OHA staffing, and its needs in the litigation going forward. *See*, *e.g.*, Declaration of Patrick Allen in Support of OHA's Motion to Extend Stay ¶ 5 ("I do not expect the amount of my time I must dedicate to coronavirus response dropping below 80% in the foreseeable future and probably not until after a vaccine or treatment has been made available throughout Oregon and is in widespread use."); Declaration of Aaron Dunn in support of OHA's Motion to Extend Stay ¶ 5 ("Unfortunately, I do not expect the

7-    FAMILYCARE, INC.'S RESPONSE TO
DEFENDANT OREGON HEALTH
AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

circumstances to change any time soon.").[3] By seeking a year-long continuance based on speculation about the unknowable future course of the pandemic, OHA seeks to deprive the Court of its ability to shape and control its calendar and litigation to meet actual events on the ground over the next year. So, if Oregon faces a reduction in cases in the next three months, or if a vaccine became available later this year, if OHA's motion were granted, the matter would be nevertheless stayed for many additional months despite a lack of scientific or practical rationale for that status. Similarly, if the State appropriates additional resources to OHA to allow it to continue to provide essential government services beyond addressing issues presented by the pandemic, an unjustified stay will nonetheless remain in place. Or if the officials who are now tasked with pandemic-related duties are shifted to other functions, the litigation will still be on hold. FamilyCare and this Court should not be saddled with the burden of initiating relief from the stay based upon changes that are likely to be most apparent to OHA.

Any of these possible and foreseeable excesses would be obviated by this Court adopting a more measured approach that would allow it to revisit the issue upon regular and relatively short intervals in order to determine if the "fluid and evolving" nature of the pandemic and the governmental response merit extension or a change.

---

[3] Although FamilyCare is unable to meaningfully respond to the assertions in the declarations filed by OHA without discovery, their accuracy appears to be questionable. For example, Chelsea Guest's assertion in her declaration that she "oversee[s] the development of rates for Coordinated Care Organizations" is at odds with her deposition testimony in this case that she "wouldn't call it overseeing," and her assertion about spending "many hours helping the legal team understand OHA's rate-setting policies and methods" because of the "complex actuarial issues" is contrary to her deposition testimony that she was not responsible for any of the technical aspects of rate development, that she reviewed Optumas's rate certification only at a "high level," and that she lacked knowledge about the specifics of Optumas's rate-setting work, generally, or specifically about the reimbursement adjustments that are at issue in this litigation. *See* Gordon Decl. ¶ 4, Ex. A.

8-     FAMILYCARE, INC.'S RESPONSE TO
       DEFENDANT OREGON HEALTH
       AUTHORITY'S MOTION TO EXTEND STAY

**C.      The orderly course of justice favors a 3-month, rather than year-long, stay**

The third factor in deciding whether to grant a stay is the extent to which the stay is expected to simplify or complicate the issues, proof, and questions of law.  Here, the orderly course of justice would be served by FamilyCare's proposed three-month stay with carveouts for limited litigation activities to move the case toward resolution.

During the pendency of the stay, FamilyCare seeks to clarify the legal theories that remain at issue and to seek leave to engage in supplemental discovery regarding recent developments in the case.  The Ninth Circuit issued its opinion on four consolidated appeals and one cross-appeal, which substantially altered the claims and defenses available to OHA and FamilyCare.  FamilyCare seeks to simplify the questions of law and proof by amending the pleadings to accurately reflect the claims and arguments that remain at issue in the case.  These rulings change the landscape of the claims and defenses in this case, and OHA suffers no prejudice to address the pleadings in the near term.  *See Fikre v. Fed. Bureau of Investigation*, No. 3:13-CV-00899-BR, 2019 WL 2030724, at *4 (D. Or., May 8, 2019) (granting unopposed request to amend complaint to remove already resolved claims because doing so "would be helpful to narrow the issues and to facilitate litigation of Plaintiff's remaining claims").  Both parties and this Court are certain to benefit from clarified pleadings on the claims and defenses available for trial.

FamilyCare's proposal also make sense from a case management perspective. FamilyCare's position leaves open the possibility that OHA may seek further stays based on concrete facts reflecting a demonstrable need for additional time rather than uncertain speculation about the pandemic's course, and OHA's allocation of resources, over the next year. *See Nicholson v. REI Energy, LLC*, 370 F. Supp. 3d 1199, 1207 n5 (D. Or. 2019) (denying stay in a case that had been pending for over a year but reserving the right to "reconsider whether to stay these proceedings" based on future developments).

9-      FAMILYCARE, INC.'S RESPONSE TO
         DEFENDANT OREGON HEALTH
         AUTHORITY'S MOTION TO EXTEND STAY

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CONCLUSION

For the reasons set forth above, this Court should deny OHA's request for a year-long stay applying to all litigation activity, and instead impose a stay of three months, until October 19, 2020, while carving out from an entry of such stay: (1) supplementation of document production responsive to existing discovery requests; (2) limited supplemental discovery related to OHA rate-making decisions after mid-2018; (3) third-party discovery, including of Health Share; and (4) motion practice, including relative to amendments to the pleadings.

DATED:  July 17, 2020                           **PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*
    **Stephen F. English**, OSB No. 730843
    SEnglish@perkinscoie.com
    **Thomas R. Johnson**, OSB No. 010645
    TRJohnson@perkinscoie.com
    **Heidee Stoller**, OSB No. 072835
    HStoller@perkinscoie.com
    **Matthew J. Mertens**, OSB No. 146288
    MMertens@perkinscoie.com
    **Alletta Brenner**, OSB No. 142844
    ABrenner@perkinscoie.com
    **Sasha A. Petrova**, OSB No. 154008
    SPetrova@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    Facsimile:  503.727.2222

    **Matthew Gordon**, *pro hac vice*
    MGordon@perkinscoie.com
    **David B. Robbins**, OSB No. 070630
    DRobbins@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

Attorneys for Plaintiff *FamilyCare, Inc.*

10-    FAMILYCARE, INC.'S RESPONSE TO
    DEFENDANT OREGON HEALTH
    AUTHORITY'S MOTION TO EXTEND STAY