**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen in his official capacity as director of the
Oregon Health Authority
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S REPLY RE MOTION TO EXTEND STAY** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | |
| Defendants. | |

**INTRODUCTION**

The Oregon Health Authority will face significant hardship and inequity if it is forced to

proceed with this litigation in the middle of the coronavirus pandemic.  As documented in six

**Page 1 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

declarations from current and former OHA senior executives and trial counsel, the Governor's Office, OHA, and its staff are consumed with responding to a unique public health challenge endangering the lives and livelihoods of four million Oregonians.  Yet the declarations also make certain that trial counsel cannot develop strategy, conduct supplemental discovery, engage in motion practice, and prepare for trial without substantial contributions from OHA and its staff. OHA is thus left with the inequitable choice of either sacrificing its participation in this lawsuit, exposing itself and the State's treasury to FamilyCare's claims for nearly $300 million, or sacrificing its vital work protecting Oregonians.

There is no reason OHA must face this choice: FamilyCare faces no prejudice from a stay.  FamilyCare has long ceased administering health care to Oregonians and its only remaining claims are for money damages.  FamilyCare's assertions that memories will fade is not relevant here.  Discovery is closed and the record has been preserved.  The parties have completed all depositions except for one third-party deposition not subject to the requested stay.

OHA's declarations show that a stay of one year is appropriate.  The crisis will not abate in the foreseeable future: Cases are presently rising, and even when a vaccine is developed and available, OHA will face substantial work ensuring that Oregonians receive it.  Accordingly, the orderly course of justice and the public interest favor a stay of one year.  OHA respectfully requests the Court grant its motion for a stay.

## ARGUMENT

### I.    OHA requires a one-year stay to address the pandemic.

Covid-19 cases are rising in Oregon.  In the short interval since OHA filed this motion and the time of this reply, 30,000 more Americans have died.  In light of this ongoing crisis, OHA has completely reconfigured itself to respond to the crisis, pulling resources from across the entire agency to support its work protecting Oregonians from the pandemic.  (Declaration of Patrick Allen in Supp. of Mot. to Extend Stay ("Allen Decl.") ¶ 3; Declaration of Kristine Kautz in Supp. of Mot. to Extend Stay ("Kautz Decl.") ¶ 3; Declaration of Aaron Dunn in Supp. of Mot. to Extend Stay ("Dunn Decl.") ¶ 4.)  OHA's Director, Patrick Allen, does not anticipate his

**Page 2 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

workload abating until a vaccine or treatment is "available throughout Oregon and is in widespread use." (Allen Decl. ¶ 5.) Other OHA officials agree with this projection. (Dunn Decl. ¶ 5 ("I do not expect the circumstances to change any time soon. As media reports have demonstrated, cases are increasing. . . .When treatments or vaccines become available, OHA will be responsible for ensuring they are made available across the state.").) A vaccine is not expected until next year.[1] Given the projected timeline for development and distribution of an effective Covid-19 vaccine, OHA requests a one-year stay.

Furthermore, a one-year stay is reasonable. Courts often issue stays of a year or longer when circumstances warrant it. *See, e.g., Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 288 (D.D.C. 2016) (granting stay of two and a half years); *Olson v. O'Brien*, 3:11-CV-245 JWS, 2012 WL 2150897, at *4 (D. Alaska June 13, 2012) (granting stay until decision on related state court case, which was not expected for two years); *Sierra Club v. Energy Future Holdings Corp.*, 5:10CV156, 2011 WL 13220652, at *6 (E.D. Tex. Mar. 11, 2011) (granting stay of up to a year until decision on relevant Fifth Circuit case, which was not expected for approximately year); *In re Taco Bell Wage & Hour Actions*, 1:07-CV-01314-OWW, 2011 WL 3846727, at *5 (E.D. Cal. Aug. 30, 2011) (granting stay until decision on relevant state supreme court case with a status conference a year after issuance of stay).

FamilyCare does not dispute that OHA's response to the Covid-19 crisis justifies a stay. (FamilyCare, Inc.'s Resp. to Def. Oregon Health Authority's Mot. to Extend Stay ("Resp.") (ECF No. 386) at 2.) Instead, FamilyCare contends that the Court should reject OHA's declaration testimony regarding their projected capacity over the next year because those declarations are "speculative." (*Id*.) FamilyCare is wrong. OHA's officials are on the ground

---

[1] *See e.g.,* J. Gallagher, *Coronavirus vaccine: When will we have one?* BBC News (July 21, 2020) (available at https://www.bbc.com/news/health-51665497) ("Most experts think a vaccine is likely to become widely available by mid-2021, about 12-18 months after the new virus … first emerged."); R. Alonso-Zaldivar, M. Perrone, *Fauci optimistic COVID-19 vaccine will be widely available*, AP News (July 31, 2020) ("I believe, ultimately, over a period of time in 2021, that Americans will be able to get [a vaccine]." (available at https://apnews.com/2a4c1d64f8cb8efbadfd581594db8819).

**Page 3 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

responding to Covid-19 in Oregon. These officials are in the best position to discuss the agency's current and projected capacity. Further, OHA's declarants supported their testimony by describing the precise tasks they will engage in over the next year to combat Covid-19. OHA's declarations are not speculative. They are firsthand testimony from knowledgeable witnesses.

By contrast, FamilyCare cites nothing at all for its speculation that by October OHA officials may no longer be devoting substantial time to the Covid-19 crisis. (Resp. at 9.) FamilyCare posits in the next three months a vaccine may be developed, case counts may have substantially dropped, and the legislature may fund a new team of officials to respond to the crisis, freeing up the current officials to participate in this litigation. (*Id*.) FamilyCare's conjecture is belied by the record. (Dunn Decl. ¶ 5 ("I do not expect the circumstances to change any time soon. As media reports have demonstrated, cases are *increasing*"); Kautz Decl. ¶ 4 ("The coronavirus pandemic has left a huge hole in the State's budget. The legislature will meet later this summer to *reduce* State spending for the remainder of the biennium.").) Furthermore, OHA Director Allen stated that he does not expect commitment to pandemic response to significantly decrease "until after a vaccine or treatment has been made available throughout Oregon and is in widespread use." (Allen Decl. ¶ 5.) Indeed, Portland Public Schools classes will be online until at least November 5, 2020.[2] In any event, if significant positive developments ameliorate the pandemic, the Court can lift the stay.

## II. Given the substantial discovery exchanged in this case, a one-year stay will not prejudice FamilyCare's ability to retain evidence and try its case.

FamilyCare has not shown that it will be prejudiced "by witnesses dispersing, dying or suffering the memory decay that time necessarily entails." (Resp. at 6.) The parties have thoroughly preserved the record and discovery is closed. FamilyCare has deposed all the OHA witnesses it requested and 19 witnesses altogether, resulting in more than 5,000 pages of deposition transcript. (Declaration of Rebecca Dodd in Supp. of Reply re Mot. to Extend Stay ¶ 14.) It propounded 25 interrogatories to OHA, 14 to Pat Allen, and 12 to Lynne Saxton, all of

---

[2] *See* https://www.pps.net/fall2020.

**Page 4 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

which were answered.  (*Id.* ¶¶ 9-12.)  FamilyCare also made nearly 80 requests for admission to OHA, Mr. Allen, and Ms. Saxton, which those parties answered.  (*Id.* ¶¶ 2, 9-12.)  In response to FamilyCare's discovery requests, OHA produced nearly 250,000 documents, amounting to more than 1.3 million pages, from more than 70 custodians.  (*Id.* ¶ 13.)  OHA also conducted thorough discovery, deposing an additional 12 witnesses.  Where, as here, the parties have taken depositions, there is little possible prejudice from fading memories.  *Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 148 F.R.D. 138, 140 (E.D. Pa. 1993) ("this possible prejudice [from witnesses' memories fading] is attenuated by the fact that depositions have already been taken from those witnesses whose memories might fade if discovery is extended").  As such, the benefits of the stay to the public, and the avoidance of hardship and inequity to OHA, favor a stay.  *See Alltech, Inc. v. Agra-Partners, Ltd.*, 3:06-CV-337-R, 2007 WL 3120085, at *2 (W.D. Ky. Oct. 23, 2007) ("The mere possibility that memories could fade is not enough to outweigh the benefits of staying these proceedings.").

FamilyCare's contention that eight of twelve OHA staff members it deposed have left the agency is also of no moment.  Although witnesses have left OHA, many had left OHA *before* the appeal, including Lynne Saxton, Mark Fairbanks, Lori Coyner, Courtney Crowell, Varsha Chauhan, and Suzanne Hoffman.  All were easily located and FamilyCare took their depositions. FamilyCare cannot explain how the possibility that some of the four remaining OHA staff members will leave the agency in the next year impedes its ability to procure their testimony for trial.

The cases FamilyCare cite for the proposition that parties are prejudiced by fading memories are not relevant here.  In *Insurance Company of the State of Pennsylvania v. City of San Diego*, No. 02-CV-0693 BEN (CAB), 2008 WL 11338457, at *2 (S.D. Cal. Mar. 14, 2008) and *Adams v. Nationstar Mortgage, LLC*, No. CV 15-9912-DMG (KSx), 2018 WL 702848 (C.D. Cal., Feb. 2, 2018), the parties had not completed discovery.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002) is a habeas case, not an adjudication of motion to stay, and did not involve a closed record.  "One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony

**Page 5 -  OHA'S REPLY RE MOTION TO EXTEND STAY**

before the recollection of events fade[.]"  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 277 F.R.D. 286, 297 (E.D. Va. 2011) (citation omitted).  The discovery rules are serving that purpose here and the record has been preserved.  FamilyCare faces no prejudice from a one-year stay.

### III.    FamilyCare's proposed exceptions to the stay would hinder OHA's efforts to respond to Covid-19.

The Court should extend the existing stay without carve outs.  FamilyCare's proposed exceptions to permit (1) amendments to the pleadings, (2) motion practice, and (3) new and supplemental discovery would swallow the stay: If the parties are free to amend their pleadings, conduct motion practice, and engage in an entirely new round of discovery, there is effectively *no* stay.  Given the technical and systemwide nature of the claims in this case, OHA officials participate in day-to-day litigation by reviewing pleadings and motions, helping formulate legal positions, and assisting in document discovery.  (Declaration of David Markowitz in Supp. of Mot. to Extend Stay ("Markowitz Decl.") ¶ 2.)  They cannot both participate in this litigation and effectively respond to the pandemic.  (Allen Decl. ¶ 7.)

OHA's litigation team required and will require "significant assistance" from OHA leadership in these areas.  (Markowitz Decl. ¶ 2.)  As OHA's lead trial counsel explained, OHA leadership will assist in "developing and coordinating the agency's factual support" in response to amended pleadings.  (*Id.*)  Further, if the Court re-opens discovery, OHA leadership and staff will assist the litigation team in "developing search terms, identifying relevant custodians, reviewing responsive documents, checking documents for privilege, and answering questions about complex factual issues."  (*Id.*)

Declarations from OHA leadership confirm that FamilyCare's carveouts would require a substantial time commitment from OHA.  Director Allen estimated that he spent approximately 10 hours a week managing and participating in the litigation prior to the appeal.  (Allen Decl. ¶ 7.)  OHA's Deputy Director elaborated that "[a]ll of OHA's top leadership, including Director Patrick Allen, Chief of Staff Dawn Jagger, Chief Financial Officer David Baden, and myself,

**Page 6 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

play a significant role in managing this litigation.  We collectively set and approve legal strategy and participate in the development and review of the factual record." (Kautz Decl. ¶ 5.)

Similarly, OHA's Manager of the Actuarial Services Section declared that she "dedicated a substantial amount of time to assisting the litigation team with strategy and fact-development." (Declaration of Chelsea Guest in Supp. of Mot. to Extend Stay ("Guest Decl.") ¶ 7.)  In particular, she "helped the legal team with review of motions, pleadings, and briefs," "worked on assisting in the collection and review of documents for discovery," and "spen[t] many hours helping the legal team understand OHA's rate-setting policies and methods."[3]  (Guest Decl. ¶ 7.) OHA's leadership and staff cannot both meet their obligations to respond to a unique and dangerous global health crisis and participate in this litigation.  (Allen Decl. ¶ 7 ("If I had to spend time managing and participating in this litigation, I would be forced to forego other vitally important work that protects the health and safety of Oregonians.").

As the record demonstrates, OHA officials are at full capacity responding to the Covid-19 pandemic.  Without a full stay, OHA will be faced with the stark choice of defending the agency against this lawsuit or defending all Oregonians against the deadliest public health emergency in a century.  OHA should not face that choice when FamilyCare faces no prejudice from a stay.

---

[3] In a footnote, FamilyCare selectively quotes Ms. Guest's deposition to suggest that her declaration is "inaccurate."  (Resp. at 9 n.3.)  But the context of the deposition makes it obvious that Ms. Guest rejected FamilyCare's counsel's use of the word "oversee" in her deposition because she wanted to make clear that she was not the ultimate "decision maker" regarding the rates.  Ms. Guest was perfectly clear in her deposition, in a part tellingly not quoted in FamilyCare's brief, that she is responsible for "managing or project managing the rate development."  (6/27/18 Guest Dep. at 147:11-13, attached to Decl. of Matthew Gordon in Supp. of FamilyCare's Resp. as Ex. A., ECF No. 387-1 at p. 10.)  FamilyCare's further suggestion that Ms. Guest's declaration is "contrary" to her deposition testimony that she was not responsible for the technical aspects of rate development is also obviously wrong.  Ms. Guest does not state in her declaration that she assists the litigation team with understanding the "technical aspects of rate development."  She states that she assists the legal team with understanding policy and methods, which is not anywhere "contrary" to her deposition.  (Guest Decl. ¶ 7.)

**Page 7 -   OHA'S REPLY RE MOTION TO EXTEND STAY**

## CONCLUSION

For the foregoing reasons, the Court should extend the stay (Dkt. ## 342, 370) until July 5, 2021.

DATED this 31st day of July, 2020.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:     *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

*Of Attorney for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority*

1024209

**Page 8 -   OHA'S REPLY RE MOTION TO EXTEND STAY**