**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tele: (503) 295-3085
Fax: (503) 323-9105

    Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority
    [Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S UNOPPOSED MOTION TO EXTEND STAY** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON, | **Oral argument requested** |
| Defendants. | |

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1)(A), counsel for defendant Oregon Health Authority ("OHA") has conferred by telephone with counsel for plaintiff FamilyCare, Inc. ("FamilyCare") and defendant Lynne Saxton. FamilyCare and Lynne Saxton do not oppose this motion.

**Page 1 - OHA'S UNOPPOSED MOTION TO EXTEND STAY**

**MOTION**

Pursuant to the Court's inherent authority, OHA moves the Court to extend the stay of proceedings (Dkt. #342 and extended in Dkt. ## 370, 392) by 61 days until April 5, 2021.

**ANALYSIS**

**I.    Introduction**

Like the rest of the world, Oregon continues to struggle through a deadly coronavirus (COVID-19) pandemic. "As the virus has spread, government leaders have taken actions to protect people in their jurisdictions from illness and death." *Elkhorn Baptist Church v. Brown*, 366 Or. 506, 509 (2020).

OHA is the lead agency responsible for the State of Oregon's coronavirus response and vaccine distribution. It has diverted resources to support that response—and its staff continues to work enormous hours protecting the public. Now, OHA is working to implement Oregon's COVID-19 vaccination efforts. Given these extraordinary responsibilities, OHA and its leadership have no capacity to meaningfully participate in this litigation or prepare for trial at this time. In light of the critical functions OHA is performing to protect the health, safety, and well-being of more than four million Oregonians, this Court should extend the present stay for 61 days, until April 5, 2021. FamilyCare and Lynne Saxton do not oppose this motion.

**II.   Background**

OHA filed its previous motion to extend the stay in July 2020. In that motion, OHA described its efforts to date to pull resources from across the agency to respond to the coronavirus crisis. (Dkt. ##373-379.) Unfortunately, since July, coronavirus has continued spreading across the country and the state. In early July 2020, Oregon was experiencing 200-400 new coronavirus cases per day. Since the beginning of 2021, that number has tripled. During the week of January 4, 2021 through January 10, OHA recorded 8,150 new infections and more than 350 Oregonians were hospitalized.[1] Cases have spiked dramatically since November. In

---

[1] https://www.oregon.gov/oha/covid19/Documents/DataReports/COVID-19-Weekly-Report-2021-1-13-FINAL.pdf

**Page 2 -   OHA'S UNOPPOSED MOTION TO EXTEND STAY**

short, the pandemic is much worse today than it was in the summer—when the Court extended the stay to February 3, 2021.[2] In March 2020, Governor Kate Brown declared a statewide health emergency due to the spread of the novel coronavirus in Oregon.[3] On December 17, 2020, the Governor extended that declaration until March 3, 2021.[4] It is virtually certain that the declaration will be extended again.

When this crisis began, OHA became a coronavirus response agency, diverting most resources to respond to the crisis. (Declaration of Patrick Allen in Supp. of Mot. to Extend Stay ("Allen Decl.") ¶¶ 3-7.) Now that safe and effective vaccines are available, OHA is responsible for ensuring they are made available to Oregonians. (Declaration of David Baden in Supp. Mot. to Extend Stay ("Baden Decl.") ¶¶ 3-4.)

If this litigation restarts, OHA's senior leadership will be forced to either reduce work on coronavirus response and vaccine distribution or be unable to participate effectively in this litigation. (Allen Decl. ¶¶ 5, 7; Baden Decl. ¶ 6.) OHA's Director Patrick Allen currently spends at least 90% of his time working on coronavirus response and vaccine distribution. (Allen Decl. ¶ 3.) Director Allen works through the weekend on coronavirus tasks, having taken fewer than 10 days off since the coronavirus arrived in Oregon last February. (*Id.* ¶ 6.) Director Allen is a critical member of OHA's litigation team. Before the stay, he managed the litigation and devoted 10 hours a week on average just to this lawsuit. (*Id.* ¶ 7.) If the stay is lifted, Director Allen will be diverted from his vitally important coronavirus work. (*Id.* ¶ 7.)

Similarly, OHA's Chief Financial Officer, David Baden is a member of OHA's core leadership team and is actively involved in the management of this litigation. (Baden Decl. ¶ 2.) OHA's Actuarial Services Unit, whose work is at issue in this lawsuit, reports directly to Mr. Baden and Mr. Baden is in charge of overseeing Medicaid rate setting. (*Id.*) But Mr. Baden

---

[2] *See* https://www.oregon.gov/oha/covid19/Documents/DataReports/Weekly-Data-COVID-19-Report.pdf; *compare to* https://www.oregon.gov/oha/PH/DISEASESCONDITIONS/DISEASESAZ/Emerging%20Respitory%20Infections/COVID-19-Weekly-Report-2020-07-08-FINAL.pdf

[3] https://www.oregon.gov/gov/Documents/executive_orders/eo_20-03.pdf

[4] https://www.oregon.gov/gov/Documents/executive_orders/eo_20-67.pdf

**Page 3 -   OHA'S UNOPPOSED MOTION TO EXTEND STAY**

is also the Lead Executive Sponsor for Oregon's vaccine program. (*Id.* ¶ 4.) Mr. Baden manages key vaccine distribution tasks such as determining where vaccine gets shipped, ensuring that vaccine providers have all of the tools necessary to safely store and administer the vaccine, developing and publishing messaging to the public regarding access to and the safety of the vaccine, and reporting to the public and the legislature about the progress of vaccine distribution. (*Id.*) Mr. Baden works 14-hour days, 7 days a week. (*Id.* ¶ 5.) At least 95% of his time is devoted to vaccine distribution tasks. (*Id.*) Mr. Baden has no capacity to devote to this litigation right now. (*Id.* ¶ 6.) If the litigation begins again he will be forced to forego vitally important work that protects the health and safety of Oregonians. (*Id.*)

### III.    Legal standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When deciding whether to grant a stay, the court weighs (1) the hardship or inequity a party may suffer in being required to go forward; (2) the possible damage that might result from the granting of a stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Only if there is a "fair possibility" of damage to someone else, must the movant show hardship or inequity. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### IV.    The Court should stay this case for 61 additional days so OHA can continue responding to the coronavirus pandemic and setting up and managing vaccine distribution.

OHA remains consumed in responding to the coronavirus pandemic. Proceeding with this case now would impose a hardship on OHA by forcing it to choose between defending FamilyCare's claims and defending the health, safety, and well-being of Oregonians. This Court

should therefore stay this case for 61 more days so OHA, its leadership, and its staff can focus on responding to the coronavirus pandemic and distributing vaccines.

### A.  Defendants will experience significant hardship if they are forced to divert attention from their efforts to stop the coronavirus pandemic.

Restarting this litigation before April would cause a severe hardship on OHA. Courts grant stays due to hardships caused by the coronavirus pandemic. *See Libutan v. MGM Grand Hotel LLC*, No. 2:20-cv-00304-RFB-NJK, 2020 WL 1434440, at *2 (D. Nev. Mar. 24, 2020) ("unavailability of witnesses and documents" during pandemic "is an appropriate basis for staying proceedings") (citation omitted); *see also Fed. Trade Comm'n v. Lending Club Corp*, No. 18-cv-02454-JSC, 2020 WL 4898136, at *4 (N.D. Cal. Aug. 20, 2020) ("The complications imposed by the ongoing COVID-19 pandemic further support granting the motion to stay."); *Magassa v. Wolf*, No. 2:19-cv-02036-RSM, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020) (granting discovery stay that "would relieve the Government from unnecessary discovery while operations are impaired during the COVID-19 pandemic"); *DivX, LLC v. Netflix, Inc.*, No. CV-191602-PSGDFMX, 2020 WL 3026034, at *3 (C.D. Cal. May 11, 2020) (pandemic is "a relevant consideration" that favors a stay).

Here, the Court should extend the stay by 61 days so OHA is not forced to divert attention from its efforts to stop the coronavirus pandemic and distribute vaccine. As described in the declarations filed in support of this motion, OHA's client representatives in this litigation are currently working around the clock to respond to the coronavirus pandemic and distribute vaccines. Those officials anticipate devoting significant amounts of time to this litigation when it restarts, but do not have capacity to participate in this litigation now. OHA requests this additional stay so that its officials are not diverted from vitally important work that protects the health and safety of all Oregonians.

### B.  FamilyCare will not suffer prejudice from a 61-day stay.

FamilyCare does not oppose this motion. In its original motion for a stay, OHA described the legal standard for a non-movant to demonstrate prejudice and the application of that standard to this case. (Dkt. #373.) That analysis applies to this motion as well.

### C. The orderly course of justice favors a stay.

That stay is reasonable under the circumstances and for the reasons articulated in OHA's original motion for a stay. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *2 (D. Del. July 2, 2013) (granting stay even if it may cause a "lengthy" delay).

### CONCLUSION

For the foregoing reasons, the Court should extend the stay (Dkt. ##342, 370, 392) until April 5, 2021.

DATED this 23rd day of January, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:   *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

*Of Attorney for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen in his official capacity as director of the Oregon Health Authority*

1095108