# PERKINSCOie

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T  +1.206.359.8000
F  +1.206.359.9000
PerkinsCoie.com

August 14, 2020

Matthew P. Gordon
MGordon@perkinscoie.com
D.  +1.206.359.3552
F.  +1.206.359.4552

**VIA EMAIL**

Jeffrey Hern
Schwabe Williamson & Wyatt
1211 SW 5th Ave., Ste. 1900
Portland, OR 97204
jhern@schwabe.com

**Re:**    ***FamilyCare, Inc. v. Oregon Health Authority*, USDC Oregon Case No. 6:18-cv-00296;
AEO Documents and Trillium Community Health**

Dear Jeff:

Thank you for your conferring telephonically on Wednesday regarding FamilyCare's motion to down-designate, on the terms agreed to with other CCOs, the documents identified in its February 2019 and June 2020 correspondence to the Court. This letter follows up on that conferral and responds to the Trillium's proposal.

Trillium proposed that FamilyCare identify every document among the lists submitted to the Court in February 2019 and June 2020 that contained information that Trillium might consider to be AEO, and that Trillium be given an additional 45 days to review such documents. For the reasons I explained to you during our conferral—which echo what we have previously stated, on multiple occasions—the condition in Trillium's proposal that FamilyCare identify the specific documents that OHA designated as AEO because they include Trillium data is unworkable because OHA—not FamilyCare—made the decision to designate each of the more than 19,000 documents AEO. As a result, only OHA knows why each document was designated AEO, which specific information in the document OHA believed merited AEO protection, and which of that information was specific to Trillium. Again, FamilyCare did not make the decision to designate documents AEO and therefore cannot know with any certainty why a document was so designated.

Nevertheless, FamilyCare already incurred time and expense to aid Trillium and the other CCOs in reviewing the documents FamilyCare identified for down-designation by creating a search term overlay file that identifies, to the best of FamilyCare's ability, which documents mention each of the CCOs, including Trillium.

Perkins Coie LLP

Exhibit 10
Page 1 of 2

Jeffrey Hern
August 14, 2020
Page 2

Moreover, as you know, FamilyCare has asked OHA, multiple times, to explain to the CCOs which AEO documents relate to which CCOs, but OHA has repeatedly ignored those requests. If Trillium is genuinely interested in learning this information, we urge you, again, to ask OHA—the designating party—how OHA made its AEO determinations and which specific documents involve Trillium.  During our conferral Wednesday, you indicated that you in fact had made such request to OHA, but you were reluctant to provide details of the response.  But either OHA provided you with the information you seek from FamilyCare—in which case your request to FamilyCare is superfluous—or they refused your request as well.  Either way, only OHA can provide you with that information (if they've not already done so).

Regarding the request for more time to review documents, Trillium has now had more than 19 months to review the documents for which FamilyCare requested down-designation in February 2019, and more than two months to review the documents for which FamilyCare requested down-designation in June 2020.  In our conferral you provided no cogent explanation for why, after all this time, your client would need even more time to complete its review of such documents.  Nonetheless, in the spirit of compromise and in hopes of avoiding unnecessary motion practice, FamilyCare will agree to delay filing its down-designation motion by an additional 25 days to afford Trillium even more time for review.

Please let me know Trillium's position on down-designation of the requested materials on or before **Tuesday, September 8.**

Very truly yours,

Matthew P. Gordon

MPG:hs

Exhibit 10
Page 2 of 2