

**Christopher W. Thompson**
Attorney
Direct: (602) 530-8393
Email: chris.thompson@gknet.com

December 11, 2020

**VIA E-MAIL**

Matthew P. Gordon MGordon@perkinscoie.com
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

>       **Re:    Request to Identify Down-Designated Materials Safe to Access for Trial Preparation**

Dear Matt:

FamilyCare has requested Optumas to provide a list of documents that should be safe for FamilyCare to review without accessing potentially sensitive commercial information of Trillium, PacificSource, Cascade, Umpqua, Western Oregon Advanced Health, and Yamhill ("Objecting CCOs").

Having considered FamilyCare's request, Optumas believes that a majority of the down-designated materials can be reviewed by FamilyCare without accessing information the Objecting CCOs contend is commercially sensitive. I will explain further below, but essentially, where Optumas work-product was specific to a CCO and/or required use of a CCO's identifiable information, any analyses or models incorporated a CCO identifier following naming conventions applied by Optumas. The naming conventions utilized for the Objecting CCOs are as follows:

>       **PacificSource Community Solutions, Inc. (Central) & (Gorge)**
> - PacificSource
> - Pac Central
> - Pac Gorge
> - PACS
> - PACSC
> - PACSG

>       **Trillium Community Health Plan, Inc.**
> - Trillium
> - TCHP

>       **Cascade Health Alliance, LLC**
> - Cascade
> - Cascade Health Alliance, LLC

Exhibit 13
Page 1 of 3

Matt Gordon
December 11, 2020
Page 2

- Cascade Health Alliance
- CHA

**DCIPA, LLC. Abn Umpqua Health Alliance**
- Umpqua
- Umpqua Health Alliance
- UHA
- DCIPA, LLC. Abn Umpqua Health Alliance
- DCIPA

**Western Oregon Advanced Health**
- Western Oregon Advanced Health
- WOAH
- Advanced Health
- ADH

- **Yamhill Community Care**
- YCCO
- Yamhill Community Care
- Yamhill County Care Organization
- Yamhill County Health
- Yamhill

A search of those terms would return Optumas work-product that identify individual CCO information. However, a search of those terms should not be necessary across the entire universe of documents that Optumas marked for down-designation. As part of Optumas' initial review of documents related to FamilyCare's February 2019 request for down-designation, it separated documents for potential down-designation into four categories. The four categories were 1) down-designate to confidential; 2) Remain AEO –Bill Murray OK to access, no CCO approval; 3) Remain AEO –Bill Murray OK from Optumas, but CCO approval; and 4) AEO –Remain AEO.

Based on Optumas' review of the records and good faith effort to identify documents containing analyses of specific CCO information that might be considered commercially sensitive, Optumas marked approximately 1800 documents as "Remain AEO –Bill Murray OK from Optumas, but CCO approval." Documents were marked with the "but CCO approval" if the document concerned: a CCO's base data models, a CCO's specific service models, a CCO's risk scores, a CCO's payment rate model, a CCO's reimbursement analysis, pharmacy analyses of a CCO's RX trends, CCO's rate of growth, and certain Optumas models concerning CCO triangulation analyses. Those types of Optumas' work-product contained any specific and identifiable CCO information that might be considered commercially sensitive. Moreover, that

G|K

Exhibit 13
Page 2 of 3

Matt Gordon
December 11, 2020
Page 3

work-product also included the aforementioned CCO naming conventions in the file name and/or specific excel work-sheets.

Documents in the other categories do not concern individual, identifiable CCO information that appear to be of a potentially sensitive commercial nature. Some of those documents include regional analyses and/or models that are summaries of regional information. By nature, they do not identify or attribute individual specific CCO information. While it might be theoretically possible to extrapolate and identify individual data points attributable to a specific CCO, such a task would require significant time, effort, and technical expertise.

In short, if FamilyCare utilizes Optumas' naming conventions to search the documents previously marked with "but CCO approval," as well as the additional 500 documents down-designated pursuant to FamilyCare's June 2020 request, then FamilyCare can readily identify materials that should not be accessed by its employees until there is a resolution with the Objecting CCOs. This would then permit FamilyCare to continue on with its trial preparation needs without prejudicing the position of the CCOs concerning documents that pertain to their information. With respect to documents implicating the Objecting CCO's information, Optumas' withdrawal of its prior down-designation remains conditioned on a mutual agreement between FamilyCare and the CCO's concerning the terms of any permissible access or resolution by the Court.

Although Optumas cannot guarantee the proposed search will identify each and every CCO-specific file without going back through each file individually, having reviewed all of these materials on multiple occasions, this is a reasonable and targeted approach. It avoids the need for each CCO to review every document, including those that do not pertain to them at all. It should also allow FamilyCare and the CCOs to target and reduce the number of records that might contain commercially sensitive information. If the CCOs do not agree with this approach, the only less burdensome method than conducting an entire document by document review, would involve running a search of the naming conventions for the Objecting CCOs through the other three categories and providing a sample set for the individual CCOs to review to assure themselves that the other categories of documents do not contain information that they contend is commercially sensitive.

Very truly yours,

GALLAGHER & KENNEDY, P.A.

By:
     Christopher W. Thompson

CWT:gk
Cc: Jeff Hern, Matthew Yium, Anna Sortun, Harry Wilson.
8357924v1/28355-0001



Exhibit 13
Page 3 of 3