**PERKINS**COIE

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T +1.206.359.8000
F +1.206.359.9000
PerkinsCoie.com

December 18, 2020

Matthew P. Gordon
MGordon@perkinscoie.com
D. +1.206.359.3552
F. +1.206.359.4552

**VIA EMAIL**

Christopher W. Thompson
Gallagher & Kennedy
2575 East Camelback Rd.
Phoenix, AZ 85016

**Re:    Request to Identify Down-Designated Materials Safe to Access for Trial Preparation**

Dear Chris:

Thank you for your letter dated December 11, 2020, in which you describe an approach by which FamilyCare can review the majority of documents that Optumas has down-designated without accessing allegedly sensitive commercial information of Trillium, PacificSource, Cascade, Umpqua, Western Oregon Advanced Health, and Yamhill (the "Objecting CCOs").[1] Although none of the Objecting CCOs has yet identified a single document at issue that contains materials they believe warrant protection (indeed most if not all have not even reviewed a single document), and none has otherwise articulated any colorable basis in law or fact for AEO protection, we will nevertheless follow the approach you suggest by implanting the steps discussed below to make available to our client for review certain of the Optumas down-designated documents while continuing to set aside those documents you identify as potentially implicating information the Objecting CCOs might potentially consider to be commercially sensitive. We are cc'ing this letter to counsel for the Objecting CCOs so that they are aware.

To briefly recap our understanding, Optumas initially categorized the substantial majority of documents for which FamilyCare has requested down-designation into four different categories: (1) down-designate to confidential; (2) Remain AEO—Bill Murray OK to access, no CCO approval required; (3) Remain AEO—Bill Murray OK from Optumas, but CCO approval required; and (4) AEO—Remain AEO. Based on that review, Optumas placed into "Category 3" documents that Optumas determined may contain various kinds of information that Optumas believed CCOs *may* consider commercially sensitive, and Optumas placed into Categories 1 and 2 documents that Optumas determined did not contain such information. Accordingly, we intend

---

[1] Yamhill has not objected to down-designation but rather has chosen to not respond one way or another.

Perkins Coie LLP

Exhibit 14
Page 1 of 3

Christopher W. Thompson
December 18, 2020
Page 2

to make the "Category 1" and "Category 2" documents available for review by FamilyCare personnel.  We also intend to make available for review those documents in Category 3 (and in the smaller subset of 500 uncategorized documents) that our searches indicate do not contain any of the Optumas naming conventions for any Objecting CCO, as described further below.[2]

For the "Category 3" documents, we have run searches using the CCO-specific naming conventions that you described in your December 11 letter.  Those searches revealed that 1,139 "Category 3" documents contain one or more of the naming conventions corresponding to an Objecting CCO.  Notably, most of the 1,139 documents contain hits for more than one Objecting CCO, suggesting that they are unlikely to contain the specific types of information you identified on page 2 of your letter.  We also do not believe that all such information could even arguably be considered commercially sensitive—a CCO's risk scores and reimbursement analysis, for example, hardly constitute the stuff of trade secrets.  Moreover, a review of a sample of the documents with hits from more than one CCO shows that the significant majority contain no information that a CCO could colorably claim warrants AEO protection—something the Objecting CCOs would likely conclude themselves if they ever bothered to review the documents. Nevertheless, we will continue to withhold these 1,139 documents from review by FamilyCare personnel while making available for review to our client the remaining Category 3 documents that do not contain any of the naming conventions specific to the Objecting CCOs.

Finally, your letter mentioned a group of documents for which Optumas did not apply the four-category categorization described above. We understand that Optumas has not made a determination that any of these documents contain information that a CCO may consider to be commercially sensitive.  Nonetheless, for these documents, we will follow the same procedure described above regarding the Category 3 documents—namely, we have searched these "uncategorized" documents using the naming conventions specific to the Objecting CCOs; we will continue to hold back from review any documents containing hits on search terms specific to the Objecting CCOs; and we will release the remainder of the "uncategorized" documents for client review.

FamilyCare appreciates Optumas's efforts to work with FamilyCare and attempt to reach reasonable solutions to this long-running dispute.  It is our intention, and we believe, that the plan outlined above is consistent with the approach and information conveyed in your December 11 letter.  Accordingly, we intend to release documents specified above for review by our client on Tuesday, December 22.  And now that we have this additional information from Optumas

---

[2] Of course, FamilyCare will separately abide by Optumas's "AEO remains AEO" designations and will not provide these documents to FamilyCare personnel until and unless Optumas and FamilyCare separately negotiate access to these documents or the Court orders them down-designated.

Perkins Coie LLP

Exhibit 14
Page 2 of 3

Christopher W. Thompson
December 18, 2020
Page 3


regarding the documents for which FamilyCare requested down-designation, we intend to proceed with the motion to down-designate those documents that remain at issue.

Very truly yours,

Matthew P. Gordon

MPG:mjm

cc:    Harry Wilson, counsel for OHA
       Jeff Hern, counsel for TCHP
       Anna Sortun, counsel for CHA, WOAH, and UHA
       Matthew Yium, counsel for PCS
       Peter Stoloff, counsel for Yamhill

Perkins Coie LLP

Exhibit 14
Page 3 of 3