

**Christopher W. Thompson**
Attorney
Direct: (602) 530-8393
Email: chris.thompson@gknet.com

December 21, 2020

**VIA E-MAIL**

Matthew P. Gordon MGordon@perkinscoie.com
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

> Re:    **Request to Identify Down-Designated Materials Safe to Access for Trial Preparation**

Dear Matt:

This letter is in response to your December 18, 2020 letter concerning our proposal on a method to identify materials that FamilyCare could access without potentially accessing materials that Trillium, PacificSource, Cascade, Umpqua, Western Oregon Advanced Health, and Yamhill ("Objecting CCOs") contend is commercially sensitive information.   At this time, our withdrawal of down-designations remains in place and your proposal to provide FamilyCare access on Tuesday, December 22, 2020 may not move forward. Optumas' proposal was just that - a proposal.  The proposal was made in good faith by Optumas, at your request, as a potentially efficient way to reasonably sort the documents that would reduce the likelihood that FamilyCare was provided access to a document the Objecting CCOs contend is commercially sensitive in order to avoid the time-consuming and expensive task of a document by document review.  The Objecting CCOs remain concerned that the search process outlined by Optumas cannot guarantee that it will identify each and every document containing information the Objecting CCOs contend is commercially sensitive.  Optumas cannot make any guarantee to the CCOs and the December 11, 2020 letter made that clear.  Since Optumas cannot make any guarantees,[1] Optumas' proposal is not a basis to proceed with access absent consent by the Objecting CCOs.  To be clear, the down-designations remain withdrawn and will remain withdrawn until such time as there is a resolution between FamilyCare and the CCOs.[2]

---

[1] Even if Optumas were ordered to review the documents for third or fourth time, it simply is not in a position to know or understand what information constitutes commercially sensitive information as to each Objecting CCO.

[2] As to Optumas' own commercially sensitive information, Optumas' down-designations are appropriate. They are withdrawn to protect the interests of the Objecting CCOs and information they contend is commercially sensitive.  In other words, once FamilyCare and the Objecting CCOs reach a resolution (independently or through judicial resolution), then FamilyCare can rely on Optumas' down-designations to access records – so long as access to those records is consistent with any terms or conditions agreed to or imposed on FamilyCare concerning the Objecting CCOs asserted commercially sensitive information.

2575 East Camelback Road  |  Phoenix, Arizona 85016-9225  |  P: 602-530-8000  |  F: 602-530-8500  |  www.gknet.com

Exhibit 15
Page 1 of 2

Matt Gordon
December 21, 2020
Page 2


Optumas has expended significant time and resources working with FamilyCare toward down-designation.  Based on the requests of FamilyCare over the course of the last two years, Optumas has reviewed its original AEO designations for each document twice and sometimes more.  Where appropriate, Optumas made down-designations as to Optumas' own asserted AEO protections.  However, Optumas cannot make the same determination on behalf of any CCO, including the objecting CCOs.  While the documents were produced by Optumas subject to discovery requests and designated AEO by Optumas subject to the Optumas Protective Order, much of the information utilized in those documents comes from data provided by the CCOs and/or derived from CCO provided data.  That fact constrains Optumas from permitting FamilyCare to access the documents because Optumas cannot make determinations on behalf of the Objecting CCOs with respect to their own commercially sensitive information.

At this point, Optumas believes it has gone above and beyond its obligations pursuant to the Optumas Protective Order given the nature and volume of records at issue.  Any remaining dispute about Optumas' records is between FamilyCare and the CCOs.  Optumas will abide by any final resolution between the CCOs and FamilyCare concerning the Optumas documents at issue.

Very truly yours,

GALLAGHER & KENNEDY, P.A.

By:
        Christopher W. Thompson

CWT:gk
Cc:  Jeff Hern, Matthew Yium, Anna Sortun, Harry Wilson.
8357924v1/28355-0001

G|K

Exhibit 15
Page 2 of 2