| | |
|---|---|
| **From:** | Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com> |
| **Sent:** | Monday, August 17, 2020 3:32 PM |
| **To:** | Matthew Yium |
| **Cc:** | Gordon, Matthew P. (Perkins Coie) |
| **Subject:** | FW: FamilyCare -- February '19 submission to court and operative protective order |
| **Attachments:** | 20170609 Protective Order (SIGNED).PDF; 20190201 Letter from M. Gordon to Judge Mosman re Document Down-Designation (COMBINED letter) (FINAL).PDF |

Hi, Matt—

Thanks for your time on the call today; I really appreciate it. Please find attached the relevant protective order that all the CCOs have been following. It's applicable to third parties by virtue of Paragraph 4. I'm not sure whether we talked about this on the call, but something tricky here is that OHA designated all these materials AEO, not the individual CCOs. So the CCOs have been coming to us saying, "You need to identify the materials relevant to us so we can review them and see if we agree to down-designate," and we've had to say, "We don't know why OHA designated these or which ones apply to you. You have to get that information from OHA." And OHA has not been forthcoming with that information, which has frustratingly left all the CCOs in the dark, FamilyCare included.

If your client does want to look at the documents, we can provide an overlay file that contains CCO-specific search terms, so you can filter by the documents that only apply to your CCO. It's not *that* helpful, though, since most of the documents contain all the CCOs' names (e.g., spreadsheets and things of that nature).

Look at Attachment B (p. 45 of the attached submission to Judge Mosman in February 2019) for the explanation of the categories and why we think that information is important for our case.

Like I said on the phone, the CCOs have by and large dropped their objections to the down-designation of this material, Health Share included. I'm hopeful that your client will do the same after thinking it over.

Thanks,

**Matt Mertens | Perkins Coie LLP**
COUNSEL
Pronouns: He/Him/His
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2199
F. +1.503.346.2199
E. MMertens@perkinscoie.com



CHECK OUT OUR CORONAVIRUS GUIDANCE FOR BUSINESSES TO LEARN HOW PERKINS COIE CAN HELP CLIENTS RESPOND AND PREPARE

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 3
Page 1 of 11

17CV09226

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

FAMILYCARE, INC., an Oregon non-profit corporation,

　　　　　　Plaintiff,

　　　　v.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon,

　　　　　　Defendant.

Case No. 17CV09226
Honorable Sean E. Armstrong

STIPULATED PROTECTIVE ORDER

**ORS 20.140 - State fees deferred at filing**

This action concerns information that may be considered confidential, trade secret, proprietary, or commercially-sensitive information of the parties and third-parties (collectively, "confidential information") and, in the course of this litigation, the parties expect to exchange and obtain from third-parties confidential information and documents referencing or containing confidential information (collectively, "confidential materials"). The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to limit disclosure of any such documents and information.

　　　　1.　　　All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order shall be used only in this proceeding.

　　　　2.　　　Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

Page 1 -　STIPULATED PROTECTIVE ORDER
　　　　RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 2 of 11

3.    This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party from any source other than the party claiming confidentiality or through means or sources outside of this litigation.  Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4.    Producing parties, including third parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards.  As used herein, "designating party" shall refer to the party or third party designating any document, testimony or other materials as "Confidential" or "Attorneys' Eyes Only" under this Protective Order.  The designating party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," unless impractical to do so.

5.    If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, the party seeking to file the confidential materials shall first move the court pursuant to UTCR 5.160.  Upon approval by the court the party shall file the confidential materials under seal, marked as follows or in substantially similar form:

CONFIDENTIAL - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

*or*

ATTORNEYS' EYES ONLY - IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 9 OF THE PROTECTIVE ORDER.

Page 2 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 3 of 11

6.      Within thirty (30) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or Attorneys' Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information.  If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 5.  Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

7.      "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above.  Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

8.      Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a.      Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b.      In-house counsel for the parties, and the administrative staff for each in-house counsel.

c.      Any party to this action and any employee, director, officer, or manager of any party, as such party's counsel may deem reasonable for purposes of this litigation.

d.      Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its

Page 3 -   STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 4 of 11

attorneys for purposes of this litigation, as such party's counsel may deem reasonable for purposes of this litigation.

e.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

f.    The authors and the original recipients of the documents.

g.    Any court reporter or videographer reporting a deposition.

h.    Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8(a), 8(b), 8(d), 8(e), 8(f), 8(g) and 8(h), unless additional persons are stipulated by counsel or authorized by the Court.  Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 8(c) or 8(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 8 and 9, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11.    Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order.  If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party.  As part of that

Page 4 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 5 of 11

conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

Page 5 - STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 6 of 11

14.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents.  It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection.  A party may assert the privilege and/or protection at any time in the litigation.  After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information.  A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim.  Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

15.    Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order.  Returned materials shall be delivered in sealed envelopes marked "Confidential" or "Attorneys' Eyes Only" as appropriate to respective counsel.  The party requesting the return of materials shall pay the reasonable costs of responding to its request.  Notwithstanding the foregoing, counsel for a party may retain archival copies of all confidential documents.

16.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

Page 6 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 7 of 11

17.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

18.    The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

**IT IS SO STIPULATED.**

_s/ Thomas R. Johnson_
THOMAS R. JOHNSON #010645
Of Attorneys for Plaintiff

_/s/  Renee R. Stineman_
RENEE STINEMAN #994610
Of Attorneys for Defendant

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidentiality of the confidential materials, therefore, pursuant to ORCP 36, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

Signed: 6/9/2017 02:25 PM

Circuit Court Judge Sean E. Armstrong

Submitted by: Renee Stineman
Attorney-in-Charge
Attorneys for Defendants

Page 7 -    STIPULATED PROTECTIVE ORDER
RS7/rh2/8279192-v6

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 8 of 11

# EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in *FamilyCare, Inc. v. Oregon Health Authority*,

Case No. 17CV09226, Marion County, Oregon, of the protective order governing the delivery,

publication, and disclosure of confidential documents and information produced in this litigation.

I have read a copy of the protective order and agree to abide by its terms.

_____
Signed Name

_____
Printed Name

_____
Date

EXHIBIT A TO STIPULATED PROTECTIVE ORDER
123045-0001/135857007.1

Exhibit 3
Page 9 of 11

**CERTIFICATE OF READINESS**

This proposed *order* is ready for judicial signature because:

1. [ X ]   Each opposing party affected by this *order* has stipulated to the *order*, as shown by each opposing party's signature on the document being submitted.

2. [   ]   Each opposing party affected by this *order* has approved the *order*, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. [   ]   I have served a copy of this *order* on all parties entitled to service and provided written notice of the objection period, and:

    a. [   ]   No objection has been served on me within that time frame.

    b. [   ]   I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed with the court a copy of the objections I received and indicated which objections remain unresolved.

    c. [   ]   After conferring about objections, [*role and name of opposing party*] agreed to file any remaining objection with the court by [*date*], which predated my submission.

4. [   ]   The relief sought is against an opposing party who has been found in default.

5. [   ]   An order of default is being requested with this proposed judgment.

6. [   ]   Service is not required by statute, rule, or otherwise.

    DATED June __8__, 2017.

                        *s/ Renee Stineman*
                        RENEE STINEMAN #994610
                        Attorney-in-Charge
                        Trial Attorney
                        Tel (971) 673-1880/Fax (971) 673-5000
                        Renee.Stineman@doj.state.or.us
                        Of Attorneys for Defendant

Page 1 -   CERTIFICATE OF READINESS
      RS7/c4m/8316115-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 10 of 11

# CERTIFICATE OF SERVICE

I certify that on June __8__, 2017, I served the foregoing STIPULATED PROTECTIVE

ORDER upon the parties hereto by the method indicated below, and addressed to the following:

Stephen F. English                                    ___  HAND DELIVERY
Courtney Rian Peck                                 _x_  MAIL DELIVERY
Meredith M. Price                                    ___  OVERNIGHT MAIL
Thomas Russell Johnson                         _x_  SERVED BY E-FILING
Perkins Coie LLP
1120 NW Couch 10th Flr
Portland, OR  97209
    *Of Attorneys for Plaintiff*


          *s/ Renee Stineman*
          RENEE STINEMAN #994610
          Attorney-in-Charge
          CARLA A. SCOTT #054725
          Senior Assistant Attorney General
          Trial Attorneys
          Tel (971) 673-1880/Fax (971) 673-5000
          Renee.Stineman@doj.state.or.us
          Carla.A.Scott@doj.state.or.us
          Of Attorneys for Plaintiff

Page 1 -    CERTIFICATE OF SERVICE
          RS7/rh2/8084159-v1

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Exhibit 3
Page 11 of 11