| | |
|---|---|
| **From:** | Matthew Yium |
| **Sent:** | Tuesday, October 13, 2020 1:56 PM |
| **To:** | Gordon, Matthew P. (Perkins Coie); 'Mertens, Matthew (Perkins Coie)' |
| **Subject:** | Following up on FamilyCare / OHA / PacificSource discovery discussions |
| **Attachments:** | Letter to Matthew Gordon.pdf |

Matt G. and Matt M.,

Following up on our call late last week, PacificSource echoes Trillium's position with respect to its objection to down-designation as stated in its counsel's recent letter (copy attached). As I understand it, OHA and FamilyCare have only just begun a discussion as to the universe of documents that are still at issue given various CCO's withdrawal of their objections to down designation. Additionally, Optumas has been notified that the objecting CCO's (including PacificSource) have not consented to down designation of Optumas documents containing objecting CCO-specific AEO information. Thus, in the absence of all interested parties first reaching an understanding as to the evolving set of documents that are still at issue, a motion to down designate by FamilyCare would be premature.

I am open to continuing to work with you to try to reach an agreement with respect to PacificSource-specific documents, but in order to have a meaningful conferral, we would ask FamilyCare to: (a) identify the set of documents for which it will seek "down-designation" in its action against OHA now that many of the CCO's have dropped their objections; (b) identify with particularity the subset of documents containing PacificSource's information; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and how FamilyCare is prejudiced by the AEO-only designation.

Regards,
Matt

**Matthew Yium**
**Principal**

*Tel:* 503.553.3115 ▪ *Fax:* 503.226.0259
matthew.yium@foster.com

**Foster Garvey PC**
121 SW Morrison, 11th Floor
Portland, OR 97204
foster.com

SEATTLE ▪ PORTLAND ▪ NEW YORK ▪ WASHINGTON, D.C. ▪ SPOKANE ▪ BEIJING

*Foster Garvey is closely monitoring the developing situation with COVID-19. For the latest legal updates and resources, please visit our COVID-19 Resource Center.*

This e-mail is for the sole use of the intended recipient(s). It contains information that may be confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender immediately by reply e-mail and destroy all copies of this message. Any disclosure, copying, distribution, or use of this information by anyone other than the intended recipient is prohibited.

*Please note my new email address.*

Exhibit 4
Page 1 of 3



October 12, 2020

**Jeffrey Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
       Our File No.:  126360-229340

Dear Mr. Gordon:

Thank you for your latest e-mail regarding FamilyCare Inc.'s efforts to obtain review of Trillium's (and other CCOs') confidential commercial information by FamilyCare's officers, directors, managers, or employees.  Trillium's position remains that documents that have been marked attorney eyes only ("AEO") and contain Trillium's confidential commercial data and information should retain that designation, absent Trillium's explicit consent to down designation of any particular document or a Court order requiring such down designation.  While Oregon Health Authority ("OHA") or Optumas (or some other party that may possesses such information) may agree to down designation in relation to *its own* commercial information contained in a document, such an agreement is not effective to achieve down designation of any document that contains Trillium's (or others CCOs') confidential commercial information or data.

The appropriate course in our view—which Trillium identified to FamilyCare in letters sent on August 7, 2020, and September 4, 2020—is for FamilyCare to: (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and *how* FamilyCare is prejudiced by the AEO-only designation.

Until Trillium's objections to down designation are resolved, no documents previously marked AEO and containing Trillium-related information should be made available for review by FamilyCare (*i.e.*, review by its officers, directors, managers, or employees).  If documents have been made available for review, even inadvertently, please let me know at your earliest convenience.

Exhibit 4
Page 2 of 3

Pacwest Center  |  1211 SW 5th  |  Suite 1900  |  Portland, OR  |  97204  |  **M** 503-222-9981  |  **F** 503-796-2900  |  schwabe.com

Matthew P. Gordon
October 12, 2020
Page 2

Thank you for your attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:     Harry Wilson, Counsel for Oregon Health Authority
        Kevin O'Malley and Chris Thompson, Counsel for Optumas
        CCO Counsel
        Client

PDX\126360\229340\JED\29167748.2

Exhibit 4
Page 3 of 3