

October 12, 2020

**Jeffrey Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
       Our File No.:  126360-229340

Dear Mr. Gordon:

Thank you for your latest e-mail regarding FamilyCare Inc.'s efforts to obtain review of Trillium's (and other CCOs') confidential commercial information by FamilyCare's officers, directors, managers, or employees.  Trillium's position remains that documents that have been marked attorney eyes only ("AEO") and contain Trillium's confidential commercial data and information should retain that designation, absent Trillium's explicit consent to down designation of any particular document or a Court order requiring such down designation.  While Oregon Health Authority ("OHA") or Optumas (or some other party that may possesses such information) may agree to down designation in relation to *its own* commercial information contained in a document, such an agreement is not effective to achieve down designation of any document that contains Trillium's (or others CCOs') confidential commercial information or data.

The appropriate course in our view—which Trillium identified to FamilyCare in letters sent on August 7, 2020, and September 4, 2020—is for FamilyCare to: (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and *how* FamilyCare is prejudiced by the AEO-only designation.

Until Trillium's objections to down designation are resolved, no documents previously marked AEO and containing Trillium-related information should be made available for review by FamilyCare (*i.e.*, review by its officers, directors, managers, or employees).  If documents have been made available for review, even inadvertently, please let me know at your earliest convenience.

Exhibit 5
Page 1 of 2

Matthew P. Gordon
October 12, 2020
Page 2

Thank you for your attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:      Harry Wilson, Counsel for Oregon Health Authority
         Kevin O'Malley and Chris Thompson, Counsel for Optumas
         CCO Counsel
         Client

PDX\126360\229340\JED\29167748.2

Exhibit 5
Page 2 of 2