

October 26, 2020

**Jeffrey D. Hern**
Admitted in Oregon and Washington
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:  *FamilyCare, Inc. v. Oregon Health Authority*
     U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
     Our File No.:  126360-229340

Dear Mr. Gordon:

I write on behalf of Trillium Community Health Plan, Inc. in response to FamilyCare Inc.'s
October 16, 2020 letter in the above-referenced litigation.  From the evidence available to
Trillium and other Coordinated Care Organizations ("CCOs"), it appears your firm has willfully
facilitated FamilyCare's officers, directors, managers, or employees' direct review of documents
your firm knows to contain information that CCOs deem Attorneys' Eyes Only ("AEO").

### FamilyCare's Pressure Campaign on Nonparty CCOs

For over three years, FamilyCare has pursued the nonparty CCOs' sensitive commercial
information through shifting tactics and demands.  The state court authorized broad discovery of
all CCOs' information (over the CCOs' objections) because it believed the information would be
heavily protected by AEO designations.  But FamilyCare has long sought to thwart that tier of
designations.  For instance, in September 2018 FamilyCare moved the Court to authorize two
FamilyCare employees' direct review of approximately 19,000 AEO documents.  [Dkt. 251.]
FamilyCare framed its justification as a fishing expedition:  its attorneys and expert "don't know
what we don't know" about the documents.  (Hr'g Oct. 5, 2018, Tr. at 40.)  The Court rejected
that rationale, requiring FamilyCare to be "more specific and seek specific documents."  (*Id.* at
49; *see also id.* at 39 (the Court questioning why FamilyCare could not list specific documents
and justify "why [it] need[s] them," "[n]ot in general terms but because there's this issue in the
expert report that [FamilyCare's employees] need[] to be able to review these documents" in
order to assist).)

When FamilyCare sought reconsideration, Judge Mosman held off ruling on the motion.  Still, he
was again clear that he would not license a fishing expedition.  At a minimum, FamilyCare
would need to "provide the Court with an itemized list, including ***explanations for each item***, of
which documents should be down-designated and ***why [FamilyCare] needs access to them***."  (J.
Mosman Chambers' email, Nov. 13, 2018 (emphasis added).)

Exhibit 6
Page 1 of 4

Matthew P. Gordon
October 26, 2020
Page 2

FamilyCare has never complied with Judge Mosman's clear directive—even as it has pursued an expansive and ever-evolving list of documents. The approximately 19,000 documents became 3,309 (in FamilyCare's October 2018 motion for reconsideration [Dkt. 302]), which became 4,344 (in FamilyCare's February 1, 2019 letter to the Court), and then 5,073 (in FamilyCare's June 9, 2020 letter). It is highly burdensome for the nonparty CCOs to review thousands of document because often, to comply with *other CCOs'* AEO designations, such review must be performed exclusively by retained counsel at significant expense. Trillium has grave concerns that FamilyCare is engineering a Hobson choice for the CCOs: incur significant expenses (and inevitable demands for more down-designation) or disclose sensitive commercial information.

That concern has only increased as FamilyCare has badgered Trillium (and other CCOs) this summer and fall about AEO designations with threats of motion practice and heated rhetoric. Trillium has three times sought compromise by proposing that FamilyCare: (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA to end FamilyCare's ever-shifting demands; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and *how* FamilyCare is prejudiced by the AEO-only designation. (J. Hern 8/7/20, 9/4/20, and 10/12/20 letters to M. Gordon.) FamilyCare has refused to proceed in this reasonable manner.

### FamilyCare Wrongfully Undertook Direct Review of
### Trillium's (and Other CCOs') AEO Information

Having failed to obtain Trillium's (and several other CCOs'[1]) consent to down-designate its AEO information, FamilyCare's attorneys have, with regard to documents that were in the possession of OHA's actuary, Optumas, provided FamilyCare's officers, directors, managers, or employees direct review of documents that your firm knows to contain information that CCOs deem AEO. From what FamilyCare's and Optumas's recent communications reveal, it appears that your firm's disclosure of Trillium's (and other CCOs') AEO information was willful.

FamilyCare's October 16, 2020 letter represents that Optumas knowingly withdrew *its* AEO designation of an unspecified list of documents, which constituted "most" of the OPTUMUAS_ and OPT_ documents identified in FamilyCare's February 2019 and June 2020 lists. Optumas responded by contesting FamilyCare's representations about what it knew in withdrawing its AEO designations and reasserted them. (C. Thompson 10/23/20 letter to M. Gordon.)

FamilyCare's October 16, 2020 letter further discloses that, upon Optumas's waiver of *its own interests*, your firm provided FamilyCare's officers, directors, managers, or employees direct

---

[1] At least four other CCOs—PacificSource, Cascade Health Alliance, Umpqua Health, Advanced Health (fka Western Oregon Advanced Health)—continue to object to FamilyCare's broad requests for down designation of AEO documents. To Trillium's knowledge, no CCO has expressly conceded that the AEO documents do not contain commercially sensitive information. Instead, it seems other CCOs have submitted to FamilyCare's pressure campaign for various other reasons. [*See, e.g.,* Dkt. 394.]

Exhibit 6
Page 2 of 4

schwabe.com

Matthew P. Gordon
October 26, 2020
Page 3

access to previously designated AEO documents because, as you falsely suggest, only Optumas could and did assert such documents are entitled to AEO protection.  Your firm's actions are indefensible.

FamilyCare's own correspondence establish that it is aware that documents for which Optumas was the custodian contain information that CCOs deem sensitive commercial information.  FamilyCare created eight categories of document designated AEO for which it sought down-designation.  (M. Gordon 2/1/19 letter to Judge Mosman.)  For only one of those categories, however, did FamilyCare argue that they did "not contain any CCO-Designated Information." (*Id*. at 2.)  The remainder of FamilyCare's own categorizations of AEO documents are, by FamilyCare's own admission, comprised of documents that "arguably contain at least some CCO-Designated Information."

FamilyCare's admission reflects the record.  For example:

- November 2017.  Trillium (and other CCOs) asserted its position regarding designations for 14 categories of documents and information in OHA's *or Optumus's* possession, including those warranting AEO protection.  (J. Hern 11/10/107 letter to OHA and FamilyCare.)

- January 2018.  Trillium (and other CCOs) again addressed Optumas documents (including those subpoenaed by FamilyCare), demanding the same protecting designations for the same 14 categories of documents "pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017[.]"  (J. Hern 1/19/18 letter to OHA, FamilyCare, and Optumas.  *See also* J. Hern 3/9/18 letter to OHA and FamilyCare (similar).)

- May 2018.  Trillium addressed a subset of hundreds of document for which FamilyCare sought down-designation, specifically identifying dozens of documents for which Optumas was the custodian (OPT-prefix) that warranted ongoing AEO designation.  (J. Hern 5/24/18 letter to OHA, copy to FamilyCare.)

Your firm, despite that *actual knowledge*, has apparently knowingly facilitated the direct review by FamilyCare of Optumas documents designated by Trillium by class or Bates-number as AEO.  Your letter suggests that your firm did so because, as FamilyCare contends, Trillium had no standing under the Protective Orders to assert AEO protection for documents for which Optumas is the custodian.  That position is spurious.  No fair construction of either Protective Order would deprive Trillium (and other CCOs) of AEO treatment of information in which it has asserted the need for AEO protections without some Court-supervised process.  What's more, FamilyCare's entire pressure campaign has presupposed the CCOs have the right to litigate AEO protections.  And, given that prior tacit and explicit acknowledgment of standing, FamilyCare was obligated to raise its tortured argument that Trillium lacks standing under the Protective Orders *before* taking actions prejudicial to Trillium's and other CCOs' interests.

Exhibit 6
Page 3 of 4

schwabe.com

Matthew P. Gordon
October 26, 2020
Page 4

To be transparent, Trillium is evaluating whether it will pursue sanctions against FamilyCare and its attorneys for their wrongful treatment of information identified by Trillium as AEO. Please respond to this letter **within ten (10) days** by identifying which FamilyCare personnel accessed which AEO documents on which dates. Trillium also demands that any derivative notes, work product, or similar materials must be immediately sequestered by FamilyCare's counsel. Thank you for your prompt attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:     Harry Wilson, Counsel for Oregon Health Authority
        Kevin O'Malley and Chris Thompson, Counsel for Optumas
        CCO Counsel
        Client

Exhibit 6
Page 4 of 4

schwabe.com