| | |
|---|---|
| **From:** | Matthew Yium |
| **Sent:** | Friday, December 18, 2020 4:32 PM |
| **To:** | 'Thompson, Christopher W.' |
| **Cc:** | 'Anna Sortun'; 'Hern, Jeffrey D.' |
| **Subject:** | RE: FamilyCare v. OHA |
| **Attachments:** | 20201218 Letter from M. Gordon to C. Thompson re Request to Identify Dow....pdf; LT Matt Gordon re Accessing Down-Designated Documents.pdf |

Chris,
I am in receipt of FamilyCare's counsel's letter of today's date indicating that FamilyCare's counsel intends to grant its client access to certain Optumas documents that have been designated AEO beginning next Tuesday based on its apparent belief that Optumas has down-designated certain of those documents. FamilyCare's position is not consistent with my understanding of Optumas's proposal set forth in your letter dated 12/11/20. I had understood from our conversations and my confirmation email below that Optumas has not yet formally down-designated any of the AEO documents and Optumas would not do so without reasonable advanced notice to the objecting CCO's. Could you please confirm that is the case?

As agreed upon in our call on Wednesday this week with the other objecting CCO's, could you please send a list identifying by Bates ranges the documents subject to the four categories described in your 12/11/20 letter? We would appreciate Optumas's cooperation in that regard.

Regards,
Matt

**Matthew Yium**
**Principal**

Foster Garvey PC
*Tel:* 503.553.3115
matthew.yium@foster.com

**From:** Matthew Yium
**Sent:** Monday, December 14, 2020 4:57 PM
**To:** 'Thompson, Christopher W.' <chris.thompson@gknet.com>
**Subject:** RE: FamilyCare v. OHA

Chris,
Thanks for talking with me and confirming that none of the Optumas documents have yet been formally down-designated or granted FamilyCare further access at this point. Please let me know in advance if I have misunderstood or if Optumas intends to change their position on that. In the meantime, I'll look more closely at your letter and will be in touch with Jeff and Anna to circle back with you.

Regards,
Matt

**Matthew Yium**
**Principal**

Foster Garvey PC
*Tel:* 503.553.3115
matthew.yium@foster.com

**From:** Thompson, Christopher W. [mailto:chris.thompson@gknet.com]
**Sent:** Monday, December 14, 2020 3:06 PM

1

Exhibit 9
Page 1 of 9

**To:** Matthew Yium <Matthew.Yium@foster.com>
**Subject:** RE: FamilyCare v. OHA

---

This message was sent securely using Zix®

---

Matthew,

Yes, I do. 4:00 pacific works for me.

Best,

Chris

**From:** Matthew Yium [mailto:Matthew.Yium@foster.com]
**Sent:** Monday, December 14, 2020 4:04 PM
**To:** Thompson, Christopher W. <chris.thompson@gknet.com>
**Subject:** RE: FamilyCare v. OHA

---

This message was sent securely using Zix®

---

Chris,
Thanks for your letter. Do you have a few minutes to chat later this afternoon? Maybe 4:00 pm Pacific today or tomorrow after 10:00 a.m. Pacific?

Matt

## Matthew Yium
**Principal**

Foster Garvey PC
*Tel:* 503.553.3115
matthew.yium@foster.com

**From:** Thompson, Christopher W. [mailto:chris.thompson@gknet.com]
**Sent:** Friday, December 11, 2020 4:11 PM
**To:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>
**Cc:** jhern@schwabe.com; anna.sortun@tonkon.com; Matthew Yium <Matthew.Yium@foster.com>; HarryWilson@MarkowitzHerbold.com; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Subject:** FamilyCare v. OHA

---

This message was sent securely using Zix®

---

Counsel,

Attached is my correspondence to Mr. Gordon following-up on Optumas' withdrawal of AEO down-designations.

Regards,

Chris



Christopher W. Thompson
Attorney Profile
chris.thompson@gknet.com
602-530-8393

Exhibit 9
Page 2 of 9

2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
602-530-8000 | www.gknet.com

This message and any of the attached documents contain information from the law firm of Gallagher & Kennedy, P.A. that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege has been waived by your inadvertent receipt. If you have received this transmission in error, please notify the sender by reply e-mail and then delete this message. Thank you.

This message was secured by **Zix**®.

This message was secured by **Zix**®.

This message was secured by **Zix**®.

Exhibit 9
Page 3 of 9

PERKINSCOIE

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T  +1.206.359.8000
F  +1.206.359.9000
PerkinsCoie.com

December 18, 2020

Matthew P. Gordon
MGordon@perkinscoie.com
D.  +1.206.359.3552
F.  +1.206.359.4552

**VIA EMAIL**

Christopher W. Thompson
Gallagher & Kennedy
2575 East Camelback Rd.
Phoenix, AZ 85016

**Re:    Request to Identify Down-Designated Materials Safe to Access for Trial Preparation**

Dear Chris:

Thank you for your letter dated December 11, 2020, in which you describe an approach by which FamilyCare can review the majority of documents that Optumas has down-designated without accessing allegedly sensitive commercial information of Trillium, PacificSource, Cascade, Umpqua, Western Oregon Advanced Health, and Yamhill (the "Objecting CCOs").[1] Although none of the Objecting CCOs has yet identified a single document at issue that contains materials they believe warrant protection (indeed most if not all have not even reviewed a single document), and none has otherwise articulated any colorable basis in law or fact for AEO protection, we will nevertheless follow the approach you suggest by implanting the steps discussed below to make available to our client for review certain of the Optumas down-designated documents while continuing to set aside those documents you identify as potentially implicating information the Objecting CCOs might potentially consider to be commercially sensitive.  We are cc'ing this letter to counsel for the Objecting CCOs so that they are aware.

To briefly recap our understanding, Optumas initially categorized the substantial majority of documents for which FamilyCare has requested down-designation into four different categories: (1) down-designate to confidential; (2) Remain AEO—Bill Murray OK to access, no CCO approval required; (3) Remain AEO—Bill Murray OK from Optumas, but CCO approval required; and (4) AEO—Remain AEO. Based on that review, Optumas placed into "Category 3" documents that Optumas determined may contain various kinds of information that Optumas believed CCOs *may* consider commercially sensitive, and Optumas placed into Categories 1 and 2 documents that Optumas determined did not contain such information.  Accordingly, we intend

---

[1] Yamhill has not objected to down-designation but rather has chosen to not respond one way or another.

Exhibit 9
Page 4 of 9

Christopher W. Thompson
December 18, 2020
Page 2

to make the "Category 1" and "Category 2" documents available for review by FamilyCare personnel. We also intend to make available for review those documents in Category 3 (and in the smaller subset of 500 uncategorized documents) that our searches indicate do not contain any of the Optumas naming conventions for any Objecting CCO, as described further below.[2]

For the "Category 3" documents, we have run searches using the CCO-specific naming conventions that you described in your December 11 letter. Those searches revealed that 1,139 "Category 3" documents contain one or more of the naming conventions corresponding to an Objecting CCO. Notably, most of the 1,139 documents contain hits for more than one Objecting CCO, suggesting that they are unlikely to contain the specific types of information you identified on page 2 of your letter. We also do not believe that all such information could even arguably be considered commercially sensitive—a CCO's risk scores and reimbursement analysis, for example, hardly constitute the stuff of trade secrets. Moreover, a review of a sample of the documents with hits from more than one CCO shows that the significant majority contain no information that a CCO could colorably claim warrants AEO protection—something the Objecting CCOs would likely conclude themselves if they ever bothered to review the documents. Nevertheless, we will continue to withhold these 1,139 documents from review by FamilyCare personnel while making available for review to our client the remaining Category 3 documents that do not contain any of the naming conventions specific to the Objecting CCOs.

Finally, your letter mentioned a group of documents for which Optumas did not apply the four-category categorization described above. We understand that Optumas has not made a determination that any of these documents contain information that a CCO may consider to be commercially sensitive. Nonetheless, for these documents, we will follow the same procedure described above regarding the Category 3 documents—namely, we have searched these "uncategorized" documents using the naming conventions specific to the Objecting CCOs; we will continue to hold back from review any documents containing hits on search terms specific to the Objecting CCOs; and we will release the remainder of the "uncategorized" documents for client review.

FamilyCare appreciates Optumas's efforts to work with FamilyCare and attempt to reach reasonable solutions to this long-running dispute. It is our intention, and we believe, that the plan outlined above is consistent with the approach and information conveyed in your December 11 letter. Accordingly, we intend to release documents specified above for review by our client on Tuesday, December 22. And now that we have this additional information from Optumas

---

[2] Of course, FamilyCare will separately abide by Optumas's "AEO remains AEO" designations and will not provide these documents to FamilyCare personnel until and unless Optumas and FamilyCare separately negotiate access to these documents or the Court orders them down-designated.

Perkins Coie LLP

Exhibit 9
Page 5 of 9

Christopher W. Thompson
December 18, 2020
Page 3


regarding the documents for which FamilyCare requested down-designation, we intend to
proceed with the motion to down-designate those documents that remain at issue.

Very truly yours,

Matthew P. Gordon

MPG:mjm

cc:     Harry Wilson, counsel for OHA
        Jeff Hern, counsel for TCHP
        Anna Sortun, counsel for CHA, WOAH, and UHA
        Matthew Yium, counsel for PCS
        Peter Stoloff, counsel for Yamhill

Perkins Coie LLP

Exhibit 9
Page 6 of 9



**Christopher W. Thompson**
Attorney
Direct: (602) 530-8393
Email: chris.thompson@gknet.com

December 11, 2020

**VIA E-MAIL**

Matthew P. Gordon MGordon@perkinscoie.com
Perkins Coie, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099

  Re: **Request to Identify Down-Designated Materials Safe to Access for Trial Preparation**

Dear Matt:

  FamilyCare has requested Optumas to provide a list of documents that should be safe for FamilyCare to review without accessing potentially sensitive commercial information of Trillium, PacificSource, Cascade, Umpqua, Western Oregon Advanced Health, and Yamhill ("Objecting CCOs").

  Having considered FamilyCare's request, Optumas believes that a majority of the down-designated materials can be reviewed by FamilyCare without accessing information the Objecting CCOs contend is commercially sensitive. I will explain further below, but essentially, where Optumas work-product was specific to a CCO and/or required use of a CCO's identifiable information, any analyses or models incorporated a CCO identifier following naming conventions applied by Optumas. The naming conventions utilized for the Objecting CCOs are as follows:

**PacificSource Community Solutions, Inc. (Central) & (Gorge)**
- PacificSource
- Pac Central
- Pac Gorge
- PACS
- PACSC
- PACSG

**Trillium Community Health Plan, Inc.**
- Trillium
- TCHP

**Cascade Health Alliance, LLC**
- Cascade
- Cascade Health Alliance, LLC

2575 East Camelback Road  |  Phoenix, Arizona 85016-9225  |  P: 602-530-8000  |  F: 602-530-8500  |  www.gknet.com

Exhibit 9
Page 7 of 9

Matt Gordon
December 11, 2020
Page 2

- Cascade Health Alliance
- CHA

**DCIPA, LLC. Abn Umpqua Health Alliance**
- Umpqua
- Umpqua Health Alliance
- UHA
- DCIPA, LLC. Abn Umpqua Health Alliance
- DCIPA

**Western Oregon Advanced Health**
- Western Oregon Advanced Health
- WOAH
- Advanced Health
- ADH

- **Yamhill Community Care**
- YCCO
- Yamhill Community Care
- Yamhill County Care Organization
- Yamhill County Health
- Yamhill

A search of those terms would return Optumas work-product that identify individual CCO information. However, a search of those terms should not be necessary across the entire universe of documents that Optumas marked for down-designation. As part of Optumas' initial review of documents related to FamilyCare's February 2019 request for down-designation, it separated documents for potential down-designation into four categories. The four categories were 1) down-designate to confidential; 2) Remain AEO –Bill Murray OK to access, no CCO approval; 3) Remain AEO –Bill Murray OK from Optumas, but CCO approval; and 4) AEO –Remain AEO.

Based on Optumas' review of the records and good faith effort to identify documents containing analyses of specific CCO information that might be considered commercially sensitive, Optumas marked approximately 1800 documents as "Remain AEO –Bill Murray OK from Optumas, but CCO approval." Documents were marked with the "but CCO approval" if the document concerned: a CCO's base data models, a CCO's specific service models, a CCO's risk scores, a CCO's payment rate model, a CCO's reimbursement analysis, pharmacy analyses of a CCO's RX trends, CCO's rate of growth, and certain Optumas models concerning CCO triangulation analyses. Those types of Optumas' work-product contained any specific and identifiable CCO information that might be considered commercially sensitive. Moreover, that

G|K

Exhibit 9
Page 8 of 9

Matt Gordon
December 11, 2020
Page 3

work-product also included the aforementioned CCO naming conventions in the file name and/or specific excel work-sheets.

Documents in the other categories do not concern individual, identifiable CCO information that appear to be of a potentially sensitive commercial nature. Some of those documents include regional analyses and/or models that are summaries of regional information. By nature, they do not identify or attribute individual specific CCO information. While it might be theoretically possible to extrapolate and identify individual data points attributable to a specific CCO, such a task would require significant time, effort, and technical expertise.

In short, if FamilyCare utilizes Optumas' naming conventions to search the documents previously marked with "but CCO approval," as well as the additional 500 documents down-designated pursuant to FamilyCare's June 2020 request, then FamilyCare can readily identify materials that should not be accessed by its employees until there is a resolution with the Objecting CCOs. This would then permit FamilyCare to continue on with its trial preparation needs without prejudicing the position of the CCOs concerning documents that pertain to their information. With respect to documents implicating the Objecting CCO's information, Optumas' withdrawal of its prior down-designation remains conditioned on a mutual agreement between FamilyCare and the CCO's concerning the terms of any permissible access or resolution by the Court.

Although Optumas cannot guarantee the proposed search will identify each and every CCO-specific file without going back through each file individually, having reviewed all of these materials on multiple occasions, this is a reasonable and targeted approach. It avoids the need for each CCO to review every document, including those that do not pertain to them at all. It should also allow FamilyCare and the CCOs to target and reduce the number of records that might contain commercially sensitive information. If the CCOs do not agree with this approach, the only less burdensome method than conducting an entire document by document review, would involve running a search of the naming conventions for the Objecting CCOs through the other three categories and providing a sample set for the individual CCOs to review to assure themselves that the other categories of documents do not contain information that they contend is commercially sensitive.

Very truly yours,

GALLAGHER & KENNEDY, P.A.

By:
   Christopher W. Thompson

CWT:gk
Cc: Jeff Hern, Matthew Yium, Anna Sortun, Harry Wilson.
8357924v1/28355-0001



Exhibit 9
Page 9 of 9