

November 10, 2017

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Stephen F. English
Matthew P. Gordon
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Matthew A. Levin
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

RE:    Trillium Designations Pursuant to Protective Order
       *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:  126360-229340

Dear Counsel:

With respect to the above-referenced matter, this office hereby provides Trillium Community Health Plan, Inc.'s ("Trillium") response to and designations of confidential and protected documents and information in accordance with the Discovery Order entered October 27, 2017 (the "Discovery Order") and the Protective Order entered November 1, 2017 (the "Protective Order").  Attached hereto are summaries of Trillium's positions on these matters.  Specifically, we used and completed the worksheet previously provided by Oregon Health Authority's ("OHA") counsel with thirteen categories of documents and information.  We added a fourteenth category for OHA or Optumas documents that incorporate or contain confidential or protected information into new documents.  As you will see, the attachments indicate primarily which documents or categories of documents should be not be produced because they do not relate to rate setting process, and which, if produced over Trillium's objections or otherwise, should be designated and marked as "Attorneys Eyes Only" ("AEO") under the terms of the Protective Order.

Even though it has provided this information, Trillium maintains its prior positions that the documents and information within these categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims and due to their confidential, proprietary, and trade secret status and nature.  Trillium, without waiver, is

**EXHIBIT A**
**Page 1 of 8**

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 2

merely responding to and complying with the Discovery Order and the Protective Order at this time.

Trillium also does not know how OHA may have copied or transferred the confidential or protected information contained in its documents, or whether OHA created any new documents or materials containing such information.  Therefore, Trillium requests any such copies, transferred information, or new documents, only be produced if designated and marked as AEO. Trillium is willing and available to work with OHA to facilitate discovery and answer any questions.

In addition, Trillium requests that OHA designate the following additional documents and categories of documents as AEO:

- Any documents, communications, datasets, and the like that include Personal Health Information (PHI), including but not limited to enrollment details and member level risk scores, for Trillium's past and present members.

- Any documents, communications, datasets, and the like that include Trillium's claim level details, regardless of format or source, including all Trillium 837, APAC (All Payer All Claims), supplemental, and any other formats of encounter data.

- All documents, communications, datasets, and the like relating to Trillium, that have been or require transfer between parties via a secure file transfer (SFTP).

- All documents, communications, datasets, and the like relating to Trillium, that have been sent or received via secure email.

- All documents, communications, datasets, and the like that include Trillium's description of payment arrangements, contracted entity names, transformation/innovation projects, and/or internal policies (including without limitation provider names for all inpatient and outpatient analyses for DRG hospitals).

- All documents, communications, datasets, and the like that include Trillium's specific units of encounter or service types, unit costs, and/or provider names, including, without limitation, the masked portions of any Tri-County Regional Rate Model.

- All documents, communications, datasets, and the like that include any form of Trillium's specific breakout of payment types, including but not limited to fee-for-service, sub-capitation, incentive, and/or other payment arrangements.

- All documents, communications, datasets, and the like related to Trillium's base data and/or financial reconciliations and triangulation.

schwabe.com

Stephen F. English
Dallas DeLuca
November 10, 2017
Page 3

- All documents, communications, datasets, and the like that include Trillium's specific utilization patterns/rates, inclusive of Trillium's specific case rate models for maternity and bariatric case rates.

- All documents, communications, datasets, printouts, and the like that were provided and/or displayed during Trillium's specific rate setting meetings.

- All documents, communications, datasets, and the like generated and provided by the Trillium's consulting actuaries, inclusive of all documents on the actuary's letterhead.

Trillium also requests that the following documents be listed as confidential:

- All other documents, communications, datasets, and the like that were provided during Trillium's specific rate setting meetings that do not fall under the AEO designations above.

Please let us know if you should have any questions or concerns in these regards. Again, Trillium remains willing and available to assist or answer questions regarding any document production in this case. Thank you for your time and attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:     Renee Stineman (*w/Attachments, via e-mail*)
        Elleanor Chin (*w/Attachments, via e-mail*)
        Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\21672041.1

schwabe.com

**Trillium Community Health Plan, Inc.'s Response and Designations
Pursuant to Discovery Order and Protective Order**

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

------------------------------------------------------------------------------------------------------------------------

| Description of Information | DO NOT PRODUCE[1] | Produce Only if Subject to Amended Stipulated Protective Order | Comments |
|---|---|---|---|
| 1.  CCO Rate of Growth Tool | | Designate and mark as "Attorney Eyes Only" ("AEO") | |
| 2. Exhibit L - All | | Designate and mark as AEO pursuant to attached spreadsheet. | Some already in public. |
| 3. Supplement Rate Templates | | Designate and mark as AEO. | |
| 4. Claims and Encounter Data Submissions to the State | | Designate and mark as AEO. | |
| 5.  State Enrollment Data Including Premius Paid | | Designate and mark as AEO. | Some already in public. |
| 6.  MLR Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |

[1] Consistent with its prior positions, Trillium maintains that the documents and information within these thirteen categories should not be discoverable and should not have to be disclosed based on, *inter alia*, their lack of relevance to FamilyCare's claims in this action and due to their confidential, proprietary, and trade secret status and nature.  Trillium asserts—but will not repeat and restate in this column—this position.

==========================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order        11/10/2017
(CONFIDENTIAL)

## Trillium Community Health Plan, Inc.'s Response and Designations
## Pursuant to Discovery Order and Protective Order

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

-------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| 7.  Audited Financials | Do not produce – not related to rate setting process and publicly available. | If produced over Trillium's objections, designate and mark as AEO. | Already in public.  Category excluded in Court's 10/27/17 Discovery Order. |
| 8. Actuarial Opinions | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Category excluded in Court's 10/27/17 Discovery Order. |
| 9. SNRG Reconciliation | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | Portion of category excluded in Court's 10/27/17 Discovery Order. |
| 10. SB 231 Primary Care Template | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 11. Any records or detail data that would identify prescription drug prices or rates | Do not produce – not related to rate setting process. | If produced over Trillium's objections, designate and mark as AEO. | |
| 12. Any records or detail data that would expose encounters, rates, or contractual agreements with physicians, hospitals, or any other providers | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |
| 13. Supplemental correspondence and exchanges between Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

=================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order     11/10/2017
(CONFIDENTIAL)

**Trillium Community Health Plan, Inc.'s Response and Designations**
**Pursuant to Discovery Order and Protective Order**

## OHA WORKSHEET

*FamilyCare, Inc. v. Oregon Health Authority*, State of Oregon, Marion County Circuit Court, Case No. 17-cv-09226

----------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| and OHA or its actuary related to the above categories | | | |
| 14. OHA/Optumas documents that include, incorporate, or comment on the above categories and are specific to or concern Trillium | Do not produce if not related to rate setting process. | If produced, designate and mark as AEO. | |

==================================================================================================

Trillium's Response to OHA's Worksheet and Provisions of Protective Order (CONFIDENTIAL)

11/10/2017

Attachment
Page 3 of 5
EXHIBIT A
Page 6 of 8

**TRILLIUM'S RESPONSE AND DESIGNATIONS**
**EXHIBIT L**
*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Exhibit L Financial Reporting Template | | | Designation/Notes |
|---|---|---|---|
| Instructions | | + | |
| L1 | General Information and Certification | + | |
| L2 | Members approaching or surpassing stop-loss deductible | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3 | Restricted Reserves | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.1 | Secondary Reserve Requirement Based on Enrollment Data | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.2 | Secondary Reserve Requirement Based on Historical Expenses | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L3.3 | Adjusted and Unadjusted Medical Loss Ratios | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L4 | Key Financial Indicators | * | Public |
| L5 | Quarterly Balance Sheet of Corporate Activity | * | Public |
| L6 Guidance | Quarterly Statement of Revenues and Expenses - Guidance | + | |
| L6 Corp | Quarterly Statement of Revenues, Expenses, and Changes in Net Assets - Corporate Total | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6 OHP | Quarterly Statement of Revenues & Expenses - OHP Line of Business | * | Portions are public - all portions not already public should be designated and marked AEO |
| L6.1 Guidance | Quarterly Statement of Administrative and other Non-Benefit Costs - Guidance | + | |
| L6.1 OHP | Quarterly Statement of Administrative and other Non-Benefit Costs - OHP Line of Business | * | Designate and mark AEO |
| L6.2 OHP | Flexible Expenses - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.3 OHP | Case Management - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L6.4 OHP | Case Management Breakdown - OHP Line of Business | | Designate and mark AEO - carried a different report nubmer in prior years |
| L7 | Cash Flow Analysis Corporate Activity/Indirect Method | * | Public |
| L8 Guidance | Corporate Relationship of Contractors | + | |
| L8 | Corporate Relationship of Contractors | | Designate and mark AEO |
| L9 | Audited Annual Balance Sheet of Corporate Activity | | Designate and mark AEO |
| L10 | Audited Annual Statement of Revenues, Expenses, & Changes in Net Assets | | Designate and mark AEO |
| L11 Guidance | Disclosure of Compensation - Where to Report - Guidance | + | |
| L11 | Disclosure of Compensation | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| L12-L19 | Rate Setting Overview | + | |
| Report L6.3 | Non-Benefit Case Management Services | | Designate and mark AEO |
| Report L12 | Enrollment Validation | | Designate and mark AEO |
| Report L13 | Medical Costs | | Designate and mark AEO |
| Report L14 | IBNR | | Designate and mark AEO |
| Report L15 | Sub-Capitation | | Designate and mark AEO |
| Report L16 | Breakdown of all Alternative Payment Arrangements by Provider | | Designate and mark AEO |
| Report L17 | Incentive Programs | | Designate and mark AEO |
| Report L17.1 | Quality Pool Payment Breakdown | | Designate and mark AEO |
| Report L17.2 | Other Incentive Payment Breakdown | | Designate and mark AEO |
| Report L18 | Other Payment Arrangements | | Designate and mark AEO |
| Report L18.1 | Other Payments Breakdown | | Designate and mark AEO |
| Report L19 | Financial Overview and Reconciliation of Costs | | Designate and mark AEO |
| Scratch Sheet | Additional Informtion that didn't fit anywhere else | | Designate and mark AEO |

Key
+    Not Proprietary/Confidential
*    Appears on OHA Website

| SB 231 PrimaryCare Template | | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Overview | | + | |
| Report 1a | Commercial Member Months/Commercial Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1b | Medicaid Coordinated Care Member Months/ Medicaid Coordinated Care Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1C | State of Oregon PEBB and OEBB Member Months/PEBB and OEBB Non Claims-Based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 1D | Medicare Member Months/ Medicare Non Claims-based Expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

(CONFIDENTIAL)

**Attachment**
**Page 4 of 5**
**EXHIBIT A**
**Page 7 of 8**

**TRILLIUM'S RESPONSE AND DESIGNATIONS**
**EXHIBIT L**
*FamilyCare, Inc. v. Oregon Health Authority*, Marion County Circuit Court, Case No. 17-cv-09226

| Report 1 Summary | Summary of Reports 1a-1d | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|---|
| Report 2 | Explanation of non claims-based expenditures | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 3 | FFS Data Issues | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Report 4 | Certification | + | |
| Scratch Sheet | | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

Key
+                Not Proprietary/Confidential

| Medical Loss Ratio Rebate Template | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
|---|---|---|
| 2017 MLR Rebate | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |
| Scratch sheet | | Do not produce - not related to rate setting process.  If produced, designate and mark as AEO |

(CONFIDENTIAL)

**Attachment**
**Page 5 of 5**
**EXHIBIT A**
**Page 8 of 8**



January 19, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL**

Brian P. Samuelson
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

Dallas DeLuca
Markowitz Herbold PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730

Hanna H. Porter
Gallagher & Kennedy
2575 East Camelback Road, Suite 1100
Phoenix, AZ  85016-9225

RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       Marion County Circuit Court Case No. 17CV09226
       Our File No.:  126360-229340

Dear Counsel:

This law firms represents Trillium Community Health Plan, Inc. ("Trillium").  We recently received plaintiff FamilyCare Inc.'s Fifth Set of Requests for Production of Documents to defendant Oregon Health Authority ("OHA").  We also understand that certain Optumas documents responsive to prior requests are now planned for production and that FamilyCare seeks to serve, or has already served, subpoenas on third parties.  To the extent they are implicated in any forthcoming (or past) productions, and pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017, Trillium identifies as "Confidential" or "Attorneys' Eyes Only" the same documents and categories of documents and information previously identified to all parties on November 10, 2017.  Enclosed is a copy of Trillium's designations.

Additionally, to the extent OHA, Optumas, or any others have taken content of documents Trillium has designated as "Confidential" or "Attorneys' Eyes Only" and incorporated in any way that content into new documents, Trillium designates those new documents as "Confidential" or "Attorneys' Eyes Only" according to the designations of the original document or content.

**EXHIBIT B**
**Page 1 of 2**

Brian P. Samuelson
Dallas DeLuca
Hanna H. Porter
January 19, 2018
Page 2

If you should have any questions, please do not hesitate to contact us.  Thank you for your cooperation in these regards.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
Attachment

cc:     Harry Wilson (*w/Attachments, via e-mail*)
        Laura Salerno Owens (*w/Attachments, via e-mail*)
        CCO Counsel (*w/Attachments, via e-mail*)
        Joel Parker (*w/Attachments, via e-mail*)

PDX\126360\229340\JED\22215487.1

**EXHIBIT B**
**Page 2 of 2**



May 24, 2018

**Jeffrey D. Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

**VIA E-MAIL: ELLEANOR.CHIN@DOJ.STATE.OR.US**

Elleanor Chin and Matt Levin
DOJ Trial Division Civil Litigation Section
100 SW Market Street
Portland, Oregon 97201

RE:    Trillium's Review of AEO Documents
       *FamilyCare, Inc. v. Oregon Health Authority*, U.S.D.C. District of Oregon
       (Eugene Division), Case No. 6:18-cv-00296-MO
       *Allen v. FamilyCare, Inc.*, U.S.D.C. District of Oregon (Portland Division), Case
       No. 3:18-cv-00212-MO
       Our File No.: 126360-229340

Dear Elleanor:

On behalf of Trillium Community Health Plan, Inc. ("Trillium"), we write to update you regarding Trillium's review of documents designated by the Oregon Health Authority ("OHA") as Attorney Eyes Only ("AEO") pursuant to the State Court Protective Order entered November 1, 2017 (the "Protective Order"). Trillium has undertaken considerable efforts to assist OHA by, *inter alia*, reviewing every actual AEO document that it has received from OHA (~1,085 documents) and FamilyCare (~55 documents) and identifying any mis-designated AEO documents, as well as any AEO documents for which it will agree to a down-designation. In anticipation of the May 25, 2018 status report to Judge Mosman, below is a summary of the review process undertaken and determinations made by Trillium. As explained below, this process remains ongoing to some extent.

Despite making certain determinations as set forth herein, Trillium reserves its rights, without waiver, to assert any grounds for challenging whether Trillium-related documents and information should be discoverable in this litigation (particularly due to their lack of relevance to the claims at issue), as well as protecting its (including related entities) confidential, proprietary, commercially sensitive, and trade secret documents and information in this litigation or other proceedings or matters.

1.     **Trillium's Review of the 1,085 "Trillium-Specific" Documents Received from OHA.**

In April 2018, OHA provided a set of 1,085 "Trillium-specific" documents that OHA had designated as AEO. Per an agreed-upon protocol, Trillium's outside counsel first reviewed and "screened" those documents and determined that 609 were truly "Trillium-specific," *i.e.*, did not

**EXHIBIT C**
**Page 1 of 16**

Elleanor Chin and Matt Levin
May 24, 2018
Page 2

include potentially confidential or proprietary information pertaining to other Coordinated Care Organizations ("CCOs").[1]  The "Trillium-specific" documents identified by Trillium's outside counsel were then reviewed by certain Trillium employees.  Of the 609 documents that Trillium reviewed, it was determined that:  375 should remain designated AEO; 104 may be down-designed to "Confidential"; and 130 may be down-designated to "Non-Confidential."  These Trillium determinations are reflected in "Exhibit A" to this letter.

### 2.    Three Trillium-Related Documents that FamilyCare Challenged Through a Conferral.

In mid-April 2018, FamilyCare *first* provided Trillium with *actual* documents for which it challenged the AEO designations of Trillium-related documents.  Trillium promptly examined and responded to FamilyCare through this conferral.  Notably, this is the conferral process contemplated by the Protective Order.  Trillium ultimately notified OHA and FamilyCare that it would agree to down-designate the three documents to a Confidential designation.  The following summarizes the decisions resulting from that conferral process.

| *Beginning Bates No.* | *Confidentiality* |
|---|---|
| OHA_LIT_00233245 | Confidential |
| OHA_LIT_00233978 | Confidential |
| OHA_LIT_00233691 | Confidential |

### 3.    FamilyCare's Five-Page Chart Identifying and Generally Describing 52 Documents for Which It Sought to Challenge the AEO Designations.

On or around April 16, 2018, FamilyCare sent Trillium (and other CCOs) a five-page chart identifying and generally describing 52 documents for which FamilyCare challenged the AEO designations.[2]  Given that each CCO appears to have received the same chart, it has been presumed such documents may contain multiple CCOs' confidential and proprietary information.  In any event,   FamilyCare *first* provided Trillium with copies of the *actual* documents referenced in this chart on May 23, 2018 – just three days ago.  Trillium's outside counsel has started its review of these 52 "multi-CCO" AEO documents and has identified some that might be downgraded.  Trillium's outside counsel will continue reviewing these documents, but it

---

[1] Of the 1,085 documents that OHA provided to Trillium, 113 pertain to Trillium Family Services, which is a mental and behavioral healthcare provider that has no affiliation with Trillium Community Health Plan, Inc.  Trillium is unable to assess the confidentiality of Trillium Family Services' information and, accordingly, did not review these documents.

[2] FamilyCare sent Trillium a five-page chart with 45 entries describing why, in FamilyCare's opinion, the referenced documents are over-designated as AEO.  Because several of these entries refer to multiple documents, there are 45 chart entries and 52 documents.

EXHIBIT C
Page 2 of 16

Elleanor Chin and Matt Levin
May 24, 2018
Page 3

ultimately may require some input from its client, Trillium, in order to make final
determinations.

**4.      Trillium's Revised Confidentiality Designations.**

On November 10, 2017, Trillium sent FamilyCare a letter designating confidential and protected
documents and information in accordance with the Discovery Order entered October 27, 2017,
and the Protective Order.  This letter enclosed a worksheet identifying fourteen categories of
documents and information which, if produced, Trillium believes should be designated and
marked as AEO.  Trillium revisited its AEO designations following its review of the documents
recently provided by OHA and will agree that "State Enrollment Data Including Premiums Paid"
may be treated as "Confidential."

**5.      Review of Multi-CCO Documents from OHA.**

Finally, Trillium understands that, based on a protocol circulated by Health Share's counsel in a
letter dated April 26, 2018,  OHA is conducting a review of the AEO designations of numerous
"multi-CCO" documents.  Trillium further understands that, based on the protocol, OHA will
perform an initial review of these documents, tagging each document with: (a) proposed down
designations; and (b) the names of the CCOs discussed in the document.  Then, outside counsel
for each CCO will review the documents OHA flagged for their client, and will assess whether
those documents may be down-designated and also assess the propriety of OHA's proposed
down-designations.  Some down-designations will be immediately acceptable by outside
counsel.  For other documents, client input will be necessary.  For the documents that require
client input, a process is in place to ensure that the CCOs' proprietary information is not shared
with the other CCOs.  To date, neither Trillium nor its outside counsel has received any of these
multi-CCO documents from OHA.  Trillium, therefore, is unable to make any determinations
regarding these documents at this time.

As mentioned, please incorporate this information, as appropriate, into any status report to the
Court due tomorrow.  Please let us know in the interim if you should have any questions or
concerns.  Thank you for your assistance and cooperation.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey D. Hern

JED:dks
cc:     Thomas R. Johnson (*w/attachment, via email*)
        Alletta Brenner (*w/attachment, via email*)
        Joel Parker (*w/attachment, via email*)

**EXHIBIT C**
**Page 3 of 16**

| Doc ID Beg | Doc ID End | Confidentiality |
|---|---|---|
| OHA_LIT_00233474 | OHA_LIT_00233475 | Confidential |
| OHA_LIT_00233691 | OHA_LIT_00233694 | Confidential |
| OHA_LIT_00233718 | OHA_LIT_00233718 | ATTORNEYS EYES ONLY |
| OHA_LIT_00233735 | OHA_LIT_00233735 | ATTORNEYS EYES ONLY |
| OHA_LIT_00234052 | OHA_LIT_00234052 | Confidential |
| OHA_LIT_00235765 | OHA_LIT_00235775 | ATTORNEYS EYES ONLY |
| OHA_LIT_00236306 | OHA_LIT_00236307 | Confidential |
| OHA_LIT_00236848 | OHA_LIT_00236850 | ATTORNEYS EYES ONLY |
| OHA_LIT_00236851 | OHA_LIT_00236852 | Confidential |
| OHA_LIT_00236853 | OHA_LIT_00236853 | Confidential |
| OHA_LIT_00236854 | OHA_LIT_00236854 | Confidential |
| OHA_LIT_00237388 | OHA_LIT_00237390 | Confidential |
| OHA_LIT_00238254 | OHA_LIT_00238262 | ATTORNEYS EYES ONLY |
| OHA_LIT_00239536 | OHA_LIT_00239536 | Confidential |
| OHA_LIT_00240341 | OHA_LIT_00240409 | Non-Confidential |
| OHA_LIT_00240703 | OHA_LIT_00240704 | Confidential |
| OHA_LIT_00240767 | OHA_LIT_00240770 | ATTORNEYS EYES ONLY |
| OHA_LIT_00241135 | OHA_LIT_00241136 | ATTORNEYS EYES ONLY |
| OHA_LIT_00243024 | OHA_LIT_00243094 | Non-Confidential |
| OHA_LIT_00245209 | OHA_LIT_00245213 | ATTORNEYS EYES ONLY |
| OHA_LIT_00245220 | OHA_LIT_00245223 | ATTORNEYS EYES ONLY |
| OHA_LIT_00246006 | OHA_LIT_00246007 | ATTORNEYS EYES ONLY |
| OHA_LIT_00249673 | OHA_LIT_00249678 | ATTORNEYS EYES ONLY |
| OHA_LIT_00252115 | OHA_LIT_00252183 | Non-Confidential |
| OHA_LIT_00252555 | OHA_LIT_00252556 | Confidential |
| OHA_LIT_00252709 | OHA_LIT_00252713 | ATTORNEYS EYES ONLY |
| OHA_LIT_00252714 | OHA_LIT_00252717 | ATTORNEYS EYES ONLY |
| OHA_LIT_00254947 | OHA_LIT_00255017 | Non-Confidential |
| OHA_LIT_00255718 | OHA_LIT_00255718 | Confidential |
| OHA_LIT_00260450 | OHA_LIT_00260464 | Non-Confidential |
| OHA_LIT_00260706 | OHA_LIT_00260720 | Non-Confidential |
| OHA_LIT_00260938 | OHA_LIT_00260950 | Non-Confidential |
| OHA_LIT_00261162 | OHA_LIT_00261174 | Non-Confidential |
| OHA_LIT_00261386 | OHA_LIT_00261398 | Non-Confidential |
| OHA_LIT_00261841 | OHA_LIT_00261911 | Non-Confidential |
| OHA_LIT_00262941 | OHA_LIT_00262943 | ATTORNEYS EYES ONLY |
| OHA_LIT_00262966 | OHA_LIT_00262968 | ATTORNEYS EYES ONLY |
| OHA_LIT_00262973 | OHA_LIT_00262974 | ATTORNEYS EYES ONLY |
| OHA_LIT_00263386 | OHA_LIT_00263386 | ATTORNEYS EYES ONLY |
| OHA_LIT_00265075 | OHA_LIT_00265088 | ATTORNEYS EYES ONLY |
| OHA_LIT_00266089 | OHA_LIT_00266094 | ATTORNEYS EYES ONLY |
| OHA_LIT_00266333 | OHA_LIT_00266336 | ATTORNEYS EYES ONLY |
| OHA_LIT_00266396 | OHA_LIT_00266399 | ATTORNEYS EYES ONLY |
| OHA_LIT_00266401 | OHA_LIT_00266404 | ATTORNEYS EYES ONLY |
| OHA_LIT_00267415 | OHA_LIT_00267475 | Non-Confidential |
| OHA_LIT_00268536 | OHA_LIT_00268539 | ATTORNEYS EYES ONLY |

| | | |
|---|---|---|
| OHA_LIT_00269178 | OHA_LIT_00269178 | ATTORNEYS EYES ONLY |
| OHA_LIT_00270108 | OHA_LIT_00270111 | ATTORNEYS EYES ONLY |
| OHA_LIT_00270203 | OHA_LIT_00270204 | ATTORNEYS EYES ONLY |
| OHA_LIT_00270807 | OHA_LIT_00270810 | ATTORNEYS EYES ONLY |
| OHA_LIT_00271063 | OHA_LIT_00271063 | ATTORNEYS EYES ONLY |
| OHA_LIT_00271168 | OHA_LIT_00271168 | ATTORNEYS EYES ONLY |
| OHA_LIT_00271173 | OHA_LIT_00271173 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273374 | OHA_LIT_00273376 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273412 | OHA_LIT_00273413 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273414 | OHA_LIT_00273416 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273419 | OHA_LIT_00273422 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273440 | OHA_LIT_00273443 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273444 | OHA_LIT_00273448 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273464 | OHA_LIT_00273467 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273470 | OHA_LIT_00273472 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273474 | OHA_LIT_00273476 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273479 | OHA_LIT_00273481 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273483 | OHA_LIT_00273485 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273627 | OHA_LIT_00273629 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273650 | OHA_LIT_00273650 | Non-Confidential |
| OHA_LIT_00273763 | OHA_LIT_00273764 | ATTORNEYS EYES ONLY |
| OHA_LIT_00273990 | OHA_LIT_00273990 | Confidential |
| OHA_LIT_00274323 | OHA_LIT_00274325 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274355 | OHA_LIT_00274357 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274535 | OHA_LIT_00274538 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274613 | OHA_LIT_00274615 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274616 | OHA_LIT_00274618 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274633 | OHA_LIT_00274635 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274650 | OHA_LIT_00274652 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274757 | OHA_LIT_00274759 | ATTORNEYS EYES ONLY |
| OHA_LIT_00274760 | OHA_LIT_00274761 | ATTORNEYS EYES ONLY |
| OHA_LIT_00275541 | OHA_LIT_00275601 | Non-Confidential |
| OHA_LIT_00275849 | OHA_LIT_00275857 | Confidential |
| OHA_LIT_00276463 | OHA_LIT_00276523 | Non-Confidential |
| OHA_LIT_00277352 | OHA_LIT_00277360 | Confidential |
| OHA_LIT_00277540 | OHA_LIT_00277548 | Confidential |
| OHA_LIT_00277644 | OHA_LIT_00277647 | ATTORNEYS EYES ONLY |
| OHA_LIT_00277663 | OHA_LIT_00277663 | ATTORNEYS EYES ONLY |
| OHA_LIT_00278262 | OHA_LIT_00278332 | Non-Confidential |
| OHA_LIT_00278517 | OHA_LIT_00278520 | ATTORNEYS EYES ONLY |
| OHA_LIT_00281649 | OHA_LIT_00281652 | ATTORNEYS EYES ONLY |
| OHA_LIT_00281655 | OHA_LIT_00281658 | ATTORNEYS EYES ONLY |
| OHA_LIT_00281750 | OHA_LIT_00281753 | ATTORNEYS EYES ONLY |
| OHA_LIT_00281754 | OHA_LIT_00281757 | ATTORNEYS EYES ONLY |
| OHA_LIT_00283369 | OHA_LIT_00283437 | Non-Confidential |
| OHA_LIT_00283832 | OHA_LIT_00283846 | Non-Confidential |
| OHA_LIT_00284088 | OHA_LIT_00284102 | Non-Confidential |

| | | |
|---|---|---|
| OHA_LIT_00284320 | OHA_LIT_00284332 | Non-Confidential |
| OHA_LIT_00284544 | OHA_LIT_00284556 | Non-Confidential |
| OHA_LIT_00284768 | OHA_LIT_00284780 | Non-Confidential |
| OHA_LIT_00285670 | OHA_LIT_00285738 | Non-Confidential |
| OHA_LIT_00287745 | OHA_LIT_00287759 | Non-Confidential |
| OHA_LIT_00288065 | OHA_LIT_00288079 | Non-Confidential |
| OHA_LIT_00288353 | OHA_LIT_00288365 | Non-Confidential |
| OHA_LIT_00288633 | OHA_LIT_00288645 | Non-Confidential |
| OHA_LIT_00288913 | OHA_LIT_00288925 | Non-Confidential |
| OHA_LIT_00290189 | OHA_LIT_00290193 | Non-Confidential |
| OHA_LIT_00290349 | OHA_LIT_00290349 | Confidential |
| OHA_LIT_00290373 | OHA_LIT_00290373 | Confidential |
| OHA_LIT_00290807 | OHA_LIT_00290807 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291031 | OHA_LIT_00291034 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291409 | OHA_LIT_00291411 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291452 | OHA_LIT_00291454 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291482 | OHA_LIT_00291483 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291488 | OHA_LIT_00291490 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291498 | OHA_LIT_00291500 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291502 | OHA_LIT_00291504 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291511 | OHA_LIT_00291513 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291835 | OHA_LIT_00291836 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291837 | OHA_LIT_00291838 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292101 | OHA_LIT_00292103 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292223 | OHA_LIT_00292227 | Non-Confidential |
| OHA_LIT_00292313 | OHA_LIT_00292317 | Non-Confidential |
| OHA_LIT_00292459 | OHA_LIT_00292461 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292468 | OHA_LIT_00292470 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292483 | OHA_LIT_00292483 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292519 | OHA_LIT_00292519 | Confidential |
| OHA_LIT_00292527 | OHA_LIT_00292527 | Confidential |
| OHA_LIT_00292549 | OHA_LIT_00292549 | Confidential |
| OHA_LIT_00292563 | OHA_LIT_00292564 | ATTORNEYS EYES ONLY |
| OHA_LIT_00292565 | OHA_LIT_00292566 | ATTORNEYS EYES ONLY |
| OHA_LIT_00293418 | OHA_LIT_00293418 | ATTORNEYS EYES ONLY |
| OHA_LIT_00293700 | OHA_LIT_00293703 | ATTORNEYS EYES ONLY |
| OHA_LIT_00293705 | OHA_LIT_00293708 | ATTORNEYS EYES ONLY |
| OHA_LIT_00293736 | OHA_LIT_00293739 | ATTORNEYS EYES ONLY |
| OHA_LIT_00294135 | OHA_LIT_00294139 | Non-Confidential |
| OHA_LIT_00294961 | OHA_LIT_00294961 | Non-Confidential |
| OHA_LIT_00294999 | OHA_LIT_00294999 | Confidential |
| OHA_LIT_00295250 | OHA_LIT_00295252 | Confidential |
| OHA_LIT_00295255 | OHA_LIT_00295257 | Confidential |
| OHA_LIT_00295267 | OHA_LIT_00295267 | Confidential |
| OHA_LIT_00295278 | OHA_LIT_00295278 | Confidential |
| OHA_LIT_00295339 | OHA_LIT_00295339 | Confidential |
| OHA_LIT_00295672 | OHA_LIT_00295672 | Non-Confidential |

| | | |
|---|---|---|
| OHA_LIT_00295764 | OHA_LIT_00295768 | Non-Confidential |
| OHA_LIT_00295769 | OHA_LIT_00295773 | Non-Confidential |
| OHA_LIT_00296197 | OHA_LIT_00296201 | Non-Confidential |
| OHA_LIT_00296202 | OHA_LIT_00296206 | Non-Confidential |
| OHA_LIT_00296275 | OHA_LIT_00296279 | Non-Confidential |
| OHA_LIT_00296280 | OHA_LIT_00296284 | Non-Confidential |
| OHA_LIT_00296934 | OHA_LIT_00296936 | ATTORNEYS EYES ONLY |
| OHA_LIT_00296937 | OHA_LIT_00296938 | ATTORNEYS EYES ONLY |
| OHA_LIT_00297004 | OHA_LIT_00297005 | ATTORNEYS EYES ONLY |
| OHA_LIT_00297045 | OHA_LIT_00297045 | ATTORNEYS EYES ONLY |
| OHA_LIT_00297059 | OHA_LIT_00297060 | ATTORNEYS EYES ONLY |
| OHA_LIT_00297163 | OHA_LIT_00297165 | ATTORNEYS EYES ONLY |
| OHA_LIT_00297794 | OHA_LIT_00297796 | Confidential |
| OHA_LIT_00297906 | OHA_LIT_00297909 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298634 | OHA_LIT_00298635 | Non-Confidential |
| OHA_LIT_00298742 | OHA_LIT_00298743 | Non-Confidential |
| OHA_LIT_00298756 | OHA_LIT_00298757 | Non-Confidential |
| OHA_LIT_00299316 | OHA_LIT_00299316 | Confidential |
| OHA_LIT_00299334 | OHA_LIT_00299334 | Confidential |
| OHA_LIT_00299935 | OHA_LIT_00299936 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299938 | OHA_LIT_00299938 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299940 | OHA_LIT_00299940 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299973 | OHA_LIT_00299974 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299991 | OHA_LIT_00299991 | Confidential |
| OHA_LIT_00299992 | OHA_LIT_00299993 | Confidential |
| OHA_LIT_00299997 | OHA_LIT_00299997 | Confidential |
| OHA_LIT_00299998 | OHA_LIT_00299999 | Confidential |
| OHA_LIT_00300034 | OHA_LIT_00300034 | Confidential |
| OHA_LIT_00300035 | OHA_LIT_00300036 | Confidential |
| OHA_LIT_00300285 | OHA_LIT_00300299 | Non-Confidential |
| OHA_LIT_00300541 | OHA_LIT_00300555 | Non-Confidential |
| OHA_LIT_00300773 | OHA_LIT_00300785 | Non-Confidential |
| OHA_LIT_00300997 | OHA_LIT_00301009 | Non-Confidential |
| OHA_LIT_00301221 | OHA_LIT_00301233 | Non-Confidential |
| OHA_LIT_00301962 | OHA_LIT_00301963 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302425 | OHA_LIT_00302425 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302492 | OHA_LIT_00302492 | ATTORNEYS EYES ONLY |
| OHA_LIT_00304778 | OHA_LIT_00304778 | ATTORNEYS EYES ONLY |
| OHA_LIT_00304779 | OHA_LIT_00304782 | Confidential |
| OHA_LIT_00304783 | OHA_LIT_00304784 | ATTORNEYS EYES ONLY |
| OHA_LIT_00304786 | OHA_LIT_00304793 | ATTORNEYS EYES ONLY |
| OHA_LIT_00304898 | OHA_LIT_00304909 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305521 | OHA_LIT_00305532 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305677 | OHA_LIT_00305681 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306336 | OHA_LIT_00306347 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306400 | OHA_LIT_00306404 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306419 | OHA_LIT_00306422 | ATTORNEYS EYES ONLY |

| | | |
|---|---|---|
| OHA_LIT_00306589 | OHA_LIT_00306659 | Non-Confidential |
| OHA_LIT_00307163 | OHA_LIT_00307163 | Confidential |
| OHA_LIT_00474347 | OHA_LIT_00474645 | ATTORNEYS EYES ONLY |
| OHA_LIT_00474830 | OHA_LIT_00475121 | ATTORNEYS EYES ONLY |
| OHA_LIT_00475122 | OHA_LIT_00475203 | ATTORNEYS EYES ONLY |
| OHA_LIT_00475205 | OHA_LIT_00475498 | ATTORNEYS EYES ONLY |
| OHA_LIT_00475499 | OHA_LIT_00475502 | ATTORNEYS EYES ONLY |
| OHA_LIT_00475922 | OHA_LIT_00475992 | Confidential |
| OHA_LIT_00475993 | OHA_LIT_00476061 | Confidential |
| OHA_LIT_00478925 | OHA_LIT_00479007 | ATTORNEYS EYES ONLY |
| OHA_LIT_00479261 | OHA_LIT_00479552 | ATTORNEYS EYES ONLY |
| OHA_LIT_00491599 | OHA_LIT_00491669 | Non-Confidential |
| OHA_LIT_00493403 | OHA_LIT_00493473 | Non-Confidential |
| OHA_LIT_00501408 | OHA_LIT_00501437 | ATTORNEYS EYES ONLY |
| OHA_LIT_00502357 | OHA_LIT_00502369 | Non-Confidential |
| OHA_LIT_00502651 | OHA_LIT_00502665 | Non-Confidential |
| OHA_LIT_00502939 | OHA_LIT_00502951 | Non-Confidential |
| OHA_LIT_00503253 | OHA_LIT_00503267 | Non-Confidential |
| OHA_LIT_00504343 | OHA_LIT_00504357 | Non-Confidential |
| OHA_LIT_00504945 | OHA_LIT_00504959 | Non-Confidential |
| OHA_LIT_00506253 | OHA_LIT_00506267 | Non-Confidential |
| OHA_LIT_00506575 | OHA_LIT_00506589 | Non-Confidential |
| OHA_LIT_00506863 | OHA_LIT_00506875 | Non-Confidential |
| OHA_LIT_00507144 | OHA_LIT_00507156 | Non-Confidential |
| OHA_LIT_00507424 | OHA_LIT_00507436 | Non-Confidential |
| OHA_LIT_00508130 | OHA_LIT_00508144 | Non-Confidential |
| OHA_LIT_00508452 | OHA_LIT_00508466 | Non-Confidential |
| OHA_LIT_00510329 | OHA_LIT_00510389 | Non-Confidential |
| OHA_LIT_00511279 | OHA_LIT_00511280 | ATTORNEYS EYES ONLY |
| OHA_LIT_00511768 | OHA_LIT_00511797 | ATTORNEYS EYES ONLY |
| OHA_LIT_00512319 | OHA_LIT_00512350 | ATTORNEYS EYES ONLY |
| OHA_LIT_00513961 | OHA_LIT_00513992 | ATTORNEYS EYES ONLY |
| OHA_LIT_00513993 | OHA_LIT_00514022 | ATTORNEYS EYES ONLY |
| OHA_LIT_00514090 | OHA_LIT_00514194 | Non-Confidential |
| OHA_LIT_00514195 | OHA_LIT_00514228 | Non-Confidential |
| OHA_LIT_00514483 | OHA_LIT_00514487 | Non-Confidential |
| OHA_LIT_00514912 | OHA_LIT_00514980 | Confidential |
| OHA_LIT_00515312 | OHA_LIT_00515314 | Confidential |
| OHA_LIT_00516176 | OHA_LIT_00516205 | ATTORNEYS EYES ONLY |
| OHA_LIT_00517472 | OHA_LIT_00517501 | ATTORNEYS EYES ONLY |
| OHA_LIT_00517546 | OHA_LIT_00517582 | Non-Confidential |
| OHA_LIT_00518022 | OHA_LIT_00518051 | ATTORNEYS EYES ONLY |
| OHA_LIT_00519356 | OHA_LIT_00519368 | Non-Confidential |
| OHA_LIT_00519670 | OHA_LIT_00519684 | Non-Confidential |
| OHA_LIT_00524646 | OHA_LIT_00524976 | Non-Confidential |
| OHA_LIT_00525051 | OHA_LIT_00525124 | Confidential |
| OHA_LIT_00525125 | OHA_LIT_00525418 | ATTORNEYS EYES ONLY |

| | | |
|---|---|---|
| OHA_LIT_00525433 | OHA_LIT_00525514 | Confidential |
| OHA_LIT_00525515 | OHA_LIT_00525806 | ATTORNEYS EYES ONLY |
| OHA_LIT_00525841 | OHA_LIT_00525870 | ATTORNEYS EYES ONLY |
| OHA_LIT_00525872 | OHA_LIT_00525953 | Confidential |
| OHA_LIT_00525954 | OHA_LIT_00526245 | ATTORNEYS EYES ONLY |
| OHA_LIT_00526247 | OHA_LIT_00526315 | Confidential |
| OHA_LIT_00526316 | OHA_LIT_00526646 | ATTORNEYS EYES ONLY |
| OHA_LIT_00526650 | OHA_LIT_00526720 | ATTORNEYS EYES ONLY |
| OHA_LIT_00526754 | OHA_LIT_00526783 | ATTORNEYS EYES ONLY |
| OHA_LIT_00526787 | OHA_LIT_00526855 | Confidential |
| OHA_LIT_00526856 | OHA_LIT_00527186 | ATTORNEYS EYES ONLY |
| OHA_LIT_00527190 | OHA_LIT_00527260 | ATTORNEYS EYES ONLY |
| OHA_LIT_00527261 | OHA_LIT_00527334 | Confidential |
| OHA_LIT_00527335 | OHA_LIT_00527628 | ATTORNEYS EYES ONLY |
| OHA_LIT_00527643 | OHA_LIT_00527724 | Confidential |
| OHA_LIT_00527725 | OHA_LIT_00528016 | ATTORNEYS EYES ONLY |
| OHA_LIT_00528051 | OHA_LIT_00528080 | ATTORNEYS EYES ONLY |
| OHA_LIT_00529303 | OHA_LIT_00529373 | Non-Confidential |
| OHA_LIT_00530765 | OHA_LIT_00530779 | Non-Confidential |
| OHA_LIT_00530780 | OHA_LIT_00530794 | Non-Confidential |
| OHA_LIT_00530795 | OHA_LIT_00530807 | Non-Confidential |
| OHA_LIT_00530808 | OHA_LIT_00530820 | Non-Confidential |
| OHA_LIT_00530821 | OHA_LIT_00530833 | Non-Confidential |
| OHA_LIT_00531718 | OHA_LIT_00531731 | Non-Confidential |
| OHA_LIT_00532070 | OHA_LIT_00532083 | Non-Confidential |
| OHA_LIT_00575165 | OHA_LIT_00575168 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575191 | OHA_LIT_00575194 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575212 | OHA_LIT_00575215 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575311 | OHA_LIT_00575311 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575358 | OHA_LIT_00575369 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575388 | OHA_LIT_00575399 | ATTORNEYS EYES ONLY |
| OHA_LIT_00592111 | OHA_LIT_00592140 | ATTORNEYS EYES ONLY |
| OHA_LIT_00597561 | OHA_LIT_00597621 | Non-Confidential |
| OHA_LIT_00603720 | OHA_LIT_00603721 | ATTORNEYS EYES ONLY |
| OHA_LIT_00630732 | OHA_LIT_00630732 | ATTORNEYS EYES ONLY |
| OHA_LIT_00662829 | OHA_LIT_00662830 | ATTORNEYS EYES ONLY |
| OHA_LIT_00662857 | OHA_LIT_00662862 | ATTORNEYS EYES ONLY |
| OHA_LIT_00821673 | OHA_LIT_00821674 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240797 | OHA_LIT_00240797 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240798 | OHA_LIT_00240798 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240805 | OHA_LIT_00240805 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240865 | OHA_LIT_00240865 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240900 | OHA_LIT_00240900 | ATTORNEYS EYES ONLY |
| OHA_LIT_00240921 | OHA_LIT_00240921 | ATTORNEYS EYES ONLY |
| OHA_LIT_00244544 | OHA_LIT_00244544 | ATTORNEYS EYES ONLY |
| OHA_LIT_00244881 | OHA_LIT_00244881 | ATTORNEYS EYES ONLY |
| OHA_LIT_00244882 | OHA_LIT_00244882 | ATTORNEYS EYES ONLY |

OHA_LIT_00244900    OHA_LIT_00244900    ATTORNEYS EYES ONLY
OHA_LIT_00244911    OHA_LIT_00244911    ATTORNEYS EYES ONLY
OHA_LIT_00244913    OHA_LIT_00244913    ATTORNEYS EYES ONLY
OHA_LIT_00244935    OHA_LIT_00244935    ATTORNEYS EYES ONLY
OHA_LIT_00244991    OHA_LIT_00244991    ATTORNEYS EYES ONLY
OHA_LIT_00248690    OHA_LIT_00248690    ATTORNEYS EYES ONLY
OHA_LIT_00248706    OHA_LIT_00248706    ATTORNEYS EYES ONLY
OHA_LIT_00249280    OHA_LIT_00249280    ATTORNEYS EYES ONLY
OHA_LIT_00249300    OHA_LIT_00249300    ATTORNEYS EYES ONLY
OHA_LIT_00249326    OHA_LIT_00249326    ATTORNEYS EYES ONLY
OHA_LIT_00249722    OHA_LIT_00249722    ATTORNEYS EYES ONLY
OHA_LIT_00249762    OHA_LIT_00249762    ATTORNEYS EYES ONLY
OHA_LIT_00249861    OHA_LIT_00249861    ATTORNEYS EYES ONLY
OHA_LIT_00249984    OHA_LIT_00249984    ATTORNEYS EYES ONLY
OHA_LIT_00250150    OHA_LIT_00250150    ATTORNEYS EYES ONLY
OHA_LIT_00250152    OHA_LIT_00250152    ATTORNEYS EYES ONLY
OHA_LIT_00252746    OHA_LIT_00252746    ATTORNEYS EYES ONLY
OHA_LIT_00252747    OHA_LIT_00252747    ATTORNEYS EYES ONLY
OHA_LIT_00252843    OHA_LIT_00252843    ATTORNEYS EYES ONLY
OHA_LIT_00252882    OHA_LIT_00252882    ATTORNEYS EYES ONLY
OHA_LIT_00255316    OHA_LIT_00255316    ATTORNEYS EYES ONLY
OHA_LIT_00255321    OHA_LIT_00255321    ATTORNEYS EYES ONLY
OHA_LIT_00255366    OHA_LIT_00255366    ATTORNEYS EYES ONLY
OHA_LIT_00255391    OHA_LIT_00255391    ATTORNEYS EYES ONLY
OHA_LIT_00255410    OHA_LIT_00255410    ATTORNEYS EYES ONLY
OHA_LIT_00258611    OHA_LIT_00258611    ATTORNEYS EYES ONLY
OHA_LIT_00259955    OHA_LIT_00259955    ATTORNEYS EYES ONLY
OHA_LIT_00260165    OHA_LIT_00260165    ATTORNEYS EYES ONLY
OHA_LIT_00260522    OHA_LIT_00260522    Non-Confidential
OHA_LIT_00260778    OHA_LIT_00260778    Non-Confidential
OHA_LIT_00261002    OHA_LIT_00261002    Non-Confidential
OHA_LIT_00261226    OHA_LIT_00261226    Non-Confidential
OHA_LIT_00261450    OHA_LIT_00261450    Non-Confidential
OHA_LIT_00261475    OHA_LIT_00261475    ATTORNEYS EYES ONLY
OHA_LIT_00261838    OHA_LIT_00261838    ATTORNEYS EYES ONLY
OHA_LIT_00261839    OHA_LIT_00261839    Confidential
OHA_LIT_00261840    OHA_LIT_00261840    ATTORNEYS EYES ONLY
OHA_LIT_00262104    OHA_LIT_00262104    ATTORNEYS EYES ONLY
OHA_LIT_00262160    OHA_LIT_00262160    ATTORNEYS EYES ONLY
OHA_LIT_00262161    OHA_LIT_00262161    ATTORNEYS EYES ONLY
OHA_LIT_00262490    OHA_LIT_00262490    ATTORNEYS EYES ONLY
OHA_LIT_00262681    OHA_LIT_00262681    ATTORNEYS EYES ONLY
OHA_LIT_00262938    OHA_LIT_00262938    ATTORNEYS EYES ONLY
OHA_LIT_00263012    OHA_LIT_00263012    ATTORNEYS EYES ONLY
OHA_LIT_00263033    OHA_LIT_00263033    ATTORNEYS EYES ONLY
OHA_LIT_00263048    OHA_LIT_00263048    ATTORNEYS EYES ONLY
OHA_LIT_00263143    OHA_LIT_00263143    ATTORNEYS EYES ONLY

OHA_LIT_00263156    OHA_LIT_00263156    ATTORNEYS EYES ONLY
OHA_LIT_00263289    OHA_LIT_00263289    ATTORNEYS EYES ONLY
OHA_LIT_00263352    OHA_LIT_00263352    ATTORNEYS EYES ONLY
OHA_LIT_00263381    OHA_LIT_00263381    ATTORNEYS EYES ONLY
OHA_LIT_00264437    OHA_LIT_00264437    ATTORNEYS EYES ONLY
OHA_LIT_00264505    OHA_LIT_00264505    ATTORNEYS EYES ONLY
OHA_LIT_00264506    OHA_LIT_00264506    ATTORNEYS EYES ONLY
OHA_LIT_00265089    OHA_LIT_00265089    ATTORNEYS EYES ONLY
OHA_LIT_00265130    OHA_LIT_00265130    ATTORNEYS EYES ONLY
OHA_LIT_00265542    OHA_LIT_00265542    ATTORNEYS EYES ONLY
OHA_LIT_00265629    OHA_LIT_00265629    ATTORNEYS EYES ONLY
OHA_LIT_00265633    OHA_LIT_00265633    ATTORNEYS EYES ONLY
OHA_LIT_00265830    OHA_LIT_00265830    ATTORNEYS EYES ONLY
OHA_LIT_00265920    OHA_LIT_00265920    ATTORNEYS EYES ONLY
OHA_LIT_00265999    OHA_LIT_00265999    ATTORNEYS EYES ONLY
OHA_LIT_00266006    OHA_LIT_00266006    ATTORNEYS EYES ONLY
OHA_LIT_00266013    OHA_LIT_00266013    ATTORNEYS EYES ONLY
OHA_LIT_00266107    OHA_LIT_00266107    ATTORNEYS EYES ONLY
OHA_LIT_00266505    OHA_LIT_00266505    ATTORNEYS EYES ONLY
OHA_LIT_00268588    OHA_LIT_00268588    ATTORNEYS EYES ONLY
OHA_LIT_00268617    OHA_LIT_00268617    ATTORNEYS EYES ONLY
OHA_LIT_00268774    OHA_LIT_00268774    ATTORNEYS EYES ONLY
OHA_LIT_00269047    OHA_LIT_00269047    ATTORNEYS EYES ONLY
OHA_LIT_00270119    OHA_LIT_00270119    ATTORNEYS EYES ONLY
OHA_LIT_00270486    OHA_LIT_00270486    ATTORNEYS EYES ONLY
OHA_LIT_00271087    OHA_LIT_00271087    ATTORNEYS EYES ONLY
OHA_LIT_00272800    OHA_LIT_00272800    ATTORNEYS EYES ONLY
OHA_LIT_00272912    OHA_LIT_00272912    ATTORNEYS EYES ONLY
OHA_LIT_00272962    OHA_LIT_00272962    ATTORNEYS EYES ONLY
OHA_LIT_00272967    OHA_LIT_00272967    ATTORNEYS EYES ONLY
OHA_LIT_00273115    OHA_LIT_00273115    ATTORNEYS EYES ONLY
OHA_LIT_00273142    OHA_LIT_00273142    ATTORNEYS EYES ONLY
OHA_LIT_00273283    OHA_LIT_00273283    ATTORNEYS EYES ONLY
OHA_LIT_00273284    OHA_LIT_00273284    ATTORNEYS EYES ONLY
OHA_LIT_00273335    OHA_LIT_00273335    ATTORNEYS EYES ONLY
OHA_LIT_00273344    OHA_LIT_00273344    ATTORNEYS EYES ONLY
OHA_LIT_00273393    OHA_LIT_00273393    ATTORNEYS EYES ONLY
OHA_LIT_00273405    OHA_LIT_00273405    ATTORNEYS EYES ONLY
OHA_LIT_00273571    OHA_LIT_00273571    ATTORNEYS EYES ONLY
OHA_LIT_00273607    OHA_LIT_00273607    ATTORNEYS EYES ONLY
OHA_LIT_00273614    OHA_LIT_00273614    ATTORNEYS EYES ONLY
OHA_LIT_00273630    OHA_LIT_00273630    ATTORNEYS EYES ONLY
OHA_LIT_00273659    OHA_LIT_00273659    ATTORNEYS EYES ONLY
OHA_LIT_00273848    OHA_LIT_00273848    ATTORNEYS EYES ONLY
OHA_LIT_00274304    OHA_LIT_00274304    ATTORNEYS EYES ONLY
OHA_LIT_00278344    OHA_LIT_00278344    ATTORNEYS EYES ONLY
OHA_LIT_00278504    OHA_LIT_00278504    ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| OHA_LIT_00278509 | OHA_LIT_00278509 | ATTORNEYS EYES ONLY |
| OHA_LIT_00281311 | OHA_LIT_00281311 | ATTORNEYS EYES ONLY |
| OHA_LIT_00283904 | OHA_LIT_00283904 | Non-Confidential |
| OHA_LIT_00284160 | OHA_LIT_00284160 | Non-Confidential |
| OHA_LIT_00284384 | OHA_LIT_00284384 | Non-Confidential |
| OHA_LIT_00284608 | OHA_LIT_00284608 | Non-Confidential |
| OHA_LIT_00284832 | OHA_LIT_00284832 | Non-Confidential |
| OHA_LIT_00285994 | OHA_LIT_00285994 | ATTORNEYS EYES ONLY |
| OHA_LIT_00286343 | OHA_LIT_00286343 | ATTORNEYS EYES ONLY |
| OHA_LIT_00287273 | OHA_LIT_00287273 | ATTORNEYS EYES ONLY |
| OHA_LIT_00287760 | OHA_LIT_00287760 | Non-Confidential |
| OHA_LIT_00288080 | OHA_LIT_00288080 | Non-Confidential |
| OHA_LIT_00288366 | OHA_LIT_00288366 | Non-Confidential |
| OHA_LIT_00288646 | OHA_LIT_00288646 | Non-Confidential |
| OHA_LIT_00288926 | OHA_LIT_00288926 | Non-Confidential |
| OHA_LIT_00289542 | OHA_LIT_00289542 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290279 | OHA_LIT_00290279 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290311 | OHA_LIT_00290311 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290397 | OHA_LIT_00290397 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290398 | OHA_LIT_00290398 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290399 | OHA_LIT_00290399 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290776 | OHA_LIT_00290776 | ATTORNEYS EYES ONLY |
| OHA_LIT_00290785 | OHA_LIT_00290785 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291389 | OHA_LIT_00291389 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291390 | OHA_LIT_00291390 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291404 | OHA_LIT_00291404 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291406 | OHA_LIT_00291406 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291412 | OHA_LIT_00291412 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291417 | OHA_LIT_00291417 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291419 | OHA_LIT_00291419 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291455 | OHA_LIT_00291455 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291507 | OHA_LIT_00291507 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291509 | OHA_LIT_00291509 | ATTORNEYS EYES ONLY |
| OHA_LIT_00291514 | OHA_LIT_00291514 | ATTORNEYS EYES ONLY |
| OHA_LIT_00294272 | OHA_LIT_00294272 | ATTORNEYS EYES ONLY |
| OHA_LIT_00294305 | OHA_LIT_00294305 | ATTORNEYS EYES ONLY |
| OHA_LIT_00294324 | OHA_LIT_00294324 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298131 | OHA_LIT_00298131 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298620 | OHA_LIT_00298620 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298625 | OHA_LIT_00298625 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298666 | OHA_LIT_00298666 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298679 | OHA_LIT_00298679 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298703 | OHA_LIT_00298703 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298714 | OHA_LIT_00298714 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298741 | OHA_LIT_00298741 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298848 | OHA_LIT_00298848 | ATTORNEYS EYES ONLY |
| OHA_LIT_00298862 | OHA_LIT_00298862 | ATTORNEYS EYES ONLY |

| | | |
|---|---|---|
| OHA_LIT_00299967 | OHA_LIT_00299967 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299968 | OHA_LIT_00299968 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299969 | OHA_LIT_00299969 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299970 | OHA_LIT_00299970 | ATTORNEYS EYES ONLY |
| OHA_LIT_00299971 | OHA_LIT_00299971 | ATTORNEYS EYES ONLY |
| OHA_LIT_00300357 | OHA_LIT_00300357 | Non-Confidential |
| OHA_LIT_00300613 | OHA_LIT_00300613 | Non-Confidential |
| OHA_LIT_00300837 | OHA_LIT_00300837 | Non-Confidential |
| OHA_LIT_00301061 | OHA_LIT_00301061 | Non-Confidential |
| OHA_LIT_00301285 | OHA_LIT_00301285 | Non-Confidential |
| OHA_LIT_00301306 | OHA_LIT_00301306 | ATTORNEYS EYES ONLY |
| OHA_LIT_00301372 | OHA_LIT_00301372 | ATTORNEYS EYES ONLY |
| OHA_LIT_00301903 | OHA_LIT_00301903 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302291 | OHA_LIT_00302291 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302295 | OHA_LIT_00302295 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302303 | OHA_LIT_00302303 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302345 | OHA_LIT_00302345 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302355 | OHA_LIT_00302355 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302672 | OHA_LIT_00302672 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302779 | OHA_LIT_00302779 | ATTORNEYS EYES ONLY |
| OHA_LIT_00302909 | OHA_LIT_00302909 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303747 | OHA_LIT_00303747 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303859 | OHA_LIT_00303859 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303863 | OHA_LIT_00303863 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303866 | OHA_LIT_00303866 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303870 | OHA_LIT_00303870 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303873 | OHA_LIT_00303873 | ATTORNEYS EYES ONLY |
| OHA_LIT_00303877 | OHA_LIT_00303877 | ATTORNEYS EYES ONLY |
| OHA_LIT_00304389 | OHA_LIT_00304389 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305081 | OHA_LIT_00305081 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305517 | OHA_LIT_00305517 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305687 | OHA_LIT_00305687 | ATTORNEYS EYES ONLY |
| OHA_LIT_00305762 | OHA_LIT_00305762 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306317 | OHA_LIT_00306317 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306332 | OHA_LIT_00306332 | ATTORNEYS EYES ONLY |
| OHA_LIT_00306661 | OHA_LIT_00306661 | ATTORNEYS EYES ONLY |
| OHA_LIT_00307150 | OHA_LIT_00307150 | ATTORNEYS EYES ONLY |
| OHA_LIT_00307164 | OHA_LIT_00307164 | ATTORNEYS EYES ONLY |
| OHA_LIT_00307200 | OHA_LIT_00307200 | ATTORNEYS EYES ONLY |
| OHA_LIT_00489041 | OHA_LIT_00489041 | Non-Confidential |
| OHA_LIT_00489074 | OHA_LIT_00489074 | Non-Confidential |
| OHA_LIT_00489244 | OHA_LIT_00489244 | ATTORNEYS EYES ONLY |
| OHA_LIT_00489264 | OHA_LIT_00489264 | Confidential |
| OHA_LIT_00489290 | OHA_LIT_00489290 | ATTORNEYS EYES ONLY |
| OHA_LIT_00489323 | OHA_LIT_00489323 | ATTORNEYS EYES ONLY |
| OHA_LIT_00493861 | OHA_LIT_00493861 | ATTORNEYS EYES ONLY |
| OHA_LIT_00495791 | OHA_LIT_00495791 | Confidential |

| | | |
|---|---|---|
| OHA_LIT_00495909 | OHA_LIT_00495909 | ATTORNEYS EYES ONLY |
| OHA_LIT_00502145 | OHA_LIT_00502145 | Non-Confidential |
| OHA_LIT_00502727 | OHA_LIT_00502727 | Non-Confidential |
| OHA_LIT_00503009 | OHA_LIT_00503009 | Non-Confidential |
| OHA_LIT_00504701 | OHA_LIT_00504701 | Non-Confidential |
| OHA_LIT_00505021 | OHA_LIT_00505021 | Non-Confidential |
| OHA_LIT_00506009 | OHA_LIT_00506009 | Non-Confidential |
| OHA_LIT_00506329 | OHA_LIT_00506329 | Non-Confidential |
| OHA_LIT_00506651 | OHA_LIT_00506651 | Non-Confidential |
| OHA_LIT_00506932 | OHA_LIT_00506932 | Non-Confidential |
| OHA_LIT_00507212 | OHA_LIT_00507212 | Non-Confidential |
| OHA_LIT_00507886 | OHA_LIT_00507886 | Non-Confidential |
| OHA_LIT_00508206 | OHA_LIT_00508206 | Non-Confidential |
| OHA_LIT_00509734 | OHA_LIT_00509734 | ATTORNEYS EYES ONLY |
| OHA_LIT_00509750 | OHA_LIT_00509750 | ATTORNEYS EYES ONLY |
| OHA_LIT_00509766 | OHA_LIT_00509766 | ATTORNEYS EYES ONLY |
| OHA_LIT_00510328 | OHA_LIT_00510328 | Confidential |
| OHA_LIT_00510390 | OHA_LIT_00510390 | ATTORNEYS EYES ONLY |
| OHA_LIT_00511278 | OHA_LIT_00511278 | ATTORNEYS EYES ONLY |
| OHA_LIT_00511873 | OHA_LIT_00511873 | ATTORNEYS EYES ONLY |
| OHA_LIT_00519144 | OHA_LIT_00519144 | Non-Confidential |
| OHA_LIT_00519426 | OHA_LIT_00519426 | Non-Confidential |
| OHA_LIT_00519746 | OHA_LIT_00519746 | Non-Confidential |
| OHA_LIT_00524488 | OHA_LIT_00524488 | Confidential |
| OHA_LIT_00524497 | OHA_LIT_00524497 | Confidential |
| OHA_LIT_00529590 | OHA_LIT_00529590 | ATTORNEYS EYES ONLY |
| OHA_LIT_00529609 | OHA_LIT_00529609 | ATTORNEYS EYES ONLY |
| OHA_LIT_00529816 | OHA_LIT_00529816 | Confidential |
| OHA_LIT_00529894 | OHA_LIT_00529894 | ATTORNEYS EYES ONLY |
| OHA_LIT_00532127 | OHA_LIT_00532127 | Non-Confidential |
| OHA_LIT_00575305 | OHA_LIT_00575305 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575313 | OHA_LIT_00575313 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575357 | OHA_LIT_00575357 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575420 | OHA_LIT_00575420 | ATTORNEYS EYES ONLY |
| OHA_LIT_00575423 | OHA_LIT_00575423 | ATTORNEYS EYES ONLY |
| OHA_LIT_00582600 | OHA_LIT_00582600 | Confidential |
| OHA_LIT_00585242 | OHA_LIT_00585242 | ATTORNEYS EYES ONLY |
| OHA_LIT_00585587 | OHA_LIT_00585587 | ATTORNEYS EYES ONLY |
| OHA_LIT_00593096 | OHA_LIT_00593096 | Confidential |
| OHA_LIT_00593620 | OHA_LIT_00593620 | ATTORNEYS EYES ONLY |
| OHA_LIT_00598646 | OHA_LIT_00598646 | Confidential |
| OPT00000843 | OPT00000843 | ATTORNEYS EYES ONLY |
| OPT00001247 | OPT00001247 | ATTORNEYS EYES ONLY |
| OPT00001253 | OPT00001253 | ATTORNEYS EYES ONLY |
| OPT00001254 | OPT00001254 | ATTORNEYS EYES ONLY |
| OPT00001666 | OPT00001668 | ATTORNEYS EYES ONLY |
| OPT00001954 | OPT00001954 | ATTORNEYS EYES ONLY |

| | | |
|---|---|---|
| OPT00002155 | OPT00002158 | ATTORNEYS EYES ONLY |
| OPT00002159 | OPT00002159 | ATTORNEYS EYES ONLY |
| OPT00002174 | OPT00002174 | Confidential |
| OPT00002175 | OPT00002175 | Confidential |
| OPT00002176 | OPT00002176 | Confidential |
| OPT00002177 | OPT00002188 | ATTORNEYS EYES ONLY |
| OPT00002189 | OPT00002189 | ATTORNEYS EYES ONLY |
| OPT00002760 | OPT00002760 | Confidential |
| OPT00002981 | OPT00002981 | Confidential |
| OPT00007370 | OPT00007373 | ATTORNEYS EYES ONLY |
| OPT00008239 | OPT00008240 | ATTORNEYS EYES ONLY |
| OPT00008483 | OPT00008484 | ATTORNEYS EYES ONLY |
| OPT00008485 | OPT00008485 | ATTORNEYS EYES ONLY |
| OPT00008486 | OPT00008491 | Confidential |
| OPT00008830 | OPT00008830 | Confidential |
| OPT00009475 | OPT00009475 | Confidential |
| OPT00011917 | OPT00011917 | Non-Confidential |
| OPT00012077 | OPT00012089 | Non-Confidential |
| OPT00012141 | OPT00012141 | Non-Confidential |
| OPT00012301 | OPT00012313 | Non-Confidential |
| OPT00012365 | OPT00012365 | Non-Confidential |
| OPT00012525 | OPT00012537 | Non-Confidential |
| OPT00012589 | OPT00012589 | Non-Confidential |
| OPT00013742 | OPT00013742 | Confidential |
| OPT00014934 | OPT00014935 | Non-Confidential |
| OPT00014956 | OPT00014957 | Non-Confidential |
| OPT00016317 | OPT00016385 | Non-Confidential |
| OPT00016705 | OPT00016707 | ATTORNEYS EYES ONLY |
| OPT00016708 | OPT00016710 | ATTORNEYS EYES ONLY |
| OPT00016711 | OPT00016713 | ATTORNEYS EYES ONLY |
| OPT00016714 | OPT00016715 | ATTORNEYS EYES ONLY |
| OPT00016716 | OPT00016717 | ATTORNEYS EYES ONLY |
| OPT00017236 | OPT00017236 | Confidential |
| OPT00017237 | OPT00017237 | Confidential |
| OPT00017238 | OPT00017238 | Confidential |
| OPT00017239 | OPT00017250 | ATTORNEYS EYES ONLY |
| OPT00017251 | OPT00017251 | ATTORNEYS EYES ONLY |
| OPT00017357 | OPT00017357 | ATTORNEYS EYES ONLY |
| OPT00022292 | OPT00022295 | ATTORNEYS EYES ONLY |
| OPT00025233 | OPT00025233 | ATTORNEYS EYES ONLY |
| OPT00028225 | OPT00028225 | Non-Confidential |
| OPT00029184 | OPT00029184 | Confidential |
| OPT00029994 | OPT00030005 | ATTORNEYS EYES ONLY |
| OPT00030230 | OPT00030230 | Confidential |
| OPT00030240 | OPT00030240 | Confidential |
| OPT00030293 | OPT00030293 | Confidential |
| OPT00030319 | OPT00030319 | Confidential |

| | | |
|---|---|---|
| OPT00031309 | OPT00031309 | Confidential |
| OPT00031349 | OPT00031349 | Confidential |
| OPT00031427 | OPT00031427 | Confidential |
| OPT00031905 | OPT00031905 | Confidential |
| OPT00031945 | OPT00031945 | Confidential |
| OPT00034026 | OPT00034026 | Confidential |
| OPT00035069 | OPT00035070 | ATTORNEYS EYES ONLY |
| OPT00035106 | OPT00035106 | ATTORNEYS EYES ONLY |
| OPT00035121 | OPT00035121 | Confidential |
| OPT00035333 | OPT00035333 | Confidential |
| OPT00035396 | OPT00035396 | Confidential |
| OPT00035953 | OPT00035953 | ATTORNEYS EYES ONLY |
| OPT00035958 | OPT00035958 | Confidential |
| OPT00037138 | OPT00037140 | ATTORNEYS EYES ONLY |
| OPT00038309 | OPT00038309 | Confidential |
| OPT00038507 | OPT00038507 | Confidential |
| OPT00039292 | OPT00039292 | Confidential |
| OPT00039613 | OPT00039613 | Confidential |
| OPT00039653 | OPT00039653 | Confidential |
| OPT00039674 | OPT00039674 | ATTORNEYS EYES ONLY |
| OPT00039689 | OPT00039689 | Confidential |
| OPT00041894 | OPT00041894 | Confidential |
| OPT00042614 | OPT00042614 | ATTORNEYS EYES ONLY |
| OPT00043977 | OPT00043980 | ATTORNEYS EYES ONLY |
| OPT00043982 | OPT00043982 | Confidential |
| OPT00044748 | OPT00044748 | Confidential |
| OPT00044851 | OPT00044851 | Confidential |
| OPT00045097 | OPT00045108 | ATTORNEYS EYES ONLY |
| OPT00046462 | OPT00046462 | ATTORNEYS EYES ONLY |
| OPT00047191 | OPT00047192 | Non-Confidential |
| OPT00047451 | OPT00047451 | Confidential |
| OPT00048058 | OPT00048061 | ATTORNEYS EYES ONLY |
| OPT00048063 | OPT00048063 | Confidential |
| OPT00049106 | OPT00049106 | Confidential |
| OPT00050708 | OPT00050708 | Confidential |
| OPT00050739 | OPT00050739 | Confidential |
| OPT00050984 | OPT00050984 | Confidential |
| OPT00054153 | OPT00054153 | Confidential |
| OPT00063096 | OPT00063096 | Confidential |
| OPT00067190 | OPT00067190 | ATTORNEYS EYES ONLY |
| OPT00069112 | OPT00069114 | ATTORNEYS EYES ONLY |
| OPT00069115 | OPT00069117 | ATTORNEYS EYES ONLY |
| OPT00069118 | OPT00069120 | ATTORNEYS EYES ONLY |
| OPT00069121 | OPT00069122 | ATTORNEYS EYES ONLY |
| OPT00069123 | OPT00069124 | ATTORNEYS EYES ONLY |
| OPT00080356 | OPT00080358 | ATTORNEYS EYES ONLY |



August 7, 2020

**Jeffrey Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
       Our File No.:  126360-229340

Dear Mr. Gordon:

Thank you for responding to Trillium's July 8 letter on Friday, July 31, 2020.  Although your correspondence on behalf of FamilyCare requested a response by the next business day, I am sure you can appreciate that the litigation burdens FamilyCare may visit on a fellow litigant are much different than those that can be justified in relation to non-parties, such as Trillium.  Given that FamilyCare took 23 days to respond to Trillium's letter, no urgency is apparent and FamilyCare's repeated attempts to impose abbreviated response deadlines[1] is counterproductive and likely to shortchange the conferral process.  Please be assured that Trillium will continue to address FamilyCare's discovery dispute in good faith and in due course.  By this letter, Trillium proposes a process by which FamilyCare and it may resolve or at least significantly narrow the AEO-designation issues though the conferral process.

**Timing Considerations – "Complete" Stay Through February 3, 2021**

As you know, earlier this week Judge Mosman issued a "complete" stay of the *FamilyCare v. OHA* litigation through February 3, 2021.  Judge Mosman's order also states he then may further extend or modify the stay.  A minimum six-month stay thus affords FamilyCare and Trillium considerable time to resolve or narrow the scope of any remaining disputes over AEO documents, including identifying those documents that Trillium may agree (on the merits or for pragmatic reasons) to "down designate."  To be clear, Trillium's objective is to resolve or at least narrow any issues over AEO designations.

---

[1] In your July 1, 2020 letter, FamilyCare demanded a response from all non-party CCOs, including Trillium, within two business days (and over a holiday weekend).

Pacwest Center  |  1211 SW 5th  |  Suite 1900  |  Portland, OR  |  97204  |  **M** 503-222-9981  |  **F** 503-796-2900  |  schwabe.com

**EXHIBIT D**
**Page 1 of 4**

Matthew P. Gordon
August 7, 2020
Page 2

As outlined below, Trillium proposes using such time in an orderly and deliberate manner. Trillium's proposal appropriately balances interests by lessening the burdens on Trillium without imposing undue prejudice on FamilyCare, which wants to share the disputed information with its employees to assist in preparing expert reports and for trial (for which there are no existing deadlines).

## Request of FamilyCare to Comprehensively Identify AEO Documents at Issue

Trillium is concerned that FamilyCare's approach to AEO documents is squandering Trillium's time and resources, as exemplified by FamilyCare shifting the goalposts no fewer than four times. In September 2018, FamilyCare moved to effectively down designate approximately 19,000 AEO documents. (Dkt. 251.) Importantly, Judge Mosman denied that motion. (Dkt. 290.) In October 2018, FamilyCare moved for reconsideration of Judge Mosman's order and then identified 3,309 AEO documents at issue.[2] (Dkt. 302.) Trillium and other CCOs opposed that reconsideration motion, which was never ruled on prior to the Ninth Circuit appeals. Next, in February 2019 FamilyCare identified 4,344 AEO documents at issue (and thereby added over 1,000 documents to the dispute).[3] Most recently, in June 2020 FamilyCare identified an additional 729 AEO documents being challenged, which FamilyCare attributes to an unexplained "technical error."[4] Not only have FamilyCare's shifting demands tended to increase the burdens and wasted resources of non-parties, including Trillium, but the existing pattern raises the specter that FamilyCare's present request is only a prelude to further requests for down designations. That is, even now, it may be that FamilyCare's request is under-inclusive of the set of documents for which it will seek down designation.

Moreover, FamilyCare's most recent list is plainly over-inclusive of documents that Trillium must review. In the last month some CCOs agreed to down designate many AEO documents to Confidential for various reasons. And Trillium agreed not to stand in the way of any such down designations of AEO documents that do not contain any Trillium data, documents, or information. The net result is a reduction of the universe of AEO documents at issue. However, it is not clear to Trillium which specific documents will be down designated as a result of these recent negotiations.[5]

---

[2] In response to a request to provide all 3,309 documents, FamilyCare's counsel provided only 2,963 non-duplicative AEO documents to Trillium's counsel.

[3] To be clear, in correspondence related to this list, Judge Mosman stated, "Once the Court receives that [February 1, 2019] list, it will decide *whether to require a response* or hold a hearing." (J. Mosman Chambers' email, Nov. 13, 2018 (emphasis added).) The judge, in fact, never required a response from the CCOs despite FamilyCare's multiple reminders to him. Trillium and other CCOs, thus, reasonably did not expend substantial time and resources exhaustively reviewing thousands of AEO documents where the Court had already denied a motion to down designate all AEO documents and had not required any response to the February 2019 list.

[4] In response to a request to provide all 729 documents, FamilyCare's counsel appeared to only provide 613 new documents to Trillium's counsel. They also provided incomplete metadata with these documents.

[5] We anticipate OHA and Optumas, whose counsel is copied, would need to confirm such matters as well.

Matthew P. Gordon
August 7, 2020
Page 3

To mitigate the burdens on Trillium, Trillium requests a current, accurate, and comprehensive list of the AEO documents that contain any Trillium data, documents, or information and for which FamilyCare intends to move to down designate.

To further facilitate this conferral process, Trillium also encourages FamilyCare to provide a document-by-document explanation of why FamilyCare **employees** need access to Trillium's sensitive documents, data, and information in order for FamilyCare to prepare expert reports and for trial.  That specificity is consistent with Judge Mosman's prior request.  The judge previously instructed FamilyCare to:

> … provide the Court with an itemized list, including **explanations for <u>each</u> item**, of which documents should be down-designated and **why [FamilyCare] <u>needs</u> access to them**.

(J. Mosman Chambers' email, Nov. 13, 2018 (emphasis added).)  In our view, FamilyCare has not met this standard to date.  We urge FamilyCare to provide the specificity (including the showing of need) required by Judge Mosman in order to facilitate our conferrals.

### <u>Trillium's Further Review of AEO Documents at Issue</u>

As mentioned in my July 8 letter, Trillium remains willing to conduct a further review of the AEO documents.  Please be aware Trillium has already expended substantial time and resources responding to FamilyCare's countless efforts to obtain its commercially sensitive documents and information over the past three years.  Most recently, in reviewing the latest set of 5,000-plus AEO documents, Trillium has found several documents that, in the spirit of compromise, it would be willing to agree to down designate to Confidential.  However, Trillium needs more time to complete further review, which it desires to undertake in a single batch (rather than in response to a series of future requests).  That is, Trillium wants the benefit of a comprehensive list of documents containing Trillium's AEO information for which FamilyCare argues it needs employee access to prosecute its claims against OHA.

I note that, presently, Trillium must direct its business resources elsewhere and has real limitations on its ability to dedicate key personnel to further discussing and evaluating the vast number of documents identified by FamilyCare.  As you know, the healthcare industry as a whole is addressing the repercussions of the COVID-19 pandemic, and Trillium is presently engaged in certain provider and OHA negotiations, likely through September 2020.  Given that Judge Mosman's stay obviates any immediate urgency, Trillium proposes it is afforded forty-five (45) days to conduct a further review after FamilyCare identifies a current, comprehensive, and accurate set of the AEO documents at issue.

Trillium reserves its rights, without waiver, to assert any arguments with regard to protecting its commercially sensitive and otherwise protected documents, data, and information.  Having said that, Trillium expects that an orderly conferral process will allow FamilyCare and it to resolve or at least significantly narrow the matters in dispute without the Court's involvement and without prejudicing FamilyCare's ability to prepare expert reports and trial.

Matthew P. Gordon
August 7, 2020
Page 4

We look forward to hearing back from you.  Thank you for your time and attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:     Harry Wilson, OHA's Counsel
        Kevin O'Malley, Optumas's Counsel
        Client

PDX\126360\229340\JED\28713365.4



September 4, 2020

**Jeffrey Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com

VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:   *FamilyCare, Inc. v. Oregon Health Authority*
      U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
      Our File No.:  126360-229340

Dear Mr. Gordon:

Thank you for your August 14, 2020 letter regarding FamilyCare, Inc.'s efforts to obtain "down-designation" of documents that Oregon Health Authority ("OHA") marked and produced as Attorneys Eyes Only ("AEO").  As you know, the applicable Protective Order authorized such designations to prevent direct review by FamilyCare (*i.e.*, review by its officers, directors, managers, and employees) of numerous Oregon Coordinated Care Organizations' ("CCOs") commercially sensitive documents, data, and information.  The AEO tier was intended to balance the competing interests of FamilyCare as a litigant in pursuing broad discovery and those of the non-litigant CCOs whose commercially sensitive information was being sought and ultimately disclosed.

Unfortunately, FamilyCare's recent letter fails to either narrow its dispute with Trillium or propose a reasonable path for narrowing the dispute that respects Trillium's interests as a non-litigant trying to protect its commercial information and minimize its expenses associated with FamilyCare's litigation.  Instead, FamilyCare appears intent on shifting undue burdens onto Trillium (and other CCOs) contrary to the express and implicit terms of the controlling Protective Order and Judge Mosman's directives to FamilyCare.

FamilyCare also has provided no assurance that, even if Trillium (and other CCOs) were to accede to FamilyCare's demand in relation to *these* roughly 5,000 documents, it (and others) could stop expending significant resources in this action to protect commercially sensitive information.  Notably, FamilyCare has not disclaimed that it may make future demands for direct review of some or all of the further roughly 14,000 remaining documents that were marked AEO and for which, in the past, FamilyCare sought to obviate that designation in a wholesale manner.

Rather than FamilyCare undertaking motion practice again, Trillium respectfully requests that FamilyCare reconsider its rejection of the pragmatic path identified by Trillium in my August 7,

**EXHIBIT E**
**Page 1 of 2**

Matthew P. Gordon
September 4, 2020
Page 2

2020 letter. By way of brief summary, FamilyCare should (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents *how* FamilyCare is prejudiced by the AEO-only designation. Only after FamilyCare has completed those three tasks can Trillium engage in an efficient review,[1] subject to a reasonably fixed cost, in which it can evaluate the Court's likely rulings in relation to the marginal benefit FamilyCare's claims from direct review a particular document. FamilyCare's rejection of Trillium's proposal only deepens Trillium's concern that FamilyCare is, at best, indifferent to putting Trillium (and other CCOs) to the Hobson's choice of incurring significant and uncapped expenses or disclosing commercially sensitive information to officers, directors, managers, and employees in the Oregon health insurance industry.

In sum, Trillium's proposal charts a pragmatic course that better reflects the burdens placed on FamilyCare by the Protective Order and Judge Mosman's directives, and conversely, FamilyCare has identified no prejudice from that course.

If FamilyCare persists with its stated intention to file a motion seeking to "down designate" roughly 5,000 AEO documents, Trillium's position will be that the Court should deny the motion as to any of Trillium's information. Trillium will contend, *inter alia*, that not only has FamilyCare failed to abide by the express and implicit terms of the Protective Order and Judge Mosman's directives in seeking "down designation," but FamilyCare has not identified any incremental benefit to direct review of Trillium's AEO documents, data, and information. Thank you for your attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:    Harry Wilson, OHA's Counsel
       Kevin O'Malley, Optumas's Counsel
       Client

PDX\126360\229340\JED\28884104.4

---

[1] Such a review would require further consultation with the designating party, OHA, who has advised that its vendor's document database is currently deactivated during the stay to reduce OHA's costs associated with defending FamilyCare's claims. OHA counsel reports it would be a substantial expense to turn on its database now and does not presently intend to reactivate the database until closer to the lifting of the stay in this case (currently until February 2021).

EXHIBIT E
Page 2 of 2



October 12, 2020

**Jeffrey Hern**
Admitted in Oregon
T: 503-796-2919
jhern@schwabe.com


VIA EMAIL: MGORDON@PERKINSCOIE.COM

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128


RE:    *FamilyCare, Inc. v. Oregon Health Authority*
       U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
       Our File No.:   126360-229340

Dear Mr. Gordon:

Thank you for your latest e-mail regarding FamilyCare Inc.'s efforts to obtain review of Trillium's (and other CCOs') confidential commercial information by FamilyCare's officers, directors, managers, or employees.  Trillium's position remains that documents that have been marked attorney eyes only ("AEO") and contain Trillium's confidential commercial data and information should retain that designation, absent Trillium's explicit consent to down designation of any particular document or a Court order requiring such down designation.  While Oregon Health Authority ("OHA") or Optumas (or some other party that may possesses such information) may agree to down designation in relation to *its own* commercial information contained in a document, such an agreement is not effective to achieve down designation of any document that contains Trillium's (or others CCOs') confidential commercial information or data.

The appropriate course in our view—which Trillium identified to FamilyCare in letters sent on August 7, 2020, and September 4, 2020—is for FamilyCare to: (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and *how* FamilyCare is prejudiced by the AEO-only designation.

Until Trillium's objections to down designation are resolved, no documents previously marked AEO and containing Trillium-related information should be made available for review by FamilyCare (*i.e.*, review by its officers, directors, managers, or employees).  If documents have been made available for review, even inadvertently, please let me know at your earliest convenience.

**EXHIBIT F**
**Page 1 of 2**

Matthew P. Gordon
October 12, 2020
Page 2

Thank you for your attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb

cc:    Harry Wilson, Counsel for Oregon Health Authority
       Kevin O'Malley and Chris Thompson, Counsel for Optumas
       CCO Counsel
       Client

PDX\126360\229340\JED\29167748.2

**EXHIBIT F**
**Page 2 of 2**



October 26, 2020

**Jeffrey D. Hern**
Admitted in Oregon and Washington
T: 503-796-2919
jhern@schwabe.com

**VIA EMAIL: MGORDON@PERKINSCOIE.COM**

Matthew P. Gordon
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

RE:     *FamilyCare, Inc. v. Oregon Health Authority*
        U.S. District Court, District of Oregon, Case No. 6:18-cv-00296-MO
        Our File No.:   126360-229340

Dear Mr. Gordon:

I write on behalf of Trillium Community Health Plan, Inc. in response to FamilyCare Inc.'s October 16, 2020 letter in the above-referenced litigation.  From the evidence available to Trillium and other Coordinated Care Organizations ("CCOs"), it appears your firm has willfully facilitated FamilyCare's officers, directors, managers, or employees' direct review of documents your firm knows to contain information that CCOs deem Attorneys' Eyes Only ("AEO").

### FamilyCare's Pressure Campaign on Nonparty CCOs

For over three years, FamilyCare has pursued the nonparty CCOs' sensitive commercial information through shifting tactics and demands.  The state court authorized broad discovery of all CCOs' information (over the CCOs' objections) because it believed the information would be heavily protected by AEO designations.  But FamilyCare has long sought to thwart that tier of designations.  For instance, in September 2018 FamilyCare moved the Court to authorize two FamilyCare employees' direct review of approximately 19,000 AEO documents. [Dkt. 251.] FamilyCare framed its justification as a fishing expedition:  its attorneys and expert "don't know what we don't know" about the documents.  (Hr'g Oct. 5, 2018, Tr. at 40.)  The Court rejected that rationale, requiring FamilyCare to be "more specific and seek specific documents."  (*Id*. at 49; *see also id.* at 39 (the Court questioning why FamilyCare could not list specific documents and justify "why [it] need[s] them," "[n]ot in general terms but because there's this issue in the expert report that [FamilyCare's employees] need[] to be able to review these documents" in order to assist).)

When FamilyCare sought reconsideration, Judge Mosman held off ruling on the motion.  Still, he was again clear that he would not license a fishing expedition.  At a minimum, FamilyCare would need to "provide the Court with an itemized list, including *explanations for each item*, of which documents should be down-designated and *why [FamilyCare] needs access to them*."  (J. Mosman Chambers' email, Nov. 13, 2018 (emphasis added).)

**EXHIBIT G**
**Page 1 of 4**

Matthew P. Gordon
October 26, 2020
Page 2

FamilyCare has never complied with Judge Mosman's clear directive—even as it has pursued an expansive and ever-evolving list of documents.  The approximately 19,000 documents became 3,309 (in FamilyCare's October 2018 motion for reconsideration [Dkt. 302]), which became 4,344 (in FamilyCare's February 1, 2019 letter to the Court), and then 5,073 (in FamilyCare's June 9, 2020 letter).  It is highly burdensome for the nonparty CCOs to review thousands of document because often, to comply with *other CCOs'* AEO designations, such review must be performed exclusively by retained counsel at significant expense.  Trillium has grave concerns that FamilyCare is engineering a Hobson choice for the CCOs:  incur significant expenses (and inevitable demands for more down-designation) or disclose sensitive commercial information.

That concern has only increased as FamilyCare has badgered Trillium (and other CCOs) this summer and fall about AEO designations with threats of motion practice and heated rhetoric.  Trillium has three times sought compromise by proposing that FamilyCare:  (a) identify a *comprehensive* set of documents for which it will seek "down-designation" in its action against OHA to end FamilyCare's ever-shifting demands; (b) identify with particularity the subset of documents *containing Trillium's information*; and (c) state with particularity as to each document or category of documents the purported "need" for FamilyCare access for expert report and trial preparation and *how* FamilyCare is prejudiced by the AEO-only designation.  (J. Hern 8/7/20, 9/4/20, and 10/12/20 letters to M. Gordon.)  FamilyCare has refused to proceed in this reasonable manner.

### FamilyCare Wrongfully Undertook Direct Review of<br>Trillium's (and Other CCOs') AEO Information

Having failed to obtain Trillium's (and several other CCOs'[1]) consent to down-designate its AEO information, FamilyCare's attorneys have, with regard to documents that were in the possession of OHA's actuary, Optumas, provided FamilyCare's officers, directors, managers, or employees direct review of documents that your firm knows to contain information that CCOs deem AEO.  From what FamilyCare's and Optumas's recent communications reveal, it appears that your firm's disclosure of Trillium's (and other CCOs') AEO information was willful.

FamilyCare's October 16, 2020 letter represents that Optumas knowingly withdrew *its* AEO designation of an unspecified list of documents, which constituted "most" of the OPTUMUAS_ and OPT_ documents identified in FamilyCare's February 2019 and June 2020 lists.  Optumas responded by contesting FamilyCare's representations about what it knew in withdrawing its AEO designations and reasserted them.  (C. Thompson 10/23/20 letter to M. Gordon.)

FamilyCare's October 16, 2020 letter further discloses that, upon Optumas's waiver of *its own interests*, your firm provided FamilyCare's officers, directors, managers, or employees direct

---

[1] At least four other CCOs—PacificSource, Cascade Health Alliance, Umpqua Health, Advanced Health (fka Western Oregon Advanced Health)—continue to object to FamilyCare's broad requests for down designation of AEO documents.  To Trillium's knowledge, no CCO has expressly conceded that the AEO documents do not contain commercially sensitive information.  Instead, it seems other CCOs have submitted to FamilyCare's pressure campaign for various other reasons.  [*See, e.g.,* Dkt. 394.]

Matthew P. Gordon
October 26, 2020
Page 3

access to previously designated AEO documents because, as you falsely suggest, only Optumas could and did assert such documents are entitled to AEO protection.  Your firm's actions are indefensible.

FamilyCare's own correspondence establish that it is aware that documents for which Optumas was the custodian contain information that CCOs deem sensitive commercial information.  FamilyCare created eight categories of document designated AEO for which it sought down-designation.  (M. Gordon 2/1/19 letter to Judge Mosman.)  For only one of those categories, however, did FamilyCare argue that they did "not contain any CCO-Designated Information." (*Id*. at 2.)  The remainder of FamilyCare's own categorizations of AEO documents are, by FamilyCare's own admission, comprised of documents that "arguably contain at least some CCO-Designated Information."

FamilyCare's admission reflects the record.  For example:

- <u>November 2017</u>.  Trillium (and other CCOs) asserted its position regarding designations for 14 categories of documents and information in OHA's *or Optumus's* possession, including those warranting AEO protection.  (J. Hern 11/10/107 letter to OHA and FamilyCare.)

- <u>January 2018</u>.  Trillium (and other CCOs) again addressed Optumas documents (including those subpoenaed by FamilyCare), demanding the same protecting designations for the same 14 categories of documents "pursuant to the Protective Order signed by Judge Armstrong on November 1, 2017[.]"  (J. Hern 1/19/18 letter to OHA, FamilyCare, and Optumas.  *See also* J. Hern 3/9/18 letter to OHA and FamilyCare (similar).)

- <u>May 2018</u>.  Trillium addressed a subset of hundreds of document for which FamilyCare sought down-designation, specifically identifying dozens of documents for which Optumas was the custodian (OPT-prefix) that warranted ongoing AEO designation.  (J. Hern 5/24/18 letter to OHA, copy to FamilyCare.)

Your firm, despite that *actual knowledge*, has apparently knowingly facilitated the direct review by FamilyCare of Optumas documents designated by Trillium by class or Bates-number as AEO.  Your letter suggests that your firm did so because, as FamilyCare contends, Trillium had no standing under the Protective Orders to assert AEO protection for documents for which Optumas is the custodian.  That position is spurious.  No fair construction of either Protective Order would deprive Trillium (and other CCOs) of AEO treatment of information in which it has asserted the need for AEO protections without some Court-supervised process.  What's more, FamilyCare's entire pressure campaign has presupposed the CCOs have the right to litigate AEO protections.  And, given that prior tacit and explicit acknowledgment of standing, FamilyCare was obligated to raise its tortured argument that Trillium lacks standing under the Protective Orders *before* taking actions prejudicial to Trillium's and other CCOs' interests.

schwabe.com

Matthew P. Gordon
October 26, 2020
Page 4

To be transparent, Trillium is evaluating whether it will pursue sanctions against FamilyCare and its attorneys for their wrongful treatment of information identified by Trillium as AEO. Please respond to this letter **within ten (10) days** by identifying which FamilyCare personnel accessed which AEO documents on which dates. Trillium also demands that any derivative notes, work product, or similar materials must be immediately sequestered by FamilyCare's counsel. Thank you for your prompt attention to these matters.

Respectfully,

SCHWABE, WILLIAMSON & WYATT, P.C.

Jeffrey Hern

JED:dkb
cc:     Harry Wilson, Counsel for Oregon Health Authority
        Kevin O'Malley and Chris Thompson, Counsel for Optumas
        CCO Counsel
        Client

| From: | Kara_Scheele@ord.uscourts.gov on behalf of Chambers_Mosman@ord.uscourts.gov |
|---|---|
| To: | DavidMarkowitz@MHGM.com; KatherineAcosta@MarkowitzHerbold.com; LauraSalerno@MarkowitzHerbold.com; MGordon@perkinscoie.com; MattLevin@MarkowitzHerbold.com; ReneeRothauge@markowitzherbold.com; TRJohnson@perkinscoie.com; abeane@perkinscoie.com; abrenner@perkinscoie.com; annajoyce@markowitzherbold.com; arden.j.olson@harrang.com; bplass@mershanlaw.com; brian@bparrott-law.com; brittanysimpson@markowitzherbold.com; carla.a.scott@doj.state.or.us; chrismccracken@dwt.com; dallasdeluca@mhgm.com; dpahl@perkinscoie.com; dpl@aterwynne.com; eknight@dunncarney.com; elindenauer@gsblaw.com; frank.langfitt@millernash.com; gregorychaimov@dwt.com; harrywilson@markowitzherbold.com; Hern, Jeffrey D.; jmonson@cablehuston.com; joel@eoplaw.com; kevin.omalley@gknet.com; mcrew@dunncarney.com; myium@gsblaw.com; nhesterberg@perkinscoie.com; nswift@cablehuston.com; pmersereau@mershanlaw.com; renata.gowie@usdoj.gov; scott@whipplelawoffice.com; senglish@perkinscoie.com; sonia@eoplaw.com; vivekkothari@markowitzherbold.com |
| Subject: | 6:18-cv-00296-MO FamilyCare Inc. v. Oregon Health Authority et al |
| Date: | Tuesday, November 13, 2018 12:23:51 PM |

Counsel,

The Court has decided to stay the action pending appeal and vacate current trial deadlines. The Court will retain jurisdiction over the issues of designating specific retaliatory acts, Attorney Eyes Only down-designation, and discovery from Health Share. The Court will continue to take under advisement Plaintiff's Motion for Judgment on Dismissed Claims [336].

As discussed at the end of the previous hearing on November 2, Plaintiff should go through the record and provide a list to the Court assigning specific retaliatory acts and statements to either Defendant Saxton or Defendant Allen. Plaintiff should provide that list to the Court by January 3, 2019.

Plaintiff should provide the Court with an itemized list, including explanations for each item, of which documents should be down-designated and why Plaintiff needs access. Plaintiff should provide that list to the Court by February 1, 2019. Once the Court receives that list it will decide whether to require a response or hold a hearing.

As indicated in Plaintiff's letter to the Court dated November 8, Plaintiff should significantly narrow the scope of topics for Health Share's deposition. Plaintiff should provide the new list to Health Share by February 1, 2019.

The Court will continue to take under advisement Plaintiff's request for certification of final judgment on dismissed claims.

**EXHIBIT H**
**Page 1 of 1**