**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tele: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Oregon Health
Authority, an agency of the State of Oregon, and Patrick
Allen, both individually and in his official capacity as
director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as
DIRECTOR OF OREGON HEALTH
AUTHORITY, an agency of the State of
Oregon,

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO(Trailing)

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit
corporation,

Defendant.

**OREGON HEALTH AUTHORITY'S
RESPONSE TO FAMILYCARE,
INC.'S SECOND SET OF REQUESTS
FOR ADMISSION**

FAMILYCARE, INC., an Oregon non-profit
corporation,

Plaintiff,

v.

OREGON HEALTH AUTHORITY, an agency
of the State of Oregon, and PATRICK
ALLEN, both individually and in his official



Saxton
EXHIBIT NO. 208
8-1-18
Schmitt Reporting

**Page 1 -  OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 1 of 20

capacity as director of the Oregon Health
Authority,

Defendants.

The Oregon Health Authority ("OHA") responds to plaintiff FamilyCare, Inc.'s

("FamilyCare") Second Requests for Admission as follows:

**PREFATORY STATEMENT**

Discovery, investigation, and trial preparation are ongoing. OHA's responses to

FamilyCare's Second Requests for Admission are made to the best of OHA's present knowledge,

information, and belief. The responses are made without prejudice to OHA's right to produce

evidence of any facts, information, or documents that are subsequently discovered, released, or

otherwise made available to OHA through investigation, discovery, research, or other

preparation. OHA accordingly reserves the right to amend or supplement any and all

information contained in this statement as additional facts are released, ascertained, analysis

made, discovery is undertaken, and legal research is completed. OHA further reserves the right

to amend or supplement this statement based on any evidence, documents, or other information

that may have been overlooked or omitted by oversight, neglect, mistake, or other inadvertence.

OHA's objections and responses do not constitute an admission by OHA of the

relevance, materiality, or admissibility into evidence of the subject matter, documents, or facts

contained or referred to in any request or in OHA's response.

**GENERAL OBJECTIONS**

Attorney-Client Privilege. OHA objects to these requests to the extent they seek

information protected from disclosure by the attorney-client privilege. OHA also objects to these

requests to the extent they seek information protected from disclosure by the attorney work-

product doctrine or any other applicable privilege or protection. Any information provided

pursuant to these requests is provided without waiving, but on the contrary reserving and

intending to reserve, each of these privileges, protections, or immunities. Any accidental

**Page 2 -  OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S
SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 2 of 20

disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

Possession, Custody and Control. OHA objects to the definitions, instructions, and requests to the extent that they seek to obtain information not within the possession, custody or control of OHA. OHA responds to the requests pursuant to its obligations under the Federal Rules of Civil Procedure and the District of Oregon's Local Rules of Civil Procedure.

Discovery and Expert Analysis Ongoing. OHA objects to the requests to the extent that they prematurely call for expert testimony and reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports. OHA further objects to the requests to the extent they seek information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by FamilyCare from others. And, OHA objects to the requests to the extent they seek information that OHA is legally or contractually prohibited from disclosing.

Definitions. OHA objects to FamilyCare's definitions on the grounds that they are overbroad, unduly burdensome, and purport to require OHA to perform tasks beyond its obligations under the Federal Rules of Civil Procedure and District of Oregon's Local Rules of Civil Procedure. OHA will respond pursuant to its obligations under the Federal Rules of Civil Procedure and District of Oregon's Local Rules of Civil Procedure.

## RESPONSES

**REQUEST FOR ADMISSION NO. 6:** Admit that Governor Kate Brown asked Lynne Saxton to resign because of Lynne Saxton's involvement in the Communications Plan.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that FamilyCare notified You in 2014 that FamilyCare was going to increase reimbursement to contracted primary care providers.

**RESPONSE:** OHA objects to this request to the extent it is vague and ambiguous as to the term "notified" and as to the relevant time of the "increase." Subject to the foregoing

**Page 3 -  OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 3 of 20

objections and the general objections, and to the extent "notified" is defined to mean a written communication, OHA denies the request.

**REQUEST FOR ADMISSION NO. 8:**  Admit that when FamilyCare notified You that it was going to increase reimbursement rates for primary care providers, You did not inform FamilyCare that if FamilyCare implemented such increased reimbursements, You would use that as a reason to make adjustments to FamilyCare's base data.

**RESPONSE:**  OHA objects to this request on the grounds it is compound and vague and ambiguous as to the terms "notified," "inform," and "implemented."  OHA further objects to this request on the grounds it is overbroad and ambiguous as to scope and time.  OHA further objects that the request assumes facts and lacks foundation.  OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 9:**  Admit that OHA never informed FamilyCare that FamilyCare could not or should not increase reimbursement to primary care providers.

**RESPONSE:**  OHA objects to this request on the grounds it is overbroad as to scope and time.  OHA further objects to this request on the grounds it is compound.  OHA further objects that this request is vague and ambiguous as to the terms "informed," "could," and "should." Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 10:**  Admit that in implementing the 2017 Reimbursement Adjustment OHA did not conduct a reimbursement analysis of hospital costs in the Tri-County region.

**RESPONSE:**  OHA objects to this request to the extent it is vague and ambiguous as to the terms "hospital costs" and "reimbursement analysis."  Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 11:**  Admit that in implementing the 2018 Reimbursement Adjustment OHA did not conduct a reimbursement analysis of hospital costs in the Tri-County region.

Page 4 -  **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 4 of 20

**RESPONSE:** OHA objects to this request to the extent it is vague and ambiguous as to the terms "hospital costs," "Tri-County region," and "reimbursement analysis." Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 12:** Admit that the public Exhibit L reports filed by CCOs for 2016 show that FamilyCare's per member, per month costs are lower than those of Health Share and every other CCO in the State.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "public Exhibit L reports," "show," "per member, per month costs," and "lower." OHA also objects on the grounds this request is compound. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. OHA also objects to this request to the extent it is unclear what FamilyCare is referring to on the "public Exhibit L reports." To the extent FamilyCare is referring to "Member Services Expense Analysis Per Member Per Month," that section is not categorized by category of aid and does not include relative risk scores. Subject to the foregoing objections and the general objections, to the extent FamilyCare is referring to Report L4 – Key Financial Indicators and the section identified in that report as "Member Services Expense Analysis Per Member Per Month (OHP Line of Business)" found on OHA's website, OHA admits that based on FamilyCare's reported financials for year-end 2016, FamilyCare's total member service expenses are less than those of Health Share and every other CCO in the State. OHA denies, however, that FamilyCare's costs are less than those of Health Share and every other CCO in the State for each category of member service expenses. OHA also denies that FamilyCare's costs are less than every other CCO in the State for every quarter reported in 2016.

**REQUEST FOR ADMISSION NO. 13:** Admit that the public Exhibit L reports filed by CCOs for 2016 show that FamilyCare's per member, per month costs are lower than those of all other Oregon CCOs.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "public Exhibit L reports," "show," "per member, per month costs," and

Page 5 -   **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 5 of 20

"lower." OHA also objects on the grounds this request is compound. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. OHA also objects to this request to the extent it is unclear what FamilyCare is referring to on the "public Exhibit L reports." To the extent FamilyCare is referring to "Member Services Expense Analysis Per Member Per Month," that section is not categorized by category of aid and does not include relative risk scores. Subject to the foregoing objections and the general objections, to the extent FamilyCare is referring to Report L4 – Key Financial Indicators and the section identified in that report as "Member Services Expense Analysis Per Member Per Month (OHP Line of Business)" found on OHA's website, OHA admits that based on FamilyCare's reported financials for year-end 2016, FamilyCare's total member service expenses are less than those of Health Share and all other Oregon CCOs. OHA denies, however, that FamilyCare's costs are less than those of Health Share and all other Oregon CCOs for each category of member service expenses. OHA also denies that FamilyCare's costs are less than every other CCO in the State for every quarter reported in 2016.

**REQUEST FOR ADMISSION NO. 14:** Admit that the public Exhibit L reports filed by CCOs show that FamilyCare's per member, per month medical rate of growth between 2015 and 2016 was the same as Health Share's.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "public Exhibit L reports" and "medical rate of growth." "Medical rate of growth" could, for example and without limitation, refer to overall health care spending on a per member basis, to spending on a particular category of medical services, or to spending on all health care excluding surgery. OHA further objects that the reports to which FamilyCare refers speak for themselves. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. Subject to the foregoing objections and the general objections, and because "medical rate of growth" is subject to multiple meanings, OHA is unable to admit or deny this request.

Page 6 -   **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 6 of 20

**REQUEST FOR ADMISSION NO. 15:** Admit that OHA encourages investments in primary care.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined and overly broad term "investments." "Investments" could relate to money, time, or human resources; it could have a narrow economic definition relating to the purchase of goods or services in the present with the expectation of realizing a profit in the future, or a broad general definition relating to any increase in money, time, or human resources. The term could refer to the purchasing of specific primary care goods or services or refer broadly and without restriction to any increase in spending on primary care. OHA further objects to this request on the grounds it is vague and ambiguous as to the undefined and overly broad term "encourages." "Encourages" could mean as little as an OHA official orally recommending a particular investment on an isolated occasion to as much as a statutory or regulatory directive. Subject to the foregoing objections and the general objections, and because "investments" and "encourages" are subject to multiple meanings, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 16:** Admit that OHA encourages investments in primary care in part because of evidence showing that investments in primary care lead to decreases in overall healthcare costs.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined term "investments." "Investments" could relate to money, time, or human resources; it could have a narrow economic definition relating to the purchase of goods or services in the present with the expectation of realizing a profit in the future, or a broad general definition relating to any increase in money, time, or human resources. The term could refer to the purchasing of specific primary care goods or services or refer broadly and without restriction to any increase in spending on primary care. OHA further objects to this request on the grounds it is vague and ambiguous as to the undefined and overly broad term "encourages." "Encourages" could mean as little as an OHA official orally recommending a particular investment on an isolated occasion to as much as a statutory or regulatory directive. OHA

Page 7 - **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 7 of 20

further objects that this request assumes facts and lacks foundation. OHA is unable to determine what "evidence" the request refers to. Subject to the foregoing objections and the general objections, and because "investments" and "encourages" are subject to multiple meanings, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 17:** Admit that OHA directed Optumas to investigate whether FamilyCare was providing sufficient access to care for its HIV-positive members.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "investigate," and "access to care." Subject to the foregoing objections and the general objections, OHA denies this request.

**REQUEST FOR ADMISSION NO. 18:** Admit that OHA did not direct Optumas to investigate the adequacy of members' access to care for any specific CCO other than FamilyCare.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "investigate," "direct," and "adequacy of members' access to care." OHA further objects that this request lacks foundation. Subject to the foregoing objections and the general objections, OHA denies this request.

**REQUEST FOR ADMISSION NO. 19:** Admit that OHA created multiple versions of the Communications Plan.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "multiple" and "versions." OHA objects to this request because there is no such document as the "Communications Plan" as defined in FamilyCare's requests for admission. Subject to the foregoing objections and the general objections, and because there is no such document as the "Communications Plan," OHA denies the request.

**REQUEST FOR ADMISSION NO. 20:** Admit that OHA's actuarial services budget would increase by $4-5 million per year if OHA developed and certified rates by CCO, by rate cell.

**Page 8 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 8 of 20

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA further objects that "actuarial services budget" is vague and ambiguous; it is unclear whether FamilyCare is referring to an actual, published budget and, if so, to what budget year FamilyCare is referring. OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. OHA further objects that this request is ambiguous: It could be seeking an admission regarding the cost of an actuary "develop[ing] and certifi[ng] rates by CCO, by rate cell" or it could be seeking an admission regarding the supposed increase in funds available to OHA in the event that OHA "developed and certified rates by CCO, by rate cell." Subject to the foregoing objections and the general objections, and because OHA is unable to determine what this request seeks, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 21:** Admit that OHA disclosed FamilyCare's cost and utilization data to Health Share and other CCOs.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA also objects on the grounds this request is vague and ambiguous as to the terms "cost and utilization data" and "disclosed." Subject to the foregoing objections and the general objections, and to the extent this request seeks an admission regarding an email and attachments sent by OHA to CCOs on February 14, 2017, found at Bates label OHA_LIT_00140009, OHA admits that it sent that email. OHA otherwise denies this request.

**REQUEST FOR ADMISSION NO. 22:** Admit that Lynne Saxton deleted text messages from her OHA-issued electronic device(s).

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "OHA-issued electronic device(s)." Subject to the foregoing objections and the general objections, OHA admits that Ms. Saxton deleted some text messages from the cellular phones issued to her by OHA. OHA denies the remainder of the request.

Page 9 - **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 9 of 20

**REQUEST FOR ADMISSION NO. 23:** Admit that FamilyCare has historically received higher CAHPS survey scores than Health Share.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "historically" and "higher CAHPS survey scores." The CAHPS survey records scores in more than 60 categories. Subject to the foregoing objections and the general objections, OHA denies this request.

**REQUEST FOR ADMISSION NO. 24:** Admit that FamilyCare has historically had fewer grievances and appeals from members than Health Share.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA also objects to this request on the grounds it is compound. OHA objects that "historically" is vague, ambiguous, and undefined. OHA objects that "fewer" is undefined and ambiguous. "Fewer" could mean "fewer total" or "fewer per capita." Subject to the foregoing objections and the general objections, and assuming "fewer" means "fewer per capita," OHA denies this request.

**REQUEST FOR ADMISSION NO. 25:** Admit that the CCO rate of growth has historically exceeded the target of 3.4% in Oregon's Section 1115 waiver.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "CCO rate of growth," "target of 3.4%," "historically," and "Oregon's Section 1115 waiver." "CCO rate of growth" could, without limitation, refer to growth in members, growth in capitation rates, growth in revenue, growth in health care spending, or growth in valuation. "Historically" is unlimited and could refer to all time from the advent of the first Section 1115 waiver to present or any specific space of time therein. Subject to the foregoing objections and the general objections, and because "CCO rate of growth" and "historically" are not sufficiently defined, OHA is unable to admit or deny this request.

**Page 10 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 10 of 20

**REQUEST FOR ADMISSION NO. 26:** Admit that the State would not be penalized by the federal government for Capitation Rates that exceed the 3.4% sustainable rate of growth target in Oregon's current Section 1115 waiver.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to scope and time. OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "penalized" and "sustainable rate of growth." OHA further objects that the request lacks foundation. OHA further objects that the federal government is a third-party and OHA is unable to speak for the federal government. Subject to the foregoing objections and the general objections, and because OHA is unable to admit or deny what the federal government would do, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 27:** Admit that for-profit CCOs have returned millions of dollars to shareholders since 2015.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "for-profit CCOs," "returned," and "shareholders." "Returned," for example, could without limitation refer to stock dividends, stock buy backs, or increase in stock value. OHA further objects that this request is compound. OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts and admit actions by third-parties. OHA further objects that this request seeks information not in OHA's possession, custody or control: OHA has no basis to know whether particular shareholders of particular CCOs received money since 2015. Subject to the foregoing objections and the general objections and because OHA lacks the knowledge and foundation upon which to respond, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 28:** Admit that OHA did not disclose in public reports data regarding the profits returned to shareholders by for-profit CCOs.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "public reports," "data regarding the profits," "returned," "shareholders" and "for-profit CCOs." OHA further objects that this request is compound. OHA further objects

**Page 11 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 11 of 20

to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. OHA further objects that this request seeks information not in OHA's possession, custody or control: OHA has no basis to know whether particular shareholders of particular CCOs received money since 2015. Subject to the foregoing objections and the general objections, and because OHA lacks the knowledge and foundation upon which to respond, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 29:** Admit that OHA was aware of CCOs' related party transactions and those parties' profits from those transactions, but chose not to disclose that information in public reports.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "CCOs' related party transactions," "profits from those transactions," and "public reports." OHA further objects that "those parties" is ambiguous: It could refer to the "CCOs" or some unidentified third-parties that participated in the "related[-]party transactions." OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. OHA objects to this request on the grounds it is compound. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. Subject to the foregoing objections and the general objections, OHA admits that it was aware that some CCOs had related-party transactions. OHA denies the remainder of the request.

**REQUEST FOR ADMISSION NO. 30:** Admit that Optumas certified the 2017 Capitation Rates at the program level.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "program level." Subject to the foregoing objections and the general objections, because "program level" could have multiple meanings, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 31:** Admit that Optumas certified the 2018 Capitation Rates at the program level.

**Page 12 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 12 of 20

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "program level." Subject to the foregoing objections and the general objections, because "program level" could have multiple meanings, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 32:** Admit that Optumas did not certify the 2017 Capitation Rates at the individual rate cell level.

**RESPONSE:** OHA objects that "individual rate cell level" is undefined and ambiguous. Subject to the foregoing objections and the general objections, OHA denies this request.

**REQUEST FOR ADMISSION NO. 33:** Admit that Optumas did not certify the 2018 Capitation Rates at the individual rate cell level.

**RESPONSE:** OHA objects that "individual rate cell level" is undefined and ambiguous. Subject to the foregoing objections and the general objections, OHA denies this request.

**REQUEST FOR ADMISSION NO. 34:** Admit that the review by *[sic]* of the 2018 Capitation Rate rate-setting process by Manatt, Phelps, & Phillips, LLP, concluded that the rate-setting process for the 2018 Capitation Rates did not comply with all requirements in 42 C.F.R. Part 438.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "rate-setting process" and "review." "Review" could mean a written report or unwritten thoughts or oral statements. Subject to the foregoing objections and the general objections, and to the extent this request is referring to Manatt, Phelps & Phillips, LLP's November 30, 2017 "Assessment of Process for Setting 2018 Rates for Coordinated Care Organizations," OHA denies the request in part to the extent the Assessment concluded OHA "generally complied with the federal requirements, with the exception of a few minor areas."

**REQUEST FOR ADMISSION NO. 35:** Admit that in setting the 2017 Capitation Rates, Optumas did not account for projected Medical Loss Ratios.

**Page 13 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 13 of 20

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "setting" and "account for." Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 36:** Admit that in setting the 2018 Capitation Rates, Optumas did not account for projected Medical Loss Ratios.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "setting" and "account for." Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 37:** Admit that in setting the 2017 Capitation Rates, Optumas used only one year of base data.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "used" and "base data." Subject to the foregoing objections and the general objections, and to the extent "base data" refers to encounter data, OHA admits this request.

**REQUEST FOR ADMISSION NO. 38:** Admit that in setting the 2018 Capitation Rates, Optumas used only one year of base data.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "used" and "base data." Subject to the foregoing objections and the general objections, and to the extent "base data" refers to encounter data, OHA admits this request.

**REQUEST FOR ADMISSION NO. 39:** Admit that You directed Optumas to implement the 2017 Reimbursement Adjustment to decrease the rate of growth.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "directed," "implement," and "the rate of growth." "Rate of growth" could, for example and without limitation, refer to growth of health care spending overall, growth of health care spending on a specific category of services, growth of CCO membership,

**Page 14 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 14 of 20

or growth of CCO revenue. Subject to the foregoing objections and the general objections, and because "rate of growth" is undefined, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 40:** Admit that You directed Optumas to implement the 2018 Reimbursement Adjustment to decrease the rate of growth.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "directed," "implement," and "the rate of growth." "Rate of growth" could, for example and without limitation, refer to growth of health care spending overall, growth of health care spending on a specific category of services, growth of CCO membership, or growth of CCO revenue. Subject to the foregoing objections and the general objections, and because "rate of growth" is undefined, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 41:** Admit that OHA directed Optumas to implement the 2017 Reimbursement Adjustment because the rate of growth exceeded 3.4%.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "directed," "implement," and "the rate of growth." "Rate of growth" could, for example and without limitation, refer to growth of health care spending overall, growth of health care spending on a specific category of services, growth of CCO membership, or growth of CCO revenue. Subject to the foregoing objections and the general objections, and because "rate of growth" is undefined, OHA is unable to admit or deny this request.

**REQUEST FOR ADMISSION NO. 42:** Admit that OHA directed Optumas to implement the 2018 Reimbursement Adjustment because the rate of growth exceeded 3.4%. *[sic]* target.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the undefined terms "directed," "implement," and "the rate of growth." "Rate of growth" could, for example and without limitation, refer to growth of health care spending overall, growth of health care spending on a specific category of services, growth of CCO membership, or growth of CCO revenue. Subject to the foregoing objections and the general objections, and because "rate of growth" is undefined, OHA is unable to admit or deny this request.

Page 15 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION

Exhibit 3
Page 15 of 20

**REQUEST FOR ADMISSION NO. 43:** Admit that OHA attempted to find examples of Oregon Health Plan members with high cost medical issues such as HIV who chose Health Share because FamilyCare could not provide them with the care they needed.

**RESPONSE:** OHA objects to this request on the grounds it is compound, overbroad, and lacks foundation because it requires OHA to assume facts. Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 44:** Admit that despite its efforts to find Oregon Health Plan members with high cost medical issues such as HIV who chose Health Share because FamilyCare could not provide them with the care they needed, OHA was unable to identify any such members.

**RESPONSE:** OHA objects to this request on the grounds it is compound, overbroad and lacks foundation because it requires OHA to assume facts. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 45:** Admit that prior to the 2017 Reimbursement Adjustment, OHA had never before implemented a similar adjustment to base data.

**RESPONSE:** OHA objects to this request on the grounds it is overbroad as to time and scope. OHA further objects that the request violates Local Rule 36-1(c) because it fails to state in concise language the admission requested. OHA further objects to this request on the grounds it is vague and ambiguous as to the phrase "similar adjustment." "Similar adjustment" could mean an adjustment to base data that is done for similar reasons, with a similar method, at a similar level. Alternatively, "similar adjustment" could mean any adjustment to base data. Subject to the foregoing objections and the general objections, and to the extent "similar adjustment" means an adjustment to base data that is done for similar reasons, with a similar method, at a similar level, OHA admits this request because OHA did not have access to information necessary to evaluate reimbursement adjustments prior to 2016 and therefore could

**Page 16 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 16 of 20

not have implemented a "similar adjustment." To the extent "similar adjustment" means any adjustment to base data, OHA denies this request.

**REQUEST FOR ADMISSION NO. 46:** Admit that the risk adjustment process implemented by Optumas for the 2016 Capitation Rates overstated the actual difference in risk between Health Share and FamilyCare's respective member populations.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the phrases "risk adjustment process" and "overstated the actual difference" and as to the term "risk." OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 47:** Admit that the risk adjustment process implemented by Optumas for the 2017 Capitation Rates overstated the actual difference in risk between Health Share and FamilyCare's respective member populations.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the phrases "risk adjustment process" and "overstated the actual difference" and as to the term "risk." OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. Subject to the foregoing objections and the general objections, OHA denies the request.

**REQUEST FOR ADMISSION NO. 48:** Admit that the risk adjustment process implemented by Optumas for the 2018 Capitation Rates overstated the actual difference in risk between Health Share and FamilyCare's respective member populations.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the phrases "risk adjustment process" and "overstated the actual difference" and as to the term "risk." OHA further objects to this request on the grounds it is overbroad and lacks foundation because it requires OHA to assume facts. Subject to the foregoing objections and the general objections, OHA denies the request.

Exhibit 3
Page 17 of 20

**REQUEST FOR ADMISSION NO. 49:** Admit that the risk adjustment process for the 2018 Capitation Rates was based on 2016 data.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the phrases "risk adjustment process," "based on," and "2016 data." Subject to the foregoing objections and the general objections, and to the extent "2016 data" refers to 2016 encounter data, OHA admits the request. OHA otherwise denies the request.

**REQUEST FOR ADMISSION NO. 50:** Admit that the risk adjustment process for the 2018 Capitation Rates showed less than 2% difference in the relative risk between Health Share and FamilyCare's respective member populations.

**RESPONSE:** OHA objects to this request on the grounds it is vague and ambiguous as to the phrases "risk adjustment process," "showed," "relative risk," and "2% difference." OHA further objects to this request on the grounds it is overbroad as to scope and time because the 2018 Capitation Rates were adjusted after FamilyCare decided not to sign the 2018 rate amendment. OHA further objects that "member populations" is vague and ambiguous because it could refer to all members or members within individual rating cohorts.

**Page 18 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 18 of 20

Subject to the foregoing objections and the general objections, and because the request is indefinite and ambiguous, OHA is unable to admit or deny the request.

DATED this 29th day of June, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
     *Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

735646

**Page 19 - OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Exhibit 3
Page 19 of 20

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, I have made service of the foregoing **OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** on the parties listed below in the manner indicated:

Stephen F. English
Thomas R. Johnson
Alletta Brenner
Brian P. Samuelson
Douglas R. Pahl
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
  *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   SEnglish@perkinscoie.com
                TRJohnson@perkinscoie.com
                ABrenner@perkinscoie.com
                BSamuelson@perkinscoie.com
                DPahl@perkinscoie.com
☐ CM/ECF System

Matthew P. Gordon *(admitted pro hac vice)*
Nick H. Hesterberg *(admitted pro hac vice)*
Amanda J. Beane *(admitted pro hac vice)*
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
  *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   MGordon@perkinscoie.com
                NHesterberg@perkinscoie.com
                ABeane@perkinscoie.com
☐ CM/ECF System

Peter R. Mersereau
Mersereau Shannon LLP
111 SW Columbia St., Suite 1100
Portland, OR 97201

  *Attorney for Lynne Saxton*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   PMersereau@mershanlaw.com
☐ CM/ECF System

DATED this 29th day of June, 2018.

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
*Special Assistant Attorney General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

**CERTIFICATE OF SERVICE**

Exhibit 3
Page 20 of 20