**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | **Fed. R. Civ. P. 26** |
| Defendants. | **Oral Argument Requested** |

**LR 7-1 CERTIFICATION**

Pursuant to LR 7-1(a)(1), counsel for the Oregon Health Authority and FamilyCare made a good faith effort to resolve this dispute by email and telephone but were unable to do so.

**Page 1 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

## MOTION

Pursuant to Federal Rule of Civil Procedure 26(b)(2) and (c)(1), the Oregon Health Authority ("OHA") moves the Court to enter a protective order limiting the scope of supplemental discovery to prohibit discovery into OHA's 2019 and 2020 rate-setting process. This motion is supported by the memorandum of law, below, and the declaration of Greg Scott.

## MEMORANDUM OF LAW

## INTRODUCTION

This case concerns events that happened between 2016 and January 2018. At the end of January 2018, FamilyCare left the Medicaid market and has not participated in OHA's Medicaid program since. The parties produced discovery through the summer of 2018. The amount of that discovery is substantial. Over the course of this lawsuit, OHA has collected more than four million documents from more than 70 custodians. (Decl. of Greg Scott in Support of Motion for a Protective Order Re Scope of Supplemental Discovery ("Scott Decl.") ¶ 3.) OHA made 64 separate productions and produced approximately 241,000 documents, amounting to more than 1.3 million pages. (*Id.* ¶ 4.) FamilyCare has taken nineteen depositions. (*Id.*)

FamilyCare now seeks what is likely to be hundreds of thousands of pages of additional discovery, all from 2019 and 2020 and after FamilyCare left the Medicaid market. The documents FamilyCare wants are not relevant—they concern events in which FamilyCare did not participate and involve rates that FamilyCare did not receive. But even if they were relevant, FamilyCare's demands are unduly burdensome, seek inadmissible evidence, and are not proportional to the needs of the case. For these reasons, the Court should grant OHA's motion for a protective order.

## LEGAL STANDARD

The "right to discovery, even plainly relevant discovery, is not limitless." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). "On motion or on its own, the court *must* limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that . . . the discovery sought is unreasonably

**Page 2 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

cumulative or duplicative [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) (emphasis added).  Under Rule 26(b)(1), requested discovery must be both relevant to the party's claim or defense and proportional to the needs of the case.  To determine whether the request is proportional, the court should consider, among others, the importance of the requested discovery to the resolution of the issues raised by the parties, and whether requests are unduly burdensome to the party required to collect the discovery materials when compared with their likely benefit to the requesting party.  *Id.*

**ARGUMENT**

FamilyCare seeks supplementation of discovery requests that it asserts encompass inquiry into OHA's 2019 and 2020 rate setting, including communications with the Centers for Medicare and Medicaid Services ("CMS") regarding 2019 and 2020 rates, information about 2019 and 2020 rates other CCOs received, and information about OHA's 2019 and 2020 rate-setting methodology and policies.  The supplemental discovery FamilyCare demands is (1) not relevant; (2) not admissible; (3) unduly burdensome; and (4) not proportional to the needs of the case.  Accordingly, FamilyCare's requested discovery is outside the scope permitted by Rule 26(b)(1), and the Court should bar it.

**I.    The supplemental discovery FamilyCare demands is not relevant.**

Rule 26(b)(1) permits discovery into any "matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  FamilyCare's requests for discovery into OHA's 2019 and 2020 rate-setting is not relevant to FamilyCare's remaining claims for relief, which concern the 2017 and 2018 rates.  Accordingly, the Court should enter an order prohibiting FamilyCare's requested discovery.

FamilyCare asserts three claims for relief: a Section 1983, First-Amendment-retaliation claim against former OHA Director Lynne Saxton, and two breach of contract claims, one concerning a 2016 settlement agreement and one alleging breach of the implied covenant of good faith and fair dealing in the parties' CCO Contract, which terminated in January 2018.  The supplemental discovery FamilyCare seeks is not relevant to any of these claims.

**Page 3 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

Lynne Saxton resigned from OHA in August 2017.  (5th Am. Compl. ¶ 13.)  OHA's rate-setting decisions in 2019 and 2020, when Ms. Saxton was not an employee of OHA, do not make it "more or less probable," Federal Rule of Evidence 401(a), that Ms. Saxton set "unreasonable, biased, [or] actuarially unsound" rates in 2017.[1]  (5th Am. Compl. ¶ 82.)  "Evidence regarding events that transpired subsequent to an injury is generally irrelevant to claims arising from that injury."  *King v. Hasbro, Inc.*, No. CIVA 07-4001, 2009 WL 3157319, at *1 (E.D. Pa. Sept. 28, 2009) (denying motion to compel production of documents relating to after-the-fact conduct); *Gutierrez v. Mora*, No. CV 18-781-KS, 2019 WL 8953125, at *6 (C.D. Cal. Dec. 18, 2019) ("the Court is not persuaded that the after-the-fact records of Plaintiff's conduct in other institutions has any relevance to the claims and/or defenses at issue in this case").

FamilyCare's contract claims concern whether OHA properly set FamilyCare's rates for 2017 and 2018—and involve OHA's rate-setting conduct that occurred almost entirely in 2016 and 2017.  According to federal regulations, OHA sets CCO rates according to a 12-month rating period, 42 C.F.R. § 438.6(b)(1), and OHA has re-set CCO rates each year during the years relevant to this lawsuit.  FamilyCare's claim for breach of a 2016 settlement agreement alleges that "OHA breached the Settlement Agreement by reducing FamilyCare's 2017 and 2018 rates to penalize FamilyCare for the rates it received in 2016[.]"  (5th Am. Compl. ¶ 97.)  The rates OHA paid to other CCOs in 2019 and 2020 have little or no relevance to whether OHA "reduc[ed]" FamilyCare's rates for 2017 and 2018.  And even if OHA made revisions to its rate-setting process in 2019 and 2020 that "would have resulted in disproportionately large increases in FamilyCare's rates had FamilyCare not been forced to shut down," as FamilyCare alleges in its just-added paragraph 78, such changes have nothing to do with the rates OHA actually set for FamilyCare in 2017 and 2018 and whether the intent of those 2017 and 2018 rates was "to penalize FamilyCare."

FamilyCare's other contract claim—which is the subject of OHA's contemporaneous motion to dismiss—alleges that the parties' CCO Contract required OHA to set rates that were

---

[1] Ms. Saxton was not director of OHA when the 2018 rates were released.

**Page 4 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

"reasonable, unbiased, actuarially sound, adequate, and free from errors in underlying data and methodology." (5th Am. Compl. ¶ 107.) FamilyCare's claim will be proved or disproved—if it survives the motion to dismiss—by already-produced evidence about the data and methodologies OHA used to set the 2017 and 2018 rates, not the data and methodology OHA used to set rates for different CCOs in subsequent years. *See Gov't Emps. Ins. Co. v. Leif's Auto Collision Centers*, LLC, No. 3:17-CV-045-PK, 2018 WL 1082841, at *2 (D. Or. Feb. 27, 2018) (denying defendant's request to compel production of contracts between plaintiff and third-parties that defendant argued were relevant to compare costs).

FamilyCare might argue that OHA's rate-setting choices in 2019 and 2020 could show, by comparison, that OHA's choices for 2017 and 2018 were somehow improper. But such an argument is a false analogy: In 2019 and 2020, the market had changed—both because of the passage of time and because FamilyCare closed—and so OHA, facing different circumstances, necessarily made different decisions. Those differences do not inferentially prove that an earlier choice, made based on different knowledge, for different parties, at a different time, was right or another wrong.

## II.    The supplemental discovery FamilyCare demands is prohibited by FRE 407.

Under Federal Rule of Evidence 407, a party cannot utilize evidence of subsequent remedial measures to demonstrate prior culpable conduct. FamilyCare may argue that it needs discovery into OHA's 2019 and 2020 rate-setting to develop evidence that OHA "revised the rate-setting process to address many of the issues previously raised by FamilyCare." (5th Am. Compl. ¶ 78.) Because such discovery would be inadmissible under Federal Rule of Evidence 407, this Court should enter a protective order limiting the discovery.

Although the rules of civil procedure allow for liberal discovery, all discovery is ultimately sought for trial preparation. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) (noting that discovery "is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes"). Thus, courts may prohibit discovery into inadmissible evidence. *See Walker v. Poole*, No. 116CV01665AWIEPGPC, 2019 WL 1651621, at *2 (E.D.

Cal. Apr. 17, 2019) (refusing to compel production of documents that "would not be admissible").

Federal Rule of Evidence 407 prohibits admission of evidence of subsequent remedial measures to prove culpable conduct. Remedial measures could include, among others, "subsequent repairs, installation of safety devices, changes in company rules, and discharge of employees." Fed. R. Evid. 407 (Advisory Committee Note). Federal Rule of Evidence 407 applies to contract claims as well as tort claims. *Reynolds v. Univ. of Pa.*, 747 F. Supp. 2d 522, 535 (E.D. Pa. 2010), *aff'd*, 483 F. App'x 726 (3d Cir. 2012).

Evidence of changes OHA made to the methodologies it used to set the 2019 and 2020 rates would not be admissible to demonstrate that OHA breached its contracts when it set the 2017 and 2018 rates. Consequently, the Court should bar FamilyCare's requested discovery.

## III.    The supplemental discovery FamilyCare demands is unduly burdensome.

Under Federal Rule 26(c), the Court may prohibit discovery where it would cause "undue burden or expense." Fed. R. Civ. P. 26(c)(1). FamilyCare seeks potentially hundreds of thousands of pages of documents, which could require hundreds of hours to review and produce. Accordingly, the Court should bar FamilyCare's unduly burdensome requests.

FamilyCare seeks documents that relate to rate-setting for 2019 and 2020. FamilyCare's requests could require an additional production of documents comparable to OHA's already substantial production, which amounted to more than 240,000 documents. (Scott Decl. ¶¶ 4-5.)

That is not all. FamilyCare's requests are further complicated by the nature of the documents they seek, which almost certainly will involve other CCOs' and Optumas' trade secrets. As this Court knows, FamilyCare's prior discovery requests led to multiple CCOs intervening and engendered serial motion practice that is still, several years in, continuing. (*See, e.g.,* Dkt. 405.) "The relevancy of this information must be balanced against the burdensomeness of its production." *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989). The Court should bar FamilyCare's unduly burdensome discovery requests.

**Page 6 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A
             PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

**IV.    The supplemental discovery FamilyCare demands is not proportional to the needs of this case.**

Even if the Court concludes that FamilyCare's requests seek 2019 and 2020 documents that might be relevant, admissible, and not unduly burdensome, FamilyCare's requests are still not proportional to the needs of the case.  Requested discovery must be proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  In fact, the Advisory Committee Note for the 2015 Amendments to the Federal Rules makes clear that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26, Advisory Committee Note (2015 Amendments); *see also Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16–cv–0580–AC, 2016 WL 6963039 *5 (D. Or. Nov. 28, 2016) ("The 2015 amendment calls for renewed consideration of the time and money litigants must expend on discovery, and for courts to impose reasonable limits on discovery through the common-sense concept of proportionality."  (citations and quotation marks omitted)).

Where, as here, OHA, Optumas, and other third parties have produced enormous and far-reaching discovery about the claims at issue, adding voluminous additional discovery, especially after the close of discovery and years after the relevant time period, does not serve the intended proportionality purposes of Federal Rule 26(b)(1) and should be prohibited.  *See Murphy v. Precision Castparts Corp.*, No. 3:16-cv-00521-SB, 2019 WL 8226260 *2 (D. Or. May 24, 2019) (refusing to permit supplemental discovery when the defendant had incurred "substantial time and expense" to provide "over half" of the requested material and compelling discovery of additional information would be "only marginally beneficial to [the plaintiffs] in light of the discovery already provided, and it would come at a substantial burden" to the defendant).  The Court should bar FamilyCare's requested supplemental discovery.

**Page 7 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

## CONCLUSION

This Court should grant OHA's motion for a protective order prohibiting FamilyCare from obtaining discovery into 2019 and 2020 rate setting.

DATED this 18th day of May, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


*s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

> *Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

> *Of Attorney for Defendants Oregon Health Authority, an agency of the State of Oregon*


1143584

**Page 8 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION FOR A PROTECTIVE ORDER RE SCOPE OF SUPPLEMENTAL DISCOVERY**

**CERTIFICATE OF COMPLIANCE WITH L.R. 7-3**

I certify that this brief complies with the applicable word-count limitation under L.R. 7-3 and 26-3 because it contains 2,100 words, including headings, footnotes, and quotations, but excluding the caption, signature block, exhibits, and any certificates of counsel.

DATED this 18th day of May, 2021.

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
Attorney for Oregon Health Authority
