**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

       Special Assistant Attorneys General for Defendant Oregon
       Health Authority, an agency of the State of Oregon
       [Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | |
| Defendants. | |

**INTRODUCTION**

Discovery closed more than two and one-half years ago and FamilyCare was prepared

to go to trial in January 2019 on the documents and discovery it had obtained to that point.

That discovery included documents and deposition testimony concerning the transition of

FamilyCare's members to Health Share and the Oregon Health Authority's ("OHA") 2018 rate

adjustments after FamilyCare left the market.  Furthermore, OHA has agreed to supplement

**Page 1 -  DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO
        FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

discovery regarding OHA's 2017 and 2018 rate setting and other topics that are core to FamilyCare's claims.  Yet FamilyCare now contends it needs what could be hundreds of thousands of additional documents about OHA's rate setting for 2019 and 2020—years in which FamilyCare was not even a coordinated care organization ("CCO").

FamilyCare has not demonstrated that this new, additional discovery is relevant to its claims or proportional to the needs of this case.  FamilyCare's requests could take months to complete and potentially engender many more months of motion practice regarding document designations.  Because it has not met its burden under Rule 26 to obtain this discovery, FamilyCare's Motion for Discovery should be denied.

Furthermore, because the scope of discovery could depend on the Court's resolution of OHA's Motion to Dismiss FamilyCare's claim for breach of the covenant of good faith and fair dealing, the Court should deny FamilyCare's request for expedited consideration of its Motion for Discovery and hear both motions at the same time.

## ARGUMENT

**I.    FamilyCare has failed to meet its burden to demonstrate that discovery into 2019 and 2020 rate setting—years during which FamilyCare was not in the marketplace—are relevant to any claim or defense in this action.**

Rule 26(b)(1) permits discovery into any "matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  FamilyCare advances three claims for relief: A Section 1983, First-Amendment-retaliation claim against Lynne Saxton, a claim for breach of the 2016 settlement agreement, and a claim for breach of the implied covenant of good faith and fair dealing in the parties' CCO Contract, which terminated in January 2018. FamilyCare has failed to demonstrate how discovery into OHA's rate-setting decisions in years in which FamilyCare was not a CCO and did not receive rates is relevant to any of its claims.

FamilyCare has not argued that discovery of OHA's 2019 and 2020 rate-setting information is necessary to prove the elements of any of its claims.  And it is not.  FamilyCare's first claim is directed against Lynne Saxton in her personal capacity.  Ms. Saxton resigned from OHA in August 2017, more than a year before any of the new material FamilyCare seeks was

**Page 2 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

created.  OHA's rate-setting decisions in 2019 and 2020, made a year or more after Ms. Saxton left OHA and under the leadership of a new director who is no longer a party to this case, have no relevance to whether Ms. Saxton, in 2016 and early 2017, violated Section 1983. Furthermore, evidence of subsequent conduct is not probative of a party's state of mind at the time it initially acted.  *See Stahl v. Bd. of Comm'rs of Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 244 F. Supp. 2d 1181, 1188 (D. Kan. 2003), *aff'd*, 101 F. App'x 316 (10th Cir. 2004) (evidence of subsequent policy change "is not probative of defendant's state of mind at the time plaintiff" was injured).  Consequently, 2019 and 2020 rate-setting information cannot show that Ms. Saxton "retaliated against FamilyCare," as FamilyCare alleges.  (5th Am. Compl. ¶ 82.)

The discovery FamilyCare seeks is also irrelevant to FamilyCare's second claim. FamilyCare contends that it needs discovery into 2019 and 2020 rate setting because that discovery might show that OHA addressed "errors and problems with rate setting" after FamilyCare left the market.  (Pls.' Mot. for Discovery ("Mot.") (Dkt. 436) at 1.)  But the second claim does not involve "errors and problems with rate setting"; rather, FamilyCare alleges that "in developing the 2017 and 2018 capitation rates" OHA identified and removed certain costs from FamilyCare's 2015 and 2016 base data to "clawback" money credited to FamilyCare in the 2016 settlement.  (5th Am. Compl. ¶¶ 96-98.)  FamilyCare's allegations are specific to a series of rate-setting decisions OHA allegedly made in 2015, 2016, and 2017 to set the 2017 and 2018 rates.  There is no information from the 2019 and 2020 rate setting, when FamilyCare was not part of the market, that are relevant to the determination of whether OHA "reduc[ed] FamilyCare's 2017 and 2018 rates to penalize FamilyCare[.]"  (*Id.* ¶ 97.)

Finally, discovery into 2019 and 2020 rate setting is not relevant to FamilyCare's third claim.  That claim alleges OHA breached a contract that FamilyCare and OHA entered in 2014, and which expired in 2018.  The 2019 and 2020 rate-setting information that FamilyCare now seeks involves different CCOs operating under their own contracts.  Thus, OHA's conduct in those years and with different CCOs has nothing to say about whether OHA breached its contract with FamilyCare at an earlier time.

**Page 3 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

Instead of arguing that 2019 and 2020 rate-setting information is relevant to its claims, FamilyCare argues that it is necessary to determine whether "OHA's and Saxton's proffered excuses for FamilyCare's low 2017 and 2018 rates were pretextural." (Mot. at 7.) To this end, FamilyCare cites a variety of changes in OHA's rate-setting methodology after FamilyCare left the market. But FamilyCare's inferential reasoning is defective. The fact that OHA took one action in 2017, when FamilyCare was in the market, and then took another two years later, when FamilyCare was not, does not demonstrate that OHA's reasons for acting differently in 2017 were pretextual. The reason is simple: Many more conditions changed between 2017 and 2019 than FamilyCare's departure from the market. For example, the Centers for Medicare and Medicaid Systems is constantly issuing new and revised guidance to state Medicaid programs. (Federal Policy Guidance found at Medicaid.gov, attached to Decl. of Greg Scott in Supp. of Def.'s Resp. to Familycare, Inc.'s Mot. for Discovery ("Scott Decl.") as Ex. 1.) The State's budget for the Oregon Health Plan changes year over year. Oregon's population and economy changes. (*Id.,* Ex. 2.) CCOs expand, shrink, and move. Any number of these, or other, changes could be the reason OHA made a different decision in 2019 than it did in 2017. To show that a reason OHA offered for its action was pretextual, FamilyCare must do more than simply show that OHA changed its methodology after FamilyCare left the market.

The discovery FamilyCare is seeking is designed to demonstrate a fact that no one disputes and that proves nothing: OHA is constantly updating its methodologies to adapt to a changing market. That fact alone, without some plausible connection to the claims and defenses in this case, is not sufficient to require OHA to produce what could be hundreds of thousands of additional documents about a time in which FamilyCare was not a CCO.

II.     **FamilyCare has failed to demonstrate the proportionality of the requested 2019 and 2020 materials, and its request frustrates the Rules' mandate to secure a just, speedy, and inexpensive determination of this action.**

To date, OHA has reviewed more than 750,000 documents in this matter. (Scott Decl. ¶ 3.) OHA has produced 241,650 of those documents, totaling more than 1.3 million pages of material. (*Id.*) Those documents cover 2017 and 2018 rate setting. By requesting the 2019 and

**Page 4 -     DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

2020 rate-setting materials, FamilyCare could nearly double (or more) OHA's already considerable discovery burden.  (*Id*. ¶ 4.)  Furthermore, OHA adopted a revised CCO program in 2020, called CCO 2.0.  As FamilyCare pointed out in its motion practice with the CCOs regarding attorneys' eyes only designations, "the CCO 2.0 program ushered in substantial changes in how CCOs reimburse health care providers and facilities."  (FamilyCare's Mot. to Down-Designate AEO Documents (Dkt. 405) at 13.)  As such, OHA and the remaining CCOs produced voluminous documents regarding the creation and adoption of the new program.  But none of those documents are relevant to FamilyCare, which did not apply for and does not participate in CCO 2.0.  (*Id.* at 14 ("FamilyCare made no effort to be awarded a contract under CCO 2.0 and has made no subsequent effort to re-enter the CCO market.").)

Collecting and reviewing two more years of rate-setting documents will be an enormous undertaking.  OHA will need to hire and train a sizeable document review team.  (Scott Decl. ¶ 4.)  The team will require at least 60-90 days to review the documents for privilege, relevance, and confidentiality.  (*Id.* ¶ 4.)  The production could, as similar productions did in 2018, engender motion practice between the parties.  (*See, e.g.,* Dkt. 27.)  And the documents will almost certainly involve Optumas' and other CCOs' trade-secret documents, potentially igniting another long series of motions and hearings regarding document designations.

FamilyCare's Motion for Discovery fails to demonstrate or consider the proportionality obligation of Rule 26(b)(1).  *See* Committee Notes to Fed. Rule Civ. Pr. 26(b)(1) (explaining that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes").  Indeed, FamilyCare has not even proposed reasonable limits on the documents it seeks, stating only that they want discovery into OHA's 2019 and 2020 rate-setting methodology.  The "trial court must limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 274 (6th Cir. 2021).

**Page 5 -  DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO
  FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

FamilyCare's request to obtain what could be hundreds of thousands of additional documents four years into its prosecution of this case, and more than two years after it was prepared to go to trial without the newly requested documents, also frustrates Rule 1's proscription to apply the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination" of an action.  Fed. Rule Civ. Pr. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also U.S. v. Thompson*, No. 3:17-cv-00794, 2018 WL 2970755 *4 (D.Or. June 13, 2018) (denying a motion to compel discovery as not relevant, not proportional, and not likely to satisfy Rule 1).  For these additional reasons, FamilyCare's Motion for Discovery should be denied.

III.    **FamilyCare should not be permitted to re-open discovery to seek new material four years after the filing of this action, and seven months from the pre-trial conference.**

FamilyCare also asks the Court to reopen discovery in this case just months before the parties will begin their pre-trial filings.  To do so, FamilyCare suggests this will not prejudice OHA in its preparations for trial because FamilyCare "seeks only limited discovery into certain aspects of 2019 and 2020 rate setting," but it fails to plausibly explain how it proposes to limit its discovery other than offering to forego depositions.  (Mot. at 9); *see City of Pomona v. SQM N. Am. Corp.*, 866 F3d 1060, 1066 (9th Cir. 2017) (describing the standard for reopening discovery, including whether the request is opposed, whether the non-moving party would be prejudiced, and whether trial is imminent).  But as discussed above, producing documents responsive to FamilyCare's requests could require OHA to spend months collecting and reviewing documents and bog the parties and the Court down in motion practice, prejudicing OHA's ability to prepare for trial while it sorts through, reviews, and produces, what could be hundreds of thousands of irrelevant documents.

FamilyCare also asserts that the Court should reopen discovery because "OHA consented to the filing of FamilyCare's Fifth Amended Complaint, which added factual allegations regarding rate-setting in 2019 and 2020" and cites to paragraph 78 of the complaint.  (Mot. at 9.) FamilyCare further asserts, in a footnote, that "OHA made no objection to the addition of

**Page 6 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

allegations on which FamilyCare now seeks discovery." (*Id.* at 10 n.5.)  OHA did not "consent" to any of FamilyCare's new allegations.  On the contrary, in its stipulation (dkt. 427), OHA specifically "reserve[d] the right to challenge the ***allegations*** and claims [in the Fifth Amended Complaint] in due course."  (Stipulation and Agreement at 2 (Dkt. 427) (emphasis added).)  Given OHA's express reservation of rights to challenge FamilyCare's new allegations, the assertion that OHA "consented" to new allegations is misleading.  Furthermore, as FamilyCare knew it would before it filed its Motion for Discovery, OHA moved to strike paragraph 78 of FamilyCare's Fifth Amended Complaint.  (Dkt. 432.)

**IV.    The Court should deny FamilyCare's request for expedited consideration because the scope of discovery depends on the Court's resolution of OHA's Motion to Dismiss.**

FamilyCare's Motion for Discovery seeks OHA's documents from the 2019 and 2020 rate-setting process because, according to FamilyCare, such documents might show that OHA addressed "errors and problems with rate setting" after FamilyCare left the market.  (Mot. at 1.) FamilyCare's Fifth Amended Complaint alleges three claims for relief, but only the third, FamilyCare's claim for good faith and fair dealing, addresses "errors and problems with rate setting."[1]  That claims alleges that as "a result of errors in data and methodology . . . OHA further breached the Contract[.]"  (5th Am. Compl. ¶ 109.)  OHA has moved to dismiss the claim.  (Dkt. 432.)  Accordingly, if the Court dismisses FamilyCare's third claim for relief, it will have no reason to grant FamilyCare's Motion for Discovery because there is no plausible connection between the remaining claims and the discovery FamilyCare seeks.  In the interests of judicial economy, therefore, the Court should decide FamilyCare's Motion for Discovery at the same time it decides OHA's Motion to Dismiss.

---

[1]  For the reasons discussed above, FamilyCare's requested discovery into OHA's 2019 and 2020 rate setting is irrelevant to *all* of FamilyCare's claims for relief, including the third claim.  OHA does not concede that the requested discovery is relevant or discoverable to support FamilyCare's third claim.  But, if the Court were to find that there is any connection at all, however remote, between the additional discovery FamilyCare seeks and its claims for relief, that connection falls only on the third claim.

**Page 7 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**

## CONCLUSION

OHA respectfully requests that the Court to deny FamilyCare's Motion for Discovery.

DATED this 8th day of June, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendant Oregon Health Authority, an agency of the State of Oregon*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

*Of Attorney for Defendant Oregon Health Authority, an agency of the State of Oregon*

1147607

**Page 8 -   DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION FOR DISCOVERY**