**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>                    Defendants. | Case No. 6:18-cv-00296-MO<br><br>**FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

152630867.8    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ........................................................................................................................ 5

I.      Saxton's Motion to Dismiss Is Both Untimely and Barred by the Law of the Case Doctrine ......................................................................................... 5

         A.    The Motion to Dismiss Should Be Denied Because This Court's Ruling on Saxton's Summary Judgment Motion Is the Law of the Case .............................................................................................. 5

         B.    The Motion to Dismiss Should Be Denied Because It Defies This Court's Directive ........................................................................... 7

         C.    The Motion to Dismiss Should Be Denied Because It Was Filed Almost Three Years after the Deadline for Dispositive Motions .............. 8

II.     FamilyCare Has Properly Stated a Claim against Saxton for First Amendment Retaliation ............................................................................... 8

         A.    Legal Standard on a Motion to Dismiss ....................................................... 9

         B.    The Motion to Dismiss Should Be Denied Because Saxton's Two New Arguments Are Entirely without Merit ............................................. 9

              1.    Discriminatory Purpose Is Not an Element of a First Amendment Retaliation Claim ...................................................... 9

              2.    FamilyCare's Claim for First Amendment Retaliation Is Distinct from Its Contract Claims against OHA ......................... 10

         C.    The Motion to Dismiss Should Be Denied Because FamilyCare Has Stated a Claim for Retaliation against Saxton ................................. 11

         D.    Saxton's Request for Partial Summary Judgment on Damages Should Be Denied ..................................................................................... 14

         E.    Saxton's Request for Sanctions Should Be Denied ............................... 15

152630867.8

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allen v. FamilyCare, Inc.*,
812 F. App'x 413 (9th Cir. 2020), *as amended* (May 7, 2020) ...................................... passim

*Alpha Energy Savers, Inc. v. Hansen*,
381 F.3d 917 (9th Cir. 2004) ...................................................................................9, 10, 11

*Ammons v. Bakewell*,
481 F. App'x 389 (9th Cir. 2012) ..............................................................................................8

*Austin v. Univ. of Oregon*,
205 F. Supp. 3d 1214 (D. Or 2016) ........................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................2

*Chavez v. Tempe Union High Sch. Dist. No. 213*,
565 F.2d 1087 (9th Cir. 1977) ................................................................................................10

*Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l, Inc.*
No. CIV. A. 09-773-GMS...........................................................................................................10

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) .............................................................................................9, 13

*Hall v. City of Los Angeles*,
697 F.3d 1059 (9th Cir. 2012) ..................................................................................................5

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ..................................................................................................9

*Metcalf v. Golden (In re Adbox, Inc.)*,
488 F.3d 836 (9th Cir. 2007) ..................................................................................................14

*Natural-Immunogenics Corp. v. Newport Trial Group*,
No. SACV 15–02034, 2017 WL 6060605 (C.D. Cal. Apr. 19, 2017)......................................6

*Thomas v. Bible*,
983 F.2d 152 (9th Cir. 1993) ....................................................................................................5

*U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*,
768 F.2d 1099 (9th Cir. 1985) ..................................................................................................8

152630867.8

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
    No. 12–1924, 2013 WL 5402072 (N.D. Cal. Sept. 26, 2013) ..................................................10

*Zehr v. Haugen*,
    318 Or. 647 (1994)...........................................................................................................................11

**RULES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................2, 9, 13

FAMILYCARE, INC'S OPPOSITION TO
DEFENDANT LYNNE SAXTON'S MOTION TO
DISMISS

**Perkins Coie LLP**
AuthorOfficeAddress
Phone:  AuthorOfficeGeneralNo1
Fax:  AuthorOfficeFaxNo1

**INTRODUCTION**

More than two years ago, this Court denied Defendant Lynne Saxton's Motion for Summary Judgment (the "Summary Judgment Motion"), holding that FamilyCare presented sufficient evidence for the jury to determine whether Saxton retaliated against FamilyCare for exercising its First Amendment rights.  Saxton appealed, and the Ninth Circuit held it was "clearly established that Saxton's conduct violated the Constitution."  Now, without acknowledging either of these prior rulings—which are the law of the case—Saxton brings a Motion to Dismiss ("Motion to Dismiss") based on six issues that are *identical* to issues she raised in her Summary Judgment Motion (the "Six Rejected Arguments").  For that reason alone, Saxton's Motion should be denied.

Not only does Saxton seek to relitigate issues she lost, her Motion to Dismiss defies this Court's explicit limitation on further dispositive motions.  This Court instructed the parties that it would consider requests for further dispositive motions if, and only if, they were triggered by "new" information learned during supplemental discovery—something that has not happened here.  Moreover, the dispositive motion deadline—which this Court extended specifically for Saxton—passed almost three years ago.  Saxton has not asked this Court for leave to file her Motion to Dismiss or to join OHA's motion for partial summary judgment (which should also be rejected as untimely).  The Motion to Dismiss should be denied on these independent grounds as well.

Even if this Court overlooks the glaring procedural deficiencies and entertains the arguments on the merits, the result should not change.  The Six Rejected Arguments are identical to those she raised and lost in her unsuccessful Summary Judgment Motion because the Court concluded that there was sufficient *evidence*—not merely sufficient *allegations*—of retaliation in violation of the First Amendment, and if considered again, they should be rejected again.  Saxton also makes two new arguments; those fail because they misconstrue the nature of FamilyCare's claim against her.  As a matter of law, a claim for retaliation in violation of the First Amendment

1-    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

("First Amendment Retaliation") is not dependent on or limited by the existence of a contract, let alone a contract to which the defendant is not even a party, and it does not require a showing of discriminatory purpose. Finally, Saxton purports to join OHA's motion for partial summary judgment on the ground that the limitation on liability provision in the contract between FamilyCare and *OHA* should apply to her, even though she is not a named contracting party. Saxton identifies no reason why a provision in a contract to which she is neither a party nor a third-party beneficiary would apply to her, which alone dooms her effort. Moreover, the claim is also untimely, and it also fails as a matter of law. Saxton never raised the limitation of liability provision as an affirmative defense and thus waived it, and, in any event, the limitation on liability clause does not apply to her willful retaliation.

## BACKGROUND

Because the allegations in this case have now been recited numerous times, FamilyCare provides only a brief summary and directs this Court to docket numbers 111, 222, 259, 295, and 429 for a fuller recital of the facts regarding Ms. Saxton, which have not changed in any material respect in the Fifth Amended Complaint.[1]

While Saxton was the Director of OHA, FamilyCare objected for years, both publicly and to OHA directly, about the rates that OHA was giving FamilyCare and OHA's rate-setting process generally. Saxton retaliated against FamilyCare for criticizing her and her agency in two related ways: (1) punitive rate-setting that lowered FamilyCare's rates so much that FamilyCare

---

[1] Consistent with the procedural posture of the Motion to Dismiss, the discussion herein references the allegations in FamilyCare's Fifth Amended Complaint. But through discovery, FamilyCare obtained additional evidence of Saxton's involvement in punitive rate-setting and the retaliatory disparagement campaign, which is detailed at length in FamilyCare's Opposition to Saxton's Motion for Summary Judgment, and which this Court and the Ninth Circuit both found sufficient to create triable issues of fact about Saxton's conduct. *See* ECF 295 at 6–22. As a result, Saxton has undeniably had "fair notice of what the … claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). But should this Court find the facts as alleged in the Complaint insufficient to state a claim, FamilyCare seeks leave to amend its Complaint to include the additional facts that Saxton has been on notice about for almost three years.

2- FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

was ultimately forced out of business; and (2) a campaign to disparage FamilyCare in the media and public eye and thereby undermine FamilyCare's bid for reform and transparency. *See* Fifth Am. Complaint ¶¶ 3–4; 18–56; 79–89.

On June 18, 2018, FamilyCare filed its Fourth Amended Complaint and added Saxton as a Defendant. Saxton subsequently moved to extend her dispositive motion deadline so that she could "file appropriate motions against the fourth amended complaint." ECF 140, 141 at ¶ 7. This Court extended the deadline for her to September 20, 2018. On that date, Saxton filed the Summary Judgment Motion, arguing that FamilyCare failed to establish key elements of its claim against her and that, even if it had, she was entitled to qualified immunity because her actions were not clear constitutional violations. ECF 253. The Summary Judgment Motion included the Six Rejected Arguments, as set out in detail in Section I.A below. Saxton did not move to dismiss the Fourth Amended Complaint.

On November 2, 2018, this Court denied Saxton's Summary Judgment Motion on the merits, finding that FamilyCare's evidence of Saxton's involvement in biased rate-making and her campaign to disparage FamilyCare created a genuine issue of material fact regarding each of the three elements of a First Amendment Retaliation claim. ECF 339 48:12–53:15. The Court also granted Saxton's motion for qualified immunity, in part, and denied it in part. Mirroring Saxton's argument, the qualified immunity ruling addressed only her retaliatory speech disparaging FamilyCare, not her punitive rate-setting. *Id.* 52:12-53:11.

Saxton appealed the Court's partial denial of summary judgment on the issue of qualified immunity and FamilyCare cross-appealed the Court's partial grant of summary judgment on the same issue. *See* ECF 344. The Ninth Circuit held that FamilyCare "clearly established that Saxton's conduct violated the Constitution." *Allen v. FamilyCare, Inc.*, 812 F. App'x 413, 420 (9th Cir. 2020), *as amended* (May 7, 2020). The Ninth Circuit also held that "FamilyCare presented sufficient evidence suggesting that Saxton retaliated against its protected speech by implementing the [smear] campaign." *Id.* The Ninth Circuit declined to address Saxton's

3-    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

argument that she was entitled to qualified immunity with respect to retaliatory rate-setting, because she had not made that argument below.  Saxton did not further appeal the Ninth Circuit ruling.

Following remand, and after the case was stayed for nine months, this Court held a scheduling conference on April 5, 2021.  Prior to the conference, counsel for the parties, including counsel for Saxton, conferred about topics each party wanted to address with the Court upon lifting of the stay and, following the conferral, counsel emailed the Court identifying specific issues for discussion at the conference, including "potential additional dispositive motions."  Declaration of Matthew Gordon ("Gordon Decl."), Ex. A.  Counsel for Saxton appeared at the April 5 conference, where this Court directly addressed "potential additional dispositive motions" and made clear that it would not consider such motions after filing of the Fifth Amended Complaint just because a party wanted to "take another run at dispositive motions."  *Id.* Ex. B (April 5, 2021 Hearing) at 18:24–19:10.  The Court clearly stated, "I'm not going to do that," but left open the possibility that another dispositive motion could be warranted *if* new information came to light in supplemental or re-opened discovery that the moving party did not previously possess.  *Id.* at 19:10–19.  Even then, this Court made clear that it was "disinclined to have any further dispositive" motions but would "*entertain a request*" for such motions only if further discovery actually resulted in "something new" and the motion was "triggered by discovery that you didn't ever have before."  *Id.* at 19:13–19 (emphasis added).

On April 27, 2021, FamilyCare filed its Fifth Amended Complaint, which added no new allegations related to Saxton and did not otherwise change the claim against her.  Saxton does not (and cannot) contend that there has been any new or supplemental discovery since the April 5, 2021 scheduling conference *or* the September 20, 2018 extended deadline for her to file dispositive motions that has yielded anything that she "didn't ever have before."

Six weeks after this Court's instructions to file no further dispositive motions, and almost three years after the deadline for dispositive motions passed, Saxton filed the present Motion to

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Dismiss. She did not seek leave from this Court, and, despite making *six identical arguments* to the ones she already raised and lost in her Summary Judgment Motion, Saxton makes no reference to either this Court's ruling on summary judgment or the Ninth Circuit's opinion. She also makes three additional arguments that could have been included in her prior Summary Judgment Motion, and, regardless, are entirely without merit.

## ARGUMENT

Well past the dispositive motion deadline, and contrary to clear orders from this Court, Saxton seeks to relitigate issues that this Court and the Ninth Circuit already rejected under the more difficult summary judgment standard, and that are now the law of the case. Saxton's Motion to Dismiss should be denied on those bases alone, and even if this Court entertains the arguments, they are easily rejected—again.

## I. Saxton's Motion to Dismiss Is Both Untimely and Barred by the Law of the Case Doctrine

Saxton's Motion is procedurally improper for three reasons. First, Saxton seeks to relitigate the exact same issues that this Court and the Ninth Circuit have already considered and rejected, without even so much as acknowledging those prior holdings. Second, the Motion defies express direction from this Court. Third, Saxton submitted it well after the deadline to file dispositive motions.

### A. The Motion to Dismiss Should Be Denied Because This Court's Ruling on Saxton's Summary Judgment Motion Is the Law of the Case

Saxton's Motion should be denied because the law of the case doctrine and the rule of mandate preclude re-litigating the same issues she already raised and lost. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (district court "cannot vary or examine [an appellate court's mandate] for any purpose other than executing it"). The arguments Saxton re-raises have been decided. She cannot bring them again.

5- FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

For the law of the case doctrine to apply, "the issue in question must have been decided either expressly or by necessary implication in [the] previous disposition." *Thomas*, 983 F.2d at 154. Most of the issues Saxton raises were already decided against her on the basis that FamilyCare's allegations were supported by sufficient evidence in the summary judgment record to establish the elements of the claim against her—which of course is a higher evidentiary standard than applies to her present Motion to Dismiss. *See Natural-Immunogenics Corp. v. Newport Trial Group*, No. SACV 15–02034, 2017 WL 6060605, at *5–6 (C.D. Cal. Apr. 19, 2017) (summary judgment motion precluded when the Court rejected the same arguments on a similar motion standard and no new facts were raised). In particular, the Six Rejected Arguments in her Motion to Dismiss described below were raised in Saxton's Summary Judgment Motion and squarely rejected by this Court and the Ninth Circuit:

1) FamilyCare failed to prove that Saxton retaliated against it by reduced rate setting, *compare* ECF 253 (Motion for Summary Judgment) at 11–12 *with* ECF 431 (Motion to Dismiss) at 10–12 ("Conclusions Regarding Saxton's Participation in Rate Setting Fail Under Iqbal and Twombly.");

2) FamilyCare failed to prove Saxton engaged in a "smear campaign" against it, *compare* ECF 253 (Motion for Summary Judgment) at 12–13 *with* ECF 431 (Motion to Dismiss) at 14–15 ("Conclusions Regarding Saxton's 'Development and Implementation' of a 'Smear Campaign' Fail Under Iqbal and Twombly.");

3) "FamilyCare cannot establish that Saxton denied it any procedural protections," *compare* ECF 253 (Motion for Summary Judgment) at 13 *with* ECF 431 (Motion to Dismiss) at 12–13 ("Conclusions Regarding Saxton's Failure to Provide Procedural Protections Fail Under Iqbal and Twombly.");

4) "FamilyCare cannot establish that Saxton implemented a decision to put it out of business," *compare* ECF 253 (Motion for Summary Judgment) at 14 *with* ECF 431 (Motion to Dismiss) at 14 ("Conclusions Regarding Saxton's Implementation of a Policy Decision and Plan to Put FamilyCare Out of Business Fail Under Iqbal and Twombly.");

5) "FamilyCare fails to state a claim against Saxton in her individual capacity" and "there is no vicarious liability under section 1983," *compare* ECF 253 (Motion for Summary Judgment) at 7–8 *with* ECF 431 (Motion to Dismiss) at 9–10 ("[T]here is no vicarious liability under § 1983, and liability under § 1983 is dependent upon a showing of personal participation in the alleged deprivation of rights."); and

6) FamilyCare failed to establish the damages it seeks, *compare* ECF 253 (Motion for Summary Judgment) at 15 *with* ECF 431 (Motion to Dismiss) at 21–22 (Joining OHA's Motion to Dismiss / Motion for Summary Judgment on damages).

6-    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

ECF 253; ECF 339 48:12–53:15.[2]

Saxton identifies no exception to the law of the case doctrine that would permit her to have another bite at the apple because the last bite was not to her liking.  Indeed, she fails to even *acknowledge* controlling prior decisions from this Court and the Ninth Circuit.  This Court should reject her arguments on that basis alone.  Moreover, there have been no new allegations raised against her, no new claims brought, and no new pertinent facts obtained through discovery since her Summary Judgment Motion was denied almost three years ago.

**B.  The Motion to Dismiss Should Be Denied Because It Defies This Court's Directive**

Saxton's Motion to Dismiss should also be rejected because it defies this Court's express directions.  After the parties—including Saxton—identified "potential additional dispositive motions" as topic for discussion in advance of the April 5 status conference, this Court made clear that it would not entertain additional dispositive motions unless new facts came to light through further discovery—and even then, although disinclined to do so, would "entertain *a request* by OHA or any other party for dispositive motions *triggered by* discovery that you didn't ever have before."  Gordon Decl., Ex. B (April 5, 2021 Hearing) at 19:7–19 (emphases added).  Saxton's counsel was present at the hearing and did not ask for an exception or even advise the Court that Saxton was planning to file a motion to dismiss.  Saxton also has never filed any request to file a new dispositive motion.  Nor does she even contend that the Motion to Dismiss is "triggered by" discovery she didn't have before, and she identifies no information that she learned only recently—because there is none.  In fact, the only development affecting Saxton since this Court denied her Motion for Summary Judgment on November 2, 2018 is the Ninth Circuit's order holding that FamilyCare presented sufficient evidence to show Saxton's campaign to disparage FamilyCare constituted First Amendment Retaliation and overturning this Court's partial grant of summary judgment based on qualified immunity.  *Allen*, 812 F. App'x at

---

[2]The remaining two issues in the Motion to Dismiss and Saxton's attempt to join OHA's motion for partial summary judgment are addressed in Sections II (B)–(C) below.

7-    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

420.  Saxton's Motion to Dismiss does not fit into the narrow exception this Court outlined on April 5, and it should be denied outright on that basis.

### C. The Motion to Dismiss Should Be Denied Because It Was Filed Almost Three Years after the Deadline for Dispositive Motions

The Motion to Dismiss should be also denied because it was filed well past the dispositive motion deadline without even an attempt to show good cause to excuse its untimeliness. *See e.g.*, *Ammons v. Bakewell*, 481 F. App'x 389 (9th Cir. 2012) ("The district court did not abuse its discretion in striking a motion for summary judgment that was filed after the scheduling order deadline" where no good cause for the untimely filing was shown) (cleaned up); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (affirming district court's rejection of summary judgment motion filed 11 months after the dispositive motions deadline as untimely).  Saxton filed her Motion thirty-two (32) months beyond the dispositive motion deadline set by this Court, a deadline this Court previously extended specifically for her so that she could "file appropriate motions against the fourth amended complaint."  ECF 140, 141 at ¶ 7.  Saxton gives no explanation for the late filing.  She fails to even acknowledge the prior deadline, let alone ask for leave to file this motion.

## II. FamilyCare Has Properly Stated a Claim against Saxton for First Amendment Retaliation

Even if this Court sets aside Saxton's glaring procedural violations and entertains her Motion to Dismiss, her arguments fail on the merits because FamilyCare has adequately stated a claim for First Amendment Retaliation, and that claim does not require a showing of discriminatory motive and was not subsumed by FamilyCare's contract claim against OHA.

Saxton's attempted joinder of OHA's motion for partial summary judgment on damages fails for the same reasons set out in FamilyCare's response to that motion, and for the additional reasons that Saxton has offered no evidence suggesting that she is either a party or a third-party beneficiary of the contract between FamilyCare and OHA.

8-

152630867.8

FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

### A.     Legal Standard on a Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), courts must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Accordingly, "[a] motion to dismiss will only be granted if the complaint fails to allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted)).

### B.     The Motion to Dismiss Should Be Denied Because Saxton's Two New Arguments Are Entirely without Merit

The two new arguments that Saxton raises—that FamilyCare failed to plead discriminatory purpose and that FamilyCare failed to show independent liability apart from the contract with OHA—have no connection to FamilyCare's claim against her.

### 1.     Discriminatory Purpose Is Not an Element of a First Amendment Retaliation Claim

Saxton has no legal basis for grafting a "discriminatory purpose" element onto FamilyCare's First Amendment Retaliation claim.  Simply put, a plaintiff alleging First Amendment Retaliation need not show discriminatory purpose because it's not an element of the claim.  *See e.g.*, *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923–31 (9th Cir. 2004) (listing elements of claim).

Tellingly, Saxton cites no First Amendment Retaliation case discussing a discriminatory purpose requirement.  *See* ECF 431 at 15–17.  The two cases Saxton cites address entirely different constitutional violations, each of which requires as an element of the claim a showing of discriminatory intent based on a constitutionally protected characteristic; moreover, each is expressly limited to the particular (non-First Amendment Retaliation) claims at issue.  *See*

9-     FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

*Chavez v. Tempe Union High Sch. Dist. No. 213*, 565 F.2d 1087, 1095 (9th Cir. 1977) ("[I]t appears that an action under [1983] at least *to the extent it relies upon the Equal Protection Clause of the Fourteenth Amendment* requires proof … of discriminatory intent.") (emphasis added); *Austin v. Univ. of Oregon*, 205 F. Supp. 3d 1214, 1227 (D. Or 2016) ("In order to succeed on an *equal protection* claim brought under § 1983, plaintiffs must prove that the defendants acted in a discriminatory manner and that the discrimination was intentional.") (emphasis added); ECF 431 at 15–17.[3]

### 2. FamilyCare's Claim for First Amendment Retaliation Is Distinct from Its Contract Claims against OHA

Saxton's argument that FamilyCare's claim is "bootstrapped" to its contract claim against OHA, *see* ECF 431 at 17–21, is creative but also plainly without legal basis.  First Amendment Retaliation is an independent ground for liability based on FamilyCare's expressive conduct and Saxton's retaliation against FamilyCare in violation of the Constitution.  The claim does not require a contractual relationship, and the elements required to prove the claim are entirely distinct from a claim for breach of contract.  *See Alpha Energy Savers*, 381 F.3d at 923 (listing elements).  Again, Saxton fails to identify a single case holding that First Amendment Retaliation (or any constitutional claim for that matter) is "bootstrapped" to a contract claim, and the two cases Saxton cites are inapposite or relate to laws not applicable to this case, not least because the Defendant in each case was a party to the contract at issue.[4]

---

[3] In the same section of her brief, Saxton suggests, but does not argue, that FamilyCare failed to show that Saxton's conduct "was prompted by FamilyCare's exercise of First Amendment Rights[.]" ECF 431 at 15.  This Court and the Ninth Circuit rejected this argument.  ECF 339 at 51:14–21; *Allen*, 812 F. App'x at 420 ("FamilyCare presented sufficient evidence suggesting that Saxton retaliated against its protected speech by implementing the campaign.").

[4] In *Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l, Inc.* No. CIV. A. 09-773, 2010 WL 3834405 (D. Del. Sept. 24, 2010), the court's opinion makes clear that it is applying a rule specific to Delaware state law and therefore not applicable to this case.  *Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, No. 12–1924, 2013 WL 5402072, at *3–4 (N.D. Cal. Sept. 26, 2013), concerned run-of-the mill tort claims such as intentional misrepresentation, concealment, negligence that arose directly out of terms of the contract, not a weighty constitutional claim that arose based on conduct separate from the contract.

10-      FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Saxton has an independent duty under the Constitution to refrain from using her position as Director of a powerful government agency to retaliate against a government contractor for speaking out on matters of public concern. *See Allen*, 812 F. App'x at 420 ("At the time Saxton acted, a reasonable official would have been on notice that retaliating against a contractor's protected speech with a campaign that improperly disparaged it, while simultaneously reducing the contractor's compensation, violated the contractor's First Amendment rights."). This duty is not dependent on any contract between FamilyCare and OHA. Indeed, although Saxton asserts that she is "ultimately a party" to the contract between FamilyCare and OHA, she never explains how that could be, given that the contract nowhere identifies her at all, let alone as a party.

Saxton's argument that FamilyCare's damages theory is intertwined with its breach of contract claim against OHA also fails for the same reason. FamilyCare's damages theory against Saxton is based on her *retaliation* and the damage arising from that retaliation, not from a breach of contract. Her argument goes at most to the *amount* of damage Saxton is liable for, not *whether* Saxton's retaliation caused damage to FamilyCare, and FamilyCare need not prove the amount of damages in its Complaint. *See Zehr v. Haugen*, 318 Or. 647, 659 (1994).

**C.      The Motion to Dismiss Should Be Denied Because FamilyCare Has Stated a Claim for Retaliation against Saxton**

Saxton relies on the Six Rejected Arguments as support for her assertion that FamilyCare has not stated a claim for First Amendment Retaliation. Saxton's arguments should be rejected for the same reasons they failed the first time.

FamilyCare's claim has three elements: "(1) [FamilyCare] engaged in expressive conduct that addressed a matter of public concern; (2) [Saxton] took an adverse action against it; and (3) its expressive conduct was a substantial or motivating factor for the adverse action." *Alpha Energy Savers*, 381 F.3d at 923. This Court already found that FamilyCare adduced *sufficient evidence* of each of those elements. ECF 339 at 48:12–53:15. Saxton inexplicably ignores that ruling (and the Ninth Circuit's affirmance) and overlooks the *evidence* of her wrongdoing to argue that the *allegations* are insufficient. This is nonsensical.

11-      FAMILYCARE, INC'S OPPOSITION TO
         DEFENDANT LYNNE SAXTON'S MOTION TO
152630867.8  DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

In any event, as alleged in the Complaint, Saxton personally ordered, directed, supplied information for, carried out, apologized for, took full responsibility for, and ultimately resigned because of the public disparagement campaign. Fifth Am. Compl. ¶¶ 44–56, 81–82. She also personally directed punitive rate-setting measures against FamilyCare. *Id.* ¶¶ 3–4, 20–43, 82. These factual allegations go well beyond the plausibility threshold required to survive a 12(b)(6) Motion to Dismiss.

Saxton's argument that she did not "personally" direct, develop, or implement the plan to disparage FamilyCare is directly contrary to the allegations (and to the summary judgment evidence). Saxton expressly directed OHA's communications director, BethAnne Darby, to create a "communications plan for the dispute resolution process." Fifth Am. Compl. ¶ 45. She forwarded a PowerPoint presentation presented by FamilyCare's counsel and instructed Darby to use it as part of the communications plan because it "will be helpful to us in developing our communication strategy." *Id.* ¶ 47. Saxton approved the communications plan, told Ms. Darby that she had reviewed it, and added that there were some "new developments that I think will build on the already good start you have outlined …. Thank you!" *Id.* ¶ 52. Saxton herself, along with others under her authority at OHA, implemented the process contemplated in the plan by making statements to the media to "hurt [FamilyCare's] credibility in the news" and furthered the plan's goal of portraying FamilyCare as an "outlier" that was "only worried about profit margins" by disparaging FamilyCare's motives, consistent with her communications plan. *Id.* ¶¶ 53–55.[5]

The Complaint also adequately alleges Saxton's personal involvement in punitive rate-setting to put FamilyCare out of business. As head of the OHA during the relevant time periods, Saxton's involvement is supported by allegations about her conduct and the actions of the agency she led. *Id.* ¶¶ 3–4; 18–56; 81–82. Again, FamilyCare need only plead sufficient facts to show

---

[5] Saxton quibbles with FamilyCare's use of "OHA" as opposed to "Saxton," but Saxton was the head of OHA during the relevant times and FamilyCare alleges (and the summary judgment evidence shows) that she was personally involved in the campaign.

12-    FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

its First Amendment Retaliation claim against Saxton is *plausible* or allow this Court to draw "the reasonable inference" that Saxton is liable specifically for her punitive rate-setting. *Fayer*, 649 F.3d at 1064.[6]

Saxton's argument that only OHA—not her—is responsible for the punitive rate-setting fails for at least two reasons. First, Saxton was the Director of OHA during the relevant time, and this Court has already rejected her vicarious liability argument. ECF 339 at 48:12–53:15. Second, discovery has already shown Saxton's personal involvement in rate-setting decisions that targeted FamilyCare and reduced its rates. *See* ECF 295 at 6–22, 28–31; and ECF 222 at 32–34.

Saxton's argument that the Complaint relies on mere legal conclusions is wrong. FamilyCare's allegations go beyond mere recitation of the single element in dispute in Saxton's Motion to Dismiss, that Saxton committed adverse actions to retaliate against FamilyCare, to identify specific actions she took—or did not take. For example, Saxton takes issue with FamilyCare's allegations that Saxton "refused to correct known errors in [OHA's] data and methodology," calling the allegation an unsupported legal conclusion. ECF 431 at 12. Yet, as Director of OHA during the relevant period, certainly Saxton was aware of those known errors because FamilyCare had been raising the issue directly to OHA, the legislature, the media, and other third parties for years, and because it was FamilyCare's criticism of those errors that fueled Saxton's campaign to disparage FamilyCare. Fifth Am. Compl. ¶¶ 4, 81–82.[7]

Finally, Saxton's suggestion that FamilyCare has repeatedly failed to cure deficiencies in its Complaint, ECF at 4, is highly misleading. FamilyCare has only amended its Complaint once since adding Saxton, and that amendment had nothing to do with the sufficiency of the

---

[6] Of course, FamilyCare has already shown more than mere plausibility that Saxton is liable for First Amendment Retaliation. ECF 339 at 50:1–5 and 51:14–21.

[7] If this Court concludes that the allegations in the Complaint are insufficient to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), there is a simple remedy—FamilyCare will add the additional facts on which it relied to survive summary judgment.

13- FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

152630867.8

allegations against Saxton. Those allegations have never been found deficient, so there has been nothing to "cure."[8]

**D.      Saxton's Request for Partial Summary Judgment on Damages Should Be Denied**

Saxton failed to raise the limitation of liability clause in the contract between OHA and FamilyCare as an affirmative defense in her answer, ECF 201, and as a result she has waived it. *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 841 (9th Cir. 2007) ("[A] defendant's failure to raise an 'affirmative defense' in his answer effects a waiver of that defense.").

Even if she were to have raised the defense, this Court should reject Saxton's unsupported claim that she is a party to the contract between FamilyCare and OHA in an effort to invoke a limitation on liabilities provision. ECF 431 at 21–22. Saxton identifies no provision in the contract under which she could claim party status, and the contract clearly defines the parties as FamilyCare and OHA—not Saxton. ECF 433-1, Ex. 2. And Saxton identifies no reason in law or logic why a limitation of liability clause in a contract to which she is not a party would apply to her in her personal capacity for her constitutional violation.

And even if it were to somehow apply to her, public policy concerns dictate that the limitation of liability provision is unenforceable as to Saxton's willful misconduct. This issue is more fully briefed in FamilyCare's Response to OHA's Motion to Dismiss, Motion for Summary Judgment, and Motion to Strike, filed contemporaneously with this motion and incorporated herein by reference. Regardless, Saxton cites no case that jettisons a cause of action entirely based on such a clause, let alone any case doing so in response to a motion to dismiss.

---

[8] FamilyCare did not deem it necessary to add additional or clarifying facts regarding Saxton in its latest amendment because the dispositive motion deadline had long since passed without Saxton moving to dismiss, this Court directed no further dispositive motions, and FamilyCare sought primarily to streamline the operative complaint rather than add to it additional facts relative to claims that had already survived summary judgment.

14-      FAMILYCARE, INC'S OPPOSITION TO
         DEFENDANT LYNNE SAXTON'S MOTION TO
152630867.8   DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**E.       Saxton's Request for Sanctions Should Be Denied**

With apparently unintended irony, Saxton requests attorneys' fees and costs "for defending a claim for damages which is either frivolous, unreasonable, without foundation, or brought in bad faith." ECF 431 at 22. Such a request tends to come from a party with clean hands. Here, it is raised by a motion especially noteworthy for its tardiness (as filed over 32 months after the dispositive motion deadline), blatant disregard for procedural requirements (as offered late without excuse, explanation, or request for leave), defiance (as violating orders from this Court to *not file this motion* without prior approval), lack of candor to this Court (as shown by failing to even acknowledge binding precedent *from this very case*), and frivolous legal arguments (as asserting meritless legal arguments whose infirmity would have been revealed upon cursory review of the cited cases). This request should be denied.

## CONCLUSION

Based on the foregoing, Saxton's Motion should be denied.

15-     FAMILYCARE, INC'S OPPOSITION TO
        DEFENDANT LYNNE SAXTON'S MOTION TO
152630867.8  DISMISS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED:  June 8, 2021.                                    **PERKINS COIE LLP**

By: */s/ Matthew Gordon*
    **Stephen F. English**, OSB No. 730843
    SEnglish@perkinscoie.com
    **Thomas R. Johnson** (OSB No. 010645)
    TRJohnson@perkinscoie.com
    **Heidee Stoller** (OSB No. 072835)
    HStoller@perkinscoie.com
    **Matthew J. Mertens** (OSB No. 146288)
    MMertens@perkinscoie.com
    **Sasha Petrova** (OSB No. 154008)
    SPetrova@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone:  503.727.2000
    Facsimile:   503.727.2222

    **Matthew P. Gordon** (admitted *pro hac vice*)
    MGordon@perkinscoie.com
    **David B. Robbins** (OSB No. 070630)
    DRobbins@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone:  206.359.8000
    Facsimile:   206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

16-    FAMILYCARE, INC'S OPPOSITION TO
DEFENDANT LYNNE SAXTON'S MOTION TO
152630867.8  DISMISS