THE COURT:  Thank you.

Mr. Harnden?

MR. HARNDEN:  We agree with OHA.

THE COURT:  All right.  So certainly supplemental discovery will just occur as you've described, as each of you have described, according to the rules, and doesn't require any deadlines by me at this point.  And so I will await the parties' intentions to litigate the reopening of discovery for new discovery.  And, again, because of the upcoming pendency of an amended complaint that may shape questions of discovery, I'm not going to set a specific deadline on discovery today, and I'll deal with any motions oppose -- seeking or opposing discovery as they come to me.

And I suppose the same -- Let's take up the last issue, and then I'll talk about, even though I haven't set deadlines, what my intentions are on the question of potential additional dispositive motion practice.

Here I'll start with OHA.

MR. WILSON:  Thank you, Your Honor.  We think that there may be a need for a few additional dispositive motions. This would be for several reasons:  one, given the potential of an amended complaint, we certainly want to keep open the possibility that there might need to be some sort of dispositive motion to deal with the amended complaint.  We also would like to keep the option open, given the supplemental

Exhibit 1
Page 1 of 3

discovery and the possibility of reopening discovery.

And finally, Your Honor, especially given that we're looking at an April trial date, we think that some narrow dispositive motion practice could help narrow the issues in such a way that would be beneficial to the party -- to the parties potentially for additional mediation or other reasons.

THE COURT:  Thank you.

For FamilyCare, anything you wish to add to this question?

MR. GORDON:  Well, yes, Your Honor.  Matt Gordon for FamilyCare.  The potential additional dispositive motion practice is something that OHA wanted to raise, and I think from FamilyCare's perspective, the time for dispositive motion practice has largely come and gone in this case.  There were multiple motions to dismiss filed, multiple motions for summary judgment.  Those have all been ruled on and been subject to appeal before the Ninth Circuit.

I certainly understand what Mr. Wilson says about if there's an amendment to the complaint that introduces a new claim, that that -- that there may be some dispositive motion practice relative to that, but otherwise I'm not -- I'm not aware of any potential dispositive motions in this case, given where we are.

THE COURT:  All right.  Thank you.

So on potential additional dispositive motions, OHA

Exhibit 1
Page 2 of 3

has raised three possible grounds for that. One is something arises in supplemental discovery that might justify further dispositive motions, and that's, I suppose, correct. The second is that in -- that if there is a reopening of discovery, and the reopening of discovery produces more information that leads to new dispositive motions not justified by the previous state of discovery, then I suppose that's also correct. And the third is just that hey, we've got a lot of time between now and trial, why don't we take another run at dispositive motions. And that's not correct. I'm not going to do that.

The first two would require a showing that something came up either in reopened or supplemental discovery that would justify a dispositive motion that hasn't been filed yet. I'm disinclined to have any further dispositive motions, but if those first two reasons -- supplemental discovery or reopened discovery -- really do result in something new, then I'll entertain a request by OHA or any other party for dispositive motions triggered by discovery that you didn't ever have before.

So that leaves a fair amount of things sort of up in the air pending the amended complaint. I'm asking the parties to work on deadlines for everything other than the two deadlines I've set today, and as well as, of course, the trial date. And the goal is to hold a hearing no later than July to resolve all of these matters so that we have that sort of put

Exhibit 1
Page 3 of 3