**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Chris M. Morgan,** OSB No. 175384
cmorgan@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>    Defendants. | **CV. 6:18-cv-00296-MO**<br><br>**REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

### TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   SAXTON'S MOTION IS TIMELY AND PROCEDURALLY PROPER ........................1

    A)    FamilyCare submitted, and the Court approved, a proposed scheduling order which contemplated the filing of motions under Fed. R. Civ. P. 12.........................1

    B)    Saxton's Motion to Dismiss is proper pursuant to the express language of Fed. R. Civ. P. 12.......................................................................................................2

    C)    FamilyCare's fifth amended complaint includes new allegations which it expressly incorporates in its claim against Saxton. ...............................................3

    D)    The "law of the case" doctrine does not preclude the Court from entertaining Saxton's motion. ....................................................................................................4

        i)    The Ninth Circuit did not decide upon the issues raised in Saxton's motion to dismiss. .........................................................................................4

Page i – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
      SAXTON'S MOTION TO DISMISS

(ii)   Even if the law of the case doctrine did apply, multiple exceptions apply which allow the Court to consider Saxton's motion to dismiss.........5

III.   FAMILYCARE'S FIFTH AMENDED COMPLAINT FAILS ..........................................6

A)   FamilyCare's retaliation claim under §1983 requires proof of Saxton's intentional, retaliatory action. ................................................................................7

B)   FamilyCare's claim for first amendment retaliation is not distinct from its contract claim against OHA....................................................................................9

C)   FamilyCare has not adequately stated a claim against Saxton under §1983. ........10

D)   The limitation of liability provisions contained in the applicable CCO Agreements bar any claim for consequential damages against Saxton. ................12

(i)   Saxton did not waive its limitation of liability defense. ............................12

(ii)   The CCO Agreements bar consequential damages which arise out of or relate to the Agreements. ..........................................................................12

(iii)   The damages that FamilyCare seeks from Saxton are consequential damages which are identical to those sought from OHA. ........................13

(iv)   Saxton is covered by the limitation of liability provision contained in the CCO Agreements. ................................................................................14

E)   Saxton Request for Sanctions ...............................................................................15

IV.   CONCLUSION..............................................................................................................15

Page ii – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Cases**

*Allen v. FamilyCare, Inc.*, 812 F. App'x 413, 420 (9th Cir. 2020)................................................. 4, 5

*Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917 (9th Cir. 2004).......................................... 7, 8

*Anderson v. Ashland Rental, Inc.,* 122 Or. App. 508, 510 (1993) ................................................. 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2021) ..................................................................... 1, 7, 8, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 1, 7, 8, 11

*Estey v. MacKenzie Eng'g*, Inc., 137 Or. App. 1, 4 (1995) ............................................................. 13

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ................................................................. 2

*Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) .................................................. 5

*Hartman v. Moore*, 547 U.S. 250, 259 (2006)...................................................................................... 8

*J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.,* 2020 U.S. Dist. LEXIS 64340 at *12 (Apr. 13, 2020)................................................................................................................................ 13

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005) ............................................... 7

*Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) ............................................................................................ 8

*O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) ........................................................................ 8

*Pinard v. Clatskanie Sch. Dist*. 6J, 467 F.3d 755, 770 (9th Cir. 2006) ........................................... 8

*Ramirez v. County of San Bernardino*, 806 F. 3d 1002, 1008 (9th Cir. 2015) .............................. 2

*Sprewell v. Golden State* Warriors, 266 F.3d 979, 988 (9th Cir. 2001)........................................ 12

*Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) ...................................................................... 4, 6

*Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993)....................................................................... 4, 6

*United States ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1186 (9th Cir., 2001) ........... 5

*Wampler v. Palmerton*, 260 Ore. 65, 74 (1968)............................................................................... 14

*Wine Bottle Recycling, LLC v. Niagara Sys., LLC*, 2013 U.S. Dist. LEXIS 138896 at *15 (Sep. 26, 2013) ....................................................................................................................................... 10

**Statutes**

42 U.S.C §1983............................................................................................................................. passim

**Other Authorities**

*Consequential Damages*, <u>Bouvier Law Dictionary</u> (The Wolters Kluwer Bouvier Law Dictionary Desk Edition 2012) ...................................................................................................................... 13

**Rules**

Fed. R. Civ. P. 12............................................................................................................................. passim

Fed. R. Civ. P. 12(a)(1)(A) ..................................................................................................................... 2

Fed. R. Civ. P. 12(b) ............................................................................................................................... 2

Page iii – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

## I.    INTRODUCTION

Defendant Lynne Saxton ("Saxton") files this reply in support of her motion to dismiss. Saxton's motion was filed consistent with the court's scheduling order, which adopted an agreed upon proposal which was stipulated to by the Parties, and which expressly contemplated the filing of Rule 12 motions.  See ECF 427; Morgan Decl. in Support of Reply at ¶ 2, Ex. 1.  The motion is also timely and procedurally proper pursuant to the express language of Fed. R. Civ. P. 12.

Further, Saxton's motion does not circumvent any ruling by the Ninth Circuit Court of Appeals, as the Ninth Circuit only reviewed and ruled upon a narrow issue of partial qualified immunity as it related to Saxton. Notwithstanding, Saxton's motion to dismiss is nonetheless proper because the law of the case doctrine is discretionary, and the Court may consider Saxton's motion on the basis of the new allegations and damages sought in the fifth amended complaint. Under the precedence of the Ninth Circuit, FamilyCare's fifth amended pleading nullifies any of its previous pleadings; and Saxton may properly challenge the sufficiency of the claims and damages alleged in FamilyCare's new complaint.

The Fifth Amended Complaint, which states new allegations, incorporates such allegations against Saxton, and then increases the damages sought from her by $75,000,000.00, is insufficient to state a claim under the principles set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2021) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Saxton respectfully requests that the Court dismiss the claim against her with prejudice and without leave to amend.

## II.    SAXTON'S MOTION IS TIMELY AND PROCEDURALLY PROPER

### A)    FamilyCare submitted, and the Court approved, a proposed scheduling order which contemplated the filing of motions under Fed. R. Civ. P. 12.

On May 10, 2021, and following conferral of the parties, FamilyCare submitted an email to the Court on a "proposed schedule for resolution of outstanding issues."  Morgan Decl. in Support of Reply at ¶ 2, Ex. 1.  That email addresses the fifth amended complaint and responses to the same. "OHA and/or Ms. Saxton intend to file a motion(s) related to FamilyCare's Fifth

Page 1 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
         SAXTON'S MOTION TO DISMISS

Amended Complaint. Any such motion(s) will be filed on or before May 18, with responses due on June 8 and replies due June 22." *Id.* On May 20, 2021, the Court sent an email to counsel for FamilyCare, Oregon Health Authority ("OHA"), and Saxton, stating "The Court approves the proposed schedule." *Id.* at ¶ 2, Ex. 2. Furthermore, the stipulation to the fifth amended complaint expressly states that the defendants "reserve the right to challenge the fifth amended complaint in due course." ECF 427.

### B) Saxton's Motion to Dismiss is proper pursuant to the express language of Fed. R. Civ. P. 12.

FamilyCare filed a fifth amended complaint on April 27, 2021. ECF 429. When a complaint is filed, it nullifies any previous pleading in the same case. See, e.g., the Ninth Circuit's opinion in *Ramirez v. County of San Bernardino*, 806 F. 3d 1002, 1008 (9th Cir. 2015)("it is well established in our circuit that an amended complaint supersedes the original.") "In other words, 'the original pleading no longer performs any function…'" *Id.* citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Pursuant to Fed. R. Civ. P. 12(a)(1)(A), the defending party must then file a responsive pleading within 21 days. If a defending party believes that there are proper grounds for a motion under any of the categories enumerated under Fed. R. Civ. P. 12(b), "a motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Any argument that Saxton is precluded from filing a responsive motion requires the conclusion that Saxton somehow waives her defenses under Fed. R. Civ. P. 12 in response to an amended pleading. There is no support for that proposition. Saxton didn't force FamilyCare to file an amended complaint; and she did not waive her right to raise defenses in opposition to the claims and damages alleged therein—particularly where such claims and damages are conclusory and unsupported.

Page 2 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

**C)** **FamilyCare's fifth amended complaint includes new allegations which it expressly incorporates in its claim against Saxton.**

With respect to its fifth amended complaint, FamilyCare argues that "there have been no allegations raised against [Saxton], no new claims brought, and no new pertinent facts obtained through discovery…" Response Brief at pg. 7. Notwithstanding the fact that such a statement is irrelevant because it does not abrogate Saxton's right to challenge the sufficiency of the pleadings in due course pursuant to the express language of Fed. R. Civ. P. 12, it is not accurate.

The factual allegations throughout the fifth amended complaint have been altered from the fourth amended complaint (see Fifth Amended Complaint at ¶ ¶ 4, 13, 19, 21, 22, 24, 36, 38, 40, 41, 61, 68, 73, 75, 78, 89, 98, 97 108, 109, 110), and those factual allegations are then expressly incorporated in the claim for relief against Saxton. *Id.* ¶ 79 ("FamilyCare incorporates by reference all of the foregoing allegations."). In sum, FamilyCare expressly incorporates its new allegations against OHA for the purpose of attempting to support its claim against Saxton.

In addition, FamilyCare's Response Brief ignores the fact that the fifth amended complaint increases the amount of damages sought from Saxton by $75,000,000.00. *Id.* at ¶ 89 ("FamilyCare is entitled to damages from Defendant Saxton for injury resulting from the deprivation of rights secured by the Constitution, in an amount to be proven at trial, not less than $125,000,000.00.")

The sufficiency of the complaint is dependent upon the plausibility of the claims and damages sought therein. Here, the damages sought materially change the complaint, and alter the analysis of the sufficiency of the factual allegations supporting FamilyCare's claim for damages against Saxton. FamilyCare jumping from one absurd request for damages to another does not make that change immaterial or benign. The sufficiency of the pleadings and the damages sought must be judged by the face of the operative pleading—this fifth amended complaint—and not any prior pleading.

Page 3 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

**D)      The "law of the case" doctrine does not preclude the Court from entertaining Saxton's motion.**

FamilyCare argues that the court should be precluded from entertaining Saxton's motion to dismiss on the basis that the issues raised by Saxton have already been decided, and are therefore barred by the "law of the case" doctrine. That argument fails for at least two reasons.

First, FamilyCare wrongly argues that the law of the case doctrine applies because the Ninth Circuit has already decided the issues raised in Saxton's motion to dismiss. They did not. For Saxton's part, the Ninth Circuit addressed a narrow issue related to partial qualified immunity, and nothing more. That limited opinion does not serve to bar separate legal arguments raised in response to an amended pleading which was filed over a year after the Ninth Circuit's opinion in *Allen v. FamilyCare, Inc.*, 812 F. App'x 413, 420 (9th Cir. 2020).

Second, application of the law of the case doctrine is discretionary, and the court may decline to apply it—particularly where changed circumstances exist or where application would be unjust. See, e.g., *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (the law of the case doctrine should not be applied when applying the doctrine would be unjust); *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993) (a court may decline to apply the law of the case doctrine where other changed circumstances exist). Here, FamilyCare changed the substantive allegations in its complaint, incorporated those allegations against Saxton, and then increased the amount of damages sought from Saxton by $75,000,000.00. Precluding her from challenging the merits of the amended complaint (or lack thereof) would be unjust in light of the changed circumstances, and would effectively serve as a waiver of her rights under Fed. R. Civ. P. 12.

**i)       The Ninth Circuit did not decide upon the issues raised in Saxton's motion to dismiss.**

FamilyCare falsely contends that the Ninth Circuit Court of Appeals reviewed and decided the issues raised in Saxton's motion to dismiss. They did not. In fact, Saxton's motion makes no argument that it was even considered, let alone ruled upon, by the Ninth Circuit. For Saxton's part, the Ninth Circuit opinion *only* addressed the issue of partial qualified immunity for the "public

Page 4 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
      SAXTON'S MOTION TO DISMISS

relations campaign." Nothing else. See *Allen v. FamilyCare, Inc.*, 812 F. App'x 413, 420 (9th Cir. 2020).

Notwithstanding, FamilyCare's Response Brief attempts to characterize the Ninth Circuit's opinion as somehow holding that Saxton substantively violated the constitution. See FamilyCare Response Brief at pg. 3 ("The Ninth Circuit held that FamilyCare 'clearly established that Saxton's conduct violated the Constitution.'") It then uses that characterization of the Ninth Circuit's opinion to advance an argument that, because Saxton apparently "violated the constitution," any further motion challenging the sufficiency of its amended pleading (which nullifies the pleading that was in effect at the time) is barred by the law of the case doctrine.

The problem is that the Ninth Circuit didn't decide the issues raised in Saxton's motion to dismiss, the fifth amended complaint, and "the doctrine does not apply to issues not addressed by the appellate court." *United States ex rel. Lujan v. Hughes Aircraft Co.,* 243 F.3d 1181, 1186 (9th Cir., 2001). Accordingly, FamilyCare's citation to *Hall v. City of Los Angeles* for the proposition that "a district court cannot vary or examine an appellate court's mandate for any purpose other than executing it" is erroneous and inapplicable under these circumstances. See FamilyCare Response Brief at pg. 5; *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

Indeed, as stated above, an amended complaint effectively supersedes the original complaint and renders the former of no operative legal effect. The Ninth Circuit's opinion, which expressly addressed challenges to an entirely separate operative complaint, and does not reach the substantive issues raised in Saxton's motion to dismiss, does nothing to preclude Saxton from timely raising defenses in response to FamilyCare's filing of a fifth amended complaint, including challenging the sufficiency of the allegations and damages contained therein.

> **(ii)    Even if the law of the case doctrine did apply, multiple exceptions apply which allow the Court to consider Saxton's motion to dismiss.**

Even if the law of the case doctrine did apply, it is a discretionary doctrine which need not be applied where there are either (1) changed circumstances or (2) where application would be

Page 5 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

unjust.  See *Stacy at* 567; *Thomas* at 155 (the law of the case doctrine need not be applied where there are changed circumstances or where application would be unjust).

Here, both circumstances exist.  As noted above, FamilyCare has brought an entirely new complaint that has not previously been before the court.  The factual allegations throughout have been altered (see Fifth Amended Complaint at ¶ ¶ 4, 13, 19, 21, 22, 24, 36, 38, 40, 41, 61, 68, 73, 75, 78, 89, 98, 97 108, 109, 110), and those factual allegations are then expressly incorporated in the claim for relief against Saxton.  *Id.* at ¶ 79.  Further, FamilyCare increases the amount of damages sought from Saxton to $125,000,000.00.  *Id.* at ¶ 89 ("FamilyCare is entitled to damages from Defendant Saxton for injury resulting from the deprivation of rights secured by the Constitution, in an amount to be proven at trial, not less than $125,000,000.00").  The change in factual allegations, as well as the change in the damages sought, amount to a material change which justifies a challenge to the sufficiency of the new pleading.

Further, it would be unjust to preclude Saxton from challenging the fifth amended complaint, particularly where Saxton expressly reserved the right to challenge the complaint as part of its stipulation to the amendment; and where the damages now sought are so clearly unsupported by the underlying factual allegations.  FamilyCare's "entitlement" to at least $125,000,000.00 from Saxton finds zero basis in reality—and such detachment from reality has a direct bearing on the "plausibility" of the underlying allegations which allegedly support the claim for damages.

The Court may, in its discretion, consider Saxton's challenge to FamilyCare's fifth amended complaint; and should do so here in the interest of the changes circumstances and in the interests of justice.

### III.    FAMILYCARE'S FIFTH AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Saxton's motion to dismiss pursuant to Fed. R. Civ. P. 12 is properly before the Court; and FamilyCare's fifth amended complaint fails to adequately state a claim for relief under the

Page 6 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

principles set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2021) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**A)    FamilyCare's retaliation claim under §1983 requires proof of Saxton's intentional, retaliatory action.**

FamilyCare argues that it does not need to show that Saxton acted with an intentional, retaliatory purpose in order to hold her liable under  42 U.S.C §1983 ("§1983") for $125,000,000.00 in damages.  To the contrary, FamilyCare's retaliation claim under §1983 requires proof, and therefore proper pleading, of Saxton's intentional retaliatory action. FamilyCare's argument relies upon a conclusion that a constitutional deprivation requires proof of an intentional, discriminatory, or retaliatory purpose only *sometimes*—but not others—depending upon which constitutional amendment was allegedly violated.  FamilyCare concedes that a §1983 claim alleging deprivation of the 14th Amendment requires proof of a discriminatory purpose; but denies that such intent is required where a First Amendment deprivation is at issue.

FamilyCare cites no authority for its argument that §1983 applies a diminished burden of proof for First Amendment retaliation as compared to Equal Protection violations.  But its reference to *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917 (9th Cir. 2004) (a case that Saxton had already cited), does not support that argument.  Instead, *Alpha Energy Savers v. Hansen* makes clear that a First Amendment retaliation claim under §1983 requires a plaintiff to establish that expressive conduct was "a substantial or motivating factor for the adverse action," and further case law demonstrates that retaliation is in fact an act of intentional discrimination.  FamilyCare cannot credibly argue that retaliation is not intentional and that it therefore need not worry about pleading it.

"Retaliation is, by definition, an intentional act," *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005), and the elements of a First Amendment retaliation case include establishing that the expressive conduct "was a substantial or motivating factor for the adverse action."  See *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d at 923.

Page 7 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

In *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) the Supreme Court confirmed that to prevail on a First Amendment retaliation claim, "a plaintiff must establish a 'causal connection' between *the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury'"* (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006), such that "the motive must *cause* the injury" (italics in original).  The plaintiff must show that the defendant's retaliatory animus was a 'but-for' cause, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."  *Id.*  See *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016), quoting *Pinard v. Clatskanie Sch. Dist.* 6J, 467 F.3d 755, 770 (9th Cir. 2006) for the principle that to state a First Amendment retaliation claim, a plaintiff's showing must include that "the protected activity was a substantial or motivating factor in the defendant's conduct."

*Alpha Energy Savers* made that point clear towards the end of the seven page excerpt to which FamilyCare drew the court's attention.  There, the court explained that "The defendants argue that this evidence **does not establish their specific intent to retaliate against Obrist's expressive conduct** as opposed to their long-standing personal animosity towards him as well as the low-esteem in which they held Alpha's work," making clear that the Ninth Circuit saw the issue as whether there would be sufficient proof of a necessary "specific intent" to retaliate in a First Amendment case.  *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d at 929 (emphasis added).

FamilyCare fails to plead, and there does not exist, proof of any discriminatory or retaliatory intent on the part of Saxton.  Retaliation is an intentional act—not an accidental act.  FamilyCare's legal conclusion, couched as a factual allegation, that "FamilyCare's protected expression was a substantial or motivating factor in Defendant Saxton's decision to act as she did" is insufficient, and is the same exact kind of threadbare recitation of the elements of a claim under §1983 which are specifically precluded under *Iqbal* and *Twombly*.

Because FamilyCare fails to adequately allege any specific intent to retaliate on the part of Saxton, the claim must be dismissed.

Page 8 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

**B)**   **FamilyCare's claim for first amendment retaliation is not distinct from its contract claim against OHA.**

FamilyCare's §1983 claim is a contract claim masquerading as a tort claim for the purpose of attempting to evade the limitation of liability provision contained in the CCO Agreements.  As a hedge against the possibility that its damages sought against OHA are barred as a matter of law, it has brought this claim against Saxton under an alternative, albeit unsupported, legal theory. However, the damages which FamilyCare seeks under that theory arise clearly and *exclusively* out of the CCO Agreements.  FamilyCare's fifth amended complaint merely seeks to remedy what it believes to be inadequate and actuarially deficient capitation rates—which are a product of contract and nothing else.

Notwithstanding FamilyCare's argument that its "damages theory against Saxton is based on her retaliation and the damage arising from that retaliation, not from a breach of contract" – that can't be so.  FamilyCare alleges that, in retaliation for exercising its first amendment rights, "Saxton retaliated against FamilyCare….by, among other things, setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology; refusing to correct known errors in data and methodology, developing and implementing a smear campaign against FamilyCare, refusing to grant FamilyCare the procedural protections guaranteed by law, and implementing a policy decision and plan to put FamilyCare out of business."  Fifth Amended Complaint at ¶ 82.

Such alleged harm arises *exclusively* from the CCO Agreements themselves, not from some independent relationship with private citizen Saxton.  Saxton has no independent duty to FamilyCare with respect to its capitation rates which arises independently of the CCO Agreements. FamilyCare cannot credibly differentiate it claims and damages sought against Saxton in her "personal capacity" from the contractual damages it seeks from OHA—particularly where they seek the same damages from Saxton as they do from OHA.  FamilyCare also cannot credibly argue that the rights that it seeks to vindicate are independent of the CCO Agreements.

Page 9 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

FamilyCare disregards the North District of California's rationale in *Wine Bottle Recycling* by alleging that the case "concerned run-of-the-mill tort claims such as intentional misrepresentation, concealment, [and] negligence that arose directly out of terms of the contract, not a weighty constitutional claim that arose based on conduct separate from the contract." Response Brief at pg. 10. However, and notwithstanding the fact that FamilyCare's claim is not a "weighty constitutional claim," FamilyCare fails to explain how its claim rationally differs from the claims at issue in *Wine Bottle Recycling*.

In this case, same as in *Wine Bottle Recycling*, FamilyCare does nothing but seek to redress what it perceives to be deficiencies in contractual performance. The rates which FamilyCare received were exclusively bargained for, and are an exclusive product of, the contracts themselves.

Here, same as in *Wine Bottle Recycling*, "to allow tort claims…would impermissibly blur the distinction between tort and contract, and encourage every putative contract plaintiff to piggyback [tort claims] atop what should rightly be a contract case." *Wine Bottle Recycling, LLC v. Niagara Sys., LLC*, 2013 U.S. Dist. LEXIS 138896 at *15 (Sep. 26, 2013). FamilyCare's attempt to evade the contractual limitation of liability in the CCO Agreements by piggybacking a tort claim on top of what is a rightfully a contract dispute with OHA should be rejected; and its cover claim against Saxton should be dismissed.

**C)    FamilyCare has not adequately stated a claim against Saxton under §1983.**

As stated in Saxton's motion to dismiss, FamilyCare's unsupported legal conclusions, couched as factual allegations, are insufficient to state a claim against Saxton under §1983. FamilyCare's opposition, at pg. 11 – 14 of the Response Brief, does little more than to recite again the insufficient allegations already stated in the Fifth Amended Complaint. It's statement that "Saxton personally ordered, directed, supplied information for, carried out, apologized for, took full responsibility for, and ultimately resigned because of the public disparagement campaign" is not a refutation of Saxton's substantive legal arguments—it is merely a recitation of the same unsupported, conclusory statements it already made in the fifth amended complaint.

Page 10 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

Although FamilyCare's causes of action attempt to differentiate between OHA and Saxton, they are undeniably intertwined, and FamilyCare's argument otherwise is undercut by the fact that its only hook to *personal* participation on the part of Saxton is her position as the former Director of the OHA. See Response Brief at pg. 12 ("As head of the OHA during the relevant time periods, Saxton's involvement is supported by allegations about her conduct and the actions of the agency that she led.") Such an argument does not prove personal participation on the part of Saxton. Instead—it furthers Saxton's argument that FamilyCare fails to show that she personally participated in the retaliatory action which it alleges.

Nothing that FamilyCare says in its Response Brief alters or adequately refutes the analysis provided by Saxton in her motion to dismiss. The allegations against Saxton are unsupported, conclusory allegations which fail to cross the line from possible to plausible under the standards set forth under *Iqbal* and *Twombly*. It is a cover claim, brought as a backup plan in the event that it is barred as a matter of law from recovering damages from OHA.

FamilyCare's claim for retaliation under §1983 fails to meet the standards of plausibility under *Iqbal* and *Twombly* because the fifth amended complaint fails to provide plausible, non conclusory allegations to support the following conclusions:

● That Saxton, with a retaliatory motive, personally set capitation rates that were "unreasonable, biased, actuarially unsound, and based on erroneous data and methodology." Fifth Amended Complaint ¶ 82.

● That Saxton was personally "aware of known errors" in unspecified "data and methodology," and thereafter, with a retaliatory motive, "refused" to correct it. *Id.*

● That Saxton, with a retaliatory motive, "refused to grant FamilyCare the procedural protections guaranteed by law." *Id.*

● That Saxton, with a retaliatory motive, personally implemented "a policy decision and plan to put FamilyCare out of business." *Id.*

Page 11 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

● That Saxton, with a retaliatory motive, personally directed and implemented a "smear campaign against FamilyCare." *Id.*

These are unsupported conclusions, not factual allegations. They are not entitled to a deference of truth by this Court because courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State* Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Any assertion that Saxton is personally responsible for the harm alleged by FamilyCare (which is required to support a claim under §1983) is, again, undercut by the fact that FamilyCare alleges that OHA engaged in the same activity and caused the same exact damages.

FamilyCare fails to state a claim against Saxton for retaliation in violation of §1983. The claim should be dismissed.

**D) The limitation of liability provisions contained in the applicable CCO Agreements bar any claim for consequential damages against Saxton.**

**(i) Saxton did not waive its limitation of liability defense.**

As a preliminary matter, FamilyCare's argument that Saxton has waived its ability to raise this argument "because Saxton failed to raise the limitation of liability clause in the contract between OHA and FamilyCare as an affirmative defense in her answer" is incorrect. FamilyCare filed a fifth amended complaint (ECF 429); and Saxton expressly reserved her right to challenge the merits of that complaint (ECF 427), including her ability to raise affirmative defenses. Any failure to raise an affirmative defense in response to any previous complaint is irrelevant, as the previous complaint is nullified, and Saxton did not lose her ability to raise defenses in response to an amended complaint by virtue of not raising the defense in response to a different, former complaint.

**(ii) The CCO Agreements bar consequential damages which arise out of or relate to the Agreements.**

Each of the CCO Agreements contain an express "limitation on liability" provision with the same exact language: "neither party shall be liable for incidental or consequential damages

Page 12 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

arising out of or related to this contract." ECF 433: see A. Jindal Decl ISO OHA's Motion to Dismiss, MSJ and Motion to Strike at Ex. 6-13. The term "arising out of or related to" is decidedly broad—and necessarily encompasses virtually any consequential damages that touch on the CCO Agreements or any of the provisions contained therein. "A limitation of liability provision is enforceable under Oregon law if the provision (1) was bargained for; (2) was called to the other party's attention; or (3) is conspicuous." *J. Lilly, LLC v. Clearspan Fabric Structures Int'l, Inc.,* 2020 U.S. Dist. LEXIS 64340 at \*12 (Apr. 13, 2020) citing *Anderson v. Ashland Rental, Inc.,* 122 Or. App. 508, 510 (1993). "A term is conspicuous if it is written in a manner that 'a reasonable person against which it is to operate ought to have noticed it.'" *Id.* citing *Estey v. MacKenzie Eng'g*, Inc., 137 Or. App. 1, 4 (1995).

### (iii)     The damages that FamilyCare seeks from Saxton are consequential damages which are identical to those sought from OHA.

The damages which FamilyCare seeks from Saxton are consequential damages which arise exclusively out of the alleged duties and obligations imposed upon OHA and Saxton by the CCO Agreements. Unsurprisingly, the damages sought from Saxton are identical to those sought from OHA.

Consequential damages are "damages owed for harm that follows naturally, but not directly, from the defendant's conduct. For example, a breach of contract might result not only in the loss of profits that would have been realized from the contracted work but also in a loss of other business to the plaintiff, who was unable to accept a different contract as a result of the lost profits." *Consequential Damages*, Bouvier Law Dictionary (The Wolters Kluwer Bouvier Law Dictionary Desk Edition 2012).

FamilyCare ultimately alleges that, as a result of Saxton's retaliatory actions, "FamilyCare has suffered an indivisible injury through the loss of its Medicaid business and tangible and intangible assets, including its relationships with providers and employees, and its goodwill." Fifth Amended Complaint at ¶ 83. Accordingly, and by its own admission, FamilyCare seeks damages

Page 13 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

which are consequential as opposed to direct. It doesn't seek damages to bridge the gap between the Medicaid capitation rates which it received and the rates which it believes that it was owed— which might properly be classified as a "direct" damages. Instead, it seeks enterprise damages which arise indirectly, and consequentially, from the alleged actions of Saxton and OHA.

Notwithstanding the fact that FamilyCare's theory of damages lacks merit; even if it had merit, the damages it seeks are, as a matter of law, consequential as opposed to direct, and they are barred under the express limitation on liability contained in the CCO Agreements.

### (iv) Saxton is covered by the limitation of liability provision contained in the CCO Agreements.

Saxton is covered by the limitation of liability provision contained in the CCO Agreements, as anything and everything that Saxton is alleged to have done arises out of or relates to the contractual relationship between them. Private citizen Saxton has no independent relationship with FamilyCare aside from that which arises directly from her employment with OHA and the CCO Agreements with FamilyCare.

Although Saxton herself is not personally "named" as a party to the CCO Agreements, the limitations therein necessarily inure to her benefit as Director of the OHA. "A corporation can only act upon the advice of officers or employees and through the actions of agents." See, e.g., *Wampler v. Palmerton*, 260 Ore. 65, 74 (1968). Here, the limitation on liability must necessarily cover both the organization and its employees. Otherwise, any limiting provision contained therein would become a nullity, as any aggrieved party looking to evade the provision would simply sue the individual employees of the organization as opposed to the organization itself. That is exactly what FamilyCare has done here in an attempt to evade the limitation of liability provisions in the CCO Agreements.

Indeed, FamilyCare makes no distinction whatsoever between the damages sought against Saxton and the damages sought against OHA. The factual allegations against Saxton arise exclusively from obligations which Saxton allegedly had within the confines of the CCO

Page 14 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE
SAXTON'S MOTION TO DISMISS

Agreements. See Fifth Amended Complaint at ¶ 82 ("acting under color of state law, Defendant Saxton retaliated against FamilyCare…by setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology.")

The limitation of liability provision, which FamilyCare intentionally seeks to evade by dragging Saxton into this dispute, necessarily covers Saxton, as any alleged action was taken in her role as Director of the OHA, and exclusively related or arose out of the CCO Agreements.

### E)    Saxton Request for Sanctions

As a hedge against the limitation of liability contained in the CCO Agreements, this claim was filed against Saxton in an attempt to circumvent and evade that limitation. FamilyCare seeking $125,000,000.00 in damages from Saxton based upon these allegations is an unsupported use of legal process. The §1983 as plead against Saxton in the fifth amended complaint is not supported by competent, *plausible* factual allegations. It should be dismissed, and Saxton respectfully requests that the Court award any additional relief which it deems proper or appropriate under the circumstances.

## IV.    CONCLUSION

For the reasons stated herein, as well as Saxton's motion to dismiss, Saxton respectfully requests that the Court dismiss FamilyCare's §1983 claim with prejudice and without leave to amend.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 15 – REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), and all other applicable local court rules of the U.S. District Court for the District of Oregon, because it contains 4,996 words, including headings footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and certificates of counsel.

DATED this 22nd day of June 2021.

BARRAN LIEBMAN LLP

By    *s/ Edwin A. Harnden*
Edwin A. Harnden, OSB No. 721129
eharnden@barran.com
Chris M. Morgan, OSB No. 175384
cmorgan@barran.com

Attorneys for Defendant Lynne Saxton

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June 2021, I caused the foregoing **REPLY TO FAMILYCARE, INC'S OPPOSITION TO DEFENDANT LYNNE SAXTON'S MOTION TO DISMISS** to be:

☒    electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Stephen F. English** <br> SEnglish@perkinscoie.com <br> **Thomas R. Johnson** <br> TRJohnson@perkinscoie.com <br> **Heidee Stoller** <br> HStoller@perkinscoie.com <br> **Matthew J. Mertens** <br> MMertens@perkinscoie.com <br> **Sasha A. Petrova** <br> SPetrova@perkinscoie.com <br> Perkins Coie LLP <br> 1120 N.W. Couch Street, 10th Floor <br> Portland, OR 97209-4128 <br><br> **Matthew Gordon**, *pro hac vice* <br> MGordon@perkinscoie.com <br> **David B. Robbins** <br> DRobbins@perkinscoie.com <br> Perkins Coie LLP <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA 98101-3099 <br><br> Counsel for Plaintiff | **David B. Markowitz** <br> davidmarkowitz@mhgm.com <br> **Matthew A. Levin** <br> mattlevin@markowitzherbold.com <br> **Vivek A. Kothari** <br> vivekkothari@markowitzherbold.com <br> **Anna Marie Joyce** <br> annajoyce@markowitzherbold.com <br> **Dallas S. DeLuca** <br> dallasdeluca@markowitzherbold.com <br> **Harry B. Wilson** <br> harrywilson@markowitzherbold.com <br> **Katherine M. Acosta** <br> katherineacosta@markowitzherbold.com <br> **Laura R. Salerno Owens** <br> laurasalerno@markowitzherbold.com <br> Markowitz Herbold PC <br> 1455 SW Broadway, Suite 1900 <br> Portland, OR 97201 <br><br> **Carla Scott** <br> Carla.a.scott@doj.state.or.us <br> Oregon Department of Justice <br> 100 SW Market Street <br> Portland, Or 97201 <br><br> Counsel for Defendant Oregon Health Authority |

CERTIFICATE OF SERVICE

| | |
|---|---|
| **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>**Jonathan W. Monson**<br>jmonson@cablehuston.com<br>**Nicole M. Swift**<br>nswift@cablehuston.com<br>Cable Huston LLP<br>1001 SW 5th Avenue, Suite 2000<br>Portland, OR ;972904-1136<br><br>Counsel for Defendant Patrick Allen | |

☐    hand delivered to the following non-CM/ECF participants:

☐    faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

<u>   <i>s/Edwin A. Harnden</i>       </u><br>
Edwin A. Harnden

CERTIFICATE OF SERVICE