IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILYCARE, INC., an Oregon )
non-profit corporation, )
                            )
       Plaintiff, )   Case No. 6:18-cv-00296-MO
                            )
   v. )
                            )
OREGON HEALTH AUTHORITY, an )
agency of the State of Oregon, )
PATRICK ALLEN, both )   April 5, 2021
individually and in his )
official capacity as director )
of the Oregon Health Authority,)
and LYNNE SAXTON, )
                            )
     Defendants. )   Portland, Oregon
_____)

**Telephone Status Conference**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR PLAINTIFF:                  Mr. Thomas R. Johnson
                                Ms. Heidee Stoller
                                Perkins Coie, LLP
                                1120 N.W. Couch Street, 10th Floor
                                Portland, OR 97209


                                Mr. Matthew P. Gordon
                                Mr. David B. Robbins
                                Perkins Coie, LLP
                                1201 Third Avenue, Suite 4800
                                Seattle, WA 98101


FOR DEFENDANTS OREGON
HEALTH AUTHORITY and
PATRICK ALLEN:                  Mr. David B. Markowitz
                                Mr. Harry B. Wilson
                                Markowitz Herbold PC
                                1211 S.W. Fifth Avenue, Suite 3000
                                Portland, OR 97204


FOR DEFENDANT LYNNE
SAXTON:                         Mr. Chris M. Morgan
                                Mr. Edwin A. Harnden
                                Barran Liebman LLP
                                601 S.W. Second Avenue, Suite 2300
                                Portland, OR 97204


FOR INTERVENOR
DEFENDANT TRILLIUM:             Mr. Jeffrey D. Hern
                                Schwabe, Williamson & Wyatt
                                1211 S.W. Fifth Avenue, Suite 1600
                                Portland, OR 97204

FOR INTERVENOR
DEFENDANT
PACIFICSOURCE:                Mr. Matthew J. Yium
                             Foster Garvey P.C.
                             121 S.W. Morrison Street, 11th Floor
                             Portland, OR 97204


COURT REPORTER:               Bonita J. Shumway, CSR, RMR, CRR
                             United States District Courthouse
                             1000 S.W. Third Ave., Room 301
                             Portland, OR   97204
                             (503) 326-8188

MR. HERN: No. This is Jeff Hern.

THE COURT: All right. Then the next issue raised on your list is the possibility of an amended complaint and uncertainty whether that will be stipulated or opposed.

Where are we on that for -- excuse me, for FamilyCare?

MR. GORDON: Your Honor, this is Matt Gordon. Mr. Wilson and I have discussed -- have had initial discussions about an amended complaint, and we talked about conferring about that over the next essentially couple of weeks to see if the amended complaint -- or the proposed amended complaint that FamilyCare wanted to file was one that OHA was willing to stipulate to, and then if not, we envision filing a motion for leave to file an amended complaint.

THE COURT: Then I'll just wait and let the parties work on that, and it will come to me if and when you need it to.

The second is a follow-up on the remand of the tenth claim for relief, potentially including motion practice.

Again, turning to FamilyCare first, where are we on that?

MR. GORDON: Where we are -- and Mr. Wilson and I have discussed this a little bit again initially. I think from FamilyCare's view, Your Honor, the Ninth Circuit remanded for further consideration of the tenth claim for relief, but I

think the Ninth Circuit indicated that it believed that the basis on which the claim was dismissed before was erroneous, and this Court has already ruled that if in fact the contract was a five-year contract rather than a series of one-year contracts, that the Court ruled it was possible that a rational jury could find that it was an issue of fact about what the parties' expectations were.  So, from FamilyCare's perspective, it's back in the Court's -- the ball is in the Court's court, if you excuse the phrase, to move that along, I believe, but we think that the issue about the -- whether or not the motion to dismiss should have been granted has been largely resolved by the Ninth Circuit.

THE COURT:  Thank you.

For OHA?

MR. WILSON:  This is Harry Wilson, Your Honor.  We believe that the Ninth Circuit has clearly put this issue back in front of the Court, and ask the Court to consider whether the contract -- the full contract contains an obligation of good faith and fair dealing that applies as FamilyCare believes that it does.  We believe that quick motion practice would be very beneficial to the Court and the parties to clarify the issues that remain and present them to the Court for resolution.  We think it might make sense, Your Honor, for this to be considered in a motion potentially after there is an amended complaint, but we defer -- we don't feel strongly one

way or the other, but we do think that this should be teed up with a motion by OHA, a response by FamilyCare, and resolution by the Court.

THE COURT:  Thank you.

Does any other attorney for any defendant or intervenor wish to speak up on this issue?

MR. HARNDEN:  No, Your Honor.  This is Ed Harnden. No, Your Honor.

THE COURT:  All right.  Thank you.

I don't think the ball is in my court right now, only in the most informal way.  I appreciate that pragmatically it might be, but I don't want to get ahead of myself right now.  I think motion practice is the right way under the federal rules to resolve a question like this even after a remand, and I have no objection to the parties waiting until after the filing of an amended complaint before a motion is filed.  So the most we can do today is say it's all right to wait until you've worked on the amended complaint, and I agree to fully resolve this question, motion practice would be necessary.  I'll await the filing of a motion without setting today any deadline for it.

The next issue you've raised is supplemental discovery and potential motion practice regarding reopening of discovery.  That puts in one sentence two of my least favorite concepts, but let's go ahead and talk about them anyway.

I'll start with counsel for FamilyCare.

discovery and the possibility of reopening discovery.

And finally, Your Honor, especially given that we're looking at an April trial date, we think that some narrow dispositive motion practice could help narrow the issues in such a way that would be beneficial to the party -- to the parties potentially for additional mediation or other reasons.

THE COURT:  Thank you.

For FamilyCare, anything you wish to add to this question?

MR. GORDON:  Well, yes, Your Honor.  Matt Gordon for FamilyCare.  The potential additional dispositive motion practice is something that OHA wanted to raise, and I think from FamilyCare's perspective, the time for dispositive motion practice has largely come and gone in this case.  There were multiple motions to dismiss filed, multiple motions for summary judgment.  Those have all been ruled on and been subject to appeal before the Ninth Circuit.

I certainly understand what Mr. Wilson says about if there's an amendment to the complaint that introduces a new claim, that that -- that there may be some dispositive motion practice relative to that, but otherwise I'm not -- I'm not aware of any potential dispositive motions in this case, given where we are.

THE COURT:  All right.  Thank you.

So on potential additional dispositive motions, OHA

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


/s/Bonita J. Shumway                    April 13, 2022
_____         _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter