**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

       Special Assistant Attorneys General for Defendant Oregon
       Health Authority, an agency of the State of Oregon
       Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | **Fed. R. Civ. P. 16, 37** |
| Defendants. | **EXPEDITED HEARING REQUESTED** |

**L.R. 7-1 COMPLIANCE**

Pursuant to Local Rule 7-1 and Federal Rule of Civil Procedure 37(a)(1), counsel for

Oregon Health Authority ("OHA") certifies that it conferred in good faith with counsel for

FamilyCare regarding the motions.  The parties were unable to resolve their differences through

**Page 1 -**     **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

these conferrals.  Counsel also conferred regarding OHA's request for expedited hearing.

FamilyCare opposes an expedited hearing.

## MOTIONS

Pursuant to Federal Rules of Civil Procedure 37(a)(1) and 37(a)(3)(B), OHA moves the

Court for an order compelling FamilyCare to respond to OHA's First Set of Requests for

Admission, Second Set of Interrogatories, and Eighth Request for Production of Documents.

(Decl. of Harry B. Wilson ("Wilson Decl."), Exs. 8-10.)

Pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2), and the Court's inherent

authority, OHA also moves the Court for sanctions against FamilyCare as a result of

FamilyCare's refusal to comply with the Court's June 22, 2021 order and pattern of obstructing

discovery.  As sanctions, the Court should strike FamilyCare's motion for sanctions pertaining to

text message discovery (Dkt. 257) and order FamilyCare to pay OHA's costs, including

attorney's fees, associated with bringing this motion.[1]

## MEMORANDUM OF LAW
## INTRODUCTION

In June, this Court issued an unambiguous order: "both sides may conduct limited

discovery into the previously raised concerns of missing text messages."  (Dkt. 455.)  OHA

complied with the order.  When FamilyCare requested discovery related to Lynne Saxton's

cellular billing records, OHA produced the records promptly.

---

[1] Because FamilyCare has blocked all discovery into the reasons for its deficient text message production, OHA does not know the scope of FamilyCare's spoliation or whether the information can be restored or replaced through additional discovery.  OHA also does not know if the spoliation was intentional or accidental.  OHA reserves the right to seek additional sanctions under FRCP 37(e).

**Page 2 -     DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO
COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION
FOR SANCTIONS**

FamilyCare, however, has not.  OHA also requested text message discovery into FamilyCare CEO Jeff Heatherington's spoliation of text messages.  Defying the Court's order, FamilyCare refused—across the board—to produce any discovery about its failure to preserve, collect, and produce relevant text messages.

This is not the first time FamilyCare has deliberately obstructed OHA's discovery into FamilyCare's spoliation of text messages.  In 2018, after FamilyCare failed to adequately answer OHA's informal questions about apparent deficiencies in FamilyCare's text message production, OHA filed a motion to compel.  FamilyCare responded to that motion by representing to OHA and the Court that it had produced all relevant text messages.  The Court denied OHA's motion. But one month later, on the same day FamilyCare moved for sanctions against OHA related to text messages, FamilyCare admitted that, in fact, it was unable to recover relevant text messages, proving its earlier representations to OHA and the Court were false.  FamilyCare made its revelation after the close of discovery, thereby denying OHA the opportunity to investigate either FamilyCare's spoliation or its false representations.  FamilyCare's refusal to respond to discovery now, in defiance of this Court's order, again denies OHA the opportunity to investigate FamilyCare's failure to comply with its discovery obligations.

The Court should issue an order compelling FamilyCare to produce discovery.  It should also sanction FamilyCare for its defiance of the Court's order and pattern of obstruction by striking FamilyCare's motion for sanctions and awarding OHA its fees incurred in bringing this motion.

## BACKGROUND

### I.    FamilyCare misrepresented to OHA and the Court that it properly preserved, collected, and produced text messages.

OHA requested text messages as part of its discovery requests from the beginning of this litigation.  All OHA's requests for production incorporated a definition of "communication" that included text messages.  (*See, e.g.,* 8/8/18 Decl. of Laura Salerno Owens ("Owens Decl."), Ex. 3 (Dkt. 190-3).)  FamilyCare did not object to that definition; indeed, FamilyCare also sought text messages from OHA.  In response to OHA's discovery requests, however, FamilyCare produced text messages from only four custodians: Jeff Heatherington, Bill Murray, Art Suchorzewski, and Jack Coleman, and only 51 messages from Mr. Heatherington.  (8/8/18 Owens Decl. (Dkt. 190) ¶¶ 3-4.)  In contrast, OHA collected mobile devices from 26 custodians and produced 4,841 text messages.  (Decl. of Greg Scott (Dkt. 324) ¶ 6.)

OHA became concerned that FamilyCare's production of text messages was deficient.  OHA addressed the inadequacy of FamilyCare's text message collection and production in communications on July 11, July 12, July 17, July 19, and July 24, 2018.  (Owens Decl., Ex. 16 (Dkt. 190-16); Wilson Decl., Exs. 1-3 & ¶ 5.)  In a detailed July 24, 2018, letter, OHA notified FamilyCare of several related concerns, including the small number of custodians with responsive messages and the small number of text messages both overall and from Mr. Heatherington.  (Owens Decl., Ex. 16 (Dkt. 190-16).)  OHA also asked for information relating to FamilyCare's collection and review of text messages, including the custodians selected and steps to ensure preservation of documents.  (*Id*.)

FamilyCare failed to provide a substantive response before the close of discovery, July 31, 2018.  As a result, OHA moved to reopen discovery and compel production of text messages and related information.  (Dkt. 189.)  In response, FamilyCare wrote to OHA on August 15,

**Page 4 -**    **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

2018, representing that "Mr. Heatherington's text messages were appropriately preserved, collected, and produced[.]" (Decl. of Amanda Beane, Ex. A (Dkt. 213-1).) FamilyCare also responded to OHA's motion to compel, telling the Court that OHA's demand for information about its preservation, collection, and production of text messages was a "smoke screen" and stating that FamilyCare "is not withholding responsive communications. They simply do not exist." (FamilyCare's Resp to Mot. to Compel (Dkt. 204) at 3.) FamilyCare firmly asserted that "there is no evidence that any potentially-responsive text messages are being withheld. Nor is there any evidence that FamilyCare's collection or production of its custodians' text messages is deficient." [2] (*Id*. at 6.) The Court denied OHA's motion without a hearing. (Dkt. 239.)

Less than a month later, after the close of discovery, and on the same day FamilyCare filed a motion for sanctions against OHA related to Ms. Saxton's text messages, FamilyCare disclosed to OHA that it "ha[d] been unable to recover" nine potentially responsive text messages from Mr. Heatherington. (10/29/2018 Decl. of Laura Salerno Owens (Dkt. 322), Exs. 10(a) & 10(b) (Dkts. 322-10 & 322-11).) FamilyCare's revelation made its earlier representations to the Court and OHA false; yet FamilyCare corrected neither. FamilyCare's revelation also failed to explain why it waited until after the close of discovery to disclose its spoliation. FamilyCare did not divulge how many text messages had been deleted from Mr. Heatherington's phone, only that those nine had been deemed potentially responsive and not recoverable. (*Id*.) Three of the five individuals who sent those unrecoverable text messages to

---

[2] OHA also issued a subpoena for documents to Mr. Heatherington directly, including for text messages. Mr. Heatherington's attorney provided OHA with a letter from FamilyCare that represented that "FamilyCare extracted all potentially relevant documents in Mr. Heatherington's possession, custody or control. This included . . . text messages from Mr. Heatherington's cell phone. FamilyCare turned these documents over to Perkins Coie for review and, as appropriate, production." (Wilson Decl., Ex. 4, at 2.)

**Page 5 -      DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

Mr. Heatherington were FamilyCare custodians—they also had not produced the missing text messages, suggesting that they, too, could not recover them.  (Wilson Decl. ¶ 7.)

Because FamilyCare's disclosure of Mr. Heatherington's missing text messages came after the close of discovery, after Mr. Heatherington's deposition, and after the denial of OHA's motion to compel, OHA could not further explore the significant gaps in FamilyCare's explanation or press for details to understand how the loss impacted OHA's ability to adequately present its case.[3]

**II.    FamilyCare refused to respond in good faith to OHA's attempts to discover relevant information about Mr. Heatherington's missing text messages.**

On June 22, 2021, at the hearing on FamilyCare's motion for sanctions, OHA sought permission to investigate Mr. Heatherington's missing text messages.  The Court allowed OHA's request and re-opened discovery related to missing text messages:

> "Ms. Salerno Owens: I'm just wondering if we are going to allow more discovery motions, might we have an opportunity to look into Mr. Heatherington's missing text messages?
>
> "The Court:  Yes, through the same mechanism, motion to compel. So I don't want to reopen anything else, but it's an issue that is worth, given the time we have, trying to nail down.  So you can move to compel the billing records. You can move for what you think is missing.
>
> "Ms. Salerno Owens: We'd like to take his deposition and issue limited discovery.
>
> "The Court: You'll start with just records, and we'll see where it gets."

(Dkt. 464 at 39.)  The Court's June 22, 2021, minute order confirmed the Court's decision: "[B]oth sides may conduct limited discovery into the previously raised concerns of missing text messages."  (Dkt. 455.)

---

[3] The parties filed a joint motion to stay this action approximately one month after FamilyCare's disclosure of the text message spoliation.  The Court granted additional motions to stay and the action was stayed until April 5, 2021.

**Page 6 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

In accordance with the Court's order, OHA served on FamilyCare its First Set of Requests for Admission, Second Set of Interrogatories, and Eighth Request for Production of Documents on July 9, 2021 ("Text Message Discovery Requests"). Those requests focused solely on FamilyCare's preservation, collection, and production of text messages and were similar to the discovery requests FamilyCare issued, in 2018, to OHA and Ms. Saxton regarding her text messages.

When, in response to the same order, FamilyCare requested that OHA produce Ms. Saxton's cellular telephone billing records, OHA immediately agreed and has subsequently produced the records. OHA has also agreed to produce cellular billing records for other custodians, although FamilyCare has indicated it is not seeking those records at this time.

On August 9, 2021, FamilyCare served responses to OHA's recent discovery requests. (Wilson Decl., Exs. 5-7.) FamilyCare objected to each interrogatory, request for production, and request for admission on the basis that "it is untimely because it seeks new discovery years after discovery closed in this case." (*Id.*) FamilyCare further objected to all discovery "on the grounds that discovery has closed, OHA propounded the Requests without first moving the Court to re-open discovery or otherwise seeking leave of Court to propound new discovery, and the Requests are therefore untimely and violate the Court's scheduling order." (*Id.*) FamilyCare produced no documents, answered no interrogatories, and responded to no requests for admission.

**III.    In contrast to FamilyCare, OHA has produced copious discovery related to Ms. Saxton's text messages.**

In contrast, OHA disclosed Lynne Saxton's missing text messages well before the July 2018 close of discovery and in advance of Ms. Saxton's deposition. As a result, FamilyCare was able to devote more than an hour of Ms. Saxton's deposition to questions about text messages.

**Page 7 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

In addition, Ms. Saxton cross-referenced the dates and times of partially recovered text messages with her calendar and the calendar for OHA's communications director. (Decl. of Lynne Saxton (Dkt. 325).) OHA also responded to FamilyCare's informal requests in June and July of 2018 for information relating to text preservation, collection, deletion, and recovery, which included written responses to over 30 email questions relating to the issues of preservation, collection, and production of text messages. (Wilson Decl., Ex. 1.) OHA responded to FamilyCare's formal discovery requests regarding Ms. Saxton's text messages, including interrogatories and request for admission. This year, OHA produced Ms. Saxton's cellular billing records and has agreed to produce additional records for other custodians if requested.

## ARGUMENT

I.     **The Court should compel FamilyCare to respond to the Text Message Discovery Requests.**

The Federal Rules permit a party to seek to compel documents or responses where a responding party fails to answer an interrogatory or produce documents when requested. *See* Fed. R. Civ. P. 37(a)(1), (3)(B). FamilyCare has failed to respond to the Text Message Discovery Requests. The Court, therefore, should compel FamilyCare's responses.

FamilyCare refuses to provide *any* substantive response to the Text Message Discovery Requests. Instead, FamilyCare objects that OHA did not "seek[] leave of Court to propound new discovery." (Wilson Decl., Exs. 5-7.) FamilyCare's objection is frivolous. OHA requested the "opportunity to look into Mr. Heatherington's missing text messages" and specifically asked to "take [Mr. Heatherington's] deposition and issue limited discovery." (Dkt. 464 at 39.) Although the Court did not allow a deposition, the Court reopened discovery into text messages, stating, "I don't want to reopen anything else, but it's an issue that is worth, given the time we have, trying to nail down." (*Id.*) The Court also stated that OHA should "start with just records, and we'll

**Page 8 -     DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

see where it gets." (*Id.*) In its subsequent order, the Court confirmed that "both sides may conduct limited discovery into the previously raised concerns of missing text messages." (Dkt. 455.) Contrary to FamilyCare's objection, OHA requested the opportunity to "issue limited discovery" regarding missing text messages; the Court allowed OHA's request, reopened discovery for text messages, and issued an order stating that OHA "may conduct limited discovery" into missing text messages.

FamilyCare has no basis for defying this Court's order and OHA's discovery requests. The Court should compel FamilyCare to provide substantive responses to OHA's discovery requests.

## II.    The Court should impose sanctions against FamilyCare for its refusal to comply with the Court's June 22, 2021 order and pattern of obstructing OHA's discovery.

### A.    The Court has legal authority to impose sanctions on FamilyCare.

The Court may impose sanctions under Federal Rules of Civil Procedure 37(b)(2) and 16(f) and the Court's inherent authority to manage its affairs. When a party "fails to obey an order to provide or permit discovery" a court may impose a variety of sanctions under Rule 37(b)(2). The term "order" is construed broadly under Rule 37(b) to include *any* order relating to discovery. *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (2018) ("Both the advisory committee notes and case law suggest that Rule 37's requirement for an order should . . . include any order relating to discovery." (Internal citations and quotation marks omitted)).

Similarly, under Rule 16(f), a party that "fails to obey a scheduling or other pretrial order" may be subject to the sanctions set out in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii). Finally, a court may award sanctions under its inherent authority where it finds that a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Fink v. Gomez*, 239 F.3d 989, 991-93 (9th Cir. 2001) (internal citations and quotation marks omitted), or in the alternative,

**Page 9 -    DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

where there has been "willful disobedience of a court order." *Id*. "Willful" does not indicate mental intent like bad faith but simply means the party acted "deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

Sanctions are appropriate where a party had "unequivocal notice" of the Court's order pertaining to discovery but failed to comply. *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir.1992). This rule applies even where the Court issued its order orally or "quickly at the conclusion of a hearing." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011). Similarly, a discovery order must be complied with even if the order was "not noticed, opposed, and heard in a formal manner." *Id.*

## B.    The Court should impose sanctions on FamilyCare.

FamilyCare repeatedly has concealed its spoliation of text messages. It failed to produce all Jeff Heatherington's text messages three years ago. When OHA identified the deficiencies in FamilyCare's production, FamilyCare misrepresented to OHA that it had produced all relevant text messages. When OHA filed a motion to compel, FamilyCare misrepresented to the Court that it had produced all relevant text messages. And now, when the Court has issued an order allowing OHA to conduct discovery into FamilyCare's spoliation, FamilyCare is defying the Court's order and OHA's requests.

OHA, by contrast, admitted its inability to recover text messages before the close of discovery, responded to multiple discovery requests regarding the nature and content of the missing texts, and continues to produce records related to text messages. FamilyCare has relied on OHA's good faith discovery responses to move for extraordinary sanctions (Dkt. 257), while at the same time concealing its own discovery failures to avoid similar scrutiny.

Page 10 -    **DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS**

To level the playing field and remedy FamilyCare's vexatious conduct, the Court should sanction FamilyCare by striking its motion for sanctions against OHA. *See* Rule 37(b)(2)(A)(iii) (permitting Court to strike pleadings). In addition, the Court should order FamilyCare to pay OHA's fees in bringing this motion. Rule 37(b)(2)(C), 16(f)(2); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (holding that a court's inherent authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process") (quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should grant OHA's motions to compel and for sanctions.

DATED this 20th day of August, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:     *s/ Harry B. Wilson*
        David B. Markowitz, OSB #742046
        DavidMarkowitz@MarkowitzHerbold.com
        Harry B. Wilson, OSB #077214
        HarryWilson@MarkowitzHerbold.com
        Laura Salerno Owens, OSB #076230
        LauraSalerno@MarkowitzHerbold.com

        *Special Assistant Attorneys General for
        Defendant Oregon Health Authority, an
        agency of the State of Oregon*

        Carla A. Scott, OSB #054725
        carla.a.scott@doj.state.or.us

        *Of Attorney for Defendant Oregon Health
        Authority, an agency of the State of Oregon*

1167680

**Page 11 -     DEFENDANT OREGON HEALTH AUTHORITY'S MOTION TO
                COMPEL FAMILYCARE'S DISCOVERY RESPONSES AND MOTION
                FOR SANCTIONS**

**CERTIFICATE OF COMPLIANCE WITH L.R. 7-2(b)(2)**

I certify that this brief complies with the applicable word-count limitation under L.R. 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,894 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

DATED this 20th day of August, 2021.

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
Attorney for Defendant Oregon Health Authority

**CERTIFICATE OF SERVICE**