

**Laura Salerno Owens | Lawyer**
LauraSalerno@MarkowitzHerbold.com

July 11, 2018

**Via Email and U.S. Mail**

Amanda Beane
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101

Re:    **FamilyCare, Inc. v. Oregon Health Authority, et al.**
       **US District Court of Oregon (Portland Division)**
       **Case No. 6:18-cv-00296-MO**

Dear Amanda:

We are in receipt of your letter dated July 9, 2018.  We disagree with your characterization of the events surrounding Lynne Saxton's unrecoverable text messages.  We promptly provided information and then detailed matrices regarding the text messages.  As we have previously informed you in writing, we began the process of recovering metadata on March 14, 2018 and completed that process on June 12, 2018.  As a professional courtesy, on April 30, 2018, we provided you a written update on the status of our process.  We prepared matrices reflecting the result of our process on June 12, 2018, and produced those detailed matrices to you the very next day, on June 13, 2018.  We engaged in two meet and confer phone calls with you on this topic on June 14, 2018 and June 21, 2018.  And, on June 18, 19, 20, 26, 27, and July 9, we provided written responses to over 30 follow-up questions you posed on this topic.

Despite all this, you still demand "explanation for the missing text messages."  As we have previously discussed, if you have additional questions about the facts or circumstances surrounding certain text messages, the forum to discover that information is not in a meet and confer with opposing counsel but rather the discovery process.  For example, you will have the opportunity to question Ms. Saxton during her deposition about any "explanation for the missing text

**P** 503.295.3085  **F** 503.323.9105 | MarkowitzHerbold.com | 1211 SW Fifth Avenue, Suite 3000  Portland, OR 97204

messages." Therefore, your stated threat to file a motion to seek sanctions is premature as you have not completed basic factual investigation.

Moreover, FamilyCare has not identified any prejudice from the unrecoverable messages. What information is FamilyCare deprived of because there are some unrecoverable messages? What prejudice has it suffered that would require sanctions? OHA has provided extensive evidence to FamilyCare in this litigation.

As you know, OHA has produced 47 rounds of documents in this case, amounting to over 1.1 million pages of documents. Of those documents, 3,355 are files containing text messages. By contrast, FamilyCare has only produced 23 files containing text messages. Only 4 are from FamilyCare's CEO Jeff Heatherington. Moreover, we have no text messages from any FamilyCare custodian after January 6, 2018. Additionally, FamilyCare did not produce a text message between Ms. Saxton and FamilyCare's Vice President of Provider Network Services, William Guest, which it is now complaining about not receiving from OHA. This paucity of production suggests that FamilyCare has failed to preserve or produce its own text messages.

Accordingly, seeking court intervention is premature because FamilyCare has not completed its own discovery on this topic or provided any meaningful information on any prejudice it has suffered.

Very truly yours,

Laura Salerno Owens

758244