| From: | Gordon, Matthew P. (Perkins Coie) |
|---|---|
| To: | Harry Wilson; Samuelson, Brian P. (Perkins Coie); Brittany M. Simpson; Laura Salerno Owens; Anna Joyce; Katherine M. Acosta; Greg Scott; Matt Levin |
| Cc: | Beane, Amanda J. (Perkins Coie); Hesterberg, Nicholas H. (Nick) (Perkins Coie); Morales, Nathan (Perkins Coie); Brenner, Alletta S. (Perkins Coie); Johnson, Thomas R., Jr. (Perkins Coie) |
| Subject: | RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses |
| Date: | Tuesday, July 17, 2018 11:43:57 AM |

[adding Aletta Brenner and Tom Johnson to the thread]

Harry,

Our goal is to have a productive conferrals so that we can identify where we can narrow the disagreements and where we need to seek assistance from the court. That's why we have tried to identify the issues and our positions on them in advance of our conferral calls. When the substance of the issues is not identified prior to the calls, it delays the process.

As I explained in my email yesterday, to have a further productive conferral on the OHA 30(b)(6) topics, we need to confer with our client about your concerns. You raised for the first time in our telephone call Thursday afternoon your objections to topics 19-55. And you identified the remaining issues regarding topics 1-18 by email Sunday evening. As I explained, given the FamilyCare 30(b)(6) deposition—and our accommodation of your request to extend it over two days—we are not able to confer with our client until after the deposition concludes today. Once we have done so, we will be in a position to further confer with you on the 30(b)(6) issue. We are available to confer on that issue, as well as regarding the general ledger, between 5 and 6 today or tomorrow from 9-9:30 or 11-12. Please let me know if any of those times work for you.

Regarding the instant messaging, thank you for the additional information. I realize that *some* IM threads have been produced—the issue is that we're seeing very few, and given the frequency with which the platform appears to have been used by at least some custodians , we were concerned that some responsive documents may have been overlooked. I don't recall Ms. Robison saying that she rarely used the program, but perhaps that just an issue of semantics. In any event, thank you for continuing to follow up on the issue. Please let us know when you expect to complete that follow up so we know whether we need to seek the court's assistance.

Regarding the text messages, will the additional productions this week complete the production of text messages, or do you expect to produce more after this week? As you know, we've been inquiring about text messages for some time and, again, are trying to determine whether we need to raise the issue with the court.

Regarding FamilyCare's text messages, I responded to Laura Salerno Owens last Thursday night but have not heard back from her since. I offered to fold a discussion about FC's collection into our conferral, and that offer still stands.

Finally, regarding your request to confer about the Heatherington Foundation's response to OHA's subpoena, if you want to have a productive conferral, it would be helpful to know, with sufficient lead time, what specific issues you want to discuss.

Thanks,
Matt

**Matthew Gordon** | **Perkins Coie LLP**
PARTNER
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**From:** Harry Wilson [mailto:harrywilson@markowitzherbold.com]
**Sent:** Tuesday, July 17, 2018 10:07 AM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>; Matt Levin <mattlevin@markowitzherbold.com>
**Cc:** Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (SEA) <NHesterberg@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>
**Subject:** RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Matt,

We have conferred extensively on FamilyCare's Rule 30(b)(6) topics, including by letter on April 20, 2018, email on July 3 and 15, and on multiple calls, including the call last week. We've stated our position on topics 1-18 multiple times, including in letter and email. We stated our position on the new topics 19-55 during the call last week and FamilyCare has now four days to review our objections. FamilyCare's delay in conferral is endangering our ability to timely move for a protective order, prepare our witnesses, and preserve the deposition dates, which are already outside of the discovery cutoff. We plan to file the motion for protective order, requesting expedited consideration, tomorrow. If FamilyCare is unable to complete conferral today, we will note that in the conferral statement.

In response to your questions: We are producing additional text messages this week. With respect to instant messages, we have collected and reviewed thousands of instant messages. The vast majority are not responsive. Threads have been produced, including from Chelsea Guest, see for example OHA_LIT_00937461. Many custodians rarely used the programs, as Laura Robison testified last week. We have additional follow up to do on this subject, and will provide more information when we have it.

Please let us know today whether FamilyCare will produce its general ledger. If FamilyCare will not produce the general ledger, please let us know whether FamilyCare consents to OHA filing a motion to compel the general ledger under seal.

In addition, we requested additional information regarding FamilyCare's production of text messages last week. To date, we have received text messages from only three custodians and no text

messages after January of this year. Please provide more information about FamilyCare's production of text messages, including custodians collected from and the date ranges of collected texts.

Lastly, we need to confer regarding the Heatherington Foundation's response to OHA's subpoena. Please provide a time today.

Harry

---

**From:** Gordon, Matthew P. (Perkins Coie) [mailto:MGordon@perkinscoie.com]
**Sent:** Monday, July 16, 2018 12:00 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Samuelson, Brian P. (Perkins Coie) <BSamuelson@perkinscoie.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Beane, Amanda J. (Perkins Coie) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (Perkins Coie) <NHesterberg@perkinscoie.com>; Morales, Nathan (Perkins Coie) <NMorales@perkinscoie.com>
**Subject:** RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Harry,

Given the deposition schedule—particularly, the 30(b)(6) deposition of FamilyCare occurring today and tomorrow—we have not yet been able to discuss your positions on the OHA 30(b)(6) topics with our client (which we need to do prior to a conferral), and we may not be able to do so until after the deposition concludes tomorrow. I will update you by tomorrow afternoon. If you have concerns about the briefing schedule, we are amenable to discussing modifications to the same.

Last week we also talked about OHA's instant messaging and text messages. We understood that you were further investigating the collection of instant messaging records and would update us early this week. When should we anticipate receiving that update? As for text messages, it appears that OHA productions last week included numerous text messages; we are still sorting through those productions to understand what was produced. In the meantime, would you please let us know whether you anticipate producing additional text messages, and, if so, when?

Thank you,
Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

---

**From:** Harry Wilson [mailto:harrywilson@markowitzherbold.com]
**Sent:** Sunday, July 15, 2018 6:23 PM

**To:** Samuelson, Brian P. (POR) <BSamuelson@perkinscoie.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Beane, Amanda J. (SEA) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (SEA) <NHesterberg@perkinscoie.com>; Morales, Nathan (POR) <NMorales@perkinscoie.com>
**Subject:** RE: FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Matt,

As we discussed during our conferral call last Thursday, OHA continues to have objections to several of FamilyCare's Rule 30(b)(6) topics 1-18. OHA outlined many of its initial objections in Matt Levin's April 20, 2018 letter to Nathan Morales (attached) and Matt Levin's July 3, 2018 email to Amanda Beane. For the purposes of conferral regarding OHA's potential motion for a protective order, OHA raises the objections below with respect to some of FamilyCare's topics 1-18 in its Notice of Videotaped Deposition of Oregon Health Authority dated July 3, 2018. We conferred on topics 19 – 55 last Thursday. If we are unable to resolve the objections below (regarding some of topics 1-18) and discussed last Thursday (regarding topics 19 – 55), we will move for a protective order on Tuesday, July 17. We raise these objections while reserving OHA's right to make additional objections during or before the deposition.

Topic 1: OHA continues to object that this topic is overbroad as to timeframe. Although the topics concerns the 2017 and 2018 rate years, the language "including to the extent such development is informed by historical processes, practices, or policies adopted prior to development of the 2017 capitation rates, or changes in processes, practices or policies used in development of the 2017 capitation rates from those used in rate development prior to the 2017" is overbroad and potentially includes processes, practices, and policies from any timeframe if they differ from those used in 2017 and 2018. OHA proposes that the topic should be narrowed to no earlier than January 1, 2015, as proposed in OHA's letter from Matt Levin to Nathan Morales on April 20, 2018. In addition, the language "generally accepted actuarial principles and practices" is ambiguous and potentially overbroad. OHA proposes the language should be changed to Actuarial Standards of Practice 49.

Topic 4: OHA continues to object that this topic is overbroad. The topic covers communications plans for subject areas without limitations to the claims and defenses in this lawsuit. For example, communications plans related to the Oregon Health Plan could include subjects such as the coverage of various prescriptions drugs and medical procedures, immunizations, procedural issues and more. "Rate-setting" is also overbroad as it potentially concerns work for organizations other than CCOs. OHA has issued approximately 150 news releases in the first half of 2018 alone. OHA proposes that this topic is limited to FamilyCare.

Topic 7: OHA continues to object that this topic is overbroad. The phrases "Oregon's Medicaid Program" and "individual Coordinated Care Organizations that contract with OHA" are unlimited and encompass countless subjects that are irrelevant to the claims and defenses in this litigation. OHA

proposes that this topic be limited to FamilyCare and CCO contracts. OHA also objects that the topic is ambiguous as to "defined under ORS 171.725." The definition in ORS 171.725 and the subsequent statutes are subject to exceptions set forth in ORS 171.735. The topic does not make clear whether and to what extent subsequent exceptions are to apply. If FamilyCare intends none to apply, then the topic is overbroad as it encompasses the ordinary activities of state officials acting in their official capacities.

Topic 8: OHA continues to object that this topic is overbroad.  OHA also objects that the topic is ambiguous. "[A]ll budgetary, policy, and rate-setting decisions made by OHA in connection with that target" could include a wide range of topics outlined in the 385-page Special Terms and Conditions OHA must comply with from rate-setting, to complaints and grievances, to training activities under the Transformation Center. Virtually every decision affecting the financial performance of the Medicaid program relates to that target. OHA proposes limiting this topic to OHA's policy and rate-setting decisions related to any 3.4% growth target in Oregon's Section 1115(a) waiver for capitation rates for CCOs.

Topic 9: OHA objects to this topic as overbroad and ambiguous. "All policy or discretionary decisions" is undefined, vague, and ambiguous. The limiting clause "that had any material impact on the rates" is also undefined, vague, ambiguous. "Material" is subject to multiple meanings depending on perspective. Furthermore, OHA does not analyze how every individual decision related to developing rates impacts the final rates, making it impossible to determine whether particular decisions had a "material impact" on rates. OHA proposes this topic is limited to the policy decisions discussed in OHA's 2018 Base Data and Reimbursement Review, OHA_LIT_00650244.

Topic 10: OHA continues to object to this topic as overbroad and ambiguous. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The phrase "associated policies" is vague, ambiguous, and overbroad. OHA policies for Medicaid are far reaching and go beyond the specific allegations made by FamilyCare. OHA proposes this topic is limited to OHA's treatment of sub-capitated entities and payment arrangements in its capitation rate setting for Coordinated Care Organizations limited to January 1, 2015 to present.

Topic 11: OHA continues to object to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. The topic also encompasses all communications related to "Oregon's Medicaid program." OHA communicates with CMS on issues related to the Medicaid program that go far beyond the scope of discovery in this matter. The same is true with respect to "marketing and enrollment," "regulations and other guidance concerning rate-setting," the "Section 1115 Medicaid Demonstration waiver," and "the 3.4% rate of growth."  OHA proposes narrowing this topic to OHA's communications with CMS related to CMS's certification of OHA's capitation rates for CCOs.

Topic 12: OHA objects to this topic as overbroad. The topic encompasses all "provision of information" related to "Oregon's Medicaid program." Oregon's Medicaid program includes countless subjects unrelated to the claims and defenses in this litigation. OHA proposes this topic be limited to OHA's provision of information to the Oregon legislature about the 2017 and 2018 capitation rates.

Topic 15: OHA objects to this topic as overbroad. There is no time limitation in this topic. OHA proposes the topic should be limited to from January 1, 2015 on. Furthermore, OHA's enrollment and eligibility data constitutes an enormous rage of data and the range of subjects that this topic could cover are countless. In addition, use of the phrase "including but not limited to" fails to identify the topics for deposition with reasonable particularity. *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D. Conn. 2010) ("the language 'including but not limited to' is overbroad when identifying a 30(b)(6) topic"). OHA proposes this topic be limited to enrollment and eligibility redeterminations.

Topic 16: OHA objects to this topic as overbroad. "[A]ny enrollment and/or eligibility errors" is overbroad. Enrollment and eligibility data is continually in the process of being validated and such data can be corrected and supplemented at any time after the data is created. To the extent this topic seeks testimony regarding the 2018 redetermination adjustment, as discussed on page 13 of the 2018 CCO Rate Development Actuarial Certification, it should be narrowed to describe that subject with reasonable particularity.

Topic 18: OHA objects to this topic as overbroad and ambiguous. "The 2018 Medicaid capitation rate amendment" and the "one-month version of that amendment" are undefined and it is unclear what FamilyCare is referring to. Furthermore, "OHA's policy and discretionary decisions relating to those agreements" is vague, ambiguous, and overbroad. Such language encompasses any decision at all related to the undefined "agreements" and therefore fails to describe the topic of deposition with reasonable particularity. OHA proposes FamilyCare more precisely define the agreements are remove the overbroad language regarding "policy and discretionary decisions relating to those agreements."

We are available to confer between 1:00 and 3:00 tomorrow on FamilyCare's Rule 30(b)(6) notice. We will be separately emailing you and your team on other issues.

Harry

---

**From:** Samuelson, Brian P. (Perkins Coie) [mailto:BSamuelson@perkinscoie.com]
**Sent:** Friday, July 13, 2018 12:37 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Brittany M. Simpson <brittanysimpson@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Anna Joyce <annajoyce@markowitzherbold.com>; Katherine M. Acosta <katherineacosta@markowitzherbold.com>; Greg Scott <gregscott@markowitzherbold.com>
**Cc:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Beane, Amanda J. (Perkins Coie) <ABeane@perkinscoie.com>; Hesterberg, Nicholas H. (Nick) (Perkins Coie) <NHesterberg@perkinscoie.com>
**Subject:** FamilyCare v. OHA - follow up re: HIV/AIDS analyses

Harry,

One of the items on my list from yesterday's conferral call was to identify a few examples of documents referencing the types of analyses or studies we'd like to ask the OHA 30(b)(6) witness about under Topic 38.  Please see:

- OHA_LIT_00174583
- OHA_LIT_00085803
- OHA_LIT_00090018

Thanks,
Brian

**Brian Samuelson | Perkins Coie LLP**
**ASSOCIATE**
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
D. +1.503.727.2170
F. +1.503.346.2170
E. BSamuelson@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.