**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.co
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tele: (503) 295-3085
Fax: (503) 323-9105

　　　Special Assistant Attorneys General for Defendant Oregon
　　　Health Authority, an agency of the State of Oregon
　　　Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | |
| Defendants. | |

**TO:　PLAINTIFF AND ITS ATTORNEYS OF RECORD.**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 33, defendant Oregon Health Authority ("OHA") requests that plaintiff FamilyCare, Inc. ("FamilyCare") provide answers separately and fully to the following interrogatories and serve a copy of such answers upon the undersigned attorneys for Defendants within thirty days after service of the interrogatories. Your responses to these Interrogatories shall be in accordance with the following definitions and instructions.

**Page 1 -　DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

## INSTRUCTIONS

1.      Interrogatories are intended to elicit as much information as possible concerning the issues and, to the extent any interrogatory could be interpreted in more than one way, You should employ the interpretation of the interrogatory most likely to encompass and elicit the greatest amount of information possible.

2.      If, in answering this interrogatory, You claim that the interrogatory, or a definition or instruction applicable thereto, is ambiguous, do not use such a claim as a basis for refusing to respond but rather set forth as part of the response the language You claim is ambiguous and the interpretation You have used to respond to the interrogatory.

3.      If, in answering this interrogatory, You object to any part of the interrogatory, each part of the interrogatory shall be treated separately.  If an objection is made to one subpart, the remaining subpart(s) shall be answered.  If an objection is made on the basis that the interrogatory or subpart thereof calls for information that is beyond the scope of discovery, the interrogatory or subpart thereof shall be answered to the extent that it is not objectionable.

4.      If You refuse to disclose any of the information requested in these interrogatories on the basis of a privilege or other protection, please so state, and further state the basis of the privilege or other protection claim with sufficient specificity to permit the Court and counsel to evaluate and test the privilege or protection claimed.

5.      To the extent documents are produced in lieu of answering these interrogatories, please produce such documents as kept in the ordinary course, in accordance with Federal Rule of Civil Procedure 34, and without any rearrangement.  In addition, please provide the documents in such a way that they can be correlated to the interrogatory to which the documents are responsive and identify the Bates number for all such documents in Your interrogatory response.

**Page 2 -   DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

**DEFINITIONS**

The following definitions apply:

1.     "Communication(s)" includes without limitation oral conversations, written correspondence, memoranda, telephone conversations, voicemails, text messages, social media posts, correspondence, notes, instant messages, and electronic mail, whether as a sender, recipient, carbon copied ("CC"), or blind carbon copied ("BCC").

2.     "Identify," "describe," or "explain" mean the following:

(a)     When used in connection with natural persons, "identify," "describe," or "explain" mean to give, to the extent known, the person's full name, present or last known address, the present or last known place of employment, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

(b)     When used in connection with an entity, "identify," "describe," or "explain" mean to state the entity's full name, last known address(es), telephone number, and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

(c)     When used in connection with an act, "identify," "describe," or "explain" mean to provide a description of the act, including the place, date, and time of its occurrence, and the person(s) and/or entity(ies) engaged in the act.

(d)     When used in connection to a document, "identify" means to provide information sufficient to locate that document, including, but not limited to, the following: the date appearing on such document, or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label on such document; a general description of such document (*e.g.*, letter, memorandum, email, drawing, etc.); the title or heading; the number of pages of which such document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; and if the document

**Page 3 -   DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

Ex. 9 - Wilson Decl.
Page 3 of 8

existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it.

3. "Related to," "relating to," "concerning," or any variation of these phrases, shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, constituting, contradicting, comprising, regarding, or having a logical or factual connection with the subject matter in question.

4. "FamilyCare" means FamilyCare, Inc. its officers, directors, members, agents, attorneys, and employees.

5. "Plaintiff," "you," or "your" means FamilyCare, Inc. and its officers, directors, members, agents, attorneys, employees, interns, and volunteers.

6. "Text message" means a communication sent electronically using the SMS, SMPP, iMessage, XMPP (WhatsApp), Signal (TextSecure), SIP, SIMPLE, APEX, or IMPP protocols.

7. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whatever necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope.

8. The term "each" includes the words "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the Interrogatory responses that which might otherwise be construed to be outside the scope.

9. The use of the singular shall be deemed to include the plural, and vice-versa.

10. Relevant Time Period. Unless otherwise stated below, the time period for these Interrogatories is January 1, 2015 to the present.

INTERROGATORIES

**INTERROGATORY NO. 17:** Identify all mobile devices (including personal devices if they were ever, at any time, used for purposes related to work or the subjects of this litigation) that Jeff Heatherington had or used from December 7, 2016 to the present, including the

**Page 4 - DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

associated phone number(s), manufacturer, operating system, model number, serial number, and cellular network provider.

**ANSWER:**

**INTERROGATORY NO. 18:** For each mobile device identified in your answer to Interrogatory No. 17, state whether data on the mobile device has been collected for this litigation, including through imaging of the mobile device, or use of a data extraction tool and, if so, when such collection, imaging, or extraction occurred.

**ANSWER:**

**INTERROGATORY NO. 19:** For each mobile device identified in your answer to Interrogatory No. 17, identify each and every text message that FamilyCare, Inc. has been unable to recover from December 7, 2016 to the present, including without limitation the date, time, participants, telephone numbers or addresses, and subject (if know) of each unrecoverable text message. This interrogatory seeks identification of unrecoverable text messages regardless of whether FamilyCare believes that the text messages are responsive to document requests or relevant to this litigation.

**ANSWER:**

**INTERROGATORY NO. 20:** For each text message that you identified in response to Interrogatory No. 19 ("Unrecoverable Messages") explain in detail why the message is not recoverable, including what happened to the text message (*i.e.* whether it was deleted by every person who was a sender or recipient of the message or destroyed through some other means),

**Page 5 -  DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

what efforts FamilyCare undertook to recover the text message, and why the text message is not recoverable.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify each and every custodian from whom FamilyCare is unable to recover any text messages, including the number of text messages from that custodian that FamilyCare is unable to recover, the phone number(s) associated with the custodian's mobile device that sent or received the message(s) FamilyCare cannot recover, and any metadata associated with the message(s) that FamilyCare cannot recover, including the sender, recipient, date, and time.

**ANSWER:**

DATED this 9th day of July, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By: *s/ Harry B. Wilson*
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendant Oregon Health Authority, an agency of the State of Oregon*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

**Page 6 - DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.**

*Of Attorney for Defendant Oregon Health Authority, an agency of the State of Oregon*

1162016

<h1 style="text-align:center">ATTORNEY CERTIFICATE OF SERVICE</h1>

I hereby certify that on July 9, 2021, I have made service of the foregoing **DEFENDANT OREGON HEALTH AUTHORITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF FAMILYCARE, INC.** on the party listed below in the manner indicated:

| | |
|---|---|
| Stephen F. English<br>Thomas R. Johnson<br>Alletta S. Brenner<br>David Robbins<br>Heidee Stoller<br>Matthew Mertens<br>Sasha Petrova<br>Perkins Coie, LLP<br>1120 NW Couch Street, Tenth Floor<br>Portland, OR 97209<br>*Attorneys for FamilyCare, Inc.* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email: SEnglish@perkinscoie.com;<br>　　　TRJohnson@perkinscoie.com;<br>　　　ABrenner@perkinscoie.com;<br>　　　drobbins@perkinscoie.com;<br>　　　HStoller@perkinscoie.com;<br>　　　mmertens@perkinscoie.com;<br>　　　spetrova@perkinscoie.com<br>☐ CM/ECF System |
| Matthew P. Gordon (*admitted pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101<br>*Attorneys for FamilyCare, Inc.* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email: MGordon@perkinscoie.com<br><br>☐ CM/ECF System |
| Edwin A. Harnden<br>Chris Morgan<br>Barran Liebman, LLP<br>601 SW Second Avenue, Suite 2300<br>Portland, OR 97204-3158<br>*Attorneys for Lynne Saxton* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email: eharnden@barran.com;<br>　　　cmorgan@barran.com<br>☐ CM/ECF System |

DATED this 9th day of July, 2021.

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
Of Attorney for Defendant Oregon Health
Authority, an agency of the State of Oregon

**CERTIFICATE OF SERVICE**