**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.co
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tele: (503) 295-3085
Fax: (503) 323-9105

       Special Assistant Attorneys General for Defendant Oregon
       Health Authority, an agency of the State of Oregon
       Additional Counsel of Record Listed on Signature Page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | |
| Defendants. | |

**TO: PLAINTIFF AND ITS ATTORNEYS OF RECORD.**

Defendant Oregon Health Authority ("OHA") requests that plaintiff FamilyCare, Inc.

("FamilyCare") respond to the following Request for Production of Documents and items

pursuant to Federal Rule of Civil Procedure ("FRCP") 34 and that the responses be served on

OHA within 30 days after service of this Request at the offices of Markowitz Herbold PC,

Special Assistant Attorneys General, 1455 SW Broadway, Suite 1900, Portland, OR 97201.

**INSTRUCTIONS**

1. <u>Electronically Stored Information</u>. Electronically Stored Information includes all

documents that exist in electronic format. Format for production of documents:

**Page 1 - DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

a. Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file. The load file should be produced in a format capable of being imported into Relativity litigation software. (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives, and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

b. All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software. This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions. All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document. A single PDF of all scanned hard copy documents is not acceptable.

c. Emails should be produced in single-page TIFF format. Production of emails must include all metadata relating to any given email (*e.g.*, follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.), and any electronic attachments.

d. Excel documents should be produced in native format with all metadata preserved. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

e. PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

**Page 2 - DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

f.      All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

g.      All logs should be produced in native format.

h.      Audio, video, or other recorded information shall be capable of being played on Windows 10 in a .wav or .mpeg format.

i.      All files shall be labeled with a Bates or control number.

j.      Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

k.      All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

l.      Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM).  Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

m.      OHA reserves the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

2.      Possession, custody, or control.  This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody, or control.

**Page 3 -   DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

3. <u>Excerpts and redactions</u>. Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reasons why the document was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

4. <u>Privilege log.</u> If documents are withheld or redacted due to privilege, include a privilege log at the close of discovery that (1) states the reason(s) you are refusing to produce the document, and (2) describes the author(s), recipient(s), date, and subject matter of the document in enough detail so that a determination can be made about the applicability of the claim of privilege or other reason for refusing to produce the document.

5. <u>File organization</u>. File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

6. <u>Usual course of business</u>. If responsive documents are kept together in the usual course of business, they are to be produced in that order, to fairly reveal and not to distort the order of your filing and record keeping system. Documents attached to each other should not be separated. File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request. The file folders must be produced intact with the documents produced therefrom.

7. <u>Equally available/produced by another party</u>. The fact that a document is equally available to another party, or produced by another party, does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

8. <u>Date of production</u>. All requests call for production of documents prepared, received, or dated at any time on or after January 1, 2015 to the present and including the date of production, unless specifically stated otherwise.

9. <u>Continuing requests</u>. These requests are continuing and you must immediately produce additional responsive documents as may be later located or acquired by you.

**Page 4 - DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

10. <u>Interpretation</u>.

    a.    Words in the singular include their plural meaning, and vice versa.

    b.    The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

    c.    References to persons and other entities include their agents, employees, representatives, and attorneys.

## DEFINITIONS

    a.    "Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

    b.    "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, voice mails, text messages, social media posts, online chats, instant messages, correspondence, notes, and electronic mail, whether as a sender, recipient, cc, or bcc.

    c.    "Plaintiff," "You," "Your," or "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

    d.    "OHA" means the Oregon Health Authority and its employees, officers, executives, managers, and agents.

    e.    "Lawsuit" means *FamilyCare, Inc. v. Oregon Health Authority et al.,* United States District Court for the District of Oregon Case No. 6:18-cv-00296-MO.

    f.    "Relating to" or "related to" means concerning, referring to, pertaining to, consisting of, containing, describing, evidencing, constituting, reflecting, bearing upon or having any logical or factual connection with the subject matter dealt with or alluded to in the subparagraphs of these requests.

**Page 5 -** **DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

Ex. 10 - Wilson Decl.

Page 5 of 10

g.      "Text message" means a communication sent electronically using the SMS, SMPP, iMessage, XMPP (WhatsApp), Signal (TextSecure), SIP, SIMPLE, APEX, or IMPP protocols.

h.      "Chart" means the chart attached to the September 24, 2018 letter from Amanda Beane to David Markowitz and Matt Levin, attached hereto as Exhibit A.

i.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

j.      "Any" should be construed to include "all," and "all" should be understood to include "any."

<b>REQUESTS FOR PRODUCTION</b>

**REQUEST FOR PRODUCTION NO. 230**:  All documents reviewed or relied upon in responding to Interrogatories Nos. 17-21.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 231**:  All documents, including but not limited to cellular service billing statements, reflecting the dates, times, senders, or recipients of text messages sent to or received by the mobile devices used by Jeff Heatherington, Artur Suchorzewski, Lisa Jones, and Bill Murray at any time for any work-related purpose (including mobile devices used for both work and personal purposes) from December 7, 2016 through July 1, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 232**:  All documents, including but not limited to metadata, related to any text messages that FamilyCare was unable to recover when searching for or collecting documents in connection with this Lawsuit.  This request seeks documents

**Page 6 -   DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

related to text messages that FamilyCare was unable to recover regardless of whether FamilyCare believes the text messages are responsive to document requests or relevant to this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 233:** All documents related to your efforts to preserve or collect all electronic communications for this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 234:** All documents related to your efforts to recover any electronic communication discovered to be missing during your collection or review of documents in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 235:** All documents related to the destruction or deletion of electronic communications received or sent by any current or former employee of FamilyCare.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 236:** All documents related to the text messages identified in the Chart.

**RESPONSE:**

**Page 7 -   DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

**REQUEST FOR PRODUCTION NO. 237:**  All documents related to your efforts to recover the text messages identified in the Chart.  This request includes, but is not limited to, all documents related to your efforts to recover the text messages from all participants in the text messages identified in the Chart.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 238:**  All documents related to the metadata for any text messages that FamilyCare, Inc. has been unable to recover.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 239:**  All documents related to the data extraction tool and the extraction method you used to extract and analyze data from any of Jeff Heatherington's mobile devices.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 240:**  All extraction reports (in native Excel format) generated from the data extraction tool employed to extract and analyze data from any of Jeff Heatherington's mobile devices or any other mobile devices you applied it to.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 241:**  All litigation hold notices issued to Jeff Heatherington, Bill Murray, Lisa Jones, or Artur Suchorzewski related to this Lawsuit.

**RESPONSE:**

**Page 8 -   DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

Ex. 10 - Wilson Decl.
Page 8 of 10

**REQUEST FOR PRODUCTION NO. 242:** All documents created or relied upon by you to rule out missing text messages as nonresponsive to OHA discovery requests as described in Amanda Beane's September 24, 2018 letter to David Markowitz and Matt Levin.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 243:** All documents related to FamilyCare's document retention policies or data retention policies.

**RESPONSE:**

DATED this 12th day of July, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By: *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendant Oregon Health Authority, an agency of the State of Oregon*

Carla A. Scott, OSB #054725
carla.a.scott@doj.state.or.us

*Of Attorney for Defendant Oregon Health Authority, an agency of the State of Oregon*

1162011

**Page 9 - DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.**

Ex. 10 - Wilson Decl.
Page 9 of 10

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, I have made service of the foregoing **DEFENDANT OREGON HEALTH AUTHORITY'S EIGHTH REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FAMILYCARE, INC.** on the party listed below in the manner indicated:

| | |
|---|---|
| Stephen F. English<br>Thomas R. Johnson<br>Alletta S. Brenner<br>David Robbins<br>Heidee Stoller<br>Matthew Mertens<br>Sasha Petrova<br>Perkins Coie, LLP<br>1120 NW Couch Street, Tenth Floor<br>Portland, OR 97209<br>*Attorneys for FamilyCare, Inc.* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email: SEnglish@perkinscoie.com;<br>       TRJohnson@perkinscoie.com;<br>       ABrenner@perkinscoie.com;<br>       drobbins@perkinscoie.com;<br>       HStoller@perkinscoie.com;<br>       mmertens@perkinscoie.com;<br>       spetrova@perkinscoie.com<br>☐ CM/ECF System |
| Matthew P. Gordon (*admitted pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101<br>*Attorneys for FamilyCare, Inc.* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email:   MGordon@perkinscoie.com<br><br>☐ CM/ECF System |
| Edwin A. Harnden<br>Chris Morgan<br>Barran Liebman, LLP<br>601 SW Second Avenue, Suite 2300<br>Portland, OR 97204-3158<br>*Attorneys for Lynne Saxton* | ☒ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☒ Email:   eharnden@barran.com;<br>       cmorgan@barran.com<br>☐ CM/ECF System |

DATED this 12th day of July, 2021.

*s/ Harry B. Wilson*
Harry B. Wilson, OSB #077214
Of Attorneys for Defendant Oregon Health
Authority, an agency of the State of Oregon

**CERTIFICATE OF SERVICE**