**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>    Defendants. | Case No. 6:18-cv-00296-MO<br><br>**PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS** |

## I.    INTRODUCTION

At the June 22 hearing on FamilyCare's spoliation motion, this Court instructed the parties they could both address discovery regarding text message evidence through a very specific mechanism: a motion to compel.  But neither side moved to reopen discovery, and the Court did not grant the parties *carte blanche* to issue new discovery that had never previously been sought.

Nevertheless, after the hearing, and facing the possibility of sanctions for its spoliation of evidence, OHA attempted to deflect attention and draw false equivalence by issuing, for the first time, dozens of new discovery requests regarding phone records of multiple FamilyCare custodians.  OHA propounded the requests even though discovery closed more than three years ago, and without first conferring with FamilyCare.  By contrast, FamilyCare's sole request to the Court at the hearing was to compel OHA to produce cell phone records related to Ms. Saxton's volume and frequency of text messaging based on OHA's prior refusal to provide any such information in response to FamilyCare's preexisting discovery requests.

OHA's new discovery is contrary to this Court's order and untimely.  OHA has no grounds to file a motion to compel because it had not filed discovery requests that required supplementation on these points, and FamilyCare did not understand the Court's directive to allow OHA to propound entirely new requests for production, interrogatories and requests for admission.  OHA should not be allowed to manufacture a motion to compel by serving brand new discovery requests three years after discovery closed and three years after it learned the relevant facts as an attempted end-run-around the Court's directive.

The Court made clear that time to serve new discovery has come and gone, and therefore FamilyCare was well within its rights to respectfully decline OHA's requests.  OHA's motion should be denied, and FamilyCare should be awarded its fees for having to oppose the motion.

1-    PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL AND
FOR SANCTIONS

## II.    LEGAL STANDARD

A propounding party may bring a motion to compel discovery responses if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted. . . as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  If such a motion is granted, "the court must, after giving an opportunity to be heard, require the party . . .  whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  Notwithstanding the foregoing, "the court must not order this payment if" (i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," (ii) "the opposing party's nondisclosure, response, or objection was substantially justified," or  (iii) "other circumstances make an award of expenses unjust."  *Id.*

If the motion to compel is denied, "the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).[1]

## III.    BACKGROUND

OHA's motion rehashes arguments OHA already raised numerous times in prior briefing and mischaracterizes what has transpired.  The below summary is intended to provide the Court with additional relevant background and to correct OHA's multiple mischaracterizations.

**A.    FamilyCare sought discovery into OHA's failure to preserve Saxton's text messages**

As set out in FamilyCare's spoliation motion, FamilyCare first alerted OHA about the deficiencies in OHA's text message production in early March 2018.  ECF 257 (FamilyCare's Motion for Sanctions Against OHA Due to Evidence Spoliation) at 9.[2]  After months of delay,

---

[1]    Additionally, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).
[2]    All pin cite references are to the ECF page number.

2-    PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL AND
FOR SANCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

OHA finally advised FamilyCare that some of the texts on Ms. Saxton's phone were "unrecoverable" and "unavailable."  ECF 258 (Declaration of A. Beane in support of FamilyCare's Motion for Sanctions), Ex. 9.  OHA promised to provide metadata of the missing text messages, *id*., but failed to respond to repeated requests from FamilyCare's counsel, *id.* Exs. 10 & 11, before finally turning over the metadata on June 13, 2018.  Based on that information, FamilyCare promptly sought discovery from OHA regarding the missing phone data, including "cellular provider billing statements," documents showing the "date, time, and recipient" of phone calls and text messages, documents showing the "number of text messages sent and received, on a monthly basis," and documents regarding OHA's efforts to preserve or collect text messages in this litigation.  *See* Declaration of Matthew Gordon in Support of FamilyCare's Opposition to OHA's Motion to Compel ("Gordon Decl."), Ex. 1 at 9 (FamilyCare's Seventh Requests for Production to OHA).

OHA served its responses to the discovery requests on July 30, 2018.[3]  *Id.* Ex. 2.  OHA issued blanket objections to the requests seeking Ms. Saxton's cellular telephone billing records (Request Nos. 137, 138, and 139) and refused to produce any such documents, thereby impeding FamilyCare's determination of the extent of deleted OHA text messages.  *Id.* at 6-8.

**B.      This Court previously denied OHA's motion to compel FamilyCare to produce text messages and to reopen discovery**

After it became apparent that Ms. Saxton's text messages had been spoliated, OHA began questioning FamilyCare's production of its electronic communications.  OHA did so by letter to FamilyCare counsel days before the close of discovery, despite having multiple opportunities to question FamilyCare's custodians about text messages during depositions.

---

[3]      Although discovery was set to close that day, the parties continued to take depositions well after this deadline.  *See* ECF 189 (OHA's Motion to Compel) (arguing that good cause existed to "reopen discovery for the limited purpose of compelling production of FamilyCare's electronic communications" because OHA brought its motion a week after the discovery deadline and because depositions were still ongoing).

3-        PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
          TO DEFENDANT'S MOTION TO COMPEL AND
          FOR SANCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Without waiting for a response, on August 8, 2018, OHA moved to compel FamilyCare to produce additional electronic communications and to reopen discovery. ECF 189.[4] OHA argued FamilyCare's production was deficient because, in response to OHA's generic requests for "electronic communications," FamilyCare "produced text messages from only four custodians . . . and only 2,090 text messages in total from those custodians." *Id.* at 2. OHA further argued that "reopen[ing] discovery" was justified because, among other things, OHA was diligent in bringing the motion only a week after the discovery deadline had passed. *Id.* at 6.

FamilyCare opposed the motion on the grounds that it had produced all responsive text messages in its possession, and explained that, unlike OHA employees, FamilyCare employees rarely texted for work. ECF 204 (FamilyCare's Response in opposition to OHA's Motion to Compel") at 2. FamilyCare advised OHA and the Court that it had identified one unrecoverable text message between Mr. Heatherington and Director Pat Allen and submitted a declaration from Mr. Heatherington explaining that he rarely texted for work, that he did not routinely delete his texts, and that the message appeared to have been inadvertently deleted. ECF 210 (Declaration of Jeff Heatherington) at ¶ 3. FamilyCare submitted eight other declarations with its opposition, including declarations from its counsel's E-Discovery Services & Strategy group detailing the collection efforts, as well as declarations from FamilyCare custodians regarding their document preservation practices. *See* ECF 205, 206, 207, 208, 209, 211, 212, 213.

This Court denied OHA's motion in a minute order and without oral argument. ECF 239.

## C. OHA takes no action after being alerted to nine missing Heatherington text messages

After further investigation into the missing text message, FamilyCare discovered metadata in Mr. Heatherington's iPhone backup indicating nine other text messages that it could not recover. FamilyCare promptly alerted OHA to this fact in a letter on September 24, 2008.

---

[4] On August 15, 2018, FamilyCare's counsel sent a substantive letter responding to OHA's questions regarding text messages and offering to meet and confer. ECF 213 (Declaration of Amanda Beane in Support of FamilyCare's Response in Opposition to OHA's Motion to Compel), Ex. A. OHA declined. *Id.* Ex. B.

4-  PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL AND
FOR SANCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

ECF 322 (Declaration of Laura Salerno Owens in support of OHA's Opposition to FamilyCare's

Motion for Sanctions), Ex. 10-a.  FamilyCare provided OHA with all available metadata for

these messages, including the dates, times, and participants.  *Id.* Ex. 10-b.

Despite being made aware of the issue in September 2018, OHA did not seek further

discovery, formally or informally, regarding the nine text messages.  Instead, OHA merely raised

the issue in its opposition to FamilyCare's motion for sanctions based on Ms. Saxton's

spoliation, ECF 320 at 9-10, and requested discovery only after this Court indicated at the June

22 hearing that it would consider issuing an adverse jury instruction related to Ms. Saxton's

spoliation.  Gordon Decl. Ex. 3 at 3.  OHA did not seek to add the issue to those that could be

addressed during the stay while this case was on appeal, did not raise it after the case was

remanded, and did not raise it during the status conference when the parties discussed

completing briefing on FamilyCare's motion for sanctions.

**D.      This Court allowed the parties to move to compel previously requested discovery regarding text messages**

On June 22, 2021, this Court held a hearing on FamilyCare's spoliation motion, at the

conclusion of which the Court took the matter under advisement.  The following exchange

ensued:

> MR. GORDON: Since Your Honor is inclined to not rule on this until trial, and since we have a while until trial, one possible way to uncover more information about this in the intervening months would be to *get those billing records that we requested from OHA.*
>
> THE COURT: So I don't want to do that on the fly here. *You should go through the normal channels. You can file -- even though -- so to the degree that that is outside time limits, I'm going to allow you the opportunity to file a motion to compel for those things*, and I'll rule on it, since we have time, on a more formal record. . . .
>
> MS. SALERNO OWENS: I'm just wondering *if we are going to allow more discovery motions*, might we have an opportunity to look into Mr. Heatherington's missing text messages?
>
> THE COURT: Yes, *through the same mechanism, motion to compel. So I don't want to reopen anything else*, but it's an issue

5-      PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

that is worth, given the time we have, trying to nail down. *So you can move to compel the billing records. You can move for what you think is missing.*

MS. SALERNO OWENS: We'd like to take his deposition and issue limited discovery.

THE COURT: You'll start with just records, and we'll see where it gets.

Gordon Decl., Ex. 3 (transcript of June 22, 2021 oral argument) (emphases added).  The Court subsequently entered a minute order allowing both sides to "conduct limited discovery into the previously raised concerns of missing text messages."  ECF 455.  FamilyCare understood the brief minute order to be entirely consistent with the quoted colloquy, wherein the Court limited the mechanism for discovery to motions to compel any responsive materials that a party had failed to previously provide.  FamilyCare also understood the Court's express directive to forbid reopening discovery of the sort OHA now seeks.[5]

On July 9, 2021, without prior conferral with FamilyCare and in apparent derogation of the Court's specific instruction, OHA served on FamilyCare three dozen new discovery requests—fourteen (14) requests for production, sixteen (16) requests for admission, and five (5) interrogatories.

## IV.    ARGUMENT

**A.    FamilyCare complied with its discovery obligations and provided OHA with adequate notice regarding missing text messages**

OHA mischaracterizes FamilyCare's discovery practices.  OHA represents, without any basis, that it "does not know the scope of" the missing Heatherington text messages because FamilyCare "has blocked all discovery into the reasons for its deficient text message production."  ECF 469 (OHA's Motion to Compel FamilyCare's Discovery Responses and Motion for Sanctions) at 2.  But FamilyCare has objected only to OHA's untimely discovery requests propounded without conferral three years after discovery closed.

---

[5]    FamilyCare's understanding is consistent with the Court's subsequent ruling on FamilyCare's Motion for Discovery.  *See* ECF 436, ECF 463 (Order).

6-    PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

OHA also baselessly claims that FamilyCare misrepresented to OHA and this Court its collection and production of such evidence. But as noted, FamilyCare previously informed OHA and the Court that it was unable to recover one text message from Mr. Heatherington. *See* ECF 204 (FamilyCare's Opposition to OHA's Motion to Compel) at 6. FamilyCare also submitted multiple declarations detailing its collection efforts and FamilyCare custodians' practices with respect to text messages. FamilyCare's representations to the Court were accurate and consistent with its understanding of the facts and timely conveyed to OHA. And when, after further investigation, FamilyCare discovered nine missing Heatherington texts, it promptly notified OHA and provided all available metadata. *See* ECF 322, Exs. 10(a), (b).

**B.      OHA violated this Court's order by serving untimely, expansive new discovery requests directed at multiple FamilyCare custodians**

This Court's directive regarding text message discovery was clear: both parties were permitted to *move to compel* the production of *missing* discovery regarding text messages. The Court's colloquy on the topic did not permit either party to issue new discovery.

FamilyCare demonstrably and in good faith relied upon the Court's instruction by seeking from OHA *supplementation* of prior discovery requests to which OHA had previously refused to provide responsive materials— FamilyCare merely renewed its prior requests that OHA produce materials related to Ms. Saxton's cellular telephone billing records. *See* Gordon Decl., Ex. 4 (July 2, 2021 letter from M. Gordon to H. Wilson referencing RFPs 137-139).

In contrast, OHA did not renew any prior requests. Instead, OHA issued *three sets of entirely new* discovery requests—35 in total—seeking discovery from four different FamilyCare custodians. *See* ECF 470 (Declaration of Harry Wilson in support of OHA's Motion to Compel), Exs. 8-10). Even OHA concedes that its new requests were intended to (belatedly) mimic "the discovery requests FamilyCare issued, in 2018, to OHA and Ms. Saxton regarding her text messages." ECF 469 at 7. Rather than seek that discovery in September 2018, when the case

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

returned from remand, or even when this Court lifted the stay in April 2021, OHA waited until it became apparent that it was at risk of sanctions for spoliation.

OHA claims that it was unable to seek timely discovery because it received notice of the nine missing text messages after discovery had already closed. But OHA fails to explain what prevented it from raising the issue in the months before the case was stayed for appeal on November 13, 2018, ECF 342; seeking to add it to the list of issues that were carved out from the stay; or seeking to address it at any time after the case was remanded. Having failed to act for over three years, OHA should not be heard to complain that its own inaction causes it prejudice. *See DC Comics v. Kryptonite Corp.*, No. 00 CIV.5562 DF, 2002 WL 31159121, at *1 (S.D.N.Y. Sept. 26, 2002) (denying motion to compel responses on new interrogatory served after close of discovery based on party's lack of diligence); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992) (focus of good cause inquiry is on the moving party's reasons for seeking modification, and "[i]f that party was not diligent, the inquiry should end").

FamilyCare was well within its rights to oppose OHA's untimely attempt at obtaining new discovery on these issues.

## C.    OHA's request for sanctions should be denied

In addition to ignoring the Court's directive as to new discovery, OHA also requests sanctions against FamilyCare for its compliance with that directive and its objections to OHA's untimely discovery requests. OHA's requests that the Court strike FamilyCare's motion for sanctions for OHA's spoliation (Dkt. 257) and award OHA its costs associated with bringing this motion. OHA's requests are without merit and should be denied.

For sanctions to lie under Rule 37, "[t]here must be a discovery order, which the party disobeyed." *Harry and David v. Pathak*, 2010 WL 2432071, at *4 (D. Or. Apr. 7, 2010). While the Court has wide discretion to impose sanctions under Rule 37 and otherwise, sanctions are most appropriate when a "counsel or party has acted willfully or in bad faith in failing to comply

8-      PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
        TO DEFENDANT'S MOTION TO COMPEL AND
        FOR SANCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders." *Lee v. Walters*, 172 F.R.D. 421, 432 (D. Or. 1997) (quoting *G-K Properties v. Redevelopment Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978)).

Far from disobeying the Court's order, FamilyCare's actions complied with the Court's express directive delivered in Court on June 22, 2021. OHA's request for sanctions should be denied for that reason alone.

But even if the Court thinks FamilyCare's interpretation of its directive somehow missed an unspoken nuance, there is no basis for awarding sanctions. FamilyCare timely served well-founded written objections to OHA's requests, and its reliance on the Court's express directive is justified. The facts of this case therefore stand in stark contrast to those where sanctions were found to be appropriate. *Cf. Commerce and Indus. Ins. Co. v. HR Staffing, Inc.*, 2015 WL 2170140, at *1-2 (D. Or. May 7, 2015) (granting motion for sanctions where Defendant violated order requiring responses to discovery requests within 14 days); *Lee*, 172 F.R.D. at 432 (imposing monetary sanctions under Rule 37 where Defendants violated four court orders by failing to make witnesses available for deposition, provide documents, complete discovery, and file dispositive motions); *compare with Phelps v. Wyeth, Inc.*, 280 F.R.D. 572, 575 (D. Or. 2012) (rejecting Rule 37 sanctions for failure to produce documents before the end of discovery due to oversight).

Moreover, OHA's request that the Court strike FamilyCare's motion for sanctions is not only an unwarranted and extraordinary remedy, but also demonstrates that the real purpose of OHA's motion is to avoid potential sanctions for its spoliation of evidence by attempting to draw a false equivalence between OHA and FamilyCare. There is no basis for striking FamilyCare's pending spoliation motion against OHA. *See Nilsson, Robbins, Dalgarn, Berliner, Carson &*

9-  PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988) ("Rule 37 sanctions are subject to certain limitations in that they must be just, and they must specifically be related to the particular claim that was at issue in the order to provide discovery.")[6]

OHA's request for sanctions against FamilyCare, in the face of OHA's failure to comply with its discovery obligations, should be denied.

### V.    CONCLUSION

For the reasons set out above, FamilyCare respectfully requests that the Court deny OHA's motion in its entirety and award FamilyCare its reasonable attorney fees in responding to the instant motion.  *See* Fed. R. Civ. P. 37(a)(5)(B) (allowing the court to "require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" if the motion to compel is denied); *see also See* Fed. R. Civ. P. 37(a)(5)(C) (allowing the court to issue the reasonable expenses if the motion to compel is denied in part).

DATED:  September 3, 2021.        **PERKINS COIE LLP**

By:/s/ *David B. Robbins*_____

---

[6]    Nor would such a sanction be appropriate—even if it were otherwise justified, which it is not—in the absence of advance notice to FamilyCare. *Cf. Harry and David*, 2010 WL 2432071, at *4 (striking "Defendant's untimely and evasive responses to Plaintiff's" RFAs and Defendant's answer where the court ordered Defendant to supplement its discovery responses, Defendant failed to meet the deadline, and "Defendant was on notice that failure to comply would lead to sanctions."); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) ("The pretrial order in this case undisputedly warned that failure to comply could result in sanctions including dismissal and entry of judgment."). Nowhere in the Court's order or the hearing transcript did it indicate that FamilyCare's own motion for sanctions at risk for having the temerity to take the Court at its word.

10-    PLAINTIFF FAMILYCARE, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone:  503.727.2000
Facsimile:   503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:   206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

11-     PLAINTIFF FAMILYCARE, INC.'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL AND
FOR SANCTIONS