**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB #903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tele: (503) 295-3085
Fax: (503) 323-9105

Special Assistant Attorneys General for Defendants Oregon
Health Authority, an agency of the State of Oregon, and
Patrick Allen, both individually and in his official
capacity as director of the Oregon Health Authority

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, and LYNNE SAXTON,<br><br>Defendants. | Case No. 6:18-cv-00296-MO<br><br>**OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION** |

Defendants Oregon Health Authority ("OHA") and Patrick Allen ("Allen") (collectively

"defendants") respond to plaintiff FamilyCare, Inc.'s ("FamilyCare") Seventh Request for

Production as follows:

**Page 1 -   OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF
            FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 1 of 27

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into defendants' responses to each individual request as if set forth fully therein:

1.      Privilege and Privacy.  Defendants object to the requests to the extent that FamilyCare seeks documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege, immunity, rule of privacy or confidentiality, protection, or restriction that protects such documents from involuntary disclosure.  Defendants intend to and do assert the above privileges with respect to all such documents, and such documents will not be produced.  Any inadvertent production of these documents is not intended to constitute, and shall not constitute, a waiver in whole or in part of any privilege, doctrine, or objection.  Defendants further object to the requests to the extent they call for production of private personal information that is protected from disclosure by state or federal law.

2.      Compliance with Rules.  Defendants object to the requests and the instructions and definitions to the extent they purport to impose on defendants any obligations different from, inconsistent with, or in addition to, those imposed by the Federal Rules of Civil Procedure or the Local Rules.  Defendants will not respond in any manner beyond what is required pursuant to the Federal Rules of Civil Procedure or by the Local Rules of this Court.

3.      Scope of Discovery.  Defendants object to the requests to the extent that FamilyCare seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case.  Defendants object to the requests to the extent they are intended solely to cause delay and are wasteful of the parties' time and resources.  Defendants object to the requests to the extent they are unduly burdensome, argumentative, vague, ambiguous, or overly broad.  To the extent defendants respond to or produce documents requested in any individual request, they do not concede that the documents requested are relevant, proportional, material, competent, or admissible.  Nothing contained herein shall be construed as an admission by defendants relative to the existence or nonexistence of any information or documents or the truth or accuracy of any statement or characterization contained

**Page 2 -  OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF**
           **FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 2 of 27

in any document request. Defendants reserve the right to object to further discovery into any subject matter covered by the requests.

4.    Discovery Ongoing. Defendants' responses to the requests are made to the best of their present knowledge, information, and belief. The responses are at all times subject to additional or different information that discovery or further investigation may disclose. Accordingly, defendants reserve the right to supplement their responses to these requests if additional documents become known to them. In addition, defendants have made reasonable efforts to respond to these requests based on their interpretation of each request, but if FamilyCare subsequently asserts an interpretation of any request which is different from defendants' interpretation, defendants reserve the right to supplement their objections or responses. Defendants will complete their production on a rolling basis.

5.    Possession, Custody, or Control. Defendants object to the requests to the extent that they purport to require the production of documents that are not in defendants' possession, custody, or control. Defendants object to the requests to the extent they seek documents already in FamilyCare's possession, custody, or control. In responding to the requests, defendants will produce only documents reasonably known to them or within their possession, custody, or control.

6.    Public Sources. Defendants object to the requests to the extent they seek documents or information equally available to FamilyCare through public sources.

7.    Undue Burden. Defendants object to the requests to the extent they require defendants to search for and produce electronically stored information from sources that are not reasonably accessible because of undue burden or expense. Defendants will not produce electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

8.    Plaintiff's definitions of "Oregon Health Authority," "Defendant," "You," and "Your." Defendants object to FamilyCare's definition of "Oregon Health Authority," "Defendant," "You," and "Your" to the extent that definition purports to assert that OHA has

**Page 3 -   OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 3 of 27

possession, custody, or control over Optumas' documents other than as specifically set forth in contracts between OHA and Optumas. Optumas is a separate legal entity incorporated in a separate state. Optumas is not a division, subdivision, agency, or employee of OHA. OHA's relationship to Optumas is defined by the contracts between OHA and Optumas. OHA has no possession, custody, or control over Optumas' documents, except as specifically set forth in contracts between OHA and Optumas.

Each of the foregoing general objections is incorporated into each and every response as though fully set forth therein and in addition to any specific objections stated. Each of defendants' responses are made without waiver or prejudice to these general objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 133:** All documents related to potential or actual conflicts of interest of any OHA employee who performs tasks related to Oregon's Medicaid program.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that the term "potential or actual conflicts of interest" is vague and ambiguous and, therefore, overly broad and unduly burdensome. OHA objects that the request, as worded, seeks documents that are not relevant to the subject of this action and that will not lead to the discovery of admissible evidence. Based on the foregoing objection, OHA shall limit its production of responsive materials to potential or actual conflicts of interest related to FamilyCare, Inc.

**Page 4 -   OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF
      FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 4 of 27

Subject to and without waiving the foregoing general and specific objections, OHA will gather potentially responsive documents and, following review of those documents, will produce non-privileged documents responsive to this request, limited as stated herein.

**REQUEST FOR PRODUCTION NO. 134:** All documents related to potential or actual conflicts of interest of any member of the governor's staff who is involved, or has been involved, in advising the governor on issues relating to Oregon's Medicaid program, including but not limited to conflicts of interest disclosure forms.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent it requests documents beyond the scope of the date limitations agreed to by the parties in this case. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that the term "potential or actual conflicts of interest" is vague and ambiguous and, therefore, overly broad and unduly burdensome. OHA objects that "issues relating to Oregon's Medicaid program" is overbroad and unduly burdensome. Oregon's Medicaid program encompasses countless programs, the vast majority of which have no relevance to the claims and defenses in this litigation.

Subject to and without waiving the foregoing general and specific objections, OHA will gather potentially responsive documents and, following review of those documents, will produce non-privileged documents related to FamilyCare.

**REQUEST FOR PRODUCTION NO. 135:** All calendars and diaries kept by Jeremy Vandehey during his service as Health Policy Advisor to Governor Brown.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA

**Page 5 -  OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 5 of 27

further objects that this request seeks "all" personal calendars and "all" personal diaries, without limitation and, therefore, seeks information that is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence. OHA objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case. FamilyCare has already taken Mr. Vandehey's deposition and had opportunity to ask him about his work for the Governor's office. FamilyCare's complaint makes no allegations about Mr. Vandehey's conduct and his calendars and diaries, if any, are therefore irrelevant to the claims and defenses in this litigation. Furthermore, even if some of such information could be relevant, collection, review, and production of such material is not proportional to the needs of the case: FamilyCare has already conducted extensive discovery and the additional requested discovery is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

**REQUEST FOR PRODUCTION NO. 136:** All hard copy files kept by Jeremy Vandehey during his service as Health Policy Advisor to Governor Brown relating to Oregon's Medicaid Program.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case. FamilyCare has already taken Mr. Vandehey's deposition and had the opportunity to ask him about his work for the Governor's office. FamilyCare's complaint makes no allegations about Mr. Vandehey's conduct and his hard copy files, if any, are therefore irrelevant to the claims and defenses in this litigation. Furthermore, even if some of such information could be relevant, collection, review, and production of such material in not proportional to the needs of the case: FamilyCare has already conducted extensive discovery and the additional requested discovery is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

**REQUEST FOR PRODUCTION NO. 137:** All cellular provider billing statements for all cell phones used by Lynne Saxton, Patrick Allen, Varsha Chauhan, Mark Fairbanks, Lori

**Page 6 -  OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 6 of 27

Coyner, Robb Cowie, BethAnne Darby, Jeremy Vandehey, Jeston Black, Rhonda Busek, Leslie Clement, Keely West, Theresa Souza, Janell Evans, Kayla Jones, Kate Nass, and Chelsea Guest.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects that this request seeks all information contained in the subject billing statements, without limitation and, therefore, seeks information that is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence. OHA objects that this request seeks billing statements for personal cell phones that may be in the possession of the named individuals, but not in OHA's possession, custody, or control. OHA further objects on the grounds this request is overbroad and unduly burdensome and not proportional to the needs of the case because the requested documents are not relevant to the clams and defenses in this case and the burden of obtaining such documents outweighs their likely benefit.

**REQUEST FOR PRODUCTION NO. 138:** Documents sufficient to show the date, time, and recipient of any phone calls placed or received and text messages sent or received, from all cell phones used by Lynne Saxton, Patrick Allen, Varsha Chauhan, Mark Fairbanks, Lori Coyner, Robb Cowie, BethAnne Darby, Jeremy Vandehey, Jeston Black, Rhonda Busek, Leslie Clement, Keely West, Theresa Souza, Janell Evans, Kayla Jones, Kate Nass, and Chelsea Guest.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects that this request seeks all information pertaining to all calls and text messages, without limitation and, therefore, seeks information that is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence. OHA further objects on the grounds this request is over broad and unduly burdensome and not proportional to the needs of the case because the requested documents are unrestricted in time. OHA objects that this request seeks billing statements for personal cell phones that may be in the possession of the named individuals, but not in OHA's possession, custody, or control. OHA further objects on the grounds this request is

**Page 7 -  OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 7 of 27

overbroad and unduly burdensome and not proportional to the needs of the case because the requested documents are not relevant to the clams and defenses in this case and the burden of obtaining such documents outweighs their likely benefit.  Subject to and without waiving the foregoing general and specific objections, OHA has already produced non-privileged, responsive texts and voicemails from at least 17 custodians.

**REQUEST FOR PRODUCTION NO. 139:** Documents sufficient to show the number of text messages sent and received, on a monthly basis, by any cell phone used by Lynne Saxton, Patrick Allen, Varsha Chauhan, Mark Fairbanks, Lori Coyner, Robb Cowie, BethAnne Darby, Jeremy Vandehey, Jeston Black, Rhonda Busek, Leslie Clement, Keely West, Theresa Souza, Janell Evans, Kayla Jones, Kate Nass, and Chelsea Guest.

**RESPONSE:** OHA incorporates its general objections into its response.  OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine.  OHA will not produce such privileged materials.  OHA further objects that this request seeks information pertaining to all calls and text messages, without limitation and, therefore, seeks information that is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence.  OHA further objects on the grounds this request is overbroad and unduly burdensome and not proportional to the needs of the case because the requested documents are not relevant to the clams and defenses in this case and the burden of obtaining such documents outweighs their likely benefit.  Subject to and without waiving the foregoing general and specific objections, OHA has already produced non-privileged, responsive texts and voicemails from at least 17 custodians.

**REQUEST FOR PRODUCTION NO. 140:** All documents referring or relating to your efforts to preserve or collect all electronic communications, including text messages, online chat, and instant messaging conversations (e.g. Skype chat logs), of potential relevance to this litigation.

**RESPONSE:** OHA incorporates its general objections into its response.  OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client

**Page 8 -   OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 8 of 27

privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects that this request seeks information that is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence. OHA further objects on the grounds this request is overbroad and unduly burdensome and not proportional to the needs of the case because the requested documents are not relevant to the claims and defenses in this case and the burden of obtaining such documents outweighs their likely benefit.

Subject to and without waiving the foregoing general and specific objections, OHA responds that, after a reasonable search, it will produce non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 141:** To the extent not already produced, all transcripts of online chat or instant messaging conversations (e.g. Skype chat logs) responsive to any of the requests for production issued to you by FamilyCare in this litigation.

**RESPONSE:** OHA incorporates its general objections into its response. As this request refers to prior requests for production, OHA also incorporates herein its general objections, specific objections and response to each such prior request. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials.

Subject to and without waiving the foregoing general and specific objections, OHA responds that, after a reasonable search, it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 142:** All versions of Patrick Allen's resume in your possession, including any versions submitted to the Governor and/or Legislature in relation to Mr. Allen's hiring as Director of OHA.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects that this request is not relevant to the subject of this action and that will not lead to the discovery of admissible evidence.

**Page 9 -  OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF
FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 9 of 27

Subject to the foregoing objections, OHA refers to Exhibit 111 to Patrick Allen's deposition.

**REQUEST FOR PRODUCTION NO. 143:** All documents related to the 2017 CCO incentive metrics for Health Share and FamilyCare, including the initial release and revised release of CAHPS survey measures and any information related to the change in the initial and revised scores.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produce all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 144:** Documents sufficient to show all versions of any risk scores (raw or normalized) calculated for any members assigned to Health Share or FamilyCare.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks disclosure of expert work product. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

**Page 10 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 10 of 27

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 145:** All documents referring or relating to any comparison of the risk scores of any members assigned to FamilyCare, on the one hand, and any other CCO, on the other hand.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks disclosure of expert work product. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 146:** All documents referring or relating to any analysis or examination of Optumas's billing statements or practices.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case.

**Page 11 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 11 of 27

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 147:** All documents referring or relating to the 2017 Office of Inspector General audit survey on Oregon's Medicaid demonstration.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 148:** All documents referring or relating to the "ACA Expansion Population Minimum Medical Loss Ratio (MMLR) Rebate analysis for July 2014 – December 2015" (the "Report") including all documents relied upon in preparing the Report and all communications between OHA, on the one hand, and CMS or OACT, on the other hand, related to the Report.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the

**Page 12 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF
FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 12 of 27

subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 149:** All documents referring or relating to your decision to pay up to 193% of Medicare rates for a public academic health center (OHSU), including any documents reflecting the rationale for such payment rates and any analyses of the reasonableness of such payment rates.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request seeks documents that are not relevant to any claim or defense. OHA further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of this case: What rates OHA paid to a third-party that is not a CCO and not involved in this litigation has no bearing on this litigation. OHA objects that the phrase "pay up to 193% of Medicare rates" is ambiguous: It is unclear for which payment rates FamilyCare is seeking information.

**REQUEST FOR PRODUCTION NO. 150:** All documents referring or relating to differences in the returns of different investments in primary care, including but not limited to any documents indicating or suggesting that some primary care investments achieve better outcomes than other primary care investments

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client

**Page 13 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 13 of 27

privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent it seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that the terms "investments," "outcomes," and "returns" are undefined, vague, and ambiguous. OHA further objects that the request is overbroad and not reasonably calculated to lead the discovery of admissible information to the extent it seeks information unrelated to CCOs.

Subject to and without waiving the foregoing general and specific objections, OHA responds that, to the extent this request seeks documents relating to financial investments in primary care by CCOs, OHA will or has already produced all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 151:** All documents referring or relating to any investigation or analysis of an eligibility coding issue identified by CMS during review of a CMS 64 report in which examples of know [*sic*] members with Medicare were found to be coded as having new ACA Magi Eligibility.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that the terms "investigation" and "analysis" are undefined, vague, and ambiguous.

Subject to and without waiving the foregoing general and specific objections, OHA responds that, to the extent this request seeks documents relating dual eligible members, OHA

**Page 14 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 14 of 27

will or has already produced all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 152:** All documents referring or relating to the resignation of Lynne Saxton, including but not limited to communications involving one or more OHA employees regarding Ms. Saxton's resignation.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it has already produced all non-privileged documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 153:** All notes from all townhall meetings attended by Patrick Allen after he became Director of OHA

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that this request calls for production of documents outside of OHA's possession, custody, and control. OHA objects that this request seeks production of irrelevant documents: It is not limited to meetings or portions of meetings related to the claims and defenses in this case. OHA objects that the phrase "townhall meetings" is undefined, vague, ambiguous and subject to multiple meanings. OHA understand FamilyCare to mean "meetings in which the general public is invited to attend and participate."

**Page 15 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 15 of 27

Subject to and without waiving the foregoing general and specific objections, OHA will gather potentially responsive documents and, following review of those documents, will produce non-privileged documents responsive to this request that relate to the claims and defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 154:** All data files related to and including the files named step1.sas7bdat and step2.sas7bdat, as referenced in your Request for Production No. 228 to FamilyCare.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "related to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

Subject to and without waiving the foregoing general and specific objections, OHA has no non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 155:** All documents referring or relating to your contention that OHA is entitled to recoup money previously paid to FamilyCare, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses.

**Page 16 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 16 of 27

Subject to and without waiving the foregoing general and specific objections, OHA will gather potentially responsive documents and, following review of those documents, will produce non-privileged documents responsive to this request that relate to the claims and defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 156:** All documents referring or relating to any effort or contemplated effort to recoup money from any CCO from January 1, 2015 to present.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request seeks irrelevant information and is overbroad, unduly burden, and not proportionate to the needs of the case: Other CCOs are not subject to the Settlement Agreement and recoupments other than the one described in OHA's Answer, Affirmative Defenses, and Counterclaims are irrelevant.

Subject to and without waiving the foregoing general and specific objections, OHA responds that it will or has already produced all non-privileged documents responsive to this request in its possession, custody, or control, limited to the recoupment described in OHA's Answer.

**REQUEST FOR PRODUCTION NO. 157:** All documents referring or relating to your contention that FamilyCare is estopped from seeking relief in its Fourth, Seventh, Eighth, and Eleventh Claims for Relief, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA

**Page 17 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 17 of 27

further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 158:** All documents referring or relating to your contention that FamilyCare is precluded from seeking relief in its Seventh and Eighth Claims for Relief under the doctrine of waiver, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 159:** All documents referring or relating to your contention that FamilyCare's First, Fourth, and Eleventh Claims for Relief are barred in whole or in part because the Settlement Agreement included a release of claims, as asserted in your Answer.

**Page 18 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 18 of 27

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to" as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 160:** All documents referring or relating to your contention that FamilyCare's First Claim for Relief is bared in whole or in part by the doctrine of unclean hands, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**Page 19 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 19 of 27

**REQUEST FOR PRODUCTION NO. 161:** All documents referring or relating to your contention that FamilyCare's Fourth Claim for Relief and its claims for injunctive and prospective relief are moot, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to" as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 162:** All documents referring or relating to your contention that FamilyCare's Fourth and Eleventh Claims for Relief, and other claims to the extent they seek relief for rates that are allegedly actuarially unsound, are barred in whole or in part because FamilyCare failed to exhaust its administrative remedies under federal law, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation

**Page 20 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 20 of 27

of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 163:** All documents referring or relating to your contention that FamilyCare's claims are barred in whole or in part by the doctrines of sovereign immunity; discretionary immunity; qualified privilege; and absolute privilege, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to" as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 164:** All documents referring or relating to your contention that FamilyCare's Seventh and Eighth Claims for Relief are barred in part by the doctrine of accord and satisfaction, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request,

**Page 21 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 21 of 27

but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 165:** All documents referring or relating to your contention that FamilyCare's Seventh and Eighth Claims for Relief are barred in part by substituted contract, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 166:** All documents referring or relating to your contentions that FamilyCare's Seventh and Eighth Claims for Relief are barred in whole or in part because: (a) the Dispute Resolution Agreement is unenforceable because the terms FamilyCare is seeking to enforce, among others, are not sufficiently definite to determine the parties' intent; (b) FamilyCare materially breached the Dispute Resolution Agreement; and (c) FamilyCare failed to satisfy a condition precedent under the Dispute Resolution Agreement, as asserted in your Answer.

**Page 22 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 22 of 27

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 167:** All documents referring or relating to your contention that OHA's liabilities on all of FamilyCare's claims are limited to the extent of the limitation of liability provisions set forth in Exhibit D, § 11 of the parties' Health Plan Services Contract, signed December 6, 2013, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**Page 23 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 23 of 27

**REQUEST FOR PRODUCTION NO. 168:** All documents referring or relating to your contention that FamilyCare failed to properly mitigate its economic damages, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 169:** All documents referring or relating to your contentions that FamilyCare's damages for its tort claims are limited to $115,800 under ORS 30.273; FamilyCare's damages for breach of the Settlement Agreement are limited to the Settlement Credit; and FamilyCare may not recover damages for its claims under the Oregon Administrative Procedures Act, pursuant to ORS 183.486, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product. OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation

**Page 24 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 24 of 27

of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

**REQUEST FOR PRODUCTION NO. 170:** All documents referring or relating to your contention that FamilyCare's damages are not cognizable in whole or in part because of FamilyCare's status as a tax-exempt, charitable, public benefit nonprofit CCO governed by state and federal statutes regarding CCOs, tax-exempt, charitable, public benefit nonprofit organizations and Medicaid, as asserted in your Answer.

**RESPONSE:** OHA incorporates its general objections into its response. OHA objects to this request to the extent that it calls for production of documents protected by the attorney-client privilege or work-product doctrine. OHA will not produce such privileged materials. OHA further objects to the extent this request seeks expert work product.

**Page 25 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 25 of 27

OHA objects that the phrase "referring or relating to," as defined by FamilyCare, is overly broad and unduly burdensome because it includes documents that merely "mention" or "touch upon" the subject of the request, but may have no substantive or relevant relationship to the parties' claims and defenses. OHA further objects that this request calls for attorney work-product as the selection and compilation of documents responsive to this request would reveal OHA's attorneys' thought processes and analysis regarding lines of proof. To the extent responsive documents exist, OHA has already produced such documents in response to other requests.

DATED this 30th day of July, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Matthew A. Levin*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendants Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

FAMIOR\764150

**Page 26 - OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION**

EXHIBIT 2
Page 26 of 27

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I have made service of the foregoing **OREGON HEALTH AUTHORITY'S RESPONSE TO PLAINTIFF FAMILYCARE, INC.'S SEVENTH REQUEST FOR PRODUCTION** on the parties listed below in the manner indicated:

Stephen F. English
Thomas R. Johnson
Alletta S. Brenner
Brian P. Samuelson
Douglas R. Pahl
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209
 *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:  SEnglish@perkinscoie.com
     TRJohnson@perkinscoie.com
     ABrenner@perkinscoie.com
     BSamuelson@perkinscoie.com
     DPahl@perkinscoie.com
☐ CM/ECF System

Matthew P. Gordon (*admitted pro hac vice*)
Nick H. Hesterberg (*admitted pro hac vice*)
Amanda J. Beane (*admitted pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
 *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:  MGordon@perkinscoie.com
     NHesterberg@perkinscoie.com
     ABeane@perkinscoie.com
☐ CM/ECF System

Peter R. Mersereau
Beth Plass
Mersereau Shannon LLP
111 SW Columbia Street, Suite 1100
Portland, OR 97201
 *Attorneys for Lynne Saxton*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:  PMersereau@mershanlaw.com;
     bplass@mershanlaw.com
☐ CM/ECF System

DATED this 30th day of July, 2018.

*s/ Matthew A. Levin*
Matthew A. Levin, OSB #003054
*Special Assistant Attorney General for Patrick Allen and Oregon Health Authority*

**CERTIFICATE OF SERVICE**

EXHIBIT 2
Page 27 of 27