IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILYCARE, INC., an Oregon        )
non-profit corporation,            )
                                   )
          Plaintiff,               )    Case No. 6:18-cv-00296-MO
                                   )
     v.                            )
                                   )
OREGON HEALTH AUTHORITY, an        )    June 22, 2021
agency of the State of Oregon,     )
and LYNNE SAXTON,                  )
                                   )
          Defendants.              )    Portland, Oregon
_____    )

Oral Argument

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 3
Page 1 of 6

APPEARANCES

FOR PLAINTIFF:          Mr. Matthew J. Mertens
                        Perkins Coie, LLP
                        1120 N.W. Couch Street, 10th Floor
                        Portland, OR 97209


                        Mr. Matthew P. Gordon
                        Perkins Coie, LLP
                        1201 Third Avenue, Suite 4800
                        Seattle, WA 98101


FOR DEFENDANT OREGON
HEALTH AUTHORITY:       Mr. David B. Markowitz
                        Ms. Anna Marie Joyce
                        Ms. Laura R. Salerno Owens
                        Markowitz Herbold PC
                        1455 S.W. Broadway, Suite 1900
                        Portland, OR 97201


FOR DEFENDANT LYNNE
SAXTON:                 Mr. Edwin A. Harnden
                        Mr. Chris M. Morgan
                        Barran Liebman LLP
                        601 S.W. Second Avenue, Suite 2300
                        Portland, OR 97204


COURT REPORTER:         Bonita J. Shumway, CSR, RMR, CRR
                        United States District Courthouse
                        1000 S.W. Third Ave., Room 301
                        Portland, OR  97204
                        (503) 326-8188

EXHIBIT 3
Page 2 of 6

inference, and I'm persuaded that the most I would do for the contours of a permissive inference is what I'll call the vague version, which is:  You may assume upon hearing this evidence that the missing texts contain evidence negative to OHA or Ms. Saxton.  But I'm not sure I'll do that, and therefore I don't know whether I'll award attorney fees or not for this hearing today.

Thank you all.  We'll be in recess.

THE COURTROOM DEPUTY:  Court is in recess.

THE COURT:  I'm sorry.  Back on the record.

Let me be clear.  When I say "under advisement," what I'm probably going to do is just try to take this up in the context of trial itself to see about centrality.  Sometimes centrality is hard to measure until I see it in more precise detail.  So I don't think I'll get you an answer before trial. I may be able to answer it after a pretrial conference, once I've looked at exhibits, seen deposition designations and the like, but I wouldn't -- I wouldn't be surprised if it's a question I don't answer until it's appropriate just before or during trial.

MR. GORDON:  Your Honor, may I ask a question?

THE COURT:  Yes.

MR. GORDON:  Since Your Honor is inclined to not rule on this until trial, and since we have a while until trial, one possible way to uncover more information about this in the

EXHIBIT 3
Page 3 of 6

intervening months would be to get those billing records that we requested from OHA.

THE COURT:  So I don't want to do that on the fly here.  You should go through the normal channels.  You can file -- even though -- so to the degree that that is outside time limits, I'm going to allow you the opportunity to file a motion to compel for those things, and I'll rule on it, since we have time, on a more formal record.

MS. SALERNO OWENS:  Your Honor?

THE COURT:  Yes.

MS. SALERNO OWENS:  I'm just wondering if we are going to allow more discovery motions, might we have an opportunity to look into Mr. Heatherington's missing text messages?

THE COURT:  Yes, through the same mechanism, motion to compel.  So I don't want to reopen anything else, but it's an issue that is worth, given the time we have, trying to nail down.  So you can move to compel the billing records.  You can move for what you think is missing.

MS. SALERNO OWENS:  We'd like to take his deposition and issue limited discovery.

THE COURT:  You'll start with just records, and we'll see where it gets.

MS. SALERNO OWENS:  Thank you, Your Honor.

THE COURT:  Thank you all.  We'll be in recess.

EXHIBIT 3
Page 4 of 6

THE COURTROOM DEPUTY:  This court is in recess.

(Proceedings concluded at 9:55 a.m.)

EXHIBIT 3
Page 5 of 6

--oOo--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


*/s/Bonita J. Shumway*                    *July 7, 2021*
_____        _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter

EXHIBIT 3
Page 6 of 6