# PERKINSCOIE

1120 NW Couch Street
10th Floor
Portland, OR 97209-4128

T  +1.503.727.2000
F  +1.503.727.2222
PerkinsCoie.com

July 2, 2021

Matthew P. Gordon
MGordon@perkinscoie.com
D.  +206.359.3552
F.  +206.359.4552

**VIA EMAIL**

Harry Wilson
Markowitz Herbold PC
1455 SW Broadway St., Ste. 1900
Portland, OR 97201
harrywilson@markowitzherbold.com

Re:    ***FamilyCare, Inc. v. Oregon Health Authority, et. al.***
       **USDC Oregon Case No. 6:18-cv-00296-MO**
       **Additional Production of Saxton-related phone records**

Dear Harry:

At the June 22, 2021 hearing on FamilyCare's spoliation motion, we discussed with the Court OHA's prior refusal to provide records related to text messages for certain OHA document custodians, and Judge Mosman indicated that he would entertain a motion to compel such records. Before we proceed to motion practice, I write to renew FamilyCare's requests for such records in hopes that OHA will reconsider its previous opposition.

Specifically, FamilyCare renews its Requests for Production 137 (cellular provider billing records), 138 (documents sufficient to show the date, time, and recipient of any text messages sent or received) and 139 (documents sufficient to show the number of text messages sent and received on a monthly basis) for the time period of January 1, 2015, through June 29, 2018.[1] FamilyCare originally requested those documents corresponding to sixteen OHA custodians in addition to Ms. Saxton, twelve of whom also deleted or otherwise made unrecoverable some or all their texts with Ms. Saxton. *See* ECF No. 257 at 11. At this time, FamilyCare specifically renews its requests for the materials pertaining to Ms. Saxton's text messages while reserving the right to later renew its request for materials relating to the other 12 custodians.

OHA's blanket objections to Request Nos. 137, 138, and 139 were not well-founded at the time and are even less so now considering the discussion at the sanctions hearing. And OHA's prior refusal to produce these documents has prejudiced FamilyCare by impeding FamilyCare's ability to ascertain the extent of deleted OHA text messages, including those to and from Ms. Saxton.

---

[1] This date range is consistent with what FamilyCare originally requested in the relevant requests for production.

Perkins Coie LLP
152961219.1

EXHIBIT 4
Page 1 of 2

Harry Wilson
July 2, 2021
Page 2

Moreover, the passage of time may have resulted in the loss of third-party records revealing the scope of OHA's spoliation.

Nonetheless, FamilyCare asks that OHA comply with its discovery obligations by obtaining and producing records responsive to Requests 137, 138, and 139, starting with, for now, Ms. Saxton's records.

If OHA is unwilling to produce these records, FamilyCare intends to file a motion to compel their production.  Accordingly, please let me know by Wednesday, July 7, whether OHA will produce the records.

Sincerely,

Matthew P. Gordon

MPG:mjm

cc:    David B. Markowitz (via email)
       Matthew A. Levin (via email)
       Dallas DeLuca (via email)
       Laura Salerno Owens (via email)
       Vivek A. Kothari (via email)
       Anna Marie Joyce (via email)
       Carla A. Scott (via email)
       Nicole M. Swift (via email)
       Jonathan W. Monson (via email)
       Edwin A. Harnden (via email)
       Chris M. Morgan (via email)
       Christopher W. Thompson (via email)
       Kevin E. O'Malley (via email)
       Sonia Montalbano (via email)

Perkins Coie LLP
152961219.1

EXHIBIT 4
Page 2 of 2