**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>Defendants. | Case No. 6:18-cv-00296-MO<br><br>**FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Fed. R. Civ. P. 26, 37<br><br>Expedited Hearing and Oral Argument Requested |

FAMILYCARE, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

154021444.6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**LOCAL RULE 7-1 CERTIFICATION**

Counsel for FamilyCare, Inc. ("FamilyCare") conferred by telephone with counsel for the Oregon Health Authority ("OHA") in a good faith effort to resolve the dispute raised by this motion but were unable to do so. OHA does not oppose FamilyCare's request for expedited hearing so long as OHA is given the full time under Local Rule 7-1(e) to respond to this motion.

**MOTION**

Pursuant to Federal Rules of Civil Procedure 26(e)(1)(A), 37(a), and 37(c), FamilyCare moves for an order compelling OHA to produce responsive, non-privileged documents regarding how and why OHA: (1) significantly increased Health Share's rates in 2019, including for FamilyCare's former members; (2) changed and then discontinued the novel Reimbursement Policy that OHA implemented to reduce FamilyCare's 2017 and 2018 rates; and (3) reverted back to the statewide rate-setting methodology FamilyCare had previously sought. Pursuant to Federal Rule of Civil Procedure 37(c)(1) and the Court's inherent authority, FamilyCare also moves for an award of the attorney fees and costs it incurred in bringing this motion. This Motion is supported by the memorandum of points and authorities below, as well as the declaration of Matthew Gordon, filed concurrently herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION**

This Court denied FamilyCare's discovery motion that sought certain materials related to 2019 and 2020 rate-setting on the grounds that OHA was already obligated to timely produce such documents if its prior production was incomplete. FamilyCare brings this motion because OHA has failed to comply with Rule 26(e)(1)(A) by narrowly construing the scope of its discovery obligations to encompass only documents that have little or no chance of existing to avoid producing responsive materials in its possession. Specifically, OHA has agreed to produce documents related to the rate-setting changes in question *only* if they (1) are revealed by a search for the term "FamilyCare," *and* (2) expressly state that rate-setting was changed because

1-    FAMILYCARE, INC.'S MOTION TO COMPEL
      PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

154021444.6

FamilyCare was out of the market.  In other words, OHA has taken the position that it will produce only smoking-gun documents that would exist only if the author was so inept as to expressly memorialize that rates were changed because FamilyCare closed and thus reveal OHA's pretext while litigation with FamilyCare on this very subject was pending.

OHA's supplemental discovery obligations are not nearly so limited.  As set out below, documents reflecting significant changes OHA made to rate-setting shortly after forcing FamilyCare out of business are highly probative of key issues in this case—in particular, OHA and Ms. Saxton's motive for setting FamilyCare's rates so low and the pretextual justifications proffered for their actions—*even if* they do not state on their face that the changes were made because FamilyCare went out of business.  But under OHA's formulation, even a document that plainly undermines the justifications OHA proffered for rate cuts could be held back and not produced so long as the document does not expressly mention FamilyCare.

OHA maintains—as one would expect—that the rate-setting changes had nothing to do with FamilyCare's departure and merely reflect ongoing changes in Medicaid.  OHA also claims that the fact that it made certain rate changes shortly after FamilyCare closed its doors, after previously telling FamilyCare that such changes could not be implemented, does not itself prove that OHA and Ms. Saxton's excuses for FamilyCare's lower rates in prior years were false and pretextual.  But OHA's position only highlights the need for, and importance of, this supplemental discovery.  FamilyCare should have an opportunity to test those assertions by reviewing the documents firsthand to determine whether they support or refute Defendants' self-serving explanations for their actions.

## II.      BACKGROUND

After remand from the Ninth Circuit, OHA and FamilyCare agreed that the parties were required to produce responsive documents generated in the interim and agreed on a supplemental discovery process that involved gathering additional documents and applying new search terms for specified topics.  The parties largely agreed on the custodians, search terms, and topics, with

2-    FAMILYCARE, INC.'S MOTION TO COMPEL
      PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

one notable exception: OHA refused to produce documents related to its significant changes to rate-setting in 2019 and 2020—even though such materials are indisputably within the scope of FamilyCare's preexisting document requests—on grounds that the changes were irrelevant and the burden would be too great.  Consequently, FamilyCare moved for an order requiring OHA to produce documents regarding those changes.  ECF 436 (FamilyCare's Motion for Discovery). Specifically, FamilyCare requested supplemental discovery about OHA's decisions to significantly raise Health Share's rates in 2019, to eliminate the Reimbursement Policy that suppressed FamilyCare's rates in 2017 and 2018, and to return to a statewide rate-setting methodology as FamilyCare had previously requested.  *Id.* at 3-7.[1]

At oral argument on FamilyCare's motion, the Court observed that FamilyCare "certainly know[s] . . . information about 2019 and 2020 rate setting[] that lends itself to an argument that earlier years' explanations for rate setting with regard to FamilyCare were pretextual," and that FamilyCare's request for additional support for its theory was therefore "understandabl[e]." Gordon Decl. Ex. A at 3 (Transcript of July 6, 2021 Hearing).  But the Court ultimately denied FamilyCare's motion because OHA is "already under a preexisting obligation [under Rule 26(e)(1)(A)] to produce the most relevant information that might support [FamilyCare's] theories from those two years[.]"  *Id.*; *see also id.* at 4 ("[T]he nature of what [FamilyCare] would like to find in '19 and '20, it seems to me to be highly likely to be captured by the burdens imposed on the defense by 26(e)(1)(A), and therefore not something I need to order complete new discovery to locate.").[2]  Regarding the process for identifying such information, the Court made clear that

---

[1] OHA did not deny that documents relating to 2019 and 2020 rate-setting were "supplemental" discovery within the meaning of Rule 26(e)(1)(A).  *See* ECF 434 at 3.  Nor could it have; the limited categories of documents FamilyCare sought are plainly within the scope of FamilyCare's existing discovery requests.  *See* ECF 437 Exs. 1-2 (RFP Nos. 113, 122, 123, 124, 132, 144, 145).

[2] Based on its ruling denying FamilyCare's motion, the Court also denied OHA's concurrent motion for a protective order, which sought a blanket prohibition on discovery into 2019 and 2020 rate-setting.  *See* ECF 434 (OHA's Motion for Protective Order Re Scope of Supplemental Discovery); ECF 463 (Minutes of Proceedings).

3-    FAMILYCARE, INC.'S MOTION TO COMPEL
      PRODUCTION OF DOCUMENTS

154021444.6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

OHA had an obligation to disclose "any information *learned in whatever manner through* [the "FamilyCare" search OHA voluntarily agreed to perform] *or in any other way that is required* to be disclosed by the terms of 26(e)(1)(A)." *Id.* at 5-6 (emphases added).[3]

Following the hearing, FamilyCare wrote OHA to clarify its understanding of the Court's order and to make its position clear regarding OHA's supplemental discovery. Gordon Decl. Ex. B (July 28, 2021 Letter from M. Gordon to H. Wilson). FamilyCare noted that, although the Court's ruling left unanswered the question of what makes a prior disclosure "incomplete or incorrect" within the meaning of Rule 26(e)(1)(A), courts interpret that rule to require supplementation when "there is an objectively reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Id.* at 2. FamilyCare explained that information and documents regarding how and why OHA implemented the three rate-setting changes in 2019 and 2020 were highly relevant to FamilyCare's case, were likely to substantially affect FamilyCare's trial preparation and, as such, were squarely within the scope of OHA's duty to supplement under Rule 26(e)(1)(A).

OHA's response, *see* Gordon Decl. Ex. C (August 24, 2021 Letter from H. Wilson to M. Gordon), ignored the cited legal authority and took the position that OHA would not produce materials pertaining to the rate-setting changes other than documents that include the "FamilyCare" search term and expressly state on their face that FamilyCare's closure was the reason for the change—*e.g.*, documents "in which OHA discussed altering its base data exclusion policy *because* FamilyCare left the market, if such documents exist." *Id.* at 2 (emphasis in original).[4] In further conferrals, OHA refused to budge from its position, claiming

---

[3] Although "FamilyCare" was the only search term discussed at oral argument on FamilyCare's Motion for Discovery, the parties agreed to supplement discovery by running additional search terms. As such, OHA has already collected and is reviewing documents that do not include the term FamilyCare.

[4] OHA also stated it would produce "policy memoranda about base data adjustments made for 2019 rate-setting, if such memoranda exist," as well as evidence of pretext (as defined by OHA) if OHA learns of such evidence through its "FamilyCare" search. Gordon Decl. Ex. C at 2.

4- FAMILYCARE, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

that its discovery responses would "only be incomplete or incorrect if OHA made the [rate-setting] changes *because* its earlier rate-setting explanations were merely pretextual," *see* Gordon Decl. Ex. D at 2 (September 21 Letter from H. Wilson to M. Gordon) (emphasis in original), and has suggested that no documents regarding the rate-setting changes will be forthcoming.

## III.    ARGUMENT

### A.    OHA's prior productions are materially "incomplete or incorrect" under Rule 26(e)(1)(A).

OHA is improperly withholding and refusing to produce responsive materials regarding 2019 and 2020 rate-setting changes based on an interpretation of its obligations under Federal Rule of Civil Procedure 26(e)(1)(A) and this Court's order that effectively eliminates the possibility of production. OHA must timely supplement its prior discovery responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "Information is incomplete or incorrect in some material respect if there is an *objectively* reasonable likelihood that the additional or corrective information could substantially affect or alter the opposing party's discovery plan or trial preparation." *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63, 77 (W.D.N.Y. 2011) (internal quotation marks and citation omitted) (emphasis added); *see also Reinsdorf v. Skechers U.S.A., Inc.*, No. CV 10-7181 DDP (SSX), 2013 WL 12116416, at *8 (C.D. Cal. Sept. 9, 2013) (same). As a result, as this Court recognized, OHA is already under a "preexisting obligation" to produce materials that could support FamilyCare's theory that OHA's and Ms. Saxton's prior excuses for FamilyCare's low rates were pretextual. Gordon Decl. Ex. A at 3.

OHA cannot deny that it made significant changes to rate-setting shortly after FamilyCare departed. *See* ECF 438 ¶ 4 (Declaration of William Murray in Support of FamilyCare's Motion for Discovery) (describing changes gleaned from "the limited documents that OHA has chosen to make publicly available"). Specifically, OHA decided to (1) substantially increase Health Share's rates in 2019 to coordinate care for FamilyCare's former members—paying Health Share $82.5 million more that it offered FamilyCare, *id.* ¶ 10; (2) scale

5-    FAMILYCARE, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

154021444.6

back and ultimately abandon the "Reimbursement Policy" that OHA previously used to reduce FamilyCare's rates in 2017 and 2018, *id.* ¶¶ 11-13; and (3) revert back to a statewide rate-development methodology in 2020, *id.* ¶¶15-16.

OHA also cannot deny that it is aware of and has in its possession materials pertaining to *why and how* it made those changes. Such materials are likely to be highly relevant to FamilyCare's case and its trial preparation. Indeed, based on the publicly available information alone, these changes appear to undermine Defendants' prior explanations for their rate-setting actions in 2017 and 2018, as relevant both to FamilyCare's retaliation and contract claims. But although these actions undeniably raise an *inference* of pretext, materials revealing *why* and *how* OHA made these changes would shed light on whether Defendants' earlier explanations for their actions were, in fact, false and pretextual.

Evidence of pretext is directly relevant to FamilyCare's First Amendment retaliation claim. *See Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir. 2004) (pretext can be used to demonstrate a government actor's "retaliation was a substantial or motivating factor" for her conduct); *see also generally, Gorzynski v. JetBlue Airways Corp.*, No. 03CV774A, 2012 WL 712067, at *5 (W.D.N.Y. Mar. 5, 2012) (granting motion to compel supplementation of records necessary to develop the plaintiff's case "about the pretextual nature of defendant's conduct" after the close of discovery). It is also directly relevant to FamilyCare's breach of contract claims because evidence that the "Reimbursement Policy" was not necessary to curb cost growth would support FamilyCare's claim that OHA breached the Settlement Agreement by implementing the policy to claw back FamilyCare's settlement credit. Information about why OHA made these changes in later years—changes which would have significantly increased FamilyCare's rates—is also directly relevant to whether OHA acted in bad faith when it refused FamilyCare's requests to make these changes while FamilyCare was still in business.

OHA recognizes that evidence showing why the changes were made is relevant to FamilyCare's case and probative of pretext and bad faith. In prior briefing, OHA argued that the

6- FAMILYCARE, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS

154021444.6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

mere fact of these rate-setting changes is insufficient to prove FamilyCare's case.  *See* ECF 447 at 4 (OHA's Response to FamilyCare's Motion for Discovery) (arguing that "[a]ny number of . . . changes could be the reason OHA made a different decision in 2019 than it did in 2017.  To show that a reason OHA offered for its action was pretextual, FamilyCare must do more than simply show that OHA changed its methodology after FamilyCare left the market.").  OHA thus implicitly acknowledges that the true reason OHA "made [] different decision[s]" about rate-setting in 2019 is significant to FamilyCare's case, and, consequently, is highly relevant and likely to substantially affect FamilyCare's trial preparation.  Because OHA is aware of and has such materials in its possession, OHA's existing document production is "incomplete" within the meaning of Rule 26(e)(1)(A).

**B.    OHA's position is contrary to its obligations under Rule 26(e)(1)(A) and seeks to deprive FamilyCare of the evidence needed to prove its claims.**

OHA's position—that it will not produce materials showing how or why OHA changed rate-setting, with the exception of documents that (1) are surfaced by the search term "FamilyCare" and (2) expressly state on their face that OHA made the changes in question "*because* FamilyCare left the market"—is untenable, contrary to this Court's directive and the rules of discovery, and would turn the discovery process on its head.

Many documents regarding rate-setting changes would be highly relevant to key issues in this case *regardless* of whether they expressly reference FamilyCare.  For example, documents explaining how and why OHA made the rate-setting changes are highly probative for testing the credibility of OHA and Ms. Saxton's explanations even if such documents do not state on their face that the changes were made *because* FamilyCare went out of business.

OHA's self-serving choice of filters, under which OHA will produce only materials that OHA determines show blatant evidence of pretext, is highly likely to result in the production of zero documents—even those that support FamilyCare's claims or otherwise undermine OHA's explanations.  After all, a sophisticated state agency that has been litigating against FamilyCare about rate-setting for the last six years almost assuredly avoided memorializing in writing that it

7-    FAMILYCARE, INC.'S MOTION TO COMPEL
      PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

was raising rates and making other changes "*because* FamilyCare left the market."  Instead, OHA likely noted far more anodyne reasons for the changes.  Because rate-setting is a highly complex endeavor—and OHA had numerous levers at its disposal to adjust rates up or down—the evidence of pretext and bad faith is likely to be more subtle, requiring, for example, an analysis of how OHA moved those levers differently when setting FamilyCare's rates, or a comparison between OHA's rationale for making changes and its earlier excuses for inaction. As a result, numerous documents in each category below are likely to be highly probative of OHA's bad faith and Saxton's retaliatory motive even if they make no mention of FamilyCare.

1.   Increase to Health Share's rates in 2019 to care for FamilyCare's former members.

Before, when FamilyCare argued that it should receive higher rates, OHA and Ms. Saxton insisted that FamilyCare's rates were lower solely because its members were healthier and therefore were not as costly.  ECF 438 ¶ 5.  After, in the first rate-setting year without FamilyCare, OHA gave Health Share significantly higher rates ($82.5 million more) for those same members.  *Id.* ¶ 10.  Given the magnitude of the rate increase, OHA surely has documents reflecting the rationale for paying Health Share more for the same supposedly healthier members, and it certainly has rate-setting workbooks that would reveal which of the rate-setting levers OHA adjusted to increase Health Share's rates.[5]  Regardless of whether they expressly reference FamilyCare, such materials are probative of the sincerity of OHA's contemporaneous excuses for FamilyCare's lower rates and the validity of OHA's primary defense in this case (*i.e.*, that FamilyCare's low rates were set fairly and correctly for its member population).

2.   Changes to the Reimbursement Policy.

Before, when FamilyCare protested the novel Reimbursement Policy OHA had invented to cut FamilyCare's 2017 and 2018 rates, Ms. Saxton and OHA insisted that it was necessary to limit cost growth to 3.4% or less, which they claimed was required by the terms of OHA's

---

[5] Moreover, OHA used 2017 base data in developing Health Share's 2019 rates, so materials reflecting how the base data was used, in comparison to prior years, could reveal differential applications that support FamilyCare's case.

8-   FAMILYCARE, INC.'S MOTION TO COMPEL
      PRODUCTION OF DOCUMENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

154021444.6

agreement with the federal government.  *Id.* ¶¶ 11, 14.  After, in the first rate-setting year without FamilyCare, OHA modified the Reimbursement Policy, increased rates more than 3.4%, and then jettisoned the policy altogether.  *Id.* ¶¶ 12-14.  Given the avowed importance of the policy and the 3.4% limit, OHA undoubtedly has in its possession documents reflecting why it changed the policy and why it could now exceed that limit.  Moreover, such documents need not reference FamilyCare to be probative of whether OHA's and Ms. Saxton's prior statements were pretextual.  To take one example, documents reflecting why OHA concluded that exceeding the 3.4% figure would not violate its agreement with the federal government could provide insight into the veracity of its previous statements about the sanctity of that figure.  Similarly, documents reflecting why OHA no longer found it necessary to cut primary care spending through its Reimbursement Policy are informative of OHA's prior rationale for cutting FamilyCare's rates by limiting primary care expenditures.

   3.   <u>Return to a statewide rate-setting methodology</u>.

Before, when FamilyCare expressed concerns that the regional rate-setting approach shortchanged Portland-area CCOs and advocated for a return to the statewide approach, OHA claimed that the regional methodology was "essential to maintaining access to Medicaid services."  *Id.* ¶ 15, Ex. I (Written Testimony from OHA's External Relations Division Director to the Senate Committee on Health Care).  After, in the second rate-setting cycle without FamilyCare, OHA changed course and reverted to a statewide approach—presumably after taking into account Medicaid access issues.  *See id.* ¶ 16.  Given how "essential" the regional approach was, OHA undoubtedly has in its possession documents reflecting its evaluation of a statewide methodology, including whether it was possible to make such a change while still "maintaining access to Medicaid services," and how it compared to a regional approach.  Regardless of whether such documents reference FamilyCare, they would shed light on the sincerity of OHA's prior position.

9-   FAMILYCARE, INC.'S MOTION TO COMPEL
     PRODUCTION OF DOCUMENTS

154021444.6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Of course, FamilyCare does not and cannot know exactly what documents OHA has on these topics, or what they say, but that is the point of document discovery: OHA should not be permitted to refuse to produce responsive documents solely based on *its own determination* as to whether the evidence in question will be harmful to *its own defense*. *See Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20–21 (S.D.N.Y. 1995) ("The disclosure provisions in the Federal Rules of Civil Procedure do not permit a party to trim his duty of disclosure to suit his own view of what might be relevant to his adversary.").

### C.   FamilyCare's limited request for supplemental discovery will not unduly burden OHA.

OHA previously complained about the burden of producing 2019 and 2020 rate-setting materials.  But FamilyCare seeks supplemental discovery regarding only limited aspects of the 2019 and 2020 rate-setting processes, and the burden on OHA of producing those documents should be minimal, in part because there are undoubtedly responsive documents within the universe of materials OHA has already collected and processed, some of which could be identified by a simple search—for "reimbursement policy," for example.  Moreover, OHA has been using technology-assisted review to significantly reduce the numbers of documents viewed by human eyes.[6]  And many of the additional materials FamilyCare seeks should be readily obtainable without extensive searching.  For example, there is a limited universe of documents showing how OHA set Health Share's 2019 rates, largely consisting of a specified set of Excel files that Optumas used to develop Health Share's rates and the inputs to those workbooks, which should be located in a discrete folder.

## IV.   CONCLUSION

OHA's discovery is "incomplete" within the meaning of Rule 26(e)(1)(A), and this Court should order OHA to produce the specific categories of requested documents to FamilyCare.

---

[6] To be clear, FamilyCare has deep concerns with how OHA is using document review technology and has sought more clarity from OHA on this subject.  Without conceding that OHA's use of technology is defensible, FamilyCare notes that OHA appears to have used technology to filter out more than 98% of the documents that initially hit on search terms.

10-  FAMILYCARE, INC.'S MOTION TO COMPEL
    PRODUCTION OF DOCUMENTS

154021444.6

DATED:  October 19, 2021                    **PERKINS COIE LLP**


By: */s/ Matthew P. Gordon*
    **Stephen F. English**, OSB No. 730843
    SEnglish@perkinscoie.com
    **Thomas R. Johnson** (OSB No. 010645)
    TRJohnson@perkinscoie.com
    **Heidee Stoller** (OSB No. 072835)
    HStoller@perkinscoie.com
    **Matthew J. Mertens** (OSB No. 146288)
    MMertens@perkinscoie.com
    **Sasha Petrova** (OSB No. 154008)
    SPetrova@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000
    Facsimile: 503.727.2222

    **Matthew P. Gordon** (admitted *pro hac vice*)
    MGordon@perkinscoie.com
    **David B. Robbins** (OSB No. 070630)
    DRobbins@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone:    206.359.8000
    Facsimile:    206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

11-  FAMILYCARE, INC.'S MOTION TO COMPEL
     PRODUCTION OF DOCUMENTS

154021444.6

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222