IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILYCARE, INC., an Oregon )
non-profit corporation, )
                   )
         Plaintiff, )   Case No. 6:18-cv-00296-MO
                   )
    v.                 )
                   )
OREGON HEALTH AUTHORITY, an )   July 6, 2021
agency of the State of Oregon, )
and LYNNE SAXTON, )
                   )
         Defendants. )   Portland, Oregon
_____ )

**Oral Argument**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR PLAINTIFF:          Ms. Sasha A. Petrova
                        Perkins Coie, LLP
                        1120 N.W. Couch Street, 10th Floor
                        Portland, OR 97209


                        Mr. Matthew P. Gordon
                        Perkins Coie, LLP
                        1201 Third Avenue, Suite 4800
                        Seattle, WA 98101


FOR DEFENDANT OREGON
HEALTH AUTHORITY:       Mr. David B. Markowitz
                        Mr. Anit K. Jindal
                        Ms. Erin Dawson
                        Markowitz Herbold PC
                        1455 S.W. Broadway, Suite 1900
                        Portland, OR 97201


FOR DEFENDANT LYNNE
SAXTON:                 Mr. Edwin A. Harnden
                        Mr. Chris M. Morgan
                        Barran Liebman LLP
                        601 S.W. Second Avenue, Suite 2300
                        Portland, OR 97204


COURT REPORTER:         Bonita J. Shumway, CSR, RMR, CRR
                        United States District Courthouse
                        1000 S.W. Third Ave., Room 301
                        Portland, OR  97204
                        (503) 326-8188

ruling about the admissibility of all that.  That's not today's question.  But there's certainly known to plaintiff information about 2019 and 2020 rate settings that lends itself to an argument that earlier years' explanations for rate setting with regard to FamilyCare were pretextual.

So what we're talking about then is plaintiff would like, understandably, additional support for that theory from 2019 and '20, more information that makes a stronger inference. And that's the proportionality question:  Is obtaining that additional information worth the cost?

Now, when I reference 26(e)(1)(A), that becomes important here because if you sort of just imagine standing at the gates of potential discovery from 2019 and '20, what one might get from those years.  And it is important to me that defendants are already under a preexisting obligation baked into Rule 26 to produce the most relevant information that might support plaintiff's theories from those two years; that is, if plaintiff is, in the language of the rules -- learns that in some material respect its prior disclosures were incomplete or incorrect, then it in this case and every other case under the federal rules must supplement its answers.

So the real difference is if I require discovery, full discovery -- really additional new discovery from 2019 and '20 at some expense, what's the likelihood that that process will produce something that Rule 26(e)(1)(A) won't already

produce, because I'm not going to order that process if that likelihood is low.  And in my own tentative views -- merely tentative, I'll be interested to hear what you have to say here -- the likelihood seems low.  This does not seem to me to be a case where evidence supporting plaintiff's theory is going to be in the bottom of the ten thousandth box, unknown to everyone in the case.  In other words, I think it highly likely that what plaintiff most wants from '19 and '20 is the very sort of thing that if it exists is, in fact, already known -- not learned but already known to the parties, and if it exists, they're already under an obligation to supplement, or if not, that it's not the sort of thing that's going to be only learned by complete new discovery in '19 and '20.  It's highly likely to come into the case through the avenue of 26(e)(1)(A) rather than new discovery, by which I mean either just reopening discovery or ordering it by the Court under (e)(1)(B), which seem to me in this case to be functionally the same thing. Just the nature of what plaintiff would like to find in '19 and '20, it seems to me to be highly likely to be captured by the burdens imposed on the defense by 26(e)(1)(A), and therefore not something I need to order complete new discovery to locate.

If I'm right about that, then I'm disinclined to order it, and equally disinclined to reopen discovery, since a great deal or all of what plaintiffs could possibly want to advance the theory of liability they are seeking to support by

for the first time to run the search term "FamilyCare" against relevant documents for '19 and '20?

MS. PETROVA:  Your Honor, our understanding after conferring is that OHA will agree to look for the term "FamilyCare" in 2019 and 2020 years, but that it is not willing to produce every document that hits on the term "FamilyCare" for 2020 and 2019, just the sort of smoking gun evidence that this Court earlier referred to, but --

THE COURT:  I appreciate that answer, but my question was is it your position that you only just for the first time heard that in court today, or maybe just for the first time understood it, I guess?

MS. PETROVA:  I think that is the -- the latter is correct, for the first time understood their position to be that.

THE COURT:  All right.  Thank you.

I deny the motion on what I hope is the rather obvious understanding of the preexisting obligations created by Rule 26(e)(1)(A), so I won't use the term "smoking gun" as a shorthand.  OHA has agreed, in my view, in excess of what Rule 26(e)(1)(A) requires, but perfectly understandably in the context of a big litigation like this, to run the search term "FamilyCare" against the cache of 2019 and 2020 documents, and then to disclose any information learned in whatever manner through that search or in any other way that is required to be

disclosed by the terms of 26(e)(1)(A).

So you have both the preexisting obligation imposed by the rule, and the obligation imposed by your agreement to run the "FamilyCare" search term, and then make a decision about whether that fits your preexisting obligations under Rule 26(e)(1)(A).

One way to think about it is through running this search term, you are creating the opportunity that you may learn, as the rule says, learn information otherwise required to be disclosed under the rule.  Understood?

MR. JINDAL:  Yes, Your Honor.

THE COURT:  Thank you very much.

And because of that, and because of the significant expense, in no way relying on Rule 407, I'm denying the motion.

Thank you all.  We'll be in recess.

THE COURTROOM DEPUTY:  This court is in recess.

(Proceedings concluded at 10:44 a.m.)

21

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


*/s/Bonita J. Shumway*                    *July 7, 2021*
_____        _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter