

**Harry B. Wilson | Lawyer**
HarryWilson@MarkowitzHerbold.com

August 24, 2021

<u>**Via Email Only**</u>

Matt Gordon
Perkins Coie LLP
1201 Third Ave., Ste. 4800
Seattle, WA  98101-3099

Re:    ***FamilyCare, Inc. v. Oregon Health Authority, et al.*,
US District Court of Oregon Case No. 6:18-cv-00296-MO**

Dear Matt:

The issues addressed in your July 28, 2021 letter have already been considered and rejected by the Court.  FamilyCare moved the Court for an order "that discovery may be had into certain aspects of OHA's 2019 and 2020 rate-setting, including rate increases for Health Share and changes to rate-setting."  (Dkt. 436 at 2.)  FamilyCare's motion specifically identified and discussed the three "changes" cited in your letter: OHA's 2019 and 2020 rate-setting decisions related to Health Share's rates (*id.* at 4), base data adjustments (*id.* at 4-5), and regional and statewide rate models.  (*Id.* at 5-6.)  Just as FamilyCare's motion argued that "OHA's and Saxton's proffered excuses for FamilyCare's low 2017 and 2018 rates were pretextual" (*id.* at 8), you again argue in your letter that "the explanations offered for such [rate-setting] actions were pretextual."  The Court denied FamilyCare's motion.  (Dkt. 463.)  OHA will not re-litigate what the Court has already decided.

OHA will of course comply with the requirements of Federal Rule of Civil Procedure 26(e)(1)(A), as construed by the Court.  As you know, OHA is presently engaged in a cooperative process with FamilyCare to collect, search, and review millions of documents created between 2018 and 2021.  OHA's work on this review is already, according to the Court, "in excess of what Rule 26(e)(1)(A) requires."  (7/6/2021 Tr. 19:20-21 (Dkt. 464).)  Nonetheless, OHA will engage in that review and produce

EXHIBIT C
Page 1 of 2

Matt Gordon
August 24, 2021
Page 2

information "that is required to be disclosed by the terms of 26(e)(1)(A)."  (*Id.* at 19:25-20:1.)

That information will include (to the extent it exists, is not privileged, and is identified by agreed-upon search terms) OHA's communications with CMS about 2017 and 2018 rates; other relevant documents about 2017 and 2018 rates to the extent those documents reflect substantive, new information; 2018 documents about risk scores and Health Share related to the transition of FamilyCare's former members; 2018 documents reflecting substantive, new information about redetermination adjustments and paid category of aid; and any information learned from the "FamilyCare," "Family Care," "FC," and "FCI" search terms that makes previous discovery responses incorrect or incomplete.  This last category would include documents in which OHA, for example, discussed increasing Health Share's rates *in order to* care for FamilyCare's members, in the event such documents exist.  It would also include documents in which OHA discussed altering its base data exclusion policy *because* FamilyCare left the market, if such documents exist.  OHA will also produce policy memoranda about base data adjustments made for 2019 rate-setting, if such memoranda exist.  We reserve our right to alter our production should future court orders narrow the issues in the case, including orders on the pending motions to dismiss.

OHA will not produce general 2019 and 2020 rate-setting documents such as rate-model workbooks.  OHA also will not produce policy documents related to CCO 2.0, such as documents discussing the change to a statewide rate model, unless such documents attribute changes to FamilyCare, as discussed above.  OHA's rate-setting decisions in 2019 and 2020 are, outside of the narrow class of documents discussed above, irrelevant and not subject to Rule 26(e)(1)(A).

Very truly yours,

Harry B. Wilson
Special Assistant Attorney General

1172339

EXHIBIT C
Page 2 of 2