

**Harry B. Wilson | Lawyer**
HarryWilson@MarkowitzHerbold.com

September 21, 2021

<u>**Via Email Only**</u>

Matt Gordon
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099

   **Re:**   *FamilyCare, Inc. v. Oregon Health Authority, et al.,*
       **US District Court of Oregon Case No. 6:18-cv-00296-MO**

Dear Matt:

We write in response to FamilyCare's continued demands for 2019 and 2020 rate-setting materials.  (July 28, 2021 Letter from Matthew Gordon to Harry Wilson; August 26, 2021 Letter from Matthew Gordon to Harry Wilson; September 3, 2021 Email from Matthew Gordon to Harry Wilson.)  OHA again rejects these demands because discovery is closed (except for discovery related to missing text messages), OHA continues to comply with its FRCP 26 supplemental discovery obligations, and, in any event, the documents are irrelevant.  The continued rehashing of this issue wastes the parties' and the Court's resources and risks delaying this case.

This issue has already been addressed by the Court, which denied FamilyCare's motion for discovery on July 6, 2021.  (Dkt. 463.)  The Court noted that discovery had closed and OHA's obligations were limited to those under FRCP 26(e)(1).  That rule requires OHA to supplement its responses to requests for production only if it "learns" that a prior response was "incomplete or incorrect."  The Rule does not permit open-ended discovery into whether prior discovery responses are incorrect or incomplete.

FamilyCare's letters and motion recite three supposed "changes" to rate setting in 2019 and 2020 that FamilyCare contends demonstrates that OHA's earlier explanations for 2017 and 2018 rate-setting decisions were "pretextual."  But even if FamilyCare were correct that OHA changed its rate-setting policies in 2019 and 2020, that fact alone does not make OHA's discovery responses incomplete or incorrect.  The fact that OHA

EXHIBIT D
Page 1 of 2

Matt Gordon
September 21, 2021
Page 2

adopted one policy when FamilyCare was part of the market, and adopted a different policy later, when FamilyCare was no longer part of the market, does not alone prove that OHA made the change because its earlier policy explanation was pretextual.  OHA's discovery responses would only be incomplete or incorrect if OHA made the changes *because* its earlier rate-setting explanations were merely pretextual.  OHA has not learned anything about its 2019 and 2020 rate-setting decisions that suggests OHA's explanations about its 2017 and 2018 rate setting were pretextual.

Out of an abundance of caution, OHA nonetheless agreed to search for documents that hit on the search term "FamilyCare" to determine if there was any evidence of pretext. The Court characterized this agreement as "in excess of what Rule 26(e)(1)(A) requires." (Dkt. 464 at 19:20-21.)  If that search and document production changes OHA's knowledge, it will supplement its production to the extent appropriate to remain in compliance with the Rule.

Very truly yours,

Harry B. Wilson
Special Assistant Attorney General

1192068