**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Chris M. Morgan,** OSB No. 175384
cmorgan@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation, | **Case No. 6:18-cv-00296-MO** |
| Plaintiff, | **DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER 13, 2018 ORDER** |
| v. | |
| **OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**, | ***ORAL ARGUMENT REQUESTED*** |
| Defendants. | |

**INTRODUCTION**

Under 42 U.S.C. § 1983 ("§ 1983"), Plaintiff FamilyCare, Inc. ("FamilyCare") bears the

burden of demonstrating that it engaged in expressive conduct on a matter of public concern.

Although some limited instances identified by FamilyCare may legally qualify as matters of

"public" concern, the vast majority of the speech ultimately amounts to an expression of purely

private concerns regarding FamilyCare's dissatisfaction with the Medicaid capitation rates that it

personally received. Further, several of the instances of public speech identified by FamilyCare

Page 1 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
13, 2018 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

fall outside of the time period relevant to Saxton and cannot serve as the basis for FamilyCare's § 1983 claim.

Whether or not FamilyCare's speech constitutes a matter of public concern for purposes of establishing a prima facie case under § 1983 is a matter of law to be determined by the Court. *Alpha Energy Savers, Inc. v. Hansen* (*Alpha*), 381 F.3d 917, 924 (9th Cir. 2004). Because FamilyCare also has to show that Saxton personally took retaliatory action in response to specific instances of protected speech, and that the protected speech was a substantial or motivating factor for such retaliatory action, identification of specific instances of any viable protected speech is critical to Saxton's ability to prepare witnesses and defend herself at trial.

As such, engaging in this inquiry now, prior to the submission of witness statements, will expedite disposition of a key component of FamilyCare's claim against Saxton, discourage wasteful pretrial activities and preparations, and ultimately improve the quality of the trial through more thorough preparation. To postpone this inquiry will substantially prejudice Saxton, as it will require her to expend undue time, labor, and resources preparing unnecessary witnesses and witness statements for which there will likely be no need to rely upon at trial.

## FACTUAL BACKGROUND

**A.  This Court previously identified a need to determine whether speech identified by FamilyCare is, or is not, constitutionally protected.**

On September 20, 2018, Saxton filed a Motion for Summary Judgment, seeking a ruling in her favor against FamilyCare's First Amendment retaliation claim alleged under § 1983 (the "Saxton MSJ"). ECF No. 253. Under § 1983, FamilyCare bears the burden of establishing that it

Page 2 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
13, 2018 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

engaged in protected speech.[1] *See, e.g., Howard v. City of Coos Bay*, 871 F.3d 1032, 1044 (9th Cir. 2017); *Alpha Energy Savers, Inc. v. Hansen* (*Alpha*), 381 F.3d 917, 923 (9th Cir. 2004). In other words, the burden is on FamilyCare to prove "it engaged in expressive conduct that addressed a matter of public concern." *Alpha*, 381 F.3d at 923. Whether FamilyCare's expressive conduct addressed a matter of public concern is a question of law. *Id.* at 924. Further, FamilyCare must ultimately tie each instance of expressive conduct to some retaliatory act by Saxton. *Id.* at 923. Meaning, FamilyCare must show not only that Saxton took an adverse action against it in response to an instance of protected speech, but also that such expressive conduct was a substantial or motivating factor for the subsequent adverse action. *Id.*

During oral argument on the Saxton MSJ, the Court stated that: "at a later time we'll have to do our best again to go line by line to see what's protected speech versus not protected speech[.]" ECF 339, at 51. The Court also contemplated engaging in this "line by line" determination prior to pretrial motions. *Id.* at 49. Ultimately, as to the Saxton MSJ, this Court granted Saxton qualified immunity in part, and denied it in part. *See* ECF No. 338; *see also Allen v. FamilyCare, Inc.*, 812 F. App'x 416, 418 (9th Cir. 2020).

Following this Court's Order relating to the Saxton MSJ, and in accordance with the Court's statements at oral argument relating to the same, on November 13, 2018, FamilyCare was directed to "provide a specific list of designated retaliation to the Court by 1/3/2019," for purposes

---

[1] To establish a prima facie case of First Amendment retaliation against Saxton, FamilyCare "must establish that (1) it engaged in expressive conduct that addressed a matter of public concern; (2) [Saxton] took an adverse action against it; and (3) its expressive conduct was a substantial or motivating factor for the adverse action." Alpha, 381 F.3d at 923.

Page 3 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER 13, 2018 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

of determining what items do, and do not, constitute protected speech. *See* ECF 342. Note that, as of November 13, the Court had already ruled on the Saxton MSJ.

B.    **FamilyCare submitted a list of specific instances of protected speech; meanwhile, it appealed the Court's ruling on the Saxton MSJ.**

Prior to FamilyCare's submission deadline, both Saxton and FamilyCare filed a Notice of Appeal to the Ninth Circuit. ECF 344-45. As to Saxton, the primary issue on appeal was whether she was entitled to partial qualified immunity. *See Allen*, 812 F. App'x at 420. On January 3, 2019, FamilyCare submitted a letter "in response to this Court's order that FamilyCare create a list identifying (1) FamilyCare's protected speech and (2) retaliatory speech and conduct by directors Lynne Saxton and Patrick Allen (the "Letter"). ECF 486, at Ex. 1, pp. 1-5. Attached to the Letter is a chart, referencing 197 appendices (the "Appendices") it argues exemplify that FamilyCare engaged in protected speech (the "Chart"). ECF 486, at Ex. 1, pp. 6-27. Saxton disputes the sufficiency and contents of the Chart and corresponding Appendices submitted by FamilyCare. However, as acknowledged by FamilyCare, the Court neither ordered nor requested Saxton respond. ECF 486.

C.    **Without ruling on the issue of protected speech, the Ninth Circuit found Saxton was not entitled to partial qualified immunity at summary judgment.**

Meanwhile, on April 30, 2020, the Ninth Circuit Court of Appeals found Saxton was not entitled to partial qualified immunity, specifically "[a]s to the public relations campaign." *See Allen*, 812 F. App'x at 420. In reaching its conclusion, the Ninth Circuit expressly qualified its ruling in light of the summary judgment standard: it took the facts in the light most favorable to FamilyCare. *See id.* Neither this Court nor the Ninth Circuit Court of Appeals have addressed whether the instances of speech identified by FamilyCare relate to a matter of public concern.

Page 4 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
        SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
        13, 2018 ORDER

### D.    Saxton now seeks to return to the issue of protected speech.

In light of upcoming pretrial deadlines, and in the interest of expediting the disposition of pretrial issues, discouraging wasteful pretrial activities, and improving the quality of trial through more thorough trial preparations, Saxton requests the Court make the legal determination as to whether the instances of speech identified by FamilyCare address a matter of public concern, as soon as possible prior to the parties' witness statement submission deadlines, given this determination will substantially impact who Saxton will choose, prepare, and rely upon to testify as to the expressive conduct at issue and the alleged adverse action or inaction that followed it.

Pursuant to the Amended Trial Management Schedule, trial is set to begin on April 25, 2022, and the pretrial conference is scheduled on February 17, 2022. ECF 484. FamilyCare's witness statements are due thirty days before the pretrial conference: January 27, 2022. *Id.* Saxton's witness statements are due twenty-one days before the pretrial conference: January 18, 2022. *Id.* Despite fast-approaching trial deadlines, the parties have not yet formally addressed FamilyCare's Letter.[2]

In consideration of the above, counsel for Saxton submitted a letter to the Court on October 8, 2021, proposing the Court hold a hearing to engage in this inquiry prior to the pretrial motions phase. That same day, the Court ordered the parties to file supplemental briefing on this issue. ECF

---

[2] To the extent FamilyCare continues to promote the red herring that Saxton had some previous obligation to respond to FamilyCare's Letter and failed to do so, ECF 486, at 6, Saxton reiterates that FamilyCare has failed to satisfy its burden, in the first instance. Meaning, FamilyCare has failed to show how each of the Appendices relate to a matter of public concern. FamilyCare acknowledges as much in its own supplemental briefing. Should the Court find that now is the proper time to determine which instances of speech identified by FamilyCare are constitutionally protected, Saxton requests she be afforded the opportunity to submit additional briefing as to that issue.

Page 5 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
             SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
             13, 2018 ORDER

485. In conjunction with this briefing, Saxton is not submitting a formal written response to each and every item identified by FamilyCare in its Letter—but can do so expeditiously at the request of the Court following resolution of the instant issue of timing before the Court.

**ARGUMENT**

### A.    Instances falling outside of the time period relevant to Saxton cannot qualify.

In its Letter, FamilyCare identifies eight separate instances of allegedly protected speech which occurred after Saxton's resignation from OHA in August of 2017. As the Court has previously acknowledged, any such speech cannot serve as the basis for FamilyCare's § 1983 claim, as Saxton could not have personally taken any subsequent retaliatory action against FamilyCare based upon that protected speech. *See* ECF 339, pg. 52, ("…the expressive conduct has to predate the adverse action, and the adverse action has to predate Ms. Saxton's departure to qualify."). Such instances should be formally carved out now, as a matter of law, in addition to other instances of allegedly protected speech which do not meet the requisite threshold for the separate reasons identified below.

### B.    The vast majority of FamilyCare's proffered examples of protected speech fail to address a matter of public concern.[3]

Although the Court has previously held that, at least for purposes of summary judgment, some instances of speech identified by FamilyCare qualify as protected speech for purposes of a claim under § 1983, it is Saxton's position that those instances are very limited. Much of the speech identified by FamilyCare is simply private as a matter of law; while other speech amounts to

---

[3] Saxton understands that, in its October 8, 2021 Order, the Court directed the parties to provide supplemental briefing as to whether this is the appropriate time to address FamilyCare's Chart. ECF 485. Based on that understanding, Saxton focuses her Response on that issue and does not fully brief the multitude of reasons Saxton believes FamilyCare has not met its burden as to whether FamilyCare has engaged in speech addressing a matter of public concern.

Page 6 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER 13, 2018 ORDER

private concerns which are masquerading (intentionally or not) under the guise of broader public interest. Neither are sufficient to support a § 1983 claim.

As a preliminary matter, although FamilyCare's letter accurately identifies the legal standards for evaluating whether a given instance of speech qualifies as a matter of public concern, including the content, form, and context of that speech[4], the Letter declines to apply that framework or otherwise explain how or why any given instance of speech qualifies under the applicable standards. For example, FamilyCare does not explain how "repeatedly complaining about its 2015 rates" (the first instance of protected speech identified in the Letter)[5] qualifies as a matter of public concern. It does not.

Indeed, most all of the instances identified simply fail to meet the applicable legal threshold. Filing a legal complaint against OHA over its own capitation rates[6], amending that legal complaint[7], using public records requests as a discovery tool in this litigation[8], and communicating with legislators, the press, and the Centers for Medicare and Medicaid Services ("CMS") regarding its own capitation rates[9] is not ultimately a matter of public concern when taking into account the holistic content, form, and context of the speech.

FamilyCare's repeated complaints about OHA's rate-setting process, as applied to FamilyCare alone, and dissatisfaction with the corresponding amounts paid out to FamilyCare after the complained about rates were approved by CMS, do not speak to a broader concern of

---

[4] ECF 486 at pg. 2; *Voigt v. Savell*, 70 F.3d 1552, 1550 (9th Cir. 1995).
[5] *Id.* at Ex. 1, pg. 1.
[6] *Id.* at Ex. 1, pg. 2.
[7] *Id.* at Ex. 1, pg. 3.
[8] *Id*. at Ex. 1, pg. 1, 4.
[9] *Id*. at Ex. 1, pg. 1, 2, 4, 5.

Page 7 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
            SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
            13, 2018 ORDER

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

systemic harm.[10] Rather, they speak to FamilyCare's personal dissatisfaction with the rates that they themselves received.

For that reason, even speech that might facially amount to calls for "public transparency" should be viewed, for contextual purposes, with particular scrutiny and as a means to a personal end—to obtain higher Medicaid capitation rates for itself. The mere fact that FamilyCare communicated grievances to the press, public figures, or both, does not inherently transform the substance of those grievances into matters of public concern. Further, the mere act of submitting a public records requests does not elevate the underlying substance or intent of that request to a matter of public concern. Particularly where, as here, those public record requests are primarily being used as a discovery tool.[11] FamilyCare's concerns are best characterized as expressions of a private grievance they had with respect to the development and disbursement of their own Medicaid capitation rates.

This Court has already acknowledged at least some deficiency in FamilyCare's identified instances of protected speech, as evidenced by stating a need to engage in a pretrial, line-by-line determination as to which instances identified by FamilyCare are, in fact, constitutionally

---

[10] *See, e.g., Brownfield v. City of Yakima*, 612 F.3d 1140, 1148 (9th Cir. 2010) (stating "the content of the communication must be of broader societal concern. The focus must be upon whether the public or community is likely to be truly interested in the particular expression, or whether it is more properly viewed as essentially a private grievance.") *Desrochers v. City of San Bernadino*, 572 F.3d 703, 709 (9th Cir. 2009) (distinguishing information required to enable members of society to make informed decisions from individual disputes and grievances); *Rendish v. City of Tacoma*, 123 F.3d 1216, 1224 (9th Cir. 1997) (noting speech that "seeks to remedy a systematic harm" is more likely to relate to a matter of public concern); *Nederhiser v. Foxworth*, 2007 U.S. Dist. LEXIS 20145, at *8 (D. Or. Mar. 19, 2007) (holding plaintiff's speech failed to address matter of public concern because speech identified only problems relating to plaintiff's conduct and referenced "no broader purpose").

[11] FamilyCare has consistently relied on public record requests as its primary method of discovery over the life of this litigation. To the extent these public records requests relate to FamilyCare's litigation of a contract and performance thereunder, those requests are inherently a matter of private concern relating solely to FamilyCare's contractual dispute.

Page 8 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
          SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
          13, 2018 ORDER

protected. ECF 339. Again, whether FamilyCare engaged in protected speech is a question of law. *Alpha*, 381 F.3d at 924. Accordingly, it is neither improper nor prejudicial to engage in this inquiry now. Further, as discussed in more detail below, delaying this inquiry undermines principles of efficiency and judicial economy and substantially prejudices Saxton.

### C.    Determining whether FamilyCare's speech addressed a matter of public concern is timely, appropriate, and promotes judicial economy.

As acknowledged by FamilyCare, this Court may exercise its broad discretion to narrow the issues for trial, thereby decreasing the length and expense of trial. ECF 486 at 5. For example, this Court may make a pretrial Order or compel the respective parties' attorney to appear for pre-trial conference in the interest of "expediting disposition of the action," "discouraging wasteful pretrial activities," or "improving the quality of the trial through more thorough preparation." FRCP 16(a). Determining whether certain speech identified by FamilyCare addresses a matter of public concern will achieve each of those three interests.

Here, FamilyCare has identified a number of different instances of "speech," many of which cite to corresponding appendices which are actually instances of *other* individual's speech, and others of which are simply not protected under the applicable legal standards. To the extent the Court can resolve now which instances do, and do not, address a matter of public speech, such a determination will streamline the parties' trial preparations, witness preparations, pretrial motions, and, ultimately, the trial itself.

Practically speaking, if a given instance of "speech" is not, as a matter of law, considered to be a matter of public concern, FamilyCare need not present evidence of that speech to support its § 1983 claim. In turn, Saxton need not call a given witness to refute an assertion that a particular action or inaction was subsequently undertaken in retaliation for that speech. FamilyCare's

Page 9 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
          SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
          13, 2018 ORDER

contention, that "the only question for potential resolution at this stage is the *quantity* of protected speech," is, then, correct. ECF 486, at 4. Indeed, Saxton *is* concerned with both the quantity and the quality of FamilyCare's purported protected speech, as both will directly impact trial preparation and the trial proceedings.

If the parties wait until the pretrial motions phase to address these issues, as FamilyCare suggests (that is, wait until two weeks before the pretrial conference), the likelihood is high that a notable portion of Saxton's trial preparation will have been futile. Requiring Saxton to prepare an unnecessary defense, witness, or both as to each and every appendix deemed irrelevant to FamilyCare's claim as against Saxton is contrary to the Court's interest in discouraging wasteful pretrial activities. Under those circumstances, Saxton will expend considerable and unnecessary time, labor, and expense to seek out and prepare superfluous witnesses and witness statements relating to issues that will never be addressed at trial. Requiring Saxton to partake in this exercise is inefficient, wasteful, and therefore prejudicial. As such, determining this issue sooner rather than later promotes efficiency and will necessarily improve the quality of trial and trial preparation by narrowing the universe of what will be at issue.

> **D.    The Ninth Circuit's ruling did not address the issue of protected speech.**

The sole issue on appeal to the Ninth Circuit was whether FamilyCare established that Saxton's conduct violated the Constitution, as to the public relations campaign, in light of the summary judgment standard. *Allen*, 812 F. App'x at 420. Considering the facts in the light most favorable to FamilyCare, the Ninth Circuit found that FamilyCare presented "sufficient evidence" to survive summary judgment. *Id.* This in no way obviates the need to make a line by line determination as to the speech identified by FamilyCare for purposes of trial. Importantly, to date, neither this Court nor the Ninth Circuit Court of Appeals has addressed whether the instances of speech identified by FamilyCare addressed a matter of public concern. As such, the parties will, at some point pretrial, need to engage in this inquiry. To delay engaging in this inquiry is to delay

Page 10 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
      SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
      13, 2018 ORDER

the inevitable. Further, a delay will result in unnecessary and avoidable expenditures of time, labor, and resources.

## CONCLUSION

For the foregoing reasons, determining whether FamilyCare's identified instances of speech do, or do not, address a matter of public concern is a proper and necessary inquiry to engage in prior to the submission of witness statements. Failure to do so will result in substantial prejudice to Saxton, and is contrary to this Court's interest in expediting disposition of this pretrial issue, discouraging wasteful pretrial activities, and improving the quality of the trial through more thorough preparation.

DATED this 29th day of October 2021.

BARRAN LIEBMAN LLP

By ___*s/ Edwin A. Harnden*_____
    Edwin A. Harnden, OSB No. 721129
    eharnden@barran.com
    Chris M. Morgan, OSB No. 175384
    cmorgan@barran.com

    Attorneys for Defendant Lynne Saxton

Page 11 – DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S
      SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER
      13, 2018 ORDER

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2021, I caused the foregoing

**DEFENDANT LYNN SAXTON'S RESPONSE TO FAMILYCARE'S SUPPLEMENTAL**

**BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER 13, 2018 ORDER** to be:

☒    electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Stephen F. English**<br>SEnglish@perkinscoie.com<br>**Thomas R. Johnson**<br>TRJohnson@perkinscoie.com<br>**Heidee Stoller**<br>HStoller@perkinscoie.com<br>**Matthew J. Mertens**<br>MMertens@perkinscoie.com<br>**Sasha A. Petrova**<br>SPetrova@perkinscoie.com<br>Perkins Coie LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br><br>**Matthew Gordon**, *pro hac vice*<br>MGordon@perkinscoie.com<br>**David B. Robbins**<br>DRobbins@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br><br>Counsel for Plaintiff | **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>Counsel for Defendant Oregon Health Authority |

CERTIFICATE OF SERVICE

| | |
|---|---|
| **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>**Jonathan W. Monson**<br>jmonson@cablehuston.com<br>**Nicole M. Swift**<br>nswift@cablehuston.com<br>Cable Huston LLP<br>1001 SW 5th Avenue, Suite 2000<br>Portland, OR ;972904-1136<br><br>Counsel for Defendant Patrick Allen | |

☐    hand delivered to the following non-CM/ECF participants:

☐    faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

*s/Edwin A. Harnden*
Edwin A. Harnden

CERTIFICATE OF SERVICE

01017098.3

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212