**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

> Special Assistant Attorneys General for Defendant Oregon
> Health Authority, an agency of the State of Oregon
> [Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | |
| Defendants. | |

**INTRODUCTION**

This Court denied FamilyCare's first motion requesting discovery into OHA's 2019 and 2020 rate-setting materials at hearing on July 6, 2021.  (FamilyCare, Inc.'s Mot. for Disc. ("1st Mot.") (Dkt. No. 463).)  At that hearing, the Court ruled that OHA's obligation to supplement discovery regarding 2019 and 2020 rate-setting went no further than what is required by Federal Rule of Civil Procedure 26(e)(1)(A): OHA need only supplement its prior discovery responses if it learns that in some material respect they were incomplete or incorrect.  This Court was clear

**Page 1 -   DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

that supplementing discovery "does not require reengaging in searching."  (Tr. of 7/6/2021 at 11:3-4, attached to Decl. of Greg Scott in Supp. of Resp. to Mot. to Compel Prod. of Docs. ("Scott Decl.") as Ex. 1.)

OHA is carrying out its obligation to supplement discovery in compliance with the Court's ruling.  To ensure that its prior discovery is complete and correct, and in excess of what Rule 26(e)(1) requires, OHA has engaged in an extensive effort to check its prior discovery responses: It collected more than nine million documents from more than two dozen custodians spanning the years 2018 to 2021.  It searched those documents for nearly three dozen search terms that FamilyCare chose, including the term "FamilyCare" and several derivatives.  It reviewed those documents according to the parameters of Rule 26(e)(1).  And it has produced to FamilyCare approximately 4,000 documents.  OHA will likely produce additional documents over the next several weeks as it processes documents that implicate the trade secrets of Coordinated Care Organizations ("CCOs") and prepares a privilege log.  Throughout this process, OHA has not learned that its proffered explanations for its 2017 and 2018 rate-setting decisions were "false" or "pretextual."

Despite OHA's extensive effort exceeding the scope of the Rule, FamilyCare now brings another motion seeking OHA's 2019 and 2020 rate-setting materials, rehashing the same arguments it made in its first motion requesting these materials.  FamilyCare wants OHA to run more searches and produce thousands—probably hundreds of thousands—more documents, even if they have nothing to do with FamilyCare.  FamilyCare's attempt to raise the same issues again, some four months before the pre-trial conference and two months after OHA definitively informed FamilyCare that it would not produce any additional 2019 and 2020 rate-setting documents, could delay trial and trap this case and the parties in a morass of discovery.  And it is without merit. OHA has complied with its supplemental discovery obligations.  This Court should, again, deny FamilyCare's request for limitless discovery into OHA's 2019 and 2020 rate-setting materials.

**Page 2 -   DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## BACKGROUND

**I.      The Court denied FamilyCare's first motion for limitless discovery into OHA's 2019 and 2020 rate setting.**

FamilyCare filed its first motion seeking limitless discovery into 2019 and 2020 rate-setting materials on May 18, 2021.  (1st Mot.)  In that motion, FamilyCare argued that it needed discovery into 2019 and 2020 rate-setting materials because those materials would show that "OHA's and Saxton's proffered excuses for FamilyCare's low 2017 and 2018 rates were pretextual."  (*Id.* at 8.)  In the present, second motion, FamilyCare makes the same argument, again contending that 2019 and 2020 rate-setting materials are needed to analyze the supposedly "pretextual justifications proffered for [OHA's and Saxton's] actions."  (FamilyCare, Inc.'s Mot. to Compel Prod. of Docs. ("2nd Mot.") (Dkt. No. 487) at 3.)  FamilyCare not only makes the same argument, it bases that argument on the same three rate-setting issues it identified in its first motion: First, that "OHA significantly raised Health Share's rates" in the 2019 rate year (1st Mot. at 5; 2nd Mot. at 9); second, that OHA made changes to its reimbursement policy[1] (1st Mot. at 4-5; 2nd Mot. at 9-10); and third, that OHA switched from a regional to a statewide rate-setting model after FamilyCare left the market.  (1st Mot. at 5-6; 2nd Mot. at 10-11.)

The Court held a hearing on FamilyCare's first motion on July 6, 2021.  During the hearing, the Court made clear that the Federal Rules do not require OHA to search new materials after the discovery cutoff:

> "Supplemental discovery does not require reengaging in searching, and the rule text makes that pretty clear, and the advisory notes make it crystal clear.  It only requires it if you actually learn something that makes a former answer materially incorrect or misleading in some way that you have to produce it."

(Scott Decl. Ex. 1 Tr. of 7/6/2021 at 11:3-8).)  During colloquy with the Court, OHA confirmed that it would "engage in supplemental discovery to the extent anything that happened in 2019 or

---

[1] "Reimbursement policy" refers to what is variously called the "physician reimbursement review" or the "base data policy."

**Page 3 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

2020, you have a rule that renders any prior disclosure incomplete or inaccurate." (*Id.* at 17:19-22.)

The Court denied FamilyCare's motion, ruling that it "den[ies] the motion on what I hope is the rather obvious understanding of the preexisting obligations created by Rule 26(e)(1)(A)." (*Id.* at 19:17-19.)  The Court additionally explained that "OHA has agreed, in my view, in excess of what Rule 26(e)(1)(A) requires . . . to run the search term 'FamilyCare' against the cache of 2019 and 2020 documents, and then to disclose any information learned in whatever manner through that search or in any other way that is required to be disclosed by the terms of 26(e)(1)(A)." (*Id*. at 19:20-20:1.)  The Court additionally noted that OHA has "both the preexisting obligation imposed by the rule, and the obligation imposed by [its] agreement to run the 'FamilyCare' search term, and then make a decision about whether that fits your preexisting obligations under Rule 26(e)(1)(A)." (*Id.* at 20:2-6.)

**II.    OHA supplements its discovery by collecting nine million documents and reviewing hundreds of thousands of documents, including documents hitting on the "FamilyCare" search term.**

OHA is carrying out its obligations as described by the Rule and the Court.  Working with a third-party discovery vendor, OHA has collected more than nine million documents, spanning 2018 (the date of OHA's last document collection in this case) to summer 2021, from more than two dozen custodians.  (Scott Decl. ¶ 4.)  It ran more than 40 search terms across those documents, including approximately 35 search terms agreed between the parties.  (*Id.*)  Those searches returned nearly 400,000 documents.  (*Id.*)  OHA then processed those documents with technology-assisted review software to rank the documents according to likely responsiveness.  (*Id.*)  A human review team then reviewed approximately 150,000 documents ranked by the software as most likely to be responsive.  (*Id.*)  As part of the human review, the review team reviewed nearly every email or Word document that hit on the search terms "FamilyCare," "Family Care," "FC," or "FCI"—more than 90,000 documents.  (*Id.*)  After applying appropriate quality-control measures and withholding documents subject to privilege, OHA produced approximately 4,000 documents.  It expects to produce additional documents as it completes

**Page 4 -  DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

additional quality checks, privilege review, and confidentiality designations. (*Id.*) OHA has been fully transparent with FamilyCare about its supplemental document review process, participating in more than a dozen telephone conferrals regarding supplemental discovery in the last four months.

OHA's supplemental production of approximately 4,000 documents includes documents relevant to the 2017 and 2018 rate years, including communications exchanged with CMS in 2019 and later about the 2018 rates. OHA agrees that these documents concerning the 2018 rates must be produced because OHA's prior discovery responses are not complete without producing them. In some limited cases, OHA has also produced documents concerning the 2019 and 2020 rate years because those documents were attached to a document concerning the 2017 and 2018 rates (*i.e.,* OHA did not "break families"). OHA has not learned—in the course of this extensive collection and review of documents or otherwise—that its "proffered" explanations for its 2017 and 2018 rate-setting decisions were "false" or "pretextual."

III.    **FamilyCare repeats its demands for limitless discovery into 2019 and 2020 rate setting.**

Shortly after the Court denied its motion, FamilyCare wrote to OHA and again demanded limitless discovery into 2019 and 2020 rate setting. (Decl. of Matt Gordon in Supp. of Mot. to Compel ("Gordon Decl.") Ex. B (July 28, 2021 Letter from M. Gordon to H. Wilson), Dkt. No. 488.) OHA responded that it was complying "with the requirements of Federal Rule of Civil Procedure 26(e)(1)(A), as construed by the Court," and that it would produce "any information learned from the 'FamilyCare,' 'Family Care,' 'FC,' and 'FCI' search terms that makes previous discovery responses incorrect or incomplete." (Gordon Decl. Ex. C (August 24, 2021 Letter from H. Wilson to M. Gordon).) OHA was clear, however, that it would "not produce general 2019 and 2020 rate-setting documents." (*Id.*)

FamilyCare was not satisfied. In an effort to reach a compromise, OHA asked FamilyCare to identify specific 2019 and 2020 rate-setting documents that it wanted in the hopes that FamilyCare might identify a reasonable set of documents to which OHA could agree. FamilyCare's response, however, made clear that it envisions essentially no limits to the 2019

**Page 5 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

and 2020 rate-setting documents it seeks.  In an email, FamilyCare identified the following categories of documents that it seeks regarding 2019 and 2020 rate setting:

- "Materials reflecting the development of Health Share's 2019 rates";

- "Communications between OHA and Health Share regarding their 2019 rates";

- "Other materials reflecting why OHA increased Health Share's rates in 2019";

- "Materials reflecting why the reimbursement policy was changed in 2019 and 2020 and how those changes were implemented, including materials related to rate of growth calculations and whether and how OHA considered rate of growth in the reimbursement policies it implemented in those years";

- "Materials reflecting why OHA switched to the statewide rate buildup in 2020 and how it implemented that change"; and

- "Materials regarding comparisons between statewide and regional approaches." (Decl. of Harry Wilson in Supp. of Resp. to Mot. to Compel Prod. of Docs. ("Wilson Decl.") Ex. 1 at 1 (Email dated September 3, 2021 from M. Gordon to H. Wilson.)

The first bullet reveals the extent of FamilyCare's requests.  "Materials reflecting the development of Health Share's 2019 rates" is staggeringly broad.  It encompasses gigabytes of raw claims and enrollment data, spreadsheets of calculations, communications within OHA, between OHA and its actuaries, between OHA and Health Share, between OHA and other CCOs, between OHA and numerous local, state, and federal stakeholders, and hundreds of pages of documentation.  Much of this information includes Health Share's and other CCOs' trade secret pricing data, which would necessitate a careful review of documents for attorneys' eyes only designations.  Furthermore, as FamilyCare knows, rates are not developed individually for each CCO and so materials regarding Health Share's rates would also bring in materials regarding other CCOs rates, including their trade secrets.  In all of the telephone conferrals and numerous other communications, FamilyCare has never suggested a reasonable, common-sense limit on the 2019 and 2020 rate-setting materials it seeks.

Page 6 -  **DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**ARGUMENT**

**I.    The Court should deny FamilyCare's motion because OHA has complied with Rule 26(e)(1) and the Court's order.**

As detailed above, OHA has complied with the obligations of Rule 26(e)(1) and the Court's order: It has collected more than nine million documents, run more than 40 searches, reviewed nearly 400,000 documents (including human review of more than 90,000 documents hitting a "FamilyCare" or related search term), and produced approximately 4,000 documents. (Scott Decl.¶ 4.)  In the course of this review and otherwise, OHA has not learned that its "proffered" explanations regarding its 2017 and 2018 rate-setting decisions—including its explanations for the amount of FamilyCare's rates, its reimbursement policy, or the regional rate-setting modal—were "false" or "pretextual."

FamilyCare asserts that it must have additional discovery to "test" OHA's "assertion[]" that it has not learned anything that would make its prior discovery responses incomplete or incorrect.  (2nd Mot. at 3.)  But that is not how Rule 26(e)(1) works.  The Rule assigns the responding party the duty to supplement if it "learns that in some material respect" that its prior discovery responses are incomplete or incorrect.  The Rule does not permit the requesting party to "test" its opponent's compliance with the Rule.  If FamilyCare's interpretation were correct, there would be no limits on supplemental discovery.  Any requesting party could, as FamilyCare does here, demand copious discovery to determine whether the responding party should supplement its discovery, undermining the plain text of the Rule.

OHA has already engaged in a comprehensive, extensive, and time-consuming collection, review, and production of supplemental discovery.  FamilyCare has no basis to demand additional discovery under Rule 26(e)(1).

**II.    The Court should deny FamilyCare's motion because the additional 2019 and 2020 rate-setting documents it seeks are not proportional to the needs of the case.**

"The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Committee Notes to Fed. Rule Civ. Pr. 26(b)(1); *see also Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d

**Page 7 -    DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

260, 274 (6th Cir. 2021) (requiring the trial court to "limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.").

In an attempt to cast its request as narrower than before, FamilyCare describes the material it seeks as discovery "regarding only limited aspects of the 2019 and 2020 rate-setting process[.]" (2nd Mot. at 11.) Yet, FamilyCare seeks materials regarding the exact same three rate-setting issues it requested in its first motion for discovery into 2019 and 2020 rates: The "how and why" of (1) Health Share's 2019 rate increases; (2) the "changed and then discontinued . . . Reimbursement Policy," and (3) the change—for 2020 rates—to a statewide rate-setting model. (*Id.* at 2, 5.) When OHA asked FamilyCare to narrow these extremely broad categories, FamilyCare explained that it was seeking virtually every document OHA has regarding these topics. (*Infra*, Background, § III.)

FamilyCare's motion provides little concrete guidance on what additional documents it seeks. In fact, it states that it "does not and cannot know exactly what documents OHA has on these topics, or what they say, but that is the point of document discovery[.]" (2nd Mot. at 11.) Furthermore, FamilyCare's example of the supposedly limited documents it seeks demonstrates just how broad its requests actually are. As an example, FamilyCare contends that its requested discovery into Health Share's 2019 rates would "largely consist[]" of some Excel spreadsheets "and the inputs to those workbooks." But FamilyCare fails to mention that "the inputs to those workbooks" include gigabytes of raw claims, enrollment, and financial data, much of which Health Share considers highly confidential trade secrets. And that is just one example of what FamilyCare seeks. Its September 3, 2021 email to OHA makes clear that it also expects reams of communications about the rates, policy documents, and more. (Wilson Decl. Ex. 1.)

To produce the vast quantities of materials FamilyCare seeks, OHA would need to run dozens of new searches across millions of documents. (Scott Decl. ¶ 5.) The results would encompass at least hundreds of thousands of documents. (*Id.*) OHA would then need to review

**Page 8 -  DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO
FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

the results of those searches for responsiveness, confidentiality, and privilege.  That review would require hundreds of hours of attorney work, even when employing technology assisted review.  (*Id.*)  The entire process would take a minimum of two months but given the complex confidentiality questions regarding the trade secrets of the other CCOs, it could easily take much longer.  (*Id.*)

This massive review is not proportional to the needs of the case.  FamilyCare was prepared to go to trial in January 2019 without any of the discovery it now seeks.  OHA has conducted an extensive and thorough supplemental discovery process.  Additional unbounded discovery into OHA's 2019 and 2020 rate setting—years in which FamilyCare was not operating as a CCO—would impose an enormous burden on OHA years after the close of discovery and shortly before the pre-trial conference.  Such discovery is not proportional to the needs of this case.  *U.S. v. Thompson*, No. 3:17-cv-00794, 2018 WL 2970755 *4 (D.Or. June 13, 2018) (denying a motion to compel discovery as not relevant, not proportional, and not likely to satisfy FRCP 1).

## III.    FamilyCare's motion is untimely.

"Motions to compel may be denied as untimely."  *Alfwear, Inc. v. Mast-Jäegermeister US, Inc.*, No. 2:17-CV-00936-TC-DBP, 2020 WL 1644231, at *1 (D. Utah Apr. 2, 2020)(citations omitted).  FamilyCare filed its new motion for 2019 and 2020 rate-setting documents just over three months before the pre-trial conference.  Yet, FamilyCare could have filed it much earlier.  OHA has consistently represented to FamilyCare that it would not produce 2019 and 2020 rate-setting documents.  It reiterated this position two months ago in its August 24, 2021 letter to FamilyCare.  (Gordon Decl. Ex. C.)  FamilyCare conferred on this motion with OHA on September 28, 2021.  Yet FamilyCare waited an additional three weeks to file the motion on October 19.

FamilyCare's extraordinary delay bringing this motion threatens the Court's pre-trial and trial dates, imposes discovery burdens on OHA in the midst of its trial preparation, and potentially introduces hundreds of thousands of new documents just as exhibit lists and expert

**Page 9 -   DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO
            FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF
            DOCUMENTS**

reports are due. For this reason alone, the Court should deny FamilyCare's untimely motion. *Norton v. City of Marietta, OK*, 432 F.3d 1145, 1156 (10th Cir. 2005) ("It is clear from the district court docket sheet that plaintiff filed his motion to compel well after the close of discovery and only two days before the pre-trial conference. Under these circumstances, we cannot conclude that the district court abused its discretion in denying plaintiff's late motion.").

## CONCLUSION

OHA respectfully requests that the Court deny FamilyCare's Motion to Compel Production of Documents.

DATED this 2nd day of November, 2021.

> ELLEN ROSENBLUM
> ATTORNEY GENERAL
> FOR THE STATE OF OREGON
>
> By:   *s/ Harry B. Wilson*
> David B. Markowitz, OSB #742046
> DavidMarkowitz@MarkowitzHerbold.com
> Harry B. Wilson, OSB #077214
> HarryWilson@MarkowitzHerbold.com
> Laura Salerno Owens, OSB #076230
> LauraSalerno@MarkowitzHerbold.com
>
> > *Special Assistant Attorneys General for Defendant Oregon Health Authority, an agency of the State of Oregon*
>
> Carla A. Scott, OSB #054725
> carla.a.scott@doj.state.or.us
>
> > *Of Attorney for Defendant Oregon Health Authority, an agency of the State of Oregon*

1207285

**Page 10 - DEFENDANT OREGON HEALTH AUTHORITY'S RESPONSE TO FAMILYCARE, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**