| | |
|---|---|
| **From:** | Gordon, Matthew P. (Perkins Coie) |
| **To:** | Harry Wilson |
| **Cc:** | Anit Jindal; Erin Dawson; David Markowitz; Laura Salerno Owens; Robbins, David B. (Perkins Coie); Johnson, Thomas R., Jr. (Perkins Coie); Petrova, Sasha (Perkins Coie); Stoller, Heidee (Perkins Coie); Mertens, Matthew (Perkins Coie); Heather Laske; Sherry Korsmo |
| **Subject:** | RE: Letter |
| **Date:** | Friday, September 3, 2021 9:09:25 AM |
| **Attachments:** | RE Discovery conferral.msg<br>2021_07_28 Letter to H. Wilson.pdf |

Harry,

It was good to see you in Portland.  I hope your return travel was uneventful.

We write to follow-up on our conferral last week and to confirm our understanding of OHA's position as to supplemental discovery as clarified therein.

We'd also like to confer further regarding the status of OHA's production and the promotion for review of additional tranches of documents.  Please let me know if you are available to confer next Tuesday or Wednesday.

First, with respect to the supplemental discovery topics identified in the bullets in my May 11 email-- other than "Aspects of rate-setting for 2019 and 2020…"--we understand that OHA will produce all documents responsive to the parties' agreed-upon search terms for supplemental discovery. Notwithstanding the language in your August 24 letter, OHA confirmed in our conferral that (1) it is not limiting its production to only those responsive materials that contain "new and substantive" information (and in fact is not making such determinations as part of the review) and (2) it intends to produce all documents responsive to the agreed-upon search terms (subject, of course, to a responsiveness and privilege review).  We also understand that, although your August 24 letter did not list all topics of supplemental discovery OHA previously agreed to produce (i.e., all topics identified in my May 11 email except "Aspects of rate-setting for 2019 and 2020…), this omission was not intended to signify that OHA was limiting its production to only the topics listed in that letter.

Second, with respect to the "Aspects of rate-setting for 2019 and 2020" topic, we reiterate the three limited categories of discovery that FamilyCare seeks for the 2019-2020 rate-setting years, as previously communicated to OHA and the Court (see attached letter and Dkts. 436, 438, and 451):

- The significant increases to Health Share's rates in 2019.  Specifically, FamilyCare seeks discovery into why OHA paid Health Share approximately $82.5 million more in 2019 to care for former FamilyCare members than it offered FamilyCare for 2018 to care for those same individuals.
- Changes to the reimbursement policy that OHA implemented in 2017 and used to adjust CCO base data in the 2017 and 2018 rate setting years.
- OHA's decision in 2020 to revert back to a statewide rate setting methodology.

Because FamilyCare does not have access to OHA's documents, it cannot identify with certainty which materials will contain information showing what FamilyCare seeks to learn: why and how OHA

implemented the above-described changes. That said, we believe the answers to those questions may be found (without limitation) in:

- Materials reflecting the development of Health Share's 2019 rates, including rate-setting data/workbooks
- Communications between OHA and Health Share regarding their 2019 rates
- Other materials reflecting why OHA increased Health Share's rates in 2019
- Materials reflecting why the reimbursement policy was changed in 2019 and 2020 and how those changes were implemented, including materials related to rate of growth calculations and whether and how OHA considered rate of growth in the reimbursement policies it implemented in those years
- Materials reflecting why OHA switched to the statewide rate buildup in 2020 and how it implemented that change
- Materials regarding comparisons between statewide and regional approaches

Again, FamilyCare's position is that the 2019-2020 rate-setting changes are highly relevant to this case, and that OHA is obligated, under Rule 26(e)(1) and pursuant to the Court's directive at the July 6 hearing, to produce materials in its possession relating to those changes. If OHA continues to maintain that it will produce only the very limited subset of such materials identified in your August 24 letter, FamilyCare continues to reserve the right to seek evidentiary exclusions.

Please let us know if, in light of this information, OHA will reconsider its position on supplemental discovery as to 2019-2020 rate-setting.

Thank you,
Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

**From:** Gordon, Matthew P. (SEA)
**Sent:** Friday, August 27, 2021 10:53 AM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>
**Cc:** Anit Jindal <anitjindal@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Heather Laske

<heatherlaske@markowitzherbold.com>; Sherry Korsmo <sherrykorsmo@markowitzherbold.com>
**Subject:** RE: Letter

Harry,

Please let me know if your use of quotation marks around the word "agreement" was meant to indicate that OHA now contends that the parties did not have an agreement about supplemental discovery. If so, we'll need to advise the Court, given its reliance on Mr. Jindal's representations in open court that there was such an agreement.

There's no mystery about the agreement the parties had—we emailed about it May 11 and conferred about it two days later, we've referenced it in multiple conferrals since then; our respective discovery motions were based on it; it's what Mr. Jindal referenced in open court on June 6 and what you referenced in your June 1 email; and it's what FamilyCare abided by in reviewing for responsiveness based on OHA's topics. OHA knows full well that the agreement was to supplement with respect to the topics each party identified, with the exception that OHA objected to producing materials related to 2019 and 2020 rate-setting. That's why we filed motions over that issue and that issue alone. The production plan described in page 2 of your letter departs from that agreement by imposing additional limitations on production, including failing to identify agreed-upon topics.

As for the Court's order: the Court repeatedly referenced the preexisting obligations under Rule 26(e)(1), see transcript pages 4, 6, 7, 8, 19, and 20, and denied FamilyCare's motion as moot because, in the Court's view, OHA was already obligated to produce any information required to be disclosed under that rule. And Mr. Jindal represented to the Court that OHA would do just that. Your letter describes a plan for production that is far more circumscribed and not at all consistent with those obligations.

Again, if OHA refuses to abide by Rule 26(e)(1), despite the Court's direction and Mr. Jindal's representations, FamilyCare intends to raise that with the Court.

Regards,
Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Friday, August 27, 2021 6:11 AM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>

**Cc:** Anit Jindal <anitjindal@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Heather Laske <heatherlaske@markowitzherbold.com>; Sherry Korsmo <sherrykorsmo@markowitzherbold.com>
**Subject:** RE: Letter

Matt,
We're available at 11:00 a.m. Before we confer, please forward the "agreement" you contend we broke. And please specifically identify what portions of our letter depart from the "agreement." Also, please specifically identify what portions of the Court's order denying FamilyCare's motion for discovery into 2019 and 2020 rate-setting FamilyCare contends OHA is failing to follow.
Harry

---

**From:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>
**Sent:** Thursday, August 26, 2021 4:57 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>
**Cc:** Anit Jindal <anitjindal@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>
**Subject:** Letter

Harry,

See attached.  Please let me know when during the times noted in the letter you are available to confer.

Regards,
Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.