IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FAMILYCARE, INC., an Oregon    )
non-profit corporation,        )
                               )
          Plaintiff,           )    Case No. 6:18-cv-00296-MO
                               )
     v.                        )
                               )
OREGON HEALTH AUTHORITY, an    )    July 6, 2021
agency of the State of Oregon, )
and LYNNE SAXTON,              )
                               )
          Defendants.          )    Portland, Oregon
                               )
_____)

**Oral Argument**

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES

FOR PLAINTIFF:                Ms. Sasha A. Petrova
                             Perkins Coie, LLP
                             1120 N.W. Couch Street, 10th Floor
                             Portland, OR 97209


                             Mr. Matthew P. Gordon
                             Perkins Coie, LLP
                             1201 Third Avenue, Suite 4800
                             Seattle, WA 98101


FOR DEFENDANT OREGON
HEALTH AUTHORITY:             Mr. David B. Markowitz
                             Mr. Anit K. Jindal
                             Ms. Erin Dawson
                             Markowitz Herbold PC
                             1455 S.W. Broadway, Suite 1900
                             Portland, OR 97201



FOR DEFENDANT LYNNE
SAXTON:                       Mr. Edwin A. Harnden
                             Mr. Chris M. Morgan
                             Barran Liebman LLP
                             601 S.W. Second Avenue, Suite 2300
                             Portland, OR 97204



COURT REPORTER:               Bonita J. Shumway, CSR, RMR, CRR
                             United States District Courthouse
                             1000 S.W. Third Ave., Room 301
                             Portland, OR  97204
                             (503) 326-8188

going to say this is the reason why we made these changes, but we all know the real reason is to drive FamilyCare out of the market.  Way to go, we did it.  Imagine such an email, your smoking gun, so to speak.  Why wouldn't that be obligated to be produced under 26(e)(1)(A)?

MS. PETROVA:  Well, Your Honor, this is not new discovery.  Our position is that this is supplemental discovery and this is a position that the parties have agreed on. FamilyCare has not issued --

THE COURT:  It's not new discovery, it's supplemental discovery.  Why wouldn't the thing that you most want out of these two years' trove of documents be already, before I even took the bench today, already required to be produced under 26(e)(1)(A)?

MS. PETROVA:  Your Honor, our position is that it is already required to be produced, but the reason we're here today is that during our conferrals, OHA has arbitrarily carved out the 2019 and 2020 rate-setting years entirely from supplemental discovery, and has refused to basically negotiate any search terms or custodians with respect to those rate-setting years on the basis that it is not relevant, inadmissible, and a number of other reasons.

THE COURT:  I'll clarify that in a moment.  Let's imagine for a second that that's not actually what your opponent has done.  Imagine that what your opponent has done is

said, we won't go engage in a brand-new search using search terms for this sort of stuff because that's not what supplemental discovery requires. Supplemental discovery does not require reengaging in searching, and the rule text makes that pretty clear, and the advisory notes make it crystal clear. It only requires it if you actually learn something that makes a former answer materially incorrect or misleading in some way that you have to produce it.

So if what they're saying -- imagine for a moment what your opponents are saying is, we will engage in a supplemental discovery, Rule 26(e)(1)(A). We'll do it. If we learn something that makes a former answer wrong, we will give it to you, and we acknowledge our obligation for '19 and for '20, not just for the prior years. We just don't think we're under an obligation to research, to redo discovery, to learn something we don't currently know by way of discovery.

What's wrong with that answer?

MS. PETROVA: Your Honor, what's wrong with that answer is that we do know that there have been changes. There are changes that are gleaned from the publicly available materials at OHA's website.

THE COURT: There's been changes for which there's either an innocent or a nefarious rationale. So you want them to go look for possible nefarious rationale supported by the evidence, and they say, well, we'll tell you if we learn it,

headaches when they can, and that's something you've agreed to do?

MR. JINDAL:  Correct.

THE COURT:  And to the degree it's been described that your position is that you will not engage in supplemental discovery as to 2019 and 2020, do you acknowledge that you have an obligation under 26(e)(1)(A) that runs to any document in 2019 and 2020, to the degree that you learn it per the terms of the statute?

MR. JINDAL:  No, Your Honor.  This case is about 2017 and 2018 rates.

THE COURT:  That was a badly phrased question, I'm sorry.  Let me try again.

Your position has been that you've sort of told your opponents to pound sand, that you're not going to engage in supplemental discovery in '19 and '20, and I'm asking whether you in fact will just under the terms of the rule and not under something more than that?

MR. JINDAL:  Yes, Your Honor.  We will engage in supplemental discovery to the extent anything that happened in 2019 or 2020, you have a rule that renders any prior disclosure incomplete or inaccurate.

THE COURT:  To the degree you learn it through the normal course or even through your what I'll call voluntary agreement to supplement with new search terms?

for the first time to run the search term "FamilyCare" against relevant documents for '19 and '20?

MS. PETROVA:  Your Honor, our understanding after conferring is that OHA will agree to look for the term "FamilyCare" in 2019 and 2020 years, but that it is not willing to produce every document that hits on the term "FamilyCare" for 2020 and 2019, just the sort of smoking gun evidence that this Court earlier referred to, but --

THE COURT:  I appreciate that answer, but my question was is it your position that you only just for the first time heard that in court today, or maybe just for the first time understood it, I guess?

MS. PETROVA:  I think that is the -- the latter is correct, for the first time understood their position to be that.

THE COURT:  All right.  Thank you.

I deny the motion on what I hope is the rather obvious understanding of the preexisting obligations created by Rule 26(e)(1)(A), so I won't use the term "smoking gun" as a shorthand.  OHA has agreed, in my view, in excess of what Rule 26(e)(1)(A) requires, but perfectly understandably in the context of a big litigation like this, to run the search term "FamilyCare" against the cache of 2019 and 2020 documents, and then to disclose any information learned in whatever manner through that search or in any other way that is required to be

disclosed by the terms of 26(e)(1)(A).

So you have both the preexisting obligation imposed by the rule, and the obligation imposed by your agreement to run the "FamilyCare" search term, and then make a decision about whether that fits your preexisting obligations under Rule 26(e)(1)(A).

One way to think about it is through running this search term, you are creating the opportunity that you may learn, as the rule says, learn information otherwise required to be disclosed under the rule.  Understood?

MR. JINDAL:  Yes, Your Honor.

THE COURT:  Thank you very much.

And because of that, and because of the significant expense, in no way relying on Rule 407, I'm denying the motion.

Thank you all.  We'll be in recess.

THE COURTROOM DEPUTY:  This court is in recess.

(Proceedings concluded at 10:44 a.m.)

--o0o--

I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


/s/Bonita J. Shumway                    July 7, 2021
_____         _____
BONITA J. SHUMWAY, CSR, RMR, CRR        DATE
Official Court Reporter