IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


**FAMILYCARE INC.,** *an Oregon non-profit corporation*,

                    Plaintiff,

            v.

**OREGON HEALTH AUTHORITY,** *an agency of the State of Oregon*, and **LYNNE SAXTON,**

                    Defendants.

No. 6:18-cv-00296-MO

OPINION AND ORDER


**MOSMAN, J.,**

        This case is before me on Defendant Lynne Saxton's Motion to Dismiss [ECF 431] and

Defendant Oregon Health Authority's Motion to Dismiss, Motion for Partial Summary

Judgment, and Motion to Strike [ECF 432]. Ms. Saxton seeks dismissal of the First Claim for

relief of the Fifth Amended Complaint and Oregon Health Authority ("OHA") seeks dismissal of

the Third Claim for relief of the Fifth Amended Complaint. For the reasons given below, I

DENY Ms. Saxton's Motion and I DENY IN PART OHA's Motion.

**BACKGROUND**

This case has a long and intricate history stretching back to February 2017. Here, I recite only the facts necessary to describe the procedural history of the motions currently before the Court.

On April 5, 2021, the Court held a telephone status conference ("TSC") to determine how the case would proceed after the parties' interlocutory appeals to the Ninth Circuit. At the TSC, the Court stated that, in order to be procedurally proper, any new dispositive motions "would require a showing that something came up either in reopened or supplemental discovery that would justify a dispositive motion that hasn't been filed yet." Tr. [ECF 430] at 19:11–13.

A few weeks later, on April 27, 2021, FamilyCare filed its Fifth Amended Complaint. Defendants stipulated to the filing of the complaint but reserved the right to challenge the allegations and claims. In the Fifth Amended Complaint, FamilyCare makes three claims against the defendants: (1) a 42 U.S.C. § 1983 retaliation claim against Ms. Saxton, (2) a breach of settlement agreement claim against OHA, and (3) a breach of the implied covenant of good faith and fair dealing claim for breach of the coordinated care organization ("CCO") contract against OHA.

In response to the amended complaint, Ms. Saxton and OHA each filed a Motion to Dismiss on May 18, 2021. OHA's Motion to Dismiss also contains a Motion for Partial Summary Judgment and Motion to Strike. OHA Mot. to Dismiss. Ms. Saxton's pending motion seeks to dismiss the First Claim. OHA's pending motion seeks to dismiss the Third Claim.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only

"labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will

not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to

make detailed factual allegations at the pleading stage, the allegations must be sufficiently

specific to give the defendant "fair notice" of the claim and the grounds on which it

rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.    Lynne Saxton's Motion to Dismiss

Ms. Saxton moves the Court to dismiss FamilyCare's First Claim for relief in its Fifth

Amended Complaint. As stated on the record at the oral argument on September 1, 2021, I

DENY Ms. Saxton's Motion to Dismiss as procedurally improper. Tr. [ECF 480] at 49:1–5.

Ms. Saxton's motion is inconsistent with the Court's directive from the April 5, 2021

TSC. It fails to identify any new information that arose from reopened or supplemental discovery

that has occurred since the April 5, 2021 TSC as the basis for the filing of this new dispositive

motion. Additionally, the issues raised in Ms. Saxton's current motion are duplicative of the

issues the Court denied granting summary judgment on in her favor in 2018. *Compare* Saxton

Mot. for Summ. J. [ECF 253] *with* Saxton Mot. to Dismiss [ECF 431]. Ms. Saxton already had

her chance in 2018 to move against these claims. She cannot do so again now.

### II.    Ms. Saxton's Joining of OHA's Motion to Dismiss

Here, Ms. Saxton takes issue with FamilyCare increasing the amount of damages it seeks

from $50 million in Claim One of the Fourth Amended Complaint to $125 million in Claim One

of the Fifth Amended Complaint. *Compare* Fourth Am. Compl. [ECF 111] at 51 *with* Fifth Am.

Compl. [ECF 429] at 41. She joins co-defendant OHA's Motion seeking dismissal of the damages theory. Saxton Mot. to Dismiss [ECF 431] at 18. But Ms. Saxton's Motion again comes too late.

For reasons similar to those stated above, it is not procedurally proper for Ms. Saxton to now move against the damages theory in Claim One of the Fifth Amended Complaint. In the Fall of 2018, Ms. Saxton moved for summary judgment on, among other things, the first claim for relief in the Fourth Amended Complaint. Saxton Mot. for Summ. J. [ECF 253] at 2. Paragraph 85 from the Fourth Amended Complaint and paragraph 83 from the Fifth Amended Complaint are virtually identical but for one minor grammatical difference. Fourth. Am. Compl. [ECF 111] at ¶ 85; Fifth Am. Compl. [ECF 429] at ¶ 83. Each paragraph is found under the first claim for relief in both the Fourth Amended Complaint and Fifth Amended Complaint. Here, FamilyCare does not present a new theory of damages against Ms. Saxton that she had not previously been able to move against in the course of this case.

This Court previously denied Ms. Saxton's Motion for Summary Judgment on damages. Mins. [ECF 338]; Tr. [ECF 339] at 53:12–15 ("I deny summary judgment on all the damage claims…consistent with my former rulings on this summary judgment."). Therefore, because Ms. Saxton had the opportunity to, and in fact did, move against this theory of damages in 2018, it is not procedurally proper for her to do so now. Ms. Saxton has failed to identify anything from the reopened or supplemental discovery that justifies this new Motion for Summary Judgment. Plaintiffs generally are allowed to determine the amount of damages sought in their pleadings. Fed. R. Civ. Pro. 8(a)(3). Therefore, I DENY Ms. Saxton's Motion joining OHA's Motion to Dismiss and Motion for Partial Summary Judgment [ECF 431] at 18–19.

4 – OPINION AND ORDER

In answering the question of whether it is procedurally proper for Ms. Saxton to move against the damages theory in Claim Three of the Fifth Amended Complaint, the Court does not now rule on whether the limitation of liability provision from the CCO contract between OHA and FamilyCare applies to Ms. Saxton.

### III.    Oregon Health Authority's Motion to Dismiss, Motion for Partial Summary Judgment, and Motion to Strike

#### A.  OHA's Motion to Dismiss

OHA seeks dismissal of FamilyCare's Third Claim of the Fifth Amended Complaint— that OHA violated the implied covenant of good faith and fair dealing when it allegedly breached the CCO contract. OHA Mot. to Dismiss [ECF 432] at 9.

#### 1.  The CCO Contract is Unambiguously One Five-Year Contract

FamilyCare appealed a ruling this Court made in 2018 that found that the CCO contract between FamilyCare and OHA was a series of five one-year contracts and therefore, because each year a new contract was formed, the implied covenant of good faith and fair dealing did not apply as the implied covenant does not apply to contract formation. Tr. [ECF 187] at 64:14–67:5; Notice of Appeal [ECF 351] at 1.

The Ninth Circuit, in a Memorandum Disposition entered on April 30, 2020, vacated this Court's ruling and remanded this issue. Mem. Dispo. [ECF 364] at 6–7; *Allen v. FamilyCare, Inc.*, 812 F.App'x 413, 417 (9th Cir. 2020), *as amended* (May 7, 2020). Specifically, the Ninth Circuit found that this Court, in its initial ruling, did not identify the contractual provision in dispute and did not apply the approach outlined by the Oregon Supreme Court in *Yogman v. Parrott*, 325 Or. 358, 361, 937 P.2d 1019 (1997), for interpreting disputed contractual provisions. *Allen*, 812 F.App'x at 417 n.13. The Court now remedies the deficiencies identified by the Ninth Circuit.

5 – OPINION AND ORDER

The contractual provision at issue is provision I.A. "Effective Date and Duration." Decl. of Anit Jindal [ECF 433] Ex. 2 at 7. The disputed provision states, "This Contract is effective January 1, 2014. Unless extended or terminated earlier in accordance with its terms, this Contract expires on December 31, 2018." *Id*.

The next step is to apply the analysis from *Yogman v. Parrott*. In *Yogman*, the Oregon Supreme Court outlined a three-part test for determining the meaning of disputed contractual provisions. 937 P.2d at 1021–22. First, "the Court examines the text of the disputed provision in the context of the document as a whole. If the provision is clear, the analysis ends." *Id*. at 1021. In this case, the Court finds that the text of the contract is unambiguous—the contract is one five-year contract that ran from January 1, 2014 until December 31, 2018. In the briefing before the Court on the current Motion to Dismiss, both parties agree that the contract is one five-year contract. OHA Mot. to Dismiss [ECF 432] at 9 ("As provided in the Ninth Circuit's remand, the Court should interpret the CCO Contract according to Oregon law and determine that it was a five-year contract…."); Pl.'s Resp. in Opp'n [ECF 452] at 9 ("Consistent with the Ninth Circuit's ruling, this Court should hold that the Contract has a five-year term….").

Because the contractual provision is unambiguous, the Court does not need to proceed to the second (examining extrinsic evidence) or third (applying appropriate maxims of construction) steps of the *Yogman* analysis. 937 P.2d at 1022.

## 2. The Implied Covenant of Good Faith and Fair Dealing Applies to the Annual Rate Amendments Because the Amendments Constitute Performance of the Contract

Determining that the CCO contract is one five-year contract (and not five one-year contracts) does not answer the question of whether the implied covenant of good faith and fair dealing applies to the annual contract amendments. On the one hand, OHA argues that the annual

contract amendments constitute contract formation because contract amendment involves offer, acceptance, consideration, and mutual assent. Therefore, the implied covenant of good faith and fair dealing does not apply. OHA Mot. to Dismiss [ECF 432] at 10; OHA Resp. to Pl.'s Suppl. Br. [ECF 482] at 1–2. On the other hand, FamilyCare argues that the annual contract amendments constitute performance of the contract, not formation, because the annual rate-setting and amendment is the performance envisioned under the contract and therefore, the implied covenant of good faith and fair dealing applies to the annual rate-setting amendments. Pl.'s Resp. in Opp'n. [ECF 452] at 9–10; Pl.'s Suppl. Br. [ECF 476] Ex. 1 at 1–2. I agree with FamilyCare.

OHA argues that "[n]o Oregon authority provides that pre-contractual negotiation is subject to the implied duty of good faith." OHA Resp. to Pl.'s Suppl. Br. [ECF 482] at 2. On this point, I agree with OHA. Under *Tolbert v. First National Bank of Oregon*, the Oregon Supreme Court says exactly this— "Although every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement, that duty does not extend to the formation of the contract." 312 Or. 485, 492, 823 P.2d 965, 969 (1991) (internal citations omitted).

But I disagree with OHA's characterization of the contract amendments as pre-contractual negotiations. If, as I have held, the CCO contract is one five-year contract, it follows, almost as a logical necessity, that the rate-setting that occurred annually is the performance envisioned under the contract. It would be inconsistent with the idea of a five-year contract to then say that each year's rate amendment was really only pre-contractual negotiations. If the annual amendments were only pre-contractual negotiations leading to contract formation, as OHA contends, it is unclear to the Court when, if ever, OHA would have been bound by the

terms of the five-year contract it entered into with FamilyCare because the rate-setting negotiations were ongoing each year. This is particularly true on these facts, where the very performance envisioned by the five-year contract is rate-setting.

Because the annual rate-setting amendments are contract performance and not formation, the implied covenant of good faith and fair dealing applies. *Tolbert*, 823 P.2d at 969; *Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 350, 876 P.2d 761, 766 (1994) (stating that every contract contains an implied duty of good faith).

> ### 3. There Can Be a Claim for Breach of the Objective Reasonable Expectations of the Parties Informed by Something Other Than the Express Terms of the Contract

The next issue is whether the objective reasonable expectations of the parties can be informed by anything other than the express terms of the contract when the contract gives one party discretion and the party then exercises that discretion.

In Oregon, "it is only the objectively reasonable expectations of [the] parties that will be examined in determining whether the obligation of good faith has been met." *Tolbert*, 823 P.2d at 970. Further, the duty of good faith cannot serve to contradict an express contractual term — "[t]he obligation of good faith does not vary the substantive terms of the bargain." *Uptown Heights Ass'n v. Seafirst Corp.*, 320 Or. 638, 645, 891 P.2d 639 (1995) (citing *U.S. National Bank v. Boge*, 311 Or. 550, 567, 814 P.2d 1082, 1092 (1991)).

The implied covenant of good faith and fair dealing still applies when a party exercises discretion afforded to it under a contract. *Tolbert*, 823 P.2d at 997 ("[G]ood faith is required in the performance of the contract and the exercise of discretion under it."). Simply because a contract gives one party discretion to, for example, specify a price term, "the term specified may be so high or low that the party will be deemed to have acted in bad faith regardless of the

reasonable expectations of the other party." *Best v. U.S. Nat'l Bank*, 303 Or. 557, 565, 739 P.2d 554, 559 (1987).

I find that a party's objective reasonable expectations can be informed by something other than the express terms of the contract when the contract gives one party discretion and the party then exercises that discretion. By the very nature of being implied, I find it consistent with Oregon law that it is possible to have reasonable, objective expectations of the parties about the performance of the contract that are not expressly found in the terms of the contract. I do not mean to suggest that this in some way adds to the terms of the contract for it cannot under the law in Oregon. *Uptown Heights Ass'n*, 891 P.2d at 643.

Therefore, I disagree with OHA's statement that the objective reasonable expectations of the parties can only be informed by the express terms of the contract. OHA Resp. to Pl.'s Suppl. Br. [ECF 482] at 2. Here, FamilyCare does not argue that there are additional extra-contractual conditions that it seeks to place on OHA's discretion in rate-setting. Instead, FamilyCare argues, and I agree, that "this claim is not based on a breach of an express term in the contract, but instead looks to FamilyCare's objectively reasonable expectations, which are informed by, but not limited to, the express contract terms." Pl.'s Resp. in Opp'n [ECF 452] at 16.

### 4.  FamilyCare has Adequately Pled Such a Claim

Here, FamilyCare states a claim for relief that is plausible on its face under Rule 12(b)(6) and therefore, has adequately pled such a claim. In its Fifth Amended Complaint, FamilyCare plausibly alleges that OHA violated its reasonable expectations that (1) OHA would not set rates based on bias against FamilyCare, Fifth Am. Compl [ECF 429] ¶¶ 40–56, 96–101, 108; (2) OHA would correct known material errors that arose in the rate-setting process, *id*. ¶¶ 64–69; and (3) OHA would provide rate amendments in a timely manner, *id*. ¶ 108.

### 5.  Outstanding Issues to be Resolved on a Motion for Summary Judgment

In finding that the parties' objective reasonable expectations can be informed by something other than the express terms of the contract, the Court reserves ruling on the questions outlined below. These outstanding questions are not properly resolved at the motion to dismiss stage and instead require another round of summary judgment.

There are three issues FamilyCare and OHA are directed to resolve on a Motion for Summary Judgment. First, the parties should address what exactly they believe to be the basis for the parties' objective reasonable expectations that form the basis of the implied covenant of good faith and fair dealing claim. Second, has FamilyCare pled its claim for breach of the implied covenant of good faith and fair dealing in such a way that it has not brought up new claims or theories. Specifically, is FamilyCare now relying on extra-contractual sources for the good faith obligation that were not previously presented in this case, as to which there has been limited or no discovery, and therefore, the Court should potentially disallow. Third, the parties should address whether FamilyCare can actually adduce enough evidence to advance its third claim for relief.

### B.  OHA's Motion for Partial Summary Judgment

At this time, the Court reserves ruling on OHA's Motion for Partial Summary Judgment.

### C.  OHA's Motion to Strike

OHA moves the Court to strike paragraph 78 of the Fifth Amended Complaint because it alleges subsequent remedial measures under Fed. R. Evid. 407. OHA Mot. to Dismiss [ECF 432] at 21. I disagree. I find that the activity discussed in paragraph 78 is not evidence of subsequent remedial measures—it is simply evidence of a change in OHA's business practices. The

paragraph simply states that OHA revised the rate-setting process after its interaction with

FamilyCare. Therefore, I DENY OHA's Motion to Strike Paragraph 78 [ECF 432] at 21.

## CONCLUSION

For the reasons stated above, I DENY Lynne Saxton's Motion to Dismiss [ECF 431] and

I DENY IN PART Oregon Health Authority's Motion to Dismiss, Motion for Partial Summary

Judgment, and Motion to Strike [ECF 432].

IT IS SO ORDERED.

DATED this __10th__ day of November, 2021.


*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge