**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>Defendants. | Case No. 6:18-cv-00296-MO<br><br>**FAMILYCARE'S REPLY IN SUPPORT OF SUPPLEMENTAL BRIEFING IN RESPONSE TO THE COURT'S NOVEMBER 13, 2018 ORDER (ECF 342)** |

FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

Despite Defendant Saxton's request to submit for the Court's consideration a list of FamilyCare's speech that she believes was not "on a matter of public concern," Saxton fails to identify any specific instances of speech that she finds objectionable.  Instead, Saxton once again attempts to re-litigate her motion for summary judgment by making the broad and unsupported argument that most of FamilyCare's speech involved individual complaints about the Medicaid capitation rates set by the Oregon Health Authority ("OHA").[1] But Saxton ignores the fact that much of FamilyCare's speech concerned broader problems at OHA that imperiled the whole Medicaid program in Oregon.  And even when FamilyCare's speech concerned only the capitation rates set by OHA, those rates are paid to Coordinated Care Organizations ("CCOs") to cover the costs of providing health care for Medicaid beneficiaries, and are therefore indisputably a matter of public concern.  As the facts of this case illustrate—more than 100,000 Medicaid members transitioning CCOs upon FamilyCare's closure—the consequences of a CCO shutting down are of significant public importance.

Saxton's request for a determination about the admissibility of FamilyCare's evidence— months before the deadline set by this Court for motions in limine and without developed arguments for exclusion of specific speech—should be rejected.  FamilyCare has presented abundant evidence of its speech on matters of public concern, including OHA's failure to comply with legal, regulatory and industry-accepted rate-setting requirements, the lack of transparency in OHA's methods and computations, and the failure to set sufficient rates for CCOs to provide adequate care for Oregon's Medicaid beneficiaries.  At the very least, FamilyCare's speech bore directly on the accessibility to health care services for more than one hundred thousand Medicaid beneficiaries in Oregon's most populous region, and was directed at the legislature, the media, the courts, the Centers for Medicare and Medicaid Services ("CMS"), and OHA itself.

---

[1] Because of this redundancy, FamilyCare incorporates by reference its prior legal arguments made in response to Saxton's summary judgment briefing.  *See* ECF 295 (FamilyCare's Opposition to Saxton's Motion for Summary Judgment) at 21-26.

1-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

Moreover, determining which specific pieces of evidence can be used to meet a single element of FamilyCare's § 1983 claim will not expedite this matter for trial or meaningfully affect Saxton's trial preparation. FamilyCare alleges that Saxton engaged in a sustained, multi-year campaign of retaliation through retaliatory speech and rate-setting. FamilyCare has already identified dozens of instances of protected speech, and this Court has already determined that there is sufficient evidence of protected activity to submit the claim to the jury. Even if the Court concludes that some of FamilyCare's speech does not qualify for protection, such a finding will not have a significant impact on the contours of FamilyCare's claim or Saxton's defense because FamilyCare would still be entitled to seek to use that evidence in its case in chief at trial for other purposes, including to support other claims or to provide necessary factual context.

For these reasons and those set out in FamilyCare's supplemental briefing, ECF 486, this Court should defer making substantive rulings on FamilyCare's evidence of speech on a matter of public concern until the pre-trial conference, in the context of the parties' specific trial arguments and evidence.

## I.    FamilyCare has identified abundant evidence of speech on matters of public concern to support its § 1983 claim.[2]

Whether a contractor's expressive conduct addresses a matter of public concern is determined by evaluating "the content, form, and context" of the expressive conduct as revealed

---

[2] Saxton contends that FamilyCare "must ultimately tie each instance of expressive conduct to some retaliatory act by Saxton" and "also has to show that Saxton personally took retaliatory action in response to specific instances of protected speech." ECF 491 at 2-3. Saxton is mistaken. A plaintiff can show that retaliation was a substantial or motivating factor behind an adverse action without directly tying specific instances of speech to specific acts of retaliation—for example, by introducing evidence showing that the proffered explanations for the adverse action were false and pre-textual—particularly where, as here, the defendant engaged in a sustained campaign of retaliation. *See generally Coszalter v. City of Salem*, 320 F.3d 968, 977-78 (9th Cir. 2003). Further, as previously briefed by FamilyCare on summary judgment, *see* ECF 295 at 35, a supervisor like Saxton can be held liable for the conduct of her subordinates if she was aware of their violations and failed to act. *See Addison v. City of Baker City*, 758 F. App'x 582, 585 (9th Cir. 2018) ("For claims of free speech violations under the First Amendment, knowledge and acquiescence suffice for supervisor liability.").

2-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL
BRIEFING

by the whole record.  *See Connick v. Meyers*, 461 U.S. 138, 147-48 (1983).  Yet while Saxton acknowledges that standard, she fails to apply it to any of the instances of speech identified by FamilyCare and instead argues that "the vast majority" of FamilyCare's speech—on a topic of potentially compromised health care for more than one hundred thousand Medicaid beneficiaries in Portland[3]—was nothing more than a personal grievance.  *See* ECF 491 at 6-9.[4]  This Court previously rejected Saxton's argument and should do so again now.[5]

Content.  The content of FamilyCare's proffered speech regarding OHA's policies and practices unquestionably addresses issues of public concern.  *See Desrochers v. City of San Bernardino*, 572 F.3d 703, 710 (9th Cir. 2009) (content is "the greatest single factor in the *Connick* inquiry") (citation omitted).

OHA is the state agency responsible for administering the Medicaid program in Oregon, which pays for the health care of more than 1 million Oregonians.  OHA and Saxton were responsible for ensuring that CCOs received sufficient rates to allow them to provide the necessary Medicaid-covered health care for the beneficiaries assigned to them.  Much of the speech in question involved FamilyCare raising alarms about the integrity and transparency of that rate-setting process—a process that determines whether these Oregonians receive access to health care services.  *See, e.g.*, App.18 at 1 (statements to media regarding lack of transparency

---

[3] *See* App.161 at 1 (transcript of FamilyCare's remarks to the Oregon Health Policy Board, noting the impact of rates on FamilyCare's "300 employees, 120,000 members in tri-county, [and] 4,000 providers").

[4] All pin-cite page numbers refer to the ECF pagination (rather than the page numbers of the cited documents themselves).

[5] Saxton has already made, and FamilyCare has already responded to, the arguments raised in Saxton's present filing.  *See* ECF 253 (Saxton's Motion for Summary Judgment) at 9-10 (arguing FamilyCare's speech did not qualify for protection because "[t]he purpose of FamilyCare's 'speech' was and is to get higher rates for itself"); *see also* ECF 310 (Saxton's Reply Memorandum in support of Summary Judgment) at 13-16.  This Court rejected Saxton's argument and held that FamilyCare presented "enough expressive conduct . . . that involves a matter of public concern to defeat summary judgment."  ECF 339 (Transcript of Nov. 2, 2018 Oral Argument) at 49.

3-      FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

at OHA).[6]  Much of the speech also *expressly* questioned OHA's compliance with federal regulatory standards and laws—a topic that also implicates the interests of other CCOs and Medicaid beneficiaries, as well as the viability of the entire program.  *See, e.g.*, App.12 (letter to Gov. Kitzhaber citing concerns regarding lack of transparency in OHA's 2015 rate-setting process and disparity in rates across plans); App.79 (PowerPoint presentation to CMS voicing concerns regarding OHA's failure to comply with rate-setting requirements and the corresponding risk to Oregon's Medicaid program); App.78 (correspondence to the Oregon Health Policy Board regarding OHA's failure to address questions and provide information requested by multiple CCOs); App.82 (presentation to Senate Committee regarding OHA's rate-setting actions, which were "explicitly calculated to produce an operating loss" in violation of regulatory requirements).[7]  Such speech plainly relates to OHA's administration of public funding and its role in ensuring that health care is delivered to Oregonians and paid in accordance with law and regulatory requirements.  *See Hyland v. Wonder*, 972 F.2d 1129, 1139 (9th Cir. 1992) (speech about "the inept, inefficient, and potentially harmful administration of a governmental entity" is a "classic topic of public concern"); *see also Eng v. Cooley*, 552 F.3d 1062, 1072-73 (9th Cir. 2009) ("Communications on matters relating to the functioning of government are matters of inherent public concern," as is "speech that is relevant to the public's evaluation of the performance of government agencies.") (brackets and quotations omitted); *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1405 (9th Cir. 1988), *overruled on other grounds by Garcetti v. Ceballos*, 547 U.S. 410 (2006) ("Courts have . . . identified the misuse of public funds, wastefulness, and inefficiency in managing and operating government entities as matters of public concern.").

---

[6] "App." citations refer to specific documents submitted as part of the appendix that accompanied FamilyCare's January 3, 2019 letter regarding protected activity and retaliation.

[7] FamilyCare's references throughout this brief to specific instances of speech from its January 3, 2019 letter are illustrative only and are in no way intended to limit FamilyCare to such evidence of protected activity.

4-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

As this Court has already recognized, the fact that some of FamilyCare's speech involved concerns about its own capitation rates does not transform FamilyCare's expression into a personal grievance or run-of-the-mill contract dispute. *See* ECF 339 at 49 ("[I]n my view, there's some of the speech that's been identified that I think fits almost any definition of public concern, and in my view, context matters, and there is, I think, some speech that would otherwise not be a matter of public concern, but because it involves this particular contract in this setting can be elevated to a matter of public concern."); *see also Rendish v. City of Tacoma*, 123 F.3d 1216, 1224 (9th Cir. 1997) (demand for only private relief in a lawsuit "does not detract from the public nature of the litigation" because the speech that resulted in the adverse employment action related to matters of public concern); *Zorzi v. Cty. of Putnam*, 30 F.3d 885, 897 (7th Cir. 1994) ("[T]hat [plaintiff] had a personal motive for filing this suit and sought remedies of a personal nature . . . does not prevent the lawsuit from being a matter of public concern."). The sufficiency of the rates paid to FamilyCare under its contract with OHA had a direct impact on (1) health care providers, including the many primary care and behavioral health providers who agreed to take on more Medicaid patients because FamilyCare offered higher reimbursement rates, and (2) the expanded access to health care for FamilyCare's more than one hundred thousand members. Moreover, the accuracy and actuarial soundness of the rates OHA set for Oregon's CCOs affects the viability of Oregon's Medicaid program as a whole, as non-compliance with federal rate-setting requirements could jeopardize federal financial participation in Medicaid funding for the state and negatively affect all Medicaid recipients. *See* App.34 at 7 (CMS letter to Saxton, explaining that CMS is "unable to move forward with approval of [FamilyCare's] contract for federal financial participation" if the capitation rates included in the contract are not actuarially sound in accordance with federal regulations); App.15 at 2 (FamilyCare press release regarding lawsuit over 2015 rates, noting that "[t]he issues raised by FamilyCare generally apply to the process for all Coordinated Care Organizations"). FamilyCare's criticism of OHA's rate-setting

5-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045.0001\154598820.5

process is therefore far from the type of personal grievance courts have found insufficient to support a retaliation claim.[8]

Form.  Speech is not of public concern if it "took the form of an internal employee grievance" and there was no effort to "inform the public about the operation of a public agency." *Desrochers*, 572 F.3d at 714.  But "[t]he fact that [a plaintiff's] speech was not directed to the public at large, to inform it of the perceived problems, is not critical to the inquiry of whether the speech involves a matter of public concern." *Gillette v. Delmore*, 886 F.2d 1194, 1198 (9th Cir. 1989) (citing *Rankin v. McPherson*, 483 U.S. 378, 386, n.11 (1987)).

Here, FamilyCare indisputably publicly voiced its concerns with OHA and Saxton, as well as their weaknesses in administering the Oregon Health Plan.  *See, e.g.*, App.107 (press release criticizing OHA's lack of transparency, failure to comply with federal law, and failure to engage in a meaningful dispute resolution process).  FamilyCare's concerns were communicated to the public via statements to the legislature, courts, and the media.  *See, e.g.*, App.114 (lobbying Oregon legislature for transparency in rate setting); App.106 (2017 lawsuit); App.41 (statements to the media regarding provider reimbursement and impact on health care). Involving such public forums by expressive activity inherently involves the public sphere.  *See*

---

[8] Indeed, the cases Saxton cites either directly support FamilyCare's position or are so readily distinguishable that they demonstrate the public nature of FamilyCare's speech by contrast.  *See, e.g.*, *Voigt v. Savell*, 70 F.3d 1552, 1560 (9th Cir. 1995) (finding that employee's speech was on a matter of public concern as required for a § 1983 claim even though it "primarily involved his personal disputes with Judge Savell"); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1147-48 (9th Cir. 2010) (complaints about co-worker laziness and incompetence were "decidedly personal" and had no "relevance to the public in evaluating the functioning of the [police department]"); *Desrochers v. City of San Bernardino*, 572 F.3d 703, 712 (9th Cir. 2009) (speech was not on a matter of public concern where the "plain language of the grievances" did not address police competence but reflected a "personality dispute centered on . . . management style"); *Rendish*, 123 F.3d at 1224 (government employee's speech—including complaints about "the unequal treatment of some persons as compared with others by the City's judicial system"— was on a matter of public concern, despite the lawsuit's "demand for only private relief"); *Nederhiser v. Foxworth*, No. CIV 05-787-KI, 2007 WL 869710, at *3 (D. Or. Mar. 19, 2007), *as amended* (Mar. 21, 2007) (letter did not implicate a matter of public concern because it contained matters that affected only the investigation into the plaintiff's conduct).

6-      FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

123045.0001\154598820.5

*Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 927 (9th Cir. 2004) ("Litigation seeking to expose . . . wrongful governmental activity is, by its very nature, a matter of public concern.").

Context.  Although courts may consider the speaker's "motivation and the chosen audience" for the speech, *Johnson v. Multnomah Cnty.*, 48 F.3d 420, 425 (9th Cir. 1995), a government contractor's "motive should not be used as a litmus test for public concern," *Alpha Energy Savers*, 381 F.3d at 925 (quoting *Havekost v. U.S. Dep't of Navy*, 925 F.2d 316, 318 (9th Cir. 1991)).  When evaluating context, courts may assess whether the speech "seek[s] to bring to light actual or potential wrongdoing or breach of public trust," *Connick*, 461 U.S. at 148, or whether the speech was made only to "further some purely private interest," *Havekost*, 925 F.2d at 318.  "[C]ommunication on matters relating to the functioning of government . . . [such as] misuse of public funds, wastefulness, and inefficiency in managing and operating government entities are matters of inherent public concern, regardless of the purpose for which they are made."  *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1130 (9th Cir. 2008) (internal quotation marks omitted).

Saxton contends that FamilyCare's speech largely was "to obtain higher Medicaid capitation rates for itself."  ECF 491 at 8.  But, as noted above, FamilyCare addressed issues well beyond its own rates, including errors in the rate-setting methodology and process, the lack of OHA's transparency in handling public funds, and improper and unlawful favoritism among the CCOs.  Moreover, even FamilyCare's speech about the adequacy and soundness of its own rates involved the sufficiency of funding to cover needed health care services for its Medicaid members and to cover the costs of expanding access to primary and behavioral health care.  *See Harris v. Quinn*, 573 U.S. 616, 654 (2014) ("[I]t is impossible to argue that the level of Medicaid funding . . . is not a matter of great public concern").  Such speech is on a matter of public concern regardless of whether it also implicated FamilyCare's own interests.[9]

---

[9] Saxton also argues that speech post-dating her resignation from OHA cannot serve as the basis of FamilyCare's § 1983 claim.  ECF 491 at 6.  But even if such speech cannot support one

7-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL
BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

## II.  Evidentiary rulings should be made at the pre-trial conference based on specific arguments for admissibility.

This Court should defer making substantive rulings on FamilyCare's evidence of speech on a matter of public concern until the pre-trial conference, in the context of the parties' specific arguments and evidence for trial.

As a procedural matter, despite having requested the opportunity to submit "a list . . . in substantially the same form as FamilyCare has" to identify the instances of protected speech Saxton disagrees with and "the substantive reasons for the disagreement,"[10] Saxton has yet to articulate specific concerns about the speech FamilyCare identified in its submission to the Court.  Instead, Saxton raises only broad arguments that do not provide the Court or FamilyCare with an adequate basis to respond to or determine the issue.  For that reason alone, this Court should deny Saxton's present request for a hearing and instead require her to follow the ordinary motion in limine procedure after FamilyCare has been given a full opportunity to identify its evidence for trial.  *See Kendall Dealership Holdings, LLC v. Warren Distrib., Inc.*, No. 3:18-cv-0146-HRH, 2021 WL 4236866, at *2 (D. Ala. Sept. 16, 2021) (denying as premature a motion in limine seeking to exclude five categories of evidence without identifying specific documents for exclusion and before the opposing party had opportunity to identify which exhibits it would seek to offer at trial).

Moreover, further proceedings to identify admissible evidence of FamilyCare's protected activity will not promote judicial economy.  Even if a particular instance of speech does not qualify as speech on a matter of public concern, FamilyCare is still entitled to seek to introduce

---

element of FamilyCare's § 1983 claim, Saxton is mistaken that she is entitled to exclude such evidence from trial altogether.  On the contrary, FamilyCare may seek to present this evidence to support another part of its case or to provide context for its claims.  The evidence may be admissible to demonstrate, among other things, the sincerity of FamilyCare's concerns, the veracity of FamilyCare witnesses who voiced those concerns, and whether the improper retaliation continued through the end of 2018 as a legacy of Saxton's tenure.

[10] *See* October 8, 2021 Letter to the Court from E. Harnden at 2.

8-  FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\154598820.5

that evidence to support other aspects of its case or to provide relevant background to the jury.[11] *See generally United States v. Pena-Gutierrez*, 222 F.3d 1080, 1090 (9th Cir. 2000) ("[A]s the advisory committee's note to Rule 401 of the Federal Rules of Evidence explains, '[t]he fact to which the evidence is directed need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.'"). This Court should decline to make evidentiary rulings in a vacuum, particularly where FamilyCare may offer the evidence for other purposes in its case in chief. *See MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 566 (S.D.N.Y. Feb. 3, 2017) (condemning the parties' attempt to use motions in limine "as preemptive weapons with which they endeavor to strike, in shotgun fashion, at whole topics and sources of prospective evidence that each side anticipates the other may contemplate introducing at some point during the course of the trial, out of context and before any specific objection against its proper backdrop is raised").

## III.    CONCLUSION

For the reasons set out above, FamilyCare respectfully requests that the Court reserve any decisions regarding FamilyCare's evidence in support of its retaliation claim until the pre-trial conference, and then only if Saxton submits a motion that adequately raises the issue. To the extent the Court wishes to hold further proceedings on this issue, FamilyCare respectfully requests the opportunity to submit briefing in response to any arguments that Saxton may later make.

---

[11] Saxton argues that, "if a given instance of 'speech' is not, as a matter of law, considered to be a matter of public concern, FamilyCare need not present evidence of that speech to support its § 1983 claim." ECF 491 at 9. But the fact that a party "need not" present evidence to meet one element of its claim does not mean that it "cannot" present that evidence at all.

9-     FAMILYCARE'S REPLY ISO SUPPLEMENTAL
       BRIEFING

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

DATED: November 15, 2021.        **PERKINS COIE LLP**

By:/s/ *Matthew P. Gordon*
    **Stephen F. English**, OSB No. 730843
    SEnglish@perkinscoie.com
    **Thomas R. Johnson** (OSB No. 010645)
    TRJohnson@perkinscoie.com
    **Heidee Stoller** (OSB No. 072835)
    HStoller@perkinscoie.com
    **Matthew J. Mertens** (OSB No. 146288)
    MMertens@perkinscoie.com
    **Sasha Petrova** (OSB No. 154008)
    SPetrova@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: 503.727.2000
    Facsimile:  503.727.2222

    **Matthew P. Gordon** (admitted *pro hac vice*)
    MGordon@perkinscoie.com
    **David B. Robbins** (OSB No. 070630)
    DRobbins@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: 206.359.8000
    Facsimile:  206.359.9000

    *Attorneys for Plaintiff FamilyCare, Inc.*

10-    FAMILYCARE'S REPLY ISO SUPPLEMENTAL BRIEFING

123045.0001\154598820.5