**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Chris M. Morgan,** OSB No. 175384
cmorgan@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>         Plaintiff,<br><br>  v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>         Defendants. | **Case No. 6:18-cv-00296-MO**<br><br>**DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT** |

Defendant Lynne Saxton ("Saxton"), in Answer to Plaintiff FamilyCare, Inc.'s ("FamilyCare") Fifth Amended Complaint, states as follows. To the extent not expressly admitted, all allegations as stated in FamilyCare's Fifth Amended Complaint are denied.

1.

Answering Paragraph 1, Saxton admits that FamilyCare was an Oregon non-profit corporation with a principal place of business in Portland, Oregon. Saxton further admits that, as a certified Coordinated Care Organization ("CCO"), FamilyCare contracted with the State of Oregon by and through Defendant Oregon Health Authority ("OHA") to provide services for the Oregon Health Plan ("OHP"), including providing services to Oregon's Medicaid population.

Page 1 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

Saxton is without sufficient information to admit or deny the remainder of the allegations as stated in Paragraph 1, and therefore denies the same.

2.

Answering Paragraph 2, Saxton admits that OHA is an agency of the State of Oregon that is responsible for administering Oregon's Medicaid program, with a principal place of business in Salem, Oregon. Saxton denies any and all remaining allegations as stated in Paragraph 2.

3.

Answering Paragraph 3, Saxton admits that she is a former director of the OHA and that, to her knowledge, Mr. Patrick Allen is the current Director of the OHA. Saxton denies any and all remaining allegations as stated in Paragraph 3.

4.

Saxton denies the allegations as stated in Paragraph 4.

5.

Answering Paragraph 5, Saxton states that FamilyCare's allegations are legal conclusions for which no response is required. To the extent that a response is required, Saxton denies the allegations as stated in Paragraph 5.

6.

Saxton denies the allegations contained in heading "I." Answering Paragraph 6, Saxton admits that the Centers for Medicare and Medicaid Services ("CMS") works with individual states with respect to their Medicaid programs, among other things. FamilyCare's remaining allegations in Paragraph 6 are legal conclusions for which no response is required. To the extent that a response is required, Saxton denies the remainder of the allegations as stated in Paragraph 6.

7.

FamilyCare's allegations in Paragraphs 7-8 are legal conclusions for which no response is required. To the extent that a response is required, Saxton denies the remainder of the allegations as stated in Paragraphs 7-8.

Page 2 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

8.

Answering Paragraph 9, Saxton admits that, in 2012, CMS approved an amendment and extension of Oregon's Section 1115 Demonstration Project, and that CMS extended the waiver for five years from January 12, 2017, through June 30, 2022. Saxton lacks sufficient information to admit or deny the remaining allegations in Paragraph 9, and therefore denies the same. The allegations quote an unidentified document which does not provide Saxton with sufficient information to admit or deny the existence of any such document or the authenticity of the quotation.

9.

Saxton denies the allegations as stated in Paragraph 10.

10.

FamilyCare's allegations in Paragraphs 11-12 are legal conclusions for which no response is required. To the extent that a response is required, Saxton denies the allegations as stated in Paragraphs 11-12.

11.

Saxton denies the allegations as stated in Paragraph 13.

12.

Saxton denies the allegations in heading "II." Answering Paragraph 14, Saxton lacks sufficient information to admit or deny the allegations, and therefore denies the same. Saxton is no longer the Director of OHA; and the paragraph contains quotations from an unidentified document which does not provide Saxton with sufficient information to admit or deny the existence of any such document or the authenticity of the quotations.

13.

Answering Paragraph 15, Saxton lacks sufficient information to admit or deny the allegations, and therefore denies the same. Saxton is no longer the Director of OHA; and the paragraph contains quotations from an unidentified document which does not provide Saxton with

Page 3 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

sufficient information to admit or deny the existence of any such document or the authenticity of the quotations.

14.

Answering Paragraph 16, Saxton lacks sufficient information to admit or deny the allegations, and therefore denies the same. Saxton is no longer the Director of OHA; and the paragraph contains quotations from an unidentified document which does not provide Saxton with sufficient information to admit or deny the existence of any such document or the authenticity of the quotations.

15.

FamilyCare's allegations in the first two sentences of Paragraph 17 regarding ORS 414.620 and 414.625 are legal conclusions for which no response is required. Further, Paragraph 17 contains allegations solely directed to OHA, and which do not require a response from Saxton. To the extent that a response is required, Saxton denies the allegations as stated in Paragraph 17.

16.

Paragraph 18 contains allegations solely directed to OHA, and which do not require a response from Saxton. To the extent that a response is required, Saxton denies the allegations as stated in Paragraph 18.

17.

Saxton denies the allegations in heading "III." Answering Paragraph 19, Saxton lacks sufficient information to admit or deny the allegations as stated, and therefore denies the same. Saxton was not the Director of OHA during the time period described in Paragraph 19. Saxton further states that the paragraph contains allegations solely directed to OHA, and which do not require a response from Saxton.  To the extent that a response is required, Saxton denies the allegations as stated in Paragraph 19.

/ / /

/ / /

Page 4 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

18.

Answering Paragraph 20, Saxton admits that OHA contracted with Optumas, an outside actuarial consulting firm, to re-examine and redevelop 2015 CCO capitation rates and to develop the 2016 CCO capitation rates. Saxton denies the remaining allegations as stated in Paragraph 20.

19.

Answering Paragraph 21, Saxton admits that FamilyCare requested from OHA certain rate review tools and trend models used to develop CCO capitation rates. Saxton denies the remaining allegations as stated in Paragraph 21.

20.

Saxton denies the allegations as stated in Paragraph 22.

21.

Answering Paragraph 23, Saxton admits that FamilyCare submitted a Request for Production of Documents as part of a lawsuit filed against OHA. Saxton denies the remaining allegations as stated in Paragraph 23.

22.

Answering Paragraph 24, Saxton admits that in August 2015, OHA presented 2015 capitation rates that had been redeveloped by Optumas. Saxton lacks sufficient information to admit or deny the portions of the allegations in Paragraph 24 which are quotations from unidentified documents, and therefore denies the same. Saxton denies any and all remaining allegations as stated in Paragraph 24.

23.

Saxton denies the allegations as stated in Paragraphs 25-26.

24.

Answering Paragraph 27, Saxton admits that FamilyCare filed suit against OHA on March 29, 2016. Saxton neither admits nor denies the allegations contained in that Complaint, as that

Page 5 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

document speaks for itself. Saxton denies any and all remaining allegations as stated in Paragraph 27.

25.

Answering Paragraph 28, Saxton admits that OHA notified FamilyCare in April 2016 of its intent to terminate FamilyCare's contract. Saxton denies the remaining allegations as stated in Paragraph 28.

26.

Answering Paragraph 29, Saxton admits that FamilyCare and OHA signed a settlement agreement on May 22, 2016 (the "Settlement Agreement"). Saxton denies the remaining allegations as stated in Paragraph 29.

27.

With respect to Paragraphs 30-32, Saxton neither admits nor denies the allegations regarding the terms of the Settlement Agreement, as that document speaks for itself. Saxton denies any and all remaining allegations as stated in Paragraphs 30-32.

28.

Saxton denies the allegations in heading "IV." Answering Paragraph 33, Saxton admits that OHA released the 2017 capitation rates for Oregon's CCOs in or about October 2016. Saxton further admits that OHA made available to FamilyCare a certification that was prepared by Optumas. Saxton neither admits nor denies the allegations regarding the contents of the certification, as that document speaks for itself. Saxton denies the remaining allegations as stated in Paragraph 33.

29.

Saxton denies the allegations as stated in Paragraph 34.

30.

Saxton denies the allegations as stated in Paragraph 35.

/ / /

Page 6 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

31.

Answering Paragraph 36, Saxton neither admits nor denies the allegations regarding the terms of a letter from CMS dated August 23, 2016, as the document speaks for itself. Saxton is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations as stated in Paragraph 36 and therefore denies the same.

32.

Answering Paragraph 37, Saxton denies the allegations in heading "V." FamilyCare's allegations interpreting the Settlement Agreement and unspecified "[f]ederal law" are legal conclusions for which no response is required. To the extent a response is required, Saxton denies the allegations. Saxton denies any and all remaining allegations as stated in Paragraph 37.

33.

Answering Paragraph 38, Saxton admits that, on December 30, 2016, OHA and FamilyCare signed an agreement entitled "Dispute Resolution Agreement." Saxton neither admits nor denies the allegations regarding the terms of that agreement, as that document speaks for itself. Saxton denies any and all remaining allegations as stated in Paragraph 38.

34.

Answering Paragraph 39, Saxton admits that on December 30, 2016, FamilyCare signed the 2017 contract amendment. Saxton denies any and all remaining allegations as stated in Paragraph 39.

35.

Answering Paragraph 40, FamilyCare's allegations interpreting "OHA's statutory and contractual requirement[s]" are legal conclusions for which no response is required. To the extent a response is required, Saxton denies the allegations. Saxton denies any and all remaining allegations as stated in Paragraph 40.

/ / /

/ / /

Page 7 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

36.

Answering Paragraph 41, Saxton neither admits nor denies the allegations regarding the terms of the Dispute Resolution Agreement, as that document speaks for itself. Saxton denies any and all remaining allegations as stated in Paragraph 41.

37.

Answering Paragraph 42, Saxton admits a meeting between OHA and FamilyCare representatives occurred on January 17, 2017. Saxton denies any and all remaining allegations as stated in Paragraph 42.

38.

Saxton denies the allegations as stated in Paragraphs 43-57. To the extent that Paragraphs 43- 57 reference documents or specific communications, the contents of those documents and communications speak for themselves.

39.

The temporal scope of the allegations as stated in Paragraph 58 - 78 postdate Saxton's resignation from OHA in August of 2017, and the allegations are directed solely to OHA as opposed to Saxton. Accordingly, a response from Saxton is not required. To the extent that a response is required, Saxton denies the allegations.

40.

Saxton denies the allegations as stated in Paragraphs 79 – 89.

41.

Except as expressly admitted above, Saxton denies each and every remaining allegation as stated in FamilyCare's Fifth Amended Complaint.

/ / /

/ / /

/ / /

/ / /

Page 8 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

42.

FamilyCare fails to allege facts sufficient to constitute a claim against Saxton upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Unclean Hands)

43.

FamilyCare's claim against Saxton is barred, in whole or in part, by the doctrine of unclean hands. FamilyCare engaged in bad faith conduct, including developing communication plans designed to denigrate Saxton and/or OHA; advancing policy agendas which were ultimately calculated to financially benefit itself as opposed to the public; and adopting business practices which were knowingly unsustainable and which prevented it from mitigating any alleged damages sought.

## THIRD AFFIRMATIVE DEFENSE

## (Qualified Immunity)

44.

FamilyCare's claim against Saxton is barred, in whole or in part, by the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

45.

FamilyCare has failed to mitigate the damages which it seeks from Saxton. It failed to undertake all reasonable efforts to decrease its expenses and increase revenue in order to offset

Page 9 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

any difference between its operating budget and the approved capitation rates which it received. FamilyCare's damages, if any, should therefore be reduced or barred in their entirety.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation on Liability)

46.

The damages that FamilyCare seeks from Saxton are barred by a limitation on liability provision contained in the operative CCO Agreement at issue in these proceedings. The operative CCO Agreement contains a provision which states, "neither party shall be liable for incidental or consequential damages arising out of or related to this contract." See 2017 CCO Contract, Ex. D § 11.a., Jindal Decl. in Support of OHA MTD, MSJ, and MTT at Ex. 1. The $125,000,000.00 in damages sought by FamilyCare from Saxton are consequential damages which clearly arise out of or are related to the CCO Agreement. Saxton, as Director of the OHA, is party to that CCO Agreement, and therefore cannot be held liable for consequential damages arising out of or relating to the CCO Agreement.

## SIXTH AFFIRMATIVE DEFENSE

### (Release of Claims)

47.

FamilyCare's claim against Saxton is barred because the 2016 Settlement Agreement included a release of claims.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

48.

FamilyCare's claim against Saxton is barred, in whole or in part, to the extent that any alleged actions or inactions attributed to Saxton, fall outside of the applicable statute of limitations.

/ / /

/ / /

Page 10 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

## (Privilege)

49.

FamilyCare's claim against Saxton is barred, in whole or in part, by either qualified or absolute privilege.

WHEREFORE, Saxton prays for judgment as follows:

1.  For judgment in favor of Saxton on all claims for relief; for Plaintiff FamilyCare to be denied the relief requested in the Fifth Amended Complaint and that the Fifth Amended Complaint be dismissed in its entirety with prejudice;

2.  That Saxton be awarded her reasonable attorney fees, costs, and disbursements incurred in this matter pursuant to 42 U.S.C. § 1988; and

3.  For such further relief as the Court deems just, equitable, and proper.

DATED this 24th day of November 2021.

BARRAN LIEBMAN LLP

By   s/ Edwin A. Harnden
     Edwin A. Harnden, OSB No. 721129
     eharnden@barran.com
     Chris M. Morgan, OSB No. 175384
     cmorgan@barran.com

     Attorneys for Defendant Lynne Saxton

Page 11 – DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES
        TO PLAINTIFF'S FIFTH AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on the 24ᵗʰ day of November 2021, I caused the foregoing

**DEFENDANT LYNNE SAXTON'S ANSWER AND AFFIRMATIVE DEFENSES TO**

**PLAINTIFF'S FIFTH AMENDED COMPLAINT** to be:

☒    electronically filed with the Clerk of the Court using the CM/ECF system which will send
notification of such filing to the following:

| | |
|---|---|
| **Stephen F. English**<br>SEnglish@perkinscoie.com<br>**Thomas R. Johnson**<br>TRJohnson@perkinscoie.com<br>**Heidee Stoller**<br>HStoller@perkinscoie.com<br>**Matthew J. Mertens**<br>MMertens@perkinscoie.com<br>**Sasha A. Petrova**<br>SPetrova@perkinscoie.com<br>Perkins Coie LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br><br>**Matthew Gordon**, *pro hac vice*<br>MGordon@perkinscoie.com<br>**David B. Robbins**<br>DRobbins@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br><br> Counsel for Plaintiff | **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>Counsel for Defendant Oregon Health<br>Authority |

CERTIFICATE OF SERVICE

| | |
|---|---|
| **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>**Jonathan W. Monson**<br>jmonson@cablehuston.com<br>**Nicole M. Swift**<br>nswift@cablehuston.com<br>Cable Huston LLP<br>1001 SW 5th Avenue, Suite 2000<br>Portland, OR ;972904-1136<br><br>Counsel for Defendant Patrick Allen | |

☐    hand delivered to the following non-CM/ECF participants:

☐    faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

*s/Edwin A. Harnden*
Edwin A. Harnden

CERTIFICATE OF SERVICE