**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR  97201
Tele:  (503) 295-3085
Fax:  (503) 323-9105

Special Assistant Attorneys General for Defendant Oregon
Health Authority, an agency of the State of Oregon
[Additional Counsel of Record Listed on Signature Page]

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | Case No. 6:18-cv-00296-MO |
| Plaintiff, | **DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT** |
| v. | |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON, | |
| Defendants. | |

Defendant Oregon Health Authority ("OHA") answers plaintiff's Fifth Amended

Complaint as follows:

**PARTIES**

1.

With respect to paragraph 1, OHA admits that FamilyCare, Inc. ("FamilyCare") was at all

relevant times an Oregon non-profit corporation with a principal place of business in Portland,

Oregon.  OHA admits that FamilyCare contracted with the State of Oregon by and through OHA

to provide services for the Oregon Health Plan.  OHA is without sufficient knowledge or

**Page 1 -   DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO
              PLAINTIFF'S FIFTH AMENDED COMPLAINT**

information to form a belief as to the remaining allegations in paragraph 1, and therefore denies these allegations.

2.

OHA admits that it is an agency of the State of Oregon that is responsible for administering Oregon's Medicaid program, with a principal place of business in Salem, Oregon. OHA denies the remainder of the allegations in paragraph 2.

3.

OHA admits that Lynne Saxton was a former director of the Oregon Health Authority.

4.

OHA denies the allegations in paragraph 4.

## JURISDICTION AND VENUE

5.

FamilyCare's allegations in paragraph 5 are legal conclusions for which no response is required.

## GENERAL ALLEGATIONS

6.

OHA denies the allegations contained in heading "I." With respect to the allegations in paragraph 6, OHA admits that the Centers for Medicare and Medicaid Services ("CMS") works with states with respect to, among other things, the Medicaid program. FamilyCare's remaining allegations are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

7.

FamilyCare's allegations in paragraph 7 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

8.

FamilyCare's allegations in paragraph 8 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

**Page 2 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

9.

With respect to the allegations in paragraph 9, OHA admits that in 2012, CMS approved an amendment and extension of Oregon's Section 1115 Demonstration Project and that CMS extended the waiver for five years from January 12, 2017 through June 30, 2022.  OHA neither admits nor denies the allegations regarding a letter dated January 12, 2017, for the reason that the document speaks for itself.  OHA denies the remaining allegations in paragraph 9.

10.

With respect to paragraph 10, OHA admits that it contracts with CCOs.  OHA denies the remaining allegations in paragraph 10.

11.

FamilyCare's allegations in paragraph 11 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

12.

FamilyCare's allegations in paragraph 12 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

13.

OHA denies the allegations in paragraph 13.

14.

OHA denies the allegations in heading "II."  With respect to paragraph 14, OHA neither admits nor denies the quotes from unidentified documents, for the reason that the documents speak for themselves.  OHA denies the remaining allegations in paragraph 14.

15.

With respect to paragraph 15, OHA neither admits nor denies the quotes from unidentified documents, for the reason that the document has not been identified, and, if it exists, the document speaks for itself.  OHA denies the remaining allegations in paragraph 15.

**Page 3 -   DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO
PLAINTIFF'S FIFTH AMENDED COMPLAINT**

16.

With respect to paragraph 16, OHA neither admits nor denies the allegations regarding quotes from a document, for the reason that the document has not been identified, and, if it exists, the document speaks for itself.  OHA denies the remaining allegations in paragraph 16.

17.

FamilyCare's allegations in the first two sentences of paragraph 17 regarding ORS 414.570 and 414.625 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations in paragraph 17.  OHA denies the remaining allegations in paragraph 17.

18.

OHA denies the allegations in paragraph 18.

19.

OHA denies the allegations in heading "III."  With respect to paragraph 19, OHA admits that FamilyCare and OHA entered into a contract on January 1, 2014.  FamilyCare's remaining allegations interpreting the contract's provisions are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  To the extent the allegations purport to quote the terms of the contract, OHA neither admits nor denies them for the reason the contract speaks for itself.  OHA denies the remaining allegations in paragraph 19.

20.

With respect to paragraph 20, OHA admits that OHA presented a 2015 contract amendment to FamilyCare on December 24, 2014.  OHA admits that OHA contracted with Optumas, an outside actuarial consulting firm, to re-examine and redevelop 2015 capitation rates and to develop the 2016 capitation rates.  OHA denies the remaining allegations in paragraph 20.

21.

With respect to paragraph 21, OHA admits that FamilyCare requested certain rate review tools and trend models.   OHA denies the remaining allegations in paragraph 21.

22.

OHA denies the allegations in paragraph 22.

**Page 4 -    DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO**
**PLAINTIFF'S FIFTH AMENDED COMPLAINT**

23.

With respect to paragraph 23, OHA admits that FamilyCare submitted a Request for Production of Documents as part of its 2015 lawsuit. OHA denies the remaining allegations in paragraph 23.

24.

With respect to paragraph 24, OHA admits that in August 2015 OHA presented the 2015 capitation rates that had been redeveloped by Optumas. OHA neither admits nor denies the allegations regarding quotes from a document, for the reason that the document has not been identified, and, if it exists, the document speaks for itself. OHA denies the remaining allegations in paragraph 24.

25.

OHA denies the allegations in paragraph 25.

26.

OHA admits the allegations in paragraph 26.

27.

With respect to paragraph 27, OHA admits that FamilyCare filed suit against OHA again on March 29, 2016. OHA neither admits nor denies the allegations contained in the complaint, for the reason that the document speaks for itself. OHA denies the remainder of the allegations in paragraph 27.

28.

With respect to paragraph 28, OHA admits that OHA notified FamilyCare in April 2016 of its intent to terminate FamilyCare's contract. OHA also admits that on May 12, 2016, the state court issued an Amended Temporary Restraining Order. FamilyCare's description of the Order is a legal conclusion to which no response is required; the Order speaks for itself. To the extent a response is required, OHA denies FamilyCare's description. OHA denies the remaining allegations in paragraph 28.

**Page 5 -   DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

29.

With respect to paragraph 29, OHA admits that FamilyCare and OHA signed a settlement agreement on May 22, 2016 (the "Settlement Agreement"). OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies that any exhibits are attached to the Fifth Amended Complaint. OHA denies the remaining allegations in paragraph 29.

30.

With respect to paragraph 30, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 30.

31.

With respect to paragraph 31, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 31.

32.

With respect to paragraph 32, OHA neither admits nor denies the allegations regarding the terms of the Settlement Agreement, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 32.

33.

OHA denies the allegations in heading "IV." With respect to paragraph 33, OHA admits OHA released the 2017 capitation rates for Oregon's CCOs in or about October 2016. OHA admits the allegations in the fourth sentence of paragraph 33. OHA neither admits nor denies the allegations regarding the contents of the certification, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 33.

34.

With respect to paragraph 34, OHA denies that OHA stated it would release the contract amendment and the rates concurrently in 2017. OHA admits that the version of the contract

amendment OHA sent FamilyCare did not initially include Exhibit K.  OHA denies the remaining allegations in paragraph 34.

35.

OHA denies the allegations in paragraph 35.

36.

With respect to paragraph 36, OHA neither admits nor denies the allegations regarding the terms of an August 23, 2016 CMS letter, for the reason the document speaks for itself.  OHA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36, and therefore denies these allegations.

37.

OHA denies the allegations in heading "V."  With respect to paragraph 37, FamilyCare's allegations interpreting the parties' Settlement Agreement and "[f]ederal law" are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  OHA denies the remaining allegations in paragraph 37.

38.

With respect to paragraph 38, OHA admits that on December 30, 2016, OHA and FamilyCare signed an agreement entitled the "Dispute Resolution Agreement."  OHA neither admits nor denies the allegations regarding the terms of that agreement for the reason the document speaks for itself.  OHA denies the remaining allegations.

39.

With respect to paragraph 39, OHA admits that on December 30, 2016 FamilyCare signed the contract amendment.  OHA admits that OHA sent an email to FamilyCare on December 31, 2016 that speaks for itself.  OHA denies the remaining allegations in paragraph 39.

40.

With respect to paragraph 40, FamilyCare's allegations regarding the "requirement to provide FamilyCare with a complete contract" in the second sentence of paragraph 40 are legal

**Page 7 -   DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO
          PLAINTIFF'S FIFTH AMENDED COMPLAINT**

conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  OHA denies the remaining allegations in paragraph 40.

41.

With respect to paragraph 41, OHA neither admits nor denies the allegations regarding the terms of the Dispute Resolution Agreement, for the reason the document speaks for itself. FamilyCare's remaining allegations characterizing the Dispute Resolution Agreement are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  OHA denies the remaining allegations in paragraph 41.

42.

With respect to paragraph 42, OHA admits that a meeting between OHA and FamilyCare representatives occurred on January 17, 2017.  OHA denies the remaining allegations in paragraph 42.

43.

OHA denies the allegations in paragraph 43.

44.

OHA denies the allegations in heading "VI."  With respect to paragraph 44, OHA denies the allegations in paragraph 44.

45.

With respect to paragraph 45, OHA neither admits nor denies the allegations regarding the emails, for the reason those documents speak for themselves.  OHA denies the remaining allegations in paragraph 45.

46.

With respect to paragraph 46, OHA admits that representatives of OHA and FamilyCare participated in a meeting on January 17, 2017 at the offices of FamilyCare's counsel.  OHA admits that actuaries and executives from both OHA and FamilyCare attended the meeting. OHA admits OHA appeared with counsel from the Oregon Department of Justice, an actuary from Optumas, and Mark Fairbanks of the OHA.  OHA admits that FamilyCare's counsel made a PowerPoint presentation, and DOJ requested a copy of FamilyCare's slide deck.  OHA admits

**Page 8 -    DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO**
**PLAINTIFF'S FIFTH AMENDED COMPLAINT**

that FamilyCare emailed an electronic copy of the slide deck to counsel for OHA. OHA neither admits nor denies the allegations regarding the contents of the emails, for the reason those documents speak for themselves. OHA admits that OHA officials requested time to consider FamilyCare's counsel's presentation, and that FamilyCare's counsel provided OHA a private room. OHA denies the remaining allegations in paragraph 46.

47.

With respect to paragraph 47, OHA neither admits nor denies the allegations regarding the contents of an email, for the reason that the document speaks for itself. OHA admits that Ms. Darby forwarded the slide deck to Ms. Crowell. OHA denies the remaining allegations in paragraph 47.

48.

With respect to paragraph 48, OHA neither admits nor denies the allegations regarding the contents of the emails, for the reason those documents speak for themselves. OHA denies the remaining allegations in paragraph 48.

49.

With respect to paragraph 49, OHA neither admits nor denies the allegations regarding the contents of the referenced documents, for the reason those documents speak for themselves. OHA denies the remaining allegations in paragraph 49.

50.

OHA denies the allegations in paragraph 50.

51.

With respect to paragraph 51, OHA admits the first sentence. OHA admits that FamilyCare sent OHA a public records request that contained financial data. OHA denies the remaining allegations of paragraph 51.

52.

With respect to paragraph 52, OHA neither admits nor denies the allegations regarding the contents of the referenced email, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 52.

**Page 9 -   DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO**
**PLAINTIFF'S FIFTH AMENDED COMPLAINT**

53.

With respect to paragraph 53, OHA neither admits nor denies the allegations regarding the contents of the January 26, 2017 document, for the reason that the document speaks for itself. OHA denies the remaining allegations in paragraph 53.

54.

With respect to paragraph 54, OHA neither admits nor denies the allegations regarding the contents of the August 7, 2017 letter, for the reason that the document speaks for itself. OHA admits that on August 8, 2017, Governor Brown announced that Ms. Saxton had tendered her resignation, effective August 31, 2017. OHA denies the remaining allegations in paragraph 54.

55.

With respect to paragraph 55, OHA admits that OHA issued a news release on April 11, 2017, that the release is no longer on its website, and that the document speaks for itself. OHA neither admits nor denies the partial quotes from certain unidentified documents for the reason that those documents speak for themselves. OHA denies the remaining allegations in paragraph 55.

56.

With respect to paragraph 56, OHA neither admits nor denies the partial quotes from certain unidentified documents for the reason that those documents speak for themselves. OHA denies the remaining allegations in paragraph 56.

57.

OHA denies the allegations contained in heading "VIII." With respect to paragraph 57, OHA admits that Allen became OHA's interim director on September 1, 2017, and that at the time, the 2018 rate-setting process was underway. OHA denies the remaining allegations in paragraph 57.

58.

With respect to paragraph 58, OHA neither admits nor denies the partial quotes from documents for the reason that those documents speak for themselves. OHA admits that on October 31, 2017, OHA informed the CCOs that Lewis & Ellis would perform an actuarial

**Page 10 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO**
       **PLAINTIFF'S FIFTH AMENDED COMPLAINT**

review and Manatt, Phelps, & Phillips LLP would perform a regulatory review of the 2018 rate-setting process.  OHA denies the remaining allegations in paragraph 58.

59.

With respect to paragraph 59, OHA admits the first sentence.  OHA neither admits nor denies the allegations and partial quote regarding the contents of one or more documents for the reason that those documents speak for themselves.  OHA denies the remainder of the allegations in paragraph 59.

60.

With respect to paragraph 60, OHA neither admits nor denies the partial quote from the Settlement Agreement because the document speaks for itself.  OHA denies the remaining allegations in paragraph 60.

61.

OHA is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 and therefore denies these allegations.

62.

With respect to paragraph 62, OHA admits that on or about December 4, 2017, OHA released reports from Lewis & Ellis and Manatt, Phelps, & Phillips.  OHA neither admits nor denies the allegations and partial quotes regarding the contents of those reports because the documents speak for themselves.  OHA denies the remaining allegations in paragraph 62.

63.

With respect to paragraph 63, OHA neither admits nor denies the allegations, paraphrasing and partial quotes regarding the contents of an "announcement," for the reason the unidentified document or documents speak for themselves.  OHA denies the remaining allegations in paragraph 63.

64.

OHA denies the allegations in paragraph 64.

**Page 11 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

65.

With respect to paragraph 65, OHA neither admits nor denies the partial quotes regarding the contents of a November 29, 2017 Oregon Secretary of State audit report, for the reason the document speaks for itself.  OHA denies the remaining allegations in paragraph 65.

66.

OHA denies the allegations in paragraph 66.

67.

With respect to paragraph 67, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's intentions and beliefs, and therefore denies those allegations.  OHA denies the remaining allegations in paragraph 67.

68.

FamilyCare's allegations in paragraph 68 regarding ORS 414.652 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.  OHA denies the remaining allegations in paragraph 68.

69.

OHA denies the allegations in paragraph 69.

70.

With respect to paragraph 70, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's motivations, and therefore denies these allegations.  OHA denies the remaining allegations in paragraph 70.

71.

With respect to paragraph 71, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's motivations, and therefore denies these allegations.  OHA admits that on December 22, 2017, FamilyCare signed a one-month rate amendment for January 2018.  OHA admits that on December 22, 2017 FamilyCare and OHA entered into a personal services contract.  OHA denies the remaining allegations in paragraph 71.

**Page 12 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

72.

With respect to paragraph 72, OHA admits that OHA sent FamilyCare an email on December 29, 2017. OHA neither admits nor denies the partial quotes regarding the contents of that email because it speaks for itself. OHA denies the remaining allegations in paragraph 72.

73.

With respect to paragraph 73, OHA is without sufficient knowledge or information to form a belief as to the allegations regarding FamilyCare's shutdown of its Medicaid business or its layoff of employees, and therefore denies those allegations. OHA denies the remaining allegations in paragraph 73.

74.

With respect to paragraph 74, OHA is without sufficient knowledge or information to form a belief as to the allegations therein and therefore denies the allegations in paragraph 74.

75.

With respect to paragraph 75, OHA admits that on January 23, 2018, in advance of a meeting later that week, OHA sent all CCOs various documents including a PowerPoint presentation entitled "CY18 Rate Update." OHA neither admits nor denies the partial quotes regarding the contents of the Rate Update because the document speaks for itself. OHA denies the remaining allegations in paragraph 75.

76.

OHA denies the allegations in paragraph 76.

77.

With respect to paragraph 77, OHA is without sufficient knowledge or information to form a belief as to the decisions FamilyCare "would have" made and therefore denies those allegations. OHA denies the remaining allegations in paragraph 77.

78.

OHA denies the allegations in paragraph 78.

**Page 13 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

## FIRST CLAIM FOR RELIEF

### (Defendant Lynne Saxton)

### (Deprivation of Civil Rights)

79.

With respect to paragraph 79, OHA adopts and incorporates its responses to the foregoing allegations as though set forth here in full.

80.

FamilyCare's allegations in paragraph 80 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

81.

OHA denies the allegations paragraph 81.

82.

OHA denies the allegations paragraph 82.

83.

OHA denies the allegations paragraph 83.

84.

FamilyCare's allegations in paragraph 84 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

85.

FamilyCare's allegations in paragraph 85 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

86.

OHA denies paragraph 86.

87.

OHA denies paragraph 87.

88.

OHA denies paragraph 88.

89.

With respect to paragraph 89, OHA denies that plaintiff is entitled to any relief in this action.

## SECOND CLAIM FOR RELIEF

## (Breach of Settlement Agreement)

90.

With respect to paragraph 90, OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

91.

FamilyCare's allegations in paragraph 91 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

92.

With respect to paragraph 92, OHA admits that OHA and FamilyCare entered into the Settlement Agreement.  OHA denies the remaining allegations in paragraph 92.

93.

With respect to paragraph 93, OHA admits that FamilyCare has represented that it began reimbursing certain primary care providers at a $65 per unit conversion factor at some point in time.  OHA admits that FamilyCare told OHA about the increase in reimbursements to primary care providers.  OHA is without sufficient knowledge or information to form a belief as to FamilyCare's motivations in increasing its primary care provider reimbursements and therefore denies these allegations.  OHA denies the remaining allegations in paragraph 93.

94.

With respect to paragraph 94, OHA neither admits nor denies the partial quotes regarding uncited, unattributed statements allegedly made by OHA for lack of information and for the reason that the statements would speak for themselves.  OHA denies the remaining allegations in paragraph 94.

95.

OHA denies the allegations in paragraph 95.

**Page 15 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

96.

OHA denies the allegations in paragraph 96.

97.

With respect to paragraph 97, OHA admits that the Settlement Agreement states "Other than application of the terms of the Section 1115 Demonstration Project to aggregate state expenditures, OHA shall not use rates paid to FamilyCare under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years."  OHA denies the remaining allegations in paragraph 97.

98.

OHA denies the allegations in paragraph 98.

99.

FamilyCare's allegations in paragraph 99 are legal conclusions for which no response is required.  To the extent a response is required, OHA denies the allegations.

100.

OHA denies the allegations in paragraph 100.

101.

OHA denies the allegations in paragraph 101.

102.

OHA denies the allegations in paragraph 102.

103.

OHA denies the allegations in paragraph 103.

104.

With respect to paragraph 104, OHA denies that plaintiff is entitled to any relief in this action.

**THIRD CLAIM FOR RELIEF**

105.

OHA adopts and incorporates their responses to the foregoing allegations as though set forth here in full.

**Page 16 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

106.

FamilyCare's allegations in paragraph 106 are legal conclusions for which no response is required. To the extent a response is required, OHA denies the allegations.

107.

OHA denies the allegations in paragraph 107.

108.

OHA denies the allegations in paragraph 108.

109.

OHA denies the allegations in paragraph 109.

110.

With respect to paragraph 110, OHA denies that plaintiff is entitled to any relief in this action.

111.

With respect to FamilyCare's Prayer for Relief, OHA denies that plaintiff is entitled to any relief in this action.

**GENERAL DENIAL**

112.

OHA hereby denies every allegation in the Fifth Amended Complaint that is not specifically admitted above.

**AFFIRMATIVE DEFENSES**

OHA alleges the following affirmative defenses without assuming the burden of any matter that would otherwise rest with FamilyCare, and reserves the right to revise, amend, and supplement these affirmative defenses as discovery continues or the facts warrant. Further, OHA will not provide affirmative defenses to claims for relief that have been dismissed or abandoned.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

113.

FamilyCare has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

114.

FamilyCare is estopped from seeking the relief sought in its Fifth Amended Complaint because it engaged in acts or omissions inconsistent with the claims it now asserts.  In particular, FamilyCare is estopped because FamilyCare and OHA agreed in the Settlement Agreement that:

    i.    OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval;

    ii.    OHA must establish to the satisfaction of CMS that the rates are actuarially sound;

    iii.    OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year;

    iv.    CMS approves CCO contracts and the rates contained therein that CMS finds to be actuarially sound and developed in accordance with Actuarially Sound Principles, based on the information provided to it by OHA and its actuaries; and OHA justifiably relied on those statements.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

115.

FamilyCare failed to properly mitigate its economic damages because it failed to undertake all reasonable efforts to decrease expenses and increase revenue to offset the difference between its capitation rates and its budget.

**Page 18 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Consent)

116.

FamilyCare's actions and course of conduct constitute a waiver of claims and consent to the conduct complained of.

## FIFTH AFFIRMATIVE DEFENSE

### (Release)

117.

FamilyCare's claims are barred in whole or in part because the Settlement Agreement included a release of claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

118.

FamilyCare's claims are barred in whole or in part by the doctrine of unclean hands because FamilyCare engaged in bad faith conduct, including implementing its own communication plans designed to denigrate OHA.

## SEVENTH AFFIRMATIVE DEFENSE

### (Mootness)

119.

FamilyCare's claims are moot because CMS approved FamilyCare's 2017 and 2018 rates and determined that those rates are actuarially sound.

## EIGHTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

120.

FamilyCare's claims are barred in whole or in part because they are based upon the performance or failure to perform a discretionary function or duty, and thus defendants are immune from liability.

## NINTH AFFIRMATIVE DEFENSE

### (Damage Limitation)

121.

Under ORS 30.273, FamilyCare's damages for its non-contract claims are limited to $115,800.

122.

FamilyCare's alleged damages for breach of the Settlement Agreement are limited to the Settlement Credit.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

123.

FamilyCare's claims are barred in whole or in part because this Court lacks subject matter jurisdiction to decide whether FamilyCare's rates are actuarially sound.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

124.

FamilyCare's claims are barred in whole or in part because FamilyCare failed to exhaust its administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

125.

FamilyCare's claims are barred in whole or in part by the doctrine of sovereign immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Nonprofit Status)

126.

Plaintiff's damages are not cognizable in whole or in part because of its status as a tax-exempt, charitable, public benefit nonprofit CCO governed by state and federal statutes regarding CCOs, tax-exempt, charitable, public benefit nonprofit organizations and Medicaid.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

127.

OHA's liabilities on all claims are limited to the extent of the limitation of liability provisions set forth in Exhibit D, § 11 of the parties' Health Plan Services Contract, signed on December 6, 2013, and its amendments.

## PRAYER FOR RELIEF

Wherefore, OHA prays that plaintiff take nothing.

DATED this 24th day of November, 2021.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON


By:    *s/ Harry B. Wilson*

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

1196627

**Page 21 - DEFENDANT OREGON HEALTH AUTHORITY'S ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**