IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**FAMILYCARE INC.**,

        Plaintiff,

   v.

**OREGON HEALTH AUTHORITY** et al.,

        Defendants.

No. 6:18-cv-00296-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This matter comes before me on Defendant Oregon Health Authority's Motion for Partial Summary Judgment [ECF 432]. For the reasons stated below, the Motion is DENIED.

## BACKGROUND

    The parties are intimately familiar with the facts of this case. The background provided here frames only the issues raised in Oregon Health Authority's ("OHA") Motion for Partial Summary Judgment.

    OHA asks the Court to grant its Motion for Partial Summary Judgment on its limitation of liability affirmative defense and correspondingly dismiss plaintiff FamilyCare's damages theory in its third claim for relief in the Fifth Amended Complaint—the claim for breach of the implied covenant of good faith and fair dealing on the coordinated care organization ("CCO") contract against OHA. Def.'s Mot. for Summ. J. [ECF 432] at 19. OHA contends that the limitation of liability provisions contained in the CCO contract limit OHA's liabilities on all

1 – OPINION AND ORDER

claims, and specifically limits its liability on consequential damages. *Id*. at 20–21. OHA further argues that because FamilyCare is now seeking nearly three times more in damages in the Fifth Amended Complaint than it did in the Fourth Amended Complaint, it is really seeking a new category of damages—consequential damages. *Id*. at 7–8, 20.

Additionally, OHA contends that FamilyCare, in paragraph 109 of the Fifth Amended Complaint, alleges for the first time that "OHA's supposed breaches of the duty of good faith forced [FamilyCare] to shut down." Def.'s Mot. for Summ. J. [ECF 432] at 19. Paragraph 109 of the Fifth Amended Complaint falls under the third claim for relief. At oral argument, OHA stated that "the Court has never had the opportunity to decide whether the affirmative defense of limitation of liability applies to the good faith claim." Tr. [ECF 480] 57:6–9.

OHA's argument, that the language in paragraph 109 is a new theory of damages and that OHA has never had the chance to contest whether the affirmative defense of limitation of liability applies to the good faith claim, necessitates a discussion of (1) the appearances the text of paragraph 109 of the Fifth Amended Complaint has made in prior amended complaints and (2) related motions OHA filed over the lifetime of this case where OHA had the opportunity to raise the limitation of liability affirmative defense and chose not to do so.

I. **The Third Amended Complaint and OHA's Motion to Dismiss**

The language contained in paragraph 109 in the Fifth Amended Complaint appeared nearly verbatim in paragraph 106 of the Third Amended Complaint.[1] Notice of Removal [ECF 1] Ex. 1 at 539–40. Paragraph 106 fell under what was at that time the second claim for relief— breach of settlement agreement specific performance against OHA. *Id*. at 535–540. Also relevant

---

[1] The Court begins its analysis with FamilyCare's Third Amended Complaint because this was the operative amended complaint when the case was removed to federal district court on February 15, 2018. Notice of Removal [ECF 1] Ex. 1 at 501–55.

2 – OPINION AND ORDER

to OHA's argument is the tenth claim for relief in the Third Amended Complaint—the breach of the implied covenant of good faith and fair dealing claim on the underlying CCO contract.[2] *Id*. at 547.

One month after the case had been removed to federal district court, OHA moved against both claims two and ten of the Third Amended Complaint on the grounds that FamilyCare was not entitled to actuarily sound rates.[3] Defs.' Mot. to Dismiss Case No. 18-296 [ECF 21]; Defs.' Mot. to Dismiss Case No. 18-212 [ECF 24]. OHA did not raise a limitation of liability affirmative defense at that time. On June 1, 2018, in an Opinion and Order, I granted OHA's Motion to Dismiss in part and dismissed claim two with prejudice to the extent it was based on OHA's failure to provide actuarially sound rates. Op. & Order [ECF 105]. I also granted OHA's motion to dismiss claim ten with prejudice. *Id*. I later denied FamilyCare's Motion for Reconsideration on my ruling dismissing claim ten. Mins. of Proceeding [ECF 183].

## II.    The Fourth Amended Complaint and OHA's Motion for Summary Judgment

A few weeks later, FamilyCare filed its Fourth Amended Complaint. [ECF 111]. Perplexingly, even though the Court had dismissed claims two and ten from the third amended complaint with prejudice, FamilyCare included both claims, again nearly verbatim, in the Fourth Amended Complaint. Fourth Am. Compl. [ECF 111] ¶¶ 94–110, 149–154. The language that OHA claims is "new" in the Fifth Amended Complaint was previously included in paragraph 109 of the Fourth Amended Complaint under the second claim for relief—breach of settlement agreement specific performance. Fourth Am. Compl. [ECF 111] ¶ 109.

---

[2] Today, this is the third claim in the Fifth Amended Complaint. [ECF 429] ¶¶ 105–110.
[3] At this point in the life of this litigation, there were two cases filed in federal district court—Case No. 18-296 (the trailing case at the time) and Case No. 18-212 (the leading case at the time). OHA filed the Motions to Dismiss in the dockets of both cases.

3 – OPINION AND ORDER

On July 20, 2018, OHA moved for summary judgment on the second claim for relief of the Fourth Amended Complaint. Defs.' Mot. for Summ. J. [ECF 149] at 25. OHA did not move against claim ten and OHA did not raise the affirmative defense of the limitation of liability at any point in its motion. I denied summary judgment on claim two of the Fourth Amended Complaint. Tr. [ECF 259] at 62:13–14.

Additionally, in the Motion for Summary Judgment, OHA moved for summary judgment on all of FamilyCare's damages claims. Defs.' Mot. for Summ. J. [ECF 149] at 35–37 ("Finally, OHA is entitled to summary judgment on each of FamilyCare's damages claims…."). OHA chose not to raise the limitation of liability affirmative defense. I denied summary judgment on all damages. Tr. [ECF 259] at 69:14–70:5.

### III.    FamilyCare's Appeal to the Ninth Circuit

FamilyCare appealed this Court's dismissal of claim ten from the Third Amended Complaint to the Ninth Circuit. Notice of Appeal [ECF 351] at 1. The case was stayed during the pendency of the appeal. Order [ECF 342]. The Ninth Circuit vacated the dismissal of FamilyCare's claim ten from the Third Amended Complaint and remanded. Mem. Disposition [ECF 364] at 7; *Allen v. FamilyCare, Inc.*, 812 F.App'x 413, 417 (9th Cir. 2020), *as amended* (May 7, 2020).

### IV.    The Fifth Amended Complaint and OHA's Current Motion for Partial Summary Judgment

On April 5, 2021, the Court held a telephone status conference ("TSC") to determine how the case would proceed after the parties' appeals to the Ninth Circuit. At the TSC, the Court stated that, in order to be procedurally proper, any new dispositive motions "would require a showing that something came up either in reopened or supplemental discovery that would justify a dispositive motion that hasn't been filed yet." Tr. [ECF 430] at 19:11–13.

A few weeks later, on April 27, 2021, FamilyCare filed its Fifth Amended Complaint. Defendants stipulated to the filing of the complaint but reserved the right to challenge the allegations and claims. Stipulation Regarding FamilyCare's Fifth Amended Complaint [ECF 427]. FamilyCare re-pled claim ten from the Third and Fourth Amended Complaints as claim three in the Fifth Amended Complaint. Fifth Am. Compl. [ECF 429] at ¶¶ 105–110. In the Fifth Amended Complaint, FamilyCare makes three claims against the defendants: (1) a 42 U.S.C. § 1983 retaliation claim against Ms. Lynne Saxton, (2) a breach of settlement agreement claim against OHA, and (3) a breach of the implied covenant of good faith and fair dealing claim for breach of the CCO contract against OHA.

In response to the amended complaint, the Defendants each filed a Motion to Dismiss on May 18, 2021. I ruled on both OHA's and Ms. Saxton's Motions on November 10, 2021, and denied Ms. Saxton's Motion to Dismiss and denied in part OHA's Motion. Opinion and Order [ECF 495]. I found that the CCO contract is unambiguously one five-year contract and that the implied covenant of good faith and fair dealing applies to the annual rate amendments under the CCO contract because the annual rate amendments are contract performance. Op. & Order [ECF 495] at 5–8. This Opinion and Order addresses the last outstanding issue from OHA's motion—the Motion for Partial Summary Judgment.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate,

5 – OPINION AND ORDER

through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

The only question that needs answering is the following: Did OHA have the motive and opportunity to present the limitation of liability affirmative defense on any early occasion throughout the course of this litigation on the damages theory now contained in paragraph 109 of the Fifth Amended Complaint? The answer is yes. As the facts above lay out, even though claim ten had been dismissed from the Third Amended Complaint, the damages theory that OHA objects to in paragraph 109 of the Fifth Amended Complaint was in the Fourth Amended Complaint also as paragraph 109 under a different claim for relief. When OHA moved for summary judgment on each of FamilyCare's damages claims it moved against the damages theory contained in what is now paragraph 109 of the Fifth Amended Complaint. OHA had both the motive and opportunity to raise its limitation of liability affirmative defense but made a decision not to. While it is true that "the Court has never had the opportunity to decide whether the affirmative defense of limitation of liability applies to the good faith claim," this is only because OHA did not raise the issue earlier, when it could have.

Because OHA already had an opportunity to raise its limitation of liability affirmative defense and chose not to, it cannot do so now in contravention of this Court's orders from the

6 – OPINION AND ORDER

April 5, 2021 TSC. OHA has not made a "showing that something came up either in reopened or supplemental discovery that would justify a dispositive motion that hasn't been filed yet." Tr. [ECF 430] at 19:11–13. OHA argues that the increased amount of damages are evidence something new is afoot. However, plaintiffs generally are allowed to determine the amount of damages sought in their pleadings. Fed. R. Civ. Pro. 8(a)(3). Nor was the amount of damages previously sought so trivial that there was no reason to move against it. Therefore, I DENY OHA's Motion for Partial Summary Judgment [ECF 432].

## CONCLUSION

For the reasons stated above, I DENY Defendant Oregon Health Authority's Motion for Partial Summary Judgment [ECF 432].

IT IS SO ORDERED.

DATED this __14th__ day of December, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER