**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Heidee Stoller,** OSB No. 072835
HStoller@perkinscoie.com
**Matthew J. Mertens**, OSB No. 146288
MMertens@perkinscoie.com
**Sasha Petrova,** OSB No. 154008
SPetrova@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew Gordon**, *pro hac vice*
MGordon@perkinscoie.com
**David B. Robbins**, OSB No. 070630
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>          Plaintiff,<br>   v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,<br>          Defendants. | No. 6:18−cv−00296−MO<br><br>**FAMILYCARE'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT SAXTON'S FIFTH AFFIRMATIVE DEFENSE**<br><br>Pursuant to Fed. R. Civ. P. 56(a) |

FAMILYCARE'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANT SAXTON'S FIFTH
AFFIRMATIVE DEFENSE
154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 1 of 12

## TABLE OF CONTENTS

**Page**

LOCAL RULE 7-1 CERTIFICATION ......................................................................... 1

MOTION........................................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

    I.      INTRODUCTION ..................................................................... 1

    II.     BACKGROUND ........................................................................ 2

    III.    LEGAL STANDARD................................................................. 3

    IV.   ARGUMENT .............................................................................. 4

          A.     The limitation of liability provision only applies to parties, and Saxton is not a party to the CCO contract between FamilyCare and OHA. .......................................................................... 4

          B.     Saxton is not a third-party beneficiary of the CCO contract between FamilyCare and OHA. ................................................... 6

    V.      CONCLUSION.......................................................................... 8

i-   TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

154900276.3

Exhibit 1
Page 2 of 12

# TABLE OF AUTHORITIES

**Page**

CASES

*Allen v. FamilyCare, Inc.*,
812 F. App'x 413 (9th Cir. 2020), *as amended* (May 7, 2020) ................................................4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)................................................................................................................4

*Farina v. Mt. Bachelor, Inc.*,
66 F.3d 233 (9th Cir. 1995) ...................................................................................................8

*Hirsovescu v. Shangri-La Corp.*,
113 Or. App. 145 (1992)........................................................................................................6

*Lewis v. Clarke*,
137 S. Ct. 1285 (2017)...........................................................................................................8

*Manley v. City of Coburg*,
282 Or. App. 834, 387 P.3d 419 (2016)..............................................................................4, 5

*Stonecrest Props., LLC v. City of Eugene*,
280 Or. App. 550, 382 P.3d 539 (2016)................................................................................7

*Williams v. RJ Reynolds Tobacco Co.*,
351 Or. 368, 271 P.3d 103 (2011) ........................................................................................4

STATUTES

42 U.S.C. § 1983...................................................................................................................1, 8

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 3 of 12

## LOCAL RULE 7-1 CERTIFICATION

Counsel for FamilyCare, Inc. ("FamilyCare") conferred by telephone with counsel for Defendant Lynne Saxton in a good faith effort to resolve the dispute raised by this motion but was unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 56(a), FamilyCare moves for summary judgment dismissal of Defendant Lynne Saxton's fifth affirmative defense (contractual limitation of liability against consequential damages).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

FamilyCare sued Defendant Lynne Saxton ("Saxton") for violating 42 U.S.C. § 1983 by retaliating against FamilyCare for exercising its First Amendment Rights.  FamilyCare alleges that Saxton engaged in punitive capitation rate-setting and implemented a public relations campaign to disparage FamilyCare, ultimately forcing FamilyCare out of business.

In the fifth affirmative defense of the answer filed on November 24, 2021, Saxton claims that she is not liable to FamilyCare under the limitation of liability clause in FamilyCare's Coordinated Care Organization ("CCO") contract with the Oregon Health Authority ("OHA") because she is a party to that contract.  ECF 500 (Defendant Lynne Saxton's Answer and Affirmative Defenses to Plaintiff's Fifth Amended Complaint) at ¶ 46.

FamilyCare is entitled to summary judgment because this defense fails as a matter of law. Saxton is neither a party to, nor a third-party beneficiary of, the contract between FamilyCare and OHA and therefore cannot seek to invoke its provisions to shield her from any liability or damages.  The contract expressly identifies OHA and FamilyCare as the only parties, excludes

1-  FAMILYCARE'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT SAXTON'S FIFTH AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 4 of 12

any but those named parties (OHA and FamilyCare) as beneficiaries of its terms, and specifically disclaims any intent to confer third-party beneficiary status unless expressly provided.

## II.    BACKGROUND

FamilyCare named Saxton as a defendant in her personal capacity in the Fourth Amended Complaint, filed on June 21, 2018.  *See* ECF 111.  FamilyCare alleged that Saxton, under color of law, retaliated against it for criticizing Saxton and OHA by implementing: (1) punitive rate-setting to lower FamilyCare's rates so much that FamilyCare was ultimately forced out of business, and (2) a campaign to disparage FamilyCare in the media and the public eye to undermine FamilyCare and its bid for governmental reform and transparency.  *See generally* ECF 111 ¶¶ 4, 45-58, 84.

Saxton answered the Fourth Amended Complaint on August 20, 2018.  ECF 201 ("Answer and Affirmative Defenses on Behalf of Defendant Lynne Saxton").  Saxton offered no affirmative defenses based on the CCO contract between FamilyCare and OHA.  *See id.* ¶¶ 5-16.

After the case was remanded from the Ninth Circuit, FamilyCare filed its Fifth Amended Complaint to conform the pleading to the Ninth Circuit decision and to reflect other case developments.  ECF 429.  FamilyCare added no new allegations related to Saxton and did not otherwise change the claim against her in a material way.  *Compare* ECF 111 *with* ECF 429.[1] Nonetheless, Saxton's Answer to the Fifth Amended Complaint included a new affirmative defense based on the limitation of liability provision in the CCO contract between FamilyCare

---

[1]  This Court recognized the consistency in FamilyCare's claim when denying Saxton's motion to dismiss.  *See* ECF 495 at 4 (Opinion and Order) (observing that "FamilyCare does not present a new theory of damages against Ms. Saxton").

2-    FAMILYCARE'S MOTION FOR SUMMARY
       JUDGMENT ON DEFENDANT SAXTON'S FIFTH
       AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 5 of 12

and OHA.[2]  Specifically, Saxton alleges that she is a "party to" that contract and therefore cannot be held liable for damages as a result of her conduct:

**(Limitation on Liability)**

46.

The damages that FamilyCare seeks from Saxton are barred by a limitation on liability provision contained in the operative CCO Agreement at issue in these proceedings. The operative CCO Agreement contains a provision which states, "neither party shall be liable for incidental or consequential damages arising out of or related to this contract." See 2017 CCO Contract, Ex. D § 11.a., Jindal Decl. in Support of OHA MTD, MSJ, and MTT at Ex. 1. The $125,000,000.00 in damages sought by FamilyCare from Saxton are consequential damages which clearly arise out of or are related to the CCO Agreement. *Saxton, as Director of the OHA, is party to that CCO Agreement, and therefore cannot be held liable for consequential damages arising out of or relating to the CCO Agreement.*

ECF 500 at ¶ 46 (emphasis added).

As set out below, summary judgment on Saxton's fifth affirmative defense is appropriate because there is no legal basis to permit Saxton to avail herself of protections accorded the parties to that contract.

## III.    LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[2] Saxton briefly raised this argument in her motion to dismiss.  *See* ECF 431 at 22 ("[B]ecause Saxton is ultimately a party to the CCO Agreements and is entitled to protection under the applicable limitations on liability contained therein, Saxton joins in OHA's motion to dismiss / motion for summary judgment.").  This Court denied Saxton's motion to dismiss as untimely and thus declined to rule on the issue.  *See* ECF 495 at 5 ("[T]he Court does not now rule on whether the limitation of liability provision from the CCO contract between OHA and FamilyCare applies to Ms. Saxton.").

3-    FAMILYCARE'S MOTION FOR SUMMARY
      JUDGMENT ON DEFENDANT SAXTON'S FIFTH
      AFFIRMATIVE DEFENSE
154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 6 of 12

56(a).  The initial burden is on the moving party to confirm the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  *Id.*

## IV.    ARGUMENT

Saxton's fifth affirmative defense is contrary to the express terms of the contract, which unambiguously provide that Saxton is neither a party to, nor an intended beneficiary of, that contract and cannot rely on it to limit her liability.

### A.        The limitation of liability provision only applies to parties, and Saxton is not a party to the CCO contract between FamilyCare and OHA.

Saxton's affirmative defense fails because the plain terms of the contract make clear that she is not a party to the contract and cannot invoke the limitation on liability defense.

Under Oregon law, courts interpret contracts by examining the text of the disputed provision in the context of the contract as a whole to determine whether the disputed provision is ambiguous.[3]  *Manley v. City of Coburg*, 282 Or. App. 834, 839, 387 P.3d 419, 422 (2016) (citing *Yogman v. Parrott*, 325 Or. 358, 361, 937 P.2d 1019 (1997)).  Whether a provision is ambiguous is a question of law.  *Williams v. RJ Reynolds Tobacco Co.*, 351 Or. 368, 379, 271 P.3d 103 (2011).  "A contract term is ambiguous if, after considering the contract as a whole, as well as the circumstances under which it was formed, it is susceptible to more than one sensible and reasonable interpretation; it is unambiguous if its meaning is so clear as to preclude doubt by a

---

[3] Oregon law controls to the interpretation of the contract between FamilyCare and OHA. *Allen v. FamilyCare, Inc.*, 812 F. App'x 413, 417 (9th Cir. 2020), *as amended* (May 7, 2020); *see also* ECF 433-13 at 144 (2017 Amendment, Ex. D, § 1 ("This Contract shall be governed by and construed in accordance with the laws of the State of Oregon[.]").

4-    FAMILYCARE'S MOTION FOR SUMMARY
      JUDGMENT ON DEFENDANT SAXTON'S FIFTH
      AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 7 of 12

reasonable person." *Manley*, 282 Or. App. at 839 (citation and quotation marks omitted). In the absence of any ambiguity, the analysis ends and the court construes the words of a contract as a matter of law. *Id.* (citing *Yogman*, 325 Or. at 361, 937 P.2d 1019).

Here, the contract makes clear that the limitation of liability clause applies to only the parties and that the only parties to the contract are OHA and FamilyCare—not Saxton. First, the text of the limitation of liability clause unambiguously limits its protections to the two parties to the contract:

> **Limitation of Liabilities**[:] *NEITHER PARTY* SHALL BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR RELATED TO THIS CONTRACT.

ECF 433-13 at 144 (2017 Amendment, Ex. D, § 11.a.) (boldface and small caps in original; emphasis added).[4] Second, the contract states that it is between the "Parties" ("This Health Plan Services Contract, Coordinated Care Organization Contract # 143114-11 ('Contract') is between . . . the 'Parties[.]'"), and expressly identifies those "Parties" as FamilyCare (the "Contractor") and "the State of Oregon, acting by and through its Oregon Health Authority, hereinafter referred to as 'OHA.'" ECF 433-13 at 7. Third, the contract emphasizes that "OHA and Contractor [FamilyCare] are the *only* parties to this Contract and are the *only* parties entitled to enforce its terms." ECF 433-13 at 147 (Ex. D, § 19) (emphases added)).

These provisions are "so clear as to preclude doubt by a reasonable person": Saxton is not a party, she is not entitled to any benefit of the contract, and the limitation on liabilities provision does not apply to her. *See Manley*, 282 Or. App. at 839.

Moreover, the plain language is reinforced by other terms. The contract consistently distinguishes between OHA and its "employees" and/or "agents," demonstrating that the latter

---

[4]    The same language appears in the underlying contract between FamilyCare and OHA. *See* ECF 433-2 at 247 (2014 Contract, Ex. D § 11.a.). Because Saxton's affirmative defense relies specifically on the 2017 contract amendment, the references throughout this brief are to that agreement unless otherwise noted.

5-    FAMILYCARE'S MOTION FOR SUMMARY
      JUDGMENT ON DEFENDANT SAXTON'S FIFTH
      AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 8 of 12

are not subsumed within "OHA" and thus are not parties to the contract. *See, e.g.* ECF 433-13 at 138-39 ( Ex. D, § 9) (indemnification provision requiring FamilyCare to "DEFEND, SAVE, HOLD HARMLESS AND INDEMNIFY THE STATE OF OREGON AND OHA *AND THEIR OFFICERS, EMPLOYEES, AND AGENTS*" against claims arising out of FamilyCare's activities under the contract) (boldface omitted; small caps in original; emphasis added); ECF 433-13 at 166 (Ex. F, § 5) (provision requiring insurance to include "the State of Oregon, *its officers, employees and agents* as 'Additional Insureds'") (emphasis added).  If the contract intended that "OHA" include OHA's employees and agents, differentiating between "OHA" and OHA's "employees," "officers," and "agents" would be surplusage.  These same provisions also show that the few benefits accorded to OHA employees under the contract are set out expressly.  The absence of any reference to "employees," "officers," or "agents" in the limitation of liability provision shows that the parties could have, but chose not to, extend that benefit to non-parties.[5]

In sum, the plain text of the contract unambiguously shows that the limitation of liability clause applies only to parties, and that Saxton is not a party to the contract.

### B.    Saxton is not a third-party beneficiary of the CCO contract between FamilyCare and OHA.

To the extent Saxton claims she is entitled to rely on the limitation of liability clause as a third-party beneficiary, Saxton's argument is foreclosed by the express terms of the contract, disclaiming any intent to confer such a benefit onto non-parties.

---

[5]    Oregon law is clear that an agent's role in relation to a contracting party does not convert the agent into a party or contract beneficiary. *See Hirsovescu v. Shangri-La Corp.*, 113 Or. App. 145, 147 (1992) (plaintiff could not sue defendant's agents for breach of contract because the agents were not parties to the contract (citing Restatement (Second) of Agency § 320)).

6-    FAMILYCARE'S MOTION FOR SUMMARY
JUDGMENT ON DEFENDANT SAXTON'S FIFTH
AFFIRMATIVE DEFENSE
154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 9 of 12

Oregon law looks to the intent of contracting parties to determine whether a nonparty qualifies as a third-party beneficiary with enforcement rights. *Stonecrest Props., LLC v. City of Eugene*, 280 Or. App. 550, 557, 382 P.3d 539, 543 (2016).

Here, the text and context of the contract are again abundantly clear. As noted, the contract *expressly disclaims* any intention to confer any benefit upon a third party absent specific contract language identifying an intended beneficiary by name and specifically describing him or her as an intended beneficiary:

> **19. No Third Party Beneficiaries**[:] *OHA and Contractor are the only parties to this Contract and are the only parties entitled to enforce its terms.* The parties agree that Contractor's performance under this Contract is solely for the benefit of OHA to accomplish its statutory mission. *Nothing in this Contract gives, is intended to give, or shall be construed to give or provide any benefit or right*, whether directly, indirectly or otherwise, *to third persons* any greater than the rights and benefits enjoyed by the general public *unless such third persons are individually identified by name herein and expressly described as intended beneficiaries of the terms of this Contract*.

ECF 433-13 at 147 (Ex. D, § 19) (boldface in original; emphases added).

Far from identifying Saxton as a beneficiary, the contract states there are no beneficiaries other than OHA and FamilyCare and makes no reference to Saxton by name—in the limitation of liability provision or elsewhere.[6] The fact that Saxton is not named as a beneficiary, in conjunction with the express disclaimer of intent to confer third-party beneficiary rights, "is decisive" and forecloses Saxton's affirmative defense as a matter of Oregon law. *See Stonecrest Props.*, 280 Or. App. 550, 382 P.3d 539 (affirming summary judgment against alleged third-

---

[6]    Saxton did not even *sign* the contract on behalf of OHA. *See* ECF 433-13 at 13 (VIII. Signatures) (signed by Varsha Chauhan for Rhonda Busek).

7-    FAMILYCARE'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT SAXTON'S FIFTH AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 10 of 12

party beneficiary because "[t]he failure to [name the third-party beneficiary], in conjunction with . . . [an] express disclaimer of any intent to create third-party rights, is decisive").[7]

## V.    CONCLUSION

For the foregoing reasons, this Court should grant summary judgment to FamilyCare and dismiss Saxton's fifth affirmative defense as a matter of law.

---

[7] Apart from having no contractual right to enforce the limitation of liability provision, Saxton has no legal right to assert OHA's defenses to shield herself from FamilyCare's § 1983 claim. Saxton was sued in her personal capacity, and there is no legal principle that would extend OHA's defenses to Saxton for claims against her personally. *See generally Lewis v. Clarke*, 137 S. Ct. 1285, 1291–92 (2017) (officer sued in her personal capacity cannot invoke defense of sovereign immunity, unlike an officer sued in her official capacity).

Moreover, even if Saxton could invoke the limitation of liability clause, the clause is unenforceable because it would violate public policy by exculpating Saxton for a willful tort. *See Farina v. Mt. Bachelor, Inc.*, 66 F.3d 233, 235–36 (9th Cir. 1995); *see also generally* ECF 452 at 38–41 (FamilyCare's Opposition to Oregon Health Authority's Motion to Dismiss, Motion for Summary Judgment, and Motion to Strike). Both Medicaid policy and civil rights policy would be severely compromised by applying a boilerplate contract provision to absolve a state official from damages for willfully violating a Coordinated Care Organization's First Amendment rights and driving it out of business.

8-    FAMILYCARE'S MOTION FOR SUMMARY
      JUDGMENT ON DEFENDANT SAXTON'S FIFTH
      AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 11 of 12

DATED:  December 17, 2021          **PERKINS COIE LLP**


By: *s/ Matthew P. Gordon*

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone:      503.727.2000
Facsimile:      503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone:      206.359.8000
Facsimile:      206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*


9-    FAMILYCARE'S MOTION FOR SUMMARY
      JUDGMENT ON DEFENDANT SAXTON'S FIFTH
      AFFIRMATIVE DEFENSE

154900276.3

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Exhibit 1
Page 12 of 12