| | |
|---|---|
| **From:** | Gordon, Matthew P. (Perkins Coie) |
| **To:** | Harry Wilson; Robbins, David B. (Perkins Coie); Johnson, Thomas R., Jr. (Perkins Coie); Stoller, Heidee (Perkins Coie); Mertens, Matthew (Perkins Coie); Petrova, Sasha (Perkins Coie) |
| **Cc:** | David Markowitz; Laura Salerno Owens; Erin Dawson; Anit Jindal; Chris Morgan; Edwin Harnden |
| **Subject:** | RE: FamilyCare v. OHA conferral re summary judgment |
| **Date:** | Monday, December 13, 2021 5:15:07 PM |

Harry,

Your recital of the conferral is inaccurate and appears to be designed for litigation gamesmanship rather than actual resolution of the dispute and mutual understanding, as confirmed by the stated basis for OHA's motion.

As we explained both before and during our call, a Rule 7-1 conferral on OHA's motion for summary judgment is not a forum for OHA to engage in discovery of FamilyCare but is instead meant to discuss the moving party's motion.  Moreover, OHA made clear during the conferral that it intends in its motion to recycle the same threshold argument that OHA has briefed before--that FamilyCare's expectations are, as a matter of law, limited to only two provisions in the contract--despite the fact that the Court has already rejected it.  Given OHA's position, the details of the bases for FamilyCare's claim appear to be irrelevant to OHA's motion, and as such there is even less basis for your efforts to convert conferral on OHA's motion into discovery of FamilyCare.

In any event, as you know, the claim for breach of the implied covenant of good faith and fair dealing has been part of this case from the beginning, and OHA has long been on notice of FamilyCare's bases for its expectations from the pleadings, other filings, and arguments in this case. Indeed, as even the excerpts in your prior email illustrate, FamilyCare has repeatedly raised in briefing numerous bases for its reasonable expectations and provided the amount of detail appropriate for the procedural posture and OHA's arguments. Moreover, OHA is the sole state agency responsible for administering Medicaid in Oregon and is therefore uniquely situated to understand industry standards (which it has played an active role in creating) and is well aware of the parties' prior history.  OHA has had adequate opportunity to conduct discovery on these issues; any failure to do so until now is solely the result of OHA's strategic decisions.

As we informed you both before and during our conferral, our briefing will detail the sources of FamilyCare's reasonable expectations, as ordered by the Court.  Although we are under no obligation to further enumerate these bases for OHA in advance of that briefing or before seeing OHA's motion for summary judgment (on which OHA bears the burden), FamilyCare nevertheless provides the below information about its expectations that OHA would set rates in a way that was timely, reasonable, unbiased, actuarially sound, adequate, and free of errors in underlying data and methodology:



- The parties' five-year contract, including without limitation the five-year term ("[t]his Contract is effective on January 1, 2014.  Unless extended or terminated earlier in accordance with its terms, this Contract expires on December 31, 2018"); various provisions related to health care transformation and milestones to be achieved over time, including in Exhibit K; the "actuarially set" provision in Exhibit C; the requirement in Exhibit C that the rates reimburse FamilyCare for providing the covered services; and the solvency, restricted reserve, and net worth requirements.

- Applicable law, including <u>without limitation</u> <u>the laws cited in the parties' contract;</u> former ORS 414.652 requiring a five-year term for CCO contracts to encourage long-term investments in health care transformation and ORS 414.652(4) requiring OHA to provide advance notice of rates; Oregon case law explaining that a parties' reasonable expectations can be informed by extra-contractual sources including industry standards and past history, *see, e.g., Iron Horse Eng'g Co., Inc. v. Nw. Rubber Extruders, Inc.*, 193 Or. App. 402, 421, 89 P.3d 1249, 1259 (Or. Ct. App. 2004); federal Medicaid statutes and regulations relating to Medicaid contracting and rate-setting, including 42 U.S.C. § 1396b and 42 C.F.R. part 438 and the corresponding Medicaid Managed Care Final Rule, including the preamble and commentary thereto; subregulatory guidance; and the laws referenced below that among other things inform the industry standards.

- Industry standards and the parties' history, <u>including without limitation the parties' 30+ year history working together,</u> including during numerous prior iterations of rate-setting, and the manner in which rates were previously set; the CCO model, including <u>OHA's communications and statements</u> <u>about the model;</u> <u>OHA's communications and statements about health care transformation,</u> including its repeated characterization of the CCOs as partners; OHA's communication and statements about the "global budget"; <u>OHA's communications and statements about rate-setting;</u> OHA's praising of FamilyCare's innovative model as a promising practice; the industry standard of desired stability in the CCO market and that CCO capitation rates are meant to encourage participation by MCOs rather than put them out of business; standards, <u>established *inter alia* by the federal constitution</u> and 42 U.S.C. § 1983, <u>that a government agency should not be biased or unreasonable</u> and should not set reimbursement rates to punish a contractor who speaks its mind or otherwise; the standard that government should conduct its business in a manner above reproach and with complete impartiality and with preferential treatment for none and in a manner that instills public confidence through ethical and fair dealing, honesty and good faith on the part of government officials  *see, e.g.,* 48 CFR § 3.101-1, ORS 279A and implementing regulations; actuarial industry standards, including the Actuarial Standards of Practice; <u>the terms and conditions of Oregon's Medicaid Waiver and state Medicaid plan;</u> and OHA's history of using retroactive rate-adjustment process authorized by 42 C.F.R. § 438.7(c)(2).

FamilyCare looks forward to receiving OHA's motion for summary judgment and will respond corresponding and according to the Court's Order.

Regards,

Matt

**Matthew Gordon** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Friday, December 10, 2021 12:02 PM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Counsel,

Thank you for conferring by telephone yesterday. As I said during the call, OHA intends to file a motion for summary judgment against FamilyCare's good faith claim. The Court's Nov. 10, 2021 order directs the parties to "address what <u>exactly</u> they believe to be the basis for the parties' objectively reasonable expectations that form the basis of the implied covenant of good faith and fair dealing." It also directs the parties to answer the question "is FamilyCare now relying on extra-contractual sources for the good faith obligation that were not previously presented in this case"?

In order to have a full conferral that addressed the Court's questions—and because FamilyCare has never identified any exact contractual provisions, applicable laws, industry standards, past practices, or "constitutional and other obligations and limitations" that are the basis for its reasonable expectations—I asked FamilyCare to identify the exact bases for its reasonable expectations. FamilyCare refused to do so. FamilyCare represented that the purpose of conferral is to find out whether FamilyCare would stipulate to dismissal of the claim and since FamilyCare will not, there is nothing else to discuss. FamilyCare also stated that, as the state's Medicaid agency, OHA should know what industry standards apply to Medicaid rate-setting.

I explained that this is FamilyCare's claim, so OHA needs to understand FamilyCare's bases for the claim. FamilyCare represented that it had already identified its bases in emails, court filings, and hearings. I asked if there was any information I could provide that would allow FamilyCare to identify its bases during the call. FamilyCare did not request any information.

At this point, <u>OHA is unaware of FamilyCare ever identifying an exact contractual provision, applicable law, applicable regulatory framework, past practice, industry standard, or "constitutional and other obligation and limitation" that informs its alleged reasonable contractual expectations</u> (other than the statutes and regulations cited in the complaint). If we are mistaken, please identify the <u>exact</u> provisions, laws, frameworks, practices, standards, obligations, or limitations.

Harry

**From:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>

**Sent:** Thursday, December 9, 2021 2:51 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Harry,

Our submission to the Court will provide the information the Court requested.  But again, a Rule 7-1 conferral on OHA's motion is to determine whether agreement can be reached on disposition of the issues, not a platform for OHA to engage in discovery of FamilyCare that it chose not to pursue earlier.  Your email's recital of events is inaccurate and we will be prepared to demonstrate that to the Court if need be.  Moreover, OHA has long been on notice of the bases for FamilyCare's expectations, and OHA surely knows--as much or more than anybody--about the industry standards, prior practice, regulatory framework, constitutional obligations, etc. that inform a CCO's expectation that the state Medicaid agency would discharge its obligations in a manner consistent with its duties of good faith and fair dealing in setting reimbursement rates.

-Matt

**Matthew Gordon** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, December 8, 2021 5:32 PM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Matt,

3:00 works. We will circulate an invite with a call-in number tomorrow.

The Court's order directs the parties to "address what underline{exactly} they believe to be the basis for the parties' objective reasonable expectations that form the basis of the implied covenant of good faith and fair dealing claim." (Dkt. 495 at 10.) Thus far, in all the pleadings, motions, and briefing, FamilyCare has never identified the exact basis for its reasonable expectations. The pleadings identify only the "Contract"—with no provisions cited—and "applicable law"—which FamilyCare narrowed to all "positive and normative law in Oregon" during the September hearing. The unpleaded assertions in FamilyCare's briefing reference "the parties' thirty-plus years of prior practice," "industry standards," "the applicable regulatory framework," and "constitutional and other obligations and limitations," but offer no explanation of what prior practice, what industry standards, what regulations, or what obligations and limitations FamilyCare means. Nor has FamilyCare explained how these asserted bases inform it's alleged reasonable expectations. If FamilyCare is unable or unwilling to specifically identify its bases for the parties' alleged reasonable expectations, we will note that in our motion.

FamilyCare's repeated suggestion that OHA should have taken discovery on this claim is confusing because, as FamilyCare knows, the claim was dismissed at the pleading stage in 2018 and, therefore, not subject to discovery.

Harry

**From:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>
**Sent:** Wednesday, December 8, 2021 4:23 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Harry,

We are available to confer about OHA's motion for summary judgment tomorrow at 3:00.

The request for information in your email has it backwards: as this will be a conferral about OHA's motion, it will be incumbent upon OHA to identify on what factual and legal bases OHA intends to seek summary judgment, and after hearing those, FamilyCare will respond.  Conferral about OHA's

motion is not a forum for OHA to conduct the discovery that was available throughout the litigation but it chose to not pursue.  In any event, <u>OHA should be well aware of bases for FamilyCare's reasonable expectations if for no other reason than that the issue has been briefed and argued multiple times in this Court and before the Ninth Circuit</u>.  Moreover, OHA should have been as familiar as FamilyCare with the course of dealing between the parties, the governing legal constraints, the government's responsibilities and obligations, and the interactions it has had with FamilyCare.   We presumed that was why OHA never pursued the relevant discovery.  The complaint, briefing, and arguments have also identified numerous erroneous rate-setting methodologies deployed by OHA and Optumas that resulted in lower rates to FamilyCare.

-Matt

**Matthew Gordon | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, December 8, 2021 3:43 PM
**To:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Counsel,
Please provide a time to confer tomorrow after 11:00. We are no longer available 2:00 – 2:30.
Harry

**From:** Harry Wilson
**Sent:** Tuesday, December 7, 2021 8:44 AM
**To:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden

&lt;[EHarnden@barran.com](mailto:EHarnden@barran.com)&gt;
**Subject:** FamilyCare v. OHA conferral re summary judgment

Counsel,

Consistent with the Court's recent order, OHA intends to move for summary judgment against FamilyCare's good faith and fair dealing claim.  We need to schedule a time this week to confer on that motion.  We are available tomorrow after 10:00 a.m. pacific and Thursday after 11:00 a.m.  Please let us know what time will work.

To meaningfully confer on the motion, OHA needs to understand the bases for FamilyCare's alleged objectively reasonable expectations. (5th Am. Compl. ¶ 107.)  During our conferral, be prepared to specifically identify:

- The applicable laws and/or regulations,
- Provisions and sections of the CCO Contract,
- Industry standards,
- Past practices, and/or
- Other bases

FamilyCare contends inform the parties' objectively reasonable expectations.  Please also specifically identify in what way the rate amendments were "unreasonable," "biased," or "based on erroneous data and methodologies." (5th Am. Compl. ¶ 108.) For example, what methodologies exactly does FamilyCare contend are erroneous?

Please let us know when you are available and we will circulate a call-in number and invitation.

Harry

**Harry B. Wilson** | Shareholder
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web | LinkedIn

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.