IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon, ) ) ) ) ) | Case No. 3:18-cv-00212-MO (Leading) |
| Plaintiff, ) | Case No. |
| vs. ) | 6:18-cv-00296-MO (Trailing) |
| FAMILYCARE, INC., an Oregon non-profit corporation, ) ) | |
| ) | VOLUME II |
| Defendant. ) | VIDEOTAPED FRCP 30(b)(6) DEPOSITION OF |
| FAMILYCARE, INC., an Oregon non-profit corporation ) ) | WILLIAM MURRAY |
| ) | Taken in Behalf of |
| Plaintiff, ) | Defendants |
| vs. ) | July 17, 2018 |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority, ) ) ) ) ) ) | 1120 N.W. Couch Street, 10th Floor Portland, OR 97209 |
| Defendants. ) ) | |

Teresa L. Dunn,

Court Reporter

CSR, CCR, RPR

William Murray, 7/17/2018          Allen v. FamilyCare, Inc.

145

                    APPEARANCES:

For the Plaintiff:

MR. THOMAS R. JOHNSON
MS. ALETTA BRENNER
Perkins Coie, LLP
Tenth Floor
1120 N.W. Couch Street
Portland, OR 97209
503-727-2076
trjohnson@perkinscoie.com
abrenner@perkinscoie.com


For the Defendants:

MR. DAVID B. MARKOWITZ
Special Assistant Attorney General
Markowitz Herbold Glade & Mehlhaf, P.C.
Suite 3000
1211 S.W. Fifth Avenue
Portland, OR 97204
503-295-3085
davidmarkowitz@markowitzherbold.com


MR. THEODORE C. FALK
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97301
503-947-4430
theodore.falk@doj.state.or.us



Also Present:
Camille Schmitt, Videographer
Greg Scott
Laura Robison
Renee Steiman
Artur Suchorzewski

Ex. 2 - Wilson Decl.
Page 2 of 6

William Murray, 7/17/2018                Allen v. FamilyCare, Inc.

273

Health Plan Health Plan Services Contract

Coordinated Care Organization Contract 143114

with FamilyCare, Inc.

I assume you have seen this document before?

A.   I have seen this document, yes.

Q.   All right.  Please show us -- please identify for the record where the contract requires that the -- that the rates be actuarially sound.

A.   I can do one of two things.  I can read this whole contract which would take the rest of our time.

I do believe that the answer to that question is what we have already talked about is that the contract requires that the -- the contract itself be compliant with all CMS rules and regulations.

CMS rules and regulations talk about the development of actuarially sound rates.  It talks about the relationship of the State and its contracting with MCOs, which is a CCO in Oregon.

We talked about the fact that OHA has entered into its waiver which binds CMS to those

Ex. 2 - Wilson Decl.
Page 3 of 6

William Murray, 7/17/2018                    Allen v. FamilyCare, Inc.

274

provisions for the same period or for a -- bound CMS to those provisions before FamilyCare signed this agreement.

So FamilyCare's understanding and expectation from all of that is that it is due actuarially sound rates under this contract.

Short answer, I'm not an attorney and there may be some part of a legal reason I have missed, but that is my -- my understanding.

Q.   All right.  So separate and apart from FamilyCare's position that because the federal law is discussed in this contract, is there any other provision in the contract that mandates that the rates be actuarially sound?

MR. JOHNSON:  Object to the form of the question.

THE WITNESS:  My prior answer is the answer I understand at this point in time.  Once again, I'm not an attorney and that is a legal -- seems to be a legal question.

I know there are other communications from the DOJ and other parties that state that the CCOs -- the rates of the CCOs are to be actuarially sound.

Q.   (By Mr. Markowitz) All right.  Well, I'm

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Ex. 2 - Wilson Decl.
Page 4 of 6

William Murray, 7/17/2018                 Allen v. FamilyCare, Inc.

276

understand them.

Q.    And your contract claim in the Fourth Amended Complaint complained about the -- the errors that were embedded in the rates.

Is there any provision of the contract that requires that the rates be free of all error?

A.    The requirement that rates are actuarially sound would mean that an error itself could make the rates not actuarially sound.  So the two are related.  The two are related and inseparable.

If they aren't actuarially sound due to error, then they would need to be corrected so that they are actuarially sound.

Q.    Does FamilyCare contend that any of its contracts with OHA or its amendments or the rates do not comply with federal law?

A.    So I believe I have answered that question in that I believe federal law requires the rates to be actuarially sound for each CCO for each rate cell and that that is what FamilyCare's entitled to and that the contract itself must be compliant with federal law so, therefore, if it's not compliant with federal

William Murray, 7/17/2018          Allen v. FamilyCare, Inc.

290

C E R T I F I C A T E


        I, Teresa L. Dunn, a Certified Shorthand Reporter for Oregon, do hereby certify that, pursuant to stipulation of counsel for the respective parties hereinbefore set forth, WILLIAM MURRAY personally appeared before me at the time and place set forth in the caption hereof; that at said time and place I reported in Stenotype all testimony adduced and other oral proceedings had in the foregoing matter; that thereafter my notes were reduced to typewriting under my direction; and that the foregoing transcript, pages 144 to 291, both inclusive, constitutes a full, true and accurate record of all such testimony adduced and oral proceedings had, and of the whole thereof. Witness my hand and CSR stamp at Vancouver, Washington, this 18th day of July, 2018.


_____
TERESA L. DUNN
Certified Shorthand Reporter
Certificate No. 00-0367
Commission Expires:  6/30/20


Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554