**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Heidee Stoller** (OSB No. 072835)
HStoller@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>    Defendants. | Case No. 6:18-cv-00296-MO<br><br>**DECLARATION OF DONNA NOVAK IN SUPPORT OF FAMILYCARE'S OPPOSITION TO OHA'S MOTION FOR SUMMARY JUDGMENT** |

DECLARATION OF DONNA NOVAK IN SUPPORT
OF FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR SUMMARY JUDGMENT

123045.0001\155517692.3

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

I, Donna Novak, declare as follows:

1.    I am the founder and proprietor of NovaRest Inc., an actuarial consulting firm.  I have been engaged by FamilyCare, Inc.'s attorneys to provide expert opinion and, if appropriate, testimony on the quality and compliance of actuarial work performed by Optumas on behalf of the Oregon Health Authority ("OHA") in setting FamilyCare Inc.'s ("FamilyCare") and other Oregon Coordinated Care Organizations' ("CCO") rates for years 2017 and 2018. I was also asked to opine regarding the scope of the review of OHA's capitation rates conducted by the Centers for Medicare & Medicaid Services ("CMS"), and the extent to which that review could identify the types of problems with the rates alleged by FamilyCare in this litigation.

2.    My qualifications to render expert testimony in this case are both educational and experiential. I have a Bachelor's degree in mathematics and a Master of Business Administration in Health Care Management and Finance from Northwestern University Kellogg School of Management. I am a Fellow of the Conference of Consulting Actuaries (FCA), an Associate of the Society of Actuaries (ASA), and a Member of the American Academy of Actuaries (MAAA). Additionally, I have over 40 years of experience in the health insurance field, and have conducted rate reviews of commercial rate filings, Medicaid certifications for CMS, and Medicaid bids for CMS. A true and correct copy of my current curriculum vitae is attached as **Exhibit 1** to this report.

3.    I have also previously been retained by CMS to perform and did perform reviews of Medicaid managed care organization ("MCO") capitation rate certifications submitted by states to CMS.  I was a member of the General Committee and the Health Committee of the Actuarial Standards Board ("ASB") and served as chair of the Health Committee of the ASB. In that capacity, I was responsible for determining which Health Actuarial Standards of Practice ("ASOPs") require revision, recruiting actuaries to participate in and lead workgroups to revise those ASOPs, approving revisions, reviewing comments from actuaries and interested parties, making revisions to proposed changes to ASOPs, and presenting ASOP revisions to the ASB.

1-    DECLARATION OF DONNA NOVAK IN SUPPORT
OF FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR SUMMARY JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

4.    In reviewing Medicaid MCO capitation rate submissions to CMS, I have become familiar with how those rates are developed and reviewed. In those reviews, CMS or its contracted actuary relies on the actuarial rate certification submitted by a state's actuary and the answers to any questions posed by CMS. For purposes of their review, CMS and its contracted actuary assume the accuracy of information provided in the rate certification and in response to its questions and do not generally obtain information from third parties to confirm the accuracy of the submissions and certifications.

5.    There are two matters upon which I have been asked to opine:

a.    Whether CMS's review of the information submitted by OHA and its actuary, Optumas, for rate years 2017 and 2018 would have revealed whether the rates set for FamilyCare were free from errors in underlying data or methodology, or were free from bias against FamilyCare.

b.    Whether CMS opined on the 2018 rates OHA presented to FamilyCare in October 2017 for purposes of the proposed 2018 contract amendment (the "Original 2018 Rates").

As to the first topic, it is my professional opinion that certain data flaws in the 2017 rates and the Original 2018 Rates were not presented by OHA or its actuaries to CMS, and because this information was not made available to CMS although known by OHA and its actuaries, the data issues would not have been detected by CMS in the ordinary course during its determination of the rates' actuarial soundness.  In the rate certifications submitted to CMS in connection with the 2017 and Original 2018 Rates, Optumas did not meet the standards for documentation enumerated in ASOPs No. 23 (Data Quality) and No. 41 (Actuarial Communications) in certifying the 2017 and Original 2018 Rates.  Specifically, Optumas failed to appropriately document known data quality issues and the measures taken to address those issues in the

2-    DECLARATION OF DONNA NOVAK IN SUPPORT
OF FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR SUMMARY JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\155517692.3

actuarial certifications Optumas prepared for OHA, which were ultimately conveyed to CMS.  It is also my opinion that Optumas failed to present the actuarial findings, methods, procedures, assumptions, and data that it used in the rate-setting processes for the 2017 rates and Original 2018 Rates with sufficient clarity such that another actuary qualified in the same practice area, such as an actuary consulting with CMS for this purpose, could make an objective appraisal of the reasonableness of Optumas's work. In her deposition, Ms. Lee of Lewis and Ellis agreed that Optumas's report did not comply with the requirements in ASOP No. 41 for sufficient documentation for other actuaries to be able to perform an objective appraisal of reasonableness.[1]  Ms. Lee also indicated that Optumas was very careless in its documentation.[2]

6.    Specifically, in both its 2017 and Original 2018 Rate certifications, Optumas failed to identify for CMS multiple issues with the data upon which Optumas relied and adjustments that it made in rate development. Optumas never documented the following known quality issues or how it made corresponding adjustments to the data: (a) Clean claim status indicator; (b) Inconsistent encounter data reporting; (c) Inconsistent coding of sub capitation arrangements; (d) Paid claims issue with third party liability; (e) Membership issues with three CCOs, including FamilyCare; and (f) Errors relating to the identification of Dual membership. None of the documentation in Optumas's 2017 or the Original 2018 rate certifications address the known data quality issues with the "clean claim status" indicator, the issue of CCOs not reporting encounters consistently, and the varying degrees of conformity amongst the CCOs in coding of encounter data.   All of these issues affected the computed rates reflected in the rate certifications and none were made apparent to CMS. Optumas did document the adjustments made, but the documentation was not sufficiently detailed to determine if the adjustments were actuarially sound. Among the adjustments made, Optumas developed and applied adjustment

---

[1] Lee deposition, page 257, line 17 (CTRL00247485)
[2] Lee deposition, page 312, lines 10-19 (CTRL00247485)

3-    DECLARATION OF DONNA NOVAK IN SUPPORT
OF FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR SUMMARY JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\155517692.3

factors to align the encounter data with costs reported in the CCO templates. In addition, Optumas made adjustments for specific costs missing from the raw data for the removal of sub-capitated encounters, and for provider incentive programs and additional prevention/outreach. Also, an unidentified "triangulation" process was used to reconcile the CY base data, CY CCO-reported financials, and the CCO's CY Exhibit L (which is a report of expenditures and revenue provided by each CCO). Finally, at OHA's direction, Optumas implemented a reimbursement adjustment and reduced FamilyCare's base data without documenting whether or how they determined that the resulting lower rates were actuarially sound.

7.        After review of the documents identified in **Exhibit 2**, among others, I have concluded that CMS did not conduct an audit of either OHA or Optumas's rate-development process for 2017 or the data used in that process. This is typical as it is not CMS's custom to audit the data behind a Medicaid rate certification during its certification reviews. I also found no evidence that CMS re-created the Medicaid rates as part of its review of Optumas's and OHA's submissions. Rather, in conducting its review of Oregon's capitation rates, CMS relied on the statements in Optumas's rate certifications to be complete and accurate.  This is consistent with OHA's acknowledgement, in its Settlement Agreement with FamilyCare dated May 22, 2016, that "CMS approves CCO contracts and the rates contained therein that CMS finds to be actuarially sound and developed in accordance with Actuarially Sound Principles, *based on the information provided to it by OHA and its actuaries.*" (Emphasis added.). Specifically, CMS did not seek and Optumas did not provide a thorough explanation of its methodologies and quantitative support for the adjustments made to the experience data in response to CMS's inquiries for the 2017 Rates. Also, because CMS initially requested but then withdrew queries as to the Original 2018 Rates because they were to be revised, CMS was unlikely to have sufficient information to completely understand the methods and assumptions used by Optumas in the capitation rate development. Therefore, CMS might not, with the information provided, have been able to positively confirm that the capitation rates met CMS's requirements.

DECLARATION OF DONNA NOVAK IN SUPPORT
OF FAMILYCARE'S OPPOSITION TO OHA'S
MOTION FOR SUMMARY JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

123045.0001\155517692.3

8.      With respect to the Original 2018 Rates, while CMS received the Optumas rate certifications and responded to OHA with requests for further information about the Original 2018 Rates, because OHA informed CMS that it would revise the rates, CMS requested that OHA defer its responses until after it revised the rates and submitted a new rate certification to CMS. Consequently, CMS never thoroughly reviewed, critiqued, audited, or approved the Original 2018 Rates. The revised rates were not submitted to CMS until March 9, 2018, and those rates were higher than the Original 2018 Rates. CMS approved the revised 2018 rates in March 2020. CMS's review and approval did not encompass the Original 2018 Rates, and because the revised rates were higher, a determination that those rates were actuarially sound does not indicate that the Original 2018 Rates were also actuarially sound.

*I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.*

DATED: January 13, 2022                    */s/ Donna Novak*
                                           Donna Novak

5-        DECLARATION OF DONNA NOVAK IN SUPPORT          **Perkins Coie LLP**
          OF FAMILYCARE'S OPPOSITION TO OHA'S            1120 N.W. Couch Street, Tenth Floor
          MOTION FOR SUMMARY JUDGMENT                    Portland, Oregon 97209-4128
                                                         Phone: 503.727.2000
123045.0001\155517692.3                                  Fax: 503.727.2222