| From: | Gordon, Matthew P. (SEA) |
|---|---|
| To: | Harry Wilson; Robbins, David B. (SEA); Johnson, Thomas R., Jr. (POR); Stoller, Heidee (POR); Mertens, Matthew (POR); Petrova, Sasha (POR) |
| Cc: | David Markowitz; Laura Salerno Owens; Erin Dawson; Anit Jindal; Chris Morgan; Edwin Harnden |
| Subject: | RE: FamilyCare v. OHA conferral re summary judgment |
| Date: | Thursday, December 09, 2021 2:51:06 PM |

Harry,

Our submission to the Court will provide the information the Court requested.  But again, a Rule 7-1 conferral on OHA's motion is to determine whether agreement can be reached on disposition of the issues, not a platform for OHA to engage in discovery of FamilyCare that it chose not to pursue earlier.  Your email's recital of events is inaccurate and we will be prepared to demonstrate that to the Court if need be.  Moreover, OHA has long been on notice of the bases for FamilyCare's expectations, and OHA surely knows--as much or more than anybody--about the industry standards, prior practice, regulatory framework, constitutional obligations, etc. that inform a CCO's expectation that the state Medicaid agency would discharge its obligations in a manner consistent with its duties of good faith and fair dealing in setting reimbursement rates.

-Matt


**Matthew Gordon** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, December 8, 2021 5:32 PM
**To:** Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Matt,

3:00 works. We will circulate an invite with a call-in number tomorrow.

The Court's order directs the parties to "address what <u>exactly</u> they believe to be the basis for the parties' objective reasonable expectations that form the basis of the implied covenant of good faith

Exhibit 1
Page 1 of 4

and fair dealing claim." (Dkt. 495 at 10.) Thus far, in all the pleadings, motions, and briefing, FamilyCare has never identified the exact basis for its reasonable expectations. The pleadings identify only the "Contract"—with no provisions cited—and "applicable law"—which FamilyCare narrowed to all "positive and normative law in Oregon" during the September hearing. The unpleaded assertions in FamilyCare's briefing reference "the parties' thirty-plus years of prior practice," "industry standards," "the applicable regulatory framework," and "constitutional and other obligations and limitations," but offer no explanation of what prior practice, what industry standards, what regulations, or what obligations and limitations FamilyCare means. Nor has FamilyCare explained how these asserted bases inform it's alleged reasonable expectations. If FamilyCare is unable or unwilling to specifically identify its bases for the parties' alleged reasonable expectations, we will note that in our motion.

FamilyCare's repeated suggestion that OHA should have taken discovery on this claim is confusing because, as FamilyCare knows, the claim was dismissed at the pleading stage in 2018 and, therefore, not subject to discovery.

Harry

---

**From:** Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>
**Sent:** Wednesday, December 8, 2021 4:23 PM
**To:** Harry Wilson <harrywilson@markowitzherbold.com>; Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Harry,

We are available to confer about OHA's motion for summary judgment tomorrow at 3:00.

The request for information in your email has it backwards: as this will be a conferral about OHA's motion, it will be incumbent upon OHA to identify on what factual and legal bases OHA intends to seek summary judgment, and after hearing those, FamilyCare will respond.  Conferral about OHA's motion is not a forum for OHA to conduct the discovery that was available throughout the litigation but it chose to not pursue.  In any event, OHA should be well aware of bases for FamilyCare's reasonable expectations if for no other reason than that the issue has been briefed and argued multiple times in this Court and before the Ninth Circuit.  Moreover, OHA should have been as familiar as FamilyCare with the course of dealing between the parties, the governing legal constraints, the government's responsibilities and obligations, and the interactions it has had with FamilyCare.   We presumed that was why OHA never pursued the relevant discovery.  The complaint,

Exhibit 1
Page 2 of 4

briefing, and arguments have also identified numerous erroneous rate-setting methodologies deployed by OHA and Optumas that resulted in lower rates to FamilyCare.

-Matt


**Matthew Gordon | Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3552
F. +1.206.359.4552
E. MGordon@perkinscoie.com

**Visit our Covid-19 resource page: www.perkinscoie.com/coronavirus**

---

**From:** Harry Wilson <harrywilson@markowitzherbold.com>
**Sent:** Wednesday, December 8, 2021 3:43 PM
**To:** Robbins, David B. (SEA) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (POR) <TRJohnson@perkinscoie.com>; Stoller, Heidee (POR) <HStoller@perkinscoie.com>; Gordon, Matthew P. (SEA) <MGordon@perkinscoie.com>; Mertens, Matthew (POR) <MMertens@perkinscoie.com>; Petrova, Sasha (POR) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** RE: FamilyCare v. OHA conferral re summary judgment

Counsel,
Please provide a time to confer tomorrow after 11:00. We are no longer available 2:00 – 2:30.
Harry

---

**From:** Harry Wilson
**Sent:** Tuesday, December 7, 2021 8:44 AM
**To:** Robbins, David B. (Perkins Coie) <DRobbins@perkinscoie.com>; Johnson, Thomas R., Jr. (Perkins Coie) <TRJohnson@perkinscoie.com>; Stoller, Heidee (Perkins Coie) <HStoller@perkinscoie.com>; Gordon, Matthew P. (Perkins Coie) <MGordon@perkinscoie.com>; Mertens, Matthew (Perkins Coie) <MMertens@perkinscoie.com>; Petrova, Sasha (Perkins Coie) <SPetrova@perkinscoie.com>
**Cc:** David Markowitz <davidmarkowitz@markowitzherbold.com>; Laura Salerno Owens <laurasalerno@markowitzherbold.com>; Erin Dawson <erindawson@markowitzherbold.com>; Anit Jindal <anitjindal@markowitzherbold.com>; Chris Morgan <cmorgan@barran.com>; Edwin Harnden <EHarnden@barran.com>
**Subject:** FamilyCare v. OHA conferral re summary judgment

Counsel,

Consistent with the Court's recent order, OHA intends to move for summary judgment against FamilyCare's good faith and fair dealing claim.  We need to schedule a time this week to confer on

Exhibit 1
Page 3 of 4

that motion.  We are available tomorrow after 10:00 a.m. pacific and Thursday after 11:00 a.m.
Please let us know what time will work.

To meaningfully confer on the motion, OHA needs to understand the bases for FamilyCare's alleged
objectively reasonable expectations. (5th Am. Compl. ¶ 107.)  During our conferral, be prepared to
specifically identify:

- The applicable laws and/or regulations,
- Provisions and sections of the CCO Contract,
- Industry standards,
- Past practices, and/or
- Other bases

FamilyCare contends inform the parties' objectively reasonable expectations.  Please also specifically
identify in what way the rate amendments were "unreasonable," "biased," or "based on erroneous
data and methodologies." (5th Am. Compl. ¶ 108.) For example, what methodologies exactly does
FamilyCare contend are erroneous?

Please let us know when you are available and we will circulate a call-in number and invitation.

Harry

**Harry B. Wilson** | Shareholder
**Markowitz Herbold PC**
1455 SW Broadway, Suite 1900 | Portland, OR  97201
**T** (503) 295-3085 | Bio | Web | LinkedIn

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit 1
Page 4 of 4