**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Matthew A. Levin, OSB # 003054**
MattLevin@MarkowitzHerbold.com
**Renée E. Rothauge, OSB # 903712**
ReneeRothauge@Markowitzherbold.com
**Harry B. Wilson, OSB # 077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB # 076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tele: (503) 295-3085
Fax: (503) 323-9105

> Special Assistant Attorneys General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the State of Oregon,

Plaintiff,

v.

FAMILYCARE, INC., an Oregon non-profit corporation,

Defendant.

_____

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

vs.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as director of the Oregon Health Authority,

Defendants.

_____

Case No. 3:18-cv-00212-MO (Leading)
Case No. 6:18-cv-00296-MO(Trailing)

**NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

**FRCP 30(b)(6)**

**Page 1 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 1 of 19

**TO:   FAMILYCARE, INC., AND ITS ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 30(b)(6), Oregon Health Authority will take the sworn deposition of one or more representatives of FamilyCare, Inc. ("FamilyCare") at the offices of Perkins Coie, LLP, 1120 NW Couch Street, Tenth Floor, Portland, Oregon, beginning at 9:00 a.m., on Monday, May 21, 2018, before a person authorized to administer oaths.  The deposition will be taken by stenographic and videotape (audio and visual) means.  If necessary, the oral examination will continue from day to day until completed. You are invited to attend and examine.

Pursuant to FRCP 30(b)(6), FamilyCare shall designate at least three days before the deposition the name or names of one or more officers, directors, managing agents, or other persons who consent to testify on FamilyCare's behalf and setting forth, for each person that FamilyCare designates, the matters on which such person will testify from the subjects listed below.  Pursuant to the Rule, such persons "must testify about information known or reasonably available to" FamilyCare.

Pursuant to FRCP 34, each person that FamilyCare, Inc. designates for deposition shall produce documents at the offices of Markowitz Herbold, PC, 1211 SW Fifth Avenue, Suite 3000, Portland, OR  97204 on or before Monday, May 21, 2018 that respond to the document requests listed for each topic for deposition.

**INSTRUCTIONS AND DEFINITIONS**

1.      As used in this request, the following terms are defined as follows:

a.      "Communication(s)" includes without limitation all oral, written, or other exchanges or transmissions of information whether in person, by telephone, voice mail, letter, email, text message, any other electronic means, or otherwise.

b.      "CCO" means coordinate care organization as that term applies to the Oregon Health Plan.

c.      "Document(s)" means all paper and electronic information of any kind, including communications, originals, drafts, and copies.

**Page 2 -  NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 2 of 19

d.    "FamilyCare" means FamilyCare, Inc., and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

e.    "OHA" means the Oregon Health Authority, and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

f.    "CMS" means Centers for Medicare and Medicaid Services and its parents, subsidiaries, predecessors, successors, assigns, employees, officers, executives, managers, and agents, including, but not limited to actuaries, attorneys, lobbyists, and public relations agents.

g.    "Relating to" or "related to" means identifying, showing, dealing with, embodying, pertaining, concerning, regarding, involving, indicating, constituting, commenting upon, summarizing, analyzing, interpreting, detailing, outlining, defining, comprising, reflecting, discussing, disclosing, evidencing, mentioning, referring to, consisting of, responding to, or having any logical or factual connection whatever with the subject matter in question.

2.    This request requires production of documents or things that are in your possession, custody or control, and documents or things that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

3.    If documents existed that were responsive to any of these requests, but you contend that such documents no longer exist or are not within your possession, custody, or control, then do the following with respect to each and every document:

a.    Describe the nature of the document, in sufficient particularity to identify it and to enable you to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

b.    Identify the person(s) who prepared the document;

**Page 3 -  NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 3 of 19

c.    Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

d.    State the circumstances which prevent production of the document.

4.    File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request. The file folders shall be produced intact with the documents produced therefrom.

5.    Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender and vice versa.

6.    References to persons and other entities include their agents, employees, officers, directors, affiliated entities and companies, predecessors, successors, accountants, attorneys, and representatives.

7.    Unless otherwise specifically stated, all requests call for production of documents prepared, received, or dated at any time prior to and including the date of production.

8.    These requests are continuing and, to the extent required by the Federal Rules of Civil Procedure, you must immediately produce such additional responsive documents as you may later locate or acquire.

9.    Format for production of documents: at or before the start of the deposition, all documents shall be produced with separate load-files organized by deposition topic. Documents shall be produced electronically as follows:

a.    Documents previously electronically produced shall be produced in the same format as previously produced.

b.    Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file. The load file should be produced in a format capable of being imported into Relativity litigation software. (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided;

**Page 4 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 4 of 19

Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

c.    All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software. This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions. All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document. A single PDF of all scanned hard copy documents is not acceptable.

d.    Emails should be produced in single-page TIFF format. Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

e.    Excel documents should be produced in native format with all metadata preserved. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

f.    PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

g.    All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

h.    All logs should be produced in native format.

i.    Audio, video or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

**Page 5 -  NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 5 of 19

j.    All files shall be labeled with a Bates or control number.

k.    Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

l.    All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

m.    Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM).  Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

n.    Defendants reserve the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

10.    The documents produced in response to the Requests below shall also be produced in hard-copy and electronically on a flash drive at or before the start of the deposition.

<strong>DEPOSITION TOPICS AND REQUESTS FOR PRODUCTION</strong>

The matters on which FamilyCare must testify are as follows:

**TOPIC NO. 1:** The May 22, 2016 Settlement Agreement between FamilyCare and OHA, including the negotiation, performance and alleged breach of that agreement; the parties' reasonable expectations concerning that agreement; and FamilyCare's evidentiary support for its allegation "OHA used the Contract for 2016 or the Settlement Credit" in violation of the Settlement Agreement as alleged in its Third Amended Complaint at ¶¶ 38, 64, 99, 107, 109, 110, 111, and 120.

**Page 6 -  NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 6 of 19

**Deponent Name and Title for Topic No. 1:**

**REQUEST FOR PRODUCTION NO. 226**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 2:** The December 30, 2016 Dispute Resolution Agreement, including the negotiation, performance and alleged breach of that agreement and the parties' reasonable expectations concerning that agreement.

**Deponent Name and Title for Topic No. 2:**

**REQUEST FOR PRODUCTION NO. 227**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 3:** The Health Plan Services Contract - Coordinated Care Organization Contract between Oregon Health Authority and FamilyCare, Inc. effective January 1, 2015 and all amendments thereto including the negotiation, performance and alleged breach of that agreement.

**Deponent Name and Title for Topic No. 3:**

**Page 7 -  NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 7 of 19

**REQUEST FOR PRODUCTION NO. 228**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**


**TOPIC NO. 4:**  The 2017 and 2018 CCO Rate Development Actuarial Certification that was prepared by OHA's outside actuarial firm and Oregon Health Authority's rate methodology.

**Deponent Name and Title for Topic No. 4:**


**REQUEST FOR PRODUCTION NO. 229**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**


**TOPIC NO. 5:**  FamilyCare's allegations that OHA used erroneous data and actuarially unsound methods to reduce FamilyCare's rates including its evidentiary support for its allegations in its Third Amended Complaint at ¶¶ 4, 26, 38, 41, 46, 60, 63, 65, 68, 74, 101, 102, 103, 109, 110, 111, 115, 116, 117, 120, 123, 128, 149, 155, and 156.

**Deponent Name and Title for Topic No. 5:**


**REQUEST FOR PRODUCTION NO. 230**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**


**Page 8 -   NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 8 of 19

**TOPIC NO. 6:** FamilyCare's assertions regarding fixed global budgets in its Third Amended Complaint at ¶¶ 18, 19, and 96 that (1) "…OHA represents that it does not and may not make rate decisions based on a CCO's expenditures in specific Categories [***] OHA is not allowing certain CCOs, including FamilyCare, to operate within a sustainable fixed global budget. Rather, OHA has ignored the fixed global budget and has penalized CCOs for reimbursement rates to providers that OHA represents are too high;" (2) "OHA has misapplied the fixed global budget model by approving global budgets for FamilyCare that were insufficient for FamilyCare to cover its operating costs in 2016, 2017, and 2018. The insufficient global budgets caused FamilyCare to incur operating losses in 2015, 2016, 2017, and 2018. OHA approved insufficient global budgets for FamilyCare even though FamilyCare achieved 100% of its quality incentive metrics under its contract with OHA;" and (3) "FamilyCare has consistently operated within its global budget and continues to do so, even though the global budgets for 2015, 2016, 2017, and 2018 were insufficient to cover FamilyCare's operating expenses. In addition, FamilyCare has met 100% of its quality incentive metrics under its contract with OHA."

**Deponent Name and Title for Topic No. 6:**

**REQUEST FOR PRODUCTION NO. 231:** All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 7:** FamilyCare's evidentiary support for its allegation in its Third Amended Complaint at ¶ 14 that (1) "OHA wants to reduce the number of CCOs in Oregon so that OHA will have more control over the CCOs;" and (2) "OHA has targeted FamilyCare as one of the CCOs to be eliminated."

**Page 9 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 9 of 19

**Deponent Name and Title for Topic No. 7:**

**REQUEST FOR PRODUCTION NO. 232**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 8:** FamilyCare's business relationships—both existing and prospective—with health care providers, OHP members, and FamilyCare's own employees that have been disrupted as a result of "OHA's communications plan and false and disparaging messaging," as alleged in the Third Amended Complaint at ¶ 144-145, including, the parties to those relationships, the current and prospective economic value of those relationships, the amount and calculation of the economic value of any damage FamilyCare alleges was caused by OHA to those relationships, and the terms of all related agreements.

**Deponent Name and Title for Topic No. 8:**

**REQUEST FOR PRODUCTION NO. 233**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 9:** FamilyCare's business model, specifically its corporate structure, its organizational structure, the role of its board, the role of its CEO, its relationship with its subsidiaries, FamilyCare Health Plans, Inc., FamilyCare Community Health Alliance, Inc. and Heatherington Foundation for Innovation and Education in Healthcare, FamilyCare's provider network structure and policies, its process in negotiating and performing its provider contracts,

**Page 10 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 10 of 19

and FamilyCare's business decision "to match the payments made by private insurance companies to primary care providers to ensure that its Medicaid-eligible OHP members would have the same access to primary and preventive care that members of private health insurance plans have" and FamilyCare's evidentiary support for its allegation "This increased access to primary care results in improved outcomes and reduced health care expenses overall."

**Deponent Name and Title for Topic No. 9:**

**REQUEST FOR PRODUCTION NO. 234**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 10:** FamilyCare's financials, financial reporting, and financial forecasting, including operating losses from 2015-2018 including those described in its Third Amended Complaint at ¶¶ 4, 19, 34, 65, 74, and 81.

**Deponent Name and Title for Topic No. 10:**

**REQUEST FOR PRODUCTION NO. 235**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 11:** Decision-making, consideration, and execution of FamilyCare's decision to cease doing business.

**Page 11 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 11 of 19

**Deponent Name and Title for Topic No. 11:**

**REQUEST FOR PRODUCTION NO. 236**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 12:**  The damages, remedies, and penalties sought by FamilyCare in the present action.

**Deponent Name and Title for Topic No. 12:**

**REQUEST FOR PRODUCTION NO. 237**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 13:**  FamilyCare's evidentiary support for its assertions in its Third Amended Complaint at ¶¶ 68, 69, 70, and 80 that (1) "FamilyCare has also long identified errors in the data used to develop its capitation rates;" (2) "FamilyCare pointed out--as it had in years and months past-- that basic errors in enrollment and eligibility data caused many FamilyCare members to be classified in the wrong age or category of aid cohort for purposes of determining the capitation rate at which FamilyCare was compensated for those members;" (3) "FamilyCare had previously identified these same errors and brought them to OHA's attention years before the Secretary of State's audit, but OHA had declined to address them and failed to notify CMS of these issues;" (4) "OHA agreed that the data errors identified by FamilyCare necessitated a redetermination analysis that would materially affect FamilyCare's compensation under the 2018

**Page 12 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 12 of 19

Amendment; and (5) "Were OHA to correct these known errors for these prior rate years, it would generate tens of millions of dollars in additional compensation to FamilyCare for services previously rendered during those years."

**Deponent Name and Title for Topic No. 13:**

**REQUEST FOR PRODUCTION NO. 238**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 14:** FamilyCare's evaluation of the impact (if any) of the independent actuarial reviews performed by Lewis and Ellis and Manatt on FamilyCare's claims in its Third Amended Complaint.

**Deponent Name and Title for Topic No. 14:**

**REQUEST FOR PRODUCTION NO. 239**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 15:** All OHA policy decisions that FamilyCare has ever claimed were used to harm or unfairly target FamilyCare, or were used by OHA to create actuarially unsound rates in the rate setting process for Oregon CCOs.

**Page 13 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 13 of 19

**Deponent Name and Title for Topic No. 15:**

**REQUEST FOR PRODUCTION NO. 240**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 16:**  The value of FamilyCare's "goodwill" and "enterprise" as described in its Third Amended Complaint in ¶¶ 81-90, including, the method of calculation of the value, as well as the amount and method of calculation of any damage FamilyCare alleges was caused OHA to FamilyCare's goodwill and enterprise and the basis for FamilyCare's allegations that OHA damaged its goodwill and enterprise.

**Deponent Name and Title for Topic No. 16:**

**REQUEST FOR PRODUCTION NO. 241**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 17:**  All information FamilyCare contends OHA has not provided as alleged in its Third Amended Complaint at ¶¶ 22, 24, 41, 44, 49, and 53 and all information FamilyCare contends its actuary expert requires to analyze, evaluate and opine on Optumas's Oregon Medicaid rate-setting.

**Deponent Name and Title for Topic No. 17:**

**Page 14 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 14 of 19

**REQUEST FOR PRODUCTION NO. 242**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 18:** FamilyCare's evidentiary support for its assertions in its Third Amended Complaint at ¶ 4 and ¶ 58 that (1) "OHA undertook to implement a smear campaign aimed at undermining FamilyCare in the eyes of the public, its providers, its patients and the Oregon legislature" and (2) "OHA did implement its communications plan, at least in part, by, among other things, sending 'targeted press releases' to The Portland Business Journal, Willamette Week, Portland Tribune, Oregon Public Broadcasting, the Oregonian and The Lund Report. OHA has also sent personalized emails to journalists and conducted other outreach to further its messaging."

**Deponent Name and Title for Topic No. 18:**

**REQUEST FOR PRODUCTION NO. 243**: All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 19:** FamilyCare's communications and communications strategy with the public, its providers, its members, the press, public relations and communications firms, lobbyists, and the Oregon legislature regarding all allegations in FamilyCare's Third Amended Complaint.

**Deponent Name and Title for Topic No. 19:**

**Page 15 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 15 of 19

**REQUEST FOR PRODUCTION NO. 244**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 20:**  FamilyCare's factual investigation into and its support for its assertion in its Third Amended Complaint at ¶ 99 that "Spending under Oregon's Medicaid program is so far below any limit in the Waiver that the Waiver has no practical effect at all on FamilyCare's budget."

**Deponent Name and Title for Topic No. 20:**

**REQUEST FOR PRODUCTION NO. 245**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 21:**  FamilyCare's policies and process for tracking claims and encounter data for its members from 2015 – present.

**Deponent Name and Title for Topic No. 21:**

**REQUEST FOR PRODUCTION NO. 246**:  All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**Page 16 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 16 of 19

**TOPIC NO. 22:** FamilyCare's plans to re-open.

**Deponent Name and Title for Topic No. 22:**

**REQUEST FOR PRODUCTION NO. 247:** All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

**TOPIC NO. 23:** FamilyCare's communications with CMS from 2015 – present related to Oregon's Medicaid rates.

**Deponent Name and Title for Topic No. 23:**

**REQUEST FOR PRODUCTION NO. 248:** All Documents obtained, reviewed, or relied on by the deponent witness in testifying for this topic.

**RESPONSE:**

DATED this 19th day of April, 2018.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By: _____
David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Matthew A. Levin, OSB #003054
MattLevin@MarkowitzHerbold.com
Renée E. Rothauge, OSB #903712
ReneeRothauge@Markowitzherbold.com

**Page 17 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 17 of 19

Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com
    *Special Assistant Attorneys General for*
    *Oregon Health Authority, an agency of the*
    *State of Oregon, and Patrick Allen, both*
    *individually and in his official capacity as*
    *director of the Oregon Health Authority*

FAMIOR\707504

**Page 18 - NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.**

Exhibit 5
Page 18 of 19

# ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2018, I have made service of the foregoing **NOTICE OF VIDEOTAPED DEPOSITION OF FAMILYCARE, INC.** on the party/ies listed below in the manner indicated:

Stephen F. English
Thomas R. Johnson
Alletta Brenner
Brian P. Samuelson
Douglas R. Pahl
Perkins Coie, LLP
1120 NW Couch Street, Tenth Floor
Portland, OR 97209-4128
    *Attorneys for FamilyCare, Inc.*

☐ U.S. Mail
☐ Facsimile
☒ Hand Delivery
☐ Overnight Courier
☒ Email:   SEnglish@perkinscoie.com
                TRJohnson@perkinscoie.com
                ABrenner@perkinscoie.com
                BSamuelson@perkinscoie.com
                DPahl@perkinscoie.com
☐ Odyssey File & Serve™

Matthew P. Gordon (*admitted pro hac vice*)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
    *Attorneys for FamilyCare, Inc.*

☒ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☒ Email:   MGordon@perkinscoie.com
☐ Odyssey File & Serve™

DATED this 19th day of April, 2018.

Matthew A. Levin, OSB #003054
*Special Assistant Attorney General for Oregon Health Authority, an agency of the State of Oregon, and Patrick Allen, both individually and in his official capacity as director of the Oregon Health Authority*

**CERTIFICATE OF SERVICE**

Exhibit 5
Page 19 of 19