UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. ) 6:18-CV-00296-MO ) |
| OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and PATRICK ALLEN, both individually and in his official capacity as Director of Oregon Health Authority, and LYNNE SAXTON, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

VIDEOTAPE DEPOSITION OF

WILLIAM H. MURRAY

Taken in behalf of Oregon Health Authority

\*   \*   \*

July 27, 2018

1120 N.W. Couch, 10th Floor

Portland, OR 97209

Shannon K. Krska,

CSR, CCR

Court Reporter

Exhibit 11
Page 1 of 4

William H. Murray, 7/27/2018          FamilyCare v. OHA, et al.

218

to receive confidential information of other CCOs under the dispute resolution agreement?)

THE WITNESS:  So yes, I had a -- so I answered the -- your -- your question about the con -- part of the question about the confidential piece.

The expectation about getting that was yes, my expectation -- once again, my recollection of the dispute resolution agreement said the parties would agree to share information identified or being necessary by the actuaries and executives needed to resolve the issue.  So there was an expectation of sharing information.

And then you -- the part I answered was about the expectation about confidential information.

Q.    (By Mr. Levin)  I don't think you answered that.

A.    Okay.  Try to --

Q.    Did you have --

A.    -- ask me a question then.

Q.    Did you have an expectation that FamilyCare was entitled to receive confidential

William H. Murray, 7/27/2018          FamilyCare v. OHA, et al.

219

information because of the dispute resolution agreement?

A.   I had a expectation that if there was confidential information, that there was, as I believe I mentioned earlier, a -- a provision in the dispute resolution agreement to -- to address that.  So there was the acknowledgment I think when we entered into that, that if there was confidential information, there was a process to -- to help us resolve that and move the discussions forward.

Q.   Turn to paragraph 151.
Actually, strike that.  We'll put this one away.
Are you aware of an instant messaging program called Mattermost?

A.   No.

Q.   Did you ever use an instant messaging application while you were at FamilyCare?

A.   No, not that I'm aware of.

Q.   Well, okay.  So --

A.   I mean, no, I know of no instant -- I used traditional E-mail --

Q.   Okay.

A.   -- and text at times.  And the telephone

William H. Murray, 7/27/2018        FamilyCare v. OHA, et al.

293

C E R T I F I C A T E

I, Shannon K. Krska, a Certified Shorthand Reporter for Oregon, do hereby certify that, pursuant to stipulation of counsel for the respective parties hereinbefore set forth, WILLIAM H. MURRAY personally appeared before me at the time and place set forth in the caption hereof; that at said time and place I reported in Stenotype all testimony adduced and other oral proceedings had in the foregoing matter; that thereafter my notes were reduced to typewriting under my direction; and that the foregoing transcript, pages 1 to 294, both inclusive, constitutes a full, true and accurate record of all such testimony adduced and oral proceedings had, and of the whole thereof.

Witness my hand and CSR stamp at Vancouver, Washington, this 31st day of July, 2018.

_____

SHANNON K. KRSKA
Certified Shorthand Reporter
Certificate No. 90-0216
Commission Expires: 12/31/20

Schmitt Reporting & Video, Inc.
(360) 695-5554 -- (503) 245-4552 -- (855) 695-5554

Exhibit 11
Page 4 of 4