**Appeal Nos. 19-35103 and 18-35593**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

(19-35103)

FAMILYCARE, INC., an Oregon non-profit corporation,

*Plaintiff-Appellant,*

*v.*

OREGON HEALTH AUTHORITY, an agency of the State of
Oregon; PATRICK ALLEN, in his official capacity as Director of
Oregon Health Authority,

*Defendant-Appellee.*

**-AND-**

(18-35593)

PATRICK ALLEN, in his official capacity as DIRECTOR OF
OREGON HEALTH AUTHORITY, an agency of the state of
Oregon,

*Plaintiff-Appellant,*

*v.*

FAMILYCARE, INC., an Oregon non-profit corporation,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Oregon
No. 6:18-cv-00296 -AND- No. 3:18-cv-00212
Hon. Michael W. Mosman

---

**Plaintiff-Appellant FamilyCare, Inc.'s Opening Brief in
Appeal No. 19-35103**

---

*Counsel listed on inside cover*

Exhibit 13
Page 1 of 6

Furthermore, unlike in *Tolbert*, here the parties did not reach agreement on the fees.  FamilyCare expressly reserved its right to challenge the rates set by OHA when it agreed to the 2017 rate amendment under the terms of the parties' Dispute Resolution Agreement and rejected the 2018 rate amendment entirely.  ER 229, 288 at ¶ 4.

Finally, in *Tolbert*, the customers had no basis to expect any particular type of limits on the bank's fee-setting. Here, federal law and common business practice required that actuarially sound rates.  In fact, as identified above, numerous lengthy federal regulations address rate setting requirements and OHA must set rates accordingly.

### D.  Whether OHA breached its duty of good faith and fair dealing when providing annual rate amendments is an issue of fact that must be determined at trial.

As the district court candidly acknowledged, if the Contract is indeed for a five-year term, then the implied covenant of good faith and fair dealing applies. ER 58.  ("I should make clear if it's not that, if it's, in fact, sort of continuing performance on an original contract, then I do agree with FamilyCare that the parties can have an expectation of good faith and fair dealing that's informed by statutory duties."); *see also id.* at ER 58-59 ("And so my going the other way, my tentative view is if it's not a new contract every year with express terms that sort of erases the application of good faith and fair dealing, then it's certainly plausible

Exhibit 13
Page 2 of 6

that a rational jury in this case could find an understanding of what the offered actuarial terms would be, informed by the relevant statutes that the parties have briefed in this case.").  As the law, the Contract, and the pleadings of both parties are plain on this point, this Court should find that the district court's dismissal of FamilyCare's claim against OHA for violation of its duty of good faith and fair dealing is erroneous as lacking a legal and factual foundation.  Whether OHA complied with its duty of good faith and fair dealing in setting FamilyCare's rates is a question of fact that cannot be resolved on a motion to dismiss.

The covenant of good faith and fair dealing specifically limits how discretion may be exercised under a contract.  *See Scribner v. Worldcom, Inc.*, 249 F.3d 902, 910 (9th Cir. 2001) (observing that "[g]ood faith limits the authority of a party retaining discretion to interpret contract terms; it does not provide a blank check for that party to define terms however it chooses").

Whether a party has breached its duty of good faith and fair dealing is a question of fact to be determined after evaluating the parties' reasonable contractual expectations, as informed by the express contract terms and other extrinsic evidence.  *See Gregory Funding LLC v. Saksoft, Inc.*, No. 3:16-CV-480, 2016 WL 4480693, at *3 (D. Or. Aug. 24, 2016).  Such evidence includes industry standards and practices relevant to the parties' relationship and other evidence in the record developed by the parties.  *Id.* (citing *Iron Horse Eng'g Co., v. Nw.*

-57-

Exhibit 13
Page 3 of 6

*Rubber Extruders, Inc.*, 89 P.3d 1249, 1259 (Or. App. 2004); *Brown v. Am. Prop. Mgmt. Corp.*, 1 P.3d 1051, 1057 (Or. App. 2000)).

Because the district court granted OHA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it did not reach those issues. The case should therefore be remanded so that a jury can determine parties' reasonable expectations under the Contract. As summarized below, the evidence in the record shows that FamilyCare had an objectively reasonable contractual expectation that OHA would set capitation rates that were reasonable, accurate, and in compliance with federal and state Medicaid laws, particularly insofar as OHA was vested with discretion to set rates for CCOs that would determine the financial viability of the CCOs.

Having operated in Oregon's Medicaid market for over 30 years, FamilyCare knew, both from the applicable Medicaid laws and regulations discussed above and other sources, that OHA was required to set actuarially sound capitation rates. ER 260, 691. FamilyCare also knew that OHA had entered an agreement with the federal government, the Section 1115 Waiver, which requires OHA to set actuarially sound rates as a condition of receiving federal Medicaid funding. ER 690. Based on that evidence alone, there is, at a minimum, a factual issue regarding whether OHA breached FamilyCare's reasonable expectation that OHA would set capitation rates in compliance with federal and state Medicaid laws, including laws requiring rates to be actuarially sound. *See, e.g.*, *Rekhter v.*

-58-

Exhibit 13
Page 4 of 6

*State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1042 (Wash. 2014) (observing that "the implied duty of good faith and fair dealing applies when one party has discretion to select the formula or method used to calculate a particular value in the contract" and upholding jury finding that state agency breached that duty in setting contract terms, which were undefined until long after the contracts were executed, regarding the quantity of hours and the types of services for which providers would be compensated).

In sum, the district court erred when it concluded that the implied covenant of good faith and fair dealing did not apply because OHA's rate amendments constituted separate agreements on rate terms. Rather, the parties' relationship is governed by the single, five-year Contract, and the implied covenant of good faith and fair dealing therefore applies to OHA's rate setting under the Contract. And, the question of whether OHA breached the implied covenant is a question of fact for the jury to decide.

## CONCLUSION

For the foregoing reasons, FamilyCare respectfully requests that this Court reverse the district court's orders dismissing FamilyCare's tenth claim for breach of the implied covenant of good faith and fair dealing and fourth and eleventh claims for judicial review under the Oregon APA.

-59-

Exhibit 13
Page 5 of 6

Dated:      June 14, 2019         **PERKINS COIE LLP**

BY:*/s/ Thomas R. Johnson*
    Stephen F. English
    Thomas R. Johnson
    David Robbins
    Matthew P. Gordon
    Heidee Stoller
    Sasha Petrova
    PERKINS COIE LLP
    1120 N.W. Couch Street, 10th Floor
    Portland, OR  97209-4128
    Telephone:  503.727.2000
    SEnglish@perkinscoie.com
    TRJohnson@perkinscoie.com
    DRobbins@perkinscoie.com
    MGordon@perkinscoie.com
    HStoller@perkinscoie.com
    SPetrova@perkinscoie.com

*Attorneys for Appellant*
FamilyCare, Inc.

-60-

Exhibit 13
Page 6 of 6