**Appeal Nos. 19-35103 and 18-35593**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

(19-35103)

FAMILYCARE, INC., an Oregon non-profit corporation,

*Plaintiff-Appellant,*

*v.*

OREGON HEALTH AUTHORITY, an agency of the State of Oregon; PATRICK ALLEN, in his official capacity as Director of Oregon Health Authority,

*Defendants-Appellees.*

**-AND-**

(18-35593)

PATRICK ALLEN, in his official capacity as DIRECTOR OF OREGON HEALTH AUTHORITY, an agency of the state of Oregon,

*Plaintiff-Appellant,*

*v.*

FAMILYCARE, INC., an Oregon non-profit corporation,

*Defendant-Appellee.*

---

On Appeal from the United States District Court
for the District of Oregon
No. 6:18-cv-00296 -AND- No. 3:18-cv-00212
Hon. Michael W. Mosman

---

**Defendant-Appellee FamilyCare, Inc.'s Response Brief in
Appeal No. 18-35593 and Plaintiff-Appellant FamilyCare,
Inc.'s Reply Brief in Appeal No. 19-35103**

---

*Counsel listed on inside cover*

145738149.6

Exhibit 16
Page 1 of 7

unilaterally must nonetheless be exercised in good faith and be based on fair dealing.").

In sum, the district court erred when it concluded on a motion to dismiss that the duty of good faith and fair dealing does not apply, because (1) the original contract was not in the record, (2) in any event, OHA concedes that the parties' relationship was governed by a five-year contract, and (3) the duty of good faith and fair dealing applies to the rate amendments.

## B.     Whether OHA breached the covenant is a question of fact that cannot be decided on a motion to dismiss.

Alternatively, OHA argues that the district court's ruling may be affirmed even if the covenant of good faith and fair dealing applies because FamilyCare's objectively reasonable expectations under the contract were met as a matter of law. OHA Br. at 49–57.  OHA acknowledges that the district court did not reach this issue and asks this Court to consider it for the first time on appeal,[17] relying on one case, *Tolbert v. First Nat'l Bank of Oregon*, 823 P.2d 965 (Or. 1991), to argue that

---

[17]     In fact, the district court suggested that, if the implied covenant applied, FamilyCare's reasonable expectations under the contract should be determined by a factfinder after considering extrinsic evidence such as the rules and statutes governing capitation rates.  *See* ER 58-59 ("[I]f it's not a new contract every year with express terms that sort of erases the application of good faith and fair dealing, then it's certainly plausible that a rational jury in this case could find an understanding of what the offered actuarial terms would be, informed by the relevant statutes that the parties have briefed in this case.").

-48-

145738149.6

Exhibit 16
Page 2 of 7

the only reasonable expectations that FamilyCare could have were that "OHA would amend the rates, provide notice of the amended rates to FamilyCare, submit them to CMS for approval, and pay those approved rates to FamilyCare." OHA Br. at 54.[18]

Even if the record were sufficiently developed to permit such an inquiry, which it is not, OHA's argument would still fail. OHA's reliance on *Tolbert* is misplaced, and its view of FamilyCare's reasonable expectations too narrow. The question is whether FamilyCare could reasonably expect that OHA would offer rates, including rate amendments, that were reasonable, accurate, and in compliance with federal and state Medicaid laws. In the absence of an express agreement between the parties to the contrary, the answers to these questions require a fact-specific inquiry based on the contract and extrinsic evidence, including the regulatory framework governing capitation rates and industry practices. Such an inquiry is not appropriate on a motion to dismiss.

---

[18]   As noted, OHA's characterization of the process for CMS review of state-submitted rates is incorrect, as CMS did not approve the 2017 rates until well after the date CCOs had to sign the contract amendment, and CMS has not approved the 2018 rates. ER 291-94; ER 426 (2017 rate amendment, signed on December 30, 2016). OHA therefore does not "pay those approved rates to FamilyCare," but instead pays proposed rates well before CMS has reviewed the rates for actuarial soundness.

-49-

145738149.6

Exhibit 16
Page 3 of 7

### 1.    The scope of FamilyCare's reasonable contractual expectations cannot be determined on a motion to dismiss.

OHA claims that a party's reasonable contractual expectations can be determined on a motion to dismiss.  But the determination of a party's reasonable contractual expectations is a question of fact that must be determined in view of the contract and other extrinsic evidence, such as industry standards and practices. *See Hilfiker Square, LLC v. Thrifty Payless, Inc.*, Case No. 6:16-cv-01885-MC, 2018 WL 358495, at *4 (D. Or. Jan. 10, 2018) (explaining that "while an implied duty of good faith will often exist by operation of law, its precise contours are always case specific and dependent upon specific evidence"); *Gregory Funding, LLC v. Saksoft, Inc.*, No. 3:16-cv-480-SI, 2016 WL 4480693, at *3 (D. Or. Aug. 24, 2016) (concluding that "the reasonable expectations of the parties may include [extrinsic] evidence"); *Iron Horse Eng'g Co. v. Nw. Rubber Extruders, Inc.*, 89 P.3d 1249, 1259 (Or. App. 2004) (duty of good faith and fair dealing "involves industry standards and practices that attach to agreements entered into by the parties").

As a result, disputes regarding the reasonableness of the parties' expectations are often not resolved even at the summary judgment stage, much less on a motion to dismiss.  *See*, *e.g.*, *Best v. U.S. Nat'l Bank of Oregon*, 739 P.2d 554, 559 (Or. 1987) (reversing summary judgment because the evidence raised genuine issues of material fact as to whether bank breached good faith obligations);

-50-

Exhibit 16
Page 4 of 7

*Morrow v. Red Shield Ins. Co.*, 159 P.3d 384, 389 (Or. App. 2007) (summary judgment inappropriate because question of whether defendant breached duty of good faith and fair dealing was for the factfinder); *Swenson v. Legacy Health Sys.*, 9 P.3d 145, 150 (Or. App. 2000) (same); *see also Brown v. Am. Prop. Mgmt. Corp.*, 1 P.3d 1051, 1057 (Or. App. 2000) (affirming denial of motion for directed verdict based on a "review of the record," which included "evidence . . . from which a jury could have concluded that defendant exercised its authority . . . in bad faith").

By contrast, the few cases where courts have ruled on the parties' expectations at the motion to dismiss stage are clearly distinguishable because they involve plaintiffs who claimed to have a reasonable expectation to something that was either directly contrary to, or found absolutely no support in, the terms of the contract itself.  *See*, *e.g.*, *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 891 P.2d 639, 645 (Or. 1995) (en banc) (affirming dismissal of a claim for breach of implied covenant where the contract expressly allowed a bank to foreclose in the event of a breach, and where the alleged violation of the duty of good faith was premised on the Bank's invocation of that express contractual right); *Klamath Off-Project Water Users, Inc. v. Pacificorp*, 240 P.3d 94, 101 (Or. App. 2010) (concluding that there could be no objectively reasonable expectation that a utility company could not seek to modify or terminate the rate in a 50-year-old agreement

-51-

145738149.6

Exhibit 16
Page 5 of 7

that was silent both as to its duration and the authority of the company to issue such a rate increase).  That is not the case here.  The legislature mandated a five-year contract term, OHA was obligated to provide rate amendments each year, and OHA had discretion in rate-setting that was cabined both by contractual requirements, *e.g.*, that the rates be "actuarially set," ER 545, and federal law directly applicable to rate-setting.

### 2.    The District Court properly recognized that FamilyCare's reasonable expectations created an issue of fact.

The district court correctly noted that it would be inappropriate to rule on the issue of reasonable expectations at the motion to dismiss stage.  *See* ER 58-59 (observing that, if the duty of good faith applied, "a rational jury in this case could find an understanding of what the offered actuarial terms would be, informed by the relevant statutes that the parties have briefed in this case").

FamilyCare care adequately pled that it had reasonable expectation of actuarially sound rates.  FamilyCare alleged that it had an objectively reasonable expectation, based on the contract and applicable law, that OHA would offer capitation rate amendments "that were reasonable, unbiased, actuarially sound, and free of errors in the underlying data and methodology."  ER 377 ¶ 151.[19]  Although

---

[19]    When OHA moved to dismiss FamilyCare's breach of contract claim, the operative complaint was the Third Amended Complaint ("TAC").  FER 5-59 (TAC).  FamilyCare filed its Fourth Amended Complaint ("FAC") during the parties' briefing on FamilyCare's motion for reconsideration.  ER 837, 841-43,

-52-

Exhibit 16
Page 6 of 7

## CONCLUSION

For the foregoing reasons, FamilyCare respectfully requests that the Court affirm the district court's dismissal of OHA's declaratory judgment action, reverse the district court's dismissal of FamilyCare's breach of contract claim, and reverse the district court's grant of summary judgment on FamilyCare's claims under the Oregon APA.

Dated:    September 27, 2019          **PERKINS COIE LLP**


BY: */s/ Matthew P. Gordon*
      Stephen F. English
      Thomas R. Johnson
      David Robbins
      Matthew P. Gordon
      Heidee Stoller
      Sasha Petrova
      PERKINS COIE LLP
      1120 N.W. Couch Street, 10th Floor
      Portland, OR  97209-4128
      Telephone:  503.727.2000
      SEnglish@perkinscoie.com
      TRJohnson@perkinscoie.com
      DRobbins@perkinscoie.com
      MGordon@perkinscoie.com
      HStoller@perkinscoie.com
      SPetrova@perkinscoie.com

   *Attorneys for Appellant*
   FamilyCare, Inc.

-57-

145738149.6

Exhibit 16
Page 7 of 7