**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Matthew J. Mertens**, OSB No. 146288
MMertens@perkinscoie.com
**Sasha Petrova,** OSB No. 154008
SPetrova@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Matthew Gordon**, *pro hac vice*
MGordon@perkinscoie.com
**David B. Robbins**, OSB No. 070630
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

FAMILYCARE, INC., an Oregon non-profit corporation,

Plaintiff,

v.

OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,

Defendants.

No. 6:18−cv−00296−MO

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON LYNN SAXTON'S FIFTH AFFIRMATIVE DEFENSE**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1
II. ARGUMENT .......... 2
A. The Limitation of Liability provision in the Contract unambiguously applies only to the contracting parties, which Saxton is not. .......... 2
B. Saxton's other novel, policy-based arguments do not change the analysis. .......... 5
III. CONCLUSION .......... 7



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Briggs v. Merck Sharp & Dohme*,
796 F.3d 1038 (9th Cir. 2015) ....................5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....................5, 6

*Deerfield Commodities v. Nerco, Inc.*,
72 Or. App. 305, 696 P.2d 1096, *rev. den.*, 299 Or. 314, 702 P.2d 1111 (1985) ....................3

*Harris v. Warren Family Props., LLC*,
207 Or. App. 732, 143 P.3d 548 (2006)....................5

*Hirsovescu v. Shangri-La Corp.*,
113 Or. App. 145, 831 P.2d 73 (1992)....................6

*Kentucky v. Graham*,
473 U.S. 159 (1985)....................7

*Manley v. City of Coburg*,
282 Or. App. 834, 387 P.3d 419 (2016)....................4

*SCI Collaboration, LLC v. Sports Car Int'l, LLC*,
No. 3:20-cv-170-AC, 2020 WL 6531912 (D. Or. Nov. 5, 2020) ....................2

*Wampler v. Palmerton*,
250 Or. 65, 439 P.2d 601 (1968) ....................6

*Wellington v. Lane Cnty*,
No. 09-6063-AA, 2009 WL 2252100 (D. Or. July 27, 2009)....................6

*Williams v. RJ Reynolds Tobacco Co.*,
351 Or. 368, 271 P.3d 103 (2011) ....................2

*Yogman v. Parrott*,
325 Or. 358, 937 P.2d 1019 (1997) ....................2, 5

**STATUTES**

42 U.S.C. § 1983....................1, 2, 5, 7

ORS 42.230....................2



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

## I. INTRODUCTION

FamilyCare's motion stands on plain and unambiguous contractual language that expressly (1) makes the Oregon Health Authority ("OHA") and FamilyCare the sole parties to the CCO Contract ("Contract"), (2) restricts the Limitation of Liability provision to those two parties, and (3) disclaims the rights of any third parties to obtain any benefit of the Contract unless expressly provided. Despite that, Saxton asserts that there is an ambiguity as to whether—through uncited language or inferred (but factually unsupported) intention of the actual contracting parties—the Contract's Limitation of Liability provision encompasses OHA employees allegedly acting within the scope of their employment. That argument would require the Court to rewrite the Contract, engineer new Oregon contract law, and reverse decades of law under 42 U.S.C. § 1983.

Saxton's argument defies the clear wording of the Contract and its plain meaning, which renders her position meritless as a matter of law. Indeed, Saxton fails to address the Contract language cited and relied upon by FamilyCare. Specifically, Saxton fails to meaningfully address the Contract's express statement that "OHA and [FamilyCare] are the only parties to this Contract and are the only parties entitled to enforce its terms." ECF 433-13 at 147 (Ex. D, § 19). She ignores that the Contract also expressly and clearly provides that no rights or benefits under the Contract are bestowed on anyone else unless the Contract expressly identifies them by name and describes them as intended beneficiaries. *Id.* Saxton, of course, cannot claim to have been so identified—indeed, her name appears nowhere in the Contract, nor did she sign it. Saxton also fails to acknowledge that the Contract expressly identifies certain OHA personnel in the "Indemnity" and "Additional Insured" provisions, which shows that the parties knew how to include employees in contractual provisions when they so intended.

Perhaps recognizing the lack of contractual text to support her position, Saxton claims that the parties must have intended to encompass their employees in the Limitation of Liability



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

provision—without proffering any corresponding evidence whatsoever from the named parties to the Contract. Saxton also offers no court opinion construing a contractual limitation of liability clause in favor of employees of the contracting parties. She further claims that the § 1983 constitutional claim should be seen as a tortious interference claim, though she identifies neither allegations from the Complaint to that effect nor reasons to do so.

The Court should grant summary judgment against Saxton's Fifth Affirmative Defense. As FamilyCare explained in its motion, Saxton cannot invoke the Limitation of Liability provision of the Contract because she is unambiguously neither a party to nor a beneficiary of that Contract.

## II. ARGUMENT

### A. The Limitation of Liability provision in the Contract unambiguously applies only to the contracting parties, which Saxton is not.

The contractual analysis here need not go past the first step of the *Yogman* framework, *see Yogman v. Parrott*, 325 Or. 358, 937 P.2d 1019 (1997), because the Contract, including the Limitation of Liability provision, is unambiguous, and the words cannot reasonably be given the meaning posited by Saxton. *Williams v. RJ Reynolds Tobacco Co.*, 351 Or. 368, 379, 271 P.3d 103, 109 (2011) (unambiguous language should be interpreted per its plain meaning as a matter of law); *see also* ORS 42.230 (Oregon courts are to construe instruments "to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all"); *SCI Collaboration, LLC v. Sports Car Int'l, LLC*, No. 3:20-cv-170-AC, 2020 WL 6531912, at *3 (D. Or. Nov. 5, 2020) (in determining ambiguity, courts are largely limited to "considering only the plain meaning of the *words used by the parties in their contract*" (emphasis added; internal quotation marks omitted) (citing *Batzer Const., Inc. v. Boyer*, 204 Or. App. 309, 314, 129 P.3d 773 (2006))).



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

The Limitation of Liability provision unambiguously limits its effect to the two parties to the Contract. ECF 433-13 at 144 (2017 Amendment, Ex. D, § 11.a.) ("*NEITHER* PARTY SHALL BE LIABLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING OUT OF OR RELATED TO THIS CONTRACT." (emphasis added; boldface omitted)). The Contract is unambiguous as to who those two parties are: its first substantive page expressly identifies and defines the "Parties" as FamilyCare (the "Contractor") and "the State of Oregon, acting by and through its Oregon Health Authority." ECF 433-13 (2017 Amendment to CCO Contract) at 7. Absent is any corresponding reference to Saxton or a description of how the Contract might benefit her as she contends. She cites no terms suggesting that the two named parties are actually hundreds or thousands of parties that include OHA's and FamilyCare's officers, agents, and employees.

The Contract reiterates the identification of the two parties in its exclusivity provision that expressly and unqualifiedly states that OHA and FamilyCare "are the *only* parties to this Contract." ECF 433-13 at 147 (Ex. D, § 19). The same paragraph then rejects the notion that anything "in this Contract gives, is intended to give or shall be construed to give or provide any benefit or right" to any third parties unless "such third parties are individually identified herein and expressly described as intended beneficiaries of the terms of this Contract." *Id*. As such, the Contract unambiguously identifies the parties and disclaims the rights of anyone else to benefit from its terms.

Saxton fails to squarely address either the exclusivity provision or the provision disclaiming third party beneficiaries. While she quibbles with the exclusivity provision's reference to enforceability by third parties because she "is not asserting that she is seeking to enforce rights under the contract as a third party," ECF 514 at 11, indeed she is under the exclusivity provision, and she fails to recognize the rest of the paragraph, contrary to Oregon's principles of contractual interpretation. *See Deerfield Commodities v. Nerco, Inc.*, 72 Or. App. 305, 319, 696 P.2d 1096, 1106, *rev. den.*, 299 Or. 314, 702 P.2d 1111 (1985) (holding that courts



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

must consider the contract "as a whole" when determining ambiguity). She ignores both its first clause—which expressly states that OHA and FamilyCare are the "only parties" to the Agreement—and the final sentence—which expressly proscribes construing the Contract to bestow "any benefit or right, whether directly, indirectly or otherwise" on anyone else unless expressly identified.

Saxton also ignores that the Contract references OHA's employees and officers in the indemnity and insurance provisions, which demonstrates that the parties knew how to, and indeed did, expressly identify individuals like Saxton to be eligible for certain—unrelated—contractual benefits when the parties deemed appropriate. *See* ECF 512 at 6; ECF 433-13 at 138-39 (indemnification provision requiring FamilyCare to "DEFEND, SAVE, HOLD HARMLESS AND INDEMNIFY THE STATE OF OREGON AND OHA *AND THEIR OFFICERS, EMPLOYEES, AND AGENTS*") (boldface omitted; small caps in original; emphasis added); *id.* at 166 (provision requiring insurance to include "the State of Oregon, its officers, employees and agents as 'Additional Insureds'").

Saxton's only text-based argument interpreting the Limitation of Liability provision is that it should be construed inclusively because it broadly encompasses "all claims" arising from the Contract. *See* ECF 514 (Saxton's Opp.) at 11. Putting aside that the term "all claims" appears nowhere in the provision, this confuses the subject matter of the release with the entities that are released, and it is the identity of the released parties that is the basis for the motion. Regardless, a broad subject matter release given to identified parties does not cause reasonable persons to doubt who those parties are where the contract *expressly defines* them and further confirms that "OHA and Contractor [FamilyCare] are the only parties to this Contract." ECF 433-13 at 147; *see Manley v. City of Coburg*, 282 Or. App. 834, 839, 387 P.3d 419, 423 (2016) ("The mere fact that parties to a contract urge competing interpretations of that agreement does not compel a conclusion of ambiguity.").



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

Saxton also tries to establish an ambiguity by asserting that the parties "understood that employees acting within the scope of their employment are inherently covered by the defined term 'OHA'" because, otherwise, "the Parties would be subjecting their employees to personal liability in the event of any alleged breach of contract." ECF 514 (Saxton's Opp.) at 2, 10. Saxton offers no evidence to support this contention, nor has either contracting party endorsed it. Even if she had proffered evidence, contractual ambiguities cannot be established through extrinsic evidence unless there is language in the contract that is susceptible to being construed to carry out that intent. *Harris v. Warren Family Props., LLC*, 207 Or. App. 732, 738, 143 P.3d 548, 551 (2006). Regardless, Saxton's bare allegations are insufficient to satisfy her burden as the nonmovant on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).[1, 2]

**B. Saxton's other novel, policy-based arguments do not change the analysis.**

Saxton's other arguments are specious. She first tries to recast FamilyCare's constitution-based § 1983 claim as one for tortious interference with contractual relations to avail herself of case law bearing on such tortious interference claims. ECF 514 at 1-2, 4-5. Again, her claim defies the terms of FamilyCare's Complaint, which determines the parameters of the claim. *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1049 (9th Cir. 2015) (defendants cannot "transform plaintiffs from masters of their complaints into servants of defendants'

---

[1] Although the threshold question of ambiguity is one of law, whether the ambiguity can be resolved in Saxton's favor is a question of fact. *Yogman*, 325 Or. at 364, 937 P.2d at 1022. Thus, Saxton still bears the burden on summary judgment to establish a genuine issue of fact by pointing to record evidence upon which a jury could resolve the ambiguity in her favor. She cites none whatsoever.

[2] Even the inferred intent Saxton offers lacks common sense. Had FamilyCare and OHA wished to protect their employees by making them parties to the Contract, they could have done so expressly. But making them parties to the Contract would have subjected them to claims for breach of contract for which a Limitation of Liability clause for breach claims might have been appropriate, although as written it would have exposed them to direct damages and the like. The Contract reveals that the parties decided against subjecting their respective employees to such liabilities.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

litigation strategy"). As should be well-known by this point in the litigation, FamilyCare sued Saxton for retaliating against FamilyCare in violation of FamilyCare's constitutional rights after FamilyCare publicly opposed OHA's Medicaid rate-setting practices. *See* Fifth Am. Compl., ECF 429, at ¶¶ 79-89 (First Claim for Relief: Deprivation of Civil Rights).

In any event, Saxton's hoped-for relief does not exist in the tortious interference cases she cites: The cases do not hold that employees become "parties" to employers' contracts. Instead, they sensibly find that employees may be shielded from tortious interference liability based on a contract to which their employer was a party if they were acting within the scope of employment. *See, e.g.*, *Wampler v. Palmerton*, 250 Or. 65, 76, 439 P.2d 601, 607 (1968) ("Since the plaintiff alleges that the defendants were acting to benefit the corporation, the motivation attributed to them establishes privilege and is insufficient to render them liable for the tort of interference with a contract."); *Wellington v. Lane Cnty*, No. 09-6063-AA, 2009 WL 2252100, at *3 (D. Or. July 27, 2009) ("[E]mployees are shielded from liability for interference with economic relations between their employing corporation and other individuals, so long as the employee is 'acting within the scope of his employment and for [the] benefit of the corporation.'") (citation omitted). Saxton fails to cite any authority that an employee is a party to her employer's contract when acting within the scope of employment, likely because this argument conflicts with well-settled agency law. *See Hirsovescu v. Shangri-La Corp.*, 113 Or. App. 145, 147, 831 P.2d 73, 74 (1992) ("Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." (quoting Restatement (Second) Agency § 320)); *see also* ECF 512 at 6, n.5 (citing *Hirsovescu*). Regardless, summary judgment is still warranted here because Saxton identifies no



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

specific record evidence from which a jury could find that she actually acted within the scope of employment. *Celotex*, 477 U.S. at 322-24 (discussing a nonmovant's burden).[3]

Finally, Saxton's argument—that she is effectively the state by virtue of her role with OHA—would turn § 1983 civil rights law on its head, where a lawsuit against a government employee may proceed in her personal capacity but not in her official capacity or against the state itself. *See* ECF 512, at 8, n.7. An official sued in her personal capacity under § 1983 enjoys defenses that are unavailable to the state. *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). Indeed, Saxton has previously availed herself of such personal-capacity defenses in this action and continues to do so now. *See*, *e.g.*, ECF 500, Saxton's Answer to Fifth Am. Compl. ¶ 44 (Third Affirmative Defense: Qualified Immunity). Having failed to secure dismissal of FamilyCare's claim by invoking a § 1983 personal-capacity defense, Saxton should not be permitted to avoid personal liability by invoking OHA's contractual defenses.

## III. CONCLUSION

Here, because the Contract unambiguously makes the two parties to the Contract, OHA and FamilyCare, the only such parties, and disclaims anyone else from obtaining Contract benefits unless expressly provided, and because Saxton can point to no such other provision, Saxton's argument under the Limitation of Liability provision is unavailing. The Court should grant FamilyCare's Motion.

---

[3] Saxton's proposed reasoning would also allow absurd results in which any state actor could avoid constitutional liability whenever the government and the plaintiff are parties to an existing contract that contains a boilerplate limitation-of-liability clause.



**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

DATED: January 28, 2022

**PERKINS COIE LLP**

By: *s/ David B. Robbins*

**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*