**Stephen F. English**, Bar No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, Bar No. 010645
TRJohnson@perkinscoie.com
**Matthew J. Mertens**, Bar No. 146288
MMertens@perkinscoie.com
**Sasha Petrova**, Bar No. 154008
SPetrova@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew P. Gordon**, *pro hac vice*
MGordon@perkinscoie.com
**David B. Robbins**, Bar No. 070630
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,<br><br>    Defendants. | Case No. 6:18-cv-00296-MO<br><br>**PROPOSED VERDICT FORMS** |

1-    PROPOSED VERDICT FORMS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax: 503.727.2222

The parties conferred by telephone and email.  They were unable to reach agreement on a joint verdict form.  The parties, therefore, submit two proposed verdict forms, one for plaintiff FamilyCare, and one for defendants the Oregon Health Authority and Lynne Saxton.

**FAMILYCARE'S PROPOSED VERDICT FORM**

We, the jury, being first duly empaneled and sworn in the above-entitled cause, do find as follows:

**A.      FamilyCare's Breach of Settlement Agreement Claim Against OHA**

**Question 1:** Did FamilyCare prove that it is more probably true than not true that OHA breached the 2016 Settlement Agreement?

              ANSWER:         YES _____ NO _____

If "yes," please proceed to Question 2.  If "no," please proceed to Question 3.

**Question 2:** What are FamilyCare's damages, if any, for OHA's breach of the 2016 Settlement Agreement?

              ANSWER:_____

Please proceed to Question 3.

**B.      FamilyCare's Breach of the Duty of Good Faith and Fair Dealing Claim on the Five-Year Contract Against OHA**

**Question 3:** Did FamilyCare prove that it is more probably true than not true that OHA breached its duty of good faith and fair dealing on the Five-Year Contract?

              ANSWER:         YES _____ NO _____

If "yes," please proceed to Question 4.  If "no," please proceed to Question 5.

2-    PROPOSED VERDICT FORMS

155971962.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Question 4:** What are FamilyCare's damages, if any, for OHA's breach of the duty of good faith and fair dealing on the Five-Year Contract?

ANSWER:_____

Please proceed to Question 5.

**C.    FamilyCare's Section 1983 Claim Against Ms. Saxton**

**Question 5:** Did FamilyCare prove its Section 1983 claim against Ms. Saxton by a preponderance of the evidence?

ANSWER:        YES _____ NO _____

If "yes," you must award damages for FamilyCare in response to Question 6.  If "no," do not answer Question 6.  The presiding juror should sign the form and contact the clerk.

**Question 6:** What damages do you award FamilyCare?

ANSWER:_____

Please have your foreperson sign and date this Verdict Form.

DATED this _____ day of _____, 2022.

_____
Foreperson

**OREGON HEALTH AUTHORITY AND LYNNE SAXTON'S PROPOSED VERDICT FORM**

We, the jury, unanimously find as follows:

3-    PROPOSED VERDICT FORMS

155971962.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**I.**    Claim for Relief—Breach of 2016 Settlement Agreement (Oregon Health Authority)

1.    Did plaintiff prove its claim for breach of the 2016 Settlement Agreement against OHA by the preponderance of the evidence?

ANSWER: _____ (Yes or No)

In you answered Yes, proceed to the next question.  If you answered No, proceed to question 3.

2.    Damages

a.    Did plaintiff prove by the preponderance of evidence that OHA caused it damages?

ANSWER: _____ (Yes or No)

If you answered Yes, proceed to the next question.  If you answered No, proceed to question 3.

b.    Are plaintiff's lost profits and loss of enterprise value damages barred by the limitation of liability in the CCO Contract?[1]

ANSWER: _____ (Yes or No)

If you answered Yes, you may not consider lost profits and loss of enterprise value damages as part of your answer to the next question.

c.    What are plaintiff's damages?

ANSWER: $_____ (Determine an amount between $0 and $24.8 million.)

d.    Did plaintiff fail to make reasonable efforts to minimize its damages or to prevent an avoidable increase in damages?

ANSWER: _____ (Yes or No)

If you answered Yes, proceed to the next question.  If you answered No, proceed to subpart f.

e.    How much of plaintiff's damages could plaintiff have avoided if it made reasonable efforts to minimize its damages or to avoid increasing its damages?

---

[1] To be included only if the Court does not decide this question as a matter of law or in pre-trial / trial motions.

4-    PROPOSED VERDICT FORMS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

155971962.2

ANSWER: $_____ .

    f.      Are any of plaintiff's damages barred by the release in the Settlement Agreement?

ANSWER: _____ (Yes or No)

> If you answered Yes, proceed to the next question. If you answered No, proceed to question 3.

    g.      How much of plaintiff's damages are barred by the release in the Settlement Agreement?

ANSWER: $_____ .

Proceed to the next question.

**II.**    Claim for Relief—Breach of the implied duty of good faith and fair dealing in the Coordinated Care Organization Contract ("CCO Contract") (Oregon Health Authority)

3.    Is plaintiff estopped from asserting a claim for breach of the implied duty of good faith and fair dealing because plaintiff represented to OHA (i) that "OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval," and (ii) "OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year" and OHA set plaintiff's rates in reliance on plaintiff's representations?

ANSWER: _____ (Yes or No)

> If you answered Yes, proceed to question 6. If you answer No, proceed to the next question.

4.    Did Plaintiff prove its claim for breach of the implied duty of good faith and fair dealing in the CCO Contract against OHA by the preponderance of the evidence?

ANSWER: _____ (Yes or No)

> If you answered Yes, proceed to the next question. If you answered No, proceed to question 6.

5.    Damages

    a.      Did plaintiff prove by the preponderance of evidence that OHA caused it damages?

ANSWER: _____ (Yes or No)

5-   PROPOSED VERDICT FORMS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

If you answered Yes, proceed to the next question.  If you answered No, proceed to question 6.

b.      Are plaintiff's lost profits and loss of enterprise value damages barred by the limitation of liability in the CCO Contract?[2]

ANSWER: _____ (Yes or No)

If you answered Yes, you may not consider lost profits and loss of enterprise value damages as part of your answer to the next question.

c.      What are plaintiff's damages?

ANSWER: $_____ (Determine an amount between $0 and $_____.[3])

d.      Did plaintiff fail to make reasonable efforts to minimize its damages or to prevent an avoidable increase in damages?

ANSWER: _____ (Yes or No)

If you answered Yes, proceed to the next question.  If you answered No, proceed to subpart f.

e.      How much of plaintiff's damages could plaintiff have avoided if it made reasonable efforts to minimize its damages or to avoid increasing its damages?

ANSWER: $_____.

f.      Are any of plaintiff's damages barred by the release in the Settlement Agreement?

ANSWER: _____ (Yes or No)

If you answered Yes, proceed to the next question.  If you answered No, sign and date this form.

g.      How much of plaintiff's damages are barred by the release in the Settlement Agreement?

ANSWER: $_____.

---

[2] To be included only if the Court does not decide this question as a matter of law or in pre-trial / trial motions.

[3] To be determined based on pre-trial / trial motions / evidence.

6-    PROPOSED VERDICT FORMS

155971962.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**III.** Claim for Relief—Deprivation of civil rights (Lynne Saxton)

6. Has FamilyCare proven by a preponderance of the evidence that it was deprived of its civil rights under the First Amendment of the United States Constitution?

ANSWER: _____ **Yes** _____ **No**

> If the answer is "Yes" – go on to Question 7. If the answer is "No" – your verdict is for Lynne Saxton.  Sign and date this form.

7. Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the *cause-in-fact* of that deprivation of civil rights?

ANSWER: _____ **Yes** _____ **No**

> If the answer is "Yes" – go on to Question 8. If the answer is "No" – your verdict is for Lynne Saxton.  Sign and date this form.

8. Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the *proximate cause* of that deprivation of civil rights?

ANSWER: _____ **Yes** _____ **No**

> If the answer is "Yes" – go on to Question 9.  If the answer is "No" – your verdict is for Lynne Saxton.  Sign and date this form.

9. Has FamilyCare proven that it suffered economic damages as a direct result of that deprivation of civil rights?

ANSWER: _____ **Yes** _____ **No**

> If the answer is "Yes" – go on to Question 10.  If the answer is "No" – go to Question No. 14.

10. Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the cause of those economic damages?

ANSWER: _____ **Yes** _____ **No**

> If the answer is "Yes" – go on to Question 11.  If the answer is "No" – go to Question No. 14.

11. What amount of economic damages has FamilyCare proven to have been caused by Lynne Saxton?

ANSWER: Amount: _____.

7- PROPOSED VERDICT FORMS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

155971962.2

Go on to Question No. 12.

12. Has FamilyCare undertaken reasonable action to mitigate those economic damages?

ANSWER: _____ **Yes** _____ **No**

If the answer is "Yes"—please have the jury foreperson sign and return this Verdict Form. If the answer is "No"- go on to question 13.

13. By what amount should FamilyCare's economic damages be reduced as a result of FamilyCare's failure to undertake reasonable actions to mitigate its damages?

**Amount: _____ .**

**Total Economic Damages Award against Ms. Saxton: _____ .**

14. Having answered "No" to Question No. 4; you are nonetheless required under the law to award FamilyCare a "nominal" amount of damages ranging from one cent to one dollar. Please enter an amount between one cent and one dollar below.

**Nominal Damages Amount: _____ .**

The presiding juror should sign and date this form.

DATED: May _____, 2022

By: _____

Presiding Juror

8-    PROPOSED VERDICT FORMS

155971962.2

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

DATED:  March 7, 2022

**PERKINS COIE LLP**

By: */s/ Thomas R. Johnson*
    **Stephen F. English**, OSB No. 730843
    SEnglish@perkinscoie.com
    **Thomas R. Johnson** (OSB No. 010645)
    TRJohnson@perkinscoie.com
    **Matthew J. Mertens** (OSB No. 146288)
    MMertens@perkinscoie.com
    **Sasha Petrova** (OSB No. 154008)
    SPetrova@perkinscoie.com
    PERKINS COIE LLP
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone:    503.727.2000
    Facsimile:    503.727.2222

    **Matthew P. Gordon** (admitted *pro hac vice*)
    MGordon@perkinscoie.com
    **David B. Robbins** (OSB No. 070630)
    DRobbins@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone:    206.359.8000
    Facsimile:    206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

**MARKOWITZ HERBOLD PC**

By: */s/ Harry R. Wilson*
    **David B. Markowitz** (OSB No. 742046)
    davidmarkowitz@markowitzherbold.com
    **Laura R. Salerno Owens** (OSB No. 076230)
    laurasalerno@markowitzherbold.com
    **Harry B. Wilson** (OSB No. 077214)
    harrywilson@markowitzherbold.com
    1455 SW Broadway, Suite 1900
    Portland, OR 97201
    Telephone:    503.295.3085
    Facsimile:    503.323.9105

**OREGON DEPARTMENT OF JUSTICE**

    **Carla Scott** (OSB No.
    carla.a.scott@doj.state.or.us
    100 SW Market Street
    Portland, OR 97201
    Telephone:    971.673.1880
    Facsimile:    971.673.5000

*Attorneys for Defendant Oregon Health
Authority*

9-    PROPOSED VERDICT FORMS

155971962.2

**BARRAN LIEBMAN LLP**

By: */s/ Chris M. Morgan*

    **Chris M. Morgan** (OSB No. 175384)
cmorgan@barran.com
**Edwin A. Harnden** (OSB No. 721129)
eharnden@barran.com
601 SW Second Avenue, Suite 2300
Portland, OR 97201
Telephone:     503.228.0500
Facsimile:     503.274.1212

*Attorneys for Defendant Lynne Saxton*

10-   PROPOSED VERDICT FORMS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

155971962.2