**Stephen F. English** (OSB No. 730843)
SEnglish@perkinscoie.com
**Thomas R. Johnson** (OSB No. 010645)
TRJohnson@perkinscoie.com
**Matthew J. Mertens** (OSB No. 146288)
MMertens@perkinscoie.com
**Sasha Petrova** (OSB No. 154008)
SPetrova@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

**Matthew P. Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins** (OSB No. 070630)
DRobbins@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>**OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**,<br><br>Defendants. | Case No. 6:18-cv-00296-MO<br><br>**JOINT PROPOSED JURY INSTRUCTIONS** |

In accordance with the Amended Trial Management Order (ECF 503), the parties

respectfully submit the following Joint Proposed Jury Instructions for the Court's review.  The

JOINT PROPOSED JURY INSTRUCTIONS

parties request all jury instructions be given to the jurors orally and in writing prior to jury deliberations.

The parties reserve the right to submit additional or modified instructions, including but not limited to the submission of additional or modified instructions that are based upon the Court's rulings at the pretrial conference, or based upon evidence elicited during trial.

This filing designates the instructions that the parties have agreed upon. In addition, the filing incorporates alternative proposed instructions on which the parties have conferred but have been unable to come to an agreement.

On March 14, 2022, the parties will provide the Court with objections and brief analysis (with any relevant legal authority) as to why one instruction should be given over the other relating to the instructions with which they do not agree. In submitting these joint jury instructions, the parties do not intend to waive any objections relating to the proposed instructions.

JOINT PROPOSED JURY INSTRUCTIONS

## JOINT INSTRUCTIONS

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| | | | PROPOSED PRELIMINARY INSTRUCTIONS | | |
| 1 | **Duty of Jury (Beginning)** | X | | | |
| 2 | **Claims and Defenses** | | Requests 2-a | Requests 2-b | Requests 2-c |
| 3 | **Two or More Parties** | X | | | |
| 4 | **Nonprofit Corporations—Fair Treatment** | | Requests 4-a | Requests 4-b | Requests 4-b |
| 5 | **Principals and Agents** | | Requests | No position | Objects[1] |
| 6 | **Burden of Proof** | X | | | |
| 7 | **What is Evidence** | X | | | |
| 8 | **What is Not Evidence** | X | | | |
| 9 | **Direct and Circumstantial Evidence** | X | | | |
| 10 | **Ruling on Objections** | X | | | |
| 11 | **Credibility of Witnesses** | X | | | |
| 12 | **Conduct of the Jury** | X | | | |

---

[1] "Objects" means that the party objects to the requested instruction in its entirety.

1-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| 13 | **Publicity During Trial** | X | | | |
| 14 | **No Transcript Available to Jury** | X | | | |
| 15 | **Taking Notes** | X | | | |
| 16 | **Bench Conferences and Recesses** | X | | | |
| 17 | **Outline of Trial** | X | | | |
| PROPOSED INSTRUCTIONS IN THE COURSE OF TRIAL | | | | | |
| 18 | **Cautionary Instructions** | X | | | |
| 19 | **Impeachment Evidence** | X | | | |
| 20 | **Expert Opinion** | X | | | |
| 21 | **Deposition in Lieu of Live Testimony** | X | | | |
| 22 | **Evidence for Limited Purpose** | X | | | |
| 23 | **Charts and Summaries Not Received in Evidence** | X | | | |
| 24 | **Charts and Summaries Received in Evidence** | X | | | |
| PROPOSED END-OF-CASE INSTRUCTIONS | | | | | |

2- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| 25 | **Duty of Jury (End)** | X | | | |
| 26-34 | **[Repeat Instructions]** | | Requests | Repeats above objections | Repeats above objections |
| 35 | **Deleted Evidence** | | Requests | Objects | Objects |
| 36 | **Contract Defined** | | Requests 36-a | Requests 36-b | No position |
| 36.1 | **Ambiguity in Contract** | | Objects | Requests | No position |
| 36.2 | **Resolving Ambiguity in Contract** | | Objects | Requests | No position |
| 37 | **Breach of Contract** | | Requests 37-a | Requests 37-b | No position |
| 37.1 | **Affirmative Defense— Estoppel** | | Objects | Requests | No position |
| 38 | **Duty of Good Faith and Fair Dealing** | | Requests 38-a | Requests 38-b | No position |
| 39 | **Duty of Good Faith and Fair Dealing - Reasonable Expectations** | | Requests 39-a | Requests 39-b | No position |
| 39.1 | **Breach of the Implied Duty of Good Faith and Fair Dealing— Requirement of Notice** | | Objects | Requests | No position |

3-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| 40 | **Breach of the Duty of Good Faith and Fair Dealing** | | Requests 40-a | Requests 40-b | No position |
| 40.1 | **State Actor's Right to Free Speech** | | Objects | No position | Requests |
| 41 | **Section 1983 Claim— Introductory Instructions** | X | | | |
| 42 | **Section 1983 Claim Against Defendant in Individual Capacity— Elements and Burden of Proof** | | Requests 42-a | No position | Requests 42-b |
| 43 | **Particular Rights—First Amendment— Public Contractors— Speech** | | Requests 43-a | No position | Requests 43-b |
| 44 | **Adverse Action Defined—First Amendment— Public Contractors— Speech** | | Requests 44-a | No position | Requests 44-b |

4-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| 45 | **Substantial Motivating Factor Defined— First Amendment— Public Contractors— Speech** | | Requests 45-a | No position | Requests 45-b |
| 46 | **Liability** | | Requests | No position | Objects |
| 46.1 | **Causation** | | Objects | No position | Requests |
| 46.2 | **Cause-In-Fact** | | Objects | No position | Requests |
| 46.3 | **Proximate Cause** | | Objects | No position | Requests |
| 47 | **Damages— Overview** | X | | | |
| 47.1 | **Limitation of Liability** | | Objects | Requests | No position |
| 48 | **Damages— Breach of Contract** | | Requests 48-a | Requests 48-b | No position |
| 48.1 | **Damages— Second Claim, Breach of Contract— Implied Duty of Good Faith and Fair Dealing** | | Objects | Requests | No position |
| 49 | **Damages Under Section 1983— Proof** | | Requests 49-a | No position | Requests 49-b |
| 50 | **Nominal Damages** | X | | | |

5-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

| No. | TITLE | AGREED | FAMILYCARE'S PROPOSED INSTRUCTION | OHA'S PROPOSED INSTRUCTION | SAXTON'S PROPOSED INSTRUCTION |
|---|---|---|---|---|---|
| 51 | **Damages for Lost Profits** | | Requests | Objects | Objects |
| 52 | **Damages for Loss of Enterprise Value** | | Requests | Objects | Objects |
| 52.1 | **Mitigation of Damages** | | Requests 52.1-a | Requests 52.1-a | Requests 52.1-b |
| 52.2 | **Avoidable Consequences** | | Objects | Requests | Requests |
| 52.3 | **Release** | | Objects | Requests | Requests |
| 53 | **Duty to Deliberate** | X | | | |
| 54 | **Consideration of Evidence -- Conduct of the Jury** | X | | | |
| 55 | **Communication With Court** | X | | | |
| 56 | **Return of Verdict** | X | | | |
| 57 | **Post-Discharge Information** | X | | | |

6-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**[Proposed Preliminary Jury Instructions]**

7-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 1**
**Duty of Jury (Court Reads and Provides Written Set of Instructions)**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.2 Duty of Jury (Court Reads and Provides Set of Instructions).

8-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 2-a**
**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This lawsuit is about three claims that Plaintiff FamilyCare asserts against Defendants OHA and Lynne Saxton.  Two of FamilyCare's claims are against OHA.  FamilyCare's third claim is against Ms. Saxton.

Before describing the claims, you should have a basic understanding of who these parties are and their relationship.  OHA administers the Oregon Medicaid program, called the Oregon Health Plan, which is a public health insurance program paid jointly by the federal government and state government.  The Oregon Health Plan provides health coverage for over one million eligible Oregonians, largely lower-income adults, children, pregnant women and people with disabilities.

FamilyCare is what is known as a Coordinated Care Organization or "CCO," sometimes also referred to as a Managed Care Organization or "MCO."  CCOs and MCOs manage Medicaid member care and pay for healthcare services for the Medicaid program's beneficiaries.  CCOs manage Medicaid care largely by contracting with physicians, clinics, hospitals, behavioral health providers and other providers of covered care.

OHA contracts with CCOs like FamilyCare to manage the care to be delivered to Medicaid recipients assigned to the CCOs, and generally pays the CCOs a predetermined global monthly amount for each Medicaid member assigned to the CCO to cover all healthcare expenses that the Oregon Health Plan insures, regardless of how much the care actually costs.

Here, OHA and FamilyCare contracted for such services for five years starting in 2014.  Under this contract, which I'll refer to as the Five-Year Contract, OHA was to annually update the rates that OHA would pay to FamilyCare and FamilyCare, after being provided with notice to review them, could decide whether to accept them or not.

OHA computes these rates with insurance rate experts known as actuaries, and those rates varied from CCO to CCO, and from year to year.  Each year, the rates are set in advance for the

9-    JOINT PROPOSED JURY INSTRUCTIONS

next year, and they don't change during the year regardless of how much or how little healthcare the CCOs' members receive during the year. As a result, if the OHA payment levels to a CCO are too low to cover reasonably anticipated or actually incurred healthcare costs of covered services received by the CCO's members, the CCO will lose money. If the payment levels are adequate to cover the healthcare costs and the CCO's costs of running a business, the CCO may break even or even have a surplus if the payments they receive exceed their total costs.

As background, FamilyCare and OHA had a previous dispute over a significant decrease in the CCO payment rates OHA set for FamilyCare for 2015 and 2016. FamilyCare and OHA settled that dispute in 2016 by a written Settlement Agreement.

In this lawsuit, FamilyCare's first claim against OHA is a claim for breach of that Settlement Agreement. As part of the Settlement Agreement, OHA agreed to pay or credit FamilyCare approximately $24.8 million, and further agreed that it would not seek to adjust future payment rates to FamilyCare to recover the $24.8 million from FamilyCare. FamilyCare alleges that OHA violated the Settlement Agreement by later reducing its payment rates in 2017 and 2018 to recoup the credit paid to FamilyCare under the 2016 Settlement Agreement.

FamilyCare's second claim against OHA is for breach of the duty of good faith and fair dealing on the Five-Year Contract between OHA and FamilyCare that I mentioned earlier, in which OHA contracted with FamilyCare to manage the care of the Medicaid members assigned to FamilyCare. In FamilyCare's claim that OHA breached its duty of good faith and fair dealing on the Five-Year Contract, FamilyCare alleges that it reasonably expected that OHA would present annual payment rate changes in the Five-Year Contract that were timely, reasonable, unbiased, actuarially sound, adequate, and free of errors in underlying data and methodology and otherwise made in good faith and not intended to force FamilyCare to sustain substantial losses or forfeit its contract or its operation. FamilyCare alleges that OHA violated those expectations, and therefore breached the duty of good faith and fair dealing that exists on the Five-Year Contract.

10-  JOINT PROPOSED JURY INSTRUCTIONS

FamilyCare alleges that OHA violated the duty of good faith and fair dealing in two ways. First, FamilyCare alleges that OHA provided faulty and biased rate-setting in 2017, which caused FamilyCare to sustain substantial losses, and in 2018, which were projected to bankrupt FamilyCare and thus could not be accepted by FamilyCare. Second, FamilyCare alleges that OHA failed to provide FamilyCare with the timely notice of the actual 2018 rates and instead gave FamilyCare an unreasonable and unlawful deadline for FamilyCare to accept or reject preliminary rates offered by OHA that OHA knew to be inaccurate. FamilyCare claims that OHA's failure to provide accurate, unbiased, and timely rates forced it to forfeit the remaining term of the Five-Year Contract and ultimately to go out of business.

FamilyCare's third claim is against Ms. Saxton. In this claim, FamilyCare alleges that Ms. Saxton, when she was the Executive Director of the OHA, retaliated against FamilyCare for exercising its First Amendment rights to Freedom of Speech in violation of federal law, specifically a law known as Section 1983. The First Amendment to the United States Constitution generally forbids the government from infringing on its citizens' right to exercise free speech. Section 1983 allows a party whose constitutional rights have been deprived by an individual, operating under the color of law, to obtain relief for unconstitutional conduct.

FamilyCare alleges that since at least 2014, FamilyCare repeatedly spoke out to governmental bodies, the press, and others regarding the problems it perceived with OHA's management of the Medicaid program, including the lack of transparency in OHA's operations, OHA's failure to comply with legal requirements governing the rate-setting process, and its failure to set sufficient rates to allow FamilyCare and other CCOs to provide the care required by Oregon Health Plan members and authorized by the Oregon Medicaid program. FamilyCare further alleges Ms. Saxton retaliated against FamilyCare through punitive rate setting, causing FamilyCare's payment rates to be so low that FamilyCare lost millions of dollars and was forced out of the Five-Year Contract. FamilyCare also alleges that Ms. Saxton retaliated by directing and authorizing the creation of a public relations campaign to disparage FamilyCare. FamilyCare alleges that Ms. Saxton's actions ultimately resulted in FamilyCare being forced out

11- JOINT PROPOSED JURY INSTRUCTIONS

of business after it received tens of millions of dollars less payment from OHA in 2017 and 2018 to care for its members.

FamilyCare has the burden of proof on each of these claims.  Defendants deny those claims and assert the affirmative defense that FamilyCare failed to mitigate its damages. Defendants have the burden of proof on that affirmative defense. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.5 Claims and Defenses; FamilyCare's Fifth Amended Complaint (ECF 429).

12-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction 2-b:**
**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, FamilyCare, asserts two claims against defendant the Oregon Health Authority. The Oregon Health Authority is also known as OHA. First, FamilyCare asserts that OHA breached FamilyCare's and OHA's 2016 Settlement Agreement. Second, FamilyCare asserts that OHA breached the implied duty of good faith and fair dealing in FamilyCare's and OHA's Coordinated Care Organization Contract, known as the CCO Contract. FamilyCare has the burden of proving these claims. OHA denies FamilyCare's claims.

OHA asserts several affirmative defenses. First, OHA asserts that FamilyCare failed to mitigate its damages, if any. Second, OHA asserts that FamilyCare failed to failed to exercise reasonable care to avoid increasing its damages. Third, OHA asserts that some or all of FamilyCare's requested damages are barred by a limitation of liability in the CCO Contract. Fourth, OHA asserts that some or all of FamilyCare's claims and/or requested damages are barred by a release in the 2016 Settlement Agreement. Fifth, OHA asserts that FamilyCare cannot prevail on its claim for breach of the implied duty of good faith and fair dealing in the CCO Contract because that claim is barred by the doctrine of estoppel. OHA has the burden of proof on these affirmative defenses. FamilyCare denies OHA's affirmative defenses.

[*Insert Saxton piece from Saxton*]

13- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 2-c[1]**
**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

FamilyCare's third claim is against Ms. Saxton.  In this claim, FamilyCare alleges that Ms. Saxton, when she was the Executive Director of the OHA, deprived FamilyCare of its civil rights. Ms. Saxton denies this allegation, and denies that she was the cause of any of FamilyCare's alleged economic harm. Ms. Saxton also sets forth an affirmative defense that FamilCare has failed to undertake reasonable action to mitigate any of its alleged economic damages.

FamilyCare has the burden of proof on its claim; while Ms. Saxton has the burden of proof on its affirmative defense.[2]

---

[1] This instruction relates only to Saxton and does not incorporate proposed revisions or instructions by Defendant Oregon Health Authority.

[2] 9th Circuit Model Civil Jury Instructions, 1.5 Claims and Defenses; FamilyCare's Fifth Amended Complaint (ECF 429).

14-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 3**
**Two or More Parties—Different Legal Rights**

You should decide this case as to each Defendant separately.  Unless otherwise stated, the instructions apply to all parties.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.8 Two or More Parties—Different Legal Rights.

15-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 4-a**
**Nonprofit Corporations—Fair Treatment**

All parties are equal before the law and a nonprofit corporation is entitled to the same fair

and conscientious consideration by you as any party.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 4.1 Corporations and Partnerships—Fair Treatment.

16-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction 4-b**
**Fair Treatment**

All parties are equal before the law. A nonprofit corporation, state agency, and individual person are each entitled to the same fair and conscientious consideration by you as any other parties.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 4.1 Corporations and Partnerships—Fair Treatment

17-  JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 5**
**Principals and Agents**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

FamilyCare's employees were the agents of FamilyCare and, therefore, any act or omission of FamilyCare's employees were the acts or omissions of FamilyCare. The employees of OHA were the agents of OHA and, therefore, any act or omission of OHA's employee was the act or omission of OHA.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 4.8 Act of Agent is Act of Principal—Scope of Authority not in Issue; 4.10 Principal Sued but Not Agent—No Issue as to Agency or Authority.

18- JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 6**
**Burden of Proof—Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

In this case, FamilyCare must prove its claims by a preponderance of the evidence. OHA and Saxton must prove their affirmative defenses by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.6 Burden of Proof—Preponderance of the Evidence.

19-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 7**
**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.9 What Is Evidence.

20-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 8**
**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.10 What Is Not Evidence.

21- JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 9**
**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.12 Direct and Circumstantial Evidence.

22-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 10**
**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.13 Ruling on Objections.

23- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 11**
**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the thing testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

24-  JOINT PROPOSED JURY INSTRUCTIONS

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.14 Credibility of Witnesses.

25-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 12**
**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed

26-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.15 Conduct of the Jury.

27-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 13**
**Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.16 Publicity During Trial.

28-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 14**
**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.17 No Transcript Available to Jury.

29-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 15**
**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.18 Taking Notes.

30-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 16**
**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.20 Bench Conferences and Recesses.

31- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 17**
**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.21 Outline of Trial.

32-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**[Instructions in the Course of Trial]**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 18**
**Cautionary Instructions**

[*At the end of each day of the case:*]

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.0 Cautionary Instructions.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 19**
**Impeachment Evidence**

The evidence that a witness [*e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.*] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.9 Impeachment Evidence.

35- JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 20**
**Expert Opinion**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.13 Expert Opinion.

36-　JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 21**
**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.][1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.4 Deposition in Lieu of Live Testimony.

37- JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 22**
**Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and not for any other purpose.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.11 Evidence for Limited Purpose.

38-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 23**
**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence [may be / have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.14 Charts and Summaries Not Received in Evidence.

39-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 24**
**Charts and Summaries Received in Evidence**

Certain charts and summaries [may be / have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 2.15 Charts and Summaries Received in Evidence.

40-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**[Proposed End-of-Case Jury Instructions]**

41-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 25**
**Duty of Jury (Court Reads and Provides Written Instructions at End of Case)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations. *Or:* A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 1.4 Duty of Jury (Court Reads and Provides Written Instructions at End of Case).

42-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 26-34**
**Charts and Summaries Received in Evidence**

Repeat the following instructions:

**No. 26 Claims and Defenses** (Model Instruction 1.5)

**No. 27 Two or More Parties—Different Legal Rights** (Model Instruction 1.8)

**No. 28 Corporations and Partnerships—Fair Treatment** (Model Instruction 4.1)

**No. 29 Principals and Agents** (Model Instructions 4.8, 4.10)

**No. 30 Burden of Proof—Preponderance of the Evidence** (Model Instruction 1.6)

**No. 31 What is Evidence** (Model Instruction 1.9)

**No. 32 What is Not Evidence** (Model Instruction 1.10)

**No. 33 Direct and Circumstantial Evidence** (Model Instruction 1.12)

**No. 34 Credibility of Witnesses** (Model Instruction 1.14)

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 35**
**Deleted Evidence**

A party who has timely notice of a claim against it has a duty to take reasonable efforts to preserve evidence. If a party with such notice fails to preserve evidence through some fault of its own, you may assume that the missing evidence would have been favorable to the opposing party.

FamilyCare has established that Defendant Saxton intentionally deleted text messages that should have been preserved as evidence. Now, you may assume that those deleted text messages contained evidence that is harmful or contrary to Ms. Saxton's or OHA's defenses, in this case.[1]

---

[1] *Byrd v. Maricopa County Sheriff's Dept.*, 565 F.3d 1205, 1214, *reh'g en banc granted*, 583 F.3d 673 (9th Cir. 2009).

44-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 36-a**
**Contract Defined**

As I said in the beginning of this trial, FamilyCare brings two claims against OHA, both for breach of contract. The first claim alleges that OHA breached the contract referred to as the 2016 Settlement Agreement. The second claim alleges that OHA breached the duty of good faith and fair dealing on the Five-Year Contract.

A contract is a legally enforceable promise or set of promises.[1]

---

[1] Oregon UCJI 65.01.

45-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 36-b**
**Contract Defined**

FamilyCare brings two claims against OHA, both for breach of contract.  The first claim alleges that OHA breached the contract referred to as the 2016 Settlement Agreement.  The second claim alleges that OHA breached the implied duty of good faith and fair dealing in the CCO Contract.

A contract is a legally enforceable promise or set of promises. [1]

---

[1] Oregon UCJI 65.01.

46-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction 36.1**
**Ambiguity in Contract**

I have determined that an important part of the 2016 Settlement Agreement is ambiguous, that is, an important part of the contract is capable of more than one meaning. [1]

The FamilyCare and OHA disagree on the meaning of the phrase "OHA shall not use rates paid to FamilyCare under the Contract for 2016 or the Settlement Credit as a basis for limiting the amount that can be paid to FamilyCare in future rate years" in the 2016 Settlement Agreement.

FamilyCare says that this part of the contract was intended to mean that OHA may not limit FamilyCare's rates in future rate years in order to recoup the amount OHA credited to FamilyCare in the Settlement Credit.

OHA says that this part of the contract was intended to mean that OHA may not use the Settlement Credit as a factor in the rate-setting methodology for FamilyCare in future rate years.

---

[1] See UCJI 65.17A; *Yogman v. Parrott*, 325 Or. 358 (1997).

47-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 36.2**
**Resolving Ambiguity in Contract**

To determine what the parties intended the disputed language to mean, you should consider the following evidence:

1. The situation of OHA and FamilyCare at the time they agreed to the Settlement Agreement;

2. Statements OHA and FamilyCare made during the time they negotiated and agreed to the Settlement Agreement;

3. Statements OHA and FamilyCare made, and things they did, that related to the disputed part of the Settlement Agreement after OHA and FamilyCare agreed to the Settlement Agreement and before there was a dispute about it;

4. Earlier conduct between OHA and FamilyCare that relates to the subject of the Settlement Agreement

5. A business custom that is consistent with the contract's language that was known to OHA and FamilyCare at the time they agreed to the Settlement Agreement;

6. A business custom that is consistent with the Settlement Agreement's language and that was so generally known in OHA and FamilyCare situation that it is fair to assume they would have meant the custom to apply to their Settlement Agreement;

7. Prior drafts of the Settlement Agreement;

8. The economic climate of OHA and FamilyCare at the time the Settlement Agreement was executed.

If, after considering the evidence, you can decide what the parties intended the disputed language to mean, then that is the meaning you are to give to the disputed language. [1]

---

[1] See UCJI 65.17B; *Yogman v. Parrott*, 325 Or. 358 (1997).

48-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 37-a**
**Breach of Contract**

To prevail on its first claim against OHA, FamilyCare must prove that it is more probably true than not true that OHA breached the 2016 Settlement Agreement.

A breach of contract occurs when a party fails to perform as required by the contract.[1]

If you find that FamilyCare has proved that it is more probably true than not true that OHA breached the 2016 Settlement Agreement, your verdict should be for FamilyCare on the first claim. If, on the other hand, you find that FamilyCare has failed to prove that OHA breached the 2016 Settlement Agreement, your verdict should be for OHA on the first claim.

---

[1] Oregon UCJI 65.15.

49-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 37-b**
**Breach of Contract**

To prevail on its first claim against OHA, FamilyCare must prove by a preponderance of evidence that OHA breached the 2016 Settlement Agreement.

A breach of contract occurs when a party fails to perform as required by the contract.[1]

If you find that FamilyCare has proved by a preponderance of evidence that OHA breached the 2016 Settlement Agreement, your verdict should be for FamilyCare on the first claim. If, on the other hand, you find that FamilyCare has failed to prove by a preponderance of evidence that OHA breached the 2016 Settlement Agreement, your verdict should be for OHA on the first claim.

---

[1] Oregon UCJI 65.15.

50-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 37.1**
**Affirmative Defense--Estoppel**

According to the doctrine of estoppel, OHA is not liable for FamilyCare's claim for breach of the implied duty of good faith and fair dealing in the CCO Contract if OHA proves by a preponderance of evidence that

1.  FamilyCare stated to OHA a) that "OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval," and b) "OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year" and

2.  OHA relied on those statements when it set FamilyCare's rates in 2017 and 2018.[1]

If you find that OHA has proved by a preponderance of evidence that the doctrine of estoppel applies to FamilyCare's claim for breach of the implied duty of good faith and fair dealing, your verdict should be for OHA on this claim. If you find that OHA has failed to prove by a preponderance of evidence that the doctrine of estoppel applies to FamilyCare's claim for breach of the implied duty of good faith and fair dealing, you must decide whether FamilyCare has proved that claim.

---

[1] (OHA's Answer (Dkt. 501), ¶ 114); *Vukanovich v. Kine*, 302 Or. App. 264, 282 *rev. den.*, 366 Or. 827 (2020) (citation omitted); *Nelson v. Liberty Ins. Corp.*, 314 Or. App. 350, 359 (2021) ("Estoppel precludes a person, based on the person's acts, conduct, or silence where there was a duty to speak, from asserting a right that otherwise would have been available.").

51- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 38-a**
**Duty of Good Faith and Fair Dealing**

To prevail on its second claim against OHA, for breach of the duty of good faith and fair dealing on the Five-Year Contract, FamilyCare must prove that it is more probably true than not true that OHA breached the duty of good faith and fair dealing on the Five-Year Contract.

There is a duty of good faith and fair dealing in the performance and enforcement of every contract.[1] The duty of good faith and fair dealing requires the parties to act in a manner that carries out their objectively reasonable expectations in performing and enforcing the contract. This duty, however, cannot be used to contradict the stated terms of the contract.[2] This duty exists by law and binds the parties to a contract regardless of whether it is expressly written into the contract. In that way, the duty is implied in the contract.

The duty of good faith and fair dealing requires that the parties operate in good faith and deal fairly with each other such that each party refrains from acting in a way that would have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.[3]

"The duty of good faith and fair dealing prohibits, among other things, evasion of the spirit of the bargain, lack of diligence, willful rendering of imperfect performance, abuse of power to specify terms, retaliation, and interference with or failure to cooperate in the other party's performance."[4]

---

[1] *Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557, 561, 739 P.2d 554 (1987).
[2] Oregon UCJI 65.22.
[3] *Iron Horse Eng'g Co. v. Nw. Rubber Extruders, Inc.*, 193 Or. App. 402, 420-21 (2004).
[4] *Best*, 303 Or. at 563-64 (quoting Restatement (Second) of Contracts § 205, cmt. d (1979)).

52-  JOINT PROPOSED JURY INSTRUCTIONS

**Instruction 38-b**
**Duty of Good Faith and Fair Dealing**

To prevail on its second claim against OHA, for breach of the duty of good faith and fair dealing in the CCO Contract, FamilyCare must prove by a preponderance of evidence that OHA breached the implied duty of good faith and fair dealing in the CCO Contract.

There is an implied duty of good faith and fair dealing in the performance and enforcement of every contract. The implied duty of good faith and fair dealing requires the parties to act in a manner that carries out their objectively reasonable expectations in performing and enforcing the contract. In this case, FamilyCare and OHA's objectively reasonable expectations are determined by the express terms of the contract.[1] The implied duty of good faith and fair dealing cannot be used to contradict the stated terms of the contract.[2]

---

[1] This instruction is dependent on the Court's opinion on defendant's motion of summary judgment. (Dkt. 531.) OHA reserves its rights to request alterations to this instruction and raise additional objections to conform it to the Court's order. This instruction is also subject to additional pre-trial / trial motions and OHA reserves the right to request alterations after relevant rulings. *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 647-48 (1995); |*W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*, 284 Or. App. 316, 325 (2017) ("[T]he reasonable contractual expectations of the parties are shown by the express terms of the contract.").

[2] *See* Oregon UCJI 65.22; *Morrow v. Red Shield Ins. Co.*, 212 Or. App. 653, 662 (2007) ("the implied covenant of good faith and fair dealing does not vary the substantive terms of the contract or impose obligations inconsistent with the terms of the contract").

53- JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 39-a**
**Duty of Good Faith and Fair Dealing - Reasonable Expectations**

In determining FamilyCare and OHA's reasonable expectations under a contract, you may consider the contract itself as well as evidence outside the contract, including the parties' history, industry practices, and other evidence in the record.  You may also consider law that applied to the contract.[1]

---

[1] *Iron Horse Eng'g Co. v. Nw. Rubber Extruders, Inc.*, 193 Or. App. 402, 420-21 (2004); *Gunderson LLC v. BCG Properties Grp., Inc.*, No. 3:19-CV-01569-AC, 2020 WL 1529356, at *7 (D. Or. Mar. 30, 2020) ("[T]he duty of good faith and fair dealing involves industry standards and practices."); *Gregory Funding LLC v. Saksoft, Inc.*, No. 3:16-CV-480-SI, 2016 WL 4480693, at *3 (D. Or. Aug. 24, 2016) (the reasonable expectations of the parties to a contract "may include evidence from outside the terms of the contract and generally present a question of fact").

54-   JOINT PROPOSED JURY INSTRUCTIONS

**Jury Instruction 39-b:**
**Duty of Good Faith and Fair Dealing - Reasonable Expectations**

In determining the FamilyCare and OHA's objectively reasonable expectations under a contract, you may only consider the terms of the CCO Contract itself and not any evidence outside the contract.[1]

---

[1] This instruction is dependent on the Court's opinion on defendant's motion of summary judgment. (Dkt. 531.) OHA reserves its rights to request alterations to this instruction and raise additional objections to conform it to the Court's order. This instruction is also subject to additional pre-trial / trial motions and OHA reserves the right to request alterations after relevant rulings. *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 647-48 (1995); *W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*, 284 Or. App. 316, 325 (2017) ("[T]he reasonable contractual expectations of the parties are shown by the express terms of the contract.").

55-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 39.1**
**Breach of the Implied Duty of Good of Faith and Fair Dealing—Requirement**
**of Notice**

The CCO Contract provides that OHA is only in breach of the CCO Contract if OHA fails to cure the alleged breach within 30 days after receiving notice from FamilyCare of the breach. FamilyCare's notice of breach by OHA must identify, with specificity, the term or terms of the CCO Contract OHA allegedly breached. [1]

To find that OHA breached the implied duty of good faith and fair dealing in the CCO Contract, you must find that FamilyCare gave OHA notice of the breach and that notice identified the breach with specificity.

---

[1] 2016 CCO Contract, Ex. D, § 10(c); *Malot v. Hadley*, 86 Or. App. 687, 690 (1987) ("a party to a contract who alleges that the other party has breached must prove performance of the party's own obligations under the contract").

56-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 40-a**
**Breach of the Duty of Good Faith and Fair Dealing**

Plaintiff FamilyCare claims that OHA breached its duty of good faith and fair dealing on the Five-Year Contract by presenting FamilyCare with rate amendments for 2017 and 2018 that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology, and by forcing FamilyCare to decide whether to accept the 2018 rate amendment without giving FamilyCare adequate notice of the actual rates that FamilyCare would be entitled to in 2018, in violation of a state law that governed the relationship between the Oregon Health Authority and Coordinated Care Organizations like FamilyCare. That law required that "The [OHA] must give a coordinated care organization at least 60 days' advance notice of any amendments the [OHA] proposes to existing contracts, or to contracts to be renewed, between the [OHA] and the coordinated care organization."[1]

OHA denies FamilyCare's claim and contends that FamilyCare and OHA's only objectively reasonable expectations were that OHA would have an actuary set and certify the rates and submit them to CMS for approval. OHA also denies that its 2017 and 2018 rate amendments were untimely, unreasonable, biased, and based on erroneous data and methodology.

If a party acts to undermine the agreed common purpose of the contract or frustrates the parties' expectations, depriving the other party of the benefit of the contract, the party violates the implied covenant of good faith and fair dealing.[2] This principle applies where a party has discretion in the performance of some aspect of the contract.[3] Here, OHA had discretion in how it set FamilyCare's rates under the Five-Year Contract, so the implied covenant of good faith and fair dealing applies to OHA's rate setting.

If you find that FamilyCare has proved that it is more probably true than not true that OHA breached the duty of good faith and fair dealing, your verdict should be for FamilyCare on

---

[1] Oregon UCJI 65.22; *see generally Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557, 561-65, 739 P.2d 554 (1987).

[2] *Best*, 303 Or. at 562-64.

[3] *Best*, 303 Or. at 563.

57-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

this claim.  If, on the other hand, you find that FamilyCare has failed to prove that OHA

breached the duty of good faith and fair dealing, your verdict should be for OHA on this claim.

58-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 40-b**
**Breach of the Implied Duty of Good Faith and Fair Dealing**

FamilyCare claims that FamilyCare and OHA had objectively reasonable expectations based on the CCO Contract that OHA would present FamilyCare with annual rate amendments that were timely, unbiased, and free of errors in underlying data. FamilyCare claims OHA breached its duty of good faith and fair dealing in the CCO Contract by presenting FamilyCare with rate amendments for 2017 and 2018 that were untimely, biased, and based on erroneous data.

OHA denies FamilyCare's claim and contends that FamilyCare and OHA's only objectively reasonable expectations were that OHA would have an actuary set and certify the rates and submit them to CMS for approval. OHA also denies that its 2017 and 2018 rate amendments were untimely, biased, and based on erroneous data.

If you find that FamilyCare has proved by a preponderance of evidence that OHA breached the duty of good faith and fair dealing, your verdict should be for FamilyCare on this claim. If, on the other hand, you find that FamilyCare has failed to prove by a preponderance of evidence that OHA breached the duty of good faith and fair dealing, your verdict should be for OHA on this claim.[1]

---

[1] Oregon UCJI 65.22; *Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 353 (1994) ("the doctrine of good faith is to be applied in a manner that will effectuate the reasonable contractual expectations of the parties" (citation and quotation marks omitted)); Op. & Order, Dkt. 495 at 9. This instruction depends on the Court's forthcoming opinion on FamilyCare's good faith claim.

59- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 40.1**
**State Actor's Right to Free Speech**

State actors and government officials also have a First Amendment right to free speech.[1] Restricting the ability of government decision makers to engage in speech risks interfering with their ability to effectively perform their duties, and ignores the competing First Amendment rights of the officials themselves.[2] Accordingly, the mere fact that a public official, including Ms. Saxton, engaged in her own speech or spoke in response to another's speech does not, by itself, violate Section 1983.[3] State actors and government officials have an affirmative duty to speak on matters of public concern.[4]

---

[1] Greisen v. Hanken, 925 F.3d 1097, 1113 (9th Cir. 2019) (quoting Mulligan v. Nichols, 835 F.3d 983, 989 (9th Cir. 2016); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 687 n.13 (4th Cir. 2000).

[2] *Id.*

[3] *Id.*

[4] *Id.*

60-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 41**
**Section 1983 Claim—Introductory Instruction**

FamilyCare's third claim is its only claim against Ms. Saxton.  FamilyCare brings this claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.[1]

---

[1] 9th Circuit Model Civil Jury Instruction, 9.1 Section 1983 Claim—Introductory Instruction.

61-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 42-a**
**Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof**

To prevail on its § 1983 claim against Ms. Saxton, FamilyCare must prove that each of the following is more probably true than not true:

1.      Ms. Saxton acted under color of state law; and

2.      she deprived FamilyCare of its First Amendment rights as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Ms. Saxton acted under color of state law. Therefore, the first element requires no proof.

If you find that FamilyCare has proved the second element, and if you find that FamilyCare has proved all the elements it is required to prove under Instruction 43, your verdict should be for FamilyCare on this claim. If, on the other hand, you find that FamilyCare has failed to prove this second element or an element in Instruction 43, your verdict should be for Ms. Saxton on this claim.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof.

62-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 42-b**
**Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof**

To prevail on its § 1983 claim against Ms. Saxton, FamilyCare must prove each of the following elements by a preponderance of the evidence:

1.      Ms. Saxton acted under color of state law; and

2.      The actions of Ms. Saxton deprived FamilyCare of its particular rights under the First Amendment to the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that Ms. Saxton acted under color of state law. Therefore, the first element requires no proof.

If you find that FamilyCare has proved the second element, and if you find that FamilyCare has proved all the other elements it is required to prove as outlined and explained in Instructions 43 – 48, your verdict should be for FamilyCare on this claim. If, on the other hand, you find that FamilyCare has failed to prove this second element or any other element as outlined and explained in Instructions 43 – 48 , your verdict should be for Ms. Saxton on this claim.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof.

63-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 43-a**
**Particular Rights—First Amendment—Public Contractors—Speech**

As previously explained, FamilyCare has the burden of proving that Ms. Saxton deprived FamilyCare of particular rights under the United States Constitution. In this case, FamilyCare alleges Ms. Saxton deprived it of its rights under the First Amendment when she engaged in a campaign of retaliation against FamilyCare's protected speech and expression through: (1) punitive rate-setting designed to economically injure FamilyCare or put it out of business, and (2) a campaign of disparagement designed to spread false or misleading information about FamilyCare.

Under the First Amendment, a public contractor like FamilyCare has a right to speak on matters of public concern. To prove that Ms. Saxton deprived FamilyCare of this First Amendment right, FamilyCare must prove the following elements by a preponderance of the evidence:

1.    FamilyCare engaged in expressive conduct that addressed a matter of public concern[1];

2.    Ms. Saxton took an adverse action against FamilyCare; and

3.    FamilyCare's expressive conduct was a substantial or motivating factor for the adverse action.

I instruct you that FamilyCare engaged in expressive conduct on a matter of public concern, and, therefore, the first element requires no proof.

I will explain the second and third elements in greater detail in Instruction Numbers 44 and 45.[2]

---

[1] *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).

[2] *See* 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech; *Alpha Energy Savers, Inc.*, 381 F.3d at 923.

64-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 43-b**
**Particular Rights—First Amendment—Public Contractors—Speech**

As previously explained, FamilyCare has the burden of proving that Ms. Saxton deprived FamilyCare of particular civil rights under the United States Constitution. In this case, FamilyCare alleges Ms. Saxton deprived it of its particular rights under the First Amendment by setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology and refusing to correct known errors in data and methodology; and by developing and implementing a smear campaign against FamilyCare.[1] To find that Ms. Saxton violated FamilyCare's particular civil rights, you must find an actual, not merely attempted, deprivation of those rights.[2]

Under the First Amendment, a public contractor like FamilyCare has a qualified right to speak on matters of public concern. To prove that Ms. Saxton deprived FamilyCare of this First Amendment right, FamilyCare must prove the following elements by a preponderance of the evidence:

1. FamilyCare engaged in expressive conduct that addressed a matter of public concern[3];

2. That Ms. Saxton personally[4] and intentionally[5] took an adverse action against FamilyCare; and

3. That FamilyCare's expressive conduct was a substantial or motivating factor for the specific adverse action.

I will explain the second and third elements in greater detail in Instructions 44 – 45.

---

[1] FamilyCare engaged in expressive conduct that addressed a matter of public concern;

[2] 9th Circuit Model Civil Jury Instructions, 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof.

[3] *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).

[4] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[5] *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1227 (D. Or. 2016); *Chavez v. Tempe Union High School Dist.*, 565 F.2d 1087, 1095 (9th Cir. 1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).

65- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 44-a**
**Adverse Action Defined—First Amendment—Public Contractors—Speech**

An action is an adverse action for purposes of the Section 1983 claim if a reasonable contractor would have found the action materially adverse, which means it might have dissuaded a reasonable contractor from continuing to exercise its First Amendment rights to speak on a matter of public concern.[1]

The precise nature of the adverse action is not critical to your deliberation on this claim.[2] To constitute an adverse action, a government act of retaliation need not be severe and it need not be of a certain kind.[3] Even minor acts of retaliation can infringe on FamilyCare's First Amendment rights.[4] You must consider the full range of adverse actions.[5] An adverse action may include either a single action or a sustained campaign of retaliation that is reasonably likely to deter FamilyCare from exercising its rights.[6]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.

[2] *Coszalter v. City of Salem*, 320 F.3d 968, 974 (9th Cir. 2003).

[3] *Id.* at 975.

[4] *Id.*

[5] *Eng v. Cooley*, 552 F.3d 1062, 1073 (9th Cir. 2009).

[6] *Coszalter*, 320 F.3d at 977.

66-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 44-b**
**Adverse Action Defined—First Amendment—Public  Contractors—Speech**

An action is an adverse action for purposes of the Section 1983 claim if a reasonable contractor would have found the action materially adverse, which means it might have dissuaded a reasonable contractor from exercising its First Amendment rights. [1]To establish that Ms. Saxton took an adverse action against FamilyCare, FamilyCare must show that Ms. Saxton personally[2] and intentionally took such action.[3]

FamilyCare has identified specific "adverse" actions which it believes that Ms. Saxton took against it. Your deliberations should be limited to consideration of whether Ms. Saxton took these specific adverse actions. FamilyCare alleges that Ms. Saxton took adverse action against it by setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology and refusing to correct known errors in data and methodology; and by developing and implementing a "smear campaign" against FamilyCare.[4]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.
[2] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).
[3] *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1227 (D. Or. 2016); *Chavez v. Tempe Union High School Dist.*, 565
[4] Fifth Amended Complaint at ¶ 82.

67-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 45-a**
**Substantial Motivating Factor Defined—First Amendment—Public Contractors—Speech**

FamilyCare may prove that its expressive conduct was a substantial or motivating factor for the adverse action through circumstantial evidence. A substantial or motivating factor means that it was a significant consideration.[1]

FamilyCare may satisfy its burden through circumstantial evidence that Ms. Saxton was aware of FamilyCare's expressive conduct and any one of the following:

(1)    By establishing proximity or closeness in time between FamilyCare's expressive conduct and the allegedly retaliatory actions; **or**

(2)    By producing evidence that Ms. Saxton expressed opposition to FamilyCare's speech, to FamilyCare, within OHA or to others; **or**

(3)    By demonstrating that explanations that Ms. Saxton offers for her adverse actions were false and pretextual.[2]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.

[2] 9th Circuit Model Civil Jury Instructions, 9.2 Causation; *Alpha Energy Savers, Inc. v. Hansen,* 381 F.3d 917, 929 (9th Cir. 2004) (citing *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003)).

68-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 45-b**
**Substantial Motivating Factor Defined—First Amendment—Public Contractors--Speech**

A substantial or motivating factor is a significant factor.[1] To prove that FamilyCare's speech was a substantial or motivating factor for any adverse action taken by Ms. Saxton, FamilyCare must prove (1) that Ms. Saxton had knowledge of FamilyCare's speech at the time that she took such adverse action[2]; and (2) that in undertaking such action, Saxton acted intentionally and with a retaliatory motive.[3] With respect to motive, Ms. Saxton's actions must have been substantially motivated by a desire to deter or chill FamilyCare's speech.[4]

FamilyCare may satisfy its burden to prove that Ms. Saxton was aware of FamilyCare's expressive conduct through circumstantial evidence of the following:

(1)    By establishing proximity or closeness in time between FamilyCare's expressive conduct and the allegedly retaliatory actions; or

(2)    By producing evidence that Ms. Saxton expressed opposition to FamilyCare's speech, to FamilyCare or to others; or

(3)    By demonstrating that explanations that Ms. Saxton offers for her adverse actions were false and pretextual.[5]

---

[1] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.

[2] *Alpha Energy*, 381 F.3d at 929; *Greisen*, 252 F. Supp. 3d at 1056-57.

[3] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech; *Hartman v. Moore*, 547 U.S. 250, 259 (2006); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004); *Sloman v. Tadlock*, 21 F.3d 1462, 1465, 1469 n.10 (9th Cir. 1994)Greisen, 252 F. Supp. 3d at 1056-57; Alpha Energy, at 929; *Allen v. Iranon*, 283 F.3d 1070, 1076-77 (9th Cir. 2002); Coszalter, 320 F.3d at 977; *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).

[4] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech; *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004); *Sloman v. Tadlock*, 21 F.3d 1462, 1465, 1469 n.10 (9th Cir. 1994).

[5] *Alpha Energy Savers, Inc. v. Hansen,* 381 F.3d 917, 929 (9th Cir. 2004) (citing *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003)).

69-    JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 46**
**Liability**

Your verdict should be for FamilyCare on its Section 1983 against Ms. Saxton if FamilyCare proved that any of the following three things is more probably true than not true:

1. Ms. Saxton was directly involved in retaliating against FamilyCare in violation of FamilyCare's rights; **or**

2. Ms. Saxton set in motion a series of acts by others that violated FamilyCare's First Amendment Rights; **or**

3. Ms. Saxton knowingly refused to terminate a series of acts by others which she knew or reasonably should have known would violate FamilyCare's rights. [1]

In addition, you must find that Ms. Saxton's conduct was so closely related to the violation of FamilyCare's rights as to be the moving force that caused the ultimate injury.

---

[1] *See* 9th Circuit Model Civil Jury Instructions, 9.4 Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof; *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (as cited, quoted, and discussed with approval in the comments to 9.2 CAUSATION of the 9th Circuit Model Civil Jury Instructions).

70-  JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 46.1**

**Causation**

To prevail on its claim against Ms. Saxton, FamilyCare must prove by a preponderance of the evidence that Ms. Saxton was the "actionable cause" of its injuries. To meet this causation requirement, FamilyCare must then establish both causation-in-fact and proximate causation.[1]

---

[1] *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2020)

71- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 46.2**
**Cause-in-Fact**

FamilyCare must prove that Ms. Saxton is the cause-in-fact of FamilyCare's alleged harm.[1] You may find that Ms. Saxton is the cause-in-fact of FamilyCare's harm only if FamilyCare would not have been deprived of its First Amendment rights *but for* Ms. Saxton's alleged conduct. Conversely, you may not find that Ms. Saxton's conduct is the cause-in-fact of FamilyCare's alleged harm if the harm would have occurred even without Ms. Saxton's conduct.[2]

---

[1] *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2020).

[2] UCJI 23.01; *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

72-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 46.3**
**Proximate Cause**

Proximate cause requires a direct relation between FamilyCare's harm and Ms. Saxton's alleged conduct.[1] Accordingly, if there is no direct relation between Ms. Saxton's actions and FamilyCare's alleged harm, there is no proximate causation. If there is an intervening event or intervening events that interrupt any direct relation between FamilyCare's harm and Ms. Saxton's alleged conduct, there is no proximate causation.[2]

---

[1] *Painters v. Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co.*, 943 F.3d 1243, 1249 (9th Cir. 2019).

[2] *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018).

73-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 47**
**Damages - Overview**

It is my duty to instruct you about the measure of damages. By instructing you on damages, I do not mean to suggest for which party your verdict should be rendered.

The law on damages is different for these claims. I will first discuss the law on damages for FamilyCare's two claims against OHA, both of which are based in contract. I will then discuss the law on damages for FamilyCare's claim against Ms. Saxton.

FamilyCare has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate FamilyCare for any injuries you find were caused by OHA and/or Ms. Saxton.[1]

---

[1] 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.

74-    JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 47.1**
**Limitation of Liability**

OHA and FamilyCare's CCO Contract provides that "neither party shall be liable for incidental or consequential damages arising out of or related to this contract." The CCO Contract also provides: "In no event shall OHA be liable to [FamilyCare] for any expenses related to termination of this Contract or for anticipated profits." OHA asserts that FamilyCare's damages on all its claims against OHA are limited by these provisions of the CCO Contract. You must determine whether the CCO Contract limits FamilyCare's damages on all its claims against OHA and award damages only to the extent that you find your damages award is consistent with the CCO Contract.[1]

---

[1] This instruction only to be given if the Court has not ruled that limitation of liability applies as a matter of law and there is an open factual question about the scope of limitation or its appropriateness. (OHA's Answer (Dkt. 501) ¶ 127); 2016 CCO Contract, Ex. D, §§ 10(d), 11; *Atlas Mut. Ins. Co. v. Moore Dry Kiln Co.*, 38 Or. App. 111, 114 (1979) (limitations on liability enforceable under Oregon law); *K-Lines, Inc. v. Roberts Motor Co.*, 273 Or. 242, 254 (1975) (same). OHA reserves the right to request changes to this instruction if it is given to bring it in line with rulings on upcoming motions

75-  JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 48-a**
**Damages—Breach of Contract**

If you find in favor of FamilyCare on either its claim for breach of the 2016 Settlement Agreement or its claim for breach of the duty of good faith and fair dealing on the Five-Year Contract, then you must decide if the breach caused a loss and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money.

You can award money for those damages that arise naturally and necessarily from the breach of contract or breach of the duty of good faith and fair dealing and would place FamilyCare in the same position as if the contract or duty had not been breached. [1]

You may award damages for lost profits for FamilyCare's claim for breach of the 2016 Settlement Agreement.  You may award damages for either lost profits or loss of enterprise value for FamilyCare's claim for breach of the duty of good faith and fair dealing on the Five-Year Contract.

---

[1] Oregon UCJI 65.18.

76-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction 48-b**
**Damages—First Claim, Breach of Contract—2016 Settlement Agreement.**

If you find in favor of FamilyCare on its claim for breach of the 2016 Settlement Agreement, then you must decide if the breach caused a loss and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[1]

You can award money for those damages that arise naturally and necessarily from the breach of contract.[2] You can award damages only for the amount of the decrease in FamilyCare's rates in 2017, if any, caused by the breach of the 2016 Settlement Agreement. The amount of damages you award may not exceed $24,800,000.[3] You may not award damages for lost profits or for loss of enterprise value. You may not award damages related to OHA's development of rates for 2018.

---

[1] 9th Cir. Jury Instr. 5.1
[2] Oregon UCJI 65.18.
[3] (OHA's Answer (Dkt. 501) ¶¶ 122, 127); 2016 CCO Contract, Ex. D, §§ 10(d), 11; *Atlas Mut. Ins. Co. v. Moore Dry Kiln Co.*, 38 Or. App. 111, 114 (1979) (limitations on liability enforceable under Oregon law); *K-Lines, Inc. v. Roberts Motor Co.*, 273 Or. 242, 254 (1975) (same).

77- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 48.1**
**Damages—Second Claim, Breach of Contract—the Implied Duty of Good Faith and Fair Dealing**

If you find in favor of FamilyCare its claim for breach of the implied duty of good faith and fair dealing in the CCO Contract, then you must decide if the breach caused a loss and, if so, how much money should be paid.

The mere fact that I am talking about money does not mean that you should or should not award any money. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[1]

You can award money for those damages that arise naturally and necessarily from the breach of contract.[2] You can award damages only for the amount of the decrease in FamilyCare's rates in 2017, if any, caused by the breach of the implied duty of good faith and fair dealing in the CCO Contract. You may not award damages for lost profits or for loss of enterprise value. You may not award damages related to OHA's development of rates for 2018.

---

[1] 9th Cir. Jury Instr. 5.1.

[2] Oregon UCJI 65.18. (OHA's Answer (Dkt. 501) ¶ 127); 2016 CCO Contract, Ex. D, §§ 10(d), 11; *Atlas Mut. Ins. Co. v. Moore Dry Kiln Co.*, 38 Or. App. 111, 114 (1979) (limitations on liability enforceable under Oregon law); *K-Lines, Inc. v. Roberts Motor Co.*, 273 Or. 242, 254 (1975) (same).

78- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 49-a**
**Damages Under Section 1983—Proof**

If you find for FamilyCare on its First Amendment claim under § 1983, you must determine FamilyCare's damages.

You should consider the following:

- The nature and extent of the injuries;

- The reasonable value of earnings and business opportunities lost up to the present time, including lost profits; and

- The reasonable value of earnings and business opportunities that with reasonable probability will be lost in the future;

- Loss of enterprise value.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[1]

---

[1] *See* 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.

79-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction 49-b**
**Damages Under Section 1983—Proof**

If you find for FamilyCare on its First Amendment claim under Section 1983, you must determine FamilyCare's damages, if any. It is for you to determine what damages, if any, have been proven[1], and for which Ms. Saxton was the actionable cause (both proximate cause and cause-in-fact). In determining the measure of damages, if any, you should consider the nature and extent of FamilyCare's alleged injuries.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.[2]

---

[1] 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.
[2] *See* 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.

80-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 50**
**Nominal Damages**

The law that applies to FamilyCare's Section 1983 claim against Ms. Saxton authorizes an award of nominal damages.  If you find that Ms. Saxton deprived FamilyCare of its constitutional rights under the First Amendment in violation of Section 1983, but you find that FamilyCare has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may be any amount ranging from one cent to one dollar. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 5.6 Nominal Damages; *Floyd v. Laws*, 929 F.2d 1390, 1401 n.9 (9th Cir. 1991).

81-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 51**
**Damages for Lost Profits**

You may award lost profit damages for FamilyCare's claims against OHA for breach of the 2016 Settlement Agreement and/or breach of the duty of good faith and fair dealing on the Five-Year Contract. You may also award lost profit damages for FamilyCare's Section 1983 claim against Ms. Saxton.

To recover for lost profits, FamilyCare must first prove that some loss exists, and that Ms. Saxton's and/or OHA's wrongful conduct, if any, caused the loss. FamilyCare must then prove the amount of lost profits that is reasonably probable.

FamilyCare may prove an amount of lost profits with estimates or projections. It is not necessary to prove the exact amount of lost profits.

To decide the amount of lost profits, you should first decide the total amount of money FamilyCare would have earned but did not. Then subtract from that amount what would have been FamilyCare's costs of doing business to earn the money. What remains are lost profits.

It is irrelevant in computing lost profits that FamilyCare is a non-profit company.[1]

---

[1] *See* Oregon UCJI 77.01.

82-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 52**
**Damages for Loss of Enterprise Value**

You may award damages for loss of enterprise value for FamilyCare's claim against OHA for breach of the duty of good faith and fair dealing on the Five-Year Contract and/or FamilyCare's Section 1983 claim against Ms. Saxton.

The measure of damages for loss of enterprise value is the difference between the value of the business immediately before and immediately after the incident causing the loss.[1]

---

[1] *See* Oregon UCJI 70.09 (Destruction of or Damage to Personal Property).

83-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction 52.1-a**
**Mitigation of Damages**

FamilyCare has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

OHA and/or Saxton has the burden of proving by a preponderance of the evidence:

1. that FamilyCare failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated. [1]

---

[1] 9th Circuit Model Civil Jury Instructions, 5.3 Mitigation of Damages.

84-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 52.1-b**
**Damages- Mitigation**

FamilyCare has a duty to use reasonable efforts to mitigate damages.[1] To mitigate means to avoid or reduce damages.[2] FamilyCare may not take actions that aggravate, or otherwise enhance, its damages.[3] In addition, FamilyCare must make a reasonable effort to avoid damages.[4]

Ms. Saxton has the burden of proving by a preponderance of the evidence that FamilyCare failed to use reasonable efforts to mitigate damages.

If you find that FamilyCare has failed to use reasonable efforts to mitigate damages, you may reduce any award to FamilyCare accordingly.

---

[1] 9th Circuit Model Civil Jury Instructions, 5.3 – Damages- Mitigation.

[2] 9th Circuit Model Civil Jury Instructions, 5.3 – Damages- Mitigation.

[3] *See, e.g.*, *Commodity Credit Corp. v. Resenberg Bros*. & Co., 243 F.2d 504, 511 (9th Cir.1957).

[4] *See* Model Instruction 5.3; *Colonial banking Co. v. Mountain Title Co. Inc*., 94 Or. App. 491, 495, 766 P.2d 411 (1988); *Commodity Credit Corp*, 243 F.2d at 511.

85- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction 52.2**
**Avoidable Consequences**

A party damaged by another's actions is required to exercise reasonable care to avoid increasing that damage.  There can be no recovery for increased damages caused by the failure to exercise such care.[1]

In this case, OHA and Saxton assert that FamilyCare failed to exercise reasonable care to avoid increasing its damages.  If you find by a preponderance of evidence that FamilyCare failed to exercise reasonable care to avoid increasing its damages, FamilyCare cannot recover for that portion of its losses that it reasonably could have avoided.

---

[1] *See Bixler v. First Nat. Bank of Oregon*, 49 Or. App. 195, 203 (1980) ("Under general contract law, a plaintiff is required to take reasonable steps to avoid the enhancement of his damages[.]"); *Enco, Inc. v. F.C. Russell Co.,* 210 Or. 324, 339 (1957) ("It is well-settled that a party injured by breach of contract or tort should do what reasonable care and business prudence require to minimize his loss.").

86-  JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Jury Instruction 52.3**
**Release**

OHA and Saxton assert that some or all of FamilyCare's claims or damages are barred because the OHA and FamilyCare's Settlement Agreement included a release provision.  You must determine whether the release of claims provision in the Settlement Agreement bars any or all of FamilyCare's claims or damages.  If you find that any of FamilyCare's claims or damages are barred by the release of claims provision in the parties' Settlement Agreement, OHA and Saxton are not liable for those claims or damages.[1]

---

[1] (OHA's Answer ¶ 117); *Wieck v. Hostetter*, 274 Or. App. 457 (2015) (general rules governing interpretation of release provisions); *Henderson v. Hercules, Inc.*, 795-96 (affirmative defense of release is a jury question so long is there are disputed questions of fact surrounding its interpretation and scope).

87-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**Instruction No. 53**
**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.[1]

---

[1] 9th Circuit Model Civil Jury Instruction, 3.1 Duty to Deliberate.

88-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 54**
**Consideration of Evidence -- Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or

89-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.[1]

---

[1] 9th Circuit Model Civil Jury Instruction, 3.2 Consideration of Evidence -- Conduct of the Jury.

90-   JOINT PROPOSED JURY INSTRUCTIONS

**Instruction No. 55**
**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court. [1]

---

[1] 9th Circuit Model Civil Jury Instruction, 3.3 Communication With Court.

91- JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 56**
**Return of Verdict**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.[1]

---

[1] 9th Circuit Model Civil Jury Instruction, 3.5 Return of Verdict.

92-   JOINT PROPOSED JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

**Instruction No. 57**
**Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.[1]

---

[1] 9th Circuit Model Civil Jury Instruction, 3.9 Post-Discharge Instruction.

93-  JOINT PROPOSED JURY INSTRUCTIONS

DATED:  March 8, 2022

| | |
|---|---|
| **PERKINS COIE LLP** | **MARKOWITZ HERBOLD PC** |

By: */s/ Thomas Johnson*      By: */s/ Harry Wilson*

**Stephen F. English**, (OSB No. 730843)   **David B. Markowitz** (OSB No. 742046)
SEnglish@perkinscoie.com       davidmarkowitz@markowitzherbold.com
**Thomas R. Johnson** (OSB No. 010645)   **Laura R. Salerno Owens** (OSB No. 076230)
TRJohnson@perkinscoie.com      laurasalerno@markowitzherbold.com
**Matthew J. Mertens** (OSB No. 146288)   **Matthew A. Levin** (OSB No. 003054)
MMertens@perkinscoie.com       mattlevin@markowitzherbold.com
**Sasha Petrova** (OSB No. 154008)    **Harry B. Wilson** (OSB No. 077214)
SPetrova@perkinscoie.com       harrywilson@markowitzherbold.com
1120 N.W. Couch Street, Tenth Floor   **Anit K. Jindal** (OSB No. 171086)
Portland, Oregon 97209-4128     anitjindal@markowitzherbold.com
Telephone:  503.727.2000    **Dallas S. DeLuca** (OSB No. 072992)
Facsimile:   503.727.2222    dallasdeluca@markowitzherbold.com
              **Vivek Kothari** (OSB No. 182089)
**Matthew P. Gordon** (admitted *pro hac vice*)  vivekkothari@markowitzherbold.com
MGordon@perkinscoie.com       1455 SW Broadway, Suite 1900
**David B. Robbins** (OSB No. 070630)    Portland, OR 97201
DRobbins@perkinscoie.com       Telephone:  503.295.3085
1201 Third Avenue, Suite 4900     Facsimile:   503.323.9105
Seattle, Washington 98101-3099
Telephone:  206.359.8000
Facsimile:   206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

**OREGON DEPARTMENT OF JUSTICE**

**Carla Scott** (OSB No. 054725)
carla.a.scott@doj.state.or.us
100 SW Market Street
Portland, OR 97201
Telephone:  971.673.1880
Facsimile:   971.673.5000

*Attorneys for Defendant Oregon Health
Authority*

94- JOINT PROPOSED JURY INSTRUCTIONS

**BARRAN LIEBMAN LLP**

By: */s/ Chris Morgan*

**Chris M. Morgan** (OSB No. 175384)
cmorgan@barran.com
**Edwin A. Harnden** (OSB No. 721129)
eharnden@barran.com
601 SW Second Avenue, Suite 2300
Portland, OR 97201
Telephone:      503.228.0500
Facsimile:      503.274.1212

*Attorneys for Defendant Lynne Saxton*

95-   JOINT PROPOSED JURY INSTRUCTIONS