**Edwin A. Harnden,** OSB No. 721129
eharnden@barran.com
**Chris M. Morgan,** OSB No. 175384
cmorgan@barran.com
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212
Attorneys for Defendant Lynne Saxton

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Eugene

| | |
|---|---|
| **FAMILYCARE, INC.**, an Oregon non-profit corporation, | **CV. 6:18-cv-00296-MO** |
| Plaintiff, | |
| v. | **DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE, INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |
| **OREGON HEALTH AUTHORITY**, an agency of the State of Oregon, and **LYNNE SAXTON**, | |
| Defendants. | |

Defendant Lynne Saxton ("Saxton") respectfully submits the enclosed objections to Plaintiff FamilyCare, Inc.'s ("FamilyCare") proposed jury instructions filed March 8, 2022. Specifically, Saxton identifies the instructions proposed by FamilyCare to which she objects in their entirety: 5, 26, 35, 46, 51, and 52. In addition, Saxton proposes modified instructions (and related analysis) to the Court, alternative to those proposed by FamilyCare: 2-c, 4-b, 26, 28, 40.1, 42-b, 43-b, 44-b, 45-b, 46.1, 46.2, 46.3, 49-b, 52.1-b, 52.2, 52.3. Saxton also submits its objections to FamilyCare's proposed verdict form.

Page 1 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Saxton reserves the right to submit additional or modified instructions, including but not limited to the submission of additional or modified instructions that are based upon the Court's rulings at the pretrial conference, or based upon evidence elicited during trial.

DATED this 14th day of March, 2022.

BARRAN LIEBMAN LLP

By _s/ Edwin A. Harnden_
    Edwin A. Harnden, OSB No. 721129
    eharnden@barran.com
    Chris M. Morgan, OSB No. 175384
    cmorgan@barran.com

    Attorneys for Defendant Lynne Saxton

Page 2 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**SAXTON'S OBJECTIONS TO FAMILYCARE'S PROPOSED JURY INSTRUCTIONS**

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**FamilyCare's Proposed Jury Instruction No. 5[1]**

**Principals and Agents**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

FamilyCare's employees were the agents of FamilyCare and, therefore, any act or omission of FamilyCare's employees were the acts or omissions of FamilyCare. The employees of OHA were the agents of OHA and, therefore, any act or omission of OHA's employee was the act or omission of OHA.[2]

**Saxton's Position:** Saxton objects to this instruction as it relates to her, because the instruction is irrelevant and inapplicable to FamilyCare's claim against Saxton. A theory of vicarious liability is inapplicable to claims brought under section 1983. *Ashroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 19376 (2009); *Couch v. Cate*, 379 F. App'x 560, 564 (9th Cir. 2010)("Because vicarious liability is inapplicable to…section 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

Further, FamilyCare's claim is against Saxton in her personal capacity. ECF 429, ¶ 79-89. FamilyCare has never alleged or argued that Saxton violated Section 1983 under a theory of supervisory or vicarious liability, but rather that she, herself, performed the alleged adverse act. *Id.*

The inclusion of this instruction is clearly calculated to insinuate that either the actions of the OHA staff should be imputed to Saxton for purposes of finding liability against Saxton under Section 1983 (which is improper); or that Saxton's actions should be imputed to the OHA for purposes of a finding of liability against the OHA for breach of contract (which is also incorrect). Either purpose is improper here and would prejudice both Saxton and the OHA. The instruction should not be given.

---

[1] Saxton also objects to FamilyCare's Proposed Jury Instruction 29, which is identical to FamilyCare's Proposed Jury Instruction 5, with the exception that FamilyCare has proposed that instruction 5 be given as a preliminary instruction and that instruction 29 be given as an instruction in the course of trial.

[2] 9th Circuit Model Civil Jury Instructions, 4.8 Act of Agent is Act of Principal—Scope of Authority not in Issue; 4.10 Principal Sued but Not Agent—No Issue as to Agency or Authority.

Page 4 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**FamilyCare's Proposed Jury Instruction No. 35**

**Deleted Evidence**

A party who has timely notice of a claim against it has a duty to take reasonable efforts to preserve evidence. If a party with such notice fails to preserve evidence through some fault of its own, you may assume that the missing evidence would have been favorable to the opposing party.

FamilyCare has established that Defendant Saxton intentionally deleted text messages that should have been preserved as evidence. Now, you may assume that those deleted text messages contained evidence that is harmful or contrary to Ms. Saxton's or OHA's defenses, in this case.[3]

**Saxton's Position:** On June 22, 2021, the Court noted that the Court "will consider issuing a permissive adverse inference jury instruction," but that the issue "likely will not be resolved until the PTC."[4]

Saxton objects to the inclusion of FamilyCare's proposed jury instruction 35 until the issue has been resolved by the Court. Further, to the extent the Court permits the parties to instruct the jury as to "deleted evidence," such instruction should also include an instruction relating to the evidence deleted by FamilyCare's CEO, Jeff Heatherington.

---

[3] *Byrd v. Maricopa County Sheriff's Dept.*, 565 F.3d 1205, 1214, *reh'g en banc granted*, 583 F.3d 673 (9th Cir. 2009).
[4] ECF 455.

Page 5 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**FamilyCare's Proposed Jury Instruction No. 46**

**Liability**

Your verdict should be for FamilyCare on its Section 1983 against Ms. Saxton if FamilyCare proved that any of the following three things is more probably true than not true:

1.  Ms. Saxton was directly involved in retaliating against FamilyCare in violation of FamilyCare's rights; **or**

2.  Ms. Saxton set in motion a series of acts by others that violated FamilyCare's First Amendment Rights; **or**

3.  Ms. Saxton knowingly refused to terminate a series of acts by others which she knew or reasonably should have known would violate FamilyCare's rights.[5]

In addition, you must find that Ms. Saxton's conduct was so closely related to the violation of FamilyCare's rights as to be the moving force that caused the ultimate injury.

**Saxton's Position:** This instruction is improperly included as an alternative to Instruction 9.3. The Ninth Circuit's comments to this instruction 9.4 explicitly state "if the plaintiff alleges a supervisor personally participated in a constitutional deprivation, use Instruction 9.3."[6]

FamilyCare *has* included Instruction 9.3, consistent with its Complaint[7], and its position throughout the entirety of these proceedings, that Saxton personally deprived FamilyCare of its civil rights under the First Amendment of the U.S. Constitution. In improperly including this *alternative* instruction, FamilyCare attempts to now change its theory of the case, and present to the jury an unreasonably broad alternative theory of liability for which Saxton was unaware of until FamilyCare presented this instruction as part of the pre-trial conferral process. Instruction 9.3 is the correct instruction to use, consistent with FamilyCare's own Complaint and the theory of the case that they have advanced throughout the entirety of these proceedings. Inclusion of this instruction would be extremely prejudicial.

---

[5] *See* 9th Circuit Model Civil Jury Instructions, 9.4 Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof; *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (as cited, quoted, and discussed with approval in the comments to 9.2 CAUSATION of the 9th Circuit Model Civil Jury Instructions).

[6] 9th Circuit Model Civil Jury Instructions, 9.4 Section 1983 Claim Against Supervisory Defendant in Individual Capacity—Elements and Burden of Proof.

[7] ECF 429, ¶ 79-89.

Page 6 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**FamilyCare's Proposed Jury Instruction No. 51**

**Damages for Lost Profits**

You may award lost profit damages for FamilyCare's claims against OHA for breach of the 2016 Settlement Agreement and/or breach of the duty of good faith and fair dealing on the Five-Year Contract. You may also award lost profit damages for FamilyCare's Section 1983 claim against Ms. Saxton.

To recover for lost profits, FamilyCare must first prove that some loss exists, and that Ms. Saxton's and/or OHA's wrongful conduct, if any, caused the loss. FamilyCare must then prove the amount of lost profits that is reasonably probable.

FamilyCare may prove an amount of lost profits with estimates or projections. It is not necessary to prove the exact amount of lost profits.

To decide the amount of lost profits, you should first decide the total amount of money FamilyCare would have earned but did not. Then subtract from that amount what would have been FamilyCare's costs of doing business to earn the money. What remains are lost profits.

It is irrelevant in computing lost profits that FamilyCare is a non-profit company.[8]

**Saxton's Position:** FamilyCare has yet to adduce any competent evidence for how or why Saxton's actions caused FamilyCare compensatory damages in the form of lost profits. Accordingly, Saxton requests that the Court reserve on any such instruction if and until FamilyCare adduces evidence at trial of any plausible causal connection between Saxton's alleged actions and FamilyCare's "lost profits." In the event that such an instruction is given, Saxton would request two modifications: 1) additional language making clear that, for purposes of Section 1983, in addition to proving that the amount of lost profits are "reasonable probable," FamilyCare must also show that Saxton was both the cause-in-fact and proximate cause of such lost profits; 2) deletion of the last sentence stating "it is irrelevant in computing lost profits that FamilyCare is a non-profit company." It is a modification provided without citation to legal support; and the jury should be able to consider "lost profits" in the context of FamilyCare's status as a non-profit entity.

Finally, Saxton believes the instruction to be improper as it relates to the OHA, because FamilyCare is barred by the 2016 CCO Contract from recovering anticipated profits from the OHA.

---

[8] *See* Oregon UCJI 77.01.

Page 7 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**FamilyCare's Proposed Jury Instruction No. 52**

**Damages for Loss of Enterprise Value**

You may award damages for loss of enterprise value for FamilyCare's claim against OHA for breach of the duty of good faith and fair dealing on the Five-Year Contract and/or FamilyCare's Section 1983 claim against Ms. Saxton.

The measure of damages for loss of enterprise value is the difference between the value of the business immediately before and immediately after the incident causing the loss.[9]

**Saxton's Position:** FamilyCare has yet to adduce any competent evidence with respect to how or why Saxton's actions caused FamilyCare enterprise damages. Although Saxton understands the Court's ruling that the limitation on liability provision contained in the CCO Contracts does not preclude FamilyCare's ability to *seek* consequential enterprise damages from Saxton, FamilyCare has nonetheless failed to set forth competent evidence that Saxton caused it such damages. Indeed, the 2018 Medicaid capitation rates (which FamilyCare alternatively alleges to be the cause of its forced closure), were finalized and presented to FamilyCare several months after Saxton left the OHA. FamilyCare's decision to close its doors was also made several months after Saxton left the OHA.

Saxton requests that the Court reserve on providing this instruction if and until FamilyCare adduces evidence at trial of any plausible causal connection between Saxton's alleged actions and FamilyCare's alleged enterprise damages.

Finally, Saxton believes the instruction to be improper as it relates to the OHA, because FamilyCare is barred by the 2016 CCO Contract from recovering consequential enterprise damages from the OHA.

---

[9] *See* Oregon UCJI 70.09 (Destruction of or Damage to Personal Property).

Page 8 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**SAXTON'S ALTERNATIVE PROPOSED JURY INSTRUCTIONS**

**AND APPLICABLE ANALYSES**

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton's Proposed Jury Instruction 2-c**[10]

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

FamilyCare's third claim is against Saxton. In this claim, FamilyCare alleges that Saxton, when she was the Executive Director of the OHA, FamilyCare of its civil rights. Saxton denies this allegation, and denies that she was the cause of any of FamilyCare's alleged economic harm. Saxton also sets forth an affirmative defense that FamilyCare has failed to undertake reasonable action to mitigate any of its alleged economic damages.

FamilyCare has the burden of proof on its claim; while Saxton has the burden of proof on her affirmative defense.[11]

**Saxton's Position:** Saxton objects to FamilyCare's alternative instruction 2-a, because it is argumentative and incorporates a description of evidence for which it is FamilyCare's burden to establish over the course of trial.[12] FamilyCare is not entitled to submit a summary of its case to the jury, where it has not yet proven the substance of that summary. Saxton offers instruction 2-c as a more simply, neutral statement of the case consistent with Local Rule 51-1(d)(4)("each instruction must be brief, impartial, understandable, and free from argument."

---

[10] This instruction relates only to Saxton and does not incorporate proposed revisions or instructions by Defendant Oregon Health Authority. Saxton also proposes this instruction as an alternative to FamilyCare's Proposed Jury Instruction 26.

[11] 9th Circuit Model Civil Jury Instructions, 1.5 Claims and Defenses; FamilyCare's Fifth Amended Complaint (ECF 429).

[12] *See* LR 51-1(d)(4).

Page 10 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
        FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
        FORM

**Saxton Proposed Jury Instruction 4-b[13]**

**Fair Treatment**

All parties are equal before the law. A nonprofit corporation, state agency, and individual person are each entitled to the same fair and conscientious consideration by you as any other party.[14]

**Saxton's Position:** Saxton objects to FamilyCare's alternative instruction 4-a, because it neglects to incorporate instructions requiring fair treatment of all parties to this Lawsuit. Saxton and Defendant Oregon Health Authority ("OHA") propose instruction 4-b, as it encompasses all parties and represents a more neutral statement of the law. To only mention nonprofit corporations misstates the law and prejudices both Saxton and the OHA.

---

[13] Saxton also proposes this instruction in the alternative to FamilyCare's Proposed Jury Instruction 28.

[14] 9th Circuit Model Civil Jury Instructions, 4.1 Corporations and Partnerships—Fair Treatment.

Page 11 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction No. 40.1**

**State Actor's Right to Free Speech**

State actors and government officials also have a First Amendment right to free speech.[15] Restricting the ability of government decision makers to engage in speech, risks interfering with their ability to effectively perform their duties, and ignores the competing First Amendment rights of the officials themselves.[16] Accordingly, the mere fact that a public official, including Saxton, engaged in her own speech or spoke in response to another's speech does not, by itself, violate Section 1983.[17] State actors and government officials have an affirmative duty to speak on matters of public concern.[18]

**Saxton's Position:** This instruction accurately states the law, and is necessary to reiterate that FamilyCare is not the only individual or entity who has a right to speak freely. "Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citation and quotation marks omitted).

Saxton has a right to free speech as well, and at no point did Saxton lose those rights, particularly as it relates to matters of public concern. To the extent the jury is not made aware that Saxton was, at all times, within her rights to exercise her own First Amendment rights, such action will prejudice the jury and lead them to assume Saxton was not entitled to speak in response to FamilyCare. To the contrary, and particularly given FamilyCare's position that its speech was "on a matter of public concern"—Saxton had a *duty* to speak on these issues—and such speech, in and of itself, is not retaliatory or otherwise in violation of Section 1983.

---

[15] *Greisen v. Hanken*, 925 F.3d 1097, 1113 (9th Cir. 2019) (quoting *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016); *see also Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 687 n.13 (4th Cir. 2000).

[16] *Id.*

[17] *Id.*

[18] *Id.*

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

**Saxton Proposed Jury Instruction 42-b**

**Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof**

To prevail on its § 1983 claim against Saxton, FamilyCare must prove each of the following elements by a preponderance of the evidence:

1. Saxton acted under color of state law; and

2. The actions of Saxton deprived FamilyCare of its particular rights under the First Amendment of the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Saxton acted under color of state law. Therefore, the first element requires no proof.

If you find that FamilyCare has proved the second element, and if you find that FamilyCare has proved all the other elements it is required to prove as outlined and explained in Instructions 43 – 48, your verdict should be for FamilyCare on this claim.  If, on the other hand, you find that FamilyCare has failed to prove this second element or any other element as outlined and explained in Instructions 43 – 48, your verdict should be for Saxton on this claim.[19]

**Saxton's Position:** Saxton objects to FamilyCare's Proposed Jury Instruction 42-a, including its use of the phrase "more probably true than not true" in replace of the phrase "preponderance of the evidence." The phrase "preponderance of the evidence" is already defined in the agreed upon Instruction No. 6. In addition, Saxton believes it is necessary for this instruction to specifically and accurately reference / preface the additional legal requirements that FamilyCare is required to prove (referenced above as "Instruction 43 – 48").

---

[19] 9th Circuit Model Civil Jury Instructions, 9.3 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof.

Page 13 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
        FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
        FORM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction 43-b**

**Particular Rights—First Amendment—Public Contractors—Speech**

As previously explained, FamilyCare has the burden of proving that Saxton deprived FamilyCare of particular civil rights under the United States Constitution.  In this case, FamilyCare alleges Saxton deprived it of its particular rights under the First Amendment by setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology and refusing to correct known errors in data and methodology; and by developing and implementing a smear campaign against FamilyCare.[20] To find that Saxton violated FamilyCare's particular civil rights, you must find an *actual*, not merely attempted, deprivation of those rights.

Under the First Amendment, a public contractor like FamilyCare has a qualified right to speak on matters of public concern.  To prove that Saxton deprived FamilyCare of this First Amendment right, FamilyCare must prove the following elements by a preponderance of the evidence:

1.  FamilyCare engaged in expressive conduct that addressed a matter of public concern[21];

2.  That Saxton personally[22] and intentionally[23]took an adverse action against FamilyCare; and

3.  That FamilyCare's expressive conduct was a substantial or motivating factor for the specific adverse action.

I will instruct you as to whether FamilyCare has met its burden on the first element. I will explain the second and third elements in greater detail in Instructions 44 – 45.

**Saxton's Position:** Saxton objects to FamilyCare's attempt to re-write the allegations pleaded in its Fifth Amended Complaint. The proper identification of its alleged deprivation of rights should come straight from the text of its actual Complaint. That is with the exception of alleged instances of deprivation which FamilyCare fails to identify with any specificity, and which should therefore

---

[20] Fifth Amended Complaint at ¶ 82.

[21] *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).

[22] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

[23] *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1227 (D. Or. 2016); *Chavez v. Tempe Union High School Dist.*, 565 F.2d 1087, 1095 (9th Cir. 1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

be excluded from consideration by the jury. This includes allegations that Saxton did "among other things" and "refused to grant FamilyCare the procedural protections guaranteed by law."[24] Indeed, FamilyCare has never produced evidence that Saxton did "among other things" or deprived it of unidentified procedural protections under some identified law. Further, the above instruction more accurately describes other aspects of the applicable law: that FamilyCare's First Amendment right is *qualified* and not absolute. It also accurately states that Saxton must have personally and intentionally taken action against FamilyCare in response to its alleged expressive conduct.[25] It also accurately states that the deprivation of civil rights has to be an actual, not merely attempted, deprivation.[26]

---

[24] Fifth Amended Complaint at ¶ 82.

[25] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010); *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1227 (D. Or. 2016); *Chavez v. Tempe Union High School Dist.*, 565 F.2d 1087, 1095 (9th Cir. 1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).

[26] 9th Circuit Model Civil Jury Instructions, 9.3 Section 1983 Claim Against Defendant in Individual Capacity— Elements and Burden of Proof.

Page 15 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
   FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
   FORM

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction No. 44-b**

**Adverse Action Defined—First Amendment—Public Contractors—Speech**

An action is an adverse action for purposes of the Section 1983 claim if a reasonable contractor would have found the action materially adverse, which means it might have dissuaded a reasonable contractor from engaging in protected activity.[27] To establish that Saxton took an adverse action against FamilyCare, FamilyCare must show that Saxton personally[28] and intentionally took such action.[29]

FamilyCare has identified specific "adverse" actions which it believes that Saxton took against it. Your deliberations should be limited to consideration of whether Saxton took these specific adverse actions. FamilyCare alleges that Saxton took adverse action against it by setting rates that were unreasonable, biased, actuarially unsound, and based on erroneous data and methodology and refusing to correct known errors in data and methodology; and by developing and implementing a "smear campaign" against FamilyCare.[30]

**Saxton's Position:** Saxton objects to FamilyCare's Proposed Jury Instruction 44-a. To prove its claim against Saxton under Section 1983, FamilyCare must prove Saxton personally took the adverse actions that it alleges, and that she took the actions intentionally. See *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010) (In order to be individually liable under Section 1983, an individual must personally participate in the alleged rights deprivation). Further—retaliation is an *intentional*, not unintentional, act. In addition, Saxton objects to the extent FamilyCare's Proposed Jury Instruction 44-a attempts to re-write its allegations contained in the Fifth Amended Complaint.[31] As stated above, the alleged deprivation should be described as FamilyCare itself describes it in its Complaint, with the exception of unsupported allegations which should not be before the jury at all. Saxton believes it would be prejudicial to *not* limit the consideration of adverse actions to those that FamilyCare has actually identified—as opposed to FamilyCare's attempt to now "widen the net" and allude to the jury that they could find essentially anything to be an adverse action for purposes of this claim against Saxton. Further, Saxton objects to FamilyCare's Proposed Jury Instruction 44-a, because it is misleading as to whether FamilyCare is required to prove that an

---

[27] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.
[28] *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010)
[29] *Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1227 (D. Or. 2016); *Chavez v. Tempe Union High School Dist.*, 565 F.2d 1087, 1095 (9th Cir. 1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).
[30] Fifth Amended Complaint at ¶ 82.
[31] ECF 429.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

adverse act did, in fact, occur. The jury's determination that an adverse act actually occurred is a critical element. To suggest otherwise creates significant risk of confusion on the part of the jury and, therefore, prejudice to Saxton.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction 45-b**

**Substantial Motivating Factor Defined—First Amendment—Public Contractors--Speech**

A substantial or motivating factor is a significant factor.[32] To prove that FamilyCare's speech was a substantial or motivating factor for any adverse action taken by Saxton, FamilyCare must prove (1) that Saxton had knowledge of FamilyCare's speech at the time that she took such adverse action[33]; and (2) that in undertaking such action, Saxton acted intentionally and with a retaliatory motive.[34] With respect to motive, Saxton's actions must have been substantially motivated by a desire to deter or chill FamilyCare's speech.[35]

FamilyCare may satisfy its burden to prove that Saxton was aware of FamilyCare's expressive conduct through circumstantial evidence of the following:

1. By establishing proximity or closeness in time between FamilyCare's expressive conduct and the allegedly retaliatory actions; **or**

2. By producing evidence that Ms. Saxton expressed opposition to FamilyCare's speech, to FamilyCare or to others; **or**

3. By demonstrating that explanations that Saxton offers for her adverse actions were false and pretextual.[36]

**Saxton's Position:** FamilyCare is alleging that Saxton retaliated against it for engaging in protected speech on matters of public concern. Accordingly, FamilyCare must prove that Saxton actually had knowledge of its protected speech *prior* to taking such action. Otherwise, she could not have been motivated by such speech in taking any allegedly retaliatory action. Furthermore, to prove its claim against Saxton under Section 1983, FamilyCare must prove that Saxton acted both

---

[32] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech.
[33] *Alpha Energy*, 381 F.3d at 929; *Greisen*, 252 F. Supp. 3d at 1056-57.
[34] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech; *Hartman v. Moore*, 547 U.S. 250, 259 (2006); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004); *Sloman v. Tadlock*, 21 F.3d 1462, 1465, 1469 n.10 (9th Cir. 1994); *Greisen*, 252 F. Supp. 3d at 1056-57; *Alpha Energy*, at 929; *Allen v. Iranon*, 283 F.3d 1070, 1076-77 (9th Cir. 2002); *Coszalter*, 320 F.3d at 977; *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005).
[35] 9th Circuit Model Civil Jury Instructions, 9.9 Particular Rights—First Amendment—Public Contractors—Speech; *Awabdy*, 368 F.3d at 1071; *Sloman*, 21 F.3d at 1465, 1469 n.10.
[36] *Alpha Energy*, 381 F.3d at 929 (citing *Coszalter*, 320 F.3d at 977).

Page 18 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
           FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
           FORM

personally and intentionally. To retaliate, Saxton must have acted deliberately. Saxton's citation to the *Awabdy* and *Sloman* cases regarding a motivation to deter or chill speech is an accurate recitation of the law, and will aid the jury in understanding the requisite intent that it needs to find in order to impose liability against Saxton for a violation of Section 1983, particularly where FamilyCare's specific allegation is that Saxton retaliated on the basis of FamilyCare's speech.

Page 19 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**Saxton Proposed Jury Instruction No. 46.1**

**Causation**

To prevail on its claim against Saxton, FamilyCare must prove by a preponderance of the evidence that Saxton was the "actionable cause" of its injuries. To meet this causation requirement, FamilyCare must then establish both causation-in-fact and proximate causation.[37]

**Saxton's Position:** This instruction comes directly from the Ninth Circuit's comments on the operative liability instruction (Section 1983 Claim Against Defendant in Individual Capacity- 9.3), citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury…to meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.") In conferral, FamilyCare provided no reason why this instruction should not be given. Saxton believes failing to give such instruction would be significantly prejudicial, and would result in a failure to fully instruct the jury on the operative legal requirements under Section 1983.

---

[37] *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction No. 46.2**

**Cause-in-Fact**

FamilyCare must prove that Saxton is the cause-in-fact of FamilyCare's alleged harm.[38]

You may find that Saxton is the cause-in-fact of FamilyCare's harm only if FamilyCare would not

have been deprived of its First Amendment rights *but for* Saxton's alleged conduct. Conversely,

you may not find that Saxton's conduct is the cause-in-fact of FamilyCare's alleged harm if the

harm would have occurred even without Saxton's conduct.[39]


**Saxton's Position:** The Ninth Circuit's comments on the operative liability instruction (Section 1983 Claim Against Defendant in Individual Capacity- 9.3), citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (2008) make clear that Saxton must be the actionable cause of FamilyCare's alleged injuries. *Harper* says "to meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* Accordingly, an instruction on the definition of "cause in fact" is necessary. Cause in fact is more commonly known and explained as *but for* causation. Saxton takes and slightly modifies the operative *but for* causation instruction from the Oregon Uniform Civil Jury Instructions (UCJI 23.01). Failing to give this instruction at all, as FamilyCare apparently suggests, would confuse the jury and would be greatly prejudicial to Saxton.

---

[38] *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2020).

[39] UCJI 23.01; *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## Saxton Proposed Jury Instruction No. 46.3

## Proximate Cause

Proximate cause requires a direct relation between FamilyCare's harm and Saxton's alleged conduct.[40] Accordingly, if there is no direct relation between Saxton's actions and FamilyCare's alleged harm, there is no proximate causation. If there is an intervening event or intervening events that interrupt any direct relation between FamilyCare's harm and Saxton's alleged conduct, there is no proximate causation.[41]

**Saxton's Position:** The Ninth Circuit's comments on the operative liability instruction (Section 1983 Claim Against Defendant in Individual Capacity- 9.3), citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (2008) make clear that Saxton must be the actionable cause of FamilyCare's alleged injuries. *Harper* says "to meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* Accordingly, an instruction on the definition of "proximate cause" is necessary. Proximate cause is decidedly difficult to define, but has been defined in this instruction according to applicable Ninth Circuit case law. This specific definition is of particular importance because it makes clear that intervening events may break the chain of alleged causation between an initial action and an ultimate result. Failing to give this instruction at all, as FamilyCare apparently suggests, would confuse the jury and would be greatly prejudicial to Saxton.

---

[40] *Painters v. Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co.,* 943 F.3d 1243, 1249 (9th Cir. 2019).

[41] *Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018).

Page 22 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
FORM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

**Saxton Proposed Jury Instruction 49-b**

**Damages Under Section 1983—Proof**

If you find for FamilyCare on its First Amendment claim under Section 1983, you must determine FamilyCare's damages, if any. It is for you to determine what damages, if any, have been proven[42], and for which Saxton was the actionable cause (both proximate cause and cause-in-fact). In determining the measure of damages, if any, you should consider the nature and extent of FamilyCare's alleged injuries.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.[43]

**Saxton's Position:** FamilyCare has the burden of proving that it suffered damages, and that Saxton was the actionable cause of those damages. Saxon added "if any" to make clear that FamilyCare is not simply entitled to damages, and the jury may very well find that FamilyCare suffered no economic damages at all as a result of Saxton's alleged conduct—even if they were to find in favor of FamilyCare on liability. Further, FamilyCare's proposed instructions add additional considerations for lost profits, lost business opportunities, and loss enterprise value. FamilyCare has yet to provide any competent evidence of a requisite causal connection between Saxton's alleged actions and lost profits, lost business opportunities, loss enterprise value, or the close of its Medicaid business. Accordingly, Saxton requests that the Court reserve on including additional considerations as part of this instruction if and until FamilyCare adduces such competent evidence during the course of the trial. The resolution of both pre-trial motions on damages and motions which may be made during the course of trial may also be critical to properly crafting this instruction.

---

[42] 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.

[43] *See* 9th Circuit Model Civil Jury Instructions, 5.1 Damages—Proof.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction 52.1-b**

**Damages- Mitigation**

FamilyCare has a duty to use reasonable efforts to mitigate damages.[44] To mitigate means to avoid or reduce damages.[45] FamilyCare may not take actions that aggravate, or otherwise enhance, its damages.[46] In addition, FamilyCare must make a reasonable effort to avoid damages.[47]

Saxton has the burden of proving by a preponderance of the evidence that FamilyCare failed to use reasonable efforts to mitigate damages.

If you find that FamilyCare has failed to use reasonable efforts to mitigate damages, you may reduce any award to FamilyCare accordingly.

**Saxton's Position:** FamilyCare has a clear duty under the law to mitigate any alleged damages that it seeks; and the jury may reduce any award to FamilyCare in the event that it finds that FamilyCare has failed to take reasonable efforts to mitigate damages. This instruction is an accurate statement of the law, and also accurately states the applicable burden of proof. FamilyCare does not think that a mitigation instruction should be given at all. That is plainly wrong. Failing to instruct on mitigation would be extremely prejudicial to both Saxton and the OHA.

---

[44] 9th Circuit Model Civil Jury Instructions, 5.3 – Damages- Mitigation.

[45] 9th Circuit Model Civil Jury Instructions, 5.3 – Damages- Mitigation.

[46] *See, e.g., Commodity Credit Corp. v. Resenberg Bros. & Co.*, 243 F.2d 504, 511 (9th Cir.1957).

[47] *See* Model Instruction 5.3; *Colonial banking Co. v. Mountain Title Co. Inc.*, 94 Or. App. 491, 495, 766 P.2d 411 (1988); *Commodity Credit Corp*, 243 F.2d at 511.

Page 24 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
         FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
         FORM

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

**Saxton Proposed Jury Instruction 52.2**

**Avoidable Consequences**

A party damaged by another's actions is required to exercise reasonable care to avoid increasing that damage. There can be no recovery for increased damages caused by the failure to exercise such care.[48]

In this case, the OHA and Saxton assert that FamilyCare failed to exercise reasonable care to avoid increasing its damages. If you find by a preponderance of evidence that FamilyCare failed to exercise reasonable care to avoid increasing its damages, FamilyCare cannot recover for that portion of its losses that it reasonably could have avoided.

**Saxton's Position:** "Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citation and quotation marks omitted). Saxton expects evidence to be adduced at trial that FamilyCare took actions that actually accelerated its alleged damages, as opposed to mitigating them. It could have avoided losses, but made a conscious decision not to. This instruction is an accurate recitation of the law, and will aid the jury in understanding and evaluating FamilyCare's duty to avoid / mitigate its damages.

---

[48] *See Bixler v. First Nat. Bank of Oregon*, 49 Or. App. 195, 203 (1980) ("Under general contract law, a plaintiff is required to take reasonable steps to avoid the enhancement of his damages[.]"); *Enco, Inc. v. F.C. Russell Co.,* 210 Or. 324, 339 (1957) ("It is well-settled that a party injured by breach of contract or tort should do what reasonable care and business prudence require to minimize his loss.").

Page 25 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
         FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
         FORM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

**Saxton Proposed Jury Instruction 52.3**

**Release**

The OHA and Saxton assert that some or all of FamilyCare's claims or damages are barred because the OHA and FamilyCare's Settlement Agreement included a release provision. You must determine whether the release of claims provision in the Settlement Agreement bars any or all of FamilyCare's claims or damages. If you find that any of FamilyCare's claims or damages are barred by the release of claims provision in the parties' Settlement Agreement, the OHA and Saxton are not liable for those claims or damages.[49]

**Saxton's Position:**   The instruction should be given because FamilyCare's damage expert appears to calculate damages which pre-date the 2016 Settlement Agreement (Settlement Agreement, § 4 (Dkt. 155-2 at 9). Saxton's Sixth Affirmative Defense in her Answer to FamilyCare's Fifth Amended Complaint alleges that FamilyCare's claim is barred as it relates to matters released by the 2016 Settlement Agreement. To the extent FamilyCare seeks damages barred by the 2016 Settlement Agreement, the jury may not consider those damages as part of any damages award to FamilyCare against Saxton or the OHA.

---

[49] (Saxton's Answer ¶ 47); *Wieck v. Hostetter*, 274 Or. App. 457 (2015) (general rules governing interpretation of release provisions); *Henderson v. Hercules, Inc.*, 795-96 (affirmative defense of release is a jury question so long is there are disputed questions of fact surrounding its interpretation and scope).

Page 26 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
            FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
            FORM

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## VERDICT FORM

Saxton objects to FamilyCare's proposed verdict form, and asks the Court to adopt the OHA and Saxton proposed verdict form instead. The OHA and Saxton proposed verdict form accurately states the law and walks the jury through the requisite elements of liability needed to prove that Saxton is liable for a violation of Section 1983 (including both intent and causation). FamilyCare's proposed verdict form does not accurately account for all elements that the jury must find in order to impose liability against Saxton for a violation of Section 1983. FamilyCare's proposed verdict form also fails to account for mitigation; and does not give the jury the opportunity to consider or potentially reduce any monetary award to FamilyCare on the basis that Saxton is able to show that FamilyCare failed to take reasonable steps to mitigate its damages.

Page 27 – DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF
FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT
FORM

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

**SPECIAL OBJECTIONS AND RESERVATION OF RIGHTS REGARDING DAMAGES**

In its three claims for relief against Saxton and the OHA, FamilyCare blames both Saxton and the OHA for the same damages. Although it has attempted to separate their conduct for purposes of liability; FamilyCare has done the opposite with respect to damages, and has made no meaningful attempt to separate the damages sought from the OHA the entity from those sought from Saxton, the individual. As Saxton has asserted throughout these proceedings, FamilyCare has done this for the specific purpose of evading the limitation on liability included in the operative CCO Contracts. In other words—the damages sought are identical, but to evade the limitation, the damages are sought through alternative sources. But FamilyCare should not be able to recover the same damages from *both* sources.

Saxton and the OHA both intend to make numerous pretrial and trial motions which may have the impact of excluding or limiting the amount and nature of damages that FamilyCare may seek. Saxton therefore reserves the right to request additional jury instructions and/or questions on the verdict form to ensure that the jury does not award FamilyCare duplicative damages which result in an award against both the OHA and Saxton for the same conduct.

Saxton also reserves the right to request additional or different questions on the verdict form, including without limitation a question asking the jury to list the total amount of damages awarded, questions requesting the jury to identify the source of damages, or instructions on the form warning the jury not to award duplicative damages on multiple claims. Saxton will request such instructions or verdict form provisions at the appropriate time based on the Court's rulings and FamilyCare's arguments at trial.

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2022, I caused the foregoing **DEFENDANT LYNNE SAXTON'S OBJECTIONS TO PLAINTIFF FAMILYCARE INC.'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** to be:

☒    electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Stephen F. English**<br>SEnglish@perkinscoie.com<br>**Thomas R. Johnson**<br>TRJohnson@perkinscoie.com<br>**Heidee Stoller**<br>HStoller@perkinscoie.com<br>**Matthew J. Mertens**<br>MMertens@perkinscoie.com<br>**Sasha A. Petrova**<br>SPetrova@perkinscoie.com<br>Perkins Coie LLP<br>1120 N.W. Couch Street, 10th Floor<br>Portland, OR 97209-4128<br><br>**Matthew Gordon**, *pro hac vice*<br>MGordon@perkinscoie.com<br>**David B. Robbins**<br>DRobbins@perkinscoie.com<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br><br> Counsel for Plaintiff | **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>Counsel for Defendant Oregon Health Authority |

CERTIFICATE OF SERVICE

| | |
|---|---|
| **David B. Markowitz**<br>davidmarkowitz@mhgm.com<br>**Matthew A. Levin**<br>mattlevin@markowitzherbold.com<br>**Vivek A. Kothari**<br>vivekkothari@markowitzherbold.com<br>**Anna Marie Joyce**<br>annajoyce@markowitzherbold.com<br>**Dallas S. DeLuca**<br>dallasdeluca@markowitzherbold.com<br>**Harry B. Wilson**<br>harrywilson@markowitzherbold.com<br>**Katherine M. Acosta**<br>katherineacosta@markowitzherbold.com<br>**Laura R. Salerno Owens**<br>laurasalerno@markowitzherbold.com<br>Markowitz Herbold PC<br>1455 SW Broadway, Suite 1900<br>Portland, OR 97201<br><br>**Carla Scott**<br>Carla.a.scott@doj.state.or.us<br>Oregon Department of Justice<br>100 SW Market Street<br>Portland, Or 97201<br><br>**Jonathan W. Monson**<br>jmonson@cablehuston.com<br>**Nicole M. Swift**<br>nswift@cablehuston.com<br>Cable Huston LLP<br>1001 SW 5th Avenue, Suite 2000<br>Portland, OR ;972904-1136<br><br>Counsel for Defendant Patrick Allen | |

☐    hand delivered to the following non-CM/ECF participants:

☐    faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

*s/Edwin A. Harnden*

Edwin A. Harnden

CERTIFICATE OF SERVICE

**BARRAN LIEBMAN LLP**<br>601 SW SECOND AVENUE, SUITE 2300<br>PORTLAND, OR  97204-3159<br>PHONE (503) 228-0500   FAX (503) 274-1212