**David B. Markowitz, OSB #742046**
DavidMarkowitz@MarkowitzHerbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@MarkowitzHerbold.com
**Laura Salerno Owens, OSB #076230**
LauraSalerno@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tele: (503) 295-3085
Fax: (503) 323-9105

       Special Assistant Attorneys General for Defendant Oregon
       Health Authority, an agency of the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                 Plaintiff,<br><br>      v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,<br><br>                 Defendants. | Case No. 6:18-cv-00296-MO<br><br>**DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |

**JURY INSTRUCTIONS**

**I.    Objections to FamilyCare's Proposed Instruction 2-a; analysis in support of OHA's proposed Instruction 2-b**

Local Rule 51-1(d)(4) provides that "[e]ach instruction must be brief, impartial, understandable, and free from argument." FamilyCare's proposed instruction is too long, partial, and contains argument. The proposed instruction is three and a half pages; the instruction should state the claims and defenses and nothing further.

FamilyCare's proposed instruction is also packed with partial and biased language supporting FamilyCare's arguments. For example, the proposed instruction refers to the parties'

**Page 1 -    DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Coordinated Care Organization Contract as the "Five-Year Contract." (*See eg.* Joint Proposed Jury Instructions (Dkt. 536) ("Jt. Prop. JI") at 9.) The official name of the contract is the "Health Plan Services Contract, Coordinated Care Organization Contract." (01/01/14 Health Plan Services Contract with FamilyCare, Decl. of Anit Jindal in Supp. of Def. Oregon Health Authority's Mot. to Dismiss, Ex. 2 (Dkt. 433-2) at 1.) The five-year term of the contract is one of FamilyCare's primary arguments in its good faith claim. (Pl.'s Opp'n to Oregon Health Authority's ("OHA's") Mot. for Summ J. at 11-12 (Dkt. 515) ("Of particular importance is the requirement that the CCO contract have a five-year term.").) The contract should be referred to by its proper name or an abbreviation of that name—the "CCO Contract"—not with a phrase designed to remind the jury of one of FamilyCare's arguments.

The proposed instruction also improperly characterizes OHA's rates for FamilyCare in 2015 and 2016 as a "significant decrease" over previous rates. (Jt. Prop. JI at 10.) OHA disputes the characterization. Furthermore, the proposed instruction fails to note the enormous profits FamilyCare received from the previous rates or the context around the 2015 and 2016 rate setting. The absence of context incorrectly implies that OHA's motive was punitive, thereby supporting FamilyCare's themes.

The proposed instruction states that FamilyCare went "out of business." (Jt. Prop. JI at 11.) That implies that FamilyCare is insolvent or bankrupt. But that is false: FamilyCare is solvent and has substantial assets. FamilyCare, at its own choice, stopped providing services to Oregon Health Plan members. It did not go "out of business."

In addition, FamilyCare's proposed instruction continues to refer to the alleged reasonable expectation of actuarial soundness, which has not been part of the case for years. (Jt. Prop. JI at 10.) Plaintiff conceded that "actuarial soundness" is not part of its good faith claim in 2021. (Pl.'s Opp'n to OHA's Mot. to Dismiss at 19 (Dkt. 452) ("This Court previously held that FamilyCare had no reasonable contractual expectation to actuarially sound rates, ECF 105 at 25 . . . [T]hose rulings may affect FamilyCare's claim insofar as it encompasses an expectation for rates that were actuarially sound[.]")). Moreover, the Court dismissed all damages flowing from

**Page 2 -    DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO
PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND
VERDICT FORM**

"actuarial soundness": "[T]o the degree that you're seeking damages flowing from failure to receive actuarially sound rates per se, then that claim, because I've granted summary judgment, is also out of the case." (Tr. of 09/21/18 (Dkt. 259) at 69:25-70:3.)

The instruction inserts other new reasonable expectations into FamilyCare's claim that are not proper under Oregon law. For example, the proposed instruction contends that FamilyCare has a right to receive rates from OHA that were "made in good faith and not intended to force FamilyCare to sustain substantial losses or forfeit its contract or its operation." (Jt. Prop. JI at 10.) But the implied duty of good faith "is to be applied in a manner that will effectuate the reasonable contractual expectations of the parties." *Pac. First Bank v. New Morgan Park Corp.*, 319 Or. 342, 353 (1994) (quotation marks and citations omitted). The implied duty of good faith "does not operate in a vacuum." *Oregon Univ. Sys. (OUS) v. Oregon Pub. Emps. Union, Loc. 503*, 185 Or. App. 506, 515 (2002). A party's motives are irrelevant. "The obligation of good faith does not . . . provide a remedy for an unpleasantly motivated act that is expressly permitted by contract or statute." *U.S. Nat. Bank of Oregon v. Boge*, 311 Or. 550, 567 (1991).

Moreover, in the 2016 Settlement Agreement, FamilyCare expressly and unambiguously agreed that OHA has no obligation to ensure that FamilyCare receives rates that cover its expenses: "OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year[.]" (05/22/16 Settlement Agreement, Defs. OHA and Patrick Allen Ex. List (ISO Summ. J.) ("Settlement Agreement") § 1.d (Dkt. 155-2 at 3).) In light of that agreement, FamilyCare cannot assert now that it had a reasonable expectation—or right—to receive rates that would not result in losses.

FamilyCare's proposed instruction restates its arguments and themes supporting its claims against OHA, asking the Court to endorse FamilyCare's partial, biased, and legally incorrect version the case. FamilyCare's proposed instruction is, therefore, improper. *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995) ("Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not

**Page 3 -   DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

misleading."); *Bird v. Lewis & Clark College*, 303 F.3d 1015, 1022 (9th Cir. 2002) (it was not an error for the court to deny plaintiffs' proposed instructions that were argumentative).

The Court should reject FamilyCare's proposed Instruction 2-a and instead issue OHA's and Saxton's proposed neutral instructions, 2-b and 2-c, which impartially and briefly state the claims and defenses in the case. (*See* Jt. Prop. JI at 13, 14.)

## II.    Objections to FamilyCare's proposed Instruction 4-a; analysis in support of OHA's proposed Instruction 4-b

Local Rule 51-1(d)(4) provides that "[e]ach instruction must be brief, impartial, understandable, and free from argument."  FamilyCare's proposed instruction tells the jury that all parties are equal before the law, but then identifies only one of the parties to this case—the non-profit FamilyCare. (Jt. Prop. JI at 16.) The instruction should inform the jury that all three parties—a non-profit, a state agency, and an individual—are equal before the law.  Alternatively, no instruction of this nature should be given.

## III.    Objections to FamilyCare's proposed Instruction 35

OHA objects to this instruction because OHA's motion for sanctions remains under advisement.  (Dkt. 455.)  OHA incorporates its opposition to plaintiff's motion for sanctions herein.  (Resp. in Opp'n to Mot. for Imposition of Sanctions Against OHA due to Evidence Spoliation (Dkt. 320).)  Furthermore, FamilyCare's CEO Jeff Heatherington also deleted text messages and FamilyCare failed to reveal the spoliation until after the close of discovery, preventing OHA from learning about the extent of its destruction of evidence.  (*Id.*, Def. OHA's Mot. to Compel FamilyCare's Disc. Resp's and Mot. for Sanctions (Dkt. 469).)  If the instruction is issued, it should encompass Jeff Heatherington's deletion of evidence as well.

## IV.    Objections to FamilyCare's proposed Instruction 36-a; analysis in support of OHA's proposed Instruction 36-b

Local Rule 51-1(d)(4) provides that "[e]ach instruction must be brief, impartial, understandable, and free from argument."  FamilyCare's proposed instruction refers to the parties' Coordinated Care Organization Contract as the "Five-Year Contract." (Jt. Prop. JI at 45.)  The official name of the contract is the "Health Plan Services Contract, Coordinated Care

**Page 4 -    DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Organization Contract." (Dkt. 433-2 at 1.) It should be referred to by its proper name or the abbreviation "CCO Contract." The five-year term of the contract is one of FamilyCare's primary arguments in its good faith claim. (Pl.'s Opp'n to OHA's MSJ at 11-12 (Dkt. 515) ("Of particular importance is the requirement that the CCO contract have a five-year term.").) Referring to the CCO Contract as the "Five-Year Contract" embeds one of FamilyCare's arguments into the Court's instructions.

In addition, the CCO Contract does not have an express provision requiring the parties to act in good faith. By omitting the word "implied" from the description of FamilyCare's second claim, the instruction improperly suggests that the CCO Contract expressly requires "good faith." The instruction should properly describe Oregon's law, which provides that "every contract includes an *implied* covenant of good faith and fair dealing." *Oregon Univ. Sys.*, 185 Or. App. at 514.

## V.    Analysis in support of OHA's proposed Instruction 36.1

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citation and quotation marks omitted). OHA intends to argue and present evidence at trial that Section 8 of the 2016 Settlement Agreement is intended to mean that OHA may not use the Settlement Credit as a factor in the rate-setting methodology for FamilyCare in future rate years. (Settlement Agreement, § 8 (Dkt. 155-2 at 6).) OHA expects FamilyCare to advance a different interpretation; the jury should be instructed about ambiguity in contract.

The Court should hear OHA's parol evidence before determining whether the Settlement Agreement is ambiguous. It is proper to consider parol evidence when determining whether a contract is ambiguous. In *Batzer Construction, Inc. v. Boyer*, 204 Or. App. 309, 317 (2006), the Oregon Court of Appeals held that a court could "consider the circumstances underlying the formation of a contract to determine whether a particular contractual provision is ambiguous." *See also Sollars v. City of Milwaukie*, 222 Or. App. 384, 388 (2008) ("[p]arol evidence regarding the circumstances underlying the formation of a contract may be considered to determine

**Page 5 -    DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

whether a contract provision is ambiguous"); *Abercrombie v. Hayden Corp.*, 320 Or. 279, 292 (1994) ("trial court may consider parol and other extrinsic evidence to determine whether the terms of an agreement are ambiguous").  OHA will present this evidence at trial.

Because OHA's proposed instruction is based on Oregon's uniform civil jury instructions, UCJI 65.17A, and describes OHA's theory of the case as supported by law and evidence, the Court should issue this instruction.

## VI.    Analysis in support of OHA's proposed Instruction 36.2

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted).  OHA intends to argue and present evidence at trial that Section 8 of the 2016 Settlement Agreement is intended to mean that OHA may not use the Settlement Credit as a factor in the rate-setting methodology for FamilyCare in future rate years.  (Settlement Agreement, § 8 (Dkt. 155-2 at 6).)  Because OHA's proposed instruction is based on Oregon's uniform civil jury instructions, UCJI 65.17B, and describes OHA's theory of the case as supported by law and evidence, the Court should issue this instruction.

## VII.    Objections to FamilyCare's proposed Instruction 37-a; analysis in support of OHA's proposed Instruction 37-b

Local Rule 51-1(d)(4) provides that the "principle stated in one instruction must not be repeated in any other instruction."  FamilyCare's proposed instruction uses the definition of preponderance of evidence rather than the phrase "preponderance of evidence" to describe the burden of proof the jury should apply.  (Jt. Prop. JI at 49.)  But the parties have already agreed to jury instruction 6, which describes the burden of proof and defines "preponderance of evidence." (*Id.* at 19.)  FamilyCare's proposed instruction repeats the principle stated in instruction 6.

Furthermore, by omitting the phrase "preponderance of evidence" from the instruction, the instruction no longer references instruction 6, which establishes the parties' burdens on claims and defenses.  The jury should understand, by reference to instruction 6, that it is plaintiff's burden to prove its claims and defendants' burden to prove their defenses.

**Page 6 -    DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

## VIII.    Analysis in support of OHA's proposed Instruction 37.1

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted). OHA has asserted the affirmative defense of estoppel. (OHA's Answer to Pl.s' Fifth Am. Compl. (Dkt. 501) ("OHA's Answer") ¶ 114.) "Estoppel precludes a person, based on the person's acts, conduct, or silence where there was a duty to speak, from asserting a right that otherwise would have been available." *Nelson v. Liberty Ins. Corp.*, 314 Or. App. 350, 359 (2021). Under Oregon law, equitable estoppel can be a successful defense to a breach of contract claim. *Vukanovich v. Kine*, 302 Or. App. 264, 277 (2020) (affirming trial court's ruling that equitable estoppel defense successfully defeated party's breach of contract claim).

Plaintiff is estopped from asserting, in its implied duty of good faith claim, that it has rights based on reasonable expectations that the CCO Contract entitled it to rate amendments that were "were timely, reasonable, unbiased, actuarially sound, adequate, and free of errors in underlying data and methodology" (*see* Fifth Am. Compl. (Dkt. 429) ¶ 107) because plaintiff expressly disclaimed such expectations. In the 2016 Settlement Agreement, FamilyCare agreed that "OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval." (Settlement Agreement § 1.a. (Dkt. 155-2 at 3).) FamilyCare also agreed that CMS is the arbiter of whether rates are actuarially sound: "OHA must establish to the satisfaction of CMS that the rates are actuarially sound[.]" (*Id.* § 1.b.) And FamilyCare agreed that OHA was not obligated to adjust FamilyCare's rates to cover FamilyCare's costs: "OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year[.]" (*Id*. § 1.d.) FamilyCare is thus estopped from asserting contrary expectations.

FamilyCare has never challenged OHA's estoppel affirmative defense. OHA is entitled to an instruction on its theory of the case.

IX.    **Objections to FamilyCare proposed Instruction 38-a; analysis in support of OHA's proposed Instruction 38-b**

Local Rule 51-1(d)(4) provides that "[e]ach instruction must be brief, impartial, understandable, and free from argument." FamilyCare's proposed instruction refers to the parties' Coordinated Care Organization Contract as the "Five-Year Contract." (Jt. Prop. JI at 52.) For the reasons stated in OHA's objections to FamilyCare's proposed instruction 2-a and subsequent proposed instructions, above, it is improper, argumentative, and biased to refer to the CCO Contract as the "Five-Year Contract." It should be referred to by its actual name or "CCO Contract."

For the reasons stated in OHA's objections to FamilyCare's proposed instruction 37-a, above, FamilyCare's proposed instruction improperly uses the definition of preponderance of evidence rather the phrase "preponderance of evidence" to describe the burden of proof the jury should apply. (*Id.*) The instruction should use the phrase "preponderance of evidence."

For the reasons stated in OHA's objections to FamilyCare's proposed instruction 37-a, above, OHA further objects to FamilyCare's proposed instruction because it omits the word "implied" from the "implied duty of good faith and fair dealing. (*Id.*)

OHA further objects to FamilyCare's proposed instruction because it incorrectly describes Oregon law. FamilyCare's instruction states that duty of good faith requires that the "parties operate in good faith" (*id.*); but that is an imprecise and misleading statement of Oregon law. The implied duty of good faith "is to be applied in a manner that will effectuate the reasonable contractual expectations of the parties." *Pac. First Bank*, 319 Or. at 353 (quotation marks and citations omitted). The implied duty of good faith "does not operate in a vacuum." *Oregon Univ. Sys.*, 185 Or. App. at 515. "Good faith" itself is not an objective reasonable expectation of the parties. OHA and FamilyCare disagree about the parties' reasonable expectations; the instruction should not suggest that OHA might be liable for breaching the CCO Contract simply because it did not act in "good faith." FamilyCare must establish—with evidence—that the parties' had specific objective reasonable expectations about the performance of the CCO Contract and OHA failed to meet those expectations.

Page 8 -    **DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

A party's motives are irrelevant, moreover. "The obligation of good faith does not . . . provide a remedy for an unpleasantly motivated act that is expressly permitted by contract or statute." *U.S. Nat. Bank of Oregon*, 311 Or. at 567. The instruction should not imply that the parties have a free-floating and independent duty to treat each other well. Under Oregon law, the parties' reasonable expectations are not assumed; they must be shown.

This instruction is dependent on the Court's forthcoming opinion on OHA's motion of summary judgment. (Dkt. 531.) OHA reserves its rights to request alterations to this instruction and raise additional objections to conform it to the Court's opinion, after it is issued. This instruction is also subject to additional pre-trial and trial motions and OHA reserves the right to request alterations after relevant rulings. If the Court's forthcoming opinion limits the bases on which FamilyCare may rely to establish its reasonable expectations, the instruction should state those bases and foreclose reliance on any others.

OHA contends that "reasonable contractual expectations of the parties are shown[] by the unambiguous terms of the contract." *Uptown Heights Assocs. Ltd. P'ship v. Seafirst Corp.*, 320 Or. 638, 647-48 (1995) (quotation marks and citation omitted); *W. Prop. Holdings, LLC v. Aequitas Capital Mgmt., Inc.*, 284 Or. App. 316, 325 (2017) ("[T]he reasonable contractual expectations of the parties are shown by the express terms of the contract."). As such, only OHA's instruction properly instructs the jury about the bases for the parties' reasonable expectations.

## X. Objections to FamilyCare's proposed Instruction 39-a; analysis in support of OHA's proposed Instruction 39-b

This instruction is dependent on the Court's opinion on OHA's motion of summary judgment. (Dkt. 531.) OHA reserves its rights to request alterations to this instruction and raise additional objections to conform it to the Court's opinion, after it is issued. This instruction is also subject to additional pre-trial and trial motions and OHA reserves the right to request alterations after relevant rulings. If the Court's forthcoming opinion limits the bases on which FamilyCare may rely to establish its reasonable expectations, the instruction should state those bases and foreclose reliance on any others.

**Page 9 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

OHA contends that the "reasonable contractual expectations of the parties are shown[] by the unambiguous terms of the contract." *Uptown Heights Assocs. Ltd. P'ship*, 320 Or. at 647-48 (quotation marks and citation omitted); *W. Prop. Holdings, LLC*, 284 Or. App. at 325 ("[T]he reasonable contractual expectations of the parties are shown by the express terms of the contract."). As such, only OHA's instruction properly instructs the jury about the bases for the parties' reasonable expectations.

## XI.    Analysis in support of OHA's proposed Instruction 39.1

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted). The CCO Contract requires FamilyCare to provide notice of any breach and provide OHA an opportunity to cure before OHA is in default. The notice must state, with specificity, the "term or terms" of the Contract that have been breached. The CCO Contract states: "OHA shall be in default under this Contract if: . . . OHA commits any material breach or default of any covenant, warranty, or obligation under this Contract, and such breach or default is not cured within 30 calendar days after Contractor's notice or such longer period as Contractor may specify in such notice… Any notice of default by Contractor must identify, with specificity, the term or terms of this Contract allegedly breached." (2016 CCO Contract, Ex. D, § 10(c) (Dkt. 433-9 at 140).)

Failure to comply with notice provisions prevents recovery for breach of contract. *Zerkel v. Lindsey*, 270 Or. 517, 527-28 (1974); *Hayes v. Wells Fargo Bank, N.A.*, No. 3:15-CV-00651-PK, 2015 WL 5707054, at *5 (D. Or. Sept. 28, 2015). The requirement of notice is not an affirmative defense: FamilyCare must prove its compliance with the notice provision as an element of its claim. *Malot v. Hadley*, 86 Or. App. 687, 690 (1987) ("a party to a contract who alleges that the other party has breached must prove performance of the party's own obligations under the contract"). This proposed instruction is part of OHA's theory of the case and is supported by the law and evidence.

**XII.    Objections to FamilyCare's proposed Instruction 40-a; analysis in support of OHA's proposed Instruction 40-b**

Local Rule 51-1(d)(4) provides that "[e]ach instruction must be brief, impartial, understandable, and free from argument." FamilyCare's proposed instruction is too long, partial, and contains argument. For the reasons stated in OHA's objection to FamilyCare's proposed instruction 2-a and 36-a, OHA objects that the instruction refers to the CCO Contract as the "Five-Year Contract." (Jt. Prop. JI at 57.) For the reasons stated in OHA's objection to FamilyCare's proposed instruction 2-a, OHA objects that the instruction improperly refers to "actuarial soundness," which is no longer part of this case. (*Id.*) Moreover, the instruction refers to other alleged reasonable expectations that are not described in the Court's order on OHA's motion to dismiss. (11/10/21 Op. and Order (Dkt. 495) at 9 (describing only bias, known material errors, and timeliness).) For the reasons stated in OHA's objection to FamilyCare's proposed instruction 38-a, OHA objects that the instruction incorrectly describes Oregon law. (Jt. Prop. JI at 57.) The parties disagree about their reasonable expectations for the performance of the CCO Contract; FamilyCare must establish, with evidence, the parties' objectively reasonable expectations. FamilyCare may not rely on a free-floating, independent concept of "good faith."

OHA further objects to the instruction because it attempts to incorporate an Oregon statute into the implied duty of good faith. The implied duty of good faith does not provide a mechanism to enforce statutes. *Oregon Univ. Sys.*, 185 Or. App. at 518.

OHA's proposed instruction 40-b more accurately states the law, is briefer, and does not include improper bias or argument. OHA's proposed instruction properly requires the jury to consider and decide which of FamilyCare's and OHA's reasonable expectations correctly state the parties' objectively reasonable expectations.

This instruction is dependent on the Court's opinion on OHA's motion of summary judgment. (Dkt. 531.) OHA reserves its rights to request alterations to this instruction and raise additional objections to conform it to the Court's opinion, after it is issued. This instruction is

**Page 11 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

also subject to additional pre-trial and trial motions and OHA reserves the right to request alterations after relevant rulings.

## XIII.    Analysis in support of OHA's proposed Instruction 47.1

This instruction should be given only if the Court has not ruled that the limitation of liability in the CCO Contract applies as a matter of law.  Damages issues will be more fully briefed and considered in forthcoming pre-trial and trial motions; this instruction should be tailored to match the Court's orders on those motions.  If the Court rules that the limitation of liability applies as a matter of law to FamilyCare's claims against OHA, this instruction is not necessary and the Court's damages instructions and verdict form should reflect the limits on OHA's liability.  If, however, there are any factual questions regarding the limitation of liability provision or its scope, the Court should issue this instruction or a version that comports with the Court's orders.

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted).  Beginning with the first CCO Contract in 2014, every year's CCO Contract has contained a limitation of liability.  (*See, e.g.,* 2016 CCO Contract, Ex. D, §§ 10(d), 11 (Dkt. 433-9).)  OHA raised a limitation of liability affirmative defense.  (OHA's Answer ¶ 127.)  Such limits on liability are enforceable under Oregon law.  *Atlas Mut. Ins. Co. v. Moore Dry Kiln Co.*, 38 Or. App. 111, 114 (1979) (limitations on liability enforceable under Oregon law); *K-Lines, Inc. v. Roberts Motor Co.*, 273 Or. 242, 254 (1975) (same).

## XIV.    Objections to FamilyCare's proposed Instruction 48-a; analysis in support of OHA's proposed Instruction 48-b

Damages issues will be more fully briefed and considered in forthcoming pre-trial and trial motions; this instruction should be tailored to match the Court's orders on those motions. As described in the analysis in support of OHA's proposed instruction 47.1, above, OHA's liability is limited by provisions in the CCO Contract that prohibit consequential damages, lost profits damages, and damages related to the termination of the CCO Contract.  (*See, e.g.,* 2016 CCO Contract, Ex. D, § 10(d) (Dkt. 433-9).)  FamilyCare rejected the 2018 rate amendment and

**Page 12 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

did not provide services to OHP members after January 31, 2018.  Thus, the only appropriate damages are for the alleged decrease in FamilyCare's 2017 rates allegedly caused by OHA's conduct.

Furthermore, FamilyCare's claim alleges that OHA was attempting to "clawback" the Settlement Credit in the 2016 Settlement Agreement. (Fifth Am. Compl. ¶¶ 96-97.)  That credit was for $24,800,000.  (*Id.* ¶ 30.)  Thus, OHA's damages may not exceed the amount that is the basis for FamilyCare's theory.  OHA pleaded this argument as an affirmative defense, which FamilyCare has not challenged.  (OHA's Answer ¶ 122.)

The instruction should include the sentence "Your award must be based upon evidence and not upon speculation, guesswork or conjecture."  This sentence is part of Ninth Circuit Model Civil Jury Instruction 5.1 and FamilyCare omitted it from Instruction 47 (which is purportedly based on Ninth Circuit Model Civil Jury Instruction 5.1).  (Jt. Prop. JI at 74 n.1.)

OHA's proposed instruction properly states law and more properly instructs the jury about potential damages in light of the CCO Contract's limitations and FamilyCare's conduct.

## XV.    Analysis in support of OHA's proposed Instruction 48.1

Damages issues will be more fully briefed and considered in forthcoming pre-trial and trial motions; this instruction should be tailored to match the Court's orders on those motions. As described in support of instruction 47.1, OHA's liability is limited by provisions in the CCO Contract that prohibit consequential damages, lost profits damages, and damages related to the termination of the CCO Contract.  FamilyCare rejected the 2018 rate amendment and did not provide services to OHP members after January 31, 2018.  Thus, the only appropriate damages are for the alleged decrease in FamilyCare's 2017 rates allegedly caused by OHA's conduct.

The Court should issue separate instructions for FamilyCare's two claims against OHA. The maximum amount of damages for the claims could be different and the instructions should note the bases on which the jury can calculate damages once they are decided by forthcoming pretrial and trial motions.

**Page 13 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

The instruction should include the sentence "Your award must be based upon evidence and not upon speculation, guesswork or conjecture." This sentence is part of Ninth Circuit Model Civil Jury Instruction 5.1 and FamilyCare omitted it from Instruction 47 (which is purportedly based on Ninth Circuit Model Civil Jury Instruction 5.1). (Jt. Prop. JI at 74 n.1.)

## XVI.    Objections to FamilyCare's proposed Instruction 51

This instruction is improper because FamilyCare may not recover lost profits damages from OHA. The CCO Contract bars damages for "anticipated profits." (2016 CCO Contract, Ex. D, § 10(d) (Dkt. 433-9).) OHA has raised the limitation of liability as an affirmative defense. (OHA's Answer ¶ 127.) Such limits are enforceable under Oregon law. *Atlas Mut. Ins. Co.*, 38 Or. App. at 114 (limitations on liability enforceable under Oregon law); *K-Lines, Inc.*, 273 Or. at 254 (same).

## XVII.    Objections to FamilyCare's proposed Instruction 52

This instruction is improper because FamilyCare may not recover consequential damages from OHA. The CCO Contract bars "consequential" damages and damages arising from the termination of the CCO Contract. (2016 CCO Contract, Ex. D, §§ 10(d), 11 (Dkt. 433-9).) Enterprise value damages are consequential damages. *Vexos, Inc. v. Ravin Elecs.*, LLC, 1:19-CV-1529, 2021 WL 4813277 at *3 (N.D. Ohio Mar 17, 2021) (noting that plaintiff had "incurred significant other damages, including loss of business, [and] enterprise value loss . . . . These types of loss are classic consequential damages"). OHA has raised the limitation of liability as an affirmative defense. (OHA's Answer ¶ 127.) Such limits are enforceable under Oregon law. *Atlas Mut. Ins. Co.*, 38 Or. App. at 114 (limitations on liability enforceable under Oregon law); *K-Lines, Inc.*, 273 Or. at 254 (same).

## XVIII.    Analysis in support of OHA's proposed Instruction 52.1

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted). OHA has raised the defense of mitigation of damages. (OHA's Answer ¶ 115.) The proposed instruction is based on Ninth Circuit Model Jury Instruction 5.3.

**Page 14 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

(Jt. Prop. JI at 85 n.1, 2, 4.)  Such an instruction properly states Oregon law for breach of contract.  *Enco, Inc. v. F.C. Russell Co.*, 210 Or. 324, 339 (1957) ("It is well-settled that a party injured by breach of contract or tort should do what reasonable care and business prudence require to minimize his loss.").

## XIX.    Analysis in support of OHA's proposed Instruction 52.2

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted).  This instruction is a proper statement of Oregon law.  *Bixler v. First Nat. Bank of Oregon*, 49 Or. App. 195, 203 (1980) ("Under general contract law, a plaintiff is required to take reasonable steps to avoid the enhancement of his damages[.]")

## XX.    Analysis in support of OHA's proposed Instruction 52.3

"Each party is . . . entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Clem*, 566 F.3d at 1181 (citation and quotation marks omitted).  OHA raised the defense of release.  (OHA's Answer ¶ 117).  The 2016 Settlement Agreement contains a release.  (Settlement Agreement, § 4 (Dkt. 155-2 at 9).) The instruction should be given because FamilyCare's damage expert calculates damages arising from OHA's 2015 and 2016 rates for FamilyCare.  The parties, however, settled all claims related to those rates.  Furthermore, the defense of release may apply to other damages FamilyCare may seek or claims it may make.  The instruction has a foundation in the law and evidence.

## VERDICT FORM

"Verdict forms are, in essence, instructions to the jury."  *United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998).  OHA objects to FamilyCare's verdict form because it fails to provide questions requiring the jury to: (i) consider OHA's defense of estoppel (see analysis in support of OHA's proposed instruction 37.1); (ii) consider OHA's defense of release (see analysis in support of OHA's proposed instruction 52.3); (iii) consider, if necessary, the CCO's Contract's limitation of liability (see analysis in support of OHA's proposed instruction 47.1);

**Page 15 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

and (iv) analyze mitigation of damages and avoidable consequences (see analysis in support of OHA's proposed instructions 52.1 and 52.2). (*See* Prop. Verdict Forms (Dkt. 533).)

Furthermore, OHA objects to FamilyCare's proposed verdict form because it does not provide the jury with a range of potential damages. (*Id.*) "[P]laintiff bears the burden of proof to show the amount, as well as the fact, of damages." *Faria v. M/V Louise*, 945 F.2d 1142, 1144 (9th Cir. 1991) (citation and quotation marks excluded). The jury's verdict on damages must not exceed the amount plaintiff can potentially prove. The verdict form, therefore, should list the range of permissible damages. In the alternative, the jury instructions should instruct the jury regarding the maximum amount of damages on each claim and all claims in total. OHA reserves the right to propose maximum amounts for the jury to award on all claims on the verdict form or in the jury instructions.

In addition, OHA objects that FamilyCare's proposed verdict form uses the definition of preponderance of evidence rather than the phrase "preponderance of evidence" to describe the burden of proof the jury should apply. The parties have agreed to jury instruction 6, which describes the burden of proof and defines "preponderance of evidence." (Prop. Verdict Forms (Dkt. 533) at 2.) The verdict form should be consistent with the jury instructions.

## SPECIAL OBJECTIONS AND RESERVATION OF RIGHTS REGARDING DAMAGES

FamilyCare's three claims for relief seek overlapping and sometimes identical damages. For example, FamilyCare's claim against OHA for breach of the 2016 Settlement Agreement appears to be based on contentions that OHA implemented a policy adjusting several CCOs base data. Although FamilyCare's pleadings are vague and its theory of the case has changed substantially over the years, that same contention will likely form part of FamilyCare's claim against OHA for breach of the implied duty of good faith in the CCO Contract. FamilyCare might also seek damages based on this contention from Lynne Saxton. It is possible, therefore, that FamilyCare may seeks damages for the same conduct in all three claims. The Court and parties, therefore, must take caution to avoid allowing the jury to find duplicative damages. *Kissel Co. v. Gressley*, 591 F.2d 47, 51 (9th Cir. 1979) (explaining that "double recovery is

**Page 16 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

disfavored" and remanding for trial court to reduce the judgment to avoid doble recovery);

*Valentin-Almeyda v. Municipality of Aguadilla*, 447 F.3d 85, 102 (1st Cir. 2006) (duplicative

awards are "impermissible").

It may also be possible that FamilyCare could seek damages from OHA on its claim for

breach of the 2016 Settlement Agreement on one theory and damages from OHA on its claim for

breach of the implied duty of good faith on another or additional theory, such that damages are

not duplicative.

Furthermore, OHA will be making numerous pretrial and trial motions to limit the

categories of damages that FamilyCare may seek.  The resolution of those motions may

eliminate some damages theories from some claims but not others.  The motions might also limit

all of FamilyCare's damages on all three claims to a single source.

OHA therefore reserves the right to request additional jury instructions and/or questions

on the verdict form to ensure that the jury does not award FamilyCare a double (or triple)

recovery.  Such instructions may include without limitation an instruction on the categories of

damages available under each claim and an instruction that the jury may not award damages for

the same conduct on multiple claims.  OHA also reserves the right to request additional or

different questions on the verdict form, including without limitation a question asking the jury to

list the total amount of damages awarded, questions requesting the jury to identify the source of

damages, or instructions on the form warning the jury not to award duplicative damages on

multiple claims.  OHA will request such instructions or verdict form provisions at the

appropriate time based on the Court's rulings and FamilyCare's arguments at trial.  OHA may

also request that the Court allocate damages or ensure that a double recovery has not occurred.

DATED this 14th day of March, 2022.

ELLEN ROSENBLUM
ATTORNEY GENERAL
FOR THE STATE OF OREGON

By:    *s/ Harry B. Wilson*

**Page 17 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO
PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND
VERDICT FORM**

David B. Markowitz, OSB #742046
DavidMarkowitz@MarkowitzHerbold.com
Harry B. Wilson, OSB #077214
HarryWilson@MarkowitzHerbold.com
Laura Salerno Owens, OSB #076230
LauraSalerno@MarkowitzHerbold.com

*Special Assistant Attorneys General for Defendant Oregon Health Authority, an agency of the State of Oregon*

1259053

**Page 18 - DEFENDANT OREGON HEALTH AUTHORITY'S OBJECTIONS TO PLAINTIFF FAMILYCARE'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**