**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Matthew J. Mertens**, OSB No. 146288
MMertens@perkinscoie.com
**Sasha Petrova,** OSB No. 154008
SPetrova@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Matthew Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins**, OSB No. 070630
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,<br><br>Defendants. | No. 6:18−cv−00296−MO<br><br>**FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM** |

FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
PROPOSED VERDICT FORM

156139080.6

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

**TABLE OF CONTENTS**

**Page**

I.    OBJECTIONS ....................................................................................................... 1

    A.    FamilyCare's Global Objections to OHA's and Ms. Saxton's Proposed
Verdict Form ............................................................................................... 1

    B.    FamilyCare's Question-Specific Objections to OHA's and Ms. Saxton's
Proposed Verdict Form .............................................................................. 3

II.    CONCLUSION..................................................................................................... 12

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156139080.6

## I.    OBJECTIONS

The parties submitted vastly different proposed verdict forms.  The only thing on which the parties agree is the sequencing of the claims on the verdict form: Breach of the Settlement Agreement; Breach of the duty of good faith and fair dealing in the Five-Year Contract; and § 1983 Retaliation.  After that, the verdict forms vary dramatically.  FamilyCare proposes a verdict form that is simple, logical, impartial, consistent with law, and in line with the Court's prior rulings.  OHA and Ms. Saxton, on the other hand, offer a verdict form that usurps the Court's role in deciding legal issues and is unnecessarily long, complex, and redundant.  The result is that their form erects improper hurdles before the jurors can reach a verdict for FamilyCare.  The Court should adopt FamilyCare's proposed verdict form, or at least use it as a baseline from which to revise, and jettison large parts of OHA's and Ms. Saxton's submission.

### A.    FamilyCare's Global Objections to OHA's and Ms. Saxton's Proposed Verdict Form

FamilyCare's verdict form presents the relevant questions to the jury in a simple, logical, and impartial way.  It is consistent with both the law and the Courts' rulings in this case. FamilyCare's verdict form asks the jury two questions per claim.  1) Did FamilyCare prove its claim? 2) If so, what damages do you award FamilyCare?  It is simple, yet comprehensive. When read with proper jury instructions, there is no need for anything more complicated.  The Court should accept FamilyCare's verdict form.

Contrast FamilyCare's impartial and straightforward approach to OHA's and Ms. Saxton's approach. OHA and Ms. Saxton submit an unnecessarily long, overly complicated, and unnecessarily cumulative verdict form, full of inappropriate questions at odds with both the law and the Court's prior orders and will inevitably confuse and mislead the jury.

OHA and Ms. Saxton submit a 27-question proposed verdict form—almost *five times* what FamilyCare proposes—for only three claims.  Questions 2 and 5, titled "Damages," have

1-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
      PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156139080.6

*seven* subparts, several of which relate to purported affirmative defenses and not to damages. Most of these questions are unnecessary in light of the jury instructions. Reading the jury instructions with the verdict form will dispense with the redundant, biased, and duplicative questions permeating OHA's and Ms. Saxton's proposed verdict form.[1]

Moreover, many of the proposed questions submitted by OHA and Ms. Saxton contain the same defects as their proposed jury instructions including: the Court has already rejected the theories on which OHA and Ms. Saxton seek instructions, *see, e.g.*, nos. 36.1, 36.2, 37.1, 39-b, 52.3; and OHA and Ms. Saxton ask the jury to decide legal questions *see, e.g.*, nos. 36.1, 36.2, 40.1, 47.1, 52.3.

OHA and Ms. Saxton's verdict form also proposes an unreasonably small space for which to afford FamilyCare damages, imposing yet another unnecessary hurdle for FamilyCare to recover damages. Ms. Saxton provides the jury the same space for the jury to award FamilyCare damages that it does for the jury to mark either "Yes" or "No." *See* ECF No. 533 at 7. And OHA actually made the space *smaller* for the jury to award damages than to write "Yes" or "No" on the verdict form. *See* ECF No. 533 at 4. These tactics do not reflect a serious effort to propose a verdict form that helps the Court prepare for trial in with hundreds of millions of dollars at stake.

Finally, OHA's and Ms. Saxton's verdict form frequently refers to both OHA and Ms. Saxton by name throughout their proposed verdict form, but never mentions FamilyCare, referring to FamilyCare instead as merely "plaintiff." FamilyCare is the only party relegated to being called by its standing in this lawsuit. That discrepancy is one-sided and prejudicial.

---

[1] The parties agree that the Court should instruct the jury on Defendants' affirmative defense of mitigation of damages (*see* Instruction nos. 52.1-a-52.1-b). Should the Court decide to include a special interrogatory on the verdict form for the mitigation of damages defense, FamilyCare has no objection to adding that question to its proposed verdict form.

2-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
      PROPOSED VERDICT FORM

**B.     FamilyCare's Question-Specific Objections to OHA's and Ms. Saxton's Proposed Verdict Form**

FamilyCare raises the following question-specific objections to OHA's and Ms. Saxton's proposed verdict form:

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 1<br>Question 1 | Did plaintiff prove its claim for breach of the 2016 Settlement Agreement against OHA by the preponderance of the evidence? | OHA uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors. *See* Instruction No. 6 (Burden of Proof). |
| Claim 1<br>Question 2a | Did plaintiff prove by the preponderance of evidence that OHA caused it damages? | This question is unnecessary, redundant, and cumulative. Instruction No. 47 (Damages - Overview), to which neither party objects, instructs that "FamilyCare has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate FamilyCare for any injuries you find were caused by OHA and/or Ms. Saxton." |
| Claim 1<br>Question 2b | Are plaintiff's lost profits and loss of enterprise value damages barred by the limitation of liability in the CCO Contract? | This is a quintessential legal question for the Court, not the jury, to resolve. Indeed, OHA acknowledges this, *see* ECF No. 536 at no. 47.1 n.1. |
| Claim 1<br>Question 2c | What are plaintiff's damages? (Determine an amount between $0 and $24.8 million.) | No objection; FamilyCare reserves its right to seek interest on any damages award. |

3-   FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
      PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 1 Question 2d | Did plaintiff fail to make reasonable efforts to minimize its damages or to prevent an avoidable increase in damages? | This question is cumulative and duplicative of the next question about the amount of damages FamilyCare failed to mitigate or avoid. If FamilyCare failed to mitigate its damages, the jury will enter an amount that is unrecoverable under the next question. If FamilyCare properly mitigated its damages, the jury will write $0. Moreover, this is cumulative and duplicative of the overall question of damages, which the jurors are instructed to consider in Instruction no 52.1 (Mitigation of Damages), to which there are no objections. The question of avoidable increase in damages is also duplicative of the mitigation question. |
| Claim 1 Question 2e | How much of plaintiff's damages could plaintiff have avoided if it made reasonable efforts to minimize its damages or to avoid increasing its damages? | This is cumulative and duplicative of the overall question of damages. Instruction no 52.1 instructs the jurors that FamilyCare has a duty to mitigate its damages and OHA and/or Ms. Saxton must take into account the amount by which damages would have been mitigated. The question of avoidable increase in damages is also duplicative of the mitigation question. |

4-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 1 Question 2f | Are any of plaintiff's damages barred by the release in the Settlement Agreement? | This question is cumulative and duplicative of the next question. If FamilyCare's damages are barred by the release, the jury will enter an amount that is barred. If FamilyCare's damages are not barred, the jury will write $0. In any event, the Settlement Agreement release provision does not apply to FamilyCare's claim. This is also a question of law for the Court, not jury, to decide. |
| Claim 1 Question 2g | How much of plaintiff's damages are barred by the release in the Settlement Agreement? | The Settlement Agreement release provision does not apply to FamilyCare's claim. This is also a question of law for the Court, not jury, to decide. |
| Claim 2 Question 3 | Is plaintiff estopped from asserting a claim for breach of the implied duty of good faith and fair dealing because plaintiff represented to OHA (i) that "OHA has the authority to set the CCO rates under which OHA contracts with CCOs, subject to CMS approval," and (ii) "OHA is not obligated to adjust the rates paid to any CCO to ensure that such rates cover all costs that a CCO has incurred during a rate year" and OHA set plaintiff's rates in reliance on plaintiff's representations? | The Court has already, and repeatedly, rejected the substance of this argument from OHA. Moreover, this question is also out of order. OHA asserts estoppel as an affirmative defense, a defense after liability has been established. Yet, OHA puts this question ahead of liability, which is improper and confusing. OHA also seeks an instruction to this defense which, in addition to being a legal question for the Court, erroneously interprets the 2016 Settlement Agreement, and is thus misleading and improper. |

5- FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 2 Question 4 | Did Plaintiff prove its claim for breach of the implied duty of good faith and fair dealing in the CCO Contract against OHA by the preponderance of the evidence? | OHA uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors. *See* Instruction No. 6 (Burden of Proof). |
| Claim 2 Question 5a | Did plaintiff prove by the preponderance of evidence that OHA caused it damages? | This question is unnecessary and cumulative. Instruction No. 47 (Damages - Overview), to which there are no objections, instructs the jury that "FamilyCare has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate FamilyCare for any injuries you find were caused by OHA and/or Ms. Saxton." |
| Claim 2 Question 5b | Are plaintiff's lost profits and loss of enterprise value damages barred by the limitation of liability in the CCO Contract? | This is a quintessential legal question for the Court, not the jury, to resolve. Indeed, OHA acknowledges this, *see* ECF No. 536 at no. 47.1 n.1. |
| Claim 2 Question 5c | What are plaintiff's damages? | No objection (except to the reference to "plaintiff" rather than "FamilyCare" as described above). FamilyCare reserves its right to seek interest on any damages award. |

6-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 2<br>Question 5d | Did plaintiff fail to make reasonable efforts to minimize its damages or to prevent an avoidable increase in damages? | This question is cumulative and duplicative of the next question about the amount of damages FamilyCare failed to mitigate or avoid. If FamilyCare failed to mitigate its damages, the jury will enter an amount that is unrecoverable under the next question. If FamilyCare properly mitigated its damages, the jury will write $0. Moreover, this is cumulative and duplicative of the overall question of damages, which the jurors are instructed to consider in Instruction no 52.1 (Mitigation of Damages), to which there are no objections. The question about avoidable increase in damages is also duplicative of the mitigation question. |
| Claim 2<br>Question 5e | How much of plaintiff's damages could plaintiff have avoided if it made reasonable efforts to minimize its damages or to avoid increasing its damages? | This is cumulative and duplicative of the overall question of damages. Instruction no 52.1 (Mitigation of Damages) instructs the jurors that FamilyCare has a duty to mitigate its damages and OHA and/or Ms. Saxton must take into account the amount by which damages would have been mitigated. The question of avoidable increase in damages is also duplicative of the mitigation question. |

7- FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
PROPOSED VERDICT FORM

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 2 Question 5f | Are any of plaintiff's damages barred by the release in the Settlement Agreement? | This question is cumulative and duplicative of the next question. If FamilyCare's damages are barred by the release, the jury will enter an amount that is barred. If FamilyCare's damages are not barred, the jury will write $0. In any event, the Settlement Agreement release provision does not apply to OHA's claim. This is also a question of law for the Court, not jury, to decide. |
| Claim 2 Question 5g | How much of plaintiff's damages are barred by the release in the Settlement Agreement? | The Settlement Agreement release provision does not apply to OHA's claim. This is also a question of law for the Court, not jury, to decide. |
| Claim 3 Question 6 | Has FamilyCare proven by a preponderance of the evidence that it was deprived of its civil rights under the First Amendment of the United States Constitution? | This question is confusing, cumulative, and duplicative in that it (and subsequent questions) does not ask the jury to decide the ultimate issue of whether FamilyCare proved that Ms. Saxton violated Section §1983. This question and the several that follow, can, and should, be a single question on liability as FamilyCare proposed. Ms. Saxton uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors. *See* Instruction No. 6 (Burden of Proof). |

8-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 3<br><br>Question 7 | Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the cause-in-fact of that deprivation of civil rights? | This question is confusing, cumulative, and duplicative in that it (the previous question and subsequent questions) does not ask the jury to decide the ultimate issue of whether FamilyCare proved that Ms. Saxton violated Section §1983. This question, the previous question, and the several that follow, can, and should, be a single question on liability as FamilyCare proposed. This question is also confusing and duplicative in that it applies the wrong standard for First Amendment Retaliation Claims, which use the "substantial and motivating factor" test. Ms. Saxton uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors. *See* Instruction No. 6 (Burden of Proof). |

9-    FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
    PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 3<br><br>Question 8 | Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the proximate cause of that deprivation of civil rights? | This question is confusing, cumulative, and duplicative in that it (the previous questions and subsequent questions) does not ask the jury to decide the ultimate issue of whether FamilyCare proved that Ms. Saxton violated Section §1983. This question, the previous question, and the several that follow, can, and should, be a single question on liability as FamilyCare proposed.  This question is also confusing and duplicative in that it applies the wrong standard for First Amendment Retaliation Claims, which use the "substantial and motivating factor" test.  Ms. Saxton uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors.  *See* Instruction No. 6 (Burden of Proof). |
| Claim 3<br><br>Question 9 | Has FamilyCare proven that it suffered economic damages as a direct result of that deprivation of civil rights? | This question is confusing, cumulative, and duplicative in that it (the previous questions and subsequent) does not ask the jury to decide the ultimate issue of whether FamilyCare proved that Ms. Saxton violated Section §1983. This question, the previous question, and the several that follow, can, and should, be a single question on liability as FamilyCare proposed. It is also duplicative and cumulative of Question 11. |

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 3<br>Question 10 | Has FamilyCare proven by a preponderance of the evidence that Lynne Saxton was the cause of those economic damages? | This question is confusing, cumulative, and duplicative in that it (the previous questions) does not ask the jury to decide the ultimate issue of whether FamilyCare proved that Ms. Saxton violated Section §1983. This question, the previous question, and the several that follow, can, and should, be a single question on liability as FamilyCare proposed. It is also duplicative and cumulative of Question 11. Ms. Saxton uses "preponderance of the evidence," when saying "more probably true than not true" is more easily understood by jurors. *See* Instruction No. 6 (Burden of Proof). |
| Claim 3<br>Question 11 | What amount of economic damages has FamilyCare proven to have been caused by Lynne Saxton? | This question is confusingly worded. It is also missing the standard of proof, more probably than not. FamilyCare reserves its right to seek interest on any damages award. |
| Claim 3<br>Question 12 | Has FamilyCare undertaken reasonable action to mitigate those economic damages? | This question is cumulative and duplicative of the next question. If FamilyCare failed to mitigate its damages, the jury will enter an amount that is unrecoverable. If FamilyCare's properly mitigated its damages, the jury will write $0. Moreover, this is cumulative and duplicative of the overall question of damages, which the jurors are instructed to consider in Instruction no 52.1 (Mitigation of Damages), to which there are no objections. |

11-  FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
      PROPOSED VERDICT FORM

156139080.6

| Defendants' Question Number | Defendants' Proposed Question | FamilyCare's Objections |
|---|---|---|
| Claim 3<br>Question 13 | By what amount should FamilyCare's economic damages be reduced as a result of FamilyCare's failure to undertake reasonable actions to mitigate its damages? | This question is cumulative and duplicative of the overall question of damages. Instruction no 52.1 (Mitigation of Damages) instructs the jurors that FamilyCare has a duty to mitigate its damages and OHA and/or Ms. Saxton must show the amount by which damages would have been mitigated. This question does not have any subsequent instructions and is therefore confusing. |
| Not Numbered | Total Economic Damages Award against Ms. Saxton: _____. | This question is confusing because it is not numbered and provides no instructions for how to calculate the "Total." FamilyCare reserves its right to seek interest on any damages award. |
| Claim 3<br>Question 14 | Having answered "No" to Question No. 4; you are nonetheless required under the law to award FamilyCare a "nominal" amount of damages ranging from one cent to one dollar. Please enter an amount between one cent and one dollar below. | "Question No. 4" relates to the breach of implied duty of good faith and fair dealing, so this question is erroneous and illogical. To the extent that Ms. Saxton intended to refer to Question No. 10, FamilyCare asserts its global objections. FamilyCare's proposed question no. 6 is simpler and, when read with the jury instruction on nominal damages, does not risk jury confusion. |

## II.    CONCLUSION

The Court should reject OHA's and Ms. Saxton's proposed verdict form, even as a baseline from which to amend.

12- FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
     PROPOSED VERDICT FORM

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156139080.6

DATED:  March 14, 2022                    **PERKINS COIE LLP**


By: */s/ Julia E. Markley*
       **Stephen F. English**, OSB No. 730843
       SEnglish@perkinscoie.com
       **Thomas R. Johnson,** OSB No. 010645
       TRJohnson@perkinscoie.com
       **Julia E. Markley**, OSB No. 000791
       JMarkley@perkinscoie.com
       **Matthew J. Mertens**, OSB No. 146288
       MMertens@perkinscoie.com
       **Sasha Petrova**, OSB No. 154008
       SPetrova@perkinscoie.com
       1120 N.W. Couch Street, Tenth Floor
       Portland, Oregon 97209-4128
       Telephone: 503.727.2000
       Facsimile: 503.727.2222

       **Matthew P. Gordon** (admitted *pro hac vice*)
       MGordon@perkinscoie.com
       **David B. Robbins**, OSB No. 070630
       DRobbins@perkinscoie.com
       1201 Third Avenue, Suite 4900
       Seattle, Washington 98101-3099
       Telephone: 206.359.8000
       Facsimile: 206.359.9000

       *Attorneys for Plaintiff FamilyCare, Inc.*

13-  FAMILYCARE'S OBJECTIONS TO DEFENDANTS'
     PROPOSED VERDICT FORM

156139080.6