**Stephen F. English**, OSB No. 730843
SEnglish@perkinscoie.com
**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Julia E. Markley**, OSB No. 000791
JMarkley@perkinscoie.com
**Matthew J. Mertens**, OSB No. 146288
MMertens@perkinscoie.com
**Sasha Petrova,** OSB No. 154008
SPetrova@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone:    503.727.2000
Facsimile:  503.727.2222

**Matthew Gordon** (admitted *pro hac vice*)
MGordon@perkinscoie.com
**David B. Robbins**, OSB No. 070630
DRobbins@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000

*Attorneys for Plaintiff FamilyCare, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FAMILYCARE, INC., an Oregon non-profit corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>OREGON HEALTH AUTHORITY, an agency of the State of Oregon, and LYNNE SAXTON,<br><br>                    Defendants. | No. 6:18−cv−00296−MO<br><br>**FAMILYCARE'S OBJECTIONS TO DEFENDANTS' PROPOSED JOINT JURY INSTRUCTIONS** |

FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
JURY INSTRUCTIONS

156133098.4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION...................................................................................... 1

    A.  The jury should be instructed on Ms. Saxton's destruction of text messages consistent with the Court's statements at the June 22, 2021 spoliation hearing (no. 35).................................................... 2

    B.  OHA's and Ms. Saxton's attempts to relitigate issues previously decided should be rejected (nos. 36.1, 36.2, 37.1, 39-b, 52.3)......................................... 3

        1.  The Court has already rejected OHA's attempt to limit the sources for the parties' reasonable expectations under the Five-Year Contract to the contract itself (no. 39-b)................................................. 4

        2.  OHA's estoppel instruction also tries to relitigate one of OHA's rejected arguments to limit the parties' reasonable expectations under the Five-Year Contract and, moreover, incorrectly states the defense of estoppel (no. 37.1)................................................. 5

        3.  The Court has already rejected OHA's narrow interpretation of the 2016 Settlement Agreement, and the Court should now reject OHA's proposed instructions reraising the issue (nos. 36.1, 36.2)........... 8

        4.  The Court has already rejected Ms. Saxton's affirmative defense of release; and by that same logic, the 2016 Settlement Agreement release does not apply to the claims against OHA (no. 52.3).................. 9

    C.  The Court, and not the jury, should decide the legal issues for which Defendants request jury instructions (nos. 36.1, 36.2, 40.1, 47.1, 52.3)............. 10

        1.  Ms. Saxton's proposed instruction on her First Amendment right to free speech is argumentative, and in any event a matter for the Court (no. 40.1)................................................. 11

        2.  Whether FamilyCare's claims are contractually barred by the 2016 Settlement Agreement or Five-Year Contract are questions of law for the Court to decide, not the jury (nos. 36.1, 36.2, 47.1, 52.3)........... 12

    D.  FamilyCare's proposed instructions on its claim for breach of the duty of good faith and fair dealing more closely follow the model and the caselaw (nos. 38-a, 38-b, 39-a, 39-b, 40-a, 40-b)......................................... 13

        1.  OHA's Instruction nos. 38-b and 39-b contain incorrect statements of law and misstate FamilyCare's claim................................................. 13

        2.  FamilyCare's Instructions nos. 38-a, 39-a, 40-a are correct, neutral, and easy to understand........................................................... 14

    E.  FamilyCare's proposed instructions on its Section 1983 claim more closely follow the model instructions and caselaw................................... 15

        1.  Ms. Saxton's deviations from the Model Instructions regarding the elements of § 1983 are superfluous, confusing, incorrect, and argumentative; FamilyCare's are not (nos. 42-a, 42-b, 43-a, 43-b, 44-a, 44-b, 45-a, 45-b)................................................. 15

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156133098.4

**TABLE OF CONTENTS**
**(continued)**

**Page**

      2.    The jury should be instructed on FamilyCare's theory of liability (no. 46).................................................................................17

      3.    FamilyCare's proposed instruction on causation follows the Ninth Circuit Model Civil Jury Instructions; Ms. Saxton's do not and are repetitious and incorrect (nos. 45-a, 46.1, 46.2, 46.3, 49-b)...................18

F.    The Court should instruct the jury on lost profits and enterprise value damages, consistent with FamilyCare's evidence of those damages, and reject Defendants' attempt to limit damages.....................................19

      1.    The Court should instruct the jury on lost profits and enterprise value damages (nos. 48-a, 49-a, 51, 52), which are direct damages in this case.......................................................................19

      2.    OHA's requested avoidable consequences instruction on damages (no. 52.2) is redundant of the agreed-upon mitigation of damages instruction .............................................................................21

      3.    The Court should reject Ms. Saxton's alternative mitigation instruction, which does not follow the Model Instruction (no. 52.1-a, 52.1-b).......................................................................21

      4.    OHA's Instructions nos. 48-b and 48.1 incorrectly state that FamilyCare cannot recover damages flowing from OHA's 2018 rates .......................................................................................22

      5.    OHA's proposal of claim-by-claim instructions on damages is repetitious and argumentative (no. 48-a, 48-b, 48.1)............................22

G.    Individual instructions.............................................................................23

      1.    OHA waived its never before asserted affirmative defense that the Five-Year Contract requires notice of breach and, regardless, OHA's proposed Instruction on notice does not apply here (no. 39.1)....................................................................................23

      2.    FamilyCare's proposed instruction for fair treatment of corporations more closely follows the model (no. 4) ...........................24

      3.    FamilyCare's proposed instruction for Principals and Agents (no. 5) follows the model and is appropriate for its claim against OHA, despite Ms. Saxton's objection...........................................................25

      4.    FamilyCare's description of the case and word choices allow the jury to more easily understand the case and the instruction...................25

      5.    Given the complexity of the case, the jury should be given a neutral statement of the case such as in FamilyCare's proposed instruction for Claims and Defenses (no. 2) ........................................26

II.    CONCLUSION.................................................................................................27

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

**TABLE OF CONTENTS**
**(continued)**

**Page**

III.    TABLE CROSS-REFERENCING OBJECTIONS IN THIS BRIEF TO EACH
DISPUTED PROPOSED JURY INSTRUCTION ....................................................... 28

iii-  TABLE OF CONTENTS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156133098.4

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alpha Energy Savers, Inc. v. Hansen*,
 381 F.3d 917 (9th Cir. 2004) ................................................................................. 16

*Arizona v. California*,
 460 U.S. 605 (1983) ............................................................................................ 8, 9

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................. 17

*Best v. U.S. Nat'l Bank of Or.*,
 303 Or. 557, 739 P.2d 554 (1987) ..................................................................... 6, 14

*Byrd v. Maricopa County Sheriff's Dept.*,
 565 F.3d 1205 (9th Cir. 2009) ........................................................................... 2, 3

*Container Recovery, Inc. v. Shasta Nw., Inc.*,
 No. CIV 05-1749-PK, 2007 WL 1724937 (D. Or. June 11, 2007) ......................... 6

*Coszalter v. City of Salem*,
 320 F.3d 968 (9th Cir. 2003) ................................................................................ 15

*FamilyCare, Inc. v. Saxton*,
 No. 18-36009 (9th Cir. June 5, 2019), Dkt. 23 ..................................................... 11

*Greisen v. Hanken*,
 925 F.3d 1097 (9th Cir. 2019) .............................................................................. 11

*Hartman v. Moore*,
 547 U.S. 250 (2006) ............................................................................................. 19

*Jackson v. Birmingham Bd. of Educ.*,
 544 U.S. 167 (2005) ............................................................................................. 15

*Malot v. Hadley*,
 86 Or. App. 687, 740 P.2d 804 (1987) ................................................................. 24

*Nelson v. Liberty Ins. Corp.*,
 314 Or. App. 350 (2021) ......................................................................................... 7

*PGF Care Ctr., Inc. v. Wolfe*,
 208 Or. App. 145, 144 P.3d 983 (2006) ............................................................... 12

*Pickering v. Bd. of Edu.*,
 391 U.S. 563 (1968) ............................................................................................. 11

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156133098.4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Starr v. Baca,*
    52 F.3d 1202 (9th Cir. 2011)................................................................................. 18

*Vukanovich v. Kine,*
    302 Or. App. 264, 461 P.3d 223 (2020) ............................................................... 7

*Westrope v. Ringler Associates Inc.,*
    3:14-CV-00604-ST, 2015 WL 13679859 (D. Or. Feb. 20, 2015) (Mosman., J)................... 23

*Williams v. RJ Reynolds Tobacco Company,*
    351 Or. 368, 271 P.3d 103 (2011)....................................................................... 12

*Yogman v. Parrott,*
    325 Or. 358, 937 P.2d 1019 (1997)..................................................................8, 9, 12

**STATUTES**

42 U.S.C. § 1983 ....................................................................................passim

**RULES**

LR 51(d)(4)..........................................................................................passim

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

## I.    INTRODUCTION

The parties agree that the Court should give many of the standard model jury instructions. The parties' disagreements on jury instructions fall into five main categories. First, Defendants dispute that a spoliation instruction should be given at all, despite the undisputed evidence of Ms. Saxton's deletion of text messages and this Court's openness to giving a permissive adverse inference instruction as stated at the June 22, 2021, hearing on FamilyCare's sanctions motion for Ms. Saxton's deletion of text messages. Second, Defendants request several instructions that are directly contrary to this Court's prior rulings—those should be summarily rejected because this Court's prior rulings are correct and law of the case, and there is no new information to justify reconsideration. Third, Defendants ask the Court to instruct the jury on several legal issues—like the interpretation of an unambiguous contract—which are for the Court, and not the jury, to decide. Fourth, for the basic instructions on each of FamilyCare's three claims, Defendants' proposals deviate from the model instructions without justification, are confusing and repetitive, and in several places are legally erroneous. Finally, as to damages, Defendants would have the Court give no substantive damages instructions at all, save for their defenses and a nominal damages instruction. They appear to hope that their unnamed future motions will be granted and eliminate some or all of FamilyCare's damages claims. But the case currently has three claims, each of which carry a damages remedy, for which FamilyCare intends to adduce evidence at trial. Defendants' failure to engage on substantive damages instructions is inconsistent with the joint filing process required by the Trial Management Order, deprives FamilyCare of the opportunity to confer, and inefficient for the Court and the parties. FamilyCare asks that this Court instruct the jury as proposed by FamilyCare.

Per the Amended Trial Management Order (ECF No. 503) and the parties' joint emails to the Court on March 7 and 8, 2022, FamilyCare submits its objections to Defendants' proposed jury instructions, which are part of the Joint Proposed Jury Instructions (ECF No. 536). At the

1-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

end of this brief is a table that cross-references the arguments in this brief with the disputed jury instruction, along with a brief summary of the argument.

**A.    The jury should be instructed on Ms. Saxton's destruction of text messages consistent with the Court's statements at the June 22, 2021 spoliation hearing (no. 35)**

FamilyCare proposes a permissive adverse inference spoliation instruction in accordance with the Court's oral statement at the June 22, 2021 hearing on FamilyCare's motion for sanctions.  Declaration of Julia E. Markley, Ex. 1 (Tr. of June 22, 2021, hearing) at 37:24–38:7. At that hearing, the Court heard argument on the evidence of Ms. Saxton's deleted text messages (texts were deleted from her work phone, which she used for work purposes; 80% of deleted texts were with Oregon Health Authority ("OHA") executives and staffers who were either involved in the rate-setting process or implicated in the communications plan, and during a relevant time period) after receiving notice of a litigation hold, the likelihood that the texts go to her motive to retaliate, and the recoverability of the missing texts.  *See* ECF No. 257 at 11–12. At the conclusion of the hearing, the Court took FamilyCare's motion for sanctions under advisement:

> I'll take this under advisement.  I am persuaded that the most I would do in this case is a permissive inference, and I'm persuaded that the most I would do for the contours of a permissive inference is what I'll call the vague version, which is:  You may assume upon hearing this evidence that the missing texts contain evidence negative to OHA or Ms. Saxton.  But I'm not sure I'll do that, and therefore I don't know whether I'll award attorney fees or not for this hearing today.

Markley Decl., Ex. 1 (Tr. 37:24-38:7).

FamilyCare's proposed instruction mirrors the Court's thinking.  The first paragraph of FamilyCare's proposed instruction is a verbatim quote from a general adverse inference jury instruction given in a 42 U.S.C. § 1983 that was later affirmed by the Ninth Circuit.  *Byrd v. Maricopa County Sheriff's Dept.*, 565 F.3d 1205, 1214 (9th Cir. 2009).  The second paragraph of

2-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

FamilyCare's proposed instruction applies the instruction from *Byrd* and this Court's inclination to the facts of this case to aid the jury in understanding how they may interpret Ms. Saxton's deletion of evidence. Accordingly, for the reasons argued in FamilyCare's motion for sanctions and as suggested by the Court, FamilyCare's proposed permissive adverse inference instruction should be given. [1]

**B.    OHA's and Ms. Saxton's attempts to relitigate issues previously decided should be rejected (nos. 36.1, 36.2, 37.1, 39-b, 52.3)**

Both OHA and Ms. Saxton seek to relitigate in their proposed jury instructions issues that this Court has already clearly decided against them. First, OHA, for the *fourth time*, seeks to persuade the Court that the sources for the parties' reasonable expectations on the Five-Year Contract can *only be* the contract itself (no. 39-b). Second and relatedly, OHA attempts to eliminate FamilyCare's claim for good faith and fair dealing through the vehicle of an "estoppel" defense (no. 37.1). Third, OHA tries again to morph an unambiguous Settlement Credit provision of the Settlement Agreement into an ambiguous one (nos. 36.1 and 36.2). [2] Fourth, Ms. Saxton and OHA try to avoid liability altogether through jury instructions by claiming the 2016 Settlement Agreement somehow released FamilyCare's claim based on conduct that occurred *after* the parties executed the release (no 52.3). Defendants' proposed instruction nos. 36.1, 36.2, 37.1, 39-b, and 52.3 should be rejected.

---

[1] Ms. Saxton's counsel indicated in the parties' conferral regarding jury instructions that any spoliation instruction must be reciprocal, in that it addresses purported deleted text messages by Mr. Heatherington. That is an unsupported and false equivalence. Neither OHA nor Ms. Saxton have either put forth a record that could support such an instruction or proposed a spoliation instruction. Ms. Saxton cannot circumvent her burden to prove spoliation with an unsupported alternative request that any spoliation instruction be reciprocal.

[2] OHA's improper efforts to have the jury resolve any questions of ambiguity are also discussed in greater detail in Section C.2 infra.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

**1.    The Court has already rejected OHA's attempt to limit the sources for the parties' reasonable expectations under the Five-Year Contract to the contract itself (no. 39-b)**

In OHA's proposed Instruction no. 39-b, OHA tries—*for the fourth time* in this case—to limit what the jury may consider in determining the parties' reasonable expectations under the Five-Year Contract. The instruction admonishes the jury that, in determining the parties' reasonable expectations under the Five-Year Contract, they "may only consider the terms of the [Five-Year] Contract itself and not any evidence outside the contract." ECF No. 536 at 57. This is an incorrect statement of law, and the Court has (correctly) rejected it each time that OHA has argued it: first in 2018, again in 2021, and *again* less than three weeks ago when it denied OHA's Motion for Summary Judgment on FamilyCare's good faith and fair dealing claim. ECF No. 520-12 at 5–6 ("[M]y tentative view is if it's not a new contract every year with express terms that sort of erases the application of good faith and fair dealing, then it's certainly plausible that a rational jury in this case could find an understanding of what the offered actuarial terms would be, informed by the relevant statutes that the parties have briefed in this case."); ECF No. 495 at 9 ("I disagree with OHA's statement that the objective reasonable expectations of the parties can only be informed by the express terms of the contract."); ECF No. 531 (denying OHA's Mot. for Partial Summ. J. Regarding FamilyCare's Third Claim for Relief).

In the Court's Opinion and Order from November 10, 2021, the Court explained its reasoning for rejecting OHA's argument:

> I find that a party's objective reasonable expectations *can be informed by something other than the express terms of the contract* when the contract gives one party discretion and the party then exercises that discretion. By the very nature of being implied, I find it consistent with Oregon law that it is possible to have reasonable, objective expectations of the parties about the performance of the contract that are not expressly found in the terms of the contract.

4-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

156133098.4

ECF No. 495 at 9 (emphasis added) (further agreeing with FamilyCare that the parties' reasonable expectations under the Five-Year Contract "are informed by, *but not limited to*, the express contract terms" (emphasis added)).

Most recently, OHA moved for summary judgment to decide the bases for FamilyCare's and OHA's reasonable expectations on the Five-Year Contract. ECF No. 507. Notwithstanding the Court's clear ruling from November 10, 2021, OHA's *very first argument* in that motion was "that the parties' only reasonable contractual expectations are found in the [Five-Year Contract]." ECF No. 507 at 17. The Court rejected OHA's position yet again by denying OHA's Motion in a minute order, noting that an opinion is forthcoming. ECF No. 531.

OHA now makes the same rejected argument a fourth time in its proposed Instruction no. 39-b and says that this instruction "is dependent on the Court's opinion on defendant's motion of summary judgment. (Dkt. 531)." ECF No. 536 at 55 n.1. There is no need to await the Court's forthcoming opinion because the Court has already ruled on the issue. Just like the first three times, the Court should reject OHA's misstatement of law for the fourth time.[3]

**2.      OHA's estoppel instruction also tries to relitigate one of OHA's rejected arguments to limit the parties' reasonable expectations under the Five-Year Contract and, moreover, incorrectly states the defense of estoppel (no. 37.1)**

OHA's proposed Instruction no. 37.1 is another a thinly disguised attempt by OHA to assert a defense that this Court has already rejected. The proposed instruction purports to instruct on the equitable defense of estoppel, stating that the jury must find for OHA if (1) FamilyCare agreed that OHA has authority to set CCO rates subject to CMS approval and need not cover all costs incurred by a CCO in a rate year and (2) that OHA relied on those statements. But, although the instruction appears to be based on the 2016 Settlement Agreement,

---

[3] OHA also indicated it would file yet more pre-trial briefing on this issue, which FamilyCare will oppose.

5-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

this is substantively the same defense that OHA has repeatedly asserted, and this Court has repeatedly rejected: that the parties' reasonable expectations under the Five-Year CCO Contract were only that OHA set rates by an actuary and submit the rates to CMS for approval. *E.g.*, ECF No. 432 (OHA's Mot. to Dismiss, Mot. to Strike, Mot. For Summ. J.) at 14; ECF No. 507 (Mot. For Summ. J. re FamilyCare's Third Claim for Relief) at 12–13; ECF No. 495 (Nov. 10, 2021 Op. and Order denying OHA's Mot. to Dismiss); ECF No. 531 (Feb. 25, 2022 minute order denying OHA's Mot. for Summ. J.).

The Court has correctly held that the jury should decide what the parties' objectively reasonable expectations were under the Five-Year Contract and whether OHA violated those expectations. *See Container Recovery, Inc. v. Shasta Nw., Inc.*, No. CIV 05-1749-PK, 2007 WL 1724937, at *8 (D. Or. June 11, 2007) (holding that the scope of the parties' objectively reasonable expectations under the contract is a fact question for the jury); *Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557, 565, 739 P.2d 554 (1987) (reversing summary judgment because the evidence raised genuine issues of material fact as to whether the bank breached good faith obligations). But proposed Instruction no. 37.1 would take that question away from the jury. Under the proposed instruction, so long as *OHA unilaterally and subjectively* believed that the Five-Year Contract required only submitting rates to CMS, FamilyCare cannot recover even if it successfully proves its implied covenant claim. If given, Instruction no. 37.1 would subvert FamilyCare's implied covenant claim, in contravention of both this Court's rulings and the law.[4]

Moreover, although proposed Instruction no. 37.1 purports to instruct on the defense of estoppel, it omits several elements of estoppel and thus misstates the law. Estoppel has five

---

[4] FamilyCare also objects to OHA's attempt to have the jury decide affirmative defenses before deciding liability, as OHA states in the last paragraph OHA's Instruction no. 37.1, in the sequencing of Instruction no. 31.1, and OHA's sequencing of this question in the verdict form, as FamilyCare discusses in its separately filed Objections to Defendants' Proposed Verdict Form.

6-   FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

156133098.4

elements: (1) a party's false representation (2) with knowledge of the truth (3) while the other party was ignorant of the truth (4) made with the intention that the other part rely on it, and (5) reliance by the other party. *Nelson v. Liberty Ins. Corp.*, 314 Or. App. 350, 359 (2021). Moreover, "the false representation must be one of existing material fact." *Vukanovich v. Kine*, 302 Or. App. 264, 282, 461 P.3d 223 (2020). Here, OHA hopes to prove estoppel with only two purported facts: that (a) FamilyCare made a representation and (b) OHA relied on it. But conspicuously absent are (1) the falsity of any representation, (2) materiality, (3) knowledge of whatever OHA contends is the "truth," (4) OHA's ignorance, and (5) FamilyCare's intention that OHA rely on a falsity. Those missing elements have not been proven in this case and appear nowhere else in the other instructions for the jury to decide.

Finally, analysis of the 2016 Settlement Agreement shows that OHA's "estoppel" defense rests on a misinterpretation of that agreement for at least three reasons. First, the provisions that OHA quotes in Instruction no. 37-1 are Paragraphs 1(a) and (d) of the 2016 Settlement Agreement. The 2016 Settlement Agreement goes on to provide that "[n]othing in Paragraph 1 of this Section affects or alters any preexisting rights or creates any contractual or legal right for either Party." ECF No. 519, Ex. 10 at 4. Consequently, as a matter of logic, law and contract, OHA cannot rely upon Paragraphs 1(a) and (d) to prove estoppel here. Second, FamilyCare's "representations" in proposed Instruction no. 37.1—that OHA has authority to set CCO rates subject to CMS approval and need not cover all costs incurred by a CCO in a rate year—could not reasonably justify the misconduct that FamilyCare alleges in this case. Of course OHA has the authority to set rates; but that does not necessarily mean OHA has free reign to submit biased, unreasonable, inadequate, error-ridden, actuarially unsound, or untimely rates. And FamilyCare does not claim that OHA must adjust rates post-hoc to ensure that rates cover all costs that a CCO has incurred, which is what the latter part of FamilyCare's "representation" in proposed Instruction no. 37.1 actually addresses. Third, the 2016 Settlement Agreement post-

7-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

156133098.4

dates the entry of the Five-Year Contract and the parties' expectations therein by at least two years so logically cannot nullify FamilyCare's good faith and fair dealing claim. Accordingly, OHA's so-called estoppel defense has no place in the jury instructions of this case.

**3.    The Court has already rejected OHA's narrow interpretation of the 2016 Settlement Agreement, and the Court should now reject OHA's proposed instructions reraising the issue (nos. 36.1, 36.2)**

OHA's proposed Instructions nos. 36.1 and 36.2 seek to relitigate one of its earlier arguments: that OHA did not breach the 2016 Settlement Agreement because the Agreement prohibits OHA only from using the Settlement Credit *in the actual calculation* of FamilyCare's future rates.  But because the Court has already decided what the 2016 Settlement Agreement says—and has expressly rejected OHA's alternative interpretation—there is nothing to submit to the jury.  *See Yogman v. Parrott*, 325 Or. 358, 361, 937 P.2d 1019 (1997).

Proposed Instruction no. 36.1 aims to reassert OHA's earlier argument by injecting a purported ambiguity into the 2016 Settlement Agreement.  OHA offers two purported interpretations of the Settlement Agreement's operative terms.  OHA asserts that "OHA may not use the Settlement Credit as a factor in the rate-setting methodology for FamilyCare in future rate years."  ECF No. 536 at 49.  The instruction allows the jury to decide whether this interpretation is correct, on the premise that the Court has "determined that an important part of the 2016 Settlement Agreement is ambiguous."  ECF No. 536 at 49.

But the Court has determined precisely the opposite, and the Court's decisions on this issue are the law of the case.  *See Arizona v. California*, 460 U.S. 605, 618 (1983) (law of the case "doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").  In July 2018, when OHA proposed its interpretation to the Court in its motion for summary judgment on FamilyCare's claim under the 2016 Settlement Agreement, *see* ECF No. 149, the Court expressly rejected OHA's interpretation and agreed with FamilyCare that the Settlement Agreement prohibits

8-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

156133098.4

limiting FamilyCare's rates in future rate years to recoup the amount OHA credited to FamilyCare in the Settlement Credit even if the Settlement Credit was not expressly factored into the rate setting. Markley Dec., Ex. 2 (092118 Hearing Tr.) at 62:8–14 ("I disagree with OHA's interpretation of the contract. I think that use of the settlement credit can involve the sorts of things alleged by FamilyCare here[.]"); ECF No. 105 at 24 (Opinion and Order). Crucially here, the Court made no finding that the 2016 Settlement Agreement was ambiguous, which is necessary to submit any question about its interpretation to the jury. *See Yogman*, 325 Or. at 361. The Court should reject OHA's Instruction nos 36.1 and 36.2.[5]

> **4.** **The Court has already rejected Ms. Saxton's affirmative defense of release; and by that same logic, the 2016 Settlement Agreement release does not apply to the claims against OHA (no. 52.3)**

In proposed Instruction no. 52.3, Ms. Saxton and OHA seeks to revive the affirmative defense that the 2016 Settlement Agreement release provision bars FamilyCare's First Amendment retaliation claim.

Ms. Saxton originally raised this defense in her first Motion for Summary Judgment in 2018. ECF No. 253 at 5–6. The Court unequivocally rejected it, saying:

> One [issue in front of the Court] is that FamilyCare's claim is barred by the settlement agreement. And I mean no disrespect to that argument to say that I've fundamentally already ruled on it and I'm not going to reconsider my ruling, and I deny that theory for granting summary judgment here.

Markley Decl., Ex. 3 (Nov. 2, 2018 Hearing Tr.) at 5:10-14. The Court's decisions on this issue are the law of the case. *See Arizona*, 460 U.S. at 618. The Court's same logic, that the 2016

---

[5] Instruction no. 36.2 describes what the jury may consider in determining the meaning of an ambiguous contract. This instruction is a near verbatim recitation of UCJI 65.17B. Instruction no. 36.2 is unnecessary and confusing without Instruction no. 36.1. Should the Court include Instruction no. 36.1, FamilyCare has no objection to the wording of Instruction no. 36.2.

9-     FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
       JURY INSTRUCTIONS

Settlement Agreement release cannot apply to future claims, applies to OHA's affirmative defense as well.

Indeed, the release does not bar any of FamilyCare's claims. The 2016 Settlement Agreement released OHA and Ms. Saxton (and "officer[s]" of OHA), "from any and all claims, whether raised or not, that relate to the Dispute … through and including the Effective Date[.]" Markley Decl., Ex. 4 (2016 Settlement Agreement) ¶ 4. The Settlement Agreement defined "the Dispute" as "claims that either Party brought or could have been brought against the other Party, as of the date of this Settlement Agreement[6] relating to FamilyCare's 2015 and 2016 capitation rates and the implementation or execution of the Contract amendments incorporating those rates." Markley Decl., Ex. 4 at 3. FamilyCare's claims in this litigation are not about *the 2015 and 2016* rates—they relate to the 2017 and 2018 rates and the campaign to disparage FamilyCare. FamilyCare also alleges that OHA failed to provide FamilyCare with the timely notice of the actual *2018* rates and instead gave FamilyCare an unreasonable and unlawful deadline for FamilyCare to accept or reject preliminary *2018* rates. As such, FamilyCare's current claims do not fall within the definition of "the Dispute" as used in the Settlement Agreement's release and thus do not fall within its express ambit.

**C.      The Court, and not the jury, should decide the legal issues for which Defendants request jury instructions (nos. 36.1, 36.2, 40.1, 47.1, 52.3)**

Juries are triers of fact, not law. Questions of law are for the Court. Yet both OHA and Ms. Saxton propose instructions that submit quintessentially legal questions to the jury. Those instructions are improper and should be rejected.

---

[6] The "Effective Date" of the 2016 Settlement Agreement is May 22, 2016. Markley Decl., Ex. 4 at 1.

10-    FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
       JURY INSTRUCTIONS

1.      **Ms. Saxton's proposed instruction on her First Amendment right to free speech is argumentative, and in any event a matter for the Court (no. 40.1)**

Ms. Saxton's proposed Instruction no. 40.1, stating that government actors have a right to free speech, is a blunt attempt to sway the jury with legal argument through jury instructions. The instruction presents no question for the jury. Nor does it provide guidance for deciding a factual question. Instead, it argumentatively implies that, regardless of whether FamilyCare has proven its claim, Ms. Saxton should not be held liable because "[s]tate actors and government officials have an affirmative duty to speak on matters of public concern" and "[r]estricting the ability of government decision makers to engage in speech risks interfering with their ability to effectively perform their duties, and ignores the competing First Amendment rights of the officials themselves." This bald argument has no place in the jury instructions. LR 51(d)(4) ("Each instruction must be … free from argument.").

Even without Ms. Saxton's arguments, Instruction no. 40.1 presents a question for a Court, not jury, to decide. Proposed Instruction no. 40.1 borrows language directly from the analysis in *Greisen v. Hanken*, 925 F.3d 1097, 1113 (9th Cir. 2019) regarding the *legal* issue of whether a state actor is entitled to qualified immunity from a First Amendment retaliation claim in light of the state actor's own First Amendment rights to speak on matters of public concern. Indeed, Ms. Saxton already raised this very argument to both this Court and the Ninth Circuit and lost. *See* Def. and Appellant, Cross-Appellee Lynne Saxton's Opening Br., *FamilyCare, Inc. v. Saxton*, No. 18-36009 (9th Cir. June 5, 2019), Dkt. 23 at 42. She cannot try the same legal argument to a jury in hope of a better outcome.[7]

---

[7] Ms. Saxton's counsel has acknowledged in a conferral call that she will not assert a defense under *Pickering v. Bd. of Edu.*, 391 U.S. 563 (1968).

11-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

**2.      Whether FamilyCare's claims are contractually barred by the 2016 Settlement Agreement or Five-Year Contract are questions of law for the Court to decide, not the jury (nos. 36.1, 36.2, 47.1, 52.3)**

Where a contract is unambiguous, the Court—not the jury—construes and applies its terms as matters of law. *Yogman*, 325 Or. at 361. The interpretation of a contract can be a jury question only if the Court determines that a contract is ambiguous. *PGF Care Ctr., Inc. v. Wolfe*, 208 Or. App. 145, 151, 144 P.3d 983, 985–86 (2006). The Court has made no such ruling. The question of whether a contract is ambiguous is also a question of law, reserved for the Court alone. *Williams v. RJ Reynolds Tobacco Company*, 351 Or. 368, 379, 271 P.3d 103 (2011).

Many of OHA's and Ms. Saxton's instructions are contrary to these principles. For example, in Instruction nos. 47.1 and 52.3 ("Limitation of Liability" and "Release," respectively), OHA and Ms. Saxton prompt the jury to determine "whether the CCO Contract limits FamilyCare's damages" and "whether the release of claims provision in the Settlement Agreement bars any or all of FamilyCare's claims or damages." Yet neither OHA nor Ms. Saxton have identified an ambiguity or any other factual question in the release. Thus, the jury has nothing to consider. *Yogman*, 325 Or. at 361. Indeed, OHA concedes that the interpretation of the limitation of liability clause is for the Court to decide in the first instance (ECF No. 536 at no. 47.1 n.1) ("This instruction is only to be given if the Court has not ruled that limitation of liability applies as a matter of law and there is an open factual question about the scope of limitation or its appropriateness."), yet nevertheless submits this instruction.

OHA's Instruction nos. 36.1 and 36.2 offer an interpretation of a term in the 2016 Settlement Agreement that the Court has already rejected; as explained above, the Court should reject OHA's Instruction nos. 36.1 and 36.2 on this ground alone. The Court should not give these instructions for the additional and related reason that the Court, and not the jury, should construe this unambiguous term in the 2016 Settlement Agreement. *Yogman*, 325 Or. at 361.

12-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
JURY INSTRUCTIONS

156133098.4

**D.      FamilyCare's proposed instructions on its claim for breach of the duty of good faith and fair dealing more closely follow the model and the caselaw (nos. 38-a, 38-b, 39-a, 39-b, 40-a, 40-b)**

Both Ms. Saxton and OHA propose instructions on the implied duty of good faith and fair dealing that contain material inaccuracies and lack important context for jurors.  FamilyCare's instructions, meanwhile, are legally correct, neutral, and clear to the jury.

**1.      OHA's Instruction nos. 38-b and 39-b contain incorrect statements of law and misstate FamilyCare's claim**

OHA's Instruction nos. 38-b and 39-b on the implied duty of good faith and fair dealing contain incorrect statements of law and misstate FamilyCare's claim.  As explained above in Section B.1, both Instruction nos. 38-b and 39-b state the incorrect principle that "FamilyCare and OHA's objectively reasonable expectations are determined by the express terms of the contract" and "[i]n determining FamilyCare and OHA's objectively reasonable expectations under a contract, you may only consider the terms of the CCO Contract itself and not any evidence outside the contract," ECF No. 536 at 56, which this Court has rejected multiple times.[8] In addition, OHA misstates FamilyCare's claim in Instruction no. 40-b by deleting the terms "actuarially sound" and "freedom from errors in underlying data *and methodology*" from the list of FamilyCare's reasonable expectations.  Both of these allegations are part of FamilyCare's claim, and FamilyCare intends to introduce fact and expert testimony to support these allegations.  OHA's omissions would prejudice FamilyCare.

---

[8] Moreover, these statements are repetitious when included in two different instructions.  *See* LR 51(d)(4) ("The principle stated in one instruction must not be repeated in any other instruction.").

**2.    FamilyCare's Instructions nos. 38-a, 39-a, 40-a are correct, neutral, and easy to understand**

In contrast, FamilyCare's instructions concerning the implied duty of good faith and fair dealing include only correct and neutral statements of the law that help the jury understand and decide the issues before it.

For instance, FamilyCare's Instruction nos. 38-a and 40-a are constructed from Oregon's Uniform Civil Jury Instructions.  Where FamilyCare deviates from the Uniform Instructions, it does so for good reason:  to simplify legal terms of art for jurors and provide legally accurate context and examples that will help jurors understand the claims and, crucially, the concept of the implied duty of good faith and fair dealing.  *See, e.g.*, *Best v. U.S. Nat'l Bank of Or.*, 303 Or. 557, 561-65, 739 P.2d 554 (1987) (holding that a party may violate a party's reasonable expectations by exercising discretion under a contractual term to deprive the other party of the benefit of the contract).  OHA's alternative instructions (nos. 38-b and 40-b) lack this context, increasing the risk that jurors fail to comprehend the nature of FamilyCare's claim under the implied duty of good faith.[9]

Relatedly, FamilyCare's Instruction no. 39-a provides a neutral and correct statement of the potential sources of the parties' reasonable expectations to clarify a point FamilyCare expects would otherwise be confusing to the jury in light of OHA's anticipated arguments.[10]  OHA is expected to try to argue at trial—despite the Court's repeated rejection—that the only objectively reasonable expectations possible under the Five-Year Contract are from the Contract's express

---

[9] FamilyCare's Instruction nos. 38-a and 40-a are also neutral, stating both FamilyCare's claim and OHA's denial.

[10] Instruction 39-a provides: "In determining FamilyCare and OHA's reasonable expectations under a contract, you may consider the contract itself as well as evidence outside the contract, including the parties' history, industry practices, and other evidence in the record.  You may also consider law that applied to the contract."

14-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156133098.4

terms and are that (1) the capitation rates would be set by an actuary and (2) OHA would submit the rates to CMS for approval. Given that anticipated argument, Instruction no. 39-a is necessary to prevent jurors from mistakenly believing that the parties' expectations may arise from *only* the Five-Year Contract.

**E.     FamilyCare's proposed instructions on its Section 1983 claim more closely follow the model instructions and caselaw**

**1.     Ms. Saxton's deviations from the Model Instructions regarding the elements of § 1983 are superfluous, confusing, incorrect, and argumentative; FamilyCare's are not (nos. 42-a, 42-b, 43-a, 43-b, 44-a, 44-b, 45-a, 45-b)**

Ms. Saxton's proposed instructions with regards to the elements of FamilyCare's § 1983 claim deviate from the Model Rules. Her deviations do not help the jury; they merely serve to favor Ms. Saxton's case. The Court should reject these deviations for the following reasons.

*First,* the term "intentional" (in reference to *intentional* retaliation) in proposed Instruction nos. 43-b, 44-b, and 45-b, is superfluous. Retaliation, by definition, is intentional. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005). Moreover, intent is inherently embedded within the requirement of a "substantial motivating factor" and unbundling the concepts is likely to cause confusion by presenting a separate element. Thus, no reasonable juror could be confused that intent is already required under the Model Rule. Emphasizing intent when it is already reflected in the elements is also improperly argumentative. *Cf.* LR 51(d)(4) ("Each instruction must be … free from argument.").

*Second,* the term "specific" (in reference to *specific* adverse actions) in proposed Instruction nos. 43-b and 44-b is confusing and an incorrect statement of law. The "precise nature" of the adverse action is not critical to the jury's determination; an adverse action "need not be of a certain kind." *Coszalter v. City of Salem*, 320 F.3d 968, 974-75 (9th Cir. 2003). Further, adverse actions may take the form of a single action or a sustained "campaign of

15-   FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

retaliation." Including the word "specific" before "adverse action" conflicts with these principles and is confusing.

*Third* and similarly, the term "personally" (in reference to *personally* taking action adverse to FamilyCare) in proposed Instruction nos. 43-b and 44-b is vague and confusing and risks leading jurors to think that Ms. Saxton cannot be held liable as a supervisor. As explained further below, Ms. Saxton can be held liable either directly or as a supervisor, and FamilyCare's claims against her encompass both theories.

*Fourth,* the sentence in proposed Instruction no. 43-b requiring the jury to "find an actual, not merely attempted, deprivation of … rights" is superfluous. This sentence is unnecessary as there is no risk that the jury will be led to think that attempted conduct is enough. Other instructions on damages are enough to prevent any possibility that a jury improperly holds Ms. Saxton liable for merely attempted conduct. Meanwhile, proposed Instruction no. 43-b subtly implies to the jury that Ms. Saxton's conduct should not be found liable because she did not succeed in violating FamilyCare's rights.

*Fifth,* the sentence in Instruction no. 45-b, requiring that Ms. Saxton's actions be "substantially motivated by a desire to deter or chill FamilyCare's speech," is superfluous given the rest of the instructions defining both "adverse action" (*see* Instruction no. 44-a) and "substantial and motivating factor" (*see* Instruction no. 45-a).[11]

---

[11] Notably, both FamilyCare and Ms. Saxton seem to agree on much of the rest of what proposed Instruction 45 should say, particularly regarding how a plaintiff can establish a substantial or motivating factor, as defined in *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 929 (9th Cir. 2004). That instruction is enough for the jury to find a violation of § 1983 only where Ms. Saxton intended to deter or chill FamilyCare's speech. As noted above, Ms. Saxton's proposed Instruction no. 45-b does not conflict directly with FamilyCare's instruction (although Ms. Saxton adds several sentences to which FamilyCare objects).

16- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
JURY INSTRUCTIONS

156133098.4

In contrast, FamilyCare's instructions hew closer to the model instructions—and, where they do deviate, they do so for good reason. Most of FamilyCare's alterations are nonsubstantive. For instance, FamilyCare replaces legal terms with plain language (i.e., replacing "preponderance of the evidence" to "more probably true than not true") and replacing terms like "employee" with "public contractor" given the nature of FamilyCare's relationship with OHA and Ms. Saxton. *See* Instruction nos. 42-a, 43-a, 46. FamilyCare's main substantive alteration in Instruction no. 44-a correctly states the law and provides helpful guidance for the jury to understand that an "action" is not necessarily limited to a single action, as the term might suggest, but also a "campaign" of retaliation likely to deter FamilyCare from exercising its rights.

### 2. The jury should be instructed on FamilyCare's theory of liability (no. 46)

FamilyCare's Instruction no. 46 modifies the Ninth Circuit Model Civil Jury Instruction 9.4 and the Comments from Model Instruction 9.2 to guide jurors through FamilyCare's theory of liability in this case. Because FamilyCare alleges that Ms. Saxton, as the head of the OHA, retaliated against it by setting insufficient rates, implementing a smear or disparagement campaign against FamilyCare, denying FamilyCare legal protections, and implementing a policy decision and plan to force FamilyCare to forfeit its contract and put FamilyCare out of business, Ms. Saxton may be held liable either directly or in her supervisory capacity.

FamilyCare anticipates that Ms. Saxton will argue that she may be held liable only directly and not as a supervisor. But that is not the law. Nothing prohibits a state actor from being sued under § 1983 both directly and for acts done as a supervisor. Indeed, the Supreme Court has explained that, in a § 1983 action, "the term 'supervisory liability' is a misnomer" and that a state official "is only liable for … her own misconduct," regardless of whether the official's misconduct consisted of taking an action herself or deliberately setting in motion (or refusing to stop) a series of events that have the same effect of violating another's rights.

17- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
    JURY INSTRUCTIONS

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Starr v. Baca*, 52 F.3d 1202, 1207 (9th Cir. 2011).  Thus, what matters here is that Ms. Saxton acted, or knowingly refused to act, to retaliate against FamilyCare for its exercise of First Amendment rights.  Whether she did so directly or as a supervisor of subordinates, or both, she can be held liable under § 1983.

Accordingly, Instruction no. 46 is a simple and correct statement of law that informs the jury of all of FamilyCare's claim.  The Instruction is necessary not only for juror comprehension but also to prevent confusion, given the likelihood that Ms. Saxton argues at trial that Ms. Saxton should only be held liable for acts she has done alone.[12]

### 3.    FamilyCare's proposed instruction on causation follows the Ninth Circuit Model Civil Jury Instructions; Ms. Saxton's do not and are repetitious and incorrect (nos. 45-a, 46.1, 46.2, 46.3, 49-b)

FamilyCare's claim against Ms. Saxton is for First Amendment discrimination; and Section 9.2 of the Ninth Circuit Model Civil Jury Instructions says that, "[w]hen a § 1983 claim alleges discrimination because of the plaintiff's exercise of a First Amendment right, use the 'substantial or motivating factor' formulation already included in Instructions 9.9 (Particular Rights—First Amendment—Public Employees—Speech)."  FamilyCare and Ms. Saxton have both agreed that the Model Instruction defining "substantial or motivating factor" should be given (the language "A substantial or motivating factor means that it was a significant consideration" appears in both proposed Instruction nos. 45-a and 45-b, respectively).  With this,

---

[12] It might follow from Ms. Saxton's argument that Ms. Saxton should not be held accountable for rate-setting, given that she was not the actuary who set the rates about which FamilyCare complains.  That result would nonsensically absolve Ms. Saxton from setting in motion (or knowingly refusing to stop) the catalyst for OHA's actuaries and other employees to set deficient rates and take other retaliatory action against FamilyCare.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

the element of causation is appropriately covered in the parties' Joint Proposed Jury Instructions.[13]

But Ms. Saxton proposes additional instructions on causation for FamilyCare's § 1983 claim (nos. 46.1, 46.2, 46.3, and 49-b): causation, cause-in-fact, and proximate cause. The Court should reject these instructions, which are repetitious, confusing, and not supported by the Ninth Circuit Model Civil Jury Instructions. LR 51(d)(4). This Court should follow the Model Instructions and apply FamilyCare's Instruction no. 45-a.

Moreover, Ms. Saxton's proposed additional instructions are not even correct. The comments to Model Instruction 9.9 explain that "causation is understood to be but-for causation, without which the adverse action would not have been taken." *Hartman v. Moore*, 547 U.S. 250, 260 (2006). Thus, "upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of (such as firing the employee)." *Id.* To the extent any additional instruction on causation is needed beyond the definition of "substantial and motivating factor," FamilyCare respectfully requests that the Court given an instruction consistent with that comment to Model Instruction 9.9.

**F.    The Court should instruct the jury on lost profits and enterprise value damages, consistent with FamilyCare's evidence of those damages, and reject Defendants' attempt to limit damages**

**1.    The Court should instruct the jury on lost profits and enterprise value damages (nos. 48-a, 49-a, 51, 52), which are direct damages in this case**

FamilyCare proposes the model jury instruction for lost profits and a slightly modified model jury instruction on enterprise value damages. Both instructions should be given.

---

[13] Section 9.2 does not distinguish between direct and supervisory liability; it applies in every First Amendment retaliation claim.

OHA's objection to these instructions appear to be based on its position that the Five-Year Contract not only limits, but completely extinguishes, FamilyCare's damages claims. *See* OHA's Instruction no. 47-1. As discussed above and in FamilyCare's prior briefing (ECF No. 452), the limitation of liability provision in the Five-Year contract does not bar benefit-of-the-bargain damages (also known as "direct" damages), which are what FamilyCare's damages claims are in this case. Because OHA is a monopsonist for managed Medicaid services in Oregon, which it knew was FamilyCare's sole business, it was aware that by presenting inadequate and flawed rate amendments that were insufficient to cover FamilyCare's reasonably incurred costs, FamilyCare would suffer losses, leading to its forfeiture of its Contract and go out of business. In fact, Amendment 12 of the Five-Year Contract, signed by FamilyCare and OHA in January 2018, expressly reserves claims for loss of enterprise value. Markley Decl., Ex. 5 at 2 ("neither party waives . . . any claim for the loss of enterprise or value as a result of OHA's or others' actions with respect to the rate setting process in those years"). FamilyCare's loss of enterprise value and its lost profits are accordingly forms of direct damages. Even if enterprise damages were not considered direct damages, OHA's willful misconduct and/or gross negligence set aside the limitation of liability provision. OHA's attempt to have the Court instruct the jury that it cannot award FamilyCare any damages on the claim for breach of the duty of good faith and fair dealing should be rejected.

As to Ms. Saxton, it is not clear from the parties' conferral or her proposed instructions why she objects to FamilyCare's lost profits and enterprise value damages instructions. Before and during the conferral, Ms. Saxton proposed a modified enterprise value damages instruction. After the conferral, Ms. Saxton withdrew her enterprise value damages instruction without explanation. Ms. Saxton advocates that no substantive damages instruction on FamilyCare's section 1983 claim be given at all, except for the agreed-upon nominal damages instruction (no. 50). That is obviously not the law. FamilyCare expects to prove at trial that Ms. Saxton's

20- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
     JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

retaliation caused FamilyCare significant harm in the form of lost profits and loss of enterprise value.

2.    **OHA's requested avoidable consequences instruction on damages (no. 52.2) is redundant of the agreed-upon mitigation of damages instruction**

Instruction no. 52.2, proposed by both OHA and Ms. Saxton, instructs the jury that a "party damaged by another's actions is required to exercise reasonable care to avoid increasing that damage.  There can be no recovery for increased damages caused by the failure to exercise such care."

This instruction adds nothing to the preceding agreed-upon Mitigation of Damages instruction no. 52.1-a.[14]  It is therefore no surprise that the Ninth Circuit Model Civil Jury Instructions rules propose no "avoidance" instruction at all, as it unnecessarily repeats the principle of mitigation, unduly prejudices plaintiffs and implies that damages should be limited. *See also* LR 51(d)(4) ("The principle stated in one instruction must not be repeated in any other instruction.").

3.    **The Court should reject Ms. Saxton's alternative mitigation instruction, which does not follow the Model Instruction (no. 52.1-a, 52.1-b)**

OHA has proposed, and FamilyCare has agreed to, the Ninth Circuit Model Civil Jury Instruction for mitigation of damages.  *See* Instruction no. 52.1-a.  The Model Instruction provides a simple, legally correct, and impartial instruction for both Defendants' mitigation of damages instruction.  The Court should adopt it.

Ms. Saxton, however, proposes a significantly modified mitigation instruction that has multiple flaws.  *See* Instruction no. 52.1-b.  For one, it instructs on "aggravation" of damages,

---

[14] Defendants support this instruction with a case concerning mitigation, which reinforces its redundancy.  ECF 536 at no. 52.2 n.1 (citing *Enco, Inc. v. F.C. Russell Co.*, 210 Or. 324, 339 (1957) (concerning "minimization" of loss)).

21-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

which is repetitious given both the definition of mitigation within the same instruction and Ms. Saxton's separate request for an "Avoidable Consequences" instruction, no. 52.2. In addition, Ms. Saxton's modified instruction tells the jury that, if FamilyCare failed to mitigate damages, the jury may reduce FamilyCare's award "accordingly." That instruction is vague and potentially invites the jury to reduce FamilyCare's award by an amount unconnected to the evidence. The Ninth Circuit Model Instruction 5.1, on which Instruction no. 52.1-a is based, is clearer because it instructs the jury to make a finding about "the amount by which damages would have been mitigated" by a preponderance of the evidence.

4.      **OHA's Instructions nos. 48-b and 48.1 incorrectly state that FamilyCare cannot recover damages flowing from OHA's 2018 rates**

OHA's Instruction nos. 48-b and 48.1 state that the jury "may not award damages related to OHA's development of rates for 2018." Although OHA provides no legal citation or other justification for this instruction, FamilyCare anticipates that OHA will argue that FamilyCare cannot recover damages flowing from the 2018 rates because FamilyCare did not sign a full-year rate amendment in 2018 and, therefore, did not perform the Five-Year Contract.

The parties expect this issue to be litigated more fully in other briefing. That said, OHA's anticipated argument ignores the essence of FamilyCare's claim, which is that OHA breached the implied covenant of good faith and fair dealing by offering insufficient and unlawfully untimely rates *which prevented* FamilyCare from continuing to perform under the Five-Year Contract, and caused it to forfeit the Contract. OHA cannot limit FamilyCare's damages on the basis of FamilyCare's inability to continue when OHA caused that inability by putting FamilyCare out of business by setting its rates so low.

5.      **OHA's proposal of claim-by-claim instructions on damages is repetitious and argumentative (no. 48-a, 48-b, 48.1)**

OHA's Instruction nos. 48-b and 48.1 propose separate damages instructions for each of FamilyCare's contract claims. This is unnecessary, repetitious, and argumentative. Instruction

22-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
     JURY INSTRUCTIONS

nos. 48-b and 48.1 are nearly identical, repeating several statements across both instructions. For instance: "The mere fact that I am talking about money does not mean that you should or should not award any money"; "Your award must be based upon evidence and not speculation, guesswork or conjecture"; and OHA's numerous limitations of damages that FamilyCare objects to and discusses above. The immediate succession and repetition of these statements over two separate instructions is needless and unduly suggestive to the jury that FamilyCare's damages should be limited. *See* LR 51(d)(4) (requiring brevity and impartiality in jury instructions and prohibiting repetition). The Court should reject these instructions and instead give FamilyCare's Instruction no. 48-a, which is simple, correct, and lacks the flaws of OHA's instructions.

**G.    Individual instructions**

**1.    OHA waived its never before asserted affirmative defense that the Five-Year Contract requires notice of breach and, regardless, OHA's proposed Instruction on notice does not apply here (no. 39.1)**

For the first time in this five-year litigation, OHA raises a new affirmative defense in its jury instructions—that the Five-Year Contract requires a notice and cure period.[15] OHA admitted in the parties' conferral that it has never before raised this issue in over five years of litigating, until now, the eve of trial. OHA did not plead this affirmative defense in its most recent answer filed four months ago. *Cf.* ECF No. 501 (OHA's Answer to Fifth Am. Compl.). OHA has waived it.

---

[15] OHA's assertion of the notice provision is an affirmative defense. "Black's Law Dictionary defines an affirmative defense as: "A defendant's assertion of facts and arguments, that if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Westrope v. Ringler Associates Inc.*, 3:14-CV-00604-ST, 2015 WL 13679859, at *5 (D. Or. Feb. 20, 2015) (Mosman., J) (quoting BLACK'S LAW DICTIONARY 509 (10th ed. 2014)). At trial, FamilyCare will present evidence to satisfy each element of its claim for the breach of the implied covenant of good faith and fair dealing. Should this defense somehow apply, and the jury hear evidence of and be persuaded by it, it may defeat FamilyCare's proven claim.

23-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

Even if OHA had timely raised it, the defense is entirely without merit for at least two reasons.

First, even if the provision somehow applied to a claim for breach of the implied duty of good faith and fair dealing, FamilyCare gave *ample* notice yet OHA did not cure the breach. One example of notice provided by FamilyCare to OHA is clearly reflected in the Dispute Resolution Agreement signed by the FamilyCare and OHA at the end of 2016 in an effort to resolve clear issues that FamilyCare identified with OHA's 2017 rates.  ECF No. 222 at 10.  This instruction and defense do not apply and should not be given.

Second, OHA has made no showing that the contractual provision on which OHA relies (2016 amendment to Five-Year Contract, Ex. D, § 10 (c)) applies to FamilyCare's claim for breach of duty of good faith and fair dealing, as it might to a claim for express breach of contract.  Indeed, the case OHA cites in support of Instruction no. 39.1, *Malot v. Hadley*, 86 Or. App. 687, 690, 740 P.2d 804 (1987), does not involve either a claim for breach of duty of good faith and fair dealing or a notice-and-cure provision of a contract.  ECF No. 536 at 56 n.1.

### 2. FamilyCare's proposed instruction for fair treatment of corporations more closely follows the model (no. 4)

FamilyCare largely follows the Ninth Circuit Model Civil Jury Instructions, 4.1 Corporations and Partnerships—Fair Treatment.  The only deviation from the model is so that it applies more specifically to a non-profit like FamilyCare.  The clear purpose of the instruction is to reduce a juror's bias against *corporate* entities, not to simply remind the jury that *all* parties are equal.  *See e.g.*, Fifth Circuit Pattern Jury Instructions (Civil Cases) 2.16 Bias—Corporate Party Involved (2020) ("Do not let bias, prejudice or sympathy play any part in your deliberations.  A corporation and all other persons are equal ….").  If the purpose were to remind jurors that all parties were equal, the model instruction would end at the first sentence.  OHA's

24- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
  JURY INSTRUCTIONS

proposed language undermines the whole purpose of the instruction by eliminating its anti-bias effect.

OHA's language also renders the instruction redundant and confusing. *See* LR 51(d)(4). OHA's addition merely restates what is already in the first sentence of the instruction. Further, the instruction says that FamilyCare, OHA, and Ms. Saxton are all entitled to the same consideration as any other parties. What other parties is the instruction referencing?

OHA's proposed instruction undermines the model instructions' purpose, is redundant, and is confusing. The Court should reject OHA's proposal.

3.    **FamilyCare's proposed instruction for Principals and Agents (no. 5) follows the model and is appropriate for its claim against OHA, despite Ms. Saxton's objection**

FamilyCare uses the exact wording from the Ninth Circuit Model Civil Jury Instruction nos. 4.8 and 4.10 in its instruction on principals and agents, Instruction no. 5. OHA does not object to FamilyCare's instruction, ECF no. 536 at 3, 20, but Ms. Saxton objects to the requested instruction in its entirety. *Id.*

The Court should give this Model Instruction. Because OHA is an entity that acts through its agents (as Ms. Saxton herself argued in her opposition to FamilyCare's motion for summary judgment against her fifth affirmative defense, *see* ECF No. 514 at 7), it is necessary to remind the jury that FamilyCare's evidence of acts and misconduct of OHA personnel and its agents (which include Ms. Saxton and many others) are also evidence of OHA's misconduct. Thus, the acts of those personnel can support FamilyCare's two claims against OHA. Instruction no. 5 is a common, fair, and reasonable instruction and should be given.

4.    **FamilyCare's description of the case and word choices allow the jury to more easily understand the case and the instruction**

Throughout its proposed instructions, FamilyCare makes significant effort to put forward jury instructions that are clear and understandable for their intended audience, jurors, not

25- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

lawyers—using common language instead of legalese. OHA and Ms. Saxton prefer the opposite approach.

One such example is the burden of proof. OHA and Ms. Saxton insist on repeating the formal legal standard "preponderance of the evidence" for each applicable instruction. *See*, *e.g.*, Instruction no. 37-b ("preponderance of the evidence" written three separate times in a four-sentence instruction). FamilyCare requests the simpler approach, using language that is easy to understand, instructing the jurors on the burden of proof using the more easily understood translation of "preponderance": "more probably true than not true." The same is true with FamilyCare's preference for referring to the Five-Year Contract between OHA and FamilyCare as the "Five-Year Contract." *See*, *e.g.*, Instruction no. 37.1. This wording is simple, understandable, and not confusing. Again, OHA and Ms. Saxton prefer a different approach. They suggest referring to that Five-Year Contract using the healthcare acronym and jargon of "the CCO Contract," shorthand for the Coordinated Care Organization Contract. OHA's and Ms. Saxton's preference for CCO Contract does little to clearly describe what it is, and it could be confusing given that the 2016 Settlement Agreement is also a contract involving a CCO.

Ultimately the Court should adopt the best language for the Instructions' intended audience, the jury. That was FamilyCare's approach in its proposed instructions. The Court should select FamilyCare's proposals.

5.    **Given the complexity of the case, the jury should be given a neutral statement of the case such as in FamilyCare's proposed instruction for Claims and Defenses (no. 2)**

This case is lengthy, detailed, and complex. In accordance with the Ninth Circuit Model Civil Jury Instructions, 1.5 Claims and Defenses, FamilyCare submits that the Court should provide a neutral, accurate, high-level overview of the statement of the case, the case background, the parties, the claims at issue, and the various defenses. Although Defendants have

26-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
JURY INSTRUCTIONS

156133098.4

agreed in principle to a neutral statement of the case, they have not proposed edits to the statement in FamilyCare's proposed Instruction no. 2-a.

Instead, OHA and Ms. Saxton proposed Instructions nos. 2-b and 2-c provide no context to frame the overall case at the outset of the jury instructions. Their proposed instructions do not explain the claims at issue or its neutral context in any detail. *See*, *e.g.*, Instruction no. 2-b ("First, FamilyCare asserts that OHA breached FamilyCare's and OHA's 2016 Settlement Agreement. Second …."). Their proposed instructions rely heavily on unexplained legal terms, such as "limitation on liability" or "barred by a release" presumably assuming that the jurors have significant background on the law on which the Court will soon instruct them. In reality, OHA's and Ms. Saxton's statements of the case will confuse jurors, and the effect will be virtually the same as if no Claims and Defenses instruction were read at all.

FamilyCare hopes the parties can reach an agreed-upon neutral statement to propose as Instruction no. 2. If the parties are unable to agree, FamilyCare submits that its proposed Instruction no. 2-a instruction is far more helpful to the jury than OHA's and Ms. Saxton's alternatives.

## II.    CONCLUSION

For the reasons above, the Court should give FamilyCare's requested instructions and reject the instructions proposed by defendants.

27-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
      JURY INSTRUCTIONS

### III.    TABLE CROSS-REFERENCING OBJECTIONS IN THIS BRIEF TO EACH DISPUTED PROPOSED JURY INSTRUCTION

| Instr. No. | Instr. Title | Discussion section | Brief Analysis |
|---|---|---|---|
| 2 | Claims and Defenses | G.5. | The Court should give FamilyCare's proposed Instruction (no. 2-a) and reject Defendants' proposed instructions (nos. 2-b, 2-c). Given the complexity of the case, the jury should be given a neutral statement of the case such as in FamilyCare's proposed instruction for Claims and Defenses. |
| 4 | Non-profit Corporations—Fair Treatment | G.2. | The Court should reject Defendants' proposed instruction (no. 4-b) and instead give FamilyCare's proposed instruction (no. 4-a) on fair treatment of corporations because FamilyCare's instruction more closely follows the Model Instruction and its purpose. |
| 5 | Principals and Agents | G.3. | The Court should give this proposed instruction, which follows the Model Instruction and is appropriate for its claim against OHA given that OHA acts through its employees and Ms. Saxton's conduct should also be attributed to OHA. |
| 26-34 | [Repeat Instructions] | G.2., G.3, and G.5 | FamilyCare repeats its requests, objections, and brief analyses above. |
| 35 | Deleted Evidence | A. | The jury should be instructed on Ms. Saxton's destruction of text messages, consistent with the Court's statements at the June 22, 2021 spoliation hearing. |
| 36 | Contract Defined | G.4. | The Court should give FamilyCare's proposed instruction (no. 36-a) and reject OHA's proposed instruction (no. 36-b) because FamilyCare's is easier for lay jurors to understand. |
| 36.1 | Ambiguity in Contract | B.3., C.2. | The Court should reject this instruction, which relitigates issues already decided (the interpretation of the 2016 Settlement Agreement). Further, this instruction is permissible only if the Court has ruled that the Agreement is ambiguous, which the Court has not done. |

28-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

| Instr. No. | Instr. Title | Discussion section | Brief Analysis |
|---|---|---|---|
| 36.2 | Resolving Ambiguity in Contract | B.3., C.2. | Same as 36.1. |
| 37 | Breach of Contract | G.4. | Same as 36. |
| 37.1 | Affirmative Defense—Estoppel | B.2. | The Court should reject this proposed instruction, which relitigates issues already decided and, further, incorrectly states the defense of estoppel. It also rests on a misinterpretation of the 2016 Settlement Agreement. |
| 38 | Duty of Good Faith and Fair Dealing | D.1, D.2 | The Court should give FamilyCare's proposed instructions (nos. 38-a, 39-a, 40-a) on its claim for breach of the duty of good faith and fair dealing, which are clearer, easier to understand, and more closely follow the model and the caselaw. The Court should reject OHA's proposed instructions (nos. 38-b, 39-b, 40-b), which are incorrect statements of law and misstate FamilyCare's claim. |
| 39 | Duty of Good Faith and Fair Dealing—Reasonable Expectations | B.1, D.1, D.2 | Same as 38. Also, OHA's proposed Instruction 39-b relitigates issues already decided. |
| 39.1 | Breach of the Implied Duty of Good Faith and Fair Dealing—Requirement of Notice | G.1. | The Court should reject this instruction because it does not apply here and OHA waived its never-before-asserted affirmative defense that the Five-Year Contract requires notice of breach. FamilyCare also gave ample notice of OHA's breach and OHA failed to cure the breach. |
| 40 | Breach of the Duty of Good Faith and Fair Dealing | D.1, D.2 | Same as 38. |
| 40.1 | State Actor's Right to Free Speech | C.1. | The Court should reject this instruction because it is argumentative and, in any event, a matter for the Court. |

29-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
     JURY INSTRUCTIONS

| Instr. No. | Instr. Title | Discussion section | Brief Analysis |
|---|---|---|---|
| **42** | Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof | E.1 | The Court should give FamilyCare's proposed instructions (nos. 42-a, 43-a, 44-a, 45-a) on its Section 1983 claim, which more closely follow the model instructions and caselaw. The Court should reject Ms. Saxton's proposed instructions (42-b, 43-b, 44-b, 45-b), which deviate materially from the Model Instructions, contain superfluous language, and are confusing, argumentative, and incorrect. |
| **43** | Particular Rights—First Amendment—Public Contractors—Speech | E.1 | Same as 42. |
| **44** | Adverse Action Defined—First Amendment—Public Contractors—Speech | E.1 | Same as 42. |
| **45** | Substantial Motivating Factor Defined—First Amendment—Public Contractors—Speech | E.1 | Same as 42. |
| **46** | Liability | E.2. | The Court should give this instruction to adequately instruct the jury on FamilyCare's theory of liability. |
| **46.1** | Causation | E.3. | The Court should reject this instruction because it is repetitious with already-given Model Instructions and, in any event, is incorrect as applied to First Amendment retaliation claims. |
| **46.2** | Cause-In-Fact | E.3. | Same as 46.1. |
| **46.3** | Proximate Cause | E.3. | Same as 46.1. |

30- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

| Instr. No. | Instr. Title | Discussion section | Brief Analysis |
|---|---|---|---|
| 47.1 | Limitation of Liability | C.2. | The Court should reject this instruction, which presents an issue of law for the Court, not an issue of fact for the jury. |
| 48 | Damages—Breach of Contract | F.5., F.6 | The Court should give FamilyCare's proposed instruction (no. 48-a), which is simple, understandable, correct, and follows the model instruction.  The Court should reject OHA's proposed instructions (nos. 48-b and 48.1), which incorrectly state that FamilyCare cannot recover damages flowing from OHA's 2018 rates and are repetitious and argumentative. |
| 48.1 | Damages—Second Claim, Breach of Contract—Implied Duty of Good Faith and Fair Dealing | F.5., F.6 | Same as 48. |
| 49 | Damages Under Section 1983—Proof | E.3., F.1. | The Court should give FamilyCare's proposed instruction (no. 49-a), which follows the model instruction and merely adds lost profits and enterprise-value damages, which are both available and appropriate in this case.  The Court should reject Ms. Saxton's proposed instruction (no. 49-b), which omits theses damages, deviates significantly from the model instruction, contains inappropriate language about causation, and vaguely instructs the jury to "consider the nature and extent of FamilyCare's alleged injuries" without any further explanation or context. |
| 51 | Damages for Lost Profits | F.1. | The Court should give this instruction regarding lost profits and enterprise value damages, which are both available and appropriate in this case. |
| 52 | Damages for Loss of Enterprise Value | F.1. | Same as 51. |

31- FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000

156133098.4

| Instr. No. | Instr. Title | Discussion section | Brief Analysis |
|---|---|---|---|
| **52.1** | Mitigation of Damages | F.4. | The Court should give the Model Instruction on Mitigation of Damages, which is proposed by OHA and agreed to by FamilyCare (no. 52.1-a).  The Court should reject Ms. Saxton's alternative mitigation instruction (no. 52.1-b), which does not follow the Model Instruction and is vague, confusing, and repetitious. |
| **52.2** | Avoidable Consequences | F.3. | The Court should reject this instruction, which is redundant of the agreed-upon mitigation of damages instruction. |
| **52.3** | Release | B.4., C.2. | The Court should reject this instruction, which relitigates an issue already decided against Defendants.  It also presents an issue of law for the Court, not an issue of fact for the jury. |

32-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT JURY INSTRUCTIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000

156133098.4

DATED:  March 14, 2022                        **PERKINS COIE LLP**


By: */s/ Julia E. Markley*
      **Stephen F. English**, OSB No. 730843
      SEnglish@perkinscoie.com
      **Thomas R. Johnson,** OSB No. 010645
      TRJohnson@perkinscoie.com
      **Julia E. Markley**, OSB No. 000791
      JMarkley@perkinscoie.com
      **Matthew J. Mertens**, OSB No. 146288
      MMertens@perkinscoie.com
      **Sasha Petrova**, OSB No. 154008
      SPetrova@perkinscoie.com
      1120 N.W. Couch Street, Tenth Floor
      Portland, Oregon 97209-4128
      Telephone:  503.727.2000
      Facsimile:  503.727.2222

      **Matthew P. Gordon** (admitted *pro hac vice*)
      MGordon@perkinscoie.com
      **David B. Robbins**, OSB No. 070630
      DRobbins@perkinscoie.com
      1201 Third Avenue, Suite 4900
      Seattle, Washington 98101-3099
      Telephone:  206.359.8000
      Facsimile:  206.359.9000

      *Attorneys for Plaintiff FamilyCare, Inc.*

33-  FAMILYCARE'S OBJECTIONS TO PROPOSED JOINT
     JURY INSTRUCTIONS

156133098.4